**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S ANSWER, AFFIRMATIVE DEFENSES,**
**COUNTERCLAIM AND DEMAND FOR JURY TRIAL**

---

Defendant MDx Medical, Inc. ("MDx") hereby responds to the Complaint of Health Grades, Inc. ("Health Grades").

## ANSWER

1.    MDx is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and on that basis denies the allegations of paragraph 1.

2.    The allegations in paragraph 2 of the Complaint are admitted.

3.    MDx admits that citizens and physicians of the State of Colorado have visited MDx's website, Vitals.com. Except as specifically admitted herein, MDx denies all allegations of paragraph 3.

4.    MDx admits that this is an action for patent infringement pursuant to the laws as set forth in 35 U.S.C. § § 101 *et seq.*, and this Court has jurisdiction over MDx and the subject

matter of this action pursuant to the provisions of 28 U.S.C. § § 1331 and 1338.  MDx denies the allegations of paragraph 4 with regard to alleged infringement and injury to Health Grades.  Except as specifically admitted herein, MDx denies all allegations of paragraph 4.

5.      MDx neither admits nor denies that venue is proper in this Court or that MDx is deemed to reside in Colorado because these allegations are conclusions of law that do not require a response.  MDx specifically denies that it committed any wrongful acts and denies all other allegations of paragraph 5.

6.      MDx is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and on that basis denies the allegations of paragraph 6.

7.      MDx admits that the number, title, and issue date on the face of U.S. Patent No. 7,752,060 ("the '060 Patent") are as recited in paragraph 7, and that a copy of the '060 Patent is attached as Exhibit A to the Complaint.  MDx is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning assignment and ownership of the '060 Patent, and on that basis denies the allegations of paragraph 7 with regard to assignment and ownership of the '060 Patent.  Except as specifically admitted herein, MDx denies all allegations of paragraph 7, including that the '060 Patent was duly and legally issued.

8.      MDx admits that the face of the '060 Patent identifies a provisional application date of February 8, 2006.  Allegations regarding entitlement to priority are conclusions of law that do not require a response.  Except as specifically admitted herein, MDx denies all allegations of paragraph 8.

9.      The allegations in paragraph 9 of the Complaint are admitted.

2

10. The allegations in paragraph 10 of the Complaint are admitted.

11. MDx admits that it maintains an internet website, www.Vitals.com, and the website is accessible by residents in Colorado as every other state. Except as specifically admitted herein, MDx denies all allegations of paragraph 11.

12. MDx admits that Health Grades sent MDx a letter dated December 15, 2009, and pursuant to 35 U.S.C. § 154(d), alleging that MDx was practicing the claims of U.S. Patent Application Publ. No. 2007/0185732 (which were subsequently and dramatically amended). Except as specifically admitted herein, MDx denies all allegations of paragraph 12.

## IV. FIRST CLAIM FOR RELIEF

13. The responses to paragraphs 1-12 are incorporated by reference as if fully set forth herein.

14. The allegations in paragraph 14 of the Complaint are denied.

15. The allegations in paragraph 15 of the Complaint are denied.

16. The allegations in paragraph 16 of the Complaint are denied.

17. The allegations in paragraph 17 of the Complaint are denied.

18. The allegations in paragraph 18 of the Complaint are denied.

19. The allegations in paragraph 19 of the Complaint are denied.

20. The allegations in paragraph 20 of the Complaint are denied.

21. MDx denies all allegations set forth in the Complaint except to the extent such allegations are specifically admitted herein.

## ANSWER TO PRAYER FOR RELIEF

WHEREFORE, MDx Medical, Inc. denies that Health Grades is entitled to any of the

relief demanded in paragraphs (A) through (F) of the Complaint and requests that this Court enter judgment in MDx's favor.

## AFFIRMATIVE DEFENSES

By calling the following defenses "affirmative defenses," MDx does not undertake any additional burdens of proof otherwise properly placed on Health Grades.

## FIRST AFFIRMATIVE DEFENSE

MDx has not infringed and is not infringing any valid claim of the '060 Patent, either directly or by contributory infringement or by inducement of infringement.

## SECOND AFFIRMATIVE DEFENSE

The claims of the '060 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code.

## THIRD AFFIRMATIVE DEFENSE

Health Grades is barred under 35 U.S.C. § 288 from recovering costs in connection with this action.

MDx reserves the right to amend its Answer to include or exclude affirmative defenses upon completion of discovery.

## COUNTERCLAIM AND DEMAND FOR JURY TRIAL

### Parties, Jurisdiction, and Venue

1.  MDx Medical, Inc. ("MDx") is a Delaware Corporation located at 1200 Wall Street West, Lyndhurst, New Jersey, 07071.

2.  Upon information and belief, Health Grades, Inc. ("Health Grades") is a Delaware corporation with its principal place of business located in Denver, Colorado.

4

3. Health Grades, Inc. is listed one the face of the '060 Patent as the assignee of the '060 Patent.

4. This Court has personal jurisdiction over Health Grades, and Health Grades has consented thereto.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

### Nature of the Claim

6. This claim is for a declaratory judgment that the '060 Patent is invalid and not infringed, directly or by contributory infringement or by inducement of infringement, by MDx. This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1338(a).

7. There exists an actual and justiciable controversy between MDx and Health Grades with respect to the alleged validity and infringement of the '060 Patent, due to Health Grades' assertion of the '060 Patent against MDx.

8. MDx does not infringe, induce infringement, or contribute to the infringement of any valid claim of the '060 Patent, and has never done so.

9. The '060 Patent is invalid for failure to comply with Title 35 of the United States Code.

10. Health Grades is barred in whole or in part from recovering damages by the doctrine of equitable estoppel, and Health Grades is barred under 35 U.S.C. § 288 from recovering costs in connection with this action.

5

## PRAYER FOR RELIEF

WHEREFORE, MDx Medical, Inc. denies that Health Grades is entitled to any of the relief demanded in paragraphs (A) through (F) of the Complaint and requests that this Court enter judgment:

  (a) Finding, declaring, and adjudging in favor of MDx Medical, Inc. and against Health Grades and dismissing with prejudice all claims of Health Grades;

  (b) Finding, declaring, and adjudging that the '060 Patent is invalid, and that MDx Medical, Inc. does not infringe it directly or by contributory infringement or by inducement of infringement;

  (c) Finding, declaring, and adjudging this to be an exceptional case under 35 U.S.C. § 285, and awarding to MDx Medical, Inc. its costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action; and

  (d) Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant and Counterclaim Plaintiff MDx hereby demands a trial by jury.

Dated:  April 19, 2011  Respectfully submitted,

*s:/Mark J. Rosenberg*
Mark J. Rosenberg
Scott D. Stimpson
David C. Lee
Sills Cummis & Gross P.C.
One Rockefeller Plaza
New York, New York 10020
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: mrosenberg@sillscummis.com
E-mail: sstimpson@sillscummis.com
E-mail: dlee@sillscummis.com

and

Marsha Piccone, Atty. No. 15268
Ramona Lampley, Atty. No. 37288
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: piccone@wtotrial.com
E-mail: lampley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I hereby certify that on <u>April 19, 2011</u>, I electronically filed the foregoing MDx Medical, Inc.'s Answer, Affirmative Defenses, Counterclaim and Demand for Jury Trial with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Kris John Kostolansky**
  kkosto@rothgerber.com, dgrooms@rothgerber.com
- **Jesus Manuel Vazquez , Jr.**
  jvazquez@rothgerber.com, phenke@rothgerber.com

                                          <u>s:/Karen E. Joos</u>