**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB

HEALTH GRADES, INC.,

      Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

      Defendant.

---

**MDX MEDICAL, INC.'S MOTION PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 56 FOR
PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx") hereby requests entry of partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

In this action, Plaintiff Health Grades, Inc. has accused Defendant MDx of infringing United States Patent No. 7,752,060 (the "'060 Patent"; Exh. 1, Decl. of D. Lee, Attach. A).  The '060 Patent relates generally to an Internet-based system involving the collection of information on healthcare providers and the generation of related reports.

Health Grades asserts in its Complaint that the MDx www.vitals.com website (the "MDx Website") infringes the '060 Patent.  Simply put, there is no basis for Health Grades to claim that the MDx Website infringes the '060 Patent.  The current version of the MDx Website was launched in January 2011, nearly two months prior to the commencement of this action.  To clear the cloud of infringement allegations currently over MDx and going forward, this motion for

partial summary judgment is directed to only the current MDx Website.  Although the pre-

January 2011 version of the MDx Website did not infringe the '060 Patent, MDx is simplifying

the issues for this motion.[1]

Every claim of the '060 Patent requires the generation of a report on a first healthcare

provider, and that this report contain *__comparison ratings of healthcare providers.__*  Exh. 1,

Attach. A, col. 20, lines 63-65; col. 22, lines 52-54.  The current MDx Website provides no such

comparison ratings or anything close to them.  In an effort to avoid the need for this motion,

counsel for MDx conferred with counsel for Health Grades about this absent claim element, and

for the past few weeks has waited for Health Grades' confirmation that the current MDx Website

is not accused of infringement.  However, Health Grades has not advised MDx whether or not

the current MDx Website is at issue in this lawsuit.[2]

Health Grade's allegations have created a cloud over MDx and the MDx Website and

will have an adverse effect on MDx's potential investors and business partners, even though

there is no basis for any accusation that the current MDx Website infringes the '060 Patent.

Accordingly, pursuant to Rule 56 of the Federal Rules of Civil Procedure and

D.C.COLO.LCivR 7.1 and D.C.COLO.LCivR 56.1, MDx hereby moves for partial summary

judgment of non-infringement holding that the current MDx Website does not infringe the '060

Patent.

---

[1] The MDx Website, at all times, has never infringed and does not now infringe the '060 Patent. But even assuming *arguendo* that the pre-January 2011 version of the MDx Website did infringe (it did not), the damages relating to that infringement would be trivial as the '060 Patent did not even issue until July 6, 2010.  MDx strongly suspects that a finding of no infringement regarding the current MDx Website, or confirmation from Health Grades of that fact, would quickly end the entire case.
[2] While this motion addresses a basis of non-infringement, there are other non-infringement bases not addressed herein.

## I.    STATEMENT OF UNDISPUTED MATERIAL FACTS

1.    The '060 Patent describes an Internet system for connecting healthcare providers and patients by providing users with information and ratings of healthcare providers.  Exh. 1, Decl. of D. Lee, Attach. A, *e.g.,* Abstract and Title.

2.    Every claim of the '060 Patent requires the receipt of "a request for information regarding a first healthcare provider" and the creation of a report on that healthcare provider that "includes comparison ratings of healthcare providers".  Exh. 1, Attach. A, col. 20, lines 23-27, 63-65; col. 22, lines 17-18, 52-54.

3.    Examples of the '060 Patent claims as applied to specific types of healthcare providers, *e.g.,* physicians, are provided by the patent disclosure and drawings (Exh. 1, Attach. A, Fig. 6, item 618; col. 4, lines 7-10; col. 10, line 55; Fig. 11, item 1118; col. 4, lines 29-33; col. 13, lines 37-43); and the website of Plaintiff Health Grades' www.healthgrades.com incorporates such a comparison (*e.g.*, Exh. 1, Attach. C).

