IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

vs.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**HEALTH GRADES, INC.'S RESPONSE IN OPPOSITION TO MDX MEDICAL, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT**

Plaintiff and Counterclaim Defendant Health Grades, Inc. ("Health Grades"), by its undersigned counsel, respectfully submits its Response in Opposition to MDX Medical, Inc.'s Motion for Partial Summary Judgment of Non-Infringement (the "Motion"), and states in support:

### A.    INTRODUCTION AND SUMMARY OF ARGUMENT

In its Motion MDx seeks partial summary judgment of non-infringement only as to its current website – its Motion is limited to that issue. As Mr. Mitchel Rothschild, MDx's co-founder and CEO, implicitly concedes in his affidavit, MDx changed its website in January of 2011 in an attempt to avoid continuing its infringement of Health Grades' '060 Patent. However, given Mr. Rothschild's assertion in his affidavit that the MDx website provides "rankings" of "healthcare providers" despite being purportedly "specifically designed to preclude" generating "comparison ratings of healthcare providers" (the claim language at issue here), there is a genuine issue of disputed material fact regarding the operation of the redesigned website and

{00929638 / 1}

whether the fact that it generates "rankings" of "healthcare providers" means that it infringes the '060 Patent. In fact, while Mr. Rothschild uses the word "rankings" in his affidavit and MDx uses the same term in its Motion in a disingenuous attempt to distance itself from the "comparison ratings" claim language, a review of the screen shots from the MDx website that MDx attaches to its Motion reveals that the website actually provides "**ratings**" – not "rankings" – of healthcare providers. Thus, viewing the fact that the MDx website actually provides "**ratings**" of healthcare providers in the light most favorable to Health Grades, and drawing all justifiable inferences in Health Grades' favor, there is a genuine issue whether the MDx website is encompassed by the '060 Patent claim language "comparison ratings of healthcare providers" that precludes summary judgment.

It is important to note that although this action was not filed until March of 2011 - two months after MDx's new website went live - MDx has been on notice of Health Grades' '060 Patent since it was issued on July 6, 2010. Moreover, in a letter from Health Grades' patent prosecution counsel to Mr. Rothschild dated December 15, 2009, Health Grades provided Mr. Rothschild with a copy of its published patent application – which contained the "comparison ratings of healthcare providers" claim language at issue here - and set forth its concerns that MDx was using systems, methods and apparatuses that were covered by Health Grades' published claims. *See* Exhibit A, letter dated December 15, 2009, with published application containing "comparison ratings of healthcare providers" claim language.

Contrary to MDx's suggestion in its Motion that the claim language at issue here was added by Health Grades in February, 2010, "in order to obtain the '060 Patent," the claim language was contained within the published application received by Mr. Rothschild in

December of 2009, and when the patent was issued the claim language was not cited by the examiner as a reason for allowing the '060 Patent.  <u>See</u> Attachment B to Exhibit 1 to Motion, pages 23 – 26, Reasons for Allowance.

In view of the foregoing, MDx's request for partial summary judgment should be denied for the following reasons:  First, as shown more fully below, there is a genuine issue of disputed material fact regarding the operation of the accused device - MDx's website – that precludes summary judgment.  Specifically, the MDx website provides "ratings" of healthcare providers, and such "ratings" fall within the scope of the claims in Health Grades' '060 Patent and supports a finding of literal infringement against MDx.

Second, MDx's focus and sole reliance on one commercial embodiment of the invention claimed in the '060 Patent is misplaced and inappropriate because the appropriate comparison for infringement analysis is between the accused device and the claims as construed by the Court - not between the accused device and the current commercial embodiment.

Third, with respect to claim construction, given the factual dispute as to the operation of MDx's website, claim construction is not dispositive of the infringement issue and thus summary judgment is inappropriate.  Further, it is premature to undertake claim construction and to apply it until all evidence at trial is heard.  And while MDx does not suggest any construction or definition for the claim language at issue here, the undisputed fact that its website provides "ratings" regarding patients' "experiences" with healthcare providers is practically synonymous with the plain and ordinary meaning of the "comparison ratings of healthcare providers" claim language at issue here, and strongly suggests that MDx literally infringes the '060 Patent.

Fourth, in its Motion MDx incorrectly argues that Health Grades added the claim language at issue "in order to obtain the '060 Patent," when in fact the examiner's "Reasons for Allowance" – which are attached by MDx to its Motion – makes no mention whatsoever of the language, much less citing it as a reason for his allowance of the '060 Patent.  Moreover, the "Amendment & Response" submitted by Health Grades and which MDx relies upon discusses and shows unequivocally that the claim language was not made to overcome the prior art, because the prior art neither discloses or suggests "comparison ratings of healthcare providers."  Thus, prosecution history estoppel does not apply here and does not bar a finding of infringement under the Doctrine of Equivalents.

