**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56 FOR
PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx") submits its Reply to Plaintiff's Response in Opposition to MDx Medical, Inc.'s Motion for Partial Summary Judgment of Non-Infringement (dkt. # 23) and the Amendment to Health Grades, Inc's Response in Opposition to MDx Medical, Inc.'s Motion for Partial Summary Judgment of Non-Infringement (dkt. # 29) (collectively referred to as the "Opposition".)

There is no factual dispute between the parties with regard to the operation of the current MDx *www.vitals.com* website (the "MDx Website").  Both parties agree that the current MDx Website can generate a report on a specific healthcare provider, and that the report can provide "patient ratings" for that provider.  Section I, *infra*, Undisputed Facts 5, 6.

Given how Health Grades has opposed this motion, however, it is important for the Court to realize that the claims of the '060 Patent require ***two distinct "ratings"***: (1) "patient ***ratings***" of the first healthcare provider who is the subject of the report (MDx Medical, Inc.'s Motion

Pursuant to Federal Rule of Civil Procedure 56 for Partial Summary Judgment of Non-Infringement (dkt. #9) ("Motion"), Attach. A to Exh. 1, *e.g.,* col. 20, lines 39-43, emphasis added); and (2) "comparison *ratings* of healthcare providers" (Motion, Attach. A to Exh. 1*, e.g.,* col. 20, lines 58-65, emphasis added). The patent claims themselves expressly distinguish these two different "ratings" and claim them separately – *they are not one and the same*.

MDx's motion argues only that the current MDx Website lacks the *second* type of "ratings" – "comparison ratings of healthcare providers." Health Grades' Opposition confuses the issue by referencing the *first* type of rating in the current MDx Website – "patient ratings" of the provider who is the subject of the report. MDx does not deny that its website meets the "patient ratings" language of the claims, but that fact is completely irrelevant to the issue in this motion, *i.e.,* whether the current MDx Website meets the "comparison ratings of healthcare providers" element of the claims.[1]

**I.      REPLY CONCERNING UNDISPUTED FACTS**

1. Admitted by both Health Grades and MDx.

2. Admitted by both Health Grades and MDx.

3. Admitted by both Health Grades and MDx.

4. MDx agrees with Health Grades that its Amendment & Response "unequivocally discusses that the prior art does not teach, discuss or suggest 'comparison ratings.'" MDx disagrees with Health Grades that the Examiner did not cite the claim language as a reason for allowance, as the entire claim was cited for this purpose (Motion, Attach. B to Exh. 1, at pp.23-

---

[1] Health Grades states that the MDx CEO "implicitly concedes" in his declaration that the old website was infringing. That representation is utterly false. Exhibit 2, ¶4 ("MDx has denied any infringement . . . ."); Motion at n.1 ("The MDx Website, at all times, has never infringed . . . .").

24, Reasons for Allowance: "The prior arts of record neither anticipate nor fairly and reasonably teaches . . . comparison ratings of healthcare providers").

5.   Admitted that the current MDx Website provides for "patient ratings" of the first healthcare provider who is the subject of the report.  (Motion, Attach. D to Exh. 1, pp.1-2).

6.   Admitted that the current MDx Website provides for "patient ratings" of doctors.  (Motion, Attach. D to Exh. 1).  MDx also admits that users may compare ratings of healthcare providers, ***but only by creating a separate report for each provider*** – the ratings for other providers are never provided in the report on the first healthcare provider.  (Motion, Exh. 2, Decl. of Mitchel Rothschild, at ¶6).

