## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

      Plaintiff,

vs.

MDX MEDICAL, INC. d/b/a VITALS.COM,

      Defendant.

---

## [PROPOSED] SCHEDULING ORDER

---

## 1.  DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES

      A scheduling conference is set for June 16, 2011, at 9:30 a.m.  The following counsel for the parties have appeared:

Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Jeffrey D. Phipps, Esq.
Rothgerber Johnson & Lyons LLP
One Tabor Center, Suite 3000
1200 17th Street
Denver, CO  80202-5855
(303) 623-9000
*Attorneys for Plaintiff*

Scott D. Stimpson, Esq.
Mark J. Rosenberg, Esq.
David C. Lee, Esq.
Sills Cummis & Gross P.C.
One Rockefeller Plaza, 25th Floor
New York, NY  10020
(212) 643-7000

Marsha M. Piccone, Esq.
Ramona L. Lampley, Esq.
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
(303) 244-1800
*Attorneys for Defendant*

{00937050 / 1}

## 2.  STATEMENT OF JURISDICTION

This is an action for patent infringement pursuant to the laws as set forth in the United States Patent Act, 35 U.S.C. § § 101 *et seq.*.  Health Grades alleges acts of infringement and injury in Colorado, among other places.  This Court has jurisdiction over the parties and subject matter jurisdiction of this action pursuant to section 13-1-124 of the Colorado Revised Statutes and the provisions of 28 U.S.C. §§ 1331 and 1338, respectively.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

a.      Plaintiff:

Plaintiff Health Grades is the owner of United States Patent No. 7,752,060 B2 (the '060 Patent) for *Internet System For Connecting Healthcare Providers and Patients,* which was duly and legally issued to Health Grades on July 6, 2010.  Health Grades has asserted a claim of direct patent infringement against Defendant MDx.  MDX is a competitor of Health Grades and maintains an interactive internet web site, www.Vitals.com, for interstate commerce, marketing and advertising purposes.  The web site is accessible for all purposes by residents of all states, including Colorado.  Via its web site www.vitals.com, MDX makes, uses, offers for sale and/or sells one or more systems, methods and/or apparatuses that are covered by and claimed in the '060 Patent, and thereby infringes the '060 Patent.  Specifically, the features of the www.vitals.com web site that enable the public to access information supplied by physicians (including the physicians with which MDX does business in Colorado), health care providers, patients, and third-party verified information, are covered by the claims in the '060 Patent.

The '060 patent relates generally to an Internet-based system that involves a database and search capabilities for connecting patients with healthcare providers,

e.g., physicians, hospitals, nursing homes, treatment facilities, etc., and that further enables such providers to reach patients with whom they may not otherwise come into contact.  Similarly, MDX runs an Internet-based system that includes a database of information relating to healthcare providers, such as doctors and hospitals, and search capabilities for allowing people to search for and access the data in MDX's databases.  Specifically, the www.vitals.com web site (both the old and new versions) create healthcare provider reports that use healthcare provider-verified information, patient provided information, and information verified by an independent third-party sources as covered by the claims in the '060 Patent.  The vitals.com healthcare reports (both from the old website and the new website) include various types of comparison ratings.

Health Grades is asserting both literal infringement and infringement under the doctrine of equivalents.

b.      Defendant:

Plaintiff has accused MDx of infringing U.S. Patent No. 7,752,060 (the "'060 patent") via MDx 's www.vitals.com website ("the MDx Website").  MDx has not infringed and does not now infringe any valid and enforceable claim of the '060 patent, either directly or by contributory infringement or by inducement of infringement.  MDx also denies that it willfully infringes the '060 patent.  By its counterclaim, MDx seeks a declaratory judgment that, among other things, MDx does not infringe each and every claim of the '060 patent.

To narrow issues, MDx filed a motion for partial summary judgment of non-infringement on April 19, 2011 (Dkt. # 9), seeking judgment as a matter of law that the current MDx Website (live since January 2011) does not infringe the '060 patent.  In particular, the

3

{00937050 / 1}

current MDx Website entirely lacks the "comparison ratings of healthcare providers" limitation required by every claim of the '060 patent.  This motion is now fully briefed and is ready for the court's consideration.  MDx fully believes that grant of this motion will lead to swift resolution of this entire case.[1]

While certain arguments are presented in MDx's motion for summary judgment, MDx believes there are several additional grounds for non-infringement.  MDx also seeks a declaratory judgment that the '060 patent is invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including at least one of 35 U.S.C. §§ 101, 102, 103, and 112.  Furthermore, Health Grades is barred in whole or in part from recovering damages by the doctrine of equitable estoppel, and Health Grades is barred under 35 U.S.C. § 288 from recovering costs in connection with this action.

      c.      Other Parties: None.

