# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

      Plaintiff,

vs.

MDX MEDICAL, INC. d/b/a VITALS.COM,

      Defendant.

---

## ~~[PROPOSED]~~ SCHEDULING ORDER

---

## 1. DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES

    A scheduling conference is set for June 16, 2011, at 9:30 a.m.  The following counsel for

the parties have appeared:

Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Jeffrey D. Phipps, Esq.
Rothgerber Johnson & Lyons LLP
One Tabor Center, Suite 3000
1200 17th Street
Denver, CO 80202-5855
(303) 623-9000
*Attorneys for Plaintiff*

Scott D. Stimpson, Esq.
Mark J. Rosenberg, Esq.
David C. Lee, Esq.
Sills Cummis & Gross P.C.
One Rockefeller Plaza, 25th Floor
New York, NY 10020
(212) 643-7000

Marsha M. Piccone, Esq.
Ramona L. Lampley, Esq.
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO 80202-2617
(303) 244-1800
*Attorneys for Defendant*

## 2.  STATEMENT OF JURISDICTION

This is an action for patent infringement pursuant to the laws as set forth in the United States Patent Act, 35 U.S.C. § § 101 *et seq..*  Health Grades alleges acts of infringement and injury in Colorado, among other places.  This Court has jurisdiction over the parties and subject matter jurisdiction of this action pursuant to section 13-1-124 of the Colorado Revised Statutes and the provisions of 28 U.S.C. §§ 1331 and 1338, respectively.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

a.      Plaintiff:

Plaintiff Health Grades is the owner of United States Patent No. 7,752,060 B2 (the '060 Patent) for *Internet System For Connecting Healthcare Providers and Patients,* which was duly and legally issued to Health Grades on July 6, 2010.  Health Grades has asserted a claim of direct patent infringement against Defendant MDx.  MDX is a competitor of Health Grades and maintains an interactive internet web site, www.Vitals.com, for interstate commerce, marketing and advertising purposes.  The web site is accessible for all purposes by residents of all states, including Colorado.  Via its web site www.vitals.com, MDX makes, uses, offers for sale and/or sells one or more systems, methods and/or apparatuses that are covered by and claimed in the '060 Patent, and thereby infringes the '060 Patent.  Specifically, the features of the www.vitals.com web site that enable the public to access information supplied by physicians (including the physicians with which MDX does business in Colorado), health care providers, patients, and third-party verified information, are covered by the claims in the '060 Patent.

The '060 patent relates generally to an Internet-based system that involves a database and search capabilities for connecting patients with healthcare providers,

2

e.g., physicians, hospitals, nursing homes, treatment facilities, etc., and that further enables such providers to reach patients with whom they may not otherwise come into contact. Similarly, MDX runs an Internet-based system that includes a database of information relating to healthcare providers, such as doctors and hospitals, and search capabilities for allowing people to search for and access the data in MDX's databases. Specifically, the www.vitals.com web site (both the old and new versions) create healthcare provider reports that use healthcare provider-verified information, patient provided information, and information verified by an independent third-party sources as covered by the claims in the '060 Patent. The vitals.com healthcare reports (both from the old website and the new website) include various types of comparison ratings.

Health Grades is asserting both literal infringement and infringement under the doctrine of equivalents.

      b.      Defendant:

Plaintiff has accused MDx of infringing U.S. Patent No. 7,752,060 (the "'060 patent") via MDx 's www.vitals.com website ("the MDx Website"). MDx has not infringed and does not now infringe any valid and enforceable claim of the '060 patent, either directly or by contributory infringement or by inducement of infringement. MDx also denies that it willfully infringes the '060 patent. By its counterclaim, MDx seeks a declaratory judgment that, among other things, MDx does not infringe each and every claim of the '060 patent.

