IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

vs.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**HEALTH GRADES, INC.'S SUR-REPLY TO MDX MEDICAL, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56 FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT**

Plaintiff and Counterclaim Defendant Health Grades, Inc. ("Health Grades"), by its undersigned counsel, respectfully submits its Sur-Reply to MDX Medical, Inc.'s Reply Memorandum in Support of its Motion Pursuant to Federal Rule of Civil Procedure 56 for Partial Summary Judgment of Non-Infringement (the "Reply"), and states in support:[1]

### A. INTRODUCTION

In its Reply [Doc. 30] MDx raised two new arguments that were not included in its original summary judgment motion [Doc. 9] (the "Motion"). First, MDx proposed a construction for the words "comparison ratings of healthcare providers," arguing that the words "must" be construed to mean "ratings of multiple providers other than the first provider on whom the report is provided." Reply at pg. 5. This argument is premature, as the parties have agreed to a

---

[1] Leave to file this Sur-Reply was granted orally by the Court at the *Markman* issues hearing held on June 15, 2011. The Court also set a page limit of seven pages – Health Grades respectfully requests the Court accept the Sur-Reply although only the final "Wherefore" paragraph and signature page appear on page 8. All substantive parts of the Sur-Reply are within the seven-page limit.

{00941607 / 1}

schedule for discovery and briefing for claim construction in anticipation of a *Markman* hearing in early 2012. Health Grades needs to take discovery regarding the operation and functionality of the MDx website, and the parties need to confer regarding each other's claims and defenses and regarding what claims need to be construed, and what the parties' proposed claim construction will be. Regardless of what the claim construction ultimately is, a genuine issue of material disputed fact exists as to whether the MDx website components will meet the claims as construed – *once they are construed*.

Second, MDx also raises a "disclaimer" argument for the first time in its Reply. This argument is based on MDx's apparent – and erroneous – conclusion that Health Grades advanced claim construction positions in its Response [Doc. 23], and that those positions were disclaimed by Health Grades during prosecution of the '060 Patent. Reply at pp. 4, 8. Health Grades, however, did not disclaim any subject matter that would overlap with the accused features and functionality of MDx's website. Thus, there are genuine issues of material fact as to what, if anything, was disclaimed by Health Grades during the prosecution history, and if there was any such disclaimer, whether it would have any effect on Health Grades' infringement case.

### B. THE MOTION IS PREMATURE BECAUSE THE CLAIMS HAVE NOT BEEN CONSTRUED

Throughout its Reply, MDx construes claim terms without going through the proper procedure or analysis for doing so. Reply at pp. 2, 3, 5, & 6. All of these proposed constructions are premature. The Court has set a schedule for claim construction discovery and briefing that will culminate in a *Markman* Hearing next year. Summary judgment should be denied for this reason alone.

Health Grades rejects the constructions proposed by MDx. But regardless of how these terms are eventually construed, a genuine issue of material fact precluding summary judgment exists as to whether the MDx website infringes – i.e., whether the website meets the proper construction of the claim elements once they are construed by the Court. This is an issue of fact for the jury to decide in this case. See Response [Doc. 23] at pp. 3, 4.

Additionally, MDx's summary judgment motion is premature because the parties have not yet exchanged their substantive contentions or responded to discovery requests. For example, Health Grades is scheduled to serve MDx with its preliminary infringement contentions on July 1, 2011. Health Grades is also in the process of serving MDx with interrogatory requests seeking MDx's non-infringement contentions. Yet MDx asks this Court to grant summary judgment of non-infringement without knowing exactly why Health Grades asserts infringement.

MDx asserts only one non-infringement defense – it says its website lacks comparison ratings. In its forthcoming preliminary infringement contentions, Health Grades will show that MDx's website provides "Comparison Ratings" in at least three instances.

First, when a user of the MDx website enters his or her search criteria, the website displays comparison ratings via a purple four-star metric called "Overall Patient Rating" (the "Star Ratings"). The Star Ratings are displayed in such a manner so as to allow a user to compare doctors as shown in the screenshot from the MDx website, www.vitals.com:



Exhibit A, Declaration of Jeffrey D. Phipps; Exhibit B, Screenshots.

MDx argues in its Reply that the Star Ratings cannot be comparison ratings because they are patient ratings. Reply at 1-2.[2]  To the extent that MDx is arguing that comparison ratings cannot be based on patient ratings, this argument fails. MDx's Motion admitted that a very similar display of patient ratings on Health Grades' website constitutes Comparison Ratings:

Motion at pp. 7-8:



Shown below is a screenshot from Plaintiff Health Grades' www.healthgrades.com website (the "Health Grades Website"). The bottom of web pages of this website are marked with the '060 Patent. *E.g.*, Exh. 1, Attach. C. The screenshot displays a portion of a profile for a physician, Dr. Sanjay Gupta, and comparison ratings of various physicians, *i.e.*, see section "Compare Dr. Gupta" on the right:

---

[2] This highlights the problem of trying to resolve a summary judgment motion on non-infringement before the claims have been construed.

{00941607 / 1}                              - 4 -

Furthermore, to the extent that MDx is arguing that the Star Ratings cannot meet both the fifth element of claim 1 that requires "creating . . . a report . . . [that] includes comparison ratings" and the third element that requires "compiling . . . patient-provided information," Health Grades will rely on other features and functionality to prove that MDx compiles patient-provided information.

