**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S MOTION TO STRIKE IN PART
THE SUR-REPLY OF HEALTH GRADES, INC.**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx") hereby requests that Plaintiff Health Grades, Inc.'s Sur-Reply to MDx Medical, Inc.'s Reply Memorandum In Support of Its Motion Pursuant to Federal Rule of Civil Procedure 56 For Partial Summary Judgment of Non-Infringement (dkt. # 37) ("Sur-Reply"), be stricken in part as provided herein. Pursuant to D.C.COLO.LCivR 7.1A, the undersigned conferred on June 28, 2011 with counsel for Plaintiff and Counterclaim Defendant Health Grades, Inc. ("Health Grades"), who indicated that Health Grades opposes MDx's motion to strike any portion of the Sur-reply.

On June 15, 2011, with the consent of counsel for MDx, this Court granted Health Grades leave to file a sur-reply in opposition to the MDx Motion for summary judgment. MDx did not oppose this request, because in response to unanticipated positions in the Health Grades Opposition (dkt. # 23, 29), MDx proposed a claim construction and raised a new disclaimer argument in its Reply (dkt. # 30).

The Health Grades Sur-Reply addresses the disclaimer argument at pages 6-7, and MDx takes no issue with that part of the Sur-Reply (although MDx, of course, vigorously disagrees with the legal and factual analysis there).  MDx objects, however, to the entirety of Section B of the Sur-Reply and corresponding Exhibits A and B, which raise new theories of infringement for the first time, and point to completely irrelevant parts of the MDx www.vitals.com website (the "MDx Website").  These sections of the current MDx Website were not mentioned in the Health Grades Opposition, and should not be allowed for the first time in a Sur-Reply.  *See Gutierrez v. 78th Judicial District Court*, No. 1:07-cv-1268, 2009 U.S. Dist. LEXIS 45215, at *4 fn.2 (W.D. Mich. May 29, 2009); *cf. Alcohol Monitoring Sys., Inc. v. Actsoft, Inc.*, 682 F. Supp. 2d 1237, 1242 (D. Colo. 2010) (Brimmer, J).[1]

In its Opposition, the only part of the current MDx Website referenced by Health Grades as allegedly meeting the "comparison ratings" was the "patient ratings" of a first healthcare provider located in a report on that first healthcare provider.  Opposition at 6.  That argument, while entirely incorrect for other reasons shown in our Reply, was at least consistent with the other parts of the claim – those patient ratings are provided in a report on the first healthcare provider in response to a request by the user for information on the first healthcare provider.  *See* Motion, Attach. A to Exh. 1, the '060 Patent, col. 20, lines 25-26 and 58-61 (requiring a request on a "first healthcare provider" and the creation of a report on the "first healthcare provider" that includes the patient-provided ratings).

The infringement positions in the Health Grades Sur-Reply, however, are entirely different from the positions Health Grades raised in its Opposition, and these new positions are

---

[1] Health Grades was granted leave to address the claim construction, but nowhere does Health Grades propose a different construction.

hopelessly inconsistent with other parts of the patent claims. The Sur-Reply now refers to a general listing of doctors with their patient ratings (*see, e.g.*, Sur-Reply, at pages 4-5), but this listing ***does not appear in a report on a particular healthcare provider***, as required by every claim. At first blush, this listing may seem to satisfy the "comparison ratings" requirement. But Health Grades is not candid with the Court about where this listing appears in the current MDx Website. These screen shots were obtained from a completely irrelevant section of the current MDx Website -- the section allowing users to search for all physicians matching certain criteria, such as specialty and zip code. This listing is completely separate from the portion of the current MDx Website at issue, *i.e.*, ***the portion that provides a report on a specific healthcare provider***, as is expressly required by every claim of the '060 Patent.[2]

The proper place for these Health Grades arguments was in the Opposition,[3] but Health Grades failed to raise them there and so they should be waived. *See Alcohol Monitoring Sys., Inc. v. Actsoft, Inc.*, 682 F. Supp. 2d 1237, 1242 (D. Colo. 2010) (Brimmer, J.). Moreover, these new positions demonstrate that Health Grades is now grasping at straws to figure out how to accuse the current MDx Website – a task it should have performed before initiating this case. The current MDx Website simply does not infringe the '060 Patent – neither the positions in the

---

[2] The "Patient's Choice" award is found in some reports on doctors. This argument also was not raised in the Health Grades Opposition and so should be stricken. But in any event it fails for exactly the same reasons as Health Grades' first effort at finding an infringement – there are no ratings of multiple other doctors who can be compared to the doctor at issue.

[3] Had Health Grades complied with Judge Brimmer's Practice Standard III(F)(3)(b)(v) and included a section on additional facts in its Opposition, MDx could have shown in its Reply that there are no genuine issues of material fact, *i.e.*, no reasonable fact finder could find infringement based on an irrelevant portion of the current MDx Website.

3

Health Grades Opposition, nor the new positions in its Sur-Reply, come remotely close to a viable infringement theory.[4]

## IV.     CONCLUSION

For all the foregoing reasons, MDx respectfully requests that Section B of the Health Grades Sur-Reply, and corresponding Exhibits A and B, be stricken in their entirety. Moreover, in light of Health Grades' improper arguments, counsel for MDx is willing to have oral argument on either or both of these motions as the Court deems appropriate.

Dated:  June 28, 2011                              Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson
Mark J. Rosenberg
David C. Lee
Sills Cummis & Gross P.C.
One Rockefeller Plaza
New York, New York 10020
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: mrosenberg@sillscummis.com
E-mail: sstimpson@sillscummis.com
E-mail: dlee@sillscummis.com

and

---

[4] Health Grades also deviates from the Sur-Reply purpose and argues at page 2 that it needs discovery on the MDx website. But why? The features of the current MDx Website relevant to this Motion are publicly accessible and readily apparent from the current MDx Website – *i.e.*, just request a report on a doctor and see the report that comes up (or more accurately, see what never comes up – "comparison ratings of healthcare providers"). If Health Grades really thought it needed discovery, it should have followed the procedures in Fed. R. Civ. P. 56(d). Health Grades is simply trying to delay the inevitable, and force the parties through months of very expensive discovery, on an issue that can and should be easily resolved now.

4

Marsha Piccone, Atty. No. 15268
Ramona Lampley, Atty. No. 37288
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: piccone@wtotrial.com
E-mail: lampley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2011, I electronically filed the foregoing MDX MEDICAL, INC.'S MOTION TO STRIKE IN PART THE SUR-REPLY OF HEALTH GRADES, INC. with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez , Jr.**
  jvazquez@rothgerber.com, phenke@rothgerber.com

- **Kris John Kostolansky**
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- **Jeffrey David Phipps**
  jphipps@rothgerber.com, kmeans@rothgerber.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Mark Jon Rosenberg**
  Mrosenberg@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Marsha M. Piccone**
  piccone@wtotrial.com, joos@wtotrial.com, kunkler@wtotrial.com

- **Ramona L. Lampley**
  lampley@wtotrial.com, keitlen@wtotrial.com

                                                  _s:/ David C. Lee_____