**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

vs.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

## HEALTH GRADES, INC.'S RESPONSE IN OPPOSITION TO MDX MEDICAL, INC.'S MOTION TO STRIKE IN PART THE SUR-REPLY OF HEALTH GRADES, INC.

Plaintiff and Counterclaim Defendant Health Grades, Inc. ("Health Grades"), by its undersigned counsel, respectfully submits its Response in Opposition to MDX Medical, Inc.'s ("MDx") Motion to Strike In Part the Sur-Reply of Health Grades, Inc (the "Motion"), and states in support:

### A.  INTRODUCTION

In the Scheduling Order dated June 16, 2011 [Doc. 34], this Court set a schedule for claim construction.[1]  MDx raised a claim construction argument for the first time in its Reply [Doc. 30] and now claims that Health Grades' responsive claim construction is too broad for summary judgment purposes.  However, having improperly first raised a new claim construction argument in a Reply Brief  (and doing so outside the timeframe of the Court-ordered claim construction), MDx is in no position to complain about the scope of Health Grades' response.

---

[1] Parties to exchange proposed terms for construction by September 2, 2011; Parties to exchange preliminary constructions and extrinsic evidence by September 23, 2011; Parties to file Joint Claim Construction and Prehearing Statement by October 19, 2011; Plaintiff's Claim Construction Brief and Evidence by December 5, 2011; Defendant's Claim Construction Response and Evidence by December 19, 2011; Plaintiff's Claim Construction Reply and Evidence by December 28, 2011.  The Court has set the *Markman* Hearing for January 19, 2011.

{00950179 / 1}

Cases are to be decided on their merits, not on technicalities about how far one party can proceed in the face of a clear rule violation by the other side.  It is readily apparent from all the facts and arguments submitted by Health Grades that summary judgment is not appropriate here. Nevertheless, Health Grades' Sur-reply was measured and in accordance with the Rules.

As MDx concedes in its Motion [Doc. 38], it raised two new arguments in its Reply [Doc. 30] that were not included in its original summary judgment motion [Doc. 9]. Specifically, MDx raised new arguments regarding claim construction and regarding disclaimer. [Doc. 38 at pg. 1]  It was improper for MDx to include new arguments in its Reply.  The purpose for reply briefs is to "*reply* to arguments made in the response brief" only, and "they do not provide the moving party a new opportunity to present yet another issue for the court's consideration."  *Gates Corp. v. Dorman Products, Inc.*, No. 09-cv-02058, 2009 WL 4675099, at *2 (D. Colo. Dec. 7, 2009) (quoting *Novosteel Sa v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002)).  "When a party puts forth new arguments in a reply brief, a court may avoid error by either: (1) permitting the non-moving party to file a Sur-reply or (2) choosing not to rely on the new arguments in determining the outcome of the motion."  *Alpine Bank v. Hubbell*, No.   2007 WL 219121, at *2 (D. Colo. Jan. 26, 2007) (citing *Pippin v. Burlington Res. Oil & Gas Co.,* 440 F.3d 1186, 1192 (10th Cir. 2006)).

Because MDx improperly made these new arguments regarding claim construction and disclaimer in its Reply, the Court allowed Health Grades to file a Sur-reply to respond to the new arguments. [Doc. 36]  Health Grades filed its Sur-reply on June 24, 2011 [Doc. 37].  MDx then filed its Motion on June 28, 2011 [Doc 38].

- 3 -

B.  **ARGUMENT**

   1.  <u>**The Arguments in Section B of Health Grades' Sur-reply are in Direct Response to MDx's New Arguments; Because MDx Did Not Make its Claim Construction Arguments in its Original Motion, Health Grades' Responsive Arguments Were Properly Made in its Sur-reply**</u>

MDx's Motion should be denied because the arguments made by Health Grades in Section B of its Sur-reply respond directly to the new arguments "proposing a claim construction" made by MDx and were necessary as a direct consequence of MDx's improper inclusion of those new arguments in its Reply.  In its Motion, MDx disingenuously characterizes the arguments in Section B of Health Grades' Sur-reply as raising "new theories of infringement for the first time, and point to completely irrelevant parts of the MDx www.vitals.com website."  [Doc. 38 at pg. 2]  However, the so-called "new theories of infringement" simply respond to MDx's new theories of proposed claim construction, and thus are proper and should not be stricken.

