**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S MOTION PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 16(B)(4) TO MODIFY SCHEDULING ORDER
AND RULE 15(A)(2) FOR LEAVE TO AMEND ANSWER**

---

Pursuant to Rules 16(b)(4) and 15(a)(2) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx") respectfully requests modification of the Scheduling Order (Dkt. # 34) and leave to file its Amended Answer, Affirmative Defenses, Counterclaim, and Demand for Jury Trial ("Amended Answer"), provided as Exhibit A.  Pursuant to D.C.COLO.LCivR 7.1A, the undersigned conferred on September 22, 2011, October 3, 2011, October 17, 2011, October 19, 2011, and October 21, 2011, with counsel for Plaintiff and Counterclaim Defendant Health Grades, Inc. ("Health Grades").  On October 19 and 21st, counsel for Health Grades indicated that Health Grades opposes this motion.

Plaintiff Health Grades has accused Defendant MDx of infringing United States Patent No. 7,752,060 (the "'060 Patent").  Through discovery in this case, MDx has uncovered evidence of inequitable conduct in connection with the '060 Patent.  Inequitable conduct renders

a patent unenforceable when the patent applicant misrepresented or omitted material information in the United States Patent and Trademark Office ("PTO"), and did so with specific intent to deceive the PTO. *Therasense, Inc. v. Becton, Dickinson & Co.*, 99 U.S.P.Q.2d (BNA) 1065, 2011 U.S. App. LEXIS 10590, at *32 (Fed. Cir. 2011).

The Scheduling Order in this case set a deadline of July 31, 2011 for amendment of pleadings. For good cause shown below and in the interest of justice, MDx respectfully requests modification of the Scheduling Order to permit MDx to amend its answer and assert the inequitable conduct defense. *See* Exhibit A, pp.4-11, Fourth Affirmative Defense.

## I.     THE STANDARD

A two step analysis applies when a party seeks to amend pleadings after the deadline in the Scheduling Order. *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668-69 (D. Colo. 2001) (Boland, J.). First, the party must show good cause to modify the Scheduling Order under Fed. R. Civ. P. 16(b)(4). Good cause means that the deadline in the Scheduling Order could not have been met despite diligent efforts. *Id.* If the Court determines that good cause exists, the party is then permitted to amend its pleadings by agreement or by leave of the Court. Fed. R. Civ. P. 15(a)(2). The Court has wide discretion to grant leave to amend. *Walker v. Am. Std. Ins. Co. of Wis.*, No. 11-cv-00927-LTB, 2011 U.S. Dist. LEXIS 99169, at *5 (D. Colo. Sept. 2, 2011).

As shown below, MDx could not have met the deadline for amending its pleading, despite diligent efforts to discover inequitable conduct. Moreover, given the discovery history, counsel for Health Grades has confirmed that it is not contesting this motion on the ground that it

is untimely.  Accordingly, MDx respectfully requests that the Court grant leave for MDx to add the inequitable conduct defense.  *See* Exhibit A, pp.4-11, Fourth Affirmative Defense.

## II.     **MDX's DILIGENT EFFORTS SATISFY GOOD CAUSE**

MDx sought discovery from Health Grades on inequitable conduct as early as the rules allowed.  *See* Fed. R. Civ. P. 26(d)(1).  The Rule 26(f) conferral took place on June 8, 2011, and MDx served its first set of discovery requests the same day.  *See* Exhibit B.  Health Grades provided certain responses on July 20, 2011 (*see* Exhibit C), but other responses were not produced until July 28, 2011 and August 2, 2011 (*see, e.g.,* Exhibit D), two days after the July 31, 2011 deadline to amend pleadings.  This left MDx no time to meet the deadline for amending its pleadings.

Through August 2011, MDx diligently investigated documents produced by Health Grades, as well as other prior art that came to MDx's attention (*see, e.g.,* Exhibit E).  This investigation revealed that Health Grades' own products from 2003 and 2004 were important prior art to its '060 Patent, but they were never disclosed to the PTO.  From September to the filing of this motion, MDx pressed Health Grades for further discovery on Health Grades' own prior art products, and corresponded with counsel for Health Grades about the issue on more than ten occasions.[1]  After numerous delays, Health Grades finally produced additional documents on October 26, 2011.  *See, e.g.,* Exhibit F.  These additional documents contained further evidence of public knowledge and sale of prior art Health Grades products.  *E.g., id.*

MDx's discovery efforts from June 8, 2011 through the filing of this motion, as detailed above, were diligent and meet the good cause standard under Fed. R. Civ. P. 16(b)(4).  *Cf.*

---

[1] The undersigned counsel corresponded with Health Grades' counsel on at least 9/8/11, 9/20, 9/22, 10/3, 10/4, 10/5, 10/6, 10/17, 10/18, 10/19, and 10/21/11.

*Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (Boland, J.) ("information learned through discovery . . . if occurring after the deadline to amend contained in the Scheduling Order constitutes good cause to justify an extension of that deadline."). Moreover, counsel for Health Grades has agreed not to contest this motion on grounds of diligence (Exhibit G), and there has been no prejudice as depositions have not yet begun.

### III.     LEAVE TO AMEND IN THE INTEREST OF JUSTICE

Once good cause under Fed. R. Civ. P. 16(b)(4) is satisfied, a party is permitted to amend its pleadings by agreement or by leave of the Court.  Fed. R. Civ. P. 15(a)(2); *Pumpco*, 204 F.R.D. at 669.  As Health Grades has refused consent for MDx to amend, MDx now seeks the Court's leave.  Pursuant to Fed. R. Civ. P. 15(a)(2), the Court should freely give leave when justice so requires.  The Court has wide discretion in this decision.  *Walker v. Am. Std. Ins. Co. of Wis.*, No. 11-cv-00927-LTB, 2011 U.S. Dist. LEXIS 99169, at *5 (D. Colo. Sept. 2, 2011).

Justice requires that MDx be granted leave to assert the inequitable conduct defense and have it decided on the merits.  "The purpose of Rule 15(a)(2) is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."  *Id.* at *4; *see also*, *Pumpco*, 204 F.R.D. at 669.  As MDx's Amended Answer (provided as Exhibit A) satisfies and exceeds the requirements for pleading inequitable conduct, *e.g., Sanders v. The Mosaic Co.*, 418 Fed. Appx. 914, 918-19 (Fed. Cir. 2011), the defense should be allowed to proceed on its merits.

Health Grades disagrees with the inequitable conduct charge, and opposes this motion as allegedly being futile.  A proposed amendment is futile if it is subject to dismissal for any reason. *Sansom v. Milyard*, No. 10-cv-02391-WYD-MJW, 2011 U.S. Dist. LEXIS 76807, at *3 (D.

Colo. July 15, 2011). But MDx's Amended Answer is certainly not futile. An "[inequitable conduct] pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Sanders*, 418 Fed. Appx. at 918-19 (internal quotes and citations omitted). MDx's Amended Answer does so in its Fourth Affirmative Defense. *See* Exhibit A, pp.4-11. Lastly, Health Grades will not be unduly prejudiced because several months remain for fact discovery and a trial date has yet to be set. *See Pumpco*, 204 F.R.D. at 669 (Boland, J.) (finding no prejudice when no trial date was set).

Justice requires that Health Grades be held to the consequences of obtaining a patent by inequitable conduct, and accordingly MDx respectfully requests leave to amend.

## IV. CONCLUSION

For all the foregoing reasons, MDx respectfully requests modification of the Scheduling Order and leave of the Court to file its Amended Answer provided as Exhibit A.

Dated: October 28, 2011                    Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson
Mark J. Rosenberg
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: sstimpson@sillscummis.com
E-mail: mrosenberg@sillscummis.com
E-mail: dlee@sillscummis.com

and

- 6 -

                Terence Ridley, Atty. No. 15212
                Ramona Lampley, Atty. No. 37288
                Wheeler Trigg O'Donnell LLP
                1801 California Street, Suite 3600
                Denver, Colorado 80202
                Tel:  (303) 244-1800
                Fax:   (303) 244-1879
                E-mail: ridley@wtotrial.com
                E-mail: lampley@wtotrial.com

                *Attorneys for Defendant*
                MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2011, I electronically filed the foregoing MDX MEDICAL, INC.'S MOTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 16(B)(4) TO MODIFY SCHEDULING ORDER AND RULE 15(A)(2) FOR LEAVE TO AMEND ANSWER with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez , Jr.**
  jvazquez@rothgerber.com, phenke@rothgerber.com

- **Kris John Kostolansky**
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- **Jeffrey David Phipps**
  jphipps@rothgerber.com, kmeans@rothgerber.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Mark Jon Rosenberg**
  Mrosenberg@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

- **Ramona L. Lampley**
  lampley@wtotrial.com, keitlen@wtotrial.com

_s:/_   David C. Lee_____

- 7 -