IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S MOTION TO STRIKE
PLAINTIFF/COUNTERCLAIM DEFENDANT HEALTH GRADES, INC.'S
SUPPLEMENTAL INFRINGEMENT CONTENTIONS PURSUANT TO
FED. R. CIV. P. 16(f) AND FED. R. CIV. P. 37(b)(2)(A)**

---

Pursuant to Rules 16(f) and 37(b)(2)(A) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx") respectfully moves to strike the supplemental infringement contentions served by Plaintiff and Counterclaim Defendant Health Grades, Inc. ("Health Grades") on October 20, 2011, annexed as Exhibit A to the Declaration of Scott D. Stimpson, dated November 15, 2011 (Exhibit 1, "Stimpson Decl."). Pursuant to D.C.COLO.LCivR 7.1A, the undersigned conferred on October 21, 2011, October 24, 2011, October 25, 2011 and November 11, 2011, with counsel for Health Grades. On October 25th and November 11th, counsel for Health Grades indicated that Health Grades opposes this motion.

Plaintiff Health Grades has accused Defendant MDx of infringing United States Patent No. 7,752,060 (the "'060 Patent"). In order "[t]o reduce discovery and other litigation costs," the

parties agreed, and the Court expressly ordered, that the parties must abide by the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California. *See* Docket Document No. 34, p. 6. The Scheduling Order set a deadline of July 1, 2011 for Health Grades' Disclosure of Asserted Claims and Infringement Contentions. *Id*.

The Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California (the "Patent Local Rules") are attached to the Scheduling Order as Exhibit A. *Id*. Section 3-6 of the Patent Local Rules states that "[a]mendment of the Infringement Contentions or the Invalidity Contentions may be made ***only by order of the Court upon a timely showing of good cause***." *Id*., Ex. A, PAT 8 (emphasis added). Moreover, "[t]he duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions." *Id*.

In violation of the Scheduling Order, without seeking leave of the Court, Health Grades served MDx with supplemental infringement contentions on October 20, 2011 – almost four months after the deadline and without any excuse even remotely approaching good cause. For example, for the first time, Health Grades has asserted equivalents positions for numerous claim elements. Health Grades' assertion of these new positions, nearly four months after the Court-ordered deadline, is unjustifiable. Health Grades knew prior to its July 1, 2011 initial infringement contentions (the "Original Contentions") that MDx was asserting that many claim elements were missing, but failed to address the equivalents issues in its Original Contentions. Health Grades also is now attempting to add alleged support for its infringement case that was well known to Health Grades at the time of the Original Contentions; and it is trying to add

support from MDx's document production produced months prior to Health Grades' attempt to supplement.

MDx respectfully requests that the Court strike Health Grades' supplemental infringement contentions and limit Health Grades to the infringement contentions stated in its July 1, 2011 Original Contentions.

**I.      THE STANDARD**

Both the California courts, and the Federal Circuit Court of Appeals, have stated that "[t]he Patent Local Rules . . . are 'designed specifically to 'require parties to crystallize their theories of the case early in the litigation' so as to 'prevent the 'shifting sands' approach to claim construction.'" *Tokai Corp. v. Easton Enterprises Inc.,* 2009 U.S. Dist. LEXIS 64669, *5 (C.D.Cal. July 8, 2009) quoting *O2 Micro Int'l Ltd. v. Monolithic Power Systems, Inc.,* 467 F.3d 1355, 1364 (Fed. Cir. 2006) (construing Patent Local Rules adopted in 2000). "Amendments to infringement contentions may 'be made only by order of the Court upon a timely showing of good cause . . .'" *Brilliant Instruments, Inc. v. Guidetech, Inc.,* 2011 U.S. Dist. LEXIS 30835, *4 (N.D.Cal. March 15, 2011) quoting *Patent Local Rule 3-6*. "Good cause under the Patent Local Rules '***requires a showing of diligence***' [and] the burden is on the party amending its contentions 'to establish diligence rather than on the opposing party to establish lack of diligence.'" *Brilliant,* 2011 U.S. Dist. LEXIS 30835 at *4 quoting *O2 Micro Int'l,* 467 F.3d at 1366 (emphasis added). The party amending its contentions must show that it "'acted with diligence in promptly moving to amend when new evidence is revealed in discovery.'" *Genentech, Inc. v. The Trustees of the Univ. of Penn.,* 2011 U.S. Dist. LEXIS 108127, *4 (N.D.Cal. September 16, 2011) quoting *O2 Micro,* at 1363 & 1366. Moreover, the opposing

party does not need to show prejudice if the amending party cannot show diligence. *Genentech,* 2011 U.S. Dist. LEXIS 108127 at *4; *see also Tokai Corp.,* 2009 U.S. Dist. LEXIS 64669 at *11 and *O2 Micro,* 467 F.3d at 1368.

