# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-6)**

---

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant MDx Medical, Inc. ("MDx") hereby requests that Plaintiff Health Grades, Inc. ("Health Grades") respond to the interrogatories set forth herein and to serve these answers on Sills, Cummis & Gross P.C., One Rockefeller Plaza, New York, New York, 10020, in writing and under oath within thirty (30) days after service hereof, or as agreed by counsel.

## DEFINITIONS AND INSTRUCTIONS

A.  As used herein, the term "plaintiff" or "Health Grades" refers to the named plaintiff in this action, and includes any parents, predecessor companies, subsidiaries, divisions and/or associated organizations, and present and former officers, directors, trustees, employees, staff members, agents and/or representatives, including counsel.

B.  As used herein, the term "document" includes any tangible thing from or on which information can be stored, recorded, processed, transmitted, inscribed or memorialized in any way by any means regardless of form.  Any such document bearing on any sheet (front or back), margin, attachment or enclosure thereof, any marks, such as, without limitation, initials, stamped initials, comments, or notations of any character, which are not part of the original text or reproduction thereof, is to be considered and produced as a separate document.

C.  When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment and title.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

D.  When referring to documents, "identify" means to identify the document with particularity, including providing, to the extent known:

   1) the type of document;

   2) the general subject matter;

   3) the date of the document;

   4) the author(s), addressee(s), and recipient(s); and

2

    5)  the production number(s) of the document if it is being produced or has been produced in this action.

 E. When referring to proceeding, "identify" means to give, to the extent known:

    1)  the title of each proceeding;

    2)  the identity of the court or tribunal presiding over each proceeding;

    3)  the date on which each proceeding was initiated;

    4)  the identification number assigned to each proceeding;

    5)  the claim(s) alleged to be infringed, unpatentable, invalid or unenforceable in each proceeding;

    6)  the judgment rendered, or the present status of each proceeding;

    7)  the name and address of each and every adverse entity in each proceeding; and

    8)  whether a written record, including trial transcripts, deposition transcripts, minutes of Oral Proceeding or written decisions, exists for each proceeding.

 F. When an interrogatory calls upon a party to explain or otherwise identify the basis of or for a particular claim, assertion, allegation, or contention, the party shall at a minimum:

    1)  identify each and every document (and, where pertinent, the section, article, or subparagraph thereof) which forms any part of the source of the part's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

      2) identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory; and

      3) state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

G. Insofar as any of the terms below are used herein, the following definitions apply:

      1) "And" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of an interrogatory all responses that might otherwise be construed to be outside of its scope;

      2) "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise);

      3) The "'060 Patent" shall refer to U.S. Patent No. 7,752,060;

      4) "Patent-in-suit" shall refer to the '060 Patent;

      5) "Application Publication" shall refer to U.S. Patent Application Publication No. 2007/0185732.

      6) "Related Patents" means and refers to patents and patent applications related to the Patent-in-suit (including parents, continuations, continuation-in-part, reissues, etc.), whether or not abandoned, prospective, and/or pending, including any and all foreign counterparts;

      7) "Person" is defined as any natural person or any business, legal or governmental entity or association;

8) Any evaluation, study, analysis, report, opinion or commentary is collectively referred to as an "opinion";

9) Any inquiries, searches or investigations are collectively referred to as a "search";

10) The use of the singular form of any form of any word includes the plural form and vice versa;

11) A "foreign equivalent" of a U.S. patent or patent application is a foreign patent or patent application relating to the same subject matter as the U.S. Patent or patent application.

12) The term "Prior Litigations" shall refer to any and all previous judicial or quasi-judicial proceeding (including all civil actions, arbitrations, foreign oppositions or any federal administrative agency action) in which any issue relating to the infringement or noninfringement, validity or invalidity, or enforceability or unenforceability of the Patent-in-suit has been asserted.

H. The following requests are deemed to be continuing so that with respect to any request herein, or part thereof, as to which Health Grades, after responding, discovers additional information responsive thereto, MDx requests that Health Grades provide such information and/or documents to Health Grades within thirty (30) days after acquiring such knowledge or advise MDx in writing as to why such additional information cannot be provided within the specified period.

