# EXHIBIT C

# David C. Lee

**From:** Scott D. Stimpson
**Sent:** Wednesday, August 03, 2011 11:14 AM
**To:** Jesus M. Vazquez Esq. (jvazquez@rothgerber.com); Kostolansky, Kris J.
**Cc:** David C. Lee
**Subject:** Discovery conference today

Jesus and Kris:

This confirms my understanding of our discussion today.  Please let me know if I misunderstood something, or missed something.

HG DOCUMENT REQUESTS

We will be getting a new definition of "accused products" and maybe some narrowing of specific requests.  We will keep the same due date for responses and objections, assuming we get this relatively soon, and we should be able to keep the same date for document production subject to any need for later supplemental products (if we need additional time for this first production, we will let you know).

MDX INTERROGATORIES

Rog 1:  HG will provide the identities of people involved in the reduction to practice, and a claim-by-claim identification of inventors.

Rog 3:  We will not now insist on these contentions, but if you have any other facts relevant to these issues please provide them.

Rog 4:  HG will supplement to provide any evidence of copying, and to provide information and evidence of any alleged nexus of any of these possible secondary considerations.  This confirms that the page 15 charts are NOT confidential, and we are free to provide the entirety of these responses to our client.  Lastly, we agreed that we will be provided with documents sufficient to show the website before the 2005 launch, and after the 2005 launch, and the exact date of launch.

Rog 6:  We agreed that some of the facts relevant here are in our possession, and that the request can be supplemented with that information later.  For now, however, facts in HG's possession will be provided in a supplement - facts relating to the damages claims, and the factors recited in the case law identified.

MDX DOCUMENT REQUESTS

This confirms that HG is only withholding documents on privilege grounds.  If you intend to withhold any documents on any other grounds, you will let us know.  The search is ongoing, but the documents located after a reasonable search have been produced.

We agreed, as may be in other documents already, that the parties do not need to log privileged or work product documents dated after the filing of the complaint.


Please let me know if anything here is wrong or incomplete.

Thanks.

Scott


11/17/2011

**Sills Cummis & Gross** P.C.

website | bio | v-Card | email

**Scott D. Stimpson**
Member of the Firm

New York | Map   d (212) 500-1550   f (212) 643-6500   30 Rockefeller Plaza   New York, NY 10112

11/17/2011