# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S
SECOND SET OF INTERROGATORIES (NOS. 7-9)**

---

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant MDx Medical, Inc. ("MDx") hereby requests that Plaintiff Health Grades, Inc. ("Health Grades") respond to the interrogatories set forth herein and to serve these answers on Thirty Rockefeller Plaza, New York, NY 10112, in writing and under oath within thirty (30) days after service hereof, or as agreed by counsel.

1

## DEFINITIONS AND INSTRUCTIONS

MDx incorporates by reference the Definitions and Instructions in its First Set of Interrogatories (Nos. 1-6) served June 8, 2011, as if fully set forth herein.

## INTERROGATORY

**INTERROGATORY NO. 7:**

State when, if ever, Health Grades began marking pursuant to 35 U.S.C. § 287 and identify all evidence of such alleged marking and the extent of the marking.

**INTERROGATORY NO. 8:**

If Health Grades disagrees with any one or more of the bases for patent invalidity set forth in MDx's Invalidity Contentions, Supplemental Invalidity Contentions, and accompanying documents (served on August 19, 2011 and August 26, 2011 and as may be later supplemented, "Invalidity Disclosures"), for every such disagreement set forth in full and complete detail all reasons why MDx's contentions are allegedly incorrect, including but not limited to (1) a full and complete explanation of all points of disagreement with the assertions in MDx's Invalidity Disclosures; (2) a full and complete explanation of why each and every asserted reference (or combination of references) does not invalidate the Patent-in-Suit pursuant to 35 U.S.C. § 102 and/or § 103; and (3) a full and complete explanation of why the Patent-in-Suit is not invalid pursuant to 35 U.S.C. § 112.

**INTERROGATORY NO. 9:**

If your response to any of MDx's Requests for Admission, served herewith and hereinafter, is anything other than an unqualified admission, state all reasons and facts upon which Health Grades bases its response.

2

Dated:  September 7, 2011							Respectfully submitted,


							*s:/Scott D. Stimpson*
							Scott D. Stimpson
							Mark J. Rosenberg
							David C. Lee
							Sills Cummis & Gross P.C.
							Thirty Rockefeller Plaza
							New York, New York 10112
							Tel: (212) 643-7000
							Fax: (212) 643-6500
							E-mail: sstimpson@sillscummis.com
							E-mail: mrosenberg@sillscummis.com
							E-mail: dlee@sillscummis.com

							and

							Terence Ridley, Atty. No. 15212
							Ramona Lampley, Atty. No. 37288
							Wheeler Trigg O'Donnell LLP
							1801 California Street, Suite 3600
							Denver, Colorado 80202
							Tel:  (303) 244-1800
							Fax:   (303) 244-1879
							E-mail: ridley@wtotrial.com
							E-mail: lampley@wtotrial.com

							*Attorneys for Defendant*
							MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on <u>September 7, 2011</u>, I have caused a true and correct copy of the foregoing MDX MEDICAL, INC.'S SECOND SET OF INTERROGATORIES (NOS. 7-9) to be served upon counsel for Health Grades, Inc. by electronic mail transmission to the following individuals:

>Jesus Manuel Vazquez , Jr.
>Kris John Kostolansky
>Jeffrey David Phipps
>ROTHGERBER JOHNSON & LYONS LLP
>One Tabor Center, Suite 3000
>1200 Seventeenth Street
>Denver, CO 80202
>Tel: (303) 623-9000
>Fax: (303) 623-9222
>jvazquez@rothgerber.com
>kkosto@rothgerber.com
>jphipps@rothgerber.com
>
>*Attorneys for Plaintiff Health Grades, Inc.*

Dated: September 7, 2011                           *s:/David C. Lee*_____
                                                                    David C. Lee

4