# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

vs.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**PLAINTIFF HEALTH GRADES, INC.'S RESPONSES TO DEFENDANT MDX MEDICAL, INC.'S SECOND SET OF INTERROGATORIES (NOS. 7-9)**

Plaintiff Health Grades, Inc., ("Health Grades"), pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby responds to Defendant MDx Medical, Inc.'s ("MDx" or "Defendant") Second Set of Interrogatories (Nos. 7-9) as follows:

## GENERAL OBJECTIONS

1. Health Grades objects to the definitions and instructions incorporated into Defendant's Second Set of Interrogatories (Nos. 7-9) to the extent they are inconsistent with, seek to impose obligations not required by, or seek to expand the scope of permissible discovery under the Federal Rules of Civil Procedure, including but not limited to Rule 26(a)'s expert disclosure requirements, the Local Rules of this Court, and any pretrial scheduling order of the Court.

2. Health Grades objects to Defendant's Second Set of Interrogatories (Nos. 7-9) to the extent they seek information that is subject to the attorney-client privilege, that evidences or constitutes attorney work product, that is the subject of confidentiality agreements with third parties, that is the subject of a protective order in any separate proceeding, or that otherwise is not discoverable or is the subject of any other privilege, whether based upon statute or recognized at common law.

{00944111 / 1}

3. Health Grades objects to Defendant's Second Set of Interrogatories (Nos. 7-9) to the extent that they are overly broad, unduly burdensome, seek irrelevant information, or are not reasonably calculated to lead to the discovery of admissible evidence.

4. Health Grades makes the specific objection with respect to certain interrogatories that they are vague and ambiguous insofar as they do not describe with reasonable particularity the information being sought. Since the scope of such interrogatories is in question, Health Grades reserves the right to object to such interrogatories as overly broad and unduly burdensome, as not reasonably calculated to lead to the discovery of admissible evidence, or as seeking irrelevant information once the scope of such interrogatories is clarified.

5. Health Grades objects to Defendant's definition of "document" to the extent it includes any items beyond the scope of the Federal Rules of Civil Procedure.

6. Health Grades objects to these Interrogatories to the extent they seek information already in Defendant's possession or equally accessible to Defendant, or information which is a matter of public record.

7. Health Grades' responses set forth below and/or production of documents in connection therewith in no way limit the generality of the foregoing General Objections, and are not to be construed as a waiver of the foregoing objections, any specific objections stated in the following responses, or Health Grades' right to object to any additional, supplemental, or further discovery request of Defendant.

8. Health Grades has answered Defendant's Interrogatories based upon its understanding of the interrogatories, and to the best of its knowledge and recollection as of the date the answers are served. Health Grades expressly reserves the right to provide supplemental answers should that

become appropriate. All answers provided by Health Grades in response to Defendant's Interrogatories are produced without waiver of Health Grades' right to supplement its answers as responsive information becomes available.

9. Any statement by Health Grades in any of the following responses to Defendant's Interrogatories that it will produce responsive documents is only a statement that any such documents that can be located after a reasonable search will be produced, made available for inspection, or, if privilege is asserted, listed on a privilege log. Such a statement is not a representation that any such responsive documents exist.

10. All documents produced by Health Grades in connection with Health Grades' responses to Defendant's Interrogatories are produced without waiver of, or prejudice to, any challenge by Health Grades to the relevancy or admissibility of such documents in this case.

11. The General Objections set forth above are made as to matters that are clearly objectionable from the face of the interrogatories. These objections are made without prejudice to and without waiver of Health Grades' right to object on all appropriate grounds to the specific information sought by each Interrogatory.

12. Health Grades generally objects to these requests as premature to the extent they seek information that is more properly provided through expert reports or expert depositions. Health Grades will provide expert disclosures in accordance with the disclosure requirements of the applicable rules and Court Order.

13. Health Grades generally objects to these requests as improper to the extent they require or seek a legal conclusion.

14. Health Grades objects to each request to the extent it seeks confidential or trade secret

business information. Health Grades will only provide such requested information pursuant to the terms of a Protective Order entered by the Court.

Subject to the General Objections outlined above and the more specific objections set forth below, Health Grades responds as follows:

## RESPONSES TO INTERROGATORIES

INTERROGATORY NO. 7. State when, if ever, Health Grades began marking pursuant to 35 U.S.C. § 287 and identify all evidence of such alleged marking and the extent of the marking.

