# EXHIBIT I

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**PLAINTIFF HEALTH GRADES, INC.'S RESPONSES TO DEFENDANT MDX MEDICAL, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-18)**

Plaintiff Health Grades, Inc. ("Health Grades") hereby responds, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, to Defendant MDx Medical, Inc.'s ("MDx") First Request for Production of Documents and Things (Nos. 1-18) as follows:

GENERAL OBJECTIONS

1. Health Grades objects to the definitions and instructions set forth in Defendant's First Request for Production of Documents and Things to the extent they are inconsistent with, seek to impose obligations not required by, or seek to expand the scope of permissible discovery under the Federal Rules of Civil Procedure, including but not limited to Rule 26(a)'s expert disclosure requirements, the Local Rules of this Court, and any pretrial scheduling order of the Court.

2. Health Grades objects to Defendant's First Request for Production of Documents and Things to the extent they seek information that is subject to the attorney-client privilege, that evidences or constitutes attorney work product, that is the subject of confidentiality agreements with third parties, that is the subject of a protective order in any separate proceeding, or that otherwise is not discoverable

{00948649 / 1}

or is the subject of any other privilege, whether based upon statute or recognized at common law.

3. Health Grades objects to Defendant's First Request for Production of Documents and Things to the extent that they are overly broad, unduly burdensome, seek irrelevant information, or are not reasonably calculated to lead to the discovery of admissible evidence.

4. Health Grades makes the specific objection with respect to certain Document Requests that they are vague and ambiguous insofar as they do not describe with reasonable particularity the information being sought. Since the scope of such Document Requests is in question, Health Grades reserves the right to object to such Document Requests as overly broad and unduly burdensome, as not reasonably calculated to lead to the discovery of admissible evidence, or as seeking irrelevant information once the scope of such Document Requests is clarified.

5. Health Grades objects to Defendant's definition of "document" to the extent it includes any items beyond the scope of the Federal Rules of Civil Procedure.

6. Health Grades objects to Defendant's First Request for Production of Documents and Things to the extent they seek information already in Defendant's possession or equally accessible to Defendants, or information which is a matter of public record.

7. Health Grades' responses set forth below and/or production of documents in connection therewith in no way limit the generality of the foregoing General Objections, and are not to be construed as a waiver of the foregoing objections, any specific objections stated in the following responses, or Health Grades' right to object to any additional, supplemental, or further discovery request of Defendants.

8. Health Grades has answered Defendant's Document Requests based upon its understanding of the requests, and to the best of its knowledge and recollection as of the date the

{00948649 / 1}                              - 2 -

answers are served.  Health Grades expressly reserves the right to provide supplemental answers and/or documents should that become appropriate.  All documents provided by Health Grades in response to Defendant's Document Requests are ongoing and Health Grades reserves the right to update the Response as further information becomes available.

9. Any statement by Health Grades in any of the following responses to Defendant's Document Requests that it will produce responsive documents is only a statement that any such documents that can be located after a reasonable search will be produced, made available for inspection, or, if privilege is asserted, listed on a privilege log.  Such a statement is not a representation that any such responsive documents exist.

10. All documents produced by Health Grades in connection with Health Grades' responses to Defendant's Document Requests are produced without waiver of, or prejudice to, any challenge by Health Grades to the relevancy or admissibility of such documents in this case.

11. The General Objections set forth above are made as to matters that are clearly objectionable from the face of the Document Requests.  These objections are made without prejudice to and without waiver of Health Grades' right to object on all appropriate grounds to the specific information sought by each Document Request.

12. Health Grades generally objects to these Requests as premature to the extent they seek information that is more properly provided through expert reports or expert depositions.  Health Grades will provide expert disclosures in accordance with the disclosure requirements of the applicable rules and Court Order.

13. Health Grades objects to these requests to the extent they seek confidential or trade secret business information.  Health Grades is compiling documents and will produce them in due

course; however, Health Grades will only provide such requested information pursuant to the terms of a Protective Order entered by the Court.

