IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

vs.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**HEALTH GRADES, INC.'S RESPONSE IN OPPOSITION TO "MDX MEDICAL, INC.'S MOTION TO STRIKE PLAINTIFF/COUNTERCLAIM DEFENDANT HEALTH GRADES, INC.'S SUPPLEMENTAL INFRINGEMENT CONTENTIONS PURSUANT TO FED. R. CIV. P. 16(f) AND FED. R. CIV. P. 37(b)(2)(A)" AND MOTION TO ALLOW SUPPLEMENTAL INFRINGEMENT CONTENTIONS**

Plaintiff Health Grades, Inc. ("Health Grades"), by its undersigned counsel, respectfully submits its Response In Opposition to "MDx Medical, Inc.'s ("MDx") Motion to Strike Plaintiff/Counterclaim Defendant Health Grades, Inc.'s Supplemental Infringement Contentions ("Supplemental Contentions") Pursuant to Fed. R. Civ. P. 16(F) and Fed. R. Civ. P. 37(B)(2)(A) (the "Motion")" and Motion to Allow Supplemental Contentions. The Motion should be denied and the Supplemental Contentions should be allowed for the following reasons:

    **I.    STATEMENT OF FACTS**

Good cause exists to allow Health Grades' Supplemental Contentions. Health Grades served its Initial Infringement Contentions on July 1, 2011, as required by the Scheduling Order. Exhibit B to Motion [Doc. 62-3]. In Section E of its Initial Infringement Contentions, Health Grades explained that it was including doctrine of equivalents contentions for the comparison ratings claim element at issue in MDx's motion for partial summary judgment, and that it would

{01001598 / 1}

"supplement and/or amend these disclosures accordingly to include doctrine of equivalents contentions" for any other claim elements that MDx contended were missing from "the accused systems and services." *Id*. Thus MDx has been on notice that supplemental equivalents contentions would be coming since July 1, 2011.

One month later, on August 2, 2011, MDx specifically requested that Health Grades make the supplement to its Initial Infringement Contentions that MDx now seeks to strike. Exhibit E to Motion [Doc. 62-6]. MDx *agreed it would not oppose Health Grades' supplement* as long as Health Grades would not oppose a supplement by MDx to MDx's invalidity contentions. Health Grades did not oppose a supplement by MDx to its invalidity contentions – to the contrary, Health Grades specifically requested that MDx supplement its invalidity contentions on September 2, 2011 – *just seven days* after receiving MDx's first supplement to its invalidity contentions on August 26, 2011. Letter dated September 2, 2011, attached hereto as Exhibit A. Thus Health Grades was diligent and MDx has known since September 2, 2011, that Health Grades would not oppose a supplement by MDx.

Further good cause exists to allow Health Grades' Supplemental Contentions because, as conceded by MDx in its Motion, the Supplemental Contentions are based on documents produced by MDx *two months* after Health Grades filed its Initial Infringement Contentions ("Initial Contentions") on July 1, 2011. Motion at pg. 8 (referencing the supplement's reliance on documents produced by MDx on August 29, 2011); Exhibit D to Motion (redline showing differences between Initial Contentions and Supplemental Contentions provided to MDx at its request, and highlighting Health Grades' reliance on documents produced by MDx two months after Health Grades served its Initial Contentions on pages 8, 9, 10, 11, 17 and 18 of redline).

The "recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions" constitutes good cause to amend the Infringement Contentions. Section 3-6 of the Patent Local Rules, attached as Exhibit A to the Scheduling Order [Doc. 34]. Health Grades made its supplement diligently, less than two months after receiving the non-public, confidential documents from MDx.[1]

Moreover, MDx is not prejudiced by the Supplemental Contentions – not a single deposition has been taken in the case, and MDx has ample time to take discovery regarding the Supplemental Contentions. The fact discovery cut-off deadline in the case is January 16, 2012, and the expert discovery cut-off deadline is March 31, 2012. No trial date has been set, and the final pretrial conference is scheduled for June 14, 2012. Notably, in its Motion MDx does not argue that it is prejudiced by the timing of the Supplemental Contentions, which were served over five weeks ago on October 20, 2011.

## II.    LAW AND ARGUMENT

Plaintiff Health Grades has a constitutionally protected right to a full adjudication of its claims on the merits. *See Zilog, Inc. v. Quicklogic Corp.*, 2006 WL 563057, *2 (N.D.Cal.). In *Zilog* the court allowed the plaintiff to supplement its infringement contentions even though three months had elapsed between the time plaintiff served its initial contentions and the time it served its supplement, and despite allegations of bad faith conduct by the plaintiff. *Id*. at *1 (noting that filing the supplements three months after the initial contentions "constitutes

---

[1] On November 10, 2011, MDx made an additional, unanticipated production of *six thousand* additional pages of documents. This production was made by MDx on the eve of depositions that Health Grades had scheduled to take in New York in the case on November 16 and 17, and forced Health Grades to cancel and reschedule the depositions. Health Grades is reviewing these documents, and it is entirely possible that the documents may require Health Grades to further supplement its infringement contentions.

