# EXHIBIT D

**David C. Lee**
_____

**From:** Scott D. Stimpson
**Sent:** Monday, October 24, 2011 9:03 AM
**To:** 'Vazquez, Jesus'; David C. Lee
**Cc:** Scott Murray; 'lampley@wtotrial.com'; 'ridley@wtotrial.com'
**Subject:** RE: Discovery Responses, Supplement to Infringement Contentions and Depositions

Jesus:

This responds to your emails below.

Cooperation Among Counsel

I fully agree that counsel should be cooperative with each other and work to resolve outstanding disputes.  We have been very cooperative and understanding, but we are now realizing this is a one-way street.

You have served supplemental contention interrogatories, and we asked for the simple, common courtesy of a redline so we can see what changes were made with a comparison document.  Obviously, this is a trivial thing for you to do, and literally you could send us both Word versions in a matter of seconds.  Without any explanation, you refuse to cooperate and insist that we instead pour through these two documents, going back and forth trying to determine which specific words were added, deleted, and changed in a seventy-four page document.  So now, with your refusal to extend us even this simple courtesy, we must have our staff spend considerable time trying to convert two huge pdf documents to Word, checking them all to ensure that the conversion was accurate, and creating a redline that way.

I am sure you can see how your current comments about the need for "cooperation" among counsel do not particularly sit well with us.

Health Grades' Belated Contentions

We do not agree with your analysis.

MDx Invalidity Contentions

As we have told you, our invalidity contentions need no supplementation.  They are more than sufficient, and you have not responded to David's email explaining this to you.  Frankly, we see the Health Grades complaint about our contentions as a "me too" response to our identification of the many problems with the Health Grades infringement contentions.

Conference

As you are available all day on Tuesday, let's have the conference at noon your time, 10 a.m. our time.  We will call your office then.

Scott



**Scott D. Stimpson**
Member of the Firm

**New York** |Map   d (212) 500-1550   f (212) 643-6500   30 Rockefeller Plaza   New York, NY 10112

---

**From:** Vazquez, Jesus [mailto:jvazquez@rothgerber.com]
**Sent:** Friday, October 21, 2011 6:38 PM
**To:** Scott D. Stimpson; David C. Lee
**Cc:** Scott Murray; 'lampley@wtotrial.com'; 'ridley@wtotrial.com'
**Subject:** RE: Discovery Responses, Supplement to Infringement Contentions and Depositions

Scott,

I am not refusing anything, and I really am not trying to be difficult or contentious. However, with all due respect, I am resistant to indulge what I perceived to be a somewhat heated, knee-jerk reaction to our supplementation.

I suggest we cool down and talk on Tuesday or Wednesday next week as I previously proposed. Another reason for taking the weekend and Monday is that I was just on the phone with my partner Kris Kostolansky and, unbeknownst to me, he wants to be involved in the inventor depositions and his availability is not in line with the dates you and I have discussed. So we need to huddle-up here on our end on Monday and determine when he and I and the inventors are all available, before we can finalize the inventors' deposition schedule. Hopefully this time will also allow you to obtain Messrs. Rothschild and LaPointe's availability, so that both sides can benefit from knowing when all the depositions are set to occur and we can all plan accordingly. It would be helpful if you could tell us all the dates that you currently know will not work on your end - we understand that you are not available November 2-14; are there other dates that you know will not work on your end in December? I know that I am not available from December 22 through the end of the year.

As we schedule these depositions we also need to keep in mind that Health Grades' Claim Construction Brief and Evidence is due on December 5, and MDx's Claim Construction Brief and Evidence is due on December 19.

Thanks, and have a good weekend.

Jesus

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO  80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

---

**From:** Scott D. Stimpson [mailto:sstimpson@sillscummis.com]

**Sent:** Friday, October 21, 2011 3:29 PM
**To:** Vazquez, Jesus; David C. Lee
**Cc:** Scott Murray; 'lampley@wtotrial.com'; 'ridley@wtotrial.com'
**Subject:** RE: Discovery Responses, Supplement to Infringement Contentions and Depositions

Are you refusing to give us a redline, or even documents where we can do so ourselves?

