# EXHIBIT E

**David C. Lee**

**From:** Vazquez, Jesus [jvazquez@rothgerber.com]
**Sent:** Friday, October 21, 2011 2:40 PM
**To:** Scott D. Stimpson; David C. Lee; Scott Murray
**Subject:** Depositions and proposed amendment to add inequitable conduct defense

Scott and David:

John Neal is not available for his deposition during the times that Dave Hicks is available. John has indicated that he may be available the last week in November or the first week in December. Dave Hicks has indicated that right now he is fairly open both of those weeks as well if we want to combine the two depositions. Please advise as soon as you can what your thoughts are with respect to scheduling these depositions.

With respect to your inquiry regarding moving to add an inequitable conduct defense, as we have discussed we oppose such a motion. We believe the Court is unlikely to grant such a motion because the proposed amendment would be futile.

By way of background, because of concerns about the expansion of the use of an inequitable conduct allegation as a strategic tool, the Federal Circuit recently revisited and heightened the standard for proving inequitable conduct. It now involves proof of two distinct elements: (1) "that the applicant misrepresented or omitted material information" (the "materiality" element) and (2) that the applicant did so "with the specific intent to deceive the PTO" (the "intent" element). *Therasense, Inc. v. Becton, Dickinson & Co.*, 2011 U.S. App. LEXIS 10590, at *24 (Fed. Cir. May 25, 2011). With respect to the materiality element, "the materiality required to establish inequitable conduct is 'but-for' materiality," meaning that "the PTO would not have allowed a claim had it been aware of the undisclosed prior art." *Id.* at *37. With respect to the intent element, the requisite intent is "a specific intent to deceive the PTO," which requires that "the applicant made a deliberate decision to withhold a known material reference." *Id.* at *32. "[G]ross negligence" is not enough, nor is it enough that that "the applicant knew of a reference, should have known of its materiality, and decided not to submit it to the PTO." *Id.* at *32-33. The intent to deceive must be "the single most reasonable inference able to be drawn." *Id.* at *34.

Further, the general pleading requirements of Rule 8(a) apply to the intent element, and the particularity requirements of Rule 9(b) apply to the materiality element. *See Pfizer Inc. v. Teva Pharms. USA, Inc.*, --- F. Supp. 2d. ----, 2011 U.S. Dist. LEXIS 90021, at *16 (E.D. Va. Aug. 12, 2011) (explaining that "[i]n pleading the intent prong, the court evaluates whether a sufficient showing has been made under the standards of Federal Rule of Civil Procedure 8(a)" but that "a party must still identify the specific who, what, when, where, and how of the material misrepresentation or omission committed" (quoting *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328 (Fed. Cir. 2009)). To satisfy the particularity requirements of Rule 9(b), the factual allegations supporting an inequitable conduct allegation must "identify the specific who, what, when, where, and how of the material misrepresentation or omission." *Pfizer*, 2011 WL 3563112 at *16 quoting *Exergen*, 575 F.3d at 1328). The particularity requirement is not satisfied by "[a] mere recitation that 'X' individual, at 'X' time, failed to turn over 'X' information to the PTO that would have been material to the prosecution, with specific intent to deceive the PTO." *Pfizer*, 2011 WL 3563112 at *16. Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the court need not accept "legal conclusion couched as factual allegation." *Iqbal*, 129 S.Ct. at 1949-

12/5/2011

50. Likewise, the court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* A complaint plausibly gives rise to an entitlement to relief only if "the factual content of the complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *NemetChevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at 1949).

Here, MDX is alleging that one or more of the inventors may have known about an unspecified version of Health Grades' prior website at some undefined point in time, that this unspecified website would have been material to patentability, and that the unnamed inventors had a specific intent to deceive the PTO. These allegations are even more vague than what the *Pfizer* court found insufficient to survive a motion to dismiss, and our privileged discussions with the inventors confirm there simply was no such knowledge, and certainly no intent, to support the defense.

Moreover, it is Health Grades' position that no prior versions of its website are material to patentability because no prior versions of its website contained all of elements of the claimed invention, and further it is Health Grades' position that the information contained in the prior art websites is merely cumulative of what was disclosed to the PTO.

As such, any motion to amend the pleadings to add a claim for inequitable conduct would be futile and would be denied. *See, e.g., Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1331 (Fed. Cir. 2009); *Softview LLC v. Apple Inc.*, 2011 U.S. Dist. LEXIS 112476, *4 (D. Del. Sept. 30, 2011) (denying motion to amend to add a claim for inequitable conduct because it would be futile because it failed to state an affirmative defense for invalidity of the patents-in-suit due to inequitable conduct on which relief could be granted).

I hope this fully explains Health Grades' position. If you have any questions please don't hesitate to contact me.

Regards, Jesus

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO  80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com <http://www.rothgerber.com/>

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.

12/5/2011