

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | ISSUE DATE | PATENT NO. | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/512,529 | 07/06/2010 | 7752060 | 40476.0002USU1 | 1358 |

23552       7590       06/16/2010
MERCHANT & GOULD PC
P.O. BOX 2903
MINNEAPOLIS, MN 55402-0903

# ISSUE NOTIFICATION

The projected patent number and issue date are specified above.

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
### (application filed on or after May 29, 2000)

The Patent Term Adjustment is 909 day(s). Any patent to issue from the above-identified application will include an indication of the adjustment on the front page.

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Application Assistance Unit (AAU) of the Office of Data Management (ODM) at (571)-272-4200.

APPLICANT(s) (Please see PAIR WEB site http://pair.uspto.gov for additional applicants):

David G. Hicks, Littleton, CO;
Scott Montroy, Lakewood, CO;
John Neal, Tampa, FL;

IR103 (Rev. 10/09)                                                    **EXHIBIT D**

Receipt date: 03/25/2008

Date Mailed: March 25, 2008

11512529 - GAU: 3686

Sheet 1 of 1

| FORM 1449* | | | | | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT** | | | Docket Number:<br>40476.0002USU1 | | Application Number:<br>11/512,529 |
| **IN AN APPLICATION** | | | Applicant: Hicks, et al. | | |
| (Use several sheets if necessary) | | | Filing Date: August 29, 2006 | Group Art Unit: 3626 | |

### U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| | 20040260666 | 12/23/04 | Pestotnik, et al. | | | |
| | 20060161456 | 07/20/06 | Baker, et al. | | | |
| | 5,517,405 | 05/14/96 | McAndrew, et al. | | | |
| | 5,915,240 | 06/22/99 | Karpf | | | |
| | 6,029,138 | 02/22/00 | Khorasani, et al. | | | |
| | 6,081,786 | 06/27/00 | Barry, et al. | | | |
| | 6,108,635 | 08/22/00 | Herren, et al. | | | |
| | 6,188,988 | 02/13/01 | Barry, et al. | | | |
| | 6,269,339 | 07/31/01 | Silver | | | |
| | 6,584,445 | *06* 07/24/03 | Papageorge | | | |
| | 6,697,783 | 02/24/04 | Brinkman, et al. | | | |

### FOREIGN PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION | |
|---|---|---|---|---|---|---|---|
| | | | | | | YES | NO |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

### OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| | |
| | |
| | |
| | |

**23552**
PATENT TRADEMARK OFFICE

| EXAMINER | /Trang Nguyen/ | DATE CONSIDERED | 11/02/2009 |
|---|---|---|---|

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; draw line through citation if not in conformance and not considered. Include copy of this form for next communication to the Applicant.

*Substitute Disclosure Statement Form (PTO-1449)     Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /T.N./

**PART B - FEE(S) TRANSMITTAL**

**Complete and send this form, together with applicable fee(s), to:** **Mail**   Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
**or Fax**   (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

    23552          7590          05/14/2010

MERCHANT & GOULD PC
P.O. BOX 2903
MINNEAPOLIS, MN 55402-0903

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

| Michelle Crosslin | (Depositor's name) |
|---|---|
| /Michelle Crosslin/ | (Signature) |
| May 20, 2010 | (Date) |

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/512,529 | 08/29/2006 | David G. Hicks | 40476.0002USU1 | 1358 |

TITLE OF INVENTION: INTERNET SYSTEM FOR CONNECTING HEALTHCARE PROVIDERS AND PATIENTS

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | YES | $755 | $300 | $0 | $1055 | 08/16/2010 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| NGUYEN, TRANG T | 3686 | 705-002000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).
☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 Merchant & Gould, P.C.
2 _____
3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)
PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE          (B) RESIDENCE: (CITY and STATE OR COUNTRY)
    HEALTH GRADES, INC.              GOLDEN, CO USA

Please check the appropriate assignee category or categories (will not be printed on the patent): ☐ Individual ☒ Corporation or other private group entity ☐ Government

4a. The following fee(s) are submitted:
☒ Issue Fee
☒ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): (Please first reapply any previously paid issue fee shown above)
☐ A check is enclosed.
☒ Payment by credit card. Form PTO-2038 is attached. Electronically filed.
☒ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment to Deposit Account Number ___132725___ (enclose an extra copy of this form).

5. Change in Entity Status (from status indicated above)
☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.
☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature   /Timothy B. Scull/          Date   May 20, 2010
Typed or printed name   Timothy B. Scull          Registration No.   42,137

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85 (Rev. 08/07) Approved for use through 08/31/2010.          OMB 0651-0033          U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

S/N 11/512,529

PATENT
CONF. NO. 1358

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | David G. Hicks, et al. | Examiner: | Trang T. Nguyen |
| Serial No.: | 11/512,529 | Group Art Unit: | 3686 |
| Filed: | August 29, 2006 | Docket No.: | 40476.0002USU1 |
| Title: | **INTERNET SYSTEM FOR CONNECTING HEALTHCARE PROVIDERS AND PATIENTS** | | |

*Electronically filed – May 20, 2010*

## COMMENTS ON STATEMENT OF REASONS FOR ALLOWANCE

Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

The Applicants acknowledge the allowance of claims 1, 3-6, 8, 10-15 and 17-18 in the subject application by the Examiner with appreciation. The Applicants point out that the reasons set forth by the Examiner are not the only reasons that claims 1, 3-6, 8, 10-15 and 17-18 are allowable. The Applicants agree with the Examiner's Statement of Reasons for Allowance, mailed May 14, 2010, to the extent that the claims of the present application are patentable over the references in the record. However, the Applicants do not necessarily acquiesce or agree in any manner as to the comments made by the Examiner regarding what the cited art does or does not teach. In addition, the Applicants respectfully traverse the Examiner's Statement of Reasons for Allowance to the extent that any comment is intended or has the effect of limiting a claim scope, explicitly or implicitly, by not reciting verbatim the respective claim language, or is intended or has the effect of limiting a claim scope by stating or implying that all the reasons for patentability are in any way fully enumerated.

Further reasons for allowance beyond those enumerated by the Examiner are described and set forth in the Applicants' Specification. As the Examiner's reasons for allowance are not

exhaustive, such reasons for allowance do not establish an estoppel against the Applicants seeking and obtaining allowance of additional, broader claims in a continuation application, which the Applicants reserve the right to file.

It is believed that no further fees are due at this time.  However, the Commissioner is hereby authorized to charge any deficiencies or credit any overpayment with respect to this patent application to deposit account number 13-2725.

Respectfully submitted,

Dated: <u>May 20, 2010</u>

<u>        /Timothy B. Scull/        </u>
Timothy B. Scull, Reg. No. 42,137
Merchant & Gould P.C.
P.O. Box 2903
Minneapolis, MN 55402-0903
(303) 357-1648

**23552**
PATENT TRADEMARK OFFICE

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 11512529 |
| **Filing Date:** | 29-Aug-2006 |
| **Title of Invention:** | INTERNET SYSTEM FOR CONNECTING HEALTHCARE PROVIDERS AND PATIENTS |
| **First Named Inventor/Applicant Name:** | David G. Hicks |
| **Filer:** | Timothy Brian Scull/Michelle Crosslin |
| **Attorney Docket Number:** | 40476.0002USU1 |

Filed as Small Entity

## Utility under 35 USC 111(a) Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| Utility Appl issue fee | 2501 | 1 | 755 | 755 |
| Publ. Fee- early, voluntary, or normal | 1504 | 1 | 300 | 300 |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| **Total in USD ($)** | | | | **1055** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 7657205 |
| **Application Number:** | 11512529 |
| **International Application Number:** | |
| **Confirmation Number:** | 1358 |
| **Title of Invention:** | INTERNET SYSTEM FOR CONNECTING HEALTHCARE PROVIDERS AND PATIENTS |
| **First Named Inventor/Applicant Name:** | David G. Hicks |
| **Customer Number:** | 23552 |
| **Filer:** | Timothy Brian Scull/Michelle Crosslin |
| **Filer Authorized By:** | Timothy Brian Scull |
| **Attorney Docket Number:** | 40476.0002USU1 |
| **Receipt Date:** | 20-MAY-2010 |
| **Filing Date:** | 29-AUG-2006 |
| **Time Stamp:** | 20:11:42 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $1055 |
| RAM confirmation Number | 5651 |
| Deposit Account | 132725 |
| Authorized User | SCULL,TIMOTHY B. |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |
| Charge any Additional Fees required under 37 C.F.R. Section 1.19 (Document supply fees) | |
| Charge any Additional Fees required under 37 C.F.R. Section 1.20 (Post Issuance fees) | |

Charge any Additional Fees required under 37 C.F.R. Section 1.21 (Miscellaneous fees and charges)

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Issue Fee Payment (PTO-85B) | 0002usu1-Issue-Fees-05-20-2010.PDF | 100004 <br> 516765b994ad789e19933468d764892f83723455 | no | 1 |
| Warnings: | | | | | |
| Information: | | | | | |
| 2 | Post Allowance Communication - Incoming | 0002usu1-Comments-on-Allowance-05-20-2010.PDF | 79446 <br> 8120075aeb886512bd81a76e5fa5f473cb444b09 | no | 2 |
| Warnings: | | | | | |
| Information: | | | | | |
| 3 | Fee Worksheet (PTO-875) | fee-info.pdf | 31951 <br> 0d5bb7e219906f4e0072af1c00a88f1e2c673eb0 | no | 2 |
| Warnings: | | | | | |
| Information: | | | | | |
| **Total Files Size (in bytes):** | | | 211401 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

__New Applications Under 35 U.S.C. 111__
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

__National Stage of an International Application under 35 U.S.C. 371__
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

__New International Application Filed with the USPTO as a Receiving Office__
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| 23552 | 7590 | 05/14/2010 |
|---|---|---|

MERCHANT & GOULD PC
P.O. BOX 2903
MINNEAPOLIS, MN 55402-0903

| EXAMINER |
|---|
| NGUYEN, TRANG T |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3686 | |

DATE MAILED: 05/14/2010

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/512,529 | 08/29/2006 | David G. Hicks | 40476.0002USU1 | 1358 |

TITLE OF INVENTION: INTERNET SYSTEM FOR CONNECTING HEALTHCARE PROVIDERS AND PATIENTS

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | YES | $755 | $300 | $0 | $1055 | 08/16/2010 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.  THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT.  SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED.  THIS STATUTORY PERIOD CANNOT BE EXTENDED.  SEE 35 U.S.C. 151.  THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION.  IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is the same, pay the TOTAL FEE(S) DUE shown above.

B. If the status above is to be removed, check box 5b on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check box 5a on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and 1/2 the ISSUE FEE shown above.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

PTOL-85  (Rev. 08/07) Approved for use through 08/31/2010.

## PART B - FEE(S) TRANSMITTAL

**Complete and send this form, together with applicable fee(s), to:** <u>Mail</u>   **Mail Stop ISSUE FEE**
**Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, Virginia 22313-1450**
**or** <u>Fax</u>   **(571)-273-2885**

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

| | | |
|---|---|---|
| 23552 | 7590 | 05/14/2010 |

MERCHANT & GOULD PC
P.O. BOX 2903
MINNEAPOLIS, MN 55402-0903

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**

I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/512,529 | 08/29/2006 | David G. Hicks | 40476.0002USU1 | 1358 |

TITLE OF INVENTION: INTERNET SYSTEM FOR CONNECTING HEALTHCARE PROVIDERS AND PATIENTS

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | YES | $755 | $300 | $0 | $1055 | 08/16/2010 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| NGUYEN, TRANG T | 3686 | 705-002000 |

**1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).**

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

**2. For printing on the patent front page, list**

(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

**3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT** (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE

(B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) : ☐ Individual ☐ Corporation or other private group entity ☐ Government

**4a. The following fee(s) are submitted:**

☐ Issue Fee

☐ Publication Fee (No small entity discount permitted)

☐ Advance Order - # of Copies _____

**4b. Payment of Fee(s): (Please first reapply any previously paid issue fee shown above)**

☐ A check is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

**5. Change in Entity Status** (from status indicated above)

☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.    ☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature _____    Date _____

Typed or printed name _____    Registration No. _____

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85  (Rev. 08/07) Approved for use through 08/31/2010.          OMB 0651-0033          U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/512,529 | 08/29/2006 | David G. Hicks | 40476.0002USU1 | 1358 |

23552          7590          05/14/2010

MERCHANT & GOULD PC
P.O. BOX 2903
MINNEAPOLIS, MN 55402-0903

| EXAMINER |
|---|
| NGUYEN, TRANG T |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3686 | |

DATE MAILED: 05/14/2010

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
### (application filed on or after May 29, 2000)

The Patent Term Adjustment to date is 600 day(s). If the issue fee is paid on the date that is three months after the mailing date of this notice and the patent issues on the Tuesday before the date that is 28 weeks (six and a half months) after the mailing date of this notice, the Patent Term Adjustment will be 600 day(s).

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85  (Rev. 08/07) Approved for use through 08/31/2010.

| *Notice of Allowability* | Application No. | Applicant(s) |
|---|---|---|
| | 11/512,529 | HICKS ET AL. |
| | Examiner | Art Unit | |
| | TRANG NGUYEN | 3686 | |

**-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--**

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to _04/26/2010_.

2. ☒ The allowed claim(s) is/are _1-4,6-15 and 19-21_.

3. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All   b) ☐ Some*   c) ☐ None  of the:

      1. ☐ Certified copies of the priority documents have been received.

      2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

      3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    * Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

4. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

    (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached

      1) ☐ hereto or 2) ☐ to Paper No./Mail Date _____ .

    (b) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____ .

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)
2. ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3. ☒ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _02/15/2010, 03/02/2010_
4. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

5. ☐ Notice of Informal Patent Application
6. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .
7. ☐ Examiner's Amendment/Comment
8. ☒ Examiner's Statement of Reasons for Allowance
9. ☐ Other _____ .

/T. N./
Examiner, Art Unit 3686

Application: 11/512,529                                    Paper No. 20100504

Art Unit: 3686                                                          Page 2

## DETAILED ACTION

### *Prosecution History Summary*

1.      Claims 5 and 16-18 are cancelled.

2.      Claims 1-3, 7-11, 13, 15 and 19-21 are amended.

3.      Claims 1-4, 6-15 and 19-21 are allowed.


### *Reasons for Allowance*

4.      The following is an Examiner's statement of reasons for allowance:

<u>Regarding claim 1</u>

The prior arts of record neither anticipate nor fairly and reasonably teaches a computer-implemented method of providing healthcare provider information to potential patients, said method comprising:

receiving, by a Web server computer of a company providing a service for connecting healthcare providers with the potential patients, a request for information regarding a first healthcare provider, wherein the Web server computer comprises at least one computer processor and memory;

accessing compiling healthcare provider-verified information about the first healthcare provider, <u>wherein the healthcare provider-verified information is received from the first healthcare provider and comprises three or more from the group consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications,</u>

Application: 11/512,529

Paper No. 20100504

Art Unit: 3686

Page 3

languages, and hobbies;

compiling, by the at least one computer processor, patient-provided information regarding the first healthcare provider, wherein the patient-provided information comprises patient ratings from one or more past or current patients of the first healthcare provider, and wherein the patient ratings are received from an on-line patient experience survey completed on a company Web site by the one or more past or current patients of the first healthcare provider, and wherein the company Web site is managed by the company providing the service for connecting healthcare providers with the potential patients;

compiling information regarding the first healthcare provider verified by an independent third-party source, wherein the information verified by the independent third-party source comprises three or more from the group consisting of: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship information;

creating, by the at least one computer processor, a healthcare provider report on the first healthcare provider using the healthcare provider-verified information, the patient-provided information, and the information verified by the independent third-party source, wherein the healthcare provider report on the first healthcare provider includes comparison ratings of healthcare providers; and providing access to the healthcare provider report on the first healthcare provider over a computer network.

Application: 11/512,529                                        Paper No. 20100504

Art Unit: 3686                                                            Page 4

5.     The most remarkable prior art of record is as follows:

-Henley: U.S. Publication No. 2003/0195838

-Cook et al.: U.S. Publication No. 2006/0080146

-Sameh: U.S. Publication No. 2004/0010423

6.     The cited prior arts of record fail to expressly teach a computer-implemented method of providing healthcare provider information to potential patients wherein the healthcare provider-verified information is received from the first healthcare provider and comprises three or more from the group consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies; and wherein the information verified by the independent third-party source comprises three or more from the group consisting of: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship.

7.     Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably

Application: 11/512,529                                    Paper No. 20100504

Art Unit: 3686                                                        Page 5

accompany the issue fee.  Such submissions should be clearly labeled "Comments on

Statement of Reasons for Allowance."


### *Conclusion*

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to TRANG NGUYEN whose telephone number is (571)

270-5483.  The examiner can normally be reached on Monday-Thursday 7:00AM -

5:30PM ET.


If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Gerald O'Connor can be reached on (571) 272-6787.  The fax phone

number for the organization where this application or proceeding is assigned is (571)

273-8300.


