*11-CV-00520-PAB-BNB*

**From:** Scott D. Stimpson
**Sent:** Thursday, September 22, 2011 4:41 PM
**To:** 'Vazquez, Jesus'
**Cc:** Kostolansky, Kris J.; David C. Lee; Lauren Siber
**Subject:** Discovery issues, and supplementation

Jesus:

This is further to our discussion on Tuesday.

Discovery Issues

We understand that we should receive an email from you responding to my September 8 email soon, and that any documents, supplemental interrogatory responses, and electronic search results will be sent to us by October 7. As I know you understand, this discovery and timing is very important to us, as fact discovery ends in January.

Also, you mentioned our invalidity contentions. Can you please respond to our September 12 email and let us know what else you are looking for? It sounds to us that your issue is with the number of references and potential combinations. If you are looking for us to tell you which combinations currently are the primary ones, we are not opposed to doing so. Please let us know.

Inequitable Conduct

Here is a brief summary of the inequitable conduct allegations we are contemplating. The defense is quite simple. We believe that one or more of the inventors may have had knowledge of the Health Grades prior website providing physician research comparison reports and healthcare provider reports (about 2003-05). If this prior art is as we suspect (we still have not received some documentation from Health Grades), and if those involved with the prosecution knew of this art (your interrogatory responses indicate otherwise, but we are beginning to wonder if that is correct), then the art was material to patentability, known to those involved with the prosecution, and should have been disclosed.

Frankly, we have been very frustrated with regard to this possible defense. HG's response to our interrogatory 2, for example, assured us that there was no knowledge of prior art other than that disclosed to the Patent Office, and despite our document requests we were never given relevant documents on this art. For example, we requested but have not yet received the 2003 reports mentioned in HG1079, and documents showing the Health Grades website from 2005 or earlier. If it is true that no one involved with the prosecution of the '060 patent knew of this prior art, or if your eventual document production shows that it did not contain material features we currently suspect it might have, then we may not be asserting this defense.

As we discussed, at this early stage it is very likely that the Court would grant the amendment with or without HG's consent, but it would be easier on everyone (including the judge) if we could file an unopposed motion. Of course, we recognize that HG's agreement not to contest our motion does not mean that it agrees with any of the content of the allegations, and we would be willing to state this in the motion papers if you like.

*defendant's Exhibit 3*

Please let us know if: (1) any one or more of the inventors was aware of this art during prosecution of the patent; and (2) if so, whether HG will contest this motion to amend. We also look forward to receiving the documents showing the features of this art. We understand that we should have your response to (2) next week, which is fine, and I hope that the response to (1) will come the same time or earlier.

Supplementing Infringement Contentions

We are convinced that the time for supplementing your infringement allegations on the issues we first raised with you on August 2 (more than seven weeks ago) is now past. On August 2 we advised you that absent a "prompt" supplement we would oppose any such amendments, and that supplement never came. As I mentioned to you yesterday, we may still be willing to reach agreement on this issue, but we need to know that we are receiving similar cooperation and compromise in return.

Protective Order

It seems we will have to raise this issue with the Magistrate. The only issue, as we understand it, is whether the producing parties should have advance notice and opportunity to object prior to disclosure of confidential information being disclosed to third parties and experts.

Claim Construction Discussion

Regarding the meet and confer required by Patent Rule 4-1(b), we did so and decided not to eliminate any terms for construction at this point. We agreed to continue our claim construction discussion on October 4 at 10:30 a.m. your time, 12:30 our time.

We look forward to hearing from you.

Regards.

Scott



Sills Cummis & Gross P.C.

website | bio | v-Card | email

**Scott D. Stimpson**
Member of the Firm

New York | Map   d (212) 500-1550   f (212) 643-6500   30 Rockefeller Plaza   New York, NY 10112