IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

Plaintiff,

v.

MDX MEDICAL, INC., d/b/a Vitals.com

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

On November 15, 2011, MDx filed its **Motion to Strike Plaintiff/Counterclaim Defendant Health Grades, Inc.'s Supplemental Infringement Contentions Pursuant to Fed. R. Civ. P. 16(f) and Fed. R. Civ. P. 37(b)(2)(A)** [Doc. # 62] (the "Motion to Strike"). Health Grades responded on November 29, 2011, **Health Grade's Response In Opposition and Motion to Allow Supplemental Infringement Contentions** [Doc. # 71] (the "Response and Motion"), and improperly included in the Response a motion for relief. I respectfully RECOMMEND that the Motion to Strike [Doc. # 62] be GRANTED and that the request to amend contained in the Response and Motion [Doc. # 71] be DENIED.[1]

This is a patent infringement case. The Scheduling Order [Doc. # 34] adopted the

_____

[1]Although the determination of these motions does not directly dispose of any claim on the merits, a ruling may have the effect of being dispositive. Consequently, I must proceed by recommendation rather than by an order. First Union Mortgage Corp. v. Smith, 229 F.3d 992, 995 (10th Cir. 2000)(holding that "[m]otions not designated on their face as one of those excepted in [28 U.S.C. § 636(b)(1)(A)] are nevertheless to be treated as such when they have an identical effect") (quoting Ocelot Oil Corp. v. Sparrow Industries, 847 F.2d 1458 (10th Cir. 1988)).

parties' request to apply the Patent Local Rules of the United States District Court for the

Northern District of California.  Scheduling Order [Doc. # 34] at Part 6(f)(1).  A copy of the

Patent Local Rules is attached to the Scheduling Order as Exhibit A.  Id.

In addition, the Scheduling Order established the following schedule for "Patent

Disclosure":

| Patent Disclosure | Due Date |
|---|---|
| 3-1.  Disclosure of Asserted Claims and Infringement Contentions.<br>3-2.  Document Production Accompanying Disclosure. | July 1, 2011 |
| 3-3.  Invalidity Contentions.<br>3-4.  Document Production Accompanying Invalidity Contentions. | August 19, 2011 |
| 4-1.  Exchange of Proposed Terms of Construction. | September 2, 2011 |
| 4-2.  Exchange of Preliminary Claim Construction and Extrinsic Evidence. | September 23, 2011 |
| 4-3.  Joint Claim Construction and Prehearing Statement. | October 19, 2011 |
| 4-4.  Completion of Claim Construction Discovery. | November 18, 2011 |
| 4-5(a).  Plaintiff's Claim Construction Brief and Evidence. | December 5, 2011 |
| 4-5(b).  Defendant's Claim Construction Response and Evidence. | December 19, 2011 |
| 4-5(c).  Plaintiff's Claim Construction Reply and Evidence. | December 28, 2011 |

Id. at pp. 6-7.

I extended the deadline for submission of infringement contentions to July 19, 2011,

Minute Order [Doc. # 46], and the deadline for submission of invalidity contentions to August

26, 2011.  Minute Order [Doc. # 51].  The district judge set a Markman hearing for January 19,

2012.  Minute Order [Doc. # 39].

Patent Local Rule 3-6, addressing amendments to the infringement and invalidity contentions, provides:

> Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause.  Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include: (a) a claim construction by the Court different from that proposed by the party seeking amendment; (b) recent discovery of material, prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.  The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions.

Scheduling Order [Doc. # 34] at Exh. A.

Health Grades attempted to amend its infringement contentions without complying with Patent Local Rule 3-6.  Instead, Health Grades simply served supplemental infringement contentions on MDx on October 20, 2011 (the "Attempted Amendments")--three months after the deadline--without filing a motion or obtaining leave of court.  When confronted through the Motion to Strike with its failure to seek leave to amend the contentions, Health Grades responded by (1) opposing the motion to strike and (2) including a motion to amend within its response in opposition to MDx's motion.  Response and Motion [Doc. # 71].

