IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

vs.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**HEALTH GRADES, INC.'S RESPONSE TO
MDX MEDICAL, INC.'S MOTION TO COMPEL DISCOVERY
AND FOR AN AWARD OF FEES AND COSTS PURSUANT TO RULES
37(A)(3)(B) AND 37(A)(5) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

    Plaintiff Health Grades, Inc. ("Health Grades"), by its undersigned counsel, respectfully submits its Response to MDx Medical, Inc.'s Motion to Compel Discovery and for an Award of Fees and Costs Pursuant to Rules 37(A)(3)(B) and 37(A)(5) of the Federal Rules of Civil Procedure (the "Motion")[Doc. #65]:

**I.**    **MDx's FIRST SET OF INTERROGATORIES**

    As is clear from a review of Health Grades responses to MDx's First Set of Interrogatories, Health Grades has provided substantive, good faith responses to these interrogatories. *See* Health Grades' responses, attached as Exhibit B to the Motion [Doc. #65-2].

    In response to MDx's Interrogatory No. 1, which requests information regarding conception and reduction to practice of the invention claimed in the '060 patent, Health Grades provided detailed information regarding the three inventors and the time periods in which the

invention was conceived and reduced to practice, including information regarding the specific areas to which each of the three inventors contributed and were focused on.

With respect to the request in Interrogatory No. 1 that Health Grades identify "each person involved" in the conception and reduction to practice on a claim by claim basis, Health Grades identified the three inventors as the individuals who conceived and reduced the invention to practice, and also made appropriate legal objections, i.e., the identity of persons who contributed to the reduction to practice is irrelevant. *See, e.g.*, M.P.E.P. 2137.01 Inventorship (*citing In re DeBaun*, 687 F.2d 459, 463, 214 USPQ 933, 936 (CCPA 1982) ("there is no requirement that the inventor be the one that reduced the invention to practice so long as the reduction to practice was done on his behalf")). Also, in the case of joint inventorship, a coinventor need not make a contribution to every claim of a patent. Rather, a contribution to one claim is enough. *See, e.g.*, M.P.E.P. 2137.01 Inventorship. In any case, Health Grades has identified certain individuals who worked on implementing the invention on the inventors' behalf, and has provided that information to MDx.

In response to MDx's Interrogatory No. 2, which requests that Health Grades identify "all prior art" it is aware of, Health Grades did just that – it identified and directed MDx to the publically available prosecution histories of the '060 patent and related patents, and made clear that even these references may not qualify as prior art. With respect to the alleged prior art that MDx contends it found in publically available SEC filings, Health Grades disagrees that information qualifies as prior art, and thus MDx's contention that Health Grades' response was "false" is incorrect. Moreover, in its response to Interrogatory No. 2, Health Grades objected to the interrogatory to the extent it called for information that is publically available. *See* Health

{2003474823 / 1}                                   2

Grades' responses, attached as Exhibit B to the Motion [Doc. #65-2]. MDx's reliance on this publically available information confirms the validity of Health Grades' objection. Finally, contrary to MDx's contention that Health Grades has failed to provide documents on this issue, MDx's motion to amend its answer to add its inequitable conduct defense, filed October 28, 2011 – almost one month before the instant Motion - was in fact based on a supplemental production of documents by Health Grades. *See* MDx's Motion for Leave to Amend Answer, pg. 3 [Doc. #57]. Additionally, Health Grades has recently produced to MDx the voluminous search results of the broad searches that MDx requested, which included terms related to the alleged prior art products and Health Grades' website. Health Grades' productions of documents are discussed further below.

In response to MDx's Interrogatory No. 3, which requests information regarding the art area and the level of ordinary skill in the art, Health Grades first divided the compound interrogatory into two interrogatories, and then identified the art area as pertaining to a computer-implemented method of providing healthcare provider information to potential patients and an on-line information system for connecting healthcare providers with potential patients. As noted in Health Grades' response, the '060 patent – which discusses the art area and the level of ordinary skill in the art – speaks for itself.

In its response Health Grades objected that the request is premature because the information would be addressed in the expert reports. Pursuant to the Court's Order dated December 12, 2011, expert reports are now not due until February 16, 2012. In its Motion, MDx agreed that its request regarding the level of ordinary skill in the art was premature because it states that it is "willing to wait for expert reports on the proposed level of ordinary skill."

{2003474823 / 1}                                            3

Motion at pg. 5. MDx then complains that Health Grades should still provide the inventors' "education and experience levels," etc. Health Grades has already provided comprehensive information regarding the inventors' positions and experience in its response to Interrogatory No. 1 and will provide more general bios for each inventor later this week

Health Grades' response to MDx's Interrogatory No. 4, which requests information regarding secondary considerations/objective indicia and nexus, properly noted that the '060 patent is entitled to a presumption of validity without any reference to objective indicia or secondary considerations, and then identified evidence of novelty and non-obviousness. MDx correctly notes that in its response Health Grades alleged *copying by MDx*. MDx's own documents, which were just recently produced, confirm that MDx set out to copy Health Grades, so MDx's complaint that there are no documents supporting Health Grades' copying contention is unavailing. (Documents marked MDX 11841-11860 say "copy Health Grades" several times.)

In its response to MDx's Interrogatory No. 4, Health Grades further identified and discussed fourteen separate articles that are responsive to the request, and also directed MDx to responsive client testimonials. Health Grades further included responsive information regarding Health Grades' commercial success.

As shown above, Health Grades has in fact responded in good faith to MDx's first set of interrogatories, and the Motion should be denied as to those interrogatories.

## II.    MDx's SECOND SET OF INTERROGATORIES – INTERROGATORY NO. 8

MDx's Interrogatory No. 8 requests that Health Grades state the reasons why it disagrees with MDx's invalidity contentions. In its response made on October 20, 2011, Health Grades noted that MDx's invalidity contentions are insufficient. *See* letter dated September 2, 2011,

{2003474823 / 1}                                  4

attached hereto as **Exhibit A**.  Health Grades correctly stated that in order to adequately respond to the request, MDx would have to supplement its invalidity contentions.  MDx ultimately took the position that it would not supplement its invalidity contentions.[1]  Health Grades has now responded as best it can based on the insufficient invalidity contentions.  See Supplemental Responses to Interrogatory Nos. 8 and 9, attached hereto as **Exhibit B**.

### III.  MDx's FIRST SET OF DOCUMENT REQUESTS

As acknowledged by MDx in its Motion, Health Grades produced over 1,300 pages of documents in its initial production, and then made additional productions on October 26 and November 9.  While Health Grades does not believe that the number of pages produced is an accurate indication of a party's responsiveness to discovery requests (for example, thousands of pages produced by MDx are illegible and fragmented spreadsheet segments that artificially inflate its page number count), Health Grades' supplemental productions included another 1,391 pages.  Further, as discussed below, Health Grades has now also produced over 53,000 pages of documents responsive to one set of MDx's ESI search requests, and over 81,000 pages of documents responsive to another set of MDx's ESI search requests.  Over and above these supplemental productions, Health Grades has also produced over 6,000 pages of additional financial documents containing detailed accounting related to Health Grades revenues, costs and expenses which relate to Health Grades' financials as well as to Health Grades' damages claims.

MDx complains that Health Grades has not produced: (a) copies of related patent applications and prosecution histories of all related patent applications; (b) foreign counterpart

---

[1] Health Grades believes that in light of the Court's Order granting MDx leave to amend its answer to add the inequitable conduct defense – which goes to the issue of invalidity – MDx must supplement further its invalidity contentions.

{2003474823 / 1}                              5

patent prosecution materials; (c) non-patent literature submitted to the patent office with Health Grade's Information Disclosure Statements; (d) any documents relating to ownership or assignment of the '060 patent and the related patent applications, including any foreign counterpart patents; and (e) articles relating to secondary considerations.  All of this information, however, is publically available on the USPTO website.  Items (a), (c) and (d) are available through the Patent and Trademark Office, and item (b) through the foreign Patent and Trademark Office website, and item (e) through the Health Grades website.  In its responses to MDx's requests, Health Grades objected to the requests to the extent the information requested was publically available.  *See* Exhibit I to Motion [Doc. #65-9].  In any event, Health Grades will provide items (a), (c), (d) and (e) this week.  Health Grades is not aware of any foreign counterpart materials responsive to item (b).

Health Grades has already provided documents responsive to MDx's Requests for Production Nos. 1, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 19, 20, 21, 22, 24, and 25.  *See* **Exhibit E**, attached hereto.  To the extent they exist, Health Grades will produce any non-privileged documents responsive to MDx's requests that have not yet produced.

In light of the foregoing, the Motion should be denied at to MDx's First Set of Document Requests.

## IV.  MDx's ELECTRONIC DISCOVERY REQUESTS

MDx acknowledges in its Motion that – as allowed by the Scheduling Order - Health Grades objected to MDx's requests for ESI searches because the search requests were too broad.  Motion at pg. 8.  Notably – despite acknowledging Health Grades' objections "for many weeks" – there is nothing in MDx's Motion discussing what MDx did to address the objections.  That is

{2003474823 / 1}                                              6

because MDx did nothing to address the objections.  Also absent from the Motion is any assertion that the parties agreed to a time to exchange search terms and to perform the searches, as required by Section 6(g) of the Scheduling Order [Doc. #34].  There never was such an agreement.

What the parties contemplated in the Scheduling Order was to exchange "a reasonable number of search terms and phrases, at a time to be agreed upon by the Parties." *Id*.  Ultimately, despite its concerns and acknowledged objections regarding the unreasonable scope of MDx's requests, Health Grades undertook to perform the searches.  The significant volume of search results confirm Health Grades' concerns.  *See* letters dated December 8, and December 12, 2011, attached hereto as **Exhibit C**.  Likewise, the significant volume of search results – which comprise over 134,000 pages –obviously shows that an enormous amount of time and effort was required to set-up and perform the searches, and to compile, process, assemble and review the search results.  Counsel for MDx incorrectly contends that this work was performed as a consequence of its Motion – it was not.   In comparison, MDx has informed Health Grades that the narrowly-targeted searches Health Grades requested almost five weeks ago are "still in progress," and that MDx intends to only make a partial production "by the end of next week," i.e., six weeks after the requests were made.  *See* email from Scott Stimpson dated December 12, at pg. 3 of 5, attached hereto as **Exhibit D**.

Fact discovery in the case has been extended to February 16, 2012.  There is no prejudice to MDx regarding the timing of the ESI productions, which Health Grades has made in good faith despite the unduly broad scope of the requests.  And MDx cannot be heard to complain

about the volume of search results resulting from its own search requests.  The Motion should therefore be denied as to MDx's electronic discovery requests.

V.     **MDx's DAMAGES DISCOVERY REQUESTS**

Health Grades has provided well over 7,000 pages of documents responsive to MDx's requests for documents relating to its revenues, expenses and costs, as discussed above.  Health Grades has additionally fully responded to MDx's Requests for Admissions and MDx's requests regarding marking information.  *See* **Exhibit F**, attached hereto, listing Health Grades' actions to address these requests.  Health Grades will work with counsel for MDx to address and resolve any issues that legitimately remain to be solved before the hearing on this matter.

For all the foregoing reasons, the Motion should be denied.

Respectfully submitted this 12th day of December, 2011.

ROTHGERBER JOHNSON & LYONS LLP

*s/ Jesús M. Vazquez*
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Jeffrey D. Phipps, Esq.
1200 17th Street, Suite 3000
Denver, Colorado  80202
Tel:  (303) 623-9000
Fax:  (303) 623-9222
Email:  kkosto@rothgerber.com
          jvazquez@rothgerber.com
          jphipps@rothgerber.com

*Attorneys for Plaintiff Health Grades, Inc.*

**CERTIFICATE OF SERVICE**

       I hereby certify that on December 12, 2011, I electronically filed the foregoing HEALTH GRADES, INC.'S RESPONSE TO MDX MEDICAL, INC.'S MOTION TO COMPEL DISCOVERY AND FOR AN AWARD OF FEES AND COSTS PURSUANT TO RULES 37(A)(3)(B) AND 37(A)(5) OF THE FEDERAL RULES OF CIVIL PROCEDURE with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Scott David Stimpson<br>Mark Jon Rosenberg<br>David Chunyi Lee<br>Sills Cummis & Gross P.C. – New York<br>30 Rockefeller Plaza<br>New York, NY 10112<br>Email: sstimpson@sillscummis.com<br>Email: mrosenberg@sillscummis.com<br>Email: dlee@sillscummis.com | Ramona L. Lampley<br>Wheeler Trigg O'Donnell, LLP<br>1801 California Street, #3600<br>Denver, CO 80202-2617<br>Email: lampley@wtotrial.com |
| Terence M. Ridley<br>Wheeler Trigg O'Donnell, LLP<br>1801 California Street, #3600<br>Denver, CO 80202-2617<br>Email: ridley@wtotrial.com | |

                                                        *s/ Jesús M. Vazquez*
                                                        Kris J. Kostolansky, Esq.
                                                        Jesús M. Vázquez, Jr., Esq.
                                                        Jeffrey D. Phipps, Esq.
                                                        Rothgerber Johnson & Lyons, LLP
                                                        1200 17th Street, Suite 3000
                                                        Denver, Colorado 80202-5855
                                                        Tel:    (303) 623-9000
                                                        Facsimile: (303) 623-9222
                                                        Email:  kkostolansky@rothgerber.com
                                                                           jvazquez@rothgerber.com
                                                                           jphipps@rothgerber.com

                                                        *Attorneys for Plaintiff Health Grades, Inc.*

{2003474823 / 1}                                          9