**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

### MDX MEDICAL, INC.'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS

    Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by its undersigned counsel, files this motion for leave to amend its invalidity contentions.

    MDx seeks leave to amend its invalidity contentions to add further details about Health Grades' own prior art. While that prior art is addressed in the invalidity contentions already, additional facts are emerging in discovery, potentially necessitating supplementation. Because documents and relevant deposition testimony are still being received, however, MDx requests leave to amend up to and including a date one week after the last inventor deposition (as currently scheduled, this would allow supplementation up to January 23, 2012). Absent a specific future date for MDx to provide this supplementation, MDx would need to come back to the court with multiple requests for leave every time new evidence on this art is uncovered.

    Counsel for MDx conferred with counsel for Health Grades about this supplementation and about the proper timing of this motion given that new evidence of the prior art is still being

produced. While counsel for Health Grades had recently confirmed, without objection, that it expected a supplementation (December 12: "Health Grades believes that . . . MDx must supplement further its invalidity contentions"; Dkt. # 91, fn. 1), and while counsel for Health Grades agreed that the period of the parties' discussion about the issue would not be used as evidence of delay (an agreement they now deny), those positions were withdrawn by counsel for Health Grades two days prior to this filing, and Health Grades now opposes this motion. But Health Grades is not shy about disclosing its motive: Health Grades has now changed its prior positions about the invalidity supplementation so that it may use its new position as a bargaining chip – it wants MDx in exchange to agree to allow Health Grades to supplement its infringement contentions  (a supplementation this court has already rejected, Dkt. # 87). MDx will not provide that agreement, and so this motion is contested. *See* Exhibit A (highlighting added).

I. **GOOD CAUSE AND FACTUAL BACKGROUND**

Plaintiff Health Grades has accused Defendant MDx of infringing United States Patent No. 7,752,060 (the "'060 Patent"). The parties agreed, and the Court ordered, that the parties would abide by the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California. *See* Docket Document No. 34, p. 6. The Scheduling Order set a deadline of August 19, 2011 for MDx to provide its Invalidity Contentions. *Id*.

The Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California (the "Patent Local Rules") are attached to the Scheduling Order as Exhibit A. *Id*. Section 3-6 of the Patent Local Rules states that "[a]mendment of the

Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause." *Id.*, Ex. A, PAT 8.

MDx sought discovery from Health Grades on this prior art as early as the rules allowed. *See* Fed. R. Civ. P. 26(d)(1). The Rule 26(f) conferral took place on June 8, 2011, and MDx served its first set of discovery requests the same day. Dkt. # 57-2. Health Grades was not candid in its responses to those requests, however, even denying knowledge of the Health Grades prior art in a sworn response to interrogatory 2. Exhibit B. As of the filing of this motion, Health Grades has still not properly responded to interrogatory 2.

Through August 2011, MDx diligently investigated documents produced by Health Grades, as well as other prior art that came to MDx's attention (*see, e.g.,* Exhibit C). This investigation revealed the Health Grades prior art products, and their apparent importance to the '060 Patent. MDx consistently pressed Health Grades for further discovery on the Health Grades prior art, and corresponded with counsel for Health Grades about the issue on more than ten occasions.[1] After numerous delays, Health Grades produced additional documents on October 26, 2011. *See, e.g.,* Exhibit D. These additional documents contained further evidence of public knowledge and sale of prior art Health Grades products. *E.g., id.*

Health Grades has also been promising, since early September, that it would produce electronic discovery on this art. While counsel for MDx held out high hopes that this discovery would reveal facts Health Grades has been concealing since June, Health Grades delayed the electronic discovery for months. Finally, ***more than thirteen weeks after the request, and only after MDx filed a motion to compel***, Health Grades produced last week about ***135,000 pages of***

---

[1] The undersigned counsel corresponded with Health Grades' counsel on at least 9/8/11, 9/20, 9/22, 10/3, 10/4, 10/5, 10/6, 10/17, 10/18, 10/19, and 10/21/11.

*documents*, including documents about this prior art (counsel for MDx has not yet had time to review them). These documents were requested by MDx on September 8. Prior to this production, Health Grades produced less than 3,000 pages of documents.

Inventor depositions were scheduled for early December, and those depositions also would have shed light on the true nature of the Health Grades prior art. But those depositions had to be postponed until January, because Health Grades would not timely produce its documents.

MDx was recently granted leave to amend its Answer to add an inequitable conduct allegation, and this allegation is based on three prior art references that were withheld from the Patent Office by Health Grades. Dkt. # 72. Some facts about the withheld prior art references are already provided in the MDx invalidity contentions (Exhibit E, *e.g.*, pages 4, 6-9, and throughout the attached claim chart). Those Contentions also made clear that supplementation would be required once Health Grades complied with its discovery obligations. *Id.* (claim chart footnote 3). As discovery uncovers more facts about this Health Grades prior art, MDx expects that it will need to use those additional facts as bases for its invalidity defenses (in addition to its inequitable conduct defenses).[2]

### III. REQUEST FOR LEAVE TO AMEND

Additional facts about the Health Grades art are now starting to come to light, but they are blurred. For example, evidence suggests that the art contained patient-provided information, which is a requirement of all claims. Exhibit D ("Health Grades recently began adding two new

---

[2] Health Grades apparently believes that MDx needs to add its inequitable conduct allegations into the invalidity contentions. It does not – that defense relates to unenforceability, not invalidity, and it is detailed in the Amended Answer. *See West v. Jewelry Innovations, Inc.*, 2009 U.S. Dist. LEXIS 10100, *12-13 (N.D. Cal. Jan. 21, 2009). *See also* Dkt. # 77.

sets of data to its Physician Quality Reports™: physician satisfaction surveys from consumers that visit its Web site monthly, and detailed physician and practice information from physicians themselves…"). But counsel for Health Grades, as officers of the Court, have represented to the Court that MDx is wrong, and that the actual prior art does not have patient-provided ratings. Dkt. # 61 ("none of the reports contain patient ratings of physicians, which is required by all of the asserted claims"). This, and numerous other questions about the disclosures in the prior art, will be clarified in further discovery.[3]

This is an unusual situation. In a typical situation where leave is sought to amend invalidity contentions, a prior art reference such as a patent or publication has been identified, and it is clear how the contentions must be supplemented – the recently uncovered document is itself the prior art and thus discloses everything that is needed for a complete supplementation.

This situation, however, is very different. Here, MDx knew of the existence of the Health Grades prior art, and knew bits and pieces of what it disclosed, and based on the information it had MDx timely added it to the invalidity contentions. But there are still questions about what this art discloses, and ongoing discovery is shedding further light on the issue. If MDx is required to promptly seek leave to supplement every time new evidence is uncovered, the Court will be peppered with motion after motion seeking leave to amend. For this reason, MDx requests leave to supplement up to one week after the last inventor deposition, which is currently scheduled for January 16, 2012.

---

[3] MDx is reluctant to guess at issues like this and propose specific supplements now, because those supplements later may need to be changed or even withdrawn (requiring further court approval). For example, if MDx now supplements based on the press release of Exhibit D and alleges that the Health Grades prior art contained patient-provided information, and it later turns out that the Health Grades representations to the Court were correct such that the art did not have that information, the additional information will need to be removed later.

## IV. CONCLUSION

For the foregoing reasons, MDx respectfully requests leave to amend its invalidity contentions to add further information about Health Grades prior art, up to and including one week after the last inventor deposition.

Dated:  December 21, 2011                             Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson
Mark J. Rosenberg
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: sstimpson@sillscummis.com
E-mail: mrosenberg@sillscummis.com
E-mail: dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Ramona Lampley, Atty. No. 37288
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com
E-mail: lampley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on <u>December 21, 2011</u>, I electronically filed the foregoing MDX MEDICAL, INC.'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez , Jr.**
  jvazquez@rothgerber.com, phenke@rothgerber.com

- **Kris John Kostolansky**
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- **Jeffrey David Phipps**
  jphipps@rothgerber.com, kmeans@rothgerber.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Mark Jon Rosenberg**
  Mrosenberg@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

- **Ramona L. Lampley**
  lampley@wtotrial.com, keitlen@wtotrial.com

                                             _s:/_ Scott B. Murray