# EXHIBIT A

**Scott D. Stimpson**

| | |
|---|---|
| **From:** | Scott D. Stimpson |
| **Sent:** | Tuesday, December 20, 2011 6:52 PM |
| **To:** | 'Vazquez, Jesus' |
| **Cc:** | Scott Murray; David C. Lee |
| **Subject:** | RE: Contention supplements |

Jesus, I am afraid we disagree on the content of your email. We will not agree that Health Grades may supplement to re-assert the infringement arguments that were struck by Judge Boland. Accordingly, we intend to file our motion for leave to supplement our invalidity contentions tomorrow.

Scott



Sills Cummis & Gross P.C. | website | bio | v-Card | email
**Scott D. Stimpson**
Member of the Firm
New York | Map  d (212) 500-1550  f (212) 643-6500  30 Rockefeller Plaza  New York, NY 10112

---

**From:** Vazquez, Jesus [mailto:jvazquez@rothgerber.com]
**Sent:** Monday, December 19, 2011 8:34 PM
**To:** Scott D. Stimpson
**Cc:** Scott Murray; David C. Lee
**Subject:** RE: Contention supplements

Scott:

When we spoke during a break in the LaPointe deposition, I specifically told you that we could **not** agree to your request that we not use this period in which we are considering supplements as evidence of delay by MDx in supplementing its invalidity contentions, because you had not explained what you intended to include in your supplement, nor had you explained what evidence would support your anticipated supplement. It disturbs me that you have misstated our discussion on this point in your email.

Furthermore, in light of the fact that in your email below you have now explained **for the first time** that the alleged factual support for your anticipated amendment is not new, and that you have had that information since the end of October, we believe your anticipated supplement is not timely.

==With respect to your proposal for mutual supplements below, unless you will agree that we can re-assert the infringement contention arguments that were struck by Magistrate Judge Boland, then we cannot agree to your proposal.== With respect to any future supplements that you are considering making to your invalidity contentions, the only possible supplements we can envision would be to your Section 102 invalidity contentions, **if** there are documents within our recent document productions that support such a supplement. Of course, you would still have to

12/21/2011

make your supplement without delay.  Under no circumstances, however, would a supplement to add Section 112 or Section 101 invalidity contention arguments be appropriate, as MDx has failed to timely make those arguments and has waived them.

Jesus

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO  80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

---

**From:** Scott D. Stimpson [mailto:sstimpson@sillscummis.com]
**Sent:** Friday, December 16, 2011 1:10 PM
**To:** Vazquez, Jesus
**Cc:** Scott Murray; David C. Lee
**Subject:** Contention supplements

Jesus:

This is further to our discussion during the break of the LaPointe deposition.

As we discussed, we have some additional facts we might now add to our invalidity contentions -- basically those in our inequitable conduct allegation (although the invalidity contentions already have much of this).   We will need to seek leave of court for this amendment, but frankly, based on our conversations and your briefs to the court we are hesitating a bit.  For example, we think the documents show that the references addressed in our inequitable conduct claim classify as both 102(a) and 102(b) prior art, and we think the press release you produced shows patient-provided data in this prior art.  Your submissions to the court, however, insist that these allegations are inaccurate. If our understanding is inaccurate, then we don't want to supplement our invalidity contentions, only to have to change them later (which presumably would require a second motion to the court).  And then whatever additional information on this prior art is in the new document production, and whatever additional information we get from the upcoming depositions, we will need to move again to modify the invalidity contentions yet again.  We agree that it would be better to reach agreement on this supplementation, and any additional supplementation based on new discovery.

We appreciate your agreement not to use this period while we are together trying to work out an agreement on possible supplements as evidence of delay.  But still, I think we should try to reach agreement soon, and get a joint motion to the court -- something that will allow us both to supplement at a later time, and thus only bother the court with one motion.

As we discussed, we do not intend to object to supplementation that is within the infringement theories of your original contentions and simply provides additional support found in new discovery.  For example, if you find evidence in our upcoming discovery of information you believe shows literal correspondence of a claim element with the MDx website, you should be able to add that as further support to your contentions and use it as you see fit.  The same is

12/21/2011

true for us for new discovery we get from Health Grades. We can reach agreement on that type of supplementation and an appropriate timing, and submit it to the court jointly. As we discussed, however, we will need to carve out our disagreement about whether Health Grades may later try to add the doctrine of equivalents and other new positions that were denied by Magistrate Judge Boland.

How about a joint submission with these points? (I need to get client approval -- this is all on a rubber band for the moment):

(1) As new discovery is still being produced, the parties agree that both infringement and invalidity contentions may be supplemented to include references to that new (or recently produced) discovery as needed. This supplementation may also include, if necessary, additional facts addressed in the MDx inequitable conduct allegations.

(2) The supplementations in (1) may be made at any time up to and including February 16, 2012. The purpose of allowing supplementation at this time (the close of fact discovery) is to avoid the expected necessity of multiple motions for leave to amend the contentions, as new discovery is uncovered. [Add FN here]

FN: MDx believes that Health Grades may not later assert the doctrine of equivalents, under any facts, for any of the elements that were addressed in the MDx Motion to Strike, and also believes that all other new allegations raised in that Health Grades proposed supplemental contentions are waived. Health Grades does not agree with this MDx position. This issue is not addressed in this Joint Motion.

Scott



**Sills Cummis & Gross** P.C.   website | bio | v-Card | email
**Scott D. Stimpson**
Member of the Firm

**New York** | Map   d (212) 500-1550   f (212) 643-6500   30 Rockefeller Plaza   New York, NY 10112

NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error,

12/21/2011

please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.