IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.   11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

vs.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**PLAINTIFF HEALTH GRADES, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT MDX MEDICAL, INC. d/b/a VITALS.COM**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Health Grades, Inc. ("Health Grades"), hereby requests that, within thirty (30) days of the date of service of these interrogatories, and in accordance with the following definitions and instructions, Defendant MDX Medical, Inc. d/b/a Vitals.com ("MDX") answer separately, in writing, and under oath, by an officer or duly authorized agent of MDX, the following interrogatories.

The following interrogatories are continuing, and MDX must promptly supplement its answers in accordance with Federal Rule 26 as additional or corrected information comes to its attention and that of its attorneys.

## DEFINITIONS

1.    The definitions contained herein, unless provided otherwise, apply to all discovery requests, including subsequent discovery requests.

2.       "Person" means any natural person, group of natural persons, a partnership of any kind, a corporation, or any business, legal or governmental entity or association including the parties, and the "acts" of a person shall include the acts of directors, officers, employees, agents, representatives, consultants, and attorneys acting on the person's behalf.

3.       "Health Grades" refers to Plaintiff Health Grades, and includes Health Grades' subsidiaries, affiliates, successors and assigns, and all of their officers, directors, shareholders, employees, agents, attorneys and representatives.  The group of persons falling under this definition and to which the discovery requests, including the following interrogatories, shall apply include those persons falling under this definition in the past, present and during and throughout this lawsuit going into the future.

4.       "You" or "your" means MDX.

5.       "MDX" means the Defendant MDX, and includes MDX's parents, subsidiaries, affiliates, successors and assigns, and all of their officers, directors, principal owners, partners or shareholders, employees, agents, attorneys and representatives. The group of persons falling under this definition and to which the discovery requests, including the following interrogatories, shall apply include those persons falling under this definition in the past, present and during and throughout this lawsuit going into the future.

6.       The word "document" is used herein in its broadest sense to mean every document or other record of any kind to the broadest extent permitted under the Federal Rules of Civil Procedure, including, without limitation, any written, printed, typed, recorded, computerized or electronic data, taped, filmed, graphic or other matter, in whatever form, whether in final or draft, however produced or reproduced, and any written or original, master, duplicate, paper copy or electronic copy. "Documents" shall further include all aural, visual records or representations (including, without limitation,

photographs, negatives and prints), microfiche, microfilm, film, videotape, sound recordings, and motion pictures and computer, electronic, mechanical or electric records or representations of any kind (including, without limitation, tapes, cassettes, discs, recordings, programs, etc.). "Electronic data" includes without limitation all text files (including word processing documents and presentations), spread sheets, electronic mail documents (emails), instant messages including those saved as files and stored on computer systems, databases, calendars, computer system activity logs, audit trails, data used for electronic data interchange, internet usage files, network access information, voice mail, digitized audio, digital image files, video files *(e.g.,* data stored in MPEG, JPEG, GIF, TIFF and BMP formats) and any other information stored magnetically, optically or electronically, and data stored on workstations, laptops, network servers, removable media, handheld devices, backup tapes, hard disk drives, diskettes, and other computer media such as magnetic tape, floppy disks, memory sticks and recordable optical disks. "Documents" shall include, without limitation, any record of all or any portions of any discussion, communication, agreement, conversation, interview, meeting, conference, conclusion, fact, impression, occurrence, opinion, report or other similar matter, and also shall include, without limitation, all correspondence, papers, e-mail, cablegrams, mailgrams, telegrams, notes, memoranda, summaries, abstracts, worksheets, books, manuals, publications, engineering reports and notebooks, plats, charts, plans, diagrams, sketches or drawings, photographs, reports and/or summaries of investigations and/or surveys, opinions and reports of appraisers or consultants, projections, corporate records, minutes of board of directors or committee meetings, desk calendars, appointment books, diaries, diary entries and notes, newspapers, magazines, or periodical articles, and other record of any kind.

7. The word "thing" is used herein in its broadest sense to mean each item, sample, specimen, concrete or tangible object.

8. "Discussion" means an assembly, congregation, encounter, meeting or conversation between or among two or more individuals for any purpose, whether or not planned, arranged, or scheduled in advance. "Discussions" include, without limitation, all oral communications, whether or not in person, by telephone, or otherwise, between two or more individuals.

9. "Communication" means any discussion or any written or electronic correspondence, of any kind.

10. "Disclosure" means an act or instance of communicating information, including written, oral or electronic communication. "Disclosures" include, without limitation, all oral, written or electronic communications, whether or not in person, by telephone, computer, Internet or otherwise, between two or more individuals.

11. "Employee" means any director, trustee, officer, manager, supervisor, employee, or servant of the designated entity, whether active or retired, full-time or part-time, current or former, and compensated or not.

12. "Entity" means any corporation, company, partnership, proprietorship, joint venture, or business, as well as any governmental unit.

13. "Individual" means a human being unless Defendant cannot identify such individual by name. In such case, "individual" shall mean the entity with which such individual was or is employed, engaged or associated. "Individual" includes, without limitation, employees and representatives.

14. "Relate," "related," or "relating" means constituting, comprising, evidencing, reflecting, respecting, discussing, referring, pertaining, stating, describing, recording, noting, considering, embodying, evaluating, analyzing, mentioning, containing, or studying, or any other term synonymous with or similar to the foregoing.

15. "State" and "describe" mean to set forth a complete and detailed statement of all information, circumstances and facts that refer to, relate to, pertain, reflect, comprise or bear upon the matter concerning which information is requested.

16. The terms "identify" and "identification" when used in reference to an individual person mean to state, in whole or in part, to the fullest extent of the knowledge of the respondent, that individual's full name, residence and business telephone numbers, and present residence and business addresses, if known, and the present or last known title, position and business affiliation. To the extent such specific information is not known, but other contact information such as e-mail or post office address, is known, such information shall be provided.

17. The term "identify" and "identification" when used in reference to a person other than a natural person mean to state the full and official name of the business entity, its principal place of business (or if such is unknown, the address of a business office), and the main telephone number of such business entity.

18. The terms "identify" and "identification" when used in reference to a document mean to state its date, type *(e.g.,* memo, telecopy), and its author(s), addressee(s), persons or entities who received a copy, title, of any, and, if no title, a brief description of the subject matter of the document and its present or last known location and custodian. If any document once was, but is no longer, in your possession, custody, or control, state when disposition was made of it and the reason for such disposition.

19. The terms "identify"' and "identification" when used in reference to any act, activity, practice, policy, effort, event, transaction, negotiation, discussion, conversation, occasion, occurrence, meeting, representation, agreement, or communication, mean to: (a) describe the nature and substance of the act, activity, practice, policy, effort, event, transaction, negotiation, discussion, conversation,

occasion, occurrence, meeting, representation, agreement or communication; (b) state the date when and place where it occurred; (c) identify each person who was a participant therein; (d) identify each other person who was a witness thereto; and (e) state the amount of money, if any, paid to or from MDX in connection with the act, activity, practice, policy, effort, event, transaction, negotiation, discussion, conversation, occasion, occurrence, meeting, representation, agreement or communication.

20. "Representative" means any consultant, expert, attorney, contractor, agent or other individual or entity engaged by the designated entity to perform some task or assignment for the entity.

21. The singular includes the plural number and vice versa, any use of gender includes both genders, and a verb tense includes all other verb tenses where the clear meaning is not distorted by addition of another tense or tenses.

22. "All" shall be construed to mean all or any, and "any" shall be construed to mean all or any.

23. The "'060 patent" means United States Patent Number 7,752,060 B2.

24. "The patent in suit" means the '060 patent.

25. "Complaint" means the Complaint filed by Health Grades against MDX in this action in the U.S. District Court for the District of Colorado.

26. "Accused Products" for purposes of these discovery requests, shall mean any system, including software, hardware and/or network architecture, that is capable of performing a search for information relating to healthcare providers, e.g., physicians, hospitals, nursing homes, treatment facilities, etc., including without limitation all versions of the www.vitals.com website. The term "Accused Products" shall also include all services provided in relation to Accused Products and all products that incorporate the Accused Products.

**INSTRUCTIONS**

1. These interrogatories shall be deemed to seek answers as of the date hereof and to the full extent of the Federal Rules of Civil Procedure. Furthermore, these interrogatories are of a continuing nature, and you are required to promptly file and serve supplemental responses if you or any of your attorneys, agents, or representatives obtains further or different information after the date of your initial answer, which make your initial answer incomplete, inaccurate or misleading.

2. With respect to the answer to each interrogatory or subpart thereof, state the source of the information given therein, with as much particularity as is reasonably possible, including, without limitation, the nature and designation of any files that contain such information and the identification of each person who provided any information included in such answer. In addition, identify each other person known or believed to have some or all of the information sought in such interrogatory or subpart thereof. If you answer any portion of these interrogatories by reference to Fed. R. Civ. P. 33(d), identify specifically by bates number the precise documents and pages of documents that provide the information called for in the interrogatory.

3. Where an identified document has been destroyed, or is alleged to have been destroyed, state the reasons for its destruction, the names of the persons having any knowledge of its destruction, and the names of the persons responsible for its destruction.

4. Where identified documents are not in your possession, custody or control, state the names of the persons who have possession, custody or control of such documents. If such documents were in your possession, custody or control in the past but are no longer in your possession, custody or control, state what disposition was made of them, the reasons for such disposition, persons having any knowledge of such disposition, and the persons responsible for such disposition.

5. If any information called for in these interrogatories is withheld on the basis of a claim of privilege, the nature of the claim of privilege and the nature of the information in respect of which it is claimed shall be set forth, along with the other information required by Fed. R. Civ. P. 26(b)(S). Where the claimed privileged subject matter forms only part of the entire document involved, indicate that such is the case and state whether you will produce the document with the privileged portions blocked out or obliterated in a copy thereof.

6. Unless otherwise specified, supply all annual data requested on a calendar-year basis; if any basis other than a calendar-year basis is used, such as to accommodate a fiscal-year basis, state as part of the response the nature and type of the basis so used.

7. If you answer any portion of these interrogatories under the procedures set forth in Fed. R. Civ. P. 33(d) by claiming that the burden of deriving or ascertaining the answer to the interrogatory from an examination, audit or inspection of your business records is substantially the same for Health Grades as it is for MDX, set forth the basis for your claim and identify specifically by Bates number(s) and/or electronic file name the precise documents(s), file(s) or database field(s) that provide the information called for in the interrogatory.

## INTERROGATORIES

**Interrogatory No. 1.**

Identify each person, including, without limitation, all employees, representatives, officers or agents of MDX or any third parties, whom MDX knows or has reason to believe has knowledge or information concerning any factual information relevant to the validity or invalidity, enforceability or unenforceability, or infringement or noninfringement of any of the claims of the patent in suit, or of damages issues in this lawsuit, or of factual information relevant to any allegation of the Complaint or MDX's answers to any interrogatories served upon it in this case, and state the nature and substance of

each such person's knowledge or information, including whether such person furnished information or was consulted regarding MDX's answers to interrogatories.

**Interrogatory No. 2.**

With respect to any of version of MDX's Accused Products, using a claim chart, state in detail MDX's bases for any assertions of non-infringement of the patent in suit on a claim-by-claim, element-by element basis.  Your answer should include a statement of MDX's interpretation of each claim element, a statement whether MDX's Accused Products provide(s) such an element or an equivalent and, if not, an explanation how MDX's Accused Products operate or function differently than the claim element and a particularized statement why a component, feature or function of Accused Products is not a substantial equivalent of the pertinent claim element.

**Interrogatory No. 3.**

Describe in detail any and all analyses, investigations, studies, reviews or considerations by MDX, and/or any person known to MDX, *e.g.,* an accused infringer or prospective licensee, concerning the patentability, validity or invalidity, enforceability or unenforceability, scope, and/or infringement or noninfringement of the subject matter claimed in any of the claims of the patent in suit, including, but not limited to, any search investigation, or study for prior patents, publications, literature, systems, processes, or apparatuses pertinent to any of the claims of any of the patent in suit, providing an identification of all documents constituting, reflecting, referring or relating to, reviewed or consulted in the course of each such analysis, investigation or study, an identification of any such prior patents, publications, literature, systems, processes, or apparatuses identified in any such search, investigation, or

study and an identification of all persons who in any way participated in providing information for, preparing and/or reviewing each such analysis, investigation, or study.

**Interrogatory No. 4.**

State in detail all facts and contentions that support or refute MDX's allegations, if any, that the patent in suit is invalid under 35 U.S.C. §§ 102 or 103, identifying all prior patents, literature, publications, systems, processes, or devices, including prior knowledge, public uses, sales and offers for sale, that MDX contends, either alone or in combination, invalidate one or more claims of the patent in suit, through a claim chart that identifies each element of each claim of the patent(s) asserted to be invalid and explains where each element of the respective claim is shown in such prior patent, literature, publications, system, process, device, public use, sale, or offer for sale.

**Interrogatory No. 5.**

For each of the claims of the patent in suit, state whether MDX contends, or will contend at trial, that such claim is invalid under 35 U.S.C. § 112 and provide a detailed explanation of each fact relating to any such contention and, with respect to each fact or contention, an explanation of why such fact or contention would render the patent claim invalid under Section 112.

**Interrogatory No. 6.**

For each claim of the patent in suit, state whether MDX contends or will contend at trial that such claim is invalid under any statute, rule or doctrine other than 35 U.S.C. §§ 102, 103 and/or 112 and, if so, identify the statute(s), rule(s) or doctrine(s) and provide a detailed explanation of each fact relating to such contention (specifically setting forth each patent, printed publication, thing, device and/or other

evidence so relied upon), and, with respect to each such fact, an explanation why such fact would or would not render the patent claim invalid.

**Interrogatory No. 7.**

Describe in detail all facts and contentions that support or refute MDX's allegation, if any, that any of the claims of the patent in suit are unenforceable, identifying all documents and other information that support or refute or otherwise relate to this allegation of unenforceability, and explaining in detail why such facts would or would not render any of the claims of any of the patents in suit unenforceable.

**Interrogatory No. 8.**

For each claim of the patent in suit, state whether MDX relies or will rely at trial on the doctrine of prosecution history estoppel as a basis for non-infringement under the doctrine of equivalents and explain in detail each fact that supports or refutes or otherwise relates to your allegation of prosecution history estoppel for each such claim and explain in detail why such facts would or would not support a finding of non-infringement.

**Interrogatory No. 9.**

Describe in detail all facts and identify all documents that MDX contends support or tend to support its defenses, affirmative defenses and counterclaims, if any, in this action.

**Interrogatory No. 10.**

Identify any and all revenues, the sources thereof and the number of transactions derived by MDX in connection with its Accused Products (including without limitation revenues derived from

licensing, maintaining, or servicing such system(s)), for each month from its inception of operations to the present, including, without limitation, the names of any clients or advertisers, the total gross and net revenue derived from each and the rates charged, the numbers of transactions, and the amounts derived from any licensing fees, and transaction-based fees collected in connection with its Accused Products.

**Interrogatory No. 11.**

State with particularly the date(s) of conception of MDX's Accused Products, or any process, system, apparatus, and device used by MDX in connection with MDX's Accused Products, and describe in detail the activities undertaken by MDX, or its predecessors, to reduce those conceptions to practice.

**Interrogatory No. 12.**

Describe in detail the occasion(s) upon which MDX first became aware of or received notice(s) in any manner of the patent in suit, including any applications that matured into the patent in suit and the subsequent issuance of that patent, including without limitation the dates and the persons involved in learning of the patent(s) or receiving the notice(s), and state in detail all steps taken by MDX in response to such notice(s), including without limitation any analyses of infringement or noninfringement, validity or invalidity, or enforceability or unenforceability of the patents in suit, and any advice of counsel obtained relating to the patents in suit.

**Interrogatory No. 13.**

Identify each factual witness that you intend to call to testify at trial, at any *Markman* hearing or at any hearing on any dispositive motion in this action and, as to each, identify the witness' full name, address, employer, job title and the expected subject matter of his or her testimony.

**Interrogatory No. 14.**

Describe in detail any steps, procedures or efforts made by MDX to avoid infringement of the patent in suit, including, without limitation, identifying any actual or proposed modification, improvement, or change in any Accused Products, or any method and/or process of using and/or making any Accused Product, including describing attempts to design or re-design products or methods and/or processes to avoid infringement of the patent in suit and describing any re-design or modifications to any Accused Product that is being planned, that has been designed, and/or that is in development.

**Interrogatory No. 15.**

Identify all documents and electronically stored information sufficient to identify all persons who have or have had at any time any involvement in the research, development, and testing of the Accused Products, including without limitation documents that identify the nature and scope of each such person's involvement.

**Interrogatory No. 16.**

Identify all documents and electronically stored information sufficient to determine the organizational structures of Defendant, including any parent, subsidiary, or other affiliated entities.

**Interrogatory No. 17.**

All documents and things that support, refute, or relate to any of MDX's Affirmative Defenses or Counterclaims, if any.

|  |  |
|---|---|
|  | HEALTH GRADES, INC. |
|  | By its Attorneys, |
| Date:  July 25, 2011 | s/ Jesús M. Vazquez |
|  | Kris J. Kostolansky, Esq. |
|  | Jesús M. Vázquez, Jr., Esq. |
|  | Jeffrey D. Phipps, Esq. |
|  | Rothgerber Johnson & Lyons, LLP |
|  | 1200 17th Street, Suite 3000 |
|  | Denver, Colorado 80202-5855 |
|  | Tel:     (303) 623-9000 |
|  | Facsimile: (303) 623-9222 |
|  | Email: kkosto@rothgerber.com |
|  |            jvazquez@rothgerber.com |
|  |            jphipps@rothgerber.com |
|  | *Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.* |

{00950939 / 1}

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 25, 2011, I electronically served the foregoing **PLAINTIFF HEALTH GRADES, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT MDX MEDICAL, INC. d/b/a VITALS.COM**  to the following e-mail addresses:

David Chunyi Lee
Sills Cummis & Gross P.C. – New York
One Rockefeller Plaza, 25th Floor
New York, NY  10020
Email: dlee@sillscummis.com

Mark Jon Rosenberg
Sills Cummis & Gross P.C.-New York
One Rockefeller Plaza, 25th Floor
New York, NY  10020
Email: mrosenberg@sillscummis.com

Terence M. Ridley, Esq.
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
Email: ridley@wtotrial.com

Ramona L. Lampley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
Email: lampley@wtotrial.com

Scott David Stimpson
Sills Cummis & Gross P.C.-New York
One Rockefeller Plaza, 25th Floor
New York, NY  10020
Email: sstimpson@sillscummis.com

                                                  *s/ Jesús M. Vazquez*
                                                  Jesús M. Vázquez, Jr., Esq.