**Vazquez, Jesus**

| | |
|---|---|
| **From:** | Scott D. Stimpson [sstimpson@sillscummis.com] |
| **Sent:** | Tuesday, August 16, 2011 1:39 PM |
| **To:** | Vazquez, Jesus |
| **Cc:** | David C. Lee; Kostolansky, Kris J. |
| **Subject:** | RE: time to discuss discovery later today? How about 3pm NY time? |

Jesus:

Thank you.  If we need a slight extension on the 9/2 and/or 9/23 dates, we will agree.

==We are happy to discuss supplementing infringement contentions tomorrow.==

Thanks for the extension on the invalidity contentions and document production.  David will draft a short motion.

Talk to you tomorrow.

Scott

---

**From:** Vazquez, Jesus [mailto:jvazquez@rothgerber.com]
**Sent:** Tuesday, August 16, 2011 2:52 PM
**To:** Scott D. Stimpson
**Cc:** David C. Lee; Kostolansky, Kris J.
**Subject:** RE: time to discuss discovery later today? How about 3pm NY time?

Scott, agreed, however, we may need to slightly extend the September 2 and September 23 deadlines to exchange proposed terms for construction and preliminary claim constructions and extrinsic evidence, and I assume MDx will not oppose?  We also still need to discuss your request that we supplement our infringement contentions - while we do not agree with your premise nor with the notion that we waive anything unless we supplement, lets plan on discussing that issue tomorrow as well.

With respect to your request for a one-week extension for MDx to complete its invalidity contentions and related document disclosures, we do not oppose an extension through Friday, August 26.  With respect to MDx's discovery responses and related document production, those are due by August 29.

Thanks, Jesus

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO  80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

---

**From:** Scott D. Stimpson [mailto:sstimpson@sillscummis.com]
**Sent:** Tuesday, August 16, 2011 11:55 AM
**To:** Vazquez, Jesus
**Cc:** David C. Lee
**Subject:** RE: time to discuss discovery later today? How about 3pm NY time?

12/27/2011

EXHIBIT C

Jesus, tomorrow at 11 MT (1pm EST) should be fine.

On the document production front, we should have a bunch of documents out by Friday and more by 8/25, but we need another week for some of the documents required to be produced with the invalidity contentions. If we get out some of the documents this Friday, and plan on the rest of our invalidity contention production by next Friday the 26th, is that ok? Also, on the invalidity contentions, we can get you most (maybe all) by the due date this Friday, but would like an extra week for any that don't make it on Friday.

We will need to submit a short motion requesting this extension, as you did with the extensions on certain parts of the infringement contentions and documents, so we would like to say we have your agreement. ok?

Thanks.

Scott

---

**From:** Vazquez, Jesus [mailto:jvazquez@rothgerber.com]
**Sent:** Tuesday, August 16, 2011 12:59 PM
**To:** Scott D. Stimpson
**Subject:** Re: time to discuss discovery later today? How about 3pm NY time?

Scott,

I don't have any time today - could do tomorrow at 11 am MT.

Jesús M. Vázquez, Esq.
Rothgerber Johnson & Lyons LLP
One Tabor Center | Suite 3000 |
1200 17th Street | Denver, CO 80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com
Website: www.rothgerber.com


On Aug 16, 2011, at 9:38 AM, "Scott D. Stimpson" <sstimpson@sillscummis.com> wrote:

> Scott D. Stimpson
> Member of the Firm
> Sills Cummis & Gross P.C.
> 30 Rockefeller Plaza
> New York, NY 10112
> d (212) 500-1550
> f (212) 643-6500
> www.sillscummis.com

NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should

be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.

# ROTHGERBER JOHNSON & LYONS LLP

**Jesús M. Vázquez, Jr.**
Attorney at Law
303.628.9517
jvazquez@rothgerber.com

One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Telephone: 303.623.9000
Fax: 303.623.9222
www.rothgerber.com

Denver • Colorado Springs • Casper

September 2, 2011

Scott David Stimpson, Esq.
David C. Lee, Esq.
Sills Cummis & Gross P.C.-New York
One Rockefeller Plaza, 25th Floor
New York, NY 10020

Re: Health Grades, Inc. v. MDX Medical, Inc. d/b/a Vitals.com
Civil Action No. 2011-cv-00520-PAB-BNB

Dear Scott and David:

We are writing with respect to the insufficiency of MDx's Invalidity Contentions and Documents Accompanying Invalidity Contentions, served August 19, 2011, and MDx's Supplemental Invalidity Contentions and Documents Accompanying Invalidity Contentions, served August 26, 2011.

First, neither of MDx's invalidity disclosures mention any basis for invalidity under 35 U.S.C. §101. Please confirm that you do not intend to assert that any of the asserted patent claims are invalid under §101.

Second, MDx's disclosures are overly broad and unduly vague as to whether you are relying on anticipation (35 U.S.C. §102) or obviousness (35 U.S.C. §103) for each of the eleven references identified in your disclosure. Further, you have not provided enough specificity as to which specific combinations of which references you are relying on for your obviousness arguments for each claim. Taken to its logical extreme, your invalidity disclosures identify hundreds of different potentially invalidating combinations of prior art for each claim.

Please promptly supplement your contentions accordingly by specifically identifying which claims MDx contends are anticipated by which references specifically and fully describe which specific combinations of alleged prior art MDx relies on to support its obviousness arguments.

Third, MDx's disclosures regarding motivation and reasons for combining and/or modifying the prior art in its contentions and in its Rule 3-3(c) chart are incomplete and deficient and must be supplemented. MDx must supplement its contentions to describe with specificity what the motivation(s) and reasons for combining are for each specific combination of prior art

{00968686 / 1}

ROTHGERBER JOHNSON & LYONS LLP

Scott David Stimpson, Esq.
September 2, 2011
Page 2

for each claim, and it must identify each and every specific combination it contends renders which specific claim of the '060 patent obvious.

    Fourth, MDx's disclosures regarding alleged invalidity under 35 U.S.C. §112 are similarly incomplete and deficient and must be supplemented. MDx must supplement its contentions to describe what, specifically, are its bases for its arguments that the '060 patent is invalid under 35 U.S.C. §112. So for example, if MDX contends that any of the asserted claims are indefinite, it must disclose what specific language is indefinite and explain why it contends the language is indefinite. If MDX contends that the claims violate the written description requirement, it must disclose what portions of the claims it contends do not contain adequate written description and explain why it contends the language does not meet the requirement. Finally, if MDX contends any claims are not enabled, it must identify what portions of the claims it contends are not enabled and why it contends these portions are not enabled.

    We thank you in advance for your prompt attention to these issues. If you would like to confer further regarding the same please let me know as soon as possible so that we can confer forthwith.

Very truly yours,

ROTHGERBER JOHNSON & LYONS LLP

Jesus M. Vázquez, Jr.

JMV/tmk
Enclosures

cc:    Mark Jon Rosenberg, Esq. (via e-mail)
        Ramona L. Lampley, Esq. (via e-mail)
        Terence M. Ridley, Esq. (via e-mail)

{00968686 / 1}

**Vazquez, Jesus**

| | |
|---|---|
| **From:** | Scott D. Stimpson [sstimpson@sillscummis.com] |
| **Sent:** | Thursday, September 22, 2011 2:41 PM |
| **To:** | Vazquez, Jesus |
| **Cc:** | Kostolansky, Kris J.; David C. Lee; Lauren Siber |
| **Subject:** | Discovery issues, and supplementation |

Jesus:

This is further to our discussion on Tuesday.

<u>Discovery Issues</u>

We understand that we should receive an email from you responding to my September 8 email soon, and that any documents, supplemental interrogatory responses, and electronic search results will be sent to us by October 7. As I know you understand, this discovery and timing is very important to us, as fact discovery ends in January.

Also, you mentioned our invalidity contentions. Can you please respond to our September 12 email and let us know what else you are looking for? It sounds to us that your issue is with the number of references and potential combinations. If you are looking for us to tell you which combinations currently are the primary ones, we are not opposed to doing so. Please let us know.

<u>Inequitable Conduct</u>

Here is a brief summary of the inequitable conduct allegations we are contemplating. The defense is quite simple. We believe that one or more of the inventors may have had knowledge of the Health Grades prior website providing physician research comparison reports and healthcare provider reports (about 2003-05). If this prior art is as we suspect (we still have not received some documentation from Health Grades), and if those involved with the prosecution knew of this art (your interrogatory responses indicate otherwise, but we are beginning to wonder if that is correct), then the art was material to patentability, known to those involved with the prosecution, and should have been disclosed.

Frankly, we have been very frustrated with regard to this possible defense. HG's response to our interrogatory 2, for example, assured us that there was no knowledge of prior art other than that disclosed to the Patent Office, and despite our document requests we were never given relevant documents on this art. For example, we requested but have not yet received the 2003 reports mentioned in HG1079, and documents showing the Health Grades website from 2005 or earlier. If it is true that no one involved with the prosecution of the '060 patent knew of this prior art, or if your eventual document production shows that it did not contain material features we currently suspect it might have, then we may not be asserting this defense.

As we discussed, at this early stage it is very likely that the Court would grant the amendment with or without HG's consent, but it would be easier on everyone (including the judge) if we could file an unopposed motion. Of course, we

recognize that HG's agreement not to contest our motion does not mean that it agrees with any of the content of the allegations, and we would be willing to state this in the motion papers if you like.

Please let us know if: (1) any one or more of the inventors was aware of this art during prosecution of the patent; and (2) if so, whether HG will contest this motion to amend. We also look forward to receiving the documents showing the features of this art. We understand that we should have your response to (2) next week, which is fine, and I hope that the response to (1) will come the same time or earlier.

Supplementing Infringement Contentions

We are convinced that the time for supplementing your infringement allegations on the issues we first raised with you on August 2 (more than seven weeks ago) is now past. On August 2 we advised you that absent a "prompt" supplement we would oppose any such amendments, and that supplement never came. As I mentioned to you yesterday, we may still be willing to reach agreement on this issue, but we need to know that we are receiving similar cooperation and compromise in return.

Protective Order

It seems we will have to raise this issue with the Magistrate. The only issue, as we understand it, is whether the producing parties should have advance notice and opportunity to object prior to disclosure of confidential information being disclosed to third parties and experts.

Claim Construction Discussion

Regarding the meet and confer required by Patent Rule 4-1(b), we did so and decided not to eliminate any terms for construction at this point. We agreed to continue our claim construction discussion on October 4 at 10:30 a.m. your time, 12:30 our time.

We look forward to hearing from you.

Regards.

Scott



Sills Cummis & Gross P.C.

Scott D. Stimpson
Member of the Firm

New York | Map    d (212) 500-1550    f (212) 643-6500    30 Rockefeller Plaza    New York, NY 10112

NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.

12/27/2011

**Vazquez, Jesus**

**From:** Vazquez, Jesus
**Sent:** Monday, October 03, 2011 11:49 AM
**To:** 'Scott D. Stimpson'
**Subject:** RE: Discovery issues

Scott:

I'm writing to follow-up our discussion on September 19, during which we discussed the issues raised in your email below. I have inserted our comments after the various issues below, and will look forward to discussing them with you in more detail.

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO  80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

**From:** Scott D. Stimpson [mailto:sstimpson@sillscummis.com]
**Sent:** Thursday, September 08, 2011 4:32 AM
**To:** Vazquez, Jesus
**Cc:** Kostolansky, Kris J.; David C. Lee
**Subject:** Discovery issues

Jesus:

This is with regard to various discovery issues in our case. It identifies issues we see with the HG Infringement Contentions, document production, and interrogatories, proposes a limited term search for the HG electronic documents, and addresses a few other discovery-related issues.

INFRINGEMENT CONTENTIONS

We have the following questions with regard to the infringement contentions, and would appreciate supplementation or explanation as soon as possible:

(1) Inducement and contributory infringement are both alleged for claims 1-14, but those are method claims so we are confused about how these allegations are being made. Are you alleging that the users somehow directly infringe these method claims? We need clarification please if HG will continue to make these assertions.

Yes. We assert that MDx directly infringes these claims. We also assert that third parties directly infringe and that MDx induces and contributes to the third parties' direct infringement. Not sure if this clarifies or answers your question - if we get a better understanding of your question we would consider supplementing.

(2) We do not understand what basis there could be for contributory infringement allegations on any of these claims, and there is no showing of this in the Contentions. Is it really the HG

position that every substantial use of the MDx website infringes the claims (no substantial non-infringing uses)?

Yes, that is our position.

(3) As we have mentioned already, the HG position that MDx has conceded literal infringement of every element except the comparison ratings is baseless. We offered you the opportunity to do these equivalents analyses properly, but so far you have declined that invitation. Can you please let us know if you will be supplementing on this issue or not, and if so when? We want to be cooperative, but it has been weeks since this analysis was due and we will need the supplementation relatively soon, please, or we will take the position that all other equivalents positions have been waived.

We will rely on the doctrine of equivalents for any elements MDx contends are not literally present. What elements does MDx contend are not literally present? Once you provide us with this information, we will supplement.

(4) As I have also mentioned to you before, we will not allow HG to supplement to add new bases of alleged infringement that should have been in these Contentions. You have included several "catch-all" phrases purporting to provide only some examples of how claim elements are met. So there is no misunderstanding later, we again remind you that we will vigorously object to any attempt to identify other parts of our website that are not specifically identified in these Contentions.

We understand your position but do not agree, particularly given that we received your documents a short time ago. We reserve the right to supplement, as MDx has, as discovery progresses.

HG DOCUMENT PRODUCTION

Thank you for sending the documents we have received to date, but there seem to be some gaps and we have a variety of questions and concerns.

We have been advised that HG is not holding back any responsive documents other than on grounds of privilege and work product, and we understand that a reasonable search has been conducted and we thus have in our possession now all non-privileged documents located in that search. If that is not the case, please let us know immediately.

This is correct, although as you know we are still searching for documents.

We also have the following specific questions:

a. Request 1: Please produce file histories of the '060 Patent's remaining continuing applications, all non-patent literature submitted with information disclosure statements, and any foreign counterparts. I thought we provided this - if not we will do so.
b. Request 2: Please produce documents showing how the Health Grades website makes the membership determination required by claim 9. We are looking for responsive documents and will provide responsive, non-privileged documents if they exist.
c. Request 7: Health Grades' SEC 10-K filings (e.g., 2003, 2004) that pre-date the '060 Patent refer to early Health Grades products as well as several competitor products. Please produce any documents showing these prior art Health Grades and competitor products. Also, HG1079 refers to physician research comparison reports launched 3/28/03 -- please product any such prior art reports. We are looking for responsive documents and will provide responsive, non-privileged documents if they exist.
d. Request 9: Why is this entire production redacted? Redactions were for privilege - we will double check and get back to you.
e. Your response to interrogatory 4 says that the "commercial embodiment" of the current website was launched

12/27/2011

in the "summer of 2005." We need the earliest documents showing disclosures of the concept, please. These were called for in our Requests 7, 9. We are looking for responsive documents and will provide responsive, non-privileged documents if they exist.

- f. In July, we agreed that we would be provided documents sufficient to show the HG website before and after the launch of the new website in 2005. It is now September. Where are they? Requests 2, 3, 7. See also interrogatory 2. Again, we are looking for responsive documents and will provide responsive, non-privileged documents if they exist.
- g. In July, HG agreed to produce information relating to its damages claims that are in its possession or control, but we have nothing. Where are they? We need everything relating to your claim for lost profits, including documents in the past and up to now showing the HG profit margin, revenue, all expenses and how they are allocated, user traffic, physician membership trends, etc. If you are going to pursue damages, and particularly lost profits, there is a great deal of documents that must be produced promptly. Requests 8, 12, 15. Responsive, non-privileged documents will be provided with our discovery responses, currently due October 10.
- h. You identify a number of articles in response to our interrogatory 4. Have they all been produced? If not, where are they? Requests 11, 17, 18. If they were not produced, we will produce them.
- i. Does HG not have any documents or evidence showing when marking supposedly began? Request 10. We are looking for responsive documents and will provide responsive, non-privileged documents if they exist, with our discovery responses currently due on October 10.

## PRIVILEGE LOGS

Shall we agree to exchange them on September 23?

Lets discuss a mutually convenient time.

## HG INTERROGATORY RESPONSES

By your email of August 3, about a month ago, we were promised additional information in response to our interrogatories, including:

- Interrogatory 1: Identities of those involved in the reduction to practice. We still have not received this information.   We are investigating and will supplement if appropriate.

- Interrogatory 4: Information on nexus and copying allegations. While you said you would supplement to identify this information after receiving our documents, you have received them now, and in any event we do not understand why the evidence of any nexus to the "national authorities" and "testimonials" cannot be identified immediately. How does EACH of these press articles and testimonials connect to the patent claims? If you are going to attempt to use any of this, you have to show a nexus, and absent a proper response to this interrogatory we will object to any such attempts later.   We are gathering this information and plan to supplement accordingly.

- Interrogatory 6: We agreed in July that facts in HG's possession or knowledge relating to the damages claim will be provided. It is September, and we have nothing. Where is this information?  Information will be produced with our discovery responses currently due October 10.

## REQUESTED SEARCH TERMS

Our proposed searches for HG electronic data are below. You will see we kept them reasonable, and we do not expect overwhelming gigabytes of responsive data. We expect that your proposed searches will be of similar scope – this is a case that does not require many gigabytes of electronic production.

12/27/2011

In the proposed search terms below, an exclamation point indicates that any ending (or no further ending) should be captured. In all search terms, letters before the beginning of the term should be picked up. So, for example, "vitals!" should pick up "vitals," "vitals.com" and "www.vitals.com".

(1) Please search the files of all three named inventors for the following terms:

- "compare!"

- "prior art"

- "vitals!"

- "060"

- "patent application"

(2) Please search the files of Allen Dodge, John Neal, and the HG general servers for the following terms:

- "Profits"

- "MDx"

- "vitals!"

- "competitor!"

- "royalty!"


Please let us know in the next week or so the amount of documents uncovered from these searches, and then we can have them produced.

If HG proposes extensive searching, we reserve the right to object to that searching, or in the alternative to expand our search requests. We also reserve the right to request further searching after some discovery has been taken and other issues emerge, and of course we will not object to similar requests from HG should the circumstances justify it.

We need to discuss these search terms - as MDx has done, we reserve the right to object and we think these proposals are too broad.

<u>HG DOCUMENT REQUESTS</u>

As clarification, we did not agree that the HG document requests, with all their many varying subparts, were only 13 requests. We did agree, however, that we would object and/or respond to them all, and that we would not refuse to respond to any of this first set of requests on the grounds that they exceeded the allowed number of requests.

This is not as we understood it, but hopefully we can work through it.

We look forward to hearing from you soon.


12/27/2011

Regards.

Scott



NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.

12/27/2011