**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

        Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

        Defendant.

---

**MDX MEDICAL, INC.'S RESPONSE TO OBJECTIONS TO
MAGISTRATE JUDGE'S RECOMMENDATION**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by its undersigned counsel, files this response to the objections of Health Grades, Inc. to Magistrate Judge Boland's recommendation to strike the Health Grade supplemental infringement contentions ("Recommendation").

**I.     THE FACTS**

In Health Grades' effort to amend its infringement contentions, there was a total lack of timeliness, diligence, good cause, or good faith – all necessary for a party to be allowed to amend infringement contentions.  Accordingly, Magistrate Judge Boland's Recommendation, denying leave to amend, is solidly supported.

The pertinent facts are these:

(1)     On *June 16, 2011*, the parties were ordered to proceed under the Northern District of California Patent Rules, and pursuant to those Rules Health Grades was ordered to provide its Infringement Contentions by ***July 1, 2011*** (Dkt. #34, p. 6).

(2) ***Well prior to July 1, 2011***, Health Grades and its counsel knew that MDx had numerous non-infringement positions, and indeed it is ***undisputed*** that numerous non-infringement positions had been explained ***specifically*** to counsel for Health Grades weeks prior to Health Grades' original infringement contentions. *See, e.g.*, Stimpson Decl.[1] , ¶ 8, and Lee Decl.[2]  ¶ 3; Dkt. #34, p. 4 ("several additional grounds for non-infringement"); Dkt. # 9, p. 2, fn. 2.

(3) Despite knowledge of these numerous non-infringement positions, in its Court-ordered original infringement contentions, Health Grades chose to assert doctrine of equivalents positions for ***only one*** of the claim elements. Stimpson Decl., ¶ 4, Exhibit B, Dkt. # 62-3, *see* page 5 of 123 and 26 of 123 (detailed equivalents analysis only for "comparison ratings" element).[3]

(4) Although the early MDx summary judgment motion expressly stated that MDx had "other non-infringement bases not addressed" in the motion (Dkt. #9, p. 2, fn. 2), Health Grades' original infringement contentions maintained that in that motion MDx had "***conceded that all other claim elements are present in its accused system***," and on this basis Health Grades refused to provide any other equivalents contentions. Stimpson Decl., ¶ 4, Exhibit B, Dkt. # 62-3, p. 5 of 123 (emphasis added). (This position -- appropriately labeled "disingenuous" at page 6 of the Recommendation -- was one strong basis for the finding that there was no good cause. But counsel for Health Grades, unwilling to confront this misconduct, essentially ignores it in the Objections; and indeed, Health Grades even removed this language from its quote of its original contentions found at page 4 of the Objections.)

(5) At least as early as August 2, counsel for MDx identified this problem and told counsel for Health Grades the following: "***Absent a prompt supplement***, and agreement that we may supplement our invalidity contentions in an appropriate time after your supplement, ***we will take the position that HG has waived all other equivalents positions.***" Stimpson Decl., ¶ 7, Exhibit E, Dkt. #62-6, p. 2 of 3 (emphasis added).

(6) On September 8, Health Grades was warned again that MDx would take the position that other equivalents positions were waived if they did not promptly supplement. *See* MDx Response to Health Grades' Motion for Leave to File Its Supplemental Response to MDx Medical, Inc.'s Motion to Strike Health Grades, Inc.'s Supplemental Infringement Contentions ("Response"), Exhibit C, Dkt. # 76-3, p. 2 of 5.

(7) On September 22, after repeated efforts to get Health Grades to comply with the rules, the MDx offer to allow supplementation was withdrawn. Health Grades' Motion for Leave to File its Supplemental Response to MDx Medical, Inc.'s Motion to Strike Health

---

[1] Stimpson Decl. refers to the Declaration of Scott Stimpson, dated November 15, 2011, Dkt. # 62-1.

[2] Lee Decl. refers to the Declaration of David Lee, dated November 15, 2011, Dkt. # 62-7.

[3] Page numbers for the cited exhibits refer to the ECF page numbering convention in the header of the electronically filed versions of the exhibits.

Grades, Inc.'s Supplemental Infringement Contentions, Dkt. # 73-1, p. 2 of 2. While counsel for the parties discussed the possibility of a "horse trade" whereby MDx might not object to supplemental contentions if Health Grades agreed that MDx could assert inequitable conduct (*id.*: "we may still be willing to reach agreement…"), that possibility was rejected by counsel for Health Grades. *See e.g.* Response, Exhibit A, Dkt. # 76-1, p 2 of 13; *Id.*, Exhibit B, Dkt. # 76-2, p. 2 of 13; *Id.*, Exhibit E, Dkt. # 76-5, p. 2 of 3.

(8) On October 5, counsel for Health Grades stated that it "would like to agree" that Health Grades could supplement its contentions by October 20, further stating: "I hope you will not object to this." Response, Exhibit A, Dkt. # 76-1, p. 2 of 13. Counsel for MDx promptly confirmed that there would be no such agreement. *Id.,* Exhibit B, Dkt. # 76-2, p. 2 of 13.

(9) On October 20, Health Grades served its proposed supplement to its infringement contentions. ***No motion requesting leave for this supplement was filed***.

(10) On November 29, for the first time and only in response to the MDx motion to strike, Health Grades attempted to show good cause. November 29 is about seven months after Health Grades first knew MDx had multiple non-infringement defenses; it is about five months after multiple other non-infringement defenses were specifically identified to them; it is about four months after the August 2 email demanding a "prompt" supplement to avoid waiver; it is about two months after the September 22 email withdrew prior offers to allow supplementation; and it is about forty days after Health Grades provided its proposed supplement.[4]

## II.   THE STANDARD FOR AMENDMENT OF CONTENTIONS

In order "[t]o reduce discovery and other litigation costs," the parties agreed, and the Court expressly ordered, that the parties must abide by the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California. *See* Dkt. # 34, p. 6. Both the California courts, and the Federal Circuit Court of Appeals, have stated that "[t]he Patent Local Rules . . . are 'designed specifically to 'require parties to crystallize their theories of the case early in the litigation' so as to 'prevent the 'shifting sands' approach to claim construction.'" *Tokai Corp. v, Easton Enterprises Inc.,* No. 07-00883, 2009 U.S. Dist. LEXIS

---

[4] *Compare* Patent Rule 3-6, requiring a "timely showing of good cause"; *see also Tokai Corp. v, Easton Enterprises Inc.*, No. 07-00883, 2009 U.S. Dist. LEXIS 64669, *9 (C.D.Cal. July 8, 2009) ("The 2008 Patent Local Rules also require good cause and place special emphasis on timeliness by explicitly mentioning it. Accordingly, Defendant's delay in communicating with the Court weighs strongly against a finding in their favor.")

64669, *5 (C.D.Cal. July 8, 2009) quoting *O2 Micro Int'l Ltd. v. Monolithic Power Systems, Inc.,* 467 F.3d 1355, 1364 (Fed. Cir. 2006) (construing Patent Local Rules adopted in 2000). "Amendments to infringement contentions may 'be made only by order of the Court upon a ***timely showing of good cause*** . . .'" *Brilliant Instruments, Inc. v. Guidetech, Inc.,* No. 09-5517, 2011 U.S. Dist. LEXIS 30835, *4 (N.D.Cal. March 15, 2011) quoting Patent Local Rule 3-6 (emphasis added). "Good cause under the Patent Local Rules '***requires a showing of diligence***' [and] the burden is on the party amending its contentions 'to establish diligence rather than on the opposing party to establish lack of diligence.'" *Brilliant*, 2011 U.S. Dist. LEXIS 30835 at *4 quoting O2 Micro Int'l, 467 F.3d at 1366 (emphasis added). The party amending its contentions must show that it "'acted with diligence in promptly moving to amend when new evidence is revealed in discovery.'" *Genentech, Inc. v. The Trustees of the Univ. of Penn.*, No. 10-02037, 2011 U.S. Dist. LEXIS 108127, *4 (N.D.Cal. September 16, 2011) *quoting O2 Micro*, at 1363 & 1366. Moreover, the opposing party does not need to show prejudice if the amending party cannot show diligence. *Genentech*, 2011 U.S. Dist. LEXIS 108127 at *4; *see also Tokai Corp.*, 2009 U.S. Dist. LEXIS 64669 at *11 and O2 Micro, 467 F.3d at 1368.

### III.   THE STANDARD OF REVIEW

#### A.   The Motion Should Not Be Treated As Dispositive

At footnote 1 of the Recommendation, Magistrate Judge Boland found that the Recommendation "may have the effect of being dispositive." Health Grades also took the position that the motion was dispositive and thus argued that the *de novo* standard of review applied. Objections at 9-10.

4

While MDx strongly believes that the Recommendation should stand under any standard of review, we respectfully submit that the motion should **not** be treated as "dispositive" because Health Grades still has its overall infringement claim.  Indeed, Health Grades' entire infringement contentions, as laid out in detail in the original contentions, are all still in play, including the equivalents position it presented there.

"The Tenth Circuit applies an 'effects' test to determine whether a ruling is dispositive or non-dispositive. [M]otions not designated on their face as one of those excepted in §636(b)(1)(A) are nevertheless to be treated as such a motion when they have an *<u>identical effect</u>*. A dispositive motion *<u>eliminates a party's claim or defense and is thus a final decision</u>*. Nitchman v. Union Pac. R.R. Co., No. 05-01219, 2006 U.S. Dist. LEXIS 69291, *4 (D. Colo. Sept. 26, 2006)(internal citations and quotation marks omitted; emphasis added); see also, e.g., Robinson v. Eng., 148 F.R.D. 635, 640 (D. Neb. 1993) ("it is only those rulings which finally resolve a party's 'claim or defense' which are considered 'dispositive' within the meaning of §636(b) and Fed.R.Civ.P. 72.").

Because the Recommendation leaves Health Grades with its infringement claims, including all literal infringement assertions and the equivalents assertion in its original contentions, it is not "dispositive" of the Health Grades cause of action for infringement. Accordingly, the standard of review should be "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); see also Genentech, Inc. v. Trs. of the Univ. of Pa., 2011 U.S. Dist. LEXIS 108127, *3 (N.D. Cal. Sept. 16, 2011) (magistrate refusal to allow invalidity amendment due to lack of good cause and diligence reviewed and affirmed as "non-dispositive" ruling under "clearly erroneous or contrary to law" standard).  To reject a non-dispositive Recommendation,

the court must be left with the "definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985).

### B. The Health Grades New Arguments Should Not Be Allowed

Unsuccessful before Magistrate Judge Boland with its allegation that it relied on an agreement with MDx concerning the proposed supplement, Health Grades here spins a different story altogether. For the first time in these Objections, Health Grades now tries to peddle ***totally new reasons*** as to why it waited for several months to provide these new contentions.

The new approaches not raised before Magistrate Judge Boland are these:

(1)  Health Grades argues now that the non-infringement contentions of MDx were not known when the original contentions were served. *See, e.g.*, Objections at 3 (Health Grades "did not have access to . . . specifically what claim elements MDx asserted were missing from the accused products"), 11 ("each and every additional doctrine of equivalents argument responded directly to non-infringement arguments and claim construction positions MDx made several months *after* Health Grades served its original contentions . . . ."), and 17-18 ("The undisputed fact is that at *the time* of the original contentions, MDx had made *only one* non-infringement argument"). But Health Grades never made this argument earlier. Indeed, before Magistrate Judge Boland, MDx showed with supporting evidence (Dkt. #62, p. 7), that other non-infringement positions were well known to Health Grades ***prior to the original contentions. Health Grades did not contest these facts before Magistrate Judge Boland***. *See* Health Grades opposition brief before the Magistrate Judge, Dkt. #71 (arguing only that there was an agreement by MDx, that the supplement was based on new MDx documents, and that MDx is not

6

prejudiced).[5]  The present argument of Health Grades is not only completely new for the first time in these Objections, it is a new story altogether, and inconsistent with the undisputed facts (*see* Section I, *infra*).

(2)  <u>Health Grades now argues, for the first time, that the proposed supplemental infringement contentions are based on the MDx claim constructions</u>.  This argument is also found nowhere in the record before Magistrate Judge Boland.  Although Health Grades of course had the claim constructions well prior to its November 29th submission, they were never submitted to the Magistrate Judge, nor were they argued to have been the genesis of the proposed supplemental contentions.

The court should refuse to entertain these new and different Health Grades arguments. *Henderson v. Echostar Communs. Corp.*, No. 05-1473, 2006 U.S. App. LEXIS 7948 (10th Cir. 2006)(affirming refusal to consider additional evidence); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived"); *Robinson v. Younger,* No. 05-01028, 2007 U.S. Dist. LEXIS 67156, *2-3 (D. Colo. Sept. 11, 2007)(refusing to consider a new argument and new materials submitted for the first time by plaintiff in his objections to the magistrate's recommendation).

Before the Magistrate Judge, Health Grades argued that it delayed for so many months in providing these supplemental contentions because it thought it had an agreement with counsel for MDx.  Dkt. # 71, *e.g.*, at 2 (alleging that on August 2, "MDx *agreed it would not oppose Health Grades' supplement . . . .*"; emphasis by Health Grades), and Dkt. # 74, *e.g.* at 1-2.  With

---

[5] *See also* Health Grades' Supplemental Response to MDx's Motion to Strike, filed after oral argument.  Dkt. # 74 (arguing only about the purported agreement).

its Objections, Health Grades abandons that factual assertion, and now claims that it delayed so long for two new and different reasons, (a) because it did not know other MDx infringement positions, and (b) because it was waiting for the MDx proposed claim constructions. Health Grades should not be allowed to now discard its original story, in favor of a new one with totally different facts. That is, Health Grades is trying to explain why it waited so long to provide supplemental contentions -- a ***factual account*** of its alleged reasoning. Those factual allegations should not change just because the Magistrate Judge sided with MDx. *Cf. Hous. Works, Inc. v. Turner*, 362 F. Supp. 2d 434, 438 (S.D.N.Y. 2005) ("litigants cannot be permitted to use litigation before a magistrate judge as something akin to a spring training exhibition game, holding back evidence for use once the regular season begins before the district judge…. Absent a most compelling reason, the submission of new evidence in conjunction with objections to the Report and Recommendation should not be permitted."). Accordingly, the court should refuse to consider these Health Grades arguments made for the first time in the Objections.

## IV.     HEALTH GRADES FAILED TO REQUEST LEAVE OF COURT

Health Grades never filed a motion for leave to amend its infringement contentions. Magistrate Judge Boland correctly noted that this failure alone "is a sufficient basis to deny Health Grades' motion to amend." Recommendation at 3; *see also O2 Micro*, at 1363 quoting *Fed. R. Civ. P.* 16(f); *Fed. R. Civ. P.* 37(b)(2)(B) ("The local patent rules do not specify the actions that the district court may or must take if there is non-compliance with the requirements for disclosure of contentions. However, the rules are essentially a series of case management orders, and the deadlines for submission of contentions in this case were explicitly included in a supplemental case management order. The court may impose any 'just' sanction for the failure to obey a scheduling order, including 'refusing to allow the disobedient party to support or

8

oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.").

Health Grades acknowledges that it failed to comply with the applicable rules. Objections at 9. It's only argument, therefore, is that (in its view) there is no real prejudice to MDx. *Id*. But this Health Grades position is off the mark. First, prejudice is simply not required where, as here, a party fails to show good cause. *Genentech*, 2011 U.S. Dist. LEXIS 108127 at *4; *see also Tokai Corp.*, 2009 U.S. Dist. LEXIS 64669 at *11 and *O2 Micro*, 467 F.3d at 1368. And second, even if prejudice was a relevant consideration, the prejudice to MDx is substantial:

- Based in large part on the Health Grades Infringement Contentions, the parties have already committed to claim construction positions, and claim construction is now fully briefed.

- The MDx invalidity contentions were based in significant part on how Health Grades pursued infringement.

- As of the filing of this brief, there is about one month left in fact discovery, scheduled inventor depositions will be completed by the time these Objections are resolved, and expert reports are due in mid-February.

Allowing Health Grades to so radically change its positions now, adding numerous equivalents positions that it should have provided in early July, would substantially change the playing field at the eleventh hour. *See* hearing transcript, annexed as Exhibit K to Objections, pp. 9, 16-18; *see also, e.g., Sybase, Inc. v. Vertica Sys. Inc.*, No. 6:08 CV 24, 2009 U.S. Dist. LEXIS 110775, *5-6 (E.D. Tex. 2009) (Texas patent rules modeled after California: with discovery nearing close, it was too prejudicial to allow a proposed amendment to infringement contentions, in part due to impact on Markman proceedings); *Nike, Inc. v. Adidas Am., Inc.*, 479 F. Supp. 2d 664, 667 (E.D. Tex. 2007) ("the right to amend under P.R. 3-6 is subject to the court's duty to avoid unfairly prejudicing [defendant] through eleventh-hour alterations").

## V.   THERE IS NO GOOD CAUSE OR DILIGENCE

At page 1 of the Objections, Health Grades claims that the requested supplement "responds to claim constructions, non-infringement contentions and non-public documents produced by MDx after Health Grades made its original infringement contentions." But none of these allegations can survive even the slightest scrutiny.[6]

### A.   The Allegedly "New" Non-Infringement Contentions

Health Grades states that, at the time it served its original contentions, "it did not have access to: 1) MDx's non-infringement contentions, specifically what claim elements MDx asserted were missing from the accused products, *other than* MDx's contention that its current website did not have 'comparison ratings of healthcare providers. . . .'" Objections at 3. This representation, however, is false.

First, as noted above, this new argument by Health Grades should not be considered at all, because it was not raised earlier. But even if it had been raised earlier, it has no merit. Indeed, well prior to the July 1 contentions, counsel for MDx specifically identified other non-infringement positions, and ***Health Grades has never contested this fact.*** Stimpson Decl., ¶ 8; Lee Decl. ¶ 3. Indeed, MDx was ***ordered*** to discuss its defenses with counsel for Health Grades prior to the Scheduling Conference, and counsel for MDx did precisely that. *Id*.

---

[6] Magistrate Judge Boland's comment that the contentions "grew from three pages to 74," relied on by Health Grades in support of its Objections, was an obvious typo. The original contentions were closely considered. Indeed, Magistrate Judge Boland's citation for this comment ***cites pages 4 and 5*** of the original contentions (Recommendation at 4) – clearly the Magistrate Judge did not think that document had only three pages. The typo came about no doubt because page 3 was a central page of those original contentions – the page where Health Grades made its "disingenuous" argument that MDx had "conceded" that all other claim elements were met.

Health Grades now refers to its interrogatory 2, and the MDx responses to that interrogatory. Objections at 4-6. But Health Grades does not address the facts that: (1) Health Grades knew other non-infringement positions prior to its original contentions and well before the response to interrogatory 2, and (2) Health Grades gave a "disingenuous" excuse for not addressing them in its original contentions – that MDx had "conceded" that all those claim elements were met. Recommendation, p. 6; Stimpson Decl., ¶ 4, Exhibit B, Dkt. # 62-3, *see* page 5 of 123 and 26 of 123. And in any event, the interrogatory response was delivered to Health Grades on August 29. Objections, Exhibit D, Dkt. #102-4, p. 22 of 22. But Health Grades did not provide the supplement until late October, and it did not even attempt to make a good cause showing until late November.

Health Grades also refers to an October 3 email, where counsel for Health Grades feigns unfamiliarity with the numerous specific MDx non-infringement defenses (Objections, Exhibit C, Dkt. #102-3, p. 9 of 12: "What elements does MDx contend are not literally present? Once you provide us with this information, we will supplement."). Counsel for Health Grades was apparently trying to create a record that it might use to support its position – indeed, as Health Grades admits, MDx had provided the response to interrogatory 2 back in August. Objections at 6; Objections, Exhibit D, Dkt. #102-4, p. 22 of 22; s*ee also* the MDx response to the October 3 email, annexed hereto as Exhibit 1, at p. 2 ("You have now, and have had, our non-infringement positions.").

**B.    The New Health Grades "Claim Constructions" Argument**

Health Grades' argument here is at pages 6-7 of the Objections, merely stating when MDx provided its proposed claim constructions. Health Grades did not make this argument to

11

Magistrate Judge Boland, and the court should not consider it now, for the reasons stated in Section III(B) *supra*.

It is no surprise that Health Grades did not raise this issue before Magistrate Judge Boland. Parties are simply not allowed to wait for exchanges of claim construction positions before presenting their infringement theories, and this is plainly set out not only in the Patent Rules, but in the Scheduling Order of this case. *See* Dkt. # 34, pp. 6-7 (infringement contentions must be provided, then proposed claim constructions about three months later). *Nike, Inc. v. Adidas Am., Inc.*, 479 F. Supp. 2d 664, 667 (E.D. Tex. 2007) (Rule modeled after California patent rules: amendment to add equivalents positions refused when attempted after claim construction).[7]

Moreover, Health Grades does nothing to explain how these claim constructions could possibly have impacted the infringement contentions, particularly given the fact that Health Grades already knew the details of the MDx non-infringement defenses. Even apart from the earlier specific recitation of other missing elements, the response to interrogatory 2 was very clear about how and why MDx claimed that each element was missing. Objections, Exhibit D, Dkt. #102-4, p. 6-9 of 22. So, for example, MDx advised Health Grades in detail early on that the healthcare provider was not verifying information, that the provider was not giving the information itself, that it did not compile data in response to a request, etc., etc. *Id*. Thus, Health Grades clearly knew, long before exchange of claim construction positions, the bases of all the

---

[7] The *General Atomics* case cited by Health Grades is easily distinguishable. First, that case was decided under the old Patent Rules, which did not have the requirement that the showing of good cause be "timely" for amendment to be allowed. Moreover, unlike this situation, the plaintiff filed a motion seeking leave to amend, and that motion was filed while that case was "still relatively young," and before claim construction. *General Atomics v. Axis-Shield ASA,* No. 05-04074, 2006 LEXIS 58939, *4 (N.D. Cal. August 7, 2006).

MDx non-infringement positions. But contrary to the Patent Local Rules and this Court's Order, Health Grades hid behind its frivolous excuse (alleging that MDx had "conceded" that it met all elements except one) and refused to address the equivalents issues. By refusing to comply with the Court's Order for timely infringement contentions, Health Grades waived any equivalents positions on these elements.

### C. Alleged Response to MDx Document Production

Health Grades next claims that the August MDx document production (which Health Grades comically refers to as the "infringement documents" – Objections at 9) prompted the supplement. This is wrong for a number of reasons:

(1) It does not explain why Health Grades did not provide ***any*** equivalents positions on July 1 for numerous claim elements, when it knew that MDx had raised numerous other specific missing elements. *Accord* Recommendation at 9-10.

(2) The documents were produced on August 29, but Health Grades did not provide its supplement to counsel for MDx until late October, and it did not request leave from this Court until late November (albeit only in response to the MDx motion). *Accord* Recommendation at 10.

(3) There is nothing in the Objections explaining how these documents somehow created an equivalents position for Health Grades, or (more importantly) why Health Grades specific knowledge of the various MDx non-infringement positions in June did not trigger the duty to include its equivalents positions. Indeed, at page 1 of its Opposition, Health Grades seems to concede the exact opposite, where it admits that, for elements alleged to be literally missing, "equivalents arguments are a standard approach for establishing infringement . . . ." Objections at 1. *See* Recommendation at 9 ("Health Grades' motion does not demonstrate good

13

cause…. There is no discussion about why Health Grades could not make the new infringement contentions prior to receiving the documents").

(4) The production documents are not even used for the equivalents positions in the supplemental contentions. Although there is some repetition (because the same elements are in different claims), counsel for MDx counted thirteen new equivalents positions, and eleven do not cite any MDx documents at all. *See, e.g.,* Stimpson Decl., ¶ 6, Exhibit D, Dkt. # 62-5, pp. 12-14, 20-22, 30-32, etc. of 78. The two that do cite documents only cite to documents that are entirely meaningless in this context and give Health Grades nothing more than it already knew. *See, e.g., Id.* pp. 12, 21 of 78 (citing documents for the unremarkable proposition that MDx attempts to include trustworthy data in its website – did Health Grades really expect something else?).

As Magistrate Judge Boland found, the documents produced by MDx in August simply provide no excuse for the long delays of Health Grades and its failure to timely seek leave to amend.[8]

---

[8] Health Grades claims, in footnote 6, that it will be free to add its equivalents positions if the Court adopts any of the MDx claim constructions. This argument is dead wrong. The Patent Rules expressly require equivalents positions in the original contentions. Patent Local Rule 3-1(e). Parties cannot simply refuse to provide equivalents positions in response to the order for the original contentions (especially behind frivolous excuses – here, that MDx "conceded" that that all but one claim element was met), and then "amend" later after claim construction is finished. That type of gamesmanship would defeat the purpose of the Patent Rules entirely, and directly lead to the "shifting sands" that the rules were designed to prevent. *O2 Micro Int'l Ltd. v. Monolithic Power Systems, Inc.,* 467 F.3d 1355, 1364 (Fed. Cir. 2006) (the Patent Rules "require parties to crystallize their theories of the case early in the litigation") *Nike, Inc. v. Adidas Am., Inc.*, 479 F. Supp. 2d 664, 667 (E.D. Tex. 2007) (amendment to add equivalents positions refused when attempted after claim construction.)

## VI. CONCLUSION

For the foregoing reasons, MDx respectfully requests that the Health Grades Objections be denied in their entirety, and the Court affirm the Magistrate Judge's Recommendation.

Dated: January 9, 2012                               Respectfully submitted,

/s/ *Scott D. Stimpson*
Scott D. Stimpson
David C. Lee

Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York  10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: sstimpson@sillscummis.com
E-mail: dlee@sillscummis.com

And

Terence Ridley, Atty. No. 15212
Ramona Lampley, Atty. No. 37288
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, Colorado  80202
Tel: (303) 244-1800
Fax: (303) 244-1879
E-mail: ridley@wtotrial.com
E-mail: lampley@wtotrial.com

Attorneys for Defendant
MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2012, I electronically filed the foregoing MDX MEDICAL, INC.'S RESPONSE TO OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATION with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Jesus Manuel Vazquez , Jr.
jvazquez@rothgerber.com, phenke@rothgerber.com

- Kris John Kostolansky
kkosto@rothgerber.com, dgrooms@rothgerber.com

- Jeffrey David Phipps
jphipps@rothgerber.com, kmeans@rothgerber.com

- Scott David Stimpson
sstimpson@sillscummis.com, gcaceres@sillscummis.com

- David Chunyi Lee
dlee@sillscummis.com

- Terence M. Ridley
ridley@wtotrial.com, norris@wtotrial.com

- Ramona L. Lampley
lampley@wtotrial.com, keitlen@wtotrial.com

/s/ Scott B. Murray