**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

vs.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**HEALTH GRADES, INC.'S RESPONSE TO MDX MEDICAL, INC.'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS [97]**

Plaintiff Health Grades, Inc. ("Health Grades"), by its undersigned counsel, files this Response to MDX Medical, Inc.'s Motion for Leave to Amend Invalidity Contentions [97].

## I. INTRODUCTION

MDx seeks leave to amend its invalidity contentions to "add further details about Health Grades' own prior art." (Motion at 1 (Dkt. 97).) This Court should deny MDx's motion because it has not shown good cause for leave to supplement – it has *not* even stated what "further details" it wants to add. Moreover, the motion is premature – it admits that it is not sure that supplementation will be necessary. (Motion at 1 (Dkt. 97) ("While that prior art is addressed in the invalidity contentions already, additional facts are emerging in discovery, ***potentially*** necessitating supplementation.")

Health Grades is *not* asserting that it is never appropriate to supplement invalidity contentions. However, MDx must show good cause to supplement its invalidity contentions, which usually requires a recent change in circumstances, such as discovery of new information or a new claim construction, and also requires a showing of diligence and lack of prejudice to the

{00944744 / 1}

opposing party.  MDx must specify what Health Grades documents/references MDx seeks to add to MDx's invalidity contentions.  Without knowing what MDx intends to supplement, it is impossible to know whether there is good cause to supplement, whether the supplementation was made with diligence, and whether or not it will prejudice Health Grades.   In essence, MDx seeks open-ended and unlimited leave to supplement its invalidity contentions that is not permitted by the rules.  Its motion should be denied.

## II.     BACKGROUND FACTS

Health Grades has accused MDx of infringing U.S. Patent No. 7,752,060 ("the '060 Patent").  MDx asserts that the asserted claims of the '060 patent are invalid "under 35 U.S.C. §102 and/or §103" based on four U.S. Patent Publications, two U.S. Patents, and five websites that were allegedly in public use, including Health Grades' website as described below:

> Public use of www.healthgrades.com web site ("HG Report prior art"), dates of public use: 09/15/2004 and 10/19/2004, identity of person making the use: Jeff LaPointe.  Prior art under at least 35 U.S.C. § 102(b). The www.healthgrades.com web site is also prior art by being publicly known, on information and belief, having been made publicly known by Health Grades, Inc. on at least 9/15/2004 and 10/19/2004.  The www.healthgrades.com web site is also prior art as a publication, on information and belief, having been published by Health Grades, Inc. on at least 9/15/2004 and 10/19/2004. Other provisions of 35 U.S.C. § 102(b) may also become applicable as discovery progresses.

(Supplemental Invalidity Contentions (Ex. E to MDx's Motion (Dkt. 97-5 at 5).)  The "HG Report prior art reference" relied on by MDx actually relates to the following three separate documents (i.e. three separate references):

1. Physician Quality Report dated 9/15/2004 (UCHC 00000095-110) (Ex. 1);

2. Physician Comparison Report dated 10/19/2004 (UCHC 00000080) (Ex. 2); and

3. Hospital Quality Report dated 10/19/2004 (UCHC 00000081-90) (Ex. 3).)

{00944744 / 1}                                             2

Although MDx obtained these specific reports from an employee of one of its subsidiaries, Health Grades produced samples of similar reports on December 8, 2012. (Health Grades documents (HG0032062-32109) (Ex. 7).) Health Grades has done exhaustive manual and electronic searches for relevant documents, including documents relating to its public website prior to §102(b) critical date of the '060 patent. It has produced over two hundred thousand pages of documents, many of which were located in response to electronic searching for documents using keywords identified by MDx. Health Grades made its last document production on December 30, 2011. (12/30/11 Letter from Jesús M. Vázquez to Scott D. Stimpson (Ex. 4).)

### III.   MDx DOES NOT HAVE GOOD CAUSE FOR AMENDING ITS CONTENTIONS

#### A.   MDx Has Not Stated What Supplements It Wants to Make and Is Not Even Sure Supplementation is Necessary

MDx must show good cause to supplement its invalidity contentions. (Patent Local Rule 3-6 (Dkt. 34 at 22).) Good cause is supported by, among other things, "a claim construction by the Court different from that proposed by the [moving] party" and the "recent discovery of nonpublic information ... which was not discovered despite diligent efforts." *Id.* This approach allows courts to "balance the right to develop new information in discovery with the need for certainty as to the legal theories." *Golden Hour Data Systems, Inc. v. Health Services Integration, Inc.*, No. C 06-7477, 2008 U.S. Dist. LEXIS 75495, at *2 (N.D. Cal. Jul. 1, 2008) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)). In determining whether there is good cause, this court should consider: 1) whether the moving party was diligent in amending its contentions; and 2) then whether the non-moving part would

suffer prejudice if the motion to amend were granted." *Acer, Inc. v. Tec. Props. Ltd.*, No. 5:08-cv-00877, 2010 U.S. Dist. LEXIS 142472, at *3 (N.D. Cal. Sep. 10, 2010).

MDx has not tendered proposed amended contentions. It has not even said what contentions it seeks to add "further details about Health Grades' own prior art." (Motion at 1.) It is not even sure that it will need to supplement its invalidity contentions: "As discovery uncovers more facts about this Health Grades prior art, MDx *expects* that it will need to use those additional facts as bases for its invalidity defenses (in addition to its inequitable conduct defenses)." (Motion at 4 & 5 n.3.) It does not say what these "additional facts" are, when it learned of them, and why they constitute good cause for supplementation. It cites only to a single press release (Exhibit D to the Motion), produced over two months ago, that is too recent to be prior art. Specifically, the press release is dated August 2, 2005 – for Health Grades own products to be prior art, they must be dated before February 8, 2005 (one year before the priority filing date of the '060 patent). Without knowing what supplementations MDx seeks to make, it is impossible for Health Grades or this Court to determine whether there is good cause for amendment, whether MDx has been diligent, and whether supplementation will prejudice Health Grades.

MDx admits that what it seeks, namely unlimited to leave to supplement its invalidity contentions however it wants, is "unusual." (Motion at 5.) It is more than that. MDx's requested relief is contrary to the very purpose of Local Rule 3-6. It essentially asks this Court to allow it leave to supplement without the need to show good cause, or diligence, or lack of prejudice. Its request should be denied.

MDx implies that Health Grades has improper motive for opposing this motion. Not true. Health Grades is opposing this motion because MDx has not identified what Health Grades references (documents) MDx seeks to add to its invalidity contentions. (Ex. A (Dkt 97-1 at 2) ("I specifically told you that we could not agree to your request . . . because you had not explained what you intended to include in your supplement, nor had you explained what evidence would support your anticipated supplement.") Until Health Grades knows what MDx wants to add, it is impossible for Health Grades or this Court to determine whether there is good cause and whether MDx was diligent and whether amendment will cause it prejudice. MDx's motion should be denied.

> B.    **The Supplementation Health Grades Seeks is Not the Same Supplementation MDx seeks Leave to Make**

MDx also asserts that it has good cause because Health Grades "expected a supplementation." (Motion at 2.) While Health Grades has asked MDx to supplement its invalidity contentions regarding the original prior art listed in MDx' invalidity contentions, *it has not asked, nor agreed to allow, MDx to add additional prior art references to its contentions*.

Specifically, Health Grades has asserted that MDx should supplement its invalidity contentions *regarding the originally disclosed eleven references* to provide additional detail regarding:

: (i) which of the original eleven references it asserts anticipate which claims; and (ii) what specific combinations of what specific references render each asserted claim obvious; and (iii) why there was reason to combine the reference combinations identified in part (ii). (*See* 9/2/11 Letter from Jesús M. Vázquez to Scott D. Stimpson (Ex. 5).) For example, MDx has not identified any specific reference that is says anticipates the claims

{00944744 / 1}                              5

under §102, instead saying that they all render the claims invalid "under 35 U.S.C. § 102 *and/or* § 103." (Ex. E (Dkt. 97-5 at 3) (emphasis added).) Although anticipation under §102 requires that each reference teach every element of a claim, MDx's claim chart does not list any reference as satisfying all claim elements by itself. (Ex. E (Dkt. 97-5 at 14-51).) Moreover, MDx identifies its combinations as follows:

> Claim 1 of the '060 Patent is anticipated **and/or** rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, **individually in combination** with the '233 prior art.

(*See, e.g.,* Ex. E (Dkt. 97-5 at 7) (emphasis added).) Read literally, this statement encompasses at least 56 combinations of prior art. This disclosure is unacceptably vague and incomplete. Health Grades intends to file a motion to compel MDx to narrow its invalidity disclosures as described above. However, this should not give MDx carte blanche to supplement its invalidity disclosures to add anything it wants, anytime it wants.

### C.     Health Grades Has Not Misled MDx Regarding Health Grades' Prior Website

MDx asserts its open-ended request for leave to supplement should be granted because "Health Grades has not been candid in its [discovery] responses" and has "den[ied] knowledge of Health Grades' prior art in a sworn response to Interrogatory No. 2." (Motion at 3.) **Not true.**

As can be seen by reading the literal language of the response to Interrogatory No. 2, Health Grades did not deny knowledge of anything in this interrogatory, let alone deny knowledge of its own website. (Plaintiff Health Grades, Inc.'s Responses to Defendant MDx Medical, Inc.'s First Set of Interrogatories (Nos. 1-6) at 8 (Ex. 6).) Rather, Health Grades did

not identify its earlier website because it does not believe that it is "prior art."  An inventor's *own* work qualifies as "prior art" only if:

> **the invention** was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, **more than one year prior to the date of the application for patent in the United States** . . . .

35 U.S.C. §102(b) (emphasis added).  The "invention" is defined by the claims of the '060 patent.  The '060 patent's provisional application was filed on February 8, 2006, so the §102(b) date is prior to February 8, 2005.  Although Health Grades has had a public website for many years, it did not publicly use or sell the *invention claimed in the '060 patent* before February 8, 2005.  At the time that Health Grades responded to this interrogatory, no one had asserted that Health Grades' prior websites constituted prior art to the '060 patent.[1]  Therefore, Health Grades' response was accurate.

Moreover, in response to Interrogatory No. 1, Health Grades explained the history the '060 patent claims:

> The patent-in-suit was filed in connection with Health Grades' development of products called Physician New Media Marketing ("PNMM"), Hospital On-Line Marketing ("HOM"), and Physician On-Line Marketing ("POM").  Although conception of various aspects of these products (and the invention described in the patent-in-suit) happened earlier, work began on the development of the PNMM, HOM, and POM products in late 2004 continuing through early 2005.  **Health Grades began launching the first version of these products in the Spring/Summer of 2005**.

(Health Grades' Interrogatory Responses at 5 (emphasis added) (Ex. 6).)

---

[1]   Health Grades served its response to this interrogatory on July 20, 2011.  (Ex. B to MDx's Motion (Dkt. 97-2).)  MDx first asserted that Health Grades prior websites were prior art on August 26, 2011.  (Ex. E to MDx's Motion (Dkt. 97-5).)

MDx also asserts that Health Grades misled the Court by asserting "the actual prior art does not have patient-provided ratings." **Not true.** Health Grades has never admitted that is prior website qualifies as "prior art," instead referring to the Health Grades prior website reports as "references".[2]  Further, the statement MDx quotes from Dkt. 61 at page 5 of the Motion related *specifically* to the three reports referenced in MDx's inequitable conduct counterclaim (listed above and attached hereto as Exhibits 1-3), none of which include patient-provided ratings.  This statement was accurate.

Finally, MDx tries to make much out of a press release talking about adding patient ratings and physician-provided information to the Physician Reports on Health Grades' website. (Motion at 5).  The press release is dated August 2, 2005 – *which is **after** the §102(b) critical date*.  (Ex. D to the Motion (Dkt. 97-4).)  It is irrelevant.

## IV.     CONCLUSION

For all of the foregoing reasons, this Court should deny MDx' motion to supplement its invalidity contentions to add additional invalidity relating to additional Health Grades references.

Respectfully submitted this 11th day of January, 2012.

---

[2]     Health Grades has affirmatively disputed this assertion.  See, e.g. Supplemental Response to Interrogatory No. 8 at pp. 9-10 (Ex. 8).

{00944744 / 1}                                          8

ROTHGERBER JOHNSON & LYONS LLP

*s/ Jesús M. Vazquez*
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Jeffrey D. Phipps, Esq.
1200 17th Street, Suite 3000
Denver, Colorado  80202
Tel:  (303) 623-9000
Fax:  (303) 623-9222
Email:  kkosto@rothgerber.com
            jvazquez@rothgerber.com
            jphipps@rothgerber.com

*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2012, I electronically filed the foregoing **HEALTH GRADES, INC.'S RESPONSE TO MDX MEDICAL, INC.'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS [97]** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Scott David Stimpson
Mark Jon Rosenberg
David Chunyi Lee
Scott B. Murray
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY  10112
Email: sstimpson@sillscummis.com
Email: mrosenberg@sillscummis.com
Email: dlee@sillscummis.com
Email: smurry@sillscummis.com

Terence M. Ridley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
Email: ridley@wtotrial.com

Ramona L. Lampley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
Email: lampley@wtotrial.com

*s/ Jesús M. Vazquez*
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Jeffrey D. Phipps, Esq.
Rothgerber Johnson & Lyons, LLP
1200 17th Street, Suite 3000
Denver, Colorado 80202-5855
Tel:     (303) 623-9000
Facsimile: (303) 623-9222
Email:  kkostolansky@rothgerber.com
            jvazquez@rothgerber.com
            jphipps@rothgerber.com

*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*