# RJL

**ROTHGERBER**

**JOHNSON &**

**LYONS LLP**

**Jesús M. Vázquez, Jr.**
Attorney at Law
303.628.9517
jvazquez@rothgerber.com

One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Telephone: 303.623.9000
Fax: 303.623.9222
www.rothgerber.com

Denver • Colorado Springs • Casper

September 2, 2011

Scott David Stimpson, Esq.
David C. Lee, Esq.
Sills Cummis & Gross P.C.-New York
One Rockefeller Plaza, 25th Floor
New York, NY 10020

   **Re: Health Grades, Inc. v. MDX Medical, Inc. d/b/a Vitals.com**
      **Civil Action No. 2011-cv-00520-PAB-BNB**

Dear Scott and David:

  We are writing with respect to the insufficiency of MDx's Invalidity Contentions and Documents Accompanying Invalidity Contentions, served August 19, 2011, and MDx's Supplemental Invalidity Contentions and Documents Accompanying Invalidity Contentions, served August 26, 2011.

  First, neither of MDx's invalidity disclosures mention any basis for invalidity under 35 U.S.C. §101. Please confirm that you do not intend to assert that any of the asserted patent claims are invalid under §101.

  Second, MDx's disclosures are overly broad and unduly vague as to whether you are relying on anticipation (35 U.S.C. §102) or obviousness (35 U.S.C. §103) for each of the eleven references identified in your disclosure. Further, you have not provided enough specificity as to which specific combinations of which references you are relying on for your obviousness arguments for each claim. Taken to its logical extreme, your invalidity disclosures identify hundreds of different potentially invalidating combinations of prior art for each claim.

  Please promptly supplement your contentions accordingly by specifically identifying which claims MDx contends are anticipated by which references specifically and fully describe which specific combinations of alleged prior art MDx relies on to support its obviousness arguments.

  Third, MDx's disclosures regarding motivation and reasons for combining and/or modifying the prior art in its contentions and in its Rule 3-3(c) chart are incomplete and deficient and must be supplemented. MDx must supplement its contentions to describe with specificity what the motivation(s) and reasons for combining are for each specific combination of prior art

{00968686 / 1}

# EXHIBIT 5

ROTHGERBER JOHNSON & LYONS LLP

Scott David Stimpson, Esq.
September 2, 2011
Page 2

for each claim, and it must identify each and every specific combination it contends renders which specific claim of the '060 patent obvious.

Fourth, MDx's disclosures regarding alleged invalidity under 35 U.S.C. §112 are similarly incomplete and deficient and must be supplemented. MDx must supplement its contentions to describe what, specifically, are its bases for its arguments that the '060 patent is invalid under 35 U.S.C. §112. So for example, if MDX contends that any of the asserted claims are indefinite, it must disclose what specific language is indefinite and explain why it contends the language is indefinite. If MDX contends that the claims violate the written description requirement, it must disclose what portions of the claims it contends do not contain adequate written description and explain why it contends the language does not meet the requirement. Finally, if MDX contends any claims are not enabled, it must identify what portions of the claims it contends are not enabled and why it contends these portions are not enabled.

We thank you in advance for your prompt attention to these issues. If you would like to confer further regarding the same please let me know as soon as possible so that we can confer forthwith.

Very truly yours,

ROTHGERBER JOHNSON & LYONS LLP

Jesús M. Vázquez, Jr.

JMV/tmk
Enclosures

cc:   Mark Jon Rosenberg, Esq. (via e-mail)
      Ramona L. Lampley, Esq. (via e-mail)
      Terence M. Ridley, Esq. (via e-mail)

{00968686 / 1}