**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO
SUPPLEMENT ITS CLAIM CONSTRUCTION RESPONSE AND EVIDENCE**

## I. INTRODUCTION

Plaintiff Health Grades, Inc. ("Health Grades") respectfully requests that the Court deny Defendant MDx Medical, Inc.'s ("MDx") Motion to Supplement Its Claim Construction Response and Evidence. In its motion, MDx has failed to demonstrate any good cause for allowing it to supplement its Claim Construction Response and Evidence two days before the scheduled claim construction hearing. Just as importantly the testimony it seeks to introduce is irrelevant to claim construction. MDx has known that Mr. Hicks and Mr. Montroy might have discoverable evidence since at least June 16, 2011, but chose not to depose these individuals until last week. MDx's lack of diligence should not be rewarded. Instead, the Court should treat MDx's motion for what it is - a last ditch attempt to get another bite at the claim construction apple - and deny the motion.

## II. PROCEDURAL HISTORY

On June 16, 2011, the Court entered a Scheduling Order. (Sched. Order, Dkt. 34.) In this order, MDx indicated that it was aware of the need to depose the inventors of the

1

'060 patent:

> Defendant anticipates requesting these depositions:
> 10
>
> '060 patent inventors – 1-2 days each.
> Personnel in charge of Health Grades website – 1 day.
> Health Grades Chief Financial Officer – 1 day.
> Damages 30(b)(6) deposition – 1-2 days.
> Health Grades personnel knowledgeable about prior art – 1 day.
> Possibly others as disclosed in Rule 26(a)(1) disclosures.

(*Id.* at 10-11 (highlighting added).) This order also set forth specific deadlines based on the Northern District of California's local patent rules. (*Id.* at 6-7.) For instance, the parties were to identify extrinsic evidence in support of claim construction under LPR 4-2, including witness testimony, by September 23, 2011. (*Id.* at 7, Ex. A at Pat. 10.) The parties were also required to identify extrinsic claim construction evidence in the Joint Claim Construction and Prehearing Statement. (*Id.*) Claim construction discovery closed on November 18, 2011, and MDx's Claim Construction Response and Evidence was due on December 19, 2011. (*Id.*) Despite these disclosure deadlines, MDx failed to indicate that it planned on submitting deposition testimony as extrinsic evidence until January 17, 2011.

### III. DISCUSSION

#### A. **MDx has not shown good cause to justify its untimely request to supplement its Claim Construction Response and Evidence.**

The Court should deny MDx's motion because MDx has failed to demonstrate good cause in support of its untimely request to supplement. As noted above, the Scheduling Order required MDx to set forth its Claim Construction Response and Evidence by December 19, 2011. Now, a month later, MDx wants to modify the

2

Scheduling Order to include evidence that it could have obtained long before. But to modify the Scheduling Order, MDx must show good cause. (*Id.* at 13.) The focus of the good cause inquiry includes the diligence of the party seeking leave to modify the scheduling order. *Pappas v. Frank Azar & Assoc.*, Case No. 06-cv-01024-MSK-BNB, 2007 U.S. Dist. LEXIS 89966, at *5 (D. Colo. Nov. 27, 2007) (quoting *Dilmar Oil Co., Inc. v. Fed. Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997)). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Id.* This is a stringent standard because "a scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Pappas*, 2007 U.S. Dist. at *5; *see also White v. Kaiden*, Case No. 05-cv-01294-PSF-MEH, 2006 U.S. Dist. LEXIS 29963, at *3 (D. Colo. May 4, 2006).

Here, MDx has not even addressed the good cause requirement, let alone satisfied it. MDx gives no explanation for its decision to wait until the eve of the claim construction hearing to depose Mr. Hicks and Mr. Montroy. Moreover, MDx had ample time to depose the inventors and knew, or had reason to know, that the inventors could have information that MDx believes is relevant to claim construction. In the absence of any explanation for MDx's lack of diligence, MDx's motion should be denied. *See*, *e.g.*, *Pappas*, 2007 U.S. Dist. LEXIS at *7 (finding no good cause to amend schedule to allow for additional discovery where the defendant was aware that veracity of plaintiffs was at issue, had adequate time to engage in discovery, and did not explain its lack of diligence); *White*, 2006 U.S. Dist. LEXIS, at *4 ("Accordingly, while the defendant knew or should have known all the relevant information necessary to decide whether or not to undertake a similar deposition of his own prior to the close of discovery, he did not.").

### B.     MDx's Untimely Evidence is Irrelevant to Claim Construction.

The evidence that MDx seeks to introduce - subjective inventor testimony on the meaning of claim terms - is irrelevant in claim construction, and this weighs in favor of denying MDx's motion. *Howmedica Osteonics Corp. v. Wright Med. Tech., Inc.*, 540 F.3d 1337, 1347 (Fed. Cir. 2008). Mr. Montroy testified only to *his* interpretation of certain claim terms. (Montroy Tr. at 43: 8-12.) Likewise, Mr. Hicks did not testify as an expert about how a person of ordinary skill in the art would view the claim terms but rather testified how *he* would read the language years after the patent issued. (Hicks Tr. at 36:24-37:4.)

And although an inventor may be competent to explain the invention and what he or she intended, the Federal Circuit has held that what the inventor intended has no relevance to claim construction. *Howmedica.*, 540 F.3d at 1347 ("[I]nventor testimony as to the inventor's subjective intent is irrelevant to the issue of claim construction."); *see also Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F.3d 1575, 1580 (Fed. Cir. 1996) ("*Markman* requires us to give no deference to the testimony of the inventor about the meaning of the claims."); *Markman v. Westview Instruments, Inc*., 52 F.3d 967, 983 (Fed. Cir. 1995) (en banc). This rule makes sense -- although the inventor may understand the invention, he likely does not understand the patent claims, which are drafted by patent attorneys. *Howmedica*, 540 F.3d at 1346-47. Indeed, neither of the deponent-inventors is an expert on patent law or interpreting patent claims. (*See*, *e.g.*, Hicks Tr. at 28:16-19 (Q: Let's turn to the last few pages of this patent, please, sir. Do you know what a patent claim is? A: I'm sorry. I really don't."); Montroy Tr. at 305:20-306:2 (Q: Are you a patent expert? A: No.; Montroy Tr. at 305:20-25 (Q: And, Mr. Montroy, did you write

4

any portion of the claims that are contained within the 060 patent?  A:  No.  Q:  And, Mr. Montroy, do you understand the rules for determining what patent claims mean?  A: No.).)

### C. Health Grades would be prejudiced by MDx's untimely submission.

MDx's motion should also be denied because its timing prejudices Health Grades. Because the motion was filed two days before the claim construction hearing, Health Grades is left without a meaningful opportunity to, among other things, (1) obtain rebuttal evidence, such as testimony from Mr. Neal (the other inventor) or an expert, or (2) move to exclude the proffered testimony on evidentiary grounds.  The Court should not countenance MDx's unfair surprise by granting its motion.

### IV. CONCLUSION

For the reasons set forth above, MDx's motion should be denied.

ROTHGERBER JOHNSON & LYONS LLP

*s/ Jesús M. Vazquez*
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Jeffrey D. Phipps, Esq.
1200 17th Street, Suite 3000
Denver, Colorado  80202
Tel:  (303) 623-9000
Fax:  (303) 623-9222
Email:  kkosto@rothgerber.com
            jvazquez@rothgerber.com
            jphipps@rothgerber.com

*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2012, I served the foregoing **PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPLEMENT ITS CLAIM CONSTRUCTION RESPONSE AND EVIDENCE** using CM/ECF system which will send notification of such filing to the following e-mail addresses:

Scott David Stimpson
Mark Jon Rosenberg
David Chunyi Lee
Scott B. Murray
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY 10112
E-mail: sstimpson@sillscummis.com
E-mail: mrosenberg@sillscummis.com
E-mail: dlee@sillscummis.com
E-mail smurray@sillscummis.com


Ramona L. Lampley
Terence M. Ridley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
E-mail: lampley@wtotrial.com
E-mail: ridley@wtotrial.com

                                        *s/ Jesús M. Vazquez*
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Jeffrey D. Phipps, Esq.
Rothgerber Johnson & Lyons, LLP
1200 17th Street, Suite 3000
Denver, Colorado 80202-5855
Tel:     (303) 623-9000
Facsimile: (303) 623-9222
Email:  kkostolansky@rothgerber.com
            jvazquez@rothgerber.com
            jphipps@rothgerber.com

*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*