## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

     Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

     Defendant.

---

## MDX MEDICAL, INC.'S SECOND SUPPLEMENTAL INVALIDITY CONTENTIONS AND DOCUMENTS ACCOMPANYING INVALIDITY CONTENTIONS

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by its undersigned counsel, pursuant to Section 6(f)(1) of the Scheduling Order (dkt. # 34) and the ~~Court's order granting extension of time~~pending motion seeking leave for MDx to ~~provide portions of~~supplement its invalidity contentions (dkt. # ~~51~~97), hereby provides its Second Supplemental Invalidity Contentions and Documents Accompanying Invalidity Contentions ("Invalidity Disclosures") pursuant to Local Patent Rules 3-3 and 3-4 incorporated into the Scheduling Order. MDx's Invalidity Contentions and Documents Accompany Invalidity Contentions and all accompanying charts and documents served on Health Grades on August 19, 2011 and Supplemental Invalidity Contentions and Documents Accompany Invalidity Contentions and all accompanying charts and documents served on Health Grades on August 26, 2011, are hereby incorporated herein by reference in their entirety.

The MDx supplemental invalidity contentions rely in part on Plaintiff's July 1, 2011 infringement contentions and, July 19, 2011 supplemental infringement contentions, discovery responses, and/or proposed claim constructions.  That is, for some invalidity positions, if Health Grades, Inc. ("Health Grades") is correct (it is not) that the accused MDx website meets claim terms, then the cited prior art would also meet these elements.  As discovery progresses, as Plaintiff's infringement positions change, and/or based on the court's claim construction order, Defendant reserves the right to modify, revise, amend, and/or supplement these invalidity contentions based on subsequent received discovery, changes or clarifications of Plaintiff's infringement positions, and/or the court's claim construction order.  MDx also reserves the right to supplement based on prior art that is not yet known.  For example, Health Grades apparently has a prior art website, and was required to produce documents and information on that prior art in discovery, but to date has not sufficiently done so.  Moreover should any element be found not exactly present consistent with these disclosures, Defendants will assert obviousness using one or more references that do disclose the element in question.[1]

## 3-3. Invalidity Contentions

Disclosure 3-3(a).        The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the

---

[1] It is the MDx understanding that inequitable conduct is not part of invalidity contentions. *Trent West v. Jewelry Innovations, Inc.*, 2009 U.S. Dist. LEXIS 10100, *12-13 (N.D. Cal. January 21, 2009).  Nevertheless, MDx incorporates by reference its Amended Answer (dkt. # 77) detailing the inequitable conduct.

information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s).

<u>Response:</u>      Defendant contends that at least claims 1, 4-9, 11, and 14-16 of U.S. Patent No. 7,752,060 (hereinafter "the '060 Patent") are invalid.  In part, these claims are invalid under 35 U.S.C. § 102 and/or § 103 based on at least the following items of prior art.

U.S. Patent Application Publication No. US 2006/0015369 A1 (the "'369 prior art"), entitled "HEALTHCARE PROVIDER RECOMMENDATION SYSTEM", published January 19, 2006 by the United States Patent and Trademark Office, and showing Bachus *et al.* as inventors.  Prior art at least under 35 U.S.C. § 102(a).

U.S. Patent Application Publication No. US 2002/0038233 A1 (the "'233 prior art"), entitled "SYSTEM AND METHOD FOR MATCHING PROFESSIONAL SERVICE PROVIDERS WITH CONSUMERS", published March 28, 2002 by the United States Patent and Trademark Office, and showing  Shubov *et al.* as inventors.  Prior art at least under 35 U.S.C. § 102(b).

U.S. Patent Application Publication No. US 2006/0294138 A1 (the "'138 prior art"), entitled "PROFESSIONAL RATING SYSTEM AND METHOD", published December 28, 2006 by the United States Patent and Trademark Office, and showing Lucas Stolba as the sole inventor.  Prior art at least under 35 U.S.C. § 102(e).

U.S. Patent No. US 7,167,855 B1 (the "'855 prior art"), issued on January 23, 2007. Prior art at least under 35 U.S.C. § 102(e).

3

U.S. Patent Application Publication No. US 2003/0167187 A1 (the "'187 prior art"), entitled "SYSTEMS AND METHODS OF DETERMINING PERFORMANCE RATINGS OF HEALTH CARE FACILITIES AND PROVIDING USER ACCESS TO PERFORMANCE INFORMATION", published September 4, 2003 by the United States Patent and Trademark Office, and showing Robert N. Bua as the sole inventor.  Prior art at least under 35 U.S.C. § 102(b).

U.S. Patent No. 7,065,528 B2 (the "'528 prior art"), issued on June 20, 2006.  Prior art at least under 35 U.S.C. § 102(e).

Public use of www.healthgrades.com web site ("HG Report prior art"), dates of public use: 09/15/2004 and 10/19/2004 and consistently since 2004, identity of person making the use: Jeff LaPointe and general public.  Prior art under at least 35 U.S.C. § 102(b).  The www.healthgrades.com web site is also prior art under 35 U.S.C. § 102(a) by being publicly known, on information and belief, since 2004, including having been made publicly known by Health Grades, Inc. on at least 9/15/2004 and 10/19/2004, 10/19/2004, 12/28/2004 (see HG0032036 et seq.), and 06/04/2005 (see MGHG 000016 et seq.), and by patient experience surveys conducted as early as 2004 (see HG209647), and by the physician online service application launched in May 2004 (see HG0042038).  The www.healthgrades.com web site is, and the reports available through that website, are also prior art as a publication, on information and belief, having been published by Health Grades, Inc. on at least 9/15/2004 and 10/19/2004, 10/19/2004, 12/28/2004, and 06/04/2005.  It is also prior art because the features were disclosed to third parties without confidentiality restrictions.  See also the Hicks and Montroy transcripts, and the defendants' deposition exhibits and accompanying text related to the

various reports.   Other provisions of 35 U.S.C. §§§ 102(a) and/or 102(b) may also become applicable as discovery progresses.  Any and all of these Health Grades reports are invalidating prior art, separately and in combination.[2]

Public use of www.ingenix.com web site, including GeoAccess brochures ("GeoAccess prior art"), dates of public use: 11/7/2004, 11/14/2004, 11/15/2004, and 12/8/2004, identity of person making the use: Jeff LaPointe.   Prior art under at least 35 U.S.C. § 102(b).   The www.ingenix.com web site and GeoAccess brochures are also prior art by being publicly known, on information and belief, having been made publicly known by Ingenix, Inc. on at least 11/7/2004, 11/14/2004, 11/15/2004, and 12/8/2004.   The www.ingenix.com web site and GeoAccess brochures are also prior art as a publication, on information and belief, having been published by Ingenix, Inc. on at least 11/7/2004, 11/14/2004, 11/15/2004, and 12/8/2004.  Other provisions of 35 U.S.C. § 102(b) may also become applicable as discovery progresses.

Public use of www.subimo.com web site (the "Subimo prior art"), date of public use: 10/19/2004, identity of person making the use: Jeff LaPointe.  Prior art under at least 35 U.S.C. § 102(b).  The www.subimo.com web site is also prior art by being publicly known, on information and belief, having been made publicly known by Subimo, LLC on at least 10/19/2004.  The www.subimo.com web site is also prior art as a publication, on information and belief, having

---

[2] After seeking these documents in early June, 2011, and after months of prodding, Health Grades and its counsel produced many important documents in December 2011, and January 2012 – buried among hundreds of thousands of pages of documents, and only after MDx filed a motion to compel.  Health Grades has still not produced a 30(b)(6) witness on this art (requested December 7, 2011), nor has Health Grades produced other documents showing the details of the various disclosures and the timing of these disclosures (Montroy 1/16/12 deposition).  As recently confirmed at the January 16, 2012 deposition of named inventor Montroy, Health Grades had in prior art public use and on sale every feature of the independent claims – and none of the claims contained anything inventive or new.

been published by Subimo, LLC. on at least 10/19/2004.  Other provisions of 35 U.S.C. § 102(b) may also become applicable as discovery progresses.

Public use of www.healthscope.org web site (the "HealthScope prior art"), date of public use: 10/19/2004, identity of person making the use: Jeff LaPointe.  Prior art under at least 35 U.S.C. § 102(b).  The www.healthscope.org web site is also prior art by being publicly known, on information and belief, having been made publicly known by Pacific Business Group on Health on at least 10/19/2004.   The www.healthscope.org web site is also prior art as a publication, on information and belief, having been published by Pacific Business Group on Health on at least 10/19/2004.   Other provisions of 35 U.S.C. § 102(b) may also become applicable as discovery progresses.

Public use of www.ratemds.com web site (the "RateMDs prior art"), dates of public uses: 11/22/2004 and 12/22/2004, identity of person(s) making the use(s): identities unknown.  Prior art under at least 35 U.S.C. § 102(b).  The www.ratemds.com web site is also prior art by being publicly known, on information and belief, having been made publicly known by RateMDs.com on at least 11/22/2004 and 12/22/2004.  The www.ratemds.com web site is also prior art as a publication, on information and belief, having been published by RateMDs.com on at least 11/22/2004 and 12/22/2004.  Other provisions of 35 U.S.C. § 102(b) may also become applicable as discovery progresses.

<u>Disclosure 3-3(b).</u>       Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness.

<u>Response:</u>        Each asserted claim of the '060 Patent is anticipated and/or obvious as described in the Rule 3-3(c) chart provided herewith as an appendix.

Defendant's invalidity contentions are, in part, based on Plaintiff's <u>07/01/2011</u> infringement contentions ~~and~~<u>, 07/19/2011</u> supplemental infringement contentions<u>, discovery responses, and/or proposed claim constructions</u>.  That is, if Health Grades is correct (it is not) that the accused MDx website meets claim terms, then the cited prior art would also meet these elements.  Defendant reserves the right to modify, revise, amend, and/or supplemental these invalidity contentions based on subsequent received discovery, changes or clarifications of Plaintiff's infringement positions, or the court's claim construction order.

Claim 1 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art,  individually in combination with the '233 prior art.  Claim 1 is also rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art and further in combination with at least one of the '855 prior art, the '138 prior art, the '528 prior art, the '187 prior art, and the RateMDs prior art.  The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Claim 4 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art,  individually in combination with the '233 prior art.  Claim 4 is also rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art,

the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art and further in combination with the '187 prior art. The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Claim 5 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art. The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Claim 6 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art. The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Claim 7 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art. The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Claim 8 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art, and further in

combination with the '138 prior art.  The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Claim 9 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art,  individually in combination with the '233 prior art, and further in combination with the '138 prior art.  The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Claim 11 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art,  individually in combination with the '233 prior art, and further in combination with the '138 prior art.  The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Claim 14 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art,  individually in combination with the '233 prior art.  The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Claim 15 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the

HealthScope prior art,  individually in combination with the '233 prior art.  Claim 15 is also rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art and further in combination with at least one of the '855 prior art, the '138 prior art, the '528 prior art, the '187 prior art, and the RateMDs prior art.  The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Claim 16 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art,  individually in combination with the '233 prior art.  The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Disclosure 3-3(c):    A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function.

Response:    A chart indentifying where specifically in each alleged item of prior art each element of each asserted claim is found, is provided herewith as an appendix.

Disclosure 3-3(d):    Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

<u>Response:</u>       Numerous of Plaintiff's infringement contentions and supplemental infringement contentions, and its positions in opposing summary judgment, include claim interpretations and infringement positions that are inconsistent with and unsupported by the '060 Patent specification, including at least "comparison ratings" and requests for information on a first healthcare provider.  It also appears that Health Grades may be taking such positions with other terms.  If any of these allegations were correct, then all the claims would be invalid under 35 U.S.C. § 112(1) for failing to comply with the enablement and written description requirements, and invalid under 35 U.S.C. § 112(2) as being indefinite.

## 3.4.  Document Production Accompanying Invalidity Contentions.

<u>Disclosure 3-4(a):</u>       Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart.

<u>Response:</u>       The required documents ~~are~~were previously produced ~~herewith~~.

Disclosure 3-4(b):     A copy or sample of the prior art identified pursuant to Patent L.R. 3-3(a) which does not appear in the file history of the patent(s) at issue.  To the extent any such item is not in English, an English translation of the portion(s) relied upon shall be produced.

Response:     The required documents ~~are~~were previously produced ~~herewith~~.

Dated:  ~~August~~January 26~~3~~, 201~~1~~2          Respectfully submitted,

s:/Scott D. Stimpson
_____
Scott D. Stimpson
~~Mark J. Rosenberg~~
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: mrosenberg@sillscummis.com
E-mail: sstimpson@sillscummis.com
E-mail: dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Ramona Lampley, Atty. No. 37288
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:  (303) 244-1879
E-mail: ridley@wtotrial.com
E-mail: lampley@wtotrial.com

Attorneys for Defendant
MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on August~~JANUARY~~ 26, 2011, I have caused a true and correct copy of3, 2012, I electronically filed the foregoing MDX MEDICAL, INC.'S SECOND SUPPLEMENTAL INVALIDITY CONTENTIONS AND DOCUMENTS ACCOMPANYING INVALIDITY CONTENTIONS to be served upon Health Grades, Inc. by electronic mail transmission to the following individualswith the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez , Jr.**

        Kris John Kostolansky
        Jeffrey David Phipps
        ROTHGERBER JOHNSON & LYONS LLP
        One Tabor Center, Suite 3000
        1200 Seventeenth Street
        Denver, CO 80202
        Tel: (303) 623-9000
        Fax:                    (303)                    623-9222
        jvazquez@rothgerber.com, phenke@rothgerber.com

- **Kris John Kostolansky**
    kkosto@rothgerber.com , dgrooms@rothgerber.com

- **Jeffrey David Phipps**
    jphipps@rothgerber.com, kmeans@rothgerber.com


        *Attorneys for Plaintiff Health Grades, Inc.*

- **Scott David Stimpson**
    sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Scott Butler Murray**
    smurray@sillscummis.com

- **Mark Jon Rosenberg**
    Mrosenberg@sillscummis.com

- **David Chunyi Lee**
    dlee@sillscummis.com

- **Terence M. Ridley**
    ridley@wtotrial.com, norris@wtotrial.com

- **Ramona L. Lampley**
    lampley@wtotrial.com, keitlen@wtotrial.com

*–s:/ David C. Lee*

Appendix to Defendant MDx's
Local Patent Rule 3-3 and 3-4 Disclosures
<u>Second</u> Supplemental Invalidity Contention Charts[1]

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| 1.   A computer-implemented method of providing healthcare provider information to potential patients, said method comprising: | As addressed below, one or more prior art references disclose a computer-implemented method of providing healthcare provider information to potential patients.<br><br><u>'369 prior art:</u> The '369 prior art meets this claim language.  See, e.g., FIG. 2, 7, and accompanying text, "[a]n online database of patient-to-patient healthcare provider recommendations is provided. This database may provide a resource for choosing a physician, and a community of support for those facing medical challenges. Patients who have had a positive experience with a physician can register this physician online, and subsequent patients can search for a physician by a variety of categories, such as, e.g., location, specialty, or physician name." (Abstract).<br><br><u>HG Report prior art:</u> The HG Report prior art meets this claim language.  See, e.g., web site use from 2004.  See Hicks and Montroy January, 2012 transcripts; Defendants deposition exhibits and accompanying text regarding prior art reports.<br><br><u>GeoAccess prior art:</u> The GeoAccess prior art meets this claim language.  See, e.g., page 2, "With GeoAccess' ProviderLookup Online service, individuals can look up information about convenient providers from your Internet site-24 hours a day, 7 days a week."  Page 3, |

---

[1] These contentions, in part, rely on Health Grades' infringement contentions, discovery responses, and/or proposed claim constructions.  That is, if Health Grades is correct (it is not) that the accused MDx website meets claim terms, then the cited prior art would also meet these elements. Nothing in any of MDx's 3-3 or 3-4 Disclosures or supplemental Disclosures should be read as agreeing with any part of the Health Grades Infringement Contentions, discovery responses, and/or proposed claim constructions.

[2] Health Grades has asserted claims 1, 4-9, 11, and 14-16.  (Health Grades purports to assert claim 10 but has not provided an infringement chart for claim 10.)  MDx addresses herein these asserted claims, but MDx reserves the right to address invalidity of any additional claims Health Grades may assert in the future.  Additionally, Health Grades' infringement contentions and supplemental infringement contentions argued doctrine of equivalence for only one limitation of the asserted claims.  Should Health Gradees be permitted to amend its infringement contentions to argue doctrine of equivalence for additional elements, MDx reserves the right to amend its invalidity contentions to address any such arguments.

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
|  | "ProviderLookup Online runs on Internet servers in GeoAccess' Internet Operations Center . . . ."<br><br>Subimo prior art: The Subimo prior art meets this claim language.  See, e.g., web site use from 2004.<br><br>HealthScope prior art: The HealthScope prior art meets this claim language.  See, e.g., web site use from 2004. |
| receiving, by a Web server computer of a company providing a service for connecting healthcare providers with the potential patients, a request for information regarding a first healthcare provider, wherein the Web server computer comprises at least one computer processor and memory; | As addressed below, one or more prior art references disclose receiving, by a Web server computer of a company providing a service for connecting healthcare providers with the potential patients, a request for information regarding a first healthcare provider, wherein the Web server computer comprises at least one computer processor and memory.<br><br>To the extent Plaintiff asserts that a search for physicians using search criteria other than a~~criteria identifying a specific~~ physician ~~name~~ meets this claim language, the same search for physicians using search criteria other than a~~criteria identifying a specific~~ physician ~~name~~ in the prior art would anticipate this claim language and/or render it obvious.  See Plaintiff's infringement contentions ~~and~~dated 07/01/2011, supplemental infringement contentions dated 07/19/2011, discovery responses, and/or proposed claim constructions.  MDx does not agree with numerous of Plaintiff's assertions regarding various claim elements of the '060 Patent.<br><br>'369 prior art: The '369 prior art meets this claim language.  See, e.g., FIG. 1 (web server 150), 2, 4-6, and accompanying text.  "FIG. 1 shows an exemplary healthcare provider recommendation system 100, in accordance with embodiments of the present invention. A web server 150 is coupled to a communications network 140, such as, e.g., the Internet, and to a healthcare provider recommendation database 152. The web server 150 enables healthcare consumers to submit healthcare provider recommendations to be stored in the database 152, and to query the database 152 for previous healthcare provider recommendations submitted by other consumers." (page 2, ¶ [0018]).  "In step 203, a query for an healthcare provider is received. In step 204, a query response is provided. This query response lists one or more healthcare providers satisfying the query criteria and includes |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| | only those healthcare providers that have previously received recommendations from other users." (page 2, ¶ [0019]).  "FIG. 4 shows an exemplary Location Search screen 400 that enables the user to search for a healthcare provider by various location criteria, such as city or proximity to a zip code. The screen 400 may further allow a user to narrow the location search for healthcare providers based on the practice information provided in the practice information section 302, shown in FIG. 3." (page 2, ¶ [0026]).  "Alternative methods of querying for healthcare provider recommendations may also be provided. FIG. 5 shows an exemplary Name Search screen 500, which would allow users to query the database 152 for a particular physician's name to determine whether any recommendations for that physician have been posted." (page 2, ¶ [0027]).  "FIG. 6 shows an exemplary Condition/Specialty screen 600, which enables a user to query the database 152 based on whether the healthcare provider's practice is adult or pediatric, by medical condition, and/or by the physician's specialty." (page 2, ¶ [0028]).<br><br>HG Report prior art: The HG Report prior art meets this claim language.  See, e.g., 10/19/2004 use of "Your Search Results" web page.  "This report will contain up to 20 physicians that meet your needs and preferences.  Additionally, the report will provide detailed comparison information on each doctor that matched your search criteria."  Based on at least these prior art portions, there is inherent, implicit, and/or intrinsic disclosure of a computer processor and memory.  See also, January, 2012 Hicks Deposition Transcript; January, 2012 Montroy Deposition Transcript, and Defendants deposition exhibits, and accompanying testimony regarding prior art reports, including but not limited to exhibits 8 and 13.<br><br>GeoAccess prior art: The GeoAccess prior art meets this claim language.  See, e.g., page 2, "Your plan members can search for providers close to their home or work.  They may specify desired characteristics-such as specialty and gender-aswellas well as look up a specific provider by name."  Page 4, "Criteria selections – such as specialty, gender, language and hospital admitting privileges – enable individuals to find the providers that best suit their needs."; "Up to 100 of the closest providers are returned for a single search.";  "Display the provider's name, desgree, specialty, address, phone, hospital privileges and any other information in your data that would educate members about providers."  Based on at |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| | least these prior art portions, there is inherent, implicit, and/or intrinsic disclosure of a computer processor and memory.<br><br>Subimo prior art: The Subimo prior art meets this claim language.  See, e.g., page 1, "The first step in selecting a physician is to choose a search method.  You have the choice of a quick search where you search for a specific physician by name, or a more detailed search.  For purposes of this illustration we have chosen to search by ZIP code to find a physician near us."  Based on at least these prior art portions, there is inherent, implicit, and/or intrinsic disclosure of a computer processor and memory.<br><br>HealthScope prior art: The HealthScope prior art meets this claim language.  See, e.g., "Find a Doctor for your Needs" (choose, e.g., specialty, zip code, years in practice, gender, language spoken); "Find a Doctor by Name."  Based on at least these prior art portions, there is inherent, implicit, and/or intrinsic disclosure of a computer processor and memory. |
| accessing healthcare provider-verified information about the first healthcare provider, wherein the healthcare provider-verified information is received from the first healthcare provider and comprises three or more from the group consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies; | As addressed below, one or more prior art references disclose accessing healthcare provider-verified information about the first healthcare provider, wherein the healthcare provider-verified information is received from the first healthcare provider[3] and comprises three or more from the group consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies.<br><br>'369 prior art: The '369 prior art in combination with other prior art meets this claim language.  See, e.g., FIG. 2, 7, and accompanying text.  "FIG. 2 is a flowchart illustrating a method for providing information regarding healthcare providers, in accordance with embodiments of the present invention. In step 201, a healthcare provider recommendation is received. In step 202, a healthcare provider entry is stored in the healthcare provider recommendation database 152. This healthcare provider entry is associated with at least one |

[3] With regard to the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, the currently known information does not indicate in some instances where information on providers was obtained, or how it was verified.  Health Grades, for example, did not produce ~~this~~sufficient information in discovery on its prior art, as was required.  We expect further discovery to confirm that some or all of these limitations are met by these prior art references, particularly as Health Grades is interpreting the limitations, and accordingly these references will be asserted to anticipate some or all of these limitations.

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| | healthcare provider recommendation." (page 2, ¶ [0019]).  "In accordance with some embodiments, information regarding the recommended healthcare providers may be reviewed and confirmed to ensure the accuracy of the information. This review may occur prior to making those recommendations available for searching by other users and/or on a periodic basis. The review may cover one or more types of information, such as, e.g., the status of a recommended physician's medical license, the spelling of the healthcare provider's name, the contact information, specialty, type of treatment (adult, pediatric, or both), and hospital affiliation." (pages 2-3, ¶ [0032]).  "Over 20 years of experience providing outstanding and compassionate Family Practice care to individuals and families from underserved populations and multiple cultural groups." (FIG. 7).  Motivation to combine and/or modify the prior art is recognized in at least one or more of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, the '855 prior art, and the '233 prior art as shown with respect to this claim language and in other portions of such prior art references.  A combination and/or modification of the '369 prior art with regard to confirming information regarding a health care provider entry, with one or more of the '855 prior art and the '233 prior art with regard to accepting provider-provided information and verifying accuracy thereof, as a whole, would have been obvious to one of ordinary skill in the art based at least on these motivations. <br><br> HG Report prior art: The HG Report prior art alone or in combination with other prior art meets this claim language.  See, e.g., discovery provided by Health Grades in December 2011, and January, 2012. HG0042038 (official launch of Physician Online Service on May 24, 2004), "This application allows physicians and office administrators to correct, add, or delete information on a physician profile."; print out of Physician Quality Report created 09/15/2004, page 2 (specialty), page 3 (years since graduation), page 8 (languages, gender); Physician Quality Comparison Report created 12/28/2004, page 2 (specialty), page 6 (years since graduation), page 14 (gender); Physician Quality Report created 12/28/2004, page 2 (specialty), page 3 (years since graduation), page 10 (language), page 11 (gender); Physician Quality Report created 06/04/2005, deposition exhibit 13. (MGHG 000016 - 19).  See also Hicks January, 2012 Transcript; Montroy January, 2012 Transcript and Defendants deposition exhibits, and accompanying testimony regarding prior art reports, including but |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| | not limited to exhibits 8 and 13.  Motivation to combine and/or modify the prior art is recognized in at least one or more of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, the '855 prior art, and the '233 prior art as shown with respect to this claim language and in other portions of such prior art references.  A combination and/or modification of the HG Report prior art Physician Quality Report created 09/15/2004, 12/28/2004, or 06/04/2005, or HG Report prior art Physician Quality Comparison Report created 12/28/2004, with regard to physician quality report information, with one or more of the '855 prior art ~~and~~, the '233 prior art, and HG0042038 with regard to accepting provider-provided information and verifying accuracy thereof, as a whole, would have been obvious to one of ordinary skill in the art based at least on these motivations.<br><br>GeoAccess prior art: The GeoAccess prior art in combination with other prior art meets this claim language.  See, e.g., Individualized Provider Database National Database Data Dictionary, page 1 (gender), page 2 (language, specialty).  Motivation to combine and/or modify the prior art is recognized in at least one or more of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, the '855 prior art, and the '233 prior art as shown with respect to this claim language and in other portions of such prior art references.  A combination and/or modification of the GeoAccess prior art database information, with one or more of the '855 prior art and the '233 prior art with regard to accepting provider-provided information and verifying accuracy thereof, as a whole, would have been obvious to one of ordinary skill in the art based at least on these motivations.<br><br>Subimo prior art: The Subimo prior art in combination with other prior art meets this claim language.  See, e.g., page 3, specialties, years since graduation, gender.  "The results of your physician comparison shows details about the physician's hospital affiliations, specialty, education and experience."  Motivation to combine and/or modify the prior art is recognized in at least one or more of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, the '855 prior art, and the '233 prior art as shown with respect to this claim language and in other portions of such prior art references.  A combination and/or modification of the Subimo prior art physican |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| | information, with one or more of the '855 prior art and the '233 prior art with regard to accepting provider-provided information and verifying accuracy thereof, as a whole, would have been obvious to one of ordinary skill in the art based at least on these motivations. |

HealthScope prior art: The HealthScope prior art in combination with other prior art meets this claim language. See, e.g., Doctor Profile, page 1, gender, language spoken, years in practice. Motivation to combine and/or modify the prior art is recognized in at least one or more of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, the '855 prior art, and the '233 prior art as shown with respect to this claim language and in other portions of such prior art references. A combination and/or modification of the HealthScope prior art doctor information, with one or more of the '855 prior art and the '233 prior art with regard to accepting provider-provided information and verifying accuracy thereof, as a whole, would have been obvious to one of ordinary skill in the art based at least on these motivations.

'233 prior art: The '233 prior art in combination with other prior art meets this claim language. See, e.g., "The attorney profile includes: name, address, phone numbers, fax number, states of practice, certifications, publications, honors and awards, memberships, additional language skills, prior legal employment, representative consumers, specific experience, law school information, undergraduate information, other education, areas of practice and any additional information that the attorney wishes to provide. In order to avoid misrepresentation, the attorney's profile information may be verified for accuracy before it is made available to other matching system users. In particular the areas of practice and the location information are used by the matching system to cross reference consumer cases." (page 4, ¶ [0041]).

'855 prior art: The '855 prior art in combination with other prior art meets this claim language. See, e.g., "the present invention is directed to a technique for matching providers of expert services to customers needing such services. Both the providers and the customers subscribe to the service. The providers provide information on their qualifications to a database through a hierarchical menu system and also indicate the times during which they will be available. An employee of the company providing the matching calls the providers to

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| | verify the accuracy of the input data, which are then made available for searching." (col. 4, lines 6-15).[4] |
| compiling, by the at least one computer processor, patient-provided information regarding the first healthcare provider, wherein the patient-provided information comprises patient ratings from one or more past or current patients of the healthcare provider, and wherein the patient ratings are received from an on-line patient experience survey completed on a company Web site by the one or more past or current patients of the first healthcare provider, and wherein the company Web site is managed by the company providing the service for connecting healthcare providers with potential patients; | As addressed below, one or more prior art references disclose compiling, by the at least one computer processor, patient-provided information regarding the first healthcare provider, wherein the patient-provided information comprises patient ratings from one or more past or current patients of the healthcare provider, and wherein the patient ratings are received from an on-line patient experience survey completed on a company Web site by the one or more past or current patients of the first healthcare provider, and wherein the company Web site is managed by the company providing the service for connecting healthcare providers with potential patients.<br><br>'369 prior art: The '369 prior art in combination with other prior art meets this claim language.  See, e.g., FIG. 1, 2, 7, and accompanying text.  "FIG. 1 shows an exemplary healthcare provider recommendation system 100, in accordance with embodiments of the present invention. A web server 150 is coupled to a communications network 140, such as, e.g., the Internet, and to a healthcare provider recommendation database 152. The web server 150 enables healthcare consumers to submit healthcare provider recommendations to be stored in the database 152, and to query the database 152 for previous healthcare provider recommendations submitted by other consumers." (page 2, ¶ [0018]).  "FIG. 3 shows an exemplary Recommendation Entry screen 300 that may be accessed by a user using a conventional browser application. This Recommendation Entry screen 300 may include various fields to be completed by the user to provide information regarding the healthcare provider. In the illustrated embodiment, the screen 300 includes a contact information section 301, a practice information section 302, and a narrative section 303. As can be seen in FIG. 3, the fields entered by the user may utilize various formats, such as, e.g., radio buttons, pull-down menus, and text strings. . . . The narrative section 303 may include a Brief Recommendation field to be used by the recommending user to describe the healthcare provider being recommended. A Share Your Story field may also be provided so that the user may include a narration of the patient's positive experience, . . . ." (page 2, ¶¶ [0020] – |

[4] For all these Health Grades claims, the choices of which of these pieces of claimed information to include about a healthcare provider, and where to get them and verify them, were obvious design choices, as demonstrated by all these prior art references.  See, e.g., the '528 prior art (col. 2, lines 40-44).

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| | [0023]).  "Research supports the fact that consumers choose physicians based on other patients' recommendations." (page 3, ¶ [0039]).  Motivation to combine and/or modify the prior art is recognized in at least one or more of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, the '233 prior art, the '138 prior art, and the RateMDx prior art as shown with respect to this claim language and in other portions of such prior art references.  A combination and/or modification of the '369 prior art with regard to consumer narration of their experience with a healthcare provider, with one or more of the '233 prior art, the '138 prior art, and the RateMDs prior art with regard to having consumers provide ratings, as a whole, would have been obvious to one of ordinary skill in the art based at least on these motivations. <br><br> HG Report prior art: The HG Report prior art alone or in combination with other prior art meets this claim language.  See, e.g., ~~9/15/04 report~~discovery provided by Health Grades in December 2011, and January, 2012, HG209647 (patient survey counts from 2004); Physician Quality Report created 09/15/2004, page 1, "7. Quality Ratings for Area Hospitals.", pages 11-13 (hospital ratings); Hospital Quality Report created 10/19/2004~~.~~; Nursing Home Quality Comparison Report created 12/28/2004, Survey Violations for each facility under "2. State Inspections", Total Violations for each facility under "3. Complaint Investigations"; Physician Quality Comparison Report created 12/28/2004, pages 11-12 (quality ratings of area hospitals); Physician Quality Report create 12/28/2004, pages 11-13 (hospital ratings), "Ratings based upon Medicare patient data from Centers for Medicare and Medicaid for years 2001-2003."; Physician Quality Report created 06/04/2005, (MGHG 000016 - 19).  See also January, 2012 Hicks Transcript; January, 2012 Montroy Transcript and Defendants deposition exhibits, and accompanying testimony regarding prior art reports, including but not limited to exhibits 8 and 13.,Motivation to combine and/or modify the prior art is recognized in at least one or more of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, the '233 prior art, the '138 prior art, and the RateMDs prior art as shown with respect to this claim language and in other portions of such prior art references.  A combination and/or modification of the HG Report prior art ~~physician report~~Physician Quality Report created 09/15/2004 or 12/28/2004, or the Physician Quality Comparison Report created 12/28/2004, with one or more of the '233 prior art, the '138 prior art, ~~and~~ the RateMDs prior art, and HG209647, |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| | with regard to having consumers provide ratings, as a whole, would have been obvious to one of ordinary skill in the art based at least on these motivations.<br><br>GeoAccess prior art: The GeoAccess prior art in combination with other prior art meets this claim language.  See, e.g., GeoAccess Quality Ratings Suite, page 2, "Our quality ratings suite makes it easy for your members to make informed decisions in the provider selection process."; page 4, "Ask about our other offerings withing our Quality Ratings Suite, including Nursing Home, Home Health, Physician Sanction and Physician Satisfaction data."  Motivation to combine and/or modify the prior art is recognized in at least one or more of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, the '233 prior art, the '138 prior art, and the RateMDs prior art as shown with respect to this claim language and in other portions of such prior art references.  A combination and/or modification of the GeoAccess prior art database information, with one or more of the '233 prior art, the '138 prior art, and the RateMDs prior art with regard to having consumers provide ratings, as a whole, would have been obvious to one of ordinary skill in the art based at least on these motivations.<br><br>Subimo prior art: The Subimo prior art in combination with other prior art meets this claim language.  See, e.g., 10/19/2004 web site use, "If knowledge really is power, then we empower healthcare consumers better than anyone.  *Subimo's* technology organizes healthcare, hospital, physician, and pharmaceutical data into easy-to-read, easy-to-understand reports, based on individually selected criteria like quality and success rates.  Our philosophy is simple: a better-informed consumer will make better-informed decisions, keeping success rates high and costs slow simultaneously."  Motivation to combine and/or modify the prior art is recognized in at least one or more of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, the '233 prior art, the '138 prior art, and the RateMDs prior art as shown with respect to this claim language and in other portions of such prior art references.  A combination and/or modification of the Subimo prior art physician information, with one or more of the '233 prior art, the '138 prior art, and the RateMDs prior art with regard to having consumers provide ratings, as a whole, would have been obvious to one of ordinary skill in the art based at least on these motivations. |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| | **HealthScope prior art:** The HealthScope prior art in combination with other prior art meets this claim language. See, e.g., 10/19/2004 web site use, "California Healthcare Quality Ratings", "Health Plan Ratings", "Hospital Ratings", "Medical Group Ratings"; "Hospital Ratings", "Overall Care", "See how the patients rated their hospital overall in meeting the needs of patients. Listen to patients to learn about their hospital experience. High quality hospitals – the doctors, nurses and other staff – involve patients in their care decisions and treat them with dignity. These leading hospitals see that patients are comfortable and get the emotional support they need and that patients gets the right care in a timely way."; see also ratings. Motivation to combine and/or modify the prior art is recognized in at least one or more of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, the '233 prior art, the '138 prior art, and the RateMDs prior art as shown with respect to this claim language and in other portions of such prior art references. A combination and/or modification of the HealthScope prior art with regard to consumer narration of their experience with a healthcare provider, with one or more of the '233 prior art, the '138 prior art, and the RateMDs prior art with regard to having consumers provide ratings, as a whole, would have been obvious to one of ordinary skill in the art based at least on these motivations.<br><br>**'233 prior art:** The '233 prior art in combination with other prior art meets this claim language. See, e.g., "After the consumer has had some experience with the attorney and/or the services have been completed, the consumer can rate the performance of the attorney using the rate an attorney function. This feature allows attorneys to develop a history or professional reputation within the matching system that is available for review by consumers. Consumers can provide feed back regarding the service received using the rate an attorney function. A user can view a listing of attorneys and select a specific attorney name to rate. The matching system asks the user a series of questions related to the rating of the attorney. Like the case posting process, the questions have a listing of preselected answers that the user can click on. The rating questions may include: . . . . The listed answers may be simply yes/no or a range such as: poor, fair, good, very good or excellent. The consumer can also add additional text comments to the reviews so that they not limited to the listed answers." (pages 8-9, ¶¶ [0154]-[0164]). |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| | <u>'138 prior art:</u> The '138 prior art in combination with other prior art meets this claim language.  See, e.g., "The invention provides an Internet web site that allows users to leave comments, ratings and opinions about professionals. The comments will be available for future reference, on that particular professional. People will be able to rate and comment about any sort of professional. A searchable database of all the professions will be the visitors, this data base will not only provide the basic information about the professional but also bring up the previous ratings and comments submitted by different people. The visitors will also be able to add their comments through a manual entry procedure." (page 1, ¶ [0008]).<br><br><u>RateMDs prior art:</u> The RateMDs prior art in combination with other prior art meets this claim language.  See, e.g., 8/23/2011 web site use, "Find and Rate Doctors and Dentists", "Over a million free doctor reviews since 2004", "Browse rated doctors", "Rate doctors"; Ratings of Dr. Francis Devito, ratings of "3 5 5" on "11/24/04", and ratings of "1 1 1" on "12/12/04". |
| compiling information regarding the first healthcare provider verified by an independent third-party source, wherein the information verified by the independent third party source comprises three or more from the group consisting of: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship information; | As addressed below, one or more prior art references disclose compiling information regarding the first healthcare provider verified by an independent third-party source, wherein the information verified by the independent third party source comprises three or more from the group consisting of: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship information.<br><br><u>'369 prior art:</u> The '369 prior art in combination with other prior art meets this claim language.  See, e.g., FIG. 2, 7, and accompanying text.  "FIG. 2 is a flowchart illustrating a method for providing information regarding healthcare providers, in accordance with embodiments of the present invention. In step 201, a healthcare provider recommendation is received. In step 202, a healthcare provider entry is stored in the healthcare provider recommendation database 152. This healthcare provider entry is associated with at least one healthcare provider recommendation." (page 2, ¶ [0019]).  "FIG. 3 shows an exemplary Recommendation Entry screen 300 that may be accessed by a user using a conventional browser application. This Recommendation Entry screen 300 may include various fields to be completed by the user to provide information regarding the healthcare provider." (page 2, |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
|  | ¶ [0020]).  "In accordance with some embodiments, information regarding the recommended healthcare providers may be reviewed and confirmed to ensure the accuracy of the information. This review may occur prior to making those recommendations available for searching by other users and/or on a periodic basis. The review may cover one or more types of information, such as, e.g., the status of a recommended physician's medical license, the spelling of the healthcare provider's name, the contact information, specialty, type of treatment (adult, pediatric, or both), and hospital affiliation." (pages 2-3, ¶ [0032]). Motivation to combine and/or modify the prior art is recognized in at least one or more of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, and the '233 prior art as shown with respect to this claim language and in other portions of such prior art references.  A combination and/or modification of the '369 prior art with regard to consumer provided information and its verification, with at least one of the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, and the '233 prior art with regard to receiving and verifying certification and school/other educational information, as a whole, would have been obvious to one of ordinary skill in the art based at least on these motivations.<br><br>HG Report prior art: The HG Report prior art meets this claim language.  See, e.g., print out of Physician Quality Report created 09/15/2004, page 2 (medical school), page 3 (residency, internship), page 4 (fellowship, licensure), page 5 (board certification), pages 6-7 (disciplinary action); See also discovery provided by Health Grades in December 2011, and January, 2012.  Physician Quality Comparison Report created 12/28/2004, page 2 (medical school), page 3 (internship), page 4 (residency), page 5 (fellowship), page 6 (licensure), page 7 (disciplinary action), page 10 (board certification), see page 1 "Data marked with double asterisk (**) is from Elsevier Inc. and the American Board of Medical Specialties (AMBS)."; Physician Quality Report created 12/28/2004, page 3 (medical school, residency, internship), page 4 (fellowship, licensure), page 5 (board certification), page 6 (disciplinary action), see page 1 "Data marked with double asterisk (**) is from the American Board of Medical Specialties (AMBS)."; Physician Quality Report created 06/04/2005, (MGHG 000016 - 19); see also January, 2012 Hicks and Montroy transcripts; and Defendants deposition exhibits, and accompanying testimony regarding prior art reports, including but not limited to exhibits 8 and 13. |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
|  | GeoAccess prior art: The GeoAccess prior art meets this claim language.  See, e.g., Individualized Provider Database National Database Data Dictionary, page 2 (residency, medical school, ProviderLicense).

Subimo prior art: The Subimo prior art meets this claim language.  See, e.g., page 3, board certified specialties, medical school, residency.  "The results of your physician comparison shows details about the physician's hospital affiliations, specialty, education and experience."

HealthScope prior art: The HealthScope prior art in combination with other prior art meets this claim language.  See, e.g., Doctor Profile, page 1, board certification, medical residency. Motivation to combine and/or modify the prior art is recognized in at least one or more of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, and the '233 prior art as shown with respect to this claim language and in other portions of such prior art references.  A combination and/or modification of the HealthScope prior art physican profile, with at least one of the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the '233 prior art with regard to receiving and verifying certification and school/other educational information, as a whole, would have been obvious to one of ordinary skill in the art based at least on these motivations.

'233 prior art: The '233 prior art in combination with other prior art meets this claim language.  See, e.g., "The attorney profile includes: name, address, phone numbers, fax number, states of practice, certifications, publications, honors and awards, memberships, additional language skills, prior legal employment, representative consumers, specific experience, law school information, undergraduate information, other education, areas of practice and any additional information that the attorney wishes to provide. In order to avoid misrepresentation, the attorney's profile information may be verified for accuracy before it is made available to other matching system users. In particular the areas of practice and the location information are used by the matching system to cross reference consumer cases." (page 4, ¶ [0041]). |
| creating, by the at least one | As addressed below, one or more prior art references disclose creating, by the at least one |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| computer processor, a healthcare provider report on the first healthcare provider using the healthcare provider-verified information, the patient-provided information, and the information verified by the independent third-party source, wherein the healthcare provider report on the first healthcare provider includes comparison ratings of healthcare providers; and | computer processor, a healthcare provider report on the first healthcare provider using the healthcare provider-verified information, the patient-provided information, and the information verified by the independent third-party source, wherein the healthcare provider report on the first healthcare provider includes comparison ratings of healthcare providers. |
| | To the extent Plaintiff asserts that separate web pages accessed at different times (including, *e.g.*, a web page listing physicians satisfying search criteria) meets this claim language, the same separate web pages accessed at different times (including, *e.g.*, a web page listing physicians satisfying search criteria) in the prior art would anticipate this claim language and/or render it obvious.  To the extent Plaintiff asserts that an award, honor, or rating that is based solely on a physician's own patient ratings regardless of any other physician's patient ratings, meets the "comparison ratings of healthcare providers" claim language, the same award, honor, or rating in the prior art would anticipate this claim language and/or render it obvious.  See Plaintiff's infringement contentions ~~and~~dated 07/01/2011, supplemental infringement contentions dated 07/19/2011, discovery responses, and/or proposed claim constructions.  MDx does not agree with numerous of Plaintiff's assertions regarding various claim elements of the '060 Patent. |
| | '369 prior art: The '369 prior art in combination with other prior art meets this claim language.  See, e.g., FIG. 2, 7, and accompanying text.  "FIG. 7 shows an exemplary screen showing the results of a search. These results can be resorted according to various criteria. The information provided in these results may include some or all of the information entered by the recommending user in the Recommendation Entry screen 300." (page 2, ¶ [0031]).  Motivation to combine and/or modify the prior art is recognized in at least one or more of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, the '187 prior art as shown with respect to this claim language and in other portions of such prior art references.  See combinations and/or modifications of the '369 prior art with other prior art, discussed above.  Additionally and/or alternativey, a combination and/or modification of the '369 prior art report to include one or more of the Subimo prior art and the '187 prior art ratings of multiple providers, as a whole, would have been obvious to one of ordinary skill in the art based at least on these motivations. |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|-------|-------------------------------------------------------------------------------|
|       | HG Report prior art: The HG Report prior art alone or in combination with other prior art meets this claim language.  See, e.g., 10/19/2004 web site use, "This report will contain up to 20 physicians that meet your needs and preferences.  Additionally, the report will provide detailed comparison information on each doctor that matched your search criteria."; Nursing Home Quality Comparison Report created 12/28/2004, star rating for each nursing home under "1. HealthGrades' Star Rating", Survey Violations for each facility under "2. State Inspections", Total Violations for each facility under "3. Complaint Investigations"; Physician Quality Comparison Report created 12/28/2004, page 17-18 (comparison summary); Physician Quality Report created 12/28/2004, pages 9-10 (comparison to national data), "This table compares Dr. Joe Thomas Broderson, MD with other physicians by three indicators of quality: experience, certification, and governmental disciplinary actions (sanctions)."; Physician Quality Report created 06/04/2005, (MGHG 000016 - 19).  See also, January, 2012 Hicks and Montroy transcripts; and Defendants deposition exhibits, and accompanying testimony regarding prior art reports, including but not limited to exhibits 8 and 13.  Motivation to combine and/or modify the prior art is recognized in at least one or more of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, the '187 prior art as shown with respect to this claim language and in other portions of such prior art references.  See combinations and/or modifications of the HG Report prior art with other prior art, discussed above.  Additionally and/or alternatively, a combination and/or modification of the HG Report prior art ~~report~~Physician Quality Report created 09/14/2004, 12/28/2004, or 06/04/2005, or the HG Report prior art Physician Quality Comparison Report created 12/28/2004, to include one or more of the Subimo prior art and the '187 prior art ratings of multiple providers, as a whole, would have been obvious to one of ordinary skill in the art based at least on these motivations. <br><br> GeoAccess prior art: The GeoAccess prior art in combination with other prior art meets this claim language.  See, e.g., 10/19/2004 web site use, ProviderLookup Online, page 2, "Your plan members can search for providers close to their home or work.  They may specify desired characteristics-such as specialty and gender-as well as look up a specific provider by name."  Page 4, "Display the provider's name, desgree, specialty, address, phone, hospital privileges and any other information in your data that would educate members about |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| | providers." Motivation to combine and/or modify the prior art is recognized in at least one or more of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, the '187 prior art as shown with respect to this claim language and in other portions of such prior art references. See combinations and/or modifications of the GeoAccess prior art with other prior art, discussed above. Additionally and/or alternatively, a combination and/or modification of the HG Report prior art report to include one or more of the Subimo prior art and the '187 prior art ratings of multiple providers, as a whole, would have been obvious to one of ordinary skill in the art based at least on these motivations.<br><br>Subimo prior art: The Subimo prior art in combination with other prior art meets this claim language. See, e.g., page 2, "The search returns a list of physicians based on their ZIP codes, and their proximity to your own. Next you select up to three physicans to compare in detail." Page 3, "The results of your physician comparison shows details about the physician's hospital affiliations, specialty, education and experience."; "Physician Profile Here is detailed information for the physicians you selected. Click on a factor name for more detail." Motivation to combine and/or modify the prior art is recognized in at least one or more of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, the '187 prior art as shown with respect to this claim language and in other portions of such prior art references. See combinations and/or modifications of the GeoAccess prior art with other prior art, discussed above.<br><br>HealthScope prior art: The HealthScope prior art in combination with other prior art meets this claim language. See, e.g., "Doctor Profile", pages 1-2. Motivation to combine and/or modify the prior art is recognized in at least one or more of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, the '187 prior art as shown with respect to this claim language and in other portions of such prior art references. See combinations and/or modifications of the HealthScope prior art with other prior art, discussed above. Additionally and/or alternatively, a combination and/or modification of the HealthScope prior art report to include one or more of the Subimo prior art and the '187 prior art ratings of multiple providers, as a whole, would have been obvious to one of ordinary skill in the art based at least on these motivations. |

17

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| | **'187 prior art:** The '187 prior art in combination with other prior art meets this claim language.  See, e.g., FIG. 5 and accompanying text.  "Referring to FIG. 5, in one embodiment, the system 10 is configured and arranged to provide final facility scores or performance ratings and rankings and other performance related data and information for one or more facilities that the system 10 'matches' to the criteria identified in one or more user queries or formatted search requests. FIG. 5 shows a representative example of a screen shot of an HTML document or a WWW document, e.g., a web page written in HTML, the system 10 provides to the user computer according to the method 300 of the invention. The screen shot displays the final facility scores or performance ratings and rankings of a set of six nursing homes the system 10 retrieved in response to a request for information related to nursing homes within a certain state, e.g., Massachusetts, and a certain county, e.g., Norfolk, as indicated in the search request shown in FIG. 4A." (page 10, ¶ [0083]).  "The performance ratings and rankings displayed in FIG. 5 are represented by 'Historical' and 'Current' ratings and rankings. The third column of the screen shot displays the 'Historical' performance ratings and comparative 'Historical' rankings of the six nursing homes. The 'Historical' rating of each facility, as created according to stages 250 and 260 of the method 100 described above, is expressed by an alphabetical rating system, e.g., AAA, AA, A, B, C, D, wherein AAA represents a highest rating. The comparative 'Historical' ranking of each facility, as determined according to stage 270 of the method 100, is represented by a numerical rank or position of the facility within the total population of facilities in a given area, e.g., Norfolk County, Massachusetts, wherein the higher the rank, the better the performance of a facility in comparison to all facilities in the given area. The fourth column shown in FIG. 5 displays the 'Current' performance ratings and rankings of the six facilities wherein the 'Current' rating and ranking reflects the most recent performance data and rating and rank as determined by the method 100 of the invention. For example, the screen shot indicates that the nursing home named 'Clark House' has a 'Historical' rating of 'A' and a 'Current' rating of 'AAA', a 'Historical' rank of '192 out of 510 providers' and a 'Current' rank of 'Best out of 510 providers', suggesting that this facility's performance in providing nursing care received a relatively high rating and ranking in comparison to other similar facilities located in Norfolk County, Massachusetts." (page 10, ¶ [0084]). |
| providing access to the | As addressed below, one or more prior art references disclose providing access to the |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| healthcare provider report on the first healthcare provider over a computer network. | healthcare provider report on the first healthcare provider over a computer network.<br><br>'369 prior art: The '369 prior art meets this claim language.  See, e.g., FIG. 1 and accompanying text.  "FIG. 1 shows an exemplary healthcare provider recommendation system 100, in accordance with embodiments of the present invention. A web server 150 is coupled to a communications network 140, such as, e.g., the Internet, and to a healthcare provider recommendation database 152. The web server 150 enables healthcare consumers to submit healthcare provider recommendations to be stored in the database 152, and to query the database 152 for previous healthcare provider recommendations submitted by other consumers." (page 2, ¶ [0018]).  "This database may be provided and maintained by a central server and accessed by users over the world wide web using a conventional browser application." (Abstract).<br><br><u>HG Report prior art:</u> The HG Report prior art meets this claim language.  See, e.g., web site use from 2004.  See Hicks and Montroy January, 2012 transcripts; Defendants deposition exhibits and accompanying text regarding prior art reports.<br><br><u>GeoAccess prior art:</u> The GeoAccess prior art meets this claim language.  See, e.g., page 2, "With GeoAccess' ProviderLookup Online service, individuals can loop up information about convenient providers from your Internet site-24 hours a day, 7 days a week."  Page 3, "ProviderLookup Online runs on Internet servers in GeoAccess' Internet Operations Center . . . ."<br><br><u>Subimo prior art:</u> The Subimo prior art meets this claim language.  See, e.g., web site use from 2004.<br><br><u>HealthScope prior art:</u> The HealthScope prior art meets this claim language.  See, e.g., web site use from 2004. |
| 4.   The method as defined in claim 1, wherein the healthcare provider report includes a hyperlink to an affiliated hospital, medical center, or other type | As addressed below, one or more prior art references disclose the method as defined in claim 1, wherein the healthcare provider report includes a hyperlink to an affiliated hospital, medical center, or other type of treatment center. |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| of treatment center. | To the extent Plaintiff asserts that a hyperlink to another web page of the same web site providing the healthcare provider report meets this claim language, the same hyperlink in the prior art would anticipate this claim language and/or render it obvious.  See Plaintiff's infringement contentions ~~and~~dated 07/01/2011, supplemental infringement contentions dated 07/19/2011, discovery responses, and/or proposed claim constructions.  MDx does not agree with numerous of Plaintiff's assertions regarding various claim elements of the '060 Patent.<br><br>'369 prior art: The '369 prior art in combination with other prior art meets this claim language.  See, e.g., FIG. 7, and accompanying text.  "Hospital Affiliation: General Hospital", "Visit other resources on the web for more information" (FIG. 7).  Motivation to combine and/or modify the prior art is recognized in at least one or more of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, the '187 prior art, and the '233 prior art as shown with respect to this claim language and in other portions of such prior art references, as well as common knowledge in the art with regard to hyperlinks.  See Montroy January, 2012 transcript.  A combination and/or modification of the '369 prior art with regard to hospital affiliation and visiting other resources on the web, with one or more of the GeoAccess prior art, the Subimo prior art, the '187 prior art, the '233 prior art, and common knowledge in the art with regard to providing a link to service provider's web site or information page, as a whole, would have been obvious to one of ordinary skill in the art based at least on these motivations.<br><br>HG Report prior art: The HG Report prior art alone or in combination with other prior art meets this claim language.  See, e.g., Physician Quality Report created 09/15/2004, pages 11-14, hospital ratings and directory of area hospitals; discovery provided by Health Grades in December 2011, and January, 2012.  Physician Quality Report created 12/28/2004, pages 11-14, ratings of area hospitals and directory of area hospitals; Physician Quality Comparison Report created 12/28/2004, pages 11-14, ratings of area hospitals; Physician Quality Report created 06/04/2005, (MGHG 000016 - 19).  See also January, 2012 Hicks Transcript; January, 2012 Montroy Transcript.  Motivation to combine and/or modify the prior art is recognized in at least one or more of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, the '187 prior art, |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| | and the '233 prior art as shown with respect to this claim language and in other portions of such prior art references, as well as common knowledge in the art with regard to hyperlinks. A combination and/or modification of the HG Report prior art directory of area hospitals, with one or more of the GeoAccess prior art, the Subimo prior art, the '187 prior art, the '233 prior art, and common knowledge in the art with regard to providing a link to service provider's web site or information page, as a whole, would have been obvious to one of ordinary skill in the art based at least on these motivations.<br><br>GeoAccess prior art: The GeoAccess prior art meets this claim language. See, e.g., page 4, "Customize the service to support your enrollment requirements by providing a link to the proivder's group practice or IPA information."<br><br>Subimo prior art: The Subimo prior art meets this claim language. See, e.g., page 3, "The next step is to examine in more detail, the hospital from which the physician you are interested in practices." Page 4, "The details of your selected physician's hospital affiliation offers important information about the hospital's track record in a number of critical areas. If you are still uncertain as to which choice to make, you may from this page elect to research this physican's hospital affiliation further, or go back to compare more physicians."<br><br>HealthScope prior art: The HealthScope prior art in combination with other prior art meets this claim language. See, e.g., Doctor profile, page 1, "Affiliations: Health Plans, Hospitals, Managed Care Organizations."; page 2, "Hospitals". Motivation to combine and/or modify the prior art is recognized in at least one or more of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, the '187 prior art, and the '233 prior art as shown with respect to this claim language and in other portions of such prior art references, as well as common knowledge in the art with regard to hyperlinks. A combination and/or modification of the HealthScope prior art with regard to hospital affiliations, with one or more of the GeoAccess prior art, the Subimo prior art, the '187 prior art, the '233 prior art, and common knowledge in the art with regard to providing a link to service provider's web site or information page, as a whole, would have been obvious to one of ordinary skill in the art based at least on these motivations. |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| | '233 prior art: The '233 prior art in combination with other prior art meets this claim language.  See, e.g., "Because the process of matching service providers with consumers is complex, various products have been developed to assist in matching consumers and service providers. . . . With the development of the internet, many of these professional service directories are now available on web sites which allow consumers to browse through electronic web pages rather than directory pages. Although these web sites provide a more easily accessible source of information, they typically only provide basic information about the service providers such as phone numbers, street addresses, links to the service provider's web site and in some cases a means of communication between the service provider and consumer." (page 1, ¶ [0003]).<br><br>'187 prior art: The '187 prior art in combination with other prior art meets this claim language.  See, e.g., FIG. 5 and accompanying text.  "Other information about a facility can be displayed by the screen shot of FIG. 5 including, but not limited to, the likelihood of an available bed at the facility, displayed, for example, as the 'Bed Availability Indicator', the 'Total Number of Beds' at the facility, the number of miles the facility is located from a given zip code, displayed as 'Miles from Zip Code', and an icon or link designated 'Community Reviews' to connect to other HTML documents and/or web pages or web sites that provide community reviews of the associated facility." (page 10, ¶ [0085]). |
| 5.   The method as defined in claim 1, wherein the access to the healthcare provider report is obtained through a predetermined Web page that provides search capabilities for a database comprised of healthcare provider information. | As addressed below, one or more prior art references disclose the method as defined in claim 1, wherein the access to the healthcare provider report is obtained through a predetermined Web page that provides search capabilities for a database comprised of healthcare provider information.<br><br>'369 prior art: The '369 prior art meets this claim language.  See, e.g., FIG. 2, 4-6, and accompanying text.  "This database may be provided and maintained by a central server and accessed by users over the world wide web using a conventional browser application." (Abstract).  "FIG. 4 shows an exemplary Location Search screen 400 that enables the user to search for a healthcare provider by various location criteria, such as city or proximity to a zip code. The screen 400 may further allow a user to narrow the location search for healthcare providers based on the practice information provided in the practice information section 302, shown in FIG. 3." (page 2, ¶ [0026]).  "Alternative methods of querying for |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| | healthcare provider recommendations may also be provided. FIG. 5 shows an exemplary Name Search screen 500, which would allow users to query the database 152 for a particular physician's name to determine whether any recommendations for that physician have been posted." (page 2, ¶ [0027]).  "FIG. 6 shows an exemplary Condition/Specialty screen 600, which enables a user to query the database 152 based on whether the healthcare provider's practice is adult or pediatric, by medical condition, and/or by the physician's specialty." (page 2, ¶ [0028]). <br><br> HG Report prior art: The HG Report prior art meets this claim language.  See, e.g., 10/19/2004 website use of "Your Search Results" web page, "This report will contain up to 20 physicians that meet your needs and preferences.  Additionally, the report will provide detailed comparison information on each doctor that matched your search criteria."; discovery provided by Health Grades in December 2011, and January, 2012.  Physician Comparison Quality Report created 12/28/2004, page 1, "This report was generated based on your preferences as follows: Psychiatry located in Lexington, Kentucky within approximately 10 miles.  Physicians FREE from disciplinary actions. . . . Physicians that are board certified.  Does not matter what gender the physicians are.  Does not matter how many years since the physicians have been out of medical school."  See also, January, 2012 Hicks Transcript; January, 2012 Montroy Transcript and Defendants deposition exhibits, and accompanying testimony regarding prior art reports, including but not limited to exhibits 8 and 13. <br><br> GeoAccess prior art: The GeoAccess prior art meets this claim language.  See, e.g., ProviderLookup Online, page 2, "Your plan members can search for providers close to their home or work.  They may specify desired characteristics-such as specialty and gender-~~aswell~~as well as look up a specific provider by name."  Page 4, "Criteria selections – such as specialty, gender, language and hospital admitting privileges – enable individuals to find the providers that best suit their needs."; "Up to 100 of the closest providers are returned for a single search."; "Display the provider's name, desgree, specialty, address, phone, hospital privileges and any other information in your data that would educate members about providers." |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| | Subimo prior art: The Subimo prior art meets this claim language.  See, e.g., Physician Selection Advisor, page 1, "The first step in selecting a physician is to choose a search method.  You have the choice of a quick search where you search for a specific physician by name, or a more detailed search.  For purposes of this illustration we have chosen to search by ZIP code to find a physician near us."<br><br>HealthScope prior art: The HealthScope prior art meets this claim language.  See, e.g., "Find a Doctor for your Needs" (choose, e.g., specialty, zip code, years in practice, gender, language spoken); "Find a Doctor by Name." |
| 6.   The method as defined in claim 5, wherein the search capabilities permit a search based on one or more from the group consisting of: name, medical specialty, gender, state, city, procedure, diagnosis, procedure and location criteria. | As addressed below, one or more prior art references disclose the method as defined in claim 5, wherein the search capabilities permit a search based on one or more from the group consisting of: name, medical specialty, gender, state, city, procedure, diagnosis, procedure and location criteria.<br><br>'369 prior art: The '369 prior art meets this claim language.  See, e.g., basis for claim 5.<br><br>HG Report prior art: The HG Report prior art meets this claim language.  See, e.g., basis for claim 5.<br><br>GeoAccess prior art: The GeoAccess prior art meets this claim language.  See, e.g., basis for claim 5.<br><br>Subimo prior art: The Subimo prior art meets this claim language.  See, e.g., basis for claim 5.<br><br>HealthScope prior art: The HealthScope prior art meets this claim language.  See, e.g., basis for claim 5. |
| 7.   The method as defined in claim 6, wherein the search of the database produces a results list of one or more healthcare providers satisfying the research criteria, wherein the results list | As addressed below, one or more prior art references disclose the method as defined in claim 6, wherein the search of the database produces a results list of one or more healthcare providers satisfying the research criteria, wherein the results list includes the first healthcare provider. |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| includes the first healthcare provider. | '369 prior art: The '369 prior art meets this claim language.  See, e.g., FIG. 2, 7, and accompanying text.  "In step 203, a query for an healthcare provider is received. In step 204, a query response is provided. This query response lists one or more healthcare providers satisfying the query criteria and includes only those healthcare providers that have previously received recommendations from other users." (page 2, ¶ [0019]).  "FIG. 7 shows an exemplary screen showing the results of a search. These results can be resorted according to various criteria. The information provided in these results may include some or all of the information entered by the recommending user in the Recommendation Entry screen 300." (page 2, ¶ [0031]).<br><br>HG Report prior art: The HG Report prior art meets this claim language.  See, e.g., basis for claim 5.<br><br>GeoAccess prior art: The GeoAccess prior art meets this claim language.  See, e.g., basis for claim 5.<br><br>Subimo prior art: The Subimo prior art meets this claim language.  See, e.g., page 2, "The search returns a list of physicians based on their ZIP codes, and their proximity to your own. Next you select up to three physicians to compare in detail."  See also, basis for claim 5.<br><br>HealthScope prior art: The HealthScope prior art meets this claim language.  See, e.g., "Find a Doctor for your Needs" (choose, e.g., specialty, zip code, years in practice, gender, language spoken).  Based on at least these prior art portions, there is inherent, implicit, and/or intrinsic disclosure for a results list of one or more healthcare providers satisfying the research criteria. |
| 8.   The method as defined in claim 7, wherein the results list further includes an advertisement for the first healthcare provider with a hyperlink to information on the first healthcare provider. | As addressed below, one or more prior art references disclose the method as defined in claim 7, wherein the results list further includes an advertisement for the first healthcare provider with a hyperlink to information on the first healthcare provider.<br><br>To the extent Plaintiff asserts that an advertisement separate from a numbered results list meets this claim language, the same advertisement separate from a numbered results list in the prior art would anticipate this claim language and/or render it obvious. See Plaintiff's |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| | infringement contentions ~~and~~dated 07/01/2011, supplemental infringement contentions dated 07/19/2011, discovery responses, and/or proposed claim constructions.  MDx does not agree with numerous of Plaintiff's assertions regarding various claim elements of the '060 Patent. |

'369 prior art: The '369 prior art in combination with other prior art meets this claim language.  See, e.g., FIG. 2, 7, and accompanying text.  "In step 203, a query for a healthcare provider is received. In step 204, a query response is provided. This query response lists one or more healthcare providers satisfying the query criteria and includes only those healthcare providers that have previously received recommendations from other users." (page 2, ¶ [0019]).  "FIG. 7 shows an exemplary screen showing the results of a search. These results can be resorted according to various criteria. The information provided in these results may include some or all of the information entered by the recommending user in the Recommendation Entry screen 300." (page 2, ¶ [0031]).  Motivation to combine and/or modify the prior art is recognized in at least one or more of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, and the '138 prior art as shown with respect to this claim language and in other portions of such prior art references.  A combination and/or modification of the '369 prior art with regard to a results list, with the '138 prior art with regard to display advertisements in searches, as a whole, would have been obvious to one of ordinary skill in the art based at least on these motivations.

HG Report prior art: The HG Report prior art in combination with other prior art meets this claim language.  See, e.g., 10/19/2004 use of "Your Search Results" web page.  "This report will contain up to 20 physicians that meet your needs and preferences.  Additionally, the report will provide detailed comparison information on each doctor that matched your search criteria."  Advertisement on right side: "Are you a physician? Review your profile and get a complimentary report."  Motivation to combine and/or modify the prior art is recognized in at least one or more of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, and the '138 prior art as shown with respect to this claim language and in other portions of such prior art references.  A combination and/or modification of the HG Report prior art with regard to a

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| | results list, with the '138 prior art with regard to display advertisements in searches, as a whole, would have been obvious to one of ordinary skill in the art based at least on these motivations.<br><br>GeoAccess prior art: The GeoAccess prior art in combination with other prior art meets this claim language.  See, e.g., See, e.g., page 2, "Your plan members can search for providers close to their home or work.  They may specify desired characteristics-such as specialty and gender-aswell as look up a specific provider by name."  Page 4, "Criteria selections – such as specialty, gender, language and hospital admitting privileges – enable individuals to find the providers that best suit their needs.";  "Up to 100 of the closest providers are returned for a single search.";  "Display the provider's name, desgree, specialty, address, phone, hospital privileges and any other information in your data that would educate members about providers."  Motivation to combine and/or modify the prior art is recognized in at least one or more of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, and the '138 prior art as shown with respect to this claim language and in other portions of such prior art references.  A combination and/or modification of the GeoAccess prior art with regard to a results list, with the '138 prior art with regard to display advertisements in searches, as a whole, would have been obvious to one of ordinary skill in the art based at least on these motivations.<br><br>Subimo prior art: The Subimo prior art in combination with other prior art meets this claim language.  See, e.g., page 2, "The search returns a list of physicians based on their ZIP codes, and their proximity to your own.  Next you select up to three physicians to compare in detail."  Motivation to combine and/or modify the prior art is recognized in at least one or more of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, and the '138 prior art as shown with respect to this claim language and in other portions of such prior art references.  A combination and/or modification of the Subimo prior art with regard to a results list, with the '138 prior art with regard to display advertisements in searches, as a whole, would have been obvious to one of ordinary skill in the art based at least on these motivations.<br><br>HealthScope prior art: The HealthScope prior art in combination with other prior art meets |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| | this claim language.  See, e.g., "Find a Doctor for your Needs" (choose, e.g., specialty, zip code, years in practice, gender, language spoken).  Based on at least these prior art portions, there is inherent, implicit, and/or intrinsic disclosure for a results list of one or more healthcare providers satisfying the research criteria.  Motivation to combine and/or modify the prior art is recognized in at least one or more of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, and the '138 prior art as shown with respect to this claim language and in other portions of such prior art references.  A combination and/or modification of the HealthScope prior art with regard to a results list, with the '138 prior art with regard to display advertisements in searches, as a whole, would have been obvious to one of ordinary skill in the art based at least on these motivations.<br><br>'138 prior art: The '138 prior art in combination with other prior art meets this claim language.  See, e.g., "The process by which users bid on an opportunity to place an advertisement is shown in FIG. 7. When a user selects the bidding option (step 700), the user enters their first and last name or in case of business the company name (step 710). The user then enters the profession (step 720), the complete address including postal or zip code (step 740), their telephone number, cell number and the fax number (step 750), and a valid email address (step 760). The user then selects the time period (preferably a month) month for which the advertisement will run (step 765), the amount of the bid (step 770) and the type of advertisement for the bid (step 775). In a preferred embodiment, there are four main types of advertisements to bid on: banner advertisements, text advertisements, box (i.e. full page) advertisements, and any of the preceding types of advertisements." (page 5, ¶ [0046]). "At the end of each month the highest bidder will 'win' the auction, and the user's advertisements will be displayed during searches and on the web site. Furthermore, it is possible to provide advertisements based on search terms, for example so that a law firm's advertisements will be displayed when a user is searching for a law firm. Searches can also be based on geographical inputs, so for instance, a law firm in a particular city will have its advertisements displayed only when a user is searching for a law firm in that particular city." (page 5, ¶ [0047]). |
| 9.   The method as defined in claim 7, further comprising: | As addressed below, one or more prior art references disclose the method as defined in claim 7, further comprising determining from the results list whether a particular healthcare |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| determining from the results list whether a particular healthcare provider is a member of the company managing the Web site; and | provider is a member of the company managing the Web site.<br><br>To the extent Plaintiff asserts that membership with a website providing healthcare provider information meets this claim language, the same membership with a website providing healthcare provider information in the prior art would anticipate this claim language and/or render it obvious.  To the extent Plaintiff asserts that an advertisement separate from a numbered results list meets this claim language, the same advertisement separate from a numbered results list in the prior art would anticipate this claim language and/or render it obvious.  See Plaintiff's infringement contentions ~~and~~dated 07/01/2011, supplemental infringement contentions dated 07/19/2011, discovery responses, and/or proposed claim constructions.  MDx does not agree with numerous of Plaintiff's assertions regarding various claim elements of the '060 Patent.<br><br>'369 prior art: The '369 prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 8.  Based on at least these prior art portions, there is inherent, implicit, and/or intrinsic disclosure for determining whether a particular healthcare provider in a results list is a member of the website.<br><br>HG Report prior art: The HG Report prior ~~art~~ art in combination with other prior art meets this claim language.  See, e.g., basis for claim 8.  Based on at least these prior art portions, there is inherent, implicit, and/or intrinsic disclosure for determining whether a particular healthcare provider in a results list is a member of the website.  See Montroy January, 2012 deposition.<br><br>GeoAccess prior art: The GeoAccess prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 8.  Based on at least these prior art portions, there is inherent, implicit, and/or intrinsic disclosure for determining whether a particular healthcare provider in a results list is a member of the website.<br><br>Subimo prior art: The Subimo prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 8.  Based on at least these prior art portions, there is inherent, implicit, and/or intrinsic disclosure for determining whether a particular |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| | healthcare provider in a results list is a member of the website. |
| | HealthScope prior art: The HealthScope prior art art in combination with other prior art meets this claim language.  See, e.g., basis for claim 8.  Based on at least these prior art portions, there is inherent, implicit, explicit and/or intrinsic disclosure for determining whether a particular healthcare provider in a results list is a member of the website. |
| if the particular healthcare provider is a member of the company managing the Web site, providing enhanced services for the member healthcare provider on the Web site. | As addressed below, one or more prior art references disclose: if the particular healthcare provider is a member of the company managing the Web site, providing enhanced services for the member healthcare provider on the Web site.  To the extent Plaintiff asserts that membership with a website providing healthcare provider information meets this claim language, the same membership with a website providing healthcare provider information in the prior art would anticipate this claim language and/or render it obvious.  To the extent Plaintiff asserts that an advertisement separate from a numbered results list meets this claim language, the same advertisement separate from a numbered results list in the prior art would anticipate this claim language and/or render it obvious.  See Plaintiff's infringement contentions ~~and~~dated 07/01/2011, supplemental infringement contentions dated 07/19/2011, discovery responses, and/or proposed claim constructions.  MDx does not agree with numerous of Plaintiff's assertions regarding various claim elements of the '060 Patent.  '369 prior art: The '369 prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 8.  HG Report prior art: The HG Report prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 8.  GeoAccess prior art: The GeoAccess prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 8.  Subimo prior art: The Subimo prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 8. |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| | HealthScope prior art: The HealthScope prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 8. |
| 11.   The method as defined in claim 9, wherein the enhanced services comprise favorable positioning in the results list. | As addressed below, one or more prior art references disclose the method as defined in claim 9, wherein the enhanced services comprise favorable positioning in the results list.<br><br>To the extent Plaintiff asserts that an advertisement separate from a numbered results list meets this claim language, the same advertisement separate from a numbered results list in the prior art would anticipate this claim language and/or render it obvious.  See Plaintiff's infringement contentions ~~and~~dated 07/01/2011, supplemental infringement contentions, dated 07/19/2011, discovery responses, and/or proposed claim constructions.  MDx does not agree with numerous of Plaintiff's assertions regarding various claim elements of the '060 Patent.<br><br>'369 prior art: The '369 prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 8.  Alternatively, motivation to combine and/or modify the prior art is recognized in at least one or more of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, and the '233 prior art as shown with respect to this claim language and in other portions of such prior art references.  A combination and/or modification of the '369 prior art with regard to a results list, with the '233 prior art with regard to controlling the order of the results list, as a whole, would have been obvious to one of ordinary skill in the art based at least on these motivations.<br><br>HG Report prior art: The HG Report prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 8.  Alternatively, motivation to combine and/or modify the prior art is recognized in at least one or more of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, and the '233 prior art as shown with respect to this claim language and in other portions of such prior art references.  A combination and/or modification of the HG Report prior art with regard to a results list, with the '233 prior art with regard to controlling the order of the results list, as a whole, would have been obvious to one of ordinary skill in the art based at |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| | least on these motivations.<br><br>GeoAccess prior art: The GeoAccess prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 8.  Alternatively, motivation to combine and/or modify the prior art is recognized in at least one or more of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, and the '233 prior art as shown with respect to this claim language and in other portions of such prior art references.  A combination and/or modification of the GeoAccess prior art with regard to a results list, with the '233 prior art with regard to controlling the order of the results list, as a whole, would have been obvious to one of ordinary skill in the art based at least on these motivations.<br><br>Subimo prior art: The Subimo prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 8.  Alternatively, motivation to combine and/or modify the prior art is recognized in at least one or more of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, and the '233 prior art as shown with respect to this claim language and in other portions of such prior art references.  A combination and/or modification of the Subimo prior art with regard to a results list, with the '233 prior art with regard to controlling the order of the results list, as a whole, would have been obvious to one of ordinary skill in the art based at least on these motivations.<br><br>HealthScope prior art: The HealthScope prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 8.  Alternatively, motivation to combine and/or modify the prior art is recognized in at least one or more of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, and the '233 prior art as shown with respect to this claim language and in other portions of such prior art references.  A combination and/or modification of the HealthScope prior art with regard to a results list, with the '233 prior art with regard to controlling the order of the results list, as a whole, would have been obvious to one of ordinary skill in the art based at least on these motivations. |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
|  | '233 prior art: The '233 prior art in combination with other prior art meets this claim language.  See, e.g., "The consumer can review all service provider responses through the consumer home page. The consumer can also obtain additional information about the service provider such as: education, experience, associations, office location, special offers and rating information through the consumer homepage. The rating information includes ratings and assessments of the service provider's work from consumers. Based upon the information provided by the matching system, consumers can make an informed decision in selecting a service provider. The accessibility to information about the service providers makes the matching system much more informative than service provider listing systems. In an embodiment, the matching system can control the order and posting of responses by service providers on the consumer home page. This allows the matching system to give priority to select service providers which can result in obtaining more cases." (page 2, ¶ [0013]). |
| 14.   The method as defined in claim 1, wherein the first healthcare provider is a physician. | As addressed below, one or more prior art references disclose the method as defined in claim 1, wherein the first healthcare provider is a physician.<br><br>'369 prior art: The '369 prior art meets this claim language.  See, e.g., FIG. 3-7 and accompanying text.  "Search by Doctor's Name" (FIG. 5).<br><br>HG Report prior art: The HG Report prior art meets this claim language.  See, e.g., Physician Quality Report created 09/15/2004, 12/28/2004, or 06/04/2005; Physician Comparison Quality Report created 12/28/2004.  See Hicks and Montroy January, 2012 transcripts; Defendants deposition exhibits and accompanying text regarding prior art reports.<br><br>GeoAccess prior art: The GeoAccess prior art meets this claim language.  See, e.g., Individualized Provider Database National Database Data Dictionary, page 2 (residency, medical school, ProviderLicense, ProviderSpecialty); ProviderLookup Online, page 4, "Display the provider's name, degree, specialty, address, phone, hospital privileges, and any other information in your data that would educate members about providers".  Based on at least these prior art portions, there is inherent, implicit, and/or intrinsic disclosure that the provider is a physician. |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
|  | <u>Subimo prior art:</u> The Subimo prior art meets this claim language.  See, e.g., all pages, "Physician Selection Advisor Product Demo".<br><br><u>HealthScope prior art:</u> The HealthScope prior art meets this claim language.  See, e.g., "Find a Doctor for your Needs" (choose, e.g., specialty, zip code, years in practice, gender, language spoken). |
| 15.   An on-line information system for connecting healthcare providers with potential patients, the system comprising | As addressed below, one or more prior art references disclose an on-line information system for connecting healthcare providers with potential patients.<br><br><u>'369 prior art:</u> The '369 prior art meets this claim language.  See, e.g., basis for claim 1.<br><br><u>HG Report prior art:</u> The HG Report prior art meets this claim language.  See, e.g., basis for claim 1.<br><br><u>GeoAccess prior art:</u> The GeoAccess prior art meets this claim language.  See, e.g., basis for claim 1.<br><br><u>Subimo prior art:</u> The Subimo prior art meets this claim language.  See, e.g., basis for claim 1.<br><br><u>HealthScope prior art:</u> The HealthScope prior art meets this claim language.  See, e.g., basis for claim 1. |
| at least one computer processor; and | As addressed below, one or more prior art references disclose at least one computer processor.<br><br><u>'369 prior art:</u> The '369 prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 1.<br><br><u>HG Report prior art:</u> The HG Report prior art meets this claim language.<br><br><u>GeoAccess prior art:</u> The GeoAccess prior art meets this claim language. |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
|  | <u>Subimo prior art:</u> The Subimo prior art meets this claim language.  See, e.g., basis for claim 1.<br><br><u>HealthScope prior art:</u> The HealthScope prior art meets this claim language.  See, e.g., basis for claim 1. |
| memory coupled with and readable by the at least one computer processor and comprising a series of instructions that, when executed by the at least one computer processor, cause the at least one computer processor to: | As addressed below, one or more prior art references disclose memory coupled with and readable by the at least one computer processor and comprising a series of instructions that, when executed by the at least one computer processor, cause the at least one computer processor to perform method steps.<br><br><u>'369 prior art:</u> The '369 prior art meets this claim language.  See, e.g., basis for claim 1.<br><br><u>HG Report prior art:</u> The HG Report prior art meets this claim language.  See, e.g., basis for claim 1.<br><br><u>GeoAccess prior art:</u> The GeoAccess prior art meets this claim language.  See, e.g., basis for claim 1.<br><br><u>Subimo prior art:</u> The Subimo prior art meets this claim language.  See, e.g., basis for claim 1.<br><br><u>HealthScope prior art:</u> The HealthScope prior art meets this claim language.  See, e.g., basis for claim 1. |
| receive a request for information regarding a first healthcare provider; | As addressed below, one or more prior art references disclose receiving a request for information regarding a first healthcare provider.<br><br>To the extent Plaintiff asserts that a search for physicians using search criteria other than a<u>criteria identifying a specific</u> physician ~~name~~ meets this claim language, the same search for physicians using search criteria other than a<u>criteria identifying a specific</u> physician ~~name~~ in the prior art would anticipate this claim language and/or render it obvious.  See Plaintiff's infringement contentions ~~and~~<u>dated 07/01/2011,</u> supplemental infringement contentions |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| | dated 07/19/2011, discovery responses, and/or proposed claim constructions. MDx does not agree with numerous of Plaintiff's assertions regarding various claim elements of the '060 Patent.<br><br>'369 prior art: The '369 prior art meets this claim language.  See, e.g., basis for claim 1.<br><br>HG Report prior art: The HG Report prior art meets this claim language.  See, e.g., basis for claim 1.<br><br>GeoAccess prior art: The GeoAccess prior art meets this claim language.  See, e.g., basis for claim 1.<br><br>Subimo prior art: The Subimo prior art meets this claim language.  See, e.g., basis for claim 1.<br><br>HealthScope prior art: The HealthScope prior art meets this claim language.  See, e.g., basis for claim 1. |
| access healthcare provider-verified information about the first healthcare provider, wherein the healthcare provider-verified information is received from the first healthcare provider and comprises three or more from the group consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies; | As addressed below, one or more prior art references disclose accessing healthcare provider-verified information about the first healthcare provider, wherein the healthcare provider-verified information is received from the first healthcare provider and comprises three or more from the group consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies.<br><br>'369 prior art: The '369 prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 1.<br><br>HG Report prior art: The HG Report prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 1.<br><br>GeoAccess prior art: The GeoAccess prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 1. |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| | **Subimo prior art:** The Subimo prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 1.<br><br>**HealthScope prior art:** The HealthScope prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 1.<br><br>**'233 prior art:** The '233 prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 1.<br><br>**'855 prior art:** The '855 prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 1. |
| compile patient-provided information regarding the first healthcare provider, wherein the patient-provided information comprises patient ratings from one or more past or current patients of the first healthcare provider, and wherein the patient ratings are received from an on-line patient experience survey completed on a company Web site by the one or more past or current patients of the first healthcare provider, and wherein the company Web site is managed by a company providing a service for connecting healthcare providers with the potential patients; | As addressed below, one or more prior art references disclose compiling patient-provided information regarding the first healthcare provider, wherein the patient-provided information comprises patient ratings from one or more past or current patients of the first healthcare provider, and wherein the patient ratings are received from an on-line patient experience survey completed on a company Web site by the one or more past or current patients of the first healthcare provider, and wherein the company Web site is managed by a company providing a service for connecting healthcare providers with the potential patients.<br><br>**'369 prior art:** The '369 prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 1.<br><br>**HG Report prior art:** The HG Report prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 1.<br><br>**GeoAccess prior art:** The GeoAccess prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 1.<br><br>**Subimo prior art:** The Subimo prior art in combination with other prior art meets this claim |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| | language.  See, e.g., basis for claim 1.<br><br>HealthScope prior art: The HealthScope prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 1.<br><br>'233 prior art: The '233 prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 1.<br><br>'138 prior art: The '138 prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 1.<br><br>RateMDs prior art: The RateMDs prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 1. |
| compile healthcare provider information regarding the first healthcare provider verified by an independent third-party source, wherein the information verified by the independent third-party source comprises three or more from the group consisting of: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship information; | As addressed below, one or more prior art references disclose compiling healthcare provider information regarding the first healthcare provider verified by an independent third-party source, wherein the information verified by the independent third-party source comprises three or more from the group consisting of: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship information.<br><br>'369 prior art: The '369 prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 1.<br><br>HG Report prior art: The HG Report prior art meets this claim language.  See, e.g., basis for claim 1.<br><br>GeoAccess prior art: The GeoAccess prior art meets this claim language.  See, e.g., basis for claim 1.<br><br>Subimo prior art: The Subimo prior art meets this claim language.  See, e.g., basis for claim 1. |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| | HealthScope prior art: The HealthScope prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 1.<br><br>'233 prior art: The '233 prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 1. |
| create a healthcare provider report on the first healthcare provider using the healthcare provider-verified information, the patient-provided information, and the information verified by the independent third-party source, wherein the healthcare provider report on the first healthcare provider includes comparison ratings of healthcare providers; and | As addressed below, one or more prior art references disclose creating a healthcare provider report on the first healthcare provider using the healthcare provider-verified information, the patient-provided information, and the information verified by the independent third-party source, wherein the healthcare provider report on the first healthcare provider includes comparison ratings of healthcare providers.<br><br>To the extent Plaintiff asserts that separate web pages accessed at different times (including, e.g., a web page listing physicians satisfying search criteria) meets this claim language, the same separate web pages accessed at different times (including, e.g., a web page listing physicians satisfying search criteria) in the prior art would anticipate this claim language and/or render it obvious.  To the extent Plaintiff asserts that an award, honor, or rating that is based solely on a physician's own patient ratings regardless of any other physician's patient ratings, meets the "comparison ratings of healthcare providers" claim language, the same award, honor, or rating in the prior art would anticipate this claim language and/or render it obvious.  See Plaintiff's infringement contentions ~~and~~dated 07/01/2011, supplemental infringement contentions dated 07/19/2011, discovery responses, and/or proposed claim constructions.  MDx does not agree with numerous of Plaintiff's assertions regarding various claim elements of the '060 Patent.<br><br>'369 prior art: The '369 prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 1.<br><br>HG Report prior art: The HG Report prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 1. |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| | **GeoAccess prior art:** The GeoAccess prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 1.<br><br>**Subimo prior art:** The Subimo prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 1.<br><br>**HealthScope prior art:** The HealthScope prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 1.<br><br>**'187 prior art:** The '187 prior art in combination with other prior art meets this claim language.  See, e.g., basis for claim 1. |
| provide access to the healthcare provider report on the first healthcare provider over a computer network. | As addressed below, one or more prior art references disclose providing access to the healthcare provider report on the first healthcare provider over a computer network.<br><br>**'369 prior art:** The '369 prior art meets this claim language.  See, e.g., basis for claim 1.<br><br>**HG Report prior art:** The HG Report prior art meets this claim language.  See, e.g., basis for claim 1.<br><br>**GeoAccess prior art:** The GeoAccess prior art meets this claim language.  See, e.g., basis for claim 1.<br><br>**Subimo prior art:** The Subimo prior art meets this claim language.  See, e.g., basis for claim 1.<br><br>**HealthScope prior art:** The HealthScope prior art meets this claim language.  See, e.g.,  basis for claim 1. |
| 16.   The on-line information system defined in claim 15, wherein:<br><br>        the healthcare provider report is obtained through one or more from the group consisting of: a predetermined | As addressed below, one or more prior art references disclose the on-line information system defined in claim 15, wherein the healthcare provider report is obtained through one or more from the group consisting of: a predetermined Web page that provides search capabilities on its database and a third-party search engine; and the search capabilities of the predetermined Web page permit searching based on one or more from the group consisting |

| Claim | Prior Art References that Render Asserted Claims of the '060 Patent Invalid[2] |
|---|---|
| Web page that provides search capabilities on its database and a third-party search engine; and          the search capabilities of the predetermined Web page permit searching based on one or more from the group consisting of: name, medical specialty, gender, state, city, procedure, diagnosis and location criteria. | of: name, medical specialty, gender, state, city, procedure, diagnosis and location criteria. <br><br> <u>'369 prior art:</u> The '369 prior art meets this claim language.  See, e.g., basis for claims 5 and 6. <br><br> <u>HG Report prior art:</u> The HG Report prior art meets this claim language.  See, e.g., basis for claims 5 and 6. <br><br> <u>GeoAccess prior art:</u> The GeoAccess prior art meets this claim language.  See, e.g., basis for claims 5 and 6. <br><br> <u>Subimo prior art:</u> The Subimo prior art meets this claim language.  See, e.g., basis for claims 5 and 6. <br><br> <u>HealthScope prior art:</u> The HealthScope prior art meets this claim language.  See, e.g., basis for claims 5 and 6. |