**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

---

**HEALTH GRADE, INC.'S MOTION TO COMPEL DISCOVERY
AND FOR AN AWARD OF FEES AND COSTS PURSUANT
TO LOCAL PATENT RULE 3-3 AND RULES 37(a)(3)(B) AND 37(a)(5)
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

---

Pursuant to Rules 37(a)(3)(B) and 37(a)(5) of the Federal Rules of Civil Procedure,

Plaintiff Health Grades, Inc. ("Health Grades") respectfully moves for an order compelling

Defendant MDx Medical, Inc. ("MDx") to supplement its Invalidity Contentions, answers to

interrogatories, and production of documents, and for an award of reasonable expenses incurred

by Health Grades in making this Motion to Compel.

**1.      This Court Should Compel MDx to Supplement Its Invalidity Contentions to
Comply With Local Patent Rule 3-3**

Local Patent Rule 3-3 from the Northern District of California provides:

(a)      The identity of each item of prior art that allegedly anticipates each
asserted claim or renders it obvious.  Each prior art patent shall be identified by its
number, country of origin, and date of issue.  Each prior art publication shall be
identified by its title, date of publication, and where feasible, author and
publisher.  Prior art under 35 U.S.C. § 102(b) shall be identified by **specifying the
item offered for sale or publicly used or known**, the date the offer or use took
place or the information became known, and the identity of the person or entity

which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known.  Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

(b)      Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, **including an identification of any combinations of prior art showing obviousness** . . . .

(c)      A chart identifying **where specifically in each alleged item** of prior art each element of each asserted claim is found. . .Additionally, Preliminary Invalidity Contentions are deemed to be the party's final contentions as submitted or if properly amended in accordance with Patent Local Rules 3-6 and 3-7.

(Emphasis added.)

In its supplemental invalidity contentions filed on August 26, 2011, MDx identified four published patent applications and two patents as required by Local Patent Rule 3-3(a).  Health Grades does not take issue with MDx's identification of these six references.  However, MDx also included five additional allegations relating to prior public uses:

1.   "Public use of www.healthgrades.com web site ("HG Report prior art"), dates of public use: 09/15/2004 and 10/19/2004, identity of person making the use: Jeff LaPointe. Prior art under at least 35 U.S.C. § 102(b). . . ."

2.   "Public use of www.ingenix.com web site, including GeoAccess brochures ("GeoAccess prior art"), dates of public use: 11/7/2004, 11/14/2004, 11/15/2004, and 12/8/2004, identity of person making the use: Jeff LaPointe. Prior art under at least 35 U.S.C. § 102(b). . . ."

3.   "Public use of www.subimo.com web site (the "Subimo prior art"), date of public use: 10/19/2004, identity of person making the use: Jeff LaPointe. Prior art under at least 35 U.S.C. § 102(b). . . ."

2

4. "Public use of www.healthscope.org web site (the "HealthScope prior art"), date of public use: 10/19/2004, identity of person making the use: Jeff LaPointe. Prior art under at least 35 U.S.C. § 102(b). . . ."

5. "Public use of www.ratemds.com web site (the "RateMDs prior art"), dates of public uses: 11/22/2004 and 12/22/2004, identity of person(s) making the use(s): identities unknown. Prior art under at least 35 U.S.C. § 102(b). The www.ratemds.com web site is also prior art by being publicly known, on information and belief, having been made publicly known by RateMDs.com on at least 11/22/2004 and 12/22/2004. The www.ratemds.com web site is also prior art as a publication, on information and belief, having been published by RateMDs.com on at least 11/22/2004 and 12/22/2004. Other provisions of 35 U.S.C. § 102(b) may also become applicable as discovery progresses."

(Supp. Inv. Contentions at 4-5 (Ex. 1).)

MDx bears the burden to prove invalidity by clear and convincing evidence.  Further, *Oral testimony of prior public use alone is not enough* -- MDx must produce actual documents to prove what prior art was publicly used in 2004.  *See, e.g., The Barbed Wire Patent Case*, 143 U.S. 275 (1882); *Union Carbide v. Shell Oil Co.*, 308 F.3d 1167, 1189 (Fed. Cir. 2002) ("uncorroborated oral testimony by interested parties is insufficient as a matter of law to establish invalidity of [a] patent."); *Juicy Whip, Inc. v. Orange Bang, Inc.*, 292 F.3d 728, 740-43 (Fed. Cir. 2002) (holding oral testimony by six interested witnesses uncorroborated by documentary evidence was not sufficient evidence to support a jury's finding of anticipation). Yet MDx's invalidity contentions do not cite what specific documents are the "public uses" it is relying on.  Although MDx produced some documents as part of its invalidity contentions that match the public use dates above (for example, Mr. LaPoint produced two separate Health Grades reports that he testified he printed off the Internet on 09/15/2004 and 10/19/2004), Health Grades should not have to guess about what documents MDx is basing its invalidity contentions on.

3

2003529267_1

Moreover, each of the websites referenced above may have hundreds of associated web pages – MDx does not say which webpages it is relying on and MDx's page citations do not make sense without any context for what document they relate to.  Health Grades cannot access documents related to these alleged prior public uses because the cited websites as they existed in 2004 are no longer available.  As it stands now, MDx's invalidity contentions with regard the prior public uses are too vague for Health Grades to prepare a meaningful defense.

As such, Health Grades respectfully requests that this Court require MDx to: (1) specifically identify (by Bates number) which specific documents it is relying on that relate to the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, and the RateMDS prior art; and (2) provide specific pages cites (using Bates numbers) to show "where specifically in each alleged item of prior art each element of each asserted claim is found."  If MDx cannot cite to specific documents, the alleged prior public use should be stricken from its contentions.

Additionally, Local Patent Rule 3-3 from the Northern District of California provides:

> (b)      Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, **including an identification of any combinations of prior art showing obviousness** . . . .

(Emphasis added.)  Yet, MDX has made only conclusory statements about its obviousness defense.  For example, regarding claim 1, it stated:

> Claim 1 of the '060 Patent is anticipated **and/or** rendered obvious by each of [1] the '369 prior art, [2] the HG Report prior art, [3] the GeoAccess prior art, [4] the Subimo prior art, and [5] the HealthScope prior art, **individually in combination with** [6] the '233 prior art. Claim 1 is also rendered obvious by each of [1] the '369 prior art, [2] the HG Report prior art, [3] the GeoAccess prior art, [4] the Subimo prior art, and [5] the HealthScope prior art, individually in combination

4

with [6] the '233 prior art and further in combination with at least one of [7] the '855 prior art, [8] the '138 prior art, [9] the '528 prior art, [10] the '187 prior art, and [11] the RateMDs prior art. The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

(Supp. Invalidity Contentions at 6 (emphasis added) (Ex. 1).)  This statement does not comply with Local Patent Rule 3-3(b).  Taken literally, MDX's allegations comprise more than 2000 combinations (listed in Ex. 2), just for claim 1.  MDX has not made specific allegations regarding all of these combinations and, even if it had, this number is completely unreasonable. There is no way that MDx will have time to put on proof that more than 2000 combinations render the asserted claims obvious.

In *Saffran v. Johnson & Johnson*, the Eastern District of Texas granted a motion to compel a patent infringement defendant to provide focused invalidity contentions that comply with a similar patent rule 3-3(b):

> The "Invalidity Contentions" Defendants have served do not comply with the plain reading or spirit of the rule.
>
> The patent "rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed."  The purpose of the rules is to put the parties on notice of the information its adversary anticipates using at trial. **The defendants' almost 800 pages of "Invalidity Contentions" do not put the plaintiffs on real or useful notice.** The defendants' current "Invalidity Contentions" are an attempt to end run the rules. **They do not specifically identify combinations of references that the defendants anticipate using at trial, and they include language purporting to make the contentions merely illustrative.** The "Invalidity Contentions" are therefore STRICKEN. The defendants are granted leave to file new "Invalidity Contentions" that comply with the letter and spirit of the rule, and that specifically identify the combination of references they *anticipate using at trial*.

2009 U.S. Dist. LEXIS 19615, 3-4 (E.D. Tex. Feb. 24, 2009) (bold emphasis added, italicized emphasis in original) (citing *O2 Micro Int'l, Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355,

1364 (Fed. Cir. 2006) (citing *Nova Measuring Instruments, Ltd. v. Nanometrics, Inc.*, 417 F.

Supp. 2d 1121, 1123 (N.D.Cal.2006)).)  Similarly here, this Court should strike MDx's invalidity

contentions and compel MDx to select and identify with particularity a reasonable number of

combinations it will rely on now, so that Health Grades may focus its defense on the invalidity

theories MDx actually intends to present at trial.

**2.     This Court Should Compel MDx to Supplement Its Response to Interrogatory No. 2**

Health Grades served MDx with the following Interrogatory on July 25, 2011:

> **Interrogatory No. 2.**
> With respect to any of version of MDX's Accused Products, using a claim chart,
> state in detail MDX's bases for any assertions of non-infringement of the patent in
> suit on a claim-by-claim, element-by element basis. Your answer should include a
> statement of MDX's interpretation of each claim element, **a statement whether
> MDX's Accused Products provide(s) such an element or an equivalent and, if
> not, an explanation how MDX's Accused Products operate or function
> differently than the claim element** and a particularized statement why a
> component, feature or function of Accused Products is not a substantial equivalent
> of the pertinent claim element.

(Health Grades First Set of Interrogatories at 9 (emphasis added) (Ex. 3).)  In response, MDx

provided only conclusory and vague statements that did not sufficiently respond to this request.

(MDx's Response to Interrogatory No. 2 at 6-9 (Ex. 4).)  For example, claims 1 and 15 of the

patent-in-suit require healthcare provider-verified information that includes at least three of the

following:  specialty information, medical philosophy, gender, age, years in profession, years in

practice, awards, honors, professional appointments, professional memberships, publications,

languages, and hobbies.  Regarding this claim element, MDx's response to Interrogatory No. 2

stated:  "For **most** of the MDx data, the information required by this portion of the claims is not

verified by the healthcare provider." (*Id.* at 7 (emphasis added).)  MDx's responses are not

sufficient.  For example:

- MDx did not say what information is verified by the healthcare provider and which specific information is not.

- If the information is not verified by the healthcare provider, MDx did not explain who verifies it or how it is verified for each piece of claimed information.

- If it is MDx's contention that it is not verified at all, it did not explain why this is so and how the information is obtained that is different from the claimed element.

The rest of MDx's response to interrogatory no. 2 is similarly insufficient.  (*See* Jesús M.

Vázquez e-mail dated 1/17/2012 (and related e-mail string) (Ex. 5).)

As such, Health Grades respectfully requests an order compelling MDx to supplement its

response to Interrogatory No. 2 to provide a complete explanation as to how MDX's Accused

Products operate or function differently than the claim element for each of the non-infringement

defenses identified in its original response as well as a particularized statement why a

component, feature or function of Accused Products is not a substantial equivalent of the

pertinent claim element.

### 3.   This Court Should Compel MDx to Provide Health Grades with Demonstrations of the Accused Products

On July 25, 2011, Health Grades served MDx with a first set of document requests that

information that would be sufficient to allow us to understand the function and operation of the

accused products.  (Health Grades First Set of Document Requests at 9-12 (Ex. 6).)  This request

covered product demonstrations:

**REQUEST NO. 2**

All documents and electronically stored information relating to the structure, function, operation, development and implementation of the Accused Products (in whatever form or format they exist, including paper or electronic copy and in whatever computer language or format they may exist (i.e., Java, HTML, XML, C, etc.), including without limitation:

\*\*\*

e.   A copy of each executable and demonstration version of the Accused Products code, including all DLL (Dynamic Link Library) files, databases (such as sample or test databases) and other software objects and connections necessary to create and use a working Accused Products;

f.   A copy of each executable and demonstration version of code for all of the Accused Products currently or previously existing, or to be released in the future, including all DLL (Dynamic Link Library) files, databases (such as sample or test databases) and other software objects and connections necessary to create and use a working version of the Accused Products;

\*\*\*

h.   Training documents including without limitation any documents that are designed to teach someone how to use the Accused Products;

\*\*\*

p.   Documents sufficient to show the performance, specifications and/or functional characteristics and capabilities of the Accused Products.

MDx has not produced any product demonstrations.  While much of the accused www.vitals.com website is available to the public, the doctor page requires specific log-in credentials that may be obtained only by licensed physicians.  In December, the undersigned counsel for Health Grades asked counsel for MDx to provide log-in credentials for the www.vitals.com website that would

8

allow Health Grades' technical expert to demonstrate the software from the point of a physician and a user.[1]  (*See* Jesús M. Vázquez e-mail dated 1/6/2012 (Ex. 7).)

MDx has refused to comply with the request stating that it is a request to "inspect" a product demonstration that was not covered by Health Grades' document request.  This is not true.  Health Grades' request for documents specifically requests the inspection of electronic documents, which the log-in credentials will allow it to do.

> **PLAINTIFF HEALTH GRADES, INC.'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS**
>
> Pursuant to Federal Rules of Civil Procedure 26, 34, and the Court's June 16, 2011 Order, Plaintiff Health Grades, Inc. hereby requests that Defendant MDx Medical, Inc. produce and permit Plaintiff to inspect and copy all documents, electronically stored information, and tangible things responsive to these Requests at the offices of Rothgerber Johnson & Lyons, LLP, One Tabor Center, Suite 3000, 1200 17th St., Denver Colorado 80202.

(Health Grades First Set of Document Requests at 1 (emphasis added) (Ex. 6).)

Additionally, MDx further refused to provide access to a demonstration of the accused products unless and until Health Grades provided MDx with similar information for Health Grades' website.  This is inappropriate.  The product demonstrations of the accused products are relevant and responsive to Health Grades' document requests.  Further, Health Grades needs this information to prepare its expert report on patent infringement.

As such, Health Grades respectfully requests an order compelling MDx to comply with Document Request Nos. 2(e), (f), (h), and (p).

---

[1]     Health Grades' request for log-in credentials that will allow Health Grades' expert to access MDx's demonstration website is narrower and less onerous than requiring MDx to create a copy of an executable and demonstration version of the accused website.

**4.      This Court Should Compel MDx to Provide Health Grades with Complete Financial Information**

Also on July 25, 2011, Health Grades also served MDx with document requests seeking

information relating to revenues, profits, and expenses for the accused products:

> **REQUEST NO. 4**
>
> All documents and things that relate to the nature and extent of any damages suffered by
> Health Grades as a result of MDX's direct and indirect infringement of the patent in suit,
> including, without limitation:
>
> a.      Documents that relate to any offers for sale of the Accused Products, any sales of
> the Accused Products, and/or any revenue associated with the Accused Products, including, but
>
> not limited to, documents sufficient to show Defendant's actual and expected gross revenues, net
> profits, sales, sales prices, membership fees, and advertising revenues;
>
> b.      All annual, semi-annual, quarterly, and monthly reports, or other documents or
> electronically stored information, that set forth or include your expenses incurred in connection
> with the Accused Products, including, but not limited to, direct labor costs, selling costs,
> advertising costs, variable overhead costs, and all other costs associated with the manufacture,
> distribution, and sale of the Accused Products;
>
> \*\*\*
>
> k.      All financial statements (audited and unaudited), financial projections or
> forecasts, and profit and loss statements prepared by MDX or on behalf of MDX from 2008 to
> present; and

Although MDx produced documents on November 10, 2011, the financial statements it produced

were incomplete and contained unexplained redactions.  On November 17, 2011, the

undersigned counsel for Health Grades inquired about missing revenue information.  While MDx

has just recently produced missing pages from its financial statements, it has objected to

producing revenue information other than advertising revenue.  However, according to its own

financial statements, MDX "generates its revenue **primarily** through advertising, **licensing fees**, and **merchandise sales**."  (Emphasis added.)  MDx has redacted all revenue information from the financial statements it produced *except* for revenue related to advertising.  For example, the statements of operations within the Audited Financial Statements for the years ended May 31, 2009 and 2008 (MDX 0012555- MDX 0012572) have revenue information that has been redacted, and show *only* advertising revenue.  Similarly, the Profit & Loss statements for January through December, 2009 (MDX 0012573 - MDX 0012687), have been heavily redacted.  In short, the financial documents produced by MDx do not provide all of the information requested by Health Grades in its discovery requests.

Health Grades is entitled to all of MDx's revenue information because all revenues are relevant to damages.  Even MDx revenue that relates to products other than the accused products may be relevant to patent infringement damages under various theories, such as convoyed sales, and/or *Georgia Pacific* Factor No. 6 (i.e., the effect of selling the patented specialty in promoting sales of other products of the licensee; the existing value of the invention to the licensor as a generator of sales of his non-patented items; and the extent of such derivative or convoyed sales).  *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970).  This information is critical for Health Grades to prepare its expert damages report.  Attached to this motion as Exhibit 8 is an e-mail dated January 6, 2012 from Jesús M. Vázquez to Scott D. Stimpson conferring regarding this motion to compel as it relates to the redacted financial information and attaching a list of the MDx documents that have unexplained redactions.

As such, Health Grades respectfully requests an order compelling MDx to comply with Document Request Nos. 4(a), (b), and (k).

**5.      This Court Should Compel MDx to Provide the Information Requested in Interrogatory No. 14 Regarding the Changes It Made to the Accused Website to Avoid Infringement and Its Related Policies Regarding Non-Infringement**

Also on July 25, 2011, Health Grades also served MDx with Interrogatory No. 14:

> **Interrogatory No. 14.**
>
> Describe in detail any steps, procedures or efforts made by MDX to avoid infringement of the patent in suit, including, without limitation, identifying any actual or proposed modification, improvement, or change in any Accused Products, or any method and/or process of using and/or making any Accused Product, including describing attempts to design or re-design products or methods and/or processes to avoid infringement of the patent in suit and describing any re-design or modifications to any Accused Product that is being planned, that has been designed, and/or that is in development.

(Health Grades First Set of Interrogatories at 13 (Ex. 3).)  MDx provided the following response:

> **Response:**
>
> MDx objects to this Interrogatory as overboard and unduly burdensome.  MDx also objects to this Interrogatory as calling for information protected by the attorney-client privilege and/or the work product doctrine.  MDx also objects to this Interrogatory to the extent it calls for willfulness discovery prior to the date set in the Scheduling Order.
>
> Subject to and without waiving these and the General Objections, MDx responds that the MDx Website has never infringed any claim of the '060 Patent.  See Response to Interrogatory 1. The current MDx Website is even further from the '060 Patent than the old website and completely lacks the required "comparison ratings."  See the motion for partial summary judgment.

(MDx's Response to Interrogatory No. 14 at 18 (Ex. 4).)  MDx's response is evasive and incomplete, and flies in the face of an e-mail written by MDx's CEO, Mitch Rothschild dated January 5, 2011, which specifically discusses the patent-in-suit in this case and MDx's "policies"

12

to not violate this patent.  (E-mail from Mitch Rothschild (MDX0011997-0011999) (Ex. 10).) The undersigned counsel for Health Grades has conferred with MDx several times regarding this evasive response.  (*See* e-mail dated 12/7/11 from Jesús M. Vázquez to Scott D. Stimpson (Ex. 11).)

Give the obvious relevance of this information to this lawsuit, Health Grades respectfully requests an order compelling MDx to provide a complete and non-evasive response to this interrogatory.

**6.    Fees and Costs**

Federal Rule of Civil Procedure 37(a)(5) provides that, if a motion to compel is granted or discovery is produced after the motion was filed, absent good faith effort at resolution or substantial justification, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  MDx's refusals to comply with discovery are unjustified, and accordingly Health Grades respectfully requests an award of all its fees and costs associated with this motion.

**7.    Conclusion**

For all of the foregoing reasons, Health Grades requests that this Court order MDx to do the following within 5 days after entry of this order:

(1)    Supplement its invalidity contentions to:

(a)     specifically identify, by Bates number, which specific documents it is relying for each of the following disclosed prior art references:  the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, and the RateMDS prior art;

(b)     provide specific pages cites, using Bates numbers, to show "where specifically in each alleged item of prior art each element of each asserted claim is found."

(c)     specifically identify a reasonable number of combinations of prior art for each asserted claim.

(2)     Supplement its response to Health Grades' Interrogatory No. 2 to provide the specificity requested in Mr. Vázquez's e-mail dated 1/17/2012 (Ex. 5).

(3)     Produce documents responsive to Document Request Nos. 2(e), (f), (h), and (p), which include a demonstration version of the accused software/websites (or log-in credentials for an on-line demonstration system) that are sufficient to allow Health Grades to understand the structure, function, operation of these products.

(4)     Produce documents responsive to Document Request Nos. 4(a), (b), and (k), which include un-redacted and complete financial statements showing all revenues, profits, and costs associated with the accused products.

(5)     Provide a complete and non-evasive response to Interrogatory No. 14.

Health Grades has attached as Exhibit 9 a proposed order in compliance with D.C.COLO.LCivR 7.1F.

### CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCivR 7.1A

The undersigned counsel for Health Grades certifies that he has conferred with counsel for MDx regarding all of the foregoing issues in an attempt to resolve them, including via

multiple e-mails between counsel, and in conversations with counsel for MDx during breaks in the depositions of Jeff LaPointe on December 15, 2011, and David Hicks on January 4, 2012.

Respectfully submitted this 24th day of January, 2012.

ROTHGERBER JOHNSON & LYONS LLP

*s/ Jesús M. Vázquez*
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Jeffrey D. Phipps, Esq.
1200 17th Street, Suite 3000
Denver, Colorado  80202
Tel:  (303) 623-9000
Fax:  (303) 623-9222
Email:  kkosto@rothgerber.com
          jvazquez@rothgerber.com
          jphipps@rothgerber.com

*Attorneys for Plaintiff/Counterclaim Defendant*
*Health Grades, Inc.*

15

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2012, I electronically filed the foregoing **HEALTH GRADE, INC.'S MOTION TO COMPEL DISCOVERY AND FOR AN AWARD OF FEES AND COSTS PURSUANT TO LOCAL PATENT RULE 3-3 AND RULES 37(a)(3)(B) AND 37(a)(5) OF THE FEDERAL RULES OF CIVIL PROCEDURE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Scott David Stimpson
Mark Jon Rosenberg
David Chunyi Lee
Scott B. Murray
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY  10112
Email: sstimpson@sillscummis.com
Email: mrosenberg@sillscummis.com
Email: dlee@sillscummis.com
Email: smurray@sillscummis.com


Terence M. Ridley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
Email: ridley@wtotrial.com

Ramona L. Lampley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
Email: lampley@wtotrial.com


_s/ Jesús M. Vazquez_
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Jeffrey D. Phipps, Esq.
Rothgerber Johnson & Lyons, LLP
1200 17th Street, Suite 3000
Denver, Colorado 80202-5855
Tel:     (303) 623-9000
Facsimile: (303) 623-9222
Email:  kkostolansky@rothgerber.com
            jvazquez@rothgerber.com
            jphipps@rothgerber.com
_Attorneys for Plaintiff/Counterclaim Defendant_
_Health Grades, Inc._

2003529267_1