**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

Defendant.

---

**MDX MEDICAL, INC.'S SUPPLEMENTAL INVALIDITY CONTENTIONS AND DOCUMENTS ACCOMPANYING INVALIDITY CONTENTIONS**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by its undersigned counsel, pursuant to Section 6(f)(1) of the Scheduling Order (dkt. # 34) and the Court's order granting extension of time for MDx to provide portions of its invalidity contentions (dkt. # 51), hereby provides its Supplemental Invalidity Contentions and Documents Accompanying Invalidity Contentions ("Invalidity Disclosures") pursuant to Local Patent Rules 3-3 and 3-4 incorporated into the Scheduling Order. MDx's Invalidity Contentions and Documents Accompany Invalidity Contentions and all accompanying charts and documents served on Health Grades on August 19, 2011, are hereby incorporated herein by reference in their entirety.

The MDx supplemental invalidity contentions rely in part on Plaintiff's July 1, 2011 infringement contentions and July 19, 2011 supplemental infringement contentions. That is, for some invalidity positions, if Health Grades, Inc. ("Health Grades") is correct (it is not) that the accused MDx website meets claim terms, then the cited prior art would also meet these elements.

EXHIBIT 1

As discovery progresses, as Plaintiff's infringement positions change, and/or based on the court's claim construction order, Defendant reserves the right to modify, revise, amend, and/or supplement these invalidity contentions based on subsequent received discovery, changes or clarifications of Plaintiff's infringement positions, and/or the court's claim construction order. MDx also reserves the right to supplement based on prior art that is not yet known. For example, Health Grades apparently has a prior art website, and was required to produce documents and information on that prior art in discovery, but to date has not done so. Moreover should any element be found not exactly present consistent with these disclosures, Defendants will assert obviousness using one or more references that do disclose the element in question.

**3-3. Invalidity Contentions**

Disclosure 3-3(a). The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s).

Response: Defendant contends that at least claims 1, 4-9, 11, and 14-16 of U.S. Patent No. 7,752,060 (hereinafter "the '060 Patent") are invalid. In part, these claims are invalid under 35 U.S.C. § 102 and/or § 103 based on at least the following items of prior art.

U.S. Patent Application Publication No. US 2006/0015369 A1 (the "'369 prior art"), entitled "HEALTHCARE PROVIDER RECOMMENDATION SYSTEM", published January 19, 2006 by the United States Patent and Trademark Office, and showing Bachus *et al.* as inventors. Prior art at least under 35 U.S.C. § 102(a).

U.S. Patent Application Publication No. US 2002/0038233 A1 (the "'233 prior art"), entitled "SYSTEM AND METHOD FOR MATCHING PROFESSIONAL SERVICE PROVIDERS WITH CONSUMERS", published March 28, 2002 by the United States Patent and Trademark Office, and showing Shubov *et al.* as inventors. Prior art at least under 35 U.S.C. § 102(b).

U.S. Patent Application Publication No. US 2006/0294138 A1 (the "'138 prior art"), entitled "PROFESSIONAL RATING SYSTEM AND METHOD", published December 28, 2006 by the United States Patent and Trademark Office, and showing Lucas Stolba as the sole inventor. Prior art at least under 35 U.S.C. § 102(e).

U.S. Patent No. US 7,167,855 B1 (the "'855 prior art"), issued on January 23, 2007. Prior art at least under 35 U.S.C. § 102(e).

U.S. Patent Application Publication No. US 2003/0167187 A1 (the "'187 prior art"), entitled "SYSTEMS AND METHODS OF DETERMINING PERFORMANCE RATINGS OF HEALTH CARE FACILITIES AND PROVIDING USER ACCESS TO PERFORMANCE INFORMATION", published September 4, 2003 by the United States Patent and Trademark Office, and showing Robert N. Bua as the sole inventor. Prior art at least under 35 U.S.C. § 102(b).

U.S. Patent No. 7,065,528 B2 (the "'528 prior art"), issued on June 20, 2006. Prior art at least under 35 U.S.C. § 102(e).

Public use of www.healthgrades.com web site ("HG Report prior art"), dates of public use: 09/15/2004 and 10/19/2004, identity of person making the use: Jeff LaPointe. Prior art under at least 35 U.S.C. § 102(b). The www.healthgrades.com web site is also prior art by being publicly known, on information and belief, having been made publicly known by Health Grades, Inc. on at least 9/15/2004 and 10/19/2004. The www.healthgrades.com web site is also prior art as a publication, on information and belief, having been published by Health Grades, Inc. on at least 9/15/2004 and 10/19/2004. Other provisions of 35 U.S.C. § 102(b) may also become applicable as discovery progresses.

Public use of www.ingenix.com web site, including GeoAccess brochures ("GeoAccess prior art"), dates of public use: 11/7/2004, 11/14/2004, 11/15/2004, and 12/8/2004, identity of person making the use: Jeff LaPointe. Prior art under at least 35 U.S.C. § 102(b). The www.ingenix.com web site and GeoAccess brochures are also prior art by being publicly known, on information and belief, having been made publicly known by Ingenix, Inc. on at least 11/7/2004, 11/14/2004, 11/15/2004, and 12/8/2004. The www.ingenix.com web site and GeoAccess brochures are also prior art as a publication, on information and belief, having been published by Ingenix, Inc. on at least 11/7/2004, 11/14/2004, 11/15/2004, and 12/8/2004. Other provisions of 35 U.S.C. § 102(b) may also become applicable as discovery progresses.

Public use of www.subimo.com web site (the "Subimo prior art"), date of public use: 10/19/2004, identity of person making the use: Jeff LaPointe. Prior art under at least 35 U.S.C. § 102(b). The www.subimo.com web site is also prior art by being publicly known, on

information and belief, having been made publicly known by Subimo, LLC on at least 10/19/2004. The www.subimo.com web site is also prior art as a publication, on information and belief, having been published by Subimo, LLC. on at least 10/19/2004. Other provisions of 35 U.S.C. § 102(b) may also become applicable as discovery progresses.

Public use of www.healthscope.org web site (the "HealthScope prior art"), date of public use: 10/19/2004, identity of person making the use: Jeff LaPointe. Prior art under at least 35 U.S.C. § 102(b). The www.healthscope.org web site is also prior art by being publicly known, on information and belief, having been made publicly known by Pacific Business Group on Health on at least 10/19/2004. The www.healthscope.org web site is also prior art as a publication, on information and belief, having been published by Pacific Business Group on Health on at least 10/19/2004. Other provisions of 35 U.S.C. § 102(b) may also become applicable as discovery progresses.

Public use of www.ratemds.com web site (the "RateMDs prior art"), dates of public uses: 11/22/2004 and 12/22/2004, identity of person(s) making the use(s): identities unknown. Prior art under at least 35 U.S.C. § 102(b). The www.ratemds.com web site is also prior art by being publicly known, on information and belief, having been made publicly known by RateMDs.com on at least 11/22/2004 and 12/22/2004. The www.ratemds.com web site is also prior art as a publication, on information and belief, having been published by RateMDs.com on at least 11/22/2004 and 12/22/2004. Other provisions of 35 U.S.C. § 102(b) may also become applicable as discovery progresses.

Disclosure 3-3(b). Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness.

Response: Each asserted claim of the '060 Patent is anticipated and/or obvious as described in the Rule 3-3(c) chart provided herewith as an appendix.

Defendant's invalidity contentions are, in part, based on Plaintiff's infringement contentions and supplemental infringement contentions. That is, if Health Grades is correct (it is not) that the accused MDx website meets claim terms, then the cited prior art would also meet these elements. Defendant reserves the right to modify, revise, amend, and/or supplemental these invalidity contentions based on subsequent received discovery, changes or clarifications of Plaintiff's infringement positions, or the court's claim construction order.

Claim 1 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art. Claim 1 is also rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art and further in combination with at least one of the '855 prior art, the '138 prior art, the '528 prior art, the '187 prior art, and the RateMDs prior art. The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Claim 4 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art. Claim 4 is also

rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art and further in combination with the '187 prior art. The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Claim 5 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art. The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Claim 6 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art. The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Claim 7 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art. The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Claim 8 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the

HealthScope prior art, individually in combination with the '233 prior art, and further in combination with the '138 prior art. The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Claim 9 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art, and further in combination with the '138 prior art. The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Claim 11 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art, and further in combination with the '138 prior art. The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Claim 14 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art. The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Claim 15 of the ‘060 Patent is anticipated and/or rendered obvious by each of the ‘369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the ‘233 prior art. Claim 15 is also rendered obvious by each of the ‘369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the ‘233 prior art and further in combination with at least one of the ‘855 prior art, the ‘138 prior art, the ‘528 prior art, the ‘187 prior art, and the RateMDs prior art. The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Claim 16 of the ‘060 Patent is anticipated and/or rendered obvious by each of the ‘369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the ‘233 prior art. The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Disclosure 3-3(c): A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function.

Response: A chart indentifying where specifically in each alleged item of prior art each element of each asserted claim is found, is provided herewith as an appendix.

Disclosure 3-3(d): Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

Response: Numerous of Plaintiff's infringement contentions and supplemental infringement contentions, and its positions in opposing summary judgment, include claim interpretations and infringement positions that are inconsistent with and unsupported by the '060 Patent specification, including at least "comparison ratings" and requests for information on a first healthcare provider. It also appears that Health Grades may be taking such positions with other terms. If any of these allegations were correct, then all the claims would be invalid under 35 U.S.C. § 112(1) for failing to comply with the enablement and written description requirements, and invalid under 35 U.S.C. § 112(2) as being indefinite.

**3.4. Document Production Accompanying Invalidity Contentions.**

Disclosure 3-4(a): Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart.

Response: The required documents are produced herewith.

<u>Disclosure 3-4(b):</u> A copy or sample of the prior art identified pursuant to Patent L.R. 3-3(a) which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon shall be produced.

<u>Response:</u> The required documents are produced herewith.

Dated: August 26, 2011

Respectfully submitted,

*s:/Scott D. Stimpson*

Scott D. Stimpson
Mark J. Rosenberg
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: mrosenberg@sillscummis.com
E-mail: sstimpson@sillscummis.com
E-mail: dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Ramona Lampley, Atty. No. 37288
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Tel: (303) 244-1800
Fax: (303) 244-1879
E-mail: ridley@wtotrial.com
E-mail: lampley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on August 26, 2011, I have caused a true and correct copy of the foregoing MDX MEDICAL, INC.'S SUPPLEMENTAL INVALIDITY CONTENTIONS AND DOCUMENTS ACCOMPANYING INVALIDITY CONTENTIONS to be served upon Health Grades, Inc. by electronic mail transmission to the following individuals:

Jesus Manuel Vazquez , Jr.
Kris John Kostolansky
Jeffrey David Phipps
ROTHGERBER JOHNSON & LYONS LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222
jvazquez@rothgerber.com
kkosto@rothgerber.com
jphipps@rothgerber.com

*Attorneys for Plaintiff Health Grades, Inc.*

_*s:/ David C. Lee*____________________