**Vazquez, Jesus**

---

**From:**    Vazquez, Jesus
**Sent:**    Tuesday, January 17, 2012 6:01 PM
**To:**    Scott D. Stimpson
**Cc:**    'Scott Murray'; David C. Lee
**Subject:** Conferral re MDx's Responses to Interrogatory No. 2

Scott:

We served you with an interrogatory seeking the following detailed contentions:

**Interrogatory No. 2.**

With respect to any of version of MDX's Accused Products, using a claim chart, state in detail MDX's bases for any assertions of non-infringement of the patent in suit on a claim-by-claim, element-by element basis. Your answer should include a statement of MDX's interpretation of each claim element, **a statement whether MDX's Accused Products provide(s) such an element or an equivalent and, if not, an explanation how MDX's Accused Products operate or function differently than the claim element** and a particularized statement why a component, feature or function of Accused Products is not a substantial equivalent of the pertinent claim element.

In response, you provided only conclusory and vague statements that do not sufficiently or adequately respond to our request. For example:

1.    **Healthcare Provider-Verified Information:**  The claims require healthcare provider-verified information and specify the following kinds of healthcare provider-verified information: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies."  Regarding the claimed "healthcare provider-verified information," your interrogatory response stated:

"For **most** of the MDx data, the information required by this portion of the claims is not verified by the healthcare provider."

This is not sufficient.  You must state which specific information of the MDx data is verified by the healthcare provider and which specific information is not.  If the information is not verified by the healthcare provider, you must explain who verifies it or how it is verified for each piece of claimed information.  If it is your contention that it is not verified at all, you should explain why you say this and how the information is obtained that is different from the claimed element.

2.    **Received from the First Healthcare Provider:**  Your interrogatory response states:

"No Literal Infringement: For **most** of the data, this information required by this portion of the claims is not received from the provider **itself.**"

"No Equivalents: There can be no equivalents where this data is not obtained from the provider, as the MDx approach of obtaining this data **elsewhere** is entirely different from the claimed approach . . . ." (emphasis added).

This is not sufficient.  You must say which specific information of the MDx data is received from the healthcare provider itself and which specific information is not.  If not received from

1/24/2012


EXHIBIT
5

the healthcare provider itself, where is it obtained?  What does "elsewhere" mean?  What does "itself" mean?

3.   **Compiling in response to Receiving a Request:**  Your interrogatory response states:

"No Literal Infringement: MDx compiles data on providers as scheduled -- it does not compile data in response to receiving a request for information regarding a healthcare provider."

This is not sufficient.  You must say how it is scheduled, when it is scheduled, etc.

4.   **Patient Ratings from On-Line Patient Experience Survey**:  Your interrogatory response states:

"No Literal Infringement: **Not all** the patient ratings come from the MDx on-line survey, as required by this claim element."

"No Equivalents: The claimed requirement that all patient ratings come from the online survey is not met literally or equivalently – obtaining some of the ratings **from another source** is an entirely different approach." (emphasis added).

Again, this is not sufficient.  What patients ratings come from the MDx on-line survey and what ratings do not?  What other source provides ratings to MDx?  Who is the source?  How does it work?  You must provide us with these details.

5.   **Report using the information verified by the independent third-party source:**  Your interrogatory response states:

"No direct infringement: The reports on the MDx Website do not include three or more of the information verified by the independent third party source."

This is not sufficient.  What specific information verified by the independent third party source do they include?  What specific information do they not include?  For the specific types of information not included, how does MDx's website work differently than claimed?

6.   **Creating a report using "the" information:**  Your interrogatory response states:

"No Literal Infringement: The MDx reports do not use **all of the** compiled information."

"No Equivalents: There can be no equivalents because the two different approaches operate in very different ways and have very different results – **the MDx system results in a report with less information**, for example, than if all the compiled information was used as required by the claim." (emphasis added).

Again, this is not sufficient.  What information do the reports use?  What information do they not use?  How is it determined what information is used and what is not used?  "Less information" than what?  We need a detailed explanation of how the MDx website works different from the claimed invention.

Your response regarding the dependent claims is so conclusory it is difficult to itemize what supplementation is required.  For example, in our original infringement claim charts, we illustrated screenshots demonstrating that there are hyperlinks to affiliated hospitals within Vitals' physician reports.  Yet you say this element is entirely missing.  You must explain why the hyperlink shown in our infringement contentions does not meet the element to sufficiently respond to this interrogatory.  Similarly, as we showed in our infringement contentions, Vitals collects fees from physicians.  You must explain why physicians who pay fees to Vitals do not satisfy this claim element.

Please let us know whether you will agree to supplement your responses to Interrogatory No. 2 by Wednesday, September 18, 2012.

1/24/2012

Thanks, Jesus

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO  80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

1/24/2012