IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

      Plaintiff,

vs.

MDX MEDICAL, INC. d/b/a VITALS.COM,

      Defendant.

**PLAINTIFF'S REPLY IN SUPPORT OF ITS
OBJECTIONS TO THE MAGISTRATE JUDGE'S RECOMMENDATION**

Plaintiff Health Grades, Inc. ("Health Grades"), by its undersigned counsel, respectfully submits its Reply to MDx Medical, Inc.'s Response to Health Grades Objections to the Magistrate Judge's Recommendation, dated December 12, 2011 ("Response") [Dkt. #108]:

**I.**     **REPLY**

    **A.**   **Health Grades Did Not Have the Information It Needed to Provide Detailed Doctrine of Equivalents Arguments *Until* It Received MDx's Markman Constructions on September 30, 2011**

MDx argues that Health Grades had access to MDx's non-infringement arguments prior to Health Grades serving the original infringement contentions. To support this, MDx cites a single paragraph from two attorney declarations stating MDx counsel informed Health Grades counsel of specific non-infringement defenses during a phone call in June 2011. (Response at 10.) Neither attorney declaration specifies which defenses were mentioned. (Dkt. 62-1; Dkt. 62-7.) This phone call did not give Health Grades sufficient information from which to develop responsive doctrine of equivalents arguments.

MDx also argues that it gave Health Grades a list of non-infringement arguments in its response to interrogatory no. 2 dated August 29, 2011.  While MDx did list what claim elements it alleges are missing, MDx did *not* state whether MDx's products contain an equivalent element and did *not* explain how MDX's accused products operate or function differently than the claim element.  (*See* Jesús M. Vázquez e-mail dated 1/17/2012, **Exhibit L** attached hereto (explaining the deficiencies in MDx's response to interrogatory no. 2).)  Indeed, Health Grades has recently filed a motion to compel MDx to provide a complete response to this Interrogatory.  (Dkt. 126.)

As such, Health Grades did not understand these non-infringement positions until it received MDx's Markman positions.  For example, claim 4 of the '060 patent requires that:

> the healthcare provider report includes a hyperlink to an affiliated hospital, medical center, or other type of treatment center.

(Infringement Contentions [Dkt. 62-3, pg. 31-32 of 123].)  Health Grades' original infringement contentions stated that this element was literally present in the accused product:



(*Id.*)  In its response to Interrogatory No. 2, MDx said only:

> - Claim 4:  The required hyperlink is completely missing, and the alleged links cited by Health Grades in its Infringement Contentions and Supplemental Infringement Contentions would vitiate this term, and could not possibly be equivalent.

(MDx' Interrogatory Responses, **Ex. D** to Objections [Dkt. 102-4 at pg. 9].)  This response did not make sense – clearly there is a hyperlink to a hospital shown in the MDx screenshot above. When MDx served its Markman contentions, its position became clear:  it was interpreting this claim element to require that the claimed hyperlink be "to the website of" a hospital, as opposed to a hospital report on its own website.  (MDx's Patent Rule 4-2 Disclosures, **Ex. G** to Objections [Dkt. 102-7 at pg. 10].)  Shortly after receiving these Markman contentions, Health Grades served its supplemental contentions asserting that *if* MDx's construction was adopted, it would infringe under the doctrine of equivalents because:

> MDx says it does not infringe the claim element because "the required hyperlink is completely missing, and the alleged links cited by Health Grades in its Infringement Contentions and Supplemental Infringement Contentions would vitiate this term, and could not possibly be equivalent."  Health Grades disagrees.  MDx appears to base this argument on its proposal that this term be construed as:  "Hyperlink to a website of the affiliated hospital, medical center, or other type of treatment center."  Health Grades opposes this construction.  Nevertheless, even if the claim requires that the hyperlink be directed to a hospitals website, MDx infringes under the doctrine of equivalents.  The purpose of the claim is to provide the patient with information about a healthcare provider's affiliated hospital.  That is the purpose of MDx's hyperlink.  The way the claim does this, according to MDx, is providing a hyperlink to the hosptial's website.  MDx provides a hyperlink to another webpage with information about the specified hospital.  This is substantially the same as the claim.  The result is the same.

(Redlined Supplemental Infringement Contentions, **Ex. I** to Objections [Dkt. 102-9 at pg. 31-32].)  Health Grades could not have made this argument *until* it received MDx's Markman contentions.  Within a month of receiving MDx's Markman contentions, Health Grades attempted to supplement its infringement contentions.  Such constitutes good cause for leave to supplement infringement contentions.

### B. The Supplemental Doctrine of Equivalents Arguments Clearly Rebut MDx's Claim Construction Positions

There can be no doubt that Health Grades' additional doctrine of equivalent arguments in the supplemental infringement contentions were made to *directly rebut* MDx's claim construction positions:

- "Should the Court adopt an alternative construction of the term "healthcare provider-verified," **such as defendant's proposed construction of** "information proved to be true directly and personally by the healthcare provider," MDx infringes literally and under the doctrine of equivalents."  (Redlined Supplemental Infringement Contentions, **Ex. I (part 1)** to Objections [Dkt. 102-9 at pg. 8-9] (emphasis added).)

- "To the extent that MDx does not literally infringe this element, it infringes under the doctrine of equivalents.  Should the court adopt an alternative construction of the term "information verified by the independent third-party source," **such as defendant's construction of** "proved to be true by an independent third-party source," MDx infringes literally and under the doctrine of equivalents."  (*Id.* at 18 (emphasis added).)

- "MDx says it does not infringe the claim element because "the required hyperlink is completely missing, and the alleged links cited by Health Grades in its Infringement Contentions and Supplemental Infringement Contentions would vitiate this term, and could not possibly be equivalent." Health Grades disagrees. **MDx appears to base this argument on its proposal that this term be construed as:** "Hyperlink to a website of the affiliated hospital, medical center, or other type of treatment center." Health Grades opposes this construction. Nevertheless, even if the claim requires that the hyperlink be directed to a hospitals website, MDx infringes under the doctrine of equivalents.  (*Id.* at 31-32 (emphasis added).)

- "MDx says it does not infringe the claim element presumably **based on its proposal that this term be construed as**: "[t]he results list contains an advertisement as a part of the results list." Health Grades opposes this construction. Nevertheless, even if the claim requires that the ad be part of the results list (it does not) and even if MDx's above-shown ad is not part of the results list, MDx still infringes under the doctrine of equivalents." (*Id.* at 39 (emphasis added); Redlined Supplemental Infringement Contentions, **Ex. I (part 2)** to Objections [Dkt. 102-10 at 1].)

MDx argues that this Court should refuse to entertain Health Grades' argument that the supplementation was based on MDx's claim constructions because it was not presented to

Magistrate Judge Boland.  (Response at 7.)  However, Rule 72 specifically authorizes this Court to consider additional evidence.  Fed. R. Civ. P. 72(b)(3) (In reviewing a magistrate judge's recommendation, "the district judge may . . . receive further evidence, or recommit the matter to the magistrate judge with instructions.")  The cases cited by MDx do not provide otherwise.

In *Henderson v. Echostar Communs. Corp.*, the Tenth Circuit noted that it was in the sound discretion of the district court to decide whether to accept new evidence.  172 Fed. Appx. 892, 896 (10th Cir. 2006).  In finding that the district court did not abuse its discretion in refusing to consider additional evidence, the court noted:

> We also point out that even if the district court had accepted the additional evidence, Mr. Henderson's ADA claim would **nonetheless have been dismissed**, as the court noted that "the new material would not change the result in this case."

*Id.* (emphasis added).  This facts of this case are very different.  The additional evidence, namely MDx's claim construction contentions, which were served on Health Grades less than a month before it supplemented its infringement contentions, provide additional and convincing evidence of good cause for permitting this supplement.

The other two cases cited by MDx are similarly off-point.  *Marshall v. Chater* did not even relate to Rule 72, but rather considered whether the Secretary of Health and Human Services erred in reopening a claimant's eligibility determination for social security benefits.  75 F.3d 1421, 1426 (10th Cir. 1996) ("Claimant argues . . . that the determination could not be reopened based on new and material evidence because the evidence was not 'new,' and because the reopening occurred more than four years after the prior determination.")  In *Robinson v. Younger*, Judge Nottingham considered objections to an order recommending summary judgment and exercised his discretion to refuse to hear an entirely new argument that the statute

of limitations should tolled due to defendant's mental incapacity.  No. 05-cv-01028-EWN-BNB, 2007 U.S. Dist. LEXIS 67156 (D. Colo. Sept. 11, 2007).  The posture of this case is very different.  Here, MDx relies on procedural technicalities to try to prohibit Health Grades from pursuing rebuttal arguments that were disclosed to MDx months ago.

MDx's claim construction contentions demonstrate good cause for supplementing the infringement contentions for the same reason that MDx's non-infringement interrogatory responses and new documents demonstrate good cause.  They should be considered in connection with Health Grades' objections to the Recommendation.

### C. <u>MDx Does Not Oppose Health Grades' Supplementation to its Literal Infringement Arguments</u>

In addition to adding rebuttal doctrine of equivalents arguments to its infringement contentions, Health Grades also supplemented its original literal infringement arguments to include citations to documents produced by MDx after it served its original infringement contentions.  (Redlined Supplemental Infringement Contentions, **Ex. I** to Objections [Dkt. 102-9 (part 1) & 102-10 (part 2)] (orange highlighted text designates additional evidence in support of original contentions).)  MDx's opposition focuses entirely on Health Grades' doctrine of equivalents arguments.  MDx does not take issue with these citations to additional evidence in support of original contentions.  As such, the Magistrate Judge erred in striking these portions of the supplemental contentions.

### D. <u>MDx's Prejudice Arguments Lack Merit</u>

Although MDx takes the position that no new arguments may be raised in connection with these objections, it nevertheless makes several new prejudice arguments.

MDx first argues that it based its claim construction positions on Health Grades' infringement contentions and it is too late for MDx to change them now. (Response at 9.) This argument fails because infringement is separate from, and irrelevant to, claim construction. *See, e.g., Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996) (holding that construing patent claims is a question of law for the judge, **separate** from determining whether **infringement** occurred which is a question of fact to be submitted to the jury); *Orion IP, LLC v. Staples, Inc.*, 406 F. Supp.2d 717, 737-38 (E.D. Tex. 2005) (criticizing the accused infringers because "many of [their] constructions seemed geared to their future non-infringement arguments."). Regardless, MDx's claim construction brief was not due until December 19, 2011, two months *after* it received Health Grades' supplemental infringement contentions.

Next, MDx argues that its invalidity positions were based in significant part on how Health Grades' pursued infringement. (Response at 9.) However, Health Grades has not changed its infringement positions – it has merely added rebuttal arguments that respond to MDx's non-infringement positions. To the extent that any of Health Grades' rebuttal infringement arguments warrant a supplementation to MDx's invalidity contentions, MDx has the option to seek leave to supplement its invalidity contentions. Indeed, MDx was recently permitted leave to supplement its invalidity contentions. (Dkt. 128.)

MDx lastly argues that Health Grades' supplemental infringement contentions were made "at the eleventh hour." (Response at 9.) This is simply not true. Health Grades served MDx with the supplemental infringement contentions on October 20, 2011 – it has known the sum and substance of these rebuttal arguments since October. At the time Health Grades served the supplemental contentions:

- No fact depositions had been taken.

- There was still three months left to fact discovery.

- The first set of expert reports was still 3 months away (they had been due on January 16, 2012).

After the Magistrate Judge struck the supplemental contentions, fact discovery and expert discovery were extended by one month. (Dkt. 90.) MDx has had plenty of time, and still has plenty of time, to process and respond to these supplemental contentions.

Moreover, both parties will likely need to seek leave to further supplement their contentions (infringement for Health Grades and invalidity for MDx) based on this Court's impending Markman Order and the recent production of ESI documents by both parties. For example, MDx produced more than 56,000 pages of documents to Health Grades in the last week. Health Grades is in the process of reviewing this massive production, and it is likely that these documents will provide good cause for further supplementing the infringement contentions because the documents are results of keyword search requests by Health Grades that were specifically targeted to discover documents that would support Health Grades' infringement claims. In sum, discovery is on-going, the parties are learning new facts, refining their theories, and developing rebuttal to each other's theories. This is the normal progression of a lawsuit. Health Grades' supplemental contentions are not unusual and will not cause prejudice to MDx.

Finally, MDx has not been surprised by the rebuttal doctrine of equivalents arguments. <u>Health Grades has indicated from the very beginning of this case, and consistently thereafter, that it intends to rely on the doctrine of equivalents for *all* elements that MDx contends are missing</u>:

- July 1, 2011 -- Infringement Contentions at pg. 3 (emphasis added) [Dkt. 62-3, pg. 5 of 123] ("At the time of this filing, Health Grades contends that MDx

> infringes claims 1, 4-11, and 14-16 of the '060 patent **both literally and under the doctrine of equivalents**.");
>
> - August 17, 2011 – telephone conversation between Health Grades and MDx counsel discussing supplementing infringement contentions. (*See* Email dated August 16, 2011, from S. Stimpson to J. Vazquez, **Ex. C** to Objections [Dkt. 102-3 at pg. 1] ("We are happy to discuss supplementing infringement contentions tomorrow")); and
>
> - October 3, 2011 -- Email from J. Vazquez to S. Stimpson, **Ex. C** to Objections [Dkt. 102-3 at pg. 9] ("We will rely on the doctrine of equivalents for any elements MDx contends are not literally present. What elements does MDx contend are not literally present? Once you provide us with this information, we will supplement.")

Moreover, MDx understood what elements it asserts are missing and that Health Grades would contend that what MDx does do is equivalent to the claim elements. MDx has had all of the information it needs about Health Grades' doctrine of equivalents for a long time. Accepting Health Grades' supplemental contentions will not cause MDx any prejudice in this case.

## II.     CONCLUSION

For the foregoing reasons, the Magistrate Judge's Recommendation should be set aside, and the October 20, 2011, supplemented infringement contentions should be allowed.

Respectfully submitted this 26th day of January, 2012.

                 ROTHGERBER JOHNSON & LYONS LLP

                 *s/ Jesús M. Vazquez*
                 Kris J. Kostolansky, Esq.
                 Jesús M. Vázquez, Jr., Esq.
                 Jeffrey D. Phipps, Esq.
                 1200 17th Street, Suite 3000
                 Denver, Colorado  80202
                 Tel:  (303) 623-9000
                 Fax:  (303) 623-9222
                 Email:  kkosto@rothgerber.com
                 jvazquez@rothgerber.com

jphipps@rothgerber.com

*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2012, I electronically filed the foregoing Objections and Motion for Reconsideration with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Scott David Stimpson, Esq.
Mark Jon Rosenberg, Esq.
David Chunyi Lee, Esq.
Sills Cummis & Gross P.C. -- New York
30 Rockefeller Plaza
New York, NY  10112
Email:  sstimpson@sillscummis.com
Email:  mrosenberg@sillscummis.com
Email: dlee@sillscummis.com

Terence M. Ridley, Esq.
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
Email:  ridley@wtotrial.com

Ramona L. Lampley, Esq.
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
Email: lampley@wtotrial.com

*s/ Jesús M. Vazquez*
Jesus M. Vazquez