**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

     Plaintiff,

vs.

MDX MEDICAL, INC. d/b/a VITALS.COM,

     Defendant.

---

**MDX MEDICAL, INC.'S RESPONSE IN OPPOSITION TO HEALTH GRADES, INC.'S
MOTION TO COMPEL DISCOVERY AND FOR AN AWARD OF FEES AND COSTS;
AND REQUEST FOR AN AWARD OF FEES AND COSTS TO MDX MEDICAL, INC.**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx") hereby files this response in opposition to the Plaintiff Health Grades, Inc.'s Motion to Compel Discovery and For An Award Fees and Costs Pursuant to Local Patent Rule 3-3 and Rules 37(a)(3)(B) and 37(a)(5) of the Federal Rules of Civil Procedure (Dkt. # 126, the "Motion"). As Health Grades, Inc. ("Health Grades") failed to comply with the meet and confer requirements of D.C.COLO.LCivR 7.1A, MDx's fees and expenses for this motion should be awarded to MDx.

**I.    HEALTH GRADES FAILED TO COMPLY WITH LOCAL RULE 7.1A**

D.C.COLO.LCivR 7.1A ("Local Rule 7.1A") states:

> A. Duty to Confer. The court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a pro se party, before filing the motion, has conferred or made ***reasonable, good-faith efforts*** to confer with opposing counsel or a pro se party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the ***specific efforts*** to comply with this rule (emphasis added).

Health Grades completely failed to comply with Local Rule 7.1A.  Not only did Health Grades not make "reasonable, good faith" efforts to resolve the disputes, its Motion entirely fails to identify the "specific efforts" made to comply with Local Rule 7.1A.  *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D. Colo. 2003) (Boland, J.) (failure to confer where insufficient details of the attempt to confer were presented).  At pages 14-15 of its Motion, Health Grades includes a bald and conclusory statement that broadly asserts, without reference to any specific request, that there was a conferral.  It only cites unidentified "e-mails" and "conversations" with absolutely no specifics at all.  *Id.*

The Health Grades failures to comply with this Rule for each of the discovery requests at issue are addressed below.  Given the failure of Health Grades to make any good faith effort, as expressly required by Local Rule 7.1A, the Court should not consider this Motion, and Health Grades should be required to properly confer with counsel for MDx.  *Id.*  Similarly, because Health Grades failed to comply with Local Rule 7.1A, and consistent with Federal Rules of Civil Procedure 37(a)(5)(B), Health Grades should be required to reimburse MDx for all its fees and expenses associated with responding to this baseless motion.[1]

## II.    INVALIDITY CONTENTIONS

The Failure to Satisfy Rule 7.1A

Health Grades requests that specific documents be identified, and specific pages be cited, for the public use prior art.  Motion at 4.  As far as MDx's counsel can recall, prior to this Motion Health Grades has never before made either of these requests.  And as the Health Grades

---

[1] Health Grades should not be permitted, for the first time in its reply memorandum, to try to identify specifics.  MDx is not aware of anything that could possibly satisfy Rule 7.1A, and Health Grades did not provide the required specifics in its Motion (to which MDx could have responded here).

Motion says nothing about its efforts to confer on these issues, the requests should be denied. *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D. Colo. 2003) (Boland, J.).

Health Grades also requests that MDx narrow its contentions. Motion at 5. While Health Grades has made rumblings on this issue before, no adequate meet and confer for this motion was held to the recollection of counsel for MDx. Indeed, Health Grades raised this issue, and then apparently dropped it, months ago – conversations on the issue are now stale. And, in any event, Health Grades' motion utterly fails to state "the specific efforts to comply" with the conferral requirement – not a single sentence can be found about conferral on this request, and so it should be denied. *Hoelzel,* 214 F.R.D. at 635.

The Substance

MDx has no objection to identifying specific documents and pages, and indeed it has already done so. The MDx recent second supplemental invalidity contentions were not attached to the Health Grades Motion, but they are attached here as Exhibit 1. *See, e.g.,* Exhibit 1, pages 5-6, 9-10, 13-14, 16, 20-21, and 23, of Appendix Chart (including specific citations to specific pages on the Health Grades Report prior art, etc.). This Health Grades complaint is confusing; indeed, Health Grades' counsel had no problem at the deposition on these prior art, having specific documents and pages on this prior art ready for discussion with the witness. *See, e.g.*, Exhibit 2, Transcript Portions of Deposition of Jeffrey LaPointe, pages 122-187. If what is disclosed already is truly not sufficient, and Health Grades still has a problem, then all Health Grades has to do is comply with Local Rule 7.1A and talk to counsel for MDx.

As for the combinations of references, the more references that have the same teaching, the more likely the jury will find the claim obvious. For example, with regard to the Health

Grades claim of something inventive in dependent claim 4's requirement of a "hyperlink," the case for obviousness is much stronger with ten references showing various uses of hyperlinks than with only one reference.  Health Grades should not be allowed to limit MDx to using only one reference to counter this Health Grades argument, when using multiple references presents a stronger invalidity case.  And in any event, the MDx invalidity contentions employ only about a dozen prior art references – well within acceptable range.  *Compare, e.g.*, *MedImmune, LLC v. PDL BioPharma, Inc.*, No. C 08-5590 JF (HRL), 2011 U.S. Dist. LEXIS 1721, at \*21 (N.D. Cal. Jan. 7, 2011) (finding no issue with invalidity contentions which grouped more than a hundred references as prior art that "anticipated and/or made obvious," noting that "Rule 3-3(b) can be satisfied even where anticipation and obviousness are described using an 'and/or' clause"); *Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.,* No. C04-05385 JW (HRL), 2007 US Dist. LEXIS 97464, at \*10-11 (N.D. Cal. Mar. 28, 2007) (finding compliance with Rule 3-3(b) even when invalidity contention "groups together references in an approach that results in literally billions of different possible combinations.").[2]

---

[2] It is unclear why Health Grades is even bothering with this issue now.  Health Grades has had these invalidity contentions *__since August__*, but sat on its hands and did nothing *__for five months__*. The decision of Health Grades to move on this issue at this late stage is very confusing -- the MDx expert report on invalidity is due on March 16 (it was due on February 16 when Health Grades filed this motion).  Any focusing of the invalidity issues will be there, where it belongs.

Additionally, MDx notes that the combinations of these relatively few references in fact is far less that what Health Grades portrays.  For example, Health Grades' allegation that there are 2029 combinations for claim 1 is wildly overstated.  *See* Motion, Exhibit 2 (Dkt. # 126-2).  Had Health Grades provided its mathematical calculations, MDx could address errors in those calculations.

### III.     <u>INTERROGATORY 2</u>

<u>The Failure to Satisfy Rule 7.1A</u>

On January 17, several months after this response was served, counsel for Health Grades sent a self-serving email, demanding a supplement to this interrogatory.  The parties then agreed to orally confer.  Counsel for Health Grades sent an email stating they were available for a short amount of time on the afternoon the email was sent.  Counsel for MDx, who upon receiving this email was just boarding a four-hour flight, asked for another time as he would be traveling during the window provided by Health Grades for the conference.  But this was the last correspondence.  Counsel for Health Grades did not respond with another time – they simply filed this motion.  See the email string attached as Exhibit 3.

In addition to the failure to make any good faith effort to confer on this issue, as for all discovery requests at issue, the Health Grades Motion is entirely silent on any specifics of the alleged conferral.  This request therefore should also be denied.  *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D. Colo. 2003) (Boland, J.).

<u>The Substance</u>

At page 7 of its Motion, Health Grades requests that MDx identify various things.  The first two bullets of what Health Grades wants, however, are not requested in this interrogatory, nor could MDx possibly be expected to identify for every piece of data (there are millions) where

it comes from and how it was obtained.  The data in the MDx system comes from many, many, different sources.

The third bullet on page 7 of the Health Grades Motion is also not requested in the interrogatory.  Nothing in the interrogatory requests MDx to "explain why" the MDx website operates the way it does.

Health Grades has noticed a 30(b)(6) deposition of MDx on the operation of the MDx website.  That is the proper approach – not this attempt to elicit responses to questions that were never asked.

## IV.       ENTRY AND INSPECTION OF RESTRICTED MDX WEBSITE PROPERTY

The Failure to Satisfy Rule 7.1A

This issue was first raised on December 15 at the break of a deposition.  Counsel for MDx has no specific recollection of any other sufficient discussions with counsel for Health Grades prior to this motion, only periodic emails.  Health Grades also fails to describe the "specific efforts" it made to resolve this issue in good faith.  Thus, the request should be denied. *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D. Colo. 2003) (Boland, J.).

The Substance

Health Grades here seeks entry into the restricted portions of the MDx website property. It wants access to this restricted property so that it can make changes and see what happens, and also to allow the Health Grades expert to "poke around" and see what he can find.  But Health Grades never sought an entry and inspection pursuant to Federal Rule of Civil Procedure 34(a)(2).  That provision is the only provision allowing testing and inspection of property controlled by an opposing party.

Having failed to request this in discovery, Health Grades here tries to shoe-horn this request *into its requests for production of documents*.  While Health Grades refers to its requests for electronically stored information, and its citation to the language from Federal Rule of Civil Procedure 34(a)(1), those are plainly and unmistakably requests for the production of documents.  Health Grades is trying to fit a square peg into a round hole, and should not be allowed to do so.

## V.     FINANCIAL DOCUMENTS

The Failure to Satisfy Rule 7.1A

Counsel for MDx recalls no detailed or sufficient conversations with counsel for Health Grades about this issue before the Motion was filed.  And no specifics were provided in the Health Grades Motion.  Moreover, and importantly, to our recollection, prior to filing this Motion Health Grades never disclosed to MDx arguments now found in its Motion, *e.g.*, the Health Grades "convoyed" sales and *Georgia Pacific* factor 6 arguments, found at page 11 of the Health Grades Motion.  There can be no "reasonable or "good faith" conferral where the moving party fails to even reveal the bases for its Motion.  For this reason, and because Health Grades again fails to identify any specifics of the alleged conferral in its motion, this request also should be denied.  *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D. Colo. 2003) (Boland, J.).

The Substance

The redacted information is clearly not relevant – they are other revenues unrelated to the MDx website.  They cannot be a basis for damages under any theory, and the Health Grades

vague references to "convoyed sales" and the *Georgia Pacific* factor 6 are not sufficient to plausibly claim otherwise.  At the very least, Health Grades should be required to address these convoyed sales and other arguments with counsel for MDx so the parties can try to resolve this dispute.  There cannot be a "reasonable", good faith effort to resolve disputes like this without any good faith communication about the Health Grades theories of relevance.[3]

## VI.      <u>INTERROGATORY 14</u>

<u>The Failure to Satisfy Rule 7.1A</u>

The parties have corresponded about this issue.  Counsel for MDx asked for clarification about what Health Grades wanted in early December and ***<u>specifically requested an oral conversation</u>***.  But the conversation never happened, so on January 6, counsel for MDx sent a follow-up email.  On January 17, ignoring the MDx request to discuss the issue, Health Grades sent a self-serving email simply demanding a response.  But before receiving that response, Health Grades barged ahead with its Motion, ignoring the MDx requests for a conferral.  See Exhibit 4.   In addition, the Health Grades Motion fails to provide any specifics of the alleged efforts to comply with this Local Rule 7.1A.  For these reasons, Health Grades failed to comply with Local Rule 7.1A for this request, too, and it should be denied.

---

[3] On January 27, at the request of counsel for MDx, counsel for the parties attempted to address the convoyed sales and other issues, but that was only ***<u>after</u>*** this motion was filed.  The conversation was unproductive – it was neither "reasonable" nor a "good faith" effort to resolve disputes as required by Local Rule 7.1A, even if it had been prior to the Motion.  (If Health Grades challenges this in its Reply, and somehow claims that this untimely January 27 conversation was "reasonable" or in "good faith" or somehow otherwise belatedly satisfied its Local Rule 7.1A obligations, then MDx will request a Sur-Reply to address the specifics of that conversation and provide related correspondence.)

The Substance

Health Grades' counsel has, since filing this Motion, talked with counsel for MDx and explained what it wants.  Accordingly, MDx is supplementing its response to this interrogatory.

## VII.    FEES AND COSTS

This Health Grades Motion should be denied in its entirety, first because Health Grades totally and completely failed to comply with Local Rule 7.1A, and also because it is substantively deficient in every respect.  Federal Rule of Civil Procedure 37(a)(5)(B) provides that in such circumstances the court "must" require the movant to pay the party opposing the Motion its reasonable expenses and attorneys' fees.  MDx respectfully requests that award.

## VIII.    <u>CONCLUSION</u>

For all the foregoing reasons, MDx respectfully requests that the Court deny the

Health Grades Motion in its entirety, and award MDx its fees and costs.

Dated:  February 8, 2012                          Respectfully submitted,


                                          *s:/Scott D. Stimpson*
                                          Scott D. Stimpson
                                          Scott B. Murray
                                          David C. Lee
                                          Sills Cummis & Gross P.C.
                                          30 Rockefeller Plaza
                                          New York, New York 10112
                                          Tel: (212) 643-7000
                                          Fax: (212) 643-6500
                                          E-mail: sstimpson@sillscummis.com
                                          E-mail: smurray@sillscummis.com
                                          E-mail: dlee@sillscummis.com

                                          and

                                          Terence Ridley, Atty. No. 15212
                                          Ramona Lampley, Atty. No. 37288
                                          Wheeler Trigg O'Donnell LLP
                                          1801 California Street, Suite 3600
                                          Denver, Colorado 80202
                                          Tel:  (303) 244-1800
                                          Fax:   (303) 244-1879
                                          E-mail: ridley@wtotrial.com
                                          E-mail: lampley@wtotrial.com

                                          *Attorneys for Defendant*
                                          MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2012, I electronically filed the foregoing MDX MEDICAL, INC.'S RESPONSE IN OPPOSITION TO HEALTH GRADES, INC.'S MOTION TO COMPEL DISCOVERY AND FOR AN AWARD OF FEES AND COSTS; AND REQUEST FOR AN AWARD OF FEES AND COSTS TO MDX MEDICAL, INC. with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez , Jr.**
  jvazquez@rothgerber.com, phenke@rothgerber.com

- **Kris John Kostolansky**
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- **Jeffrey David Phipps**
  jphipps@rothgerber.com, kmeans@rothgerber.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Scott Butler Murray**
  smurray@sillscummis.com

- **Mark Jon Rosenberg**
  Mrosenberg@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

- **Ramona L. Lampley**
  lampley@wtotrial.com, keitlen@wtotrial.com

_s:/David C. Lee_