# EXHIBIT 4

**From:** David C. Lee
**Sent:** Friday, January 06, 2012 4:55 PM
**To:** 'Vazquez, Jesus'
**Cc:** Scott D. Stimpson; Scott Murray
**Subject:** Health Grades, Inc. v. MDx Medical, Inc.; Civil Action No. 11-CV-00520-PAB-BNB

Jesus:

This is to follow up on discovery matters.

HG Document Production on December 30th

We have received the DVD containing Health Grades' December 30th production.  The DVD appears to contain 65,000+ pages of mostly Allen Dodge's e-mails, with some (but seemingly not all) of the supplements we agreed upon in our December 21st agreement.  Frankly, we were not expecting another 50,000+ pages of Allen Dodge's emails.  Please let us know as soon as possible what else this production contains and why it was not produced earlier.  It is now less than one week before inventor depositions and we need this information immediately so that we can try to avoid another round of depositions.

Interrogatory 1 and 3 Supplements

Thank you for sending these verified supplements.  They do not contain everything we agreed upon, however.  Interrogatory 1 is missing the information in your August 5, 2011 email saying that all inventors contributed to all claims.  Interrogatory 3 needs to include the work experience bios as an appendix, as you have done with the reduction to practice personnel.  Please supplement these interrogatories immediately, as they relate to the inventors, and inventor depositions are next week.

Document Requests Accompanying Subpoenas

The time has passed for Health Grades to object to our subpoenas of David Hicks and Scott Montroy.  The documents of David Hicks and of Scott Montroy (outside the Health Grades system), as requested in the subpoenas, were due December 30th.  Please let us know if they have been produced, as inventor depositions are next week.

Health Grades' ESI

Your December 8th email said that Health Grades did not search documents dated after the filing of this lawsuit.  But we explained in our December 12th email why Health Grades needs to do so.  The December 30th production seems to include Allen Dodge's emails dated after the filing of this lawsuit, but otherwise we have not found other documents dated after the filing of this lawsuit.  Please let us know if documents dated after the filing of this lawsuit are still being withheld.

Please also let us know whether Health Grades has produced documents resulting from the search term "060 patent", as agreed in our December 21st agreement.

Interrogatory 6 and 8 Supplements

Please let us know when Health Grades will provide these verified supplements.

MDx Supplemental Response to Interrogatory 14

We have not heard back from you regarding our December 12th email, in which we asked you what you have in mind for this supplement.

Regards,
David



**David C. Lee**
Associate

**New York** | Map    d (212) 500-1546    f (212) 643-6500    30 Rockefeller Plaza    New York, NY 10112

2/7/2012

**From:**   Scott D. Stimpson

**Sent:**   Monday, December 12, 2011 5:46 PM

**To:**   'Vazquez, Jesus'

**Cc:**   Scott Murray; David C. Lee

**Subject:** Discovery issues and motion to compel

Jesus:

This responds to your December 8 email, and your email today.

With regard to your email today, we cannot withdraw any of these issues.  For one thing, unless HG is willing to pay our fees associated with this motion, we are entitled to those fees under the Federal Rules.  Second, as you will see below, HG has still not complied fully with our discovery requests.  If we have full compliance before the hearing next week, we will withdraw the requests for production (but not our request for fees).

Our responses to your December 8 email are provided below, and this should also respond to your questions in today's email.

Regards.

Scott

YOUR DECEMBER 8 EMAIL WITH OUR COMMENTS IN RED

Scott:

I'm writing to address various discovery issues in the case.

Health Grades' ESI

Tomorrow we will send you via FedEx a CD containing 6,414 documents which are the results of the searches conducted by Health Grades for the first and second set of terms you requested, with two exceptions discussed below.  Specifically, you will receive results of searches for the terms "prior art", "vitals!", and "patent application" in the electronic files of Dave Hicks, and the email files of Dave Hicks and John Neal. You will also receive the results of searches for the terms "MDx", "vitals!", "competitor!" and "royalty" in the electronic files of Allen Dodge and in the HG general servers, as well as in the email files of Allen Dodge and John Neal.  Additionally you will receive results of searches for the terms "physician research comparison report", "physician report", "PQR" and "PQG" within the electronic files of Dave Hicks, and within the email files of Dave Hicks and John Neal.  As we agreed, the search results we are providing exclude any documents or communications created after the date we filed the lawsuit, i.e., March 2, 2011.

We have received the two CDs, thank you.  But have some questions about what they contain.  For example, do they include documents resulting from the search terms "quality guide" and "physician research comparison report"?  Your e-mail does not mention "quality guide", and the search results list you sent on November 22nd included the term "physician research result" (with zero hits) rather than our requested term of "physician research comparison report."

We would also like to discuss whether it is possible for you to provide the production to us as a Summation load file.  We will be happy to do the same for our production to you.

2/7/2012

Regarding your last sentence above, we never agreed to exclude documents or communications created after March 2, 2011.  We only agreed that that the parties do not need to **log privileged or work product documents** dated after the filing of the complaint, per your August 5th email.  Relevant, non-privileged documents and communications created after March 2, 2011 must be produced.

With respect to your request that we search for the term "profits" in the electronic files of Allen Dodge and John Neal and within the HG general servers, as you noted in your pending motion we initially objected that the searches you requested were too broad, and the request for the term "profits" was part of that objection.  Nonetheless, at your request and in a good faith effort to resolve the discovery issues, Health Grades is running that search and we hope to have those search results by Friday such that we can send you a CD by Monday.

It has been more than three months since we requested this search, and we still do not have a single electronic document in response.  We appreciate that you say we are getting them soon, but given the history, until we have them in hand we cannot withdraw our request to compel their production.

With respect to John Neal's electronic files, as you know he lives and works in Florida, and uses his own computer in his home office. Pursuant to our request when the case began, John searched his electronic files on his home computer and told us that he has no documents in his electronic files that are relevant to the case.  Health Grades was able to search his email files, and we are providing the search results from those searches on his email files.

We will need John Neal to search his electronic files using the search terms.  We understand that both Windows and Apple computers index their electronic files to make them content searchable.  Please let us know whether John Neal has done so.

Similarly, as you know Scott Montroy is not employed by Health Grades, and there is no connection between Health Grades and his current employer, Blue Cross/Blue Shield of Florida.  Thus we cannot force his employer to search his electronic files or emails.  However, as we did with John Neal, at the outset of the case we asked Mr. Montroy to provide us with any documents he had in his possession that were relevant to the case, and he had no such documents. This of course is not surprising given the many years that have elapsed between the time the patent was prosecuted and the filing of the lawsuit.  Nonetheless, in a further good faith effort to address your request and identify relevant documents involving Mr. Montroy, we searched for the term "Montroy" within Dave Hicks and John Neal's emails, and we are providing those search results within the materials we are sending you via FedEx tomorrow.

We appreciate that Health Grades searched Dave Hicks and John Neal's files and emails for "Montroy."  But similar to John Neal, we will need Scott Montroy to search his emails and electronic files using search terms.

The two exceptions I referenced above are the terms "compare!" which you agreed to withdraw, and the term "060."  As to "060" we were informed by Health Grades that they suspended the search for the term because due to the way the search function operates, it was pulling all variants including time stamps and the data was excessively broad.  As to the term "compare!", although you agreed to withdraw it, we are nonetheless including the results for the search in the materials we are sending you tomorrow.  Additionally, we ran a search for the term "comparison ratings" within these materials, and there were no hits for that term.

Regarding the "060" term, please have Health Grades narrow this and use the search term "060 patent" instead.

We trust that in light of the foregoing assurances you will remove the ESI issue from your pending motion as you had offered to do.

We appreciate receiving the two CDs and the assurances, but given the history of delay we cannot withdraw this portion of the Motion until we have the documents in hand.

<u>MDx's Third Search Request</u>

2/7/2012

With respect to your third request for searches, i.e., that we run the same searches we asked MDx to run in our email of November 9, there continue to be issues with this request.  As a preliminary matter, as you know when we received MDx's first two search requests we did not ask that MDx run those same two searches. The Scheduling Order does not state that a party making a search request must agree to run the same search it is requesting.  Our request on November 9 was narrowly tailored to be run by MDx on MDx's servers and on certain of its employees files and documents. Your request that we run the same search was thus surprising, and confusing.  When we requested that you clarify what MDx was requesting, in an email dated November 17 you simply copied our requests and changed all references to "Health Grades" to "MDx." You did not include any mention of where you want Health Grades to search, which is another problem with this "us too" reaction to our requests.

As you accurately stated in your pending motion, we have not conferred sufficiently on this issue to make it a part of the pending motion.  I think we should confer further and try to resolve this issue.  I have alerted Health Grades that the parties may reach agreement on supplemental search requests, and that if that occurs, to be prepared to expedite the supplemental search to the extent possible.

We would like to discuss these terms with you as soon as possible.  If we cannot resolve this prior to the hearing, then we intend to bring it up with the Court next week.

## MDx's ESI

Earlier today we received an email from David providing partial hit results for the searches we requested. David indicated that search number 4 "generated too many results."  That search requested MDx search its general servers and the electronic files of Erika Boyer, Jeff Cutler, Larry West, Mitchell Rothschild and Jeff LaPointe for the five terms "comparison ratings" and "comparison rankings" and "compare" and "ratings" and "rankings" - the searches were not to be case sensitive.  We understand from David's email that the search yielded "18437 files." While that is certainly a large number of files, in light of the importance of the two terms "comparison ratings" and "comparison rankings", we request that you please re-run the search for only those two terms. We view this as similar to our agreement to run the search for the term "profits" in light of the term's potential relevance to the issue of "lost profits," and despite the obvious broad nature of the search request.  To make sure there is no misunderstanding, we are withdrawing our request that you search for the terms "compare", "ratings", and "rankings", and are requesting that you search only for the two terms "comparison ratings" and "comparison rankings".

MDx has searched its general servers and the electronic files of Erika Boyer, Jeff Cutler, Larry West, and Mitchell Rothschild, for the terms "comparison ratings" and "comparison rankings".  This search produced 1313 results.  This number seems reasonable, but as before, we will need to examine the documents to see if they are of an unreasonably large size.

We would appreciate knowing by when you anticipate you will provide us with the search results to our requests, both the November 9 request and also the request set forth above for the terms "comparison ratings" and "comparison rankings".  Thanks in advance for your attention to this question.

The email searches for Erika Boyer, Jeff Cutler, Larry West, and Mitchell Rothschild are still in progress.  We anticipate having the search results by end of this week.  For search terms having reasonable results, we anticipate having the documents to you by end of next week.

## Health Grades RFP Nos. 5 and 6, and Interrogatory No. 14

The issue with the two RFPs can be resolved and put to rest if you can confirm that all documents relating to MDx's policies and actions taken to avoid infringement have been produced.  You keep saying that MDx has "never infringed," and that thus there are "no documents truly responsive to such request."  We stand by our position that this type of wordplay is disingenuous in light of the website changes MDx has admitted it made specifically as a consequence of the '060 patent, and particularly in light of Mr. Rothschild's email discussing Vitals' "policy" that Vitals "never violate intellectual property rights of other parties."  I think the Court would agree that "never violate intellectual property rights of other parties" is the same as saying "never infringe

2/7/2012

patent rights of other parties," *particularly here where the email is specifically addressing the '060 patent*. Thus, please confirm that you have produced all documents relating to MDx's efforts to avoid violating the '060 patent, which would include but not be limited to the "policies" alluded to by Mr. Rothschild in his email and also all documents relating to the changes made to the website in light of the '060 patent. While it is true that David and I discussed "before and after screen shots" that MDx contends are responsive to our requests, we do not believe all responsive documents have been produced and request your confirmation as set forth above.

With regard to RFP 5, we confirm that we are not withholding any relevant documents found from a reasonable search. RFP 6 is overly broad, so we cannot make the same confirmation there.

With respect to Interrogatory No. 14, we believe that MDx's response must be supplemented in light of Mr. Rothschild's email. Please let us know if MDx will supplement its response, and by when. Thanks in advance for your attention to these requests.

Let's discuss interrogatory 14 when we have our call -- we would like to know what you have in mind.

## The Recent MDx Document Production

Contrary to your contention, we have never "acquiesced" to MDx's objections to Health Grades' document requests, and those objections certainly do not justify you withholding non-privileged, responsive documents in your possession. This is a legitimate complaint that has nothing whatsoever to do with your pending motion. Within the next week we intend to revisit MDx's objections, responses and document productions to date and confer with you regarding the same. We truly hope that further motion practice will not be necessary in this regard, but reserve the right to seek Court intervention if we cannot resolve the issues.

## Additional Health Grades' Financial Documents

With respect to the documents discussed on pages 11 and 12 of your pending motion, as you know we have already produced the company's 10K's and other documents responsive to your requests. While we can agree to disagree regarding your characterization in your motion of the Health Grades' production as "meager," in a good faith effort to resolve this issue we plan to send you a CD on Friday via FedEx that will contain monthly financial information and supporting accounting detail for the years 2008, 2009, 2010 and 2011 to date. We hope that this production will resolve the issues on pages 11 and 12 of the pending motion.

We have received two CDs and are reviewing them.

## Health Grades' Supplementations and Productions and its Response to the Motion to Compel

By close of business on Friday we will have supplemented our response to Interrogatory Nos. 8 and 9. We are also evaluating Health Grades' responses to the other interrogatories at issue in your pending motion and anticipate making further supplemental responses. We will also have provided you with the additional financial information and ESI discussed above. These are issues that I hoped to address with you when I asked that you send me a copy of your motion *before* you filed it so as to afford us the possibility of conferring further and resolving them. In any event, we hope you will be available on Monday before we file our response to your motion so that we can confirm what issues you may agree to remove from the motion in light of our supplemental responses and productions.

We have not had sufficient time to review the CDs and supplemental responses, so we cannot agree today to remove any of the issues at this time. Our quick review indicates that at least some of the responses are not sufficient. But we are open to doing so (except for the fees issues) prior to or at the hearing if indeed issues have been resolved.

Thanks, Jesus

Sills Cummis & Gross P.C.

website | bio | v-Card | email

**Scott D. Stimpson**
Member of the Firm

**New York** |Map    d (212) 500-1550    f (212) 643-6500    30 Rockefeller Plaza    New York, NY 10112

2/7/2012