## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

---

### HEALTH GRADE, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY AND FOR AN AWARD OF FEES AND COSTS PURSUANT TO LOCAL PATENT RULE 3-3 AND RULES 37(a)(3)(B) AND 37(a)(5) OF THE FEDERAL RULES OF CIVIL PROCEDURE

---

Pursuant to Rules 37(a)(3)(B) and 37(a)(5) of the Federal Rules of Civil Procedure, Plaintiff Health Grades, Inc. ("Health Grades") respectfully files its Reply in Support of its Motion to Compel Discovery and for an Award of Fees and Costs Pursuant to Local Patent Rule 3-3 and Rules 37(a)(3)(B) and 37(a)(5) of the Federal Rules of Civil Procedure:[1]

**1.    Health Grades Conferred with MDx Regarding the Subject of Its Motion to Compel**

The primary thrust of MDx' response is its contention that Health Grades did not adequately confer with MDx prior to filing its motion. This is not true. Unlike the *Hoelzel v. First Select Corp.* case cited by MDx, Health Grades' counsel conferred with MDx's counsel numerous times regarding the issues, including in person during the depositions of Jeff LaPointe and David Hicks, via telephone conversations, and via numerous email exchanges. As shown

---

[1] On February 15, 2012 – three weeks after Health Grades filed its Motion to Compel - MDx finally served a supplemental response to Health Grades' Interrogatory No. 14. In light of the supplemental response Health Grades withdraws this issue from the pending motion, but not its associated request for fees.

below, the emails exchanged articulated the parties' positions *in detail*.  The following

demonstrates that the parties conferred, verbally and in writing, about the issues:

- <u>Exhibit 12</u> -- Demonstration of the Accused Website:

  - 1/18/12 e-mail from Scott Murray to Jesús Vázquez regarding "Further Conferral re Log-in Credentials . . . ."

  - 1/17/12 e-mail from Jesús Vázquez to Scott Murray re same.

  - 1/13/12 e-mail from Scott Murray to Jesús Vázquez re same.

  - 1/6/12 e-mail from Jesús Vázquez to Scott Murray re same.

- <u>Exhibit 13</u> -- MDx's non-infringement contentions (interrogatory no. 2):

  - 1/24/2012: e-mail from Jesús Vázquez to Scott D. Stimpson regarding "Conferral re MDx's Responses to Interrogatory No. 2.mdx"

  - 1/18/2012: e-mail from Scott D. Stimpson re same.

  - 1/17/2012:  e-mail from Jesús Vázquez to Scott D. Stimpson re same.

- <u>Exhibit 14</u> --  Demonstration of Accused Website and Financial Information

  - 1/6/12 e-mail from Jesús Vázquez to Scott Murray regarding "Further Conferral re Log-in Credentials . . . ." (confirming verbal conferral regarding these issues at the deposition of Jeff LaPointe).

  - 1/13/12 e-mail from Scott Murray to Jesús Vázquez re same (confirming verbal conferral regarding these issues at the deposition of David Hicks).

  - 1/13/12 e-mail from Scott. D. Stimpson to Jesús Vázquez re same.

  - 1/13/12 e-mail from Jesús Vázquez to Scott. D. Stimpson re same.

- <u>Exhibit 15</u> --  Demonstration of Accused Website and Other Issues:

  - 1/5/12 e-mail from Scott Murray to Jesús Vázquez regarding "ESI results; Website access; Neal Deposition; Montroy Deposition."

  - 1/5/12 e-mail from Jesús Vázquez to Scott Murray re same.

  - 1/4/12 e-mail from Jesús Vázquez to Scott Murray re same.

- <u>Exhibit 16</u> -- Financial Information:

- o 1/6/12 e-mail from Jesús Vázquez to Scott D. Stimpson regarding "MDX Pages with Redacted Info"

- Exhibit 17 -- MDx's Invalidity Contentions

  - o 12/19/11 e-mail from Jesús Vázquez to Scott D. Stimpson regarding "Contention Supplements."

  - o 12/16/11 e-mail from Scott D. Stimpson to Jesús Vázquez re same (confirming verbal conferral regarding invalidity contentions during Jeff LaPoint's depositions).

  - o 9/22/11 e-mail from Scott D. Stimpson to Jesús Vázquez re "Discovery issues; and supplementation."

  - o 9/12/11 e-mail from David Lee to Jesús Vázquez re "Insufficiency of MDx's Invalidity Contentions and Disclosures."

  - o 9/2/11 Letter from Jesús Vázquez to Scott D. Stimpson

- Exhibit 18 – Declarations of Kirstin Stoll-DeBell and Jesús M. Vázquez

Despite these efforts, the parties have not been able to resolve their disputes.

In sum, Health Grades did more than enough to meet the requirement to confer with MDx on these issues.  For MDx to contend otherwise is simply ridiculous.

**2.**     **This Court Should Compel MDx to Provide Specific Page Cites for the Disclosed Prior Art**

MDx does not dispute that it has a duty to provide specific citations to each specific item of prior art it intends to rely on at trial.  Rather it argues it complied with this requirement in its second supplemental invalidity contentions that it filed on February 1, 2012.  (MDx Response at 3 (Dkt. 135).)  While it finally included some Bates numbers for some Health Grades documents, it did not do this for *all* of its prior art references.  For example, it has not identified any documents it intends to rely on for the GeoAccess prior art, stating only:

> Public use of www.ingenix.com web site, including GeoAccess brochures ("GeoAccess prior art"), dates of public use: 11/7/2004, 11/14/2004, 11/15/2004, and 12/8/2004, identity of person making the use: Jeff LaPointe.  Prior art under at least 35 U.S.C. § 102(b).  The www.ingenix.com web site and GeoAccess brochures are also prior art by being publicly known, on information and belief, having been made publicly known by Ingenix, Inc. on at least 11/7/2004, 11/14/2004, 11/15/2004, and 12/8/2004.  The www.ingenix.com web site and GeoAccess brochures are also prior art as a publication, on information and belief, having been published by Ingenix, Inc. on at least 11/7/2004, 11/14/2004, 11/15/2004, and 12/8/2004.  Other provisions of 35 U.S.C. § 102(b) may also become applicable as discovery progresses.

(Second Supplemental Invalidity Contention at 5 (Ex. 18).)  If it has GeoAccess documents and intends to rely on them for invalidity, it was required to disclose those to Health Grades months ago.  MDx argues that Health Grades had no problem finding GeoAccess documents and asking deposition questions about them, admitting that this information is discoverable, but the Patent Rules require MDx to go on the record and state its contentions early, including identifying the prior art documents it will rely on, to avoid the "shifting sands" approach to patent litigation whereby a party changes its invalidity position during the course of litigation.

Moreover the Patent Rules require MDx to state "**where specifically in each alleged item** of prior art each element of each asserted claim is found."  Local Rule 3-3(c).  Because MDx has not provided Bates numbers for the prior art references, its page cites in its claim chart do not make sense.  For example, MDx's claim chart states:

> GeoAccess prior art: The GeoAccess prior art meets this claim language.  See, e.g., page 2, "With GeoAccess' ProviderLookup Online service, individuals can look up information

> **Prior Art References that Render Asserted Claims of the '060 Patent Invalid**[2]
>
> about convenient providers from your Internet site-24 hours a day, 7 days a week."  Page 3, "ProviderLookup Online runs on Internet servers in GeoAccess' Internet Operations Center . . . ."

(Second Supplemental Invalidity Contention Charts at 1-2 (Ex. 19).)

Page 2 and page 3 of what?  MDx must be more clear than this.

As such, Health Grades respectfully requests that this Court require MDx to: (1) specifically identify (by Bates number) which specific documents it is relying on that relate to the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, and the RateMDS prior art; and (2) provide specific pages cites (using Bates numbers) to show "where specifically in each alleged item of prior art each element of each asserted claim is found."

### 3.   This Court Should Compel MDx to Provide a List of Specific Combinations for its Obviousness Assertions

MDx does not dispute that Local Patent Rule 3-3(b) requires it to specifically allege each combination of prior art it asserts for each claim.  It has not done so.  Rather, it has said it is relying on:

> Claim 1 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art.  Claim 1 is also rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art and further in combination with at least one of the '855 prior art, the '138 prior art, the '528 prior art, the '187 prior art, and the RateMDs prior art.  The motivation for combining

(Second Supplemental Invalidity Contentions at 7 (Ex. 18).)

This language is completely unclear.  It seems to say that each of these references *may* be (or may not be) combined with one of more of the other references to render the claims invalid. There are at least 12 references, which would equate to 2,029 combinations.  (List of Possible Combinations for Claim 1 (Ex. 2 to the Motion) (Dkt. 126-2).)  MDx needs to disclose each and every combination it intends to rely on – specifically stating on which of the 2000+ combinations

5

in Ex. 2 it intends to rely for each claim.  Whether the number of combinations MDx ultimately

discloses is reasonable or not cannot be decided until it discloses what specific combinations it

intends to rely on at trial.

**4.**      **This Court Should Compel MDx to Supplement Its Response to Interrogatory No. 2**

MDx opposes this request arguing that Health Grades should get the information

through a Rule 30(b)(6) deposition.  (MDx Response at 6.)  This is not a proper basis for

refusing to respond to an interrogatory.  Indeed, if this were the case, no party would ever

have to respond to an interrogatory.

MDx also argues that Interrogatory No. 2 did not seek information explaining

how the MDx website operates.  (MDx Response at 6.)  Not true.  Interrogatory No. 2

stated:

> **Interrogatory No. 2.**
>
> With respect to any of version of MDX's Accused Products, using a claim chart, state in detail
> MDX's bases for any assertions of non-infringement of the patent in suit on a claim-by-claim, element-
> by element basis.  Your answer should include a statement of MDX's interpretation of each claim
> element, a statement whether MDX's Accused Products provide(s) such an element or an equivalent and,
> if not, an explanation how MDX's Accused Products operate or function differently than the claim
> element and a particularized statement why a component, feature or function of Accused Products is not
> a substantial equivalent of the pertinent claim element.

(emphasis added.)  Yet, MDx's response did not provide "an explanation of how its product

functions differently than the claimed element" and did not contain "a particularized statement"

of why the way it does function "is not a substantial equivalent" to what is claimed.  So for

example, the patent claims require:

> accessing healthcare provider-verified information about the first healthcare
> provider, wherein the healthcare provider-verified information is received from
> the first healthcare provider and comprises three or more from the group

consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies . . . .

MDx's interrogatory responses stated that it did not have this element because "For most of the MDx data, the information required by this portion of the claims is not verified by the healthcare provider."  (Ex. 4 at 7 (Dkt. 126-4).)  This is not sufficient.  Interrogatory No. 2 asked for a detailed explanation as to why it contends its product is different than claimed.  This necessarily requires an explanation of which of the claimed information is verified by a healthcare provider and which is not and a particularized explanation for why what MDx does is not equivalent to what the claims call for.  The rest of the MDx's response to Interrogatory No. 2 is similarly deficient.  (*See* Jesús M. Vázquez e-mail dated 1/17/2012 (and related e-mail string) (Ex. 5).)

As such, Health Grades respectfully requests an order compelling MDx to supplement its response to Interrogatory No. 2 to provide a complete explanation as to how MDX's Accused Products operate or function differently than the claim element for each of the non-infringement defenses identified in its original response as well as a particularized statement why a component, feature or function of Accused Products is not a substantial equivalent of the pertinent claim element.

**5.      This Court Should Compel MDx to Provide Health Grades with Log-In Credentials or Demonstrations of the Accused Products**

Health Grades wants its expert to be able to use MDx's software to demonstrate a full version of MDx's accused website so that he can understand how it operates and give an infringement opinion in this lawsuit.  It is a simple as that.  This information is clearly relevant and Health Grades has asked for it in several different ways.  (*See* Request No. 2, 2e, 2f, 2h, and 2p (Ex. 6 at pp. 9-12) (Dkt. 126-6).)  Yet, MDx refuses to provide this information objecting that Health Grades should have sought entry and inspection under Fed. R. Civ. P. 34(a)(2).  This is

not true, but even if it was, Health Grades' First Request for Production of Documents did request inspection and was *not* limited to Rule 34(a)(1).  (Dkt. 126-6).

In an effort to be efficient and save costs, Health Grades asked that MDx provide it with log-in credentials for its demonstration system rather than requiring MDx to produce an entire demonstration copy of MDx software to Health Grades.  MDx does not argue it does not have demonstration log-in credentials or that it would burdensome to provide this information to Health Grades.  Instead, it insisted Health Grades produce the same thing to MDx.  This is not how the Rules of Civil Procedure work.  MDx is playing games and should have provided this highly relevant information to Health Grades long ago.

As such, Health Grades respectfully requests an order compelling MDx to comply with Document Request Nos. 2(e), (f), (h), and (p).

## 6.  <u>This Court Should Compel MDx to Provide Health Grades with Complete Financial Information</u>

Health Grades seeks financial information relating to revenues associated with the accused website.  MDx objects arguing that the revenues Health Grades seeks "cannot be a basis for damages under any theory," but MDx does not state why this is so.  Health Grades is at a disadvantage because it has not seen the documents MDx is withholding, which makes it difficult to articulate a specific relevance argument.  Health Grades believes that some of the revenues in dispute relate to hospital reports from the accused website, whereas the claims are focused on physician reports.  Nevertheless, both MDx's physician reports and hospital reports are related, are accessible from the same website, and each drives revenue for the other.  Moreover, patent damages are awardable for products that do not themselves infringe the claims under multiple different theories including "convoyed sales" and Georgia-Pacific factor 6 for reasonable royalty.  Relevant information need not be admissible at the trial if the discovery

appears reasonably calculated to lead to the discovery of admissible evidence. Whether these financial documents are ultimately admissible and whether they support Health Grades damages case or not, is not the issue to be decided right now. They are clearly related to MDx's accused website and Health Grades' claim for damages. They should be produced.

As such, Health Grades respectfully requests an order compelling MDx to comply with Document Request Nos. 4(a), (b), and (k).

**6.    Fees and Costs**

MDx's refusals to comply with discovery are unjustified, and accordingly Health Grades respectfully requests an award of all its fees and costs associated with this motion.

ROTHGERBER JOHNSON & LYONS LLP

*s/ Jesús M. Vázquez*
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Jeffrey D. Phipps, Esq.
1200 17th Street, Suite 3000
Denver, Colorado  80202
Tel:  (303) 623-9000
Fax:  (303) 623-9222
Email:  kkosto@rothgerber.com
             jvazquez@rothgerber.com
             jphipps@rothgerber.com

*Attorneys for Plaintiff/Counterclaim Defendant
Health Grades, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February, 2012, I electronically filed the foregoing **HEALTH GRADE, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY AND FOR AN AWARD OF FEES AND COSTS PURSUANT TO LOCAL PATENT RULE 3-3 AND RULES 37(a)(3)(B) AND 37(a)(5) OF THE FEDERAL RULES OF CIVIL PROCEDURE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Mark Jon Rosenberg
David Chunyi Lee
Scott B. Murray
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY  10112
Email:  sstimpson@sillscummis.com
Email:  mrosenberg@sillscummis.com
Email:  dlee@sillscummis.com
Email:  smurray@sillscummis.com

Terence M. Ridley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
Email:  ridley@wtotrial.com

Ramona L. Lampley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
Email: lampley@wtotrial.com


*s/ Jesús M. Vazquez*
Jesus M. Vazquez