**From:** Scott Murray [mailto:SMurray@sillscummis.com]
**Sent:** Wednesday, January 18, 2012 8:33 AM
**To:** Vazquez, Jesus
**Cc:** Scott D. Stimpson; David C. Lee
**Subject:** RE: Further Conferral re Log-in Credentials we requested on December 15, 2011

Jesus - MDx is under no obligation to provide this access to Health Grades because no proper request has been timely served upon MDx. Request No. 2 of Health Grades' First Request for Production of Documents does not include a request for access to MDx's Vitals.com website such that Health Grades could manipulate information on the website. Request No. 2 tracks only the document production portion of Rule 34, not a request for entry. Rule 34 states:

(a) In General. A party may serve on any other party a request within the scope of Rule 26(b):

(1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:

(A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or

(B) any designated tangible things; or

(2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

Health Grades' Request No. 2 tracks the language of 34(a)(1)(A) & (B), not 34(a)(2). Asking for ESI does not equate to a request for a username and password to obtain access to Vitals.com so that Health Grades' technical expert can manipulate the information appearing on Vitals.com. Request No. 2 asks for copies of code of a demonstration version of Vitals.com (which the parties have previously agreed not to

2/21/2012



EXHIBIT

12

exchange), not a username and password for access. You admitted as much on Dec. 15 when you said that MDx had a "workaround" proposal given that the parties had agreed not to exchange code. You never claimed in that conversation that Request No. 2 encompassed such a request for entry/access. Moreover, even if Request No. 2 is mis-read to include such an access request, MDx objected to this overly broad request and indicated that it would not respond fully to it, which objection Health Grades has not contested.

Thus, Health Grades has not served MDx with a proper request for such access (which is why we asked you to serve us with such a proper request, which you refused to do), and cannot do so now since any such request needed to be served by earlier this week (as you know, since you had RFAs hand-delivered to MDx's local counsel on Monday). Health Grades cannot bully MDx into ignoring Health Grades' failure to make a proper discovery request through threats of motion practice and baseless after-the-fact rationalizations.

Therefore, your username/password request is a voluntary one to which MDx has every right to demand mutual access. Although a reason is not required given that Health Grades' request is untimely and improper, MDx has a valid reason. Health Grades is claiming commercial success for its website, so MDx is entitled to explore whether Health Grades is in fact practicing the patent. This is particularly true since Mr. Montroy's deposition testimony called this issue into question. Although we will contact MDx to confirm whether your stated requirements are met by their proposal of utilizing a fictitious doctor profile, please note that MDx will not agree to Health Grades' username/password request without equal mutual access.

Regards,
Scott
**Scott Murray**
Member



**website | bio | vCard | newsroom | email**

One Riverfront Plaza, Newark, NJ 07102
p (973) 643-5388 | f (973) 643-6500  **map**

---

**From:** Vazquez, Jesus [mailto:jvazquez@rothgerber.com]
**Sent:** Tuesday, January 17, 2012 7:35 PM
**To:** Scott Murray
**Cc:** Scott D. Stimpson; David C. Lee
**Subject:** RE: Further Conferral re Log-in Credentials we requested on December 15, 2011

Scott:
Your proposal to provide Health Grades' technical expert with access to a fictitious doctor on Vitals.com so that our expert can explore the functionality of Vitals.com as that fictitious doctor is acceptable only if:

- it is the same source code driving the fictitious doctor profile as the rest of the accused website; and

- the fictitious doctor has all of the same functions and screens as the regular/real ones.

**Please confirm that this is the case. We need this log-in information right away.**
For the record, and contrary to your contentions below, Health Grades' First Request for Production of Documents did explicitly include a request for inspection of electronically stored information:

2/21/2012

**PLAINTIFF HEALTH GRADES, INC.'S FIRST REQUEST FOR THE PRODUCTION
OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION,
AND TANGIBLE THINGS**

Pursuant to Federal Rules of Civil Procedure 26, 34, and the Court's June 16, 2011

Order, Plaintiff Health Grades, Inc. hereby requests that Defendant MDx Medical, Inc. produce

and permit Plaintiff to inspect and copy all documents, electronically stored information, and

tangible things responsive to these Requests at the offices of Rothgerber Johnson & Lyons, LLP.

One Tabor Center, Suite 3000, 1200 17ᵗʰ St., Denver Colorado 80202.

Second, our definition of "documents" was extremely broad and expressly provides, among other things:
"Documents," "Electronically Stored Information," and "Tangible Things" are **defined broadly to be given the full
scope of those terms contemplated in Federal Rules of Civil Procedure 26 and 34.**" (emphasis added.)
The log-in information we are requesting will give us access to a demonstration version of the accused product, which is
expressly part of Request No. 2.
Moreover, it is inappropriate for you to attempt to condition your production of responsive documents on whether Health
Grades agrees to produce the same kind of documents to you. We requested a demonstration version of the accused
software months ago. We reiterated this request weeks ago. The information we requested is highly relevant and not
privileged. You need to produce this information right away regardless of what Health Grades agrees to produce. We
are preparing to file a motion to compel on this issue.
In any event, we do not think you requested this information and further do not understand why this is relevant. Health
Grades' product is irrelevant to the issue of infringement. Regarding secondary considerations of non-obviousness, we
gave you a claim chart showing how Health Grades' website meets the physician-verified claim elements – we admit that
it does – so why do you need to access Health Grades' site as a physician? If you show us where you previously
requested log-in information to a demonstration version of www.healthgrades.com and explain why this is relevant, we
will consider your request.
Thanks, Jesus
**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO  80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

---

**From:** Scott Murray [mailto:SMurray@sillscummis.com]
**Sent:** Friday, January 13, 2012 7:37 AM
**To:** Vazquez, Jesus
**Cc:** Scott D. Stimpson; David C. Lee
**Subject:** RE: Further Conferral re Log-in Credentials we requested on December 15, 2011

Jesus - We have spoken to MDx and believe that we have a proposal that you should find acceptable. However, first, we find it
necessary to respond to some of your statements below. First, Document Request No. 2 asks for just that - documents. With its
"username/password" request, Health Grades is asking for something much different, which we now better understand. Health
Grades is asking for direct access to either: (i) a demonstration version of Vitals.com, or (ii) Vitals.com itself such that Health
Grades' technical expert can make changes to the site itself.  Neither of these access requests is in any way requested in
Document Request No. 2.  Health Grades is actually making a request to inspect, and we do not view our request for a formal
notice of such request that details the requested access as "ticky-tack." In addition, you admitted on December 15 that the parties

2/21/2012

had previously agreed not to exchange source code. Thus, in stating, "[y]ou have produced neither," you are again self-servingly mischaracterizing the facts.

Nevertheless, MDx is willing, if Health Grades will do the same, to provide Health Grades' technical expert with access to a fictitious doctor on Vitals.com so that your expert can explore the functionality of Vitals.com as that fictitious doctor. MDx would provide Health Grades' technical expert with a username/password for a fictitious physician profile, in order to obtain such access to the profile. As stated, MDx will only agree to provide this access if Health Grades will allow MDx's technical expert the same access to a fictitious physician profile on its website. Please let us know if this proposal is acceptable to Health Grades.

Regards,
Scott
**Scott Murray**
Member

 **Sills Cummis & Gross** P.C.

website | bio | vCard | newsroom | email 

One Riverfront Plaza, Newark, NJ 07102
p (973) 643-5388 | f (973) 643-6500   map

---

**From:** Vazquez, Jesus [mailto:jvazquez@rothgerber.com]
**Sent:** Friday, January 06, 2012 7:00 PM
**To:** Scott Murray
**Cc:** Scott D. Stimpson; David C. Lee
**Subject:** Further Conferral re Log-in Credentials we requested on December 15, 2011

Scott:
Our document requests asked for information that would be sufficient to allow us to understand the function and operation of the accused products. This request covered both source code and product demonstrations. You have produced neither.
At the deposition of Jeff LaPointe on December 15, 2011 (three weeks ago), we indicated to you, David Lee and Scott Stimpson that we needed to obtain log-in credentials for the vitals.com website that would allow us to demonstrate the software from the point of a physician and a user. We explained that typically an Internet service operator will have a quality assurance site and/or test users whose credentials are used during the Q/A process, and/or used to demonstrate the product to potential consumers. Typically site administrators have log-in credentials giving access to the full functionality of the site as well. We explained that we want to be able to log into the site as a healthcare provider and see the interface that healthcare provider would see and finally to see the effect that these submissions have on the page regarding that provider presented by the site to the general public. In all likelihood, MDx already has log-in credentials they can give to us, so this should not be burdensome *at all*.
We understand you are now taking the position that we must issue a document request specifically asking for this information. We disagree. This request is covered by our document request no. 2, including for example, subsections 2 (e), (f), (h), and (p), which are copied below. We would like these credentials by end of day, Tuesday, January 10, 2011. Please let us know by end of day Monday, January 9, whether you will be providing this information to us. If you refuse, we will be forced to file a motion to compel, and we will. We doubt that Judge Boland will take kindly to your ticky-tack contention that we need to file a new document request when the information sought has already been requested and we have been talking about it for quite some time.

**REQUEST NO. 2**

All documents and electronically stored information relating to the structure, function, operation, development and implementation of the Accused Products (in whatever form or format they exist, including paper or electronic copy and in whatever computer language or format they may exist (i.e., Java, HTML, XML, C, etc.), including without limitation:

\*\*\*

     e.     A copy of each executable and demonstration version of the Accused Products code, including all DLL (Dynamic Link Library) files, databases (such as sample or test databases) and other software objects and connections necessary to create and use a working Accused Products;

     f.     A copy of each executable and demonstration version of code for all of the Accused Products currently or previously existing, or to be released in the future, including all DLL (Dynamic Link Library) files, databases (such as sample or test databases) and other software objects and connections necessary to create and use a working version of the Accused Products;

\*\*\*

     h.     Training documents including without limitation any documents that are designed to teach someone how to use the Accused Products;

\*\*\*

     p.     Documents sufficient to show the performance, specifications and/or functional characteristics and capabilities of the Accused Products.

5.      "Documents," "Electronically Stored Information." and "Tangible Things" are

defined broadly to be given the full scope of those terms contemplated in Federal Rules of Civil

Procedure 26 and 34. including. without limitation. any written. printed. typed. recorded.

computerized or electronic data. taped. filmed. graphic or other matter. in whatever form.

whether in final or draft. however produced or reproduced, and any written or original. master.

duplicate, paper copy or electronic copy. "Documents" shall further include all aural, visual

records or representations (including, without limitation, photographs, negatives and prints).

microfiche. microfilm. film, videotape, sound recordings. and motion pictures and computer.

electronic. mechanical or electric records or representations of any kind (including. without

limitation. tapes. cassettes. discs. recordings. programs. etc.). "Electronic data" includes without

limitation all text files (including word processing documents and presentations). spread sheets.

electronic mail documents (emails). instant messages including those saved as files and stored on

computer systems. databases, calendars. computer system activity logs. audit trails. data used for

electronic data interchange. internet usage files. network access information. voice mail.

digitized audio. digital image files. video files *(e.g.,* data stored in MPEG. JPEG. GIF. TIFF and

BMP formats) and any other information stored magnetically, optically or electronically, and data stored on workstations, laptops, network servers, removable media, handheld devices, backup tapes, hard disk drives, diskettes, and other computer media such as magnetic tape, floppy disks, memory sticks and recordable optical disks. "Documents" shall include, without limitation, any record of all or any portions of any discussion, communication, agreement, conversation, interview, meeting, conference, conclusion, fact, impression, occurrence, opinion, report or other similar matter, and also shall include, without limitation, all correspondence, papers, e-mail, cablegrams, mailgrams, telegrams, notes, memoranda, summaries, abstracts, worksheets, books, manuals, publications, engineering reports and notebooks, plats, charts, plans, diagrams, sketches or drawings, photographs, reports and/or summaries of investigations and/or surveys, opinions and reports of appraisers or consultants, projections, corporate records, minutes of board of directors or committee meetings, desk calendars, appointment books, diaries, diary entries and notes, newspapers, magazines, or periodical articles, and other record of any kind. A draft or non-identical copy (including copies with stamps, initials, comments, notations or other markings) is considered a separate document or piece of electronically stored information.

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO  80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.

NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.

2/21/2012

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.

2/21/2012