**From:** Vazquez, Jesus [mailto:jvazquez@rothgerber.com]
**Sent:** Tuesday, January 24, 2012 12:47 PM
**To:** 'Scott D. Stimpson'
**Cc:** Scott Murray; David C. Lee
**Subject:** RE: Conferral re MDx's Responses to Interrogatory No. 2

Scott,

Your email below again ignores our request that you simply advise us whether you will supplement or not. This is a different issue from what a supplemental response should include - and even with respect to the latter question we have sufficiently detailed what we believe the supplemental response should include.

We are available between 2 and 3:30 pm Denver time today to discuss this with you.

Thanks.

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO  80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

---

**From:** Scott D. Stimpson [mailto:sstimpson@sillscummis.com]
**Sent:** Wednesday, January 18, 2012 7:26 PM
**To:** Vazquez, Jesus
**Cc:** Scott Murray; David C. Lee
**Subject:** RE: Conferral re MDx's Responses to Interrogatory No. 2

Thank you, Jesus. I am glad you are willing to confer as the rules require, and we look forward to hearing from you on your availability so we can discuss these issues.

Regards.

Scott



Sills Cummis & Gross P.C.   website | bio | v-Card | email
**Scott D. Stimpson**
Member of the Firm

**New York** | Map   d (212) 500-1550   f (212) 643-6500   30 Rockefeller Plaza   New York, NY 10112

EXHIBIT 13

2/21/2012

**From:** Vazquez, Jesus [mailto:jvazquez@rothgerber.com]
**Sent:** Wednesday, January 18, 2012 8:45 PM
**To:** Scott D. Stimpson
**Cc:** Scott Murray; David C. Lee
**Subject:** RE: Conferral re MDx's Responses to Interrogatory No. 2

Scott,

Thanks for the practice pointers. What we need to know is whether or not you will supplement your responses. We are happy to confer further as you suggest, but we think that given the detailed email we sent you articulating the deficiencies with your responses and also detailing what information you need to provide in a supplemental response, you should be able to tell us now whether you will even supplement or not.

Jesus

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO 80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

---

**From:** Scott D. Stimpson [mailto:sstimpson@sillscummis.com]
**Sent:** Wednesday, January 18, 2012 5:33 PM
**To:** Vazquez, Jesus
**Cc:** Scott Murray; David C. Lee
**Subject:** RE: Conferral re MDx's Responses to Interrogatory No. 2

Jesus:

It has been months since we served this interrogatory response. You should have focused on these issues (if you truly thought they were issues) long, long ago.

In any event, we are willing to discuss them with you. Let's try to set something up for next week. Please let me know your availability.

Thanks.

Scott



Sills Cummis & Gross P.C.   website | bio | v-Card | email
**Scott D. Stimpson**
Member of the Firm

**New York** |Map   d (212) 500-1550   f (212) 643-6500   30 Rockefeller Plaza   New York, NY 10112

2/21/2012

**From:** Vazquez, Jesus [mailto:jvazquez@rothgerber.com]
**Sent:** Tuesday, January 17, 2012 8:01 PM
**To:** Scott D. Stimpson
**Cc:** Scott Murray; David C. Lee
**Subject:** Conferral re MDx's Responses to Interrogatory No. 2

Scott:
We served you with an interrogatory seeking the following detailed contentions:
**Interrogatory No. 2.**
With respect to any of version of MDX's Accused Products, using a claim chart, state in detail MDX's bases for any assertions of non-infringement of the patent in suit on a claim-by-claim, element-by element basis. Your answer should include a statement of MDX's interpretation of each claim element, **a statement whether MDX's Accused Products provide(s) such an element or an equivalent and, if not, an explanation how MDX's Accused Products operate or function differently than the claim element** and a particularized statement why a component, feature or function of Accused Products is not a substantial equivalent of the pertinent claim element.

In response, you provided only conclusory and vague statements that do not sufficiently or adequately respond to our request. For example:
1.      **Healthcare Provider-Verified Information:** The claims require healthcare provider-verified information and specify the following kinds of healthcare provider-verified information: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies." Regarding the claimed "healthcare provider-verified information," your interrogatory response stated:
"For **most** of the MDx data, the information required by this portion of the claims is not verified by the healthcare provider."

This is not sufficient. You must state which specific information of the MDx data is verified by the healthcare provider and which specific information is not. If the information is not verified by the healthcare provider, you must explain who verifies it or how it is verified for each piece of claimed information. If it is your contention that it is not verified at all, you should explain why you say this and how the information is obtained that is different from the claimed element.
2.      **Received from the First Healthcare Provider:** Your interrogatory response states:
"No Literal Infringement: For **most** of the data, this information required by this portion of the claims is not received from the provider **itself**."
"No Equivalents: There can be no equivalents where this data is not obtained from the provider, as the MDx approach of obtaining this data **elsewhere** is entirely different from the claimed approach . . . ." (emphasis added).
This is not sufficient. You must say which specific information of the MDx data is received from the healthcare provider itself and which specific information is not. If not received from the healthcare provider itself, where is it obtained? What does "elsewhere" mean? What does "itself" mean?


3.      **Compiling in response to Receiving a Request:** Your interrogatory response states:
"No Literal Infringement: MDx compiles data on providers as scheduled -- it does not compile data in response to receiving a request for information regarding a healthcare provider."
This is not sufficient. You must say how it is scheduled, when it is scheduled, etc.
4.      **Patient Ratings from On-Line Patient Experience Survey:** Your interrogatory response states:
"No Literal Infringement: **Not all** the patient ratings come from the MDx on-line survey, as required by this claim element."
"No Equivalents: The claimed requirement that all patient ratings come from the online survey is not met literally or equivalently – obtaining some of the ratings **from another source** is an entirely different approach." (emphasis added).
Again, this is not sufficient. What patients ratings come from the MDx on-line survey and what ratings do not? What other source provides ratings to MDx? Who is the source? How does it work? You must provide us with these details.

5.      **Report using the information verified by the independent third-party source:** Your interrogatory response

states:
"No direct infringement: The reports on the MDx Website do not include three or more of the information verified by the independent third party source."

This is not sufficient. What specific information verified by the independent third party source do they include? What specific information do they not include? For the specific types of information not included, how does MDx's website work differently than claimed?

6. **Creating a report using "the" information:** Your interrogatory response states:
"No Literal Infringement: The MDx reports do not use **all of the** compiled information."
"No Equivalents: There can be no equivalents because the two different approaches operate in very different ways and have very different results – **the MDx system results in a report with less information**, for example, than if all the compiled information was used as required by the claim." (emphasis added).
Again, this is not sufficient. What information do the reports use? What information do they not use? How is it determined what information is used and what is not used? "Less information" than what? We need a detailed explanation of how the MDx website works different from the claimed invention.

Your response regarding the dependent claims is so conclusory it is difficult to itemize what supplementation is required. For example, in our original infringement claim charts, we illustrated screenshots demonstrating that there are hyperlinks to affiliated hospitals within Vitals' physician reports. Yet you say this element is entirely missing. You must explain why the hyperlink shown in our infringement contentions does not meet the element to sufficiently respond to this interrogatory. Similarly, as we showed in our infringement contentions, Vitals collects fees from physicians. You must explain why physicians who pay fees to Vitals do not satisfy this claim element.

Please let us know whether you will agree to supplement your responses to Interrogatory No. 2 by Wednesday, September 18, 2012.
Thanks, Jesus
**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO  80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.

NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views

solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.