**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

       Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

       Defendant.

---

**MDX MEDICAL, INC.'S MOTION TO STRIKE HEALTH GRADES' DEPOSITION
NOTICE WITHOUT LEAVE TO AMEND, OR IN THE ALTERNATIVE, FOR A
PROTECTIVE ORDER, AND FOR FEES AND COSTS**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx") hereby files this motion to strike Health Grades' *Rule* 30(b)(6) deposition notice (attached hereto as Exhibit A), without leave to amend, or in the alternative, for a protective order directing Health Grades to precisely delineate the topics for deposition to focused, relevant, non-privileged issues, and for fees and costs.

**I.     THE FUTILE MDx EFFORTS TO HAVE A MEET AND CONFER**

Counsel for MDx made a good faith effort to confer with counsel for Health Grades about the discovery issue raised in this motion.  Specifically, counsel for MDx objected to the vast and unreasonable scope of the Health Grades deposition notice, and specifically requested a telephone conference to discuss the issue and try to reach a compromise.  In yet another Health

Grades violation of Local Rule 7.1A, counsel for Health Grades refused to discuss the issue.  *See* the correspondence attached as Exhibit B.[1]

## II.   <u>THE PERTINENT LAW</u>

### A.   <u>Rule 26(g)</u>

Federal Rule of Civil Procedure 26(g) states, in pertinent part:

> (g) Signing Disclosures and Discovery Requests, Responses, and Objections.
>
> (1) *Signature Required; Effect of Signature.* Every . . . discovery request . . . must be signed by at least one attorney of record . . . . By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
>
> * * *
>
> (B) with respect to a discovery request, response, or objection, it is:
>
> (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
>
> (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
>
> (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

*Rule* 26(g) is, in effect, the *Rule* 11 of discovery requests.  *See Chapman v. Itel Container Int'l B.V.,* 116 F.R.D. 550, 557 (S.D. TX. 1987) ("As the Advisory Committee's note [to Rule 26(g)] indicates, the test to be used when evaluating whether the attorney conducted a 'reasonable inquiry' is an objective one similar to that imposed under Rule 11 . . .").  "'Rule

---

[1]  Health Grades had previously provided MDx with a list of its proposed 30(b)(6) deposition topics, to which MDx objected and provided its concerns.  Health Grades' 30(b)(6) deposition notice at issue here is Health Grades' purported attempt to address MDx's objections to the initial list, but is actually longer and very arguably more abusive than the initial list.

26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through Rule 37,' and 'obligates each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection.'" *Bottoms v. Liberty Life Assur. Co.,* 2011 U.S. Dist. LEXIS 143251, *11 (D. Colo. 2011) (*quoting High Point Sarl v. Sprint Nextel Corp.,* 2011 U.S. Dist. LEXIS 103118, 2011 WL 4036424, at *11 (D. Kan. 2011) (*quoting* 1983 Advisory Committee Comments to Fed. R. Civ. P. 26(g))).  Health Grades' 30(b)(6) deposition notice violates this "stop and think" standard.

## B.     The Law on 30(b)(6) Deposition Notices

Rule 30(b)(6) imposes a significant burden upon the party receiving the 30(b)(6) deposition notice.

> *Rule* 30(b)(6) places the burden upon the deponent to make a ***conscientious good-faith endeavor*** to designate the persons having knowledge of the matters sought . . . ***and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed*** . . . as to the relevant subject matters.  ***The duty of preparation goes beyond matters personally known to the designee or to matters in which the designee was personally involved, and if necessary the deponent must use documents, past employees or other resources to obtain responsive information.***

*Bradley v. Denver Health & Hosp. Auth.,* 2010 U.S. Dist. LEXIS 85870, *18-*19 (D. Colo. Mar. 22, 2010) (internal citations omitted) (emphasis added);  *see also Biax Corp. v. NVIDIA Corp.,* 2010 U.S. Dist. LEXIS 112706, *6 (D. Colo. Oct. 14, 2010) ("The law is well-settled that corporations have an affirmative duty to make available as many persons as necessary to give complete, knowledgeable, and binding answers on the corporation's behalf.  If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give

knowledgeable and binding answers for the corporation.") (internal citations and quotation marks omitted).

Because the receiving party faces this significant burden in designating and preparing witnesses for a 30(b)(6) deposition, there is a preceding burden on the party demanding the deposition to precisely specify the deposition topics and limit the topics to those relevant to the issues in dispute.

> In order for *Rule* 30(b)(6) to function effectively, the party seeking the deposition must take care to designate, ***with painstaking specificity***, the particular subject areas that are intended to be questioned, ***and that are relevant to the issues in dispute. An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task.*** When the notice is overbroad, the responding party is unable to identify the outer limits of the areas of inquiry noticed, and designating a representative in compliance with the deposition notice ***becomes impossible.***

*Bowers v. Mortgage Elec. Registration Sys.,* 2011 U.S. Dist. LEXIS 138782, *11-*12 (D. Kan. Dec. 2, 2011) (internal quotation marks omitted) (emphasis added); *see also McBride v. Medicalodges, Inc.,* 250 F.R.D. 581, 584 (D. Kan. 2008) ("An overly broad *Rule* 30(b)(6) notice may subject the noticed party to an impossible task. To avoid liability, the noticed party must designate persons knowledgeable in the areas of inquiry listed in the notice. If the defendant cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible."); *Hartford Fire Ins. Co. v. P & H Cattle Co.,* 2009 U.S. Dist. LEXIS 82667, *31-*32 (D. Kan. Sept. 10, 2009)(same).

Here, Health Grades has served MDx with a ridiculously overbroad list of topics for the 30(b)(6) deposition that would require MDx to attempt to fulfill the impossible task of designating and preparing its witnesses for an overwhelming set of questions, the vast majority on topics that are irrelevant to this case.

III.   **THE HEALTH GRADES 30(b)(6) NOTICE**

This is a simple patent case, involving only one patent.  The asserted claims, in a nutshell, require: (a) a request for information on a healthcare provider; (b) accessing or compiling information on that provider; and (c) creation of a report on that provider using this information and information on other providers for comparison.  The MDx website accused of infringement has many, many features entirely unrelated to anything claimed in the patent, and indeed only a small fraction of the features of the MDx website has been identified in the Health Grades infringement contentions.[2]

On February 14, about one month before the close of fact discovery, and subsequently refusing the requests by counsel for MDx for any discussion on the issue, Health Grades served the 30(b)(6) notice attached as Exhibit B.  The notice includes ***forty-nine*** separate topics (some

---

[2] While the deposition topics are outrageously overbroad even if they were specifically directed to the features of the Vitals website at issue, the requests take on a truly comical scope when the many, many features on the Vitals website entirely unrelated to the patent claims are considered. Just by way of example are the following features that have nothing to do with the technology at issue in this litigation:  doctor alerts, features for personalizing the website; talking to a doctor online; health insurance information and other related features; assistance in preparing for doctor visits; assistance for doctors managing their reviews; the vitals blog; information on TV doctors and pro sports doctors; experts assistance; international doctor directories; other related blogs; frequently asked questions, symptom checkers, custom services, doctor responses to patient questions, patient guides for many different symptoms, doctor directories by state and location; doctors A to Z; doctors by specialty; focus and awareness inquiries on many diseases and symptoms, information about vitals; information about vitals partners; messages to customers; messages to physicians; feedback requests; personal biographies of key vitals personnel; all news reports of interest to consumers; contact information and related features; press releases; etc.

The list of totally irrelevant features goes on and on.  Despite the MDx plea for Health Grades to focus on the technology at issue in the case, the deposition notice demands a vast scope of information relating to every one of these features, and much more.  *See, e.g.,* Exhibit B, Topic 3 (demanding information on the ***entire website*** "including specifically, ***but without limitation*** . . ., the following features . . . ."; (emphasis added)).  Health Grades would not even include any temporal limitations – even features found only on the website prior to issuance of the Health Grades patent are engulfed in these ridiculous requests.

identified as sub-topics within the thirty numbered topics).  The topics are nothing short of outrageous – the only possible reason for serving such a request is to purposely harass MDx and deliberately drive up its litigation expenses in the hope that it will be forced to settle.

By this deposition notice, and only by way of example, Health Grades demands that MDx identify witnesses and prepare them to testify on topics such as these:

- The conception, design, design history, and development, of every feature of every version of the Vitals website.  Topic 3.

- The structure, properties, function, and operation of every feature of every version of the Vitals website.  *Id.*

- Every test of every feature in every version of the Vitals website.  *Id.*

- The identity of every source for every piece of information in every profile of the Vitals website.  *Id.* (first bullet).

- How information is obtained from every source of data for every profile.  *Id.*

- Identification of the functioning and operation of every algorithm used to process information from every data source.  *Id.*

- Identification of the functioning and operation of every algorithm used to process information from every database.  *Id.* (second bullet).

- The identity of every source for every piece of information in the entire Vitals database. *Id.*

- The conception, design, design history, development and testing of every advertisement on every version of the Vitals website.  *Id.* (sixth bullet).

- Every service and feature offered to every physician.  *Id.* (seventh bullet).

- For every feature on every version of the Vitals website, including even those prior to issuance of the patent, every date when MDx began to develop the feature, every date when MDx began to use the feature; every date when MDx began to offer the feature; every date when MDx began to market the feature; and every date when MDx began to sell the feature.  *Id.* (eighth bullet).

- The name of every person involved in any way with the development of every feature; the name of every person involved in any way in testing of every feature; the name of

every person involved in any way in every use of every feature; the name of every person involved in any way in sales of every feature; and the name of every person involved in any way in operation of every feature. *Id.* (ninth bullet).

- Every reason for developing every feature. Topic 4.

- The assembly and presentation of every feature. Topic 5.

- Marketing and advertising for every feature in every MDx product and service. Topic 6.

- Revenues, costs, and profits associated with every feature in every MDx product and service. Topic 7.

- Every business plan, every marketing plan, every sales and marketing forecast, every budget, and every projection related to any version of every Vitals website and/or related to any other product and service offered by MDx. Topics 9 and 11.

- Every marketing report, every marketing analysis (no matter how small), every consumer test, every study, and every survey related to any version of the Vitals website. Topics 10 and 11.

- Every MDx patent and application, regardless of whether it has anything to do with the technology at issue in this case. Topic 13.

- Every license and assignment ever considered (whether executed or not), related to any product or service of MDx and regardless of whether it has any relation to the technology at issue in this case. Topic 14.

- Every consideration, every plan, and every attempt to alter the Vitals website in any way, regardless of whether it has anything to do with the patent or technology at issue. Topic 20.

- Every written and oral communication about Health Grades, regardless of whether it has anything to do with this case or the technology at issue. Topic 23.

- The history, development, testing, and implementation of every change ever made to the Vitals website from inception of the website, including identification of every person involved with each change. Topic 26.

- Every piece of revenue ever earned by MDx since inception of the website, including information on the sources, the drivers, and all related advertising. Topic 27.

- Every cost and every expense incurred by MDx since inception of its website. Topic 28.

7

The list could go on for pages.  Absolutely no thought was given to these topics, other than deference to an over-arching goal of heaping burden and expense on MDx.  This is further evidenced by Health Grades' total and complete refusal to even discuss any narrowing or compromise, in direct violation of Local Rule 7.1A.  There is not even the slightest hint of good faith associated with these topics, and accordingly they violate *Rule* 26(g).

Health Grades cannot provide any explanation for why features beyond those at issue in this patent dispute are relevant to this case, yet for almost each and every topic, Health Grades refuses to limit its topics to the features in dispute.  More distressingly, each topic would require an impossible effort to prepare a witness to testify on the issue.  Not only do these topics require information regarding clearly irrelevant features, but MDx would be required to "use documents, past employees or other resources to obtain responsive information" so that the deponents "can answer fully, completely, unevasively, the questions posed."  *Bradley,* 2010 U.S. Dist. LEXIS 85870 at *18-*19.  Given the vast overbreadth of the topics, it would be impossible for MDx to fulfill this requirement.

*Rule* 26(c)(1) allows the court to significant discretion in fashioning the relief necessary to protect a party from unreasonable discovery.  *See Bowers,* 2011 U.S. Dist. LEXIS 138782 at *9 ("The court has broad discretion to decide when a protective order is appropriate and what degree of protection is required").  Such relief may be to forbid the discovery entirely (*Rule* 26(c)(1)(A)), or limiting the scope of the discovery (*Rule* 26(c)(1)(D)).  As a Magistrate Judge of this court has stated:

> Federal courts may issue protective orders when corporations are asked to respond to overly broad or unfocused Rule 30(b)(6) notices.  *See In re Indep. Serv. Org. Antitrust Litig.,* 168 F.R.D. 651, 654 (D. Kan. 1996).  In that case, one of the plaintiffs served a Rule 30(b)(6) deposition notice on defendant Xerox

Corporation, requesting that Xerox produce a corporate witness "to testify about facts supporting numerous paragraphs of Xerox's denials and affirmative defenses in its Answer and Counterclaims." The Court held that while this plaintiff had "a right to discover the facts upon which Xerox will rely for its defense and counterclaims," its attempt to do so through a Rule 30(b)(6) deposition was "overbroad, burdensome, and a highly inefficient method through which to obtain otherwise discoverable information." *Id. See also Lapenna v. Upjohn Co.,* 110 F.R.D. 15, 21 (E. D. Pa., 1986) (breadth of the questions asked was "troubling[,]" and where there had been "no attempt to tailor them to the facts … involved in this case[,]" they were "so broad that they would have called for an answer that could amount to a treatise."); *Smithkline Beecham Corp. v. Apotex Corp.,* 2000 U.S. Dist. LEXIS 667, 2000 WL 116082, *9-10 (N.D. Ill. Jan. 24, 2000).

*Brunet v. Quizno's Franchise Co. LLC,* 2008 U.S. Dist. LEXIS 105603, *8-*9 (D. Colo. Dec. 23, 2008).

Here, MDx respectfully submits that the equities require that Health Grades' 30(b)(6) notice be ***stricken in its entirety***, and ***Health Grades should be precluded from amending its notice or further seeking any 30(b)(6) depositions***. Health Grades' 30(b)(6) topics do not evidence any effort, much less a good faith one, to restrict its topics to issues relevant to this case, or to comply with the required specificity. At this late date in discovery, Health Grades should not be allowed to escape significant consequences for its bad faith refusal to focus on the limited issues in dispute and confer with counsel for MDx. Health Grades will still be able to take the individual depositions of MDx representatives, which are already noticed, and ask many of the questions covered by the 30(b)(6) topics. However, due to its total failure to comply with its *Rule* 26(g) obligations, Health Grades should not be allowed to now serve a proper 30(b)(6) notice.

MDx very strongly believes that the notice should be stricken without leave to serve another notice – *Rule* 26(g) would be a paper tiger if litigants are allowed to flaunt its requirements with impunity. If the Court believes that such a remedy is not warranted, however,

9

then in the alternative the Court should order Health Grades to dramatically narrow the topics to relevant issues with "painstaking specificity," and order that a failure by Health Grades to do so will result in the loss of the right to serve another 30(b)(6) deposition notice.

If the Court imposes either of these remedies, or any other remedy, in granting MDx's motion, MDx believes that it is entitled to an award of fees and costs against Health Grades for having to file this motion.  Health Grades' bad faith conduct in serving the deposition notice and refusing to meet and confer to resolve MDx's objections is improper and sanctionable.  *Rule 26(g)(3)* allows the Court to impose such sanction – "Sanction for Improper Certification. If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation."  Such an award is warranted here.

IV.    **CONCLUSION**

For the foregoing reasons, Defendant and Counterclaim Plaintiff MDx requests that the Court grant its motion to strike Health Grades' Rule 30(b)(6) deposition notice, without leave to amend, and to grant MDx's request for fees and costs.

Dated:  February 24, 2012                           Respectfully submitted,


                                                    *s:/Scott D. Stimpson*
                                                    _____
                                                    Scott D. Stimpson
                                                    Scott B. Murray
                                                    David C. Lee
                                                    Sills Cummis & Gross P.C.
                                                    30 Rockefeller Plaza
                                                    New York, New York 10112
                                                    Tel: (212) 643-7000
                                                    Fax: (212) 643-6500
                                                    E-mail: sstimpson@sillscummis.com
                                                    E-mail: smurray@sillscummis.com
                                                    E-mail: dlee@sillscummis.com

                                                    and

                                                    Terence Ridley, Atty. No. 15212
                                                    Ramona Lampley, Atty. No. 37288
                                                    Wheeler Trigg O'Donnell LLP
                                                    1801 California Street, Suite 3600
                                                    Denver, Colorado 80202
                                                    Tel:  (303) 244-1800
                                                    Fax:  (303) 244-1879
                                                    E-mail: ridley@wtotrial.com
                                                    E-mail: lampley@wtotrial.com

                                                    *Attorneys for Defendant*
                                                    MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2012, I electronically filed the foregoing MDX MEDICAL, INC.'S MOTION TO STRIKE HEALTH GRADES' DEPOSITION NOTICE WITHOUT LEAVE TO AMEND, OR IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER, AND FOR FEES AND COSTS with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez , Jr.**
  jvazquez@rothgerber.com, phenke@rothgerber.com

- **Kris John Kostolansky**
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- **Jeffrey David Phipps**
  jphipps@rothgerber.com, kmeans@rothgerber.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Scott Butler Murray**
  smurray@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

- **Ramona L. Lampley**
  lampley@wtotrial.com, keitlen@wtotrial.com

*s:/David C. Lee*