**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

       Plaintiff,

v.

MDX MEDICAL, INC. d/b/a
VITALS.COM,

       Defendant.

---

### NOTICE OF FED.R.CIV.P. RULE 30(b)(6) DEPOSITION OF MDX MEDICAL, INC. d/b/a VITALS.COM

---

PLEASE TAKE NOTICE that, pursuant to Fed.R.Civ.P. Rule 30(b)(6), Plaintiff Health Grades, Inc. ("Health Grades"), will take the deposition of Defendant MDx Medical, Inc. d/b/a VITALS.com ("MDx") representative or representatives who are most knowledgeable about the subject matters set forth on Exhibit A, which is attached hereto and incorporated herein by reference, before a notary public or other officer qualified to administer oaths, on March 6, 7, 8 and 9, 2012, commencing at 8:00 a.m. The deposition will take place at the offices of **Sills Cummis & Gross, P.C., 30 Rockefeller Plaza, New York, New York 10112**, and will continue from day to day until completion. MDx's testimony will be recorded by stenographic and video means. MDx's testimony may be used as its trial testimony pursuant to Fed.R.Civ.P. Rule 32(a), Fed.R.Evid. 804(b)(1), or any other applicable rule.

2003557742_1

MDx shall designate one or more of its officers, directors, or managing agents, or other persons who consent to testify on its behalf, who are most knowledgeable concerning each of the subject matters set out in Exhibit A, and shall specify the subject matters to which each designated person will testify. As required by Fed.R.Civ.P. Rule 30(b)(6), the individuals designated to testify shall obtain knowledge on the subject matter for which such person is designated, known or reasonably available to MDx, whether or not such knowledge is within the personal knowledge of the individual(s) designated to testify.

DATED this 14th day of February, 2012

ROTHGERBER JOHNSON & LYONS LLP

*s/ Jesús M. Vázquez*
Jesús M. Vázquez, #28110
Gregory B. Kanan, #6771
One Tabor Center, Suite 3000
1200 17th Street
Denver, Colorado  80202-5839
(303) 623-9000
Fax: (303) 623-9222
gkanan@rothgerber.com
jvazquez@rothgerber.com

*Attorneys for Health Grades, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the 14th day of February, 2012, the foregoing was served **via electronic transmission** to the following:

Scott David Stimpson
David Chunyi Lee
Scott B. Murray, Esq.
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY 10112
Email: sstimpson@sillscummis.com
Email: dlee@sillscummis.com
Email: smurray@sillscummis.com

Terence M. Ridley
Ramona L. Lampley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO 80202-2617
Email: ridley@wtotrial.com
Email: lampley@wtotrial.com

*s/ Jesús M. Vázquez, Jr., Esq.*
Jesús M. Vázquez, Jr., Esq.

2003557742_1

3

**Exhibit A**

**Amended MDx Rule 30(b)(6) Deposition Topics**

1.  The history and corporate structures of MDX Medical, Inc. d/b/a/ Vitals.com, including all parents, divisions, subsidiaries, partners, and affiliated companies.

2.  The pre-filing investigation(s) of, preparation of, and basis for the allegations in Defendant's counterclaims, responses and affirmative defenses to Plaintiff's Complaint, including the events that led to such pre-filing investigation(s) and the person(s) involved in the decision(s) to make such allegations.

3.  The conception, design, design history, development, structure, properties, function, operation, and testing of the vitals.com website including specifically, but without limitation, the following features (hereinafter referred to as "Features"):

    •   physician profiles provided by the vitals.com website, including information used to drive physician profiles, identity of all sources of each piece of information included in profiles, how MDx obtains information from each of these sources, how MDx makes determinations of what information to display or not display in profiles, processes for creating profiles, all empirical algorithms used to process information from these sources, processes for determining/calculating patient ratings that are displayed in profiles, processes for determining which physicians receive the patient choice award, processes for determining "match score", the processes for determining relevance of physicians that match search queries, and hyperlinks to hospitals;

    •   the database(s) of physicians accessed by the vitals.com website including the identify of all possible fields in the databases, the identity of all sources of each piece of information (e.g. fields) included in databases, all empirical algorithms used to process information in databases, creation and maintenance of the databases, procedures for collecting, gathering, compiling, and putting together information in the databases, procedures for verifying information in the database, and sources for the following types of information: medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, hobbies, board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, medical fellowship information, and ratings;

    •   search functions associated with the vitals.com website (e.g. type of searching available, sorting or ranking of search results by relevance, match score, or any other criteria, and results lists of searches for physicians);

    •   ratings of physicians within the vitals.com website, including sources of rating information, processes for compiling ratings from sources, process for calculating or determining ratings, patient's choice award and how it works, overall patient rating, match score;

- "360° Vitals View";

- advertisements on vitals.com website; and

- services and/or features that MDx offers to physicians in connection with the vitals.com website (including how physicians are allowed to manage and edit their profiles, log-in credentials for physicians, "click-throughs" to physician websites, appointment requests, prominent displays on list of matches, and optimization of search results).

- the dates when Defendant began to develop, use, offer, market and sell such Features (listed above).

- the names of all individuals involved in the development, testing, use, sales and operation of the Features (listed above).

4. Defendant's reasons for selecting and developing the Features (listed above).

5. The assembly, compilation, and/or presentation of the Features (listed above) in a product and/or service offered in the vitals.com website.

6. Marketing and advertising of each of Features (listed above) of Defendant's products and services.

7. The sales of each of the Features (listed above) in Defendant's products and services.

8. The revenues, costs, and profits attributable to or associated with each of the Features (listed above) in Defendant's products and services.

9. Business plans, market plans, sales or marketing forecasts, budgets, or projections for each Accused Product and any Product incorporating the same. ("Accused Products" for purposes of these discovery requests shall mean all versions of the www.vitals.com website, including any software, hardware and/or network architecture related to any version of www.vitals.com. The term "Accused Products" shall include all services provided in relation to the Accused Products and all products and services that incorporate the Accused Products.)

10. Marketing reports, marketing analyses, consumer tests, studies and/or surveys concerning the vitals.com website.

11. The market for web sites offering physician or health care provider information, including the competition between Plaintiff, Defendant and/or other companies, and any market studies, forecasts, or projections conducted by or on the behalf of Defendant.

12. The market demand for the Features (listed above) and competition in the market for these Features, including but not limited to documents relating to market and competitive analyses produced by Defendant in this case.

2

2003548233_1

13. Defendant's patents or patent applications related to any of its products and services.

14. Defendant's licensing policies and practices, licenses and/or assignments related to any of Defendant's products and services, and the nature and type of any intellectual property licenses that Defendant has, or is considering obtaining.

15. Defendant's knowledge of the Patent-in-Suit.

16. Any infringement, validity and/or enforceability studies or analyses concerning the Patent-in-Suit, including but not limited to all reports, opinions, communications, commentaries, inquiries, searches and investigations.

17. Defendant's allegation that the Patent-in-Suit is invalid, including the complete factual bases for such allegation.

18. Defendant's allegation that they have not infringed and are not infringing, either directly or indirectly, the claims of the Patent-in-Suit, including the complete factual bases for such allegation on a claim-by-claim basis.

19. The differences between Defendant's products and services and the claims of the Patent-in-Suit.

20. Any consideration, plan, or attempt by Defendant to design or alter its website and any of its products and services, and any method of use its website, products and services, to avoid infringement or potential infringement of the Patent-in-Suit, including but not limited to the specific change(s) made by Defendant in either December 2010 or January 2011 to avoid infringing the '060 patent.

21. Defendant's formal and informal document retention policies, including policies on the filing, storage, retrieval, retention, location, and destruction of documents, including email and voicemail.

22. Defendant's search for, collection, and production of documents requested by Plaintiff in this litigation.

23. Written and oral communications with anyone, including both internal communications and third-party communications, relating to Plaintiff, this lawsuit, or the '060 patent.

24. Plans by Defendant to grow or increase its business, including the nature, timing and implementation of such plans, and the individuals involved in developing and implementing the plans.

25. Defendant's growth channels, including but not limited to:

    a. Expansion of its provider network.

    b. On-line appointments.

3

    c.      Building its provider sales force.

    d.      Audience expansion – physician portal and user contact database(s).

    e.      timing and implementation of the foregoing and identification of all individuals involved.

26.    The history, development, testing, implementation and all changes made to the Vitals.com website, including but not limited to:

    a.      The nature, structure and operation of the Features (listed above) of the website from its inception until December 31, 2010.

    b.      The individuals involved with assembling, coding, and developing the website and all Features (listed above), from its inception through December 31, 2010.

    c.      The nature, structure and operation of the Features (listed above) of the website from January 1, 2011, to the present time.

    d.      The individuals involved with assembling, coding, and developing the website and the Features (listed above), from January 1, 2011.

    e.      A general description of any other changes made to the vitals.com website since its inception.

27.    A general description of the sources of Defendant's revenues including all the ways it makes money from the vitals.com website, and all revenues realized by Defendant since it launched its website, on a monthly basis, including but not limited to:

    a.      sources of revenue (i.e., from advertising, licensing, hospitals, physicians, referrals, etc.).

    b.      key drivers for revenue growth.

    c.      advertising sales and components of advertising sales.

    d.      all documents produced by Defendant in this litigation relating to financial information, revenues, costs and expenses, and the reasons any such documents have been altered or redacted prior to production.

28.    The nature, type and amounts of all costs and expenses incurred by Defendant on a monthly basis since it launched its website.

29.    Defendant's policies regarding the intellectual property rights of others.

30.    To the extent not covered by the Features (listed above), a general description of each and every product or service for connecting potential patients to doctors that is provided by MDx.

2003548233_1