IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**MDX MEDICAL, INC.'S EXPEDITED MOTION TO COMPEL DISCOVERY, TO EXTEND THE TIME FOR ONE MDX EXPERT REPORT BY ONE WEEK, AND FOR AN AWARD OF FEES AND COSTS PURSUANT TO RULES 37(A)(3)(B) AND 37(A)(5) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Rules 37(a)(3)(B) and 37(a)(5) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx") respectfully moves, *on an expedited basis*, for an order compelling Plaintiff Health Grades, Inc. ("Health Grades") to produce documents and witnesses for deposition, for a one-week extension for the MDx technical expert report, and for an award of reasonable expenses incurred by MDx in making this Motion.[1]

MDx makes this motion on an expedited basis because: (1) the current fact discovery deadline is March 16, 2012; (2) Health Grades still has not provided MDx with critical documentation regarding its own prior art – documents that were called for and should have been

---

[1] MDx has filed this motion under seal because it includes references to the deposition testimony of former Health Grades' employee, Scott Montroy, which deposition transcript is still classified as confidential.

produced many months ago; and (3) MDx must receive the documents and have time to review them to prepare for three depositions of Health Grades' representatives before the close of fact discovery.

I.      **HEALTH GRADES MUST PRODUCE EVIDENCE OF PRIOR ART**

Health Grades has, since day one, tried to hide its own invalidating prior art, going so far as to even sign a sworn interrogatory response stating it knew of no such prior art. But MDx identified the art anyway, through third party sources, and has been struggling ever since to get Health Grades to cooperate and produce the relevant discovery.

After what should have been unnecessary efforts by MDx, Health Grades eventually did produce some documents showing features of its early art, but (amazingly) the Health Grades deposition witnesses hedged about these documents, claiming they couldn't be sure when they were made public, or if they were just internal documents.

Finally, on January 16, inventor Scott Montroy (no longer employed by Health Grades) disclosed that Health Grades had many documents showing precisely what features of the early Health Grades websites were available to the public, and when. Counsel for MDx immediately, at the deposition, requested prompt production, but counsel for Health Grades claimed confusion about whether MDx had actually requested this discovery. While Health Grades would later agree to produce the documents, we are now more than a month after the Montroy deposition, and we have nothing – only a broken promise by Health Grades to produce the documents by February 13. Health Grades claims that they are investigating, but will not commit to any date

2

for production, despite the approaching discovery deadline. *See* correspondence attached as Exhibit A.[2]

The documents at issue, which Health Grades has agreed to search for, and produce any responsive documents in its possession, are as outlined in MDx counsel's February 3, 2012 e-mail to Health Grades' counsel, which also indicates the conferral between the parties on these issues:

> (1) All Project Development Plans, Project Files, Project Logs, Production Logs, Migration Files, Migration Logs, Customer Service Reports, and Release Files for reports available to the public between January of 2002 and February 8, 2006, including sign-off sheets.
>
> (2) Documents showing projects with Health Grades partners, sufficient to show the nature of those projects, and what was disclosed to them and to the public on those projects, and when. This should include any confidentiality agreements in place with those entities.
>
> (3) Emails to report purchasers, telling them survey results were available, which were expected to be sent in October of 2004.
>
> (4) All correspondence between Brian Blackman and the inventors, and documents showing what Mr. Montroy and others turned over to him in connection with the application process.

(*See* Exhibit A, e-mail 2).

Health Grades has already had more than a month to collect and produce these documents since they were specifically identified at the Montroy deposition, and it has had discovery requests encompassing them since June 8, and still they are not produced.[3]

---

[2] We have had ample efforts to meet and confer. Pursuant to D.C.COLO.LCivR 7.1A, the undersigned conferred on at least January 16, 2012, January 21, 2012, January 27, 2012, January 29, 2012, January 31, 2012, February 1, 2012, February 2, 2012, February 3, 2012, February 21, 2012 and February 23, 2012, with counsel for Health Grades regarding this dispute. On February 21st, counsel for Health Grades indicated that Health Grades opposes this motion.

3

In order for these documents to finally be produced, Health Grades needs one thing: ***motivation***.  As of now, Health Grades seems perfectly happy to delay this case further and continue to reap the benefits of a pending patent litigation against its competitor.  MDx is very much opposed to any further extensions of discovery or pretrial deadlines.

In light of these facts, MDx submits this expedited motion asking that the court order:

(1) full and complete production by Health Grades of all the relevant, responsive documents within ten days of the filing of this motion, i.e., ***no later than March 5, 2012***;

(2) the depositions of Health Grades' representatives, Messrs. Dodge, Neal, and Blackman, to take place ***on March 14, 15, and 16, 2012***, respectively (they were scheduled for February 29 and March 1-2, but had to be postponed due to the lack of document production); and

(3) an extension of the deadline for MDx to serve its invalidity expert report by one week until March 23, 2012, with no other extensions for any other reports or discovery deadlines.

## II.     REQUEST FOR FEES AND COSTS

MDx should also be awarded fees and costs associated with this motion.  This is the second time that MDx has had to ask the court to intervene to order Health Grades to comply with its discovery obligations.  Health Grades cannot provide any reasonable explanation for why documents relating to prior art and the website features and patent claims in dispute were not already produced in response to MDx's discovery requests.  Mr. Montroy was able to easily identify numerous types of documents and correspondence relevant to these issues.  The only

---

[3] While the need for this production is undisputed, we nevertheless attach as Exhibit B the first set of MDx document requests, served on June 8, 2011.  Numerous requests were directed to prior art and related evidence such as that at issue here.  *See, e.g.*, requests 2, 4, 5, 7, 9, 12 and 17.

4

rational conclusion is that Health Grades is again seeking to keep from MDx and the court relevant documents that dispel Health Grades' claims.

Federal Rule of Civil Procedure 37(a)(5) provides that, if a motion to compel is granted or discovery is produced after the motion was filed, absent good faith effort at resolution or substantial justification, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Health Grades' failure to fulfill its discovery obligations is unjustified, and accordingly MDx respectfully requests an award of all its fees and costs associated with this motion.

### III.  CONCLUSION

For all the foregoing reasons, we respectfully request an order requiring: (1) full and complete production by Health Grades of all the relevant, responsive documents no later than March 5, 2012; (2) the depositions of Health Grades' representatives, Messrs. Dodge, Neal, and Blackman, to take place on March 14, 15, and 16, 2012, respectively; (3) an extension of the deadline for MDx to serve its invalidity expert report by one week until March 23, 2012, with no other extensions for any other reports or discovery deadlines.; and (4) the award to MDx of all fees and costs associated with this Motion.

Dated:  February 24, 2012                                  Respectfully submitted,


                                                                          *s:/Scott D. Stimpson*
                                                                          Scott D. Stimpson

5

Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: sstimpson@sillscummis.com
E-mail: smurray@sillscummis.com
E-mail: dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Ramona Lampley, Atty. No. 37288
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com
E-mail: lampley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

6

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2012, I electronically filed the foregoing MDX MEDICAL, INC.'S EXPEDITED MOTION TO COMPEL DISCOVERY AND FOR AN AWARD OF FEES AND COSTS PURSUANT TO RULES 37(A)(3)(B) AND 37(A)(5) OF THE FEDERAL RULES OF CIVIL PROCEDURE with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez , Jr.**
  jvazquez@rothgerber.com, phenke@rothgerber.com

- **Kris John Kostolansky**
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- **Jeffrey David Phipps**
  jphipps@rothgerber.com, kmeans@rothgerber.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Scott B. Murray**
  smurray@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

- **Ramona L. Lampley**
  lampley@wtotrial.com, keitlen@wtotrial.com

　　　　　　　　　　　　　　　　　　　　　　　　_s:/_ _David C. Lee_____