**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-18)**

---

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant MDx Medical, Inc. ("MDx") hereby requests that Plaintiff Health Grades, Inc. ("Health Grades") produce for inspection and copying at the offices of Sills Cummis & Gross P.C., One Rockefeller Plaza, New York, NY 10020, the documents and things in Health Grade's possession, custody or control designated in the following requests, within thirty (30) days after service hereof, or as agreed by counsel.

## INSTRUCTIONS

A.  Documents shall be produced in the form in which the documents have been kept in the usual course of business, including any folders or other file materials in or with which the documents have been maintained.

B.  In lieu of production for inspection and copying, Health Grades may produce the requested documents by delivering true copies thereof to Sills Cummis at the aforesaid address. Such documents shall be organized and produced in accordance with Rule 34(b), Fed. R. Civ. P. Copies of any labeled folders shall also be produced.

C.  A schedule of documents withheld from production by reason of any privilege or other immunity from discovery shall accompany the production. For each withheld document, the schedule shall specify:

    1) the type of document;

    2) the basis for the privilege or other immunity asserted;

    3) the name, title or job description, if any, and address of the author;

    4) addressee and each recipient of a copy of the document;

    5) the date of the document;

    6) the organization, if any, with which the author, addressee, and each recipient of a copy of the document were then connected;

    7) the general subject matter of the document; and

    8) the location of the files where the original and each copy are kept.

Each withheld document shall be given an index number for simplification of identification. The schedule shall be sufficiently detailed to permit Defendant to determine whether to take further steps to require its production.

D.  The following requests shall be deemed to be continuing so that with respect to any request herein, or part thereof, as to which Health Grades, after responding, discovers additional information and/or documents responsive thereto, Defendant requests that Health Grades provide such information and/or documents to Defendant within thirty (30) days after acquiring knowledge of their existence or advise Defendant in writing as to why such additional information and/or documents cannot be provided within the specified period.

E.  If Health Grades contends that any of the following requests is objectionable in whole or in part, defendant shall state with particularity each objection, the basis for it and the categories of information and documents and things to which the objection applied, and Health Grades shall respond to the request insofar as it is not deemed objectionable.

F.  If any part of a document is responsive to any of the following requests, the entire document shall be produced.

G.  In the event that any masked or redacted documents are produced, unmasked originals (or true copies) shall be made available to counsel for review.

## DEFINITIONS

A.  As used herein, the term "plaintiff" or "Health Grades" refers to the named plaintiff in this action, and includes any parents, predecessor companies, subsidiaries, divisions and/or associated organizations, and present and former officers, directors, trustees, employees, staff members, agents, and/or representatives, including counsel.

B.  As used herein, the term "document" includes any tangible thing from or on which information can be stored, recorded, processed, transmitted, inscribed or memorialized in any way by any means regardless of form.  Any such document bearing on any sheet (front or back), margin, attachment or enclosure thereof, any marks, such as, without limitation, initials, stamped initials, comments, or notations of any character, which are not part of the original text or reproduction thereof, is to be considered and produced as a separate document.

C.  The "'060 Patent" shall refer to U.S. Patent No. 7,752,060.

D.  "Patent-In-Suit" shall refer to the '060 patent.

E.  "Application Publication" shall refer to U.S. Patent Application Publication No. 2007/0185732.

F.  "Related Patents" means and refers to patents and patent applications related to the Patent-in-suit (including parents, continuations, continuation-in-part, reissues, etc.), whether or not abandoned, prospective, and/or pending, including any and all foreign counterparts.

G.  The "Patent Office" means and refers to the United States Patent and Trademark Office.

H.  The term "Prior Litigations" shall refer to any and all previous judicial or quasi-judicial proceeding (including all civil actions, arbitrations, foreign oppositions or any federal administrative agency action) in which any issue relating to the infringement or noninfringement, validity or invalidity, or enforceability or unenforceability of the Patent-in-suit has been asserted.

## REQUESTS

### DOCUMENT REQUEST NO. 1:

With regard to the Patent-in-suit, Application Publication, and Related Patents,

a) Each and every patent and application, and copies of their prosecution histories;

b) Each and every foreign counterpart patent and application, and copies of their prosecution histories; and

c) Each and every document and thing relating to, referring to, describing, evidencing or constituting the ownership of, or assignment or other transfer of, any right, title, or interest in such application or patent.

### DOCUMENT REQUEST NO. 2:

Each and every paper or report (whether accepted for publication or not, and including any drafts or preprints) relating to, referring to, describing, evidencing or constituting any subject matter described or claimed in the Patent-in-suit, Application Publication, and/or Related Patents.

### DOCUMENT REQUEST NO. 3:

With respect to the alleged conception and reduction to practice of the subject matter described and/or claimed in the Patent-in-suit and Related Patents,

a) Each and every document and thing relating to, referring to, describing, evidencing or constituting the conception and/or actual reduction to practice thereof; and

b) Each and every notebook and other record of the work, research, results, speculations, or conclusions relating to, referring to, describing, evidencing or constituting any subject matter claimed or disclosed in each of the Patent-in-suit, Related Patents, and foreign counterparts.

**DOCUMENT REQUEST NO. 4:**

Each and every document and thing relating to, referring to, describing, or evidencing the strength, coverage, legal significance, or business significance of the Patent-in-suit and Related Patents.

**DOCUMENT REQUEST NO. 5:**

Each and every document and thing which addresses, analyzes, assesses or otherwise concerns the patentability, scope, infringement or noninfringement, validity or invalidity, and/or enforceability or unenforceability of one or more claims of the Patent-in-suit and Related Patents.

**DOCUMENT REQUEST NO. 6:**

Each and every document and thing relating to, referring to, describing, evidencing or constituting any testing, experimentation, research, or development conducted or being conducted relating to the subject matter of one or more of the Patent-in-suit and Related Patents.

**DOCUMENT REQUEST NO. 7:**

All prior art to the Patent-in-suit of which Health Grades is aware.

**DOCUMENT REQUEST NO. 8:**

Each and every document and thing relating to, referring to, describing or evidencing one or more of the MDx products accused of infringement, including but not limited to the www.vitals.com website accused in the complaint.

**DOCUMENT REQUEST NO. 9:**

All documents and things that discuss, comment upon, refer to or otherwise relate to any of the Patent-in-suit and Related Patents, including but not limited to:

    a)    the first disclosure of the alleged invention of each of the Patent-in-suit and Related Patents to one or more people outside of Health Grades, Inc. (persons other than an inventor or Health Grades employees);

    b)    each and every document and thing relating to, referring to, describing, evidencing or constituting communications with MDx and/or any third party regarding the MDx products accused of infringement;

    c)    each and every document and thing relating to, referring to, describing or evidencing any contention, conclusion or belief by any third-party that any claim of the Patent-in-suit is invalid, unenforceable, or non-infringed; and

    d)    each and every document and thing relating to, referring to, describing, evidencing or constituting any allegations made by or on behalf of Health Grades that anyone has infringed one or more claims of the Patent-in-suit and/or Related Patents.

**DOCUMENT REQUEST NO. 10:**

Documents sufficient to demonstrate whether Health Grades has complied with the marking or notice provision under 35 U.S.C. § 287, including documents sufficient to show whether any licensees have marked (or were required to mark) with the patent number.

**DOCUMENT REQUEST NO. 11:**

To the extent Health Grades contends that the subject matter claimed in any claim of the Patent-in-suit would not have been obvious to a person of ordinary skill in the art at the time the alleged invention described by such claim was made, all documents and things relating to that contention, including but not limited to:

    a)    all documents and things concerning any contention that the subject matter claimed by any claim of the Patent-in-suit achieved commercial success, or lack thereof, including, but not limited to, all documents and things that evidence, record, discuss or make reference to a nexus between the claimed subject mater of the Patent-in-suit and any such alleged commercial success;

    b)    all documents and things concerning any contention that the subject matter claimed by any claim of the Patent-in-suit was conceived or developed in response to a long-felt but unfulfilled need;

    c)    each and every document and thing relating to, referring to, describing or evidencing any attempt by any person other than the named inventors of the Patent-in-suit to solve any problem that Health Grades contends was solved by any alleged invention claimed by the Patent-in-suit; and

d) each and every document and thing relating to, referring to, describing or evidencing any advantage and/or disadvantage of using any product either described in or claimed by the Patent-in-suit as compared to any other product.

**DOCUMENT REQUEST NO. 12:**

Each and every document and thing supporting or contradicting any Health Grades allegation or argument in this case, including, but not limited to, all documents and things supporting or contradicting allegations and arguments relating to the alleged infringement, claim construction positions, and any allegations and arguments related to secondary considerations of non-obviousness and conception/reduction to practice dates.

**DOCUMENT REQUEST NO. 13:**

Documents which state or describe the business purpose and corporate structure of Health Grades including, but not limited to ownership structure, Health Grades's predecessors or merged entities, and departments, divisions, employees, and managers of Health Grades and of any of the foregoing, and any relationship with other entities having any interest in the Patent-in-suit.

**DOCUMENT REQUEST NO. 14:**

Documents which state, describe, or relate to any present or past ownership or security interest in the Patent-in-suit, including but not limited to assignment(s) from the inventors of the Patent-in-suit and documents evidencing a chain of title from the inventors of the Patent-in-suit to Health Grades.

**DOCUMENT REQUEST NO. 15:**

All documents and things evidencing all damages that Health Grades contends it may be entitled to receive as a result of any alleged infringement by MDx of the Patent-in-suit, including, but not limited to, all documents evidencing the factual and legal bases for any (i) reasonable royalty that Health Grades seeks in view of the factors set forth in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970) and its progeny, and (ii) lost profits that Health Grades seeks, and identify all documents and things relating to the foregoing.

**DOCUMENT REQUEST NO. 16:**

All licenses or grants of any other rights under the Patent-in-suit, the Application Publication, and/or Related Patents.

**DOCUMENT REQUEST NO. 17:**

Each and every document and thing identified in, responsive to, used in responding to, or relating in any way to MDx's interrogatories, including MDx's First Set of Interrogatories (Nos. 1-6).

**DOCUMENT REQUEST NO. 18:**

All documents Health Grades may rely upon or use at trial in this case.

Dated: June 8, 2011

Respectfully submitted,

/s/ Scott D. Stimpson

Scott D. Stimpson
Mark J. Rosenberg
David C. Lee
Sills Cummis & Gross P.C.
One Rockefeller Plaza
New York, New York 10020
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: sstimpson@sillscummis.com
E-mail: mrosenberg@sillscummis.com
E-mail: dlee@sillscummis.com

and

Marsha Piccone, Atty. No. 15268
Ramona Lampley, Atty. No. 37288
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Tel: (303) 244-1800
Fax: (303) 244-1879
E-mail: piccone@wtotrial.com
E-mail: lampley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on June 8, 2011, I have caused a true and correct copy of the foregoing MDX MEDICAL, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-18) to be served upon counsel for Health Grades, Inc. by electronic mail transmission to the following individuals:

> Jesus Manuel Vazquez, Jr.
> Kris John Kostolansky
> Jeffrey David Phipps
> ROTHGERBER JOHNSON & LYONS LLP
> One Tabor Center, Suite 3000
> 1200 Seventeenth Street
> Denver, CO 80202
> Tel: (303) 623-9000
> Fax: (303) 623-9222
> jvazquez@rothgerber.com
> kkosto@rothgerber.com
> jphipps@rothgerber.com
>
> *Attorneys for Plaintiff Health Grades, Inc.*

Dated: June 8, 2011

/s/ David C. Lee
David C. Lee

12