IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

**HEALTH GRADES, INC.'S MOTION FOR LEAVE
TO AMEND ITS INFRINGEMENT CONTENTIONS TO ADDRESS NEW CLAIM
CONSTRUCTIONS FROM THE FEBRUARY 13, 2012 MARKMAN ORDER**

## I. INTRODUCTION

Health Grades seeks leave to amend its infringement contentions to refine its literal infringement arguments based on the new claim interpretations set forth in the Markman Order issued on February 13, 2012. Specifically, Judge Brimmer developed new claim interpretations for four phrases:

- "**first healthcare provider**"
- "healthcare provider report on **the first healthcare provider**"
- "healthcare provider report **includes comparison ratings for healthcare providers**"
- "**received from the first healthcare provider**"

Health Grades could not have addressed these interpretations any earlier. This constitutes good cause for amending the contentions, particularly because Health Grades has been diligent in seeking leave to amend and amendment will not cause undue prejudice to MDx.

2003582060_1

## II.  CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCivR 7.1A

Health Grades conferred with MDx regarding this motion.  MDx opposes it.

## III.  FACTUAL BACKGROUND

Plaintiff Health Grades has accused Defendant MDx of infringing United States Patent No. 7,752,060 (the "'060 Patent").  (Order Regarding Claim Construction dated 2/13/12 ("Markman Order") (Dkt. 183).)  The '060 patent generally relates to an Internet-based information system that connects patients with potential healthcare providers.  (*See id.* at 1.) "More particularly, the present invention relates to providing on-line ratings and reports comprised of detailed healthcare provider information with verified information sections, including physician verified and/or independent third-party verified portions, and patient-provided information sections, to assist patients in differentiating among healthcare providers." (*See id.* at 1-2.)  The company providing the information service creates and maintains a database of detailed information relating to healthcare providers.  (*See id.* at 18.)  A patient may search for physicians using various search criteria, including for example, geographic area, physician specialty, and gender.  (*See id.* at 11.)  All of the claims of the '060 patent require creating a healthcare provider report on "the **first healthcare provider**" that includes "**comparison ratings of health care providers**."

In an effort to streamline this lawsuit, the parties agreed to abide by the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California. (Scheduling Order at 6 (Dkt. 34).)  The scheduling order in this case originally provided:

2

2003582060_1

| Patent Disclosure | Due Date |
|---|---|
| 3-1. Disclosure of Asserted Claims and Infringement Contentions.<br>3-2. Document Production Accompanying Disclosure. | July 1, 2011 |
| 3-3. Invalidity Contentions.<br>3-4. Document Production Accompanying Invalidity Contentions. | August 19, 2011 |
| 4-1. Exchange of Proposed Terms of Construction. | September 2, 2011 |
| 4-2. Exchange of Preliminary Claim Construction and Extrinsic Evidence. | September 23, 2011 |
| 4-3. Joint Claim Construction and Prehearing Statement. | October 19, 2011 |
| 4-4. Completion of Claim Construction Discovery. | November 18, 2011 |
| 4-5(a). Plaintiff's Claim Construction Brief and Evidence. | December 5, 2011 |
| 4-5(b). Defendant's Claim Construction Response and Evidence. | December 19, 2011 |
| 4-5(c). Plaintiff's Claim Construction Reply and Evidence. | December 28, 2011 |

Health Grades served its original infringement contentions on July 1, 2011. In these contentions, Health Grades asserted literal infringement and infringement under the doctrine of equivalents for claims 1, 4-11, and 14-16 against an older version of the accused website and the current version of the accused website. (7/1/11 Contentions at 3 (Ex. 8).) In its claim chart attached to these contentions, Health Grades specifically discussed infringement under the doctrine of equivalents for the "healthcare provider report includes comparison ratings of healthcare providers" claim element. (Ex. A to Original Contentions at 19, 54 (Ex. 1) (current version); *see also* Ex. B to Original Contentions at 24, 54-55 (Ex. 4) (prior version).)

On October 20, 2011, Health Grades served MDx with amended infringement contentions (referred to as the "Attempted Amendment") that sought to address information provided by MDx after the original infringement contentions were served. MDx moved to strike the Attempted Amendments. Magistrate Judge Boland recommended that MDx's motion to strike be granted because, among other reasons, Health Grades failed to first seek leave to amend and he did not find that Health Grades has shown good cause to amend. (Dkt. 87.) Health

3

Grades filed objections to the recommendation to strike the Attempted Amendment, which are currently pending before Judge Brimmer. (Dkt. 102.)

The Court held a Markman hearing on January 19, 2012 and issued its Markman Order on February 13, 2012. Since the scheduling order was entered, the fact discovery and expert discovery deadlines have been extended. Fact discovery is currently set to close on March 16, 2011, with opening expert reports on infringement and invalidity due the same day. (Dkt. 134.)

## III.  REQUEST FOR LEAVE TO AMEND

### A.  The Law of Patent Infringement

Whether a product or process infringes a claim requires a two-step analysis. First, the Court must construe the disputed claim terms. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) (*en banc*), *aff'd*, 116 S.Ct. 1384 (1996). Second, the fact-finder must compare the properly-construed claims to the accused product or process. Literal infringement requires that the accused product or process practice every limitation in the claim. *Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1563 (Fed. Cir. 1996). *If* a particular claim element is *not* found in the accused product, the product may still infringe under the doctrine of equivalents if the accused product includes an equivalent element that performs substantially the same function, in substantially the same way, to produce substantially the same result as the claimed element of the patented invention. *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 37-39 (1997).

### B.  The Local Patent Rules Generally Consider a New Claim Construction To Be Good Cause for Granting Leave to Amend Infringement Contentions

Section 3-6 of the Patent Local Rules governs motions to amend infringement contentions. It states:

4

2003582060_1

> 3-6. **Amendment to Contentions.**
>
> Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include: ==(a) a claim construction by the Court different from that proposed by the party seeking amendment==; (b) recent discovery of material, prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions. The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions.

(Dkt. 34 at 22 (highlighting added).)

On February 13, 2012, this Court issued a Markman Order that included claim interpretations that differed from those proposed by Health Grades and MDx:

| Disputed Phrase | HG's Proposed Construction | MDx's Proposed Construction | Court's Construction |
|---|---|---|---|
| "**first healthcare provider**" | A physician or other healthcare professional. | A specific healthcare provider on which a request for information is received, healthcare provider-verified information is accessed, patient-provided information is compiled, and information verified by an independent third-party source is compiled. | A particular healthcare provider about whom information is requested and a report is produced.[1] |
| "healthcare provider report on **the first healthcare provider**" | a formatted and organized presentation of information that relates to one or more healthcare providers identified in response to a query for information regarding healthcare provider(s). | report directed specifically to the first healthcare provider. | Report on the [particular healthcare provider about whom information is requested and a report is produced].[2] |

---

[1]   Markman Order at 23 (Dkt. 138).
[2]   Markman Order at 12-13.

5

2003582060_1

| Disputed Phrase | HG's Proposed Construction | MDx's Proposed Construction | Court's Construction |
|---|---|---|---|
| "healthcare provider report includes **comparison ratings of healthcare providers**" | a rating system that facilitates comparison(s) amongst physicians to highlight which physician(s) identified in response to a query for information best fit one or more criteria. | ratings of multiple providers other than the first healthcare provider | Ratings on multiple healthcare providers, including the "first healthcare provider," in the report on that "first healthcare provider," thus permitting comparison of the "first healthcare provider" with other potential healthcare providers. [3] |
| "**received from first healthcare provider**" | No construction necessary | Information provided personally from the first healthcare provider | Receipt of information from the first healthcare provider or one of his or her agents, such as an employee, as distinguished from information received from patients or public sources. [4] |

Not only do Judge Brimmer's constructions have literal differences from both party's proposals, but they introduce different issues in this case. For example, the construction of **first healthcare provider** as a "particular healthcare provider about whom information is requested . . ." raises the issues of whether the potential patient who is requesting the information need know the identity of the particular physician for whom he or she is requesting information *before* they request the information and whether the request for information need be directed to *only* one particular doctor. As another example, the construction of **first healthcare provider** as a "particular healthcare provider about whom . . . a report is generated" also raises the issue of

---

[3] Markman Order at 24.
[4] Markman Order at 24.

6

2003582060_1

whether a healthcare provider report on the **first healthcare provider** must include only one particular healthcare provider, and if so, how it must also include comparison ratings of other healthcare providers, which is set forth in the new construction of comparison ratings. Other issues include whether the healthcare provider report on the **first healthcare provider** must include comparison ratings of the **first healthcare provider** and other healthcare providers in the same report, and if so, whether they have to be on the same page of the same report.

Health Grades seeks to amend its infringement contentions to address these new issues based on the new claim constructions and to specifically use these constructions in a comparison of the asserted claims against MDx's accused websites.[5] For example, the Court construed the term "**first healthcare provider**" to mean "a particular healthcare provider about whom information is requested and a report is produced." Health Grades' amended contentions explain an example where Dr. James Smith of New York, NY is the "**first healthcare provider**" as construed by the Court. With regard to the request for information claim element, the Amended Claim Chart provides in part:

---

[5]   Health Grades attaches the following to assist this Court in understanding the scope of its proposed amendments:

   Exhibit 1:  Ex. A Claim Chart (current version) to original infringement contentions (7/1/11).
   Exhibit 2:  Proposed amended Ex. A claim chart.
   Exhibit 3:  Redlined version of Exhibit 2 comparing it to Exhibit 1.
   Exhibit 4:  Exhibit B Claim Chart (prior version) to original infringement contentions (7/1/11).
   Exhibit 5:  Proposed amended Ex. B claim chart.
   Exhibit 6:  Redlined version of Exhibit 5 comparing it to Exhibit 4.

7

> The Court's Markman Order defines the first healthcare provider as "a particular healthcare provider about whom information is requested and a report is produced."
>
> MDx literally infringes this element as construed by the Court in its Markman Order.  For example, on the www.vitals.com website, information can be requested about a particular healthcare provider by performing various searches, which are initiated at the www.vitals.com homepage. . . .
> . . . .
>
> As another example, a patient can request information about Dr. James Smith in New York, NY:
>
> 
>
> . . . .
>
> To the extent that the Court's construction of first healthcare provider requires that the request for information be directed to *only* one particular healthcare provider, a position with which Health Grades disagrees, MDx both literally infringes this element and infringes under the doctrine of equivalents.   MDx literally infringes this element because the www.vitals.com website is capable of receiving requests for information about only one particular physician.  MDx infringes under the doctrine of equivalents because a request for information about multiple particular physicians performs substantially the same function, in substantially the same way, to achieve substantially the same result as a request for one particular physician as shown above.

(Redlined Amended Infringement Claim Chart at 11-17 (Ex. 3).)

With regard to the creating a healthcare provider report claim element, the Amended Claim Chart provides in part:

> To the extent that the Court's construction of "first healthcare provider" requires that the "healthcare provider report on the first healthcare provider" include *only* one particular healthcare provider, a position with which Health Grades disagrees, MDx both literally infringes this element and infringes under the doctrine of equivalents.  MDx literally infringes this element because the www.vitals.com website is capable of creating a healthcare provider report about *only* one particular physician.  A portion of a healthcare provider report about Dr. James Smith, and only Dr. James Smith, is shown in the green square below:
>
> 
>
> MDx infringes under the doctrine of equivalents because creating a report that includes multiple particular physicians performs substantially the same function, in substantially the same way, to achieve substantially the same result as creating a healthcare provider report about one particular physician.

(Redlined Amended Infringement Claim Chart at 48-50 (Ex. 3).)

Local Rule 3-6 provides that the Court's Markman Order that includes new constructions may constitute good cause for amending its infringement contentions, *unless* such amendment would cause undue prejudice to MDx.  (Local Patent Rule 3-6(a).)  There is no such prejudice in this case.  Indeed, this Court recently allowed MDx to amend its invalidity contentions.  (Dkt. 128.)  Fact discovery is not scheduled to close until March 16, 2012 and expert discovery has not

9

started. Only three of the scheduled nine fact depositions have been taken, none of which related to infringement issues. MDx's expert report on non-infringement is not due until April 16, 2012.

Moreover, the amendments that Health Grades seeks to make to its infringement contentions are not dramatically different from, and are consistent with, the theories it advanced before. To illustrate this point, the following table shows a few examples of the original contentions compared with the proposed amended contentions:

| July 1, 2011 Contentions | Proposed Amended Contentions |
|---|---|
| "Screenshot Nos. 14 & 16-18 show portions of a healthcare provider report for Dr. Mark Brunvand. This report uses at least the following information: (1) healthcare provider-verified information, circled in red; (2) patient-provided information, circled in green; and (3) information verified by an independent third party circled in purple. The report also includes comparison ratings, circled in orange.<br><br><br>"<br><br>(Exhibit 1 at 16-18.) | "As another example, the following screenshot shows a portion (e.g. a first page) of a healthcare provider report for the first healthcare provider discussed above, Dr. Sujana Chandrasekhar. This report uses at least the following information: (1) healthcare provider-verified information, circled in red; (2) patient-provided information, circled in green; and (3) information verified by an independent third party circled in purple. The report also includes comparison ratings, circled in orange, about Dr. Chandrasekhar, and other healthcare providers as required by the Court's Markman Order (circled in blue). . . .<br><br><br>"<br><br>(Exhibit 3 at 47-49.) |
| "To the extent that MDx asserts that any of these three ratings do not literally satisfy the limitation of a healthcare | "To the extent that the Court's construction of comparison ratings of healthcare providers requires that |

10

| July 1, 2011 Contentions | Proposed Amended Contentions |
|---|---|
| provider report that includes comparison ratings, these ratings meet the claim limitation under the doctrine of equivalents because they have the same function and operate in the same way to achieve the same result as comparison ratings in a healthcare provider report." (Exhibit 1 at 19-20.) | the comparison ratings of the first healthcare provider be shown on the same page (e.g. side by side) as the comparison ratings of other healthcare providers, MDx both literally infringes this element and infringes under the doctrine of equivalents. . . . MDx infringes under the doctrine of equivalents because a healthcare provider report that displays comparison ratings of the first healthcare provider on a different page than comparison ratings of other healthcare providers performs substantially the same function, in substantially the same way, to achieve substantially the same result as displaying this information side-by-side." (Exhibit 3 at 52.) |

Moreover, Health Grades is *not* seeking to add new patent claims. Health Grades has always contented that MDx infringed claims 1, 4-9, 10-11, and 15-16 both literally *and under the doctrine of equivalents*. (Original Contentions at 5-6 (Ex. 8).) Health Grades has always relied on the doctrine of equivalents, in the alternative, for the "creating a healthcare provider report . . . [that] includes comparison ratings of healthcare provider" element. (Ex. A to Original Contentions at 19 (highlighting added) & 54 (Ex. 1); *see also* Ex. B to Original Contentions at 24, 54-55 (Ex. 4).) Rather, the proposed amended contentions provide additional details that respond to the new issues raised by the new claim constructions. Allowing the amendment will not cause MDx prejudice, let alone *undue* prejudice.

Finally, Health Grades has been diligent in seeking leave to amend its contentions. It is filing this motion within three weeks of the Court issuing its Markman Order. As such, this Court should grant Health Grades' motion for leave to amend its infringement contentions to address the three new claim constructions.

11

### C.  MDx's Reasons for Opposing this Motion Lack Merit

During its meet and confer on this Motion, MDx provided several reasons for opposing this motion.  Health Grades addresses each below.

> *"First, Health Grades provided its first contentions in bad faith, and deliberately chose not to assert positions on numerous elements.  That was a conscious, deliberate decision on the part of Health Grades."*

(E-mail from Scott Stimpson to Jesús M. Vázquez dated 2/28/12 ("Stimpson e-mail") (Ex. 7).)

Not true.  Health Grades provided over one hundred pages of claim charts and screen shots in its original infringement contentions.  (Original Contentions (Ex. 8); Ex. A to Original Contentions (Ex. 1); Ex. B to Original Contentions (Ex. 4).)  Health Grades could not have earlier provided the proposed amended contentions because they are based on Judge Brimmer's new claim constructions, issued February 13, 2012.

> *"Second, Health Grades gave a frivolous reason for not including other equivalents positions (characterized by Magistrate Judge Boland as "disingenuous")."*

(Stimpson e-mail (Ex. 7).)  This argument relates to equivalents positions that are the subject of the pending objections to the recommendation to strike Health Grades' earlier attempted amendment, which amendments related to new information from MDx.  Health Grades respectfully disagrees with Magistrate Judge Boland's characterization, which related to one argument.  Nevertheless, this should not cause Health Grades to be *forever precluded* from amending its contentions when it has shown good cause for doing so, particularly where Health Grades' proposed amendments are based on different facts (i.e., the new Markman order) than those at issue before (i.e., new information from MDx).

> *"Third, despite repeated warnings that Health Grades would be precluded from asserting other equivalents positions, and after being given numerous*

12

> *opportunities to supplement, Health Grades declined and again chose not to make these assertions when they should have been made pursuant to court order."*

(Stimpson e-mail (Ex. 7).) Not true. This Court has *not* "repeatedly warned Health Grades" that it would be precluded from asserting equivalents positions. Further, Health Grades could not have made these amendments earlier.

> *"Fourth, Health Grades' choice not to make these arguments resulted in Magistrate Boland's refusal to allow your proposed supplement, and everyone (Magistrate-Judge Boland, Health Grades, and Mdx) all agreed that this ruling was "dispositive" on the various positions Health Grades failed to provide. Health Grades agreed to this in its objections to the Magistrate Judge's ruling, and cannot now flip flop and take an entirely different position."*

(Stimpson e-mail (Ex. 7).) Not true. The recommendation related to the specific amendment served on MDx on October 20, 2011. (Dkt. 87 at 3, 10 ("In sum, Health Grades has failed to establish good cause justifying the delay in submitting and seeking leave to make the Attempted Amendments.").) It did *not* forever preclude Health Grades from seeking leave to amend its infringement contentions, particularly for new and different reasons than those asserted before. Health Grades did not agree otherwise. (*See* Objections at 16 n.6 (Dkt. 102).)

In any event, the proposed amendments at issue in this motion involve equivalents arguments for the "request for information regarding a **first healthcare provider**" element, which was not part of the Attempted Amendments that were stricken, and equivalents arguments for the "healthcare provider report includes **comparison ratings of healthcare providers**" element, which were not stricken because they were made in the original contentions.

> *"Fifth, even if there had not been a waiver, the proposed supplement does not meet the requirements of the rule. See also fn 8 in our response to your objections."*

13

(Stimpson e-mail (Ex. 7)).) Footnote 8 references two decisions that do not support MDx's statement. In *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, the parties were operating under a local rule that allowed the plaintiff to amend its infringement contentions within 30 days after the claim construction *without leave of the court*. 467 F.3d 1355, 1360 (Fed. Cir. 2006). This case recognizes the need to amend infringement contentions based on Markman constructions, which is what Health Grades seeks to do here.

In *Nike, Inc. v. Adidas Am., Inc.*, the plaintiff "served its First Supplemental Infringement Contentions **with not even a passing reference to infringement by the doctrine of equivalents.**" 479 F. Supp. 2d 664, 666 (E.D. Tex. 2007) (emphasis added). The plaintiff also failed to explain why the claim construction was sufficiently different to necessitate amendment of the contentions. In contrast, here Health Grades explains the significance of the differences in detail above and further asserted its intent to rely on the doctrine of equivalents in its original infringement contentions:

> E. Literal Infringement and Infringement under the Doctrine of Equivalents
>
> At the time of this filing, Health Grades contends that MDx infringes claims 1, 4-11, and 14-16 of the '060 patent both literally and under the doctrine of equivalents. Details regarding these contentions are provided in the claim charts attached as Exhibits A and B.

(Ex. 8 at 3 (highlighting added).) Health Grades also relied on the doctrine of equivalents in its original infringement claim charts:

> To the extent that MDx asserts that any of these three ratings do not literally satisfy the limitation of a healthcare provider report that includes comparison ratings, these ratings meet the claim limitations under the doctrine of equivalents because they have the same function, and operate in the same way to achieve the same result as comparison ratings in a healthcare provider report. *See* Screenshot No. 18.

14

(Ex. A to Original Contentions at 19 (highlighting added) & 54 (Ex. 1); *see also* Ex. B to Original Contentions at 24, 54-55 (Ex. 4).) It is now seeking to refine these contentions based on the Court's recent Markman order. *Alliance Packaging LLC v. Smurfit-Stone Container Corp*. decision is more analogous to this case. 2008 U.S. Dist. LEXIS 21683 (W.D. Wash. Mar. 19, 2008). There, the court denied the defendant's request to preclude the patent owner from asserting the doctrine of equivalents theories even though it had not provided detailed equivalents contentions because it made the following statement early in the litigation:

> "[t]o the extent that any element of any Asserted Claim is not found to be literally present, Alliance contends that the element is present under the doctrine of equivalents." Alliance's Prehearing Statement, docket no. 42, at 5:23-26. This Prehearing Statement provided Altivity with a timely notice of Alliance's allegations of infringement under the doctrine of equivalents.

*Id.*

> *"Sixth, your comment that Judge Brimmer interpreted these phrases in his own way is flat out wrong."*

(Stimpson e-mail (Ex. 7).) As described in detail above, Judge Brimmer's claim constructions are different from those proposed by Health Grades, particularly for the terms "**first healthcare provider**," "report on the **first healthcare provider**," and "comparison ratings of healthcare providers." These constructions also deviate from those proposed by MDx as shown above. The differences in the new constructions raise new issues (explained above) that Health Grades should be allowed to address. As such, good cause exists for Heath Grades to amend it infringement contentions, particularly because Health Grades has been diligent in seeking leave and doing so will not prejudice MDx.

15

Respectfully submitted this 2nd day of March, 2012.

        ROTHGERBER JOHNSON & LYONS LLP

        *s/ Jesús M. Vázquez*
        Kris J. Kostolansky, Esq.
        Jesús M. Vázquez, Jr., Esq.
        Jeffrey D. Phipps, Esq.
        1200 17th Street, Suite 3000
        Denver, Colorado  80202
        Tel:  (303) 623-9000
        Fax:  (303) 623-9222
        Email:  kkosto@rothgerber.com
                jvazquez@rothgerber.com
                jphipps@rothgerber.com

        *Attorneys for Plaintiff/Counterclaim Defendant*
        *Health Grades, Inc.*

# CERTIFICATE OF SERVICE

      I hereby certify that on March 2, 2012, I electronically filed the foregoing **HEALTH GRADES, INC.'S MOTION FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS TO ADDRESS NEW CLAIM CONSTRUCTIONS FROM THE FEBRUARY 13, 2012 MARKMAN ORDER** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Scott David Stimpson
Mark Jon Rosenberg
David Chunyi Lee
Scott B. Murray
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY  10112
Email: sstimpson@sillscummis.com
Email: mrosenberg@sillscummis.com
Email: dlee@sillscummis.com
Email: smurray@sillscummis.com

Ramona L. Lampley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
Email: lampley@wtotrial.com

Terence M. Ridley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
Email: ridley@wtotrial.com

s/ Jesús M. Vazquez
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Jeffrey D. Phipps, Esq.
Rothgerber Johnson & Lyons, LLP
1200 17th Street, Suite 3000
Denver, Colorado 80202-5855
Tel:     (303) 623-9000
Facsimile: (303) 623-9222
Email:  kkostolansky@rothgerber.com
            jvazquez@rothgerber.com
            jphipps@rothgerber.com
Attorneys for Plaintiff/Counterclaim Defendant
Health Grades, Inc.
