**Vazquez, Jesus**

**From:** Scott D. Stimpson [sstimpson@sillscummis.com]
**Sent:** Monday, February 27, 2012 10:03 AM
**To:** Vazquez, Jesus
**Cc:** David C. Lee; Scott Murray
**Subject:** RE: Conferral re Motion for Leave to Supplement Infringement Contentions

Jesus:

We will not agree that Health Grades may supplement its infringement contentions, for many reasons. A few (non-exhaustive) reasons are below.

First, Health Grades provided its first contentions in bad faith, and deliberately chose not to assert positions on numerous elements. That was a conscious, deliberate decision on the part of Health Grades.

Second, Health Grades gave a frivolous reason for not including other equivalents positions (characterized by Magistrate Judge Boland as "disingenuous").

Third, despite repeated warnings that Health Grades would be precluded from asserting other equivalents positions, and after being given numerous opportunities to supplement, Health Grades declined and again chose not to make these assertions when they should have been made pursuant to court order.

Fourth, Health Grades' choice not to make these arguments resulted in Magistrate Boland's refusal to allow your proposed supplement, and everyone (Magistrate-Judge Boland, Health Grades, and Mdx) all agreed that this ruling was "dispositive" on the various positions Health Grades failed to provide. Health Grades agreed to this in its objections to the Magistrate Judge's ruling, and cannot now flip flop and take an entirely different position.

Fifth, even if there had not been a waiver, the proposed supplement does not meet the requirements of the rule. See also fn 8 in our response to your objections.

Sixth, your comment that Judge Brimmer interpreted these phrases in his own way is flat out wrong.

MDx objects to any supplement.

Scott



Sills Cummis & Gross P.C.

website | bio | v-Card | email

**Scott D. Stimpson**
Member of the Firm

**New York** | Map    d (212) 500-1550    f (212) 643-6500    30 Rockefeller Plaza    New York, NY 10112

**From:** Vazquez, Jesus [mailto:jvazquez@rothgerber.com]
**Sent:** Friday, February 24, 2012 3:13 PM
**To:** Scott D. Stimpson
**Cc:** David C. Lee; Scott Murray

3/2/2012

**EXHIBIT 7**

**Subject:** Conferral re Motion for Leave to Supplement Infringement Contentions

Scott,

We are going to file a motion for leave to supplement our infringement contentions pursuant to Patent Local Rule 3-6, based on Judge Brimmer's Claim Construction Order. The supplement will contain additional infringement arguments, both literal and doctrine of equivalents, based on the new interpretations Judge Brimmer proposed for the terms "first healthcare provider," "comparison ratings of healthcare providers," and "received from a first healthcare provider." As you know, Local Patent Rule 3-6 states:

### 3-6. Amendment to Contentions.

> Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include: (a) **a claim construction by the Court different from that proposed by the party seeking amendment**; (b) recent discovery of material, prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions. The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions.

(highlighting added). For these terms, Judge Brimmer did not adopt either party's proposed construction, but rather created new constructions. Thus, Health Grades could not have addressed these constructions before now.

Please let us know whether or not you oppose the motion. We plan to file it early next week.

Thank you. Jesus

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO 80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.

NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.