IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S MOTION PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 26(C) FOR A PROTECTIVE ORDER**

---

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx") respectfully requests entry of the Protective Order regarding confidentiality attached as Exhibit A. The parties agree on the need for a protective order, but disagree on a single issue relating to opportunities to object prior to disclosure of confidential materials to third parties and experts. Pursuant to D.C.COLO.LCivR 7.1A, the undersigned conferred on September 8, 2011 and September 20, 2011 with counsel for Plaintiff and Counterclaim Defendant Health Grades, Inc. ("Health Grades"), and since that time the parties have corresponded several times regarding this issue without reaching agreement. During the conferrals, counsel for Health Grades indicated its opposition to a motion to enter this protective order.

The attached order was initially drafted by counsel for Health Grades, and MDx proposed some changes. The changes are shown in a redline version attached hereto as Exhibit B. Health Grades agreed to most of these changes, but now wants to change its own earlier proposal and allow third parties access to the MDx confidential information without any advance notice to MDx. *See* correspondence attached as Exhibit C. Of course, the entire point of a protective order would be lost if the receiving party could distribute highly confidential materials to whoever it wished without any need for advance approval or opportunity for objection. Counsel for MDx tried to reach agreement with counsel for Health Grades on this issue -- asking for identities of these mystery third parties -- but Health Grades refused to commit. MDx's request for a brief notice period is not unreasonable and has been approved by this Court in other cases. *See Univera, Inc. v. Res. Maxima LLC,* 2006 U.S. Dist. LEXIS 40452, 5-6 (D. Colo. 2006) (approving a protective order which allowed disclosure of confidential documents to proposed experts only after notice and opportunity to object); *A Maj. Difference, Inc. v. Wellspring Prods., LLC,* 243 F.R.D. 415, 419 (D. Colo. 2006)(same).

The parties agree that a protective order is needed. The Federal Rules of Civil Procedure explicitly authorize a court to enter a protective order which requires "confidential research, development, or commercial information" to "not be revealed or be revealed only in a specified way[.]" *Fed Rules Civ Proc R* 26(c)(1)(G); *see also Premier Election Solutions, Inc. v. SysTest Labs Inc.,* 2009 U.S. Dist. LEXIS 94193 (D. Colo. Sept. 22, 2009). Here, the documents the parties seek to protect include highly confidential sales and revenue information, and confidential design and development information regarding each company's operations and strategic plans. Therefore, the parties sought to agree to a protective order. Despite the one

remaining disputed issue, the vast majority of the attached draft was either drafted by counsel for Health Grades, or agreed to by counsel for Health Grades.  MDx respectfully requests entry of this proposed order.[1]

## IV.     CONCLUSION

For all the foregoing reasons, MDx respectfully requests entry of the Protective Order annexed hereto as Exhibit A.

Dated:  March 8, 2012                                         Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
One Rockefeller Plaza
New York, New York 10020
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: sstimpson@sillscummis.com
E-mail: smurray@sillscummis.com
E-mail: dlee@sillscummis.com

and

---

[1] It is unclear what changes counsel for Health Grades will propose to this draft, other than possibly its earlier, unreasonable request for permission to disclose the MDx highly confidential information to anyone it wants without notice to, and time for, MDx to object to such disclosure.  Our latest attempts to elicit Health Grades' position have been unsuccessful, and Health Grades has on multiple occasions tried to change its own earlier proposals.  Accordingly, MDx seeks permission for a reply memorandum.

- 4 -

Terence Ridley, Atty. No. 15212
Ramona Lampley, Atty. No. 37288
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com
E-mail: lampley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

- 4 -

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on <u>March 8, 2012</u>, I electronically filed the foregoing MDX MEDICAL, INC.'S MOTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(C) FOR A PROTECTIVE ORDER with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez , Jr.**
  jvazquez@rothgerber.com, phenke@rothgerber.com

- **Kris John Kostolansky**
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- **Jeffrey David Phipps**
  jphipps@rothgerber.com, kmeans@rothgerber.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Scott B. Murray**
  smurray@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

- **Ramona L. Lampley**
  lampley@wtotrial.com, keitlen@wtotrial.com

      <u>s:/David C. Lee</u>