# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

      Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

      Defendant.

---

## JOINT STIPULATION FOR A PROTECTIVE ORDER

---

      To facilitate discovery and protect, pursuant to Federal Rule of Civil Procedure 26(c), the confidentiality of and rights to information and documents disclosed in connection with this litigation (the "Action"), Plaintiff Health Grades, Inc. ("Health Grades") and Defendant MDx Medical, Inc. d/b/a Vitals.com ("MDx") jointly stipulate that confidential information be disclosed only in designated ways:

1.    **INTRODUCTION**

    1.1.    WHEREAS, the parties believe in good faith that certain information discoverable in this case consists of financial, business, sales, technical or other types of commercially valuable information that the respective parties maintain in confidence in the ordinary course of business;

    1.2.    WHEREAS, the parties reasonably believe that public disclosure of such confidential information would cause financial and competitive harms to the disclosing party;

{00944875 / 1}

1.3.   WHEREAS, the parties believe that good cause exists for the entry of this order pursuant to F.R.Civ.P. Rule 26(c), which is narrowly tailored to protect the aforementioned confidential information of the parties.

1.4.   By reason of the foregoing, the parties, by their counsel, jointly request that this Court enter the following Joint Stipulation for Protective Order (hereinafter, "Protective Order") in this Action.

2.   **APPLICABILITY OF THIS PROTECTIVE ORDER**

2.1.   The parties agree that the confidentiality provisions of this order shall apply to all information, documents and things subject to discovery or submitted to the Court in this Action that a party possesses or controls and designates as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to the Protective Order.  Information, documents or things obtained by a party from another party under this Protective Order shall be used solely for purposes of this litigation, and not for any other purpose or for any other legal proceeding, and not for any commercial or business purpose (including the pursuit of any intellectual property rights) or in any way adverse to the interests of the Producing Party.  Specifically, and without limitation, such information, documents or things obtained by a party from another party shall not be used for any other litigation than this Action, and shall not be used in pursuit of legal rights, if any, of persons or entities not parties to this Action.  Nothing in this Protective Order shall restrict a Producing Party from using any Protected Material containing its own Confidential Information for any purpose.

2.2.   The provisions of this Protective Order shall apply to properly designated information, documents and things subject to discovery or submitted to the Court in this Action that a party or third party owns or controls, which information, documents or things contain the designating party's trade secrets or other confidential research, development, or commercial or financial information, including without limitation, testimony at depositions upon oral examination or upon written questions, answers to interrogatories, documents or things produced, information obtained through inspection of premises or things, and answers to requests for admission.  This Protective Order also applies to all information, documents or things derived from such information, documents or things, including but not limited to copies, summaries, or abstracts.  Designation of Confidential Information under the provisions of this Protective Order as either CONFIDENTIAL or HIGHLY CONFIDENTIAL constitutes a representation that counsel for the Producing Party in good faith believes that the designation is appropriate under the standards set forth herein.

3.   **<u>DEFINITIONS</u>**

3.1.   <u>"Action"</u>:  refers to the above-captioned matter, Health Grades, Inc. v. MDx Medical, Inc. d/b/a Vitals.com, Civil Action No. 11-CV-00520-PAB-BNB, now pending in the United States District Court for the District of Colorado.

3.2.   <u>"Confidential Information"</u>: means any non-public, commercially valuable information of a Producing Party that meets the criteria stated in the Introduction of this Protective Order.

3.3.    "Counsel" (without qualifier): includes Outside Counsel and House Counsel, as well as their support staff, as defined herein.

3.4.    "Documents": means all information, documents or things within the scope of F.R.Civ.P. Rule 34.

3.5.    "House Counsel": means attorneys who are employees of a Party to this Action.

3.6.    "Outside Counsel": means attorneys who are not employees of a Party but who are retained to represent or advise a Party in this Action.

3.7.    "Party": refers to any party to the Action, including all of its officers, directors, and employees, and its outside counsel retained by that party for this Action, including such counsel's support staff.

3.8.    "Producing Party": refers to a party that designates Documents or testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to § 4 of this Protective Order.

3.9.    "Protected Material": refers to any Document, or testimony that is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to § 4 of this Protective Order.

3.10.   "Receiving Party": a party that receives Documents in the Action.

3.11.   "Termination of this Action": refers to the earlier of either (a) when there is a settlement with prejudice in this Action with respect to all causes of action, or (b) when a final judgment ending this action is no longer subject to appeal.

## 4.    DESIGNATION OF PROTECTED MATERIAL

4.1.    TREATMENT OF MATERIALS DESIGNATED AS "CONFIDENTIAL"

Any Document or testimony of a Producing Party which contains Confidential Information may be designated as CONFIDENTIAL.  Material designated as CONFIDENTIAL pursuant to this Protective Order shall only be made available to the persons provided in § 5.1, and such treatment shall apply to any so designated Document, testimony, or other discovery material, all copies thereof, and all derived abstracts, summaries, or notes thereof to the extent they refer to the Confidential Information contained therein.

4.2.   <u>TREATMENT OF MATERIALS DESIGNATED AS "HIGHLY CONFIDENTIAL"</u>

Any Document or testimony of a Producing Party which contains particularly sensitive competitive Confidential Information may be designated as HIGHLY CONFIDENTIAL.  Material designated as HIGHLY CONFIDENTIAL pursuant to this Protective Order shall only be made available to the persons described in § 5.2, and such treatment shall apply to any so designated Document, testimony, or other discovery material, all copies thereof, and all derived abstracts, summaries, or notes thereof to the extent they refer to the Confidential Information contained therein.  By way of example, but not limitation, some of the types of information that may be designated as HIGHLY CONFIDENTIAL include:

4.2.1.   The names, or other information tending to reveal the identities, of a party's suppliers, present or prospective customers, or distributors;

4.2.2.   Information relating to pending and not yet published patent applications;

4.2.3.  Financial information, including but not limited to identifying the number of products sold, total dollar value of sales products, and profit margins for such products;

4.2.4.  Information constituting product specifications and/or regarding the technology used to make the accused products which is maintained as confidential;

4.2.5.  Technical notebooks and technical records, including schematic diagrams, technical reference manuals, operations manuals, or other like non-public information; and

4.2.6.  Forward-looking forecasts, projections, strategies, plans or the like.

Other categories of HIGHLY CONFIDENTIAL information may exist.  Disputes regarding whether material is properly designated as "HIGHLY CONFIDENTIAL," shall be resolved in accordance with § 10. The Parties do not presently expect that Source Code will be produced in this litigation, but should that change both Parties recognize the extreme sensitivity of such materials and thus the Parties will consult and agree on a level of protection higher than HIGHLY CONFIDENTIAL for such Code prior to any such disclosure.

4.3.  <u>EXERCISE OF RESTRAINT IN DESIGNATION</u>

The Producing Party agrees to designate information as CONFIDENTIAL or HIGHLY CONFIDENTIAL on a good faith basis and not for purposes of harassing the Receiving Party or for purposes of unnecessarily restricting the Receiving Party's or the public's access to information concerning the lawsuit.  A

Producing Party must take care to designate for protection only those parts of the Documents or testimony that qualify – so that other portions of such Documents or testimony for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

If it comes to a party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party shall promptly notify the Receiving Party that it is withdrawing the mistaken designation.

5. **PERSONS WITH ACCESS TO PROTECTED MATERIALS**

    5.1.   Persons with Access to Protected Material Designated as CONFIDENTIAL

Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any Protected Material designated as CONFIDENTIAL only to:

    5.1.1.  the Receiving Party's Outside Counsel of record in this Action, as well as employees of said Outside Counsel working solely in legal, secretarial, clerical, and paralegal capacities and who are assisting those attorneys in this Action, and (upon their agreement in writing to appropriate confidentiality restrictions consistent with this Order) persons working for outsourced litigation support services for the purposes of this Action;

    5.1.2.  authors, creators, addressees, and recipients of the Protected Material, who prior to the Action, lawfully received or had access to the Protected

Material, including the officers, directors, or employees (including House Counsel) of the Producing Party;

5.1.3.   expert witnesses or consultants and the employees or agents of such experts or consultants who are assisting them for the purposes of this Action, retained by the Receiving Party or the Receiving Party's Outside Counsel in connection with this Action after compliance with the procedures of § 5.2.2 of this Protective Order;

5.1.4.   stenographers, videographers, and their staffs retained for this Action;

5.1.5.   the Court and its personnel, and

5.1.6.   no more than three (3) officers, directors, or employees (including House Counsel) of a Party that is the Receiving Party, whose cooperation or assistance is reasonably necessary to enable the Party's Outside Counsel to prepare for trial in this Action.  The Receiving Party shall identify the positions held within the Receiving Party by title or other descriptive means, in writing, to the Producing Party at least five (5) business days prior to the first disclosure of such Protected Material to such individual persons.  The Receiving Party may substitute an individual person holding one of the so-identified positions, without notice to the Producing Party, if such a person terminates his or her position as an officer, director or employee of the Receiving Party, so long as no more than three (3) such persons at any time are in possession or receive Protected Material from the Producing Party.

5.2.   Persons with Access to Protected Material Designated as HIGHLY CONFIDENTIAL

Unless otherwise ordered by the court or permitted in writing by the Producing Party, a Receiving Party may disclose any Protected Material designated as HIGHLY CONFIDENTIAL only to:

5.2.1.   the persons identified in §§ 5.1.1 through 5.1.5 above.

5.2.2.   Persons for Whom A Signed Declaration and Agreement to be Bound by Protective Order is Required

Before disclosure of any Protected Material subject to this Protective Order is made to an Expert, outside of an actual deposition of such Expert, Outside Counsel for the Receiving Party seeking to disclose such information shall obtain a written Declaration and Agreement to be Bound by Protective Order, in the form attached hereto as Exhibit A, from each Expert to whom disclosure is intended to be made so that such Expert shall acknowledge that any Document or testimony that has been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL is subject to this Protective Order, that the Expert has read and understood this Protective Order, that such Expert agrees to comply with, and be bound by, this Protective Order, and that such Expert is aware that contempt sanctions may be entered for violation of this Protective Order.  All original signed forms of Declaration and Agreement to be Bound by Protective Orders shall be maintained by the Counsel who obtained such agreement at least until the Termination of this Action.

5.3.   Notification Required Prior to Disclosures to Experts

Prior to disclosure of any Protected Material to any person intended to serve as an Expert in this Action, as described in § 5.1.3, the following conditions must first be met:

5.3.1.  Outside Counsel for the Receiving Party wishing to disclose Protected Material to such Expert must notify the Producing Party's Counsel in writing of the intent to disclose Protected Material.  Such notice must include:

5.3.1.1.  a copy of the written Declaration and Agreement to be Bound by Protective Order in compliance with § 5.2.2, executed by the Expert;

5.3.1.2.  a true and accurate copy of the Expert's current curriculum vitae or resume describing his or her present and past ten (10) years of employment, including all consulting agreements or arrangements during this period.  If the curriculum vitae or resume does not include the following information, a supplemental disclosure must be provided which includes (1) the Expert's full name and the address of his primary residence, (2) the Expert's current employer(s), (3) a list of all persons or entities from whom the Expert has received compensation for work in his area of expertise or to whom he has provided professional services at any time during the preceding five (5) years, and (4) a list of all cases in

which the Expert has testified at a deposition or trial in the last

five (5) years;

5.3.1.3.  a statement indicating whether or not the Expert was a past

employee or is a current shareholder of (1) a Party, (2) any

subsidiaries of a Party, or (3) any company that, as far as the

Expert is aware, performed services under a joint development or

collaboration with a Party in the preceding five (5) years.

5.3.1.4.  In the event that the proposed Expert is not a natural person, but is

a business entity (such as a firm retained to provide trial graphics

or other demonstrative materials for this Action), such business

entity shall provide its list of engagements for the prior five (5)

years, and a statement indicating whether or not it has ever been

engaged by a Party, any subsidiaries of a Party, or any direct

competitor of a Party, as well as a Declaration and Agreement to

be Bound by Protective Order executed as required by § 5.2.2 by

an authorized representative of such entity.

5.3.2.  No disclosure of Protected Material to the Expert shall occur until five (5)

calendar days after all of the requirements set forth in § 5.3 have been met.

If the Producing Party objects in writing within this five-day period, and

such written objection sets forth in detail the grounds on which it is based,

no disclosure of Protected Material shall be made to that Expert.

5.3.3. If the Producing Party objects to the disclosure, the Producing Party and the Receiving Party who wishes to make the disclosure must meet and confer to try to resolve the matter. If no agreement is reached, the Producing Party may move the Court requesting that the disclosure not be permitted, and it shall be the burden of the Producing Party to show that the disclosure should not be made. Such motion must be filed and served within fourteen (14) calendar days of the written objection to disclosure; failure to so move during this fourteen-day period will be deemed a waiver of the Producing Party's objections.

6. **MARKING OF PROTECTED MATERIAL**

6.1. All Documents produced by any party shall be numbered (e.g., Bates numbered) using a prefix bearing the party's name or an abbreviation thereof, such as an acronym or the first three letters of its name so long as the abbreviation differs from all other names/abbreviations. The prefix should be used on a consistent basis and in a manner which makes clear the identity of the Producing Party. Confidential Information shall be designated as either CONFIDENTIAL or HIGHLY CONFIDENTIAL within the meaning of this Protective Order in the following manner:

6.1.1. Documents: Any Document produced during discovery or otherwise disclosed in this Action, and any information contained therein, may be designated by the Producing Party as CONFIDENTIAL or HIGHLY CONFIDENTIAL by affixing the legend "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL" prior to production, service, or filing.  Such legend shall be placed in a prominently visible location upon the first page of the Document containing Confidential Information and upon each page within such Document considered to contain Confidential Information.

6.1.2.   <u>Magnetic or Optical Media Documents</u>: Where a Document is produced in a magnetic medium (such as a floppy diskette or tape), an optical medium (such as a compact disc (CD) or digital versatile disc (DVD)), or other medium of data storage, the cartridge, reel, or medium container shall be marked with the appropriate legend as described in § 6.1.1 above.  If the Receiving Party prints any information contained on the media, such printouts will be marked by the Receiving Party in the manner described in § 6.1.1.

6.1.3.   <u>Tangible Items</u>: Where a physical exhibit or other tangible item is produced, designation shall be made by marking the item in a prominently visible location as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if practicable or, if not practicable, by placing such marking prominently on a package or container associated with the item.

6.1.4.   <u>Discovery Responses</u>: Where Confidential Information is incorporated into written answers to interrogatories, document requests or responses to requests for admission, a designation shall be made by placing in a prominently visible location on the first page and all subsequent pages

containing the Confidential Information the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

6.1.5. <u>Originals</u>: Where original files and records are produced for inspection, no marking need be made by the Producing Party in advance of the inspection. For the purposes of the inspection, all Documents or items produced shall be considered as designated "HIGHLY CONFIDENTIAL" except that should Source Code be made available it shall be treated with higher levels of protection agreed by the Parties and ordered by the Court. Thereafter, upon selection of specified Documents for copying by the Receiving Party, the Producing Party shall mark the copies of such Documents as may contain Confidential Information in accord with §§ 6.1.1 - 6.1.2 of this Protective Order at the time the copies are produced to the Receiving Party.

6.1.6. <u>Testimonial Documents</u>: Where a Producing Party introduces an affidavit, declaration, expert report, or other written witness testimonial, designation shall be made as provided by § 6.1.1.

6.1.7. <u>Court Filings</u>: Any Document, pleading, or tangible item which contains Confidential Information, if filed or submitted to the court, shall be designated as provided in § 6.1.1. and filed under seal pursuant to the provisions of any applicable Local Rule.

6.1.8. <u>Deposition Testimony</u>: Designation of portions, or the entirety, of deposition transcripts (including exhibits) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be made by a statement to such effect

on the record in the course of the deposition, or upon review of such transcript by Counsel for the deponent within fourteen (14) business days after Counsel's receipt of the transcript. Until the expiration of the fourteen (14) business day time period, deposition transcripts will be treated by the Parties as "HIGHLY CONFIDENTIAL," in their entirety. Upon designation of the transcript or a portion thereof on the record during the deposition, the Producing Party shall be allowed to exclude all persons to whom access to Protected Material has been denied under the terms of this Protective Order for the portion of the deposition that contains Protected Material. The Court Reporter or other person recording the proceedings shall segregate any portion of the transcript of the deposition which has been stated to contain Confidential Information and may furnish copies of these segregated portions, in a sealed envelope, only to the deponent as required by law, to the court, and to Counsel for the Parties bound by the terms of this Protective Order.

Designations made within fourteen (14) business days after receipt of a transcript of a deposition shall be made by sending written notice to the Court Reporter, to Counsel for all Parties to this Action, and to any other person known to have a copy of said transcript. The notice shall reference this Protective Order and identify the pages and/or exhibits or the transcript so designated. All copies of transcripts thus designated shall be marked

with a notice indicating the confidentiality of the material therein and shall

be governed by the terms of this Protective Order.

7.    **PROCEDURES GOVERNING HANDLING OF PROTECTED MATERIAL**

Protected Material must be stored and maintained by a Receiving Party at a secure

location and in a secure manner at all times to ensure that access is limited to the persons

authorized under this Protective Order.  Upon Termination of this Action, a Receiving

Party must comply with the Provisions of § 13.

8.    **CORRECTION OF INADVERTENT FAILURE TO DESIGNATE**

If, through inadvertence, a Producing Party provides to a Receiving Party any information

pursuant to this Action without designating the information as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL" information, the Producing Party may subsequently

inform the Receiving Party of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

nature of the disclosed information, and the Receiving Party shall immediately treat the

disclosed information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

information upon receipt of such written notice.  To the extent the Receiving Party has

already disclosed such information, such disclosure shall not be a violation of this

Protective Order, but the Receiving Party shall promptly collect any copies of disclosed

material that have been provided to individuals other than those authorized under this

Protective Order, and shall destroy or return them to the Producing Party.

9.    **SCOPE OF PROTECTIVE ORDER**

The restrictions set forth in this Protective Order will not apply to information which is in

the possession of or otherwise known to the Receiving Party or the public before the date

of its transmission to the Receiving Party, or which comes into the possession of or becomes known to the Receiving Party or comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Receiving Party, provided that such information does not become publicly known by any act or omission of the Receiving Party, its employees, or agents which would be in violation of this Protective Order.  If such information known to or possessed by the Receiving Party or the public is subsequently or previously designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in this Action, the Receiving Party must provide ten (10) days advance written notice to the Producing Party of the pertinent circumstances before the restrictions of this order will be inapplicable to such materials.

10.    **CONTESTING DESIGNATION OF CONFIDENTIALITY**

Acceptance by a Party of Protected Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not constitute a concession that the Protected Material contains Confidential Information.  Any Party may contest a claim of confidentiality.  If the Receiving Party disagrees with the designation and marking by the Producing Party of any material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", then the Parties shall first try to resolve such disputes on an informal basis.  If agreement cannot be reached between Counsel, then such dispute may be presented to the Court by any Party by motion or otherwise.  In the resolution of such matter, the burden of establishing that the material contains Confidential Information shall be on the Producing Party, but information

designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be

treated as such by the Receiving Party until the matter is resolved.

11.   **NO LIMITATION OF OTHER RIGHTS**

This Protective Order shall be without prejudice to the right of any Party to oppose

production of any information on any and all grounds other than confidentiality.  Further,

nothing in this Protective Order prevents a Party from disclosing its own documents and

information as it sees fit.

12.   **RELIEF FROM , MODIFICATION, OR ENFORCEMENT OF THIS ORDER.**

This Protective Order shall not prevent any Party from applying to the Court for relief

therefrom, or from applying to the Court for further or additional protective orders, or

from agreeing among themselves to modify or vacate this Protective Order, subject to the

approval of the Court.

The Court retains jurisdiction even after termination of this Action to enforce this

Protective Order and to make such amendments, modifications, deletions and additions to

this Protective Order as the Court may from time to time deem appropriate.

13.   **RETURN OF CONFIDENTIAL INFORMATION.**

At the Termination of this Action, all Protected Material received from a Producing Party,

and all copies thereof, upon the Producing Party's written request, shall be returned to

Counsel for the Producing Party, or, and at the Producing Party's option, destroyed by

Counsel for the Receiving Party.  In the case where the latter option is used, within thirty

(30) days of the Termination of this Action, Counsel for the Receiving Party shall notify

Counsel for the Producing Party, in writing, verifying that such destruction has taken

place. The provisions of this Protective Order insofar as it restricts the disclosure, communication of, and use of, Protected Material produced hereunder to a Receiving Party shall continue to be binding on such Receiving Party after the Termination of this Action.

14. **DISCOVERY FROM THIRD PARTIES.**

If discovery is sought of a person not a Party (a "Third Party") requiring disclosure of such Third Party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information disclosed by such Third Party will be accorded the same protection as the Parties' "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, and will be subject to the same procedures as those governing disclosure of the Parties' "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information pursuant to this Protective Order.

15. **ATTORNEY ADVICE TO CLIENT**

This Protective Order shall not bar Counsel in the course of rendering advice to his or her client with respect to this Action from conveying to any Party client an evaluation in a general way of Protected Material produced or exchanged under this Protective Order; provided, however, that in rendering such advice and otherwise communicating with the client, Counsel shall not disclose the specific contents, directly or indirectly, of any Protected Material produced under this Protective Order, which disclosure would be contrary to the terms of this Protective Order.

16. **PRIVILEGED COMMUNICATIONS**

Documents and information subject to the attorney-client privilege, work product

immunity, or any other form of privilege (Privileged Materials) that are dated on or after the date of the filing of the original Complaint in this Action need not be identified on any privilege log. Production of Privileged Materials (including physical objects) to the Receiving Party shall not constitute a waiver of the attorney-client privilege or work product immunity, or any other privilege, if corrective measures in accordance with this section are promptly taken. Any Producing Party that mistakenly produces Privileged Materials may obtain the return of those materials after discovering the inadvertent production, by promptly notifying the Receiving Party of the privilege and providing a privilege log for any such materials that are dated prior to the filing of the original Complaint. The Receiving Party shall then gather and return all copies of the privileged material to the Producing Party.

17.    **OUTSIDE PARTY DISCOVERY REQUESTS FOR PROTECTED MATERIALS**

If any Protected Material received under this Protective Order and in the possession, custody, or control of any Receiving Party are sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative, regulatory or legislative body, or any other person or tribunal purporting to have opportunity to seek such information by compulsory process or discovery request, including private parties, the Receiving Party to whom the process or discovery request is directed shall (i) within five (5) business days after receipt thereof, give written notice by hand, certified mail, or facsimile of such process or discovery request together with a copy thereof, to Counsel for the Producing Party; (ii) cooperate to the extent necessary to

permit the Producing Party to seek to quash such process or discovery request; and (iii) not produce or disclose the Protected Material until the Producing Party consents in writing to production or the Receiving Party is ordered by a court of competent jurisdiction to produce or disclose the Protected Material, so long as the order is not stayed prior to the date set for production or disclosure.

## STIPULATION

It is hereby stipulated that the foregoing Protective Order may be made and entered by the Court.  It is further stipulated that the Parties will abide by this Protective Order from the date of execution of this Stipulation by counsel for all of the Parties.  The Parties, through their undersigned counsel, respectfully request that the Court enter this Stipulation as an Order.

**SO STIPULATED:**

Date:_____     _____
                         Kris J. Kostolansky, Esq.
                         Jesús M. Vázquez, Jr., Esq.
                         Jeffrey D. Phipps, Esq.
                         Rothgerber Johnson & Lyons, LLP
                         1200 17th Street, Suite 3000
                         Denver, Colorado 80202-5855
                         Tel:    (303) 623-9000
                         Facsimile: (303) 623-9222
                         Email: kkostolansky@rothgerber.com
                                jvazquez@rothgerber.com
                                jphipps@rothgerber.com
                         *Attorneys for Plaintiff/Counterclaim Defendant*
                         *Health Grades, Inc.*


Date:_____     _____
                         Scott D. Stimpson
                         Mark J. Rosenberg
                         David C. Lee

Sills Cummis & Gross P.C.
One Rockefeller Plaza
New York, New York 10020
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: mrosenberg@sillscummis.com
E-mail: sstimpson@sillscummis.com
E-mail: dlee@sillscummis.com

and

Marsha Piccone, Atty. No. 15268
Ramona Lampley, Atty. No. 37288
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Tel: (303) 244-1800
Fax: (303) 244-1879
E-mail: piccone@wtotrial.com
E-mail: lampley@wtotrial.com

*Attorneys for Defendant and Counterclaim Plaintiff*
MDx Medical, Inc. d/b/a VITALS.COM

## **EXHIBIT A**

## **DECLARATION AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, declare and state under penalty of perjury that:

I have read and reviewed in its entirety, and understand the annexed Protective Order ("Protective Order") that has been signed and entered in this Action.

I have been retained by [Party]_____ as a [role] _____ for this Action.

I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective Order that I either review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of this Protective Order.

I am aware that if I violate the provisions of this Protective Order, the Court may order the entry of contempt sanctions against me.

I further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

DATED this _____ day of _____, 201__.

_____
**(Signature)**

_____
**(Typed Name)**

_____
**(Title)**