# EXHIBIT C

## Scott Murray

**From:** Scott D. Stimpson
**Sent:** Wednesday, September 07, 2011 5:30 PM
**To:** 'Vazquez, Jesus'; David C. Lee
**Cc:** Kostolansky, Kris J.
**Subject:** RE: Protective Order

Jesus, thanks. Why don't we discuss tomorrow at 9:30 your time.

I do have a problem with this -- if a third party works for a competitor and learns of sensitive customer or financial information, even if they have the best intentions, you can't unring that bell. They will know confidential information that might help a competitor. And what's the big deal with the procedures? They sign a declaration, give over a resume, and then we wait a few days to confirm no objection. The process is trivial.

As for the six, can you tell me who they are now? That might short-circuit the problem. I can do the same if you want.

As for experts, unless you can identify the experts now and I can confirm no objection, this will be a problem. We can't allow our most sensitive information into the hands of a competitor, for example. In the decades I have been litigating patent cases, I have never had a protective order that would not preclude this, but maybe we can find a solution tomorrow.

Can you call my office when you are ready, about 9:30 your time tomorrow?

Scott

**From:** Vazquez, Jesus [mailto:jvazquez@rothgerber.com]
**Sent:** Wednesday, September 07, 2011 5:16 PM
**To:** Scott D. Stimpson; David C. Lee
**Cc:** Kostolansky, Kris J.
**Subject:** RE: Protective Order

Scott,

Thanks for your note. It seems that your concerns presume that those who are allowed access to protected materials - after agreeing to abide by the terms of the PO - will violate the terms of the PO, or will otherwise be individuals who for some reason or another should not be allowed access. We think we should presume that those who agree to abide by the PO will do so. This would apply to any third-party witness whose testimony Health Grades or MDx believes is necessary to prepare the case for trial.

With respect to expert witnesses, we have decided that provisions requiring the parties to approve each other's experts are unnecessary and would unduly complicate and slow down the

proceedings. It is up to the lawyers to make sure they select the right experts, which includes vetting for potential conflicts or bias. Our client is on-board with this. With respect to in-house and ex-employee access, we need it to be six - we have two inventors who are employees, another who is a former employee, and three other in-house employees/officers who are our client contacts and with whom we necessarily need to share information with in order to properly respond to MDx's invalidity and other defenses, and to prepare the case for trial.

If we cannot agree on terms for the PO then lets just note which terms are in dispute and submit the issues to the Magistrate Judge for resolution. I am available to discuss these issues with you tomorrow between 9:30 am MDT and 12:00 noon MDT.

Thanks, Jesus

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO  80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

---

**From:** Scott D. Stimpson [mailto:sstimpson@sillscummis.com]
**Sent:** Wednesday, September 07, 2011 5:58 AM
**To:** Vazquez, Jesus; David C. Lee
**Cc:** Kostolansky, Kris J.
**Subject:** RE: Protective Order


Jesus:

Some of these changes seem fine.  However, we cannot allow non-expert third parties to see our confidential information.  Also, experts must be approved in advance and subject to possible objection.  Weren't these requirements in your first draft?  You say you haven't checked with your client on these yet, which is understandable since we haven't reached a final proposed form yet.  But I can't imagine your client will want third parties (experts, former employees, etc.), potentially direct competitors, to have access to their most sensitive information without any chance at objection.

Six in-house people is too many.  How about 4?

Let's talk today to get this finalized, if you are available.  Let me know a good time please.

Thanks.

Scott

---

**From:** Vazquez, Jesus [mailto:jvazquez@rothgerber.com]
**Sent:** Tuesday, September 06, 2011 5:22 PM
**To:** Scott D. Stimpson; David C. Lee
**Cc:** Kostolansky, Kris J.
**Subject:** Protective Order

Scott and David:

3/6/2012

Attached please find the revised Protective Order for your review. The revised Protective Order incorporates the changes you suggested removing the electronic discovery provisions that are already addressed in our Scheduling Order. Additionally, we have modified Section 5.1.6 to allow former employees to access protected materials and removed the requirement that persons be identified five days in advance of receiving protected materials, and instead require only that the persons be identified upon disclosure to them. We also added a new Section 5.1.7 to allow third-party witnesses access once they agree to abide by the PO. We have also deleted Section 5.3 which we saw as an unnecessary layer of review and screening of the experts selected by the other side. Any other revisions are minor and self-explanatory.

This revised version is subject to our client's approval and also subject to our final review once we receive any further comments from you.

Please advise me regarding any comments or concerns so that we can finalize the PO and submit it to the Court for approval.

Thanks, Jesus

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO  80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.

NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.

3/6/2012

# Scott Murray

**From:** Scott D. Stimpson
**Sent:** Thursday, February 16, 2012 8:35 PM
**To:** 'Vazquez, Jesus'
**Cc:** Scott Murray; David C. Lee
**Subject:** RE: Protective Order

That is true, absent advance notice and opportunity to object -- you wanted to just show any third party our confidential information, without even telling us who or giving us any opportunity to object. So, we have an issue there, we know that. But I thought you said M&G wanted to do something with some alleged inconsistencies. Is that wrong?

Scott



Sills Cummis & Gross P.C.
website | bio | v-Card | email
**Scott D. Stimpson**
Member of the Firm

**New York** | Map   d (212) 500-1550   f (212) 643-6500   30 Rockefeller Plaza   New York, NY 10112

---

**From:** Vazquez, Jesus [mailto:jvazquez@rothgerber.com]
**Sent:** Thursday, February 16, 2012 6:12 PM
**To:** Scott D. Stimpson
**Cc:** Scott Murray; David C. Lee
**Subject:** RE: Protective Order

Scott:

Where we left this last was that you would not agree to allow HG to show MDx's confidential information to a third party witness other than Montroy, even if such a third party witness agreed to be bound by the terms of the PO.

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO 80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

---

**From:** Scott D. Stimpson [mailto:sstimpson@sillscummis.com]
**Sent:** Thursday, February 16, 2012 6:51 AM
**To:** Vazquez, Jesus
**Cc:** Scott Murray; David C. Lee
**Subject:** RE: Protective Order

3/6/2012

Jesus, where are we here?

Scott

**Sills Cummis & Gross** P.C.

website | bio | v-Card | email

**Scott D. Stimpson**
Member of the Firm

**New York** | Map   d (212) 500-1550   f (212) 643-6500   30 Rockefeller Plaza   New York, NY 10112

---

**From:** Scott D. Stimpson
**Sent:** Tuesday, February 07, 2012 5:37 PM
**To:** 'Vazquez, Jesus'
**Cc:** Scott Murray; David C. Lee
**Subject:** Protective Order

Jesus:

We should really move along on the protective order. I think that the last was that Merchant & Gould saw some inconsistencies, and we were waiting for that revised draft before further addressing the substantive issues. Is that right?

Scott

**Sills Cummis & Gross** P.C.

website | bio | v-Card | email

**Scott D. Stimpson**
Member of the Firm

**New York** | Map   d (212) 500-1550   f (212) 643-6500   30 Rockefeller Plaza   New York, NY 10112

NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith,

3/6/2012

including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.