# EXHIBIT 2G



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/512,529 | 08/29/2006 | David G. Hicks | 40476.0002USU1 | 1358 |

23552       7590       03/12/2010
MERCHANT & GOULD PC
P.O. BOX 2903
MINNEAPOLIS, MN 55402-0903

| EXAMINER |
|---|
| NGUYEN, TRANG T |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3686 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 03/12/2010 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| **Interview Summary** | Application No. | Applicant(s) |
|---|---|---|
| | 11/512,529 | HICKS ET AL. |
| | Examiner | Art Unit |
| | TRANG NGUYEN | 3686 |

All participants (applicant, applicant's representative, PTO personnel):

(1) <u>TRANG NGUYEN</u>.          (3) <u>Timothy Scull (REG NO. 42,137)</u>.

(2) <u>JERRY O'CONNOR</u>.          (4) _____.

Date of Interview: <u>10 March 2010</u>.

Type:  a)☐ Telephonic   b)☐ Video Conference
       c)☒ Personal [copy given to:  1)☐ applicant   2)☐ applicant's representative]

Exhibit shown or demonstration conducted:   d)☐ Yes   e)☒ No.
   If Yes, brief description: _____.

Claim(s) discussed: <u>1 and 19</u>.

Identification of prior art discussed: <u>Henley (US 2003/0195838 A1)</u>.

Agreement with respect to the claims f)☐ was reached.   g)☒ was not reached.   h)☐ N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: <u>Discussed proposed amendment to the claims</u>.

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached.  Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW.  (See MPEP Section 713.04).  If a reply to the last Office action has already been filed, APPLICANT IS GIVEN A NON-EXTENDABLE PERIOD OF THE LONGER OF ONE MONTH OR THIRTY DAYS FROM THIS INTERVIEW DATE, OR THE MAILING DATE OF THIS INTERVIEW SUMMARY FORM, WHICHEVER IS LATER, TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.  See Summary of Record of Interview requirements on reverse side or on attached sheet.

/T. N./
Examiner, Art Unit 3686

/Jerry O'Connor/
SPE, GAU 3686

U.S. Patent and Trademark Office
PTOL-413 (Rev. 04-03)                     Interview Summary                     Paper No. 20100310

## Summary of Record of Interview Requirements

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

**Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews**
Paragraph (b)

In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant.  An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

37 CFR §1.2  Business to be transacted in writing.
All business with the Patent or Trademark Office should be transacted in writing.  The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary.  The action of the Patent and Trademark Office will be based exclusively on the written record in the Office.  No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

_____

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so.  It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks.  Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below.  Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper.  In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview.  In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
– Application Number (Series Code and Serial Number)
– Name of applicant
– Name of examiner
– Date of interview
– Type of interview (telephonic, video-conference, or personal)
– Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
– An indication whether or not an exhibit was shown or a demonstration conducted
– An identification of the specific prior art discussed
– An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable).  Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
– The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case. It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
   (The identification of arguments need not be lengthy or elaborate.  A verbatim or highly detailed description of the arguments is not required.  The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file.  Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.

Examiners are expected to carefully review the applicant's record of the substance of an interview.  If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

### Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her.  If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

S/N 11/512,529                                                                                                          PATENT

                                                                                                      Confirmation No. 1358

<u>IN THE UNITED STATES PATENT AND TRADEMARK OFFICE</u>

| Applicant: | Hicks, et al. | Examiner: | Nguyen, Trang T. |
| --- | --- | --- | --- |
| Serial No.: | 11/512,529 | Group Art Unit: | 3686 |
| Filed: | August 29, 2006 | Docket No.: | 40476.0002USU1 |
| Title: | **INTERNET SYSTEM FOR CONNECTING HEALTHCARE PROVIDERS AND PATIENTS** | | |

<u>CERTIFICATE UNDER 37 CFR 1.6(d):</u>
I hereby certify that this paper is being transmitted electronically via EFS-Web to the U.S. Patent and Trademark Office on March 2, 2010.

By: /Amanda Tomas/
Name: Amanda Tomas

## **SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT (37 C.F.R. § 1.97(c))**

Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

Dear Sir:

      With regard to the above-identified application, the items of information listed on the enclosed Form 1449 are brought to the attention of the Examiner. This Supplemental Information Disclosure Statement is being submitted to include an additional reference. In addition, this Supplemental Information Disclosure Statement is being submitted to relist four websites previously listed in the Supplemental Information Disclosure Statement filed on February 15, 2010. The four websites are being relisted for the following reasons: (1) to add a date to one of the previously listed websites; and (2) to indicate that the date listed for each respective reference represents the "copyright" date (as shown on the enclosed copies for these respective websites). The Applicants are thus relisting these references to provide further clarification. Please let us know if you have any questions.

      This statement should be considered because it is submitted before the mailing date of a final action under 37 C.F.R. § 1.113, a notice of allowance under § 1.311, or an action that otherwise closes prosecution in the application, and it is accompanied by the fee set forth in § 1.17(p). *See 37 C.F.R. § 1.97(c)*.

A copy of any foreign patent document or "Other Document" listed on the Form 1449 is enclosed, in accordance with 37 C.F.R. § 1.98(a)(2). Further, in accordance with 37 C.F.R. § 1.98(a)(2), copies of any U.S. patents and U.S. patent application publications listed on the enclosed Form 1449 are not provided. However, please let us know if you would like us to provide any such copies.

No representation is made that a reference is "prior art" within the meaning of 35 U.S.C. §§ 102 and 103, and Applicants reserve the right, pursuant to 37 C.F.R. § 1.131 or otherwise, to establish that the reference(s) are not "prior art." *See* 37 C.F.R. § 1.97(h). Moreover, Applicants do not represent that a reference has been thoroughly reviewed or that any relevance of any portion of a reference is intended.

Consideration of the items listed is respectfully requested. Pursuant to the provisions of M.P.E.P. 609, it is respectfully requested that the Examiner return a copy of the attached Form 1449, marked as being considered and initialed by the Examiner, to the undersigned with the next official communication.

Please charge any additional fees or credit any overpayment to Deposit Account No. 13-2725.

Respectfully submitted,

Dated: March 2, 2010

*[signature]*
Elizabeth J. Reagan, Reg. No. 57,528
Merchant & Gould, P.C.
P.O. Box 2903
Minneapolis, MN 55402-0903
303.357.1644

**23552**
PATENT TRADEMARK OFFICE