# EXHIBIT 2I



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/512,529 | 08/29/2006 | David G. Hicks | 40476.0002USU1 | 1358 |

23552          7590          11/13/2009
MERCHANT & GOULD PC
P.O. BOX 2903
MINNEAPOLIS, MN 55402-0903

| EXAMINER |
|---|
| NGUYEN, TRANG T |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3686 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 11/13/2009 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

|  | Application No. | Applicant(s) |  |
|---|---|---|---|
| **Office Action Summary** | 11/512,529 | HICKS ET AL. |  |
|  | **Examiner** | **Art Unit** |  |
|  | TRANG NGUYEN | 3686 |  |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE *3* MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on *29 August 2006*.

2a)☐ This action is **FINAL**.     2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) *1-15,19 and 20* is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) *1-15,19-20* is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are:  a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All   b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____.

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☒ Information Disclosure Statement(s) (PTO/SB/08)
    Paper No(s)/Mail Date *12/13/2007,03/25/2008*.

4)☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____ .

5)☐ Notice of Informal Patent Application

6)☐ Other: _____ .

Application: 11/512,529                                        Paper No. 20091102

Art Unit: 3686                                                          Page 2

## DETAILED ACTION

### Status of Claims

1.    This action is in reply to the application filed on 08/29/2006 and subsequent reply filed on 09/30/2009.

2.    Claims 1-15 and 19-20 are currently pending and have been examined.

3.    Claims 16-18 have been canceled.

4.    Applicant's election without traverse of Group I in the reply filed on 09/30/2009 is acknowledged.

5.    Applicant's cancellation without traverse of claims 16-18 in the reply filed on 09/30/2009 is acknowledged.

### Claim Rejections - 35 USC § 112

6.    The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

7.    Claims 19 and 20 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

**Claim 19** recite in the preamble that the claims are directed towards the statutory category of a system. However, the "system" is not defined by hardware but by "module", and thus is directed towards functional descriptive materials.

Therefore, it is not clear how "module" (or functional descriptive materials)

Application: 11/512,529

Paper No. 20091102

Art Unit: 3686

Page 3

constitutes a system. Clarification is required. For examination purposes, Examiner has construed the system to contain a combination of software and hardware elements.

**Claim 20** depends on Claim 19 and, therefore, suffer the same deficiency as Claim 19.

8.     Claims 1-15 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

**Claim 1** recites the limitations: "…using the physician-verified information …"

"…and the verified information…"  There is insufficient antecedent basis for these limitations in the claim.

**Claim 2-15** depend on Claim 1 and, therefore, suffer the same deficiency as Claim 1.

### *Claim Rejections - 35 USC § 101*

9.     35 U.S.C. 101 reads as follows:

Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.

10.     Claims 1 - 15 are rejected under 35 U.S.C. 101 because the claimed invention is directed to non-statutory subject matter

**Claims 1 - 15** are directed to a method.  However, the recited steps of the method are held to be non-statutory subject matter because the recited steps of

Application: 11/512,529                                    Paper No. 20091102

Art Unit: 3686                                                        Page 4

the method are (1) not tied to another statutory class (such as a particular

apparatus) or (2) not transforming the underlying subject matter (such as an

article or materials ) to a different state or thing.

11.      Claims 19-20 are rejected under 35 U.S.C. 101 because the claimed invention is

directed to non-statutory subject matter.

**Claim 19** is directed to a system. However, the "system" is not defined by

hardware but by "module", and thus this limitation can be reasonably interpreted

as computer program module or software per se.  The claims are directed to

functional descriptive material per se and hence non-statutory.

The claims constitute computer programs representing computer listings per se.

Such descriptions or expressions of the programs are not physical "things".  They

are neither computer components nor statutory processes, as they are not "acts"

being performed.  Such claimed computer programs do not define any structural

and functional interrelationships between the computer program and other

claimed elements of a computer, which permit the computer program's

functionality to be realized.  In contrast, a claimed computer-readable medium

encoded with a computer program is a computer element, which defines

structural and functional interrelationships between the computer program and

the rest of the computer, that permits the computer program's functionality to be

realized, and is thus statutory.  See Lowry, 32 F.3d at 1583-84, 32 USPQ2d at

1035.

Application: 11/512,529                                    Paper No. 20091102

Art Unit: 3686                                                      Page 5

**Claim 20** depends from claim 19 and contains the same deficiencies. Therefore, claim 20 is rejected under 35 U.S.C. 101 because the claimed invention is directed to non-statutory subject matter.

### *Claim Rejections - 35 USC § 103*

12.    The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

13.    The factual inquiries set forth in *Graham* **v.** *John Deere Co.*, 383 U.S. 1, 148 USPQ 459 (1966), that are applied for establishing a background for determining obviousness under 35 U.S.C. 103(a) are summarized as follows:

> 1.    Determining the scope and contents of the prior art.
> 2.    Ascertaining the differences between the prior art and the claims at issue.
> 3.    Resolving the level of ordinary skill in the pertinent art.
> 4.    Considering objective evidence present in the application indicating obviousness or nonobviousness.

14.    Claim 1-6, 8, 9, 13-15 and 19 are rejected under 35 U.S.C. 103 (a) as being unpatentable over Henley (US 2003/0195838 A1) in view of Cook et al. (US 2006/0080146 A1).

**Regarding claim 1:**

Henley as shown discloses the following limitations:

*A method of providing healthcare provider information to potential patients, said method comprising:*

Application: 11/512,529                                    Paper No. 20091102

Art Unit: 3686                                                          Page 6

- *compiling healthcare provider-verified information* (See at least paragraphs 0015, 0016, 0082, 0086, 0087, 0107 and 0114);

- *compiling past-patient provided information* (See at least paragraphs 0017, 0125, 0127 and 0137);

- *compiling information verified by independent third-party sources* (See at least paragraphs 0090, 0114 and 0116);

- *providing access to the healthcare provider report over a computer network* (See at least paragraphs 0030, 0086, 0088, 0090, 0107 and 0137).

Henley may or may not explicitly disclose the following limitation. However, Cook discloses:

- *creating a healthcare provider report using the physician-verified information, the past- patient provided information, and the verified information* (See at least paragraphs 0091, 0343, 0358, 0375 and claim 21);

Therefore, it would have been obvious to one of ordinary skill in the art, at the time of the invention, to have modified the system of Henley so as to have included creating a healthcare provider report, in accordance with the teaching of Cook, in order to improve the efficiency of the system, since so doing could be performed readily and easily by any person of ordinary skill in the art, with neither undue experimentation, nor risk of unexpected results.

Application: 11/512,529

Paper No. 20091102

Art Unit: 3686

Page 7

**Regarding claim 2** Henley further discloses:

*The method as defined in claim 1, wherein the past-patient provided information is obtained through data collected through the method comprising:*

> *past or current patients of a particular healthcare provider accessing a report for that provider over the computer network;*
>
> *the past or current patients selecting to complete an on-line patient survey;*
>
> *the past or current patients completing the survey and providing an e-mail address; and transmitting the completed survey to a predetermined company Web server (*See at least Fig. 13 and 14; paragraphs 0016, 0033, 0037, 0059, 0093, 0098, 0107, 0114, 0128 and 0137)).

Henley does not explicitly teach the steps of transmitting the survey as recited in the claim; however, these differences are not functionally involved in the steps recited nor do they alter the recited structural elements. The recited steps would be performed the same regardless of the specific data. Further, the structural elements remain the same regardless of the specific data. Thus, this will not distinguish the claimed invention from the prior art in terms of patentability.

**Regarding claim 3:**

*The method as defined in claim 2, further comprising a method for verifying and compiling such data, the method comprising:*

Application: 11/512,529                                       Paper No. 20091102

Art Unit: 3686                                                          Page 8

> *determining whether the past or current patient has already completed a*
>
> *maximum number of surveys for a predetermined time period;*
>
> *if the past or current patient has not reached the maximum number of surveys,*
>
> *transmitting a confirmation e-mail to the e-mail address provided;*
>
> *determining if the confirmation e-mail was successfully transmitted; if the e-mail*
>
> *was successfully transmitted, compiling the data provided by the past or current*
>
> *patient with other relevant data in a company database comprised of healthcare*
>
> *provider information.*

Henley discloses an on-line user service feedback web-page are provided for acquiring and maintaining comments and feedback from both service providers and their patients/clients regarding the complexity and quality of services received or provided (paragraph 0016 – Fig.13 and 14 shows that registered users must provide e-mail address).

Therefore, it would have been obvious to one of ordinary skill in the art, at the time of the invention, to have modified the system of Henley so as to have included the detailed steps of verifying and compiling feedback data, in order to improve the efficiency of the system, since so doing could be performed readily and easily by any person of ordinary skill in the art, with neither undue experimentation, nor risk of unexpected results.

**Regarding claim 4** Henley further discloses:

*The method as defined in claim 1, wherein the healthcare provider report includes*

*a hyperlink to an affiliated hospital, medical center, or other type of treatment center*

Application: 11/512,529

Paper No. 20091102

Art Unit: 3686

Page 9

(See at least Fig. 10; paragraphs 0051, 0081 and 0114).

 **Regarding claim 5** Henley further discloses:

*The method as defined in claim 1, wherein the healthcare provider report includes comparison ratings of healthcare providers* (See at least paragraphs 0015-0016, 0037, 0081, 0090 and 0107).

**Regarding claim 6** Henley further discloses:

*The method as defined in claim 1, wherein the access to the healthcare provider report is obtained through a predetermined Web page that provides search capabilities for a database comprised of healthcare provider information* (See at least paragraphs 0015-0016, 0037, 0081, 0090 and 0107).

**Regarding claim 8** Henley further discloses:

*The method as defined in claim 7, wherein a search of the database produces a results list of healthcare providers satisfying the search criteria* (See at least paragraphs 0015-0016, 0037, 0081, 0090 and 0107).

**Regarding claim 9** Henley further discloses:

*The method as defined in claim 8, wherein the results list further includes an advertisement for a healthcare provider with a hyperlink to information on that healthcare provider* (See at least Fig.12; paragraphs 0013-0014, 0031 and 0038).

**Regarding claims 13 and 14:**

Claim 13:

Application: 11/512,529                                    Paper No. 20091102

Art Unit: 3686                                                        Page 10

> *The method as defined in claim 1, further comprising:*
>
> *maintaining a record of whether the healthcare provider report should be made available to a potential patient at no charge; and*
>
> *requiring payment of a fee to access the healthcare provider report if the report is not recorded as being available at no charge.*

Claim 14:

> *The method as defined in claim 13, wherein the required fee is adjusted to account for applicable discounts.*

Henley (in at least paragraphs 0084 and 0094) discloses the parties to the transaction are billed for system use. It is old and well known in the art for service providers to charge a fee for their services and to provide discounts to their customers under certain terms/conditions.

Therefore, it would have been obvious to one of ordinary skill in the art, at the time of the invention, to have modified the system of Henley so as to have included charging a fee and/or apply discounts for certain reports, in order to encourage the healthcare providers to registers with the system web site, to have improve the efficiency of the system, since so doing could be performed readily and easily by any person of ordinary skill in the art, with neither undue experimentation, nor risk of unexpected results.

**Regarding claim 15** Henley further discloses:

Application: 11/512,529

Paper No. 20091102

Art Unit: 3686

Page 11

*The method as defined in claim 1, wherein the healthcare provider is a physician, hospital, nursing home, or other treatment facility* (See at least paragraphs 0082, 0086, 0103 and 0107).

**Regarding claim 19:**

*An on-line information system for providing verified information regarding healthcare providers, the system comprising:*

> *a compilation module for compiling healthcare provider-verified information* (See at least paragraphs 0015, 0016, 0082, 0086, 0087, 0107 and 0114)*; a compilation module for compiling patient-provided information* (See at least paragraphs 0017, 0035, 0125, 0127 and 0137)*;*

> *a compilation module for compiling healthcare provider information verified by an independent third party* (See at least paragraphs 0090, 0114 and 0116)*;*

> *a computing system with access to healthcare provider information stored in a database, wherein patients may search the database and review healthcare provider reports to differentiate among healthcare providers* (See at least paragraphs 0087, 0090, 0092)*;*

Henley may or may not explicitly disclose the following limitation. However, Cook discloses:

> *a creation module for creating a healthcare provider report using the provider-verified information, the patient-provided information, and the independently*

Application: 11/512,529

Paper No. 20091102

Art Unit: 3686

Page 12

> *verified information* (See at least paragraphs 0091, 0343, 0358, 0375 and claim
>
> 21).

Therefore, it would have been obvious to one of ordinary skill in the art, at the time of

the invention, to have modified the system of Henley so as to have included creating a

healthcare provider report, in accordance with the teaching of Cook, in order to improve

the efficiency of the system, since so doing could be performed readily and easily by

any person of ordinary skill in the art, with neither undue experimentation, nor risk of

unexpected results.


15.     Claims 7, 10, 11, 12 and 20 are rejected under 35 U.S.C. 103 (a) as being

        unpatentable over Henley (US 2003/0195838 A1) in view of Cook et al. (US PGP

        2006/0080146 A1) and further in view of Sameh (US PGP 2004/0010423 A1).

**Regarding claims 7 and 20:**

Henley may or may not disclose the following limitation. However, Sameh discloses:

> *C*laim 7:
>
> *The method as defined in claim 6, wherein the search capabilities permit a*
>
> *search based on at least one of name, medical specialty, gender, state, city,*
>
> *procedure, diagnosis, procedure, or location criteria* (See at least paragraphs
>
> 0040-0045 Sameh).
>
> *C*laim 20:
>
> *The on-line information system defined in claim 19, wherein:*

Application: 11/512,529

Paper No. 20091102

Art Unit: 3686

Page 13

> *the healthcare provider report is obtained through one of a predetermined Web page that provides search capabilities on its database or a third-party search engine* (See at least paragraphs 0015-0016, 0037, 0081, 0090 and 0107- Henley)*; and*
>
> *the search capabilities of the predetermined Web page permit searching based on one or more of name, medical specialty, gender, state, city, procedure, diagnosis, procedure, or location criteria* (See at least paragraphs 0040-0045 - Sameh).

Therefore, it would have been obvious to one of ordinary skill in the art, at the time of the invention, to have modified the system of Henley so as to have included a search criteria, in accordance with the teaching of Sameh, in order to provide search result based on specified criteria, to have improved the efficiency of the system, since so doing could be performed readily and easily by any person of ordinary skill in the art, with neither undue experimentation, nor risk of unexpected results.

## Regarding claims 10, 11 and 12:

Henley may or may not disclose the following limitation. However, Sameh discloses:

### Claim 10:

*The method as defined in claim 8, further comprising:*

*determining from the results list whether the healthcare provider is a member of the company managing the Web site* (See at least paragraph 0021 - Sameh)*;*

Application: 11/512,529                                    Paper No. 20091102

Art Unit: 3686                                                        Page 14

*if the healthcare provider is a member, providing enhanced services for the*

*healthcare provider on the Web site.*

**Claim 11:**

*The method as defined in claim 10, wherein the enhanced services comprise*

*making report information on the member provider available at no charge to*

*potential patients.*

**Claim 12:**

*The method as defined in claim 10, wherein the enhanced services comprise*

*favorable positioning in the results list.*

It is old and well known in the art for organizations or service providers to reward

their members with extra (or enhanced) services.

Therefore, it would have been obvious to one of ordinary skill in the art, at

the time of the invention, to have modified the system of Henley/Cook/Sameh so

as to have included providing enhanced services to the members of the company

managing the Web site, in order to attract more members to the company, to

have improved the efficiency of the system, since so doing could be performed

readily and easily by any person of ordinary skill in the art, with neither undue

experimentation, nor risk of unexpected results.

Application: 11/512,529                                      Paper No. 20091102

Art Unit: 3686                                                      Page 15

## *Conclusion*

The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

Any inquiry of a general nature or relating to the status of this application or concerning this communication or earlier communications from the Examiner should be directed to **TRANG NGUYEN** whose telephone number is **(571) 270-5483.**  The Examiner can normally be reached on Monday-Thursday, 7:00am-5:30pm.  If attempts to reach the examiner by telephone are unsuccessful, the Examiner's supervisor, **GERALD O'CONNOR** can be reached at **571.272.6787**.

Application: 11/512,529                                     Paper No. 20091102

Art Unit: 3686                                                        Page 16

Information regarding the status of an application may be obtained from the Patent

Application Information Retrieval (PAIR) system.  Status information for published

applications may be obtained from either Private PAIR or Public PAIR.  Status

information for unpublished applications is available through Private PAIR only.  For

more information about the PAIR system, see  http://portal.uspto.gov/external/portal/pair

Should you have questions on access to the Private PAIR system, contact the

Electronic Business Center (EBC) at **866.217.9197** (toll-free).

      Any response to this action should be mailed to:

*Commissioner of Patents and Trademarks*
*Washington, D.C.  20231*

      Or faxed to **(571) 273-8300**.

      Hand delivered responses should be brought to the **United States Patent and**

**Trademark Office Customer Service Window**:

      Randolph Building
      401 Dulany Street
      Alexandria, VA 22314.

/T. N./
November 16, 2009
Examiner, Art Unit 3686

                                        /Gerald J. O'Connor/
                              Supervisory Patent Examiner
                                 Group Art Unit 3686

| *Notice of References Cited* | Application/Control No. 11/512,529 | Applicant(s)/Patent Under Reexamination HICKS ET AL. | |
|---|---|---|---|
| | Examiner TRANG NGUYEN | Art Unit 3686 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-2003/0195838 A1 | 10-2003 | Henley, Julian L. | 705/37 |
| * | B | US-2004/0010423 A1 | 01-2004 | Sameh, Joseph | 705/2 |
| * | C | US-6,014,629 | 01-2000 | DeBruin-Ashton, Deborah J. | 705/2 |
| * | D | US-2003/0093294 A1 | 05-2003 | Passantino, Philip J. | 705/2 |
| * | E | US-2006/0161456 A1 | 07-2006 | Baker et al. | 705/002 |
| * | F | US-2006/0080146 A1 | 04-2006 | Cook et al. | 705/002 |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

| Index of Claims | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 11512529 | HICKS ET AL. |
| | Examiner | Art Unit |
| | TRANG NGUYEN | 3686 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

☐ Claims renumbered in the same order as presented by applicant   ☐ CPA   ☐ T.D.   ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 08/19/2009 | 11/02/2009 | | | | | | | |
| | 1 | ÷ | ✓ | | | | | | | |
| | 2 | ÷ | ✓ | | | | | | | |
| | 3 | ÷ | ✓ | | | | | | | |
| | 4 | ÷ | ✓ | | | | | | | |
| | 5 | ÷ | ✓ | | | | | | | |
| | 6 | ÷ | ✓ | | | | | | | |
| | 7 | ÷ | ✓ | | | | | | | |
| | 8 | ÷ | ✓ | | | | | | | |
| | 9 | ÷ | ✓ | | | | | | | |
| | 10 | ÷ | ✓ | | | | | | | |
| | 11 | ÷ | ✓ | | | | | | | |
| | 12 | ÷ | ✓ | | | | | | | |
| | 13 | ÷ | ✓ | | | | | | | |
| | 14 | ÷ | ✓ | | | | | | | |
| | 15 | ÷ | ✓ | | | | | | | |
| | 16 | ÷ | - | | | | | | | |
| | 17 | ÷ | - | | | | | | | |
| | 18 | ÷ | - | | | | | | | |
| | 19 | ÷ | ✓ | | | | | | | |
| | 20 | ÷ | ✓ | | | | | | | |

Receipt date: 03/25/2008                                                    11512529 - GAU: 3686
Date Mailed: March 25, 2008                                                 Sheet 1 of 1

| FORM 1449* | | Docket Number: | Application Number: |
|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT** | | 40476.0002USU1 | 11/512,529 |
| **IN AN APPLICATION** | | Applicant: Hicks, et al. | |
| (Use several sheets if necessary) | | Filing Date: August 29, 2006 | Group Art Unit: 3626 |

**U.S. PATENT DOCUMENTS**

| EXAMINER INITIAL | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| | 20040260666 | 12/23/04 | Pestotnik, et al. | | | |
| | 20060161456 | 07/20/06 | Baker, et al. | | | |
| | 5,517,405 | 05/14/96 | McAndrew, et al. | | | |
| | 5,915,240 | 06/22/99 | Karpf | | | |
| | 6,029,138 | 02/22/00 | Khorasani, et al. | | | |
| | 6,081,786 | 06/27/00 | Barry, et al. | | | |
| | 6,108,635 | 08/22/00 | Herren, et al. | | | |
| | 6,188,988 | 02/13/01 | Barry, et al. | | | |
| | 6,269,339 | 07/31/01 | Silver | | | |
| | 6,584,445 | 07/24/03 | Papageorge | | | |
| | 6,697,783 | 02/24/04 | Brinkman, et al. | | | |

**FOREIGN PATENT DOCUMENTS**

| | DOCUMENT NO. | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION | |
|---|---|---|---|---|---|---|---|
| | | | | | | YES | NO |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**OTHER DOCUMENTS** (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

**23552**

PATENT TRADEMARK OFFICE

| EXAMINER | /Trang Nguyen/ | DATE CONSIDERED | 11/02/2009 |
|---|---|---|---|

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; draw line through citation if not in conformance and not considered. Include copy of this form for next communication to the Applicant.

*Substitute Disclosure Statement Form (PTO-1449)          Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /T.N./

Receipt date: 12/13/2007
Date Filed: December 13, 2007

11512529 - GAU: 3686
Sheet 1 of 1

| FORM 1449* | | Docket Number: | Application Number: |
|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT** | | 40476.0002USU1 | 11/512,529 |
| **IN AN APPLICATION** | | Applicant: Hicks, et al. | |
| (Use several sheets if necessary) | | Filing Date: 08/29/06 | Group Art Unit: 3626 |

**U.S. PATENT DOCUMENTS**

| EXAMINER INITIAL | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| | 2001/0039547 | 11/08/01 | Black, et al. | | | |
| | 2002/0046041 | 04/18/02 | Lang | | | |
| | 2002/0059201 | 05/16/02 | Work | | | |
| | 2003/0028406 | 02/06/03 | Herz, et al. | | | |
| | 2004/0010423 | 01/15/04 | Sameh | | | |
| | 2004/0064440 | 04/01/04 | Norman Jr. | | | |
| | 2004/0193447 | 09/30/04 | Joseph | | | |
| | 2005/0071189 | 03/31/05 | Blake, et al. | | | |
| | 2005/0149507 | 07/07/05 | Nye | | | |
| | 6,088,677 | 07/11/00 | Spurgeon | | | |
| | 6,658,431 | 12/02/03 | Norman Jr. | | | |
| | 6,671,714 | 12/30/03 | Weyer, et al. | | | |
| | 6,738,754 | 05/18/04 | Norman Jr. | | | |
| | 7,065,528 | 06/20/06 | Herz, et al. | | | |
| | | | | | | |

**23552**
PATENT TRADEMARK OFFICE

| EXAMINER | /Trang Nguyen/ | DATE CONSIDERED | 11/02/2009 |
|---|---|---|---|

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; draw line through citation if not in conformance and not considered.  Include copy of this form for next communication to the Applicant.

*Substitute Disclosure Statement Form (PTO-1449)    Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /T.N./