# EXHIBIT 2K



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/512,529 | 08/29/2006 | David G. Hicks | 40476.0002USU1 | 1358 |

23552    7590    08/31/2009
MERCHANT & GOULD PC
P.O. BOX 2903
MINNEAPOLIS, MN 55402-0903

| EXAMINER |
|---|
| NGUYEN, TRANG T |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3686 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 08/31/2009 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| Office Action Summary | Application No. 11/512,529 | Applicant(s) HICKS ET AL. |
|---|---|---|
| | Examiner TRANG NGUYEN | Art Unit 3686 |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>1</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>29 August 2006</u>.
2a) ☐ This action is **FINAL**.  2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>1-20</u> is/are pending in the application.
   4a) Of the above claim(s) <u>none</u> is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☐ Claim(s) _____ is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☒ Claim(s) <u>1-20</u> are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.
10) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   a) ☐ All   b) ☐ Some * c) ☐ None of:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____.
      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
   * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO/SB/08)
   Paper No(s)/Mail Date _____.
4) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application
6) ☐ Other: _____.

Application: 11/512,529                                     Paper No. 20090819

Art Unit: 3686                                              Page 2

## DETAILED ACTION

### *Status of Claims*

1. This is communication in response to the application filed on 08/29/2006.

2. Claims 1-20 are currently pending.

### *Election/Restrictions*

3. Restriction to one of the following inventions is required under 35 U.S.C. 121:

   I.  Claims 1-15 and 19-20 are drawn to providing healthcare provider information to potential patient, classified in class 705, and subclass 2.

   II. Claims 16-18 are drawn to optimizing location of a search on a search engine Web page, classified in class 707, and subclass 10.

The inventions are distinct, each from the other because of the following reasons:

4. Inventions I and II are related as subcombinations disclosed as usable together in a single combination. The subcombinations are distinct if they do not overlap in scope and are not obvious variants, and if it is shown that at least one subcombination are separately usable. In the instant case, subcombination II has separate utility such as Web page search engine. See MPEP § 806.05(d).

5. The examiner has required restriction between subcombinations usable together. Where applicant elects a subcombination and claims thereto are subsequently found allowable, any claim(s) depending from or otherwise requiring all the

| | |
|---|---|
| Application: 11/512,529 | Paper No. 20090819 |
| Art Unit: 3686 | Page 3 |

limitations of the allowable subcombination will be examined for patentability in accordance with 37 CFR 1.104. See MPEP § 821.04(a). Applicant is advised that if any claim presented in a continuation or divisional application is anticipated by, or includes all the limitations of, a claim that is allowable in the present application, such claim may be subject to provisional statutory and/or nonstatutory double patenting rejections over the claims of the instant application.

6. Restriction for examination purposes as indicated is proper because all these inventions listed in this action are independent or distinct for the reasons given above <u>and</u> there would be a serious search and examination burden if restriction were not required because one or more of the following reasons apply:

(a) the inventions have acquired a separate status in the art in view of their different classification;

(b) the inventions have acquired a separate status in the art due to their recognized divergent subject matter;

(c) the inventions require a different field of search (for example, searching different classes/subclasses or electronic resources, or employing different search queries);

(d) the prior art applicable to one invention would not likely be applicable to another invention;

| Application: 11/512,529 | Paper No. 20090819 |
|---|---|
| Art Unit: 3686 | Page 4 |

(e) the inventions are likely to raise different non-prior art issues under 35 U.S.C. 101 and/or 35 U.S.C. 112, first paragraph.

**Applicant is advised that the reply to this requirement to be complete must include (i) an election of a invention to be examined** even though the requirement may be traversed (37 CFR 1.143) **and (ii) identification of the claims encompassing the elected invention**.

The election of an invention may be made with or without traverse. To reserve a right to petition, the election must be made with traverse. If the reply does not distinctly and specifically point out supposed errors in the restriction requirement, the election shall be treated as an election without traverse. Traversal must be presented at the time of election in order to be considered timely. Failure to timely traverse the requirement will result in the loss of right to petition under 37 CFR 1.144. If claims are added after the election, applicant must indicate which of these claims are readable on the elected invention.

If claims are added after the election, applicant must indicate which of these claims are readable upon the elected invention.

Should applicant traverse on the ground that the inventions are not patentably distinct, applicant should submit evidence or identify such evidence now of record showing the inventions to be obvious variants or clearly admit on the record that this is the case. In either instance, if the examiner finds one of the inventions unpatentable

Application: 11/512,529                                                                 Paper No. 20090819

Art Unit: 3686                                                                                    Page 5

over the prior art, the evidence or admission may be used in a rejection under 35 U.S.C. 103(a) of the other invention.

## Conclusion

Any inquiry of a general nature or relating to the status of this application or concerning this communication or earlier communications from the Examiner should be directed to **Trang Nguyen** whose telephone number is **571.270.1492**. The Examiner can normally be reached on Monday-Thursday, 7:00am-5:30pm. If attempts to reach the examiner by telephone are unsuccessful, the Examiner's supervisor, **JERRY, O'CONNOR** can be reached at **571.272.6787**.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://portal.uspto.gov/external/portal/pair Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at **866.217.9197** (toll-free).

Any response to this action should be mailed to:

**Commissioner of Patents and Trademarks**
         **Washington, D.C.  20231**

         or faxed to **(571) 273-8300**.

Application: 11/512,529 Paper No. 20090819

Art Unit: 3686 Page 6

Hand delivered responses should be brought to the **United States Patent and Trademark Office Customer Service Window**:

Randolph Building

401 Dulany Street

Alexandria, VA 22314.

/T. N./
Examiner, Art Unit 3686
August 20, 2009

/Gerald J. O'Connor/
Supervisory Patent Examiner
Group Art Unit 3686

| Index of Claims | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 11512529 | HICKS ET AL. |
| | Examiner | Art Unit |
| | TRANG NGUYEN | 3686 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

☐ Claims renumbered in the same order as presented by applicant     ☐ CPA     ☐ T.D.     ☐ R.1.47

| CLAIM | | DATE |
|---|---|---|
| Final | Original | 08/19/2009 |
| | 1 | ÷ |
| | 2 | ÷ |
| | 3 | ÷ |
| | 4 | ÷ |
| | 5 | ÷ |
| | 6 | ÷ |
| | 7 | ÷ |
| | 8 | ÷ |
| | 9 | ÷ |
| | 10 | ÷ |
| | 11 | ÷ |
| | 12 | ÷ |
| | 13 | ÷ |
| | 14 | ÷ |
| | 15 | ÷ |
| | 16 | ÷ |
| | 17 | ÷ |
| | 18 | ÷ |
| | 19 | ÷ |
| | 20 | ÷ |

U.S. Patent and Trademark Office     Part of Paper No. : 20090819



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | DRAWINGS | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|---|
| 11/512,529 | 08/29/2006 | 3626 | 565 | 40476.0001USU1 | 22 | 20 | 3 |

**CONFIRMATION NO. 1358**

23552
MERCHANT & GOULD PC
P.O. BOX 2903
MINNEAPOLIS, MN55402-0903

**UPDATED FILING RECEIPT**

Date Mailed: 11/09/2006

Receipt is acknowledged of this regular Patent Application. It will be considered in its order and you will be notified as to the results of the examination. Be sure to provide the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION when inquiring about this application. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please mail to the Commissioner for Patents P.O. Box 1450 Alexandria Va 22313-1450. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections (if appropriate).**

**Applicant(s)**

David G. Hicks, Littleton, CO;
Scott Montroy, Lakewood, CO;
John Neal, Tampa, FL;

**Power of Attorney:** The patent practitioners associated with Customer Number 23552

**Domestic Priority data as claimed by applicant**

This appln claims benefit of 60/771,757 02/08/2006

**Foreign Applications**



**If Required, Foreign Filing License Granted:** 09/15/2006

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US11/512,529**

**Projected Publication Date:** 08/09/2007

**Non-Publication Request:** No

**Early Publication Request:** No

** SMALL ENTITY **

**Title**

Internet system for connecting healthcare providers and patients

**Preliminary Class**

705

# PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4158).

---

## LICENSE FOR FOREIGN FILING UNDER
## Title 35, United States Code, Section 184
## Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to

espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

Attorney Docket No. 40476.0001USU1

# MERCHANT & GOULD P.C.
## United States Patent Application
## COMBINED DECLARATION AND POWER OF ATTORNEY

As a below named inventor I hereby declare that: my residence, post office address and citizenship are as stated below next to my name; that

I verily believe I am the original, first and sole inventor (if only one name is listed below) or a joint inventor (if plural inventors are named below) of the subject matter which is claimed and for which a patent is sought on the invention entitled: INTERNET SYSTEM FOR CONNECTING HEALTHCARE PROVIDERS AND PATIENTS

The specification of which
a. ☒ is attached hereto
b. ☐ was filed on      as application serial no.      and was amended on      (if applicable) (in the case of a PCT-filed application) described and claimed in international no.      filed      and as amended on      (if any), which I have reviewed and for which I solicit a United States patent.

I hereby state that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment referred to above.

I hereby claim foreign priority benefits under Title 35, United States Code, § 119/365 of any foreign application(s) for patent or inventor's certificate listed below and have also identified below any foreign application for patent or inventor's certificate having a filing date before that of the application on the basis of which priority is claimed:

a. ☒ no such applications have been filed.
b. ☐ such applications have been filed as follows:

| FOREIGN APPLICATION(S), IF ANY, CLAIMING PRIORITY UNDER 35 USC § 119 | | | |
|---|---|---|---|
| COUNTRY | APPLICATION NUMBER | DATE OF FILING (day, month, year) | DATE OF ISSUE (day, month, year) |
|  |  |  |  |
| ALL FOREIGN APPLICATION(S), IF ANY, FILED BEFORE THE PRIORITY APPLICATION(S) | | | |
| COUNTRY | APPLICATION NUMBER | DATE OF FILING (day, month, year) | DATE OF ISSUE (day, month, year) |
|  |  |  |  |

I hereby claim the benefit under Title 35, United States Code, § 120/365 of any United States and PCT international application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, § 112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, § 1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application.

| U.S. APPLICATION NUMBER | DATE OF FILING (day, month, year) | STATUS (patented, pending, abandoned) |
|---|---|---|
|  |  |  |

I hereby claim the benefit under Title 35, United States Code § 119(e) of any United States provisional application(s) listed below:

| U.S. PROVISIONAL APPLICATION NUMBER | DATE OF FILING (Day, Month, Year) |
|---|---|
| 60/771,757 | 8, February 2006 |

I acknowledge the duty to disclose information that is material to the patentability of this application in accordance with Title 37, Code of Federal Regulations, § 1.56 (reprinted below):

## § 1.56 Duty to disclose information material to patentability.

(a) A patent by its very nature is affected with a public interest. The public interest is best served, and the most effective patent examination occurs when, at the time an application is being examined, the Office is aware of and evaluates the teachings of all information material to patentability. Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section. The duty to disclose information exists with respect to each pending claim until the claim is canceled or withdrawn from consideration, or the application becomes abandoned. Information material to the patentability of a claim that is canceled or withdrawn from consideration need not be submitted if the information is not material to the patentability of any claim remaining under consideration in the application. There is no duty to submit information which is not material to the patentability of any existing claim. The duty to disclose all information known to be material to patentability is deemed to be satisfied if all information known to be material to patentability of any claim issued in a patent was cited by the Office or submitted to the Office in the manner prescribed by §§ 1.97(b)-(d) and 1.98. However, no patent will be granted on an application in connection with which fraud on the Office was practiced or attempted or the duty of disclosure was violated through bad faith or intentional misconduct. The Office encourages applicants to carefully examine:

       (1)    prior art cited in search reports of a foreign patent office in a counterpart application, and

       (2)    the closest information over which individuals associated with the filing or prosecution of a patent application believe any pending claim patentably defines, to make sure that any material information contained therein is disclosed to the Office.

(b) Under this section, information is material to patentability when it is not cumulative to information already of record or being made of record in the application, and

       (1)    It establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim;

or

       (2)    It refutes, or is inconsistent with, a position the applicant takes in:

             (i)    Opposing an argument of unpatentability relied on by the Office, or

             (ii)    Asserting an argument of patentability.

A prima facie case of unpatentability is established when the information compels a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence which may be submitted in an attempt to establish a contrary conclusion of patentability.

(c) Individuals associated with the filing or prosecution of a patent application within the meaning of this section are:

       (1)    Each inventor named in the application:

       (2)    Each attorney or agent who prepares or prosecutes the application; and

(3)   Every other person who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor, with the assignee or with anyone to whom there is an obligation to assign the application.

(d)   Individuals other than the attorney, agent or inventor may comply with this section by disclosing information to the attorney, agent, or inventor.

(e)   In any continuation-in-part application, the duty under this section includes the duty to disclose to the Office all information known to the person to be material to patentability, as defined in paragraph (b) of this section, which became available between the filing date of the prior application and the national or PCT international filing date of the continuation-in-part application.

I hereby appoint the attorney(s) and/or patent agent(s) associated with the following customer number to prosecute this application and to transact all business in the Patent and Trademark Office connected herewith.

> **23552**
> PATENT TRADEMARK OFFICE

I hereby authorize them to act and rely on instructions from and communicate directly with the person/assignee/attorney/firm/ organization who/which first sends/sent this case to them and by whom/which I hereby declare that I have consented after full disclosure to be represented unless/until I instruct Merchant & Gould P.C. to the contrary.

I understand that the execution of this document, and the grant of a power of attorney, does not in itself establish an attorney-client relationship between the undersigned and the law firm Merchant & Gould P.C., or any of its attorneys.

Please direct all correspondence in this case to customer number 23552.

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

| 201 | Full Name Of Inventor | Family Name: Hicks | First Given Name: David | Second Given Name: G |
|---|---|---|---|---|
| | Residence & Citizenship | City: Littleton | State or Foreign Country: Colorado | Country of Citizenship: USA |
| | Mailing Address | Address: 2609 W. Long Circle | City: Littleton | State & Zip Code/Country: CO 80120/USA |
| | Signature of Inventor 201: *[signed]* | | | Date: 10/17/06 |
| 202 | Full Name Of Inventor | Family Name: Montroy | First Given Name: Scott | Second Given Name: |
| | Residence & Citizenship | City: Lakewood | State or Foreign Country: Colorado | Country of Citizenship: USA |
| | Mailing Address | Address: 1531 S. Welch Circle | City: Lakewood | State & Zip Code/Country: CO 80228/USA |
| | Signature of Inventor 202: *[signed]* | | | Date: 10/18/06 |
| 203 | Full Name Of Inventor | Family Name: Neal | First Given Name: John | Second Given Name: |
| | Residence & Citizenship | City: Tampa | State or Foreign Country: Florida | Country of Citizenship: USA |
| | Mailing Address | Address: 3515 W. Tacon Street | City: Tampa | State & Zip Code/Country: FL 33629 |
| | Signature of Inventor 203: | | | Date: |

Attorney Docket No. 40476.0001US01

MERCHANT & GOULD P.C.

United States Patent Application

## COMBINED DECLARATION AND POWER OF ATTORNEY

      As a below named inventor I hereby declare that: my residence, post office address and citizenship are as stated below next to my name; that

      I verily believe I am the original, first and sole inventor (if only one name is listed below) or a joint inventor (if plural inventors are named below) of the subject matter which is claimed and for which a patent is sought on the invention entitled:  INTERNET SYSTEM FOR CONNECTING HEALTHCARE PROVIDERS AND PATIENTS

The specification of which
a. ☒ is attached hereto
b. ☐ was filed on        as application serial no.        and was amended on        (if applicable) (in the case of a PCT-filed application) described and claimed in international no.        filed        and as amended on        (if any), which I have reviewed and for which I solicit a United States patent.

I hereby state that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment referred to above.

I hereby claim foreign priority benefits under Title 35, United States Code, § 119/365 of any foreign application(s) for patent or inventor's certificate listed below and have also identified below any foreign application for patent or inventor's certificate having a filing date before that of the application on the basis of which priority is claimed:

a. ☒ no such applications have been filed.
b. ☐ such applications have been filed as follows:

| FOREIGN APPLICATION(S), IF ANY, CLAIMING PRIORITY UNDER 35 USC § 119 | | | |
|---|---|---|---|
| COUNTRY | APPLICATION NUMBER | DATE OF FILING (day, month, year) | DATE OF ISSUE (day, month, year) |
|  |  |  |  |
| ALL FOREIGN APPLICATION(S), IF ANY, FILED BEFORE THE PRIORITY APPLICATION(S) | | | |
| COUNTRY | APPLICATION NUMBER | DATE OF FILING (day, month, year) | DATE OF ISSUE (day, month, year) |
|  |  |  |  |

I hereby claim the benefit under Title 35, United States Code, § 120/365 of any United States and PCT international application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, § 112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, § 1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application.

| U.S. APPLICATION NUMBER | DATE OF FILING (day, month, year) | STATUS (patented, pending, abandoned) |
|---|---|---|
|  |  |  |

I hereby claim the benefit under Title 35, United States Code § 119(e) of any United States provisional application(s) listed below:

| U.S. PROVISIONAL APPLICATION NUMBER | DATE OF FILING (Day, Month, Year) |
|---|---|
| 60/771,757 | 8, February 2006 |

I acknowledge the duty to disclose information that is material to the patentability of this application in accordance with Title 37, Code of Federal Regulations, § 1.56 (reprinted below):

**§ 1.56 Duty to disclose information material to patentability.**

(a) A patent by its very nature is affected with a public interest. The public interest is best served, and the most effective patent examination occurs when, at the time an application is being examined, the Office is aware of and evaluates the teachings of all information material to patentability. Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section. The duty to disclose information exists with respect to each pending claim until the claim is canceled or withdrawn from consideration, or the application becomes abandoned. Information material to the patentability of a claim that is canceled or withdrawn from consideration need not be submitted if the information is not material to the patentability of any claim remaining under consideration in the application. There is no duty to submit information which is not material to the patentability of any existing claim. The duty to disclose all information known to be material to patentability is deemed to be satisfied if all information known to be material to patentability of any claim issued in a patent was cited by the Office or submitted to the Office in the manner prescribed by §§ 1.97(b)-(d) and 1.98. However, no patent will be granted on an application in connection with which fraud on the Office was practiced or attempted or the duty of disclosure was violated through bad faith or intentional misconduct. The Office encourages applicants to carefully examine:

(1) prior art cited in search reports of a foreign patent office in a counterpart application, and

(2) the closest information over which individuals associated with the filing or prosecution of a patent application believe any pending claim patentably defines, to make sure that any material information contained therein is disclosed to the Office.

(b) Under this section, information is material to patentability when it is not cumulative to information already of record or being made of record in the application, and

(1) It establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim;

or

(2) It refutes, or is inconsistent with, a position the applicant takes in:

(i) Opposing an argument of unpatentability relied on by the Office, or

(ii) Asserting an argument of patentability.

A prima facie case of unpatentability is established when the information compels a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence which may be submitted in an attempt to establish a contrary conclusion of patentability.

(c) Individuals associated with the filing or prosecution of a patent application within the meaning of this section are:

(1) Each inventor named in the application:

(2) Each attorney or agent who prepares or prosecutes the application; and

(3) Every other person who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor, with the assignee or with anyone to whom there is an obligation to assign the application.

(d) Individuals other than the attorney, agent or inventor may comply with this section by disclosing information to the attorney, agent, or inventor.

(e) In any continuation-in-part application, the duty under this section includes the duty to disclose to the Office all information known to the person to be material to patentability, as defined in paragraph (b) of this section, which became available between the filing date of the prior application and the national or PCT international filing date of the continuation-in-part application.

I hereby appoint the attorney(s) and/or patent agent(s) associated with the following customer number to prosecute this application and to transact all business in the Patent and Trademark Office connected herewith.

**23552**
PATENT TRADEMARK OFFICE

I hereby authorize them to act and rely on instructions from and communicate directly with the person/assignee/attorney/firm/ organization who/which first sends/sent this case to them and by whom/which I hereby declare that I have consented after full disclosure to be represented unless/until I instruct Merchant & Gould P.C. to the contrary.

I understand that the execution of this document, and the grant of a power of attorney, does not in itself establish an attorney-client relationship between the undersigned and the law firm Merchant & Gould P.C., or any of its attorneys.

Please direct all correspondence in this case to customer number 23552.

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

| 201 | Full Name Of Inventor | Family Name<br>Hicks | | First Given Name<br>David | Second Given Name<br>G |
|---|---|---|---|---|---|
| | Residence & Citizenship | City<br>Littleton | | State or Foreign Country<br>Colorado | Country of Citizenship<br>USA |
| | Mailing Address | Address<br>2609 W. Long Circle | | City<br>Littleton | State & Zip Code/Country<br>CO 80120/USA |
| Signature of Inventor 201: | | | | Date: | |
| 202 | Full Name Of Inventor | Family Name<br>Montroy | | First Given Name<br>Scott | Second Given Name |
| | Residence & Citizenship | City<br>Lakewood | | State or Foreign Country<br>Colorado | Country of Citizenship<br>USA |
| | Mailing Address | Address<br>1531 S. Welch Circle | | City<br>Lakewood | State & Zip Code/Country<br>CO 80228/USA |
| Signature of Inventor 202: | | | | Date: | |
| 203 | Full Name Of Inventor | Family Name<br>Neal | | First Given Name<br>John | Second Given Name |
| | Residence & Citizenship | City<br>Tampa | | State or Foreign Country<br>Florida | Country of Citizenship<br>USA |
| | Mailing Address | Address<br>2604 Allen Place | | City<br>Tampa | State & Zip Code/Country<br>FL 33609/USA |
| Signature of Inventor 203: [signed] | | | | Date: 10/12/2006 | |