# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

      Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

      Defendant.

---

## DEFENDANT MDX MEDICAL, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION AND SECOND SET OF INTERROGATORIES

---

      Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant MDx Medical, Inc. ("MDx") hereby responds to Health Grades, Inc.'s ("Health Grades") First Set of Requests for Admission to Defendant ("Requests for Admission") as follows. Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant MDx hereby responds to Health Grades' Second Set of Interrogatories to Defendant ("Interrogatories") as follows. Together, the Requests for Admission and Interrogatories will collectively be referred to as "Requests", and each individual Request for Admission or Interrogatory may be referred to as a "Request".

## PRELIMINARY STATEMENTS AND GENERAL OBJECTIONS

      MDx makes the following General Objections to each and every Request set forth below. These General Objections are grouped collectively herein to avoid unnecessarily duplicative and repetitive responses to each of the specific Requests. These Preliminary Statements and General

Objections are incorporated into each of the responses set forth below, which are made without waiving these objections:

1.     MDx objects to the Definitions set forth in the Requests to the extent that they purport to require MDx to respond in any way beyond or not consistent with that required by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Colorado, as being unreasonably burdensome and oppressive.

2.     MDx objects to each of the Requests to the extent that they are overly broad, vague, ambiguous, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence or matters relevant to any claims or defenses in this litigation.

3.     MDx objects to each of the Requests to the extent they seek discovery of information that is protected by virtue of the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection.  MDx's responses to any specific Request herein will exclude any privileged information that might otherwise be responsive to any such Request, and each response set forth herein is made subject to and without waiving such objections.

4.     MDx objects to each of the Requests to the extent they seek disclosure of information protected by the rights of privacy of third party non-litigants.

5.     MDx objects to each of the Requests to the extent they are compound, phrased disjunctively or conjunctively, and include subparts in such a manner that they are unduly burdensome, confusing, or cannot be reasonably answered.

6.      MDx objects to each of the Requests to the extent they seek, prior to entry of a suitable protective order, confidential information or proprietary information pertaining to MDx's business, trade secrets, and/or economic relationships.

7.      MDx objects to Plaintiff's Requests to the extent the Requests contained therein seek information that is a matter of public record or otherwise are as equally accessible to Plaintiff as they are to MDx.

8.      MDx objects to the Requests to the extent they seek information that is obtainable from other sources that are more convenient, less burdensome, and/or less expensive.

9.      Trial preparation and factual investigation are ongoing.  Accordingly, MDx's responses are based on information known to MDx at the time of responding to these Requests. However, MDx reserves the right to make reference at trial, or at any hearing in this action, to information not identified in these Responses, the existence or relevance of which is later discovered by MDx or its counsel.  MDx hereby reserves the right to amend or supplement the objections and responses to these Requests as additional information becomes known through further discovery and investigation.

10.     In addition to the objections in paragraph 1, MDx specifically objects to the following Definitions:

(a)     Definition 3 and 5 contained in Health Grades' First Set of Interrogatories: MDx objects to these definitions as overly broad and burdensome.  For purposes of the responses and objections, Health Grades shall mean Health Grades, Inc., and no other and no other entity and MDx shall mean MDx Medical, Inc. and no other entity.

(b)      Definition 26 contained in Health Grades' First Set of Interrogatories::

MDx objects to this definition as overbroad and unduly burdensome, as is the revised definition provided by email from counsel for Health Grades on August 5, 2011.  For purposes of the responses and objections, Accused Products shall mean the www.vitals.com website, including the two accused versions of that website (the "MDx Website"), and nothing else.

Notwithstanding and without waiving the General Objections, MDx makes the following specific responses and objections to Plaintiff's Requests.  The responses herein are subject to the General Objections contained herein which are hereby incorporated by reference into each response.

## RESPONSES TO REQUESTS FOR ADMISSION

**Request for Admission No. 1.**

      Admit that www.vitals.com website enables a computer-implemented method of providing physician information to potential patients.

**Objections**:  This request is vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of the website Health Grades intends to reference.  MDx will interpret this as referencing only the current website.  Subject to and without waiving these and the General Objections, MDx responds below.

**Response:**  Admitted.

**Request for Admission No. 2.**

      Admit that the healthcare provider database that is accessed by the www.vitals.com website is created, updated, and queried by a relational database management system, such as MySQL.

**Objections**:  This request is irrelevant and not likely to lead to the discovery of admissible evidence.  There is nothing in the patent claims about the issue raised in this request.  Accordingly, determining and providing such information is also overbroad and unduly burdensome.  This request is also vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of the website Health Grades intends to reference.

**Request for Admission No. 3.**

Admit that the www.vitals.com website is an on-line information system for connecting doctors with potential patients.

**Objections**:  This request is vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference.  MDx will interpret this as referencing only the current website.  The request is also vague and ambiguous as to whether the request is directed to the entire website as a whole, or only to specific portions of the website.  As Health Grades identified no specific portions, the request will be interpreted as the former.  Subject to and without waiving these and the General Objections, MDx responds below.

**Response:**  Denied.  The entire website is not "for connecting doctors with patients" as this request is understood.

**Request for Admission No. 4.**

Admit that the www.vitals.com website is capable of receiving a request for information about a physician.

**Objections**:   This request is irrelevant and not likely to lead to the discovery of admissible evidence.  The claims of the patent are not directed to whether a website is "capable" of certain things.  Such a request is entirely lacking in any probative value – even if a website is "capable" of receiving such information, that has absolutely no bearing on whether such information is

received as required by the claims.  For example, the website of Health Grades' counsel is "capable" of receiving such information, and that has nothing to do with the issues in this case. Moreover, the requests, if answered, would be extremely prejudicial.  Accordingly, determining and providing such information is also overbroad and unduly burdensome.  The request is also vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference.  MDx will interpret this as referencing only the current website.

**Request for Admission No. 5.**

Admit that the www.vitals.com website is capable of receiving from a physician information about that physician's specialty.

**Objections**:  This request is irrelevant and not likely to lead to the discovery of admissible evidence.  The claims of the patent are not directed to whether a website is "capable" of certain things.  Such a request is entirely lacking in any probative value – even if a website is "capable" of receiving such information, that has absolutely no bearing on whether such information is received as required by the claims.  For example, the website of Health Grades' counsel is "capable" of receiving such information, and that has nothing to do with the issues in this case. Moreover, the requests, if answered, would be extremely prejudicial.  Accordingly, determining and providing such information is also overbroad and unduly burdensome.  The request is also vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which

website or version of website Health Grades intends to reference.  MDx will interpret this as referencing only the current website.

**Request for Admission No. 6.**

Admit that the www.vitals.com website is capable of receiving from a physician information about that physician's medical philosophy.

**Objections**:  This request is irrelevant and not likely to lead to the discovery of admissible evidence.  The claims of the patent are not directed to whether a website is "capable" of certain things.  Such a request is entirely lacking in any probative value – even if a website is "capable" of receiving such information, that has absolutely no bearing on whether such information is received as required by the claims.  For example, the website of Health Grades' counsel is "capable" of receiving such information, and that has nothing to do with the issues in this case (and for this, the claim does not require receipt of any information – it must be "verified" information – a requirement ignored by this request).  Moreover, the requests, if answered, would be extremely prejudicial.  Accordingly, determining and providing such information is also overbroad and unduly burdensome.  The request is also vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference.  MDx will interpret this as referencing only the current website.

**<u>Request for Admission No. 7.</u>**

Admit that the www.vitals.com website is capable of receiving from a physician information about that physician's gender.

**<u>Objections</u>**:  This request is irrelevant and not likely to lead to the discovery of admissible evidence.  The claims of the patent are not directed to whether a website is "capable" of certain things.  Such a request is entirely lacking in any probative value – even if a website is "capable" of receiving such information, that has absolutely no bearing on whether such information is received as required by the claims.  For example, the website of Health Grades' counsel is "capable" of receiving such information, and that has nothing to do with the issues in this case (and for this, the claim does not require receipt of any information – it must be "verified" information – a requirement ignored by this request).  Moreover, the requests, if answered, would be extremely prejudicial.  Accordingly, determining and providing such information is also overbroad and unduly burdensome.  The request is also vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference.  MDx will interpret this as referencing only the current website.

**<u>Request for Admission No. 8.</u>**

Admit that the www.vitals.com website is capable of receiving from a physician information about the language(s) that physician speaks.

**<u>Objections</u>**:  This request is irrelevant and not likely to lead to the discovery of admissible evidence.  The claims of the patent are not directed to whether a website is "capable" of certain

things.  Such a request is entirely lacking in any probative value – even if a website is "capable" of receiving such information, that has absolutely no bearing on whether such information is received as required by the claims.  For example, the website of Health Grades' counsel is "capable" of receiving such information, and that has nothing to do with the issues in this case (and for this, the claim does not require receipt of any information – it must be "verified" information – a requirement ignored by this request).  Moreover, the requests, if answered, would be extremely prejudicial.  Accordingly, determining and providing such information is also overbroad and unduly burdensome.  The request is also vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference.  MDx will interpret this as referencing only the current website.

**Request for Admission No. 9.**

Admit that the www.vitals.com website is capable of receiving from a physician information about awards and/or honors that physician has received.

**Objections**:  This request is irrelevant and not likely to lead to the discovery of admissible evidence.  The claims of the patent are not directed to whether a website is "capable" of certain things.  Such a request is entirely lacking in any probative value – even if a website is "capable" of receiving such information, that has absolutely no bearing on whether such information is received as required by the claims.  For example, the website of Health Grades' counsel is "capable" of receiving such information, and that has nothing to do with the issues in this case (and for this, the claim does not require receipt of any information – it must be "verified"

information – a requirement ignored by this request).  Moreover, the requests, if answered, would be extremely prejudicial.  Accordingly, determining and providing such information is also overbroad and unduly burdensome.  The request is also vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference.  MDx will interpret this as referencing only the current website.

**Request for Admission No. 10.**

Admit that the www.vitals.com website is capable of receiving from a physician information about publications authored by that physician.

**Objections**:  This request is irrelevant and not likely to lead to the discovery of admissible evidence.  The claims of the patent are not directed to whether a website is "capable" of certain things.  Such a request is entirely lacking in any probative value – even if a website is "capable" of receiving such information, that has absolutely no bearing on whether such information is received as required by the claims.  For example, the website of Health Grades' counsel is "capable" of receiving such information, and that has nothing to do with the issues in this case (and for this, the claim does not require receipt of any information – it must be "verified" information – a requirement ignored by this request).  Moreover, the requests, if answered, would be extremely prejudicial.  Accordingly, determining and providing such information is also overbroad and unduly burdensome.  The request is also vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against

multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference.  MDx will interpret this as referencing only the current website.

**Request for Admission No. 11.**

Admit that the www.vitals.com website is capable of receiving patient ratings about a physician from one or more of current or past patients of that physician or from any other user of the vitals website.

**Objections**:  This request is irrelevant and not likely to lead to the discovery of admissible evidence.  The claims of the patent are not directed to whether a website is "capable" of certain things.  Such a request is entirely lacking in any probative value – even if a website is "capable" of receiving such information, that has absolutely no bearing on whether such information is received as required by the claims.  For example, the website of Health Grades' counsel is "capable" of receiving such information, and that has nothing to do with the issues in this case. Moreover, the requests, if answered, would be extremely prejudicial.  Accordingly, determining and providing such information is also overbroad and unduly burdensome.  The request is also vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference.  MDx will interpret this as referencing only the current website.

**Request for Admission No. 12.**

Admit that the www.vitals.com website includes an on-line patient experience survey that allows a patient to rate a physician.

**Objections**:  This request is vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference.  MDx will interpret this as referencing only the current website.  Subject to and without waiving these and the General Objections, MDx responds below.

**Response:**  Admitted.

**Request for Admission No. 13.**

Admit that MDx uses a computer-implemented method to create healthcare provider reports about physicians and provides access to these physician reports through the www.vitals.com website.

**Objections**:  This request is vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference.  MDx will interpret this as referencing only the current website.  Subject to and without waiving these and the General Objections, MDx responds below.

**Response:**  Admitted that certain reports, different from those required by the '060 patent claims, are created and accessed, but denied that they are reports meeting the language of any of the '060 patent claims.  For example, the reports totally lack any "comparison ratings of

healthcare providers," or other information required by the claims of the '060 patent.  To the extent that Health Grades is trying to equate these "reports" with the "reports" of the '060 patent, therefore, the request is denied.

**Request for Admission No. 14.**

Admit that MDx receives information about the board certifications of physicians from a third party other than the physician.

**Objections**:  This request is vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference.  MDx will interpret this as referencing only the current website.  The request is also irrelevant and calls for information not likely to lead to the discovery of admissible evidence, in that the claims do not require receipt of any information from physicians – they require information verified by third parties.  The request is also vague in that it is not clear which physicians are being referenced.  MDx interprets this request as referencing all physicians in the current website.  Subject to and without waiving these and the General Objections, MDx responds below.

**Response:**  Denied.  Not all of the physicians are board certified.  For physicians who are not board certified, MDx does not receive information about the board certifications of such physicians from a third party other than the physician.

**Request for Admission No. 15.**

Admit that MDx receives information about the licensures of physicians from a third party other than the physician.

**Objections**:  This request is vague in that it does not identify any version of the website, and Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference.  MDx will interpret this as referencing only the current website.  The request is also irrelevant and calls for information not likely to lead to the discovery of admissible evidence, in that the claims do not require receipt of any information from physicians – they require information verified by third parties.  The request is also vague in that it is not clear which physicians are being referenced. MDx interprets this request as referencing all physicians in the current website.  Subject to and without waiving these and the General Objections, MDx responds below.

**Response:**  Denied.  There are multiple sources of information about the licensures of physicians.  Information about the licensures of certain physicians are not received from a third party.

**Request for Admission No. 16.**

Admit that MDx receives information about the medical schools attended by physicians from a third party other than the physician.

**Objections**:  This request is vague in that it does not identify any version of the website, and Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference.  MDx will

15

interpret this as referencing only the current website.  The request is also irrelevant and calls for information not likely to lead to the discovery of admissible evidence, in that the claims do not require receipt of any information from physicians – they require information verified by third parties.  The request is also vague in that it is not clear which physicians are being referenced. MDx interprets this request as referencing all physicians in the current website.  Subject to and without waiving these and the General Objections, MDx responds below.

**Response:**  Denied.  There are multiple sources of information about the medical schools attended by physicians.  Information about the medical schools attended by certain physicians are not received from a third party.


**Request for Admission No. 17.**

Admit that MDx receives information about the medical residencies completed by physicians from a third party other than the physician.

**Objections**:  This request is vague in that it does not identify any version of the website, and Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference.  MDx will interpret this as referencing only the current website.  The request is also irrelevant and calls for information not likely to lead to the discovery of admissible evidence, in that the claims do not require receipt of any information from physicians – they require information verified by third parties.  The request is also vague "completed by physicians" and is thus not susceptible of a response.  The request is also vague in that it is not clear which physicians are being referenced. MDx interprets this request as referencing all physicians in the current website.

**Request for Admission No. 18.**

Admit that MDx receives information about the medical fellowships completed by physicians from a third party other than the physician.

**Objections**:  This request is vague in that it does not identify any version of the website, and Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference.  MDx will interpret this as referencing only the current website.  The request is also irrelevant and calls for information not likely to lead to the discovery of admissible evidence, in that the claims do not require receipt of any information from physicians – they require information verified by third parties.  The request is also vague "completed by physicians" and is thus not susceptible of a response.  The request is also vague in that it is not clear which physicians are being referenced.  MDx interprets this request as referencing all physicians in the current website.

**Request for Admission No. 19.**

Admit that MDx has a database of information about physicians that is capable of including at least the following kinds of information about each physician in the database: board certification(s), licensure, medical school, medical internship, medical residency, medical fellowship information, specialty information, medical philosophy, gender, age, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and patient ratings.

**Objections**:  This request is irrelevant and not likely to lead to the discovery of admissible evidence.  The claims of the patent are not directed to whether a website is "capable" of certain things.  Such a request is entirely lacking in any probative value – even if a website is "capable" of including such information, that has absolutely no bearing on whether such information is received as required by the claims.  For example, the website of Health Grades' counsel is "capable" of including such information, and that has nothing to do with the issues in this case.  Moreover, the requests, if answered, would be extremely prejudicial.  Accordingly, determining and providing such information is also overbroad and unduly burdensome.


**Request for Admission No. 20.**

Admit that www.vitals.com website accesses the database described in request no. 17 to create a healthcare provider report about a physician.

**Objection:**  This request is vague and ambiguous in that request 17 does not reference any database.


**Request for Admission No. 21.**

Admit that www.vitals.com website is capable of providing access to a physician report that is capable of including a hyperlink to www.vitals.com report on an affiliated hospital, medical center, or other type of treatment center.

**Objections**:  This request is irrelevant and not likely to lead to the discovery of admissible evidence.  The claims of the patent are not directed to whether a website is "capable" of certain things.  Such a request is entirely lacking in any probative value – even if a website is "capable"

of including a hyperlink, that has absolutely no bearing on whether such information is included. For example, the website of Health Grades' counsel is "capable" of including a hyperlink, and that has nothing to do with the issues in this case. Moreover, the request, if answered, would be extremely prejudicial. Accordingly, determining and providing such information is also overbroad and unduly burdensome. The request is also vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference.

**Request for Admission No. 22.**

Admit that www.vitals.com website includes search capabilities for searching a database comprised of healthcare provider information.

**Objections**:   This request is irrelevant and not likely to lead to the discovery of admissible evidence. The claims of the patent are not directed to whether a website is "capable" of certain things. Such a request is entirely lacking in any probative value – even if a website is "capable" of such, that has absolutely no bearing on whether it happens. For example, the website of Health Grades' counsel is "capable" of being searched, and that has nothing to do with the issues in this case. Moreover, the requests, if answered, would be extremely prejudicial. Accordingly, determining and providing such information is also overbroad and unduly burdensome. The request is also vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference.

**Request for Admission No. 23.**

Admit that www.vitals.com website includes search capabilities for searching a database comprised of healthcare provider information that permits a search based on at least the following: name, medical specialty, and location criteria.

**Objections**:  This request is irrelevant and not likely to lead to the discovery of admissible evidence.  The claims of the patent are not directed to whether a website is "capable" of  certain things.  Such a request is entirely lacking in any probative value – even if a website is "capable" of such, that has absolutely no bearing on whether the claims are met.  For example, the website of Health Grades' counsel is "capable" of searching, and that has nothing to do with the issues in this case.  Moreover, the requests, if answered, would be extremely prejudicial.  Accordingly, determining and providing such information is also overbroad and unduly burdensome. The request is also vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference.

**Request for Admission No. 24.**

Admit that the Health Grades website is covered by at least one claim of the '060 patent.

**Response:**  Denied.  The Health Grades website has many features, the majority of which lack the elements of the claims.  Moreover, Health Grades has produced nothing to indicate that the features of its website relevant here would meet all the claim elements, including for example, information verified by healthcare providers, information verified by third parties, etc.

**Request for Admission No. 25.**

Admit that the Health Grades website is covered by all of the asserted claims of the '060 patent.

**Response:** Denied.  The Health Grades website lacks a number of elements of all claims of the '060 patent, including at least information verified by healthcare providers, information verified by third parties, a results list that includes an advertisement for the first healthcare provider, etc.

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 18.**

State the factual basis that supports any response to any of the foregoing requests for admission that is anything other than an unqualified admission.

**Objections**:  This interrogatory is in fact 25 separate interrogatories, exceeding the limit allowed by the Court.  MDx also objects to this Interrogatory as calling for information protected by the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving these and the General Objections, MDx responds below.

**Response:**   Subject to and without waiving the General Objections, MDx responds as follows.  See responses to requests for admission.

**Interrogatory No. 19.**

If MDx disagrees with anyone or more of the bases for patent infringement set forth in Health Grades Infringement Contentions, Supplemental Infringement Contentions, and accompanying documents (served on July 1, 2011 and 19, 2011 and as may be later supplemented, "Infringement Disclosures"), for every such disagreement set forth in full and complete detail all reasons why Health Grade's contentions are allegedly incorrect, including but not limited to (1) a full and complete explanation of all points of disagreement with the assertions in Health Grades' Infringement Disclosures; and (2) a full and complete explanation of why each and every accused product does not infringe the '060 patent, both literally and under the doctrine of equivalents.

**Objection**:  This request is duplicative of interrogatory 2.  See the response to interrogatory 2.  MDx also objects to the extent that this request purports to request every conceivable detail and scrap of evidence of the disagreement on infringement issues – the MDx positions are sufficiently provided in response to interrogatory 2.  MDx also objects to this Interrogatory as calling for information protected by the attorney-client privilege and/or the work product doctrine.

**Interrogatory No. 20.**

      If MDx disagrees with anyone or more of the bases for showing that Health Grades website is covered by the asserted claims of '060 patent set forth in Exhibit E to Health Grades Supplemental Infringement Contentions, and accompanying documents (served on July 19, 2011 and as may be later supplemented), for every such disagreement set forth in full and complete detail all reasons why Health Grade's contentions are allegedly incorrect, including but not limited to, a full and complete explanation of all points of disagreement with the assertions that Health Grades' website is covered by the asserted claims.

**Objection:**   MDx objects to this Interrogatory as calling for information protected by the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving these and the General Objections, MDx responds as follows.

**Response:**   See responses to requests for admission 24 and 25.

Dated:  February 15, 2012                    As to objections:


                                             *s:/Scott D. Stimpson*
                                             _____
                                             Scott D. Stimpson
                                             Scott B. Murray
                                             David C. Lee
                                             Sills Cummis & Gross P.C.
                                             30 Rockefeller Plaza
                                             New York, New York 10112
                                             Tel: (212) 643-7000
                                             Fax: (212) 643-6500
                                             E-mail: sstimpson@sillscummis.com
                                             E-mail: smurray@sillscummis.com
                                             E-mail: dlee@sillscummis.com

                                             and

                                             Terence Ridley, Atty. No. 15212
                                             Ramona Lampley, Atty. No. 37288
                                             Wheeler Trigg O'Donnell LLP
                                             1801 California Street, Suite 3600
                                             Denver, Colorado 80202
                                             Tel:  (303) 244-1800
                                             Fax:   (303) 244-1879
                                             E-mail: ridley@wtotrial.com
                                             E-mail: lampley@wtotrial.com

                                             *Attorneys for Defendant*
                                             MDx Medical, Inc. d/b/a VITALS.COM


As to Responses:

The undersigned states under oath that the foregoing responses are correct to the best of the signer's information, knowledge, and belief.


_____
For MDx Medical, Inc.

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on <u>February 15, 2012</u>, I have caused a true and correct copy of the foregoing DEFENDANT MDX MEDICAL, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION AND SECOND SET OF INTERROGATORIES to be served upon Health Grades, Inc. by electronic mail transmission to the following individuals:

> Jesus Manuel Vazquez , Jr.
> Kris John Kostolansky
> Jeffrey David Phipps
> ROTHGERBER JOHNSON & LYONS LLP
> One Tabor Center, Suite 3000
> 1200 Seventeenth Street
> Denver, CO 80202
> Tel: (303) 623-9000
> Fax: (303) 623-9222
> jvazquez@rothgerber.com
> kkosto@rothgerber.com
> jphipps@rothgerber.com
>
> *Attorneys for Plaintiff Health Grades, Inc.*

<u>   s:/ David C. Lee                         </u>

25