**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE HEALTH GRADES' DEPOSITION NOTICE WITHOUT LEAVE TO AMEND, OR IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER, AND FOR FEES AND COSTS**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx") hereby files this reply memorandum in support of its motion to strike Health Grades' *Rule* 30(b)(6) deposition notice, without leave to amend, or in the alternative, for a protective order directing Health Grades to precisely delineate the topics for deposition to focused, relevant, non-privileged issues, and for fees and costs.

Health Grades argues in its opposition that its 49 virtually unlimited topics, without even temporal restrictions, were "***narrowly tailored***" to this case. Opp. at 2 (emphasis added). In support of this baseless allegation, Health Grades creates many diversions, including interrogatories, imagined Health Grades' requests for inspection, alleged copying -- anything that might distract the court from Health Grades' bad faith misuse of *Rule* 30(b)(6) and the sanctions that are justified under *Rule* 26(g). To the extent Health Grades truly believes that MDx owes it interrogatory responses, or that it requested an inspection of the MDx property, then such matters

are to be found in Health Grades' pending motion to compel (to which MDx has submitted its arguments in opposition) and will be addressed by the Court.  This motion, however, is about a bad-faith 30(b)(6) notice with forty-nine improperly overbroad topics, and whether this court (or any other) should allow such misconduct without penalty.

Health Grades first addresses *this* motion, and its corresponding deposition topics, halfway through its opposition, at page 7.  Beginning there, Health Grades misrepresents the plain language of their many, many, requested topics, and presents a chart showing that the patent claims might have language related to some of those topics.  MDx does not dispute, however, that information relevant to the patent claims is encompassed somewhere within Health Grades' deposition topics. That is not the issue.  Indeed, it would be nearly impossible to identify any aspect of the MDx business not fully encompassed by these topics.  The issue, instead, is why (if not for the purpose of driving up expenses and burden on MDx) Health Grades and its counsel served such a wildly overbroad, burdensome, and unfocused set of deposition topics, and why Health Grades refused to comply with basic discovery standards such as those set forth in *Rule* 26(g).[1]

At pages 11-12, Health Grades tries to justify its demand that some MDx witness memorize the sources for every piece of information in the MDx system and how each scrap of data was obtained, and be ready to discuss the functioning algorithms in the MDx system and how they operate and interrelate with every database and every feature.  Even if this was

---

[1] Health Grades is correct that it amended its 30(b)(6) topics in response to MDx's objections to the first set of topics served by Health Grades.  However, Health Grades fails to admit that the "amended" topics are actually longer than the original set and that the amendments fail to address the main problem with both sets of topics - their overbreadth, evidenced in part by Health Grades' repeated use of the term "every."

2

humanly possible, it would still be outrageously overbroad. For example, at footnote 2 of the MDx initial memorandum, many completely irrelevant data sets are identified, yet even in opposition to this motion Health Grades refuses to concede that it is over-reaching on such topics. And all others of the Health Grades vast topics on technical issues (*e.g.,* conception, design, and development of every feature that was ever part of the MDx business, names and identities of every person ever involved with any such feature, information on every test of every such feature, dates of offer, sale, and use of every such feature, etc.) are simply ignored by Health Grades – even they are unable to come up with the slightest justification for them.

As for the alleged "damages" topics, addressed at pages 12-13 of the Health Grades opposition (Section B), the only argument made is that damages are "not necessarily limited to revenues for the accused products." No attempt is made to show how any of the requested information in specific topics is relevant, and no attempt is made to tie any piece of this information to any cogent damages theory.

Health Grades' arguments at pages 13-14 (Section C) are equally deficient. Health Grades attempts to justify its demands for any MDx patent application by citing to two *Georgia Pacific* factors having no discernable relationship to the accused infringer's patents (let alone to any patents related to the accused technology). And Health Grades' bald allegation that MDx has already produced documents on all its patent applications is simply wrong.

As is undisputed by Health Grades, *Rule* 30(b)(6) requires the corporate designee to be prepared to fully answer, on behalf of the corporation, questions regarding the identified topics. Health Grades' topics are so overbroad that no one possibly could be prepared to "fully answer" regarding them. Of course, if the designee is unable to answer any of Health Grades' questions,

3

one can surmise that Health Grades would be back before the Court asking that MDx be sanctioned for not producing a properly prepared designee.  The solution to this problem is that Health Grades should have limited its topics appropriately from the beginning.

Health Grades should not be given a third opportunity to finally serve topics that are in accordance with the Federal Rules.  If *Rule* 26(g) is to have any meaning, the Court should not allow Health Grades a "do over" on this deposition notice.  Health Grades knew its deposition requests were improperly overbroad, and it simply did not care – burden and expense on smaller MDx apparently were far too important for them to be bothered with the requirements of the Federal Rules.  MDx, however, will not bow to these pressures – litigation expense is not a weapon to be freely wielded by parties to litigation.

MDx respectfully requests that the Court grant its motion to strike Health Grades' Rule 30(b)(6) deposition notice, without leave to amend, and to grant MDx's request for fees and costs.

Dated:  March 20, 2012 	Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: sstimpson@sillscummis.com
E-mail: smurray@sillscummis.com
E-mail: dlee@sillscummis.com

and

4

Terence Ridley, Atty. No. 15212
Ramona Lampley, Atty. No. 37288
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com
E-mail: lampley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I, Bonnie S. Schwab, hereby certify under penalty of perjury pursuant to 28 U.S.C. 1746 that on <u>March 20, 2012</u>, I electronically filed the foregoing MDX MEDICAL, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE HEALTH GRADES' DEPOSITION NOTICE WITHOUT LEAVE TO AMEND, OR IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER, AND FOR FEES AND COSTS with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez , Jr.**
  jvazquez@rothgerber.com, phenke@rothgerber.com

- **Kris John Kostolansky**
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- **Jeffrey David Phipps**
  jphipps@rothgerber.com, kmeans@rothgerber.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Scott Butler Murray**
  smurray@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

- **Ramona L. Lampley**
  lampley@wtotrial.com, keitlen@wtotrial.com

/s/ Bonnie S. Schwab