**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**MDX MEDICAL, INC.'S OPPOSITION TO HEALTH GRADES MOTION FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS**

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx") hereby opposes Plaintiff Health Grades, Inc.'s ("Health Grades") Motion For Leave To Amend Its Infringement Contentions To Address New Claim Constructions From The February 13, 2012 Markman Order (Dkt. # 148).

Health Grades is trying to add alleged evidence of infringement eight months too late. Its claimed basis for such a late revision is that Judge Brimmer supposedly came up with his own claim constructions. But Judge Brimmer did no such thing. The claim constructions adopted by Judge Brimmer were, with insignificant language tweaks, virtually identical to the constructions MDx has proposed since day one, and the same constructions Health Grades already fully addressed in both its original infringement contentions and in response to the pending MDx motion for summary judgment. What is really happening here is that Health Grades reviewed

the MDx website (evidence it has obviously had in its possession since before this litigation was commenced) and now it wants to add new arguments based on this old evidence. As was the case with its first attempt to amend, there is a total and complete lack of any diligence on the part of Health Grades, and therefore the request to amend should be denied.

## I.   COMPARISON RATINGS AND RELATED TERMS

The first three terms addressed by Health Grades can be grouped together, as they all relate to the same basic infringement issue – whether the MDx report on the first healthcare provider includes comparison ratings of other potential healthcare providers. These three terms are "first healthcare provider," "healthcare report on the first healthcare provider," and "healthcare provider report includes comparison ratings for healthcare providers."

These terms were not subject to the MDx motion to strike Health Grades' earlier effort to supplement (Dkt. # 62). This is because Health Grades knew the MDx proposed constructions on these terms (the same basic constructions adopted by Judge Brimmer), and Health Grades addressed these issues in its original infringement contentions.

Thus, Health Grades, in truth, is not now trying to address any "new" or "unexpected" claim constructions, as it has known of these constructions since the very earliest stages of this case, and it provided infringement contentions based on those very constructions back in July of 2011. Although Health Grades takes great pains in its attempt to convince the Court otherwise, what it is trying to do with respect to these terms is add new and different evidence to its infringement contentions – *evidence that has been available to it since the day it filed its complaint.*

2

### A. There Is No Good Cause Because Judge Brimmer's Claim Constructions Were Neither New Nor Unexpected

Patent Rule 3-6 expressly requires a timely showing of ***good cause*** for amendments to the infringement contentions. And while Health Grades is correct that the Rule says that claim constructions ***may*** support a finding of good cause, they do not support that finding here because Judge Brimmer's constructions are nothing new – Health Grades has been dealing with these same basic constructions since the beginning of this case, it has opposed the pending summary judgment motion based on them, and it addressed them in its infringement contentions back in July of 2011.

Health Grades asserts contradictory positions on this issue – on the one hand trying to convince this Court that Judge Brimmer's constructions are new and inconsistent with both parties' proposed interpretations (*e.g.*, pages 5-6: "Not only do Judge Brimmer's constructions have literal differences from both party's proposals, but they introduce different issues in this case") and on the other hand admitting that what it is trying to add now are additional facts to the same arguments it has been making all along ("page 10: "the amendments that Health Grades seeks to make to its infringement contentions are not dramatically different from, and are consistent with, the theories it advanced before"; and page 15: Health Grades only seeks to "refine" its earlier contentions).[1]  What Health Grades fails to address, however, is ***why it waited until now to try to add these new positions, when it has had all this evidence since before this litigation was commenced.***  As with its first effort to amend its infringement contentions, there

---

[1] This latter position, alone, dispels Health Grades' assertion that Judge Brimmer's claim constructions are different enough from the parties' proposed claim constructions to warrant the amendment of Health Grades' infringement contentions.

3

was a total and complete lack of diligence, and the California Patent Rules preclude amendments in such circumstances.

Health Grades cites to only one case that it believes supports its argument that good cause exists here – *Alliance Packaging LLC v. Smurfit-Stone Container Corp.*, 2008 U.S. Dist. LEXIS 21683 (W.D. Wash. Mar. 19, 2008). (Health Grades Motion ("Motion"), p. 15). However, *Alliance* is inapposite. Although the court in *Alliance* did allow an amendment after a claim construction ruling, the Patent Local Rules were not in effect in that case, which was the court's first basis for allowing the proposed amendment. *Alliance*, 2008 U.S. Dist. LEXIS 21683 at *8-*9. Health Grades fails to acknowledge this critical distinguishing fact in its motion. (Motion, p. 15).

In contrast, in *Nike, Inc. v. Adidas America Inc.*, 479 F. Supp. 2d 664 (E.D. Tex. 2007), as acknowledged by the court in *Alliance*, the Patent Local Rules were in effect, albeit an earlier version than is being used in this case. Patent Local Rule 3-6 in effect in *Nike* did not even require a timely showing of good cause as does the present Rule, and instead stated that "[i]f a party claiming patent infringement believes in good faith that the Court's Claim Construction Ruling so requires, not later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve 'Amended Infringement Contentions' without leave of court that amend its 'Infringement Contentions' . . ." *Nike*, 479 F. Supp. 2d at 667. In denying Nike's proposed amendment even under that less-stringent standard, the court found that the claim construction "was not so different from the parties' proposed constructions as to warrant the need for amended infringement contentions." *Id.*, at 665. In language highly pertinent to this case, the court reasoned:

> ***This exception is intended to allow a party to respond to an <u>unexpected</u> claim construction by the court. This does not mean that after every claim construction order, new infringement contentions may be filed***. That would destroy the effectiveness of the local rules in balancing the discovery rights and responsibilities of the parties. The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush."
>
> ***A party cannot argue that because its precise proposal for a construction of a claim term is not adopted by the court, it is surprised and must prepare new infringement contentions. Courts seldom simply adopt the construction of one party or the other.*** Accepting such an argument would encourage parties to file narrow proposed constructions with an eye towards hiding important contentions until shortly before trial. One of the goals of the Federal Rules of Procedure and the Local Patent Rules is to speed up the litigation process and make it less expensive.

*Id*., at 667-668 (emphasis added)(internal citations omitted).

The current version of Patent Local Rule 3-6 that is being used in this case, as Health Grades concedes, does not include the 30-day window after a claim construction ruling for good faith amendment of infringement contentions, but instead requires a showing of good cause. This change was explained as necessary because the "as of right" amendment provision did not tie litigants sufficiently to the positions they had advanced prior to the claim construction ruling and also allowed amendments in circumstances where such changes were not warranted by the claim construction ruling. (*See* Exhibit A, Patent Local Rules Advisory Subcommittee Report (January 2008), p. 2). Thus, the "well-established 'good cause' test" was inserted to govern amendments to infringement contentions (*id*.), such that amendments **<u>may</u>** be permitted in appropriate circumstances (such as when there is an "unexpected" claim construction by the court, not simply any claim construction ruling that happens to differ slightly from the constructions proposed by the parties).

5

There was nothing unexpected or surprising about Judge Brimmer's claim construction. MDx won on each of these issues, and that fact does not change simply because Judge Brimmer used some of his own language to get to the same place proposed by MDx. Indeed, this is shown by the comparison chart at pages 5-6 of the Health Grades motion -- the claim constructions provided by Judge Brimmer, while slightly tweaked with regard to phrasing, are for all intents and purposes identical to the claim constructions proposed by MDx. *See Nike*, at 669 (court's claim construction "was not so different from the parties' proposal as to warrant amended infringement contentions based on the claim construction.").

The central disputes of the parties, and Judge Brimmer's holding on each, are as follows:

(1)     <u>First Healthcare Provider</u>:  The parties argued about whether the "first healthcare provider" had to be the same, specific provider addressed in the rest of the claim, *i.e.*, the same one on whom information is collected and a report is produced. Judge Brimmer correctly identified the "focal point" of the parties' dispute as to whether (as MDx argued) this had to be a "particular provider" or (as Health Grades argued) it could be "one or more" providers." Judge Brimmer clearly sided with MDx. (*See* Exhibit B, Claim Construction Order at 7-12).

(2)     <u>Report on the First Healthcare Provider</u>:  Health Grades argued that this could be a presentation of information relating to "one or more healthcare providers," and MDx alleged that it had to be a report directed to the particular provider. The court did not provide a specific construction because the constructions of "report" and "first healthcare provider" were sufficient, but there is no doubt that MDx won this issue, too. (*Id*. at 12-13) ("***the Court agrees with the defendant***") (emphasis added).

(3) <u>Healthcare Provider Reports includes Comparison Ratings of Healthcare Providers</u>: Health Grades proposed a construction that would basically encompass any standardized rating system, while MDx argued that the report on the first healthcare provider had to include "ratings of multiple providers other than the first healthcare provider." The court agreed with MDx. (*Id*. at 13-14) ("it appears clear that the report on the first healthcare provider includes ratings of that provider *as well as others to permit comparison*….") (emphasis added).

Thus, the entire premise of the Health Grades motion – that Judge Brimmer created his own constructions and ignored the constructions of both parties – is a fallacy. MDx won all of these issues – there was nothing "unexpected" or "surprising" giving Health Grades free reign to add evidence that has been in its possession and control since before this case was brought. Accordingly, Judge Brimmer's claim construction is not "good cause" for Health Grades providing these new arguments so long after serving its infringement contentions, especially when Health Grades has been addressing these same issues since day one.

**B.    The Health Grades Motion Is Untimely**

Patent Rule 3-6 also requires that Health Grades make a "timely" motion to amend. Health Grades knew that MDx was proposing the same constructions since very early in this case, and indeed they included in their first infringement contentions evidence and arguments addressing these very constructions. (*See* Exhibit C, Health Grades July 1, 2011 Infringement Contentions, p. 3). Health Grades is now trying to add new evidence and arguments it should have presented long ago in those first infringement contentions. Indeed, nowhere does Health Grades even argue that any of its newly-asserted evidence is recently obtained – it was always available, Health Grades just did not include it when it was ordered to do so. "The patent local

7

rules were designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed.'" *Trans Video Elec., Ltd. v. Sony Elec., Inc.*, 2011 U.S. Dist. LEXIS 131688, *16-*17 (N.D. Cal. Nov. 15, 2011) (quoting *Kilopass Tech., Inc. v. Sidense Corp.*, No. C 10-02066 SI, 2011 U.S. Dist. LEXIS 126837, at *3-4 (N.D. Cal. Nov. 2, 2011); *see also Tokai Corp. v, Easton Enterprises Inc.*, 2009 U.S. Dist. LEXIS 64669, *5 (C.D.Cal. July 8, 2009) (same). Accordingly, Health Grades' motion is also untimely, and should be denied for that additional reason.[2]

## II.   RECEIVED FROM FIRST HEALTHCARE PROVIDER

Judge Brimmer's claim construction on this element is nothing terribly new or surprising, either. Indeed, Health Grades has known of this issue for many months. (*See, e.g.*, Exhibit D, MDx response to interrogatory 2 (part B), p. 7).

Health Grades tried to supplement on this element already, based on the MDx claim constructions. (*See* Exhibit E, pp. 7-12 & 49-54 of 77; black-line version at Dkt. # 62-5, pp. 7-12 and 50-55 of 78). The court struck those proposed supplemental contentions, however, because

---

[2] MDx does not need to show prejudice because Health Grades cannot show diligence. *See e.g., Genentech, Inc. v. The Trustees of the Univ. of Penn.*, 2011 U.S. Dist. LEXIS 108127, *4 (N.D.Cal. September 16, 2011); *Tokai Corp.*, 2009 U.S. Dist. LEXIS 64669 at *11; and *O2 Micro Int'l Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1368 (Fed. Cir. 2006). But even if prejudice was required, MDx will be prejudiced if Health Grades is allowed to amend its contentions to add arguments that should have been included from the outset of the case. For example, the entire discovery period to date has been based on the current Health Grades contentions and infringement positions. Two of the three inventor depositions are completed, and so the opportunity to ask them about all these new theories and evidence will be lost. The infringement contentions were also studied for prior art searching and analyses, and formed a framework for review and analysis; allowing Health Grades to now expand what it believes falls within the scope of these claims would be unfair to MDx because validity searching and analyses would have to be reviewed and reconsidered, with possible additional prior art searching required. And also, by the time this motion is decided there will only be a few weeks left in the discovery period.

8

Health Grades failed to comply with the applicable rules. (*See* Exhibit F, Order Denying Motion to Amend at 3-10 of 11).

Here, Health Grades tries to add equivalents arguments yet again, this time supposedly in view of the Court's claim construction (*see e.g.,* Dkt. # 148-5 (Health Grades Exhibit 3 (Part 2) to Motion, pp. 13-21 of 64). But the Health Grades proposed amendment is again just a belated attempt to address the alternative construction of this claim element, which Health Grades should have addressed from the outset of the case (and did not because of its "disingenuous" allegation that MDx had "conceded" infringement of this issue (*see* Exhibit F, pp. 5-6 of 11)). Judge Brimmer's claim construction only differs from the MDx construction in that it says that the information does not need to be received personally from the provider, but can be received by that provider's agent. (*See* Exhibit B, Claim Construction Order at 16-17). But the Health Grades amended contention does nothing to identify agents at all – Judge Brimmer's construction was certainly not the genesis for this proposed supplement as Health Grades claims. *See e.g., Trans Video*, at *16-*17 (claims that could have been asserted early in case must be asserted diligently as soon as possible). Health Grades already tried to add equivalents and similar other arguments months ago, and even then the request was untimely and lacked good cause. This later request is even more untimely, and good cause is still nowhere to be found. Indeed, Health Grades does not even substantively address this amendment in its brief.

Because Health Grades did not provide a timely showing of good cause for this element, this request to amend should also be denied.

### III. CONCLUSION

For all the foregoing reasons, MDx respectfully requests that the Court deny the Health Grades motion to amend in its entirety.

Dated:  March 23, 2012                                            Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail:sstimpson@sillscummis.com
E-mail:smurray@sillscummis.com
E-mail:dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Ramona Lampley, Atty. No. 37288
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com
E-mail: lampley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM