# EXHIBIT A

PATENT LOCAL RULES ADVISORY SUBCOMMITTEE REPORT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

January 2008

I.

INTRODUCTION

The Patent Local Rules Advisory Subcommittee of the United States District Court for the Northern District Of California ("Committee") began its work in October 2006. After careful consideration of inputs from the community broadly over the last year plus, the Committee has concluded that, while the existing rules are working well, and have been widely used as a model by many other courts, measured modifications are warranted.

The proposed modifications are designed to: (1) update the rules to account for recent legal developments, (2) conform the rules closer to the practices of judges of the District, (3) address minor technical drafting issues present in the existing rules, and (4) improve the rules based on the accumulated experience of those working with patent local rules in this District and beyond.

II.

COMMITTEE METHODOLOGY

The Committee began this project without preconceived notions as to whether major, minor or no changes to the rules were warranted.

To inform its deliberations, the Committee took active steps to collect pertinent information from a diverse range of sources. The Committee collected academic and practical commentaries regarding patent local rules generally and this District's rules in particular. The Committee invited comments on the patent local rules from the community broadly by posting a request for comments on the District's website and publicized this outreach in traditional and non-traditional media. The Committee welcomed comments from members of the Court and reviewed their standing orders. The Committee provoked discussion of potential rules changes on popular websites known to host patent-related blogs. The Committee solicited feedback from those with substantial patent litigation experience, including those in law firms, in-house law departments and the technology community more broadly. The Committee reviewed patent local rules adopted, or being considered, by courts around the country. Finally, the Committee published the proposed modifications and invited comments from the public.

With the benefit of this wide-range of inputs, the Committee reached five consensus conclusions. First, this District's decision to be the first to adopt patent local rules was a good one that has been broadly applauded. Second, the substance of this

District's rules has been generally validated by the decision of many courts around the country to use them as a model for their own rules. Third, the accumulated experience of the community suggests meaningful areas for potential improvement. Fourth, legal developments in substantive patent law suggest the need for updates. Fifth, the evolving practices of the judges in the District are a worthy resource and those practices should inform the proposed revisions to the rules.

In light of these conclusions, and the information upon which they are based, the following is a summary of the Committee's proposed set of amended rules.

### III.

### THE PROPOSED RULES

A.   **Major Conceptual Changes**

The Committee proposes two major conceptual changes from the existing rules.

The first conceptual change is a requirement that litigants identify in their joint claim construction statement the 10 most significant claim construction disputes for the efficacious resolution of the case, including those disputes which may be outcome-dispositive. *See* Proposed Section IV. Under the current rules, there is no system for the litigants to identify the most significant claim construction disputes. Such an identification is, in our view, warranted. This is particularly true because litigants tend to identify as many terms as they can for construction to avoid a waiver of rights – even if the construction of all such terms is not necessarily consequential to the disposition of the case. While it is understandable that the litigants do not want to waive their rights, this potential glut of terms for construction can impede the claim construction process. By requiring the 10 most significant terms to be identified, priorities can be identified and resources can most efficiently be deployed to particular claim terms – without resort to a fixed cutoff altogether of the number of terms to be construed. It is important to note that the selection of 10 terms to be identified by the litigants is a default rule. As with all provisions of the local rules, adjustments to that number – upwards or downwards – may be warranted by the circumstances of a particular case. *See* Proposed Rule 1-3.

The second conceptual change is the elimination of the concept of "preliminary" contentions in favor of a single round of contentions which can be modified only for good cause. *See* Proposed Section III. Under the current rules, the litigants disclose preliminary contentions before claim construction and then, as a matter of right, may have an opportunity to reformulate those disclosures as final contentions after claim construction. This is viewed by many as not tying litigants sufficiently to their positions. At the same time, many have critiqued the current amendment process as allowing changes "as of right" in circumstances where such changes are not in fact warranted, while also creating undue barriers to their amendment when the circumstances do warrant modification. To better rationalize the amendment process, the Committee has proposed the elimination of the unregulated right to amend contentions, with amendments instead being regulated by the well-established "good cause" test. *See* Proposed Rule 3-7. For guidance, the proposed rule sets forth three common situations in which good cause may exist in the exercise of the court's broad discretion, taking into account the prejudice to the non-moving party.

B.  **Additional Changes**

The Committee also proposes the following modifications.

- The provision governing modification of the patent local rules applicable to a particular case has been bolstered to make clearer that such modifications are encouraged where the circumstances of a particular case warrant. *See* Proposed Rule 1-3.

- The list of patent local rule topics to be discussed at the initial case management conference has been refined. *See* Proposed Rule 2-1(a).

- A new requirement that the patentee disclose its theories of direct and indirect infringement with its contentions. *See* Proposed Rule 3-1(a) and (d). The considerable development of the law of direct and indirect infringement warrants greater clarity.

- A new requirement that the patentee disclose "public use" related information in addition to "on-sale" related information. *See* Proposed Rule 3-2(a). These two patent law concepts should be treated in parallel in the disclosures.

- A new requirement that the patentee disclose documents evidencing ownership of the asserted patent rights. *See* Proposed Rule 3-2(d). This provision is designed to ensure that issues of subject matter jurisdiction are resolved early.

- A revised disclosure of obviousness contentions consistent with recent Supreme Court authority on the subject. *See* Proposed Rule 3-3(b). The current provision is outdated.

- A new requirement that litigants disclose *all* attorney-client information on which they plan to rely at trial after the claim construction ruling. *See* Proposed Rule 3-7. Under current rules, the litigants need only do so for opinions of counsel on the willfulness issue. The strengthening of the scienter requirement for indirect infringement is among the reasons supporting this proposal.

- A new provision that sanctions, pursuant to 28 U.S.C. § 1927, may be appropriate for failure to meet and confer in good faith in the claim construction process. *See* Proposed Rule 4-7. This underlines to litigants the importance of narrowing their disputes regarding claim construction in good faith.

Finally, other changes have been proposed for clarity or otherwise, but have not been described expressly in this report. Such changes should be considered of equal force and effect.