IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

**HEALTH GRADES, INC.'S REPLY IN SUPPORT OF ITS MOTION
FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS**

Plaintiff Health Grades, Inc. ("Health Grades"), by its undersigned counsel, files its Reply In Support of its Motion for Leave to Amend its Infringement Contentions:

## I.  INTRODUCTION

Health Grades seeks leave to amend its infringement contentions to refine its literal infringement arguments based on four new claim interpretations set forth in the Markman Order issued on February 13, 2012. [Dkt. 138]  Health Grades filed its motion for leave 18 days after the Markman Order issued. [Dkt. 148]  MDx does not dispute that 18 days is diligent, but MDx nevertheless opposes this motion and argues that Health Grades was not diligent because "[t]he claim constructions adopted by Judge Brimmer were, with insignificant language tweaks, virtually identical to the constructions MDx has proposed since day one."  (MDx Medical, Inc.'s Opposition to Health Grades Motion for Leave to Amend its Infringement Contentions ("MDx Response") at 1 [Dkt. 164].)  *This is not true*.  Health Grades has not had MDx's claim construction positions "since day one."  It did not even have these positions at the time it served its original contentions in July 2011.  Furthermore, Judge Brimmer's constructions differ enough

2003621722_1

from those proposed by Health Grades - and MDx - to warrant amendment of the contentions as addressed in Health Grades' opening motion. [Dkt. 148]

MDx also argues it will be prejudiced if this motion is granted because two of the three inventors have already been deposed. However, the two inventors who were deposed do not have any relevant information relating to the infringement issues in this case. Therefore, the fact that they have already been deposed will not prejudice MDx with regard to Health Grades amended infringement theories.

## II.  REPLY

### A.  Health Grades Was Diligent in Seeking Leave to Amend

MDx argues that Health Grades was not diligent in moving to amend its contentions because Judge Brimmer's claim constructions are the same as those proposed by MDx before the litigation commenced, and that Health Grades addressed them in its original infringement contentions and in its opposition to MDx's pending summary judgment motion. (MDx Response at 3.) These arguments are without merit.

First, Health Grades did *not* address MDx's proposed claim constructions in its original infringement contentions – it used its own proposed claim constructions. For example, Health Grades proposed that first healthcare provider (and its related phrase "report on first healthcare provider") be construed to mean one or more doctors. (MDx Response at 6.) Health Grades used this proposed construction in its original claim chart:

> Screenshot No. 2 shows an example of where a potential patient may initiate a search for a healthcare provider on MDx's website, i.e., request information about one or more healthcare providers. When the user clicks "find a doctor now," this prompts the patient's web browser to send a request for information about a doctor to the MDx's web server, which receives the request for information and then accesses MDx's database to find data that responds to the user's search query.

(*See, e.g.,* Original Infringement Contentions, Ex. A at 3 (highlighting added) (Ex. 1 to Motion [Dkt. 148-1]).)

As another example, Health Grades proposed that comparison ratings should mean an overall rating system, where one rating of one doctor was sufficient. (Markman Order at 13: ("Plaintiff does not believe that the "comparison ratings" found in the report require inclusion of ratings for other physicians. In other words, plaintiff argues that "comparison ratings" would cover any standardized ratings system, i.e., a "'5-star rating system for all physicians within a database.'") [Dkt. 138].) Health Grades used this proposed construction in its original infringement charts:



(Original Infringement Contentions, Ex. A at 17-18 (highlighting added) (Ex. 1 to Motion [Dkt. 148-1]).)

Furthermore, Health Grades *could not have* used MDx's proposed claim constructions in the original infringement contentions because, contrary to MDx's repeated assertions, Health

2003621722_1                         3

Grades *did not have* MDx's proposed constructions "since before this litigation commenced." MDx does not cite a single piece of evidence to show that Health Grades was aware of MDx's proposed claim constructions before the lawsuit was filed or even before Health Grades served its infringement contentions in July 2011.[1]  In fact, Health Grades did not receive MDx's proposed claim constructions until September 23, 2011.  Health Grades could not have obtained these constructions earlier because the September 23 deadline was set in the original scheduling order.  [Dkt. 34 at 7.]  Indeed, MDx refused to provide its constructions any earlier than September 23, 2011.  (*See* Health Grades First Set of Interrogatories to MDx at p. 9: Interrogatory No. 2 sought MDx's proposed claim constructions) (**Ex. 9** hereto); (MDx's Interrogatory Responses at p. 6: "MDx objects to this Interrogatory as a premature contention interrogatory that seeks claim constructions not yet due to be disclosed under the Scheduling Order.") (**Ex. 10** hereto)

With respect to Health Grades' opposition to MDx's summary judgment motion, MDx's summary judgment motion did not include its proposed claim constructions.  Rather, it asserted in a conclusory fashion that its website did not contain comparison ratings of healthcare providers without specifying what this term should mean.  Although MDx later proposed a construction for one term (i.e., "comparison ratings of healthcare providers") in its summary judgment reply brief, MDx's proposed construction used another disputed claim term (i.e., "first healthcare provider") but did not propose a construction for that term.  Moreover, the summary

---

[1] (MDx Response at p. 1 ("virtually identical to the constructions MDx has proposed since day one" – no citation to evidence); p. 2 ("evidence that has been available to it since the day it filed its complaint" -- no citation to evidence); p. 3 ("it has had all this evidence since before this litigation was commenced." -- no citation to evidence); p. 7 ("especially when Health Grades has been addressing these same issues since day one." -- no citation to evidence).

judgment motion did not relate to any of the other disputed claim terms that are at issue now in this motion to amend.

Third, Judge Brimmer's constructions differ from those proposed by MDx -- MDx did not "win" these issues.  Rather, Judge Brimmer adopted some portions of Health Grades' proposals and some portions of MDx's proposals and, in doing so, created new constructions that need to be addressed by the parties.  For example, MDx proposed that the comparison ratings needed to be for "healthcare providers *other than the first healthcare provider*" -- Judge Brimmer rejected this argument:

> **C. Comparison Ratings of Healthcare Providers**
>
> Defendant argues that the "comparison ratings of healthcare providers" must relate to "multiple providers other than the first healthcare provider." Docket No. 93 at 13. The phrase "comparison ratings of healthcare providers" is used in Claim 1 and Claim 15. *See* '060 Patent col. 20 ll. 64-65; *id.* col. 22 ll. 53-54. Plaintiff points out that the comparison ratings are included in the report on the first healthcare provider and, therefore, it would make little sense for the ratings not to also include the first healthcare provider. *See* Docket No. 79 at 16; *id.* at 15 (proposing "a rating system that facilitates comparison(s) amongst physicians to highlight which physician(s) identified in response to a query for information best fit one or more criteria"). ==The Court agrees with plaintiff that there is no indication that the comparison ratings found in the report on the first healthcare provider would not include ratings for that provider.== *See* '060 Patent col. 2 ll. 3-5 ("From [a results] list, a patient may access a detailed 'report' or, in one embodiment, comparison ratings on that particular provider.").

(Markman Order at 13 [Dkt. 138](highlighting added).)  Health Grades argued that comparison ratings required *only* one rating of the first healthcare provider – Judge Brimmer also rejected this argument. (*Id.*)  His construction requires *both*:  comparison ratings of the first healthcare provider *and* comparison ratings of other healthcare providers.  (*Id.* at 14.)

Additionally, Judge Brimmer's construction requires that the comparison ratings be "*in the report on that* first healthcare provider," which is a requirement that neither party proposed. (*Id*. at 24 (emphasis added).)

As another example, MDx proposed a construction for "report on the first healthcare provider" that would require it to be "specifically directed to" the first healthcare provider. Judge Brimmer rejected MDx's proposed construction:

> Defendant does not take issue with the description of the report's structure but contends that the report relates only to the particular "first healthcare provider" discussed above. **See Docket No. 93 at 11 (proposing "a report directed specifically to the 'first healthcare provider'").** For the reasons discussed earlier when construing "first healthcare provider," the Court agrees with the defendant. The Court identifies no persuasive basis to construe "first healthcare provider" any differently in this context. **With that said, the Court does not adopt defendant's proposed claim construction language.** Having already construed "first healthcare provider" and there being no dispute regarding "report," the Court finds that "healthcare provider report on the first healthcare provider" requires no further construction.

(Markman Order at 12-13 [Dkt. 138](emphasis added).)

As yet another example, Judge Brimmer entirely rejected MDx's proposed construction for the phrase "received from a first healthcare provider": "The Court finds defendant's limitation that the information be received "personally" from the first healthcare provider to be unduly limited." (Markman Order at 16-17. [Dkt. 138])  Health Grades argued that this term did not need to be construed, a position which Judge Brimmer also rejected. (*See id.*)

Finally, MDx does not dispute that Judge Brimmer's constructions are significantly different from those proposed *by Health Grades*.  In fact it repeatedly asserts that Judge Brimmer rejected Health Grades' proposed constructions.  (MDx Response at 6-7.)  Thus, this case meets an express example from the local rule of the type of situation that may give rise to good cause: "a claim construction by the Court that is different from that proposed *by the party seeking leave*

2003621722_1                                6

*to amend*." (Local Rule 3-6 [Dkt. 34 at 22] (emphasis added).)  MDx relies heavily on *Nike, Inc. v. Adidas Am., Inc.*, 479 F. Supp. 2d 664, 666 (E.D. Tex. 2007) to argue that this express type of good cause should not apply to Health Grades in this case.  However, the Nike case is easily distinguishable because:

> **Nike [did] not explain why the court's construction was so different that amended infringement contentions were necessary**. Nike only state[d] that the court did not adopt either of the parties' proposed definitions.

*Id.* at 669 (emphasis added).  In contrast in this case, Health Grades' opening motion (as well as this reply) explains in detail how Judge Brimmer's constructions differ from those proposed by Health Grades (and MDx) and why these differences warrant amendment of the infringement contentions.

As such, Health Grades was diligent in seeking leave to amend by filing its motion within 18 days of receiving the Markman Order, it could not have sought leave any earlier, and its reason for seeking leave, namely a claim construction that differs from that proposed by Health Grades, constitutes good cause for amendment.

      **B.**    **There is No Prejudice Because the Inventors Who Were Deposed Do Not Have Any Relevant Information Relating to Infringement**

MDx argues that allowing Health Grades' amended infringement contentions would cause it prejudice because it has already deposed two of the three inventors in this case "and so the opportunity to ask them about the new theories and evidence will be lost."  (MDx Response at 8 n.2.)  Discovery has not closed – the cutoff is June 15, 2012, so the opportunity to ask the third inventor about the amended theories is *not* lost, and the two deposed inventors do not have any relevant information relating to the infringement issue, which involves two steps: 1) claim interpretation; and 2) applying the claims, as interpreted, to the accused product.

With regard to the first prong, Judge Brimmer has already held that the testimony of the two deposed inventors is not relevant to claim construction when he denied MDx's motion to supplement its Markman briefs with their deposition testimony. [Dkt. 120]; *Howmedica Osteonics Corp. v. Wright Med. Tech., Inc.*, 540 F.3d 1337, 1347 (Fed. Cir. 2008) ("[I]nventor testimony as to the inventor's subjective intent is irrelevant to the issue of claim construction."); *see also Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F.3d 1575, 1580 (Fed. Cir. 1996) ("*Markman* requires us to give no deference to the testimony of the inventor about the meaning of the claims.").

With regard to the second prong, the two deposed inventors no longer work for Health Grades, did not have anything to do with deciding to file this lawsuit, and do not have any knowledge about MDx's accused products or the reasons why Health Grades asserts that they infringe. For example, inventor David Hicks testified in his deposition:

> Q. Were you involved in the decision to bring this litigation?
> A. I really don't remember.
> Q. You don't remember whether you were involved at all in the decision to sue Vitals on your patent?
> . . .
> A. I really wasn't. I mean --
> Q. (By Mr, Stimpson) You weren't--
> A. I really don't remember.
> Q. Do you know if anybody from Health Grades looked at the Vitals Web site in, say, two months prior to bringing litigation?
> A. I don't know
> Q. But to your knowledge you don't know of anybody who actually looked at the Vitals Web site within a couple months of bringing litigation, right?
> A. Yeah. I'm not sure.

(Hicks Dep. at 58:22-59:13 (**Ex. 11** hereto).)

> Q. Why did HealthGrades sue Vitals?
> A. I'm not -- I'm not sure.

(Hicks Dep. at 73:19-20 (**Ex. 11** hereto).)

2003621722_1                                            8

The other inventor, Scott Montroy, testified:

Q. In 2007 you left Health Grades? [2]
A. Yes.

(Montroy Dep.at 22:11-12 (**Ex. 12** hereto).)

Q. Okay. And how about vitals.com? Do you remember looking at vitals' website?
A. (Shaking head.)
Q. You have to answer --
A. No, that doesn't ring a bell.

(Montroy Dep.at 37:10-14 (**Ex. 12** hereto).)

Q. I mean, before you left Health Grades, did you talk to anybody about MDX?
A. No.

(Montroy Dep.at 152:10-12 (**Ex. 12** hereto).)

These two inventors do not have any relevant information regarding the infringement issues in this case.  Thus, the fact that they have already been deposed should have no impact on this Court's decision about whether to allow Health Grades' amended contentions.  On the other hand, the witnesses who will have relevant information, namely MDx's technical witnesses, will likely not be deposed in this case until May or June 2012.  Thus, granting this motion will not prejudice either party.

---

[2] The patent in suit issued in 2010 and this lawsuit was filed in 2011.

### III.  CONCLUSION

In sum, Health Grades was diligent is seeking leave to amend, good cause exists for Heath Grades to amend it infringement contentions, and allowing such amendment will not prejudice MDx.  As such, Health Grades respectfully requests that this Court grant its motion to amend.

Respectfully submitted this 6th day of April, 2012.

                              ROTHGERBER JOHNSON & LYONS LLP

                              *s/ Jesús M. Vázquez*
                              Kris J. Kostolansky, Esq.
                              Jesús M. Vázquez, Jr., Esq.
                              Jeffrey D. Phipps, Esq.
                              1200 17th Street, Suite 3000
                              Denver, Colorado  80202
                              Tel:  (303) 623-9000
                              Fax:  (303) 623-9222
                              Email:  kkosto@rothgerber.com
                                              jvazquez@rothgerber.com
                                              jphipps@rothgerber.com

                              *Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2012, I electronically filed the foregoing **HEALTH GRADES, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Scott David Stimpson
Scott Murray
David Chunyi Lee
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY  10112
Email: sstimpson@sillscummis.com
Email: smurray@sillscummis.com
Email: dlee@sillscummis.com

Terence M. Ridley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
Email: ridley@wtotrial.com

Ramona L. Lampley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
Email: lampley@wtotrial.com

*s/ Jesús M. Vázquez*
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Jeffrey D. Phipps, Esq.
Rothgerber Johnson & Lyons, LLP
1200 17th Street, Suite 3000
Denver, Colorado 80202-5855
Tel:     (303) 623-9000
Facsimile: (303) 623-9222
Email:  kkostolansky@rothgerber.com
          jvazquez@rothgerber.com
          jphipps@rothgerber.com

*Attorneys for Plaintiff Health Grades, Inc.*