**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

      Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

      Defendant.

---

**DEFENDANT MDX MEDICAL, INC.'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

---

      Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant MDx Medical, Inc. ("MDx") hereby responds to Health Grades, Inc.'s ("Health Grades") First Set of Interrogatories to Defendant ("Interrogatories") as follows.

<u>**PRELIMINARY STATEMENTS AND GENERAL OBJECTIONS**</u>

      MDx makes the following General Objections to each and every Interrogatory set forth below. These General Objections are grouped collectively herein to avoid unnecessarily duplicative and repetitive responses to each of the specific Interrogatories. These Preliminary Statements and General Objections are incorporated into each of the responses set forth below, which are made without waiving these objections:

      1.     MDx objects to the Instructions and Definitions set forth in the Interrogatories to the extent that they purport to require MDx to respond in any way beyond or not consistent with

**EXHIBIT 10**

that required by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Colorado, as being unreasonably burdensome and oppressive.

2.      MDx objects to each of the Interrogatories to the extent that they are overly broad, vague, ambiguous, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence or matters relevant to any claims or defenses in this litigation.

3.      MDx objects to each of the Interrogatories to the extent they seek discovery of information that is protected by virtue of the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection.  MDx's responses to any specific Interrogatory herein will exclude any privileged information that might otherwise be responsive to any such Interrogatory, and each response set forth herein is made subject to and without waiving such objections.

4.      MDx objects to each of the Interrogatories to the extent they seek disclosure of information protected by the rights of privacy of third party non-litigants.

5.      MDx objects to each of the Interrogatories to the extent they are compound, phrased disjunctively or conjunctively, and include subparts in such a manner that they are unduly burdensome, confusing, or cannot be reasonably answered.

6.      MDx objects to each of the Interrogatories to the extent they seek, prior to entry of a suitable protective order, confidential information or proprietary information pertaining to MDx's business, trade secrets, and/or economic relationships.

7.      MDx objects to Plaintiff's Interrogatories to the extent the Interrogatories contained therein seek information that is a matter of public record or otherwise are as equally accessible to Plaintiff as they are to MDx.

8.       MDx objects to the Interrogatories to the extent they seek information that is obtainable from other sources that are more convenient, less burdensome, and/or less expensive.

9.       Trial preparation and factual investigation are ongoing.  Accordingly, MDx's responses are based on information known to MDx at the time of responding to these Interrogatories.  However, MDx reserves the right to make reference at trial, or at any hearing in this action, to information not identified in these Responses, the existence or relevance of which is later discovered by MDx or its counsel.  MDx hereby reserves the right to amend or supplement the objections and responses to these Interrogatories as additional information becomes known through further discovery and investigation.

10.      In addition to the objections in paragraph 1, MDx specifically objects to the following Instructions:

(a)      Instruction 1:  MDx will supplement as required by the Federal Rules of Civil Procedure and the Local Rules of this Court, and not otherwise.

(b)      Instructions 2, 3, 4: MDx objects to these instructions as being overly broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, they are in fact their own interrogatories, and not in compliance with Rule 33, styled instead as "instructions" which is improper.

(c)      Instruction 5: Privilege logs will be produced according to the Scheduling Order, and information will be provided as required by the Federal Rules of Civil Procedure and the Local Rules of this Court, and not otherwise.

(d)      Instruction 6:  MDx objects to this instruction as vague, ambiguous, as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

(e)      Instruction 7:  MDx will employ Rule 33(d) as required by that Rule, and not otherwise.

11.      In addition to the objections in paragraph 1, MDx specifically objects to the following Definitions:

(a)      Definition 3 and 5:  MDx objects to these definitions as overly broad and burdensome.  For purposes of the responses and objections, Health Grades shall mean Health Grades, Inc., and no other and no other entity and MDx shall mean MDx Medical, Inc. and no other entity.

(b)      Definition 26:  MDx objects to this definition as overbroad and unduly burdensome, as is the revised definition provided by email from counsel for Health Grades on August 5, 2011.  For purposes of the responses and objections, Accused Products shall mean the www.vitals.com website, including the two accused versions of that website (the "MDx Website"), and nothing else.

Notwithstanding and without waiving the General Objections, MDx makes the following specific responses and objections to Plaintiff's First Set of Interrogatories.  The responses herein are subject to the General Objections contained herein which are hereby incorporated by reference into each response.

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 1.**

Identify each person, including, without limitation, all employees, representatives, officers or agents of MDX or any third parties, whom MDX knows or has reason to believe has knowledge or information concerning any factual information relevant to the validity or invalidity, enforceability or unenforceability, or infringement or noninfringement of any of the claims of the patent in suit, or of damages issues in this lawsuit, or of factual information relevant to any allegation of the Complaint or MDX's answers to any interrogatories served upon it in this case, and state the nature and substance of each such person's knowledge or information, including whether such person furnished information or was consulted regarding MDX's answers to interrogatories.

**Response:**

MDx objects to this Interrogatory as being overbroad and unduly burdensome, and as seeking irrelevant information and not reasonably calculated to lead to the discovery of admissible evidence.  MDx also objects to this Interrogatory as seeking a narrative, and seeking information protected by the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving these objections and the General Objections, MDx references and hereby incorporates by reference herein MDx's Disclosures Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, served on June 15, 2011.

**Interrogatory No. 2.**

With respect to any of version of MDX's Accused Products, using a claim chart, state in detail MDX's bases for any assertions of non-infringement of the patent in suit on a claim-by-claim, element-by element basis.   Your answer should include a statement of MDX's interpretation of each claim element, a statement whether MDX's Accused Products provide(s) such an element or an equivalent and, if not, an explanation how MDX's Accused Products operate or function differently than the claim element and a particularized statement why a component, feature or function of Accused Products is not a substantial equivalent of the pertinent claim element.

**Response:**

MDx objects to this Interrogatory as a premature contention interrogatory that seeks claim constructions not yet due to be disclosed under the Scheduling Order.  MDx also objects to this Interrogatory on the grounds that it is unreasonably broad, unduly burdensome, seeks information that is not relevant to this lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence.  MDx also objects to the request for a claim chart, which is unnecessary and burdensome for showing the elements that are not met.  MDx also objects to this Interrogatory to the extent it calls for documents and information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving these and the General Objections, and based on the Health Grades Infringement Contentions, Supplemental Infringement Contentions and accompanying documents, MDx responds as follows with regard to the independent claims.

Responses with regard to the dependent claims incorporate these responses, and will be supplemented with regard to their specific claim elements provided after consultation:

      **A.**       ***Healthcare provider-verified information.***

      - <u>No Literal Infringement</u>:  For most of the MDx data, the information required by this portion of the claims is not verified by the healthcare provider.

      - <u>Equivalents</u>:  There can be no infringement of this element by equivalents, for numerous reasons.  For example, verification from the provider is an entirely different approach than either obtaining no verification or verification from other sources and thus the function/way/result test would not be met; attempting to read this limitation on the MDx Website would vitiate this claim term entirely; and the concept of verifying information from other sources was disclosed but not claimed and thus precludes application of the doctrine of equivalents.

      **B.**       ***Received from the first healthcare provider***.

      - <u>No Literal Infringement</u>:  For most of the data, this information required by this portion of the claims is not received from the provider itself.

      - <u>No Equivalents</u>:  There can be no equivalents where this data is not obtained from the provider, as the MDx approach of obtaining this data elsewhere is entirely different from the claimed approach; attempting to capture this data under the doctrine of equivalents would entirely vitiate this claim language; and there is also prosecution history estoppel precluding equivalents on this element (*e.g.,* amendment on 4/26/10).

      **C.**       ***Compiling in response to Receiving a Request***.

      - <u>No Literal Infringement</u>:  MDx compiles data on providers as scheduled -- it does not compile data in response to receiving a request for information regarding a healthcare provider.

      - <u>No Equivalents</u>:  The compiling procedure for the MDx Website is entirely different from that claimed in the patent, which requires receiving a request for information and then compiling information in response to the request (compare, *e.g*., the second paragraph of claim 1, where the information is accessed, not compiled).  The MDx data is compiled as scheduled and not in response to a request – the function/way/result analysis, for example, cannot be met.  Also, reading this limitation on the MDx Website would entirely vitiate this claim requirement; and there is also an estoppel (e.g., amendment on 4/26/10).

     **D.**     ***Patient Ratings from On-Line Patient Experience Survey***

         - No Literal Infringement:  Not all the patient ratings come from the MDx on-line survey, as required by this claim element.

         - No Equivalents:  The claimed requirement that all patient ratings come from the online survey is not met literally or equivalently – obtaining some of the ratings from another source is an entirely different approach.  Equivalents would vitiate this claim requirement, and a finding of equivalents is not possible because the possibility of obtaining ratings from another source was disclosed but not claimed.  There is also an estoppel (*e.g.*, 4/26/10 amendment).

     **E.**     ***Report using the information verified by the independent third-party source***

         - No direct infringement:  The reports on the MDx Website do not include three or more of the information verified by the independent third party source.

         - No Equivalents:  There can be no equivalence because the claim language is entirely missing from the MDx Website.  Additionally, reading the claim language on the MDx Website would entirely vitiate the claim language.

     **F.**     ***Creating a report using "the" information.***

         - No Literal Infringement:  The MDx reports do not use all of the compiled information.

         - No Equivalents:  There can be no equivalents because the two different approaches operate in very different ways and have very different results – the MDx system results in a report with less information, for example, than if all the compiled information was used as required by the claim.  Equivalents would also vitiate this term, and it was disclosed but not claimed.

     **G.**     ***Comparison ratings of healthcare providers.***

         See the MDx motion for partial summary judgment briefs, which are hereby incorporated by reference herein.

     **H.**     ***Report includes comparison ratings of healthcare providers.***

         To the extent Health Grades attempts to point to parts of the MDx Website outside the report on the first healthcare provider, as it did in response to the motion for partial summary judgment in attempting to find "comparison ratings," there can be no infringement

because those parts of the website are not found in the reports on the first healthcare provider. Accordingly, there can be no literal infringement.  And there can be no equivalents because it is entirely different from the claimed requirement of having these features in the report; because such an equivalents argument vitiates the requirement of the report containing this information; and because the idea of disclosing this information elsewhere is disclosed in the specification but not claimed.

## I.       _Dependent Claims_

Based on the Health Grades Infringement Contentions, at least the following are missing:

- Claim 4:  The required hyperlink is completely missing, and the alleged links cited by Health Grades in its Infringement Contentions and Supplemental Infringement Contentions would vitiate this term, and could not possibly be equivalent.

- Claim 8:  This element is also entirely missing, and there cannot be equivalents as the term would be vitiated and the claim element is not substantially similar to the accused MDx Website in this regard.

- Claim 9:  This element is complete missing from the MDx Website, and the complete absence of a membership of the company managing the MDx Website or the required enhanced services based on such a membership.

- Claim 11:  See claim 9.


**Interrogatory No. 3.**

Describe in detail any and all analyses, investigations, studies, reviews or considerations by MDX, and/or any person known to MDX, _e.g.,_ an accused infringer or prospective licensee,

concerning the patentability, validity or invalidity, enforceability or unenforceability, scope, and/or infringement or noninfringement of the subject matter claimed in any of the claims of the patent in suit, including, but not limited to, any search investigation, or study for prior patents, publications, literature, systems, processes, or apparatuses pertinent to any of the claims of any of the patent in suit, providing an identification of all documents constituting, reflecting, referring or relating to, reviewed or consulted in the course of each such analysis, investigation or study, an identification of any such prior patents, publications, literature, systems, processes, or apparatuses identified in any such search, investigation, or study and an identification of all persons who in any way participated in providing information for, preparing and/or reviewing each such analysis, investigation, or study.

**Response:**

MDx objects to this Interrogatory as unreasonably broad, unduly burdensome, and as seeking information not relevant to this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.  MDx also objects to this request to the extent it calls for documents and things protected by the attorney-client privilege and/or the work product doctrine. MDx also objects to this request as being premature in seeking information not yet due to be disclosed under the Scheduling Order.

Subject to and without waiving these and the General Objections, MDx will produce prior art of which it is aware and on which it will rely, and at the appropriate time under the Scheduling Order will determine whether or not to waive privilege on opinions of counsel.

**Interrogatory No. 4.**

State in detail all facts and contentions that support or refute MDX's allegations, if any, that the patent in suit is invalid under 35 U.S.C. §§ 102 or 103, identifying all prior patents, literature, publications, systems, processes, or devices, including prior knowledge, public uses, sales and offers for sale, that MDX contends, either alone or in combination, invalidate one or more claims of the patent in suit, through a claim chart that identifies each element of each claim of the patent(s) asserted to be invalid and explains where each element of the respective claim is shown in such prior patent, literature, publications, system, process, device, public use, sale, or offer for sale.

**Response:**

MDX objects to this Interrogatory to the extent it might be interpreted as calling for information protected by the attorney-client privilege and/or the work product doctrine.  MDx also objects to this Interrogatory as inconsistent with the court's requirement of this disclosure in the invalidity contentions.

Subject to and without waiving these and the General Objections, MDx hereby incorporates by reference herein its Invalidity Contentions, Supplemental Infringement Contentions, and accompanying documents.

**Interrogatory No. 5.**

For each of the claims of the patent in suit, state whether MDX contends, or will contend at trial, that such claim is invalid under 35 U.S.C. § 112 and provide a detailed explanation of each fact relating to any such contention and, with respect to each fact or contention, an

explanation of why such fact or contention would render the patent claim invalid under Section
112.

**Response:**

MDx objects to this Interrogatory to the extent it might be interpreted as calling for
information protected by the attorney-client privilege and/or the work product doctrine.  MDx
also objects to this Interrogatory as inconsistent with the court's requirement of this disclosure in
the invalidity contentions.

Subject to and without waiving these and the General Objections, MDx hereby
incorporates by reference herein its Invalidity Contentions, Supplemental Infringement
Contentions, and accompanying documents.


**Interrogatory No. 6.**

For each claim of the patent in suit, state whether MDX contends or will contend at trial
that such claim is invalid under any statute, rule or doctrine other than 35 U.S.C. §§ 102, 103
and/or 112 and, if so, identify the statute(s), rule(s) or doctrine(s) and provide a detailed
explanation of each fact relating to such contention (specifically setting forth each patent, printed
publication, thing, device and/or other evidence so relied upon), and, with respect to each such
fact, an explanation why such fact would or would not render the patent claim invalid.

**Response:**

MDx objects to this Interrogatory to the extent it might be interpreted as calling for
information protected by the attorney-client privilege and/or the work product doctrine.  MDx

also objects to this Interrogatory as inconsistent with the Court's requirement of this disclosure in the invalidity contentions.

Subject to and without waiving these and the General Objections, MDx hereby incorporates by reference herein its Invalidity Contentions, Supplemental Infringement Contentions, and accompanying documents.

**Interrogatory No. 7.**

Describe in detail all facts and contentions that support or refute MDX's allegation, if any, that any of the claims of the patent in suit are unenforceable, identifying all documents and other information that support or refute or otherwise relate to this allegation of unenforceability, and explaining in detail why such facts would or would not render any of the claims of any of the patents in suit unenforceable.

**Response:**

MDx objects to this Interrogatory to the extent it might be interpreted as calling for information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving these and the General Objections, at this time, MDx is not asserting unenforceability of the '060 Patent, but reserves the right to do so after further discovery.

**Interrogatory No. 8.**

For each claim of the patent in suit, state whether MDX relies or will rely at trial on the doctrine of prosecution history estoppel as a basis for non-infringement under the doctrine of

equivalents and explain in detail each fact that supports or refutes or otherwise relates to your allegation of prosecution history estoppel for each such claim and explain in detail why such facts would or would not support a finding of non-infringement.

**Response:**

MDx objects to this Interrogatory to the extent it might be interpreted as calling for information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving these and the General Objections, see response and objections to Interrogatory 2, and the pending motion of partial summary judgment briefs, which are hereby incorporated by reference herein.


**Interrogatory No. 9.**

Describe in detail all facts and identify all documents that MDX contends support or tend to support its defenses, affirmative defenses and counterclaims, if any, in this action.

**Response:**

MDx objects to this Interrogatory as overbroad, unduly burdensome, and as vague and ambiguous, and as duplicative with the prior Interrogatories.  MDx further objects to this Interrogatory to the extent this Interrogatory calls for information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving these and the General Objections, see MDx's responses to the above Interrogatories.

**Interrogatory No.  10.**

Identify any and all revenues, the sources thereof and the number of transactions derived by MDX in connection with its Accused Products (including without limitation revenues derived from licensing, maintaining, or servicing such system(s)), for each month from its inception of operations to the present, including, without limitation, the names of any clients or advertisers, the total gross and net revenue derived from each and the rates charged, the numbers of transactions, and the amounts derived from any licensing fees, and transaction-based fees collected in connection with its Accused Products.

**Response:**

MDx objects to this Interrogatory on the grounds that it is unreasonably broad, unduly burdensome, seeks information that is not relevant to this lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence.   MDx further objects to this Interrogatory to the extent this Interrogatory calls for information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving these and the General Objections, documents sufficient to show revenues and expenses associated with the MDx Website have been or will be produced pursuant to Rule 33(d).

**Interrogatory No.  11.**

State with particularly the date(s) of conception of MDX's Accused Products, or any process, system, apparatus, and device used by MDX in connection with MDX's Accused

Products, and describe in detail the activities undertaken by MDX, or its predecessors, to reduce those conceptions to practice.

**Response:**

MDx objects to this Interrogatory as vague, overboard and unduly burdensome, and as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  MDx also objects to this Interrogatory to the extent it calls for documents and things protected by the attorney-client privilege and/or the work product doctrine.


**Interrogatory No.  12.**

Describe in detail the occasion(s) upon which MDX first became aware of or received notice(s) in any manner of the patent in suit, including any applications that matured into the patent in suit and the subsequent issuance of that patent, including without limitation the dates and the persons involved in learning of the patent(s) or receiving the notice(s), and state in detail all steps taken by MDX in response to such notice(s), including without limitation any analyses of infringement or noninfringement, validity or invalidity, or enforceability or unenforceability of the patents in suit, and any advice of counsel obtained relating to the patents in suit.

**Response:**

MDx objects to this Interrogatory as overboard and unduly burdensome.  MDx also objects to this Interrogatory as calling for information protected by the attorney-client privilege and/or the work product doctrine.  MDx also objects to this Interrogatory to the extent it calls for willfulness discovery prior to the date set in the Scheduling Order.

Subject to and without waiving these and the General Objections, MDx states that it first learned of the published application by the letter from counsel for Health Grades dated December 15, 2009.  The application was very different from the patent that ultimately issued on July 6, 2010.  MDx first learned of the issued patent in mid or late December, 2010.  The MDx Websites have never infringed any claim of the '060 Patent. See Response to Interrogatory 1.


**Interrogatory No.  13.**

Identify each factual witness that you intend to call to testify at trial, at any *Markman* hearing or at any hearing on any dispositive motion in this action and, as to each, identify the witness' full name, address, employer, job title and the expected subject matter of his or her testimony.

**Response:**

MDx objects to this Interrogatory as premature, and as calling for information subject to the attorney-client privilege and work product doctrine.  MDx will disclose witnesses as directed by the Pretrial Order and Scheduling Order and not otherwise.


**Interrogatory No.  14.**

Describe in detail any steps, procedures or efforts made by MDX to avoid infringement of the patent in suit, including, without limitation, identifying any actual or proposed modification, improvement, or change in any Accused Products, or any method and/or process of using and/or making any Accused Product, including describing attempts to design or re-design products or methods and/or processes to avoid infringement of the patent in suit and describing

any re-design or modifications to any Accused Product that is being planned, that has been designed, and/or that is in development.

**Response:**

MDx objects to this Interrogatory as overboard and unduly burdensome.  MDx also objects to this Interrogatory as calling for information protected by the attorney-client privilege and/or the work product doctrine.  MDx also objects to this Interrogatory to the extent it calls for willfulness discovery prior to the date set in the Scheduling Order.

Subject to and without waiving these and the General Objections, MDx responds that the MDx Website has never infringed any claim of the '060 Patent.  See Response to Interrogatory 1. The current MDx Website is even further from the '060 Patent than the old website and completely lacks the required "comparison ratings."   See the motion for partial summary judgment.

**Interrogatory No.  15.**

Identify all documents and electronically stored information sufficient to identify all persons who have or have had at any time any involvement in the research, development, and testing of the Accused Products, including without limitation documents that identify the nature and scope of each such person's involvement.

**Response:**

MDx objects to this Interrogatory as overboard and unduly burdensome, in calling for the identification of all documents.  MDx also objects to this Interrogatory to the extent it might be

interpreted as calling for information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving these and the General Objections, MDx responds that the primary persons involved with the design of the accused MDx Website are Mitchel Rothschild and Larry West, and the design was a collaborative effort over time.

**Interrogatory No. 16.**

Identify all documents and electronically stored information sufficient to determine the organizational structures of Defendant, including any parent, subsidiary, or other affiliated entities.

**Response:**

MDx objects to this Interrogatory in that it seeks information that is not relevant to this lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence. This Interrogatory is also overbroad and burdensome requesting the identification of these documents, rather than production.

**Interrogatory No. 17.**

All documents and things that support, refute, or relate to any of MDX's Affirmative Defenses or Counterclaims, if any.

**Response:**

MDx objects to this Interrogatory as vague and ambiguous – it is not an interrogatory at all. To the extent it might have been intended as an interrogatory, it is overboard and unduly

burdensome.  MDx also objects to this Interrogatory to the extent it might be interpreted as calling for information protected by the attorney-client privilege and/or the work product doctrine.

Dated:  August 29, 2011                      As to objections:


                                             *s:/Scott D. Stimpson*
                                             _____
                                             Scott D. Stimpson
                                             Mark J. Rosenberg
                                             David C. Lee
                                             Sills Cummis & Gross P.C.
                                             30 Rockefeller Plaza
                                             New York, New York 10112
                                             Tel: (212) 643-7000
                                             Fax: (212) 643-6500
                                             E-mail: mrosenberg@sillscummis.com
                                             E-mail: sstimpson@sillscummis.com
                                             E-mail: dlee@sillscummis.com

                                             and

                                             Terence Ridley, Atty. No. 15212
                                             Ramona Lampley, Atty. No. 37288
                                             Wheeler Trigg O'Donnell LLP
                                             1801 California Street, Suite 3600
                                             Denver, Colorado 80202
                                             Tel:  (303) 244-1800
                                             Fax:   (303) 244-1879
                                             E-mail: ridley@wtotrial.com
                                             E-mail: lampley@wtotrial.com

                                             *Attorneys for Defendant*
                                             MDx Medical, Inc. d/b/a VITALS.COM

As to Responses:

The undersigned states under oath that the foregoing responses are correct to the best of the signer's information, knowledge, and belief.


_____
For MDx Medical, Inc.

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on <u>August 29, 2011</u>, I have caused a true and correct copy of the foregoing DEFENDANT MDX MEDICAL, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES to be served upon Health Grades, Inc. by electronic mail transmission to the following individuals:

Jesus Manuel Vazquez , Jr.
Kris John Kostolansky
Jeffrey David Phipps
ROTHGERBER JOHNSON & LYONS LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222
jvazquez@rothgerber.com
kkosto@rothgerber.com
jphipps@rothgerber.com

*Attorneys for Plaintiff Health Grades, Inc.*

   *s:/ David C. Lee*_____