IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

## HEALTH GRADES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO EXCEED PAGE LIMITATIONS

Plaintiff Health Grades, Inc. ("Health Grades"), by its undersigned counsel, submits its Reply in Support of its Motion to Exceed Page Limitations [Dkt. 155]:

## I. INTRODUCTION

Health Grades, Inc. ("Health Grades") accuses MDx Medical, Inc. ("MDx") of willfully infringing its U.S. Patent No. 7,752,060.  At the very beginning of this lawsuit, MDx moved for summary judgment of non-infringement arguing that the current version of its accused website does not have a "healthcare provider report on the first healthcare provider [that] includes comparison ratings of healthcare providers."  ("MDx Medical, Inc.'s Motion Pursuant to Federal Rule of Civil Procedure 56 For Partial Summary Judgment of Non-Infringement" at p. 2 [Dkt. 9] ("first summary judgment motion").)  Health Grades opposed the first summary judgment motion arguing that it was premature because the claims had not been construed and the parties had not even conferred "regarding each other's claims and defenses and regarding what claims need to be construed, and what the parties' proposed claim construction will be." (Health Grades

Summary Judgment Surreply at p. 2 (Dkt. 37); *see also* Health Grades Summary Judgment Opposition at p. 6 [Dkt. 23].) This Court agreed and denied the first summary judgment motion "without prejudice to refiling after the Court construes the disputed claim language." [Dkt. 83 at p. 2.]

On February 13, 2012, this Court issued a Markman Order construing four disputed terms, including "first healthcare provider," "report on first healthcare provider," and "comparison ratings of healthcare providers," which were at issue in the first summary judgment motion. Rather than filing a second motion for summary judgment addressing the Court's claim constructions, MDx made a strategic decision to move for reconsideration of its first motion for summary judgment. (MDx Medical, Inc.'s Motion for Reconsideration of Motion for Partial Summary Judgment of No Infringement ("MDx Motion to Reconsider") [Dkt. 139].) The instant motion concerns Health Grades' request to exceed the 20-page limit for summary judgment responses set forth in the Court's Practice Standards with regard to its Opposition to MDx's Motion to Reconsider ("Health Grades Opposition") [Dkt. 156].

## II. REPLY

MDx does not dispute that patent cases are complex, that its summary judgment motion involved complex issues relating to the doctrine of equivalents and prosecution history estoppel, or that the extra pages Health Grades seeks were primarily filled with screenshots from the accused website, cited portions of the file history of the patent-in-suit, and a table of contents and list of exhibits to assist this Court in its review of Health Grades' Opposition and cited evidence. Likewise, MDx does not dispute that this is the kind of motion that would normally require excess pages for a summary judgment response. Indeed, MDx also moved to exceed page

2

2003628444_1

limitations in its reply in support of its motion to reconsider its first summary judgment motion, and Health Grades did not oppose MDx's motion to exceed page limitations. [Dkt. 167]

Instead, MDx opposes this motion arguing that its motion was *not* one for summary judgment, but rather a motion for reconsideration of the Court's order denying its first summary judgment motion [Dkt. 9], stating: "Health Grades has . . . entirely missed the point of the motion for reconsideration, and does not even appear to appreciate which motion it was supposed to oppose." (MDx Opposition to Motion to Exceed Page Limitations at 2 [Dkt. 166] ("MDx Opp.").) In essence, MDx takes the position that Health Grades should have responded *only* to the motion for reconsideration and should not present a response to MDx's summary judgment arguments in light of the Court's Markman Order. This is absurd.

While Health Grades strenuously opposes MDx's request for summary judgment of noninfringement, it does *not* oppose MDx's refiling of its first summary judgment motion. Indeed, Health Grades opposed the first motion for summary judgment arguing that the motion was premature and should not be considered until the claim construction was completed. (Dkt. 37 at p. 2; *see also* Dkt. 23 at p. 6.) As such, Health Grades' so-called "second opposition" appropriately focused on the reasons why summary judgment should be denied.

MDx argues that Health Grades should not be able to make new arguments in response to a motion for reconsideration. MDx is wrong on several points. First, while there are stringent limits on the arguments that may be made *by the party moving for reconsideration*, such as MDX here, these limits do not apply to the party opposing a motion for reconsideration, such as Health Grades. The cases cited by MDx do not provide otherwise – they both relate to limits placed *on the moving party*, not on the opposing party.

3

Second, the fundamental purpose of a motion for reconsideration is to consider new evidence and/or new law that could not have been raised in the original motion. *See, e.g.*, *University of Kan. & Kan. Athletics, Inc. v. Sinks*, 644 F.2d 1287, 1310 (D. Kan. 2009). As the cases cited by MDx point out, motions for reconsideration should *not* "simply reiterate in slightly different form the arguments already made in the party's original papers."[1] *Metro. Opera Ass'n v. Local 100, Hotel Emples. & Rest. Emples. Int'l Union*, 2004 U.S. Dist. LEXIS 17093 (S.D.N.Y. Aug. 27, 2004) (cited in MDx Opp. at p. 2); *Forsyth v. Fed'n Empl. & Guidance Serv.*, 2003 U.S. Dist. LEXIS 3314 (S.D.N.Y. Mar. 4, 2003) ("The purpose of a motion to reargue is not to start a new round of arguments in which a party can simply make new arguments which should have been made originally *or repeat arguments* rejected by the Court in its original decision.") (cited in MDx Opp. at p. 2). Here, there is new law (i.e., the Markman Order) that issued *after* Health Grades completed its briefing opposing the first motion for summary judgment. Health Grades should be allowed to address this new law with new arguments and new evidence. To suggest otherwise would be contrary to this Court's order denying the first summary judgment opposition and Supreme Court precedent holding patent infringement involves issues of claim construction, which are determined by the Court. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).

MDx also incorrectly argues that the Court's claim constructions were "fully consistent with the interpretations used in the MDx motion for summary judgment," and thus "do not

---

[1] MDx's Motion for Reconsideration violates this principle because it contains the same arguments as the first motion. It would be more accurate to call MDx's motion a "renewed motion for summary judgment" rather than a motion for reconsideration.

4

2003628444_1

justify any new substantive response to the underlying summary judgment motion." (MDx Opp. at 2 n.2.) Health Grades disagrees on both accounts.

This Court's constructions for the phrases "first healthcare provider," "report on the first healthcare provider," and "comparison ratings on healthcare providers" differ from those proposed by MDx in its claim construction briefs. For example, MDx proposed that the comparison ratings needed to be for "healthcare providers *other than the first healthcare provider*" – this Court rejected this argument:

> **C. Comparison Ratings of Healthcare Providers**
>
> Defendant argues that the "comparison ratings of healthcare providers" must relate to "multiple providers other than the first healthcare provider." Docket No. 93 at 13. The phrase "comparison ratings of healthcare providers" is used in Claim 1 and Claim 15. *See* '060 Patent col. 20 ll. 64-65; *id.* col. 22 ll. 53-54. Plaintiff points out that the comparison ratings are included in the report on the first healthcare provider and, therefore, it would make little sense for the ratings not to also include the first healthcare provider. *See* Docket No. 79 at 16; *id.* at 15 (proposing "a rating system that facilitates comparison(s) amongst physicians to highlight which physician(s) identified in response to a query for information best fit one or more criteria"). ==The Court agrees with plaintiff that there is no indication that the comparison ratings found in the report on the first healthcare provider would not include ratings for that provider.== *See* '060 Patent col. 2 ll. 3-5 ("From [a results] list, a patient may access a detailed 'report' or, in one embodiment, comparison ratings on that particular provider.").

(Markman Order at 13 (highlighting added).) Health Grades argued that comparison ratings required *only* one rating of the first healthcare provider – this argument was also rejected. (*Id.*) Rather, this Court construed the claim to require *both*: comparison ratings of the first healthcare provider *and* comparison ratings of other healthcare providers. (*Id.* at 14.) This Court further required that the comparison ratings of the first healthcare provider and other healthcare

5

providers be included in the report on the first healthcare provider, which was not part of MDx's proposed construction.  (*Id.* at 23.)

As another example, MDx proposed a construction for "report on the first healthcare provider" that would require it to be "specifically directed to" the first healthcare provider.  This Court rejected MDx's proposed construction:

> Defendant does not take issue with the description of the report's structure but contends that the report relates only to the particular "first healthcare provider" discussed above. **See Docket No. 93 at 11 (proposing "a report directed specifically to the 'first healthcare provider'").**  For the reasons discussed earlier when construing "first healthcare provider," the Court agrees with the defendant. The Court identifies no persuasive basis to construe "first healthcare provider" any differently in this context. **With that said, the Court does not adopt defendant's proposed claim construction language.**  Having already construed "first healthcare provider" and there being no dispute regarding "report," the Court finds that "healthcare provider report on the first healthcare provider" requires no further construction.

(Markman Order at 12-13 (emphasis added).)

In any event, MDx's original summary judgment motion did *not* include any of MDx's proposed claim interpretations for these key terms, or any others.  Rather, it asserted in a conclusory fashion that its website did not contain "comparison ratings of healthcare providers" without specifying what this term should mean.  (First Summary Judgment Motion at 9 [Dkt. 9].)  Although MDx later proposed a construction for this one phrase in its reply brief, MDx did not propose any constructions for the other disputed terms ("first healthcare provider" and "report on the first healthcare provider") that are inherently intertwined with the "comparison ratings" element.  (First Summary Judgment Motion Reply [Dkt. 30].)  This Court's Markman Order addressed all three of these related, disputed phrases and Health Grades' second summary judgment opposition addressed the Court's claim constructions for these three phrases.

6

In sum, Health Grades could not have made the arguments contained in its recent summary judgment opposition [Dkt. 156] when it filed its first summary judgment opposition because it was not aware of MDx's proposed claim constructions at that time and the constructions ultimately adopted by this Court differed from those ultimately proposed by MDx.

### III.     CONCLUSION

MDX's opposition to Health Grades' request to exceed page limitations in its summary judgment opposition is without merit.  Further, good cause exists for allowing Health Grades to exceed the page-limit, including the complex nature of issues involved and graphical nature of the evidence Health Grades relied on to oppose the motion.  As such, Health Grades respectfully requests that this Court grant its motion to exceed the page limit [Dkt. 155] for its summary judgment opposition and accept the opposition [Dkt. 156] as filed.

Respectfully submitted this 12th day of April, 2012.

ROTHGERBER JOHNSON & LYONS LLP

*s/ Jesús M. Vázquez*
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Jeffrey D. Phipps, Esq.
1200 17th Street, Suite 3000
Denver, Colorado  80202
Tel:  (303) 623-9000
Fax:  (303) 623-9222
Email:  kkosto@rothgerber.com
           jvazquez@rothgerber.com
           jphipps@rothgerber.com

*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2012, I electronically filed the foregoing **HEALTH GRADES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO EXCEED PAGE LIMITATIONS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Scott David Stimpson
Mark Jon Rosenberg
David Chunyi Lee
Scott B. Murray
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY  10112
Email: sstimpson@sillscummis.com
Email: mrosenberg@sillscummis.com
Email: dlee@sillscummis.com
Email: smurray@sillscummis.com

Terence M. Ridley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
Email: ridley@wtotrial.com

Ramona L. Lampley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
Email: lampley@wtotrial.com

*s/ Jesús M. Vazquez*
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Jeffrey D. Phipps, Esq.
Rothgerber Johnson & Lyons, LLP
1200 17th Street, Suite 3000
Denver, Colorado 80202-5855
Tel:     (303) 623-9000
Facsimile: (303) 623-9222
Email:  kkostolansky@rothgerber.com
            jvazquez@rothgerber.com
            jphipps@rothgerber.com
*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*