## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

### MDX MEDICAL, INC.'S MOTION TO QUASH HEALTH GRADES' SUBPOENAS TO NON-PARTY iTRIAGE, LLC AND iTRIAGE'S CEO PETER HUDSON

---

Pursuant to Rules 26(b)(2)(C) and 45(b)(3)(A)(iv) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by its undersigned counsel, respectfully moves for an order quashing three subpoenas served by Plaintiff Health Grades, Inc. ("Health Grades") on non-party iTriage, LLC ("iTriage") for – (i) a 30(b)(6) deposition (a copy is attached hereto as Exhibit A); (ii) the production of documents (a copy is attached hereto as Exhibit B); and (iii) the deposition of iTriage's Chief Executive Officer, Peter Hudson (a copy is attached hereto as Exhibit C) – each seeking primarily information relating to any data licensing agreement between MDx and iTriage. Because these subpoenas are abusive and meant simply to harass one of MDx's business partners, no good cause exists for their service on iTriage and MDx respectfully submits that they should be quashed.

In accordance with to D.C.COLO.LCivR 7.1A, the undersigned conferred on April 10, 2012 with counsel for Health Grades, and Health Grades' counsel indicated that Health Grades opposes this motion. MDx also provides notice that, subject to the Court's approval, the parties have agreed on the following briefing schedule so that this motion may be heard along with other discovery motions currently scheduled for hearing on April 26, 2012: Health Grades Opposition to be filed by seven (7) days following the filing of this motion, and the MDx reply to be filed two (2) days after Health Grades' Opposition. On April 13, 2012, MDx's counsel spoke with iTriage's counsel, who indicated that iTriage does not object to this motion.

**ARGUMENT**

**A.    The Non-Party Subpoenas are an Improper Attempt to Extend Fact Discovery**

On March 30, 2012, two weeks after the fact discovery deadline in this action was to have ended on March 16, 2012 (Dkt. #134), Health Grades served non-party iTriage, an MDx business partner, with three overbroad and abusive subpoenas regarding primarily "any licensing agreements between iTriage (or its parent company, Aetna Inc.) and MDx or Vitals.com," (*see* Exhibit A) that appear to have no other purpose than to harass MDx and its business partner, iTriage.[1]  Despite the fact that Health Grades' informed MDx prior to March 16th of the

---

[1] In the parties' March 14, 2012 Joint Motion to Amend Scheduling Order to Modify Deadlines, the following was stated: "The Parties have agreed that, with one exception, the foregoing extensions are to resolve previously served discovery requests and deposition notices in this case, and that no other written discovery or depositions will be allowed absent a showing of good cause. The exception referenced herein relates to Health Grades' possible request to take the corporate deposition of a third-party that just recently announced is licensing certain data from MDx -- MDx will object to that request if it is made." Dkt. #160, pp. 4-5. Health Grades not only took over two weeks from the filing of that Joint Motion to finally serve non-party iTriage with a subpoena, but then served not just one subpoena – a 30(b)(6) deposition subpoena – but also a document production subpoena and a deposition subpoena to iTriage's Chief Executive Officer.

possibility of *one* subpoena to iTriage, MDx did not believe then that good cause existed for Health Grades to be allowed to serve even one subpoena on iTriage, and having now seen the three subpoenas, believes it is even more clear that no good cause exists.[2]

### B. The Non-Party Subpoenas Seek Irrelevant Information and Documents and Are Overbroad

Health Grades has been unable to articulate any cogent theory regarding why discovery relating to MDx's licensing of data, which is unrelated to the allegedly infringing website, Vitals.com, could possibly be relevant to this case or reasonably calculated to lead to the discovery of admissible evidence. As it did when arguing that MDx should be compelled to produce financial information unrelated to the Vitals.com website (Dkt. #126), Health Grades has once again incoherently stated that such licensing information "is relevant under various theories, *i.e.,* convoyed sales and the *Georgia Pacific* factors." *See* Exhibit D. However, as MDx previously argued in response to such arguments (Dkt. #135, pp. 7-8), vague references to convoyed sales and *Georgia Pacific* are not sufficient for Health Grades to claim that such information is relevant to its infringement claims. Health Grades has again failed to explain why such discovery is not totally irrelevant. Thus, the non-party subpoenas seek information that cannot conceivably be relevant to Health Grades' claims in this action, and "far exceed any [documents or information] that would be reasonably likely to provide admissible evidence

---

[2] Health Grades' non-party subpoenas are akin to an attempt to reopen or extend discovery, and fails to meet the standard for such an opportunity. *See e.g., Smith v. United States,* 834 F.2d 166, 169 (10th Cir. 1987) ("Appellate decisions have identified several relevant factors in reviewing decisions concerning whether discovery should be reopened, including: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.").

about" such claims. *See I'Mnaedaft, Ltd. v. Intelligent Office Sys., LLC,* 2009 U.S. Dist. LEXIS 50717, *17 (D.Colo. 2007).

Even if there was some arguable relevance to Health Grades' claims (which MDx submits there is not), Health Grades should have sought to obtain such discovery from MDx long ago, not harass MDx's customers and business partners with three subpoenas when fact discovery should have already ended. The vast majority of the demanded information in the subpoenas relates to any licensing agreements between iTriage and MDx, the data being licensed from MDx, and the use of the data being licensed from MDx. All such information should be with MDx, yet Health Grades has failed to request such discovery directly from MDx (Health Grades' pending motion to compel includes a dispute regarding MDx financial information for revenues derived from sources other than the Vitals.com website, not actual data licensing agreements or related information), and instead seeks to unduly burden non-party iTriage with such document production and depositions.

*Fed. R. Civ. P.* 45(c)(3)(A)(iv) protects subpoenaed parties from "undue burden," and *Fed. R. Civ. P.* 26(b)(2)(C) allows the court to limit discovery if "the discovery sought . . . can be reasonably obtained from some other source that is more convenient, less burdensome, or less expensive." Where such discovery, if relevant, could be more easily obtained from a party, rather than a non-party, these rules allow the court to quash such abusive subpoenas. *See Nidec Corp. v. Victor Co. of Japan,* 249 F.R.D. 575, 577 (N.D. Cal. 2007).

The abusive nature of the subpoenas is shown by the fact that they are vastly overbroad, suggesting that no consideration was given when drafting the subpoenas to limit any undue burden and expense on iTriage as required by *Fed. R. Civ. P.* 45(c)(1). Not only are the requests

for licensing information not limited or linked specifically to Vitals.com, the allegedly infringing website, but they also seek information that is completely unrelated to this case. For example, both the document request subpoena and the deposition subpoena to iTriage's CEO demand "all documents" related to broad topics wholly unrelated to an alleged infringement of the Health Grades' patent at issue by the Vitals.com website – *e.g.,* "relating to any investigations or analyses relating to whether the iTriage application, and/or ***any*** information used or displayed via the application, infringe ***any*** patents" and "relating to ***any*** consideration, plan or attempt by iTriage to design or alter the iTriage application to avoid infringement or potential infringement of ***any*** patent." *See* Exhibits B and C (emphasis added). The 30(b)(6) deposition subpoena is similarly overbroad and unduly burdensome in that it would require the iTriage corporate designees to be fully prepared to answer questions regarding, among other things, the "the sources of ***each*** piece of information in the [iTriage] database, how iTriage obtains information from ***each*** source," and "[t]he assembly, compilation and presentation of the information accessible via the iTriage application." *See* Exhibit A, Topics 5 and 8. Thus, despite the fact that iTriage is not accused of infringement in this case (nor could it be), Health Grades seeks information from iTriage having no relation to the actual claims present against MDx. "As a result, the Third-Party Subpoenas appear . . . to be a fishing expedition, or more probably, a search for ammunition to use in this particular war [against MDx, and] 'Ammo recon' missions, like fishing expeditions, are rarely appropriate and uniformly discouraged." *I'Mnaedaft, Ltd.,* 2009 U.S. Dist. LEXIS at *18. MDx respectfully submits that such abusive tactics must not be permitted.

5

Given that Health Grades could have pursued this information long ago from MDx, it would be prejudicial to MDx for Health Grades to be allowed to perform essentially an "end-run" around the discovery process to obtain such discovery that would require MDx to prepare for allegations and arguments that have not been raised by Health Grades to date.  Regardless of when Health Grades claims that it learned of the MDx/iTriage relationship, Health Grades' efforts to obtain revenue information from MDx regarding data licensing clearly indicates that Health Grades could have made the same discovery requests to MDx that it is now making to iTriage.

Indeed, Health Grades' subpoenas to iTriage appear to be well outside the bounds of proper discovery conduct, as many of Health Grades' demands to iTriage appear designed to see if there is any way Health Grades can accuse iTriage of infringement.  Rule 26(b)(1) limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense . . ."  Given that iTriage is not a party to this case, nor accused by Health Grades of infringement in any manner, Health Grades' demands for information about iTriage's conduct wholly unrelated to MDx is improper and unwarranted.

6

**CONCLUSION**

For the foregoing reasons, Defendant and Counterclaim Plaintiff MDx requests that the Court grant its motion to quash Health Grades' subpoenas to non-party iTriage.

Dated:  April 13, 2012                                Respectfully submitted,

           *s:/Scott D. Stimpson*
           Scott D. Stimpson
           Scott B. Murray
           David C. Lee
           Sills Cummis & Gross P.C.
           30 Rockefeller Plaza
           New York, New York 10112
           Tel: (212) 643-7000
           Fax: (212) 643-6500
           E-mail: sstimpson@sillscummis.com
           E-mail: smurray@sillscummis.com
           E-mail: dlee@sillscummis.com

           and

           Terence Ridley, Atty. No. 15212
           Ramona Lampley, Atty. No. 37288
           Wheeler Trigg O'Donnell LLP
           1801 California Street, Suite 3600
           Denver, Colorado 80202
           Tel:  (303) 244-1800
           Fax:   (303) 244-1879
           E-mail: ridley@wtotrial.com
           E-mail: lampley@wtotrial.com

           *Attorneys for Defendant*
           MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I hereby certify that on <u>April 13, 2012</u>, I electronically filed the foregoing MDX MEDICAL, INC.'S MOTION TO QUASH HEALTH GRADES' SUBPOENAS TO NON-PARTY iTRIAGE, LLC AND iTRIAGE'S CEO PETER HUDSON with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus M. Vazquez , Jr.**
  jvazquez@rothgerber.com, phenke@rothgerber.com

- **Kris J. Kostolansky**
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- **Jeffrey D. Phipps**
  jphipps@rothgerber.com, kmeans@rothgerber.com

- **Scott D. Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Scott B. Murray**
  smurray@sillscummis.com

- **David C. Lee**
  dlee@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

- **Ramona L. Lampley**
  lampley@wtotrial.com, keitlen@wtotrial.com

            <u>  s:/David C. Lee            </u>