**EXHIBIT A**

| Issued by the |
|---|
| **UNITED STATES DISTRICT COURT** |
| DISTRICT OF COLORADO |

| HEALTH GRADES, INC. | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| MDX MEDICAL, INC. d/b/a VITALS.COM | |
| | Case Number:[1] 11-cv-00520-PAB |

TO: iTriage, LLC
12265 West Bayaud Avenue, Suite 300
Lakewood, Colorado 80228

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. (See Notice of F.R.C.P. 30(b)(6) deposition attached hereto.)

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Rothgerber Johnson & Lyons LLP
1200 17th Street, Suite 3000, Denver, Colorado 80202 | April 24, 2012 at 9:00 A.M. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | March 30, 2012 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
| Jesús M. Vázquez, Esq., Rothgerber Johnson & Lyons LLP, 1200 17th Street, Suite 3000, Denver, Colorado 80202, (303) 623-9000 | |

(See Federal Rule of Civil Procedure, 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

2003612048_1

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |
| SERVED ON (PRINT NAME) |  | MANNER OF SERVICE |
|  |  |  |
| SERVED BY (PRINT NAME) |  | TITLE |
|  |  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                           SIGNATURE OF SERVER

                                              _____
                                              ADDRESS OF SERVER

                                              _____

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii)       ensures that the subpoenaed person will be reasonably compensated

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or

2003612048_1

cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a
VITALS.COM,

    Defendant.

## NOTICE OF FED. R. CIV. P. RULE 30(b)(6) DEPOSITION
## OF ITRIAGE LLC a/k/a HEALTHAGEN LLC a/k/a M1 HOLDINGS LLC

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. Rule 30(b)(6), Plaintiff Health Grades, Inc. ("Health Grades"), will take the deposition of iTriage LLC's ("iTriage") representative or representatives who are most knowledgeable about the subject matters set forth on Exhibit A, which is attached hereto and incorporated herein by reference, before a notary public or other officer qualified to administer oaths, on April 24, 2012, commencing at 9:00 am. The deposition will take place at the offices of Rothgerber Johnson & Lyons LLP, 1200 17th Street, Ste. 3000, Denver, Colorado 80202, and will continue from day to day until completion. iTriage's testimony will be recorded by stenographic and video means. iTriage's testimony may be used as its trial testimony pursuant to Fed. R. Civ. P. Rule 32(a), F.R.E. 804(b)(1), or any other applicable rule.

2003612048_1

iTriage shall designate one or more of its officers, directors, or managing agents, or other persons who consent to testify on its behalf, who are most knowledgeable concerning each of the subject matters set out in Exhibit A, and shall specify the subject matters to which each designated person will testify. As required by Fed. R. Civ. P. Rule 30(b)(6), the individuals designated to testify shall obtain knowledge on the subject matter for which such person is designated, known or reasonably available to iTriage, whether or not such knowledge is within the personal knowledge of the individual(s) designated to testify.

DATED this 30th day of March, 2012

ROTHGERBER JOHNSON & LYONS LLP

*s/ Jesús M. Vázquez*
Jesús M. Vázquez, #28110
Kris J. Kostolansky, #13764
Gregory B. Kanan, #6771
One Tabor Center, Suite 3000
1200 17th Street
Denver, Colorado 80202-5839
(303) 623-9000
Fax: (303) 623-9222
gkanan@rothgerber.com
jvazquez@rothgerber.com

*Attorneys for Health Grades, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the 30th day of March, 2012, the foregoing was served **via electronic transmission** to the following:

Scott David Stimpson
David Chunyi Lee
Scott B. Murray, Esq.
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY 10112
Email: sstimpson@sillscummis.com
Email: dlee@sillscummis.com
Email: smurray@sillscummis.com

Terence M. Ridley
Ramona L. Lampley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO 80202-2617
Email: ridley@wtotrial.com
Email: lampley@wtotrial.com

*s/ Jesús M. Vázquez, Jr., Esq.*
Jesús M. Vázquez, Jr., Esq.

2003612048_1

## Exhibit A

## iTriage Rule 30(b)(6) Deposition Topics

1. The terms of any licensing agreements between iTriage (or its parent company, Aetna Inc.) and MDx Medical, Inc. or Vitals.com.

2. The negotiations regarding or pertaining to any licensing agreements between iTriage (or its parent company Aetna Inc.) and MDx Medical, Inc. or Vitals.com.

3. The operation of any licensing agreements between iTriage (or its parent company, Aetna Inc.) and MDx Medical, Inc. or Vitals.com.

4. The nature and format of any data licensed by iTriage (or its parent company, Aetna Inc.) from MDx Medical, Inc. or Vitals.com, including but not limited to, physician profiles.

5. The database of information relating to physicians accessed via the iTriage application, including the sources of each piece of information in the database, how iTriage obtains information from each source, and how iTriage determines what information to display and how it is displayed.

6. The processes for creating physician profiles and patient or consumer ratings displayed in the physician profiles.

7. The processes for creating, calculating, determining, sorting and displaying star ratings on the iTriage application.

8. The assembly, compilation and presentation of the information accessible via the iTriage application, including the information that can be sorted by "Featured," "Distance," "Rating," and "Advanced," and the processes for determining which physicians are "Featured."

9. The assembly, compilation and presentation of the "Advanced Preferences" accessible via the iTriage application, i.e., "Consumer Rating," "Extended Profile," "Years of Experience," "Gender," "Distance," and "Languages Spoken."

10. Any investigations or analyses performed by iTriage relating to whether the iTriage application, including but not limited to the physician information displayed by the iTriage application, infringes any patents.

11. Any consideration, plan or attempt by iTriage to design or alter the iTriage application to avoid infringement or potential infringement of any patent.