IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

**HEALTH GRADES, INC.'S RESPONSE TO MDX MEDICAL, INC.'S MOTION TO COMPEL REMAINING HEALTH GRADES DOCUMENTARY DISCOVERY BY MAY 10, 2012 AND NOTICE OF AGREED BRIEFING SCHEDULE**

Plaintiff Health Grades, Inc. ("Health Grades"), by its undersigned counsel, submits its Response to MDx Medical, Inc.'s ("MDx") Motion to Compel Remaining Health Grades Documentary Discovery By May 10, 2012 and Notice of Agreed Briefing Schedule ("Motion") [Dkt. 174] and states in support:

**I.   RESPONSE**

Health Grades has not refused to perform the narrowed keyword searches requested by MDx, and Health Grades has not refused to produce the search results. Counsel for MDx is well aware of this. During a conference call on April 10, 2012, counsel for MDx was given a detailed report as to the status of the searches. (*See* Exhibit A hereto, email from J. Vazquez to S. Stimpson.) The email details not only the progress made, but also details the circumstances that led to MDx's filing of its original motion to compel [Dkt. 143] and its subsequent withdrawal of the motion [Dkt. 157]. The instant Motion, like the original withdrawn motion, is without basis.

### A. Rule 37(a)(3)(B) Does Not Support the Motion and the Motion Is Not Necessary

First, the Motion is filed pursuant to Rule 37(a)(3)(B), but none of the four circumstances addressed by the rule apply here, i.e., (i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34.  For this reason alone, the Motion should be denied.

Second, when MDx withdrew its original motion, the parties agreed that it could refile the motion "if necessary."  This is confirmed both by the email attached as Exhibit A (*See* third paragraph: "We agreed that the withdrawal did not affect your right to refile a motion to compel if necessary …") and also by MDx's notice of withdrawal. [Dkt. 157, page 1] ("Therefore, MDx withdraws the motion at this time, and will refile **only if necessary**.") (Emphasis added.)

On March 30, 2012, Health Grades produced the results of the first two keyword searches on its file server, totaling 278 pages.  On April 16, 2012, Health Grades produced the results of the first two keyword searches on its email server, totaling 546 pages.[1]  Given the status of the pending searches and the large volume of results obtained from the other keyword searches as described in Exhibit A and as discussed with counsel for MDx on April 10, undersigned counsel simply could not commit to a date certain by which all of the results would be produced.  Indeed, given that there are still seven searches on Health Grades email server that are pending, and given that the parties agreed that if the search results obtained were unreasonably broad the parties would have to confer to narrow the searches and that the possibility of Health Grades

---

[1] To date, Health Grades has produced 210,473 pages of materials to MDx in the case.

2

moving for a protective order existed if such a conferral was not successful, it is impossible for undersigned counsel to commit to having all of the results produced by May 10, as discussed in Exhibit A and with MDx counsel on April 10.

Despite all of the foregoing, counsel for MDx insisted that a renewed motion to compel was "necessary" and proceeded to file its Motion.  The Motion is not only unnecessary, it is glutted with the inappropriate, unprofessional, baseless and dramatic accusations and innuendo that have unfortunately become customary in MDx's papers ("Health Grades has, since day one, *tried to hide* its own invalidating prior art ..." page 1; "… *snail's pace* …" page 2; "Health Grades *claims to have run* most of the searches …" page 3; "... Health Grades *supposedly began* this effort …" page 3; "… *mysteriously missing* ..." page 3; "… *strange developments that defy any explanation*." page 3.) (Emphasis added.)  MDx even goes as far as to threaten that spoliation "will be the next issue for this Court's attention." (Motion at page 3)

Enough is enough.  Counsel for MDx is fully aware that back-up tapes have been preserved by Health Grades and that Health Grades has offered to search the back-up tapes.  Given the undue burden and expense of this effort, which Health Grades would ask the Court to impose on MDx, *counsel for MDx decided that searching the backup tapes was not necessary*.  There is absolutely no spoliation issue here and counsel for MDx knows it.  The searches are being performed precisely as counsel for MDx has requested them.

For the foregoing reasons Health Grades respectfully submits that the Motion should be denied.

2003636529_1

Respectfully submitted this 18th day of April, 2012.

        ROTHGERBER JOHNSON & LYONS LLP

        *s/ Jesús M. Vázquez*
        Kris J. Kostolansky, Esq.
        Jesús M. Vázquez, Jr., Esq.
        Jeffrey D. Phipps, Esq.
        Gregory B. Kanan, Esq.
        1200 17th Street, Suite 3000
        Denver, Colorado  80202
        Tel:  (303) 623-9000
        Fax:  (303) 623-9222
        Email:  kkosto@rothgerber.com
          jvazquez@rothgerber.com
          jphipps@rothgerber.com
          gkanan@rothgerber.com

        *Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

## CERTIFICATE OF SERVICE

   I hereby certify that on this 18th day of April, 2012, I electronically filed the foregoing **HEALTH GRADES, INC.'S RESPONSE TO MDX MEDICAL, INC.'S MOTION TO COMPEL REMAINING HEALTH GRADES DOCUMENTARY DISCOVERY BY MAY 10, 2012 AND NOTICE OF AGREED BRIEFING SCHEDULE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Scott David Stimpson<br>Mark Jon Rosenberg<br>David Chunyi Lee<br>Sills Cummis & Gross P.C. – New York<br>30 Rockefeller Plaza<br>New York, NY  10112<br>Email: sstimpson@sillscummis.com<br>Email: mrosenberg@sillscummis.com<br>Email: dlee@sillscummis.com | Terence M. Ridley<br>Wheeler Trigg O'Donnell, LLP<br>1801 California Street, #3600<br>Denver, CO  80202-2617<br>Email: ridley@wtotrial.com<br><br>Ramona L. Lampley<br>Wheeler Trigg O'Donnell, LLP<br>1801 California Street, #3600<br>Denver, CO  80202-2617<br>Email: lampley@wtotrial.com |

                *s/ Jesús M. Vazquez*
                Kris J. Kostolansky, Esq.
                Jesús M. Vázquez, Jr., Esq.
                Jeffrey D. Phipps, Esq.
                Gregory B. Kanan, Esq.
                1200 17th Street, Suite 3000
                Denver, Colorado  80202
                Tel:  (303) 623-9000
                Fax:  (303) 623-9222
                Email:  kkosto@rothgerber.com
                     jvazquez@rothgerber.com
                     jphipps@rothgerber.com
                     gkanan@rothgerber.com

                *Attorneys for Plaintiff/Counterclaim Defendant*
                *Health Grades, Inc.*