**Vazquez, Jesus**

| | |
|---|---|
| **From:** | Vazquez, Jesus |
| **Sent:** | Tuesday, April 10, 2012 6:34 PM |
| **To:** | 'Scott D. Stimpson' |
| **Cc:** | Scott Murray; David C. Lee; Kostolansky, Kris J. |
| **Subject:** | HG v MDx - Montroy keyword searches, MDx responses to HG's RFA, iTriage Depositions |

Scott:

I'm writing to follow-up our call today. As you know, with respect to the Montroy keyword searches I informed you that HG has completed searching its file server for all 14 keywords/terms, and that HG has also completed the searches on its email server for the first 7 of the 14 terms. We have already produced to you the files we found with the terms "PDP" and/or "project development plan" that are dated prior to and including February 8, 2006, and I advised you we would be able to produce the 56 emails containing the terms "PDP" and/or "project development plan" within the next few days. I also advised you there were 2253 emails with the term "migration log" and 3694 files with the term "Hewitt." Given these large numbers, and also the fact that there are still 7 email searches that are under way and pending, I could not guaranty that we could produce all of the search results by April 26 as you requested. We will continue to work on these searches and will keep you posted on our progress, and will produce the non-privileged results as soon as we obtain the documents and complete our review.

You advised us that you feel it is necessary for you to file a motion to compel, despite the fact that we are not refusing to conduct the Montroy keyword searches or to produce the non-privileged results. There is no basis for a motion to compel. As you know, on February 21 we informed you that our initial, unrestricted search for files containing the term "PDP" produced 37,280 files containing the term. We requested that we work together to find ways to narrow your search requests. We also advised you that in light of the broad scope of your requests, the significant time required to address them, and the technical difficulties we were encountering, that we were going to meet with an outside forensic document consulting firm to assist us. Then in an email dated February 23 you rejected all of this outright as "unacceptable" and proceeded to file a motion to compel. I then told you that we would file a motion for protective order in which we would ask the Court to shift the costs associated with the searches to MDx, given your unreasonably broad requests and your refusal to narrow them, and in light of the undue burden and cost associated with the unreasonably broad requests. I advised you that the forensic document consultant estimated the total cost to perform the searches was $123,900.00,

With this as a backdrop we conferred by phone several times - after conferring on March 2 you agreed to narrow the searches, and we agreed to move forward with the new, narrowed search requests, in your order of priority, two searches at a time on a rolling basis. We agreed that if one of the new searches yielded an unreasonable number of results, we would confer and try to resolve the issue, and that if we could not resolve it we would file a motion for protective order. In light of these agreements you subsequently agreed to withdraw your pending motion to compel. We agreed that the withdrawal did not affect your right to refile a motion to compel if necessary, and that we would agree to have it briefed such that it could be heard and argued at the hearing on April 26.

As we discussed today, given that we are not refusing to perform the searches and are in fact making good progress, and given that we are not refusing to produce the non-privileged results, we do not believe a motion to compel is either warranted or necessary. If you proceed to file a motion to compel, please be sure to indicate that we oppose it, and that we have not refused to perform the searches or to produce the non-privileged results. To the extent the motion will

**EXHIBIT**

A

seek to compel production of all of the non-privileged results by a date certain - you mentioned May 10 - we explained to you that given the fact that 7 email searches are still pending, we could not guaranty when exactly the productions will be completed.  It may be before May 10, but I am simply unable to commit to that date under the circumstances.  We are working as fast as possible.  As you know it took MDx over 75 days to complete its production of keyword searches - here barely a month has passed since you gave us the new, narrowed search requests.  If you decide to file the motion we will agree to respond within 7 days such that the motion can be heard on April 26.

I also want to confirm that we discussed your responses to HG's Requests for Admission - as you know we first brought this to your attention in our email dated March 8.  You indicated you wanted to confer by phone.  We tried doing so over the last few weeks and finally did so today.  You advised us you are not willing to amend any of your responses, and that we should proceed with a motion to compel.

Finally, we discussed the iTriage depositions.  You have stated for over a month that you will object to the depositions.  Please file your motion - we would like to have this issue addressed on April 26 as well.  During our call today you stated that you were willing to have the issue addressed at the April 26 hearing, so please file your motion and indicate that we oppose it, and that we agree to a 7-day response time such that the Court can hear the motion on April 26 if it chooses to do so.

Thanks, Jesus

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO  80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

4/18/2012