IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**MDX MEDICAL, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH HEALTH GRADES' SUBPOENAS TO NON-PARTY iTRIAGE, LLC AND iTRIAGE'S CEO PETER HUDSON**

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx") submits its Reply to Health Grades, Inc. ("Health Grades") Response to MDx Medical, Inc.'s Motion to Quash Health Grades' Subpoenas to Non-Party iTriage, LLC and iTriage's CEO Peter Hudson (dkt. # 179).

**I.  STANDING**

Health Grades first opposes this motion to quash because it claims MDx lacks standing. That argument is wrong in this situation for a few reasons.

First, Health Grades is trying to serve discovery after the agreed upon and ordered cut-off for such discovery. Extensions of time in this case negatively impact MDx, and could further delay this case. *See Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575 (N.D. Cal. 2007) (allowing a motion to quash where timeliness was an issue).

Second, iTriage is no ordinary third party. It is a business partner of MDx, and Health Grades is pursuing iTriage for the same reason it served its outrageously broad 30(b)(6) notice on MDx (*see* dkt. # 142) – to harass and impose undue burden on MDx. That is, the subpoenas to non-party iTriage appear to have nothing to do with Health Grades' claims against MDx in this action, but instead, seem to be an improper effort to exert pressure on MDx. This is evidenced by the fact that the requested discovery is ***entirely and completely irrelevant***. Health Grades submitted a ten-page memorandum in response to MDx's motion to quash, and nowhere in those ten pages does it even attempt to explain relevance. The most Health Grades asserts is that the database is a part of the MDx website. But so what? How does that possibly translate into the Health Grades' leap that ***licensing data*** is relevant to any issue in this case? What issue does it relate to? Damages? Infringement? Willfulness? If so, how? Health Grades' silence on this critical issue is deafening. Therefore, MDx respectfully submits that the subpoenas are only an effort to put pressure on MDx by harassing one of its business partners.

Third, iTriage has now filed with the court a copy of its objections letter to Health Grades, and indicated that it does not object to the relief requested in this motion to quash. (Dkt. # 186). MDx is echoing the very substantial objections of iTriage.

Finally, standing normally only requires that an entity be sufficiently affected by an issue – *i.e.,* that it have a personal stake in the outcome. *See* Black's Law Dictionary (9th ed. 2009), "standing" quoting *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 703 (1962) ("Have the appellants alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely

depends for illumination of difficult constitutional questions? This is the gist of the question of standing."). MDx is substantially affected for all the foregoing reasons, and so has standing.

## II. THERE IS NO GOOD CAUSE

### A. HEALTH GRADES FAILED TO REQUEST THIS DURING THE RELEVANT DISCOVERY PERIOD

Health Grades claims that it requested this information from MDx, and so is only pursuing this from a third party because MDx did not provide it in discovery. But Health Grades never requested any of this information from MDx. All the discovery requests Health Grades quotes are directed to "***Accused Products***," not the underlying data. *See* Health Grades' Opposition at pages 6-8. Apparently recognizing this flaw in its reasoning, at page 8 of its brief Health Grades claims that it defined "Accused Products" "broadly enough to cover the MDx physician database." This argument is glib. Health Grades' definition of "Accused Products" includes absolutely ***no mention of the underlying data***, but instead defines "Accused Products" as "hardware, software, and/or network architecture." Thus, Health Grades did not request this information from MDx, and its failure to do so does not create "good cause" for it to now seek this discovery from a third party after the close of the period for discovery requests.

### B. THE REQUESTED INFORMATION IS ENTIRELY IRRELEVANT

As noted above, Health Grades dances around the relevance issue but refuses to address it head on – it does not identify any issue in this case that could be impacted by this proposed discovery. It was Health Grades' burden, in response to a motion to quash and the objections of third party iTriage (both of which raised the question of relevance), to show relevance, and it has totally failed to do so. *See Fed. R. Civ. P.* 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is ***relevant*** to any party's claim or defense . . .") (emphasis added); *see*

3

*e.g., Gates v. Armstrong,* 2008 U.S. Dist. LEXIS 8098, *3-*4 (D. Colo. Jan. 23, 2008) (citing the relevancy language of Rule 26(b), in part, to quash subpoenas served on a party's experts). Accordingly, the motion should be granted.

### III.  CONCLUSION

For the foregoing reasons, Defendant and Counterclaim Plaintiff MDx requests that the Court grant its motion to quash Health Grades' subpoenas to non-party iTriage.

Dated:  April 24, 2012                               Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: sstimpson@sillscummis.com
E-mail: smurray@sillscummis.com
E-mail: dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Ramona Lampley, Atty. No. 37288
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com
E-mail: lampley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

4

## CERTIFICATE OF SERVICE

I hereby certify that on <u>April 24, 2012</u>, I electronically filed the foregoing REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH HEALTH GRADES' SUBPOENAS TO NON-PARTY iTRIAGE, LLC AND iTRIAGE'S CEO PETER HUDSON with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus M. Vazquez , Jr.**
  jvazquez@rothgerber.com, phenke@rothgerber.com

- **Kris J. Kostolansky**
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- **Jeffrey D. Phipps**
  jphipps@rothgerber.com, kmeans@rothgerber.com

- **Scott D. Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Scott B. Murray**
  smurray@sillscummis.com

- **David C. Lee**
  dlee@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

- **Ramona L. Lampley**
  lampley@wtotrial.com, keitlen@wtotrial.com

                                          *s:/   Scott B. Murray*