IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**HEALTH GRADE, INC.'S MOTION TO COMPEL DISCOVERY AND FOR AN AWARD OF FEES AND COSTS PURSUANT TO RULES 36(a)(6), 37(a)(3)(B) AND 37(a)(5) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Rules 36(a)(6), 37(a)(3)(B) and 37(a)(5) of the Federal Rules of Civil Procedure, Plaintiff Health Grades, Inc. ("Health Grades") respectfully moves for an order compelling Defendant MDx Medical, Inc. ("MDx") to answer and supplement its Objections and Responses to Plaintiff's First Set of Requests for Admission, to identify and produce the information it has redacted from its documents, and for an award of reasonable expenses incurred by Health Grades in making this Motion to Compel.

## I.    INTRODUCTION

MDx's objections and responses to 17 of the 25 Requests for Admission served on it by Health Grades are utterly frivolous and evasive, and are in complete contravention of its obligations under Rule 36 of the Federal Rules of Civil Procedure.  MDx made *no response at all to 13 of the 25 requests* – only frivolous objections – including objections that "the request, if answered, would be extremely prejudicial."  The four responses MDx did make in the 17 requests at issue here are unjustifiably evasive as described more particularly below.

2003639946_1

On March 8, undersigned counsel for Health Grades detailed the deficiencies of MDx's objections and responses in an email to counsel for MDx in an effort to confer to resolve the issues and avoid this motion practice. (See **Ex. 1**) Counsel for MDx responded simply that MDx "disagreed" and that Health Grades was required to confer further before filing a motion to compel. (See **Ex. 2**) At no time did MDx ever provide a substantive response to the issues detailed in Health Grades' March 8 email. Over the next month, Health Grades sought to confer regarding the issues twice by telephone, and in both instances the conferral had to be postponed because counsel for MDx was traveling and was not prepared to address the issues. (See **Ex. 3**) Finally, on April 10, after a month during which MDx purported to desire a meaningful conferral in an effort to resolve the issues, counsel for MDx casually dismissed Health Grades' concerns and indicated that Health Grades should file its motion and that MDx opposed it. (See **Ex. 4**)

Health Grades served its First Set of Requests for Admission and Second Set of Interrogatories ("Requests") on January 16, 2012. (**Ex. 5**) MDx served its Objections and Responses to Plaintiff's First Set of Requests for Admission and Second Set of Interrogatories on February 15, 2012. ("Responses") (**Ex. 6**).

## II. THE COURT SHOULD COMPEL MDx TO ANSWER AND SUPPLEMENT HEALTH GRADES' REQUESTS FOR ADMISSION

Fed. R. Civ. P. 36 provides, in part:

(1) *Scope.* A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:

(A) facts, the application of law to fact, or opinions about either . . . .

(4) *Answer.* If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a

2

> party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. . . .
>
> (5) *Objections.* The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial. . . .
>
> (6) *Motion Regarding the Sufficiency of an Answer or Objection.* The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. . . . Rule 37(a)(5) applies to an award of expenses.

"The purpose of the rule is to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact." *T. Rowe Price Small-Cap Fund. Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997); *see also Deya v. Hiawatha Hosp. Ass'n*, Case No. 10-2263-JAR/GLR, 2011 U.S. Dist. LEXIS 44337, at *5 (D. Kan. Apr. 25, 2011). On a Rule 36(a)(6) motion to compel, "[t]he burden is on the objecting party to persuade the court that there is a justification for the objection." 8b Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2263 (3d ed. 2010); *see also Deya*, 2011 U.S. Dist. LEXIS 44337 at *6.

MDx's objections and responses to 17 of the 25 Requests - Requests 3-11, 14-19 and 22-23, violate Rule 36 in variety of ways including: (1) MDx frivolously objected to Health Grades' Request Nos. 3-11, 14-19 and 22-23 for failing to identify a specific version of MDx's website even though there are only two versions of MDx's website (pre-January 2011 and post-January 2011) and Health Grades accuses both versions of infringing the '060 patent; (2) MDx frivolously objected to Health Grades' Request Nos. 4-11, 19, and 21-23 as irrelevant even though the requests are clearly relevant and literally quote claim language from the '060 patent;

3

(3) MDx frivolously objected to Health Grades' Request Nos. 6-10 and 14-19 as irrelevant based on a claim construction argument it lost at *Markman*; (4) MDx qualified its denials of Health Grades' Request Nos. 3 and 14-16 but failed to identify which part of the request was admitted; and (5) MDx refused to provide any response at all for Health Grades' Request Nos. 4-11, 17-19 and 22-23.

      **A.**    <u>**Violation 1:  MDx's Vagueness Objection Lacks Merit Because There Are Only Two Versions of the Accused Website and Health Grades Alleges Both Versions Infringe the '060 Patent**</u>

When the purpose and significance of a request for admission are reasonably clear, courts do not permit denials based on an overly-technical reading of the request.  *Holmgren v. State Farm Mut. Auto.Ins. Co.*, 976 F.2d 573, 580 (9th Cir. 1992).  Health Grades' Request numbers 3-11, 14-19 and 22-23 seek information about the functionality of MDx's www.vitals.com website.  MDx objected to these requests for failing to identify a specific version of MDx's accused website.  For example, Health Grades' Request No. 3 and MDx's response thereto are copied below:

4

> **Request for Admission No. 3.**
>
> Admit that the www.vitals.com website is an on-line information system for connecting doctors with potential patients.
>
> **Objections**: This request is vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference. MDx will interpret this as referencing only the current website. The request is also vague and ambiguous as to whether the request is directed to the entire website as a whole, or only to specific portions of the website. As Health Grades identified no specific portions, the request will be interpreted as the former. Subject to and without waiving these and the General Objections, MDx responds below.
>
> **Response:** Denied. The entire website is not "for connecting doctors with patients" as this request is understood.

(MDx's Responses at 6, **Ex. 6**) Health Grades is aware of just two versions of the website: the pre-January 2011 version ("Prior Version") and the post-January 2011 version ("Current Version"). Health Grades has asserted infringement against both these versions of the website and therefore an answer pertaining to both versions of the website is reasonable.

Further, it is not unduly burdensome for MDx to respond truthfully regarding the Prior Version and the Current Version, the only two versions ever discussed in this case. If necessary, MDx can qualify its answer under Fed. R. Civ. P. 36(a)(4); but, MDx is required to "fairly respond to the substance of the matter." As such, this Court should overrule MDx's objections related to the versions of the accused website.

2003639946_1

**B.      Violation 2: MDx's Objections to the Requests' Use of the Term "Capable" Lack Merit Because an Accused System Will Infringe a Patent Claim if it is Reasonably Capable of Satisfying the Claim Elements**

Health Grades' Request Nos. 4-11, 19 and 21-23 ask MDx to admit its accused website has certain functionality.  While MDx does not dispute that Health Grades' Requests use specific claim language, MDx nonetheless argues that Health Grades' Requests are irrelevant and prejudicial because they use the term "capable."  (MDx's Responses at 6-12, 17-20 (**Ex. 6**).)  For example, Health Grades' Request No. 4 and MDx's objection are copied below:

> **Request for Admission No. 4.**
>
> Admit that the www.vitals.com website is capable of receiving a request for information about a physician.
>
> **Objections**:   This request is irrelevant and not likely to lead to the discovery of admissible evidence.  The claims of the patent are not directed to whether a website is "capable" of certain things.  Such a request is entirely lacking in any probative value – even if a website is "capable" of receiving such information, that has absolutely no bearing on whether such information is received as required by the claims.  For example, the website of Health Grades' counsel is "capable" of receiving such information, and that has nothing to do with the issues in this case.  Moreover, the requests, if answered, would be extremely prejudicial.  Accordingly, determining and providing such information is also overbroad and unduly burdensome.  The request is also vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference.  MDx will interpret this as referencing only the current website.

MDx's first objection should be overruled because requests for admission do not need to lead to discovery of admissible information.  *Freydl v. Meringolo*, Case No. 09 civ. 07196 (BSJ)(KNF), 2011 U.S. Dist. LEXIS 67740, at *6-7 (S.D.N.Y. June 16, 2011) ("Requests for

6

admission do not need to lead to discovery of admissible evidence; on the contrary, the requests for admissions are calculated to eliminate the necessity of proving facts that are not in substantial dispute and to narrow the scope of disputed issues.").

Further, MDx's assertion that Health Grades' Requests have "nothing to do with the issues in this case" is ridiculous. Each of Health Grades' Requests quotes language directly from the asserted claims. For example, the table below shows the correspondence between Request Nos. 4-11 and claim 15:

| **Request No.** (bolded language is copied from claim 15) | **Claim 15:** |
|---|---|
| | "15. An on-line information system for connecting healthcare providers with potential patients, the system comprising: <br><br> at least one computer processor; and <br><br> memory coupled with and readable by the at least one computer processor and comprising a series of instructions that, when executed by the at least one computer processor, cause the at least one computer processor to: . . . ." |
| Request for Admission No. 4. <br><br> Admit that the www.vitals.com website is capable of **receiving a request for information about a physician.** | "receive a request for information regarding a first healthcare provider;" |
| Request for Admission No. 5. <br><br> Admit that the www.vitals.com website is capable of **receiving from a physician information about that physician's specialty**. | "access healthcare provider-verified information about the first healthcare provider, wherein the healthcare provider-verified information is received from the first healthcare provider and comprises three or more from the group consisting of: specialty information . . . ." |
| Request for Admission No. 6. <br><br> Admit that the www.vitals.com website is capable of **receiving from a physician information about that physician's medical philosophy**. | "access healthcare provider-verified information about the first healthcare provider, wherein the healthcare provider-verified information is received from the first healthcare provider and comprises three or more from the group consisting of: . . . medical philosophy . . . ." |

| **Request No.** (bolded language is copied from claim 15) | **Claim 15:** |
|---|---|
| | "15. An on-line information system for connecting healthcare providers with potential patients, the system comprising: at least one computer processor; and memory coupled with and readable by the at least one computer processor and comprising a series of instructions that, when executed by the at least one computer processor, cause the at least one computer processor to: . . . ." |
| Request for Admission No. 7. Admit that the www.vitals.com website is capable of **receiving from a physician information about that physician's gender.** | "access healthcare provider-verified information about the first healthcare provider, wherein the healthcare provider-verified information is received from the first healthcare provider and comprises three or more from the group consisting of: . . . gender . . . ." |
| Request for Admission No. 8. Admit that the www.vitals.com website is capable of **receiving from a physician information about the language(s)** that physician speaks. | "access healthcare provider-verified information about the first healthcare provider, wherein the healthcare provider-verified information is received from the first healthcare provider and comprises three or more from the group consisting of: . . . languages . . . ." |
| Request for Admission No. 9. Admit that the www.vitals.com website is capable of **receiving from a physician information about awards and/or honors** that physician has received. | "access healthcare provider-verified information about the first healthcare provider, wherein the healthcare provider-verified information is received from the first healthcare provider and comprises three or more from the group consisting of: . . . awards, honors . . . ." |
| Request for Admission No. 10. Admit that the www.vitals.com website is capable of **receiving from a physician information about publications** authored by that physician. | "access healthcare provider-verified information about the first healthcare provider, wherein the healthcare provider-verified information is received from the first healthcare provider and comprises three or more from the group consisting of: . . . publications . . . ." |
| Request for Admission No. 11. Admit that the www.vitals.com website is capable of **receiving patient ratings about a physician from one or more of current or past patients of that** | "compile patient-provided information regarding the first healthcare provider, wherein the patient-provided information comprises patient ratings from one or more past or current patients of the first healthcare provider, and wherein the patient ratings are received from an online patient experience |

| **Request No.**<br>(bolded language is copied from claim 15) | **Claim 15:** |
|---|---|
|  | "15. An on-line information system for connecting healthcare providers with potential patients, the system comprising:<br><br>at least one computer processor; and<br><br>memory coupled with and readable by the at least one computer processor and comprising a series of instructions that, when executed by the at least one computer processor, cause the at least one computer processor to: . . . ." |
| **physician** or from any other user of the vitals website. | survey completed on a company Web site by the one or more past or current patients of the first healthcare provider . . . ." |

Moreover, MDx's objection to the use of the term "capable" lacks merits as well. The Federal Circuit recently confirmed that the capability of a system is relevant to a determination of patent infringement when the asserted claims are system claims, particularly where the system claims involve computer software. *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1204 (Fed. Cir. 2010).

In *Finjan*, the Federal Circuit affirmed the district court's holding that certain system and storage medium claims were infringed by defendants' computer security products. *Id*. at 1201-2. On appeal, defendants' challenged the infringement holding on the theory that the infringing products were sold with specific software modules locked and the use of the locked software modules was necessary for infringement. Thus, the defendant argued, it was as if the accused products were never sold with the infringing software modules. *Id.* at 1203. Under the defendants' theory the mere capability of the infringing products to infringe, if unlocked, was not enough to infringe the asserted system and storage medium claims. *Id*. The Federal Circuit

9

disagreed, explaining the asserted system and storage medium claims do not require actual use the locked software—it was sufficient to prove that the infringing products are *capable* of operating as claimed *when unlocked. Id.* at 1204. Moreover, the mere fact that a product or process may be used in a manner that does not infringe a patent is not a defense to a claim of infringement if the product or process is also reasonably capable of a use that infringes the patent. *Hilgraeve Corp. v. Symantec Corp.,* 265 F.3d 1336, 1343 (Fed. Cir. 2001).

The facts of the *Finjan* opinion are similar to the factual issues in this case. Asserted claim 15 of the '060 patent recites a system comprising a computer processor and memory with a series of instructions that are capable of causing the computer to perform various tasks when executed. ('060 patent at Col. 22:9-16 Ex. A to Complaint [Dkt. 3]]) Claim 15, in part, recites "[a]n online-information system for connecting health-care providers with potential patients, the system comprising: at least one computer processor; and memory coupled with and readable by the at least one computer processer and comprising a series of instructions that, **when executed** by the at least one computer processor, **cause** the at least one computer processor to" perform a series of recited tasks. (*Id.* (emphasis added).) Like *Finjan*, the system of claim 15 does not require actual performance of the recited tasks; rather claim 15 merely requires the system be capable of causing the computer processor to perform the recited tasks "when executed."

For example, as shown above, Health Grades' Request No. 4 asks MDx to admit its website is capable of receiving a request for information about a physician. Both versions of the www.vitals.com website clearly have this capability. Health Grades does not need to prove that a person actually visited the accused website and requested information about a physician, Health Grades need prove *only* that the website is capable of executing this task. Indeed, the capabilities

10

at issue in Health Grades' Request Nos. 4-11, 19 and 21-23 in this case are *more* relevant than the capabilities at issue in *Finjan* because the capabilities in this case are *not part of locked modules* like they were in *Finjan*. Rather, one need only use the accused MDx website in its normal operating mode for the computer to execute the claimed tasks that are the subject matter of Health Grades' Request Nos. 4-11, 19 and 21-23.

Thus, whether the accused www.vitals.com website is "capable" of performing specific limitations of the asserted claims is highly relevant to a determination of infringement and Health Grades is entitled to a truthful answer to Health Grades' Request for Admission Nos. 4-11, 19 and 21-23.

MDx also argues that these requests are "unduly prejudicial" and wants to prevent Health Grades from arguing that its website was capable of performing the claimed tasks. While MDx's responses will be prejudicial because they prove MDx is liable for patent infringement, this is not a legitimate basis for refusing to respond to requests for admission. Rule 36(a)(4), mandates that "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot **truthfully** admit or deny it. A denial must **fairly** respond to the substance of the matter." Fed. R. Civ. P. 36(a)(4) (emphasis added.) MDx's objections and complete failure to provide any admission or denial violates Rule 36.

MDx objects that "determining and providing such information is also overbroad and unduly burdensome," however, Rule 36(a)(4) requires the responding party to make a "reasonable inquiry" when responding to a request for admission. There is nothing in MDx's response suggesting MDx made any inquiry let alone a reasonable inquiry, and there is a strong disincentive to finding an undue burden on the responding party where the necessary inquiries

11

may be made without extraordinary expense or effort. *Al-Jundi v. Rockefeller*, 91 F.R.D. 590, 594 (W.D.N.Y. 1981). Indeed, a simple review of MDx's website would answer whether the www.vitals.com website is capable of receiving a request for information about a physician, which is something MDx essentially admitted in its motion for summary judgment filed at the beginning of this case:

> 5.   Since January 2008, MDx has owned and operated the MDx Website, which enables users to search for and obtain various information on healthcare providers, and to post comments and rankings regarding their experiences with the doctors.  Exh. 2, Decl. of M. Rothschild at ¶5.

(MDx' First Summary Judgment Motion at 3 [Dkt. 9].)

As such, this Court should compel MDx to respond to Health Grades' Request Nos. 4-11, 19 and 21-23 consistent with the Federal Rules of Civil Procedure.

### C. Violation No. 3:  MDx's Objections to the Requests' Use of the Term "Verified" Lack Merit Because Judge Brimmer Rejected MDx's Proposed Interpretation of this Claim in the *Markman* Order

MDx objects to Health Grades' Request Nos. 6-10 and 14-18 arguing that the requests do not acknowledge the claim's requirement that certain information be "verified." For example, Health Grades' Request No. 10 provides:

> Admit that the www.vitals.com website is capable of receiving from a physician information about publications authored by that physician.

MDx objected stating, in part:

> [S]uch a request is entirely lacking in any probative value – even if a website is "capable" of receiving such information, that has absolutely no bearing on whether such information is received as required by the claims. For example, the website of Health Grades' counsel is "capable" of receiving such information, and

12

that has nothing to do with the issues in this case (**and for this, the claim does not require receipt of any information – it must be "verified" information – a requirement ignored by this request**). . . .

(Responses at p. 11, **Ex. 6**) (emphasis added.)

This objection should be overruled. The Request is not seeking an admission about whether the publication information is "verified" by the physician, but rather whether it can be received from a physician—which is an express requirement of the claims as shown above. Thus, whether the claim requires verification or not does not matter for purposes of this request for admission.[1] MDx made similar frivolous objections to Health Grades' Request numbers 6-9 and 14-18 even though none of these requests use any form of the term "verify."

MDx's objections to Health Grades' Request Nos. 6-10 and 14-19, which are based on its overly narrow construction of the term "verified" should be rejected and disregarded.

### D. Violation No. 4:  MDx Qualified Its Denials But Refused to Specify What Portions are Therefore Admitted

Rule 36 mandates that "when good faith requires that a party qualify an answer or deny only part of a matter, **the answer must specify the part admitted** and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4) (emphasis added.)  If an answer does not comply with Rule 36(a)(4), the

---

[1] During the claim construction proceedings, MDx argued that the term "verified" means "proven to be true" and that "physician-verified information" as used in claims requires more than mere receipt of information from a physician. Judge Brimmer rejected this argument, stating:

> Although defendant is correct that "verify" can mean "to prove," "verify" may also mean, depending on its context, "confirm" or "substantiate." . . .  Here, the specification makes clear that the act of "verifying" requires only that the website receive confirmation of the information from some other source, in this instance the healthcare provider. **Indeed, the confirmation described appears to not extend beyond receipt of such information from the first healthcare provider.**

(Markman Order at 15 n.8 [Dkt. 138]) (emphasis added.)

2003639946_1

court may order either that the matter is admitted or that an amended answer be served.  Fed. R. Civ. P. 36(a)(6).

Here, MDx denied each of Health Grades' Requests for Admission Nos. 3 and 14-16; however, MDx followed each denial with a statement qualifying its denial.  Despite qualifying each denial, MDx failed to answer what part of each request MDx was admitting as required by Rule 36(a)(4).  Health Grades is entitled to know what part of each request MDx is admitting for the reasons discussed above and detailed below.  Health Grades' Request number 3 and MDx's objections and response are reproduced above at page 4.  MDx's qualification necessarily implies that parts—albeit not all—of the www.vitals.com website are an online information system for connecting doctors to potential patients.  However, MDx's response fails to explicitly admit this, i.e., that some portions of the website are for connecting doctors to potential patients as required by Rule 36(a)(4).

Health Grades' Request No. 14 and MDx's response are reproduced below:

> **Request for Admission No. 14.**
>
> Admit that MDx receives information about the board certifications of physicians from a third party other than the physician.
>
> **Response:** Denied.  Not all of the physicians are board certified.  For physicians who are not board certified, MDx does not receive information about the board certifications of such physicians from a third party other than the physician.

(MDx's Responses at p. 14 (**Ex. 6**).)

14

MDx's qualification implies it does receive information about the board certifications of some—albeit not all—physicians from a third party other than the physician, but MDx has failed to explicitly admit this as required by Rule 36(a)(4).

Health Grades' Request No. 15 and MDx's response are reproduced below:

> **Request for Admission No. 15.**
>
> Admit that MDx receives information about the licensures of physicians from a third party other than the physician.
>
> **Response:** Denied. There are multiple sources of information about the licensures of physicians. Information about the licensures of certain physicians are not received from a third party.

(MDx's Responses at p. 15 (**Ex. 6**).)

MDx's qualification implies it does receive information about the licensures of some—albeit not all—physicians from a third party other than the physician, but MDx has failed to explicitly admit this as required by Rule 36(a)(4). Similarly, MDx's qualified denial in its response to Request No. 16 implies it does receive information about the medical schools attended by some—albeit not all—physicians from a third party other than the physician but MDx has failed to explicitly admit this as required by Rule 36(a)(4). In sum, MDx is required to specify which portions of Health Grades' Requests it admits, which it has failed to do. As such, this Court should compel MDx to respond to these requests consistent with the Federal Rules of Civil Procedure.

15

  E. **<u>Violation No. 5:  MDx Failed to Admit, Deny or Assert Lack of Knowledge or Information For Most of Health Grades Requests for Admission</u>**

  Rule 36 mandates that "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it . . . [t]he party may assert lack of knowledge or information as a reason for failing to admit or deny . . ." Fed. R. Civ. P. 36(a)(4).  MDx failed to comply with this requirement for Health Grades' Request numbers 4-11, 17-19 and 22-23.

  As discussed in detail supra, MDx failed to respond to Health Grades' Request numbers 4-11, including a complete failure to admit, deny, assert a lack knowledge or foundation, or provide in detail why it could not truthfully admit or deny these requests.

  MDx has also failed to respond to Health Grades' Request numbers 17-19 and 22-23. For each Health Grades' Request number 17-19 and 22-23, MDx asserts a variety of objections—each objection paralleling objections asserted and previously discussed in this Motion to Compel. (MDx's Responses at 16-18, 19-20 (Ex. 6).)  Not withstanding MDx's failure to provide any response beyond the blanket objections, as previously discussed, there is no support in fact or law for any of the asserted objections.  MDx's objections are without merit and MDx's failure to admit, deny, assert a lack knowledge or foundation, or provide in detail why it could not truthfully admit or deny these requests runs afoul of Rule 36(a)(4). Fed. R. Civ. P. 36(a)(4).  The Court should compel MDx to respond to the requests consistent with the Federal Rules of Civil Procedure.

### IV. THE COURT SHOULD AWARD HEALTH GRADES ITS REASONABLE EXPENSES

Federal Rule of Civil Procedure 37(a)(5) provides that, if a motion to compel is granted or discovery is produced after the motion was filed, absent good faith effort at resolution or substantial justification, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." MDx's refusal to comply with discovery is unjustified, and accordingly Health Grades respectfully requests an award of its reasonable fees and costs associated with this Motion to Compel.

### V. D.C.COLO.LCivR 7.1A CERTIFICATE OF COMPLIANCE

Undersigned counsel certifies that he conferred with counsel for MDx via email dated March 8, 2012, and via telephone on March 28, March 30, and April 10, 2012. MDx opposes this motion.

### VI. CONCLUSION

For the reasons set forth above, Health Grades request that this Court order that Health Grades' Request for Admission numbers 4-11, 17-19 and 22-23 be deemed admitted, or in the alternative, require MDx to answer them consistent with Fed. R. Civ. P. 36(a)(4); order MDx to answer Health Grades' Requests for Admission numbers 3 and 14-16 by supplementing their answers to specify the part(s) admitted consistent with Fed. R. Civ. P. 36(a)(4), and: order MDx to pay Health Grades its reasonable expenses associated with this Motion to Compel.

17

|  |  |
|---|---|
|  | ROTHGERBER JOHNSON & LYONS LLP |
| Date: April 25, 2012 | *s/ Jesús M. Vazquez*<br>Kris J. Kostolansky, Esq.<br>Jesús M. Vázquez, Jr., Esq.<br>Jeffrey D. Phipps, Esq.<br>Gregory B. Kanan, Esq.<br>1200 17th Street, Suite 3000<br>Denver, Colorado 80202<br>Tel: (303) 623-9000<br>Fax: (303) 623-9222<br>Email: kkosto@rothgerber.com<br>          jvazquez@rothgerber.com<br>          jphipps@rothgerber.com<br>          gkanan@rothgerber.com<br><br>*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2012, I electronically filed the foregoing **HEALTH GRADE, INC.'S MOTION TO COMPEL DISCOVERY AND FOR AN AWARD OF FEES AND COSTS PURSUANT TO RULES 36(a)(6), 37(a)(3)(B) AND 37(a)(5) OF THE FEDERAL RULES OF CIVIL PROCEDURE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Scott David Stimpson
Mark Jon Rosenberg
David Chunyi Lee
Scott B. Murray
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY 10112
Email: sstimpson@sillscummis.com
Email: mrosenberg@sillscummis.com
Email: dlee@sillscummis.com
Email: smurray@sillscummis.com

Terence M. Ridley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO 80202-2617
Email: ridley@wtotrial.com

Ramona L. Lampley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO 80202-2617
Email: lampley@wtotrial.com

*s/ Jesús M. Vazquez*
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Jeffrey D. Phipps, Esq.
Gregory B. Kanan, Esq.
1200 17th Street, Suite 3000
Denver, Colorado  80202
Tel:  (303) 623-9000
Fax:  (303) 623-9222
Email: kkosto@rothgerber.com
    jvazquez@rothgerber.com
    jphipps@rothgerber.com
    gkanan@rothgerber.com
*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*