**Vazquez, Jesus**

---

**From:** Scott D. Stimpson [sstimpson@sillscummis.com]
**Sent:** Thursday, March 08, 2012 5:42 PM
**To:** Vazquez, Jesus; David C. Lee; Scott Murray
**Subject:** Re: MDx's Objections & Responses to Health Grades' First Set of Requests for Admission

Jesus,

Obviously we very much disagree, but we are willing to discuss as required by the rules. I am unavailable tomorrow, so please let me know a good time to talk next week.

Scott

Scott D. Stimpson
Sills Cummis & Gross PC
30 Rockefeller Plaza
New York, NY 10020
d (212)500-1550
f (212)643-6500

---

**From:** Vazquez, Jesus [mailto:jvazquez@rothgerber.com]
**Sent:** Thursday, March 08, 2012 07:33 PM
**To:** Scott D. Stimpson; David C. Lee; Scott Murray
**Subject:** MDx's Objections & Responses to Health Grades' First Set of Requests for Admission

Counsel:

We have reviewed your objections and responses to Health Grades First Set of Requests for Admission. As discussed in more detail below, the responses made and objections asserted to many of the requests are frivolous, evasive, and lack any justification. Thus, we are writing to confer pursuant to D.C.COLO.LCivR 7.1 (A) to attempt to resolve these issues. If we cannot resolve them we will file an appropriate motion with the Court.

As a preliminary matter, you objected throughout your responses that Health Grades did not specify which version of the Vitals website it was inquiring about. This, however, does not prevent you from "truthfully" admitting or denying the requests as required by Rule 30(a)(4). Health Grades is aware of just two versions of the website - the pre-January 2011 version, and the post-January 2011 version. The latter version is the version you have contended was modified in January 2011 to preclude the ability to have comparison ratings. Health Grades has asserted infringement against those two versions. If you believe or contend that there are more versions than those two that have been accused of infringement, then you must provide us with that information pursuant to your obligations under Rule 26. Further, it is obviously not unduly burdensome for you to respond truthfully regarding the the pre-January 2011 version, and the post-January 2011 version - the only two versions we have ever discussed in this case. Under the rules you can qualify your answer and are required to "fairly respond to the substance of the matter."

**Request for Admission No. 3:** This requests ask that MDx admit that its website "is an on-line information system for connecting doctors with potential patients." The request was denied, and the denial was qualified "[t]he entire website is not "for connecting doctors with patients" as this request is understood. Rule 36(a)(5) provides that "when good faith requires that a party qualify

4/25/2012

**EXHIBIT 2**

an answer or deny only part of a matter, **the answer must specify the part admitted** and qualify or deny the rest." (Emphasis added.) MDx's answer appears to admit that at least a part or parts of the website is "for connecting doctors with patients." Please advise whether you will amend your response to comply with the rule by admitting that part of the website is an on-line information system for connecting doctors with potential patients.

**Request for Admission No. 4:** This request asks that MDx admit that its website is capable of "receiving a request for information about a physician." No response was made, only objections. Your objection that the request is "irrelevant" is frivolous - see the first element of claim 1 of the patent-in-suit, which calls for a request for information regarding a physician. Please advise whether you will make a proper response.

**Request for Admission No. 5:** Like request #4 above, this request relates to information that is literally contained within claim 1 of the patent-in-suit, and thus its relevance is obvious. No response was made, only frivolous objections. Please advise whether you will make a proper response.

**Request for Admission No. 6:** Like requests 4 and 5 above, this request relates to information that is literally contained within claim 1 of the patent-in-suit, and thus its relevance is obvious. No response was made, only frivolous objections. Among them is your objection that "the request, if answered, would be extremely prejudicial." This is obviously not a basis to refuse to respond. Please advise whether you will make a proper response.

**Request for Admission No. 7:** Like requests 4, 5 and 6 above, this request relates to information that is literally contained within claim 1 of the patent-in-suit, and thus its relevance is obvious. Again, no response was made, only frivolous objections. Among them is your objection that "the request, if answered, would be extremely prejudicial." This is obviously not a basis to refuse to respond. Please advise whether you will make a proper response.

**Request for Admission No. 8:** Like requests 4, 5, 6 and 7 above, this request relates to information that is literally contained within claim 1 of the patent-in-suit, and thus its relevance is obvious. Again, no response was made, only frivolous objections. Among them is your objection that "the request, if answered, would be extremely prejudicial." This is obviously not a basis to refuse to respond. Please advise whether you will make a proper response.

**Request for Admission No. 9:** Like requests 4, 5, 6, 7 and 8 above, this request relates to information that is literally contained within claim 1 of the patent-in-suit, and thus its relevance is obvious. Yet again, no response was made, only frivolous objections. Among them is your objection that "the request, if answered, would be extremely prejudicial." This is obviously not a basis to refuse to respond. Please advise whether you will make a proper response.

**Request for Admission No. 10:** Like requests 4, 5, 6, 7, 8 and 9 above, this request relates to information that is literally contained within claim 1 of the patent-in-suit, and thus its relevance is obvious. No response was made, only frivolous objections. Among them is your objection that "the request, if answered, would be extremely prejudicial." This is obviously not a basis to refuse to respond. Please advise whether you will make a proper response.

**Request for Admission No. 11:** Like requests 4, 5, 6, 7, 8, 9 and 10 above, this request relates to information that is literally contained within claim 1 of the patent-in-suit, and thus its relevance is obvious. No response was made, only frivolous objections. Among them is your objection that "the request, if answered, would be extremely prejudicial." This is obviously not a basis to refuse to respond. Please advise whether you will make a proper response.

**Request for Admission No. 14:** This requests ask that MDx admit that it receives information about the board certifications of physicians from a third party other than the physician. Your response is qualified by an explanation about physicians who are *not* board certified. The request, however, is regarding physicians that *are* board certified. Rule 36(a)(5) provides that "when good faith requires that a party qualify an answer or deny only part of a matter, **the answer must specify the part admitted** and qualify or deny the rest." (Emphasis added.) Please advise whether you will amend your response to comply with the rule.

**Request for Admission No. 15:** This requests ask that MDx admit that it receives information about the licensures of physicians from a third party other than the physician. Your denial is qualified by an explanation that "there are

4/25/2012

multiple sources of information about the licensures of physicians," and that "information about the licensures *of certain physicians* are not received from a third party." (Emphasis added.) Rule 36(a)(5) provides that "when good faith requires that a party qualify an answer or deny only part of a matter, **the answer must specify the part admitted** and qualify or deny the rest." (Emphasis added.) Here, your response appears to admit that information about licensures of certain physicians is in fact received from third parties. Please advise whether you will amend your response to comply with the rule by admitting that information about licensures of certain physicians is received from third parties other than the physician.

**Request for Admission No. 16:** This requests ask that MDx admit that it receives information about the medical schools attended by physicians from a third party other than the physician. Your denial is qualified by an explanation that "there are multiple sources of information about the medical schools attended by physicians," and that "information about the medical schools attended by *certain physicians* are not received from a third party." (Emphasis added.) Rule 36(a)(5) provides that "when good faith requires that a party qualify an answer or deny only part of a matter, **the answer must specify the part admitted** and qualify or deny the rest." (Emphasis added.) Here, your response appears to admit that information about medical schools attended by certain physicians is in fact received from third parties. Please advise whether you will amend your response to comply with the rule by admitting that information about medical schools attended by certain physicians is received from third parties other than the physician.

**Request for Admission Nos. 17, 18, 19, 22 and 23:** No responses were provided to these requests, only frivolous objections. Please advise whether you will respond in accordance with the rules.

We look forward to your prompt response.

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO 80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.

NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.

4/25/2012