IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

Plaintiff,

v.

MDX MEDICAL, INC., d/b/a Vitals.com,

Defendant.

---

# ORDER

---

This matter arises on the following:

(1)   **Health Grade, Inc.'s Motion to Compel Discovery** [Doc. # 126, filed 1/24/2012] ("HG's Motion to Compel");

(2)   **MDx Medical, Inc.'s Motion to Strike Health Grades' Deposition Notice** [Doc. # 142, filed 2/24/2012] ("MDx's Motion to Strike");

(3)   **Health Grades, Inc.'s Motion for Leave to Amend Its Infringement Contentions** [Doc. # 148, filed 3/2/2012] ("HG's Motion to Amend");

(4)   **MDx Medical, Inc.'s Motion . . . for a Protective Order** [Doc. # 152, filed 3/8/2012] ("MDx's Motion for Protective Order";

(5)   **MDx Medical, Inc.'s Motion to Compel** [Doc. # 174, filed 4/11/2012] (MDx's Motion to Compel"); and

(6)   **MDx Medical, Inc.'s Motion to Quash . . . Subpoenas to Non-Party** [Doc. # 179, filed 4/13/2012] ("MDx's Motion to Quash").

I held a hearing on the motions this morning and made rulings on the record, which are incorporated here.

IT IS ORDERED:

(1) HG's Motion to Compel [Doc. # 126] is GRANTED IN PART and DENIED IN PART. The compelled discovery shall be made, in full compliance with the formalities of the Federal Rules of Civil Procedure, on or before May 10, 2012.

(a) GRANTED to require MDx to: (i) specifically identify, by Bates number, the specific documents it relies on for the prior art references for the HG Report prior art, GeoAccess prior art, Subimo prior art, HealthScope prior art, and Rate MDS prior art; and (ii) provide specific page cites, using Bates numbers, to show specifically in each alleged item of prior art where each element of each asserted claim is found;

(b) DENIED insofar as HG seeks an order requiring MDx to specifically identify a reasonable number of combinations of prior art for each asserted claim;

(c) GRANTED to require MDx to supplement it response to Interrogatory No. 2 to state for each claim element whether MDx's Accused Products provide such an element or an equivalent and, if not, explain how MDx's Accused Products operate or function differently than the claim element;

(d) DENIED insofar as HG seeks an order requiring MDx to provide demonstrations of the accused products. HG did not make a request to permit entry pursuant to Fed. R. Civ. P. 34(a)(2), which is the relief sought. In addition, the parties agreed not to seek source code, which is required "to create and use a working version of the Accused Products," and HG has offered no reasonable explanation for how MDx could comply with Production

Request No. 2(e), (f), or (p) without requiring the disclosure by MDx of its source code;

        (e)    GRANTED to require MDx to provide complete financial information responsive to Production Request No. 4. The requested information either is relevant to HG's claim for damages or is reasonably calculated to lead to the discovery of admissible evidence; and

        (f)    DENIED as moot with respect to HG's request for information regarding changes to avoid infringement and related policies, the information having been provided by MDx through a supplemental discovery request.

    (2)    MDx's Motion to Strike [Doc. # 142] is GRANTED IN PART and DENIED IN PART.

        (a)    GRANTED to strike the Rule 30(b)(6) notice served on MDx. HG must substantially narrow its Rule 30(b)(6) topics to allow MDx to designate and reasonably prepare a witness or witnesses to testify; and

        (b)    DENIED insofar as MDx seeks an order precluding HG from amending its Rule 30(b)(6) notice or further seeking Rule 30(b)(6) depositions. Although many of HG's topics are overbroad, others are not. There is no misconduct by HG sufficient to justify the extreme sanction MDx seeks.

    (3)    HG's Motion to Amend [Doc. # 148] is GRANTED. Good cause to allow the amendment to HG's infringement contentions exists as a result of the construction by the district judge of certain claims in a way different from that proposed by HG, and there is no undue prejudice to MDx by allowing the amendments. If necessary, and at the option of MDx, it may reopen the depositions of inventors to inquire on issues raised as a result of the amendments to

the infringement contentions.

(4)     MDx's Motion for Protective Order [Doc. # 152] is GRANTED.  The parties may submit a proposed blanket protective order, and it shall include the requirement of notice and an ability to object to the disclosure of information to experts or third parties, with a challenge mechanism if an objection to disclosure is made.

(5)     MDx's Motion to Compel [Doc. # 174] is GRANTED.  HG shall produce all documents responsive to the parties' agreed electronic search criteria no later than May 10, 2012.

(6)     MDx's Motion to Quash [Doc. # 179] is GRANTED.  The issue of the propriety of third party discovery concerning damages, including licensing revenues, may be raised again if discovery from MDx is inadequate.

(7)     The parties' various requests for attorneys fees and costs associated with the pending motions are DENIED, each parties' positions being substantially justified.

Dated April 26, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge