# ATTACHMENT B

S/N 11/512,529

PATENT
CONF. NO. 1358

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | David G. Hicks, et al. | Examiner: | Trang T. Nguyen |
| Serial No.: | 11/512,529 | Group Art Unit: | 3686 |
| Filed: | August 29, 2006 | Docket No.: | 40476.0002USU1 |
| Title: | **INTERNET SYSTEM FOR CONNECTING HEALTHCARE PROVIDERS AND PATIENTS** | | |

CERTIFICATE UNDER 37 CFR 1.8:

I hereby certify that this paper or fee is being transmitted electronically to the United States Patent and Trademark Office via EFS-Web in accordance with 37 CFR § 1.6(a)(4) on April 26, 2010.

By:

Name: Halina Wohl

## SUPPLEMENTAL AMENDMENT

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Sir:

This Supplemental Amendment is being filed following an in-person interview conducted with Examiners Nguyen and O'Connor on March 10, 2010. This Supplemental Amendment supplements the Amendment & Response to Non-Final Office Action filed on February 16, 2010 in reply to the Office Action dated November 13, 2009. Please amend the above-identified application as indicated below. It is believed that no further fees are due with this Supplemental Amendment. However, the Commissioner is hereby authorized to charge any deficiencies or credit any overpayment with respect to this patent application to deposit account number 13-2725.

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks** begin on page 9 of this paper.

HG0000023

U.S. Patent Application Serial No. 11/512,529

**Amendments to the Claims:**

This listing of claims will replace all prior versions and listings of claims in the application.  Please amend the claims as follows:

**Listing of Claims:**

1.     (Currently Amended) A computer-implemented method of providing healthcare provider information to potential patients, said method comprising:

receiving, by a Web server computer of a company providing a service for connecting healthcare providers with the potential patients, a request for information regarding a first healthcare provider, wherein the Web server computer comprises at least one computer processor and memory;

accessing compiling healthcare provider-verified information about the first healthcare provider, wherein the healthcare provider-verified information is received from the first healthcare provider and comprises three or more from the group consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies;

compiling, by the at least one computer processor, past patient patient-provided information regarding the first healthcare provider, wherein the patient-provided information comprises patient ratings from one or more past or current patients of the first healthcare provider, and wherein the patient ratings are received from an on-line patient experience survey completed on a company Web site by the one or more past or current patients of the first healthcare provider, and wherein the company Web site is managed by the company providing the service for connecting healthcare providers with the potential patients;

compiling information regarding the first healthcare provider verified by an independent

2

HG0000024

U.S. Patent Application Serial No. 11/512,529

third-party source, sources wherein the information verified by the independent third-party source comprises three or more from the group consisting of: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship information;

creating, by [[a]] the at least one computer processor, a healthcare provider report on the first healthcare provider using the healthcare provider-verified information, the past-patient patient-provided information, and the information verified by the independent third-party source sources, wherein the healthcare provider report on the first healthcare provider includes comparison ratings of healthcare providers; and

providing access to the healthcare provider report on the first healthcare provider over a computer network.

2.    (Currently Amended) The method as defined in claim 1, wherein the past-patient patient-provided information is obtained through data collected through the method comprising:

the one or more past or current patients of [[a]] the first particular healthcare provider accessing a report [[for]] on the particular first healthcare provider over the computer network;

the one or more past or current patients selecting to complete [[an]] the on-line patient experience survey;

the one or more past or current patients completing the experience survey and providing an e-mail address; and

transmitting the completed experience survey to [[a]] the predetermined company Web server of the company providing the service for connecting healthcare providers with the potential patients.

3.    (Currently Amended) The method as defined in claim 2, further comprising a method for

3

HG0000025

U.S. Patent Application Serial No. 11/512,529

verifying and compiling ~~such~~ the data, the method comprising:

determining whether a first [[the]] past or current patient has ~~already~~ completed a maximum number of surveys for a predetermined time period;

if the first past or current patient has not reached the maximum number of surveys, transmitting a confirmation e-mail to the e-mail address provided;

determining if the confirmation e-mail was successfully transmitted; and

if the e-mail was successfully transmitted, compiling the data provided by the first past or current patient with other relevant data in a company database comprised of healthcare provider information.

4.    (Original) The method as defined in claim 1, wherein the healthcare provider report includes a hyperlink to an affiliated hospital, medical center, or other type of treatment center.

5.    (Cancelled)

6.    (Original) The method as defined in claim 1, wherein the access to the healthcare provider report is obtained through a predetermined Web page that provides search capabilities for a database comprised of healthcare provider information.

7.    (Previously Presented) The method as defined in claim 6, wherein the search capabilities permit a search based on one or more from the group consisting of: name, medical specialty, gender, state, city, procedure, diagnosis, procedure, and location criteria.

8.    (Currently Amended) The method as defined in claim 7, wherein [[a]] the search of the database produces a results list of one or more healthcare providers satisfying the search criteria, wherein the results list includes the first healthcare provider.

4

U.S. Patent Application Serial No. 11/512,529

9.    (Currently Amended) The method as defined in claim 8, wherein the results list further includes an advertisement for [[a]] the first healthcare provider with a hyperlink to information on that the first healthcare provider.

10.    (Currently Amended) The method as defined in claim 8, further comprising:

determining from the results list whether a particular healthcare provider is a member of [[a]] the company managing the Web site; and

if the particular healthcare provider is a member of the company managing the Web site, providing enhanced services for the member healthcare provider on the Web site.

11.    (Currently Amended) The method as defined in claim 10, wherein the enhanced services comprise making report information on the member healthcare provider available at no charge to the potential patients.

12.    (Original) The method as defined in claim 10, wherein the enhanced services comprise favorable positioning in the results list.

13.    (Currently Amended) The method as defined in claim 1, further comprising:

maintaining a record of whether the healthcare provider report on the first healthcare provider should be made available to a first potential patient at no charge; and

requiring payment of a fee to access the healthcare provider report on the first healthcare provider if the report is not recorded as being available at no charge.

5

HG0000027

U.S. Patent Application Serial No. 11/512,529

14.   (Original) The method as defined in claim 13, wherein the required fee is adjusted to account for applicable discounts.

15.   (Currently Amended) The method as defined in claim 1, wherein the <u>first</u> healthcare provider is a physician<s>, hospital, nursing home, or other treatment facility</s>.

16.-18. (Cancelled)

19.   (Currently Amended) An on-line information system for <u>connecting healthcare providers with potential patients</u> <s>providing verified information regarding healthcare providers</s>, the system comprising:

 at least one <u>computer</u> processor; and

 memory coupled with and readable by the at least one <u>computer</u> processor and comprising a series of instructions that, when executed by the at least one <u>computer</u> processor, cause the at least one <u>computer</u> processor to:

 <u>receive a request for information regarding a first healthcare provider;</u>

 <s>compile</s> <u>access</u> healthcare provider-verified information <u>about the first healthcare provider, wherein the healthcare provider-verified information is received from the first healthcare provider and comprises three or more from the group consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies;</u>

 compile patient-provided information <u>regarding the first healthcare provider, wherein the patient-provided information comprises patient ratings from one or more past or</u>

6

HG0000028

U.S. Patent Application Serial No. 11/512,529

current patients of the first healthcare provider, and wherein the patient ratings are received from an on-line patient experience survey completed on a company Web site by the one or more past or current patients of the first healthcare provider, and wherein the company Web site is managed by a company providing a service for connecting healthcare providers with the potential patients;

compile healthcare provider information regarding the first healthcare provider verified by an independent third-party source, wherein the information verified by the independent third-party source comprises three or more from the group consisting of: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship information; [[and]]

create a healthcare provider report on the first healthcare provider using the healthcare provider-verified information, the patient-provided information, and the information verified by the independent third-party source independently verified information, wherein the healthcare provider report on the first healthcare provider includes comparison ratings of healthcare providers; and

provide access to the healthcare provider report on the first healthcare provider over a computer network.

20.    (Currently Amended) The on-line information system defined in claim 19, wherein:

the healthcare provider report is obtained through one or more from the group consisting of: a predetermined Web page that provides search capabilities on its database [[or]] and a third-party search engine; and

7

HG0000029

U.S. Patent Application Serial No. 11/512,529

the search capabilities of the predetermined Web page permit searching based on one or more from the group consisting of: name, medical specialty, gender, state, city, procedure, diagnosis, ~~procedure,~~ and location criteria.

21.     (Currently Amended)  The on-line information system defined in claim 20, <u>wherein the at least one computer processor</u> ~~further comprising~~:

<u>produces</u> ~~producing~~ a results list of <u>one or more</u> healthcare providers satisfying received search criteria<u>, wherein the results list includes the first healthcare provider</u>;

<u>determines</u> ~~determining~~ from the results list whether [[a]] <u>the first</u> ~~particular~~ healthcare provider is a member of [[a]] <u>the</u> company managing the Web site; and

if the <u>first</u> healthcare provider is a member of the company managing the Web site, <u>provides</u> ~~providing~~ enhanced services for the member healthcare provider on the Web site, wherein the enhanced services comprise making report information on the member <u>healthcare</u> provider available at no charge to <u>the</u> potential patients.

8

HG0000030

U.S. Patent Application Serial No. 11/512,529

## REMARKS

This Supplemental Amendment is being filed to supplement the Amendment & Response to Non-Final Office Action filed on February 16, 2010 in reply to the Office Action dated November 13, 2009.  The amendments and remarks being submitted herein are in addition to those submitted on February 16, 2010.  Applicants respectfully request reconsideration and further examination based on the amendments and remarks filed on February 16, 2010 and on the amendments and remarks submitted in this Supplemental Amendment.

In this Supplemental Amendment, claims 1-3, 8-11, 13, 15, and 19-21 have been amended.  Claims 5 and 16-18 remain cancelled without prejudice.  No claims have been added.  Therefore, claims 1-4, 6-15, and 19-21 remain present for examination.  This application is in condition for allowance, and such action is respectfully requested.

## Claim Rejections – 35 U.S.C. § 103(a):  Claims 1-6, 8, 9, 13-15, & 19

Claims 1-6, 8, 9, 13-15, and 19 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over Henley in view of Cook.  Applicants respectfully disagree with and traverse these rejections.  To establish a prima facie case of obviousness, the references must teach or suggest each and every one of the claim elements to one of ordinary skill in the art at the time the invention was made.  *See* MPEP §§ 2142, 2143.03; *In re Wilson*, 424 F.2d 1382, 1385 (C.C. P.A. 1970).  In addition, *KSR International Company v. Teleflex, Inc.*, 127 S. Ct. 1727, 1741 (2007), requires that there "must be some *articulated reasoning with some rational underpinning* to support the legal conclusion of obviousness." (Emphasis added.)  Further, "a patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art." *KSR Int'l Co.*, 127 S. Ct. at 1741.  Specifically, the references fail to teach or suggest all of the claim elements.

For example, Henley in view of Cook fail to teach or suggest at least the following with respect to claim 1:

. . .

> *receiving, by a Web server computer of a company providing a service for connecting healthcare providers with the potential patients*, a request for information regarding a first healthcare provider, wherein the Web server computer comprises at least one computer processor and memory;
> accessing healthcare provider-verified information about the first healthcare provider, *wherein the healthcare provider-verified information is*

9

HG0000031

U.S. Patent Application Serial No. 11/512,529

> *received from the first healthcare provider and comprises three or more from the group consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies;*
>
> compiling, by the at least one computer processor, patient-provided information regarding the first healthcare provider, wherein the patient-provided information comprises patient ratings from one or more past or current patients of the first healthcare provider, and *wherein the patient ratings are received from an on-line patient experience survey completed on a company Web site by the one or more past or current patients of the first healthcare provider, and wherein the company Web site is managed by the company providing the service for connecting healthcare providers with the potential patients*;
>
> *compiling information regarding the first healthcare provider verified by an independent third-party source, wherein the information verified by the independent third-party source comprises three or more from the group consisting of: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship information;*
>
> *creating,* by the at least one computer processor, *a healthcare provider report on the first healthcare provider using the healthcare provider-verified information, the patient-provided information, and the information verified by the independent third-party source,* wherein the healthcare provider report on the first healthcare provider includes *comparison ratings* of healthcare providers;
>
> . . . .

. *Claim 1, supra (as amended) (emphasis added).*

As discussed previously, Henley provides for the on-line negotiation of fees for medical services and products to ". . . enable prospective patients to easily identify and access an otherwise underutilized medical facility to negotiate a favorable fee for services subject to scheduling restrictions and other 'specifications' set by the medical service provider." *Henley, at [0024].* Henley is thus related to on-line auctioning of medical services and products and fails to disclose or suggest at least: ". . . creating, by the at least one computer processor, *a healthcare provider report on the first healthcare provider using the healthcare provider-verified information, the patient-provided information, and the information verified by the independent third-party source,* wherein the healthcare provider report on the first healthcare provider includes *comparison ratings* of healthcare providers . . . ."

Further, Cook fails to cure the deficiencies of Henley. As discussed previously, Cook relates generally to "electronic medical records" and enabling a patient "to choose a healthcare provider who uses an EMR [('electronic medical record')] system and optionally an advanced, compatible EMR system." *Cook, at [0097].* Cook fails to provide any teaching or suggestion, at

10

HG0000032

U.S. Patent Application Serial No. 11/512,529

a minimum, of ". . . creating, by the at least one computer processor, *a healthcare provider report on the first healthcare provider using the healthcare provider-verified information, the patient-provided information, and the information verified by the independent third-party source*, wherein the healthcare provider report on the first healthcare provider includes *comparison ratings* of healthcare providers . . . ."

Accordingly, Henley in view of Cook fail to teach or suggest each and every limitation of claim 1, and allowance of this claim is therefore respectfully requested. While the above discussion shows that the cited references do not teach or suggest each and every aspect of claim 1, amendments to claim 1 are made in the interest only of forwarding the prosecution of this application to allowance and are not necessarily made to address the Office Action's rejections based on the cited references. Amendments are therefore made without prejudice. Because claims 2-4 and 6-15 depend on allowable base claim 1, these claims are also allowable, and such action is respectfully requested. As such, any remaining arguments supporting the rejections of these claims are not acquiesced to even though they are not directly addressed herein. Applicants thus respectfully request the allowance of claims 1-4 and 6-15 (claim 5 has been cancelled without prejudice).

In addition, for at least reasons similar to those set forth above, Henley in view of Cook fail to teach or suggest each and every limitation of claim 19. For example, Henley in view of Cook fail to teach or suggest at least the following with respect to claim 19:

. . .

receive a request for information regarding a first healthcare provider;

access healthcare provider-verified information about the first healthcare provider, *wherein the healthcare provider-verified information is received from the first healthcare provider and comprises three or more from the group consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies*;

compile patient-provided information regarding the first healthcare provider, wherein the patient-provided information comprises patient ratings from one or more past or current patients of the first healthcare provider, and *wherein the patient ratings are received from an on-line patient experience survey completed on a company Web site by the one or more past or current patients of the first healthcare provider, and wherein the company Web site is managed by the company providing the service for connecting healthcare providers with the potential patients*;

compile healthcare provider information regarding the first

11

HG0000033

U.S. Patent Application Serial No. 11/512,529

> *healthcare provider verified by an independent third-party source, wherein the information verified by the independent third-party source comprises three or more from the group consisting of: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship information;*
>          *create a healthcare provider report on the first healthcare provider using the healthcare provider-verified information, the patient-provided information, and the information verified by the independent third-party source,* wherein the healthcare provider report on the first healthcare provider includes *comparison ratings* of healthcare providers;
>      . . . .

*Claim 19, supra (as amended) (emphasis added).*

Accordingly, for at least reasons similar to those discussed above, Henley in view of Cook fail to disclose or suggest each and every limitation of claim 19. This claim is therefore allowable. Because claims 20-21 depend on allowable base claim 19, these claims are also allowable for at least the reasons presented above, and such action is respectfully requested. As such, any remaining arguments supporting the rejections of these claims are not acquiesced to even though they are not addressed herein. As noted, while the above discussion shows that the cited references fail to disclose or suggest each and every limitation of claim 19, amendments to the claims are made in the interest only of forwarding the prosecution of this application to allowance and are not necessarily made to address the Office Action's rejections based on the cited references. Amendments are therefore made without prejudice.

For at least the reasons presented above, claims 1-4, 6-15, and 19-21 are allowable. Accordingly, Applicants respectfully request the allowance of this application.

### Claim Rejections – 35 U.S.C. § 103(a):  Claims 7, 10-12, & 20

Claims 7, 10-12, and 20 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over Henley in view of Cook and further in view of Sameh. Applicants respectfully disagree with and traverse these rejections. The cited references fail to teach or suggest all of the claim elements.

Because claims 7, 10-12, and 20 depend on allowable base claims 1 and 19, respectively, *see discussion supra*, these claims are also allowable for at least the reasons presented above, and such action is respectfully requested. As such, any remaining arguments supporting the rejections of these claims are not acquiesced to even though they are not directly addressed herein. Accordingly, Applicants respectfully request the allowance of claims 7, 10-12, and 20.

HG0000034

U.S. Patent Application Serial No. 11/512,529

Further, Sameh fails to cure the deficiencies of Henley in view of Cook. As discussed previously, Sameh relates generally to allowing patients "to make appointments with physicians." *Sameh, at [0002]*. Sameh fails to provide any teaching or suggestion, for example, of: "... creating, by the at least one computer processor, *a healthcare provider report on the first healthcare provider using the healthcare provider-verified information, the patient-provided information, and the information verified by the independent third-party source*, wherein the healthcare provider report on the first healthcare provider includes *comparison ratings of* healthcare providers ...." *See, e.g., claim 1, supra (as amended) (emphasis added) (upon which claims 7 & 10-12 depend)*; *see also claim 19, supra (as amended) (upon which claim 20 depends)*.

Accordingly, Henley in view of Cook and further in view of Sameh fail to disclose or suggest each and every element of claims 7, 10-12, and 20. Claims 7, 10-12, and 20 are therefore allowable. While the above discussion shows that the cited references fail to teach or suggest each and every element of claims 7, 10-12, and 20, amendments to claims 7, 10-12, and 20 are made in the interest only of forwarding the prosecution of this application to allowance and are not necessarily made to address the Office Action's rejections based on the cited references. Amendments are therefore made without prejudice.

For at least the above reasons, Applicants respectfully request the allowance of claims 7, 10-12, and 20.

## Conclusion

This Supplemental Amendment supplements the Amendment & Response to Non-Final Office Action filed on February 16, 2010. The amendments and remarks being submitted herein are in addition to those submitted on February 16, 2010. Applicants respectfully request reconsideration and further examination. The Office Action dated November 13, 2009 may contain arguments and rejections that are not directly addressed by this Supplemental Amendment or the Amendment & Response to Non-Final Office Action filed on February 16, 2010 due to the fact that they are rendered moot in light of the arguments made in favor of patentability. Hence, the failure, if any, to directly address an argument and/or comment raised in the Office Action should not be taken as an indication that Applicants believe the argument and/or comment has merit. Additionally, the failure, if any, to address statements and/or comments made in the Office Action does not mean that Applicants acquiesce to such statements

13

HG0000035

U.S. Patent Application Serial No. 11/512,529

and/or comments. Furthermore, the claims of the present application may include other elements, not discussed in this Supplemental Amendment or the Amendment & Response to Non-Final Office Action filed on February 16, 2010, which are not shown, taught, or otherwise suggested by the art of record. Accordingly, the arguments in favor of patentability are advanced without prejudice to other bases of patentability.

It is believed that no additional fees are due with this Supplemental Amendment. However, the Commissioner is hereby authorized to charge any deficiencies or credit any overpayment with respect to this patent application to deposit account number 13-2725.

The application is in condition for allowance and such action is respectfully requested. Should any additional issues need to be resolved, the Examiner is respectfully requested to telephone the undersigned to attempt to resolve those issues.

Respectfully submitted,

Dated: April 26, 2010

Elizabeth J. Reagan, Reg. No. 57,528
Merchant & Gould P.C.
P.O. Box 2903
Minneapolis, MN 55402-0903
(303) 357-1644

23552
PATENT TRADEMARK OFFICE

14

HG0000036

*02-18-10*

U.S. Patent Application Serial No. 11/512,529

S/N 11/512,529                                                                 PATENT
                                                                       CONF. NO. 1358

FEB 1 6 2010

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| Applicant: | David G. Hicks, et al. | Examiner: | Trang T. Nguyen |
| Serial No.: | 11/512,529 | Group Art Unit: | 3686 |
| Filed: | August 29, 2006 | Docket No.: | 40476.0002USU1 |
| Title: | **INTERNET SYSTEM FOR CONNECTING HEALTHCARE PROVIDERS AND PATIENTS** | | |

---

CERTIFICATE OF FILING BY EXPRESS MAIL # EV 419058900 US:

I hereby certify that this paper or fee is being transmitted by U.S. Express Mail to the United States Patent and Trademark Office via EFS-Web in accordance with 37 CFR § 1.6(a)(4) on  February 16, 2010.

By:    /Sandra Lee Bourassa, PLS/
              Sandra Lee Bourassa, PLS

---

## AMENDMENT & RESPONSE TO NON-FINAL OFFICE ACTION MAILED NOVEMBER 13, 2009

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Sir:

In response to the Non-Final Office Action mailed November 13, 2009, please amend the above-identified application as indicated below.  It is believed that no further fees are due with this Amendment and Response to the Non-Final Office Action because the three-month date for filing this Amendment and Response, i.e., February 13, 2010, fell on a Saturday, and this Amendment and Response is being filed today, i.e., February 16, 2010, following a federal holiday on February 15, 2010.  However, the Commissioner is hereby authorized to charge any deficiencies or credit any overpayment with respect to this patent application to deposit account number 13-2725.

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks** begin on page 7 of this paper.

1

HG0000056

U.S. Patent Application Serial No. 11/512,529

**Amendments to the Claims:**

This listing of claims will replace all prior versions and listings of claims in the application. Please amend the claims as follows:

**Listing of Claims:**

1. (Currently Amended) A method of providing healthcare provider information to potential patients, said method comprising:

compiling healthcare provider-verified information;

compiling past-patient provided information;

compiling information verified by independent third-party sources;

creating, by a processor, a healthcare provider report using the ~~physician-verified~~ healthcare provider-verified information, the past-patient provided information, and the ~~verified~~ information verified by independent third-party sources, wherein the healthcare provider report includes comparison ratings of healthcare providers; and

providing access to the healthcare provider report over a computer network.

2. (Currently Amended) The method as defined in claim 1, wherein the past-patient provided information is obtained through data collected through the method comprising:

past or current patients of a particular healthcare provider accessing a report for ~~that~~ the particular healthcare provider over the computer network;

the past or current patients selecting to complete an on-line patient survey;

the past or current patients completing the survey and providing an e-mail address; and

transmitting the completed survey to a predetermined company Web server.

3. (Currently Amended) The method as defined in claim 2, further comprising a method for verifying and compiling such data, the method comprising:

2

HG0000057

U.S. Patent Application Serial No. 11/512,529

determining whether the past or current patient has already completed a maximum number of surveys for a predetermined time period;

if the past or current patient has not reached the maximum number of surveys, transmitting a confirmation e-mail to the e-mail address provided;

determining if the confirmation e-mail was successfully transmitted; and

if the e-mail was successfully transmitted, compiling the data provided by the past or current patient with other relevant data in a company database comprised of healthcare provider information.

4.    (Original) The method as defined in claim 1, wherein the healthcare provider report includes a hyperlink to an affiliated hospital, medical center, or other type of treatment center.

5.    (Cancelled)

6.    (Original) The method as defined in claim 1, wherein the access to the healthcare provider report is obtained through a predetermined Web page that provides search capabilities for a database comprised of healthcare provider information.

7.    (Currently Amended) The method as defined in claim 6, wherein the search capabilities permit a search based on one or more from the group consisting of: at least one of name, medical specialty, gender, state, city, procedure, diagnosis, procedure, [[or]] and location criteria.

8.    (Original) The method as defined in claim 7, wherein a search of the database produces a results list of healthcare providers satisfying the search criteria.

9.    (Original) The method as defined in claim 8, wherein the results list further includes an advertisement for a healthcare provider with a hyperlink to information on that healthcare

HG0000058

U.S. Patent Application Serial No. 11/512,529

provider.

10.    (Currently Amended) The method as defined in claim 8, further comprising:

determining from the results list whether [[the]] a particular healthcare provider is a member of [[the]] a company managing the Web site; and

if the particular healthcare provider is a member of the company managing the Web site, providing enhanced services for the member healthcare provider on the Web site.

11.    (Original) The method as defined in claim 10, wherein the enhanced services comprise making report information on the member provider available at no charge to potential patients.

12.    (Original) The method as defined in claim 10, wherein the enhanced services comprise favorable positioning in the results list.

13.    (Original) The method as defined in claim 1, further comprising:

maintaining a record of whether the healthcare provider report should be made available to a potential patient at no charge; and

requiring payment of a fee to access the healthcare provider report if the report is not recorded as being available at no charge.

14.    (Original) The method as defined in claim 13, wherein the required fee is adjusted to account for applicable discounts.

4

HG0000059

U.S. Patent Application Serial No. 11/512,529

15.     (Original) The method as defined in claim 1, wherein the healthcare provider is a physician, hospital, nursing home, or other treatment facility.


16.-18. (Cancelled)


19.     (Currently Amended) An on-line information system for providing verified information regarding healthcare providers, the system comprising:

at least one processor; and

memory coupled with and readable by the at least one processor and comprising a series of instructions that, when executed by the at least one processor, cause the at least one processor to:

a compilation module for compiling compile healthcare provider-verified information;

a compilation module for compiling compile patient-provided information;

a compilation module for compiling compile healthcare provider information verified by an independent third party; and

a creation module for creating create a healthcare provider report using the provider-verified healthcare provider-verified information, the patient-provided information, and the independently verified information, wherein the healthcare provider report includes comparison ratings of healthcare providers; and

a computing system with access to healthcare provider information stored in a database, wherein patients may search the database and review healthcare provider reports to differentiate among healthcare providers.


20.     (Currently Amended) The on-line information system defined in claim 19, wherein:

5

HG0000060

U.S. Patent Application Serial No. 11/512,529

the healthcare provider report is obtained through one of a predetermined Web page that provides search capabilities on its database or a third-party search engine; and

the search capabilities of the predetermined Web page permit searching based on one or more from the group consisting of: name, medical specialty, gender, state, city, procedure, diagnosis, procedure, [[or]] and location criteria.

21.    (New)  The on-line information system defined in claim 20, further comprising:

producing a results list of healthcare providers satisfying received search criteria;

determining from the results list whether a particular healthcare provider is a member of a company managing the Web site; and

if the healthcare provider is a member of the company managing the Web site, providing enhanced services for the member healthcare provider on the Web site, wherein the enhanced services comprise making report information on the member provider available at no charge to potential patients.

6

HG0000061

U.S. Patent Application Serial No. 11/512,529

## REMARKS

This Amendment and Response and the following remarks are intended to fully respond to the Non-Final Office Action mailed November 13, 2009. In that Office Action, claims 1-15, 19, and 20 were examined, and all were rejected. Specifically, claims 1-15, 19, and 20 were rejected under 35 U.S.C. § 112, second paragraph, as allegedly "being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention." *Office Action, 11/13/2009, at 2-3.* Claims 1-15 and 19-20 were rejected under 35 U.S.C. § 101 allegedly because "the claimed invention is directed to non-statutory subject matter." *Office Action, 11/13/2009, at 3-4.* In addition, claims 1-6, 8, 9, 13-15, and 19 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over U.S. Pat. App. Publ. No. 2003/0195838 to Henley in view of U.S. Pat. App. Publ. No. 2006/0080146 to Cook, et al. (hereinafter, "Cook"). Further, claims 7, 10, 11, 12, and 20 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over Henley in view of Cook and further in view of U.S. Pat. App. Publ. No. 2004/0010423 to Sameh. Reconsideration of these rejections, as they might apply to the original and amended claims in view of these remarks, is respectfully requested.

In this Amendment and Response, claims 1-3, 7, 10, 19, and 20 have been amended. Claim 5 has been cancelled without prejudice, and claims 16-18 remain cancelled without prejudice in light of the Response to Restriction Requirement filed on September 30, 2009. Claim 21 has been added. This new claim does not add any new subject matter. Therefore, claims 1-4, 6-15, and 19-21 are present for examination. This application is in condition for allowance, and such action is respectfully requested.

### Claim Rejections – 35 U.S.C. § 112, Second Paragraph:  Claims 1-15 & 19-20

Claims 1-15, 19, and 20 were rejected under 35 U.S.C. § 112, second paragraph, as allegedly "being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention." *Office Action, 11/13/2009, at 2-3.* The Applicants do not concede the correctness of these rejections. However, in the interest of forwarding the prosecution of this application to allowance, the Applicants have amended independent claims 1 and 19 to recite in part:

. . .

creating, by a processor, a healthcare provider report using *the healthcare provider-verified information*, the past-patient provided information, and *the information verified by independent third-party sources*, wherein the healthcare

7

U.S. Patent Application Serial No. 11/512,529

provider report includes comparison ratings of healthcare providers; and

    . . . .

*Claim 1, supra (as amended) (emphasis added).*

     An on-line information system for providing verified information regarding healthcare providers, the system comprising:
        *at least one processor; and*
        *memory coupled with and readable by the at least one processor and comprising a series of instructions that, when executed by the at least one processor, cause the at least one processor to:*

    . . . .

*Claim 19, supra (as amended) (emphasis added).*

As a person of ordinary skill in the art would reasonably understand, these amendments to claims 1 and 19 do not add any new subject matter. For example, the amendments to claim 1 have been added merely to correct alleged insufficient antecedent bases. Further, the "processor" and "memory" amendments to claim 19 represent inherent features of the already-claimed "on-line information system" and would have reasonably been understood and anticipated by a person of ordinary skill in the art.

Claims 1 and 19 are in condition for allowance. The Applicants therefore respectfully request the withdrawal of the § 112 rejections of claims 1 and 19. Because claims 2-4, 6-15, and 20-21 depend on allowable base claims 1 and 19, respectively, these claims are also allowable, and such action is respectfully requested. As such, any remaining arguments supporting the rejections of these claims are not acquiesced to even though they are not directly addressed herein. Accordingly, the Applicants respectfully request the allowance of claims 1-4, 6-15, and 19-21.

**Claim Rejections – 35 U.S.C. § 101:  Claims 1-15 & 19-20**

Claims 1-15 and 19-20 were rejected under 35 U.S.C. § 101 allegedly "because the claimed invention is directed to non-statutory subject matter." *Office Action, 11/13/2009, at 3-4.* The Applicants do not concede the correctness of these rejections. However, in the interest of forwarding the prosecution of this application to allowance, the Applicants have amended claims 1 and 19 to recite in part:

HG0000063

U.S. Patent Application Serial No. 11/512,529

. . .

creating, *by a processor*, a healthcare provider report using the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources, wherein the healthcare provider report includes comparison ratings of healthcare providers; and

. . . .

*Claim 1, supra (as amended) (emphasis added).*

An on-line information system for providing verified information regarding healthcare providers, the system comprising:
*at least one processor; and*
*memory coupled with and readable by the at least one processor and comprising a series of instructions that, when executed by the at least one processor, cause the at least one processor to*:

. . . .

*Claim 19, supra (as amended) (emphasis added).*

Claims 1 and 19 are in condition for allowance. The Applicants thus respectfully request the withdrawal of the § 112 rejections of claims 1 and 19. Because claims 2-4, 6-15, and 20-21 depend on allowable base claims 1 and 19, respectively, these claims are also allowable, and such action is respectfully requested. As such, any remaining arguments supporting the rejections of these claims are not acquiesced to even though they are not directly addressed herein. Accordingly, the Applicants respectfully request the allowance of claims 1-4, 6-15, and 19-21.

### Claim Rejections – 35 U.S.C. § 103(a): Claims 1-6, 8, 9, 13-15, & 19

Claims 1-6, 8, 9, 13-15, and 19 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over Henley in view of Cook. The Applicants respectfully disagree with and traverse these rejections. To establish a prima facie case of obviousness, the references must teach or suggest each and every one of the claim elements to one of ordinary skill in the art at the time the invention was made. *See* MPEP §§ 2142, 2143.03; *In re Wilson*, 424 F.2d 1382, 1385 (C.C. P.A. 1970). In addition, *KSR International Company v. Teleflex, Inc.*, 127 S. Ct. 1727, 1741 (2007), requires that there "must be some *articulated reasoning with some rational underpinning* to support the legal conclusion of obviousness." (Emphasis added.) Further, "a

9

U.S. Patent Application Serial No. 11/512,529

patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art." *KSR Int'l Co.*, 127 S. Ct. at 1741. Specifically, the references fail to teach or suggest all of the claim elements.

For example, Henley in view of Cook fail to teach or suggest at least the following with respect to claim 1:

. . .

> creating, by a processor, a healthcare provider report *using the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources, wherein the healthcare provider report includes comparison ratings of healthcare providers*; and
> providing access to the healthcare provider report over a computer network.

*Claim 1, supra (as amended) (emphasis added).*

Henley provides generally for "an on-line auctioning process in negotiating a price for the performance of a professional personal medical service performed by a medical physician on an individual patient . . . ." *Henley, at [0016]*. Specifically, Henley provides for on-line negotiating of fees for medical services and provides a "method and apparatus that will enable prospective patients to easily identify and access an otherwise underutilized medical facility to negotiate a favorable fee for services subject to scheduling restrictions and other 'specifications' set by the medical service provider." *Henley, at [0024]*. Henley is thus related to on-line auctioning for medical services and products and fails to disclose or suggest, at a minimum, "creating . . . a healthcare provider report using the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources . . . ." Indeed, the Office Action admits that Henley "may or **may not** explicitly disclose" such teaching and provides no citation in Henley supporting such teaching. *See Office Action, 11/13/2009, at 6 (emphasis added)*. Instead, the Office Action relies on Cook:

> Henley may or may not explicitly disclose the following limitation. However, Cook discloses:
>
> • *creating a healthcare provider report using the physician-verified information, the past-patient provided information, and the verified information* (See at least paragraphs 0091, 0343, 0358, 0375 and claim 21).

*Office Action, 11/13/2009, at 6 (emphasis in original).*

10

HG0000065

U.S. Patent Application Serial No. 11/512,529

However, the Applicants respectfully disagree that Cook provides such disclosure. Cook relates generally to enabling a patient "to choose a healthcare provider who uses an EMR [("electronic medical record")] system and optionally an advanced, compatible EMR system." *Cook, at [0097]*. The citations from the Office Action relate at most to specific reports about "the EMR system in use by each provider . . . ." *See, e.g., Cook, at [0091]*. For example, paragraph [0343] provides:

> **Reports of compatibility of a provider's EMR** can be based on the percentage of other **EMR systems** which are compatible or the percentage of healthcare providers who are using **EMR systems which are compatible**.

*Cook, at [0343] (emphasis added)*.

Cook's reports are thus related to EMR systems: "It is also specifically meant to include all implementations **in which reports to patients include graduated assessments of EMR systems.**" *Cook, at [0375] (emphasis added)*. While Cook refers to the "ability to report to patients objective measures of the quality and cost effectiveness of care provided by each individual healthcare provider," *Cook, at [0358]*, this reference to the "quality" and "cost effectiveness" appears to refer again to "reviewing electronic patient medical records" and to "outcomes data from health insurance companies." *See Cook, at [0358]*. Cook thus fails to provide any teaching or suggestion, at a minimum, of ". . . creating . . . a healthcare provider report *using the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources* . . . ." Cook's reports are based on "EMR systems" and "outcomes data from health insurance companies," *see Cook, at [0358]*, and provide no teaching, for example, of "creating" a "healthcare provider report *using* the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources . . . ." (Emphasis added.) Cook thus fails to cure the deficiencies of Henley.

Further, Henley fails to teach or suggest, for example, ". . . wherein the healthcare provider report includes comparison ratings of healthcare providers . . . ." The Office Action relies on Henley at "paragraphs 0015-0016, 0037, 0081, 0090 and 0107" for providing such a teaching. However, the Applicants respectfully disagree. The cited portions of Henley provide no teaching or suggestion of "comparison ratings." *See, e.g., Henley, at [0015-0016], [0037], [0081], [0090], & [0107]*. For example, paragraph [0107] provides that "[t]he qualifier engine and associated databases allow the qualifications of both the physician providing the service and

11

U.S. Patent Application Serial No. 11/512,529

the qualifications of the hospital/treatment facilities [to be] available to the consumer/patient." *Henley, at [0107]*. However, making general qualifications "available" to a consumer does not teach or suggest "comparison ratings." Additionally, while paragraph [0090] provides for "hyperlinks to databases storing the identification of medical service providers having satisfied a particular qualifying requirement," *Henley, at [0090]*, access to databases storing the "identification" of medical service providers satisfying a particular requirement provides no teaching or suggestion of, for example, "comparison ratings" of healthcare providers. Henley thus fails to provide any teaching or suggestion of at least ". . . wherein the healthcare provider report includes comparison ratings of healthcare providers . . . ."

Accordingly, Henley in view of Cook fail to teach or suggest each and every limitation of claim 1, and allowance of this claim is therefore respectfully requested. While the above discussion shows that the cited references do not teach or suggest each and every aspect of claim 1, amendments to claim 1 are made in the interest only of forwarding the prosecution of this application to allowance and are not necessarily made to address the Office Action's rejections based on the cited references. Amendments are therefore made without prejudice. Because claims 2-4 and 6-15 depend on allowable base claim 1, these claims are also allowable, and such action is respectfully requested. As such, any remaining arguments supporting the rejections of these claims are not acquiesced to even though they are not directly addressed herein. Accordingly, the Applicants respectfully request the allowance of claims 1-4 and 6-15 (claim 5 has been cancelled without prejudice).

Further, the Applicants note that the Office Action's apparent reliance on "Official Notice," *see Office Action, 11/13/2009, at 8-10*, fails to cure the deficiencies of Henley and Cook with regard to claims 3, 13, and 14. *See discussion supra*. The Office Action relies on "Official Notice" for various described teachings. *See, e.g., Office Action, 11/13/2009, at 7-10 (using multiple, various statements of Official Notice)*. The Applicants do not necessarily agree with the Office Action's characterization of the claim language relating to these multiple takings of Official Notice. *See Office Action, 11/19/2009, at 8-10*. Further, the Applicants do not necessarily agree with these multiple takings of Official Notice nor do they acquiesce to the statements made in the Office Action regarding the Official Notice. Nevertheless, since Henley in view of Cook fails to teach the features of claim 1 noted above, and no additional references have been cited that compensate for the deficiencies in Henley in view of Cook, the issue regarding the accuracy of each of the multiple takings of Official Notice is moot.

12

HG0000067

U.S. Patent Application Serial No. 11/512,529

The Applicants also respectfully disagree with the Office Action's rejection of claim 2. For example, the Office Action states with regard to the "transmitting . . ." element:

> [T]hese differences are not functionally involved in the steps recited nor do they alter the recited structural elements. The recited steps would be performed the same regardless of the specific data. Further, the structural elements remain the same regardless of the specific data. Thus, this will not distinguish the claimed invention from the prior art in terms of patentability.

*Office Action, 11/13/2009, at 7.*

The Applicants do not necessarily agree with these statements in the Office Action nor do they acquiesce to these statements. *See Office Action, 11/13/2009, at 7.* Nevertheless, since Henley in view of Cook fails to teach the features of claim 1 (upon which claim 2 depends) noted above, and no additional references have been cited that compensate for the deficiencies in Henley in view of Cook, the issue regarding the accuracy of these statements is moot.

In addition, for at least the reasons set forth above, Henley in view of Cook fail to teach or suggest each and every limitation of independent claim 19. For example, the cited references fail to disclose or suggest at least the following with respect to claim 19:

> . . .
> create a healthcare provider report *using the healthcare provider-verified information, the patient-provided information, and the independently verified information, wherein the healthcare provider report includes comparison ratings of healthcare providers.*

*Claim 19, supra (as amended) (emphasis added).*

Accordingly, for at least the above reasons, Henley in view of Cook fail to teach or suggest each and every limitation of claim 19. Allowance of this claim is therefore respectfully requested. Because claims 20-21 are dependent on allowable base claim 19, *see discussion supra*, these claims are also patentable over Henley in view of Cook. As such, any remaining arguments supporting the rejection of this claim are not acquiesced to even though they are not directly addressed herein. While the above discussion shows that the cited references do not teach or suggest each and every aspect of claim 19, amendments to claim 19 are made in the interest only of forwarding the prosecution of this application to allowance and are not necessarily made to address the Office Action's rejections based on the cited references. Amendments are therefore made without prejudice. The allowance of claims 19-21 is therefore respectfully requested.

13

HG0000068

U.S. Patent Application Serial No. 11/512,529

   For at least the reasons presented above, claims 1-4, 6-15, and 19-21 are patentable over Henley in view of Cook. Accordingly, the Applicants respectfully request the allowance of this application.

### Claim Rejections – 35 U.S.C. § 103(a):  Claims 7, 10-12, & 20

   Claims 7, 10-12, and 20 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over Henley in view of Cook and further in view of Sameh. The Applicants respectfully disagree with and traverse these rejections. The cited references fail to teach or suggest all of the claim elements.

   Because claims 7, 10-12, and 20 depend on allowable base claims 1 and 19, respectively, *see discussion supra*, these claims are also allowable for at least the reasons presented above, and such action is respectfully requested. As such, any remaining arguments supporting the rejections of these claims are not acquiesced to even though they are not directly addressed herein. Accordingly, the Applicants respectfully request the allowance of claims 7, 10-12, and 20.

   Further, Henley in view of Cook and further in view of Sameh fail to teach or suggest at least the following:

> . . .
>    creating, by a processor, a healthcare provider report *using the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources, wherein the healthcare provider report includes comparison ratings of healthcare providers*; and
>    providing access to the healthcare provider report over a computer network.

*Claim 1, supra (as amended) (emphasis added) (upon which claims 7 & 10-12 depend).*

> . . .
>    create a healthcare provider report *using the healthcare provider-verified information, the patient-provided information, and the independently verified information, wherein the healthcare provider report includes comparison ratings of healthcare providers.*

*Claim 19, supra (as amended) (emphasis added) (upon which claim 20 depends).*

   Sameh fails to cure the deficiencies of Henley in view of Cook. Sameh relates generally to providing a method and apparatus for allowing patients "to make appointments with physicians." *Sameh, at [0002].* Specifically, Sameh provides that a "website messaging system

14

HG0000069

U.S. Patent Application Serial No. 11/512,529

10 may be provided by a sponsor (e.g., a hospital or other healthcare facility) and may be used to forward messages from patients to their attending physicians under any of a number of predetermined message formats and patient conditions specified by the attending physician." *Sameh, at [0020]*. Sameh's messaging system for forwarding messages from patients to physicians and providing an "appointment request webpage," *Sameh, at [0007]*, thus neither teaches nor suggests, for example, ". . . creating a healthcare provider report using the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources . . . ." Sameh also provides no disclosure or suggestion of, at a minimum, "wherein the healthcare provider report includes *comparison ratings of healthcare providers*." (Emphasis added.) Sameh thus fails to cure the deficiencies of Henley in view of Cook.

Further, the Applicants note that the Office Action's apparent reliance on "Official Notice," *see Office Action, 11/13/2009, at 14*, fails to cure the deficiencies of Henley and Cook with regard to claim 12. The Office Action states that "[i]t is old and well known in the art for organizations or service providers to reward their members with extra (or enhanced) services." *Office Action, 11/13/2009, at 14*. The Applicants do not necessarily agree with the Office Action's characterization of the claim language. Further, the Applicants do not necessarily agree with this apparent taking of Official Notice nor do they acquiesce to the statements made in the Office Action regarding the Official Notice. Nevertheless, since Henley in view of Cook fails to teach the features of claim 1 (upon which claim 12 depends) noted above, and no additional references have been cited that compensate for the deficiencies in Henley in view of Cook, the issue regarding the accuracy of the taking of Official Notice is moot.

Accordingly, Henley in view of Cook and further in view of Sameh fail to disclose or suggest each and every element of claims 7, 10-12, and 20. Claims 7, 10-12, and 20 are therefore allowable. While the above discussion shows that the cited references fail to teach or suggest each and every element of claims 7, 10-12, and 20, amendments to claims 7, 10-12, and 20 are made in the interest only of forwarding the prosecution of this application to allowance and are not necessarily made to address the Office Action's rejections based on the cited references. Amendments are therefore made without prejudice.

For at least the above reasons, the Applicants respectfully request the allowance of claims 7, 10-12, and 20.

15

HG0000070

U.S. Patent Application Serial No. 11/512,529

## New Claim

Claim 21 has been added. *See supra*. This claim does not add any new subject matter. Further, claim 21 is allowable for at least the reasons set forth above. *See discussion supra*. In addition, none of the cited references discloses or suggests the limitations of claim 21. Accordingly, claim 21 is also in condition for allowance, and such action is respectfully requested.

## Conclusion

This Amendment and Response fully responds to the Non-Final Office Action mailed November 13, 2009. It is recognized that the Office Action may contain arguments and rejections that are not directly addressed by this Amendment and Response because they are rendered moot in light of the preceding arguments in favor of patentability. Hence, the failure, if any, of this Amendment and Response to directly address an argument and/or comment raised in the Office Action should not be taken as an indication that the Applicant believes the argument and/or comment has merit. Additionally, the failure, if any, to address statements and/or comments made in the Office Action does not mean that the Applicants acquiesce to such statements and/or comments. Furthermore, the claims of the present application may include other elements, not discussed in this Amendment and Response, which are not shown, taught, or otherwise suggested by the art of record. Accordingly, the preceding arguments in favor of patentability are advanced without prejudice to other bases of patentability.

It is believed that no additional fees are due with this Amendment and Response. However, the Commissioner is hereby authorized to charge any deficiencies or credit any overpayment with respect to this patent application to deposit account number 13-2725.

In light of the above remarks and amendments, the application is in condition for allowance and such action is respectfully requested. Should any additional issues need to be resolved, the Examiner is respectfully requested to telephone the undersigned to attempt to resolve those issues.

16

HG0000071

U.S. Patent Application Serial No. 11/512,529

Respectfully submitted,

Dated: <u>February 16, 2010</u>

*Elizabeth J. Reagan*

Elizabeth J. Reagan, Reg. No. 57,528
Merchant & Gould P.C.
P.O. Box 2903
Minneapolis, MN 55402-0903
(303) 357-1644

**23552**
PATENT TRADEMARK OFFICE

17

HG0000072

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/512,529 | 08/29/2006 | David G. Hicks | 40476.0002USU1 | 1358 |

23552      7590      11/13/2009
MERCHANT & GOULD PC
P.O. BOX 2903
MINNEAPOLIS, MN 55402-0903

| EXAMINER |
|---|
| NGUYEN, TRANG T |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3686 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 11/13/2009 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

HG0000082

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 11/512,529 | HICKS ET AL. |
| | **Examiner** | **Art Unit** | |
| | TRANG NGUYEN | 3686 | |

*— The MAILING DATE of this communication appears on the cover sheet with the correspondence address —*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>29 August 2006</u>.
2a) ☐ This action is **FINAL**.  2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>1-15,19 and 20</u> is/are pending in the application.
    4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) <u>1-15,19-20</u> is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.
10) ☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a)☐ All  b)☐ Some * c)☐ None of:
      1.☐ Certified copies of the priority documents have been received.
      2.☐ Certified copies of the priority documents have been received in Application No. _____.
      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☒ Information Disclosure Statement(s) (PTO/SB/08)
    Paper No(s)/Mail Date <u>12/13/2007,03/25/2008</u>.
4) ☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____ .
5) ☐ Notice of Informal Patent Application
6) ☐ Other: _____ .

HG0000083

Application: 11/512,529

Paper No. 20091102

Art Unit: 3686

Page 2

## DETAILED ACTION

### Status of Claims

1.    This action is in reply to the application filed on 08/29/2006 and subsequent reply filed on 09/30/2009.

2.    Claims 1-15 and 19-20 are currently pending and have been examined.

3.    Claims 16-18 have been canceled.

4.    Applicant's election without traverse of Group I in the reply filed on 09/30/2009 is acknowledged.

5.    Applicant's cancellation without traverse of claims 16-18 in the reply filed on 09/30/2009 is acknowledged.

### Claim Rejections - 35 USC § 112

6.    The following is a quotation of the second paragraph of 35 U.S.C. 112:

The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

7.    Claims 19 and 20 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

**Claim 19** recite in the preamble that the claims are directed towards the statutory category of a system. However, the "system" is not defined by hardware but by "module", and thus is directed towards functional descriptive materials.

Therefore, it is not clear how "module" (or functional descriptive materials)

HG0000084

Application: 11/512,529

Paper No. 20091102

Art Unit: 3686

Page 3

constitutes a system. Clarification is required. For examination purposes,

Examiner has construed the system to contain a combination of software and

hardware elements.

**Claim 20** depends on Claim 19 and, therefore, suffer the same deficiency as

Claim 19.

8.      Claims 1-15 are rejected under 35 U.S.C. 112, second paragraph, as being

indefinite for failing to particularly point out and distinctly claim the subject matter

which applicant regards as the invention.

**Claim 1** recites the limitations: "...using the physician-verified information ..."

"...and the verified information..."  There is insufficient antecedent basis for these

limitations in the claim.

**Claim 2-15** depend on Claim 1 and, therefore, suffer the same deficiency as

Claim 1.

### Claim Rejections - 35 USC § 101

9.      35 U.S.C. 101 reads as follows:

Whoever invents or discovers any new and useful process, machine, manufacture, or
composition of matter, or any new and useful improvement thereof, may obtain a patent
therefor, subject to the conditions and requirements of this title.

10.     Claims 1 - 15 are rejected under 35 U.S.C. 101 because the claimed invention is

directed to non-statutory subject matter

**Claims 1 - 15** are directed to a method.  However, the recited steps of the

method are held to be non-statutory subject matter because the recited steps of

HG0000085

Application: 11/512,529                                   Paper No. 20091102

Art Unit: 3686                                                          Page 4

the method are (1) not tied to another statutory class (such as a particular

apparatus) or (2) not transforming the underlying subject matter (such as an

article or materials ) to a different state or thing.

11.    Claims 19-20 are rejected under 35 U.S.C. 101 because the claimed invention is

directed to non-statutory subject matter.

**Claim 19** is directed to a system. However, the "system" is not defined by

hardware but by "module", and thus this limitation can be reasonably interpreted

as computer program module or software per se.  The claims are directed to

functional descriptive material per se and hence non-statutory.

The claims constitute computer programs representing computer listings per se.

Such descriptions or expressions of the programs are not physical "things".  They

are neither computer components nor statutory processes, as they are not "acts"

being performed.  Such claimed computer programs do not define any structural

and functional interrelationships between the computer program and other

claimed elements of a computer, which permit the computer program's

functionality to be realized.  In contrast, a claimed computer-readable medium

encoded with a computer program is a computer element, which defines

structural and functional interrelationships between the computer program and

the rest of the computer, that permits the computer program's functionality to be

realized, and is thus statutory.  See Lowry, 32 F.3d at 1583-84, 32 USPQ2d at

1035.

HG0000086

Application: 11/512,529

Paper No. 20091102

Art Unit: 3686

Page 5

**Claim 20** depends from claim 19 and contains the same deficiencies. Therefore,

claim 20 is rejected under 35 U.S.C. 101 because the claimed invention is

directed to non-statutory subject matter.

### *Claim Rejections - 35 USC § 103*

12. The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

(a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

13. The factual inquiries set forth in *Graham* **v.** *John Deere Co.*, 383 U.S. 1, 148

USPQ 459 (1966), that are applied for establishing a background for determining

obviousness under 35 U.S.C. 103(a) are summarized as follows:

1. Determining the scope and contents of the prior art.
2. Ascertaining the differences between the prior art and the claims at issue.
3. Resolving the level of ordinary skill in the pertinent art.
4. Considering objective evidence present in the application indicating obviousness or nonobviousness.

14. Claim 1-6, 8, 9, 13-15 and 19 are rejected under 35 U.S.C. 103 (a) as being

unpatentable over Henley (US 2003/0195838 A1) in view of Cook et al.

(US 2006/0080146 A1).

**Regarding claim 1:**

Henley as shown discloses the following limitations:

*A method of providing healthcare provider information to potential patients, said*

*method comprising:*

HG0000087

Application: 11/512,529

Paper No. 20091102

Art Unit: 3686

Page 6

- *compiling healthcare provider-verified information* (See at least paragraphs 0015, 0016, 0082, 0086, 0087, 0107 and 0114);

- *compiling past-patient provided information* (See at least paragraphs 0017, 0125, 0127 and 0137);

- *compiling information verified by independent third-party sources* (See at least paragraphs 0090, 0114 and 0116);

- *providing access to the healthcare provider report over a computer network* (See at least paragraphs 0030, 0086, 0088, 0090, 0107 and 0137).

Henley may or may not explicitly disclose the following limitation. However, Cook discloses:

- *creating a healthcare provider report using the physician-verified information, the past- patient provided information, and the verified information* (See at least paragraphs 0091, 0343, 0358, 0375 and claim 21);

Therefore, it would have been obvious to one of ordinary skill in the art, at the time of the invention, to have modified the system of Henley so as to have included creating a healthcare provider report, in accordance with the teaching of Cook, in order to improve the efficiency of the system, since so doing could be performed readily and easily by any person of ordinary skill in the art, with neither undue experimentation, nor risk of unexpected results.

HG0000088

Application: 11/512,529

Art Unit: 3686

Paper No. 20091102

Page 7

**Regarding claim 2** Henley further discloses:

*The method as defined in claim 1, wherein the past-patient provided information*
*is obtained through data collected through the method comprising:*

> *past or current patients of a particular healthcare provider accessing a report for*
> *that provider over the computer network;*
>
> *the past or current patients selecting to complete an on-line patient survey;*
>
> *the past or current patients completing the survey and providing an e-mail*
> *address; and transmitting the completed survey to a predetermined company*
> *Web server (*See at least Fig. 13 and 14; paragraphs 0016, 0033, 0037, 0059,
> 0093, 0098, 0107, 0114, 0128 and 0137)*).*

Henley does not explicitly teach the steps of transmitting the survey as recited in the claim; however, these differences are not functionally involved in the steps recited nor do they alter the recited structural elements. The recited steps would be performed the same regardless of the specific data. Further, the structural elements remain the same regardless of the specific data. Thus, this will not distinguish the claimed invention from the prior art in terms of patentability.

**Regarding claim 3:**

*The method as defined in claim 2, further comprising a method for verifying and*
*compiling such data, the method comprising:*

HG0000089

Application: 11/512,529                                    Paper No. 20091102

Art Unit: 3686                                                          Page 8

> determining whether the past or current patient has already completed a
>
> maximum number of surveys for a predetermined time period;
>
> if the past or current patient has not reached the maximum number of surveys,
>
> transmitting a confirmation e-mail to the e-mail address provided;
>
> determining if the confirmation e-mail was successfully transmitted; if the e-mail
>
> was successfully transmitted, compiling the data provided by the past or current
>
> patient with other relevant data in a company database comprised of healthcare
>
> provider information.

Henley discloses an on-line user service feedback web-page are provided for acquiring

and maintaining comments and feedback from both service providers and their

patients/clients regarding the complexity and quality of services received or provided

(paragraph 0016 – Fig.13 and 14 shows that registered users must provide e-mail

address).

Therefore, it would have been obvious to one of ordinary skill in the art, at the time of

the invention, to have modified the system of Henley so as to have included the detailed

steps of verifying and compiling feedback data, in order to improve the efficiency of the

system, since so doing could be performed readily and easily by any person of ordinary

skill in the art, with neither undue experimentation, nor risk of unexpected results.

**Regarding claim 4** Henley further discloses:

*The method as defined in claim 1, wherein the healthcare provider report includes*

*a hyperlink to an affiliated hospital, medical center, or other type of treatment center*

HG0000090

Application: 11/512,529

Paper No. 20091102

Art Unit: 3686

Page 9

(See at least Fig. 10; paragraphs 0051, 0081 and 0114).

**Regarding claim 5** Henley further discloses:

*The method as defined in claim 1, wherein the healthcare provider report includes*

*comparison ratings of healthcare providers* (See at least paragraphs 0015-0016, 0037,

0081, 0090 and 0107).

**Regarding claim 6** Henley further discloses:

*The method as defined in claim 1, wherein the access to the healthcare provider*

*report is obtained through a predetermined Web page that provides search capabilities*

*for a database comprised of healthcare provider information* (See at least paragraphs

0015-0016, 0037, 0081, 0090 and 0107).

**Regarding claim 8** Henley further discloses:

*The method as defined in claim 7, wherein a search of the database produces a*

*results list of healthcare providers satisfying the search criteria* (See at least paragraphs

0015-0016, 0037, 0081, 0090 and 0107).

**Regarding claim 9** Henley further discloses:

*The method as defined in claim 8, wherein the results list further includes an*

*advertisement for a healthcare provider with a hyperlink to information on that*

*healthcare provider* (See at least Fig.12; paragraphs 0013-0014, 0031 and 0038).

**Regarding claims 13 and 14:**

Claim 13:

Application: 11/512,529                          Paper No. 20091102

Art Unit: 3686                                          Page 10

> The method as defined in claim 1, further comprising:
>
> maintaining a record of whether the healthcare provider report should be made
>
> available to a potential patient at no charge; and
>
> requiring payment of a fee to access the healthcare provider report if the report is
>
> not recorded as being available at no charge.
>
> Claim 14:
>
> The method as defined in claim 13, wherein the required fee is adjusted to
>
> account for applicable discounts.

Henley (in at least paragraphs 0084 and 0094) discloses the parties to the transaction are billed for system use. It is old and well known in the art for service providers to charge a fee for their services and to provide discounts to their customers under certain terms/conditions.

Therefore, it would have been obvious to one of ordinary skill in the art, at the time of the invention, to have modified the system of Henley so as to have included charging a fee and/or apply discounts for certain reports, in order to encourage the healthcare providers to registers with the system web site, to have improve the efficiency of the system, since so doing could be performed readily and easily by any person of ordinary skill in the art, with neither undue experimentation, nor risk of unexpected results.

**Regarding claim 15** Henley further discloses:

Application: 11/512,529

Paper No. 20091102

Art Unit: 3686

Page 11

*The method as defined in claim 1, wherein the healthcare provider is a physician, hospital, nursing home, or other treatment facility* (See at least paragraphs 0082, 0086, 0103 and 0107).

**Regarding claim 19:**

*An on-line information system for providing verified information regarding healthcare providers, the system comprising:*

 *a compilation module for compiling healthcare provider-verified information* (See at least paragraphs 0015, 0016, 0082, 0086, 0087, 0107 and 0114)*; a compilation module for compiling patient-provided information* (See at least paragraphs 0017, 0035, 0125, 0127 and 0137)*;*

 *a compilation module for compiling healthcare provider information verified by an independent third party* (See at least paragraphs 0090, 0114 and 0116)*;*

 *a computing system with access to healthcare provider information stored in a database, wherein patients may search the database and review healthcare provider reports to differentiate among healthcare providers* (See at least paragraphs 0087, 0090, 0092)*;*

Henley may or may not explicitly disclose the following limitation. However, Cook discloses:

 *a creation module for creating a healthcare provider report using the provider-verified information, the patient-provided information, and the independently*

HG0000093

Application: 11/512,529

Art Unit: 3686

Paper No. 20091102

Page 12

*verified information* (See at least paragraphs 0091, 0343, 0358, 0375 and claim 21).

Therefore, it would have been obvious to one of ordinary skill in the art, at the time of the invention, to have modified the system of Henley so as to have included creating a healthcare provider report, in accordance with the teaching of Cook, in order to improve the efficiency of the system, since so doing could be performed readily and easily by any person of ordinary skill in the art, with neither undue experimentation; nor risk of unexpected results.

15.     Claims 7, 10, 11, 12 and 20 are rejected under 35 U.S.C. 103 (a) as being unpatentable over Henley (US 2003/0195838 A1) in view of Cook et al. (US PGP 2006/0080146 A1) and further in view of Sameh (US PGP 2004/0010423 A1).

**Regarding claims 7 and 20:**

Henley may or may not disclose the following limitation. However, Sameh discloses:

Claim 7:

*The method as defined in claim 6, wherein the search capabilities permit a search based on at least one of name, medical specialty, gender, state, city, procedure, diagnosis, procedure, or location criteria* (See at least paragraphs 0040-0045 Sameh).

Claim 20:

*The on-line information system defined in claim 19, wherein:*

HG0000094

Application: 11/512,529                                    Paper No. 20091102

Art Unit: 3686                                                      Page 13

> the healthcare provider report is obtained through one of a predetermined
>
> Web page that provides search capabilities on its database or a third-party
>
> search engine (See at least paragraphs 0015-0016, 0037, 0081, 0090 and
>
> 0107- Henley); and
>
> the search capabilities of the predetermined Web page permit searching
>
> based on one or more of name, medical specialty, gender, state, city,
>
> procedure, diagnosis, procedure, or location criteria (See at least
>
> paragraphs 0040-0045 - Sameh).

Therefore, it would have been obvious to one of ordinary skill in the art, at the time of the invention, to have modified the system of Henley so as to have included a search criteria, in accordance with the teaching of Sameh, in order to provide search result based on specified criteria, to have improved the efficiency of the system, since so doing could be performed readily and easily by any person of ordinary skill in the art, with neither undue experimentation, nor risk of unexpected results.

**Regarding claims 10, 11 and 12:**

Henley may or may not disclose the following limitation. However, Sameh discloses:

> **Claim 10:**
>
> The method as defined in claim 8, further comprising:
>
> determining from the results list whether the healthcare provider is a member of
>
> the company managing the Web site (See at least paragraph 0021 - Sameh);

HG0000095

Application: 11/512,529

Art Unit: 3686

Paper No. 20091102

Page 14

*if the healthcare provider is a member, providing enhanced services for the healthcare provider on the Web site.*

**Claim 11:**

*The method as defined in claim 10, wherein the enhanced services comprise making report information on the member provider available at no charge to potential patients.*

**Claim 12:**

*The method as defined in claim 10, wherein the enhanced services comprise favorable positioning in the results list.*

It is old and well known in the art for organizations or service providers to reward their members with extra (or enhanced) services.

Therefore, it would have been obvious to one of ordinary skill in the art, at the time of the invention, to have modified the system of Henley/Cook/Sameh so as to have included providing enhanced services to the members of the company managing the Web site, in order to attract more members to the company, to have improved the efficiency of the system, since so doing could be performed readily and easily by any person of ordinary skill in the art, with neither undue experimentation, nor risk of unexpected results.

Application: 11/512,529

Paper No. 20091102

Art Unit: 3686

Page 15

### Conclusion

The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

Any inquiry of a general nature or relating to the status of this application or concerning this communication or earlier communications from the Examiner should be directed to **TRANG NGUYEN** whose telephone number is **(571) 270-5483.** The Examiner can normally be reached on Monday-Thursday, 7:00am-5:30pm. If attempts to reach the examiner by telephone are unsuccessful, the Examiner's supervisor, **GERALD O'CONNOR** can be reached at **571.272.6787**.

HG0000097

Application: 11/512,529                                    Paper No. 20091102

Art Unit: 3686                                            Page 16

Information regarding the status of an application may be obtained from the Patent

Application Information Retrieval (PAIR) system. Status information for published

applications may be obtained from either Private PAIR or Public PAIR. Status

information for unpublished applications is available through Private PAIR only. For

more information about the PAIR system, see http://portal.uspto.gov/external/portal/pair

Should you have questions on access to the Private PAIR system, contact the

Electronic Business Center (EBC) at **866.217.9197** (toll-free).

   Any response to this action should be mailed to:

*Commissioner of Patents and Trademarks*
*Washington, D.C.  20231*

   Or faxed to **(571) 273-8300**.

   Hand delivered responses should be brought to the **United States Patent and**

**Trademark Office Customer Service Window**:

   Randolph Building
   401 Dulany Street
   Alexandria, VA 22314.

/T. N./
November 16, 2009
Examiner, Art Unit 3686

         /Gerald J. O'Connor/
         Supervisory Patent Examiner
         Group Art Unit 3686

HG0000098

| *Notice of References Cited* | Application/Control No.<br>11/512,529 | Applicant(s)/Patent Under Reexamination<br>HICKS ET AL. | |
|---|---|---|---|
| | Examiner<br>TRANG NGUYEN | Art Unit<br>3686 | Page 1 of 1 |

## U.S. PATENT DOCUMENTS

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-2003/0195838 A1 | 10-2003 | Henley, Julian L. | 705/37 |
| * | B | US-2004/0010423 A1 | 01-2004 | Sameh, Joseph | 705/2 |
| * | C | US-6,014,629 | 01-2000 | DeBruin-Ashton, Deborah J. | 705/2 |
| * | D | US-2003/0093294 A1 | 05-2003 | Passantino, Philip J. | 705/2 |
| * | E | US-2006/0161456 A1 | 07-2006 | Baker et al. | 705/002 |
| * | F | US-2006/0080146 A1 | 04-2006 | Cook et al. | 705/002 |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

## FOREIGN PATENT DOCUMENTS

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

## NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)

**Notice of References Cited**

Part of Paper No. 20091102

HG0000099

Express Mail No.: EV 419058754 US
Attorney Docket No.: 40476.0001USU1

## INTERNET SYSTEM FOR CONNECTING HEALTHCARE PROVIDERS AND PATIENTS

### Related Applications

[0001] This application claims priority of United States provisional application Serial Number 60/771,757, entitled "Internet System for Connecting Doctors and Patients," filed February 8, 2006.

### Technical Field

[0002] This invention generally relates to an Internet-based system and method that connects patients with potential healthcare providers, e.g., physicians and hospitals. More particularly, the present invention relates to providing on-line ratings and reports comprised of detailed healthcare provider information with verified information sections, including physician-verified and/or independent third-party-verified portions, and patient-provided information sections, to assist patients in differentiating among healthcare providers.

### Background

[0003] It is vital to potential patients to gain as much information as possible about a particular physician and/or treatment facility, e.g., a hospital, before selecting that particular physician as a primary care doctor or specialist or that particular place of treatment. The Internet has become a significant source of information to consumers in general. Indeed, consumers rely heavily on the Internet for information and data. However, one well-recognized problem with the Internet is that the patient often cannot assess the veracity of the information which is revealed through an Internet search query using a common search engine, such as Google, Yahoo, etc. Further, with regard to healthcare provider information in particular, there are few, if any resources available

HG0000167

Express Mail No.: EV 419058754 US
Attorney Docket No.: 40476.0001USU1

### Claims

What is claimed is:

1.     A method of providing healthcare provider information to potential patients, said method comprising:

compiling healthcare provider-verified information;

compiling past-patient provided information;

compiling information verified by independent third-party sources;

creating a healthcare provider report using the physician-verified information, the past-patient provided information, and the verified information; and

providing access to the healthcare provider report over a computer network.

2.     The method as defined in claim 1, wherein the past-patient provided information is obtained through data collected through the method comprising:

past or current patients of a particular healthcare provider accessing a report for that provider over the computer network;

the past or current patients selecting to complete an on-line patient survey;

the past or current patients completing the survey and providing an e-mail address; and

transmitting the completed survey to a predetermined company Web server.

3.     The method as defined in claim 2, further comprising a method for verifying and compiling such data, the method comprising:

determining whether the past or current patient has already completed a maximum number of surveys for a predetermined time period;

if the past or current patient has not reached the maximum number of surveys, transmitting a confirmation e-mail to the e-mail address provided;

determining if the confirmation e-mail was successfully transmitted;

if the e-mail was successfully transmitted, compiling the data provided by the past or current patient with other relevant data in a company database comprised of healthcare provider information.

HG0000204

Express Mail No.: EV 419058754 US
Attorney Docket No.: 40476.0001USU1

4.     The method as defined in claim 1, wherein the healthcare provider report includes a hyperlink to an affiliated hospital, medical center, or other type of treatment center.

5.     The method as defined in claim 1, wherein the healthcare provider report includes comparison ratings of healthcare providers.

6.     The method as defined in claim 1, wherein the access to the healthcare provider report is obtained through a predetermined Web page that provides search capabilities for a database comprised of healthcare provider information.

7.     The method as defined in claim 6, wherein the search capabilities permit a search based on at least one of name, medical specialty, gender, state, city, procedure, diagnosis, procedure, or location criteria.

8.     The method as defined in claim 7, wherein a search of the database produces a results list of healthcare providers satisfying the search criteria.

9.     The method as defined in claim 8, wherein the results list further includes an advertisement for a healthcare provider with a hyperlink to information on that healthcare provider.

10.     The method as defined in claim 8, further comprising:

determining from the results list whether the healthcare provider is a member of the company managing the Web site; and

if the healthcare provider is a member, providing enhanced services for the healthcare provider on the Web site.

11.     The method as defined in claim 10, wherein the enhanced services comprise making report information on the member provider available at no charge to potential patients.

HG0000205

Express Mail No.: EV 419058754 US
Attorney Docket No.: 40476.0001USU1

12.   The method as defined in claim 10, wherein the enhanced services comprise favorable positioning in the results list.

13.   The method as defined in claim 1, further comprising:

maintaining a record of whether the healthcare provider report should be made available to a potential patient at no charge; and

requiring payment of a fee to access the healthcare provider report if the report is not recorded as being available at no charge.

14.   The method as defined in claim 13, wherein the required fee is adjusted to account for applicable discounts.

15.   The method as defined in claim 1, wherein the healthcare provider is a physician, hospital, nursing home, or other treatment facility.

16.   A method for optimizing location of a search result on a search engine Web page comprising:

providing one or more index entries having a first indexing parameter; and

providing one or more other indexing parameters associated with the first indexing parameter.

17.   The method defined in claim 16, further comprising:

organizing the one or more index entries into categories, wherein the categories are separated into subsets;

determining the number of search engine hits with the current category subsets;

adjusting the category subsets for testing purposes;

determining whether there are increased search engine hits based on the adjustment of the

HG0000206

Express Mail No.: EV 419058754 US
Attorney Docket No.: 40476.0001USU1

category subsets; and

if there are increased hits, then adjusting the subsets and saving the new subsets.

18.     The method defined in claim 16, wherein the indexing parameters include at least one of naming conventions, breaks in categories to create categorical subsets, and Web site path layouts designed to minimize the number of clicks to access the desired information.

19.     An on-line information system for providing verified information regarding healthcare providers, the system comprising:

a compilation module for compiling healthcare provider-verified information;

a compilation module for compiling patient-provided information;

a compilation module for compiling healthcare provider information verified by an independent third party;

a creation module for creating a healthcare provider report using the provider-verified information, the patient-provided information, and the independently verified information; and

a computing system with access to healthcare provider information stored in a database, wherein patients may search the database and review healthcare provider reports to differentiate among healthcare providers.

20.     The on-line information system defined in claim 19, wherein:

the healthcare provider report is obtained through one of a predetermined Web page that provides search capabilities on its database or a third-party search engine; and

the search capabilities of the predetermined Web page permit searching based on one or more of name, medical specialty, gender, state, city, procedure, diagnosis, procedure, or location criteria.

HG0000207