**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

---

**HEALTH GRADES, INC.'S MOTION FOR LEAVE TO SERVE
ONE REQUEST FOR INSPECTION UNDER FED. R. CIV. P. 34(a)(2),
OR IN THE ALTERNATIVE, HEALTH GRADES' MOTION FOR
RECONSIDERATION OF THE ORDER DENYING ITS MOTION TO COMPEL
PRODUCTION OF A DEMONSTRATION SYSTEM (DKT. 192)**

---

## I.      INTRODUCTION



Health Grades accuses MDx of willfully infringing its U.S. Patent No. 7,752,060 by making, using, selling, and offering for sale its on-line information system for connecting doctors with patients.  While much of the accused system is accessible to the public at www.vitals.com, there is a portion of the system that requires a physician's log-in credentials as shown in the screenshot to the right.  (Screenshot from http://www.vitals.com/v/index.php?v=user/show_register (Exhibit A hereto).)

Health Grades served discovery requests seeking various types of demonstrations of this functionality. (Health Grades First Set of Document Requests at 9-12 (Request Nos. 2(e), (f), (h), and (p)) (Dkt. 126-6).) When MDx refused to provide any product demonstrations in any form, Health Grades filed a motion seeking an order compelling MDx to comply with Document Request Nos. 2(e), (f), (h), and (p) by producing:

(1) Physician Log-In Credentials: log-in credentials to access an on-line demonstration of the www.vitals.com website that would allow Health Grades' technical expert to demonstrate the software as if he were a physician; and

(2) Demonstration System: a copy of demonstration code (i.e. executable code) and database data for the accused website that would be sufficient to allow Health Grades to understand the function and operation of the accused products.

(Health Grades, Inc.'s Motion to Compel Discovery Pursuant To Local Patent Rule 3-3 and Rules 37(a)(3)(B) And 37(a)(5) of The Federal Rules of Civil Procedure ("Motion to Compel") at 7-9 (Dkt. 126); Health Grades' Reply in Support of its Motion to Compel ("Reply") at 7-8 (Dkt. 140).) This Court denied this portion of Health Grades motion and refused to compel either the Physician Log-in Credentials or the Demonstration System, stating:

> DENIED insofar as HG seeks an order requiring MDx to provide demonstrations of the accused products. HG did not make a request to permit entry pursuant to Fed. R. Civ. P. 34(a)(2), which is the relief sought. In addition, the parties agreed not to seek source code, which is required "to create and use a working version of the Accused Products," and HG has offered no reasonable explanation for how MDx could comply with Production Request No. 2(e), (f), or (p) without requiring the disclosure by MDx of its source code . . . .

(Dkt. 192 at 2-3.)

Health Grades seeks leave to propound a single request for inspection under Fed. R. Civ. P. 34(a)(2) to inspect MDx's on-line demonstration system. Although fact discovery does not

2

2003667653_2

close until June 15, 2012, the parties agreed they would need to show good cause to serve any new discovery after February 15, 2012.  Good cause exists here because Health Grades has been diligent in seeking a demonstration of MDx's accused website.  Further, Health Grades proposes to inspect the on-line demonstration system during a deposition of MDx, wherein the MDx witness would run the demonstration on a computer, thereby removing any risk of harm to MDx's system.

In the alternative, Health Grades respectfully requests reconsideration of the Order denying its request to compel MDx to produce a copy of a Demonstration System because this order was based on errors of fact:  Source code is different from executable code and producing demonstration code to Health Grades will not require disclosure of MDx's source code.  Health Grades did not have an opportunity to present these facts earlier because MDx did not even mention its source code, let alone raise any concerns about disclosure of its source code until the hearing before this Court on April 26, 2012.  In any event, Request Nos. 2(e) and 2(f) do *not* request source code and do *not* require disclosure of source code.  Thus, this Court should reconsider its order and compel MDx to comply with these document requests.

**II.      THERE IS GOOD CAUSE FOR ALLOWING HEALTH GRADES TO SERVE ONE LIMITED REQUEST FOR INSPECTION UNDER FED. R. CIV. P. 34(a)(2)**

Health Grades seeks leave to serve a single request to permit entry and inspection of MDx's on-line demonstration system pursuant to Fed. R. Civ. P. 34(a)(2).

Fact discovery was originally scheduled to close on January 16, 2012.  (Dkt. 34 at 9.)  This was extended to February 16, 2012. (Dkt. 90 (granting joint motion at Dkt. 86).)  When the parties jointly moved to extend discovery first from February 16 to March 16, and then again

from March 16 to June 15, they agreed that they would not be allowed to propound new fact discovery absent a showing of good cause. (Parties' Joint Motion to Amend Scheduling Order to Modify Deadlines at 4 (Dkt. 132) ("the foregoing extensions are to resolve previously served discovery requests and deposition notices in this case, and that no other written discovery or depositions will be allowed absent a showing of good cause."); Parties' Joint Motion to Amend Scheduling Order to Modify Deadlines at 4 (Dkt. 160) (same).

In this context, good cause focuses on the diligence of the party seeking amendment of the deadlines. *See, e.g., Rehberg v. City of Pueblo*, No. 10-cv-01719-MSK-KLM, 2011 U.S. Dist. LEXIS 104205 (D. Colo. Sept. 14, 2011).  Here, Health Grades has been very diligent in seeking to obtain a demonstration of the accused MDx website with respect to the password protected physician functionality:

- July 2011:  Health Grades served four separate document requests seeking documents sufficient to show the function and operation of MDx's website, including Requests 2(e) and 2(f) referenced above, which sought a demonstration of the accused website.

- December 15, 2011:  Health Grades verbally asks MDx to produce log-in credentials to satisfy its request for a demonstration.  MDx says it will consider this issue. (Ex. 12 to Motion to Compel (Dkt. 140-1 at p. 4).)

- January 6, 2012:  Health Grades asks MDx to respond to its request for log-in credentials. (*See id.*).

- January 14, 2012:  MDx completes its document production.  (E-mail from Scott Murray to Jesús M. Vázquez dated January 09, 2012 10:47 AM (Ex. E hereto).)  *MDx did not produce a demonstration system.*

- January 13-18, 2012:  Parties continue to confer regarding this issue.

- January 24, 2012:  Health Grades filed a motion to compel a copy of a demonstration system and log-in credentials to an on-line demonstration.  (Motion to Compel, dated 1/24/12 (Dkt. 124).)  By this time, it was too late for Health Grades to serve a request for inspection without showing good cause.

4

- April 26, 2012:  This Court denied Health Grades' motion to compel a demonstration system and log-in credentials to an on-line demonstration reasoning that Health Grades should have requested the log-in credentials under Rule 34(a)(2) instead of Rule 34(a)(1).

- May 10, 2012:  Health Grades files this motion for leave to serve a request to inspect the on-line demonstration system.

As such, good cause exists to allow Health Grades to propound a single request for inspection of MDx's on-line demonstration system pursuant to Rule 34(a)(2).[1]  A copy of the Rule 34(a)(2) request, which is being served on MDx simultaneously with this motion, is attached as Exhibit F.

At the hearing on the Motion to Compel, MDx raised a concern that it did not want Health Grades to have unfettered access to tamper with MDx's on-line demonstration system. To address this concern, the on-line demonstration could be accessed and inspected during a Rule 30(b)(6) deposition of MDx wherein the MDx witness would actually run the demonstration in response to questions from Health Grades' counsel.  MDx could shield the log-in credentials to protect their confidentiality.

### III.  THE ORDER DENYING HEALTH GRADES' MOTION TO COMPEL MDx TO PRODUCE DEMONSTRATION CODE WAS BASED ON ERRORS OF FACT

#### A.  Source Code is Different From Demonstration Code

A district court "always has the inherent power to reconsider its interlocutory rulings, and we encourage a court to do so where error is apparent." *Warren v. Am. Bankers Ins.*, 507 F.3d

---

[1]  While Health Grades has served MDx with the maximum number of requests for production permitted by the Scheduling Order (Dkt. 34 at 9), this Court found that Health Grades' request for Log-In Credentials is a request for inspection under Fed. R. Civ. P. 34(a)(2). (Dkt. 192 at 2-3.)  The Scheduling Order did not place a limit on the number of requests for inspection. (Dkt. 34 at 9.)

5

1239, 1243 (10th Cir. 2007). Here, this Court's decision denying Health Grades' motion to compel MDx to respond to Request Nos. 2(e), 2(f), and 2(p) was predicated on errors of fact, namely that source code is the same as demonstration or executable code and that disclosure of source code is required to produce a copy of demonstration code to Health Grades. Neither of these is true.

By way of background, there are different kinds of computer software code. "<u>Source code</u> consists of human-readable statements written by a programmer in a programming language."[2] In contrast, "<u>machine code</u> consists of numerical instructions that the computer can recognize and execute and that were converted from source code."[3] Machine code is also referred to as "object code," "executable code", and/or an "executable program."[4] Source code

---

[2] *Microsoft Computer Dictionary*, Fifth Edition, p. 106 (Microsoft 2002) ("code"); p. 491 ("source code") (attached hereto as Exhibit B); *see also* The Free Online Encyclopedia, http://encyclopedia2.thefreedictionary.com/source+code:
> "Source Code: Programming statements and instructions that are written by a programmer. Source code is what a programmer writes, but it is not directly executable by the computer. It must be converted into machine language by compilers, assemblers or interpreters."

(attached hereto as Exhibit C).

[3] *Microsoft Computer Dictionary*, Fifth Edition, p. 106 (Microsoft 2002) ("code"); p.372 ("object code . . . most commonly refers to machine code that can be directly executed by the system's central processing unit (CPU) . . . ."); p. 322 ("machine code") (attached hereto as Exhibit B).

[4] *Microsoft Computer Dictionary*, Fifth Edition, p. 106 (Microsoft 2002) ("code"); p.372 ("object code"); p. 322 ("machine code"); p. 200 ("executable program") (attached hereto as Exhibit B); see also The Free Dictionary, http://en.wiktionary.org/wiki/executable_code:
> "executable code . . .: (computing) Instructions for a computer in a form the computer can directly use (i.e. which it can execute). Derived from source code by compiling or assembling and linking."

(attached hereto as Exhibit D).

needs to be compiled into machine code before it can be executed by a computer.[5]  Source code is often considered to be highly confidential and proprietary because it may be used to reverse engineer the software, which is something that cannot be done with executable code alone.  By way of example, when you purchase a copy of Microsoft® OFFICE, you receive a copy of executable code either on CD-ROM or via download from the Internet – you do *not* receive Microsoft's source code.  The executable code allows you to run the software, and demonstrate the functionality, but does not allow you to reverse engineer the software at every level.

In this case, the Local Patent Rules required MDx to produce "source code" for the accused products.  (Local Rule 3-4(a) (Dkt. 34 at p. 21.)  However, the parties agreed that they would not produce *source code* to each other in the case.    Health Grades did *not* agree that MDx would be exempt from producing executable code – in fact, Document Request Nos. 2(e) and 2(f) are directed specifically to executable code (and not source code):

> A copy of each **executable and demonstration** version of the Accused Products code, including all DLL (Dynamic Link Library) files, databases (such as sample or test databases) and other software objects and connections necessary to create and use a working Accused Products;

(*See, e.g.,* Health Grades First Set of Document Requests, Request No. 2(e) at 9-12 (emphasis added) (Ex. 6 to Dkt. 126).)  Compliance with these requests will not require MDx to disclose its source code to Health Grades for the same reasons that Microsoft does not need to disclose its source code to allow you to use Microsoft® OFFICE.

Moreover, there is a Protective Order in place in this case that is more than adequate to address any concerns that MDx may have about the confidentiality of demonstration code.

---

[5] *Microsoft Computer Dictionary*, Fifth Edition, p. 106  (Microsoft 2002) ("code"); p. 491 ("source code") (attached hereto as Exhibit B).

7

### B. MDx Raised its Source Code Argument for the First Time at the Hearing on the Motion to Compel

Health Grades' Motion to Compel sought an order compelling MDx to comply with Request Nos. 2(e), (f), and (p) by producing a copy of its Demonstration System:

> (3) Produce documents responsive to Document Request Nos. 2(e), (f), (h), and (p), which include a demonstration version of the accused software/websites (or log-in credentials for an on-line demonstration system) that are sufficient to allow Health Grades to understand the structure, function, operation of these products.

(Motion to Compel at 14 (highlighting added) (Dkt. 126).) MDx's opposition brief focused exclusively on the argument that these requests are requests for the production of documents whereas log-in credentials to an on-line demonstration system require an entry and inspection pursuant to Rule 34(a)(2), which Health Grades did not request. (MDx's Opposition to the Motion to Compel at 6-7 (Dkt. 135).) During the hearing, MDx argued *for the first time* that Request Nos. 2(e) and 2(f) sought source code and that Health Grades had agreed that MDx did not have to produce source code. While Health Grades argued that demonstration code (i.e., executable code) is different from source code, it did not have access to reference material cited herein to prove this point during the hearing.

As such, Health Grades respectfully requests that this Court reconsider this issue, vacate its order with respect to Document Request Nos. 2(e) and (f), and compel MDx to produce a copy demonstration system as set forth in these requests.

8

### IV.     CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCivR 7.1A

Counsel for Health Grades certifies that he has made reasonable, good-faith efforts to confer with opposing counsel to resolve the disputed matter.  The specific efforts are detailed below:

On May 8, 2012, undersigned counsel for Health Grades corresponded via email with Mr. Stimpson, counsel for MDx, and proposed that MDx's technical witness have the ability to log-in as a physician at the upcoming Rule 30(b)(6) depositions of MDx, in order to demonstrate how physicians can create, edit and manage their profiles, and noted that because MDx's witness would be the one manipulating the software, this arrangement would eliminate MDx's concerns about the risks to its system.

On May 9, 2012, Mr. Stimpson responded by email and flatly rejected Health Grades' proposal, stating:

"Lastly, **we will not agree to additional fact discovery of our website through a physician log-in**, not properly requested during the fact discovery period, through use of our own expert or any other witness.  The question of whether you can have that discovery is now resolved." (Emphasis added.)

On May 10, 2012, undersigned counsel wrote Mr. Stimpson as follows:

"Scott,

We intend to file a motion for leave to serve one request for inspection pursuant to F.R.C.P. 34(a)(2), or alternatively, that the Court reconsider its Order denying our motion to compel production of a demonstration system.  It is clear that you oppose this, given what you wrote in your email below:

9

> "Lastly, we will not agree to additional fact discovery of our website through a physician log-in, not properly requested during the fact discovery period, through use of our own expert or any other witness. The question of whether you can have that discovery is now resolved."

We therefore intend to note in our certificate of conferral that MDx opposes our motion. If this is incorrect please let us know.

Thank you, Jesus"

Mr. Stimpson responded via email as follows:

"The rules require use [sic] to confer. Please let me know a good time (I will be interested to hear your alleged grounds for reconsideration), and maybe we can address other outstanding issues, too. Thank you."

Undersigned counsel then immediately called Mr. Stimpson, but was directed to his voice mail. Undersigned counsel left a voice mail indicating that he was calling in response to Mr. Stimpson's email, and invited Mr. Stimpson to call back to discuss the issues.

As of the time this motion was filed, Mr. Stimpson has not called back. Undersigned counsel will promptly amend this certificate of conferral if necessary as a consequence of any additional conferrals. As of the time this motion was filed, however, it is clear from Mr. Stimpson's flat rejection of Health Grades' proposal that MDx opposes a request for inspection, and likewise opposes the motion asking the Court to reconsider its ruling and to allow Health Grades to inspect via log-in credentials.

10

## V.     CONCLUSION

This Court should grant Health Grades leave to serve a request for inspection of MDx's on-line demonstration system that will allow Health Grades to view a demonstration of the functionality of MDx's website from the perspective of a physician with log-in credentials, or in the alternative, vacate its order denying Health Grades' Motion to Compel MDx to respond to Document Request Nos. 2(e) and 2(f) and order MDx to produce a copy demonstration system to Health Grades.

Respectfully submitted this 10th day of May, 2012.

ROTHGERBER JOHNSON & LYONS LLP

*s/ Jesús M. Vázquez*
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Jeffrey D. Phipps, Esq.
1200 17th Street, Suite 3000
Denver, Colorado  80202
Tel:  (303) 623-9000
Fax:  (303) 623-9222
Email:  kkosto@rothgerber.com
            jvazquez@rothgerber.com
            jphipps@rothgerber.com

*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of May, 2012, I electronically filed the foregoing HEALTH GRADES, INC.'S MOTION FOR LEAVE TO SERVE ONE REQUEST FOR INSPECTION UNDER FED. R. CIV. P. 34(a)(2), OR IN THE ALTERNATIVE, HEALTH GRADES' MOTION FOR RECONSIDERATION OF THE ORDER DENYING ITS MOTION TO COMPEL PRODUCTION OF A DEMONSTRATION SYSTEM (DKT. 192) with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Scott David Stimpson | Terence M. Ridley |
| Mark Jon Rosenberg | Wheeler Trigg O'Donnell, LLP |
| David Chunyi Lee | 1801 California Street, #3600 |
| Sills Cummis & Gross P.C. – New York | Denver, CO  80202-2617 |
| 30 Rockefeller Plaza | Email: ridley@wtotrial.com |
| New York, NY  10112 | |
| Email: sstimpson@sillscummis.com | Ramona L. Lampley |
| Email: mrosenberg@sillscummis.com | Wheeler Trigg O'Donnell, LLP |
| Email: dlee@sillscummis.com | 1801 California Street, #3600 |
| | Denver, CO  80202-2617 |
| | Email: lampley@wtotrial.com |

*s/ Jesús M. Vazquez*
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Jeffrey D. Phipps, Esq.
Rothgerber Johnson & Lyons, LLP
1200 17th Street, Suite 3000
Denver, Colorado 80202-5855
Tel:     (303) 623-9000
Facsimile: (303) 623-9222
Email:  kkostolansky@rothgerber.com
            jvazquez@rothgerber.com
            jphipps@rothgerber.com

*Attorneys for Plaintiff Health Grades, Inc.*

12