**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S OPPOSITION TO HEALTH GRADES' MOTION TO
COMPEL DISCOVERY AND FOR AN AWARD OF FEES**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by its undersigned counsel, hereby opposes Plaintiff Health Grades, Inc.'s ("Health Grades") Motion to Compel Discovery and for an Award of Fees and Costs Pursuant to Rules 36(a)(6), 37(a)(3)(B) and 37(a)(5) of the Federal Rules of Civil Procedure (the "Motion", dkt. # 189).

This case is for alleged infringement of United States Patent No. 7,752,060 ("the '060 patent"). The '060 patent describes and claims a manner of providing information about healthcare providers – a request for information is provided, information is collected, and a report is generated. The Health Grades requests for admission at issue here are not relevant or reasonably calculated to lead to the discovery of admissible evidence, and are highly prejudicial.[1]

---

[1] Health Grades raised various objections in its Motion, but MDx addresses here the only objections that are still at issue after conferral on these issues with Health Grades.

## I.     REQUESTS 5-11, 19: THE "CAPABILITY" ISSUE

The normal use of requests for admission by patent plaintiffs is to seek admissions as to claim elements – simple requests that seek admission that claim elements are present in the accused device or process.  *See e.g., Pulse Med. Instruments, Inc. v. Drug Impairment Detection Servs.,* 2009 U.S. Dist. LEXIS 55571, at *4-5, 43-45 (D. Md. Mar. 20, 2009) (requests for admission that track the claim language); *Genlyte Thomas Group LLC v. Nat'l Serv. Indus.*, 262 F. Supp. 2d 747, 752 (W.D. Ky. 2003) (noting that the defendant admitted in its "answer to Plaintiff's requests for admission that the claim elements were present in the accused device.")  Why, then, does Health Grades avoid that common and direct approach, and only ask if the MDx website is "capable" of satisfying the claim elements?

The answer is apparent: Health Grades is now realizing that several claim elements are not met.  Thus, Health Grades wants to get admissions that the www.vitals.com website was only ***capable*** of satisfying these various elements (not that it actually did).   This "smoke and mirrors" approach to the infringement issue, however, does not withstand Federal Circuit muster.

There is absolutely no probative value to these requests, and they do nothing to resolve any issue in this case.  For example, this Court's website is "capable" of receiving information from third parties about a physician; it is "capable" of receiving a request for information about a physician, etc.  Will the Court be the next entity accused of infringing this patent?  No one would argue that to be case, and the reason is that ***mere capability*** proves absolutely nothing about patent infringement.

Health Grades cites cases that are entirely distinguishable due to the patent claims at issue.  For example, at page 10 of its Motion, Health Grades tries to analogize claim 15 of the

2

'060 patent to the claim at issue in the *Finjan* case, just because claims here and in *Finjan* both contain the same words "when executed." What Health Grades fails to address, however, is that the language of claim 15 of the '060 patent requires much more. Claim 15 says only that "when executed" certain information is accessed or compiled, and a report is created.

But the requests at issue here are directed other claim elements. They are directed not to the process of compiling or accessing the information, but to the information itself and how it was (past tense) obtained. The claim says this information was, for example, "***received*** from the first healthcare provider" (dkt. #3, U.S. Patent No. 7,752,060, 22:19-23), or "***received*** from an on-line patient experience survey" (*id.* at 22:29-35), or "***verified*** by an independent third party source" (*id.* at 22:40-42), etc. According to the clear claim language, these are not things that might happen upon later execution of the software – they are things that already must have actually happened. And these are the things to which the Health Grades requests for admission are directed, not the actions that happen "upon execution" of the software (*e.g.*, Requests 5-11, 19). Accordingly, there is no proper analogy to the *Finjan* case. *Cf. Mikkelsen Graphic Eng'g Inc. v. Zund Am., Inc.,* 2011 U.S. Dist. LEXIS 141548, at *16-17 (E.D. Wisc. Dec. 8, 2011) (distinguishing *Finjan* because the claim terms in that case also were not directed to the software).[2]

Health Grades asserts relevance because, along with the "capable" qualification, it includes the actual claim language in these requests. But including language from the claims

---

[2] Health Grades did not explain their position, or direct MDx counsel to the "when executed" language of claim 15 during the meet and confer. This Health Grades argument, however, makes sense for requests for admission 4 and 22-23, because these requests are directed to claim requirements that happen upon execution. Accordingly, MDx is supplementing responses to those requests.

3

does not save Health Grades. That is, the requests are fatally flawed because they dance around the issue of whether the claim language is <u>actually</u> met, focusing instead only on whether the MDx website is "capable" of meeting the claim elements. Had Health Grades simply drafted the request directly (*e.g.*, "Admit that the www.vitals.com website has specialty information received from the first healthcare provider,") there would be no objection.

## II.     OTHER REQUESTS FOR ADMISSION: 3, 14-18

Request for admission 3 is answered, so Health Grades' Motion to compel another response makes no sense.

Requests for admission 14-18 do not track the claim language and so are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence – nothing in the claim language discusses receipt from third parties, but rather they all require *verification* from third parties. Health Grades is deliberately conflating these two concepts.

## III.    CONCLUSION

For all the foregoing reasons, MDx respectfully requests that the Court deny the Health Grades Motion to compel in its entirety.

Dated:  May 21, 2012                                  Respectfully submitted,


*s:/Scott D. Stimpson*
Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: sstimpson@sillscummis.com
E-mail: smurray@sillscummis.com

4

E-mail: dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Ramona Lampley, Atty. No. 37288
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com
E-mail: lampley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2012, I electronically filed the foregoing MDX MEDICAL, INC.'S OPPOSITION TO HEALTH GRADES' MOTION TO COMPEL DISCOVERY AND FOR AN AWARD OF FEES with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez , Jr.**
  jvazquez@rothgerber.com, phenke@rothgerber.com

- **Kris John Kostolansky**
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- **Jeffrey David Phipps**
  jphipps@rothgerber.com, kmeans@rothgerber.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Scott B. Murray**
  smurray@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

- **Ramona L. Lampley**
  lampley@wtotrial.com, keitlen@wtotrial.com


_s:/   David C. Lee_____