IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**MDX MEDICAL, INC.'S OPPOSITION TO HEALTH GRADES MOTION FOR LEAVE TO SERVE ONE REQUEST FOR INSPECTION OR IN THE ALTERNATIVE FOR RECONSIDERATION OF THE ORDER DENYING ITS MOTION TO COMPEL PRODUCTION OF A DEMONSTRATION SYSTEM (DKT. # 192)**

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, hereby opposes Plaintiff Health Grades, Inc.'s ("Health Grades") Motion for Leave to Serve One Request for Inspection Under Fed. R. Civ. P. 34(a)(2), Or In the Alternative, Health Grades, Inc.'s Motion for Reconsideration of the Order Denying Its Motion to Compel Production of a Demonstration System (the "Motion", Dkt. #196).

**I.  THERE IS NO GOOD CAUSE TO MODIFY THE SCHEDULE**

The "good cause" standard of Rule 16(b)(4) requires a movant to show that it could not meet a scheduled deadline despite diligent efforts. *James v. Fenske,* 2012 U.S. Dist. LEXIS 22663, at *5-6 (D. Colo. Feb. 23, 2012). The focus is on diligence. *Id.* "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Colo. Visionary Acad. v. Medtronic, Inc.,* 194 F.R.D. 684, 687 (D. Colo. 2000), (*quoting Dilmar Oil*

*Co., Inc. v. Federated Mutual Ins. Co.*, 986 F. Supp. 959 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997)); *Ofiesh v. Western Stock Show Ass'n*, 2011 U.S. Dist. LEXIS 143230 (D. Colo. Dec. 13, 2011)(same).

Before the first fact discovery deadline, Health Grades asked for this website access and was told that the discovery required a request for inspection. (Exhibit A- Email correspondences between Scott Murray and Jesus Vazquez.) But Health Grades sat on its hands, and refused to take even the simple step of serving a request to inspect then. It was not until now, about five months after it orally requested this website access, and nearly a year since the beginning of discovery that Health Grades has finally tried to serve the request. Health Grades had many months of discovery, and simply failed to serve a request for this. *Cf. Handy v. Cummings*, 2012 U.S. Dist. LEXIS 48098, at *4 (D. Colo. Apr. 4, 2012) (illness and admission to hospital prior to close of fact discovery not good cause, where plaintiff had months of discovery period in which to attend to discovery). Because Health Grades was not diligent, there is a lack of good cause to extend the scheduling order under Rule 16(b)(4), and the request for leave should accordingly be denied.[1]

Where, as here, there has been a lack of diligence and no good cause, prejudice is irrelevant. *Demmer v. Fitzgibbons*, 2012 U.S. Dist. LEXIS 33857, 7-8 (D. Colo. Mar. 14, 2012). Even if prejudice was relevant, however, it is abundant here. For example, if Health Grades is allowed to take this discovery after the close of fact discovery, and if their expert will rely on it

---

[1] Health Grades suggests that, instead of having its expert gain access to the MDx system, they will depose a witness of MDx having such access. Health Grades Brief at 3. Health Grades already made and lost this argument, too. *See, e.g.,* Transcript pages, Exhibit B at 45. Moreover, by the time this belated motion is resolved, the MDx depositions will be long since done – the depositions are scheduled for June 5-7.

2

as they request, it will require a second round of expert reports and rebuttal expert reports to address it, and likely additional expert depositions as they too will surely be completed by the time this motion is decided and all the logistics of this intrusion into the MDx property are worked out. In fact, an inspection may well lead to another round of briefing, since this Health Grades motion is so thin on details (*e.g.*, whether access to the actual MDx website will be allowed; resolution of the inevitable technical issues that will arise; who will be allowed to attend the inspection; whether the Health Grades expert will be allowed over the MDx objection to make any changes or edits, or to print and retain highly confidential material; whether the MDx expert will also attend; working out scheduling of the involved experts and counsel; what parts of the MDx website the expert will be allowed to visit and what parts are out of bounds; and for each section of the website whether and to what extent changes and edits will be allowed and what sections must remain untouched and only viewed; etc.). Thus, even if prejudice was relevant, the prejudice to MDx would be substantial. The schedule in this case has already been extended multiple times, and MDx should not be forced to incur this additional expense and delay in removing the cloud of this highly-questionable patent infringement allegation from its business.

## II.     THERE IS NO BASIS FOR RECONSIDERATION

Health Grades alternatively seeks reconsideration of the Court's order denying its first motion to compel an inspection (Dkt. #196). Reconsideration requires (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *Winkler v. Hickenlooper,* 2012 U.S. Dist. LEXIS 68818, at *2 (D. Colo. May 17, 2012); *Gen. Steel Domestic Sales, LLC v. Chumley*, 2011 U.S. Dist. LEXIS

3

66896, at *2 (D. Colo. June 22, 2011)(same).  Without identifying these possible grounds, Health Grades launches into its argument about how the Court was supposedly confused about the difference between source code and demonstration code.  This is no basis for reconsideration, for several reasons.

First, the Court understood exactly the meaning of demonstration code, as shown by the hearing transcript, and there was no error of fact as Health Grades alleges:

> THE COURT:  So can you create a dummy system of your system that you could just hand to them on a hard drive and say here's a dummy, it's not hooked up live so you can't go in and change anything but you can manipulate it as if it were part of our system and that's good enough to show how it works?
>
> MR. VASQUEZ:  Whether we can create one of the Health Grades system, Your Honor?
>
> THE COURT:  Right.
>
> MR. VASQUEZ:  Well --
>
> THE COURT:  Because if you can't –
>
> MR. VASQUEZ:  I -- I --
>
> THE COURT:  -- I bet they can't.
>
> MR. VASQUEZ:  Well, I guess I cannot answer that.  I would have -- I think we could, but this would all be solved -- I mean, they never asked us for a dummy, they never asked us for a functional equivalent.  We have as you can see.  But the easiest way to do this is just to allow the access via user name and login . . . .

(Exhibit B, pp. 42-43).  The dummy system addressed by the Court is what Health Grades means by "demonstration code".  Motion, at p.7.  Contrary to Health Grades' allegations, the Court had no misunderstanding and there was no error.

Second, as the Court suspected, it is not feasible to create a dummy system of the vast MDx website on a hard drive to hand over to Health Grades.  Id. at 43.  Health Grades

4

incorrectly analogizes a demonstration system of the MDx website to copies of Microsoft® OFFICE on a CD-ROM (Motion, at 7), but this analogy is not even remotely accurate. While the Vitals.com website is not quite as large, a more appropriate analogy would be, for example, the eBay.com website or the Amazon.com website, *i.e.*, online systems implemented using complex computer architectures and containing millions or billions of pieces of data. Unlike Microsoft® OFFICE, it is simply not feasible to put substantial online systems on a hard drive and hand it over. Dkt. #192 at 2-3 ("HG has offered no reasonable explanation for how MDx could comply with Production Request 2(e), (f), or (p) without requiring the disclosure by MDx of its source code….").

        Third, there is no basis for reconsideration. That is, the alleged demonstration code is not a ***new fact*** as required for reconsideration – it is instead an old fact that Health Grades did argue. Exhibit B at 35 ("demonstration code is not source code, Your Honor. All it – and I think counsel will agree to that"; "we're not asking for source code here, we're asking for demonstration code."). The Court and counsel for MDx also addressed it. *Id.* at 37 (THE COURT: "I did hear Mr. Vasquez say there's a difference between source code and demonstration code."); page 38 (MR. STIMPSON: "I just don't know what demonstration source code is. . . . ."); page 42 (THE COURT: "So can you create a dummy system of your system that you could just hand to them on a hard drive . . . ."). The Court simply found Health Grade's argument unpersuasive. Thus, this issue regarding demonstration code is not a new fact justifying reconsideration. Instead, it is an old fact, and one that was thoroughly argued and considered by the Court.

5

Fourth, even if it was feasible to build a dummy system on a hard drive (it is not), there is no practical difference between such a demonstration system and an inspection of the MDx website itself, as both would be an inspection of MDx's property. That is, the Court denied the motion because Health Grades did not serve a request to inspect (Dkt. #192 at 2-3) – any difference between a demonstration system and the MDx website is irrelevant.[2]

### III. AGAIN, HEALTH GRADES FAILED TO COMPLY WITH RULE 7.1

Health Grades has consistently ignored Local Rule 7.1A. In connection with this latest motion, Health Grades sent an email late in the afternoon of May 10 – the very day this motion was filed -- mentioning this motion for the first time. (Exhibit C- - Email correspondences between Scott Stimpson and Jesus Vazquez.) Obviously anticipating a Rule 7.1 problem, Health Grades' counsel referenced *earlier* correspondence (correspondence created before Health Grades had ever even mentioned this possible motion), and claimed that *prior* correspondence satisfied Rule 7.1. Counsel for MDx disagreed, and requested a conference to discuss the motion, specifically mentioning interest in discussing the alleged grounds for Health Grades seeking reconsideration. There was no conference. Nevertheless, Health Grades barged ahead and filed this motion – the same day the motion was first mentioned, and despite the request of counsel for MDx for a discussion.

---

[2] Health Grades complains that MDx opposed the Health Grades motion only on the basis that it was a request for inspection, and that MDx argued the source code difference for the first time at the hearing. Health Grades Brief at 8. What Health Grades fails to mention, however, is that its original motion did not request production of source code, or demonstration code – in fact, Health Grades' original motion expressly distinguished the two and sought only the inspection. Dkt. #126, pp. 7-9, *see, e.g.,* n. 1 (explaining that its request for log-in credentials is narrower and less onerous than a request for demonstration code). It's Reply on its original motion similarly only sought an inspection. Dkt. #140 at 87 ("Health Grades asked that MDx provide it with log-in credentials for its demonstration system rather than requiring MDx to produce an entire demonstration copy of MDx software to Health Grades.")

6

If conduct like this is allowed to satisfy Rule 7.1A, it would be a hollow and meaningless Rule.

## IV.     CONCLUSION

For all the foregoing reasons, MDx respectfully requests that the Court deny the Health Grades motion in its entirety.

Dated:  June 4, 2012                                        Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: sstimpson@sillscummis.com
E-mail: smurray@sillscummis.com
E-mail: dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Ramona Lampley, Atty. No. 37288
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com
E-mail: lampley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2012, I electronically filed the foregoing MDX MEDICAL, INC.'S OPPOSITION TO HEALTH GRADES MOTION FOR LEAVE TO SERVE ONE REQUEST FOR INSPECTION OR IN THE ALTERNATIVE FOR RECONSIDERATION OF THE ORDER DENYING ITS MOTION TO COMPEL PRODUCTION OF A DEMONSTRATION SYSTEM (DKT. # 192), was deposited with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez , Jr.**
  jvazquez@rothgerber.com, phenke@rothgerber.com

- **Kris John Kostolansky**
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- **Jeffrey David Phipps**
  jphipps@rothgerber.com, kmeans@rothgerber.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Scott B. Murray**
  smurray@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

- **Ramona L. Lampley**
  lampley@wtotrial.com, keitlen@wtotrial.com

_s:/_  David C. Lee