# EXHIBIT A

# Lauren Siber

**From:** Scott Murray
**Sent:** Friday, January 13, 2012 9:37 AM
**To:** 'Vazquez, Jesus'
**Cc:** Scott D. Stimpson; David C. Lee
**Subject:** RE: Further Conferral re Log-in Credentials we requested on December 15, 2011

Jesus - We have spoken to MDx and believe that we have a proposal that you should find acceptable. However, first, we find it necessary to respond to some of your statements below. First, Document Request No. 2 asks for just that - documents. With its "username/password" request, Health Grades is asking for something much different, which we now better understand. Health Grades is asking for direct access to either: (i) a demonstration version of Vitals.com, or (ii) Vitals.com itself such that Health Grades' technical expert can make changes to the site itself. Neither of these access requests is in any way requested in Document Request No. 2. Health Grades is actually making a request to inspect, and we do not view our request for a formal notice of such request that details the requested access as "ticky-tack." In addition, you admitted on December 15 that the parties had previously agreed not to exchange source code. Thus, in stating, "[y]ou have produced neither," you are again self-servingly mischaracterizing the facts.

Nevertheless, MDx is willing, if Health Grades will do the same, to provide Health Grades' technical expert with access to a fictitious doctor on Vitals.com so that your expert can explore the functionality of Vitals.com as that fictitious doctor. MDx would provide Health Grades' technical expert with a username/password for a fictitious physician profile, in order to obtain such access to the profile. As stated, MDx will only agree to provide this access if Health Grades will allow MDx's technical expert the same access to a fictitious physician profile on its website. Please let us know if this proposal is acceptable to Health Grades.

Regards,
Scott
**Scott Murray**
Member



website | bio | vCard | newsroom | email 

One Riverfront Plaza, Newark, NJ 07102
p (973) 643-5388 | f (973) 643-6500   map

---

**From:** Vazquez, Jesus [mailto:jvazquez@rothgerber.com]
**Sent:** Friday, January 06, 2012 7:00 PM
**To:** Scott Murray
**Cc:** Scott D. Stimpson; David C. Lee
**Subject:** Further Conferral re Log-in Credentials we requested on December 15, 2011

Scott:

Our document requests asked for information that would be sufficient to allow us to understand the function and operation of the accused products. This request covered both source code and product demonstrations. You have produced neither.

At the deposition of Jeff LaPointe on December 15, 2011 (three weeks ago), we indicated to you,

David Lee and Scott Stimpson that we needed to obtain log-in credentials for the vitals.com website that would allow us to demonstrate the software from the point of a physician and a user. We explained that typically an Internet service operator will have a quality assurance site and/or test users whose credentials are used during the Q/A process, and/or used to demonstrate the product to potential consumers. Typically site administrators have log-in credentials giving access to the full functionality of the site as well. We explained that we want to be able to log into the site as a healthcare provider and see the interface that healthcare provider would see and finally to see the effect that these submissions have on the page regarding that provider presented by the site to the general public. In all likelihood, MDx already has log-in credentials they can give to us, so this should not be burdensome *at all*.

We understand you are now taking the position that we must issue a document request specifically asking for this information. We disagree. This request is covered by our document request no. 2, including for example, subsections 2(e), (f), (h), and (p), which are copied below. We would like these credentials by end of day, Tuesday, January 10, 2011. Please let us know by end of day Monday, January 9, whether you will be providing this information to us. If you refuse, we will be forced to file a motion to compel, and we will. We doubt that Judge Boland will take kindly to your ticky-tack contention that we need to file a new document request when the information sought has already been requested and we have been talking about it for quite some time.

### REQUEST NO. 2

All documents and electronically stored information relating to the structure, function, operation, development and implementation of the Accused Products (in whatever form or format they exist, including paper or electronic copy and in whatever computer language or format they may exist (i.e., Java, HTML, XML, C, etc.), including without limitation:

\*\*\*

e.  A copy of each executable and demonstration version of the Accused Products code, including all DLL (Dynamic Link Library) files, databases (such as sample or test databases) and other software objects and connections necessary to create and use a working Accused Products;

f.  A copy of each executable and demonstration version of code for all of the Accused Products currently or previously existing, or to be released in the future, including all DLL (Dynamic Link Library) files, databases (such as sample or test databases) and other software objects and connections necessary to create and use a working version of the Accused Products;

\*\*\*

h.  Training documents including without limitation any documents that are designed to teach someone how to use the Accused Products;

\*\*\*

p.  Documents sufficient to show the performance, specifications and/or functional characteristics and capabilities of the Accused Products.

5/29/2012

5.  "Documents," "Electronically Stored Information," and "Tangible Things" are defined broadly to be given the full scope of those terms contemplated in Federal Rules of Civil Procedure 26 and 34, including, without limitation, any written, printed, typed, recorded, computerized or electronic data, taped, filmed, graphic or other matter, in whatever form, whether in final or draft, however produced or reproduced, and any written or original, master, duplicate, paper copy or electronic copy. "Documents" shall further include all aural, visual records or representations (including, without limitation, photographs, negatives and prints), microfiche, microfilm, film, videotape, sound recordings, and motion pictures and computer, electronic, mechanical or electric records or representations of any kind (including, without limitation, tapes, cassettes, discs, recordings, programs, etc.). "Electronic data" includes without limitation all text files (including word processing documents and presentations), spread sheets, electronic mail documents (emails), instant messages including those saved as files and stored on computer systems, databases, calendars, computer system activity logs, audit trails, data used for electronic data interchange, internet usage files, network access information, voice mail, digitized audio, digital image files, video files *(e.g.,* data stored in MPEG, JPEG, GIF, TIFF and

BMP formats) and any other information stored magnetically, optically or electronically, and data stored on workstations, laptops, network servers, removable media, handheld devices, backup tapes, hard disk drives, diskettes, and other computer media such as magnetic tape, floppy disks, memory sticks and recordable optical disks. "Documents" shall include, without limitation, any record of all or any portions of any discussion, communication, agreement, conversation, interview, meeting, conference, conclusion, fact, impression, occurrence, opinion, report or other similar matter, and also shall include, without limitation, all correspondence, papers, e-mail, cablegrams, mailgrams, telegrams, notes, memoranda, summaries, abstracts, worksheets, books, manuals, publications, engineering reports and notebooks, plats, charts, plans, diagrams, sketches or drawings, photographs, reports and/or summaries of investigations and/or surveys, opinions and reports of appraisers or consultants, projections, corporate records, minutes of board of directors or committee meetings, desk calendars, appointment books, diaries, diary entries and notes, newspapers, magazines, or periodical articles, and other record of any kind. A draft or non-identical copy (including copies with stamps, initials, comments, notations or other markings) is considered a separate document or piece of electronically stored information.

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO  80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.

5/29/2012