# EXHIBIT C

## Lauren Siber

**From:** Vazquez, Jesus [jvazquez@rothgerber.com]
**Sent:** Thursday, May 10, 2012 3:59 PM
**To:** Scott D. Stimpson
**Cc:** Scott Murray; David C. Lee; Kanan, Greg; Kirstin Stoll-DeBell; Kostolansky, Kris J.
**Subject:** RE: Follow-up call re 30(b)(6) topics

Scott,

We intend to file a motion for leave to serve one request for inspection pursuant to F.R.C.P. 34 (a)(2), or alternatively, that the Court reconsider its Order denying our motion to compel production of a demonstration system. It is clear that you oppose this, given what you wrote in your email below:

Lastly, we will not agree to additional fact discovery of our website through a physician log-in, not properly requested during the fact discovery period, through use of our own expert or any other witness. The question of whether you can have that discovery is now resolved.

We therefore intend to note in our certificate of conferral that MDx opposes our motion. If this is incorrect please let us know.

Thank you, Jesus

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO  80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

---

**From:** Scott D. Stimpson [mailto:sstimpson@sillscummis.com]
**Sent:** Wednesday, May 09, 2012 8:52 AM
**To:** Vazquez, Jesus
**Cc:** Scott Murray; David C. Lee; Kanan, Greg; Kirstin Stoll-DeBell; Kostolansky, Kris J.
**Subject:** RE: Follow-up call re 30(b)(6) topics

Jesus, thank you.

Your topics were still too broad and unfocused, and they do not comply with Magistrate Boland's Order that you substantially narrow. While we are willing to talk, in order to help this process along, we have proposed narrowed topics below. Depending on your questions, we may of course have objections at the deposition to privilege and work product, if you try top elicit expert testimony, etc., but those will be addressed at the deposition.

We do not object to having our witnesses testify about the website as you bring up portions of the website at their depositions. None of our fact witnesses, however, will testify as experts,

5/29/2012

and your proposal seems to hint at crossing that line.  Lastly, we will not agree to additional fact discovery of our website through a physician log-in, not properly requested during the fact discovery period, through use of our own expert or any other witness.  The question of whether you can have that discovery is now resolved.

I am unavailable today, but can speak tomorrow at 10 EST, or 11:30 EST.

Regards.

Scott

TOPICS:

Accused Features are defined as:
- general information on Physician Profiles provided by the www.vitals.com website (including summary profiles);
- results lists for physician searches including what information is displayed on each result;
- general information on ratings of physicians within the vitals.com website and/or physician databases;
- Affiliated hospital pages linked to physician profiles;
- Physician advertisements on www.vitals.com website including sponsored listing ads; and
- how physicians are allowed to manage and edit their profiles.

CATEGORIES:
1. The factual bases for the allegations in Defendant's counterclaims, responses and affirmative defenses to Plaintiff's Complaint.
2. The conception of Accused Feature(s) and product(s) incorporating Accused Feature(s). [old topic 3]
3. The general structure, properties, function, and operation of Accused Feature(s) and product(s) incorporating Accused Feature(s).  [old topic 3]
4. Marketing and advertising of the products incorporating Accused Feature(s), generally. [old topic 6]
5. The differences between Defendant's products and services and the claims of the Patent in-Suit. [old topic 19]
8. A general description of the sources of Defendant's revenues and revenues realized by Defendant since July 6, 2010.
9. Sales, offers for sale, licenses, and/or transfers of Accused Feature(s) and product(s) incorporating Accused Feature(s). [old topic 7]
10. Revenues, costs, and profits attributable to Accused Feature(s) and product(s) incorporating Accused Feature(s). [old topic 8]
11. Business plans, market plans, sales or marketing forecasts, budgets, or projections for product(s) incorporating Accused Feature(s).  [old topic 9]
13. The market for websites offering physician information, including identity of Defendant's competitors, competitive products, and the competition between Plaintiff and Defendant
15. Defendant's licensing policies and practices
16. Defendant's knowledge of the Patent-in-Suit. [old topic 15]
17. Any infringement, validity and/or enforceability studies or analyses concerning the Patent-

5/29/2012

in-Suit, including but not limited to all reports, opinions, communications, commentaries, inquiries, searches, and investigations. [old topic 16]

18.     Any alteration of the MDx website and any of its products and services, to avoid infringement or potential infringement of the Patent-in-Suit, including but not limited to the specific change(s) made by Defendant in either December 2010 or January 2011 to avoid infringing the '060 patent. [old topic 20]

19.     Defendant's policies regarding the intellectual property rights of others.   [old topic 29]



Sills Cummis & Gross p.c.
website | bio | v-Card | email
**Scott D. Stimpson**
Member of the Firm

**New York** | Map    d (212) 500-1550    f (212) 643-6500    30 Rockefeller Plaza    New York, NY 10112

---

**From:** Vazquez, Jesus [mailto:jvazquez@rothgerber.com]
**Sent:** Tuesday, May 08, 2012 2:41 PM
**To:** Scott D. Stimpson
**Cc:** Scott Murray; David C. Lee; Kanan, Greg; Kirstin Stoll-DeBell; Kostolansky, Kris J.
**Subject:** Follow-up call re 30(b)(6) topics

Scott:

Per our discussion last week, we have eliminated more than a third of our Rule 30(b)(6) categories and narrowed many others in an attempt to reach a resolution with you.  Please review the revised topics below.  We have indicated in brackets the topic number for the old topic that most closely corresponds to each of the following.  We propose scheduling another phone call tomorrow (Wednesday) to go over each of these in detail.  If you object to any of them, we expect you will be able to tell us why you object so that we can try to resolve the issues.

Additionally, we intend to have a computer running the www.vitals.com website live at the Rule 30(b)(6) deposition relating to the technical categories, e.g. nos. 2-3, 5-6, and 17-18.  We intend to ask the witnesses some questions while referencing the operation of the website and ask the witness to show us some functionality on the website as it relates to those topics.  We will record the demonstration using capture software.  We would like to discuss the possibility of having the technical witness have the ability to log-in as a physician during the deposition and show us how physicians can create, edit, and manage their profiles.  Because MDx's witness will be the one manipulating the software, we think this would eliminate your concerns about the risks to your client's system.

Lets schedule a call to discuss all of this in detail.  We are available for a call tomorrow (Wednesday) anytime between 10:00 am and Noon Denver time, or anytime after 1:30 pm Denver time.

Thanks, Jesus

5/29/2012

---------------------------------------------------

<u>Accused Features</u> are defined as:

- Physician Profiles provided by the www.vitals.com website (including summary profiles);

- Database(s) of physician information;

- Search functions associated with physician profiles on the vitals.com website;

- Search result displays for physician searches including what information is displayed on each result and how MDx makes determinations of what information to display and not to display;

- Ratings of physicians within the vitals.com website and/or physician databases;

- Compare physicians feature shown on pages 71-22 of Ex. B to Heath Grades' original infringement contentions;

- Match score;

- Affiliated hospital pages linked to physician profiles;

- Physician advertisements on www.vitals.com website including sponsored listing ads; and

- Services and/or features that MDx offers to physicians in connection with the vitals.com website, including "Vitals for Doctors," how physicians are allowed to manage and edit their profiles, log-in credentials for physicians, "click-through" to physician websites, appointment bookings and requests, inbound calls from Vitals, prominent displays on list of matches, patient referrals, and optimization of search results.

## CATEGORIES:

1. The pre-filing investigation(s) of, preparation of, and basis for the factual allegations in Defendant's counterclaims, responses and affirmative defenses to Plaintiff's Complaint, including the events that led to such pre-filing investigation(s) and the person(s) involved in the decision(s) to make such allegations. [old topic 2]

2. The conception, design, history, development, and testing of Accused Feature(s) and product(s) incorporating Accused Feature(s). [old topic 3]

3. The structure, properties, function, and operation of Accused Feature(s) and product(s) incorporating Accused Feature(s). [old topic 3]

4. Marketing and advertising of the products incorporating Accused Feature(s). [old topic 6]

5. The differences between Defendant's products and services and the claims of the Patent in-Suit. [old topic 19]

6. A general description of all changes made to Accused Feature(s) and products

incorporating Accused Feature(s) since July 6, 2010. [old topic 26e]

7.     A general description of each and every product or service that is currently being provided by MDx or has been provided by MDx since July 6, 2010. [old topic 30]

8.     A general description of the sources of Defendant's revenues and revenues realized by Defendant since July 6, 2010 and also including a general description key drivers for revenue growth. [old topic 27]

9.     Sales, offers for sale, licenses, and/or transfers of Accused Feature(s) and product(s) incorporating Accused Feature(s). [old topic 7]

10.    Revenues, costs, and profits attributable to or associated with Accused Feature(s) and product(s) incorporating Accused Feature(s). [old topic 8]

11.    Business plans, market plans, sales or marketing forecasts, budgets, or projections for product(s) incorporating Accused Feature(s). [old topic 9]

12.    Marketing reports, marketing analyses, consumer tests, studies and/or surveys concerning product(s) incorporating Accused Feature(s). [old topic 10]

13.    The market for websites offering physician information, including identity of Defendant's competitors, competitive products, and the competition between Plaintiff and Defendant, and any market studies, forecasts, or projections conducted by or on the behalf of Defendant relating to Accused Feature(s) and product(s) incorporating Accused Feature(s). [old topic 11]

14.    Defendant's patents or patent applications related to any of its products and services. [old topic 13*]

15.    Defendant's licensing policies and practices, licenses and/or assignments related to any of Defendant's products and services, and the nature and type of any intellectual property licenses that Defendant has, or is considering obtaining. [old topic 14]

16.    Defendant's knowledge of the Patent-in-Suit. [old topic 15]

17.    Any infringement, validity and/or enforceability studies or analyses concerning the Patent-in-Suit, including but not limited to all reports, opinions, communications, commentaries, inquiries, searches, and investigations. [old topic 16]

18.    Any consideration, plan, or attempt by Defendant to design or alter its website and any of its products and services, and any method of use its website, products and services, to avoid infringement or potential infringement of the Patent-in-Suit, including but not limited to the specific change(s) made by Defendant in either December 2010 or January 2011 to avoid infringing the '060 patent. [old topic 20]

19.    Defendant's policies regarding the intellectual property rights of others. [old topic 29]

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |

5/29/2012

1200 Seventeenth Street | Denver, CO  80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.

NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.