**Kirstin Stoll-DeBell**

| | |
|---|---|
| **From:** | Henke, Peggy J. <phenke@rothgerber.com> on behalf of Vazquez, Jesus <jvazquez@rothgerber.com> |
| **Sent:** | Wednesday, June 06, 2012 10:33 AM |
| **To:** | 'sstimpson@sillscummis.com' |
| **Cc:** | 'dlee@sillscummis.com'; 'SMurray@sillscummis.com'; Kirstin Stoll-DeBell; Kanan, Greg; Kostolansky, Kris J. |
| **Subject:** | License Agreement and Document Production [RJL-Autonomy.FID107834] |

Counsel:

You were compelled to produce by May 10, 2012 complete financial information in response to Health Grades' Document Request No. 4, including all license agreements for MDx products including MDx's database by May 10, 2012.

Judge Boland's April 26, 2010 order stated:

> (e) GRANTED to require MDx to provide complete financial information responsive to Production Request No. 4. The requested information either is relevant to HG's claim for damages or is reasonably calculated to lead to the discovery of admissible evidence; and

(April 26 2012 Order).

Request No. 4 stated:

> **REQUEST NO. 4**
> All documents and things that relate to the nature and extent of any damages suffered by Health Grades as a result of MDX's direct and indirect infringement of the patent in suit, including, without limitation:
> a. Documents that relate to any offers for sale of the Accused Products, any sales of the Accused Products, and/or any revenue associated with the Accused Products, including, but not limited to, documents sufficient to show Defendant's actual and expected gross revenues, net profits, sales, sales prices, membership fees, and advertising revenues;
> b. All annual, semi-annual, quarterly, and monthly reports, or other documents or electronically stored information, that set forth or include your expenses incurred in connection with the Accused Products, including, but not limited to, direct labor costs, selling costs, advertising costs, variable overhead costs, and all other costs associated with the manufacture, distribution, and sale of the Accused Products;
> c. Documents that relate to any agreements, contracts, licenses, permissions, arrangements, memoranda of understanding, term sheets and letters of intent between and among MDX and any other entity pertaining to the acquisition of the right to use any technology relating to the Accused Products, applications, services, processes, including, without limitation, documents related to evaluating the value of such technology;
> . . . .
> i. Documents that relate to or constitute license agreements to which MDX is a party and which refer or relate to MDX's systems, products, applications, services, processes or their components or to Accused Products or their components;
> . . . .

1

**EXHIBIT 9**

     Additionally, Health Grades served iTriage with a subpoena to get the license documents for the license MDx granted to iTriage and/or its parent Aetna.  MDx moved to quash the subpoena.  Health Grades opposed the motion to quash arguing that it needed to get this information from a third party because it had asked for MDx's data licenses and MDx had refused to provide this information:

> Health Grades served MDx with discovery requests seeking information relating to any licenses it has given others for technology related to the accused products and any contracts, agreements, and revenue relating to the accused products. (Health Grades' First Request for the Production of Documents, Electronically Stored Information, and Tangible Things ("Health Grades Document Requests") at pp. 10-14 (Request Nos. 2(k), 2(l), 4(c) (emphasis added) (Ex. 2).) MDx refused to produce this information. (Health Grades' Motion to Compel at 10-11 (Dkt. 126).)  Health Grades filed a motion to compel this information, which is currently pending. (*See id.*)

Health Grades, Inc.'s Opposition to MDx Medical, Inc.'s Motion to Quash Health Grades' Subpoenas to Non-Party iTriage, LLC and iTriage's CEO Peter Hudson at pp. 4-5.  Judge Boland granted MDx's motion because he had compelled MDx to produce license information.

> (6) MDx's Motion to Quash [Doc. # 179] is GRANTED. The issue of the propriety of third party discovery concerning damages, including licensing revenues, may be raised again if discovery from MDx is inadequate.

(April 26 2012 Order).

     <u>You have not produced all license agreements.</u>  For example, you have not produced any agreements with Aetna or iTriage.  Your witnesses have not been able to identify by name all entities who have taken a license to MDx's physician database, so we do not know how many license agreements we are missing.  In any event, we expect you to produce copies of all license agreements immediately.  We are taking the Rule 30(b)(6) deposition of MDx tomorrow and we want to question the MDx witness about these agreements.

     We need these agreements this afternoon so that we will have time to review them before this deposition.  If we are unable to do so because you have not complied with the April 26 Court Order, we will be forced to seek appropriate relief from the Court.

     Thanks,

     Jesús

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO  80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part

thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.