**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**MDX MEDICAL, INC.'S MOTION TO RESTRICT ACCESS TO DOCUMENT –
DOCUMENT NOS. 201, 201-15, 201-16 and 201-17**

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), pursuant to D.C.COLO.L.CivR 7.2, moves this Court for an order continuing the restriction of access to Document Nos. 201, 201-15, 201-16 and 201-17 at a Level 1 restriction, pending entry of a protective order. Plaintiff Health Grades, Inc. ("Health Grades") improperly filed these documents without restriction by ignoring the plain designation: "Attorneys' Eyes Only" designation made by MDx.

The parties have conferred under Local Rule 7.1 and Health Grades opposes this motion, but only for bits and pieces of the documents. *See* Exhibit A hereto. Apparently, Health Grades expects the Court and the parties to select snippets from each of these documents, and somehow keep only those portions confidential.

The Health Grades' position, provided only at the time this motion had to be filed, is disingenuous and unreasonable. Health Grades itself has designated hundreds of thousands of documents "attorneys' eyes only." But here it demands that admittedly internal, non-public

documents of MDx be made publically available. The parties are submitting a joint protective order this week, and that document clearly calls for the parties to meet and confer about specific documents – but Health Grades has utterly failed to comply with that requirement, and instead barges ahead to burden the Court.

In support of this motion, MDx states as follows:

1.  Document 201-15 and 201-16 are MDx documents, discussing proprietary and confidential information regarding the structure, design and marketing of MDx's website, Vitals.com, which is the accused infringing product in this patent infringement action, including discussion of the computer software code used to design MDx's website, which the parties agreed not to exchange in this action. These MDx documents include certain confidential plans that are not implemented yet on the MDx website.

2.  Document 201 contains pictures of MDx confidential documents regarding the structure and design of MDx's website, Vitals.com.

3.  Similarly, document 201-17 is an internal MDx email intended for the recipients.

4.  These documents discuss MDx's internal, proprietary and confidential considerations throughout, and therefore, a Level 1 restriction is necessary to protect the proprietary and confidential nature of the documents regarding the code, structure, design, and marketing of MDx's website and internal MDx communications, and outweighs the presumption of public access.

5.  MDx will suffer significant competitive injury if the code, design and structure considerations used for its website and confidential plans not yet implemented on the MDx website are accessible by the public. For example, the proprietary and confidential MDx

2

information at issue relate in part to placement of MDx's web pages in search engine results, such as Google.com™, which determine the MDx website's visibility to Internet users. Such MDx information, if made publicly available to MDx's competitors, may be used to negatively affect MDx's visibility to Internet users, resulting in competitive harm to MDx.

6. No alternative to restricted access will adequately protect the proprietary business information because the information appears throughout the documents and appropriate redaction would require the redaction of essentially all or most of the documents.

For the foregoing reasons, MDx requests that this Court grant this motion to continue restriction of access to Document Nos. 201, 201-15, 201-16 and 201-17 at a restriction Level 1 pending entry of a protective order.

Dated: June 15, 2012

Respectfully submitted,

*s:/Scott B. Murray*
Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail:sstimpson@sillscummis.com
E-mail:smurray@sillscummis.com
E-mail:dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Tel: (303) 244-1800
Fax: (303) 244-1879
E-mail: ridley@wtotrial.com

3

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

4

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2012, I electronically filed the foregoing MDX MEDICAL, INC.'S MOTION TO RESTRICT ACCESS TO DOCUMENT – DOCUMENT NOS. 201, 201-15, 201-16 and 201-17with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Jesus Manuel Vazquez , Jr.
  jvazquez@rothgerber.com, phenke@rothgerber.com

- Kris John Kostolansky
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- Jeffrey David Phipps
  jphipps@rothgerber.com, kmeans@rothgerber.com

- Scott David Stimpson
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- Scott B. Murray
  smurray@sillscummis.com

- David Chunyi Lee
  dlee@sillscummis.com

- Terence M. Ridley
  ridley@wtotrial.com, norris@wtotrial.com


*s:/Scott B. Murray*