IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

**HEALTH GRADES, INC.'S MOTION TO STRIKE A NEW INVALIDITY ARGUMENT IN MDX MEDICAL, INC.'S THIRD SUPPLEMENTAL INVALIDITY CONTENTIONS**

Pursuant to Rules 16(f) and 37(b)(2)(A) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Plaintiff Health Grades, Inc. ("Health Grades") respectfully moves to strike footnote two and the surrounding argument made by Defendant MDx Medical, Inc. ("MDx") in its Third Supplemental Invalidity Contentions served on October 20, 2011 (Ex. 1 hereto).)

### I.  SUMMARY OF THE ARGUMENT

In violation of the Scheduling Order, without seeking leave of the Court, MDx added new invalidity arguments in the Third Supplemental Invalidity Contentions that it served on Health Grades on May 10, 2012. MDx made the Third Supplemental Invalidity Contentions in compliance with an order compelling MDx to add Bates numbers to each of the previously disclosed public uses that MDx contends are prior art. (April 26, 2012 Order ("Order" or "April 26 Order") (Dkt. 192).) The Order was not an invitation to add new invalidity arguments. Nevertheless, MDx went beyond the scope of that Order by asserting for the first time that Health Grades' U.S. Patent Number 7,752,060 ("the '060 patent") is not entitled to benefit from

2003709771_1

the filing date of provisional application number 60/771,757 ("the '757 application) to which the '060 patent claims priority *and* that the '757 application does not satisfy the enablement and best mode requirements of 35 U.S.C. §112.  MDx's new arguments come almost nine months after the date its invalidity contentions were due.  Further, MDx had all the information it needed to make these arguments well before the deadline for making its original invalidity contentions.  MDx's assertion of this new position is unjustifiable.

Health Grades seeks an order striking this new invalidity defense because the April 26 Order did not permit MDx to add new invalidity theories and MDx was not diligent in seeking leave to amend its invalidity contentions to assert this new defense.

## II.  BACKGROUND

On July 19, 2011, Health Grades served MDx with its Rule 3-1 disclosures indicating that it intended to rely on the priority date of its provisional application:

> F.  **Priority Dates of the Patents (Supplemental Response)**
>
> Plaintiffs contend that each claim of the '060 patent is entitled to a priority date at least as early as the filing date of Provisional application No. 60/771,757, which was filed on February 8, 2006.

(Health Grades, Inc.'s Supplemental Disclosure of Asserted Claims and Infringement Contentions at p. 4 (Ex. 2 hereto).)

MDx served its original invalidity contentions and associated claim chart on August 19, 2011.  (MDx's Invalidity Contentions and Documents Accompanying Invalidity Contentions (Ex. 3 hereto).)  On August 26, 2011, MDx served supplemental invalidity contentions and an associated claim chart.  (MDx's First Supplemental Invalidity Contentions and Documents

2

Accompanying Invalidity Contentions (Ex. 4 hereto).)  On January 23, 2012, MDx served its second supplemental invalidity contentions and associated claim chart.  (MDx's Second Supplemental Invalidity Contentions and Documents Accompanying Invalidity Contentions (Ex. 5 hereto).)  None of these invalidity contentions asserted that the '060 patent was not entitled to priority going back to the provisional application.  None of the invalidity defenses even mentioned Health Grades' provisional application.

On January 24, 2012, Health Grades filed a motion to compel against MDx seeking in part:

> For all of the foregoing reasons, Health Grades requests that this Court order MDx to do the following within 5 days after entry of this order:
>
> (1)   Supplement its invalidity contentions to:
>
> (a)   specifically identify, by Bates number, which specific documents it is relying for each of the following disclosed prior art references:  the HG Report prior art, the GeoAccess prior art, the Subimo prior art, the HealthScope prior art, and the RateMDS prior art;
>
> (b)   provide specific pages cites, using Bates numbers, to show "where specifically in each alleged item of prior art each element of each asserted claim is found."

(Health Grades Motion to Compel at 13-14 (Dkt. 126).)  On April 26, 2012, this Court granted this portion of Health Grades' motion stating:

> (a)   GRANTED to require MDx to: (i) specifically identify, by Bates number, the specific documents it relies on for the prior art references for the HG Report prior art, GeoAccess prior art, Subimo prior art, HealthScope prior art, and Rate MDS prior art; and (ii) provide specific page cites, using Bates numbers, to show specifically in each alleged item of prior art where each element of each asserted claim is found;

3

(April 26 Order at 2 (Dkt. 192)).) This Order did not permit MDx to make any other changes or additions to its invalidity contentions.

On May 10, 2012, MDx served its Third Supplemental Invalidity Contentions, which included a new argument set forth in a footnote:

> Response:   Defendant contends that at least claims 1, 4-9, 11, and 14-16 of U.S. Patent No. 7,752,060 (hereinafter "the '060 Patent") are invalid. In part, these claims are invalid under 35 U.S.C. § 102 and/or § 103 based on at least the following items of prior art.[2]
>
> ---
> [2] The '060 Patent is not entitled to benefit from the earlier filing date of provisional application no. 60/771,757 (the "'757 application") because the '757 application does not meet the requirements of 35 U.S.C. § 112, first paragraph, with respect to the patented claims of the '060 Patent. For example, the '757 application does not contain a written description of at least the following claimed features of the '060 Patent: "comparison ratings of healthcare providers" (claims 1 and 15), "results list further includes an advertisement for the first healthcare provider" (claim 8), and "favorable positioning in the results list" for a member (claim 11). Based at least on these deficiencies, the '757 application also fails to satisfy the enablement and best mode requirements of 35 U.S.C. § 112, first paragraph. Therefore, the '060 Patent cannot benefit from the earlier filing date of the '757 application, under 35 U.S.C. § 119(e).

(Redlined Version of MDx's Third Supplemental Invalidity Contentions at p. 3 and 3 n.3 (Ex. 6 hereto).)

Health Grades seeks to strike this footnote and preclude MDx from making any related arguments at trial.

### III.  ARGUMENT

"To reduce discovery and other litigation costs," the parties agreed, and the Court expressly ordered, that the parties must abide by the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California. (Scheduling Order

4

at p. 6 (Dkt. 34).)  The Scheduling Order set a deadline of August 19, 2011 for MDx's Invalidity Contentions.  (*Id.*)

The Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California (the "Patent Local Rules") are attached to the Scheduling Order as Exhibit A.  (*Id*.)  Section 3-6 of the Patent Local Rules states that "[a]mendment of the Infringement Contentions or the Invalidity Contentions may be made ***only by order of the Court upon a timely showing of good cause.***" (*Id.* (Dkt. 34 at p. 23) (citing Local Rule 3-6) (emphasis added).) Moreover, "[t]he duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions."  (*Id.*)

### A. The April 26 2012 Order Did Not Permit MDx to Add Any New Invalidity Theories

To comply with a recent Court Order granting Health Grades' motion to compel discovery, MDx served its Third Supplemental Invalidity Contentions. (*See* Dkt. 192.) That Court Order stated, *inter alia*:

> GRANTED to require MDx to: (i) specifically identify, by Bates number, the specific documents it relies on for the prior art references for the HG Report prior art, GeoAccess prior art, Subimo prior art, HealthScope prior art, and Rate MDS prior art; and (ii) provide specific page cites, using Bates numbers, to show specifically in each alleged item of prior art where each element of each asserted claim is found;

(*Id*.)

While MDx did comply with this Order by adding the required Bates numbers, MDx went beyond the scope of this Order by adding the additional argument into footnote two of the Third Supplemental Invalidity Contentions. (Redlined Third Supplemental Invalidity

5

2003709771_1

Contentions at p. 3 and 3 n.3 (Ex. 6 hereto).)  As is clear from the express language quoted above, this Court did not grant MDx permission additional arguments into its Third Supplemental Invalidity Contentions.

### B. MDx Does Not Have Good Cause to Add Its New Invalidity Arguments

Both the California courts, and the Federal Circuit Court of Appeals, have stated that "[t]he Patent Local Rules . . . are 'designed specifically to 'require parties to crystallize their theories of the case early in the litigation' so as to 'prevent the 'shifting sands' approach to claim construction.'"  *Tokai Corp. v, Easton Enterprises Inc.*, 2009 U.S. Dist. LEXIS 64669, *5 (C.D. Cal. July 8, 2009) quoting *O2 Micro Int'l Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (construing Patent Local Rules adopted in 2000).  Amendments to contentions may "be made only by order of the Court upon a timely showing of good cause . . ." *Brilliant Instruments, Inc. v. Guidetech, Inc.*, 2011 U.S. Dist. LEXIS 30835, *4 (N.D.Cal. March 15, 2011) quoting Patent Local Rule 3-6. "Good cause under the Patent Local Rules 'requires a showing of diligence' [and] the burden is on the party amending its contentions 'to establish diligence rather than on the opposing party to establish lack of diligence.'" *Brilliant*, 2011 U.S. Dist. LEXIS 30835 at *4 quoting *O2 Micro Int'l*, 467 F.3d at 1366 (emphasis added). The party amending its contentions must show that it "'acted with diligence in promptly moving to amend when new evidence is revealed in discovery.'" *Genentech, Inc. v. The Trustees of the Univ. of Penn.*, 2011 U.S. Dist. LEXIS 108127, *4 (N.D.Cal. September 16, 2011) quoting *O2 Micro*, at 1363 & 1366.  Moreover, the opposing party does not need to show prejudice if the amending party cannot show diligence. *Genentech*, 2011 U.S. Dist. LEXIS 108127 at *4; *see also Tokai Corp.*, 2009 U.S. Dist. LEXIS 64669 at *11 and *O2 Micro*, 467 F.3d at 1368.

MDx was not diligent in adding an invalidity defense that attacks Health Grades' priority claim to the '757 provisional application.  In the realm of patent law, the priority date of a patent (also called the effective filing date) is a basic concept that is often important when considering whether a reference qualifies as prior art under the various subsections of §102.  Indeed, it is so basic that the Local Rules for the Northern District of California require a patent owner to disclose claims of priority as part of their infringement contentions.[1]  (Scheduling Order (quoting Local Rule 3-1(f)) (Dkt. 34 at p. 19).)  Whether the '060 patent claims are entitled to priority to the provisional application involves comparing the issued claims to the provisional application to determine whether the claims have support in the provisional application.  *See* 35 U.S.C. §119(e).  All that was needed for this analysis was the '060 patent and the '757 provisional application.

MDx was aware that the '060 patent claims priority to the '757 application well prior to the August 19, 2011 deadline for its original invalidity contentions as demonstrated by the following:

- The application for the '060 patent was first published on August 9, 2007. (U.S. Pub. No. 2007-0185732 A1 (Ex. 7 hereto).)  Health Grades put MDx on notice of this patent publication on December 15, 2009 in a letter to Mitchel Rothschild, MDx's co-founder and CEO. (MDX0011861 (Ex. 8 hereto).)  The face of the

---

[1] For instance, 35 U.S.C. §102(b) defines "prior art" based on the date of application for the issued patent, stating: "[a] person shall be entitled to a patent unless – (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the *date of the application* for patent in the United States." (emphasis added).  The "date of application" is the date the earliest filed application to which the patent is entitled to priority.  35 U.S.C. §119(e).  This is black letter patent law.

7

published application indicates that it claims priority to the provisional application.

- Second, the claim to priority is also on the face of the '060 patent, which issued on July 6, 2010. (U.S. Pat. No. 7,752,060 (Ex. 9 hereto).)
- The "Undisputed Facts" section of the Scheduling Order states that "[t]he '060 patent claims priority to a provisional application filed on February 8, 2006." (Scheduling Order at 4 (Dkt. 34).)
- Health Grades indicated to MDx that it intended to claim priority to the '757 application on July 19, 2011. (Health Grades' Supplemental Infringement Contentions at p. 4 (Ex. 2).)
- Health Grades produced copies of both the '060 patent and the '757 application on July 28, 2011.  (Letter from Jesus Vazquez to Scott Stimpson, 07/28/2011 (Ex. 10 hereto).)

In sum, if MDx wished to challenge this priority claim, it could have and should have done so in its original invalidity contentions in August 2011.  MDx was not diligent in making this invalidity argument and it is too late for MDx to do so now.

During the parties' meet and confer conference, MDx argued that it had disclosed its arguments attacking Health Grades' priority claim in a phone call on May 4, 2012.  (E-mail from Scott Stimpson to Jesús M. Vázquez and Kirstin Stoll-DeBell dated May 4, 2012 (Ex. 11 hereto).)  During this call, counsel for MDx requested that Health Grades supplement its response to MDx's interrogatory no. 8, which sought contentions why Health Grades disagrees with MDx's invalidity positions.  MDx's request on this issue was unexpected – the purpose of

the phone call was to discuss compliance with the Court's April 26 Order.  Health Grades' counsel responded that they were not aware of the reasons why MDx might challenge the claim of priority and that it was difficult to agree to anything until they understood what the issues were.  (*See id.*)  If anything, this e-mail proves that MDx did not adequately or timely disclose its intent to attack Health Grades' priority claim and further did not timely disclose the specific bases for such an attack.  At no time did Health Grades agree that MDx should be permitted to amend its invalidity contentions to add these new arguments.

Furthermore, although MDx's prior invalidity contentions are silent on the issue of priority, it appears that MDx used the '757 application filing date as the priority date to classify prior art.  Prior patents are a type of prior art that may qualify under §102 subsections (a), (b), and (e).  For example, patent qualifies as prior art under §102(a) if it issued before the "invention date" of the patent in suit.  The "invention date" is at least as early as the earliest filed provisional application to which the patent is entitled to priority.  *See* 35 U.S.C. §119(e).  Thus, in the case, the "invention date" of the '060 patent depends on whether it is entitled to priority to the '757 application or not.  In its invalidity disclosures, MDx has asserted that U.S. Patent No. 7,065,528 is prior art only under §102(e).  (Original Invalidity Contentions at 4 (Ex. 4).)  The '528 patent issued on June 20, 2006, about two months before the application for the '060 application was filed, but four months *after* the '757 application priority date.  As such, the '528 is prior art under §102(a) only if the '060 patent is entitled to priority:

| Is the '060 entitled to priority to the '757 application? | "Invention Date" | Is the '528 patent Prior Art under §102(a)? |
|---|---|---|
| Yes | February 8, 2006 | No |
| No | August 29, 2006 | Yes |

9

MDx asserted that the '528 patent is prior art under §102(e) but not §102(a). If MDx believed that the '060 patent was not entitled to its priority date, MDx surely would have stated in its invalidity contentions that the '528 patent was prior art under 35 U.S.C. §§102(a) *and* (e). Indeed, MDx relied on multiple subsections of §102 for other references, but relied only on §102(e) for the '528 patent. As such, to the extent that anything about the priority date issue can be inferred from MDx's original invalidity contentions, it must be inferred that it assumed Health Grades' '060 patent is entitled to priority to the '757 application.

### C. MDx Failed to Request Leave of Court to Add a New Substantive Argument

As established above, the Court Order dated April 26, 2012 did not order MDx to supplement its invalidity contentions with additional argument. (Dkt. 192.) At no point in time has MDx requested leave of the Court, as required by the agreed upon rules, to supplement its invalidity contentions with this additional argument. Therefore, MDx's attempted addition of substantive argument is without the leave of Court and in violation of the Scheduling Order. For this reason alone, the Court has discretion to strike MDx's supplemental invalidity contentions. See *O2 Micro*, at 1363 quoting *Fed. R. Civ. P.* 16(f*); Fed. R. Civ. P.* 37(b)(2)(B) ("The local patent rules do not specify the actions that the district court may or must take if there is non-compliance with the requirements for disclosure of contentions. However, the rules are essentially a series of case management orders, and the deadlines for submission of contentions in this case were explicitly included in a supplemental case management order. The court may impose any 'just' sanction for the failure to obey a scheduling order, including 'refusing to allow

2003709771_1

the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.'").

## IV.     CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCivR 7.1A

Counsel for the parties conferred regarding this motion in person on June 6, 2012 during a break in the deposition of John Neal.  MDx opposes this motion.

## V.     CONCLUSION

For all the foregoing reasons, Health Grades respectfully requests that the Court: 1) Strike footnote two and surrounding argument added in MDx's Third Supplemental Invalidity Contentions; and 2) preclude MDx from contesting Health Grades' claim of priority to the '060 patent.

Respectfully submitted this 15th day of June, 2012.

ROTHGERBER JOHNSON & LYONS LLP


*s/ Jesús M. Vázquez*
Gregory B. Kanan, Esq.
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Jeffrey D. Phipps, Esq.
1200 17th Street, Suite 3000
Denver, Colorado  80202
Tel:  (303) 623-9000
Fax:  (303) 623-9222
Email: gkanan@rothgerber.com
           kkosto@rothgerber.com
           jvazquez@rothgerber.com
           jphipps@rothgerber.com

*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

11

# CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2012, I electronically filed the foregoing **HEALTH GRADES, INC.'S MOTION TO STRIKE A NEW INVALIDITY ARGUMENT IN MDX MEDICAL, INC.'S THIRD SUPPLEMENTAL INVALIDITY CONTENTIONS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-email addresses:

Scott David Stimpson
Mark Jon Rosenberg
David Chunyi Lee
Scott B. Murray
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, NY 10112
Email: sstimpson@sillscummis.com
Email: mrosenberg@sillscummis.com
Email: dlee@sillscummis.com
Email: smurray@sillscummis.com

Terence M. Ridley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO 80202-2617
Email: ridley@wtotrial.com

> *s/ Jesús M. Vazquez*
> Gregory B. Kanan, Esq.
> Kris J. Kostolansky, Esq.
> Jesús M. Vázquez, Jr., Esq.
> Jeffrey D. Phipps, Esq.
> Rothgerber Johnson & Lyons, LLP
> 1200 17th Street, Suite 3000
> Denver, Colorado 80202-5855
> Tel:    (303) 623-9000
> Facsimile: (303) 623-9222
> Email: gkanan@rothgerber.com
>            kkostolansky@rothgerber.com
>            jvazquez@rothgerber.com
>            jphipps@rothgerber.com
>
> *Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

12

2003709771_1