**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S ~~SECOND~~THIRD SUPPLEMENTAL INVALIDITY CONTENTIONS AND DOCUMENTS ACCOMPANYING INVALIDITY CONTENTIONS**

---

    Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by its undersigned counsel, pursuant to Section 6(f)(1) of the Scheduling Order (dkt. # 34) and ~~the pending motion seeking leave for~~Judge Boland's Order directing MDx to supplement its invalidity contentions (dkt. # 19~~7~~2), hereby provides its ~~Second~~Third Supplemental Invalidity Contentions and Documents Accompanying Invalidity Contentions ("Invalidity Disclosures") pursuant to Local Patent Rules 3-3 and 3-4 incorporated into the Scheduling Order.  MDx's original and supplemental Invalidity Contentions and Documents Accompany~~ing~~ Invalidity Contentions and all accompanying charts and documents served on Health Grades on August 19, ~~2011 and Supplemental Invalidity Contentions and Documents Accompany Invalidity Contentions and all accompanying charts and documents served on Health Grades on August 26, 2011,~~ 2011, August 26, 2011, and January 23, 2012, are ~~all~~ hereby incorporated herein by reference in their entirety.

**EXHIBIT 6**

The MDx supplemental invalidity contentions rely in part on Plaintiff's ~~July 1, 2011~~<u>original and supplemental</u> infringement contentions<u> dated July 1, 2011</u>, July 19, 2011 ~~supplemental infringement contentions~~<u>, and March 2, 2012</u>, discovery responses, ~~and/or~~ proposed claim constructions<u>, and/or the Court's Order Regarding Claim Construction [Dkt. 138]</u>.  That is, for some invalidity positions, if Health Grades, Inc. ("Health Grades") is correct (it is not) that the accused MDx website meets claim terms, then the cited prior art would also meet these elements.  As discovery progresses~~,~~<u> and/or</u> as Plaintiff's infringement positions change, ~~and/or based on the court's claim construction order,~~ Defendant reserves the right to modify, revise, amend, and/or supplement these invalidity contentions based on subsequent received discovery~~,~~<u> and/or</u> changes or clarifications of Plaintiff's infringement positions~~, and/or the court's claim construction order~~.  MDx also reserves the right to supplement based on prior art that is not yet known.  For example, Health Grades has a prior art website, and was required to produce documents and information on that prior art in discovery, but to date has not sufficiently done so<u> (documents are due soon, and MDx fully expects to supplement again after that production)</u>.  Moreover should any element be found not exactly present consistent with these disclosures, Defendants will assert obviousness using one or more references that do disclose the element in question.[1]

### 3-3. Invalidity Contentions

<u>Disclosure 3-3(a).</u>     The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art

---

[1] It is the MDx understanding that inequitable conduct is not part of invalidity contentions. *Trent West v. Jewelry Innovations, Inc.,* 2009 U.S. Dist. LEXIS 10100, *12-13 (N.D. Cal. January 21, 2009).  Nevertheless, MDx incorporates by reference its Amended Answer (dkt. # 77)<u> and Second Amended Answer [Dkt. 183]</u> detailing the inequitable conduct.

EXHIBIT 6

publication shall be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s).

Response:   Defendant contends that at least claims 1, 4-9, 11, and 14-16 of U.S. Patent No. 7,752,060 (hereinafter "the '060 Patent") are invalid. In part, these claims are invalid under 35 U.S.C. § 102 and/or § 103 based on at least the following items of prior art.[2]

U.S. Patent Application Publication No. US 2006/0015369 A1 (the "'369 prior art"), entitled "HEALTHCARE PROVIDER RECOMMENDATION SYSTEM", published January 19, 2006 by the United States Patent and Trademark Office, and showing Bachus *et al.* as inventors. Prior art at least under 35 U.S.C. § 102(a).

---

[2] The '060 Patent is not entitled to benefit from the earlier filing date of provisional application no. 60/771,757 (the "'757 application") because the '757 application does not meet the requirements of 35 U.S.C. § 112, first paragraph, with respect to the patented claims of the '060 Patent. For example, the '757 application does not contain a written description of at least the following claimed features of the '060 Patent: "comparison ratings of healthcare providers" (claims 1 and 15), "results list further includes an advertisement for the first healthcare provider" (claim 8), and "favorable positioning in the results list" for a member (claim 11). Based at least on these deficiencies, the '757 application also fails to satisfy the enablement and best mode requirements of 35 U.S.C. § 112, first paragraph. Therefore, the '060 Patent cannot benefit from the earlier filing date of the '757 application, under 35 U.S.C. § 119(e).

EXHIBIT 6

U.S. Patent Application Publication No. US 2002/0038233 A1 (the "'233 prior art"), entitled "SYSTEM AND METHOD FOR MATCHING PROFESSIONAL SERVICE PROVIDERS WITH CONSUMERS", published March 28, 2002 by the United States Patent and Trademark Office, and showing Shubov *et al.* as inventors.  Prior art at least under 35 U.S.C. § 102(b).

U.S. Patent Application Publication No. US 2006/0294138 A1 (the "'138 prior art"), entitled "PROFESSIONAL RATING SYSTEM AND METHOD", published December 28, 2006 by the United States Patent and Trademark Office, and showing Lucas Stolba as the sole inventor.  Prior art at least under 35 U.S.C. § 102(e).

U.S. Patent No. US 7,167,855 B1 (the "'855 prior art"), issued on January 23, 2007.  Prior art at least under 35 U.S.C. § 102(e).

U.S. Patent Application Publication No. US 2003/0167187 A1 (the "'187 prior art"), entitled "SYSTEMS AND METHODS OF DETERMINING PERFORMANCE RATINGS OF HEALTH CARE FACILITIES AND PROVIDING USER ACCESS TO PERFORMANCE INFORMATION", published September 4, 2003 by the United States Patent and Trademark Office, and showing Robert N. Bua as the sole inventor.  Prior art at least under 35 U.S.C. § 102(b).

U.S. Patent No. 7,065,528 B2 (the "'528 prior art"), issued on June 20, 2006.  Prior art at least under 35 U.S.C. § 102(e).

Public use of www.healthgrades.com web site ("HG Report prior art"), dates of public use: 09/15/2004 and 10/19/2004 and consistently since 2004, identity of person making the use: Jeff LaPointe and general public.  *See, e.g.*, UCHC 0000079 – UCHC 0000110, HG 0032036 –

4

EXHIBIT 6

HG_0032109, MGHG 000001 - 000083. Prior art under at least 35 U.S.C. § 102(b). The www.healthgrades.com web site is also prior art under 35 U.S.C. § 102(a) by being publicly known since 2004, including having been made publicly known by Health Grades, Inc. on at least 9/15/2004, 10/19/2004, 12/28/2004 (*see* HG0032036 *et seq.*), and 06/04/2005 (*see* MGHG 000016 *et seq.*), and by patient experience surveys conducted as early as 2004 (*see* HG209647), and by the physician online service application launched in May 2004 (*see* HG0042038). The www.healthgrades.com web site, and the reports available through that website, are also prior art as publications, having been published by Health Grades, Inc. on at least 9/15/2004, 10/19/2004, 12/28/2004, and 06/04/2005. It is also prior art because the features were disclosed to third parties without confidentiality restrictions. See also the Hicks and Montroy transcripts, and the defendants' deposition exhibits and accompanying text related to the various reports. Other provisions of 35 U.S.C. §§ 102(a) and/or 102(b) may also become applicable as discovery progresses. Any and all of these Health Grades reports are invalidating prior art, separately and in combination.[23]

Public use of www.ingenix.com web site, including GeoAccess brochures ("GeoAccess prior art"), dates of public use: 11/7/2004, 11/14/2004, 11/15/2004, and 12/8/2004, identity of person making the use: Jeff LaPointe. *See, e.g.*, UCHC 0000272 – UCHC 0000321. Prior art

---

[23] After seeking these documents in early June, 2011, and after months of prodding, Health Grades and its counsel produced many important documents in December 2011, and January 2012 – buried among hundreds of thousands of pages of documents, and only after MDx filed a motion to compel. Health Grades has still not produced a 30(b)(6) witness on this art (requested December 7, 2011), nor has Health Grades produced ~~other~~all requested documents showing the details of the various disclosures and the timing of these disclosures (Montroy 1/16/12 deposition). As ~~recently~~ confirmed at the January 16, 2012 deposition of named inventor Montroy, Health Grades had in prior art public use and on sale every feature of the independent claims – and none of the claims contained anything inventive or new.

5

EXHIBIT 6

under at least 35 U.S.C. § 102(b).  The www.ingenix.com web site and GeoAccess brochures are also prior art by being publicly known, on information and belief, having been made publicly known by Ingenix, Inc. on at least 11/7/2004, 11/14/2004, 11/15/2004, and 12/8/2004.  The www.ingenix.com web site and GeoAccess brochures are also prior art as a publication, on information and belief, having been published by Ingenix, Inc. on at least 11/7/2004, 11/14/2004, 11/15/2004, and 12/8/2004.  Other provisions of 35 U.S.C. § 102(b) may also become applicable as discovery progresses.

Public use of www.subimo.com web site (the "Subimo prior art"), date of public use: 10/19/2004, identity of person making the use: Jeff LaPointe.  *See, e.g.*, UCHC 0000131 – UCHC 0000147.  Prior art under at least 35 U.S.C. § 102(b).  The www.subimo.com web site is also prior art by being publicly known, on information and belief, having been made publicly known by Subimo, LLC on at least 10/19/2004.  The www.subimo.com web site is also prior art as a publication, on information and belief, having been published by Subimo, LLC. on at least 10/19/2004.  Other provisions of 35 U.S.C. § 102(b) may also become applicable as discovery progresses.

Public use of www.healthscope.org web site (the "HealthScope prior art"), date of public use: 10/19/2004, identity of person making the use: Jeff LaPointe.  *See, e.g.*, UCHC 0000202 – UCHC 0000208.  Prior art under at least 35 U.S.C. § 102(b).  The www.healthscope.org web site is also prior art by being publicly known, on information and belief, having been made publicly known by Pacific Business Group on Health on at least 10/19/2004.  The www.healthscope.org web site is also prior art as a publication, on information and belief, having been published by

Pacific Business Group on Health on at least 10/19/2004.  Other provisions of 35 U.S.C. § 102(b) may also become applicable as discovery progresses.

Public use of www.ratemds.com web site (the "RateMDs prior art"), dates of public uses: 11/22/2004 and 12/22/2004, identity of person(s) making the use(s): identities unknown.  *See, e.g.*, MDX_0000119 – MDX_0000123.  Prior art under at least 35 U.S.C. § 102(b).  The www.ratemds.com web site is also prior art by being publicly known, on information and belief, having been made publicly known by RateMDs.com on at least 11/22/2004 and 12/22/2004.  The www.ratemds.com web site is also prior art as a publication, on information and belief, having been published by RateMDs.com on at least 11/22/2004 and 12/22/2004.  Other provisions of 35 U.S.C. § 102(b) may also become applicable as discovery progresses.

Disclosure 3-3(b).    Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness.

Response:    Each asserted claim of the '060 Patent is anticipated and/or obvious as described in the Rule 3-3(c) chart provided herewith as an appendix.

Defendant's invalidity contentions are, in part, based on Plaintiff's ~~07/01/2011 infringement contentions, 07/19/2011~~ original and supplemental infringement contentions dated 07/01/2011, 07/19/2011, and 3/2/2012, discovery responses, ~~and/or~~ proposed claim constructions, and/or the Court's Order Regarding Claim Construction [Dkt. 139].  That is, if Health Grades is correct (it is not) that the accused MDx website meets claim terms, then the cited prior art would also meet these elements.  Defendant reserves the right to modify, revise,

7

EXHIBIT 6

amend, and/or supplemental these invalidity contentions based on subsequent received discovery<s>,</s> and/or changes or clarifications of Plaintiff's infringement positions<s>, or the court's claim construction order</s>.

Claim 1 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art. Claim 1 is also rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art and further in combination with at least one of the '855 prior art, the '138 prior art, the '528 prior art, the '187 prior art, and the RateMDs prior art. The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Claim 4 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art. Claim 4 is also rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art and further in combination with the '187 prior art. The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Claim 5 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the

EXHIBIT 6

HealthScope prior art, individually in combination with the '233 prior art. The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Claim 6 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art. The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Claim 7 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art. The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Claim 8 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art, and further in combination with the '138 prior art. The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Claim 9 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art, and further in

**EXHIBIT 6**

combination with the '138 prior art. The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Claim 11 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art, and further in combination with the '138 prior art. The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Claim 14 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art. The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Claim 15 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art. Claim 15 is also rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art and further in combination with at least one of the '855 prior art, the '138 prior art, the '528 prior art, the '187 prior art, and the RateMDs prior art. The motivation for combining

EXHIBIT 6

and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Claim 16 of the '060 Patent is anticipated and/or rendered obvious by each of the '369 prior art, the HG Report prior art, the GeoAccess prior art, the Subimo prior art, and the HealthScope prior art, individually in combination with the '233 prior art. The motivation for combining and/or modifying the prior art is set forth in the Rule 3-3(c) chart, and would also be clear from a desire to obtain the features of any element not literally present.

Disclosure 3-3(c): A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function.

Response: A chart indentifying where specifically in each alleged item of prior art each element of each asserted claim is found, is provided herewith as an appendix.

Disclosure 3-3(d): Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

Response: Numerous of Plaintiff's ~~infringement contentions~~original and supplemental infringement contentions, and its positions in opposing summary judgment, include claim interpretations and infringement positions that are inconsistent with and unsupported by the '060 Patent specification, including at least "comparison ratings" and requests for information on a first healthcare provider. It also appears that Health Grades may be taking such positions with other terms. If any of these allegations were correct, then all the claims would be

11

EXHIBIT 6

invalid under 35 U.S.C. § 112(1) for failing to comply with the enablement and written description requirements, and invalid under 35 U.S.C. § 112(2) as being indefinite.

**3.4. Document Production Accompanying Invalidity Contentions.**

Disclosure 3-4(a):   Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart.

Response:   The required documents were previously produced.

12

EXHIBIT 6

Disclosure 3-4(b): A copy or sample of the prior art identified pursuant to Patent L.R. 3-3(a) which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon shall be produced.

Response: The required documents were previously produced.

Dated: ~~January 23~~May 10, 2012                Respectfully submitted,

                                            *s:/Scott D. Stimpson*

Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: ~~mrosenberg@sillscummis.com~~ ~~E-mail:~~ sstimpson@sillscummis.com
E-mail: smurray@sillscummis.com
E-mail: dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Ramona Lampley, Atty. No. 37288
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com
E-mail: lampley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

13

**EXHIBIT 6**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on ~~JANUARY 23~~May 10, 2012, I ~~electronically filed~~have caused a true and correct copy of the foregoing MDX MEDICAL, INC.'S ~~SECOND~~THIRD SUPPLEMENTAL INVALIDITY CONTENTIONS AND DOCUMENTS ACCOMPANYING INVALIDITY CONTENTIONS ~~with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses~~to be served upon counsel for Health Grades, Inc. by electronic mail transmission to the following individuals:

- Jesus Manuel Vazquez, Jr.

  Kris John Kostolansky
  Jeffrey David Phipps
  ROTHGERBER JOHNSON & LYONS LLP
  One Tabor Center, Suite 3000
  1200 Seventeenth Street
  Denver, CO 80202
  Tel: (303) 623-9000
  Fax: (303) 623-9222
  jvazquez@rothgerber.com~~, phenke@rothgerber.com~~

- ~~Kris John Kostolansky~~
  kkosto@rothgerber.com~~, dgrooms@rothgerber.com~~

- ~~Jeffrey David Phipps~~
  jphipps@rothgerber.com~~, kmeans@rothgerber.com~~

- ~~Scott David Stimpson~~
  ~~sstimpson@sillscummis.com, gcaceres@sillscummis.com~~

- ~~Scott Butler Murray~~
  ~~smurray@sillscummis.com~~

- ~~Mark Jon Rosenberg~~
  ~~Mrosenberg@sillscummis.com~~

- ~~David Chunyi Lee~~
  ~~dlee@sillscummis.com~~

- ~~Terence M. Ridley~~
  ~~ridley@wtotrial.com, norris@wtotrial.com~~

- ~~Ramona L. Lampley~~
  ~~lampley@wtotrial.com, keitlen@wtotrial.com~~

*Attorneys for Plaintiff Health Grades, Inc.*

EXHIBIT 6

*s:/David C. Lee*

~~15~~

**EXHIBIT 6**