**Kirstin Stoll-DeBell**

| | |
|---|---|
| **From:** | Scott D. Stimpson <sstimpson@sillscummis.com> |
| **Sent:** | Friday, May 04, 2012 2:37 PM |
| **To:** | Vazquez, Jesus; Kirstin Stoll-DeBell |
| **Cc:** | David C. Lee |
| **Subject:** | Conference today |

Jesus and Kirstin:

This is further to our call today, regarding our invalidity contentions and other discovery issues. I believe this reflects our discussion, but please let me know if something is wrong.

(1) We will supplement our invalidity contentions to add Bates numbers for references to non-patent prior art, as we discussed.

(2) After our supplement, we would like to discuss having HG supplement its responses to our invalidity interrogatory 8: (a) to explain why it believes our quoted prior art portions do not invalidate certain claim language, and (b) to identify the bases for HG's claim to priority for the provisional application, if it intends to take that position. (On point (b), as you request, we will first provide our thoughts on why HG is not entitled to the provisional date -- that should focus you on the elements we think are missing from the provisional, so you won't need to address every element of every claim in the interrogatory response, assuming you decide to supplement it.) In any event, we can address the possible supplement to interrogatory 8 after you receive and review our supplement addressed in point (1), above.

(3) We will supplement our response to HG's interrogatory no. 2 and address, as best as we can, the points raised in Dkt. 126-5 (Jesus' 1/17/12 email). As you mentioned, we cannot address every single physician and every piece of data, and HG does not expect us to, but we will prepare the supplement in good faith, and should be able to get you the general information about sources.

(4) We mentioned that we may need to supplement our invalidity contentions again, after the documents from the electronic searches are produced. You thought it was premature to discuss a due date for the supplement, and we understand that point. From my recollection, you are correct that you have not objected to any supplement so far. In any event, we will review the documents after we have received them, and then we we can discuss the supplement at that time.

Thanks.

Scott



NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.

**EXHIBIT 11**