IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

Defendant.

**HEALTH GRADES, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO SERVE ONE REQUEST FOR INSPECTION UNDER FED. R. CIV. P. 34(a)(2), OR IN THE ALTERNATIVE, HEALTH GRADES' MOTION FOR RECONSIDERATION OF THE ORDER DENYING ITS MOTION TO COMPEL PRODUCTION OF A DEMONSTRATION SYSTEM (DKT. 196)**

## I.     INTRODUCTION

Health Grades seeks discovery from MDx that will allow it to see how physicians are permitted to edit their credentials on MDx's accused website.  There are numerous ways for MDx to provide this information to Health Grades, including either of the following:

(1)     Physician Log-In Credentials:  log-in credentials to access an on-line demonstration of the www.vitals.com website that would allow Health Grades' technical expert to demonstrate the software as if he were a physician (also referred to as the "Physician Portal"); and

(2)     Demonstration System:  a copy of demonstration code (i.e. executable code) and database data for the accused website that would be sufficient to allow Health Grades to understand the function and operation of the accused products.

Health Grades seeks leave to serve a request to inspect MDx's Physician Portal using demonstration Physician Log-In Credentials at a deposition of MDx's technical witness on June 26, 2012.  Health Grades also seeks reconsideration of this Court's order denying its motion

1

to compel MDx to produce a copy of its demonstration code for the accused website.  MDx's opposition to this discovery lacks merit as discussed below.

### 1. Permitting Health Grades to Inspect MDx's Physician Portal During the Deposition of Larry West Will Not Require Any Schedule Extensions and Will Not Prejudice MDx

MDx argues that Health Grades was not diligent in issuing a request to inspect the Physician Portal and to allow Health Grades to do so now would be prejudicial to MDx because it would require extensions to the discovery schedule.  This is not true.  Health Grades detailed its diligent efforts to obtain this discovery in its opening motion.  (Dkt. 196 at pp. 3-5.)

Further, there will be no prejudice to MDx if this Court allows an inspection of the Physician Portal.  MDx's system architect, Larry West, is being deposed next week on June 26, 2012.  (Dkt. 222.)  Mr. West can demonstrate during the deposition how a physician logs on to MDx's accused website and how a physician edits credentials.  Because Mr. West will be in control of the system during the deposition, there will be no risk that Health Grades may cause harm to MDx's system.

Further, this demonstration will be relevant to the infringement issues in this case.  Health Grades bears the burden of proof on this issue – its infringement expert report is not due until July 6, 2012.  (Dkt. 222.)   MDx's rebuttal non-infringement report is not due until July 23, 2012.  (Dkt. 222.)  Contrary to MDx's assertions, these deadlines do not need to be moved if Health Grades is permitted to see a demonstration of the Physician Portal during Mr. West's deposition.

MDx argues that Health Grades should not be permitted to inspect its Physician Portal because of the following logistical issues.  Health Grades addresses each below:

- *"Whether access to the actual MDx website will be allowed;" "What parts of the MDx website the expert will be allowed to visit and what parts are out of bounds;" "For each section of the website whether and to what extent changes and edits will be allowed and what sections must remain untouched and only viewed; etc.);"*

2

MDx's vitals.com website is an on-line information service designed to allow the *public at large* to find and compare physicians. The only portion of this website that is not accessible to the public at large is the Physician Portal, which is accessible to any physician (or dentist) who is licensed to practice in the United States. Further, any doctor or dentist can edit their profile and these edits are thereafter published to the public at large on the vitals.com website. In other words, any doctor or dentist in the U.S. can change MDx's actual website. This is not a confidential product – far from it – and it is hard to envision what, if anything, would be so confidential as to be considered "out of bounds."

In any event, Health Grades wants to see how a physician is able to edit his or her credentials for a physician profile that is published on MDx's vitals.com website. It is Health Grades' understanding that MDx has a demonstration system that allows it to demonstrate this functionality to others. Indeed, MDx markets this product to physicians and dentists – it must have a means to demonstrate its functionality. Counsel for both parties have discussed this issue *ad nauseam* – MDx counsel has never denied that such demonstration log-in credentials exist. This is what Health Grades seeks to inspect. Such is a limited request that is not overly burdensome or prejudicial to MDx.

- *"Who will be allowed to attend the inspection"; "Whether the Health Grades expert will be allowed over the MDx objection to make any changes or edits, or to print and retain highly confidential material"; "Whether the MDx expert will also attend; working out scheduling of the involved experts and counsel;"*

MDx also argues that this inspection should not be allowed because of concerns regarding confidentiality of its website. This argument defies logic. Any physician who is licensed in the United States may obtain log-in credentials to MDx's website and may edit his or her profile. These doctors are not under any obligation of confidentiality to MDx.

3

But even if this information was highly confidential, the parties are operating under a protective order in this case to protect each other's highly confidential information. Health Grades' outside counsel, its patent litigation consultant (Kirstin Stoll-DeBell), and its technical expert (Dr. Phillip Greenspun) intend to attend Mr. West's deposition. All of these individuals are permitted to view all information in this case, even that which is designated at the highest level of confidentiality. Indeed, Ms. Stoll-DeBell and Dr. Greenspun attended the Rule 30(b)(6) deposition of MDx last week during which MDx's CEO discussed highly confidential information. MDx did not object to their attendance at this deposition. Mr. West's deposition should be no different.

With regard to recording the inspection, Health Grades intends to use screen capture software (i.e., ZD Soft Screen Recorder -- http://www.zdsoft.com) that will record the demonstration of the Physician Portal into an MPEG file that will be able to be replayed like any other movie file. This file may be designated with the highest level of confidentiality, if MDx so desires. Further, MDx may object to its admission into evidence for trial at the appropriate time, just like any other trial exhibit that Health Grades seeks to use.

As such, MDx's objections to this discovery lack merit and this Court should allow Health Grades to seek this discovery at the deposition of Mr. West.

### 2. The Order Denying Health Grades' Motion To Compel MDx To Produce Demonstration Code Was Based On Errors Of Fact

This Court's decision denying Health Grades' motion to compel MDx to respond to Request Nos. 2(e), 2(f), and 2(p) was predicated on errors of fact, namely that source code is the same as demonstration or executable code and that disclosure of source code is required to produce a copy of demonstration code to Health Grades. Neither of these is true (and MDx does

4

not contend otherwise). Rather MDx makes four meritless and irrelevant arguments, each of which is addressed below.

First, MDx argues that this Court understood the meaning of "demonstration code." It cites a passage from the hearing relating to using the demonstration code to demonstrate the software functionality. But this misses the point. This Court's Order denied Health Grades' motion to compel production of demonstration code specifically because the parties agreed not to produce source code and this Court believed that demonstration code could not be produced without disclosing source code. (Dkt. 192 at 2-3 ("In addition, the parties agreed not to seek source code, which is required "to create and use a working version of the Accused Products," and HG has offered no reasonable explanation for how MDx could comply with Production Request No. 2(e), (f), or (p) without requiring the disclosure by MDx of its source code . . . .") This is an error of fact. As such, this Court's decision, which was based on this error of fact, should be reconsidered.

Second, MDx argues that it would be burdensome to produce demonstration code to Health Grades for reasons *unrelated* to MDx's source code. This argument is not relevant to Health Grades' request for reconsideration. Further, MDx did not make this objection in response to Health Grades' original document request seeking demonstration code and it is too late to do so now. (Dkt. 126-6 at p. 10.)

Third, MDx argues "the alleged demonstration code is not a new fact as required for reconsideration – it is instead an old fact that Health Grades did argue." (MDx Opposition at p. 5 (Dkt. 203.) This also misses the point. Health Grades is not seeking reconsideration based on "new" facts, but rather because this Court based its order on *incorrect* facts, namely that source code is the same as demonstration code. Although Health Grades argued that this fact

5

was wrong at the hearing, it did not have the dictionary and documentary evidence to demonstrate this error during the hearing. (Dkt. 196-2, 196-3, and 196-4.) As such, this Court should now reconsider its decision using accurate information – namely that source code is different from demonstration code *and* production of demonstration code does not require disclosure of source code.

Finally, MDx argues that production of a copy of its demonstration code is tantamount to an inspection of MDx's website and requires a request for inspection under Fed. R. Civ. P. 34(a)(1)(A)(2). Not true. Health Grades is seeking production of a copy of thing, e.g. executable code. Health Grades' request does not require Health Grades to enter designated land or other property possessed or controlled by MDx. Thus, it does not require a request to inspect. Indeed, if such a request required a request for inspection, then every request for a copy of any document would also be a request to inspect that document and would require a request to inspect. This is not the law.

### 3. CONCLUSION

This Court should grant Health Grades leave to serve a request for inspection of MDx's on-line demonstration system that will allow Health Grades to view a demonstration of the functionality of MDx's website from the perspective of a physician with log-in credentials, or in the alternative, vacate its order denying Health Grades' Motion to Compel MDx to respond to Document Request Nos. 2(e) and 2(f) and order MDx to produce a copy demonstration system to Health Grades.

2003718745_1

Respectfully submitted this 22nd day of June, 2012.

          ROTHGERBER JOHNSON & LYONS LLP

          *s/ Jesús M. Vázquez*
          Kris J. Kostolansky, Esq.
          Jesús M. Vázquez, Jr., Esq.
          Gregory B. Kanan, Esq.
          1200 17th Street, Suite 3000
          Denver, Colorado  80202
          Tel:  (303) 623-9000
          Fax:  (303) 623-9222
          Email:  kkosto@rothgerber.com
                  jvazquez@rothgerber.com
                  gkanan@rothgerber.com

          *Attorneys for Plaintiff/Counterclaim Defendant*
          *Health Grades, Inc.*

**CERTIFICATE OF SERVICE**

   I hereby certify that on June 22, 2012, I electronically filed the foregoing **HEALTH GRADES, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO SERVE ONE REQUEST FOR INSPECTION UNDER FED. R. CIV. P. 34(a)(2), OR IN THE ALTERNATIVE, HEALTH GRADES' MOTION FOR RECONSIDERATION OF THE ORDER DENYING ITS MOTION TO COMPEL PRODUCTION OF A DEMONSTRATION SYSTEM (DKT. 196)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Scott David Stimpson  
Mark Jon Rosenberg  
David Chunyi Lee  
Scott B. Murray  
Sills Cummis & Gross P.C. – New York  
30 Rockefeller Plaza  
New York, NY  10112  
Email:  sstimpson@sillscummis.com  
Email:  mrosenberg@sillscummis.com  
Email:  dlee@sillscummis.com  
Email:  smurray@sillscummis.com  

Terence M. Ridley  
Wheeler Trigg O'Donnell, LLP  
370 17th Street, Suite 4500  
Denver, CO  80202-5647  
Email:  ridley@wtotrial.com  

                 *s/ Jesús M. Vazquez*  
                 Gregory B. Kanan, Esq.  
                 Kris J. Kostolansky, Esq.  
                 Jesús M. Vázquez, Jr., Esq.  
                 Rothgerber Johnson & Lyons, LLP  
                 1200 17th Street, Suite 3000  
                 Denver, Colorado 80202-5855  
                 Tel:     (303) 623-9000  
                 Facsimile: (303) 623-9222  
                 Email: gkanan@rothgerber.com  
                    kkostolansky@rothgerber.com  
                    jvazquez@rothgerber.com  

                 *Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*