## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

      Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

      Defendant.

---

### MDX MEDICAL, INC.'S UNOPPOSED MOTION TO RESTRICT ACCESS TO DOCUMENT – DOCUMENT NOS. 219-4, 219-5, 219-6, 219-11, 219-12 AND 219-13 (WHICH ARE ALSO 220-1, 220-2, 220-3, 220-5, 220-6 AND 220-7)

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), pursuant to D.C.COLO.L.CivR 7.2 moves this Court for an order continuing the restricted access to Document Nos. 219-4, 219-5, 219-6, 219-11, 219-12 and 219-13 (which are also 220-1, 220-2, 220-3, 220-5, 220-6 and 220-7), which were filed as exhibits to Plaintiff Health Grades, Inc.'s ("Health Grades") Motion to Exclude/Preclude MDx's Advice-of-Counsel Defense, at a Level 1 restriction, pursuant to Section 6.1.7 of the Protective Order entered in this action.  (Dkt. # 227). This motion is unopposed by Plaintiff Health Grades.

In support of this motion, MDx states as follows:

1.      Counsel for MDx has conferred with counsel for Health Grades pursuant to D.C.COLO.L.Civ.R 7.1, and Health Grades does not oppose this motion.[1]

2.      The documents at issue are exhibits attached to Health Grades' motion which are privileged communications (letters and e-mails) between MDx and its legal counsel dated in December 2010 and January 2011.  The contents of such documents all relate to advice of counsel obtained by MDx and related communications with its legal counsel for which the privilege has been waived as part of MDx's advice of counsel defense in this patent infringement action.  These documents each discuss proprietary and confidential information regarding the structure, design and functions of MDx's website, Vitals.com, which is the accused infringing product, including discussion of how MDx's website differs from the claims in the patent at issue and MDx's internal considerations regarding intellectual property rights.

3.      The documents discuss MDx's internal, proprietary and confidential considerations throughout, and therefore, a Level 1 restriction is necessary to protect the proprietary and confidential nature of the considerations used to design MDx's website and the company's intellectual property strategies, and outweighs the presumption of public access.

4.      MDx will suffer significant competitive injury if the proprietary design and intellectual property rights considerations used for its website are accessible by the public.

---

[1] Health Grades restricted access to these materials when it filed them because the parties agreed to do so pending entry of the protective order, and so Health Grades has not agreed that the document merits the "highly confidential – attorney's eyes only" designation.  Accordingly, while Health Grades does not oppose this motion, Health Grades will challenge the confidentiality designations pursuant to the procedure in the Protective Order recently entered by the Court, and MDx does not object to Health Grades later challenging the factual allegations herein if it later does so.

5.      No alternative to restricted access will adequately protect the proprietary business information because the information appears throughout the documents and appropriate redaction would require the redaction of essentially all of each document.

For the foregoing reasons, MDx requests that this Court grant this unopposed motion to immediately restrict access to Document Nos. 219-4, 219-5, 219-6, 219-11, 219-12 and 219-13 (which are also 220-1, 220-2, 220-3, 220-5, 220-6 and 220-7) at a restriction Level 1.

Dated:  June 29, 2012

Respectfully submitted,

_s:/Scott D. Stimpson_
Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail:sstimpson@sillscummis.com
E-mail:smurray@sillscummis.com
E-mail:dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:  (303) 244-1879
E-mail: ridley@wtotrial.com

_Attorneys for Defendant_
MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2012, I electronically filed the foregoing MDX MEDICAL, INC.'S UNOPPOSED MOTION TO RESTRICT ACCESS TO DOCUMENT – DOCUMENT NOS. 219-4, 219-5, 219-6, 219-11, 219-12 AND 219-13 (WHICH ARE ALSO 220-1, 220-2, 220-3, 220-5, 220-6 AND 220-7) with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Jesus Manuel Vazquez , Jr.
  jvazquez@rothgerber.com, phenke@rothgerber.com

- Kris John Kostolansky
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- Jeffrey David Phipps
  jphipps@rothgerber.com, kmeans@rothgerber.com

- Scott David Stimpson
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- Scott B. Murray
  smurray@sillscummis.com

- David Chunyi Lee
  dlee@sillscummis.com

- Terence M. Ridley
  ridley@wtotrial.com, norris@wtotrial.com

Bonnie Schwab