**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S OPPOSITION TO HEALTH GRADES MOTION TO STRIKE INVALIDITY ARGUMENT IN MDX MEDICAL, INC.'S THIRD SUPPLEMENTAL INVALIDITY CONTENTIONS**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, hereby submits its Opposition to the Motion of Plaintiff Health Grades, Inc. ("Health Grades") to Strike a New Invalidity Argument In MDx Medical, Inc.'s Third Supplemental Invalidity Contentions (the "Motion", dkt. #215).

Health Grades demonstrates a basic misunderstanding of patent law and burdens of proof; and effectively ignores the facts that Health Grades itself specifically requested that MDx provide this information, and that MDx did so as a courtesy to Health Grades. This latest Health Grades Motion is nothing more than a thinly-veiled attempt to flip the burdens of proof in this case – it is Health Grades' burden to prove entitlement to priority, and MDx has no obligation to include counter-arguments in invalidity contentions.

1

I.      **CHUTZPA: HEALTH GRADES COUNSEL PLEADED FOR THE DISCLOSURE**

This priority information was included in the invalidity contentions at the express request of Health Grades. That is, in the course of discussing Health Grades' supplementation of its responses to invalidity contentions (MDx interrogatory 8), Health Grades counsel expressed concern about having to show where every element of every claim is found in the priority application, as required for it to show that it is entitled to priority. At the request of Health Grades' counsel, therefore, and purely as a courtesy to them, counsel for MDx agreed to include this footnote in its invalidity contentions, so that Health Grades would not need to address every element of every claim, but instead could focus only on the few elements that MDx identified as missing from the priority application. This was unequivocally confirmed in writing:

> (2) After our supplement, we would like to discuss having HG supplement its responses to our invalidity interrogatory 8: (a) to explain why it believes our quoted prior art portions do not invalidate certain claim language, and (b) to identify the bases for HG's claim to priority for the provisional application, if it intends to take that position. (On point (b), ***as you request***, ***we will first provide our thoughts on why HG is not entitled to the provisional date -- that should focus you on the elements we think are missing from the provisional, so you won't need to address every element of every claim in the interrogatory response, assuming you decide to supplement it***.) In any event, we can address the possible supplement to interrogatory 8 after you receive and review our supplement addressed in point (1), above. (Exhibit 11 to Health Grades motion; emphasis added.)

Thus, like the child who kills his parents and then begs for mercy because he is an orphan, Health Grades here displays incredible chutzpa. Health Grades counsel specifically requested this information, and now tries to use this MDx courtesy as a weapon.[1]

---

[1] Health Grades' penchant for forcing as many motions as possible is taking a disturbing twist with this motion. Indeed, the relief it seeks here seems utterly meaningless – all the prior art relied upon by MDx at this stage is prior art regardless of whether Health Grades is entitled to priority. Should the priority date be relevant, it is Health Grades that will be precluded from

## II.   PRIORITY IS HEALTH GRADES' BURDEN OF PROOF

Glaringly absent from this latest Health Grades Motion is a single shred of authority supporting it. Nowhere does Health Grades cite a rule, or a case, or anything, for its remarkable proposition that MDx was required to show **_lack_** of priority in the invalidity contentions. According to our research, no patent plaintiff has ever even tried this argument before.

Health Grades is careful not to quote the California Patent Rule at issue. That Rule requires only three things with regard to prior art invalidity defenses: (a) the identity of the prior art; (b) whether anticipation or obviousness is alleged; and (c) a chart showing where each element of each claim is found. Patent Local Rule 3-3. Where, then, does Health Grades find this supposed requirement that patent defendants assume the burden of proof on priority claims, and must disprove priority? Health Grades' assertion is bunk. It is found nowhere in the Patent Rules, and nowhere in the case law.

The Patent Rules do have relevant language, however. Rule 3-1, identifying Health Grades' obligations, requires Health Grades to identify the priority date on which it believes it is entitled for every claim. This Patent Rule is consistent with case law unequivocally stating that it is the patent holder's burden to prove priority. *Ronald A. Katz Tech. Licensing LP v. Am. Airlines, Inc.*, 639 F.3d 1303, 1322 (Fed. Cir. 2011). Thus, unless and until Health Grades proves otherwise (if it is allowed to do so despite failing to provide proofs in the interrogatory response it was ordered to supplement), the presumption is that Health Grades is not entitled to this priority date. Here, since Health Grades failed to provide this information in response to

---

relying on the priority date, for failure to provide its proofs in response to MDx's interrogatory 8 (an interrogatory Health Grades was ordered to supplement).

interrogatory 8, it should be precluded from claiming priority. MDx will address this in pre-trial motions.

## III.     CONCLUSION

For all the foregoing reasons, MDx respectfully requests that the Court deny the Health Grades Motion in its entirety.

Dated:  July 6, 2012                                       Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: sstimpson@sillscummis.com
E-mail: smurray@sillscummis.com
E-mail: dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202-5647
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2012, I electronically filed the foregoing MDX MEDICAL, INC.'S OPPOSITION TO HEALTH GRADES MOTION TO STRIKE INVALIDITY ARGUMENT IN MDX MEDICAL, INC.'S THIRD SUPPLEMENTAL INVALIDITY CONTENTIONS, was deposited with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez , Jr.**
  jvazquez@rothgerber.com, phenke@rothgerber.com

- **Kris John Kostolansky**
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- **Jeffrey David Phipps**
  jphipps@rothgerber.com, kmeans@rothgerber.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Scott B. Murray**
  smurray@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

                                                                                             _s:/David C. Lee_____