**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S OPPOSITION TO HEALTH GRADES MOTION TO
PRECLUDE MDX'S ADVICE-OF-COUNSEL DEFENSE FOR
VIOLATION OF LOCAL PATENT RULE 3-7, OR IN THE ALTERNATIVE,
TO COMPEL DISCOVERY RELATING TO OPINIONS-OF-COUNSEL
PURSUANT TO LOCAL PATENT RULE 3-7 AND RULES 30(A)(1) AND
37(A)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, hereby opposes the motion of Plaintiff Health Grades, Inc. ("Health Grades") to Preclude MDx's Advice-Of-Counsel Defense For Violation Of Local Patent Rule 3-7, Or In The Alternative, To Compel Discovery Relating To Opinions-Of-Counsel Pursuant To Local Patent Rule 3-7 and Rules 30(a)(1) and 37(a)(1) Of The Federal Rules Of Civil Procedure (the "Motion", dkt. # 219, 220).

This is yet another pointless motion by Health Grades. Most of what it requests MDx has already provided, and MDx would have been willing to give other parts too had Health Grades complied with D.C.COLO.LCivR 7.1 and properly consulted with counsel for MDx.

As for the one part of its Motion that MDx is unwilling to give (the request that MDx be precluded from relying on all advice of counsel), the case law does not even remotely support that request, especially here where the opinion at issue, the log, the oral opinion summary, and related documents all were timely produced in full compliance with Patent Rule 3-7.

**I.      THE MOTION TO PRECLUDE**

Health Grades admits that MDx timely produced its opinion of counsel from Mr. Braginsky ("Braginsky opinion"), a privilege log, and documents relating to the same subject matter. Motion, page 3. After questions from Health Grades and a good faith meet and confer, MDx voluntarily produced other documents that were arguably related to the Braginsky opinion – a fact also undisputed by Health Grades. *Id.* at page 4. And while Health Grades complains that MDx at first objected to the Braginsky deposition, they correctly note that issue too is resolved by agreement of the parties. So, despite the Health Grades complaining, it timely received the Braginsky opinion, a privilege log, and documents related to the Braginsky opinion, and it has secured the MDx agreement to the Braginsky deposition. Despite all this, Health Grades contends that MDx should be precluded from relying on the Braginsky opinion.

Health Grades believes that MDx should be precluded from reliance on the Braginsky opinion for three reasons: (1) the Maldjian opinion was produced too late; (2) Health Grades' speculation that there might have been oral advice other than that identified by MDx; and (3) Health Grades' speculation that there could possibly have existed other documents that should have been listed on the privilege log. Argument (1) lacks legal support; and arguments (2) and (3) lack factual support.

2

(1) <u>The Maldjian Opinion</u>.  This Maldjian opinion was not timely produced because it was part of a series of privileged communications on other patents, and was thus inadvertently overlooked.  When it was identified, it was produced immediately.  Communications relating to the Maldjian opinion were also gathered and produced when identified.  The Court has considered similar facts in another case involving inadvertent later production of documents based on good faith belief that documents were privileged, and the Court declined sanctions in that case.  *Cf. Pownell v. Credo Petroleum Corp.*, Case No. 09-cv-01540-WYD-KLM, 2011 U.S. Dist. LEXIS 35869, at *12-13 (D. Colo. Mar. 17, 2011) (declining to impose sanctions when "failure to initially produce [documents] . . . was the result of inadvertence or a good faith belief that the entire exchange was privileged").  Furthermore, MDx will not rely on the Maldjian opinion for its advice-of-counsel defense, and Health Grades had this opinion well prior to the MDx depositions, and so was not prejudiced – the deponent was asked at length about the Maldjian opinion.  Exhibit A, Partial Transcript of Mitchel Rothschild Deposition, pp. 34-44, 50-57, 63-66, 68-70, 97-100, 113, 136-37, 145.

(2) <u>The Oral Advice</u>.  Health Grades next argues that perhaps the written summary of oral advice provided by MDx was insufficient.  That is simply wrong.  The Braginsky opinion was identified as reflecting the oral advice, and it does so better than any other oral summary could, and so this easily satisfies the written oral summary requirement.  Health Grades' citations of snippets of the Rothschild deposition as supposedly contradicting this statement are way off base, and its surmise that it is "likely" that there was other oral advice is pure conjecture without any basis in fact.  Indeed, Mr. Rothschild testified that the oral advice he received was consistent with the opinion letter.  *Id.*, pp. 70-74, 80, 102-12, 122-23, 127, 153-55.

(3) <u>The Privilege Log</u>.  Health Grades next argument is that it "believes" that the privilege log may be incomplete, although at least Health Grades concedes that it "cannot know for sure" if this is true.  Health Grades concludes that "all these emails" should have been listed on the privilege log.  But Health Grades is simply wrong in its speculation – any such emails are already on the log.

These misguided factual allegations, and an inadvertent mistake in timely producing certain documents, are not nearly sufficient to justify the draconian relief Health Grades requests, particularly where there has been substantial compliance with Patent Rule 3-7.  *Cf. Pownell*, 2011 U.S. Dist. LEXIS 35869, at *12-13.  The *Protective Optics* case cited by Health Grades is wholly distinguishable, as that case involved a complete failure to submit anything by the advice-of-counsel defense deadline.  *Protective Optics, Inc. v. Panoptx, Inc.*, 488 F. Supp. 2d 922 (N.D. Cal. 2007).

**II.     THE REQUEST TO PRODUCE**

In the alternative, Health Grades asks the Court to strike reliance on the Maldjian opinion, to order MDx to produce Mr. Braginsky for deposition, and to produce other unidentified documents relating to the Braginsky opinion.  This is all fine with MDx – all Health Grades' counsel had to do was have a proper conferral rather than filing another pointless motion.

First, MDx has already agreed to produce Mr. Braginsky for deposition.  Health Grades' Motion is very confusing in this regard – it admits that MDx has agreed to the deposition, yet moves to compel it.  Indeed, earlier on the very same day Health Grades filed this Motion, it

4

submitted with MDx a joint motion for an extension of time, whereby both parties agreed to the Braginsky deposition.  Dkt. # 217, page 2.

With regard to the request to preclude use of the Maldjian opinion, that request is acceptable to MDx.

With regard to Health Grades' request for production of documents related to the opinion, and its request that all emails between opinion counsel and other counsel are placed on the privilege log, Health Grades already has these, too.[1]

### III.   CONCLUSION

For all the foregoing reasons, MDx respectfully requests that the Court deny the Health Grades Motion in its entirety.


Dated:  July 9, 2012                                      Respectfully submitted,


*s:/Scott D. Stimpson*
Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: sstimpson@sillscummis.com
E-mail: smurray@sillscummis.com
E-mail: dlee@sillscummis.com

and

---

[1] MDx has done a reasonable search and produced all documents mentioning the patent that are either communications between MDx and counsel, or that otherwise reflect oral communications or meetings with counsel.

5

Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202-5647
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2012, I electronically filed the foregoing MDX MEDICAL, INC.'S OPPOSITION TO HEALTH GRADES MOTION TO PRECLUDE MDX'S ADVICE-OF-COUNSEL DEFENSE FOR VIOLATION OF LOCAL PATENT RULE 3-7, OR IN THE ALTERNATIVE, TO COMPEL DISCOVERY RELATING TO OPINIONS-OF-COUNSEL PURSUANT TO LOCAL PATENT RULE 3-7 AND RULES 30(A)(1) AND 37(A)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE, was deposited with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez , Jr.**
  jvazquez@rothgerber.com, phenke@rothgerber.com

- **Gregory B. Kanan**
  gkanan@rothgerber.com, dgrooms@rothgerber.com

- **Kris John Kostolansky**
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- **Jeffrey David Phipps**
  jphipps@rothgerber.com, kmeans@rothgerber.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Scott B. Murray**
  smurray@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

　　　　　　　　　　　　　　　　　　　_s:/David C. Lee_____