**Vazquez, Jesus**

| | |
|---|---|
| From: | Vazquez, Jesus |
| Sent: | Thursday, June 14, 2012 9:04 PM |
| To: | Scott D. Stimpson |
| Cc: | David C. Lee; Scott Murray; Lauren Siber; Kanan, Greg; Kostolansky, Kris J.; Kirstin Stoll-DeBell; Henke, Peggy J.; Ridley, Terence; norris@wtotrial.com; Henke, Peggy J. |
| Subject: | Re: Health Grades, Inc. v. MDx Medical, Inc.; Civil Action No. 11-CV-00520-PAB-BNB |

Scott,

==You know well that we agreed to mark all documents as "highly confidential" pending entry of a protective order in the case. In fact, it was specifically your idea to do so.==  The only exception occurred when we advised you that screen shots from Vitals' public website should not be designated as such.

If there are any HG documents that you believe are not properly designated, please give us the bates numbers and we will review them promptly to assess if a lesser designation is warranted.

With respect to your motion, you can characterize our good faith effort to determine which materials we would not oppose as "silliness" or however you want.  Be assured that our response will inform the Court regarding our conferral on this.

Jesús M. Vázquez, Esq.
Rothgerber Johnson & Lyons LLP
One Tabor Center | Suite 3000 |
1200 17th Street | Denver, CO 80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com
Website: www.rothgerber.com


On Jun 14, 2012, at 7:40 PM, "Scott D. Stimpson" <sstimpson@sillscummis.com> wrote:

> Jesus:
>
> We will file the motion as opposed.  The HG position is particularly disturbing given HG's vast overuse of the "attorneys' eyes only" designation, including even public documents. The page-by-page analysis you do below is silliness, as it would create a logistical nightmare for the parties and court.  Why Health Grades is unwilling to comply with our agreement, and meet and confer on confidentiality designations before raising them with the Court, is a mystery to us.
>
> We recognize your written notice that you think portions of our documents are not sufficiently confidential.  That, however, does not satisfy the requirements of the protective order for a meet and confer.  When you are ready for that conference, please be fully prepared to justify the hundreds of thousands of documents HG has designated "attorneys' eyes only."
>
> Scott



EXHIBIT B

7/9/2012

**Sills Cummis & Gross** P.C.

website | bio | v-Card | email

**Scott D. Stimpson**
Member of the Firm

New York | Map    d (212) 500-1550    f (212) 643-6500    30 Rockefeller Plaza    New York, NY 10112

**From:** Vazquez, Jesus [mailto:jvazquez@rothgerber.com]
**Sent:** Thursday, June 14, 2012 6:02 PM
**To:** David C. Lee
**Cc:** Scott D. Stimpson; Scott Murray; Lauren Siber; Kanan, Greg; Kostolansky, Kris J.; 'Kirstin Stoll-DeBell'; Henke, Peggy J.
**Subject:** RE: Health Grades, Inc. v. MDx Medical, Inc.; Civil Action No. 11-CV-00520-PAB-BNB

David,

We have reviewed the documents that MDx seeks to restrict and had our consultations regarding the same. As we have advised you, we do not believe that many of the materials that MDx has designated as "highly confidential" merit that designation.

With respect to the documents you seek to restrict in your anticipated motion:

Document No 201. This is the actual response brief. Of the 41 pages, only pages 7, 27 and 38 reference just portions of materials designated as "highly confidential" by MDx. Certainly there is no cause to restrict the entire document based on these three references, nor do we agree that the specific pages should be isolated and restricted.

Document 201-15. This is a 26 page document. We do dot agree that pages 8, 9, 10, 11, 14, 15, 16, 17 and 22-26 should be restricted. Those pages have references to copying Health Grades and otherwise do not meet the requirements to designate them as "highly confidential." Please consider this our written notice that we are challenging that designation.

Document 201-16. This is a 25 page document. We do not agree that pages 7, 13, 18 and 19 should be restricted. Those pages have references to copying Health Grades and otherwise do not meet the requirements to designate them as "highly confidential." Please consider this our written notice that we are challenging that designation.

Document 201-17. This is a two page email that very obviously should not be designated "highly confidential." Please consider this our written notice that we are challenging that designation.

With respect to Document Nos. 201 and 201-17, and the pages within Document Nos. 201-15 and 201-16 referenced above, Health Grades opposes MDx's motion.

With respect to any pages within Document Nos. 201-15 and 201-16 that are **not** specifically mentioned above, you can state that HG does not oppose the motion to restrict those pages, but that we reserve the right to challenge their designation and that the fact that we do not oppose MDx's motion as to those pages does not mean that we agree they are properly designated as "highly confidential."

Thanks, Jesus

**Jesús M. Vázquez, Attorney-at-Law**

7/9/2012

Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO  80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

**From:** David C. Lee [mailto:dlee@sillscummis.com]
**Sent:** Thursday, June 14, 2012 12:44 PM
**To:** David C. Lee
**Cc:** Vazquez, Jesus; Scott D. Stimpson; Scott Murray; Lauren Siber
**Subject:** Re: Health Grades, Inc. v. MDx Medical, Inc.; Civil Action No. 11-CV-00520-PAB-BNB

Jesus:

I just wanted to follow up on our email below.

Regards,
David

Sent from my mobile device

On Jun 13, 2012, at 7:31 PM, "David C. Lee" <dlee@sillscummis.com> wrote:

> Jesus:
>
> Attached is the draft motion to restrict.  Please let us know if Health Grades agrees to designate the motion as unopposed in view of footnote 2.
>
> Regards,
> David



<2143001-V2-motion to restrict.DOC>

NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.