**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S UNOPPOSED MOTION FOR LEAVE TO RESTRICT
ACCESS TO DOCUMENT – DOCUMENT NOS. 236-1, 236-2, 239-1**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, pursuant to D.C.COLO.L.CivR 7.2 moves this Court for an order continuing the restricted access to Document Nos. 236-1 and 236-2, and 239-1, which are exhibits to Plaintiff Health Grades, Inc.'s ("Health Grades") filings in dkt. # 236 (Health Grades' Supplemental Response to MDx's Second Motion Pursuant to Federal Rule of Civil Procedure 56 For Partial Summary Judgment of Non-Infringement) and dkt. # 239 (Health Grades' Supplemental Reply in Support of Its Motion For Leave to Serve One Request For Inspection Under Fed. R. Civ. P. 34(a)(2), or In the Alternative, Health Grades, Inc.'s Motion For Reconsideration of the Order Denying Its Motion to Compel Production of A Demonstration System).

1

Pursuant to D.C.COLO.L.CivR 7.1, the Parties conferred on July 17, 2012, and counsel for Health Grades has indicated that Health Grades does not oppose this motion and the relief requested herein.

Main Documents Having Dkt. # 236 and 239

The Parties have agreed that public access to the main documents having dkt. # 236 and 239 shall not be restricted.

Exhibits Having Dkt. # 236-1 and 239-1

The exhibits having dkt. # 236-1 and dkt. # 239-1 are identical and are the entire draft transcript of the deposition of Mr. Larry West, Chief Technology Officer of MDx, taken on June 26, 2012. Under Section 6.1.8 of the Protective Order in this case (dkt. 227), confidentiality designations for this transcript are not due until July 26, 2012,[1] and counsel for Mr. West intends to make confidentiality designations by that date. Until then, the entire deposition transcript has been designated HIGHLY CONFIDENTIAL to protect against inadvertent disclosure of confidential and highly confidential information, such as, without limitation, MDx's expansion plans (*e.g.*, dkt. # 236-1, transcript page 263, line 17 – transcript page 266, line 8) and highly competitive information relating to MDx's data (e.g., dkt. # 236-1, transcript pages 267-71).

---

[1] Counsel for Mr. West received the transcript on July 6, 2012. Per Section 6.1.8 of the Protective Order, confidentiality designations are due within fourteen business days, *i.e.*, by July 26, 2012.

2

Once the deposition transcript is fully revised to incorporate the confidentiality designations, the Parties shall file the revised deposition transcript (with CONFIDENTIAL and HIGHLY CONFIDENTIAL portions redacted) as a public version of dkt. # 236-1 and 239-1.

In view of the foregoing agreed-upon alternative, MDx requests the Court's leave to continue the restrictions on access to dkt. # 236-1 and 239-1 at a Level 1 restriction. These documents contain, for example, MDx's expansion plans (*e.g.*, dkt. # 236-1, transcript page 263, line 17 – transcript page 266, line 8) and highly competitive information relating to MDx's data (e.g., dkt. # 236-1, transcript pages 267-71). Accordingly, MDx will suffer significant competitive injury if the entirety of dkt. # 236-1 and 239-1 is accessible by the public.

Exhibit Having Dkt. # 236-2

The exhibit having dkt. # 236-2 contains MDx's audited financial statements. MDx requests the Court's leave to continue the restriction on access to dkt. # 236-2 at a Level 1 restriction. Dkt. # 236-2 contains highly competitive information about MDx's financial data. MDx is a privately-owned company that does not make its financial information publically available, nor disclose it to its competitors, especially significantly larger ones such as Health Grades. The information in this document provides a comprehensive overview of MDx's cost and revenue structure. MDx will suffer significant competitive injury if the information in dkt. # 236-2 is accessible by the public.

3

Conclusion

For the foregoing reasons, MDx requests that this Court grant this unopposed motion for continued restrictions on access to Document Nos. 236-1, 236-2, and 239-1, at a Level 1 restriction.

Dated:  July 17, 2012                                     Respectfully submitted,


*s:/Scott D. Stimpson*
Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail:sstimpson@sillscummis.com
E-mail:smurray@sillscummis.com
E-mail:dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2012, I electronically filed the foregoing MDX MEDICAL, INC.'S UNOPPOSED MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENT – DOCUMENT NOS. 236-1, 236-2, 239-1 with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Jesus Manuel Vazquez , Jr.
  jvazquez@rothgerber.com, phenke@rothgerber.com

- Gregory B. Kanan
  gkanan@rothgerber.com, dgrooms@rothgerber.com

- Kris John Kostolansky
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- Jeffrey David Phipps
  jphipps@rothgerber.com, kmeans@rothgerber.com

- Scott David Stimpson
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- Scott B. Murray
  smurray@sillscummis.com

- David Chunyi Lee
  dlee@sillscummis.com

- Terence M. Ridley
  ridley@wtotrial.com, norris@wtotrial.com

                *s:/ David Lee*