**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

**HEALTH GRADES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE A NEW INVALIDITY ARGUMENT IN MDX MEDICAL, INC.'S THIRD SUPPLEMENTAL INVALIDITY CONTENTIONS**

Pursuant to Rules 16(f) and 37(b)(2)(A) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Plaintiff Health Grades, Inc. ("Health Grades") respectfully files its Reply in Support of its Motion To Strike a New Invalidity Argument in MDx Medical, Inc.'s Third Supplemental Invalidity Contentions and requests that this Court strike footnote two and the surrounding argument made by Defendant MDx Medical, Inc. ("MDx") in its Third Supplemental Invalidity Contentions served on May 10, 2012 (Ex. 1 (Dkt. 215-1).)

MDx does not deny that it violated an agreed-upon Local Patent Rule by adding a new argument to its invalidity contentions without first seeking leave of court to do so. MDx also does not dispute that it had the discovery MDx needed to contest Health Grades' priority claim at the time it served its original invalidity contentions in August 2011. Rather, its response makes baseless and unprofessional attacks against Health Grades (e.g. saying Health Grades "displays incredible chutzpah" and calling its assertions "bunk") and includes a laundry list of excuses,

1

none of which justify MDx's conduct.  As such, Health Grades respectfully requests that this Court grant its motion.

### 1. MDx Does Not Dispute that It Violated Local Patent Rule 3-6 by Adding New Substantive Invalidity Arguments

Despite MDx's baseless attacks, MDx still violated Local Patent Rule 3-6 when it added additional substantive invalidity arguments into its Third Supplemental Invalidity Contentions without an order from the Court. Local Patent Rule 3-6 is perfectly clear on the issue and states that "[a]mendment of the Infringement Contentions or the Invalidity Contentions may be made ***only by order of the Court upon a timely showing of good cause.***" (*Id.* (Dkt. 34 at p. 23) (citing Local Rule 3-6) (emphasis added).)

MDx's response brief did not even mention Rule 3-6 let alone try to argue that it did not violate this rule. (MDx Medical, Inc.'s Opposition To Health Grades Motion To Strike Invalidity Argument In MDx Medical, Inc.'s Third Supplemental Invalidity Contentions ("MDx Response Brief") (Dkt. 243).)

Instead, MDx alleges that Health Grades gave MDx permission to add this invalidity argument into its invalidity contentions.  MDx's allegation is fatally flawed because only this Court, not the parties, has the power to grant permission to supplement invalidity contentions.  In any event, Health Grades did not agree that MDx should be allowed to add a new invalidity argument.  The self-serving e-mail cited by MDx does not say otherwise.  (Ex. 11 (Dkt. 215-11).)  At the most, Health Grades agreed to consider the issue of whether it needed to supplement its own interrogatory response after MDx disclosed its reasons for attacking Health Grades priority claim.  If anything, MDx's e-mail demonstrates that: (1) Health Grades had previously disclosed its intent to rely on the priority filing date of its provisional application; and (2) MDx's

2

attack of this priority claim was a *new* argument that MDx had not previously raised before. That is, Health Grades could not even begin to consider whether to supplement its interrogatory response until it understood why MDx believed that the priority claim was flawed.  In any event, at no time did MDx indicate its intent to add a new argument *to its invalidity contentions*. Indeed, MDx's e-mail states that it is going to add *only* Bates numbers to its contentions:

> (1) We will supplement our invalidity contentions **to add Bates numbers** for references to non-patent prior art, as we discussed.

(Ex. 11 (Dkt. 215-11) (emphasis added).)

### 2. MDx Was Required to Disclose its Attack of Health Grades' Priority Claim

#### a. MDx Bears the Burden of Proving Invalidity by Clear and Convincing Evidence

MDx argues that it was not required to disclose its contention that Health Grades is not entitled to claim priority back to the provisional application because Health Grades bears the burden to prove priority.  Not true.  MDx does not cite any authority for the proposition that it must disclose only those arguments for which it solely bears the burden of proof.  In any event, MDx oversimplifies the law and ignores the fact that MDx bears the ultimate burden of proving invalidity by clear and convincing evidence.  In a recent decision, the Northern District of California summarized Federal Circuit law surrounding burdens of proof relating to invalidity:

> To determine what showings each party must make, the Federal Circuit distinguished between the burden of persuasion and the burden of production. [*Tech Licensing Corp. v. VideoTek, Inc.*, 545 F.3d 1316, 1326-27 (Fed. Cir. 2008)]. The burden of production is the burden of going forward with evidence, "a shifting burden the allocation of which depends on where in the process of trial the issue arises." *Id.* The burden of persuasion, on the other hand, "never shifts however much the burden going forward may jump

3

> from one party to another as the issues in the case are raised and developed." *Id.*
>
> ...
>
> The burden of production [is] initially on the alleged infringer to produce evidence that there was anticipating prior art. *Id.* Once that [is] done, the burden of production shift[s] to the patent holder to show that "the prior art does not actually anticipate, or, as was attempted in this case, that it is not prior art because the asserted claim is entitled to the benefit of a filing date prior to the alleged prior art." **Once that showing is made, the burden of production shifts back to the alleged infringer, to "convince the court that [the patent holder] is not entitled to the benefit of the earlier filing date. 'Convince' is the operative word, because if the court is not persuaded by clear and convincing evidence that [the alleged infringer] is correct, [it has] failed to carry its ultimate burden of persuasion, and its defense of invalidity, based on anticipation by the [prior] art, fails."** *Id.*

*Positive Techs. Inc. v. Sony Elecs. Inc.*, No. C 11-02226 SI, 2012 U.S. Dist. LEXIS 6467 at *18-*19 (N.D. Cal. Jan. 19, 2012).  Thus, the burden of production shifts back and forth between Health Grades and MDx on the issue of priority, but the burden of persuasion to show that something is prior art that invalidates a claim *always remains on MDx*.

Turning to the case at hand, as MDx suggests and Health Grades agrees that Local Patent Rule 3-1(f) required Health Grades to disclose which claims of the '060 patent are entitled to priority and the corresponding priority date.  Health Grades timely complied with this rule on July 19, 2011.  (Health Grades, Inc.'s Supplemental Disclosure of Asserted Claims and Infringement Contentions at p. 4 (Ex. 2 (Dkt. 215-2).)  Health Grades also produced evidence of this priority, including the '757 Provisional Application and the '060 patent with all the claims on July 28, 2011.  At this point, Health Grades had met is burden of production on the issue of priority and this burden shifted back to MDx to disclose why Health Grades' priority claim lacked merit.  MDx had everything it needed to disclose its reasons for asserting that Health

4

Grades '060 patent is not entitled to priority to the provisional application by July 28, 2011, if not before, and it should have done so in its original invalidity contentions.

### b.  MDx's New Argument is Based on 35 U.S.C. §112 and Local Rule 3-3 Requires Disclosure of All §112 Invalidity Arguments

MDx's new argument reads:

> The '060 Patent is not entitled to benefit from the earlier filing date of provisional application no. 60/771,757 (the "'757 application") because the '757 application does not meet the requirements of **35 U.S.C. § 112, first paragraph**, with respect to the patented claims of the '060 Patent. For example, the '757 application does not contain a **written description** of at least the following claimed features of the '060 Patent: "comparison ratings of healthcare providers" (claims 1 and 15), "results list further includes an advertisement for the first healthcare provider" (claim 8), and "favorable positioning in the results list" for a member (claim 11). **Based at least on these deficiencies, the '757 application also fails to satisfy the enablement and best mode requirements** of **35 U.S.C. § 112, first paragraph**. Therefore, the '060 Patent cannot benefit from the earlier filing date of the '757 application, under 35 U.S.C. § 119(e).

(Ex. 1 at 3 n. 3 (Dkt. 215-1) (emphasis added).) Although MDx states that Local Patent Rule 3-3 requires only three things, the Rule actually requires four things. (MDx Response Brief at 3 (Dkt. 243); Scheduling Order (Dkt. 34 at p. 20-21) (citing Local Rule 3-3) (emphasis added).)  Section (d) of Local Patent Rule 3-3, which was conveniently omitted from MDx's Response Brief, states that "[a]ny grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims" shall be included in the invalidity contentions. (*Id.*)  MDx's footnote certainly seems to be discussing grounds for invalidity under 35 U.S.C. §112, paragraph one, as it repeats the statute multiple times.

5

### 3. By MDx's Own Admission, It Will Not Suffer Any Prejudice if this Motion is Granted and MDx is Precluded from Contesting Health Grades' Priority Claim

MDx states that "all the prior art relied upon by MDx at this stage is prior art *regardless* of whether Health Grades is entitled to priority." (MDx Response Brief at 2 n. 2 (Dkt. 243) (emphasis added).)  If this is true, then MDx would suffer no prejudice if this motion is granted and MDx is precluded from attacking Health Grades' priority claim.  Indeed, if MDx does not need to attack Health Grades' claim of priority to the provisional application to support its invalidity defense, which it clearly argues it does not, it is a mystery why MDx added the new argument in footnote 2 and why it is opposing this motion.  For this additional reason, this Court should strike MDx's new argument.

### 4. Health Grades Complied with this Court's Order to Supplement its Response to Interrogatory No. 8

MDx also tries to argue that Health Grades has insufficiently responded to one of MDx's interrogatories to Health Grades.  While MDx's argument is not the subject of this motion, Health Grades notes that it supplemented its response to Interrogatory No. 8 by January 26, 2012 in full compliance with this Court's December 28, 2011 order.  (Dkt. 104.)  Moreover, MDx's eighth interrogatory does not request that Health Grades further prove its claim to priority beyond what it has already shown, nor has any Court order directed Health Grades to do so. (Health Grades' Second Supplemental Response to MDx's Interrogatory No. 8 dated January 26, 2012 (Ex. 12 hereto); 12/28/2011 Court Order (Dkt. 104).)

### 5. Requested Relief

For all the foregoing reasons, Health Grades respectfully requests that the Court: (1) Strike footnote two and surrounding argument added in MDx's Third Supplemental Invalidity

6

2003753827_1

Contentions; and (2) preclude MDx from contesting Health Grades' claim of priority to the '060 patent.

Respectfully submitted this 23rd day of July, 2012.

ROTHGERBER JOHNSON & LYONS LLP

*s/ Jesús M. Vázquez*
Gregory B. Kanan, Esq.
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
1200 17th Street, Suite 3000
Denver, Colorado  80202
Tel:  (303) 623-9000
Fax:  (303) 623-9222
Email: gkanan@rothgerber.com
           kkosto@rothgerber.com
           jvazquez@rothgerber.com

*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2012, I electronically filed the foregoing **HEALTH GRADES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE A NEW INVALIDITY ARGUMENT IN MDX MEDICAL, INC.'S THIRD SUPPLEMENTAL INVALIDITY CONTENTIONS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Scott David Stimpson
Mark Jon Rosenberg
David Chunyi Lee
Scott B. Murray
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY  10112
Email:  sstimpson@sillscummis.com
Email:  mrosenberg@sillscummis.com
Email:  dlee@sillscummis.com
Email:  smurray@sillscummis.com

Terence M. Ridley
Wheeler Trigg O'Donnell, LLP
370 17th Street, Suite 4500
Denver, CO  80202-5647
Email: ridley@wtotrial.com

          *s/ Jesús M. Vazquez*
          Gregory B. Kanan, Esq.
          Kris J. Kostolansky, Esq.
          Jesús M. Vázquez, Jr., Esq.
          Rothgerber Johnson & Lyons, LLP
          1200 17th Street, Suite 3000
          Denver, Colorado 80202-5855
          Tel:     (303) 623-9000
          Facsimile: (303) 623-9222
          Email:  gkanan@rothgerber.com
                   kkostolansky@rothgerber.com
                   jvazquez@rothgerber.com
          *Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

8

9

2003753827_1