# EXHIBIT 6

## Lauren Siber

| | |
|---|---|
| **From:** | Vazquez, Jesus [jvazquez@rothgerber.com] |
| **Sent:** | Tuesday, November 22, 2011 6:10 PM |
| **To:** | Scott D. Stimpson |
| **Cc:** | David C. Lee; Scott Murray |
| **Subject:** | Case Issues |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |
| **Attachments:** | search term results (00999855).PDF |

Scott:

I'm writing to confer regarding a number of issues. As you know, on November 11 - on the eve of the depositions we had scheduled of Messrs. LaPointe and Rothschild in New York - you produced six thousand pages of additional documents that are responsive to discovery requests served *three and a half months* earlier. This is particularly ironic given your complaints regarding how long it has taken Health Grades to make some of its own productions in the case. You provided no explanation for why these documents were being produced so late, much less on the eve of the depositions scheduled in New York. Indeed, despite the fact that we had frequent communications in the weeks leading up to the depositions, you never once mentioned that you intended to make a supplemental production, much less one of such magnitude. There is only one possible reason for this - to inappropriately hinder our ability to adequately prepare for the depositions.

With respect to the documents you produced, while we are still reviewing them, there is simply no reason why the financial statements included in the November 11 production could not have been produced earlier. Instead, as you know MDx's earlier production is riddled with a significant number of useless, unresponsive, illegible and duplicative materials. Such a production could only have been made in bad faith.

Likewise, your assertions that Health Grades has "refused" to produce documents in this case are false and grossly misrepresent our communications. I am quite certain that we have never, ever, "refused" to produce documents. While I understand that asserting we have "refused" to produce documents may better support a motion to compel, such an assertion would be false and made in bad faith, and would grossly misrepresent and mischaracterize our good faith attempts to work through and resolve the discovery issues in this case. I renew my request that you confer as required regarding the specific items you want that you have threatened to ask the Court to compel us to produce.

With respect to search term searches, the Scheduling Order contemplates such searches "at a time to be agreed upon by the Parties." I do not believe we ever came to an agreement on such a time - instead you simply sent us your client's search terms, and included a lengthy disclaimer (that is not contemplated by the Scheduling Order) in which you reserved the right to object to our client's terms without even having received them, and at the same time reserved the right to expand your own client's search terms. In fact, as you know you subsequently did make an additional request for additional searches. Then when we supplied you with our narrowly tailored and targeted search terms, your immediate reaction was to oppose them and to demand that we run the same searches as those we requested. Then when I told you we would consider your request, you mischaracterized that as a "refusal" to run the searches. Suffice it to say that

all of this smacks of gamesmanship and is certainly not what we contemplated when we put together the Scheduling Order. In any event, attached is a copy of the results of the searches completed to date by HG. As you'll see, in a good faith attempt to capture all relevant documents, I actually *added* additional search terms beyond those you requested. I have asked that all of the documents containing the hits reflected in the attached document be sent to me asap so that I can review them and evaluate them pursuant to Rule 26 in anticipation of producing them.

The protective order has been in your court now since October 25 when I sent you the revised draft. On October 31st I confirmed your question regarding our dispute regarding sharing materials with potential third-party witnesses. ==With respect to document productions pending entry of the PO, as I previously advised you and David, it was not my understanding that the parties would designate all documents as "attorney's eyes only" pending entry of the order by the Court. That simply makes no sense - what makes sense is that the parties designate documents per the terms of the order pending it's approval by the Court. That is what we have done with our productions.== Thus, to the extent you have designated any documents as "attorney's eyes only" irregardless of whether they merit such a designation, we ask that you please take immediate action to lift and correct those designations.

Additionally, we have identified some inconsistencies with the draft order that we need to clarify. We are using certain individuals within Health Grades' patent firm (Merchant & Gould) as consultants on this matter. Based on the draft protective order terms as they stand now, it does not appear that they need to sign the Exhibit A acknowledgment, as there seems to be an inconsistency on this issue with draft paragraphs 5.1.3 and 5.2.2. We should address and fix this inconsistency in the draft before we sign off on and submit the final version. Nonetheless, in an abundance of caution I have asked the M&G individuals to sign the Exhibit A acknowledgment and will forward that to you - I have also made sure that they do not share any materials designated by MDx as "attorney's eyes only" with Health Grades and that they abide by all the applicable terms of the draft order. I will also forward you the corresponding acknowledgments signed by our damages and technical experts.

With respect to rescheduling the depositions of Messrs. LaPointe and Rothschild, on November 12 we asked that you advise us whether they are available the week of December 12. Ten days have elapsed since we made this simple request and you still have not let us know. I understand you called, but you also did not address the issue in your voicemail. I don't see why it would take this long to check with these two witnesses regarding their availability and to inform us accordingly. Given the holidays the delay in answering this simple question has a negative impact on our ability to adequately plan for the case.

With respect to your request to reschedule the depositions of the inventors, on 11/17 you asked that we provide dates between December 21 and January 6 for those three depositions. We have determined that period of time does not work for us. I have asked the inventors to advise me whether they are available the week of January 9, and will let you know after we hear back from them. If the week of January 9 does not work on your end, please let me know asap so that we can identify mutually agreeable times for the rescheduled depositions.

Thanks, Jesus

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO  80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

7/25/2012

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.

7/25/2012