IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S REPLY MEMORANDUM IT SUPPORT OF
ITS MOTION TO RESTRICT ACCESS TO DOCUMENT NOS. 201, 201-15, 201-16 and
201-17**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), submits its Reply to Health Grades, Inc.'s ("Health Grades") Opposition to MDx Medical Inc.'s Motion to Restrict Access to Document Nos. 201, 201-15, 201-16 and 201-17 (dkt. # 250).

I. **HEALTH GRADES AGREES THE INFORMATION IS CONFIDENTIAL**

    A. **Health Grades Designated the Same Material Highly Confidential**

Health Grades blows hot and cold on the confidentiality of the documents at issue. In its opposition brief, Health Grades insists that documents it characterizes as evidence of copying should not be kept confidential. But Health Grades has designated documents showing its copying at the highest level of confidentiality. Below are examples of Health Grades copying from competitors, all of which are marked "attorneys' eyes only" ("AEO"):

- "[A]t least ***rip off [from competitor Xoova]*** some of the ways they are presenting information". Exhibit 1.

- "[Vitals] display[s] board certification expiration date from ABMS. I thought this was off-limits? *__How they do it is unique and we may want to do the same, if we can.__*" Exhibit 2.

- "Vitals may be capturing pictures and videos. . . . ." Response #1: "*__We could add this to one or more of our professional service products…__*" Response #2: "*__we should absolutely put this in our roadmap for physician engagement__*." Exhibit 3.

- Health Grades should "*__gather intelligence on [Vitals] program and pricing__*," suggesting use of "someone from within the industry *__without obvious ties to [Health Grades]__*".[1] Exhibit 4.

Health Grades has gone far beyond this, and designated hundreds of thousands of pages at only the highest level of confidentiality – AEO. Health Grades' opposition is particularly troubling, because it is Health Grades that is unquestionably using this designation as a weapon in this case – precluding counsel for MDx from even discussing *__public prior art__* with MDx. Recently, MDx submitted its expert report on invalidity. The report was based on what Health Grades witnesses testified under oath to be *__publicly available information and services__* dating back to 2004-2006. Health Grades, however, has refused to allow counsel for MDx to disclose this public information to its client, thus ensuring that MDx remains blind to the strength of its invalidity defense. *See* Exhibit 5.

---

[1] Because Health Grades has designated these documents AEO, the exhibits and this memorandum are restricted. Since Health Grades admittedly designated these pursuant to the terms of the Protective Order (*see* section B, below), they evidence a wild inconsistency with Health Grades' current opposition. Health Grades has fourteen days to move to keep these documents restricted under Local Rules, and thus Health Grades is presented with a dilemma: will Health Grades be willing to allow documents evidencing its extensive copying of competitors to become public; or will they move to restrict and therefore reinforce the inconsistency with their current opposition? MDx will not oppose a motion to restrict.

2

B. **<u>Health Grades is Not Candid About its Designations</u>**

Obviously foreseeing the inconsistencies of its own designations, Health Grades spins a tale to this Court about how it allegedly only designated these hundreds of thousands of documents AEO because the parties agreed ***to designate*** all documents AEO. As Health Grades tells the story:

> MDx conveniently fails to inform the Court, however, that *the parties agreed* that documents produced would be designated as "attorneys' eyes only" pending the Court's entry of a Protective Order in the case. *See* email dated August 18, 2011, from Scott Stimpson to Jesús Vázquez, attached hereto as **Exhibit A**; *see also* email dated June 14, 2012, from Jesús Vázquez to Scott Stimpson, attached hereto as **Exhibit B** (reminding counsel for MDx that that the parties agreed to designate productions as "highly confidential" (and thus "attorneys' eyes only") and offering to review any Health Grades' documents that MDx believes have been improperly designated by Health Grades as "attorneys' eyes only" – to date MDx has not identified any such documents).

This allegation is simply false. The parties did not agree ***to designate*** every document AEO, they agreed ***to treat*** all the documents as AEO pending entry of the Protective Order. *See* Health Grades' Exhibit A, Dkt. # 250-1 ("Pending entry of our Protective Order, both sides will keep the production for attorneys' eyes only.") The only time Health Grades counsel has tried to make this argument was in connection with this motion – after they were called out for their vast overuse of the AEO designation. *See* Health Grades Exhibit B ("The HG position is particularly disturbing given HG's vast overuse of the "attorneys' eyes only" designation, including even public documents."). It was only in response to this allegation that Health Grades came up with its story that the parties agreed to designate everything AEO.

But counsel for Health Grades should have checked their own correspondence a little more closely. Indeed, before they concocted this latest story, counsel for Health Grades not only

3

confirmed in writing that they were ***not*** designating everything AEO and were designating pursuant to the designations of the Protective Order, they sharply criticized the very approach that they now claim they were practicing all along:

> *[I]t was not my understanding that the parties would designate all documents as "attorney's eyes only" pending entry of the order by the Court. That simply makes no sense - what makes sense is that the parties designate documents per the terms of the order pending its approval by the Court. That is what we have done with our productions*.

Exhibit 6 (attachment omitted).

Thus, Health Grades is not candid with the Court about its designations and the stark inconsistencies between its current position and its actions in designating hundreds of thousands of documents, including public documents and information, as AEO.

II.   **THE DOCUMENTS SHOULD REMAIN RESTRICTED**

   A.   **Confidentiality Outweighs Any Right to Public Access**

For document 201-15, Health Grades admits that half of the pages are confidential and should not be disclosed to the public. Opp. at pg 3 of 8.

Health Grades claims that a reference on page 8 to features of other companies in design and development should not be confidential and protected from the public. But, as is clear from Section I, Health Grades has taken the exact same approach, refusing to allow anyone other than outside counsel to see such documents. And it should not make any difference that other companies are mentioned – if the documents are internal and show internal operations, then both MDx and Health Grades were absolutely correct in designating these documents AEO.

Health Grades just makes general statements and attempts to apply them broadly to all pages it alleges are not confidential. It does not address the specifics found in the MDx motion

4

– that these pages also contain references to software and features considered but not implemented on the MDx website. These are internal thoughts and considerations that obviously are not disclosed outside of MDx, especially to competitors like Health Grades. Again, Health Grades has marked all of its similar documents with even more vigorous use of the AEO designation than MDx.[2]

Health Grades next claims that only four of 25 pages of document 201-16 should not be confidential. But the pages Health Grades references again discuss confidential design options for the MDx website. *See, e.g.*, pages 7, 13 (discussing design options for making the website more user-friendly). They also discuss search engine optimization procedures – critically important internal information (search engine optimization, or "SEO," dictates, for example, how high up your website will come up in the Google search results). Health Grades has designated *all* of its SEO and design options AEO, entirely inconsistently with this motion.

MDx will agree that document 201-17 may be unrestricted.[3]

B.   **Restricting Only Portions Would be a Logistical Nightmare**

There are some pages of these documents that do not contain particularly sensitive materials, and could be unrestricted. But to do so would require separating them from the rest of

---

[2] Health Grades references emails with third parties. But that has nothing to do with the issue -- companies have confidential correspondence with business affiliates all the time, it does not make them any less confidential.

[3] Counsel for Health Grades liberally quoted from the MDx AEO documents in its brief, and made the brief *publicly available*. And Health Grades is disturbingly silent in response to the demand from counsel for MDx that they confirm this information has not been shown to Health Grades personnel. *See* Exhibit 7, which has gone unanswered. MDx is deeply concerned about the situation. If this was the first time this had happened, it might be considered a simple mistake. But counsel for Health Grades has done the same thing before. *See, e.g.*, Health Grades' brief in support of its motion to amend, starting at page 13, which discloses very confidential income and other information and which was filed by Health Grades so that it was publicly available for Health Grades personnel, and the world, to view.

5

the documents, and result in battles with Health Grades (and a corresponding burden on this Court) about every single line in each document. The only reasonable approach is to address the documents as a whole – either they contain confidential materials and should be restricted, or not.

For the foregoing reasons, MDx requests that this Court grant its motion to continue restriction of access to Document Nos. 201, 201-15, and 201-16 at a restriction Level 1.

Dated: July 25, 2012

Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail:sstimpson@sillscummis.com
E-mail:smurray@sillscummis.com
E-mail:dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

# CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2012, I electronically filed the foregoing MDX MEDICAL, INC.'S REPLY MEMORANDUM IT SUPPORT OF ITS MOTION TO RESTRICT ACCESS TO DOCUMENT – DOCUMENT NOS. 201, 201-15, 201-16 and 201-17 with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Jesus Manuel Vazquez , Jr.
  jvazquez@rothgerber.com, phenke@rothgerber.com

- Gregory B. Kanan
  gkanan@rothgerber.com, dgrooms@rothgerber.com

- Kris John Kostolansky
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- Jeffrey David Phipps
  jphipps@rothgerber.com, kmeans@rothgerber.com

- Scott David Stimpson
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- Scott B. Murray
  smurray@sillscummis.com

- David Chunyi Lee
  dlee@sillscummis.com

- Terence M. Ridley
  ridley@wtotrial.com, norris@wtotrial.com

            _s:/ David C. Lee_____
              David C. Lee