IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

**HEALTH GRADES, INC.'S REPLY IN SUPPORT OF ITS
MOTION TO PRECLUDE MDX'S ADVICE OF COUNSEL DEFENSE FOR
VIOLATION OF LOCAL PATENT RULE 3-7, OR IN THE ALTERNATIVE, TO
COMPEL DISCOVERY RELATING TO OPINIONS-OF-COUNSEL PURSUANT TO
LOCAL PATENT RULE 3-7 AND RULES 30(a)(1) AND 37(a)(1) OF THE FEDERAL
RULES OF CIVIL PROCEDURE [Dkt. 219]**

Plaintiff Health Grades, Inc. ("Health Grades") respectfully submits this brief reply in support of its motion to preclude Defendant MDx Medical, Inc.'s ("MDx") advice-of-counsel defense pursuant to the agreed upon Local Patent Rule 3-7 (Dkt. 219).

Local Rule 3-7 is clear and the penalties for violating it are explicit:

> A party who does not comply with the requirements of this Patent L.R. 3-7 ***shall not be permitted to rely on advice of counsel for any purpose*** absent a stipulation of all parties or by order of the Court.

(Scheduling Order (Dkt. 34 at pp. 22-23) (quoting N.D. Cal. Patent Local Rule 3-7) (emphasis added).) MDx has not complied with this Rule. It did not produce all of the documents required Rule 3-7 when they were due on April 3, 2012 and it still has not produced all of the documents required by this Rule.

1

2003758137_1

Earlier in this case, MDx sought and obtained an order precluding Health Grades from relying on a set of supplemental infringement contentions because Health Grades did not comply with a similar agreed-upon Local Rule. (Dkt. 87.) MDx must be held to the same standards as Health Grades. Fairness requires that it be precluded from asserting the advice-of-counsel defense because it violated the clear mandate of Rule 3-7.

Moreover, as detailed below, MDx's violation of Rule 3-7 does not result from a single isolated incident, but rather from a pattern of conduct designed to impermissibly use the attorney-client privilege as both a sword (i.e., reliance on the Braginsky Opinion) and a shield (i.e., non-disclosure of the Maldjian Opinion and refusal to produce Braginsky for deposition). Despite numerous attempts to get MDx's counsel to be reasonable on these issues, MDX refused to compromise on any of Health Grades' demands until Health Grades filed this motion. But to the extent that MDx has complied with Rule 3-7, it compliance is too little and too late. This Court should preclude its advice-of-counsel defense.

1. **MDx's Response Brief is Disingenuous -- It *Still* Has *Not* Produced All Documents that are Subject to the Privilege Waiver**

MDx argues that it has produced "most" of what Health Grades' seeks and would have provided the rest if only Health Grades had properly conferred. This is simply not true. Health Grades has repeatedly requested that MDx produce Item Nos. 1-2, 10-12, and 15-24 from the privilege log it attached to its Rule 3-7 disclosures because these items "relate to the Health Grades' patent and MDx's defenses thereto." (5/7/12 E-mail from J. Vázquez to S. Stimpson (Ex. 8) (Dkt. 219-8); MDx's Rule 3-7 Privilege Log (Ex. 3) (Dkt. 219-3).) Yet MDx still has not produced Item Nos. 10-12 and 15-24. MDx's response brief provides no explanation for its

2

failure to produce these documents. This type of gamesmanship highlights why this Court should preclude MDx's advice-of-counsel defense in this case.

2.   **MDx Did Not Withdraw its Intent to Rely on the Maldjian Opinion *Until* Health Grades Filed this Motion**

Despite the belated production of the Maldjian Opinion, MDx continued to insist that it would rely on this opinion of counsel at trial and confirmed its reliance on the Maldjian Opinion on June 15, 2012 in a joint pleading *filed on the same day Health Grades' filed this motion to preclude*. (Dkt. 217 at p. 2.) MDx did not change its mind *until* July 9, 2012, when it produced more documents that should have been included in the Rule 3-7 disclosure due on April 3, 2012. (July 9, 2012 E-mail from D. Lee to J. Vázquez (Ex. 17 hereto).)[1]

3.   **MDx Did Not have a Good Faith Belief that the Maldjian Opinion Was Privileged**

MDx argues that its advice-of-counsel defense should not be precluded because its failure to timely produce it was "inadvertent." Specifically, it asserts: "This Maldjian opinion was not timely produced because it was part of a series of privileged communications on other patents, and was thus inadvertently overlooked." (Response at 2 (Dkt. 234).) This argument defies logic.

The Maldjian opinion is dated January 2, 2011 and relates *solely* to the '060 patent. The Braginsky opinion is dated less than a month later (January 25, 2011) and covers virtually the same subject matter. (*Compare* Ex. 4 (Dkt. 219-4) with Ex. 11 (Dkt. 219-11).) MDx obtained both opinions about a month before Health Grades filed this lawsuit. Both opinions were

---

[1]   Regardless of whether MDx intends to rely on the Maldjian Opinion or not, the broad privilege waiver resulting from MDx's decision to rely on the Braginsky Opinion also caused MDx to waive privilege as to the Maldjian Opinion because both opinions relate to the same subject matter. Thus, Rule 3-7 required MDx to produce the Maldjian Opinion and related documents on April 3, 2011.

3

commissioned by and addressed to MDx's founder and CEO, Mitch Rothschild. Mr. Rothschild ordered the Maldjian Opinion on an urgent basis and became "frustrated" when its delivery was delayed. (MDx 0104757-767 (produced on July 9, 2012) (Ex. 18 hereto).) In light of these facts, it seems very unlikely that MDx forgot about this opinion. Moreover, there were only three other opinion letters created at the same time as the Maldjian Opinion. (MDx 0104771-776 (produced on July 9, 2012 (Ex. 24 hereto).) This is not such a large number that it would cause it to get lost in the shuffle as MDx contends.

MDx also argues that its advice-of-counsel defense should not be precluded because "communications relating to the Maldjian opinion were also gathered and produced when identified." (Response at 2.) This also defies logic. The scope and timing of MDx's compliance with Rule 3-7 has been a hotly debated issue for several months. MDx belatedly produced the Maldjian Opinion on June 1, 2012. (Ex. 19 hereto)  MDx offers no explanation for why it took it another month to locate the Maldjian documents, all of which clearly relate to the same subject matter as both the Braginsky and Maldjian opinions.

In any event, this Court has *not* held that it is permissible to withhold, inadvertently or otherwise, documents required by Rule 3-7. The case cited by MDx does not even relate to patent law, let alone discuss the consequences for failing to timely produce all documents required by Local Rule 3-7. *Pownell v. Credo Petroleum Corp.*, Case No. 09-cv-01540-WYD-KLM, 2011 U.S. Dist. LEXIS 35869, at *12-13 (D. Colo. Mar. 17, 2011). Rather, in the *Pownell* case, Magistrate Judge Mix declined to sanction a party for withholding meeting minutes from a board of directors' meeting (which was attended by the party's attorney) because it believed these minutes were protected by the attorney-client privilege. Indeed, the party's belief that the

4

meeting minutes were privileged was supported by the fact that "Colorado case law does not provide comprehensive guidance on whether the attorney-client privilege protects documents like those at issue" in that case.  *Id.*  In contrast in this case, there is ample authority that clearly requires disclosure of *all* communications on the same subject matter as the waived opinion(s).  *In re Seagate*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (citing *In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1299 (Fed. Cir. 2006); *Static Control Components, Inc. v. Lexmark Int'l*, No. 06-cv-02182-JLK-BNB, 2007 U.S. Dist. LEXIS 5398 at *13-*14 (D. Colo. Jan. 25, 2007).  Indeed, MDx does not dispute that it waived privilege on the Maldjian opinion and related documents.

**4.    MDx Repeatedly Refused to Produce Mr. Braginsky for Deposition and Did Not Change its Position *Until* Health Grades Filed this Motion**

In its response, MDx argues:

> This is yet another pointless motion by Health Grades. Most of what it requests MDx has already provided, and MDx would have been willing to give other parts too had Health Grades complied with D.C.COLO.LCivR 7.1 and properly consulted with counsel for MDx.

(MDx Response at 1 (Dkt. 249).)  Not true.  To the contrary, Health Grades made multiple attempts to confer with MDx on these issues, by detailed e-mails, extended phone conferences, and in person meetings.  MDx accused Health Grades of "hiding" a "Colorado case on point" and continued to insist that this deposition was not relevant (although it refused to produce and never did produce any authority to support its position) and continually refused to produce Mr. Braginsky for deposition.

| Date: | From: | To: | Content: | Ex. No. |
|---|---|---|---|---|
| 5/7/12 | J. Vázquez | S. Stimpson | 3-page e-mail explaining support for requests for: (1) production of opinion documents; and (2) to depose Mr. Braginsky | 8 |
| 5/14/12 | J. | S. | Additional case law support explaining relevance of | 20 |

5

| Date: | From: | To: | Content: | Ex. No. |
|---|---|---|---|---|
| | Vázquez | Stimpson | deposition of opinion counsel | |
| 5/15/12 | S. Stimpson | J. Vázquez | "We understand that you want to take Phil Braginsky's deposition, and you understand that we object to it. **The deposition will not proceed on May 31, or any other date absent court order.** Either you are not thoroughly researching the issue, or you are choosing not to disclose the cases on point. (Did you miss the Colorado case on point? Or just hoping that we didn't find it?)." (emphasis added) | 20 |
| 5/15/12 | K. Stoll-DeBell | S. Stimpson | Requesting citation for "Colorado case on point" referenced by Mr. Stimpson | 21 |
| 5/17/12 | J. Vázquez | S. Stimpson | "You say there is a case on point that supports your position that "there is no relevance" to the deposition of opinion counsel, but you refuse to identify the case. We have looked and have not found it. Give us the cite, please, and refrain from further inappropriate commentary." | 20 |
| 5/21/12 | S. Stimpson | J. Vázquez | "As we have told you, we are filing a motion to quash this notice. . . . there is nothing you seek from this deposition that is relevant or appropriate." | 22 |
| 5/23/12 | J. Vázquez | S. Stimpson | "Given that you still refuse to provide the cases(s) we agree that discussing this further would be fruitless." | 22 |
| 5/24/12 | S. Stimpson | J. Vázquez | Proposing to limit the scope of Mr. Braginsky's deposition if it is allowed to proceed by court order. | 22 |
| 6/13/12 | S. Stimpson | J. Vázquez | "As you requested, this confirms that we will not show up with Mr. Braginsky for deposition on June 15. We also plan to send objections or file appropriate papers." | 15 |
| 6/14/12 | J. Vázquez | S. Stimpson | "With respect to Braginsky, yesterday you confirmed in an email and said in no uncertain terms that you would be filing and/or serving appropriate papers objecting to his deposition. You have stated you would do so several times. Now you have unilaterally decided not to file any papers - this, after you said there are Colorado cases "on point" and accused us of hiding them from you and the Court and of hoping you "would not find them." So we cannot agree to the self-serving and inaccurate changes you have made to the draft motion I sent you this morning, which makes no mention of your email | 23 |

6

| Date: | From: | To: | Content: | Ex. No. |
|---|---|---|---|---|
| | | | yesterday confirming you would file papers objecting to the deposition, and in which we anticipated finally seeing those "on point" cases." | |
| 6/14/12 | S. Stimpson | J. Vázquez | "Accordingly, we will agree not to oppose having the Braginsky depositions starting at 1:30 in the afternoon as noticed, but on a different date . . . and after resolution of your planned motion to preclude reliance on the opinions." | 16 |

MDx did not agree to produce Mr. Braginsky for a deposition with no strings attached (i.e. no limit on scope and no requirement for court order) *until* Health Grades filed this motion. Thus, this motion was not pointless.

### 5. CONCLUSION

For all of the foregoing reasons, Health Grades requests that this Court preclude MDx from relying on an advice-of-counsel defense.

Respectfully submitted this 26th day of July, 2012.

ROTHGERBER JOHNSON & LYONS LLP

*s/ Jesús M. Vázquez*
Gregory B. Kanan, Esq.
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
1200 17th Street, Suite 3000
Denver, Colorado  80202
Tel:  (303) 623-9000
Fax:  (303) 623-9222
Email: gkanan@rothgerber.com
          kkosto@rothgerber.com
          jvazquez@rothgerber.com

*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2012, I electronically filed the foregoing **HEALTH GRADES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO PRECLUDE MDX'S ADVICE OF COUNSEL DEFENSE FOR VIOLATION OF LOCAL PATENT RULE 3-7, OR IN THE ALTERNATIVE, TO COMPEL DISCOVERY RELATING TO OPINIONS-OF-COUNSEL PURSUANT TO LOCAL PATENT RULE 3-7 AND RULES 30(a)(1) AND 37(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Scott David Stimpson
Mark Jon Rosenberg
David Chunyi Lee
Scott B. Murray
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY  10112
Email: sstimpson@sillscummis.com
Email: mrosenberg@sillscummis.com
Email: dlee@sillscummis.com
Email: smurray@sillscummis.com

Terence M. Ridley
Wheeler Trigg O'Donnell, LLP
370 17th Street, Suite 4500
Denver, CO  80202-5647
Email: ridley@wtotrial.com

*s/ Jesús M. Vazquez*
Gregory B. Kanan, Esq.
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Rothgerber Johnson & Lyons, LLP
1200 17th Street, Suite 3000
Denver, Colorado 80202-5855
Tel:     (303) 623-9000
Facsimile: (303) 623-9222
Email: gkanan@rothgerber.com
           kkostolansky@rothgerber.com
           jvazquez@rothgerber.com

*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

8