## Kirstin Stoll-DeBell

| | |
|---|---|
| **From:** | Vazquez, Jesus <jvazquez@rothgerber.com> |
| **Sent:** | Thursday, May 17, 2012 3:31 PM |
| **To:** | 'Scott D. Stimpson' |
| **Cc:** | Scott Murray; David C. Lee; Kanan, Greg; Kirstin Stoll-DeBell; Kostolansky, Kris J.; Lauren Siber |
| **Subject:** | RE: Deposition of Phil Braginsky; Requests. |

Scott:

Braginsky is set for May 31. If and when you file a motion, we will consider whether we will depose Mr. Cutler on May 31 instead.

You say there is a case on point that supports your position that "there is no relevance" to the deposition of opinion counsel, but you refuse to identify the case. We have looked and have not found it. Give us the cite, please, and refrain from further inappropriate commentary.

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO  80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

---

**From:** Scott D. Stimpson [mailto:sstimpson@sillscummis.com]
**Sent:** Tuesday, May 15, 2012 5:06 AM
**To:** Vazquez, Jesus
**Cc:** Scott Murray; David C. Lee; Kanan, Greg; 'kstoll-debell@merchantgould.com'; Kostolansky, Kris J.; Lauren Siber
**Subject:** Re: Deposition of Phil Braginsky; Requests.

Jesus:

We understand that you want to take Phil Braginsky's deposition, and you understand that we object to it. The deposition will not proceed on May 31, or any other date absent court order. Either you are not thoroughly researching the issue, or you are choosing not to disclose the cases on point. (Did you miss the Colorado case on point? Or just hoping that we didn't find it?).

I explained to you that there is no relevance to this deposition, and your explanation does nothing to change our minds.

We are investigating the documents you have identified, and will respond when we are done our review.

Scott

Scott D. Stimpson
Sills Cummis & Gross PC
30 Rockefeller Plaza

1

**EXHIBIT 20**

New York, NY 10020
d (212)500-1550
f (212)643-6500

---

**From:** Vazquez, Jesus [mailto:jvazquez@rothgerber.com]
**Sent:** Monday, May 14, 2012 07:42 PM
**To:** Scott D. Stimpson
**Cc:** Scott Murray; David C. Lee; Kanan, Greg <gkanan@rothgerber.com>; Kirstin Stoll-DeBell <kstoll-debell@merchantgould.com>; Kostolansky, Kris J. <kkosto@rothgerber.com>
**Subject:** Deposition of Phil Braginsky; Requests.

Scott,

As you know we intend to take the deposition of Phil Braginsky. Despite our phone conferral and detailed email below, which includes cites to case law supporting our request to depose Mr. Braginsky and in which we requested that you articulate the basis for any objection, you have elected to simply advise us that you "object" to the deposition, without any explanation or support for your objection. Attached is a copy of the NewRiver case which we referenced in our email below. The case makes clear that we are entitled to take Mr. Braginsky's deposition. Attached is a Deposition Subpoena, Waiver, and Notice of Deposition for Mr. Braginsky. We have set the deposition for May 31 in your offices in NY - if this date does not work, please propose alternative dates.

You have not responded to our requests below. We are preparing a motion to compel the items. We assume that you object to the requests. If this is not the case please let us know by when we can expect the materials and responses requested.

Thanks, Jesus

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO  80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

---

**From:** Vazquez, Jesus
**Sent:** Monday, May 07, 2012 2:29 PM
**To:** 'Scott D. Stimpson'
**Cc:** Scott Murray; David C. Lee; Kanan, Greg; Kostolansky, Kris J.; 'Kirstin Stoll-DeBell'
**Subject:** Reliance on Advice of Counsel

Scott:

You have disclosed that MDx intends to rely on advice of counsel to support MDx's defense against Health Grades' charge of willful infringement. By relying on advice of counsel, MDx has waived the work-product protection and the attorney client privilege for all communication on the same subject matter, as well as any documents memorializing attorney-client communications. *In re Seagate*, 497 F.3d 1360, 1369 (Fed. Cir. 2007) (citing *In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1299 (Fed. Cir. 2006)) ("we held that asserting the advice of counsel defense waives work product protection and the attorney-client privilege for all communications on the same subject matter, as well as any documents memorializing attorney-client communications"). "The widely applied standard for determining the scope of a waiver . . . is that the waiver

2

**EXHIBIT 20**

applies to all other communications relating to the same subject matter." *In re Seagate,* 497 F.3d at 1373 (quoting *Fort James Corp. v Solo Cup Corp.*, 412 F.3d 1340, 1349 (Fed. Cir. 2005)).

### 1. Items Listed on the Privilege Log (Exhibit A to MDx's 3-7 Disclosure)

Based on the privilege log you produced, it appears that Item Nos. 1-2, 10-12, and 15-24 relate to Health Grades' patent and MDx's defenses thereto. Accordingly, please produce document nos. 1-2, 10-12, and 15-24.

It does not appear from your privilege log descriptions that Item Nos. 3-9, 13-14, and 25-39 have anything to do with Health Grades or the subject matter of this lawsuit. Please confirm that this is true.

### 2. Items Not Listed on Privilege Log – Post-Suit Communications with Opinion Counsel:

Your privilege log does not list any documents dated after the lawsuit was filed in March 2011.

Local Rule 3-7 requires that you list on a privilege log all documents *relating to the subject matter of the advice* which the party is withholding on the grounds of attorney-client privilege or work product protection. The *Echostar* and *Seagate* decisions further provide waiver applies to "all communication on the same subject matter, as well as any documents memorializing attorney-client communications." There is no temporal limit on this rule.

Additionally, it looks like you did not produce responses to the e-mails you did produce (e.g., MDX0100719, MDX0100720-MDX0100722). Please produce these responses.

You did not produce any opinion drafts and did not identify oral communications. Please do so as soon as possible.

Further, your privilege log lists only e-mail communications. However, Rule 3-7 is not limited to e-mails, but encompasses any kind of communication and anything memorializing a communication.

The privilege log should include communications and documents memorializing communications between opinion counsel and trial counsel.

Please update your privilege log to include *all* communications with Opinion Counsel (e.g., Messrs. Braginsky, Rosenberg, Wasserman, and Heaton) that occurred before *and after* this lawsuit was filed.

### 3. Deposition of Opinion Counsel:

We intend to depose Mr. Braginsky. We intend to inquire into the following issues:

- Communications between MDx and its opinion counsel (Messers Heaton, Braginsky, Wasserman and Rosenberg) regarding the Health Grades' patent, including infringement and invalidity issues.
- Whether the advice and opinions were thorough enough to instill a belief in the infringer that a court might reasonably hold the patent invalid, not infringed, or not enforceable.
- All conversations counselors had with MDx about the Health Grades' patent, what materials were presented to MDx, what materials were received from MDx, and their discussions with their client about the patent before the lawsuit was filed, which may include technical information, and those documents referencing the communications between them.
- Interactions/communications between Opinion Counsel and trial counsel regarding the Health Grades' patent to determine whether Opinion Counsel was independent of trial counsel.

3

**EXHIBIT 20**

Case law supports our request. *See, e.g., NewRiver, Inc. v. Newkirk Prods.*, 2008 U.S. Dist. LEXIS 112064, 11-13 (N.D.N.Y. Dec. 4, 2008)

### 4. **MDx Has the Burden to Support Any Objections to these Requests:**

"'The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.'" *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, 2009 U.S. Dist. LEXIS 100669, at *9 (E.D. Cal. Oct. 15, 2009) (quoting *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998)); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990)). Thus, if you object to any of the foregoing requests, please explain and support your objections.

### 5. **Summary:**

In sum, we request that you do the following:

1. Produce document nos. 1-2, 10-12, and 15-24 from your privilege log.
2. Produce responses to the e-mails you already produced (e.g., MDX0100719, MDX0100720-MDX0100722).
3. Produce all drafts of the opinion.
4. Confirm that Item Nos. 3-9, 13-14, and 25-39 do not relate in any way to Health Grades, its patent, or the subject matter of this lawsuit.
5. Provide available deposition dates for Mr. Braginsky.
6. Update your privilege log to include:
   a. All communications (email, mail, oral, fax, text, voice mail, etc.) with Opinion Counsel and documents memorializing communications relating to Health Grades, its patent, or the subject matters at issue in this lawsuit whether dated before or after the suit was filed in March 2011.
   b. All communications and documents memorializing communications between Opinion Counsel and trial counsel for MDx relating to MDx.
7. If you refuse to do any of the foregoing, please provide us with an explanation about why you are so refusing and support for your refusal.

Thanks, Jesus

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO 80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.

NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross

**EXHIBIT 20**

P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.

EXHIBIT 20