**Kirstin Stoll-DeBell**

| | |
|---|---|
| **From:** | Scott D. Stimpson <sstimpson@sillscummis.com> |
| **Sent:** | Thursday, May 24, 2012 4:16 PM |
| **To:** | 'Vazquez, Jesus' |
| **Cc:** | Kirstin Stoll-DeBell; Scott Murray; David C. Lee; Lauren Siber; Kanan, Greg; Kostolansky, Kris J. |
| **Subject:** | RE: Discovery issues |

Jesus, thank you.

Scheduling Depositions

Larry West is available on June 15 at our offices.  Assuming this is ok, all deposition are set except Mr. Dodge, and Mr. Braginsky.

As for Mr. Dodge, we do not want to allow any depositions to go past the fact discovery cut-off, and we do not believe HG has much choice in this matter given that there is an order that fact depositions be completed by the 15th.  As for the Braginsky deposition, the only relevant inquiry is the state of mind of the client, and we cannot see how this deposition could be relevant, especially since you still haven't taken the deposition of Mr. Rothschild on this issue.  Also, we have issues on the timing and good cause related to this requested deposition.

I propose a compromise on these depositions:

(1) Mr. Dodge may be deposed on June 28; and

(2) You take Mr. Rothschild's deposition first on June 7, and if after that deposition you still think you need Mr. Braginsky's deposition at that time, we can discuss it, on the condition that if the deposition is sought it will only be on communications with MDx related to the opinion (i.e., on the client's state of mind).  While we will not agree to extensions, we will agree, if the Braginsky deposition is allowed by court order or otherwise, to not object to the timing of the deposition.


Please let me know if this is acceptable.  If this (or some reasonably similar agreement) is not acceptable to HG, we will not agree to postpone the Dodge deposition, and will take an appropriate position before the Court if you move for an extension or do not produce Mr. Dodge per our notice (probably, our position will include a request to preclude HG from relying on his testimony in any way in expert reports or otherwise, due to the failure to comply with the court order). We look forward to hearing from you on our proposal.

The HG 30(b)(6) notice

We will get you an identification of deponents for each topic next week.

Request for other documents related to the opinion

We will review the cases you cite and produce additional documents if appropriate.

We look forward to hearing from you on the proposed compromise above.

Scott



1

**EXHIBIT 22**

**From:** Vazquez, Jesus [mailto:jvazquez@rothgerber.com]
**Sent:** Wednesday, May 23, 2012 3:30 PM
**To:** Scott D. Stimpson
**Cc:** 'Kirstin Stoll-DeBell'; Scott Murray; David C. Lee; Lauren Siber; Kanan, Greg; Kostolansky, Kris J.
**Subject:** RE: Discovery issues

Scott, this responds to your email below.

Scheduling of Depositions

With respect to the depositions, June 5 for Boyer, June 6 for Cutler and June 7 for Rothschild will work for us.  As we've discussed, those three depositions will be fact witness and Rule 30(b)(6) depositions.

June 8 does not work for us.  Please let us know on what other dates Mr. West is available for his fact witness/30(b)(6) deposition.

Brian Blackman has made time in his schedule and is available for his fact witness deposition on June 12.  As you know, John Neal is available on June 13 for his fact witness/30(b)(6) deposition.

Allen Dodge is not available on June 12 - as we previously advised you, he is available for his fact witness/30(b)(6) deposition on either June 28 or June 29.

The MDx 30(b)(6) Deposition Notice

We advised you which deponents will address which topics in our email dated February 9, 2012, at 5:39 p.m.

The Health Grades 30(b)(6) Deposition Notice

Your understanding of the topics is correct. Please advise which witnesses will take which topics.

The Deposition of Phil Braginsky

Given that you still refuse to provide the case(s) we agree that discussing this further would be fruitless.

Your Request for Other Documents Allegedly Related to the Opinion

Our email dated May 7, 2012, at 2:29 p.m. cites to case law supporting our requests.

The HG Document Production

The last production we made contains the search results of the so-called Montroy keyword searches only.

The HG Privilege Log

We are working on the privilege log and anticipate completing it by June 4.

Barring any surprises, there are just two (possibly three if you count West) depositions that will have to be taken after the June 15 cutoff - Braginsky and Dodge.  We propose that we request a joint extension through July 6 to complete the Dodge and West depositions, and an extension to complete the Braginsky deposition whenever the issue is resolved by the Court.  Please let us know whether you will join in the request, or oppose it.

**EXHIBIT 22**

Thanks, Jesus

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO  80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

---

**From:** Scott D. Stimpson [mailto:sstimpson@sillscummis.com]
**Sent:** Monday, May 21, 2012 12:46 PM
**To:** Vazquez, Jesus
**Cc:** 'Kirstin Stoll-DeBell'; Scott Murray; David C. Lee; Lauren Siber; Kanan, Greg; Kostolansky, Kris J.
**Subject:** Discovery issues


Jesus:

There are a lot of emails flying around.  This email tries to consolidate, so we can address the various discovery issues together.

Scheduling of Depositions

After all this time, we still don't have dates of availability for the HG witnesses within the time the Court has ordered.  We hoped that HG would comply with the Court order for the timely completion of fact discovery, but as that is not happening, we are sending notices for the HG depositions, and all the HG and MDx depositions are scheduled as set forth below:

- June 5: Boyer (part 30(b)(6))
- June 6: Cutler (part 30(b)(6))
- June 7: Rothschild (part 30(b)(6))
- June 12: Dodge
- June 13: Neal
- June 14: 30(b)(6)
- June 15: Blackman

We have moved Jeff Cutler into Larry West's spot, and we need to find a day for Larry West.  How is the 8th?

The MDx 30(b)(6) Deposition Notice

We served this request many weeks ago.  When are you going to tell us which deponents will address which topics?

The Health Grades 30(b)(6) Deposition Notice

Your broad request for all information about the MDx database makes no sense to us.  It seems from your explanation, however, that you are actually interested in searching of the database, not what you seem to request in your 30(b)(6) notice.  We will agree to the database inquiry, but only generally.  I understand from our conversations, and confirm here, that HG is not looking for details of underlying data, but just the broad concept as it relates to the claims.

We agree to the topic of enhanced services.

Your addition of "development" has no relevance to willfulness that we can see, at least not the way we understand the term development.  We understand that you are looking more for any possible information on copying and knowledge of the patent, and we have no problem with you trying to find that information.  If that is not the case, and you have something else in mind, please let us know.

**EXHIBIT 22**

With these qualifications, we are ok with your deposition topics.  We do, of course, preserve all objections, including to any questions on privilege and work product, and as we discussed and agreed, we will make any such objections at the depositions.

Once we have your confirmation of the above (that our understanding of these topics is correct), we will undertake to identify which witnesses will take which topics.  Of course, we have been unable to address this yet, since your topics have been in flux since your original, overbroad notice was served.

The Deposition of Phil Braginsky

As we have told you, we are filing a motion to quash this deposition notice.  Your explanations of why you need this deposition are clearly directed to burden and harassment -- there is nothing you seek from this deposition that is relevant or appropriate.

We are struggling with why you cannot find any of the many cases on this issue.  As we are convinced that this is only another effort to drive up expenses and not a legitimate discovery request, we have reluctantly concluded that further discussing it with you will get us nowhere.  So, as you insist, we will file our motion and you can see our cases there.

Your Request for Other Documents Allegedly Related to the Opinion

We don't see how any of these are relevant or need to be produced.  We are willing to consider this further, however, if you have case law to show you are entitled to these categories of documents:

(1) Documents related to the application, before the HG patent issued.

(2) Documents never communicated to the client.

(3) Documents that are work product.

(4) Documents not addressing the issues addressed in the opinion itself.

Not all the documents fall into these categories, but if you are insisting on these categories please show us case law supporting your positions, as we have found nothing supporting these requests.


The HG Document Production

Your May 17 only says that that the hard drive you sent "contains" the search results from the keyword searches.  But you did not answer my question.  That question was: are all the hundreds of thousands of pages HG produced *only* from the searches you were to perform?

The HG Privilege Log

The MDx privilege log was produced long ago.

In contrast, you tell us in your May 17 letter that you will not even know for weeks when you might produce a log.  How many privileged documents do you have?

Please be on notice of two issues:

(1) If we receive you log after the HG depositions, we reserve the right to take those depositions again because the privilege log is a necessary part of discovery and itself has relevant information, not to mention that there may be issues about whether identified documents were properly withheld; and

(2) We reserve the right to assert that privilege and work product is waived by the failure to timely produce a privilege log.

EXHIBIT 22

We look forward to hearing from you soon.

Scott



NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.

**EXHIBIT 22**