**Kirstin Stoll-DeBell**

| | |
|---|---|
| **From:** | Vazquez, Jesus <jvazquez@rothgerber.com> |
| **Sent:** | Thursday, June 14, 2012 5:08 PM |
| **To:** | 'Scott D. Stimpson' |
| **Cc:** | Scott Murray; David C. Lee; Kirstin Stoll-DeBell; Kanan, Greg; Kostolansky, Kris J.; 'Ridley, Terence'; 'norris@wtotrial.com' |
| **Subject:** | RE: invalidity contentions |

Scott,

Your changes are not acceptable, and we would have appreciated them in redline version rather than making us scour and compare between the version I sent you and the one you attached below.

With respect to scheduling Mr. West, as you'll recall, we noticed Larry West for June 6, the date you said he was available. Then you unilaterally switched him with Mr. Cutler, and sought to set Mr. West on another date. So it is not accurate to characterize the scheduling issues as you have done here as being solely due to our schedule.

With respect to Braginsky, yesterday you confirmed in an email and said in no uncertain terms that you would be filing and/or serving appropriate papers objecting to his deposition. You have stated you would do so several times. Now you have unilaterally decided not to file any papers - this, after you said there are Colorado cases "on point" and accused us of hiding them from you and the Court and of hoping you "would not find them." So we cannot agree to the self-serving and inaccurate changes you have made to the draft motion I sent you this morning, which makes no mention of your email yesterday confirming you would file papers objecting to the deposition, and in which we anticipated finally seeing those "on point" cases.

Unless you agree to withdraw these changes, we will file the motion tomorrow - not as a joint motion - and will make sure to explain that you agreed to the West deposition on the 26th (after unilaterally changing him from June 6), that you agreed to the Dodge deposition on the 28th, that you agreed to file papers objecting to the properly noticed Braginsky deposition and to have the Braginsky deposition beyond the discovery cutoff date if it is allowed.

I am copying my partner Greg Kanan on this - please contact him if you want to discuss this further.

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO 80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

---

**From:** Scott D. Stimpson [mailto:sstimpson@sillscummis.com]
**Sent:** Thursday, June 14, 2012 4:39 PM
**To:** Vazquez, Jesus
**Cc:** Scott Murray; David C. Lee; 'Kirstin Stoll-DeBell'; Kanan, Greg; Kostolansky, Kris J.; 'Ridley, Terence';
'norris@wtotrial.com'
**Subject:** RE: invalidity contentions

**EXHIBIT 23**

Jesus:

We will not be filing a motion to quash the Braginsky deposition, but will preserve all objections to be made at the deposition (including privilege and work product).

Accordingly, we will agree not to oppose having the Braginsky depositions starting at 1:30 in the afternoon as noticed, but on a different date after the close of fact discovery and after resolution of your planned motion to preclude reliance on the opinions.

A revised motion for the extension is attached.

Scott



---

**From:** Vazquez, Jesus [mailto:jvazquez@rothgerber.com]
**Sent:** Thursday, June 14, 2012 3:03 PM
**To:** Scott D. Stimpson
**Cc:** Scott Murray; David C. Lee; 'Kirstin Stoll-DeBell'; Kanan, Greg; Kostolansky, Kris J.
**Subject:** RE: invalidity contentions

Scott,

Attached is a draft of the motion we discussed. We need to add your signature block, but otherwise I believe it is ready for filing.

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO  80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

---

**From:** Scott D. Stimpson [mailto:sstimpson@sillscummis.com]
**Sent:** Thursday, June 14, 2012 4:28 AM
**To:** Vazquez, Jesus
**Cc:** Scott Murray; David C. Lee; 'Kirstin Stoll-DeBell'
**Subject:** invalidity contentions

Jesus:

We expect to be supplementing our invalidity contentions, but until we finish up the 30(b)(6) deposition we won't know how we will do so. We will try to supplement within a week of the Dodge deposition.

Along these lines, it might make sense for both of us to put off the first round of expert reports one week, without extending any other dates. We have already agreed that we can each get extra time to supplement based on the depositions being taken after the fact discovery cut-off, so this probably makes sense. Does that sound ok to you?

**EXHIBIT 23**

Are you sending us a draft of the motion for an extension?

Thanks.

Scott



NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.

**EXHIBIT 23**