**Subject:** MDX GEN
**From:** "John Maldjian" <JMaldjian@mfiplaw.com>
**Date:** 1/2/2011 5:25 PM
**To:** "Mitch Rothschild" <mitch@vitals.com>
**CC:** <ofcounsel@mfiplaw.com>, "Kayla Kelly" <kkelly@mfiplaw.com>

Mitch,

Please see the attached.  This is Letter 3 of 4.

Best Regards,
*John*
John P. Maldjian, Esq.
_____
**MALDJIAN LAW GROUP LLC**
*Intellectual Property Counsel*
36 Bingham Avenue
Rumson, NJ  07760
P: 732.345.0401
Main: 732.345.0400
F: 732.530.2039
www.mfiplaw.com

+ Please consider the environment before you decide to print this email and attachments.

**CONFIDENTIAL INFORMATION**

This email contains confidential information from Maldjian & Fallon LLC, intended for the recipient named on this email.  If you are not the intended recipient, be aware any disclosure, copying, distribution or use of this email is prohibited.  If you received this email in error, please notify us immediately to arrange for the destruction of any attached documents at no cost to you. Alternatively, please notify us by replying to this email and then delete this email without disclosing it.  Thank you for your cooperation.

—Attachments:—

StudyLetter.3.pdf                                                                                                  80.9 KB

**EXHIBIT 24**
HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY                                MDX 0104771

# MALDJIAN LAW GROUP LLC

INTELLECTUAL PROPERTY COUNSEL

**PRIVILEGED & CONFIDENTIAL – ADVICE OF COUNSEL**

January 2, 2011

VIA E-MAIL (mitch@vitals.com)

Mitch Rothschild
Founder and CEO
MDx Medical, LLC
1200 Wall Street West
Lyndhurst, NJ 07071
Re: Study of U.S. Patent No. 7,752,060

Dear Mitch,

**EXECUTIVE SUMMARY**

      Pursuant to your request for advice, you have asked us to study the above-identified patent, U.S. Patent No. 7,752,060 ("the '060 patent") with respect to your Vitals.com web-based service, as you have described it to us.[1] We have now completed our study with regard to same. In our opinion, based upon our analysis of the '060 patent, and its prosecution history, obtained from the U.S. Patent & Trademark Office ("USPTO"), the Vitals.com web-based service, as described to us, would not be held by a properly instructed court of competent jurisdiction to infringe, either literally or under the doctrine of equivalents, any of the independent claims 1 and 15 of the '060 patent.

      We form this opinion, in part, because, as you have informed us, the Vitals.com web-based service does <u>not</u> verify the *accuracy* of information regarding healthcare providers, and even if it were to be construed the Vitals.com web-based service does verify *accuracy*, it certainly does not do so by "an independent third-party source," as that phrase has been defined in the specification of the '060 patent. Rather, the Vitals.com web-based service assumes the accuracy of (i.e., trusts) the information regarding healthcare providers by merely collecting information regarding healthcare providers from a multitude of sources. In addition, as you have described, and as we understand from the current website, the Vitals.com web-based service does <u>not</u> verify *completeness* of certain information, such as healthcare provider information.

      In contrast, the more sources that provide the same information about a particular healthcare provider, the more the information can be considered reliable and complete by the Vitals.com web-based service. As such, in our opinion, the Vitals.com web-based service, as described to us, would not be held by a properly instructed court of competent jurisdiction to infringe, either literally or under the doctrine of equivalents, any of the independent claims 1 and 15 of the '060 patent.

---

[1] See www.vitals.com for more details.

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

**EXHIBIT 24**

MDX 0104772

Notwithstanding the foregoing opinion, it is always possible the patent owner of the '060 patent might bring an infringement suit against MDx Medical, LLC and/or Vitals.com (collectively "MDx").  This would necessitate MDx to embark on its own defense.  MDx could employ any or all defenses of non-infringement.  In the course of defending such a suit, MDx could also discover additional information that could affect the validity and enforceability of the '060 patent not fully discussed herein.

Our summary analysis and opinion follow immediately hereinbelow.

**SUMMARY DISCUSSION**

**A. THE '060 PATENT**

The '060 patent generally discloses an internet system for connecting healthcare providers and patients.  The '060 has two independent claims, namely, claims 1 and 15; each of which is recited below, for convenience (*emphasis added*):

1. A computer-implemented method of providing healthcare provider information to potential patients, said method comprising:

   receiving, by a Web server computer of a company providing a service for connecting healthcare providers with the potential patients, a request for information regarding a first healthcare provider, wherein the Web server computer comprises at least one computer processor and memory;

   accessing <u>healthcare provider-verified information</u> about the first healthcare provider, wherein the <u>healthcare provider-verified information</u> is received from the first healthcare provider and comprises three or more from the group consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies;

   compiling, by the at least one computer processor, patient-provided information regarding the first healthcare provider, wherein the patient-provided information comprises patient ratings from one or more past or current patients of the first healthcare provider, and wherein the patient ratings are received from an on-line patient experience survey completed on a company Web site by the one or more past or current patients of the first healthcare provider, and wherein the company Web site is managed by the company providing the service for connecting healthcare providers with the potential patients;

   <u>compiling information regarding the first healthcare provider verified by an independent third-party source, wherein the information verified by the independent third-party source</u> comprises three or more from the group consisting of: board certification, licensure, disciplinary action

2

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY    EXHIBIT 24    MDX 0104773

information, medical school, medical internship, medical residency, and medical fellowship information;
creating, by the at least one computer processor, a healthcare provider report on the first healthcare provider using the healthcare provider-verified information, the patient-provided information, and <u>the information verified by the independent third-party source</u>, wherein the healthcare provider report on the first healthcare provider includes comparison ratings of healthcare providers; and
providing access to the healthcare provider report on the first healthcare provider over a computer network.

15. An on-line information system for connecting healthcare providers with potential patients, the system comprising:

at least one computer processor; and
memory coupled with and readable by the at least one computer processor and comprising a series of instructions that, when executed by the at least one computer processor, cause the at least one computer processor to:
receive a request for information regarding a first healthcare provider;
access <u>healthcare provider-verified information</u> about the first healthcare provider, wherein the <u>healthcare provider-verified information</u> is received from the first healthcare provider and comprises three or more from the group consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies;
compile patient-provided information regarding the first healthcare provider, wherein the patient-provided information comprises patient ratings from one or more past or current patients of the first healthcare provider, and wherein the patient ratings are received from an on-line patient experience survey completed on a company Web site by the one or more past or current patients of the first healthcare provider, and wherein the company Web site is managed by a company providing a service for connecting healthcare providers with the potential patients;
compile healthcare provider information regarding the first healthcare provider <u>verified by an independent third-party source</u>, wherein the information verified by the independent third-party source comprises three or more from the group consisting of: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship information;
create a healthcare provider report on the first healthcare provider using the <u>healthcare provider-verified information</u>, the patient-provided

3

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

**EXHIBIT 24**

MDX 0104774

information, and the <u>information verified by the independent third-party source</u>, wherein the healthcare provider report on the first healthcare provider includes comparison ratings of healthcare providers; and

provide access to the healthcare provider report on the first healthcare provider over a computer network.

### B. SUMMARY ANALYSIS

The following analysis of the claims demonstrates, in our opinion, a properly informed court of competent jurisdiction would hold that Vitals.com web-based service would not literally infringe the independent claims 1 and 15 when such independent claims are properly construed.

Specifically, as noted, both the independent claims 1 and 15 require the limitations of verifying accuracy and completeness and doing so by way of an independent third party. As you have informed us, the Vitals.com web-based service does <u>not</u> currently verify the accuracy or completeness of its data, including the data or information of the healthcare provider. Assuming, *arguendo*, a court would interpret the Vitals.com web-based service as including a feature that does verify information, certainly it does not do so by "an independent third party source," as that term has been defined in the specification ('060 Spec., Col. 18, ll 4-18):

> In an embodiment, verification operation 1608 may be performed by the company, *<u>by an independent third party unrelated either to the company or to the healthcare provider</u>*, or by any other appropriate entity or individual capable of performing such verification. <u>Verification operation 1608 verifies the *accuracy* of physician information and patient-provided information received in operations 1604 and 1606, respectively</u>. <u>In some embodiments, verification operation 1608 also verifies the *completeness* of certain information received in the previous steps</u>, such as, by way of example only, information received and/or gathered regarding a physician's disciplinary action(s), board certification(s), and/or licensure(s), and gathers additional data and information regarding a physician, if such information has not already been received or gathered through other means.

Thus, as described and clearly defined in the '060 specification, an "independent third party," which is used to verify accuracy and perhaps completeness must necessarily <u>exclude</u> "the company" itself or the "healthcare provider" himself/herself. Here, as you have described to us, the Vitals.com web-based service does not affirmatively verify accuracy or completeness. It merely assumes (i.e., trusts) such information is correct by obtaining such information from multiple resources and internally, i.e., the company, occasionally compares such information. If the information obtained from various sources is the same, Vitals.com assumes it is correct. In addition, at times certain healthcare provider information is updated by the healthcare providers themselves.

4

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

**EXHIBIT 24**

MDX 0104775

Again, as you have informed us, you do not contact the healthcare provider to verify the information but rather incorporate such new information assuming it is accurate.

Thus, in our opinion, the Vitals.com web-based service does not perform at least one or more of the steps of the independent claim 1 and does not include one or more of the elements of the system of the independent claim 15. As such, in our opinion, the Vitals.com's web-based service, as described to us, would not be held by a properly instructed court of competent jurisdiction to literally infringe any of the independent claims of the '060 patent.

For infringement of any of the independent claims of the above-identified patents to be found under the doctrine of equivalents, each element of each of the independent claims that is not literally found in the Vitials.com web-based service must have a counterpart element that performs (1) substantially the same function, (2) in substantially the same way, (3) to obtain substantially the same result as the claim element that is not literally found. As a matter of law, there can be no infringement of the independent claims of those patents if a literal or equivalent counterpart to any claim limitation is totally missing from the Vitals.com web-based service. Such is the case here, as described in detail above. Thus, in our opinion, a properly informed court of competent jurisdiction would hold that Vitals.com web-based service does not infringe any of the independent claims 1 and 15 of the '060 patent under the doctrine of equivalents.

Also, because each of the dependent claims necessarily incorporate all of the limitations of the independent claims upon which it depends, the Vitals.com web-based service would not infringe, either literally or under the doctrine of equivalents, any of the dependent claims in view of our opinion the Vitals.com web-based service would not infringe the independent claims 1 and 15.

**SUMMARY CONCLUSION**

In sum, in our opinion, the Vitals.com's web-based service, as described to us, would not be held by a properly instructed court of competent jurisdiction to infringe, either literally or under the doctrine of equivalents, any of the independent claims 1 and 15 or the dependant claims 2-14 and 16-17 of '060 patent because, in part, the Vitals.com web-based service does not verify the accuracy or completeness of information about the healthcare providers, as this claim language is construed. Furthermore, even if the Vitals.com web-based service were to be construed to do so, it does not do so by an independent third party as that term has been clearly defined in the '060 patent.

Should you have any questions or need further clarification of this opinion letter, please do not hesitate to contact us.

MALDJIAN LAW GROUP LLC

By: _John P. Maldjian_
John P. Maldjian, Esq

*48958_1.DOC*

5

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY       EXHIBIT 24       MDX 0104776