**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**MDX MEDICAL, INC.'S UNOPPOSED MOTION TO RESTRICT ACCESS TO DOCUMENT – DOCUMENT NOS. 252, 253, 253-2, 253-3, 253-4 and 253-5**

    Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), pursuant to D.C.COLO.L.CivR 7.2 moves this Court for an order continuing the restricted access to Document Nos. 252, 253, 253-2, 253-3, 253-4 and 253-5, which were filed as part of Plaintiff Health Grades, Inc.'s ("Health Grades") Motion For Leave To Amend Its Complaint To Assert Causes Of Action For Joint Infringement And Indirect Infringement, at a Level 1 restriction, pursuant to Section 6.1.7 of the Protective Order entered in this action. (Dkt. # 227). This motion is unopposed by Plaintiff Health Grades.

    In support of this motion, MDx states as follows:

    1.    Counsel for MDx has conferred with counsel for Health Grades pursuant to D.C.COLO.L.Civ.R 7.1, and Health Grades does not oppose this motion.

    2.    The documents at issue are the brief in support of Health Grades' motion, and certain exhibits attached to it, which represent proprietary and confidential MDx information as

2162213 v2          1

explained herein. Where providing redacted versions of documents for public access is reasonable, MDx has proposed them below. For the remaining documents, redaction of confidential information in the document would result in essentially the entire document being redacted, and MDx requests that such documents be entirely restricted.

3. **Document Nos. 252 & 253** – This is the same document, Health Grades' brief in support of its motion, and contains a discussion of highly confidential information regarding an agreement between MDx and Aetna at pp. 7 & 13-16. The agreement governs an ongoing business relationship between MDx and Aetna, and Health Grades' brief identifies proprietary information from the agreement, including pricing and product development details. Attached hereto as Exhibit A is a proposed redacted version of the brief to protect such information from public access. In view of the public's access to Exhibit A, MDx requests that document nos. 252 and 253 remain restricted at a Level 1 restriction.

4. **Document No. 253-2** – This exhibit to Health Grades' motion is Health Grades' amended claim chart which quotes liberally from the MDx/Aetna agreement throughout, regarding confidential business relationship and product development information. MDx does not believe that it is reasonable to attempt to redact this 111-page document, and therefore requests that access remain restricted regarding the entire document rather than trying to redact all the various instances of MDx confidential information. If, however, the Court is inclined to require a public version of this document with confidential information redacted, MDx submits that Health Grades should bear the burden of doing so because document no. 253-2 was prepared and filed by Health Grades.

5.   **Document No. 253-3** – This exhibit to Health Grades' motion is a two-page excerpt from the deposition of an MDx representative, Larry West. Pursuant to the Protective Order, MDx has provided Health Grades and the court reporter with MDx's confidentiality designations regarding this transcript and the designations include one of the pages in the exhibit (page 88), in which Mr. West discusses highly confidential information regarding the technical details of MDx's database. Attached hereto as Exhibit B is MDx's proposed redacted version of this exhibit to protect the confidential information. In view of the public's access to Exhibit B, MDx requests that document no. 253-3 remains restricted at a Level 1 restriction.

6.   **Document No. 253-4** – This exhibit to Health Grades' motion is MDx's Master Agreement with Aetna which relates to an ongoing business relationship between the two companies and contains highly confidential and proprietary information regarding the relationship, including pricing and product development information. MDx requests that this entire document remain under restricted access.

7.   **Document No. 253-5** – This exhibit to Health Grades' motion is a Schedule to MDx's Master Agreement with Aetna and contains highly confidential, competitive information regarding the terms and conditions of the agreement. MDx requests that this entire document remain under restricted access.

8.   As described herein, the documents discuss MDx's competitive, proprietary and confidential information, and therefore, a Level 1 restriction is necessary to protect the proprietary and confidential nature of MDx's competitive business relationships, and outweighs the presumption of public access.

9. MDx will suffer significant competitive injury if the competitive and proprietary terms and conditions of its business agreement with Aetna is accessible by the public.

10. Where no alternative to restricted access will adequately protect the proprietary business information, MDx proposes to restrict access to the entire document because the information appears throughout the documents and appropriate redaction would require the redaction of essentially all of each document.

11. Where an alternative is possible to protect such information, MDx has proposed the redacted versions of the documents attached hereto.

For the foregoing reasons, MDx requests that this Court grant this unopposed motion to continue restricted access to Document Nos. 252, 253, 253-2, 253-3, 253-4 and 253-5 at a restriction Level 1, or with the redacted version proposed.

Dated: July 27, 2012

Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail:sstimpson@sillscummis.com
E-mail:smurray@sillscummis.com
E-mail:dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500

Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

2162213 v2          5

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2012, I electronically filed the foregoing MDX MEDICAL, INC.'S UNOPPOSED MOTION TO RESTRICT ACCESS TO DOCUMENT – DOCUMENT NOS. 252, 253, 253-2, 253-3, 253-4 and 253-5 with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Jesus Manuel Vazquez , Jr.
  jvazquez@rothgerber.com, phenke@rothgerber.com

- Gregory B. Kanan
  gkanan@rothgerber.com, dgrooms@rothgerber.com

- Kris John Kostolansky
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- Jeffrey David Phipps
  jphipps@rothgerber.com, kmeans@rothgerber.com

- Scott David Stimpson
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- Scott B. Murray
  smurray@sillscummis.com

- David Chunyi Lee
  dlee@sillscummis.com

- Terence M. Ridley
  ridley@wtotrial.com, norris@wtotrial.com

                                                                                           *s:/ David C. Lee*