# EXHIBIT C

# Kirstin Stoll-DeBell

| | |
|---|---|
| **From:** | Scott D. Stimpson <sstimpson@sillscummis.com> |
| **Sent:** | Thursday, August 02, 2012 10:09 AM |
| **To:** | 'Vazquez, Jesus' |
| **Cc:** | Kostolansky, Kris J.; Kanan, Greg; Kirstin Stoll-DeBell; Scott Murray; David C. Lee; Lord, Peggy; Henke, Peggy J. |
| **Subject:** | RE: HG expert reports |

Jesus:

Thank you for your email. We are at an impasse on these issues and motion practice will be necessary.

As for the timing of our motion, we intend to wait to see if there is any reasonable chance of settlement through mediation first.

Please also be advised that we intend to move regarding HG's failure to produce adequately prepared 30(b)(6) witnesses. We expect to be seeking evidentiary rulings, including to preclude HG from making various arguments (e.g., that comparison ratings were not in the prior art, etc.). We will also be making this motion if our settlement efforts are unsuccessful, but we are willing to discuss if you feel that is necessary.

Regards.

Scott



**From:** Vazquez, Jesus [mailto:jvazquez@rothgerber.com]
**Sent:** Wednesday, August 01, 2012 5:21 PM
**To:** Scott D. Stimpson
**Cc:** Kostolansky, Kris J.; Kanan, Greg; kstoll-debell@merchantgould.com; Scott Murray; David C. Lee; Lord, Peggy; Henke, Peggy J.
**Subject:** RE: HG expert reports

Scott,

Please see our comments below in red:

1

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO  80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

---

**From:** Scott D. Stimpson [mailto:sstimpson@sillscummis.com]
**Sent:** Monday, July 23, 2012 7:10 AM
**To:** Vazquez, Jesus
**Cc:** Kostolansky, Kris J.; Kanan, Greg; kstoll-debell@merchantgould.com; Scott Murray; David C. Lee
**Subject:** HG expert reports


Jesus:

This is with regard to the Health Grades infringement and damages reports.

DAMAGES REPORTS - DR. HALL

We are moving to strike the entire supplement as coming too late.  Assuming the documents you recently sent us were not produced in discovery, we are moving to strike any portions of these reports relying in any way on those documents; we are also moving to strike any portions of these reports relying on the data licensing agreements HG produced on June 27; and we are moving to strike any portions of these reports that rely on underlying facts not disclosed in response to the Court's order for HG to respond to interrogatory 6.

I assume HG will oppose based on our prior conversations.  Please let us know if otherwise.

You assume correctly - HG opposes.

INFRINGEMENT REPORT - DR. GREENSPUN

With regard to Dr. Greenspun's report, that too has many arguments nor previously raised by Health Grades, including:

- inducement and contributory infringement, by selling to customers including iTriage and Aetna.

We moved to amend the complaint to add these claims - whether these claims are accepted will be decided when the Court resolves our motion.  We fully expect the Court will accept the First Amended Complaint with these new claims.

- Capability

There is nothing "new" here, Scott - we have been arguing about whether the reasonable capability test applies to these claims forever.  For example (this is just a sampling of citations from the Feb. 2012 contentions):

- "MDx literally infringes this element because the www.vitals.com website is capable of receiving requests for information about only one particular physician."  p. 16

2

- "MDx literally infringes this element because the www.vitals.com website is capable of receiving requests for information about a particular physician whose identity is known to the requestor before the information is requested." p. 16

- "MDx receives the healthcare provider-verified information from healthcare providers.  MDx's website provides doctors with the ability to send information to MDx. For example, MDx's website provides many opportunities for doctors to edit their own profiles." p. 17

- "MDx literally infringes this element because the www.vitals.com website is capable of creating a healthcare provider report about *only* one particular physician." p. 47

- "MDx literally infringes this element because the www.vitals.com website is capable of providing a healthcare provider reports on a particular healthcare provider that include comparison ratings of that particular healthcare provider as well as other healthcare providers, which are displayed on the same page, side-by-side." p. 53

- "MDx literally infringes this element because the www.vitals.com website is capable of healthcare provider report on the first healthcare provider be limited to a single viewable page as shown above." p. 53

- "Additionally, it facilitates comparisons among the matching healthcare providers.  MDx's website is capable of doing this. In fact, it is capable of providing the claimed information about multiple healthcare providers and has multiple ratings systems that facilitate comparisons among the healthcare providers that match the search query as described above." pp. 53-54

The capability issue was also raised in our summary judgment response briefs (Dkt. 156 at 1 n.2 (3/9/12) ("A product or process accused of infringing a patent infringes if it is reasonably capable of satisfying the claim elements, even though it may also be capable of operating in a way that does not infringe. *See, e.g., Finjan, Inc. v. Secure Computing Corp.,* 626 F.3d 1197 (Fed. Cir. 2010); *Fantasy Sports Properties, Inc. v. Sportsline.com, Inc.*, 287 F.3d 1108, 1118-19 (Fed. Cir. 2002); *Hilgraeve Corp. v. Symantec Corp.*, 265 F.3d 1336, 1343 (Fed. Cir. 2001).") and our motion to compel MDx to respond to our requests for admission (Dkt. 189).

- Providers verify and confirm their information just because they registered.

This is based on information we received in the depositions we took of the MDx officers, particularly Mitch Rothschild and Larry West, in June, 2012.  (see, e.g. West at pp. 27-35, 249-253))  Thus, we have been diligent.

- MDx mobile application.

As you know we just received the MDx application on July 1.  *See* email from Scott Murray dated July 1, 2012.

- Various alleged comparison ratings not found in the HG infringement contentions.

   Greenspun asserts the following are comparison ratings:

   - Overall patient rating – this was in the Feb. 2012 contentions at pp. 32 and 96
   - Awards (e.g. patient choice award, america's top doctor, leading expert) – we specifically listed Patient's Choice, but not the other awards.  I think they are similar enough.  Also, these were mentioned during the June 2012 depositions so I think we can add them.  (See, e.g. West at pp. 145-149 admitting that "top doctor" award can be used to compare doctors);

- o   Match score -- this was in the Feb. 2012 contentions at pp. 32 and 96

- The argument that MDx could have determined whether any provider has edited 3 or more.

This argument is in response to MDx's supplemental interrogatory response dated May 10, 2012 and deposition testimony from Larry West.  (See, e.g. pp. 27-45)

- MDx uses licensure information in creating the report because only licensed doctors are on the website.

Feb. 2012 Contentions:

"MDx compiles licensure information. Screenshot No. 10 evidences that MDx verifies each physician license with a third party before adding the physician to the results list; to do this, MDx must compile the information in order to compare it to the entry field."  pp. 25-26.

"MDx also uses compiled licensure information to ensure that only licensed physicians, including Brunvand, are displayed in the search results."  p. 38

- The argument that information from third parties only needs to be compiled, not displayed in the report.

This was a main issue in the Markman Hearing (HG Markman Brief (dkt. 106) at p. 9 ("MDx essentially argues that it does not infringe this claim element because it does not display in its report all of the information it compiles about a physician. (MDx Brief at 19).  However, using information to create a report and displaying information in a report are not the same things.")


Also, in your May 10 supplemental interrogatory responses MDx finally admitted that it compiles this stuff.

Further, we relied on the things other than "displays" for this element in our claim chart:

Feb. 2012 contentions:  "MDx compiles information regarding doctors verified by an independent third-party source.  The verified information comprises, at least, medical school, licensure, board certification, medical fellowship and medical residency information. See Screenshot No. 8 (displaying a portion of the FAQ from the vitals.com website stating that the information comes from various third parties)."  P. 22

- The results list is really part of the report on a provider, or both a results list and a report.

Feb. 2012 contentions assert the display of search results meets both the elements of report and search results.  See, e.g. pp. 45-47 (report) & p. 60 (results list) – using same screenshots for both.

Additionally, this was THE main issue in the summary judgment briefing.

- If vitals displays fellowship or other data that is supposed to be from a 3d party, but it came from a doctor, MDx is still using the same information it collected from the third party to resolve conflicts.

This is in response to your supplemental interrogatory response dated May 10, 2012 and deposition testimony from Larry West and Erika Boyer.

- Having an advertisement means a provider is a member, and claiming that they are "members" because our web says "members log in".

We used a screenshot of the advertisement/sponsored link to support the physician is a member claim element.  Feb 2012 contentions at pp. 63-64.

The "member log in" stuff was part of Larry West's testimony. Therefore we should be able to add it.

- Global equivalents arguments.

This is not new.  Please identify specifically what you contend is new.

From my brief review of the HG infringement contentions, I did not see adequate support for any of this.  While we are still reviewing and comparing to the Health Grades infringement contentions, we expect to move to strike at least all these arguments.

If Health Grades will concede on any of these points, please let us know..  Thank you.

Scott



NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.