IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

## MDX MEDICAL, INC.'S SECOND MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by its undersigned counsel, files this Second Motion for Leave to Amend Invalidity Contentions ("Motion").

**I.     BACKGROUND AND CONFERRAL**

MDx previously provided invalidity contentions and supplemental invalidity contentions on August 19, 2011, August 26, 2011, January 23, 2012, and May 10, 2012. By this Motion, MDx seeks leave to amend its invalidity contentions to add further details about Health Grades, Inc.'s ("Health Grades") own prior art products and services. While that prior art is addressed in the invalidity contentions already, additional facts emerged in document discovery from Health Grades in May 2012 and in depositions of Health Grades personnel in June 2012.

MDx was ready to file this Motion in July 2012. But instead of filing this Motion then, the parties jointly requested a stay of the case for forty-five days to advance settlement discussions and mediation [Doc. # 267, filed July 27, 2012]. The Court denied the parties'

request for stay but extended certain deadlines to September 17, 2012 [Doc. # 271], and subsequently, the parties requested and the Court granted (among other requests) an extension to September 17, 2012, for MDx to file this Motion [Doc. # 275, 277].

Pursuant to D.C.COLO.L.Civ.R 7.1, counsel for MDx conferred with Health Grades' counsel, who indicated that Health Grades opposes this Motion. The reason given by counsel for Health Grades for opposing this Motion is that MDx would be opposing Health Grades' motion to amend its infringement contentions. Health Grades' conferral did not specify any perceived problems with this Motion, focusing rather on what Health Grades saw as an opportunity to trade a non-opposition in its favor.[1]  *See* Exhibit D.

## II.     THERE IS GOOD CAUSE FOR MDX'S AMENDMENTS

Plaintiff Health Grades has accused Defendant MDx of infringing United States Patent No. 7,752,060 (the "'060 Patent"). The parties agreed, and the Court ordered, that the parties would abide by the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California. *See* Doc. # 34 ("Scheduling Order"), p.6. The Scheduling Order set a deadline of August 19, 2011 for MDx to provide its Invalidity Contentions. *Id*.

The Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California (the "Patent Local Rules") are attached to the Scheduling

---

[1] As Health Grades is attempting to add many new arguments to its infringement contentions, including claims that are not even asserted in the current complaint, MDx could not agree to the Health Grades proposal. Exhibit D. However, with respect to the second numbered paragraph in Mr. Vazquez's conferral email (Exhibit D), MDx can agree that any resolution of the Health Grades motion at Doc. # 215 with regard to footnote 2 in MDx's third supplemental invalidity contentions, shall apply to the same footnote 2 in MDx's fourth supplemental invalidity contentions.

Order as Exhibit A. *Id*. Section 3-6 of the Patent Local Rules states that "[a]mendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause." *Id*., Ex. A, PAT 8. As shown below, there is good cause for MDx's proposed amendments to its invalidity contentions, shown in Exhibits A, B, and C.[2]

MDx sought discovery from Health Grades on the Health Grades prior art as early as the rules allowed. *See* MDx Motion for Leave to Amend Invalidity Contentions, Doc. # 97, Section I. But MDx's attempts to obtain this discovery have been hindered by Health Grades at every step. During the course of fact discovery in this case, Health Grades would not produce substantial document discovery unless it faced a motion to compel. Health Grades produced less than 3000 pages of document discovery prior to MDx's first motion to compel [Doc. # 65, filed November 23, 2011], and afterwards produced about 135,000 pages. *See* Doc. # 97, Section I. But Health Grades' delay tactics continued even after the first motion to compel, and MDx was forced to file additional motions to compel discovery [Doc. # 143, filed February 24, 2012; Doc. # 174, filed April 11, 2012]. After the Court granted the latest motion [Doc. # 192], Health Grades in May 2012 produced about 550,000 more pages of document discovery. Those documents included further information on Health Grades' own prior art, and many of those documents provide the basis for MDx's proposed amendments to the invalidity contentions in Exhibits A, B, and C.

---

[2] Exhibit A is MDx's proposed Fourth Supplemental Invalidity Contentions and Chart. Exhibit B is a redlined version of Exhibit A showing changes relative to MDx's Third Supplemental Invalidity Contentions and Chart served on Health Grades on May 10, 2012. MDx's Fourth Supplemental Invalidity Contentions incorporates by reference the expert report of MDx's technical expert, Dr. Richard G. Cooper. That report of Dr. Cooper is provided herewith as Exhibit C. Because Exhibits A, B, and C, reference information designated by Health Grades as highly confidential, they are being separately filed under a Level 1 restriction.

After Health Grades' May 2012 production, MDx promptly re-noticed depositions of two Health Grades employees, Mr. John Neal and Mr. Allen Dodge, and a Rule 30(b)(6) deposition of Health Grades with regard to the prior art. Mr. Neal and Mr. Dodge were deeply involved with the prior art Health Grades products, and indeed, they were the two employees Health Grades designated for the 30(b)(6) deposition with regard to prior art. MDx had previously noticed those depositions for March 2012. But at the time, Health Grades had not yet fully produced documents needed for those depositions, *i.e.*, documents produced later by Health Grades in May 2012. Accordingly, those depositions could not go forward in March 2012.[3] Only after Health Grades' May 2012 production was MDx able to reschedule those depositions. The depositions occurred in June 2012, and the deposition testimony and exhibits form a large part of MDx's proposed amendments to the invalidity contentions in Exhibits A, B and C.[4]

MDx was ready to file this Motion in July 2012. But to advance settlement, the parties requested and the Court granted (among other things) an extension to September 17, 2012, for MDx to file this Motion [Doc. # 275, 277]. Health Grades agreed not to use the period of the extension to oppose the timeliness of this Motion. Doc. # 275, ¶2.

As detailed above, MDx has been diligent in its discovery efforts relating to Health Grades' prior art. Three motions to compel were needed to obtain documents relating to prior art, so that MDx could depose Health Grades and its personnel on the Health Grades prior art.

---

[3] Counsel for Health Grades would not allow multiple depositions of the Health Grades employees. Thus, MDx could not depose Mr. Neal and Mr. Dodge in March 2012 regarding documents already received from Health Grades at the time.

[4] Health Grades, however, did not comply with its obligations to produce a knowledgeable witness on these topics. Both witnesses were hopelessly unprepared to answer important questions. MDx anticipates a motion for sanctions, which will include requests that certain facts be taken as established.

The document discovery culminated in May 2012 with a substantial Health Grades production relating to prior art, and thereafter, MDx promptly took depositions in June 2012 relating to the Health Grades prior art.  As Health Grades agreed not to oppose the timeliness of this Motion using the extension granted by the Court [Doc. # 277], MDx submits that good cause exists for MDx's proposed amendments to its invalidity contentions in Exhibits A, B, and C.

### III.     CONCLUSION

For the foregoing reasons, MDx respectfully requests leave to amend its invalidity contentions to add further information about Health Grades' prior art.


Dated:  September 17, 2012                Respectfully submitted,


*s:/Scott D. Stimpson*
Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: sstimpson@sillscummis.com
E-mail: smurray@sillscummis.com
E-mail: dlee@sillscummis.com

and

- 5 -

- 6 -

> Terence Ridley, Atty. No. 15212
> Wheeler Trigg O'Donnell LLP
> 370 Seventeenth Street, Suite 4500
> Denver, Colorado 80202
> Tel:  (303) 244-1800
> Fax:   (303) 244-1879
> E-mail: ridley@wtotrial.com
>
> Attorneys for Defendant
> MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I hereby certify that on <u>September 17, 2012</u>, I electronically filed the foregoing MDX MEDICAL, INC.'S SECOND MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez , Jr.**
  jvazquez@rothgerber.com, phenke@rothgerber.com

- **Gregory B. Kanan**
  gkanan@rothgerber.com, dgrooms@rothgerber.com

- **Kris John Kostolansky**
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Scott B. Murray**
  smurray@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

<u>s:/David C. Lee</u> _____

- 7 -