**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S SUPPLEMENTAL SUBMISSION IN SUPPORT OF ITS MOTIONS TO RESTRICT ACCESS TO DOCUMENT – DOCUMENT NOS. 201, 201-15, 201-16, 219-4, 219-5, 219-6, 219-11, 219-12, 219-13, 220-1, 220-2, 220-3, 220-5, 220-6, 220-7, 249-1, 252, 253, 253-2, 253-3, 253-4, 253-5, 264, 264-1, 282-1, 282-2**

---

Pursuant to the Court's Order [Doc. # 289], Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, respectfully submits its Supplemental Submission In Support of Its Motions To Restrict Access to Documents [motions at Doc. Nos. 214, 232, 259, 269, 279 and 284] regarding Document Nos. 201, 201-15, 201-16, 219-4, 219-5, 219-6, 219-11, 219-12, 219-13, 220-1, 220-2, 220-3, 220-5, 220-6, 220-7, 249-1, 252, 253, 253-2, 253-3, 253-4, 253-5, 264, 264-1, 282-1, 282-2. In accordance with the Court's directive, MDx herein identifies with "specificity any trade secrets the disclosure of which could result in serious injury to MDx and considering alternatives to restricted access where appropriate." [Doc. # 289, p. 3].

In light of the Court's instructions during the motions hearing on September 11, 2012, MDx has carefully considered (1) what information in the documents are truly relevant to the

1

motions; and (2) which parts of that information are sufficiently confidential to justify restriction. For some of the motions, MDx accepts the Court's denial of the motions without further submission, and for some other motions replacement exhibits are provided containing only relevant, non-confidential materials. Only one motion contains information that is both relevant and needs restriction, and MDx submits arguments and evidence below supporting that request.

- **Motions to Restrict Nos. 232, 259 & 279** – Each of these motions to restrict relate to underlying Health Grades' motions regarding MDx's potential assertion of the advice-of-counsel defense.

    o <u>Nos. 232 & 279</u> – MDx submits no further argument regarding these motions to restrict and accepts the Court's denial of this motion regarding the documents at issue [Doc. Nos. 219-4, 219-5, 219-6, 219-11, 219-12, 219-13, 220-1, 220-2, 220-3, 220-5, 220-6, 220-7, 264 & 264-1].

    o <u>No. 259</u> – The exhibit at issue in this motion, Doc # 249-1, was submitted by MDx and is the rough transcript of the deposition of MDx's CEO, Mitchel Rothschild. In its motion to restrict access to this document, MDx stated that it intended to submit an excerpted version of the exhibit as soon as it had made confidentiality designations for the transcript. Having since made those confidentiality designations, MDx hereby submits an excerpted version of the exhibit that includes the portions relevant to the underlying filing [Doc. # 249] and which does not require restricted access. Exhibit A, attached hereto. Thus, MDx is complying with the Court's directive, stated at oral argument, to "simply block out that which is not relevant and which you are not asking the Court to consider." [Tr. 19:22-24]. With the submission of this excerpted exhibit, no motion to restrict is necessary.

- **Motions to Restrict Nos. 284** – MDx submits no further argument regarding this motion to restrict and accepts the Court's denial of this motion regarding the documents at issue [Doc. Nos. 282-1 & 282-2]. These documents are excerpted deposition transcripts that the Court required Health Grades to submit to replace Doc. Nos. 236-1 and 239-1.

- **Motion to Restrict No. 214** – MDx submits no further argument regarding two of the documents at issue here, Doc. Nos. 201 and 250, and accepts the Court's denial of this motion regarding these documents. However, for Health Grades' exhibits, Doc. Nos. 201-15 and 201-16, MDx submits (and Health Grades does not oppose) proposed, excerpted exhibits that include only information relevant to the underlying motion, and MDx no longer contends that such relevant information requires restricted access.

Exhibits B & C, attached hereto. With the submission of these excerpted replacement exhibits, no motion to restrict is necessary.

- **Motion to Restrict No. 269** –

  o Doc. Nos. 252/253 and 253-2 contain information relevant to the underlying Health Grades' motion submission, that is also trade secret information because it references the specific terms and conditions of MDx's ongoing agreement with Aetna. MDx has proposed replacing these documents with narrowly redacted replacement documents for public access, while maintaining Restriction Level 1 for unredacted versions of the documents so that the Court can consider the trade secret information that is relevant to the motion. The proposed redacted version of Doc. No. 252/253 was previously submitted to the Court with MDx's motion to restrict [Doc. # 269]; and a proposed redacted version of 253-2 is attached as Exhibit D. With these proposed exhibits, MDx seeks to appropriately balance its need for protection with the public right of access. The evidence and arguments provided below are believed sufficient to meet the requirements for continued restriction of the unredacted documents.

  o Doc. Nos. 253-4 and 253-5 represent, in their entirety, relevant information (to the underlying Health Grades' submission) concerning MDx's current and ongoing relationship with Aetna that is highly confidential (to both MDx and Aetna).[1] For this reason, these documents cannot be redacted or excerpted to only include non-trade secret information. The evidence and arguments provided below are believed sufficient to meet the requirements for continued restriction.

  o Regarding Doc. No. 253-3, MDx submits no further argument regarding this document and accepts the Court's denial of restricted access regarding the document.

**The Proprietary, Competitively Sensitive Terms of MDx's Existing and Continuing Business Relationship with Aetna Represents a Trade Secret Entitled to Restricted Access**

As the Court stated during the motions hearing, this Court recognizes an important public interest in open court records. However, as the Court also acknowledged, the right to inspect and copy judicial records is not absolute, and the privacy and preservation of trade secrets is one of the interests which has been found to overcome the presumption of openness. *See Two Moms v.*

---

[1] By stating that the information is relevant, MDx does not mean to suggest that the underlying Health Grades' motion for leave to amend its complaint has merit. As stated in MDx's opposition to that motion, filed yesterday, MDx believes the motion is without merit.

3

*Int'l Playthings,* 2011 U.S. Dist. LEXIS 133275, at *5-6 (D. Colo. Oct. 17, 2011) (citing *Huddleson v. City of Pueblo,* 270 F.R.D. 635 (D. Colo. 2010)).  As explained herein, the terms and conditions of MDx's existing business relationship with Aetna are trade secrets warranting continued protection.

The 10th Cir. has noted Colorado law regarding trade secrets as follows:

> Although an exact definition of a trade secret may not be possible, the following factors may be considered in the determination whether a trade secret exists:
>
> "1) The extent to which the information is known outside the business;
>
> "2) The extent to which it is known to those inside the business i.e., by the employees;
>
> "3) The precautions taken by the holder of the trade secret to guard the secrecy of the information;
>
> "4) The savings effected and the value to the holder in having the information as against competitors;
>
> "5) The amount of effort or money expended in obtaining and developing the information; and
>
> "6) The amount of time and expense it would take for others to acquire and duplicate the information."

*Rivendell Forest Prods. v. Georgia-Pacific Corp.,* 28 F.3d 1042 (10th Cir. Colo. 1994) (citing *Colorado Supply Co. v. Stewart,* 797 P.2d 1303 (Colo. App.)).  Similarly, the Colorado Uniform Trade Secrets Act defines a trade secret as "the whole or any portion or phase of any scientific or technical information, design, process, procedure, formula, improvement, confidential business or financial information, listing of names, addresses, or telephone numbers, or other information relating to any business or profession which is secret and of value", and that "[t]o be a 'trade secret' the owner thereof must have taken measures to prevent the secret from becoming

4

available to persons other than those selected by the owner to have access thereto for limited purposes." *C.R.S.* 7-74-102.

In much the same manner, the Protective Order in this case defines confidential information as information that "consists of financial, business, sales, technical or other types of commercially valuable information that the respective parties maintain in confidence in the ordinary course of business" and which "the parties reasonably believe that public disclosure of such confidential information would cause financial and competitive harms to the disclosing party." [Doc. # 227]. The terms of MDx's ongoing business relationship with Aetna meet these definitions of confidential, trade secret information that is entitled to restricted access.

- MDx does not disclose the specific terms of its agreement with Aetna to persons or entities outside of MDx (*see* Declaration of Erika Boyer, dated September 18, 2012 ("*Boyer Decl.*"), ¶ 4);

- Only those individuals with the need to know the specific terms of the agreement – primarily MDx's senior executives – know the specific terms of the agreement or are given access to the actual contract documents (*Boyer Decl.,* ¶ 5);

- As a small, privately held company, MDx's normal procedures are to limit the disclosure of such specific contract terms within the company (*Boyer Decl.,* ¶ 6);

- There are several competitors, including Health Grades, that compete with MDx for the licensing and sale of data and other information to entities such as Aetna, and the companies compete vigorously for such business, such that disclosure of the specific terms of MDx's relationship with Aetna would severely negatively impact MDx's future negotiating position with other potential business partners and against its competitors (*Boyer Decl.,* ¶ 7);

- Each such bidding process and contract negotiation requires extensive time and effort by MDx's management and sales and marketing teams to secure such business at a significant cost of time and financial resources for a small, privately held company such as MDx, especially in comparison to its larger, better-funded competitors such as Health Grades (*Boyer Decl.,* ¶ 8); and

- Allowing MDx's competitors to know the specific terms of its agreement with Aetna would unfairly provide such competitors with a significant advantage against MDx in competing for such future business (*Boyer Decl.,* ¶ 9).

In addition, the Aetna agreement documents include confidentiality provisions that highlight the confidential nature of the parties' business relationship to both MDx and Aetna. *See* Doc. Nos. 253-4 and 253-5.

For these reasons, MDx respectfully submits that its agreement with Aetna, as well as the specific, individual terms of such agreement, meet the standard for being a trade secret and are entitled to protection. *See Mars, Inc. v. JCM American Corp.,* 2007 U.S. Dist. LEXIS 9819, at *4-9 (D.N.J. Feb. 13, 2007) (acknowledging the common law right to access and citing the New Jersey District Court's local rule for requests to seal, and finding a legitimate privacy interest in maintaining the confidentiality of terms of a business agreement that are not available to the public because otherwise the parties to the agreement could lose their future competitive negotiating positions and strategies, causing them to suffer serious injury); *Vista India, Inc. v. RAAGA LLC,* 2008 U.S. Dist. LEXIS 24454, at *6-2 (D.N.J. Mar. 27, 2008) (acknowledging the same public access right and local rule, and finding a legitimate privacy interest in settlement agreements between third parties that, if made public, would reflect negotiation strategies and pricing terms and would impair future negotiations and give competitors an advantage). If protection is not granted to the terms of MDx's agreement with Aetna, MDx will have its private, competitively-sensitive information disclosed to the public, and its competitors, simply because

6

Health Grades has filed an action against it and submitted such confidential information to the Court.[2] Such public access, and damage to MDx, is not warranted.

Regarding Doc. No. 252/253 (Health Grades' brief in support of its motion for leave to amend its complaint), MDx has previously submitted to the Court a proposed redacted version of the brief that only redacts information from limited pages – 7 and 13-16 – which contain discussion of the specific, confidential terms of MDx's agreement with Aetna, including the price MDx is being paid by Aetna. [Doc. # 269]. The Court did not refer to this proposed redacted exhibit in its statements at oral argument, and MDx respectfully submits that the proposed, redacted version, which was unopposed by Health Grades, represents an appropriate alternative for restricted access at Level 1. Regarding 253-2, MDx has reviewed the 111-page claim chart and proposes a redacted version that redacts all instances of discussion of the terms of MDx's agreement with Aetna. *See* Exhibit D. MDx believes that this redacted document also is an appropriate alternative to public access, while the unredacted document is entitled to restricted access at Level 1. Finally, the agreement documents themselves, Doc. Nos. 253-4 and

---

[2] The New Jersey District Court rule at issue in the cited cases, 5.3, is similar to *D.C.Colo.LCivR* 7.2. *D.NJ.L.R.* 5.3 instructed courts to look at the following factors: "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." *Compare* to *D.C.Colo.LCivR* 7.2 - "[a]ny motion to restrict public access will be open to public inspection and must: 1. Identify the document or the proceeding for which restriction is sought; 2. Address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restricted access); 3. Identify a clearly defined and serious injury that would result if access is not restricted; 4. Explain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and 5. Identify the restriction level sought (i.e., Level 1 = access limited to the parties and the court; Level 2 = access limited to the filing party and the court; Level 3 = access limited to the court)."

253-5, MDx respectfully submits must remain restricted in their entirety at Level 1.  Each of the terms of the agreement documents are material and confidential (*Boyer Decl.,* ¶ 10), and redaction is not appropriate.

For the foregoing reasons, MDx requests that the Court modify its ruling regarding the motions to restrict at issue as detailed herein.

Dated:  September 18, 2012                                      Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail:sstimpson@sillscummis.com
E-mail:smurray@sillscummis.com
E-mail:dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2012, I electronically filed the foregoing MDX MEDICAL, INC.'S SUPPLEMENTAL SUBMISSION IN SUPPORT OF ITS MOTIONS TO RESTRICT ACCESS TO DOCUMENT – DOCUMENT NOS. 201, 201-15, 201-16, 219-4, 219-5, 219-6, 219-11, 219-12, 219-13, 220-1, 220-2, 220-3, 220-5, 220-6, 220-7, 249-1, 252, 253, 253-2, 253-3, 253-4, 253-5, 264, 264-1, 282-1, 282-2 with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Jesus Manuel Vazquez , Jr.
  jvazquez@rothgerber.com, phenke@rothgerber.com

- Gregory B. Kanan
  gkanan@rothgerber.com, dgrooms@rothgerber.com

- Kris John Kostolansky
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- Scott David Stimpson
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- Scott B. Murray
  smurray@sillscummis.com

- David Chunyi Lee
  dlee@sillscummis.com

- Terence M. Ridley
  ridley@wtotrial.com, norris@wtotrial.com

                                        *s:/ David C. Lee*