4.    During patent prosecution, the application for the '060 Patent was rejected by the Patent Office, and in order to obtain the '060 Patent, Health Grades added the specific requirement that the generated reports must include "comparison ratings of healthcare providers." Exh. 1, Attach. B, Amendment & Response, pp.2-6, 11-12.

5.    Since January 2008, MDx has owned and operated the MDx Website, which enables users to search for and obtain various information on healthcare providers, and to post comments and rankings regarding their experiences with the doctors.  Exh. 2, Decl. of M. Rothschild at ¶5.

6.      The current MDx Website entirely lacks any ability to create a report on a healthcare provider that would include comparison ratings of healthcare providers.  Exh. 2, ¶¶5-6; Exh. 1, Attach. D.

## II.      ARGUMENT

### A.      <u>Standard of Review</u>

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment where there is "no genuine issue as to any material fact" and when the "moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Shamrock Techs., Inc. v. Medical Sterlization, Inc.,* 903 F.2d 789, 791 (Fed. Cir. 1990).  These standards are fully applicable to patent cases.  *See Nike Inc. v. Wolverine World Wide*, 43 F.3d 644, 646 (Fed. Cir. 1994) ("Summary judgment is appropriate in a patent case, as in other cases, when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.").  Indeed, the Federal Circuit has emphasized that "[s]ummary judgment is as appropriate in a patent case as in any other," *Desper Prods. v. QSound Lab*., 157 F.3d 1325, 1332 (Fed. Cir. 1998) (citations and quotation marks omitted), and has encouraged use of Rule 56 where appropriate, stating that, "[w]here no issue of material fact is present . . . court[s] should not hesitate to avoid an unnecessary trial by proceeding under Fed. R. Civ. P. 56." *Chore-Time Equip., Inc. v. Cumberland Corp.,* 713 F.2d 774, 778-79 (Fed. Cir. 1983).[3]

---

[3] *See also Nike Inc.*, 43 F.3d at 646 (holding district court properly granted summary judgment on non-infringement); *Fenner Inv., Ltd. v. Microsoft Corp*., 632 F. Supp. 2d 627, 641-42 (E.D. Tex. 2009) (granting defendants' motion for summary judgment of non-infringement).

### B.     Literal Infringement

One way in which a patent may be infringed is by "literal" infringement.  Literal infringement requires that each and every element in the asserted claim of the patent be literally present in the accused device.  *General Mills, Inc. v. Hunt Wesson, Inc.*, 103 F.3d 978, 981 (Fed. Cir. 1997).  Put another way, there can be no literal infringement if the accused device lacks any one element of the asserted claim.  *Id.*

### C.     Doctrine of Equivalents

A lack of literal infringement does not end the infringement inquiry, as infringement may exist under the "doctrine of equivalents."   The doctrine of equivalents allows, in some circumstances, a claim element to be met by its substantial equivalent.  *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 535 U.S. 722, 732-33 (2002) (*citing Graver Tank & Mfg. Co. v. Linde Air Prod. Co.*, 339 U.S. 605 (1950)).   One way of judging equivalents is to determine if the element in the accused product performs substantially the same function, in substantially the same way, to achieve substantially the same result, as the claimed element.  *Graver Tank*, 339 U.S. at 608 (1950).

There are strict limitations to the application of the doctrine of equivalents.  First, the doctrine is limited by the "all elements rule," which "requires a determination that every claim limitation or its equivalent be found in the accused device."  *Ericsson, Inc. v. Harris Corp.,* 352 F.3d 1369, 1373 (Fed. Cir. 2003) (emphasis added).  Application of the "all elements rule" is amenable to summary judgment.  *See, e.g., Lockheed Martin Corp. v. Space Systems/Loral, Inc.,* 324 F.3d 1308, 1318 (Fed. Cir. 2003).  As the Supreme Court has held, "[w]here the evidence is such that no reasonable jury could determine two elements to be equivalent, district courts are

obliged to grant partial or complete summary judgment. . . . [I]f a theory of equivalence would *entirely vitiate a particular claim element*, partial or complete summary judgment should be rendered by the court, as there would be no further material issue for the jury to resolve." *Warner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 39 n.8 (1997) (emphasis added).

The application of the doctrine of equivalents is also limited by "prosecution history estoppel." Under this doctrine, if a claim element was added during prosecution of the patent for reasons related to patentability, the patent owner is presumed to be barred from employing the doctrine of equivalents to cover territory between the original and amended claim. *Festo*, 535 U.S. at 737-38.

**III.   THE '060 PATENT AND THE REQUIRED COMPARISON RATING**

The '060 Patent describes an Internet system for connecting healthcare providers and patients by providing users with information and ratings of healthcare providers. Each and every claim of the '060 Patent requires receiving a request for information regarding a first healthcare provider and the creation of a "healthcare provider report on the first healthcare provider [that] *includes comparison ratings of healthcare providers*". Exh. 1, Attach. A, col. 20, lines 23-27, 63-65; col. 22, lines 17-18, 52-54 (emphasis added).

During patent prosecution, the application for the '060 Patent was rejected by the Patent Office, and in order to obtain the '060 Patent, Health Grades added the specific requirement that the generated reports must include "comparison ratings of healthcare providers." Exh. 1, Attach.

B, Amendment & Response, pp.2-6, 11-12.[4]   Health Grades distinguished prior art on this ground, which eventually led to allowance of the '060 Patent.  *Id.*; Exh. 1, Attach. B, Notice of Allowance.

Examples of the '060 Patent claims as applied to specific types of healthcare providers, *e.g.,* physicians, are provided by the patent disclosure and drawings. Exh. 1, Attach. A.  With respect to physicians in particular, figure 6 of the '060 Patent depicts a search for a physician and a physician profile (Exh. 1, Attach. A, Fig. 6, item 618; col. 4, lines 7-10; col. 10, line 55), and figure 11 illustrates the operation of a search for a physician, including receipt of physician comparison results (Exh. 1, Attach. A, Fig. 11,  item 1118; col. 4, lines 29-33; col. 13, lines 37-43).

Shown below is a screenshot from Plaintiff Health Grades' www.healthgrades.com website (the "Health Grades Website").  The bottom of web pages of this website are marked with the '060 Patent. *E.g.*, Exh. 1, Attach. C.  The screenshot displays a portion of a profile for a physician, Dr. Sanjay Gupta, and comparison ratings of various physicians, *i.e.*, see section "Compare Dr. Gupta" on the right:

---

[4] For expediency, Exhibit 1, Attachment B includes only referenced portions of the prosecution history for the '060 Patent.  The full prosecution history can be provided upon request.



The full web page display for the above screenshot is provided as Exh. 1, Attachment C.

## IV.    MDX AND ITS CURRENT WEBSITE

Since January 2008, MDx has owned and operated the MDx Website.  Exh. 2, at ¶6. Among other things, the MDx Website enables users to search for and obtain information on healthcare providers.  This information includes, among other things, the names of doctors, their education, specialties, hospital affiliations and the insurance that they accept.  The MDx Website enables these doctors' patients to post comments and rankings regarding their experiences with the doctors, which comments are accessible to users of the MDx Website.  The current version of the MDx Website was launched in January, 2011. *Id.*, at ¶5.  Significantly, the current MDx Website does not generate comparisons of ratings for one healthcare provider with ratings for another healthcare provider.  *Id.*, at ¶6.

Shown below, is a screenshot from the current MDx Website, i.e., the version used since January 2011, which is the subject of the instant motion, displaying a portion of a profile for the same physician shown in Exh. 1, Attachment C:



The full web page display for the above screenshot is provided as Exh. 1, Attachment D. Unlike the physician profile from the patented Health Grades Website, the MDx Website does not provide comparison ratings for Dr. Sanjay Gupta. *Compare* Exh. 1, Attachments C and D.[5]

## V.      SUMMARY JUDGMENT IS APPROPRIATE

The language of the '060 Patent claims is clear, and the "comparison ratings of healthcare providers" claim element has its plain and ordinary meaning.   The current MDx Website completely lacks this claim element.  Because there can be no genuine issue of material fact that the "comparison ratings of healthcare providers" claim element is completely absent from the current MDx Website, there can be no literal infringement.  *Warner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 39 n.8 (1997).

---

[5] A proper infringement analysis compares the patent claims to the accused product.  *Zenith Laboratories, Inc. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418, 1423 (Fed. Cir. 1994).  MDx is not suggesting that the Court deviate from this infringement analysis.  However, the Health Grades Website is identified with the '060 Patent, and it may be helpful for the Court to see the Plaintiff's "comparison ratings" it believes is covered by the '060 Patent.  *Cf. Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*, 616 F.3d 1283, 1288 (Fed. Cir. 2010) ("Our case law does not contain a blanket prohibition against comparing the accused product to a commercial embodiment."); *Glaxo Group Ltd. v. Torpharm, Inc.*, 153 F.3d 1366, 1373 (Fed. Cir. 1998).

Further, there is no infringement under the doctrine of equivalents.  There are at least three reasons for this.  First, Health Grades cannot reasonably contend that the current MDx Website has an equivalent to the required comparison ratings.  That feature is entirely absent from the current MDx Website, and there is no substantial equivalent to it.  *Graver Tank & Mfg. Co. v. Linde Air Prod. Co.*, 339 U.S. 605, 608 (1950).  Second, any application of the doctrine of equivalents to capture the current MDx Website would entirely vitiate the "comparison ratings of healthcare providers" claim element, which is improper under Supreme Court precedent. *Warner-Jenkinson*, 520 U.S. at 39 n.8.  And third, Health Grades amended the '060 Patent's claims to add the "comparison ratings of healthcare providers" language, in order to obtain allowance of the '060 Patent.  Health Grades is thus presumed to be (and should be) barred from any equivalents that would encompass the scope of the claim before the amendment.  *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 535 U.S. 722, 740-41 (2002).

## VI.    CONCLUSION

For all the foregoing reasons, MDx respectfully requests entry of partial summary judgment of non-infringement, for a declaration that the current MDx Website does not infringe the '060 Patent.

10

Dated:  April 19, 2011                                  Respectfully submitted,


                                                        *s:/Mark J. Rosenberg*
                                                        Mark J. Rosenberg
                                                        Scott D. Stimpson
                                                        David C. Lee
                                                        Sills Cummis & Gross P.C.
                                                        One Rockefeller Plaza
                                                        New York, New York 10020
                                                        Tel: (212) 643-7000
                                                        Fax: (212) 643-6500
                                                        E-mail: mrosenberg@sillscummis.com
                                                        E-mail: sstimpson@sillscummis.com
                                                        E-mail: dlee@sillscummis.com

                                                        and

                                                        Marsha Piccone, Atty. No. 15268
                                                        Ramona Lampley, Atty. No. 37288
                                                        Wheeler Trigg O'Donnell LLP
                                                        1801 California Street, Suite 3600
                                                        Denver, Colorado 80202
                                                        Tel:  (303) 244-1800
                                                        Fax:   (303) 244-1879
                                                        E-mail: piccone@wtotrial.com
                                                        E-mail: lampley@wtotrial.com

                                                        *Attorneys for Defendant*
                                                        MDx Medical, Inc. d/b/a VITALS.COM

11

## CERTIFICATE OF SERVICE

I hereby certify that on <u>April 19, 2011</u>, I electronically filed the foregoing MDx Medical, Inc.'s Motion Pursuant To Federal Rule Of Civil Procedure 56 for Partial Summary Judgment of Non-Infringement with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Kris John Kostolansky**
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- **Jesus Manuel Vazquez , Jr.**
  jvazquez@rothgerber.com, phenke@rothgerber.com

_s:/Karen E. Joos_____