For all these reasons, and as discussed more fully below, the Motion should be denied.

B.    STANDARD OF REVIEW

Summary judgment is only appropriate when the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *See, e.g., Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.  *Id*.

In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the nonmoving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.' " *Hunt v. Cromartie,* 526 U.S. 541, 552 (1999) (*quoting Anderson,* 477 U.S. at 255).

- 5 -

"Summary judgment is appropriate when it is apparent that only one conclusion as to infringement could be reached by a reasonable jury." <u>TechSearch, L.L.C. v. Intel Corp.,</u> 286 F.3d 1360, 1369 (Fed.Cir.2002). "[A]n accused infringer seeking summary judgment of noninfringement may meet its initial responsibility either by providing evidence that would preclude a finding of infringement, or by showing that the evidence on file fails to establish a material issue of fact essential to the patentee's case." <u>Novartis Corp. v. Ben Venue Labs., Inc.,</u> 271 F.3d 1043, 1046 (Fed.Cir.2001). "[T]he party opposing the motion for summary judgment of noninfringement must point to an evidentiary conflict created on the record, at least by a counter-statement of a fact set forth in detail in an affidavit by a knowledgeable affiant." <u>TechSearch, 286 F.3d at 1372 (Fed.Cir.2002).</u>

"Summary judgment of noninfringement may only be granted if, after viewing the alleged facts in the light most favorable to the nonmovant and drawing all justifiable inferences in the nonmovant's favor, there is no genuine issue whether the accused device is encompassed by the patent claims." <u>Novartis,</u> 271 F.3d at 1046. However,

> [i]n many a patent suit, there arise issues of fact as to which the testimony of expert witnesses may be important. Then the credibility of those witnesses is crucial, and it would be erroneous, by a summary judgment, to deprive either party of a 'live trial' at which the trial court could observe the witnesses' demeanor in evaluating their testimony. <u>Vermont Structural Slate Co. v. Tatko Bros. Slate Co.,</u> 233 F.2d 9, 10 (2d Cir.1956).

### C. ARGUMENT

#### 1. Because the MDx Website Provides "Ratings" of Healthcare Providers There is a Genuine Issue of Disputed Material Fact Regarding Whether the Operation of the Website Infringes the '060 Patent and Therefore Summary Judgment is Inappropriate.

Here, it is undisputed that the MDx website provides "ratings" of "doctors," i.e., of health care providers. *See* Attachment D to Exhibit 1 to Motion, showing screen shots from the MDx website displaying "Overall Patient **Rating**"; "Patient **Ratings** & Comments"; "**Rate** This Doctor." (Emphasis added.)  Here, when the case is in its infancy, and the Court has not construed the claims, and the claim construction has not been applied to the facts, there is a genuine issue of disputed material fact regarding whether the "ratings" of "doctors" generated by the MDx website results in infringement of the '060 Patent.  *See Lucas Aerospace, Ltd., v. Unison Industries, L.P.*, 890 F.Supp. 329, 332, n.3 (D. Del. 1995) (court held it would not be in a position to undertake claim construction until after hearing all evidence at trial.)

Viewing these facts in the light most favorable to Health Grades and drawing all justifiable inferences in Health Grades' favor, there is a genuine issue whether the MDx website is encompassed by the '060 Patent claims that precludes summary judgment.

#### 2. The Proper Infringement Analysis Compares the MDx Website to the Claims as Construed by the Court - Not to a Commercial Embodiment of the Invention, and the "Ratings" of "Doctors" or Healthcare Providers Generated by the MDx Website Fall Within the Scope of the '060 Patent Claim Language "Comparison Ratings of Healthcare Providers."

MDx bases its request for summary judgment on a comparison between its website and a commercial embodiment of the invention claimed in the '060 Patent, i.e., Health Grades current website.  The proper analysis, however, is to compare the MDx website to the claims in the '060

Patent as construed by the Court. *See Johnson & Johnston Assoc., Inc. v. R. E. Service Co., Inc.*, 285 F.3d 1046, 1052 (Fed.Cir. 2002).  "The law of infringement compares the accused product with the claims as construed by the court.  Infringement, either literally or under the doctrine of equivalents, does not arise by comparing the accused product "with a preferred embodiment described in the specification, or with a commercialized embodiment of the patentee."" *Id*. (citations omitted.)

Here, Mr. Allen Dodge, Health Grades' Executive Vice President and Chief Financial Officer, is very familiar with the claim language in the '060 Patent.  *See* Exhibit B, Affidavit of Allen Dodge, ¶ 2.  Mr. Dodge compared the MDx website to the claim language in the '060 Patent.  *See* Exhibit B, ¶ 3.  Given that the MDx website provides "ratings" of "doctors," Mr. Dodge disagrees with Mr. Rothschild's assertion that the MDx website "does not generate comparisons of ratings for one doctor with ratings for another doctor."  *See* Exhibit B, ¶ 3.

Given Mr. Dodge's statement, and viewing these facts in the light most favorable to Health Grades and drawing all justifiable inferences in Health Grades' favor, there is a genuine issue whether the MDx website is encompassed by the '060 Patent claims that precludes summary judgment.

### 3. The Claim Language Was Not Necessary for Allowance and Therefore Prosecution History Estoppel Does Not Bar Infringement Under the Doctrine of Equivalents.

Contrary to MDx's contention, the claim language "comparison ratings of health care providers" was not necessary for the patent to be allowed.  The "Amendment & Response to Non-Final Office Action" attached by MDx to its Motion unequivocally discusses that the prior art does not teach, discuss or suggest "comparison ratings."  *See* Amendment & Response to

{00929638 / 1}                                      - 7 -

- 8 -

Non-Final Office Action, Attachment B to Exhibit 1 to Motion, pages 12 of 26, 13 of 26, 14 of 26, 15 of 26, and 16 of 26.  Moreover, the examiner did not reference the claim language as a reason for allowing the patent in his "Reasons for Allowance."  *See* Reasons for Allowance, Attachment B to Exhibit 1 to Motion, pages 23 – 26.  Thus, here, prosecution history estoppel does not bar infringement under the doctrine of equivalents.  *See Funai Electric Company, Ltd. v. Daewoo Electronics Corp.*, 616 F.3d 1357, 1368 (Fed.Cir. 2010).

### D. CONCLUSION

As shown above, there is a genuine issue of disputed material fact regarding whether the MDx website infringes the '060 Patent given that the claim language at issue is "comparison ratings of healthcare providers" and the MDx website provides "ratings" of "doctors." Furthermore, comparing the MDx website to the claim language reveals that because the website provides "ratings" of healthcare providers, it is encompassed by the "comparison ratings of healthcare providers" claim language in the '060 Patent.  Finally, the claim language was not necessary for allowance and therefore prosecution history estoppel does not bar a finding of infringement under the doctrine of equivalents.  Viewing these facts in the light most favorable to Health Grades and drawing all justifiable inferences in Health Grades' favor, there is a genuine issue whether the MDx website is encompassed by the '060 Patent claims that precludes summary judgment and MDx's Motion should be denied.

WHEREFORE, Health Grades respectfully requests the Court deny MDx's Motion for Partial Summary Judgment and grant Health Grades such other and further relief it deems proper under the circumstances.

Respectfully submitted this 20th day of May, 2011.

*s/ Jesús M. Vazquez*
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Jeffrey D. Phipps, Esq.
Rothgerber Johnson & Lyons, LLP
1200 17th Street, Suite 3000
Denver, Colorado 80202-5855
Tel:    (303) 623-9000
Facsimile: (303) 623-9222
Email:  kkostolansky@rothgerber.com
            jvazquez@rothgerber.com
            jphipps@rothgerber.com
*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2011, I electronically filed the foregoing **HEALTH GRADES, INC.'S RESPONSE TO MDX MEDICAL, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

David Chunyi Lee
Sills Cummis & Gross P.C. – New York
One Rockefeller Plaza, 25th Floor
New York, NY  10020
Email: dlee@sillscummis.com

Mark Jon Rosenberg
Sills Cummis & Gross P.C.-New York
One Rockefeller Plaza, 25th Floor
New York, NY  10020
Email: mrosenberg@sillscummis.com

Marsha M. Piccone
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
Email: piccone@wtotrial.com

Ramona L. Lampley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
Email: lampley@wtotrial.com

Scott David Stimpson
Sills Cummis & Gross P.C.-New York
One Rockefeller Plaza, 25th Floor
New York, NY  10020
Email: sstimpson@sillscummis.com

*s/ Jesús M. Vazquez*
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Jeffrey D. Phipps, Esq.
Rothgerber Johnson & Lyons, LLP
1200 17th Street, Suite 3000
Denver, Colorado 80202-5855
Tel:    (303) 623-9000
Facsimile: (303) 623-9222
Email:  kkostolansky@rothgerber.com
          jvazquez@rothgerber.com
          jphipps@rothgerber.com
*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*