## II.   THE "PATIENT RATINGS" ON THE FIRST PROVIDER ARE NOT ALSO THE "COMPARISON RATINGS OF HEALTHCARE PROVIDERS"

All the claims of the '060 Patent require, *inter alia*: (1) a request for information regarding a "first healthcare provider" (Motion, Attach. A to Exh. 1, U.S. Patent No. 7,752,060, *e.g.,* col. 20, line 26); (2) patient-provided information including "patient ratings" of that "first healthcare provider" (Motion, Attach. A to Exh. 1*, e.g.,* col. 20, lines 39-43); and (3) the creation of a report on the "first healthcare provider" that uses the patient-provided ratings of that provider, and *also includes* "comparison ratings of healthcare providers" (Motion, Attach. A to Exh. 1*, e.g.,* col. 20, lines 58-65).  The current MDx Website meets elements (1) and (2) in certain instances – it allows requests for information on a given provider, and provides "patient ratings" ***on that specific provider*** where available.  The current MDx Website completely lacks, however, a report that also contains "comparison ratings of healthcare providers" as recited in element (3).

3

Health Grades seeks to confuse the Court by trying to merge these distinct claim elements. In its Opposition, it argues for the first time that the MDx patient ratings of the first healthcare provider somehow satisfy the ***different*** and ***separately claimed*** requirement of "comparison ratings of healthcare providers." Opposition at 2.

Despite the Health Grades unsubstantiated allegations to the contrary, both parties are fully in agreement on the operation of the current MDx Website. *See* Section I, *infra*, Reply Concerning Undisputed Facts. The question raised by the Health Grades Opposition – whether the meaning of the phrase "comparison ratings of healthcare providers" is so broad that it is met by the separately-claimed "patient ratings" on the first healthcare provider – is entirely a question of law that cannot preclude summary judgment. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 388-90 (1996) (claim construction is a matter of law for the Court).[2]

Health Grades' newly-minted reading of its claims is legally untenable. Not only is it inconsistent with the plain claim language, the patent specification, and Federal Circuit case law, but Health Grades disclaimed any such reading during prosecution of the '060 Patent.[3]

### III. THERE IS NO INFRINGEMENT AS A MATTER OF LAW

The MDx patient ratings of the specific provider who is the subject of the report (the "first healthcare provider") cannot satisfy the requirement of "comparison ratings of healthcare

---

[2] Despite Health Grades' attempt to suggest otherwise, it is proper for the Court to rule on claim construction in deciding a motion for summary judgment. *See, e.g., NCR Corp v. Palm, Inc.*, 120 F. App'x 328, 331, 337 (Fed. Cir. 2005) (taking no issue with lower court's comprehensive opinion construing claims and granting summary judgment of non-infringement in favor of defendants, and affirming same.)

[3] Health Grades states that the proper infringement analysis compares the MDx Website to the patent claims. Opposition at 6-7. MDx agrees. As the Federal Circuit has held, however, there is no blanket prohibition against the Court comparing the accused product to a commercial embodiment, especially where (as here) that comparison helps to inform the analysis. Motion at n.5.

4

providers" simply because the plain and ordinary reading of comparison ratings of healthcare providers must be ratings of *multiple* providers *other than* the first provider on whom the report is provided.

First, the claim states that these required comparison ratings be of "healthcare providers" (plural). The MDx patient ratings of the single provider who is the subject of the report cannot possibly meet this plural limitation. *See, e.g., Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.*, No. C-91-20061-RMW, 1994 U.S. Dist. LEXIS 7810, at *66-70 (N.D. Cal. Apr. 26, 1994) (finding no infringement because "Claim 1 purports to claim a plurality of 'heated substrates' and not the single substrate as utilized in [the accused product]."), *rev'd in part on other grounds,* 98 F.3d 1563 (Fed. Cir. 1996)  Second, the comparison ratings must be of other providers – not the same provider who is the subject of the report, as there cannot be any "comparison" of healthcare providers if there are no ratings of other providers to whom the first provider can be compared.  Consistent with the clear claim language, the specification fully supports MDx's position that the report must be a report that compares multiple providers. (Motion, Attach. A to Exh. 1, Abstract (ratings "enable patients to differentiate among healthcare providers"); col. 1, lines 44-45 (criticizing the prior art for failing to allow users to "compare physicians or hospitals"); col. 7, lines 11-14 ("comparisons among the physicians may be provided"); col. 13, lines 37-43 ("physician comparison results are provided").  And third, the patent claims themselves separately claim and expressly distinguish between (a) the patient ratings of the first healthcare provider (Motion, Attach. A to Exh. 1, *e.g.,* col. 20, lines 39-43), and (b) the comparison ratings of healthcare providers (Motion, Attach. A to Exh. 1, *e.g.,* col. 20, lines 62-65).  They cannot be one and the same thing, as Health Grades argues.  *Applied Med.*

5

*Res. Corp. v. U.S. Surgical Corp.*, 448 F.3d 1324, 1333 n.3 (Fed. Cir. 2006) ("[T]he use of two terms in a claim requires that they connote different meanings. . . ."); *CAE Screenplates Inc. v. Heinrich Fiedler GmbH*, 224 F.3d 1308, 1317 (Fed. Cir. 2000) ("In the absence of any evidence to the contrary, we must presume that the use of these different terms in the claims connotes different meanings.").

With regard to equivalents, there are at least four independent reasons why the first provider patient ratings cannot meet this limitation equivalently. Three of these were identified in our Motion (Motion at 10).

(1) In contrast to the claim requirements, the report on the first provider in the current MDx Website does not have a single rating of another provider with whom the first provider could be compared. In other words, the function and result of the claimed "comparison ratings of healthcare providers" are entirely different from those of the "patient ratings" of the single healthcare provider in the current MDx Website. *See Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 608 (1950) (equivalence can be determined if the accused product "performs substantially the same function in substantially the same way to obtain the same result"). Moreover, in response to MDx's motion, it was the burden of Health Grades to come forward with evidence to support its position of any alleged equivalence, but it provided absolutely no such evidence, and indeed Health Grades did not even address this issue in its Opposition. *Applied Materials*, 1994 U.S. Dist. LEXIS 7810, at *67 ("[Patentee] has the burden of proof by a preponderance of the evidence of the issue of infringement under the doctrine of equivalents.") (*citing Under Sea Indus., Inc. v. Dacor Corp.*, 833 F.2d 1551 (Fed. Cir. 1987)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("Rule 56(e) permits a proper summary

judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party to make the showing to which we have referred"); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-252 (1986) (allegations are not specific facts required by Fed. R. Civ. P. 56(e) and will not defeat properly made summary judgment motion).

(2) The Supreme Court has held that the doctrine of equivalence cannot capture an accused product that entirely lacks a claim element.  "[I]f a theory of equivalence would entirely vitiate a particular claim element, partial or complete summary judgment should be rendered by the court, as there would be no further material issue for the jury to resolve." *Warner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co*., 520 U.S. 17, 39 n.8 (1997).  The "comparison ratings of healthcare providers" is entirely missing from the MDx Website, and Health Grades' Opposition does not even address this *Warner-Jenkinson* issue.

(3) Health Grades added the "comparison ratings for healthcare providers" and used it to distinguish prior art, and so there is a presumption that the doctrine of equivalence does not cover an accused product without this element. *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 535 U.S. 722, 740 (2002).  That presumption now stands factually unrebutted. Indeed, Health Grades admits that the Amendment & Response it submitted during prosecution "unequivocally discusses that the prior art does not teach, discuss or suggest 'comparison ratings'". Opposition at 7.  While Health Grades tries to engage this Court in a debate about whether it was "necessary" for it to have made the arguments and amendments it did during prosecution (Opposition, Response to Undisputed Fact 4), that is irrelevant. *Festo,* 535 U.S. at 727 ("When the patentee responds to the rejection by narrowing his claims, this

7

prosecution history estops him from later arguing that the subject matter covered by the original, broader claim was nothing more than an equivalent.").[4]

(4) Now that Health Grades has set forth how it is trying to read this claim language to cover the MDx Website, there is another, fourth, independent reason why there can be no infringement as a matter of law: Health Grades disclaimed this coverage during prosecution of the patent.

During prosecution, Health Grades distinguished the Henley prior art (Exh. 3, Attach. A, U.S. Patent Application Publication No. 2003/0195838), insisting that it lacked the "comparison ratings of healthcare providers". (Motion, Attach. B to Exh. 1, Portions of Prosecution History, at 11 ("Henley fails to teach or suggest, for example, '. . . wherein the healthcare provider report includes comparison ratings of healthcare providers . . . .'"). Henley, however, discloses making patient feedback on a specific provider available to those requesting information. Paragraph 16 of Henley, for example, addresses "acquiring and maintaining comments and feedback from . . . patients/clients." *See also*, Exh. 3, Attach. A, ¶¶ 30, 37, 107, 114, 128, 137 (identifying disclosure of feedback on medical providers); FIG. 18 (showing how clients rate providers). After considering these clear disclosures in Henley of providing access to patient feedback and patient ratings of the specific healthcare provider of interest, Health Grades insisted (inconsistent with its current position) that the disclosures in Henley were not "comparison ratings of healthcare providers." Motion, Attach. B to Exh. 1, at 11. Health Grades thus disclaimed its

---

[4] The Health Grades focus on the examiner's reasons for allowance is misplaced. *Felix v. Am. Honda Motor Co., Inc.*, 562 F.3d 1167, 1182-83 (Fed. Cir. 2009) ("It is the patentee's response to a rejection– not the examiner's ultimate allowance of a claim– that gives rise to prosecution history estoppel."); *Salazar v. Proctor & Gamble, Co.*, 144 F.3d 1342, 1347 (Fed. Cir. 2005) ("The examiner's unilateral remarks alone do not affect the scope of the claim").

8

current position, *i.e.,* that patient ratings of the first healthcare provider could satisfy the "comparison ratings of healthcare providers" claim language.  *Cf. Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1325 (Fed. Cir. 2003) ("When a patentee advises the examiner . . . that a particular structure is not within his invention, the patentee is not permitted to assert in a subsequent infringement action that the same structure is equivalent to the structure described in the patentee's specification . . . .").

## IV. CONCLUSION

For all the foregoing reasons, MDx respectfully requests entry of partial summary judgment of non-infringement, for a declaration that the current MDx Website does not infringe the '060 Patent.

Dated:  June 3, 2011                                    Respectfully submitted,

*s/ Scott D. Stimpson*
Scott D. Stimpson
Mark J. Rosenberg
David C. Lee
Sills Cummis & Gross P.C.
One Rockefeller Plaza
New York, New York 10020
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: mrosenberg@sillscummis.com
E-mail: sstimpson@sillscummis.com
E-mail: dlee@sillscummis.com

and

9

          Marsha Piccone, Atty. No. 15268
          Ramona Lampley, Atty. No. 37288
          Wheeler Trigg O'Donnell LLP
          1801 California Street, Suite 3600
          Denver, Colorado 80202
          Tel:  (303) 244-1800
          Fax:   (303) 244-1879
          E-mail: piccone@wtotrial.com
          E-mail: lampley@wtotrial.com

          *Attorneys for Defendant and Counterclaim Plaintiff*
          MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

       I hereby certify that on <u>June 3, 2011</u>, I electronically filed the foregoing MDX MEDICAL, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 56 FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Kris John Kostolansky**
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- **Ramona L. Lampley**
  lampley@wtotrial.com, keitlen@wtotrial.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Jeffrey David Phipps**
  jphipps@rothgerber.com, kmeans@rothgerber.com

- **Marsha M. Piccone**
  piccone@wtotrial.com, kunkler@wtotrial.com, joos@wtotrial.com

- **Mark Jon Rosenberg**
  Mrosenberg@sillscummis.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Jesus Manuel Vazquez , Jr**
  jvazquez@rothgerber.com, phenke@rothgerber.com

                                                <u>*s/ Karen E. Joos*_____</u>