## 4.  UNDISPUTED FACTS

The following facts are undisputed:

      a.      U.S. Patent No.: 7,752,060 issued on July 6, 2010.

      b.      The '060 Patent claims priority to a provisional application filed on February 8, 2006.

      c.      Health Grades filed its Complaint in this action on March 2, 2011.

      d.      Health Grades is a Delaware corporation with its principal place of business located in Denver, Colorado.

---

[1] Assuming grant of the motion for summary judgment, the period of alleged infringement would be limited to six months, from grant of the '060 patent on July 6, 2010 to January 2011.

e.      MDx is a Delaware corporation having its principal place of business in Lyndhurst, New Jersey.

## 5.  COMPUTATION OF DAMAGES

a.      Plaintiff:

As a consequence of MDx' s infringement, Health Grades is entitled to a reasonable royalty for MDx's use of the infringing website, as well as its lost profits. The extent and computation of these damages will be identified via discovery.  Because MDx's infringement is willful, these damages should be trebled.  Because this is an exceptional case, Health Grades should also receive an award of its attorneys' fees pursuant to 35 U.S.C. §285.

Health Grades is also suffering irreparable harm as a consequence of MDx's infringement, entitling it to preliminary and permanent injunctive relief.

b.      Defendant:

The Health Grades claims of infringement are baseless, and indeed Health Grades disclaimed the coverage it now seeks during prosecution of the '060 Patent.  Accordingly this Court should find this case exceptional under 35 U.S.C. § 285 and award MDx all its costs and fees in this action, including reasonable attorneys' fees and pre-judgment interest thereon.

## 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a.      Dates of Rule 26(f) meetings:  May 17, 2011, May 25, 2011 and June 8, 2011.

b.      Names of each participant and party he/she represented.

Jesús M. Vázquez, Jr. representing Health Grades, Inc.

Scott D. Stimpson and David C. Lee representing MDx Medical, Inc., d/b/a Vitals.com.

5

c.       Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Rule 26(a)(1) disclosures will be made by June 15, 2011.

d.       Proposed changes, if any, in timing or requirement of disclosures under Fed.

R. Civ. P. 26(a)(1).

None.

e.       Statement concerning any agreements to conduct informal discovery:

With regard to discovery of electronically stored information, Health Grades and

MDx have agreed, in conjunction with their respective discovery requests, to cooperate with

each other and exchange a reasonable number of custodian names and a reasonable number of

search terms and phrases at a time to be agreed upon by the Parties.

See also, section 6(g), infra.

f.       Statement concerning any other agreements or procedures to reduce discovery and

other litigation costs, including the use of a unified exhibit numbering system.

## 1.  Patent disclosures

To reduce discovery and other litigation costs, the Parties have agreed, subject to

this Court's approval, to abide by the Local Rules of Practice for Patent Cases before the United

States District Court for the Northern District of California.  Exhibit A.  The Parties have agreed

that the due dates in Exhibit A shall be modified as follows:

| Patent Disclosure | Due Date |
|---|---|
| 3-1. Disclosure of Asserted Claims and Infringement Contentions. <br> 3-2. Document Production Accompanying Disclosure. | July 1, 2011 |

{00937050 / 1}

| | |
|---|---|
| 3-3. Invalidity Contentions.<br>3-4. Document Production Accompanying Invalidity Contentions. | August 19, 2011 |
| 4-1. Exchange of Proposed Terms for Construction. | September 2, 2011 |
| 4-2. Exchange of Preliminary Claim Constructions and Extrinsic Evidence. | September 23, 2011 |
| 4-3. Joint Claim Construction and Prehearing Statement. | October 19, 2011 |
| 4-4. Completion of Claim Construction Discovery. | November 18, 2011 |
| 4-5(a). Plaintiff's Claim Construction Brief and Evidence. | December 5, 2011 |
| 4-5(b). Defendant's Claim Construction Response and Evidence. | December 19, 2011 |
| 4-5(c).  Plaintiff's Claim Construction Reply and Evidence. | December 28, 2011 |
| *Markman* hearing, if required | TBD [Not before Jan. 16] |

2.   Draft Expert Reports

The Parties agree that draft expert reports shall not be discoverable.

g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The Parties anticipate that their claims or defenses will involve electronically stored information, and that a significant amount of disclosure or discovery will involve information or records maintained in electronic form.

Health Grades and MDx have agreed, in conjunction with the Parties' respective discovery requests, to exchange a reasonable number of custodian names and a reasonable number of search terms and phrases, at a time to be agreed upon by the Parties.  Thereafter, the

7

Parties have agreed to search their respective electronically stored information based on the exchanged names and terms/phrases.  If either Party believes that the number of results from its search is unreasonably large, the Parties have agreed to confer in good faith to reduce the number of results to a reasonable number.  The Parties shall produce a reasonable number of search results from one or more searches of its electronically stored information.  The Parties have agreed to initially produce electronically stored information, where possible, as flat files in PDF format.  Should either Party believe that flat files are inadequate, the Parties have agreed to confer in good faith regarding production of electronically stored information in native format.

h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties have discussed the possibility of a prompt settlement or resolution of the case, but believe that settlement is unlikely at this time given the requested injunction of the current MDx website.

## 7.  CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

None.

b.      Limitations which any party proposes on the length of depositions.

{00937050 / 1}

The parties anticipate some depositions will take longer than one day and agree that depositions will be continued for a reasonable time until completed.  The parties anticipate amicably resolving any issues regarding the length of depositions.

c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.

Requests for Production: Each side shall be permitted to serve 25 requests for production.

Requests for Admission: Each side shall be permitted to serve 25 requests for admission.

d.      Other Planning or Discovery Orders

None.

## 9.  CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings:

July 31, 2011

b.      Discovery Cut-off:

Fact discovery cut-off: January 16, 2012

Expert discovery cut-off: March 31, 2012

c.      Dispositive Motion Deadline:

May 31, 2012.

d.      Expert Witness Disclosure

i.      The parties shall identify anticipated fields of expert testimony, if any.

{00937050 / 1}

Plaintiff anticipates designating a technical expert in the field of website programming and computer science; a technical expert in the fields of infringement and invalidity, and a damages expert.

Defendant anticipates designating a technical expert in the field of website programming and computer science; and a damages expert. Defendants may designate an expert on patent law and practice, if appropriate.

ii.      Limitations which the parties propose on the use or number of expert witnesses.

None.

iii.     The parties shall designate all experts and provide opposing counsel and any *pro se* parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before January 16, 2012.

iv.     The parties shall designate all rebuttal experts and provide opposing counsel and any *pro se* party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before February 16, 2012.

e.      Identification of Persons to Be Deposed:

Plaintiff anticipates requesting these depositions:

Mitchel Rothschild – 1 day.

MDx's website developers – 1 day for each.

Rule 30(b)(6) deposition – 1 1/2 days.

Others as disclosed in Rule 26(a)(1) disclosures

Defendant anticipates requesting these depositions:

10

{00937050 / 1}

'060 patent inventors – 1-2 days each.

Personnel in charge of Health Grades website – 1 day.

Health Grades Chief Financial Officer – 1 day.

Damages 30(b)(6) deposition – 1-2 days.

Health Grades personnel knowledgeable about prior art – 1 day.

Possibly others as disclosed in Rule 26(a)(1) disclosures.

f.      Deadline for Interrogatories:

33 days before January 16, 2012

g.      Deadline for Requests for Production of Documents and/or Admissions

33 days before January 16, 2012

## 10.  DATES FOR FURTHER CONFERENCES

[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]

A settlement conference will be held on _____ at ____o'clock _.m. It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential

( )      Pro se parties and attorneys only need be present.

( )      Pro se parties, attorneys, and client representatives with authority to settle must be present.  (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

11

( )        Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

a.        Status conferences will be held in this case at the following dates and times:

b.        A final pretrial conference will be held in this case on _____ at _____o'clock .m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five (5) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a.        Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.  None.

b.        Anticipated length of trial and whether trial is to the court or jury.
            7 day jury trial.

c.        Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility at 212 N. Wahsatch Street, Colorado Springs, Colorado. *[Determination of any such request will be made by the magistrate judge based on the individual needs of the case and the availability of space and security resources.]*

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1 D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

{00937050 / 1}

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a pro se party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this _____ day of _____, 2011.

BY THE COURT:

United States Magistrate Judge

_____

13

{00937050 / 1}

APPROVED:


*s/ Jesús M. Vázquez, Jr.*
_____
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Jeffrey D. Phipps, Esq.
ROTHGERBER JOHNSON & LYONS LLP
One Tabor Center, Suite 3000
1200 17th Street
Denver, CO  80202-5855
Tel:     (303) 623-9000
Fax:     (303) 623-9222
e-mail: kkostolansky@rothgerber.com
           jvazquez@rothgerber.com


*Attorneys for Plaintiff Health Grades, Inc.*

*s/ Scott D. Stimpson*
_____
Scott D. Stimpson, Esq.
Mark J. Rosenberg, Esq.
David C. Lee, Esq.
Sills Cummis & Gross P.C.
One Rockefeller Plaza, 25th Floor
New York, NY  10020
(212) 643-7000


Marsha M. Piccone, Esq.
Ramona L. Lampley, Esq.
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
(303) 244-1800

*Attorneys for Defendant MDX Medical, Inc.,
d/b/a Vitals.com*

{00937050 / 1}