To narrow issues, MDx filed a motion for partial summary judgment of non-infringement on April 19, 2011 (Dkt. # 9), seeking judgment as a matter of law that the current MDx Website (live since January 2011) does not infringe the '060 patent. In particular, the

3

current MDx Website entirely lacks the "comparison ratings of healthcare providers" limitation required by every claim of the '060 patent. This motion is now fully briefed and is ready for the court's consideration. MDx fully believes that grant of this motion will lead to swift resolution of this entire case.[1]

While certain arguments are presented in MDx's motion for summary judgment, MDx believes there are several additional grounds for non-infringement. MDx also seeks a declaratory judgment that the '060 patent is invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including at least one of 35 U.S.C. §§ 101, 102, 103, and 112. Furthermore, Health Grades is barred in whole or in part from recovering damages by the doctrine of equitable estoppel, and Health Grades is barred under 35 U.S.C. § 288 from recovering costs in connection with this action.

     c.     Other Parties: None.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

     a.     U.S. Patent No.: 7,752,060 issued on July 6, 2010.

     b.     The '060 Patent claims priority to a provisional application filed on February 8, 2006.

     c.     Health Grades filed its Complaint in this action on March 2, 2011.

     d.     Health Grades is a Delaware corporation with its principal place of business located in Denver, Colorado.

---

[1] Assuming grant of the motion for summary judgment, the period of alleged infringement would be limited to six months, from grant of the '060 patent on July 6, 2010 to January 2011.

4

e.      MDx is a Delaware corporation having its principal place of business in Lyndhurst, New Jersey.

## 5.  COMPUTATION OF DAMAGES

a.      Plaintiff:

As a consequence of MDx's infringement, Health Grades is entitled to a reasonable royalty for MDx's use of the infringing website, as well as its lost profits. The extent and computation of these damages will be identified via discovery. Because MDx's infringement is willful, these damages should be trebled. Because this is an exceptional case, Health Grades should also receive an award of its attorneys' fees pursuant to 35 U.S.C. §285.

Health Grades is also suffering irreparable harm as a consequence of MDx's infringement, entitling it to preliminary and permanent injunctive relief.

b.      Defendant:

The Health Grades claims of infringement are baseless, and indeed Health Grades disclaimed the coverage it now seeks during prosecution of the '060 Patent. Accordingly this Court should find this case exceptional under 35 U.S.C. § 285 and award MDx all its costs and fees in this action, including reasonable attorneys' fees and pre-judgment interest thereon.

## 6.  REPORT OF PRECONFERENCE DISCOVERY AND
## MEETING UNDER FED.R.CIV.P. 26(f)

a.      Dates of Rule 26(f) meetings:  May 17, 2011, May 25, 2011 and June 8, 2011.

b.      Names of each participant and party he/she represented.

Jesús M. Vázquez, Jr. representing Health Grades, Inc.

Scott D. Stimpson and David C. Lee representing MDx Medical, Inc., d/b/a Vitals.com.

5

{00937050 / 1}

c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Rule 26(a)(1) disclosures will be made by June 15, 2011.

d.      Proposed changes, if any, in timing or requirement of disclosures under Fed.

R. Civ. P. 26(a)(1).

None.

e.      Statement concerning any agreements to conduct informal discovery:

With regard to discovery of electronically stored information, Health Grades and

MDx have agreed, in conjunction with their respective discovery requests, to cooperate with

each other and exchange a reasonable number of custodian names and a reasonable number of

search terms and phrases at a time to be agreed upon by the Parties.

See also, section 6(g), infra.

f.      Statement concerning any other agreements or procedures to reduce discovery and

other litigation costs, including the use of a unified exhibit numbering system.

### 1.  Patent disclosures

To reduce discovery and other litigation costs, the Parties have agreed, subject to

this Court's approval, to abide by the Local Rules of Practice for Patent Cases before the United

States District Court for the Northern District of California.  Exhibit A.  The Parties have agreed

that the due dates in Exhibit A shall be modified as follows:

| Patent Disclosure | Due Date |
|---|---|
| 3-1. Disclosure of Asserted Claims and Infringement Contentions.<br>3-2. Document Production Accompanying Disclosure. | July 1, 2011 |

{00937050 / 1}

| | |
|---|---|
| 3-3. Invalidity Contentions.<br>3-4. Document Production Accompanying Invalidity Contentions. | August 19, 2011 |
| 4-1. Exchange of Proposed Terms for Construction. | September 2, 2011 |
| 4-2. Exchange of Preliminary Claim Constructions and Extrinsic Evidence. | September 23, 2011 |
| 4-3. Joint Claim Construction and Prehearing Statement. | October 19, 2011 |
| 4-4. Completion of Claim Construction Discovery. | November 18, 2011 |
| 4-5(a). Plaintiff's Claim Construction Brief and Evidence. | December 5, 2011 |
| 4-5(b). Defendant's Claim Construction Response and Evidence. | December 19, 2011 |
| 4-5(c). Plaintiff's Claim Construction Reply and Evidence. | December 28, 2011 |
| *Markman* hearing, if required | TBD [Not before Jan. 16] |

    2.  Draft Expert Reports

    The Parties agree that draft expert reports shall not be discoverable.

g.    Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

    The Parties anticipate that their claims or defenses will involve electronically stored information, and that a significant amount of disclosure or discovery will involve information or records maintained in electronic form.

    Health Grades and MDx have agreed, in conjunction with the Parties' respective discovery requests, to exchange a reasonable number of custodian names and a reasonable number of search terms and phrases, at a time to be agreed upon by the Parties. Thereafter, the

7

Parties have agreed to search their respective electronically stored information based on the exchanged names and terms/phrases. If either Party believes that the number of results from its search is unreasonably large, the Parties have agreed to confer in good faith to reduce the number of results to a reasonable number. The Parties shall produce a reasonable number of search results from one or more searches of its electronically stored information. The Parties have agreed to initially produce electronically stored information, where possible, as flat files in PDF format. Should either Party believe that flat files are inadequate, the Parties have agreed to confer in good faith regarding production of electronically stored information in native format.

     h.     Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

     The parties have discussed the possibility of a prompt settlement or resolution of the case, but believe that settlement is unlikely at this time given the requested injunction of the current MDx website.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

     a.     Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

*Each side may take no more than ten depositions, plus the depositions of any specially retained experts designated pursuant to this ~~None~~ scheduling order. Each side may serve no more than 25 interrogatories, including all discrete subparts. No party shall be required to*

     b.     Limitations which any party proposes on the length of depositions.

8

The parties anticipate some depositions will take longer than one day and agree that depositions will be continued for a reasonable time until completed. The parties anticipate amicably resolving any issues regarding the length of depositions.

c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.

Requests for Production: Each side shall be permitted to serve 35 ~~35~~ requests for production.

Requests for Admission: Each side shall be permitted to serve 25 requests for admission.

d.      Other Planning or Discovery Orders

None.

## 9. CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings:

July 31, 2011

b.      Discovery Cut-off:

Fact discovery cut-off: January 16, 2012

Expert discovery cut-off: March 31, 2012

c.      Dispositive Motion Deadline:

April 30, 2012

~~May 31, 2012.~~

d.      Expert Witness Disclosure

i.      The parties shall identify anticipated fields of expert testimony, if any.

9

Plaintiff anticipates designating a technical expert in the field of website programming and computer science; a technical expert in the fields of infringement and invalidity, and a damages expert; *patent law and practice.*

Defendant anticipates designating a technical expert in the field of website programming and computer science; and a damages expert.  Defendants may designate an expert on patent law and practice, if appropriate.

    ii.    Limitations which the parties propose on the use or number of expert witnesses. ~~None.~~ *Each side may designate no more than 4 specially retained experts.*

    iii.    The parties shall designate all experts and provide opposing counsel and any *pro se* parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before January 16, 2012.

    iv.    The parties shall designate all rebuttal experts and provide opposing counsel and any *pro se* party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before February 16, 2012.

    e.    Identification of Persons to Be Deposed:

    Plaintiff anticipates requesting these depositions:
    Mitchel Rothschild – 1 day.
    MDx's website developers – 1 day for each.
    Rule 30(b)(6) deposition – 1 1/2 days.
    Others as disclosed in Rule 26(a)(1) disclosures

    Defendant anticipates requesting these depositions:

10

'060 patent inventors – 1-2 days each.

Personnel in charge of Health Grades website – 1 day.

Health Grades Chief Financial Officer – 1 day.

Damages 30(b)(6) deposition – 1-2 days.

Health Grades personnel knowledgeable about prior art – 1 day.

Possibly others as disclosed in Rule 26(a)(1) disclosures.

f.   Deadline for Interrogatories:

*All written discovery must be served so that responses*

~~33 days before January 16, 2012~~ *are due on or before the discovery cut-off.*

g.   Deadline for Requests for Production of Documents and/or Admissions

*See part f above.*

~~33 days before January 16, 2012~~

## 10.  DATES FOR FURTHER CONFERENCES

[The magistrate judge will complete this section at the scheduling conference if he or she has

not already set deadlines by an order filed before the conference.]

*may be set on the motion of the parties.*

A settlement conference ~~will be held on~~ _____ ~~at ____ o'clock~~

~~.m. It is hereby ordered that all settlement conferences that take place before the magistrate~~

~~judge shall be confidential~~

( )   Pro se parties and attorneys only need be present.

( )   Pro se parties, attorneys, and client representatives with authority to settle must be

present.  (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance

company is involved, an adjustor authorized to enter into settlement must also be present.)

11

( )      Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

a.      Status conferences will be held in this case at the following dates and times:

b.      A final pretrial conference will be held in this case on *June 14, 2012*, at *8:30am* o'clock m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than ~~five (5) days before the final pretrial conference.~~ *June 7, 2012*.

## 11. OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.  None.

b.      Anticipated length of trial and whether trial is to the court or jury.

7 day jury trial.

c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility at 212 N. Wahsatch Street, Colorado Springs, Colorado. *[Determination of any such request will be made by the magistrate judge based on the individual needs of the case and the availability of space and security resources.]*

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1 D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

12

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a pro se party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this _16th_ day of _June_, 2011.

BY THE COURT:

United States Magistrate Judge

APPROVED:


*s/ Jesús M. Vázquez, Jr.*

_____          *s/ Scott D. Stimpson*

Kris J. Kostolansky, Esq.                  _____
Jesús M. Vázquez, Jr., Esq.
Jeffrey D. Phipps, Esq.                    Scott D. Stimpson, Esq.
ROTHGERBER JOHNSON & LYONS LLP             Mark J. Rosenberg, Esq.
One Tabor Center, Suite 3000               David C. Lee, Esq.
1200 17th Street                           Sills Cummis & Gross P.C.
Denver, CO 80202-5855                      One Rockefeller Plaza, 25th Floor
Tel:    (303) 623-9000                     New York, NY 10020
Fax:    (303) 623-9222                     (212) 643-7000
e-mail: kkostolansky@rothgerber.com
        jvazquez@rothgerber.com            Marsha M. Piccone, Esq.
                                           Ramona L. Lampley, Esq.
*Attorneys for Plaintiff Health Grades, Inc.*   Wheeler Trigg O'Donnell, LLP
                                           1801 California Street, #3600
                                           Denver, CO 80202-2617
                                           (303) 244-1800

                                           *Attorneys for Defendant MDX Medical, Inc.,*
                                           *d/b/a Vitals.com*

14

Patent Local Rules

## TABLE OF CONTENTS
## PATENT LOCAL RULES

Page

1. SCOPE OF RULES. ........................................... PAT 2
    1-1. Title.. ................................................. PAT 2
    1-2. Scope and Construction................................... PAT 2
    1-3. Modification of these Rules.............................. PAT 2
    1-4. Effective Date.. ........................................ PAT 2

2. GENERAL PROVISIONS...................................... PAT 3
    2-1. Governing Procedure..................................... PAT 3
        (a) Initial Case Management Conference.................. PAT 3
    2-2. Confidentiality.. ....................................... PAT 3
    2-3. Certification of Disclosures.. ........................... PAT 3
    2-4. Admissibility of Disclosures............................. PAT 4
    2-5. Relationship to Federal Rules of Civil Procedure........... PAT 4

3. PATENT DISCLOSURES...................................... PAT 5
    3-1. Disclosure of Asserted Claims and Infringement Contentions.. PAT 5
    3-2. Document Production Accompanying Disclosure............ PAT 6
    3-3. Invalidity Contentions.. ................................. PAT 6
    3-4. Document Production Accompanying Invalidity Contentions... PAT 7
    3-5. Disclosure Requirement in Patent Cases for Declaratory Judgment of
        Invalidity.. ........................................... PAT 8
        (a) Invalidity Contentions If No Claim of Infringement.. ... PAT 8
        (b) Inapplicability of Rule............................... PAT 8
    3-6. Amendment to Contentions............................... PAT 8
    3-7. Advice of Counsel. ..................................... PAT 8

4. CLAIM CONSTRUCTION PROCEEDINGS...................... PAT 10
    4-1. Exchange of Proposed Terms for Construction............. PAT 10
    4-2. Exchange of Preliminary Claim Constructions and Extrinsic Evidence.
        .............................................. PAT 10
    4-3. Joint Claim Construction and Prehearing Statement........ PAT 11
    4-4. Completion of Claim Construction Discovery.............. PAT 11
    4-5. Claim Construction Briefs............................... PAT 12
    4-6. Claim Construction Hearing. ............................ PAT 12
    4-7. Good Faith Participation. ............................... PAT 12

**PAT 1**

**EXHIBIT A**

*Patent Local Rules*

# PATENT LOCAL RULES

## 1. SCOPE OF RULES

**1-1.  Title.**

These are the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California.  They should be cited as "Patent L.R. __."

**1-2.  Scope and Construction.**

These rules apply to all civil actions filed in or transferred to this Court which allege infringement of a utility patent in a complaint, counterclaim, cross-claim or third party claim, or which seek a declaratory judgment that a utility patent is not infringed, is invalid or is unenforceable.  The Civil Local Rules of this Court shall also apply to such actions, except to the extent that they are inconsistent with these Patent Local Rules. If the filings or actions in a case do not trigger the application of these Patent Local Rules under the terms set forth herein, the parties shall, as soon as such circumstances become known, meet and confer for the purpose of agreeing on the application of these Patent Local Rules to the case and promptly report the results of the meet and confer to the Court.

**1-3.  Modification of these Rules.**

The Court may modify the obligations or deadlines set forth in these Patent Local Rules based on the circumstances of any particular case, including, without limitation, the simplicity or complexity of the case as shown by the patents, claims, products, or parties involved. Such modifications shall, in most cases, be made at the initial case management conference, but may be made at other times upon a showing of good cause. In advance of submission of any request for a modification, the parties shall meet and confer for purposes of reaching an agreement, if possible, upon any modification.

**1-4.  Effective Date.**

These Patent Local Rules take effect on December 1, 2009.  They govern patent cases filed on or after that date.  For actions pending prior to December 1, 2009, the provisions of the Patent Local Rules that were in effect on November 30, 2009, shall apply, except that the time periods for actions pending before December 1, 2009 shall be those set forth in and computed as in the Federal Rules of Civil Procedure and the Patent Local Rules that took effect on December 1, 2009.

**EXHIBIT A**

Patent Local Rules

## 2. GENERAL PROVISIONS

### 2-1. Governing Procedure.

**(a) Initial Case Management Conference.** When the parties confer pursuant to FRCivP 26(f), in addition to the matters covered by FRCivP 26, the parties shall discuss and address in the Case Management Statement filed pursuant to FRCivP 26(f) and Civil L.R. 16-9, the following topics:

(1) Proposed modification of the obligations or deadlines set forth in these Patent Local Rules to ensure that they are suitable for the circumstances of the particular case (see Patent L.R. 1-3);

(2) The scope and timing of any claim construction discovery including disclosure of and discovery from any expert witness permitted by the court.;

(3) The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing; and

(4) How the parties intend to educate the court on the technology at issue.

### 2-2. Confidentiality.

Discovery cannot be withheld on the basis of confidentiality absent Court order. The Protective Order authorized by the Northern District of California shall govern discovery unless the Court enters a different protective order. The approved Protective Order can be found on the Court's website.

### 2-3. Certification of Disclosures.

All statements, disclosures, or charts filed or served in accordance with these Patent Local Rules shall be dated and signed by counsel of record. Counsel's signature shall constitute a certification that to the best of his or her knowledge, information, and belief, formed after an inquiry that is reasonable under the circumstances, the information contained in the statement, disclosure, or chart is complete and correct at the time it is made.

**EXHIBIT A**

### 2-4. Admissibility of Disclosures.

Statements, disclosures, or charts governed by these Patent Local Rules are admissible to the extent permitted by the Federal Rules of Evidence or Procedure. However, the statements and disclosures provided for in Patent L.R. 4-1 and 4-2 are not admissible for any purpose other than in connection with motions seeking an extension or modification of the time periods within which actions contemplated by these Patent Local Rules shall be taken.

### 2-5. Relationship to Federal Rules of Civil Procedure.

Except as provided in this paragraph or as otherwise ordered, it shall not be a ground for objecting to an opposing party's discovery request (e.g., interrogatory, document request, request for admission, deposition question) or declining to provide information otherwise required to be disclosed pursuant to FRCivP 26(a)(1) that the discovery request or disclosure requirement is premature in light of, or otherwise conflicts with, these Patent Local Rules, absent other legitimate objection. A party may object, however, to responding to the following categories of discovery requests (or decline to provide information in its initial disclosures under FRCivP 26(a)(1)) on the ground that they are premature in light of the timetable provided in the Patent Local Rules:

**(a)** Requests seeking to elicit a party's claim construction position;

**(b)** Requests seeking to elicit from the patent claimant a comparison of the asserted claims and the accused apparatus, product, device, process, method, act, or other instrumentality;

**(c)** Requests seeking to elicit from an accused infringer a comparison of the asserted claims and the prior art; and

**(d)** Requests seeking to elicit from an accused infringer the identification of any advice of counsel, and related documents.

Where a party properly objects to a discovery request (or declines to provide information in its initial disclosures under FRCivP 26(a)(1)) as set forth above, that party shall provide the requested information on the date on which it is required to be provided to an opposing party under these Patent Local Rules or as set by the Court, unless there exists another legitimate ground for objection.

**PAT 4**

**EXHIBIT A**

## 3. PATENT DISCLOSURES

### 3-1. Disclosure of Asserted Claims and Infringement Contentions.

Not later than 14 days after the Initial Case Management Conference, a party claiming patent infringement shall serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions." Separately for each opposing party, the "Disclosure of Asserted Claims and Infringement Contentions" shall contain the following information:

(a) Each claim of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. §271 asserted;

(b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

(c) A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.

(d) For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.

(e) Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

(f) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

(g) If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

**PAT 5**

**EXHIBIT A**

(h) If a party claiming patent infringement alleges willful infringement, the basis for such allegation.

## 3-2. Document Production Accompanying Disclosure.

With the "Disclosure of Asserted Claims and Infringement Contentions," the party claiming patent infringement shall produce to each opposing party or make available for inspection and copying:

(a)   Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, or any public use of, the claimed invention prior to the date of application for the patent in suit.  A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

(b)   All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to Patent L.R. 3-1(f), whichever is earlier;

(c)   A copy of the file history for each patent in suit; and

(d)   All documents evidencing ownership of the patent rights by the party asserting patent infringement.

(e)   If a party identifies instrumentalities pursuant to Patent L.R. 3-1(g), documents sufficient to show the operation of any aspects or elements of such instrumentalities the patent claimant relies upon as embodying any asserted claims.

The producing party shall separately identify by production number which documents correspond to each category.

## 3-3. Invalidity Contentions.

Not later than 45 days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions," each party opposing a claim of patent infringement, shall serve on all parties its "Invalidity Contentions" which shall contain the following information:

**EXHIBIT A**

**(a)** The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

**(b)** Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

**(c)** A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

**(d)** Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

## 3-4. Document Production Accompanying Invalidity Contentions.

With the "Invalidity Contentions," the party opposing a claim of patent infringement shall produce or make available for inspection and copying:

**(a)** Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart; and

**(b)** A copy or sample of the prior art identified pursuant to Patent L.R. 3-3(a) which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon shall be produced.

The producing party shall separately identify by production number which documents correspond to each category.

**PAT 7**

**EXHIBIT A**

**3-5.   Disclosure Requirement in Patent Cases for Declaratory Judgment of Invalidity.**

   **(a)  Invalidity Contentions If No Claim of Infringement.**   In all cases in which a party files a complaint or other pleading seeking a declaratory judgment that a patent is invalid Patent L.R. 3-1 and 3-2 shall not apply unless and until a claim for patent infringement is made by a party.   If the defendant does not assert a claim for patent infringement in its answer to the complaint, no later than 14 days after the defendant serves its answer, or 14 days after the Initial Case Management Conference, whichever is later, the party seeking a declaratory judgment of invalidity shall serve upon each opposing party its Invalidity Contentions that conform to Patent L.R. 3-3 and produce or make available for inspection and copying the documents described in Patent L.R. 3-4.

   **(b)  Inapplicability of Rule.**   This Patent L.R. 3-5 shall not apply to cases in which a request for a declaratory judgment that a patent is invalid is filed in response to a complaint for infringement of the same patent.

**3-6.  Amendment to Contentions.**

   Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause.   Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:  (a) a claim construction by the Court different from that proposed by the party seeking amendment; (b) recent discovery of material, prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.   The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions.

**3-7.  Advice of Counsel.**

   Not later than 50 days after service by the Court of its Claim Construction Ruling, each party relying upon advice of counsel as part of a patent-related claim or defense for any reason shall:

   (a) Produce or make available for inspection and copying any written advice and documents related thereto for which the attorney-client and work product protection have been waived;

   (b) Provide a written summary of any oral advice and produce or make available for inspection and copying that summary and documents related thereto for which the attorney-client and work product protection have been waived; and

**PAT 8**

EXHIBIT A

**Patent Local Rules**

(c)  Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the advice which the party is withholding on the grounds of attorney-client privilege or work product protection.

A party who does not comply with the requirements of this Patent L.R. 3-7 shall not be permitted to rely on advice of counsel for any purpose absent a stipulation of all parties or by order of the Court

**PAT 9**

**EXHIBIT A**

## 4. CLAIM CONSTRUCTION PROCEEDINGS

### 4-1. Exchange of Proposed Terms for Construction.

**(a)** Not later than 14 days after service of the "Invalidity Contentions" pursuant to Patent L.R. 3-3, not later than 42 days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions" in those actions where validity is not at issue (and Patent L.R. 3-3 does not apply), or, in all cases in which a party files a complaint or other pleading seeking a declaratory judgment not based on validity, not later than 14 days after the defendant serves an answer that does not assert a claim for patent infringement (and Patent L.R. 3-1 does not apply), each party shall serve on each other party a list of claim terms which that party contends should be construed by the Court, and identify any claim term which that party contends should be governed by 35 U.S.C. § 112(6).

**(b)** The parties shall thereafter meet and confer for the purposes of limiting the terms in dispute by narrowing or resolving differences and facilitating the ultimate preparation of a Joint Claim Construction and Prehearing Statement. The parties shall also jointly identify the 10 terms likely to be most significant to resolving the parties' dispute, including those terms for which construction may be case or claim dispositive.

### 4-2. Exchange of Preliminary Claim Constructions and Extrinsic Evidence.

**(a)** Not later than 21 days after the exchange of the lists pursuant to Patent L.R. 4-1, the parties shall simultaneously exchange proposed constructions of each term identified by either party for claim construction. Each such "Preliminary Claim Construction" shall also, for each term which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that term's function.

**(b)** At the same time the parties exchange their respective "Preliminary Claim Constructions," each party shall also identify all references from the specification or prosecution history that support its proposed construction and designate any supporting extrinsic evidence including, without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses. Extrinsic evidence shall be identified by production number or by producing a copy if not previously produced. With respect to any supporting witness, percipient or expert, the identifying party shall also provide a description of the substance of that witness' proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction.

**(c)** The parties shall thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement.

**PAT 10**

**EXHIBIT A**

## 4-3.  Joint Claim Construction and Prehearing Statement.

Not later than 60 days after service of the "Invalidity Contentions," the parties shall complete and file a Joint Claim Construction and Prehearing Statement, which shall contain the following information:

**(a)** The construction of those terms on which the parties agree;

**(b)** Each party's proposed construction of each disputed term, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses;

**(c)** An identification of the terms whose construction will be most significant to the resolution of the case up to a maximum of 10. The parties shall also identify any term among the 10 whose construction will be case or claim dispositive. If the parties cannot agree on the 10 most significant terms, the parties shall identify the ones which they do agree are most significant and then they may evenly divide the remainder with each party identifying what it believes are the remaining most significant terms. However, the total terms identified by all parties as most significant cannot exceed 10.  For example, in a case involving two parties, if the parties agree upon the identification of five terms as most significant, each may only identify two additional terms as most significant; if the parties agree upon eight such terms, each party may only identify only one additional term as most significant.

**(d)** The anticipated length of time necessary for the Claim Construction Hearing;

**(e)** Whether any party proposes to call one or more witnesses at the Claim Construction Hearing, the identity of each such witness, and for each witness, a summary of his or her testimony including, for any expert, each opinion to be offered related to claim construction.

## 4-4.  Completion of Claim Construction Discovery.

Not later than 30 days after service and filing of the Joint Claim Construction and Prehearing Statement, the parties shall complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts, identified in the Preliminary Claim Construction statement (Patent L.R. 4-2) or Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3).

**EXHIBIT A**

**Patent Local Rules**

### 4-5.  Claim Construction Briefs.

(a)  Not later than 45 days after serving and filing the Joint Claim Construction and Prehearing Statement, the party claiming patent infringement, or the party asserting invalidity if there is no infringement issue present in the case, shall serve and file an opening brief and any evidence supporting its claim construction.

(b)  Not later than 14 days after service upon it of an opening brief, each opposing party shall serve and file its responsive brief and supporting evidence.

(c)  Not later than 7 days after service upon it of a responsive brief, the party claiming patent infringement, or the party asserting invalidity if there is no infringement issue present in the case, shall serve and file any reply brief and any evidence directly rebutting the supporting evidence contained in an opposing party's response.

### 4-6.  Claim Construction Hearing.

Subject to the convenience of the Court's calendar, two weeks following submission of the reply brief specified in Patent L.R. 4-5(c), the Court shall conduct a Claim Construction Hearing, to the extent the parties or the Court believe a hearing is necessary for construction of the claims at issue.

### 4-7.  Good Faith Participation.

A failure to make a good faith effort to narrow the instances of disputed terms or otherwise participate in the meet and confer process of any of the provisions of section 4 may expose counsel to sanctions, including under 28 U.S.C. § 1927.

**EXHIBIT A**