Second, MDx displays a "Match Score" on its healthcare provider reports. The Match Score represents how well a doctor satisfies criteria that are manipulated with four slider bars:

 

Exhibit A, Declaration of Jeffrey D. Phipps; Exhibit B, Screenshots. Like the Star Ratings, the Match Scores are displayed in such a manner so as to allow a patient to compare physicians.

Third, MDx displays a "Patients' Choice" award symbol, which is a "recognition [that] reflects the difference a particular physician has made in the lives of their patients. The honor is bestowed to physicians who have received near perfect scores as voted by patients." *See, e.g.,* Vitals, http://www.vitals.com/doctors/Dr_Victoria_Seligman.html (last visited Jun. 24, 2011)

{00941607 / 1}                                   - 5 -

(scroll down to "Awards & Distinctions" and click "What's This").  A healthcare provider report that includes this rating (shown in the pink circle) is shown below:



Exhibit A, Declaration of Jeffrey D. Phipps; Exhibit B, Screenshots.

This rating is displayed in a manner that allows users to compare physicians.

Thus it is clear that summary judgment here is inappropriate because there are disputed issues of claim construction and genuine issues of disputed material facts regarding whether the features of the website, e.g., the Star Ratings, Match Score, and/or Patients' Choice awards, meet the proper construction of Comparison Ratings once the Court construes the term.

### C. HEALTH GRADES DID NOT DISCLAIM COMPARISON RATINGS THAT ARE BASED ON PATIENT RATINGS

Prosecution disclaimer occurs when a party makes statements or takes actions during prosecution that clearly disavow claim coverage.  These statements or actions must be both clear and unmistakable and there is a "high standard required" to show a prosecution disclaimer was

made. *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1325-26 (Fed. Cir. 2003); *N. Am. Container, Inc. v. Plastipak Packaging, Inc.*, 415 F.3d 1335 (Fed. Cir. 2005).

MDx fails to meet this "high standard." During prosecution of Health Grades' patent, the examiner stated that the following paragraphs of the Henley publication showed comparison ratings:  ¶¶ 0015-0016, 0037, 0081, 0090, and 0107.  Health Grades disagreed and simply distinguished Henley as follows:

> The cited portions of Henley provide no teaching or suggestion of "comparison ratings." *See, e.g., Henley, at [0015-0016], [0037], [0081], [0090], & [0107].*  For example, paragraph [0107] provides that "[t]he qualifier engine and associated databases allow the qualifications of both the physician providing the service and the qualifications of the hospital/treatment facilities [to be] available to the consumer/patient." *Henley, at [0107].*  However, making general qualifications "available" to a consumer does not teach or suggest "comparison ratings."  Additionally, while paragraph [0090] provides for "hyperlinks to databases storing the identification of medical service providers having satisfied a particular qualifying requirement," Henley, at [0090], access to databases storing the "identification" of medical service providers satisfying a particular requirement provides no teaching or suggestion of, for example, "comparison ratings" of health care providers.

 Motion [Doc. 9], Attach. B to Exh. 1.

Importantly, while MDx relies on Fig. 18 in Henley (Reply at p. 8.), the examiner did not cite Fig. 18 of Henley and Health Grades did not comment on Fig. 18.  Health Grades did *not* state that comparison ratings may not be based on patient ratings and Health Grades did *not* "disclaim" the kinds of comparison ratings embodied in MDx's website.  MDx's argument that Health Grades cannot show infringement via the doctrine of equivalents (Reply at p. 7.) fails for these same reasons, and contrary to MDx's erroneous contention, Health Grades addressed the equivalence issue in its Response with references to facts in the record.  Response at pp. 7,8.

{00941607 / 1}                                       - 7 -

WHEREFORE, Health Grades respectfully requests the Court deny MDx's Motion for Partial Summary Judgment and grant Health Grades such other and further relief it deems proper under the circumstances.

Respectfully submitted this 24th day of June, 2011.

*s/ Jesús M. Vazquez*
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Jeffrey D. Phipps, Esq.
Rothgerber Johnson & Lyons, LLP
1200 17th Street, Suite 3000
Denver, Colorado 80202-5855
Tel:     (303) 623-9000
Facsimile: (303) 623-9222
Email:  kkostolansky@rothgerber.com
            jvazquez@rothgerber.com
            jphipps@rothgerber.com
*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2011, I electronically filed the foregoing **HEALTH GRADES, INC.'S SUR-REPLY TO MDX MEDICAL, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56 FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

David Chunyi Lee
Sills Cummis & Gross P.C. – New York
One Rockefeller Plaza, 25th Floor
New York, NY 10020
Email: dlee@sillscummis.com

Mark Jon Rosenberg
Sills Cummis & Gross P.C.-New York
One Rockefeller Plaza, 25th Floor
New York, NY 10020
Email: mrosenberg@sillscummis.com

Marsha M. Piccone
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO 80202-2617
Email: piccone@wtotrial.com

Ramona L. Lampley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO 80202-2617
Email: lampley@wtotrial.com

Scott David Stimpson
Sills Cummis & Gross P.C.-New York
One Rockefeller Plaza, 25th Floor
New York, NY 10020
Email: sstimpson@sillscummis.com

*s/ Jesús M. Vazquez*
Jesús M. Vázquez, Jr., Esq.