With respect to whether the arguments "point to completely irrelevant parts" of the MDx website, that question is an evidentiary issue that goes to the merits of the case, and has no bearing on whether the arguments were necessary – and proper – as a direct consequence of MDx's new claim construction arguments.  In fact, MDx's relevancy arguments highlight that in its Motion MDx simply continues to make and develop the new claim construction arguments it made for the first time in its Reply.  [Doc. 38 at pgs. 2-3]

MDx erroneously contends that "the proper place for [Health Grades'] arguments was in its Opposition."  [Doc. 38 at pg. 3]  This puts the cart before the horse – MDx's claim construction arguments were not made in its original motion – they were made for the first time in its Reply.  MDx's original motion simply did not propose any claim construction at all, and

{00950179 / 1}                                            - 3 -

argued only that there is no infringement either literally or under the doctrine of equivalents. [Doc. 9 at pgs. 5-6]   Health Grades' Opposition appropriately responded to those arguments, showing that there is a genuine issue of disputed material fact regarding whether MDx infringes literally and under the doctrine of equivalents.  [Doc. 23 at pgs. 6-8]

While MDx referenced the term "comparison ratings" in its original motion, it did not propose how the term should be construed, and by its own admission only did so for the first time in its Reply.  The arguments in Section B of Health Grades' Sur-reply respond directly to the new claim construction arguments and thus are properly included in the Sur-reply.

### 2. The Arguments the Court Allowed Health Grades' To Make in Response to MDx's New Arguments Were Not Waived

As discussed above, the arguments in Section B of Health Grades' Sur-reply respond directly to the new claim construction arguments MDx made for the first time in its Reply – not in its original motion.  Had MDx made the claim construction arguments in its original motion, Health Grades would have included its responsive arguments in its Opposition.  MDx did not do so.  Thus MDx's argument that Health Grades' responsive arguments in its Sur-reply should be waived because they were not included in its Opposition should be rejected by the Court.

Furthermore, the cases cited by MDx in its Motion do not support the proposition that Health Grades' responsive arguments should be waived – to the contrary, they support the proposition that MDx's new claim construction arguments in its Reply should be waived.  In *Alcohol Monitoring Systems, Inc. v. Actsoft, Inc.*, 682 F.Supp. 1237 (D.Colo. 2010)(Brimmer, J), this Court made clear that by failing to raise an argument in its original motion, a party waives it. *Id*. at 1242.  Likewise, in *Gutierrez v. 78th Judicial District Court*, 2009 U.S. Dist. LEXIS 45215 (W.D.Mich. May 29, 2009), the court held that the Defendants waived their immunity argument

because they failed to raise it in their opening brief and raised it for the first time in their reply. *Id*. at *4.

Here, rather than waiving MDx's new arguments, the Court allowed Health Grades to respond to them via a Sur-reply. It would be manifestly unfair for the Court to waive the arguments it allowed Health Grades to make in response to MDx's new arguments – when MDx's new arguments are the ones that are truly subject to waiver.

WHEREFORE, Health Grades respectfully requests the Court deny MDx's Motion and grant Health Grades such other and further relief it deems proper under the circumstances.

Respectfully submitted this 22nd day of July, 2011.

        *s/ Jesús M. Vazquez*
        Kris J. Kostolansky, Esq.
        Jesús M. Vázquez, Jr., Esq.
        Jeffrey D. Phipps, Esq.
        Rothgerber Johnson & Lyons, LLP
        1200 17th Street, Suite 3000
        Denver, Colorado 80202-5855
        Tel:   (303) 623-9000
        Facsimile: (303) 623-9222
        Email:  kkosto@rothgerber.com
                  jvazquez@rothgerber.com
                  jphipps@rothgerber.com

        *Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

- 6 -

# CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2011, I electronically filed the foregoing **HEALTH GRADES, INC.'S RESPONSE IN OPPOSITION TO MDX MEDICAL, INC.'S MOTION TO STRIKE IN PART THE SUR-REPLY OF HEALTH GRADES, INC.** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

David Chunyi Lee
Sills Cummis & Gross P.C. – New York
One Rockefeller Plaza, 25th Floor
New York, NY  10020
Email: dlee@sillscummis.com

Mark Jon Rosenberg
Sills Cummis & Gross P.C.-New York
One Rockefeller Plaza, 25th Floor
New York, NY  10020
Email: mrosenberg@sillscummis.com

Terence M. Ridley, Esq.
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
Email: ridley@wtotrial.com

Ramona L. Lampley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
Email: lampley@wtotrial.com

Scott David Stimpson
Sills Cummis & Gross P.C.-New York
One Rockefeller Plaza, 25th Floor
New York, NY  10020
Email: sstimpson@sillscummis.com

*s/ Jesús M. Vazquez*
Jesús M. Vázquez, Jr., Esq.