## II.     HEALTH GRADES FAILED TO REQUEST LEAVE OF COURT

As required by the Scheduling Order, Health Grades served MDx with Original Contentions on July 1, 2011. *See* Stimpson Decl., ¶ 4, Ex. B. With its Original Contentions, Health Grades provided MDx with claim charts for the "current MDx website" and the "old MDx website."[1] *See* Stimpson Decl., ¶ 4, Ex. B. at Exs. A & B. Pursuant to an agreement of the parties, Health Grades made additional disclosures on July 19, 2011, which it entitled, "Supplemental Disclosure of Asserted Claims and Infringement Contentions." *See* Stimpson Decl., ¶ 5, Ex. C. However, the July 19, 2011 "Supplemental Disclosure" did not amend or supplement Health Grades' Original Contentions in any manner. *See* Stimpson Decl., ¶ 5, Ex. C, pp. 1-2. Regarding the infringement contentions, Health Grades' "Supplemental Disclosure" simply refers MDx back to the Original Contentions and claim charts served by Health Grades on July 1, 2011.

On October 20, 2011, Health Grades served MDx with a purported "second supplement to its Infringement Contentions chart." (*See* Stimpson Decl., ¶ 3, Ex. A). However, despite the title, Health Grades' recent supplemental claim chart represents the first time that Health Grades has supplemented its Original Contentions since July 1, 2011. At no time prior to the service of these supplemental infringement contentions on October 20, 2011 has Health Grades moved for

---

[1] MDx understands the "current MDx website" to refer to MDx's website that went live in January 2011, as explained in MDx's pending motion for partial summary judgment. The "old MDx website" refers to the MDx website that existed prior to January 2011.

leave to amend its Original Contentions. Therefore, Health Grades' attempted amendment is without leave of the Court and in violation of the Scheduling Order. For this reason alone, the Court has the discretion to strike Health Grades' supplemental infringement contentions. *See O2 Micro,* at 1363 quoting *Fed. R. Civ. P.* 16(f); *Fed. R. Civ. P.* 37(b)(2)(B) ("The local patent rules do not specify the actions that the district court may or must take if there is non-compliance with the requirements for disclosure of contentions. However, the rules are essentially a series of case management orders, and the deadlines for submission of contentions in this case were explicitly included in a supplemental case management order. The court may impose any 'just' sanction for the failure to obey a scheduling order, including 'refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.'").

### III. HEALTH GRADES CANNOT SHOW GOOD CAUSE

If in response to this motion to strike, Health Grades cross-moves for leave to amend its Original Contentions, MDx's motion should still be granted, and Health Grades' cross-motion denied, because Health Grades will not be able to meet its burden to show good cause by proving that it acted diligently in moving for leave to amend. Indeed, the bulk of the supplementation so recently provided by Health Grades was known to Health Grades' counsel at the time of the Original Contentions.

#### A. New Doctrine of Equivalents Positions

While all of Health Grades' attempted supplements are completely unjustified, the most egregious attempt by Health Grades to supplement its Original Contentions involves its newly-minted equivalents positions. All doctrine of equivalents positions not provided in the Original

Contentions should be stricken. They are found in the redline version of the contentions, showing the many additions made by Health Grades (*see, e.g.,* the new equivalents positions for claim 1 at pages 8, 9, 10, 11, 28, 29, and all the new equivalents analyses for other asserted claims). (*See* Stimpson Decl., ¶ 6, Ex. D).

In its Original Contentions, Health Grades "contend[ed] that MDx infringes claims 1, 4-11, and 14-16 of the '060 patent both literally and under the doctrine of equivalents." *See* Stimpson Decl., ¶ 4, Ex. B, p. 3, Sec. E. However, in its claim charts, Health Grades refused to provide the details regarding the doctrine of equivalents contentions for all but one claim element, **based on the specious assertion that MDx had "conceded that all other claim elements are present in its accused system" in MDx's motion for partial summary judgment.** *Id*. (emphasis added).

This position and alleged justification for refusing to timely disclose equivalents positions was, and remains, utterly baseless, and demonstrates that Health Grades failed to timely provide these equivalents positions. There are many reasons:

(1) Health Grades is represented by experienced litigation counsel – they could not possibly believe that MDx had "conceded" on every other infringement defense just because they were not also the subject of a partial summary judgment motion.

(2) Far from "conceding" that MDx had no other infringement defenses, the "Statement of Claims and Defenses" for MDx, filed in this Court weeks before the Original Contentions, stated that MDx had, beyond the summary judgment issue, "several additional grounds for non-infringement." *See* Docket Document No. 34, p. 4.

(3) About two weeks prior to the service of the Original Contentions, in compliance with this Court's Order that the parties discuss claims and defenses prior to the Scheduling Conference, numerous other specific non-infringement defenses were identified to counsel for Health Grades – they had actual, specific knowledge (well after the summary judgment motion was filed) of various other elements MDx was claiming to be missing. *See* Stimpson Decl., ¶¶ 7 and 8, Ex. E; Exhibit 2, Declaration of David C. Lee, ¶3.

(4) ***The summary judgment motion itself***, on which Health Grades claimed to be relying, expressly stated that there were other non-infringement defenses not addressed in that motion. *See* Docket Document No. 9, p. 2, fn. 2.

Thus, Health Grades' statement in its Original Contentions that it was relying on an alleged concession by MDx that all other claim elements were literally met, was baseless. Counsel for MDx advised Health Grades counsel of these problems. *See* Stimpson Decl., ¶ 7, Ex. E. But Health Grades did not attempt to supplement its Original Contentions for months after that correspondence, and it has not sought the Court's permission to do so.

Because Health Grades refused to comply with the Court Order, and withheld its positions on numerous equivalents issues, Health Grades should be precluded from trying to amend now. Moreover, even if the Original Contentions had not been evasive, Health Grades still should not be allowed to supplement the Original Contentions because the required good cause is totally lacking. Health Grades also (a) failed to seek or obtain Court permission to supplement, as expressly required by the applicable rules; and (b) Health Grades cannot possibly prove that it acted diligently by waiting nearly four months to attempt to supplement to add these equivalents positions. *See* pp., 4-7, *above*.

### B.   Other Supplementation

Health Grades' belated attempt at supplementing also included the following, as shown in the redline provided by counsel for Health Grades (Stimpson Decl., ¶ 6, Ex. D):

- Additional support from the MDx website, which was available to and known to Health Grades at the time of the Original Contentions (*see, e.g.,* Stimpson Decl., ¶ 6, Ex. D, pages 15, 16, 18, 19, 23, and all the dependent claim analyses).

- Reliance on MDx documents produced months ago, on August 29, 2011 (*see, e.g.,* Stimpson Decl., ¶ 6, Ex. D, pages 8, 9, 10, 11, 17, 18, and all the dependent claim analyses).

Health Grades' substantially changed and supplemented its Original Contentions, as evidenced by the fact that Health Grades' claims chart has grown from 59 pages to 74 pages. (*Compare* Stimpson Decl., Ex. A of Ex. B to Ex. F).  In light of Health Grades' failure to act diligently to make such a significant amendment to its infringement contentions, it cannot show good cause for leave to amend to be granted.  *Genentech,* 2011 U.S. Dist. LEXIS 108127 at *4.

**IV.     CONCLUSION**

For all the foregoing reasons, MDx respectfully requests that the Court strike Health Grades' supplemental infringement contentions in their entirety, and limit Health Grades to the infringement contentions stated in its July 1, 2011 Original Contentions.  While the entirety of the supplemental contentions should be stricken, should the Court for any reason decline to strike them in their entirety, MDx respectfully requests that, at the very least, all the new equivalents positions be stricken.

Dated:  November 15, 2011                    Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson
Mark J. Rosenberg
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: sstimpson@sillscummis.com
E-mail: mrosenberg@sillscummis.com
E-mail: dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Ramona Lampley, Atty. No. 37288
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com
E-mail: lampley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

- 10 -

### CERTIFICATE OF SERVICE

I hereby certify that on <u>November 15, 2011</u>, I electronically filed the foregoing MDX MEDICAL, INC.'S MOTION TO STRIKE PLAINTIFF/COUNTERCLAIM DEFENDANT HEALTH GRADES, INC.'S SUPPLEMENTAL INFRINGEMENT CONTENTIONS with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez , Jr.**
  jvazquez@rothgerber.com, phenke@rothgerber.com

- **Kris John Kostolansky**
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- **Jeffrey David Phipps**
  jphipps@rothgerber.com, kmeans@rothgerber.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Mark Jon Rosenberg**
  Mrosenberg@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

- **Ramona L. Lampley**
  lampley@wtotrial.com, keitlen@wtotrial.com

<u>_s:/_  David C. Lee_____</u>