I.  If plaintiff contends that any of the following interrogatories is objectionable in whole or in part, plaintiff shall state with particularity each objection, the basis for it and the categories of information to which the objection is applied, and plaintiff shall respond to the interrogatory insofar as it is not objectionable.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Separately for each claim of the Patent-in-Suit, describe in full and complete detail the facts concerning the conception and reduction to practice of the alleged invention. To be complete, your response should state the specific dates of such alleged conception and reduction to practice, identify each person involved in such conception and reduction to practice and their respective contributions, describe the location and circumstances of the conception and reduction to practice, and identify all documents and things tending to establish, refute or identify the dates, locations, individuals or circumstances sought in this interrogatory.

### INTERROGATORY NO. 2:

For the Patent-in-Suit, identify all prior art, including each patent, publication, patent application, instances of prior public use or sale and all other prior art references of any sort, specifically identifying the prior art references that have been asserted by others against the Patent-in-Suit and/or the Application Publication and the allegations they made, and identify all documents and things relating to the foregoing.

**INTERROGATORY NO. 3:**

With regard to the level of ordinary skill in the art pertaining to the Patent-in-Suit:

State Health Grade's contention of the art area to which the subject matter of the Patent-in-Suit pertains and identify all evidence which allegedly supports this contention; and

State Health Grade's contention of the level of ordinary skill in the art and identify all evidence which allegedly supports this contention.

**INTERROGATORY NO. 4:**

If Health Grades asserts that the subject matter of any claim of the Patent-in-Suit would not have been obvious to a person of ordinary skill in the art at the time the alleged invention described by such claim was made, set forth in full and complete detail all facts relating to or supporting such assertion, including, but not limited to, facts relating to "objective indicia" or "secondary considerations" that support the alleged validity of such claim, any "nexus" existing between such "objective indicia" or "secondary considerations" and any claim limitation, and identify each person having knowledge of and all documents and things relating to the foregoing.

**INTERROGATORY NO. 5:**

Apart from the instant litigation, identify all entities against which Health Grades has ever asserted or intimated, by suggesting or offering a license, or in any other way (hereafter, "assertion"), that any person has infringed or would infringe any claim of the Application Publication, the Patent-in-Suit, any Related Patents, and/or any foreign equivalents thereof and for each assertion, state in detail the circumstances surrounding each such assertion, including

Health Grades' bases for the allegation, and identify all related documents and persons having knowledge of the assertion.

**INTERROGATORY NO. 6:**

Describe, in detail, all damages that Health Grades contends it may be entitled to receive as a result of any alleged infringement by MDx of the Patent-in-suit, including, but not limited to, an explanation of the factual and legal bases for any (i) reasonable royalty that Health Grades seeks in view of the factors set forth in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970) and its progeny, and (ii) lost profits that Health Grades seeks, and identify all documents and things relating to the foregoing.

Dated: June 8, 2011                           Respectfully submitted,

_____
Scott D. Stimpson
Mark J. Rosenberg
David C. Lee
Sills Cummis & Gross P.C.
One Rockefeller Plaza
New York, New York 10020
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: sstimpson@sillscummis.com
E-mail: mrosenberg@sillscummis.com
E-mail: dlee@sillscummis.com

and

8

Marsha Piccone, Atty. No. 15268
Ramona Lampley, Atty. No. 37288
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: piccone@wtotrial.com
E-mail: lampley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on <u>June 8, 2011</u>, I have caused a true and correct copy of the foregoing MDX MEDICAL, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-6) to be served upon counsel for Health Grades, Inc. by electronic mail transmission to the following individuals:

>Jesus Manuel Vazquez , Jr.
>Kris John Kostolansky
>Jeffrey David Phipps
>ROTHGERBER JOHNSON & LYONS LLP
>One Tabor Center, Suite 3000
>1200 Seventeenth Street
>Denver, CO 80202
>Tel: (303) 623-9000
>Fax: (303) 623-9222
>jvazquez@rothgerber.com
>kkosto@rothgerber.com
>jphipps@rothgerber.com
>
>*Attorneys for Plaintiff Health Grades, Inc.*

Dated: June 8, 2011

/s/ David C. Lee
David C. Lee