ANSWER: Health Grades objects that this request requires it to determine whether or not it acted "pursuant to 35 U.S.C. § 287" and inappropriately seeks a legal conclusion. Health Grades further objects that the request is vague and ambiguous to the extent it requests Health Grades to identify "when ... it began marking" without identifying with reasonable particularity what the subject of the request is.

INTERROGATORY NO. 8. If Health Grades disagrees with any one or more of the bases for patent invalidity set forth in MDx's Invalidity Contentions, Supplemental Invalidity Contentions, and accompanying documents (served on August 19, 2011 and August 26, 2011 and as may be later supplemented, "Invalidity Disclosures"), for every such disagreement set forth in full and complete detail all reasons why MDx's contentions are allegedly incorrect, including but not limited to (1) a full and complete explanation of all points of disagreement with the assertions in MDx's Invalidity Disclosures; (2) a full and complete explanation of why each and every asserted reference (or combination of references) does not invalidate the Patent-in-Suit

pursuant to 35 U.S.C. § 102 and/or § 103; and (3) a full and complete explanation of why the Patent-in-Suit is not invalid pursuant to 35 U.S.C. § 112.

ANSWER: Health Grades objects to this request as overly broad, unduly burdensome and premature. MDx's Invalidity Disclosures are incomplete and require supplementation in order for Health Grades to adequately respond to this request. In a letter to MDx dated September 2, 2011, Health Grades detailed the insufficiencies and shortcomings of MDx's Invalidity Disclosures and requested that MDx supplement the Invalidity Disclosures. MDx has yet to supplement the Invalidity Disclosures as necessary and as requested by Health Grades on September 2, 2011. Health Grades also objects to this request to the extent it calls for information protected by the attorney-client privilege or the attorney work-product doctrine. Health Grades further objects to this request to the extent it requests information already within in the possession of Defendant. Health Grades objects to this request to the extent it calls for Health Grades to make legal conclusions.

INTERROGATORY NO. 9. If your response to any of MDx's Requests for Admission, served herewith and hereinafter, is anything other than an unqualified admission, state all reasons and facts upon which Health Grades bases its response.

ANSWER: Please see responses to Requests for Admission.

Respectfully submitted this 20th day of October, 2011.

        ROTHGERBER JOHNSON & LYONS LLP

        *s/ Jesús M. Vazquez*
        Kris J. Kostolansky, Esq.
        Jesús M. Vázquez, Jr., Esq.
        Jeffrey D. Phipps, Esq.
        1200 17th Street, Suite 3000
        Denver, Colorado  80202
        Tel:  (303) 623-9000
        Fax:  (303) 623-9222
        Email:  kkosto@rothgerber.com
           jvazquez@rothgerber.com
           jphipps@rothgerber.com

        *Attorneys for Plaintiff/Counterclaim Defendant*
        *Health Grades, Inc.*

## VERIFICATION

On behalf of Health Grades, Inc. and in my capacity as Executive Vice-President, CFO at Health Grades, Inc., I have read the foregoing answers to Defendant's Second Set of Interrogatories (Nos. 7-9). I do not necessarily have direct personal knowledge of every fact contained herein. The responses were prepared with the assistance of the authors of the documents referenced, and with the assistance and advice of counsel. The answers are based on the records and information currently available. I reserve the right to make changes in or additions to any of these answers if it appears at any time that errors or omissions have been made or if more accurate or complete information becomes available. To the extent I do not have personal knowledge; I have relied on others to gather the responsive information. I declare under penalty of perjury that the foregoing is true and correct.

Signed this 20th day of October 2011.

_____
Allen Dodge, Executive Vice President, CFO

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of October, 2011, true and correct copies of the foregoing **PLAINTIFF HEALTH GRADES, INC.'S ANSWERS TO MDX MEDICAL, INC.'S SECOND SET OF INTERROGATORIES (NOS. 7-9)** were electronically served on the following:

Scott David Stimpson
Mark Jon Rosenberg
David Chunyi Lee
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY  10112
Email: sstimpson@sillscummis.com
Email: mrosenberg@sillscummis.com
Email: dlee@sillscummis.com

Terence M. Ridley
Ramona L. Lampley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
Email: ridley@wtotrial.com
Email: lampley@wtotrial.com

                                                   *s/ Jesús M. Vazquez*
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Jeffrey D. Phipps, Esq.
Rothgerber Johnson & Lyons, LLP
1200 17th Street, Suite 3000
Denver, Colorado 80202-5855
Tel:     (303) 623-9000
Facsimile: (303) 623-9222
Email:  kkostolansky@rothgerber.com
           jvazquez@rothgerber.com
           jphipps@rothgerber.com

*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*