Subject to the General Objections outlined above and the more specific objections set forth below, Health Grades responds as follows:

## RESPONSES TO DOCUMENTS AND THINGS REQUESTED

Document Request No. 1:

With regard to the Patent-in-suit, Application Publication, and Related Patents,
a) Each and every patent and application, and copies of their prosecution histories;
b) Each and every foreign counterpart patent and application, and copies of their prosecution histories; and
c) Each and every document and thing relating to, referring to, describing, evidencing or constituting the ownership of, or assignment or other transfer of, any right, title, or interest in such application or patent.

Response to Document Request No. 1:

Health Grades objects to this request as overly broad, unduly burdensome and vague in that it seeks, without limitation, "each and every document and thing." Health Grades objects to this request to the extent it seeks documents or information subject to the attorney-client privilege or the work-product doctrine. Health Grades objects to this request to the extent it seeks information that is not relevant to a claim or defense in this action. Health Grades objects to this request to the extent it requests publicly available documents or documents already within the possession of Defendant. Subject to, and without waiving the General Objections or Specific Objections, Health Grades responds as follows:

Health Grades will produce responsive non-privileged and non-objectionable documents, located after a reasonable search and to the extent such documents exist.

Document Request No. 2:

Each and every paper or report (whether accepted for publication or not, and including any drafts or preprints) relating to, referring to, describing, evidencing or constituting any subject matter described or claimed in the Patent-in-suit, Application Publication, and/or Related Patents.

Response to Document Request No. 2:

Health Grades objects to this request as overly broad, unduly burdensome and vague in that it seeks, without limitation, "each and every paper and report." Health Grades objects to this request to the extent it seeks documents or information subject to the attorney-client privilege or the work-product doctrine. Health Grades objects to this request to the extent it seeks information that is not relevant to a claim or defense in this action. Health Grades objects to this request to the extent it requests publicly available documents or documents already within the possession of Defendant. Subject to, and without waiving the General Objections or Specific Objections, Health Grades responds as follows:

Health Grades will produce responsive non-privileged and non-objectionable documents, located after a reasonable search and to the extent such documents exist.

Document Request No. 3:

With respect to the alleged conception and reduction to practice of the subject matter described and/or claimed in the Patent-in-suit and Related Patents,
    a)    Each and every document and thing relating to, referring to, describing, evidencing or constituting the conception and/or actual reduction to practice thereof; and
    b)    Each and every notebook and other record of the work, research, results, speculations, or conclusions relating to, referring to, describing, evidencing or constituting any subject matter claimed or disclosed in each of the Patent-in-suit, Related Patents, and foreign counterparts.

Response to Document Request No. 3:

Health Grades objects to this request as overly broad, unduly burdensome and vague in that it seeks, without limitation, "each and every" document and thing or notebook and other record. Health Grades objects to this request to the extent it seeks documents or information subject to the attorney-client privilege or the work-product doctrine. Health Grades objects to this request to the extent it seeks information that is not relevant to a claim or defense in this action. Health Grades objects to this request to the extent it requests publicly available documents or documents already within the possession of Defendant. Subject to, and without waiving the General Objections or Specific Objections, Health Grades responds as follows:

Health Grades will produce responsive non-privileged and non-objectionable documents, located after a reasonable search and to the extent such documents exist.

Document Request No. 4:

Each and every document and thing relating to, referring to, describing, or evidencing the strength, coverage, legal significance, or business significance of the Patent-in-suit and Related Patents.

Response to Document Request No. 4:

Health Grades objects to this request as overly broad, unduly burdensome and vague in that it seeks, without limitation, "each and every document and thing." Health Grades objects to this request as vague and ambiguous because neither "legal significance" nor "business significance" clear or defined. Health Grades objects to this request to the extent it seeks documents or information subject to the attorney-client privilege or the work-product doctrine. Health Grades objects to this request to the extent it seeks information that is not relevant to a claim or defense in this action. Health Grades objects to this request to the extent it requests publicly available documents or documents already within the possession of Defendant. Subject

to, and without waiving the General Objections or Specific Objections, Health Grades responds as follows:

In responding to this request, Health Grades will interpret "business significance" and "legal significance" to mean the value Health Grades places on the subject matter of the Patent-in-Suit. Subject to, and without waiving the General Objections or Specific Objections, Health Grades responds as follows: Health Grades will produce responsive non-privileged and non-objectionable documents, located after a reasonable search and to the extent such documents exist.

Document Request No. 5:

Each and every document and thing which addresses, analyzes, assesses or otherwise concerns the patentability, scope, infringement or noninfringement, validity or invalidity, and/or enforceability or unenforceability of one or more claims of the Patent-in-suit and Related Patents.

Response to Document Request No. 5:

Health Grades objects to this request as overly broad, unduly burdensome and vague in that it seeks, without limitation, "each and every document and thing." Health Grades objects to this request to the extent it seeks documents or information subject to the attorney-client privilege or the work-product doctrine. Health Grades objects to this request to the extent it seeks information that is not relevant to a claim or defense in this action. Health Grades objects to this request to the extent it requests publicly available documents or documents already within the possession of Defendant. Subject to, and without waiving the General Objections or Specific Objections, Health Grades responds as follows:

Health Grades will produce responsive non-privileged and non-objectionable documents, located after a reasonable search and to the extent such documents exist.

Document Request No. 6:

Each and every document and thing relating to, referring to, describing, evidencing or constituting any testing, experimentation, research, or development conducted or being conducted relating to the subject matter of one or more of the Patent-in-suit and Related Patents.

Response to Document Request No. 6:

Health Grades objects to this request as overly broad, unduly burdensome and vague in that it seeks, without limitation, "each and every document and thing." Health Grades objects to this request to the extent it seeks documents or information subject to the attorney-client privilege or the work-product doctrine. Health Grades objects to this request to the extent it seeks information that is not relevant to a claim or defense in this action. Health Grades objects to this request to the extent it requests publicly available documents or documents already within the possession of Defendant. Subject to, and without waiving the General Objections or Specific Objections, Health Grades responds as follows:

Health Grades will produce responsive non-privileged and non-objectionable documents, located after a reasonable search and to the extent such documents exist.

Document Request No. 7:

All prior art to the Patent-in-suit of which Health Grades is aware.

Response to Document Request No. 7:

Health Grades objects to this request to the extent it seeks documents or information subject to the attorney-client privilege or the work-product doctrine. Health Grades objects to this request to the extent it requests publicly available documents or documents already within

{00948649 / 1}                                            - 8 -

the possession of Defendant.  Subject to, and without waiving the General Objections or Specific Objections, Health Grades responds as follows:

Health Grades will produce responsive non-privileged and non-objectionable documents, located after a reasonable search and to the extent such documents exist.

Document Request No. 8:

Each and every document and thing relating to, referring to, describing or evidencing one or more of the MDx products accused of infringement, including but not limited to the www.vitals.com website accused in the complaint.

Response to Document Request No. 8:

Health Grades objects to this request as overly broad, unduly burdensome and vague in that it seeks, without limitation, "each and every document and thing."  Health Grades objects to this request to the extent it seeks documents or information subject to the attorney-client privilege or the work-product doctrine.  Health Grades objects to this request to the extent it seeks information that is not relevant to a claim or defense in this action.  Health Grades objects to this request to the extent it requests publicly available documents or documents already within the possession of Defendant.  Subject to, and without waiving the General Objections or Specific Objections, Health Grades responds as follows:

Health Grades will produce responsive non-privileged and non-objectionable documents, located after a reasonable search and to the extent such documents exist.

Document Request No. 9:

All documents and things that discuss, comment upon, refer to or otherwise relate to any of the Patent-in-suit and Related Patents, including but not limited to:

    a)    the first disclosure of the alleged invention of each of the Patent-in-suit and Related Patents to one or more people outside of Health Grades, Inc. (persons other than an inventor or Health Grades employees);

    b)    each and every document and thing relating to, referring to, describing, evidencing or constituting communications with MDx and/or any third party regarding the MDx products accused of infringement;

    c)    each and every document and thing relating to, referring to, describing or evidencing any contention, conclusion or belief by any third-party that any claim of the Patent-in-suit is invalid, unenforceable, or non-infringed; and

    d)    each and every document and thing relating to, referring to, describing, evidencing or constituting any allegations made by or on behalf of Health Grades that anyone has infringed one or more claims of the Patent-in-suit and/or Related Patents.

Response to Document Request No. 9:

Health Grades objects to this request as overly broad, unduly burdensome and vague in that it seeks, without limitation, "[a]ll documents and things."  Health Grades objects to this request to the extent it seeks documents or information subject to the attorney-client privilege or the work-product doctrine.  Health Grades objects to this request to the extent it seeks information that is not relevant to a claim or defense in this action.  Health Grades objects to this request to the extent it requests publicly available documents or documents already within the possession of Defendant.  Subject to, and without waiving the General Objections or Specific Objections, Health Grades responds as follows:

Health Grades will produce responsive non-privileged and non-objectionable documents, located after a reasonable search and to the extent such documents exist.

Document Request No. 10:

Documents sufficient to demonstrate whether Health Grades has complied with the marking or notice provision under 35 U.S.C. § 287, including documents sufficient to show whether any licensees have marked (or were required to mark) with the patent number.

Response to Document Request No. 10:

Health Grades objects to this request to the extent it seeks documents or information subject to the attorney-client privilege or the work-product doctrine.  Health Grades objects to this request to the extent it requests publicly available documents or documents already within the possession of Defendant.  Subject to, and without waiving the General Objections or Specific Objections, Health Grades responds as follows:

Health Grades will produce responsive non-privileged and non-objectionable documents, located after a reasonable search and to the extent such documents exist.

Document Request No. 11:

To the extent Health Grades contends that the subject matter claimed in any claim of the Patent-in-suit would not have been obvious to a person of ordinary skill in the art at the time the alleged invention described by such claim was made, all documents and things relating to that contention, including but not limited to:
      a)    all documents and things concerning any contention that the subject matter claimed by any claim of the Patent-in-suit achieved commercial success, or lack thereof, including, but not limited to, all documents and things that evidence, record, discuss or make reference to a nexus between the claimed subject mater of the Patent-in-suit and any such alleged commercial success;
      b)    all documents and things concerning any contention that the subject matter claimed by any claim of the Patent-in-suit was conceived or developed in response to a long-felt but unfulfilled need;
      c)    each and every document and thing relating to, referring to, describing or evidencing any attempt by any person other than the named inventors of the Patent-in-suit to solve any problem that Health Grades contends was solved by any alleged invention claimed by the Patent-in-suit; and
      d)    each and every document and thing relating to, referring to, describing or evidencing any advantage and/or disadvantage of using any product either described in or claimed by the Patent-in-suit as compared to any other product.

Response to Document Request No. 11:

Health Grades objects to this request as overly broad, unduly burdensome and vague in that it seeks, without limitation, "[a]ll documents and things" and "each and every document." Health Grades objects to this request to the extent it seeks documents or information subject to the attorney-client privilege or the work-product doctrine. Health Grades objects to this request to the extent it seeks information that is not relevant to a claim or defense in this action. Health Grades objects to this request to the extent it requests publicly available documents or documents already within the possession of Defendant. Subject to, and without waiving the General Objections or Specific Objections, Health Grades responds as follows:

Health Grades will produce responsive non-privileged and non-objectionable documents, located after a reasonable search and to the extent such documents exist.

Document Request No. 12:

Each and every document and thing supporting or contradicting any Health Grades allegation or argument in this case, including, but not limited to, all documents and things supporting or contradicting allegations and arguments relating to the alleged infringement, claim construction positions, and any allegations and arguments related to secondary considerations of non-obviousness and conception/reduction to practice dates.

Response to Document Request No. 12:

Health Grades objects to this request as overly broad, unduly burdensome and vague in that it seeks, without limitation, "[e]ach and every document and thing." Health Grades objects to this request to the extent it seeks documents or information subject to the attorney-client privilege or the work-product doctrine. Health Grades objects to this request to the extent it seeks information that is not relevant to a claim or defense in this action. Health Grades objects

to this request to the extent it requests publicly available documents or documents already within the possession of Defendant. Subject to, and without waiving the General Objections or Specific Objections, Health Grades responds as follows:

Health Grades will produce responsive non-privileged and non-objectionable documents, located after a reasonable search and to the extent such documents exist.

Document Request No. 13:

Documents which state or describe the business purpose and corporate structure of Health Grades including, but not limited to ownership structure, Health Grades's predecessors or merged entities, and departments, divisions, employees, and managers of Health Grades and of any of the foregoing, and any relationship with other entities having any interest in the Patent-in-suit.

Response to Document Request No. 13:

Health Grades objects to this request to the extent it seeks documents or information subject to the attorney-client privilege or the work-product doctrine. Health Grades objects to this request to the extent it seeks information that is not relevant to a claim or defense in this action. Health Grades objects to this request to the extent it requests publicly available documents or documents already within the possession of Defendant. Subject to, and without waiving the General Objections or Specific Objections, Health Grades responds as follows:

Health Grades will produce responsive non-privileged and non-objectionable documents, located after a reasonable search and to the extent such documents exist.

Document Request No. 14:

Documents which state, describe, or relate to any present or past ownership or security interest in the Patent-in-suit, including but not limited to assignment(s) from the inventors of the Patent-in-suit and documents evidencing a chain of title from the inventors of the Patent-in-suit to Health Grades.

Response to Document Request No. 14:

{00948649 / 1}                                             - 13 -

Health Grades objects to this request to the extent it seeks documents or information subject to the attorney-client privilege or the work-product doctrine. Health Grades objects to this request to the extent it seeks information that is not relevant to a claim or defense in this action. Health Grades objects to this request to the extent it requests publicly available documents or documents already within the possession of Defendant. Subject to, and without waiving the General Objections or Specific Objections, Health Grades responds as follows:

Health Grades will produce responsive non-privileged and non-objectionable documents, located after a reasonable search and to the extent such documents exist.

Document Request No. 15:

All documents and things evidencing all damages that Health Grades contends it may be entitled to receive as a result of any alleged infringement by MDx of the Patent-in-suit, including, but not limited to, all documents evidencing the factual and legal bases for any (i) reasonable royalty that Health Grades seeks in view of the factors set forth in *Georgia-Pacific Corp.* v. *United States Plywood Corp.,* 318 F. Supp. 1116 (S.D.N.Y. 1970) and its progeny, and (ii) lost profits that Health Grades seeks, and identify all documents and things relating to the foregoing.

Response to Document Request No. 15:

Health Grades objects to this request as overly broad, unduly burdensome and vague in that it seeks, without limitation, "[a]ll documents and things." Health Grades objects to this Request as premature given the expert identification and disclosure deadlines of the current Scheduling Order. Health Grades objects to this request to the extent it seeks documents or information subject to the attorney-client privilege or the work-product doctrine. Health Grades objects to this request to the extent it seeks information that is not relevant to a claim or defense in this action. Health Grades objects to this request to the extent it requests publicly available

documents or documents already within the possession of Defendant.  Subject to, and without waiving the General Objections or Specific Objections, Health Grades responds as follows:

Health Grades will produce responsive non-privileged and non-objectionable documents, located after a reasonable search and to the extent such documents exist.

Document Request No. 16:

All licenses or grants of any other rights under the Patent-in-suit, the Application Publication, and/or Related Patents.

Response to Document Request No. 16:

Health Grades objects to this request to the extent it seeks documents or information subject to the attorney-client privilege or the work-product doctrine.  Health Grades objects to this request to the extent it requests publicly available documents or documents already within the possession of Defendant.  Subject to, and without waiving the General Objections or Specific Objections, Health Grades responds as follows:

Health Grades will produce responsive non-privileged and non-objectionable documents, located after a reasonable search and to the extent such documents exist.

Document Request No. 17:

Each and every document and thing identified in, responsive to, used in responding to, or relating in any way to MDx's interrogatories, including MDx's First Set of Interrogatories (Nos. 1-6).

Response to Document Request No. 17:

Health Grades objects to this request as overly broad, unduly burdensome and vague in that it seeks, without limitation, "[e]ach and every document and thing."  Health Grades objects to this request to the extent it seeks documents or information subject to the attorney-client

privilege or the work-product doctrine.  Health Grades objects to this request to the extent it seeks information that is not relevant to a claim or defense in this action.  Health Grades objects to this request to the extent it requests publicly available documents or documents already within the possession of Defendant.  Subject to, and without waiving the General Objections or Specific Objections, Health Grades responds as follows:

Health Grades will produce responsive non-privileged and non-objectionable documents, located after a reasonable search and to the extent such documents exist.

<u>Document Request No. 18:</u>

All documents Health Grades may rely upon or use at trial in this case.

<u>Response to Document Request No. 18:</u>

Health Grades objects to this request to the extent it seeks documents or information subject to the attorney-client privilege or the work-product doctrine.  Subject to, and without waiving the General Objections or Specific Objections, Health Grades responds as follows:

Health Grades will produce responsive non-privileged and non-objectionable documents, located after a reasonable search and to the extent such documents exist.

                              HEALTH GRADES, INC.

                              By its Attorneys,

Date: July 20, 2011              <u>*s/ Jesús M. Vázquez, Jr., Esq.*</u>
                              Kris J. Kostolansky, Esq.
                              Jesús M. Vázquez, Jr., Esq.
                              Jeffrey D. Phipps, Esq.
                              Rothgerber Johnson & Lyons, LLP
                              1200 17th Street, Suite 3000
                              Denver, Colorado 80202-5855
                              Tel:    (303) 623-9000
                              Facsimile: (303) 623-9222
                              Email: kkostolansky@rothgerber.com
                                             jvazquez@rothgerber.com
                                             jphipps@rothgerber.com

                              *Attorneys for Plaintiff/Counterclaim Defendant*
                              *Health Grades, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2011, I electronically served the foregoing **PLAINTIFF HEALTH GRADES, INC.'S RESPONSES TO DEFENDANT MDX MEDICAL, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-18)** on the following:

David Chunyi Lee
Sills Cummis & Gross P.C. – New York
One Rockefeller Plaza, 25th Floor
New York, NY  10020
Email: dlee@sillscummis.com

Mark Jon Rosenberg
Sills Cummis & Gross P.C.-New York
One Rockefeller Plaza, 25th Floor
New York, NY  10020
Email: mrosenberg@sillscummis.com

Terence M. Ridley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
Email: ridley@wtotrial.com

Ramona L. Lampley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
Email: lampley@wtotrial.com

Scott David Stimpson
Sills Cummis & Gross P.C.-New York
One Rockefeller Plaza, 25th Floor
New York, NY  10020
Email: sstimpson@sillscummis.com

*s/ Jesús M. Vazquez*
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Jeffrey D. Phipps, Esq.
Rothgerber Johnson & Lyons, LLP
1200 17th Street, Suite 3000
Denver, Colorado 80202-5855
Tel:     (303) 623-9000
Facsimile: (303) 623-9222
Email:  kkostolansky@rothgerber.com
            jvazquez@rothgerber.com
            jphipps@rothgerber.com
*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*