{01001598 / 1}                                                            3

sufficient diligence to meet the "good cause" standard).  Here, Health Grades diligently served its supplement *less than two months* after receiving non-public, confidential documents from MDx that support the Supplemental Contentions.  As is easily seen in the Supplemental Contentions, the infringement issues in this case – as in most patent cases – are complex, and the less than two month period between Health Grades' receipt of the MDx documents and the filing of the Supplemental Contentions was not unreasonable.

Similarly, in *Biogenex Labs., Inc. v. Ventana Med. Systems, Inc.*, the court allowed new literal infringement contentions by the plaintiff despite finding that the plaintiff "acted unreasonably with respect to both its shift in infringement position and its failure to respond to relevant discovery requests." *Biogenex*, 2006 WL 2228940, *4 (N.D.Cal.).  The court held that it was "extremely reluctant to dispose of substantive infringement claims based upon procedural defects …" *Id*.  That is exactly what MDx seeks to do here, to preclude Health Grades' substantive infringement claims as set forth in the Supplemental Contentions based on alleged procedural defects.  However, as discussed above, MDx specifically requested the supplement and agreed Health Grades could make the supplement, as long as Health Grades did not oppose MDx's own supplement to its invalidity contentions.  Health Grades' relied on this agreement. *See 02 Micro Int'l, Ltd. v. Monolithic Power Systems, Inc*., 467 F.3d 1355, 1367 (Fed. Cir. 2006)(noting that an agreement to supplement between the parties would likely satisfy the diligence requirement, and that reliance on a tentative agreement or on misleading conduct by a party that leads the other party to believe an agreement would be reached "would under some circumstances justify delay.")  Here it would be manifestly unjust to strike the Supplemental

Contentions because MDx changed its mind – conveniently after it received and reviewed the supplement it initially requested and agreed could be made.

In its Motion MDx relies heavily on *02 Micro*, *supra*, and on *Brilliant Instruments, Inc. v. Guidetech, Inc.*, 2011 WL 900369 (N.D.Cal.). In *02 Micro*, however, the plaintiff waited three months after discovering new evidence to serve its amended contentions. *02 Micro, supra*, at 1367. In contrast to the facts in *02 Micro*, Health Grades served its Supplemental Contentions diligently, in reliance on an agreement with MDx, less than two months after receiving MDx's confidential, non-public documents.

The facts in *Brilliant Instruments* are equally distinguishable – in that case the amendment at issue was based on public documents that were available when the initial contentions were made. *Id*. at *2. As discussed above, Health Grades' Supplemental Contentions are based on non-public, confidential documents that were not available when Health Grades made its Initial Contentions.

### III. CONCLUSION

For the reasons discussed above, Health Grades respectfully requests the Court deny MDx's Motion, and that it grant Health Grades' Motion to Allow Supplemental Infringement Contentions.

Respectfully submitted this 29th day of November, 2011.

                          ROTHGERBER JOHNSON & LYONS LLP

                          *s/ Jesús M. Vazquez*
                          Kris J. Kostolansky, Esq.
                          Jesús M. Vázquez, Jr., Esq.
                          Jeffrey D. Phipps, Esq.
                          1200 17th Street, Suite 3000
                          Denver, Colorado  80202
                          Tel:  (303) 623-9000
                          Fax:  (303) 623-9222
                          Email:  kkosto@rothgerber.com
                                      jvazquez@rothgerber.com
                                      jphipps@rothgerber.com

                          *Attorneys for Plaintiff Health Grades, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2011, I electronically filed the foregoing **HEALTH GRADES, INC.'S RESPONSE IN OPPOSITION TO "MDX MEDICAL, INC.'S MOTION TO STRIKE PLAINTIFF/COUNTERCLAIM DEFENDANT HEALTH GRADES, INC.'S SUPPLEMENTAL INFRINGEMENT CONTENTIONS PURSUANT TO FED. R. CIV. P. 16(f) AND FED. R. CIV. P. 37(b)(2)(A)" AND MOTION TO ALLOW SUPPLEMENTAL INFRINGEMENT CONTENTIONS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Scott David Stimpson
Mark Jon Rosenberg
David Chunyi Lee
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY  10112
Email: sstimpson@sillscummis.com
Email: mrosenberg@sillscummis.com
Email: dlee@sillscummis.com

Terence M. Ridley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
Email: ridley@wtotrial.com

Ramona L. Lampley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
Email: lampley@wtotrial.com

*s/ Jesús M. Vazquez*
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Jeffrey D. Phipps, Esq.
Rothgerber Johnson & Lyons, LLP
1200 17th Street, Suite 3000
Denver, Colorado 80202-5855
Tel:     (303) 623-9000
Facsimile: (303) 623-9222
Email:  kkostolansky@rothgerber.com
            jvazquez@rothgerber.com
            jphipps@rothgerber.com

*Attorneys for Plaintiff Health Grades, Inc.*