Sent from my Verizon Wireless Phone

"Vazquez, Jesus" <jvazquez@rothgerber.com> wrote:

Scott:

Obviously we disagree that we have acted in bad faith in any way and that any of our responses or objections are frivolous. I also don't appreciate you telling me what I could or could not have done "the day after" MDx's requests were served. Perhaps if you took a bit of time yourself to consider your actions you would see how unnecessary and counterproductive dramatic emails such as the one you sent us today really are. We have worked well together - respectfully and professionally - and I look forward to continuing to do so as the case progresses.

You have known that we intended to supplement our contentions from the day we filed them. There is absolutely no prejudice to MDx - it is only October 21, 2011. Fact discovery is ongoing through January 16, 2012, and expert discovery is ongoing through March 31, 2012. A trial date has not even been set in the case. Further, there is no "affront" to the Court whatsoever - there is no deadline for supplements in the patent rules - rather, what makes sense is that the parties supplement without needing to file a motion requesting permission to supplement, as is the case under Rule 26(e). In that regard we requested that MDx supplement its invalidity contentions well over 6 weeks ago, as detailed in our letter dated September 2, 2011. Ten days later David sent us an email response in which he explained that MDx did not believe it needed to supplement its invalidity contentions, but nonetheless reserved the right to do so. You cannot have it both ways - in the end we are sure the Court will favor that the parties provide all information to each other so that the issues can be appropriately resolved with full consideration of all available evidence and arguments. We still believe that MDx needs to supplement its invalidity contentions as detailed in our letter of September 2, 2011, and would like to know whether or not MDx will do so. During our call earlier this week David and I discussed conferring further to discuss this issue in more detail, and we are open to doing that.

I believe that my detailed cover email yesterday quite adequately described what we added to the infringement contentions chart. By comparing our previous chart to the supplemented chart and using my cover email and the specific page references within it as a guide, you can easily confirm the changes listed in my email and easily identify exactly what is new in the supplemented chart.

Of course we are open to confer about our discovery responses and objections, but are not available this afternoon. I suggest we schedule a conference for next week, perhaps Tuesday or Wednesday? By then you should have received all of our document production and had a chance to review it, at least in a cursory fashion, and we may thus have a more productive conferral. I am available on Tuesday all day, and on Wednesday except between 11:30 AM MDT and 1:30 PM MDT.

With respect to the depositions, October 31 and November 1 do not work. Earlier today I sent you an email which proposed some alternate dates for the depositions. I have since conferred further on our

side and it looks like we could do John Neal on December 1 or 2, and Dave Hicks on December 5 or 6. Please let me know if this works so we can get the dates set on everybody's calendars.  Again, we would appreciate receiving proposed dates for Messrs. Rothschild and LaPointe.

Finally, I already sent you our position regarding MDx's proposed inequitable conduct defense in my email earlier today.

Regards, Jesus

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO  80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

---

**From:** Scott D. Stimpson [mailto:sstimpson@sillscummis.com]
**Sent:** Friday, October 21, 2011 12:16 PM
**To:** Vazquez, Jesus; David C. Lee
**Cc:** Scott Murray; 'lampley@wtotrial.com'; 'ridley@wtotrial.com'
**Subject:** RE: Discovery Responses, Supplement to Infringement Contentions and Depositions

Jesus:

This addresses a few discovery issues, and responds to your email.

<u>Infringement Contentions</u>

As you know, we do not agree that HG may now supplement its infringement contentions many months after this information was due, and include information that should have been in the contentions at the time ordered by the court.  This is particularly true given your failure to request court permission.

HG's failure to include equivalents positions in its first contentions was unjustifiable, as you knew at that time that there were several other non-infringement positions:  our summary judgment initial memorandum said there were grounds of non-infringement other than comparison ratings; our Scheduling Order expressly stated that there were "several additional grounds for non-infringement" in addition to the comparison ratings; David and I both identified several specific claim terms not met during our call with you on June 14 as part of our discussion on claim construction issues for the case, as we were ordered to do by Judge Brimmer; and then in August our non-infringement positions were again laid out in great detail in our interrogatory responses.  For HG to refuse to provide these equivalents positions because "MDX has . . . effectively conceded that all other claim elements [other than comparison ratings] are present in the accused system" is pure bad faith, and an affront to the Court's order that HG provide its infringement contentions on July 1 -- nearly four months ago.

We need to know how you have specifically changed these contentions, and what you have added.  Your email explanation is not sufficient.  Please send us the original and the supplement in Word, so we can prepare a redline.

HG's Latest Discovery Responses

Your responses to our discovery requests are deeply troubling.  We did not allow HG these large extensions only so you could provide frivolous objections and refuse to produce discovery -- you could have done that the day after these requests were served.  We need a conference call please.  Please let us know a time today when you are available for a call.

Depositions

We are not available for depositions of the inventors from November 2-14, as I have commitments in New York and then will be out of the country.  Please check to see if October 31 and November 1 will work for one or two of the inventors, and if not please provide alternative dates.  Mitch Rothschild is out of the office this week, but we should have dates for our depositions soon.

Inequitable Conduct

Lastly, you said you were going to provide us reasoning why you thought an inequitable conduct allegation will be futile.  If you do have reasons, please provide them by Monday -- particularly given the proceedings at the Patent Office, we cannot see how the inventors could possibly have withheld HG's own prior art for any reasons other than intentional deception.


We look forward to hearing from you soon about a time for our call.

Scott




**Scott D. Stimpson**
Member of the Firm

**New York |Map**   d (212) 500-1550   f (212) 643-6500   30 Rockefeller Plaza   New York, NY 10112

---

**From:** Vazquez, Jesus [mailto:jvazquez@rothgerber.com]
**Sent:** Thursday, October 20, 2011 8:04 PM
**To:** Scott D. Stimpson; David C. Lee
**Cc:** Mark J. Rosenberg; Scott Murray; 'lampley@wtotrial.com'; 'ridley@wtotrial.com'
**Subject:** Discovery Responses, Supplement to Infringement Contentions and Depositions

Scott and David:

Attached are Health Grades' responses to MDx's discovery requests, as well as Health Grades' second supplement to its Infringement Contentions chart.

With respect to the supplement, you will see that we have added support for our literal infringement and doctrine of equivalents arguments for the term "healthcare provider-verified information" beginning on

page 7 for literal infringement and page 8 for DOE.

Additionally, we have added supplemental literal infringement arguments for "compiling ... on-line patient experience surveys" begin on page 10, and DOE arguments also begin on page 10.

Supplemental literal infringement arguments for "compiling ... verified by an independent third-party source" begin on page 17, and DOE arguments begin on page 18.

Supplemental literal infringement arguments for "using healthcare provider-verified information, and the information verified by an independent third-party source" begin on page 25, and DOE arguments begin on page 26.

Supplemental DOE arguments for "report" begin on page 27.

Supplemental literal infringement arguments for "comparison ratings" begin on page 27, and DOE arguments begin on page 28.

DOE arguments for "the results list further includes an advertisement" begin on page 34.

I anticipate sending you responsive documents to MDx's requests for production tomorrow - however, due to a glitch we encountered with the bates numbering and designations we may need until Monday to complete the production. I do apologize for this short delay.

With respect to depositions, Dave Hicks is available on November 2, 3 or 4. I am trying to determine if John Neal is available in that same time frame to come to Denver for his deposition - I will let you know as soon as I hear back from him. I previously gave you Scott Montroy's availability in Florida, i.e., the week of Nov 14th-18th or Dec 5th-9th. Per our previous request, we would appreciate it if you could let us know regarding Messrs. Rothschild and LaPointe's availability in New York in November (except Thanksgiving week) and December (except from December 22 through the end of the year).

Regards, Jesus

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO 80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.

NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C.

for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.

NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.

12/5/2011