/T. N./
Examiner, Art Unit 3686
May 4, 2010


                                                        /Gerald J. O'Connor/
                                                        Supervisory Patent Examiner
                                                        Group Art Unit 3686

Receipt date: 02/15/2010                                                11512529 - GAU: 3686

Date Filed: February 15, 2010                                           Sheet 1 of 1

| FORM 1449* | | INFORMATION DISCLOSURE STATEMENT | | Docket Number: 40476.0002USU1 | | Application Number: 11/512,529 |
|---|---|---|---|---|---|---|
| | | **IN AN APPLICATION** | | Applicant: Hicks, et al. | | |
| | | (Use several sheets if necessary) | | Filing Date: 08/29/06 | | Group Art Unit: 3686 |

## U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| | 2002/0038233 | 03/2002 | Shubov et al. | 705 | 001 | |
| | 2004/0019579 | 01/2004 | Herz et al. | 707 | 104.100 | |
| | 2004/0172282 | 09/2004 | Anuthep Benja-Athon | 705 | 002 | |
| | 2006/0015369 | 01/2006 | Bachus et al. | 705 | 002 | |
| | 2006/0294138 | 12/2006 | Lucas Stolba | 707 | 010 | |
| | 2007/0094044 | 04/2007 | Stone et al. | 705 | 002 | |
| | 7383197 | 06/2008 | George G. Neuman | 705 | 002 | |
| | 7065528 | 06/2006 | Herz et al. | 405 | 104.100 | |
| | 5365425 | 11/1994 | Torma et al. | 364 | 401 | |
| | | | | | | |
| | | | | | | |

## FOREIGN PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION | |
|---|---|---|---|---|---|---|---|
| | | | | | | YES | NO |
| | | | | | | | |
| | | | | | | | |

## OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| | GeoAccess.com [online], [retrieved on 2010-02-15]. Retrieved from the internet: <URL: http://www.ingenix.com> (2010) 1 page. |
| | UCompareHealthCare.com [online], [retrieved on 2010-02-15]. Retrieved from the internet: <URL: www.UCompareHealthCare.com> (2010) 1 page. |
| | RevolutionHealth.com [online], [retrieved on 2010-02-15]. Retrieved from the internet: <URL: www.RevolutionHealth.com> (No Date) 1 page. |
| | WebMD.com [online], [retrieved on 2010-02-15]. Retrieved from the internet: <URL: www.WebMD.com> (2005-2010) 2 pages. |

**23552**

PATENT TRADEMARK OFFICE

| EXAMINER | /Trang Nguyen/ | DATE CONSIDERED | 05/04/2010 |
|---|---|---|---|

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; draw line through citation if not in conformance and not considered. Include copy of this form for next communication to the Applicant.

*Substitute Disclosure Statement Form (PTO-1449)                Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /T.N./

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 11512529 | HICKS ET AL. |
| | Examiner | Art Unit |
| | TRANG NGUYEN | 3686 |

### SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 705 | 2 | 11/02/2009 | Trang Nguyen |
| 705 | 3 | 11/02/2009 | Trang Nguyen |
| | Updated as above | 05/04/2010 | Trang Nguyen |

### SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| EAST - Inventor's name | 11/02/2009 | Trang Nguyen |
| Reviewed and Considered  EIC 705 Template Search Results | 05/04/2010 | Trang Nguyen |

### INTERFERENCE SEARCH

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 705 | 2 | 05/04/2010 | Trang Nguyen |
| 705 | 3 | 05/04/2010 | Trang Nguyen |

| | |
|---|---|
| | |

| | | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|
| ***Index of Claims*** | | 11512529 | HICKS ET AL. |
| | | Examiner | Art Unit |
| | | TRANG NGUYEN | 3686 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

☒ Claims renumbered in the same order as presented by applicant    ☐ CPA   ☐ T.D.   ☐ R.1.47

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 08/19/2009 | 11/02/2009 | 05/04/2010 | | | | | |
| 1 | 1 | ÷ | ✓ | = | | | | | |
| 2 | 2 | ÷ | ✓ | = | | | | | |
| 3 | 3 | ÷ | ✓ | = | | | | | |
| 4 | 4 | ÷ | ✓ | = | | | | | |
| | 5 | ÷ | ✓ | - | | | | | |
| 5 | 6 | ÷ | ✓ | = | | | | | |
| 6 | 7 | ÷ | ✓ | = | | | | | |
| 7 | 8 | ÷ | ✓ | = | | | | | |
| 8 | 9 | ÷ | ✓ | = | | | | | |
| 9 | 10 | ÷ | ✓ | = | | | | | |
| 10 | 11 | ÷ | ✓ | = | | | | | |
| 11 | 12 | ÷ | ✓ | = | | | | | |
| 12 | 13 | ÷ | ✓ | = | | | | | |
| 13 | 14 | ÷ | ✓ | = | | | | | |
| 14 | 15 | ÷ | ✓ | = | | | | | |
| | 16 | ÷ | - | - | | | | | |
| | 17 | ÷ | - | - | | | | | |
| | 18 | ÷ | - | - | | | | | |
| 15 | 19 | ÷ | ✓ | = | | | | | |
| 16 | 20 | ÷ | ✓ | = | | | | | |
| 17 | | | | = | | | | | |

U.S. Patent and Trademark Office

Part of Paper No. : 20100504

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 11512529 | HICKS ET AL. |
| | Examiner | Art Unit |
| | TRANG NGUYEN | 3686 |

| ORIGINAL | | INTERNATIONAL CLASSIFICATION | | | | | |
|---|---|---|---|---|---|---|---|
| CLASS | SUBCLASS | CLAIMED | | | | NON-CLAIMED | |
| 705 | 3 | A | 6 | 1 | B | 5 / 00 (2006.0) | |
| | | G | 0 | 6 | F | 19 / 00 (2006.0) | |

| CROSS REFERENCE(S) | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |

| ☒ Claims renumbered in the same order as presented by applicant | | ☐ CPA | ☐ T.D. | ☐ R.1.47 |
|---|---|---|---|---|

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 17 | 21 | | | | | | | | | | | | |
| 2 | 2 | | | | | | | | | | | | | | |
| 3 | 3 | | | | | | | | | | | | | | |
| 4 | 4 | | | | | | | | | | | | | | |
| 5 | 6 | | | | | | | | | | | | | | |
| 6 | 7 | | | | | | | | | | | | | | |
| 7 | 8 | | | | | | | | | | | | | | |
| 8 | 9 | | | | | | | | | | | | | | |
| 9 | 10 | | | | | | | | | | | | | | |
| 10 | 11 | | | | | | | | | | | | | | |
| 11 | 12 | | | | | | | | | | | | | | |
| 12 | 13 | | | | | | | | | | | | | | |
| 13 | 14 | | | | | | | | | | | | | | |
| 14 | 15 | | | | | | | | | | | | | | |
| 15 | 19 | | | | | | | | | | | | | | |
| 16 | 20 | | | | | | | | | | | | | | |

| /TRANG NGUYEN/ Examiner.Art Unit 3686 | 05/04/2010 | Total Claims Allowed: | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 17 | |
| /Gerald J. O'Connor/ SPE, GAU 3686 | 5/10/2010 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 1 | 1 |

U.S. Patent and Trademark Office

Part of Paper No. 20100504

Receipt date: 03/02/2010

Date Filed: March 2, 2010

11512529 - GAU: 3686

Sheet 1 of 1

| FORM 1449* | INFORMATION DISCLOSURE STATEMENT | Docket Number: 40476.0002USU1 | Application Number: 11/512,529 |
|---|---|---|---|
| | IN AN APPLICATION | Applicant: Hicks, et al. | |
| | (Use several sheets if necessary) | Filing Date: 08/29/06 | Group Art Unit: 3686 |

| U.S. PATENT DOCUMENTS | | | | | | |
|---|---|---|---|---|---|---|
| EXAMINER INITIAL | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| FOREIGN PATENT DOCUMENTS | | | | | | | |
|---|---|---|---|---|---|---|---|
| | DOCUMENT NO. | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION | |
| | | | | | | YES | NO |
| | | | | | | | |
| | | | | | | | |

| OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.) | | |
|---|---|---|
| | | GeoAccess.com (Ingenix.com) [online], [retrieved on 2010-02-15]. Retrieved from the internet: <URL: http://www.ingenix.com> (Copyright © 2010) 1 page. |
| | | RevolutionHealth.com [online], [retrieved on 2010-03-02]. Retrieved from the internet: <URL: www.RevolutionHealth.com> (Copyright © 2010) 3 pages. |
| | | UCompareHealthCare.com [online], [retrieved on 2010-02-15]. Retrieved from the internet: <URL: www.UCompareHealthCare.com> (Copyright © 2010) 1 page. |
| | | Vitals.com [online], [retrieved on 2010-03-02]. Retrieved from the internet: <URL: http://www.vitals.com/> (Copyright © 2006-2010) 2 pages. |
| | | WebMD.com [online], [retrieved on 2010-02-15]. Retrieved from the internet: <URL: www.WebMD.com> (Copyright © 2005-2010) 2 pages. |

**23552**
PATENT TRADEMARK OFFICE

| EXAMINER | /Trang Nguyen/ | DATE CONSIDERED | 05/04/2010 |
|---|---|---|---|

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; draw line through citation if not in conformance and not considered. Include copy of this form for next communication to the Applicant.

*Substitute Disclosure Statement Form (PTO-1449)                    Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /T.N./

S/N 11/512,529

PATENT
**CONF. NO. 1358**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | David G. Hicks, et al. | Examiner: | Trang T. Nguyen |
| Serial No.: | 11/512,529 | Group Art Unit: | 3686 |
| Filed: | August 29, 2006 | Docket No.: | 40476.0002USU1 |
| Title: | **INTERNET SYSTEM FOR CONNECTING HEALTHCARE PROVIDERS AND PATIENTS** | | |

CERTIFICATE UNDER 37 CFR 1.8:

I hereby certify that this paper or fee is being transmitted electronically to the United States Patent and Trademark Office via EFS-Web in accordance with 37 CFR § 1.6(a)(4) on April 26, 2010.

By: _____

Name: Halina Wohl

## SUPPLEMENTAL AMENDMENT

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

This Supplemental Amendment is being filed following an in-person interview conducted with Examiners Nguyen and O'Connor on March 10, 2010. This Supplemental Amendment supplements the Amendment & Response to Non-Final Office Action filed on February 16, 2010 in reply to the Office Action dated November 13, 2009. Please amend the above-identified application as indicated below. It is believed that no further fees are due with this Supplemental Amendment. However, the Commissioner is hereby authorized to charge any deficiencies or credit any overpayment with respect to this patent application to deposit account number 13-2725.

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks** begin on page 9 of this paper.

U.S. Patent Application Serial No. 11/512,529

**Amendments to the Claims:**

This listing of claims will replace all prior versions and listings of claims in the application.  Please amend the claims as follows:

**Listing of Claims:**

1.      (Currently Amended) A computer-implemented method of providing healthcare provider information to potential patients, said method comprising:

receiving, by a Web server computer of a company providing a service for connecting healthcare providers with the potential patients, a request for information regarding a first healthcare provider, wherein the Web server computer comprises at least one computer processor and memory;

accessing compiling healthcare provider-verified information about the first healthcare provider, wherein the healthcare provider-verified information is received from the first healthcare provider and comprises three or more from the group consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies;

compiling, by the at least one computer processor, past patient patient-provided information regarding the first healthcare provider, wherein the patient-provided information comprises patient ratings from one or more past or current patients of the first healthcare provider, and wherein the patient ratings are received from an on-line patient experience survey completed on a company Web site by the one or more past or current patients of the first healthcare provider, and wherein the company Web site is managed by the company providing the service for connecting healthcare providers with the potential patients;

compiling information regarding the first healthcare provider verified by an independent

2

U.S. Patent Application Serial No. 11/512,529

third-party source, ~~sources~~ wherein the information verified by the independent third-party source comprises three or more from the group consisting of: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship information;

creating, by [[a]] the at least one computer processor, a healthcare provider report on the first healthcare provider using the healthcare provider-verified information, the ~~past patient~~ patient-provided information, and the information verified by the independent third-party source ~~sources~~, wherein the healthcare provider report on the first healthcare provider includes comparison ratings of healthcare providers; and

providing access to the healthcare provider report on the first healthcare provider over a computer network.

2.      (Currently Amended) The method as defined in claim 1, wherein the ~~past patient~~ patient-provided information is obtained through data collected through the method comprising:

the one or more past or current patients of [[a]] the first ~~particular~~ healthcare provider accessing a report [[for]] on the ~~particular~~ first healthcare provider over the computer network;

the one or more past or current patients selecting to complete [[an]] the on-line patient experience survey;

the one or more past or current patients completing the experience survey and providing an e-mail address; and

transmitting the completed experience survey to [[a]] the ~~predetermined company~~ Web server of the company providing the service for connecting healthcare providers with the potential patients.

3.      (Currently Amended) The method as defined in claim 2, further comprising a method for

verifying and compiling ~~such~~ the data, the method comprising:

determining whether a first [[the]] past or current patient has ~~already~~ completed a maximum number of surveys for a predetermined time period;

if the first past or current patient has not reached the maximum number of surveys, transmitting a confirmation e-mail to the e-mail address provided;

determining if the confirmation e-mail was successfully transmitted; and

if the e-mail was successfully transmitted, compiling the data provided by the first past or current patient with other relevant data in a company database comprised of healthcare provider information.

4.      (Original) The method as defined in claim 1, wherein the healthcare provider report includes a hyperlink to an affiliated hospital, medical center, or other type of treatment center.

5.      (Cancelled)

6.      (Original) The method as defined in claim 1, wherein the access to the healthcare provider report is obtained through a predetermined Web page that provides search capabilities for a database comprised of healthcare provider information.

7.      (Previously Presented) The method as defined in claim 6, wherein the search capabilities permit a search based on one or more from the group consisting of: name, medical specialty, gender, state, city, procedure, diagnosis, procedure, and location criteria.

8.      (Currently Amended) The method as defined in claim 7, wherein [[a]] the search of the database produces a results list of one or more healthcare providers satisfying the search criteria, wherein the results list includes the first healthcare provider.

U.S. Patent Application Serial No. 11/512,529

9.      (Currently Amended) The method as defined in claim 8, wherein the results list further includes an advertisement for [[a]] the first healthcare provider with a hyperlink to information on ~~that~~ the first healthcare provider.

10.     (Currently Amended) The method as defined in claim 8, further comprising:

determining from the results list whether a particular healthcare provider is a member of [[a]] the company managing the Web site; and

if the particular healthcare provider is a member of the company managing the Web site, providing enhanced services for the member healthcare provider on the Web site.

11.     (Currently Amended) The method as defined in claim 10, wherein the enhanced services comprise making report information on the member healthcare provider available at no charge to the potential patients.

12.     (Original) The method as defined in claim 10, wherein the enhanced services comprise favorable positioning in the results list.

13.     (Currently Amended) The method as defined in claim 1, further comprising:

maintaining a record of whether the healthcare provider report on the first healthcare provider should be made available to a first potential patient at no charge; and

requiring payment of a fee to access the healthcare provider report on the first healthcare provider if the report is not recorded as being available at no charge.

5

U.S. Patent Application Serial No. 11/512,529

14.      (Original) The method as defined in claim 13, wherein the required fee is adjusted to

account for applicable discounts.


15.      (Currently Amended) The method as defined in claim 1, wherein the <u>first</u> healthcare

provider is a physician~~, hospital, nursing home, or other treatment facility~~.


16.-18. (Cancelled)


19.      (Currently Amended) An on-line information system for <u>connecting healthcare providers</u>

<u>with potential patients</u> ~~providing verified information regarding healthcare providers~~, the system

comprising:

        at least one <u>computer</u> processor; and

        memory coupled with and readable by the at least one <u>computer</u> processor and

comprising a series of instructions that, when executed by the at least one <u>computer</u> processor,

cause the at least one <u>computer</u> processor to:

                <u>receive a request for information regarding a first healthcare provider;</u>

                ~~compile~~ <u>access</u> healthcare provider-verified information <u>about the first healthcare</u>

<u>provider, wherein the healthcare provider-verified information is received from the first</u>

<u>healthcare provider and comprises three or more from the group consisting of: specialty</u>

<u>information, medical philosophy, gender, age, years in profession, years in practice, awards,</u>

<u>honors, professional appointments, professional memberships, publications, languages, and</u>

<u>hobbies;</u>

                compile patient-provided information <u>regarding the first healthcare provider,</u>

<u>wherein the patient-provided information comprises patient ratings from one or more past or</u>

U.S. Patent Application Serial No. 11/512,529

current patients of the first healthcare provider, and wherein the patient ratings are received from

an on-line patient experience survey completed on a company Web site by the one or more past

or current patients of the first healthcare provider, and wherein the company Web site is

managed by a company providing a service for connecting healthcare providers with the

potential patients;

        compile healthcare provider information regarding the first healthcare provider

verified by an independent third-party source, wherein the information verified by the

independent third-party source comprises three or more from the group consisting of: board

certification, licensure, disciplinary action information, medical school, medical internship,

medical residency, and medical fellowship information; [[and]]

        create a healthcare provider report on the first healthcare provider using the

healthcare provider-verified information, the patient-provided information, and the information

verified by the independent third-party source ~~independently verified information~~, wherein the

healthcare provider report on the first healthcare provider includes comparison ratings of

healthcare providers; and

        provide access to the healthcare provider report on the first healthcare provider

over a computer network.


20.    (Currently Amended) The on-line information system defined in claim 19, wherein:

        the healthcare provider report is obtained through one or more from the group consisting

of: a predetermined Web page that provides search capabilities on its database [[or]] and a third-

party search engine; and

U.S. Patent Application Serial No. 11/512,529

the search capabilities of the predetermined Web page permit searching based on one or more from the group consisting of: name, medical specialty, gender, state, city, procedure, diagnosis, ~~procedure,~~ and location criteria.

21.    (Currently Amended)  The on-line information system defined in claim 20, <u>wherein the at least one computer processor</u> ~~further comprising~~:

  <u>produces</u> ~~producing~~ a results list of <u>one or more</u> healthcare providers satisfying received search criteria<u>, wherein the results list includes the first healthcare provider</u>;

  <u>determines</u> ~~determining~~ from the results list whether [[a]] <u>the first</u> ~~particular~~ healthcare provider is a member of [[a]] <u>the</u> company managing the Web site; and

  if the <u>first</u> healthcare provider is a member of the company managing the Web site, <u>provides</u> ~~providing~~ enhanced services for the member healthcare provider on the Web site, wherein the enhanced services comprise making report information on the member <u>healthcare</u> provider available at no charge to <u>the</u> potential patients.

U.S. Patent Application Serial No. 11/512,529

## **REMARKS**

This Supplemental Amendment is being filed to supplement the Amendment & Response to Non-Final Office Action filed on February 16, 2010 in reply to the Office Action dated November 13, 2009. The amendments and remarks being submitted herein are in addition to those submitted on February 16, 2010. Applicants respectfully request reconsideration and further examination based on the amendments and remarks filed on February 16, 2010 and on the amendments and remarks submitted in this Supplemental Amendment.

In this Supplemental Amendment, claims 1-3, 8-11, 13, 15, and 19-21 have been amended. Claims 5 and 16-18 remain cancelled without prejudice. No claims have been added. Therefore, claims 1-4, 6-15, and 19-21 remain present for examination. This application is in condition for allowance, and such action is respectfully requested.

## **Claim Rejections – 35 U.S.C. § 103(a):  Claims 1-6, 8, 9, 13-15, & 19**

Claims 1-6, 8, 9, 13-15, and 19 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over Henley in view of Cook. Applicants respectfully disagree with and traverse these rejections. To establish a prima facie case of obviousness, the references must teach or suggest each and every one of the claim elements to one of ordinary skill in the art at the time the invention was made. *See* MPEP §§ 2142, 2143.03; *In re Wilson*, 424 F.2d 1382, 1385 (C.C. P.A. 1970). In addition, *KSR International Company v. Teleflex, Inc.*, 127 S. Ct. 1727, 1741 (2007), requires that there "must be some *articulated reasoning with some rational underpinning* to support the legal conclusion of obviousness." (Emphasis added.) Further, "a patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art." *KSR Int'l Co.*, 127 S. Ct. at 1741. Specifically, the references fail to teach or suggest all of the claim elements.

For example, Henley in view of Cook fail to teach or suggest at least the following with respect to claim 1:

. . .

> receiving, by a Web server computer of a company providing a service for connecting healthcare providers with the potential patients, a request for information regarding a first healthcare provider, wherein the Web server computer comprises at least one computer processor and memory;
> accessing healthcare provider-verified information about the first healthcare provider, *wherein the healthcare provider-verified information is*

9

U.S. Patent Application Serial No. 11/512,529

> *received from the first healthcare provider and comprises three or more from the*
> *group consisting of: specialty information, medical philosophy, gender, age,*
> *years in profession, years in practice, awards, honors, professional appointments,*
> *professional memberships, publications, languages, and hobbies;*
>
> compiling, by the at least one computer processor, patient-provided
> information regarding the first healthcare provider, wherein the patient-provided
> information comprises patient ratings from one or more past or current patients of
> the first healthcare provider, and *wherein the patient ratings are received from an*
> *on-line patient experience survey completed on a company Web site by the one or*
> *more past or current patients of the first healthcare provider, and wherein the*
> *company Web site is managed by the company providing the service for*
> *connecting healthcare providers with the potential patients*;
>
> *compiling information regarding the first healthcare provider verified by*
> *an independent third-party source, wherein the information verified by the*
> *independent third-party source comprises three or more from the group*
> *consisting of: board certification, licensure, disciplinary action information,*
> *medical school, medical internship, medical residency, and medical fellowship*
> *information;*
>
> *creating*, by the at least one computer processor, *a healthcare provider*
> *report on the first healthcare provider using the healthcare provider-verified*
> *information, the patient-provided information, and the information verified by the*
> *independent third-party source*, wherein the healthcare provider report on the first
> healthcare provider includes *comparison ratings* of healthcare providers;
>
> . . . .

*Claim 1, supra (as amended) (emphasis added).*

As discussed previously, Henley provides for the on-line negotiation of fees for medical
services and products to ". . . enable prospective patients to easily identify and access an
otherwise underutilized medical facility to negotiate a favorable fee for services subject to
scheduling restrictions and other 'specifications' set by the medical service provider." *Henley, at*
*[0024]*. Henley is thus related to on-line auctioning of medical services and products and fails to
disclose or suggest at least: ". . . creating, by the at least one computer processor, *a healthcare*
*provider report on the first healthcare provider using the healthcare provider-verified*
*information, the patient-provided information, and the information verified by the independent*
*third-party source*, wherein the healthcare provider report on the first healthcare provider
includes *comparison ratings* of healthcare providers . . . ."

Further, Cook fails to cure the deficiencies of Henley. As discussed previously, Cook
relates generally to "electronic medical records" and enabling a patient "to choose a healthcare
provider who uses an EMR [('electronic medical record')] system and optionally an advanced,
compatible EMR system." *Cook, at [0097]*. Cook fails to provide any teaching or suggestion, at

U.S. Patent Application Serial No. 11/512,529

a minimum, of ". . . creating, by the at least one computer processor, *a healthcare provider report on the first healthcare provider using the healthcare provider-verified information, the patient-provided information, and the information verified by the independent third-party source,* wherein the healthcare provider report on the first healthcare provider includes *comparison ratings* of healthcare providers . . . ."

Accordingly, Henley in view of Cook fail to teach or suggest each and every limitation of claim 1, and allowance of this claim is therefore respectfully requested.  While the above discussion shows that the cited references do not teach or suggest each and every aspect of claim 1, amendments to claim 1 are made in the interest only of forwarding the prosecution of this application to allowance and are not necessarily made to address the Office Action's rejections based on the cited references.  Amendments are therefore made without prejudice.  Because claims 2-4 and 6-15 depend on allowable base claim 1, these claims are also allowable, and such action is respectfully requested.  As such, any remaining arguments supporting the rejections of these claims are not acquiesced to even though they are not directly addressed herein.  Applicants thus respectfully request the allowance of claims 1-4 and 6-15 (claim 5 has been cancelled without prejudice).

In addition, for at least reasons similar to those set forth above, Henley in view of Cook fail to teach or suggest each and every limitation of claim 19.  For example, Henley in view of Cook fail to teach or suggest at least the following with respect to claim 19:

> . . .
>
> receive a request for information regarding a first healthcare provider;
> access healthcare provider-verified information about the first healthcare provider, *wherein the healthcare provider-verified information is received from the first healthcare provider and comprises three or more from the group consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies;*
> compile patient-provided information regarding the first healthcare provider, wherein the patient-provided information comprises patient ratings from one or more past or current patients of the first healthcare provider, and *wherein the patient ratings are received from an on-line patient experience survey completed on a company Web site by the one or more past or current patients of the first healthcare provider, and wherein the company Web site is managed by the company providing the service for connecting healthcare providers with the potential patients;*
> *compile healthcare provider information regarding the first*

11

U.S. Patent Application Serial No. 11/512,529

> *healthcare provider verified by an independent third-party source, wherein the information verified by the independent third-party source comprises three or more from the group consisting of: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship information;*
>
> > *create a healthcare provider report on the first healthcare provider using the healthcare provider-verified information, the patient-provided information, and the information verified by the independent third-party source,* wherein the healthcare provider report on the first healthcare provider includes *comparison ratings* of healthcare providers;
>
> > . . . .

*Claim 19, supra (as amended) (emphasis added).*

Accordingly, for at least reasons similar to those discussed above, Henley in view of Cook fail to disclose or suggest each and every limitation of claim 19. This claim is therefore allowable. Because claims 20-21 depend on allowable base claim 19, these claims are also allowable for at least the reasons presented above, and such action is respectfully requested. As such, any remaining arguments supporting the rejections of these claims are not acquiesced to even though they are not addressed herein. As noted, while the above discussion shows that the cited references fail to disclose or suggest each and every limitation of claim 19, amendments to the claims are made in the interest only of forwarding the prosecution of this application to allowance and are not necessarily made to address the Office Action's rejections based on the cited references. Amendments are therefore made without prejudice.

For at least the reasons presented above, claims 1-4, 6-15, and 19-21 are allowable. Accordingly, Applicants respectfully request the allowance of this application.

## Claim Rejections – 35 U.S.C. § 103(a):  Claims 7, 10-12, & 20

Claims 7, 10-12, and 20 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over Henley in view of Cook and further in view of Sameh. Applicants respectfully disagree with and traverse these rejections. The cited references fail to teach or suggest all of the claim elements.

Because claims 7, 10-12, and 20 depend on allowable base claims 1 and 19, respectively, *see discussion supra*, these claims are also allowable for at least the reasons presented above, and such action is respectfully requested. As such, any remaining arguments supporting the rejections of these claims are not acquiesced to even though they are not directly addressed herein. Accordingly, Applicants respectfully request the allowance of claims 7, 10-12, and 20.

Further, Sameh fails to cure the deficiencies of Henley in view of Cook. As discussed previously, Sameh relates generally to allowing patients "to make appointments with physicians." *Sameh, at [0002]*. Sameh fails to provide any teaching or suggestion, for example, of: ". . . creating, by the at least one computer processor, *a healthcare provider report on the first healthcare provider using the healthcare provider-verified information, the patient-provided information, and the information verified by the independent third-party source*, wherein the healthcare provider report on the first healthcare provider includes *comparison ratings of* healthcare providers . . . ." *See, e.g., claim 1, supra (as amended) (emphasis added) (upon which claims 7 & 10-12 depend); see also claim 19, supra (as amended) (upon which claim 20 depends).*

Accordingly, Henley in view of Cook and further in view of Sameh fail to disclose or suggest each and every element of claims 7, 10-12, and 20. Claims 7, 10-12, and 20 are therefore allowable. While the above discussion shows that the cited references fail to teach or suggest each and every element of claims 7, 10-12, and 20, amendments to claims 7, 10-12, and 20 are made in the interest only of forwarding the prosecution of this application to allowance and are not necessarily made to address the Office Action's rejections based on the cited references. Amendments are therefore made without prejudice.

For at least the above reasons, Applicants respectfully request the allowance of claims 7, 10-12, and 20.

**Conclusion**

This Supplemental Amendment supplements the Amendment & Response to Non-Final Office Action filed on February 16, 2010. The amendments and remarks being submitted herein are in addition to those submitted on February 16, 2010. Applicants respectfully request reconsideration and further examination. The Office Action dated November 13, 2009 may contain arguments and rejections that are not directly addressed by this Supplemental Amendment or the Amendment & Response to Non-Final Office Action filed on February 16, 2010 due to the fact that they are rendered moot in light of the arguments made in favor of patentability. Hence, the failure, if any, to directly address an argument and/or comment raised in the Office Action should not be taken as an indication that Applicants believe the argument and/or comment has merit. Additionally, the failure, if any, to address statements and/or comments made in the Office Action does not mean that Applicants acquiesce to such statements

U.S. Patent Application Serial No. 11/512,529

and/or comments.  Furthermore, the claims of the present application may include other elements, not discussed in this Supplemental Amendment or the Amendment & Response to Non-Final Office Action filed on February 16, 2010, which are not shown, taught, or otherwise suggested by the art of record.  Accordingly, the arguments in favor of patentability are advanced without prejudice to other bases of patentability.

It is believed that no additional fees are due with this Supplemental Amendment. However, the Commissioner is hereby authorized to charge any deficiencies or credit any overpayment with respect to this patent application to deposit account number 13-2725.

The application is in condition for allowance and such action is respectfully requested. Should any additional issues need to be resolved, the Examiner is respectfully requested to telephone the undersigned to attempt to resolve those issues.

Respectfully submitted,

Dated: April 26, 2010

Elizabeth J. Reagan, Reg. No. 57,528
Merchant & Gould P.C.
P.O. Box 2903
Minneapolis, MN 55402-0903
(303) 357-1644

**23552**
PATENT TRADEMARK OFFICE

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 7486741 |
| **Application Number:** | 11512529 |
| **International Application Number:** | |
| **Confirmation Number:** | 1358 |
| **Title of Invention:** | Internet system for connecting healthcare providers and patients |
| **First Named Inventor/Applicant Name:** | David G. Hicks |
| **Customer Number:** | 23552 |
| **Filer:** | Timothy Brian Scull/Halina Wohl |
| **Filer Authorized By:** | Timothy Brian Scull |
| **Attorney Docket Number:** | 40476.0002USU1 |
| **Receipt Date:** | 26-APR-2010 |
| **Filing Date:** | 29-AUG-2006 |
| **Time Stamp:** | 14:59:12 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Supplemental Response or Supplemental Amendment | SuppAmendment_04262010. PDF | 696419<br>e9c5301a96e4c9a74d40119a3b918a0e55d 30af8 | no | 14 |

| | |
|---|---|
| **Warnings:** | |
| **Information:** | |

| Total Files Size (in bytes): | 696419 |
| --- | --- |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable.  It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/06 (07-06)
Approved for use through 1/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>11/512,529 | Filing Date<br>08/29/2006 | ☐ To be Mailed |
|---|---|---|---|

## APPLICATION AS FILED – PART I

| | | | SMALL ENTITY ☒ | OR | OTHER THAN<br>SMALL ENTITY | |
|---|---|---|---|---|---|---|
| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | RATE ($) | FEE ($) | RATE ($) | FEE ($) |
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | X $ = | | OR X $ = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | X $ = | | X $ = | |
| ☐ APPLICATION SIZE FEE<br>(37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | SMALL ENTITY | OR | OTHER THAN<br>SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|
| **AMENDMENT** | **04/26/2010** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 17 | Minus ** 20 | = | X $ = | | OR X $ = | |
| | Independent (37 CFR 1.16(h)) | * 2 | Minus ***3 | = | X $ = | | OR X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | OR | TOTAL ADD'L FEE | |

| | | (Column 1) | (Column 2) | (Column 3) | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| **AMENDMENT** | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | | | |
| | Total (37 CFR 1.16(i)) | * | Minus ** | = | X $ = | | OR X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | X $ = | | OR X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.

** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".

*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".

The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Legal Instrument Examiner:
/ELMIRA HALL/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/06 (07-06)
Approved for use through 1/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>11/512,529 | Filing Date<br>08/29/2006 | ☐ To be Mailed |
|---|---|---|---|

### APPLICATION AS FILED – PART I

|  | (Column 1) | (Column 2) | SMALL ENTITY ☒ | OR | OTHER THAN<br>SMALL ENTITY |
|---|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) | RATE ($) | FEE ($) |
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A |  | N/A |  |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A |  | N/A |  |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A |  | N/A |  |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | X $ = |  | OR  X $ = |  |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | X $ = |  | X $ = |  |
| ☐ APPLICATION SIZE FEE<br>(37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). |  |  |  |  |  |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) |  |  |  |  |  |  |
| * If the difference in column 1 is less than zero, enter "0" in column 2. |  |  | TOTAL |  | TOTAL |  |

### APPLICATION AS AMENDED – PART II

|  |  | (Column 1) | (Column 2) | (Column 3) | SMALL ENTITY | OR | OTHER THAN<br>SMALL ENTITY |
|---|---|---|---|---|---|---|---|
| **AMENDMENT** | **04/26/2010** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
|  | Total (37 CFR 1.16(i)) | * 17  Minus | ** 20 | = | X $ = | OR  X $ = |  |
|  | Independent (37 CFR 1.16(h)) | * 2  Minus | *** 3 | = | X $ = | X $ = |  |
|  | ☐ Application Size Fee (37 CFR 1.16(s)) |  |  |  |  |  |  |
|  | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) |  |  |  | OR |  |  |
|  |  |  |  |  | TOTAL ADD'L FEE |  | OR  TOTAL ADD'L FEE |  |

|  |  | (Column 1) | (Column 2) | (Column 3) | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| **AMENDMENT** |  | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA |  |  |  |  |
|  | Total (37 CFR 1.16(i)) | *  Minus | ** | = | X $ = | OR  X $ = |  |
|  | Independent (37 CFR 1.16(h)) | *  Minus | *** | = | X $ = | X $ = |  |
|  | ☐ Application Size Fee (37 CFR 1.16(s)) |  |  |  |  |  |  |
|  | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) |  |  |  | OR |  |  |
|  |  |  |  |  | TOTAL ADD'L FEE |  | OR  TOTAL ADD'L FEE |  |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Legal Instrument Examiner:
/ELMIRA HALL/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

S/N 11/512,529                                                      PATENT
                                                            CONF. NO. 1358

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | | |
|---|---|---|---|---|
| Applicant: | David G. Hicks, et al. | Examiner: | Trang T. Nguyen |
| Serial No.: | 11/512,529 | Group Art Unit: | 3686 |
| Filed: | August 29, 2006 | Docket No.: | 40476.0002USU1 |
| Title: | **INTERNET SYSTEM FOR CONNECTING HEALTHCARE PROVIDERS AND PATIENTS** | | |

---

CERTIFICATE UNDER 37 CFR 1.8:

I hereby certify that this paper or fee is being transmitted electronically via EFS-Web to the United States Patent and Trademark Office on April 12, 2010.

By: _____
Name: Halina Wohl

---

## STATEMENT OF THE SUBSTANCE OF THE INTERVIEW

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

     The undersigned, Timothy Scull, thanks Examiner Nguyen and Examiner O'Connor for their time and cooperation in the in-person interview held on March 10, 2010.  During the interview, the undersigned provided a summary of the embodiments of the above-identified application.  The undersigned also distinguished the above-identified application from the art cited in the Office Action mailed on November 13, 2009, in which such cited art included U.S. Pat. App. Publ. No. 2003/0195838 to Henley; U.S. Pat. App. Publ. No. 2006/0080146 to Cook; and U.S. Pat. App. Publ. No. 2004/0010423 to Sameh.  The Examiners and the undersigned also discussed the 35 U.S.C. § 112 rejections, 35 U.S.C. § 101 rejections, and 35 U.S.C. § 103(a) rejections from the Office Action mailed November 13, 2009.  Further, the claim amendments submitted in the Amendment and Response filed on February 16, 2010 were also discussed.  No agreement was reached.

Application Serial No. 11/512,529

The undersigned again thanks Examiner Nguyen and Examiner O'Connor for their time in the in-person interview.

> **23552**
> PATENT TRADEMARK OFFICE

Respectfully submitted,

MERCHANT & GOULD P.C.
P.O. Box 2903
Minneapolis, Minnesota 55402-0903
(303) 357-1648

By: _____
Timothy B. Scull, Reg. No. 42,137

Date: April 12, 2010

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 7399365 |
| **Application Number:** | 11512529 |
| **International Application Number:** | |
| **Confirmation Number:** | 1358 |
| **Title of Invention:** | Internet system for connecting healthcare providers and patients |
| **First Named Inventor/Applicant Name:** | David G. Hicks |
| **Customer Number:** | 23552 |
| **Filer:** | Timothy Brian Scull/Halina Wohl |
| **Filer Authorized By:** | Timothy Brian Scull |
| **Attorney Docket Number:** | 40476.0002USU1 |
| **Receipt Date:** | 12-APR-2010 |
| **Filing Date:** | 29-AUG-2006 |
| **Time Stamp:** | 18:31:01 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Applicant summary of interview with examiner | StmtSubstanceInterview_04122010.PDF | 55438<br>2b9ea18e83982b5cb0d05b0654c49aa296487070 | no | 2 |

**Warnings:**

**Information:**

| Total Files Size (in bytes): | 55438 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/512,529 | 08/29/2006 | David G. Hicks | 40476.0002USU1 | 1358 |

23552        7590        03/12/2010
MERCHANT & GOULD PC
P.O. BOX 2903
MINNEAPOLIS, MN 55402-0903

| EXAMINER |
|---|
| NGUYEN, TRANG T |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3686 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 03/12/2010 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| **Interview Summary** | **Application No.** | | **Applicant(s)** | |
|---|---|---|---|---|
| | 11/512,529 | | HICKS ET AL. | |
| | **Examiner** | | **Art Unit** | |
| | TRANG NGUYEN | | 3686 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) *TRANG NGUYEN*.                                      (3)*Timothy Scull (REG NO. 42,137)*.

(2) *JERRY O'CONNOR*.                                  (4)_____.

Date of Interview: *10 March 2010*.

Type:   a)☐ Telephonic   b)☐ Video Conference
         c)☒ Personal [copy given to: 1)☐ applicant   2)☐ applicant's representative]

Exhibit shown or demonstration conducted:   d)☐ Yes   e)☒ No.
         If Yes, brief description: _____.

Claim(s) discussed: *1 and 19*.

Identification of prior art discussed: *Henley (US 2003/0195838 A1)*.

Agreement with respect to the claims f)☐ was reached.   g)☒ was not reached.   h)☐ N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: *Discussed proposed amendment to the claims*.

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached.  Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW.  (See MEEP Section 713.04).  If a reply to the last Office action has already been filed, APPLICANT IS GIVEN A NON-EXTENDABLE PERIOD OF THE LONGER OF ONE MONTH OR THIRTY DAYS FROM THIS INTERVIEW DATE, OR THE MAILING DATE OF THIS INTERVIEW SUMMARY FORM, WHICHEVER IS LATER, TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.  See Summary of Record of Interview requirements on reverse side or on attached sheet.

| /T. N./ | /Jerry O'Connor/ |
|---|---|
| Examiner, Art Unit 3686 | SPE, GAU 3686 |

U.S. Patent and Trademark Office
PTOL-413 (Rev. 04-03)                                    **Interview Summary**                                    Paper No. 20100310

# Summary of Record of Interview Requirements

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

**Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews**
Paragraph (b)

In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant.  An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

37 CFR §1.2  Business to be transacted in writing.
All business with the Patent or Trademark Office should be transacted in writing.  The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary.  The action of the Patent and Trademark Office will be based exclusively on the written record in the Office.  No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

_____

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so.  It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks.  Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below.  Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper.  In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview.  In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication.  If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
– Application Number (Series Code and Serial Number)
– Name of applicant
– Name of examiner
– Date of interview
– Type of interview (telephonic, video-conference, or personal)
– Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
– An indication whether or not an exhibit was shown or a demonstration conducted
– An identification of the specific prior art discussed
– An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable).  Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
– The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of interview of each case. It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
(The identification of arguments need not be lengthy or elaborate.  A verbatim or highly detailed description of the arguments is not required.  The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file.  Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.
Examiners are expected to carefully review the applicant's record of the substance of an interview.  If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

## Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her.  If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

S/N 11/512,529                                                                PATENT

                                                      Confirmation No. 1358

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | Hicks, et al. | Examiner: | Nguyen, Trang T. |
| Serial No.: | 11/512,529 | Group Art Unit: | 3686 |
| Filed: | August 29, 2006 | Docket No.: | 40476.0002USU1 |
| Title: | **INTERNET SYSTEM FOR CONNECTING HEALTHCARE PROVIDERS AND PATIENTS** | | |

CERTIFICATE UNDER 37 CFR 1.6(d):
I hereby certify that this paper is being transmitted electronically via EFS-Web to the U.S. Patent and Trademark Office on March 2, 2010.

By: *Amanda Tomas*
Name: Amanda Tomas

## SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT (37 C.F.R. § 1.97(c))

Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

Dear Sir:

With regard to the above-identified application, the items of information listed on the enclosed Form 1449 are brought to the attention of the Examiner. This Supplemental Information Disclosure Statement is being submitted to include an additional reference. In addition, this Supplemental Information Disclosure Statement is being submitted to relist four websites previously listed in the Supplemental Information Disclosure Statement filed on February 15, 2010. The four websites are being relisted for the following reasons: (1) to add a date to one of the previously listed websites; and (2) to indicate that the date listed for each respective reference represents the "copyright" date (as shown on the enclosed copies for these respective websites). The Applicants are thus relisting these references to provide further clarification. Please let us know if you have any questions.

This statement should be considered because it is submitted before the mailing date of a final action under 37 C.F.R. § 1.113, a notice of allowance under § 1.311, or an action that otherwise closes prosecution in the application, and it is accompanied by the fee set forth in § 1.17(p). *See 37 C.F.R. § 1.97(c).*

A copy of any foreign patent document or "Other Document" listed on the Form 1449 is enclosed, in accordance with 37 C.F.R. § 1.98(a)(2). Further, in accordance with 37 C.F.R. § 1.98(a)(2), copies of any U.S. patents and U.S. patent application publications listed on the enclosed Form 1449 are not provided. However, please let us know if you would like us to provide any such copies.

No representation is made that a reference is "prior art" within the meaning of 35 U.S.C. §§ 102 and 103, and Applicants reserve the right, pursuant to 37 C.F.R. § 1.131 or otherwise, to establish that the reference(s) are not "prior art." *See* 37 C.F.R. § 1.97(h). Moreover, Applicants do not represent that a reference has been thoroughly reviewed or that any relevance of any portion of a reference is intended.

Consideration of the items listed is respectfully requested. Pursuant to the provisions of M.P.E.P. 609, it is respectfully requested that the Examiner return a copy of the attached Form 1449, marked as being considered and initialed by the Examiner, to the undersigned with the next official communication.

Please charge any additional fees or credit any overpayment to Deposit Account No. 13-2725.

Respectfully submitted,

Dated: <u>March 2, 2010</u>

*Elizabeth J. Reagan*

Elizabeth J. Reagan, Reg. No. 57,528
Merchant & Gould, P.C.
P.O. Box 2903
Minneapolis, MN 55402-0903
303.357.1644

**23552**
PATENT TRADEMARK OFFICE

2

Date Filed: March 2, 2010                                                                                              Sheet 1 of 1

| FORM 1449*  INFORMATION DISCLOSURE STATEMENT  IN AN APPLICATION  (Use several sheets if necessary) | Docket Number: 40476.0002USU1 | Application Number: 11/512,529 |
|---|---|---|
| | Applicant: Hicks, et al. | |
| | Filing Date: 08/29/06 | Group Art Unit: 3686 |

## U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

## FOREIGN PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION | |
|---|---|---|---|---|---|---|---|
| | | | | | | YES | NO |
| | | | | | | | |
| | | | | | | | |

## OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | |
|---|---|---|
| | | GeoAccess.com (Ingenix.com) [online], [retrieved on 2010-02-15]. Retrieved from the internet: <URL: http://www.ingenix.com> (Copyright © 2010) 1 page. |
| | | RevolutionHealth.com [online], [retrieved on 2010-03-02]. Retrieved from the internet: <URL: www.RevolutionHealth.com> (Copyright © 2010) 3 pages. |
| | | UCompareHealthCare.com [online], [retrieved on 2010-02-15]. Retrieved from the internet: <URL: www.UCompareHealthCare.com> (Copyright © 2010) 1 page. |
| | | Vitals.com [online], [retrieved on 2010-03-02]. Retrieved from the internet: <URL: http://www.vitals.com/> (Copyright © 2006-2010) 2 pages. |
| | | WebMD.com [online], [retrieved on 2010-02-15]. Retrieved from the internet: <URL: www.WebMD.com> (Copyright © 2005-2010) 2 pages. |

**23552**
PATENT TRADEMARK OFFICE

| EXAMINER | DATE CONSIDERED |
|---|---|
| | |

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; draw line through citation if not in conformance and not considered. Include copy of this form for next communication to the Applicant.

*Substitute Disclosure Statement Form (PTO-1449)                              Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 11512529 |
| **Filing Date:** | 29-Aug-2006 |
| **Title of Invention:** | Internet system for connecting healthcare providers and patients |
| **First Named Inventor/Applicant Name:** | David G. Hicks |
| **Filer:** | Timothy Brian Scull/Amanda Tomas |
| **Attorney Docket Number:** | 40476.0002USU1 |

Filed as Small Entity

## Utility under 35 USC 111(a) Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| Submission- Information Disclosure Stmt | 1806 | 1 | 180 | 180 |
| **Total in USD ($)** | | | | **180** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 7127115 |
| **Application Number:** | 11512529 |
| **International Application Number:** | |
| **Confirmation Number:** | 1358 |
| **Title of Invention:** | Internet system for connecting healthcare providers and patients |
| **First Named Inventor/Applicant Name:** | David G. Hicks |
| **Customer Number:** | 23552 |
| **Filer:** | Timothy Brian Scull/Amanda Tomas |
| **Filer Authorized By:** | Timothy Brian Scull |
| **Attorney Docket Number:** | 40476.0002USU1 |
| **Receipt Date:** | 02-MAR-2010 |
| **Filing Date:** | 29-AUG-2006 |
| **Time Stamp:** | 20:19:58 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $180 |
| RAM confirmation Number | 5886 |
| Deposit Account | |
| Authorized User | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|

| 1 | Information Disclosure Statement (IDS) Filed (SB/08) | SuppIDS_Healthgrades.pdf | 164952<br>d36c0badbd7873d976ac7d71d7c7b69ecf0f8b9f | no | 3 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

This is not an USPTO supplied IDS fillable form

| 2 | NPL Documents | igenix.PDF | 224695<br>068324f3b544518293246118c266a3cb4c144372 | no | 1 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 3 | NPL Documents | revolutionhealth_com.PDF | 1300961<br>15455ff094e64f91d0281fc68b267ccdab6d7582 | no | 3 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 4 | NPL Documents | ucompare.PDF | 93074<br>f4710fa61c7858779359²bc6e105cd2237936380c | no | 1 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 5 | NPL Documents | vitals_com.pdf | 771409<br>70df6b2e0d85fe885eb6f43f48d35dacc2b12f30 | no | 2 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 6 | NPL Documents | webmd.PDF | 283399<br>61e76b5b74d4d7c8e94654d91e7eb010b965ff55 | no | 2 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 7 | Fee Worksheet (PTO-875) | fee-info.pdf | 29943<br>ba82beff41befff4e4f5ced60f00515b98c5e846 | no | 2 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| | | **Total Files Size (in bytes):** | 2868433 | | |
|---|---|---|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable.  It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

U.S. Patent Application Serial No. 11/512,529

S/N 11/512,529                                                                    PATENT
                                                                         CONF. NO. 1358

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | David G. Hicks, et al. | Examiner: | Trang T. Nguyen |
| Serial No.: | 11/512,529 | Group Art Unit: | 3686 |
| Filed: | August 29, 2006 | Docket No.: | 40476.0002USU1 |
| Title: | INTERNET SYSTEM FOR CONNECTING HEALTHCARE PROVIDERS AND PATIENTS | | |

CERTIFICATE OF FILING BY EXPRESS MAIL # EV 419058900 US:

I hereby certify that this paper or fee is being transmitted by U.S. Express Mail to the United States Patent and Trademark Office via EFS-Web in accordance with 37 CFR § 1.6(a)(4) on February 16, 2010.

By:   /Sandra Lee Bourassa, PLS/
Sandra Lee Bourassa, PLS

## AMENDMENT & RESPONSE TO NON-FINAL OFFICE ACTION
## MAILED NOVEMBER 13, 2009

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Sir:

    In response to the Non-Final Office Action mailed November 13, 2009, please amend the above-identified application as indicated below.  It is believed that no further fees are due with this Amendment and Response to the Non-Final Office Action because the three-month date for filing this Amendment and Response, i.e., February 13, 2010, fell on a Saturday, and this Amendment and Response is being filed today, i.e., February 16, 2010, following a federal holiday on February 15, 2010.  However, the Commissioner is hereby authorized to charge any deficiencies or credit any overpayment with respect to this patent application to deposit account number 13-2725.

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks** begin on page 7 of this paper.

1

U.S. Patent Application Serial No. 11/512,529

**Amendments to the Claims:**

This listing of claims will replace all prior versions and listings of claims in the application.  Please amend the claims as follows:

**Listing of Claims:**

1.      (Currently Amended) A method of providing healthcare provider information to potential patients, said method comprising:

compiling healthcare provider-verified information;

compiling past-patient provided information;

compiling information verified by independent third-party sources;

creating, by a processor, a healthcare provider report using the ~~physician-verified~~ healthcare provider-verified information, the past-patient provided information, and the ~~verified~~ information verified by independent third-party sources, wherein the healthcare provider report includes comparison ratings of healthcare providers; and

providing access to the healthcare provider report over a computer network.

2.      (Currently Amended) The method as defined in claim 1, wherein the past-patient provided information is obtained through data collected through the method comprising:

past or current patients of a particular healthcare provider accessing a report for ~~that~~ the particular healthcare provider over the computer network;

the past or current patients selecting to complete an on-line patient survey;

the past or current patients completing the survey and providing an e-mail address; and

transmitting the completed survey to a predetermined company Web server.

3.      (Currently Amended) The method as defined in claim 2, further comprising a method for verifying and compiling such data, the method comprising:

2

U.S. Patent Application Serial No. 11/512,529

determining whether the past or current patient has already completed a maximum number of surveys for a predetermined time period;

if the past or current patient has not reached the maximum number of surveys, transmitting a confirmation e-mail to the e-mail address provided;

determining if the confirmation e-mail was successfully transmitted; and

if the e-mail was successfully transmitted, compiling the data provided by the past or current patient with other relevant data in a company database comprised of healthcare provider information.

4.     (Original) The method as defined in claim 1, wherein the healthcare provider report includes a hyperlink to an affiliated hospital, medical center, or other type of treatment center.

5.     (Cancelled)

6.     (Original) The method as defined in claim 1, wherein the access to the healthcare provider report is obtained through a predetermined Web page that provides search capabilities for a database comprised of healthcare provider information.

7.     (Currently Amended) The method as defined in claim 6, wherein the search capabilities permit a search based on one or more from the group consisting of: at least one of name, medical specialty, gender, state, city, procedure, diagnosis, procedure, [[or]] and location criteria.

8.     (Original) The method as defined in claim 7, wherein a search of the database produces a results list of healthcare providers satisfying the search criteria.

9.     (Original) The method as defined in claim 8, wherein the results list further includes an advertisement for a healthcare provider with a hyperlink to information on that healthcare

3

U.S. Patent Application Serial No. 11/512,529

provider.

10.     (Currently Amended) The method as defined in claim 8, further comprising:

determining from the results list whether [[the]] a particular healthcare provider is a member of [[the]] a company managing the Web site; and

if the particular healthcare provider is a member of the company managing the Web site, providing enhanced services for the member healthcare provider on the Web site.

11.     (Original) The method as defined in claim 10, wherein the enhanced services comprise making report information on the member provider available at no charge to potential patients.

12.     (Original) The method as defined in claim 10, wherein the enhanced services comprise favorable positioning in the results list.

13.     (Original) The method as defined in claim 1, further comprising:

maintaining a record of whether the healthcare provider report should be made available to a potential patient at no charge; and

requiring payment of a fee to access the healthcare provider report if the report is not recorded as being available at no charge.

14.     (Original) The method as defined in claim 13, wherein the required fee is adjusted to account for applicable discounts.

U.S. Patent Application Serial No. 11/512,529

15.     (Original) The method as defined in claim 1, wherein the healthcare provider is a physician, hospital, nursing home, or other treatment facility.


16.-18. (Cancelled)


19.     (Currently Amended) An on-line information system for providing verified information regarding healthcare providers, the system comprising:

at least one processor; and

memory coupled with and readable by the at least one processor and comprising a series of instructions that, when executed by the at least one processor, cause the at least one processor to:

a compilation module for compiling compile healthcare provider-verified information;

a compilation module for compiling compile patient-provided information;

a compilation module for compiling compile healthcare provider information verified by an independent third party; and

a creation module for creating create a healthcare provider report using the provider-verified healthcare provider-verified information, the patient-provided information, and the independently verified information, wherein the healthcare provider report includes comparison ratings of healthcare providers; and

a computing system with access to healthcare provider information stored in a database, wherein patients may search the database and review healthcare provider reports to differentiate among healthcare providers.


20.     (Currently Amended) The on-line information system defined in claim 19, wherein:

U.S. Patent Application Serial No. 11/512,529

the healthcare provider report is obtained through one of a predetermined Web page that provides search capabilities on its database or a third-party search engine; and

the search capabilities of the predetermined Web page permit searching based on one or more from the group consisting of: name, medical specialty, gender, state, city, procedure, diagnosis, procedure, [[or]] and location criteria.

21.   (New)  The on-line information system defined in claim 20, further comprising:

producing a results list of healthcare providers satisfying received search criteria;

determining from the results list whether a particular healthcare provider is a member of a company managing the Web site; and

if the healthcare provider is a member of the company managing the Web site, providing enhanced services for the member healthcare provider on the Web site, wherein the enhanced services comprise making report information on the member provider available at no charge to potential patients.

U.S. Patent Application Serial No. 11/512,529

## REMARKS

This Amendment and Response and the following remarks are intended to fully respond to the Non-Final Office Action mailed November 13, 2009. In that Office Action, claims 1-15, 19, and 20 were examined, and all were rejected. Specifically, claims 1-15, 19, and 20 were rejected under 35 U.S.C. § 112, second paragraph, as allegedly "being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention." *Office Action, 11/13/2009, at 2-3*. Claims 1-15 and 19-20 were rejected under 35 U.S.C. § 101 allegedly because "the claimed invention is directed to non-statutory subject matter." *Office Action, 11/13/2009, at 3-4*. In addition, claims 1-6, 8, 9, 13-15, and 19 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over U.S. Pat. App. Publ. No. 2003/0195838 to Henley in view of U.S. Pat. App. Publ. No. 2006/0080146 to Cook, et al. (hereinafter, "Cook"). Further, claims 7, 10, 11, 12, and 20 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over Henley in view of Cook and further in view of U.S. Pat. App. Publ. No. 2004/0010423 to Sameh. Reconsideration of these rejections, as they might apply to the original and amended claims in view of these remarks, is respectfully requested.

In this Amendment and Response, claims 1-3, 7, 10, 19, and 20 have been amended. Claim 5 has been cancelled without prejudice, and claims 16-18 remain cancelled without prejudice in light of the Response to Restriction Requirement filed on September 30, 2009. Claim 21 has been added. This new claim does not add any new subject matter. Therefore, claims 1-4, 6-15, and 19-21 are present for examination. This application is in condition for allowance, and such action is respectfully requested.

### Claim Rejections – 35 U.S.C. § 112, Second Paragraph:  Claims 1-15 & 19-20

Claims 1-15, 19, and 20 were rejected under 35 U.S.C. § 112, second paragraph, as allegedly "being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention." *Office Action, 11/13/2009, at 2-3*. The Applicants do not concede the correctness of these rejections. However, in the interest of forwarding the prosecution of this application to allowance, the Applicants have amended independent claims 1 and 19 to recite in part:

> . . .
> creating, by a processor, a healthcare provider report using *the healthcare provider-verified information*, the past-patient provided information, and t*he information verified by independent third-party sources*, wherein the healthcare

7

U.S. Patent Application Serial No. 11/512,529

provider report includes comparison ratings of healthcare providers; and

. . . .

*Claim 1, supra (as amended) (emphasis added).*

An on-line information system for providing verified information regarding healthcare providers, the system comprising:
*at least one processor; and*
*memory coupled with and readable by the at least one processor and comprising a series of instructions that, when executed by the at least one processor, cause the at least one processor to:*

. . . .

*Claim 19, supra (as amended) (emphasis added).*

As a person of ordinary skill in the art would reasonably understand, these amendments to claims 1 and 19 do not add any new subject matter. For example, the amendments to claim 1 have been added merely to correct alleged insufficient antecedent bases. Further, the "processor" and "memory" amendments to claim 19 represent inherent features of the already-claimed "on-line information system" and would have reasonably been understood and anticipated by a person of ordinary skill in the art.

Claims 1 and 19 are in condition for allowance. The Applicants therefore respectfully request the withdrawal of the § 112 rejections of claims 1 and 19. Because claims 2-4, 6-15, and 20-21 depend on allowable base claims 1 and 19, respectively, these claims are also allowable, and such action is respectfully requested. As such, any remaining arguments supporting the rejections of these claims are not acquiesced to even though they are not directly addressed herein. Accordingly, the Applicants respectfully request the allowance of claims 1-4, 6-15, and 19-21.

**Claim Rejections – 35 U.S.C. § 101:  Claims 1-15 & 19-20**

Claims 1-15 and 19-20 were rejected under 35 U.S.C. § 101 allegedly "because the claimed invention is directed to non-statutory subject matter." *Office Action, 11/13/2009, at 3-4.* The Applicants do not concede the correctness of these rejections. However, in the interest of forwarding the prosecution of this application to allowance, the Applicants have amended claims 1 and 19 to recite in part:

8

U.S. Patent Application Serial No. 11/512,529

> . . .
> creating, *by a processor*, a healthcare provider report using the healthcare
> provider-verified information, the past-patient provided information, and the
> information verified by independent third-party sources, wherein the healthcare
> provider report includes comparison ratings of healthcare providers; and
> . . . .

*Claim 1, supra (as amended) (emphasis added).*

> An on-line information system for providing verified information
> regarding healthcare providers, the system comprising:
> at least one processor; and
> *memory coupled with and readable by the at least one processor* and
> *comprising a series of instructions that, when executed by the at least one*
> *processor, cause the at least one processor to*:
> . . . .

*Claim 19, supra (as amended) (emphasis added).*

Claims 1 and 19 are in condition for allowance. The Applicants thus respectfully request the withdrawal of the § 112 rejections of claims 1 and 19. Because claims 2-4, 6-15, and 20-21 depend on allowable base claims 1 and 19, respectively, these claims are also allowable, and such action is respectfully requested. As such, any remaining arguments supporting the rejections of these claims are not acquiesced to even though they are not directly addressed herein. Accordingly, the Applicants respectfully request the allowance of claims 1-4, 6-15, and 19-21.

## Claim Rejections – 35 U.S.C. § 103(a):  Claims 1-6, 8, 9, 13-15, & 19

Claims 1-6, 8, 9, 13-15, and 19 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over Henley in view of Cook. The Applicants respectfully disagree with and traverse these rejections. To establish a prima facie case of obviousness, the references must teach or suggest each and every one of the claim elements to one of ordinary skill in the art at the time the invention was made. *See* MPEP §§ 2142, 2143.03; *In re Wilson*, 424 F.2d 1382, 1385 (C.C. P.A. 1970). In addition, *KSR International Company v. Teleflex, Inc.*, 127 S. Ct. 1727, 1741 (2007), requires that there "must be some *articulated reasoning with some rational underpinning* to support the legal conclusion of obviousness." (Emphasis added.) Further, "a

patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art." *KSR Int'l Co.*, 127 S. Ct. at 1741. Specifically, the references fail to teach or suggest all of the claim elements.

For example, Henley in view of Cook fail to teach or suggest at least the following with respect to claim 1:

> . . .
>
> creating, by a processor, a healthcare provider report *using the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources, wherein the healthcare provider report includes comparison ratings of healthcare providers*; and
> providing access to the healthcare provider report over a computer network.

*Claim 1, supra (as amended) (emphasis added).*

Henley provides generally for "an on-line auctioning process in negotiating a price for the performance of a professional personal medical service performed by a medical physician on an individual patient . . . ." *Henley, at [0016]*. Specifically, Henley provides for on-line negotiating of fees for medical services and provides a "method and apparatus that will enable prospective patients to easily identify and access an otherwise underutilized medical facility to negotiate a favorable fee for services subject to scheduling restrictions and other 'specifications' set by the medical service provider." *Henley, at [0024]*. Henley is thus related to on-line auctioning for medical services and products and fails to disclose or suggest, at a minimum, "creating . . . a healthcare provider report using the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources . . . ." Indeed, the Office Action admits that Henley "may or **may not** explicitly disclose" such teaching and provides no citation in Henley supporting such teaching. *See Office Action, 11/13/2009, at 6 (emphasis added)*. Instead, the Office Action relies on Cook:

> Henley may or may not explicitly disclose the following limitation. However, Cook discloses:
>
> • *creating a healthcare provider report using the physician-verified information, the past-patient provided information, and the verified information* (See at least paragraphs 0091, 0343, 0358, 0375 and claim 21).

*Office Action, 11/13/2009, at 6 (emphasis in original).*

U.S. Patent Application Serial No. 11/512,529

However, the Applicants respectfully disagree that Cook provides such disclosure. Cook relates generally to enabling a patient "to choose a healthcare provider who uses an EMR [("electronic medical record")] system and optionally an advanced, compatible EMR system." *Cook, at [0097]*. The citations from the Office Action relate at most to specific reports about "the EMR system in use by each provider . . . ." *See, e.g., Cook, at [0091]*. For example, paragraph [0343] provides:

> **Reports of compatibility of a provider's EMR** can be based on the percentage of other **EMR systems** which are compatible or the percentage of healthcare providers who are using **EMR systems which are compatible**.

*Cook, at [0343] (emphasis added)*.

Cook's reports are thus related to EMR systems: "It is also specifically meant to include all implementations **in which reports to patients include graduated assessments of EMR systems.**" *Cook, at [0375] (emphasis added)*. While Cook refers to the "ability to report to patients objective measures of the quality and cost effectiveness of care provided by each individual healthcare provider," *Cook, at [0358]*, this reference to the "quality" and "cost effectiveness" appears to refer again to "reviewing electronic patient medical records" and to "outcomes data from health insurance companies." *See Cook, at [0358]*. Cook thus fails to provide any teaching or suggestion, at a minimum, of ". . . creating . . . a healthcare provider report *using the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources . . . .*" Cook's reports are based on "EMR systems" and "outcomes data from health insurance companies," *see Cook, at [0358]*, and provide no teaching, for example, of "creating" a "healthcare provider report *using* the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources . . . ." (Emphasis added.) Cook thus fails to cure the deficiencies of Henley.

Further, Henley fails to teach or suggest, for example, ". . . wherein the healthcare provider report includes comparison ratings of healthcare providers . . . ." The Office Action relies on Henley at "paragraphs 0015-0016, 0037, 0081, 0090 and 0107" for providing such a teaching. However, the Applicants respectfully disagree. The cited portions of Henley provide no teaching or suggestion of "comparison ratings." *See, e.g., Henley, at [0015-0016], [0037], [0081], [0090], & [0107]*. For example, paragraph [0107] provides that "[t]he qualifier engine and associated databases allow the qualifications of both the physician providing the service and

U.S. Patent Application Serial No. 11/512,529

the qualifications of the hospital/treatment facilities [to be] available to the consumer/patient."
*Henley, at [0107]*. However, making general qualifications "available" to a consumer does not
teach or suggest "comparison ratings." Additionally, while paragraph [0090] provides for
"hyperlinks to databases storing the identification of medical service providers having satisfied a
particular qualifying requirement," *Henley, at [0090]*, access to databases storing the
"identification" of medical service providers satisfying a particular requirement provides no
teaching or suggestion of, for example, "comparison ratings" of healthcare providers. Henley
thus fails to provide any teaching or suggestion of at least ". . . wherein the healthcare provider
report includes comparison ratings of healthcare providers . . . ."

Accordingly, Henley in view of Cook fail to teach or suggest each and every limitation of
claim 1, and allowance of this claim is therefore respectfully requested. While the above
discussion shows that the cited references do not teach or suggest each and every aspect of claim
1, amendments to claim 1 are made in the interest only of forwarding the prosecution of this
application to allowance and are not necessarily made to address the Office Action's rejections
based on the cited references. Amendments are therefore made without prejudice. Because
claims 2-4 and 6-15 depend on allowable base claim 1, these claims are also allowable, and such
action is respectfully requested. As such, any remaining arguments supporting the rejections of
these claims are not acquiesced to even though they are not directly addressed herein.
Accordingly, the Applicants respectfully request the allowance of claims 1-4 and 6-15 (claim 5
has been cancelled without prejudice).

Further, the Applicants note that the Office Action's apparent reliance on "Official
Notice," *see Office Action, 11/13/2009, at 8-10*, fails to cure the deficiencies of Henley and Cook
with regard to claims 3, 13, and 14. *See discussion supra*. The Office Action relies on "Official
Notice" for various described teachings. *See, e.g., Office Action, 11/13/2009, at 7-10 (using
multiple, various statements of Official Notice)*. The Applicants do not necessarily agree with
the Office Action's characterization of the claim language relating to these multiple takings of
Official Notice. *See Office Action, 11/19/2009, at 8-10*. Further, the Applicants do not
necessarily agree with these multiple takings of Official Notice nor do they acquiesce to the
statements made in the Office Action regarding the Official Notice. Nevertheless, since Henley
in view of Cook fails to teach the features of claim 1 noted above, and no additional references
have been cited that compensate for the deficiencies in Henley in view of Cook, the issue
regarding the accuracy of each of the multiple takings of Official Notice is moot.

U.S. Patent Application Serial No. 11/512,529

The Applicants also respectfully disagree with the Office Action's rejection of claim 2. For example, the Office Action states with regard to the "transmitting . . ." element:

> [T]hese differences are not functionally involved in the steps recited nor do they alter the recited structural elements. The recited steps would be performed the same regardless of the specific data. Further, the structural elements remain the same regardless of the specific data. Thus, this will not distinguish the claimed invention from the prior art in terms of patentability.

*Office Action, 11/13/2009, at 7.*

The Applicants do not necessarily agree with these statements in the Office Action nor do they acquiesce to these statements. *See Office Action, 11/13/2009, at 7.* Nevertheless, since Henley in view of Cook fails to teach the features of claim 1 (upon which claim 2 depends) noted above, and no additional references have been cited that compensate for the deficiencies in Henley in view of Cook, the issue regarding the accuracy of these statements is moot.

In addition, for at least the reasons set forth above, Henley in view of Cook fail to teach or suggest each and every limitation of independent claim 19. For example, the cited references fail to disclose or suggest at least the following with respect to claim 19:

> . . .
> create a healthcare provider report *using the healthcare provider-verified information, the patient-provided information, and the independently verified information, wherein the healthcare provider report includes comparison ratings of healthcare providers.*

*Claim 19, supra (as amended) (emphasis added).*

Accordingly, for at least the above reasons, Henley in view of Cook fail to teach or suggest each and every limitation of claim 19. Allowance of this claim is therefore respectfully requested. Because claims 20-21 are dependent on allowable base claim 19, *see discussion supra*, these claims are also patentable over Henley in view of Cook. As such, any remaining arguments supporting the rejection of this claim are not acquiesced to even though they are not directly addressed herein. While the above discussion shows that the cited references do not teach or suggest each and every aspect of claim 19, amendments to claim 19 are made in the interest only of forwarding the prosecution of this application to allowance and are not necessarily made to address the Office Action's rejections based on the cited references. Amendments are therefore made without prejudice. The allowance of claims 19-21 is therefore respectfully requested.

U.S. Patent Application Serial No. 11/512,529

For at least the reasons presented above, claims 1-4, 6-15, and 19-21 are patentable over Henley in view of Cook. Accordingly, the Applicants respectfully request the allowance of this application.

**Claim Rejections – 35 U.S.C. § 103(a): Claims 7, 10-12, & 20**

Claims 7, 10-12, and 20 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over Henley in view of Cook and further in view of Sameh. The Applicants respectfully disagree with and traverse these rejections. The cited references fail to teach or suggest all of the claim elements.

Because claims 7, 10-12, and 20 depend on allowable base claims 1 and 19, respectively, *see discussion supra*, these claims are also allowable for at least the reasons presented above, and such action is respectfully requested. As such, any remaining arguments supporting the rejections of these claims are not acquiesced to even though they are not directly addressed herein. Accordingly, the Applicants respectfully request the allowance of claims 7, 10-12, and 20.

Further, Henley in view of Cook and further in view of Sameh fail to teach or suggest at least the following:

> . . .
> creating, by a processor, a healthcare provider report *using the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources, wherein the healthcare provider report includes comparison ratings of healthcare providers*; and
> providing access to the healthcare provider report over a computer network.

*Claim 1, supra (as amended) (emphasis added) (upon which claims 7 & 10-12 depend).*

> . . .
> create a healthcare provider report *using the healthcare provider-verified information, the patient-provided information, and the independently verified information, wherein the healthcare provider report includes comparison ratings of healthcare providers*.

*Claim 19, supra (as amended) (emphasis added) (upon which claim 20 depends).*

Sameh fails to cure the deficiencies of Henley in view of Cook. Sameh relates generally to providing a method and apparatus for allowing patients "to make appointments with physicians." *Sameh, at [0002]*. Specifically, Sameh provides that a "website messaging system

14

U.S. Patent Application Serial No. 11/512,529

10 may be provided by a sponsor (e.g., a hospital or other healthcare facility) and may be used to forward messages from patients to their attending physicians under any of a number of predetermined message formats and patient conditions specified by the attending physician." *Sameh, at [0020]*. Sameh's messaging system for forwarding messages from patients to physicians and providing an "appointment request webpage," *Sameh, at [0007]*, thus neither teaches nor suggests, for example, ". . . creating a healthcare provider report using the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources . . . ." Sameh also provides no disclosure or suggestion of, at a minimum, "wherein the healthcare provider report includes *comparison ratings of healthcare providers*." (Emphasis added.) Sameh thus fails to cure the deficiencies of Henley in view of Cook.

Further, the Applicants note that the Office Action's apparent reliance on "Official Notice," *see Office Action, 11/13/2009, at 14*, fails to cure the deficiencies of Henley and Cook with regard to claim 12. The Office Action states that "[i]t is old and well known in the art for organizations or service providers to reward their members with extra (or enhanced) services." *Office Action, 11/13/2009, at 14*. The Applicants do not necessarily agree with the Office Action's characterization of the claim language. Further, the Applicants do not necessarily agree with this apparent taking of Official Notice nor do they acquiesce to the statements made in the Office Action regarding the Official Notice. Nevertheless, since Henley in view of Cook fails to teach the features of claim 1 (upon which claim 12 depends) noted above, and no additional references have been cited that compensate for the deficiencies in Henley in view of Cook, the issue regarding the accuracy of the taking of Official Notice is moot.

Accordingly, Henley in view of Cook and further in view of Sameh fail to disclose or suggest each and every element of claims 7, 10-12, and 20. Claims 7, 10-12, and 20 are therefore allowable. While the above discussion shows that the cited references fail to teach or suggest each and every element of claims 7, 10-12, and 20, amendments to claims 7, 10-12, and 20 are made in the interest only of forwarding the prosecution of this application to allowance and are not necessarily made to address the Office Action's rejections based on the cited references. Amendments are therefore made without prejudice.

For at least the above reasons, the Applicants respectfully request the allowance of claims 7, 10-12, and 20.

15

U.S. Patent Application Serial No. 11/512,529

## New Claim

Claim 21 has been added. *See supra.* This claim does not add any new subject matter. Further, claim 21 is allowable for at least the reasons set forth above. *See discussion supra.* In addition, none of the cited references discloses or suggests the limitations of claim 21. Accordingly, claim 21 is also in condition for allowance, and such action is respectfully requested.

## Conclusion

This Amendment and Response fully responds to the Non-Final Office Action mailed November 13, 2009. It is recognized that the Office Action may contain arguments and rejections that are not directly addressed by this Amendment and Response because they are rendered moot in light of the preceding arguments in favor of patentability. Hence, the failure, if any, of this Amendment and Response to directly address an argument and/or comment raised in the Office Action should not be taken as an indication that the Applicant believes the argument and/or comment has merit. Additionally, the failure, if any, to address statements and/or comments made in the Office Action does not mean that the Applicants acquiesce to such statements and/or comments. Furthermore, the claims of the present application may include other elements, not discussed in this Amendment and Response, which are not shown, taught, or otherwise suggested by the art of record. Accordingly, the preceding arguments in favor of patentability are advanced without prejudice to other bases of patentability.

It is believed that no additional fees are due with this Amendment and Response. However, the Commissioner is hereby authorized to charge any deficiencies or credit any overpayment with respect to this patent application to deposit account number 13-2725.

In light of the above remarks and amendments, the application is in condition for allowance and such action is respectfully requested. Should any additional issues need to be resolved, the Examiner is respectfully requested to telephone the undersigned to attempt to resolve those issues.

U.S. Patent Application Serial No. 11/512,529

Respectfully submitted,

Dated: <u>February 16, 2010</u>

*Elizabeth J. Reagan*

Elizabeth J. Reagan, Reg. No. 57,528
Merchant & Gould P.C.
P.O. Box 2903
Minneapolis, MN 55402-0903
(303) 357-1644

> **23552**
> PATENT TRADEMARK OFFICE

PTO/SB/06 (07-06)
Approved for use through 1/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>11/512,529 | Filing Date<br>08/29/2006 | ☐ To be Mailed |
|---|---|---|---|

### APPLICATION AS FILED – PART I

| | | | SMALL ENTITY ☒ | | OR | OTHER THAN<br>SMALL ENTITY | |
|---|---|---|---|---|---|---|---|
| FOR | NUMBER FILED<br>(Column 1) | NUMBER EXTRA<br>(Column 2) | RATE ($) | FEE ($) | | RATE ($) | FEE ($) |
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | X $ = | | OR | X $ = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | X $ = | | | X $ = | |
| ☐ APPLICATION SIZE FEE<br>(37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | | TOTAL | |

### APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | SMALL ENTITY | | OR | OTHER THAN<br>SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|
| **AMENDMENT** | **02/16/2010** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 17 | Minus | ** 20 | = | X $ = | | OR | X $ = | |
| | Independent (37 CFR 1.16(h)) | * 2 | Minus | *** 3 | = | X $ = | | | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | OR | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

| | | (Column 1) | (Column 2) | (Column 3) | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **AMENDMENT** | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | X $ = | | OR | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | X $ = | | | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | OR | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

\* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.

\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".

\*\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".

The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Legal Instrument Examiner:
/ELMIRA HALL/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

S/N 11/512,529                                                                    PATENT

                                                                    Confirmation No. 1358

<u>IN THE UNITED STATES PATENT AND TRADEMARK OFFICE</u>

| | | | |
|---|---|---|---|
| Applicant: | Hicks, et al. | Examiner: | Nguyen, Trang T. |
| Serial No.: | 11/512,529 | Group Art Unit: | 3686 |
| Filed: | August 29, 2006 | Docket No.: | 40476.0002USU1 |
| Title: | **INTERNET SYSTEM FOR CONNECTING HEALTHCARE PROVIDERS AND PATIENTS** | | |

CERTIFICATE UNDER 37 CFR 1.6(d):
I hereby certify that this paper is being transmitted electronically via EFS-Web to the U.S. Patent and Trademark Office on
February 15, 2010.

By: _Amanda Tomas_
Name:  Amanda Tomas

<u>**SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT (37 C.F.R. § 1.97(c))**</u>

Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

Dear Sir:

   With regard to the above-identified application, the items of information listed on the enclosed Form 1449 are brought to the attention of the Examiner.

   This statement should be considered because it is submitted before the mailing date of a final action under 37 C.F.R. § 1.113, a notice of allowance under § 1.311, or an action that otherwise closes prosecution in the application, and it is accompanied by the fee set forth in § 1.17(p).  *See 37 C.F.R. § 1.97(c).*

   A copy of any foreign patent document or "Other Document" listed on the Form 1449 is enclosed, in accordance with 37 C.F.R. § 1.98(a)(2).  Further, in accordance with 37 C.F.R. § 1.98(a)(2), copies of any U.S. patents and U.S. patent application publications listed on the enclosed Form 1449 are not provided.  However, please let us know if you would like us to provide any such copies.

   No representation is made that a reference is "prior art" within the meaning of 35 U.S.C. §§ 102 and 103, and Applicants reserve the right, pursuant to 37 C.F.R. § 1.131 or otherwise, to establish that the reference(s) are not "prior art."  *See* 37 C.F.R. § 1.97(h).  Moreover, Applicants

do not represent that a reference has been thoroughly reviewed or that any relevance of any portion of a reference is intended.

Consideration of the items listed is respectfully requested.  Pursuant to the provisions of M.P.E.P. 609, it is requested that the Examiner return a copy of the attached Form 1449, marked as being considered and initialed by the Examiner, to the undersigned with the next official communication.

Please charge any additional fees or credit any overpayment to Deposit Account No. 13-2725.

Respectfully submitted,

Dated: February 15, 2010

Elizabeth J. Reagan, Reg. No. 57,528
Merchant & Gould, P.C.
P.O. Box 2903
Minneapolis, MN  55402-0903
303.357.1644

<div style="border:1px solid black;">

**23552**
PATENT TRADEMARK OFFICE

</div>

Date Filed: February 15, 2010                                              Sheet 1 of 1

| FORM 1449* INFORMATION DISCLOSURE STATEMENT | Docket Number: 40476.0002USU1 | | Application Number: 11/512,529 |
|---|---|---|---|
| IN AN APPLICATION | Applicant:  Hicks, et al. | | |
| (Use several sheets if necessary) | Filing Date:  08/29/06 | Group Art Unit: 3686 | |

## U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| | 2002/0038233 | 03/2002 | Shubov et al. | 705 | 001 | |
| | 2004/0019579 | 01/2004 | Herz et al. | 707 | 104.100 | |
| | 2004/0172282 | 09/2004 | Anuthep Benja-Athon | 705 | 002 | |
| | 2006/0015369 | 01/2006 | Bachus et al. | 705 | 002 | |
| | 2006/0294138 | 12/2006 | Lucas Stolba | 707 | 010 | |
| | 2007/0094044 | 04/2007 | Stone et al. | 705 | 002 | |
| | 7383197 | 06/2008 | George G. Neuman | 705 | 002 | |
| | 7065528 | 06/2006 | Herz et al. | 405 | 104.100 | |
| | 5365425 | 11/1994 | Torma et al. | 364 | 401 | |
| | | | | | | |
| | | | | | | |

## FOREIGN PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION | |
|---|---|---|---|---|---|---|---|
| | | | | | | YES | NO |
| | | | | | | | |
| | | | | | | | |

## OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| | GeoAccess.com [online], [retrieved on 2010-02-15]. Retrieved from the internet: <URL: http://www.ingenix.com> (2010) 1 page. |
| | UCompareHealthCare.com [online], [retrieved on 2010-02-15]. Retrieved from the internet: <URL: www.UCompareHealthCare.com> (2010) 1 page. |
| | RevolutionHealth.com [online], [retrieved on 2010-02-15]. Retrieved from the internet: <URL: www.RevolutionHealth.com> (No Date) 1 page. |
| | WebMD.com [online], [retrieved on 2010-02-15]. Retrieved from the internet: <URL: www.WebMD.com> (2005-2010) 2 pages. |

## 23552
PATENT TRADEMARK OFFICE

| EXAMINER | DATE CONSIDERED |
|---|---|
| | |

EXAMINER:  Initial if reference considered, whether or not citation is in conformance with MPEP 609; draw line through citation if not in conformance and not considered.  Include copy of this form for next communication to the Applicant.

*Substitute Disclosure Statement Form (PTO-1449)                    Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 11512529 |
| **Filing Date:** | 29-Aug-2006 |
| **Title of Invention:** | Internet system for connecting healthcare providers and patients |
| **First Named Inventor/Applicant Name:** | David G. Hicks |
| **Filer:** | Timothy Brian Scull/Amanda Tomas |
| **Attorney Docket Number:** | 40476.0002USU1 |

Filed as Large Entity

## Utility under 35 USC 111(a) Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| Submission- Information Disclosure Stmt | 1806 | 1 | 180 | 180 |
| **Total in USD ($)** | | | | **180** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 7012848 |
| **Application Number:** | 11512529 |
| **International Application Number:** | |
| **Confirmation Number:** | 1358 |
| **Title of Invention:** | Internet system for connecting healthcare providers and patients |
| **First Named Inventor/Applicant Name:** | David G. Hicks |
| **Customer Number:** | 23552 |
| **Filer:** | Timothy Brian Scull/Amanda Tomas |
| **Filer Authorized By:** | Timothy Brian Scull |
| **Attorney Docket Number:** | 40476.0002USU1 |
| **Receipt Date:** | 15-FEB-2010 |
| **Filing Date:** | 29-AUG-2006 |
| **Time Stamp:** | 20:17:56 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $180 |
| RAM confirmation Number | 13170 |
| Deposit Account | |
| Authorized User | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|

| 1 | Information Disclosure Statement (IDS) Filed (SB/08) | Supp_IDS_1449.pdf | 158236<br><br>859059fa72cb061fa0f2a33e0cfdbfb15c3a26d2 | no | 3 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

This is not an USPTO supplied IDS fillable form

| 2 | NPL Documents | ingenix.PDF | 224695<br><br>068324f3b544518293246118c266a3cb4c144372 | no | 1 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 3 | NPL Documents | ucompare.PDF | 93074<br><br>f4710fa61c78587793592be6105cd2237936380c | no | 1 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 4 | NPL Documents | revhealth.PDF | 121479<br><br>f6c8a56705caa585db56e3fb563a82e1519fa4a3 | no | 1 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 5 | NPL Documents | webmd.PDF | 283399<br><br>61e76b5b74d4d7c8e94654d91e7eb010b965ff55 | no | 2 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 6 | Fee Worksheet (PTO-875) | fee-info.pdf | 29972<br><br>9fe2848acafae99fa5ab6f21d7e68b2f3c2a789a | no | 2 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| **Total Files Size (in bytes):** | 910855 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable.  It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/512,529 | 08/29/2006 | David G. Hicks | 40476.0002USU1 | 1358 |

23552      7590      11/13/2009
MERCHANT & GOULD PC
P.O. BOX 2903
MINNEAPOLIS, MN 55402-0903

| EXAMINER |
|---|
| NGUYEN, TRANG T |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3686 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 11/13/2009 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| **Office Action Summary** | Application No. | Applicant(s) |
| | 11/512,529 | HICKS ET AL. |
| | Examiner | Art Unit | |
| | TRANG NGUYEN | 3686 | |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>29 August 2006</u>.

2a)☐ This action is **FINAL**.          2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) *1-15,19 and 20* is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) *1-15,19-20* is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are:  a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All   b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____.

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☒ Information Disclosure Statement(s) (PTO/SB/08)
Paper No(s)/Mail Date <u>12/13/2007,03/25/2008</u>.

4)☐ Interview Summary (PTO-413)
Paper No(s)/Mail Date. _____ .

5)☐ Notice of Informal Patent Application

6)☐ Other: _____ .

Application: 11/512,529

Paper No. 20091102

Art Unit: 3686

Page 2

## DETAILED ACTION

### *Status of Claims*

1.  This action is in reply to the application filed on 08/29/2006 and subsequent reply filed on 09/30/2009.

2.  Claims 1-15 and 19-20 are currently pending and have been examined.

3.  Claims 16-18 have been canceled.

4.  Applicant's election without traverse of Group I in the reply filed on 09/30/2009 is acknowledged.

5.  Applicant's cancellation without traverse of claims 16-18 in the reply filed on 09/30/2009 is acknowledged.

### *Claim Rejections - 35 USC § 112*

6.  The following is a quotation of the second paragraph of 35 U.S.C. 112:

    The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

7.  Claims 19 and 20 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

    **Claim 19** recite in the preamble that the claims are directed towards the statutory category of a system. However, the "system" is not defined by hardware but by "module", and thus is directed towards functional descriptive materials.

    Therefore, it is not clear how "module" (or functional descriptive materials)

Application: 11/512,529                                    Paper No. 20091102

Art Unit: 3686                                                        Page 3

constitutes a system. Clarification is required. For examination purposes,

Examiner has construed the system to contain a combination of software and

hardware elements.

**Claim 20** depends on Claim 19 and, therefore, suffer the same deficiency as

Claim 19.

8.      Claims 1-15 are rejected under 35 U.S.C. 112, second paragraph, as being

indefinite for failing to particularly point out and distinctly claim the subject matter

which applicant regards as the invention.

**Claim 1** recites the limitations: "...using the physician-verified information ..."

"...and the verified information..."  There is insufficient antecedent basis for these

limitations in the claim.

**Claim 2-15** depend on Claim 1 and, therefore, suffer the same deficiency as

Claim 1.


### *Claim Rejections - 35 USC § 101*

9.      35 U.S.C. 101 reads as follows:

Whoever invents or discovers any new and useful process, machine, manufacture, or
composition of matter, or any new and useful improvement thereof, may obtain a patent
therefor, subject to the conditions and requirements of this title.

10.     Claims 1 - 15 are rejected under 35 U.S.C. 101 because the claimed invention is

directed to non-statutory subject matter

**Claims 1 - 15** are directed to a method.  However, the recited steps of the

method are held to be non-statutory subject matter because the recited steps of

Application: 11/512,529                                    Paper No. 20091102

Art Unit: 3686                                                          Page 4

the method are (1) not tied to another statutory class (such as a particular

apparatus) or (2) not transforming the underlying subject matter (such as an

article or materials ) to a different state or thing.

11.     Claims 19-20 are rejected under 35 U.S.C. 101 because the claimed invention is

directed to non-statutory subject matter.

**Claim 19** is directed to a system. However, the "system" is not defined by

hardware but by "module", and thus this limitation can be reasonably interpreted

as computer program module or software per se.  The claims are directed to

functional descriptive material per se and hence non-statutory.

The claims constitute computer programs representing computer listings per se.

Such descriptions or expressions of the programs are not physical "things".  They

are neither computer components nor statutory processes, as they are not "acts"

being performed.  Such claimed computer programs do not define any structural

and functional interrelationships between the computer program and other

claimed elements of a computer, which permit the computer program's

functionality to be realized.  In contrast, a claimed computer-readable medium

encoded with a computer program is a computer element, which defines

structural and functional interrelationships between the computer program and

the rest of the computer, that permits the computer program's functionality to be

realized, and is thus statutory.  See Lowry, 32 F.3d at 1583-84, 32 USPQ2d at

1035.

Application: 11/512,529                                    Paper No. 20091102

Art Unit: 3686                                                    Page 5

**Claim 20** depends from claim 19 and contains the same deficiencies. Therefore,

claim 20 is rejected under 35 U.S.C. 101 because the claimed invention is

directed to non-statutory subject matter.

### *Claim Rejections - 35 USC § 103*

12.     The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

13.     The factual inquiries set forth in *Graham* **v.** *John Deere Co.*, 383 U.S. 1, 148

USPQ 459 (1966), that are applied for establishing a background for determining

obviousness under 35 U.S.C. 103(a) are summarized as follows:

> 1.     Determining the scope and contents of the prior art.
> 2.     Ascertaining the differences between the prior art and the claims at issue.
> 3.     Resolving the level of ordinary skill in the pertinent art.
> 4.     Considering objective evidence present in the application indicating obviousness or
>        nonobviousness.

14.     Claim 1-6, 8, 9, 13-15 and 19 are rejected under 35 U.S.C. 103 (a) as being

unpatentable over Henley (US 2003/0195838 A1) in view of Cook et al.

(US 2006/0080146 A1).

**Regarding claim 1:**

Henley as shown discloses the following limitations:

*A method of providing healthcare provider information to potential patients, said*

*method comprising:*

Application: 11/512,529                                        Paper No. 20091102

Art Unit: 3686                                                        Page 6

- *compiling healthcare provider-verified information* (See at least paragraphs 0015, 0016, 0082, 0086, 0087, 0107 and 0114);

- *compiling past-patient provided information* (See at least paragraphs 0017, 0125, 0127 and 0137);

- *compiling information verified by independent third-party sources* (See at least paragraphs 0090, 0114 and 0116);

- *providing access to the healthcare provider report over a computer network* (See at least paragraphs 0030, 0086, 0088, 0090, 0107 and 0137).

Henley may or may not explicitly disclose the following limitation. However, Cook discloses:

- *creating a healthcare provider report using the physician-verified information, the past- patient provided information, and the verified information* (See at least paragraphs 0091, 0343, 0358, 0375 and claim 21);

Therefore, it would have been obvious to one of ordinary skill in the art, at the time of the invention, to have modified the system of Henley so as to have included creating a healthcare provider report, in accordance with the teaching of Cook, in order to improve the efficiency of the system, since so doing could be performed readily and easily by any person of ordinary skill in the art, with neither undue experimentation, nor risk of unexpected results.

Application: 11/512,529                                    Paper No. 20091102

Art Unit: 3686                                                          Page 7

**Regarding claim 2** Henley further discloses:

*The method as defined in claim 1, wherein the past-patient provided information*

*is obtained through data collected through the method comprising:*

> *past or current patients of a particular healthcare provider accessing a report for*
>
> *that provider over the computer network;*
>
> *the past or current patients selecting to complete an on-line patient survey;*
>
> *the past or current patients completing the survey and providing an e-mail*
>
> *address; and transmitting the completed survey to a predetermined company*
>
> *Web server (*See at least Fig. 13 and 14; paragraphs 0016, 0033, 0037, 0059,
>
> 0093, 0098, 0107, 0114, 0128 and 0137*)).*

Henley does not explicitly teach the steps of transmitting the survey as recited in the

claim; however, these differences are not functionally involved in the steps recited nor

do they alter the recited structural elements.  The recited steps would be performed the

same regardless of the specific data.  Further, the structural elements remain the same

regardless of the specific data.  Thus, this will not distinguish the claimed invention from

the prior art in terms of patentability.

**Regarding claim 3:**

*The method as defined in claim 2, further comprising a method for verifying and*

*compiling such data, the method comprising:*

Application: 11/512,529

Paper No. 20091102

Art Unit: 3686

Page 8

> *determining whether the past or current patient has already completed a*
>
> *maximum number of surveys for a predetermined time period;*
>
> *if the past or current patient has not reached the maximum number of surveys,*
>
> *transmitting a confirmation e-mail to the e-mail address provided;*
>
> *determining if the confirmation e-mail was successfully transmitted; if the e-mail*
>
> *was successfully transmitted, compiling the data provided by the past or current*
>
> *patient with other relevant data in a company database comprised of healthcare*
>
> *provider information.*

Henley discloses an on-line user service feedback web-page are provided for acquiring and maintaining comments and feedback from both service providers and their patients/clients regarding the complexity and quality of services received or provided (paragraph 0016 – Fig.13 and 14 shows that registered users must provide e-mail address).

Therefore, it would have been obvious to one of ordinary skill in the art, at the time of the invention, to have modified the system of Henley so as to have included the detailed steps of verifying and compiling feedback data, in order to improve the efficiency of the system, since so doing could be performed readily and easily by any person of ordinary skill in the art, with neither undue experimentation, nor risk of unexpected results.

**Regarding claim 4** Henley further discloses:

*The method as defined in claim 1, wherein the healthcare provider report includes*

*a hyperlink to an affiliated hospital, medical center, or other type of treatment center*

Application: 11/512,529                                    Paper No. 20091102

Art Unit: 3686                                                      Page 9

(See at least Fig. 10; paragraphs 0051, 0081 and 0114).

 **Regarding claim 5** Henley further discloses:

*The method as defined in claim 1, wherein the healthcare provider report includes*

*comparison ratings of healthcare providers* (See at least paragraphs 0015-0016, 0037,

0081, 0090 and 0107).

**Regarding claim 6** Henley further discloses:

*The method as defined in claim 1, wherein the access to the healthcare provider*

*report is obtained through a predetermined Web page that provides search capabilities*

*for a database comprised of healthcare provider information* (See at least paragraphs

0015-0016, 0037, 0081, 0090 and 0107).

**Regarding claim 8** Henley further discloses:

*The method as defined in claim 7, wherein a search of the database produces a*

*results list of healthcare providers satisfying the search criteria* (See at least paragraphs

0015-0016, 0037, 0081, 0090 and 0107).

**Regarding claim 9** Henley further discloses:

*The method as defined in claim 8, wherein the results list further includes an*

*advertisement for a healthcare provider with a hyperlink to information on that*

*healthcare provider* (See at least Fig.12; paragraphs 0013-0014, 0031 and 0038).

**Regarding claims 13 and 14:**

          Claim 13:

Application: 11/512,529

Paper No. 20091102

Art Unit: 3686

Page 10

*The method as defined in claim 1, further comprising:*

*maintaining a record of whether the healthcare provider report should be made available to a potential patient at no charge; and*

*requiring payment of a fee to access the healthcare provider report if the report is not recorded as being available at no charge.*

Claim 14:

*The method as defined in claim 13, wherein the required fee is adjusted to account for applicable discounts.*

Henley (in at least paragraphs 0084 and 0094) discloses the parties to the transaction are billed for system use. It is old and well known in the art for service providers to charge a fee for their services and to provide discounts to their customers under certain terms/conditions.

Therefore, it would have been obvious to one of ordinary skill in the art, at the time of the invention, to have modified the system of Henley so as to have included charging a fee and/or apply discounts for certain reports, in order to encourage the healthcare providers to registers with the system web site, to have improve the efficiency of the system, since so doing could be performed readily and easily by any person of ordinary skill in the art, with neither undue experimentation, nor risk of unexpected results.

**Regarding claim 15** Henley further discloses:

Application: 11/512,529                                   Paper No. 20091102

Art Unit: 3686                                                         Page 11

*The method as defined in claim 1, wherein the healthcare provider is a physician,*

*hospital, nursing home, or other treatment facility* (See at least paragraphs 0082, 0086,

0103 and 0107).

**Regarding claim 19:**

*An on-line information system for providing verified information regarding healthcare*

*providers, the system comprising:*

> *a compilation module for compiling healthcare provider-verified information* (See
>
> at least paragraphs 0015, 0016, 0082, 0086, 0087, 0107 and 0114)*; a*
>
> *compilation module for compiling patient-provided information* (See at least
>
> paragraphs 0017, 0035, 0125, 0127 and 0137)*;*
>
> *a compilation module for compiling healthcare provider information verified by an*
>
> *independent third party* (See at least paragraphs 0090, 0114 and 0116)*;*
>
> *a computing system with access to healthcare provider information stored in a*
>
> *database, wherein patients may search the database and review healthcare*
>
> *provider reports to differentiate among healthcare providers* (See at least
>
> paragraphs 0087, 0090, 0092)*;*

Henley may or may not explicitly disclose the following limitation. However, Cook

discloses:

> *a creation module for creating a healthcare provider report using the provider-*
>
> *verified information, the patient-provided information, and the independently*

Application: 11/512,529                                    Paper No. 20091102

Art Unit: 3686                                                          Page 12

> *verified information* (See at least paragraphs 0091, 0343, 0358, 0375 and claim
>
> 21).

Therefore, it would have been obvious to one of ordinary skill in the art, at the time of

the invention, to have modified the system of Henley so as to have included creating a

healthcare provider report, in accordance with the teaching of Cook, in order to improve

the efficiency of the system, since so doing could be performed readily and easily by

any person of ordinary skill in the art, with neither undue experimentation, nor risk of

unexpected results.


15.     Claims 7, 10, 11, 12 and 20 are rejected under 35 U.S.C. 103 (a) as being

        unpatentable over Henley (US 2003/0195838 A1) in view of Cook et al. (US PGP

        2006/0080146 A1) and further in view of Sameh (US PGP 2004/0010423 A1).

**Regarding claims 7 and 20:**

Henley may or may not disclose the following limitation. However, Sameh discloses:

> *C*laim 7:
>
> *The method as defined in claim 6, wherein the search capabilities permit a*
>
> *search based on at least one of name, medical specialty, gender, state, city,*
>
> *procedure, diagnosis, procedure, or location criteria* (See at least paragraphs
>
> 0040-0045 Sameh).
>
> *C*laim 20:
>
> *The on-line information system defined in claim 19, wherein:*

Application: 11/512,529                                Paper No. 20091102

Art Unit: 3686                                                      Page 13

> *the healthcare provider report is obtained through one of a predetermined Web page that provides search capabilities on its database or a third-party search engine* (See at least paragraphs 0015-0016, 0037, 0081, 0090 and 0107- Henley)*; and*
>
> *the search capabilities of the predetermined Web page permit searching based on one or more of name, medical specialty, gender, state, city, procedure, diagnosis, procedure, or location criteria* (See at least paragraphs 0040-0045 - Sameh)*.*

Therefore, it would have been obvious to one of ordinary skill in the art, at the time of the invention, to have modified the system of Henley so as to have included a search criteria, in accordance with the teaching of Sameh, in order to provide search result based on specified criteria, to have improved the efficiency of the system, since so doing could be performed readily and easily by any person of ordinary skill in the art, with neither undue experimentation, nor risk of unexpected results.

### Regarding claims 10, 11 and 12:

Henley may or may not disclose the following limitation. However, Sameh discloses:

### *C*laim 10:

> *The method as defined in claim 8, further comprising:*
>
> *determining from the results list whether the healthcare provider is a member of the company managing the Web site* (See at least paragraph 0021 - Sameh)*;*

Application: 11/512,529

Paper No. 20091102

Art Unit: 3686

Page 14

*if the healthcare provider is a member, providing enhanced services for the*

*healthcare provider on the Web site.*

**Claim 11:**

*The method as defined in claim 10, wherein the enhanced services comprise*

*making report information on the member provider available at no charge to*

*potential patients.*

**Claim 12:**

*The method as defined in claim 10, wherein the enhanced services comprise*

*favorable positioning in the results list.*

It is old and well known in the art for organizations or service providers to reward

their members with extra (or enhanced) services.

Therefore, it would have been obvious to one of ordinary skill in the art, at

the time of the invention, to have modified the system of Henley/Cook/Sameh so

as to have included providing enhanced services to the members of the company

managing the Web site, in order to attract more members to the company, to

have improved the efficiency of the system, since so doing could be performed

readily and easily by any person of ordinary skill in the art, with neither undue

experimentation, nor risk of unexpected results.

Application: 11/512,529                                         Paper No. 20091102

Art Unit: 3686                                                           Page 15

### *Conclusion*

The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

Any inquiry of a general nature or relating to the status of this application or concerning this communication or earlier communications from the Examiner should be directed to **TRANG NGUYEN** whose telephone number is **(571) 270-5483.** The Examiner can normally be reached on Monday-Thursday, 7:00am-5:30pm. If attempts to reach the examiner by telephone are unsuccessful, the Examiner's supervisor, **GERALD O'CONNOR** can be reached at **571.272.6787**.

Application: 11/512,529

Paper No. 20091102

Art Unit: 3686

Page 16

Information regarding the status of an application may be obtained from the Patent

Application Information Retrieval (PAIR) system.  Status information for published

applications may be obtained from either Private PAIR or Public PAIR.  Status

information for unpublished applications is available through Private PAIR only.  For

more information about the PAIR system, see  http://portal.uspto.gov/external/portal/pair

Should you have questions on access to the Private PAIR system, contact the

Electronic Business Center (EBC) at **866.217.9197** (toll-free).

       Any response to this action should be mailed to:

*Commissioner of Patents and Trademarks*
*Washington, D.C.  20231*

       Or faxed to **(571) 273-8300**.

       Hand delivered responses should be brought to the **United States Patent and**

**Trademark Office Customer Service Window**:

       Randolph Building
       401 Dulany Street
       Alexandria, VA 22314.

/T. N./
November 16, 2009
Examiner, Art Unit 3686

                 /Gerald J. O'Connor/
                 Supervisory Patent Examiner
                 Group Art Unit 3686

| *Notice of References Cited* | Application/Control No.<br>11/512,529 | Applicant(s)/Patent Under Reexamination<br>HICKS ET AL. | |
|---|---|---|---|
| | Examiner<br>TRANG NGUYEN | Art Unit<br>3686 | Page 1 of 1 |

## U.S. PATENT DOCUMENTS

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-2003/0195838 A1 | 10-2003 | Henley, Julian L. | 705/37 |
| * | B | US-2004/0010423 A1 | 01-2004 | Sameh, Joseph | 705/2 |
| * | C | US-6,014,629 | 01-2000 | DeBruin-Ashton, Deborah J. | 705/2 |
| * | D | US-2003/0093294 A1 | 05-2003 | Passantino, Philip J. | 705/2 |
| * | E | US-2006/0161456 A1 | 07-2006 | Baker et al. | 705/002 |
| * | F | US-2006/0080146 A1 | 04-2006 | Cook et al. | 705/002 |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

## FOREIGN PATENT DOCUMENTS

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

## NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

## BIB DATA SHEET

**CONFIRMATION NO. 1358**

| SERIAL NUMBER | FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 11/512,529 | 08/29/2006 RULE | 705 | 3686 | 40476.0002USU1 |

**APPLICANTS**
David G. Hicks, Littleton, CO;
Scott Montroy, Lakewood, CO;
John Neal, Tampa, FL;

** **CONTINUING DATA** *************************
This appln claims benefit of 60/771,757 02/08/2006

** **FOREIGN APPLICATIONS** *************************

** **IF REQUIRED, FOREIGN FILING LICENSE GRANTED** ** ** SMALL ENTITY **
09/15/2006

| Foreign Priority claimed ☐ Yes ☑ No | ☐ Met after Allowance | STATE OR COUNTRY | SHEETS DRAWINGS | TOTAL CLAIMS | INDEPENDENT CLAIMS |
|---|---|---|---|---|---|
| 35 USC 119(a-d) conditions met ☐ Yes ☑ No | | | | | |
| Verified and Acknowledged /TRANG T NGUYEN/ Examiner's Signature | Initials | CO | 22 | 20 | 3 |

**ADDRESS**
MERCHANT & GOULD PC
P.O. BOX 2903
MINNEAPOLIS, MN 55402-0903
UNITED STATES

**TITLE**
Internet system for connecting healthcare providers and patients

| FILING FEE RECEIVED 565 | FEES: Authority has been given in Paper No._____ to charge/credit DEPOSIT ACCOUNT No._____ for following: | ☐ All Fees |
|---|---|---|
| | | ☐ 1.16 Fees (Filing) |
| | | ☐ 1.17 Fees (Processing Ext. of time) |
| | | ☐ 1.18 Fees (Issue) |
| | | ☐ Other _____ |
| | | ☐ Credit |

BIB (Rev. 05/07).

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 11512529 | HICKS ET AL. |
| | **Examiner** | **Art Unit** |
| | TRANG NGUYEN | 3686 |

### SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 705 | 2 | 11/02/2009 | Trang Nguyen |
| 705 | 3 | 11/02/2009 | Trang Nguyen |

### SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| EAST - Inventor's name | 11/02/2009 | Trang Nguyen |

### INTERFERENCE SEARCH

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |

|  |  |
|---|---|
| | |

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| S1 | 5640 | 705/2.ccls. or 705/3.ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 11:16 |
| S4 | 3 | "third party" and history and patient and "provider report" and survey | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 11:17 |
| S5 | 19 | "third party" and history and patient and "provider report" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 11:19 |
| S7 | 1 | "patient survey" and "provider report" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 11:32 |
| S8 | 88 | "patient survey" and information | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 11:33 |
| S9 | 18 | "patient survey" and information and e-mail | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 11:33 |
| S12 | 13 | "patient survey" and information and e-mail and provider$1 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 11:34 |

| S13 | 2922 | survey and information and e-mail and provider $1 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 11:55 |
| S14 | 887 | survey and information and e-mail and provider $1 and link$1 and web and advertisement | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 11:56 |
| S15 | 769 | survey and information and e-mail and provider $1 and link$1 and web and advertisement and search$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 11:57 |
| S16 | 311 | survey and information and e-mail and provider $1 and link$1 and web and advertisement and search$3 and service$2 and fee and discount$1 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 11:57 |
| S17 | 210 | survey and information and e-mail and provider $1 and link$1 and web and advertisement and search$3 and service$2 and fee and discount$1 and index$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 11:58 |
| S18 | 208 | survey and information and e-mail and provider $1 and link$1 and web and advertisement and search$3 and service$2 and fee and discount$1 and index$3 and categor $3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 11:58 |
| S19 | 188 | survey and information and e-mail and provider $1 and link$1 and web and advertisement and search$3 and service$2 and fee and discount$1 and index$3 and categor $3 and subset$1 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 11:59 |

| S20 | 141 | survey and information and e-mail and provider $1 and link$1 and web and advertisement and search$3 and service$2 and fee and discount$1 and index$3 and categor $3 and subset$1 and path and layout$1 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 11:59 |
|-----|-----|------|------|----|-----|------|
| S21 | 141 | survey and information and e-mail and provider $1 and link$1 and web and advertisement and search$3 and service$2 and fee and discount$1 and index$3 and categor $3 and subset$1 and path and layout$1 and parameter$1 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 12:00 |
| S22 | 141 | survey and information and e-mail and provider $1 and link$1 and web and advertisement and search$3 and service$2 and fee and discount$1 and index$3 and categor $3 and subset$1 and path and layout$1 and parameter$1 and database$1 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 12:00 |
| S23 | 15 | survey and information and e-mail and provider $1 and link$1 and web and advertisement and search$3 and service$2 and fee and discount$1 and index$3 and categor $3 and subset$1 and path and layout$1 and parameter$1 and database$1 and patient | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 12:04 |
| S32 | 4 | information and e-mail and link$1 and search$3 and service$2 and fee and "patient survey" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 12:08 |
| S33 | 2 | "7065528" .pn. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 12:37 |

| S34 | 2 | "7065528".pn. and (survey or information or e-mail or provider$1 or link$1 or web or advertisement or search $3 or service$2 or fee or discount$1 or index$3 or categor$3 or subset$1 or path or layout$1 or parameter$1 or database $1) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 12:40 |
| S35 | 2 | "20030028406".pn. and (survey or information or e-mail or provider$1 or link$1 or web or advertisement or search $3 or service$2 or fee or discount$1 or index$3 or categor$3 or subset$1 or path or layout$1 or parameter$1 or database $1) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 12:41 |
| S36 | 2 | "6658431".pn. and (survey or information or e-mail or provider$1 or link$1 or web or advertisement or search $3 or service$2 or fee or discount$1 or index$3 or categor$3 or subset$1 or path or layout$1 or parameter$1 or database $1) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 12:43 |
| S39 | 45 | opml and router and format and rss | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 13:05 |
| S40 | 32 | opml and router and format and rss and mri | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 13:09 |
| S46 | 581 | provider and rating$1 and compar$4 and "provider information" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 13:35 |

| | | | | | | |
|---|---|---|---|---|---|---|
| S47 | 331 | provider and rating$1 and compar$4 and "provider information" and report and link | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 13:35 |
| S48 | 363 | provider and rating$1 and compar$4 and "provider information" and report$1 and link | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 13:36 |
| S49 | 314 | provider and rating$1 and compar$4 and "provider information" and report$1 and link and search and database$1 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 13:36 |
| S50 | 296 | provider and rating$1 and compar$4 and "provider information" and report$1 and link and search and database$1 and web | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 13:37 |
| S51 | 224 | provider and rating$1 and compar$4 and "provider information" and report$1 and link and search and database$1 and web and independent | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 13:38 |
| S52 | 2 | "provider report" and rating$1 and compar$4 and "provider information" and report $1 and link and search and database$1 and web and independent | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 13:38 |
| S53 | 3 | "provider report" and rating$1 and compar$4 and report$1 and link and search and database$1 and web and independent | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 13:39 |
| S54 | 221 | provider and rating$1 and compar$4 and "provider information" and report$1 and link and search and database$1 and web and independent and server | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 13:39 |

EAST Search History

| S55 | 176 | provider and rating$1 and compar$4 and "provider information" and report$1 and link and search and database$1 and web and independent and server and e-mail | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 13:39 |
|-----|-----|------|------|------|------|------|
| S56 | 22 | provider and rating$1 and compar$4 and "provider information" and report$1 and link and search and database$1 and web and independent and server and e-mail and "patient information" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 13:40 |
| S57 | 1 | "healthcare provider" and rating$1 and compar$4 and "provider information" and report $1 and link and search and database$1 and web and independent and server and e-mail and "patient information" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 13:41 |
| S58 | 1 | "healthcare provider" and rating$1 and compar$4 and "verified information" and report$1 and link and search and database$1 and web and independent and server and e-mail and "patient information" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 13:44 |
| S59 | 1 | "healthcare provider" and rating$1 and compar$4 and "verified information" and link and search and database$1 and web and independent and server and e-mail and "patient information" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 13:44 |
| S60 | 2 | "healthcare provider" and rating$1 and compar$4 and "verified information" and link and search and database$1 and web and independent and server and e-mail | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 13:44 |

| S61 | 3 | "healthcare provider" and rating$1 and compar$4 and "verified information" and link and search and database$1 and web and server and e-mail | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 13:45 |
|-----|---|---|---|---|---|---|
| S62 | 3 | "healthcare provider" and rating$1 and compar$4 and "verified information" and link and search | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 13:49 |
| S63 | 4 | "healthcare provider" and rating$1 and compar$4 and "verified information" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 13:49 |
| S64 | 2 | "6738754".pn. and (survey or information or e-mail or provider$1 or link$1 or web or advertisement or search $3 or service$2 or fee or discount$1 or index$3 or categor$3 or subset$1 or path or layout$1 or parameter$1 or database $1) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 14:00 |
| S65 | 2 | "6671714".pn. and (survey or information or e-mail or provider$1 or link$1 or web or advertisement or search $3 or service$2 or fee or discount$1 or index$3 or categor$3 or subset$1 or path or layout$1 or parameter$1 or database $1) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 14:03 |
| S66 | 2 | "6088677".pn. and (survey or information or e-mail or provider$1 or link$1 or web or advertisement or search $3 or service$2 or fee or discount$1 or index$3 or categor$3 or subset$1 or path or layout$1 or parameter$1 or database $1) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 14:04 |

| S67 | 2 | "20050149507".pn. and (survey or information or e-mail or provider$1 or link$1 or web or advertisement or search $3 or service$2 or fee or discount$1 or index$3 or categor$3 or subset$1 or path or layout$1 or parameter$1 or database $1) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 14:08 |
| S68 | 2 | "20050071189".pn. and (survey or information or e-mail or provider$1 or link$1 or web or advertisement or search $3 or service$2 or fee or discount$1 or index$3 or categor$3 or subset$1 or path or layout$1 or parameter$1 or database $1) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 14:09 |
| S69 | 2 | "20040193447".pn. and (survey or information or e-mail or provider$1 or link$1 or web or advertisement or search $3 or service$2 or fee or discount$1 or index$3 or categor$3 or subset$1 or path or layout$1 or parameter$1 or database $1) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 14:11 |
| S70 | 2 | "2004064440".pn. and (survey or information or e-mail or provider$1 or link$1 or web or advertisement or search $3 or service$2 or fee or discount$1 or index$3 or categor$3 or subset$1 or path or layout$1 or parameter$1 or database $1) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 14:12 |
| S71 | 2 | "20040064440".pn. and (survey or information or e-mail or provider$1 or link$1 or web or advertisement or search $3 or service$2 or fee or discount$1 or index$3 or categor$3 or subset$1 or path or layout$1 or parameter$1 or database $1) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 14:12 |

| S72 | 2 | "20040010423".pn. and (survey or information or e-mail or provider$1 or link$1 or web or advertisement or search $3 or service$2 or fee or discount$1 or index$3 or categor$3 or subset$1 or path or layout$1 or parameter$1 or database $1) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 14:13 |
| S73 | 2 | "20030028406".pn. and (survey or information or e-mail or provider$1 or link$1 or web or advertisement or search $3 or service$2 or fee or discount$1 or index$3 or categor$3 or subset$1 or path or layout$1 or parameter$1 or database $1) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 14:15 |
| S74 | 2 | "20020059201".pn. and (survey or information or e-mail or provider$1 or link$1 or web or advertisement or search $3 or service$2 or fee or discount$1 or index$3 or categor$3 or subset$1 or path or layout$1 or parameter$1 or database $1) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 14:16 |
| S76 | 139 | "healthcare providers" and credential$1 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 14:18 |
| S77 | 121 | "healthcare providers" and credential$1 and information and patient | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 14:18 |
| S78 | 14 | "healthcare providers" and credential$1 and information and patient and survey | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 14:18 |

| S79 | 2 | "5764923".pn. and (survey or information or e-mail or provider$1 or link$1 or web or advertisement or search $3 or service$2 or fee or discount$1 or index$3 or categor$3 or subset$1 or path or layout$1 or parameter$1 or database $1) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/04 14:26 |
| S80 | 1 | "20060028691".pn. and (survey or information or e-mail or provider$1 or link$1 or web or advertisement or search $3 or service$2 or fee or discount$1 or index$3 or categor$3 or subset$1 or path or layout$1 or parameter$1 or database $1) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/17 11:12 |
| S81 | 2 | "20030195838".pn. and (survey or information or e-mail or provider$1 or link$1 or web or advertisement or search $3 or service$2 or fee or discount$1 or index$3 or categor$3 or subset$1 or path or layout$1 or parameter$1 or database $1) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/17 11:40 |
| S82 | 38601 | "third party" and independent | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/17 13:14 |
| S83 | 465 | "third party" and "independent source" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/17 13:14 |
| S84 | 26 | "third party" and "independent source" and credential$1 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/17 13:14 |

| S85 | 2 | "third party" and "independent source" and "healthcare provider" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/17 13:16 |
| S86 | 80 | "third party" and "independent source" and health$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/17 13:16 |
| S87 | 7 | "independent source" and "healthcare provider" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/17 13:28 |
| S88 | 55 | "independent source" and credential$1 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/17 13:31 |
| S89 | 953 | "independent source" and verif$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/17 13:37 |
| S90 | 183 | "independent source" and verif$3 and health$4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/17 13:37 |
| S91 | 670 | "independent source" and provider$1 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/17 13:40 |
| S92 | 39 | "independent source" and provider$1 and healthcare | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/17 13:40 |

EAST Search History

| S93 | 43 | "healthcare providers" and credential$1 and feedback | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/18 15:24 |
|------|-----|------|------|------|------|------|
| S94 | 110 | "healthcare providers" and service$1 and search $3 and rating | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/18 15:45 |
| S95 | 6 | "physician report" and service$1 and search$3 and rating | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/18 15:47 |
| S96 | 8 | "physician search" and service$1 and rating | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/18 16:23 |
| S97 | 8 | "physician search" and rating | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/18 16:24 |
| S98 | 69 | "physician search" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/18 16:24 |
| S99 | 36 | "healthcare service" and search and index$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/18 16:31 |
| S100 | 312 | "web search" and index $3 and categor$3 and naming | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/18 16:46 |

| S101 | 90 | "web search" and index $3 and categor$3 and "naming convention" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/18 16:46 |
| S102 | 14 | "web search" and index $3 and categor$3 and "naming convention" and hits | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/18 16:46 |
| S103 | 37 | "healthcare providers" and credential$1 and feedback and report | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/18 17:43 |
| S104 | 2 | ("5706441").PN. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/08/18 17:48 |
| S105 | 2 | ("20030195838").PN. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/11/02 12:01 |
| S106 | 2 | ("6,014,629").PN. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/11/02 12:21 |
| S108 | 477 | provider adj report$ | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/11/03 09:26 |
| S109 | 81 | provider adj report$ and buy | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/11/03 09:26 |

| S110 | 48 | provider adj report$ and buy and free | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/11/03 09:28 |
| S111 | 189 | provider and rating$1 and compar$4 and "provider information" and buy and free | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/11/03 09:32 |
| S112 | 176 | provider and rating$1 and compar$4 and "provider information" and report$1 and buy and free | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/11/03 09:32 |
| S113 | 2 | healthcare adj provider and rating$1 and compar $4 and "provider information" and report $1 and buy and free | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/11/03 09:33 |
| S119 | 3 | healthcare adj provider and rating$1 and "provider information" and report$1 and buy and free | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/11/03 09:35 |
| S120 | 12 | healthcare adj provider and rating$1 and "provider information" and report$1 and fee | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/11/03 09:45 |
| S121 | 2 | ("5,764,923").PN. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/11/03 09:47 |
| S122 | 2 | ("5,471,382").PN. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/11/03 09:47 |

| S123 | 2 | ("6,014,629").PN. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/11/03 09:48 |
|------|---|-------------------|------------------------------------------------------|----|-----|-------------------|
| S124 | 2 | ("6,697,783").PN. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/11/03 09:49 |
| S125 | 55 | healthcare adj provider and "provider information" and report $1 and fee | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/11/03 10:49 |
| S126 | 2 | ("20060080146").PN. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2009/11/03 15:34 |

**11/4/2009 9:49:23 AM**
**C:\ Documents and Settings\ TNGUYEN95\ My Documents\ EAST\ Workspaces\ 11512529.wsp**

| **Index of Claims** | **Application/Control No.** 11512529 | **Applicant(s)/Patent Under Reexamination** HICKS ET AL. |
|---|---|---|
| | **Examiner** TRANG NGUYEN | **Art Unit** 3686 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

☐ Claims renumbered in the same order as presented by applicant       ☐ CPA    ☐ T.D.    ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 08/19/2009 | 11/02/2009 | | | | | | | |
| | 1 | ÷ | ✓ | | | | | | | |
| | 2 | ÷ | ✓ | | | | | | | |
| | 3 | ÷ | ✓ | | | | | | | |
| | 4 | ÷ | ✓ | | | | | | | |
| | 5 | ÷ | ✓ | | | | | | | |
| | 6 | ÷ | ✓ | | | | | | | |
| | 7 | ÷ | ✓ | | | | | | | |
| | 8 | ÷ | ✓ | | | | | | | |
| | 9 | ÷ | ✓ | | | | | | | |
| | 10 | ÷ | ✓ | | | | | | | |
| | 11 | ÷ | ✓ | | | | | | | |
| | 12 | ÷ | ✓ | | | | | | | |
| | 13 | ÷ | ✓ | | | | | | | |
| | 14 | ÷ | ✓ | | | | | | | |
| | 15 | ÷ | ✓ | | | | | | | |
| | 16 | ÷ | - | | | | | | | |
| | 17 | ÷ | - | | | | | | | |
| | 18 | ÷ | - | | | | | | | |
| | 19 | ÷ | ✓ | | | | | | | |
| | 20 | ÷ | ✓ | | | | | | | |