This court's local rule of practice 7.1C, D.C.COLO.LCivR, provides in relevant part that "[a] motion shall not be included in a response or reply to the original motion.  A motion shall be made in a separate paper."  Local Rule 7.1C alone is a sufficient basis to deny Health Grades' motion to amend.

Even if Health Grades' motion to amend its infringement contentions had been properly made, however, the request lacks merit and should be denied. Health Grades has failed to make a showing of good cause to justify the late amendment.

In Biogenex Laboratories, Inc. v. Ventana Medical Systems, Inc., 2006 WL 2228940 *3 (N.D. Cal. Aug. 3, 2006),[2] a trial court in the Northern District of California explained the purpose of the local rule as follows:

> The Court is quite troubled by BioGenex's shift in infringement position. Pursuant to Patent Local Rule 3-7, a plaintiff may amend its [patent infringement contentions] only by order of the Court upon a showing of good cause. The purpose of requiring parties to disclose their theories early in the litigation and adhere to those theories once they have been disclosed is to avoid the "shifting sands" approach that sometimes was observed in patent litigation prior to adoption of the Patent Local Rules.

And the Court of Appeals for the Federal Circuit approved the application of the local rules in 02 Micro Int'l Ltd. v. Monolithic Power Systems, Inc., 467 F.3d 1355, 1366 (Fed. Cir. 2006), stating:

> We turn then to 02 Micro's second contention--that the district court abused its discretion in holding that it failed to amend its contentions with diligence in this case. The burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence. Decisions enforcing local rules in patent cases will be affirmed unless clearly unreasonable, arbitrary, or fanciful; clearly erroneous; or unsupported by any evidence.

Health Grades' Attempted Amendments to their infringement contentions are substantial. Its contention chart grew from three pages to 74. Compare Original Infringement Contentions [Doc. # 62-3] at pp. 3-5, and Attempted Amendments [Doc. # 62-2]. Where Health Grades

---

[2]The court in Biogenex applied an earlier version of the Patent Local Rules. Former Local Patent Rule 3-7 was substantially the same as Local Patent Rule 3-6 at issue here.

previously claimed infringement pursuant to the doctrine of equivalents with respect to only one element--the "comparison ratings" element, see Original Infringement Contentions [Doc. # 62-3] at p. 3--the Attempted Amendments assert the doctrine of equivalents with respect to many elements.  Health Grades admits the substantial nature of the Attempted Amendments in its email transmitting them to MDx:

> [Y]ou will see that we have added support for out literal infringement and doctrine of equivalents arguments for the term "healthcare provider-verified information" beginning on page 7 for literal infringement and page 8 for DOE [doctrine of equivalents].
>
> Additionally, we have added supplemental literal infringement arguments for "compiling . . . on-line patient experience surveys" begin [sic] on page 10, and DOE arguments also begin on page 10.
>
> Supplemental literal infringement arguments for "compiling . . . verified by an independent third-party source" begin on page 17, and DOE arguments begin on page 18.
>
> Supplemental literal infringement arguments for "using healthcare provider-verified information, and the information verified by an independent third-party source' begin on page 25, and DOE arguments begin on page 26.
>
> Supplemental DOE arguments for "report" begin on page 27.
>
> Supplemental literal infringement arguments for "comparison ratings" begin on page 27, and DOE arguments begin on page 28.
>
> DOE arguments for "the results list further includes an advertisement" begin on page 34.

Attempted Amendments [Doc. # 62-2] at p. 2.

In support of its belated attempt to obtain an order allowing the Attempted Amendments, Health Grades first argues that it gave notice of its intent to amend the contentions in its Original Infringement Contentions served on July 1, 2011.  Specifically, the original contentions state:

5

> In its motion for partial summary judgment, MDx argued that only
> one portion of one claim element was missing from the Current
> Version of its on-line information system, namely a healthcare
> provider report that includes comparison ratings.  MDx has thus
> effectively conceded that all other claim elements are present in its
> accused system.  Therefore, Health Grades' claim charts address
> the doctrine of equivalents only for the comparison ratings claim
> element.  If MDx is permitted to change its position and to assert
> that other claim elements are missing from the accused systems
> and services, Health Grades will supplement and/or amend these
> disclosures accordingly to include doctrine of equivalents
> contentions for such elements.

Original Infringement Contentions [Doc. # 62-3] at p. 3.

The argument is disingenuous.  MDx clearly did not "concede[] that all other claim

elements are present in its accused system."  To the contrary, in its Motion for Partial Summary

Judgment [Doc. # 9], MDx stated specifically that "[w]hile this motion addresses a basis of non-

infringement, there are other non-infringement bases not addressed herein."  Id. at n. 2.  Health

Grades' position that it was not required to comply with the Scheduling Order and specify fully

its infringement contentions based on the limited arguments made by MDx in its Motion for

Partial Summary Judgment is unreasonable, particularly in the face of the disclosure in MDx's

note 2.  Id.

Health Grades next argues that it believed it had an agreement from MDx allowing it to

amend its infringement contentions.  Courts have recognized that such an agreement can give

rise to good cause for a late amendment of contentions.  02 Micro, 467 F.3d at 1367.  I find

based on the evidence before me that no such agreement was reached.

It is true that in an email dated August 2, 2011, MDx's counsel stated:

> [Y]ou state that MDx conceded that all elements other then the
> "comparison ratings" were present in the accused products, and
> thus you are only giving equivalents positions for that element.

6

> You cannot truly believe in this position.  **Absent a prompt supplement**, and agreement that we may supplement our invalidity allegations in an appropriate time after your supplement, we will take the position that HG has waived all other equivalents positions.

Email [Doc. # 62-6] at p. 2 (emphasis added).  Health Grades did not make a "prompt supplement."  Consequently, one month later in an email dated September 8, 2011, counsel for MDx wrote:

> As we have mentioned already, the HG position that MDx has conceded literal infringement of every element except the comparison ratings is baseless.  We offered you the opportunity to do these equivalents analyses properly, but so far you have declined that invitation.  Can you please let us know if you will be supplementing on this issue or not, and if so when?  We want to be cooperative, but it has been weeks since this analysis was due and we will need the supplementation relatively soon, please, or we will take the position that all other equivalents positions have been waived.

Email [Doc. # 82-4] at ¶3.  And finally, in an email dated September 22, 2011, MDx wrote:

> We are convinced that the time for supplementing your infringement allegations on the issues we first raised with you on August 2 (more than seven weeks ago) is now past.  On August 2 we advised you that absent a "prompt" supplement we would oppose any such amendments, and that supplement never came.  As I mentioned to you yesterday, we <u>may</u> still be willing to reach an agreement on this issue, but we need to know that we are receiving similar cooperation and compromise in return.

Email [Doc. # 82-3] at p. 2 (original emphasis).

MDx's counsel argued at the December 2 hearing that the statement that MDx "<u>may</u> still be willing to reach agreement on this issue" if it received "similar cooperation and compromise in return" refers to MDx's offer to extend the deadline for Health Grades to amend its infringement contentions if Health Grades did not oppose MDx's request to amend its answer to

add inequitable conduct.  Record of Proceedings 12/2/2011 at 10:34:50 a.m. through 10:35:51

a.m.; <u>see</u> MDx Response [Doc. # 76] at ¶5.  No such agreement was reached.  <u>Id</u>.

In a Supplemental Response [Doc. # 74], Health Grades attempts to bolster its argument

concerning its alleged reliance on an agreement, stating:

> 4.  Setting aside for argument's sake that an agreement was already
> reached, the September 22nd email shows that as of that date MDx
> was conditioning the agreement on "receiving similar cooperation
> and compromise in return."  Such "similar cooperation and
> compromise" was indeed given by Health Grades "in return" by
> virtue of Health Grades' continuing agreement that it would not
> oppose if MDx supplemented its invalidity contentions.  The fact
> that Health Grades agreed that MDx could supplement its
> invalidity contentions is shown by the letter dated September 2, to
> counsel for MDx, in which counsel for Health Grades articulated
> what Health Grades was requesting that MDx include in MDx's
> supplement. [Doc. # 71-1] Health Grades has always maintained
> that it would not oppose a supplement by MDx, and MDx has not
> stated otherwise, either in it Motion or at the hearing.
>
> 5.  It is not clear what other "similar cooperation and compromise"
> the September 22nd email contemplated beyond Health Grades'
> agreement to not oppose MDx's supplement.  But what is clear is
> that Health Grades has always agreed that it would not oppose a
> supplement by MDx, and--most importantly--***Health Grades made
> its supplement less than one month after this email was sent***, i.e.,
> on October 20th

Supplemental Response [Doc. # 74] at ¶¶4-5 (original emphasis).

The agreement Health Grades urges, which it claims was reached in response to MDx's

email of August 2, 2011, required a "prompt supplement."  Email [Doc. # 62-6] at p. 2.  There

was no "prompt supplement" following August 2.

 MDx's email of September 22 makes clear that there was no agreement for Health

Grades to make a late amendment to its infringement contentions, and counsel for Health Grades

knows it.  An email written by Health Grades' counsel on October 5, 2011, proves the absence of

any such agreement.  The email states in relevant part:

> With respect to supplementing our contentions and related document production, we would like to agree to also have that completed by October 20. . . .
>
> I'm hoping you will not object to this.  MDx required additional time for its document production and we did not object--only asked for the same courtesy in return.  I realize that there is some dispute regarding supplementing the contentions.  To be clear, we intend to do so as discussed, and we believe MDx should also do so, as requested in our letter of September 2--over one month ago. In that regard, please let me know if MDx will supplement its invalidity contentions by October 20.

Email [Doc. # 76-1] at p. 2.  The email contains no mention of an existing agreement; requests that MDx agree to the late amendment; and recognizes that MDx disputes Health Grades' right to make a late amendment.

Health Grades' third argument in support of its attempt to obtain an order allowing the Attempted Amendments is that the amendments "are based on documents produced by MDx *two months* after Health Grades filed its Initial Infringement Contentions . . . on July 1, 2011." Response and Motion [Doc. # 71] at p. 2 (original emphasis).  If adequately supported, the assertion that the delay was the result of a belated production of evidence by MDx might constitute good cause for the late amendments.  See Patent Local Rule 3-6(c); 02 Micro, 467 F.3d at 1367.

Health Grades' motion does not demonstrate good cause, however.  Instead, it directs me to six pages of the Attempted Amendments which contain unexplained references to "documents produced by MDx."  Response and Motion [Doc. # 71] at p. 2.  There is no discussion about what the referenced documents are; what efforts were made to obtain them in a more timely manner; or why Health Grades could not make the new infringement contentions prior to

9

receiving the documents.  Even if those matters were adequately explained, Health Grades does not explain the nearly two month delay from the time it received the documents (August 29, 2011) until the Attempted Amendments were served (October 20, 2011).

Finally, at the hearing on December 2, 2011, counsel for Health Grades attempted to excuse Health Grades' delay by distinguishing between an amendment to the infringement contentions (which requires leave of court pursuant to Patent Local Rule 3-6) and supplemental infringement contentions (which counsel argued do not require leave of court).  The attempted amendments, according to Health Grades' counsel, are supplements not requiring leave of court.

I am not persuaded.  First, Health Grades offers no authority for the distinction it draws between amendments to and supplementation of infringement contentions.  More to the point, Patent Local Rule 3-6 contemplates this argument and provides that "[t]he duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions."  Thus, Patent Local Rule 3-6 recognizes the obligation of parties to supplement discovery responses, but it distinguishes infringement and invalidity contentions and requires that they must be amended with leave of court and cannot simply be supplemented.

In sum, Health Grades has failed to establish good cause justifying the delay in submitting and seeking leave to make the Attempted Amendments.

I respectfully RECOMMEND:

(1)     MDx's Motion to Strike [Doc. # 62] be GRANTED; and

(2)     Health Grades' motion to amend contained in the Response and Motion [Doc. # 71] be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ.

P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.   A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.   United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated December 12, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge