IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

## DECLARATION OF ERIKA BOYER

ERIKA BOYER, being of full age, hereby declares and states as follows:

1. I make this declaration in support of Defendant MDx Medical, Inc.'s Supplemental Submission Regarding Its Motion To Restrict Access To Document – Motion Document No. 269 – concerning Document Nos. 252, 253, 253-2, 253-3, 253-4 and 253-5, specifically. Unless otherwise noted, the statements made herein are based on my personal knowledge.

2. I am one of the founding individuals of MDx Medical, Inc. ("MDx"), and currently my title with MDx is Vice President, Data Operations. MDx is a private company, based in Lyndhurst, New Jersey. I helped start MDx in 2006, to fill what the founding partners perceived as a need in the industry.

3. MDx is a leading provider of technology that enables users to search for and obtain information on healthcare providers. This information includes, among other things, the names of doctors, their education, specialties, hospital affiliations and the insurance that they accept. Users can access this information at the MDx www.vitals.com website (the "MDx Website"). Since January 2008, MDx has owned and operated the MDx Website.

4. Regarding MDx's agreements with its business partners such as Aetna, MDx does not disclose the specific terms of its agreements to persons or entities outside of MDx, and has not disclosed the specific terms of the Aetna agreement to entities or persons outside MDx.

5. Only those individuals with the need to know the specific terms of the agreement – a small group of senior executives necessary for the contract's successful execution – know the specific terms of the agreement or are given access to the actual contract documents.

6. As a small, privately held company, MDx's normal procedures are to limit the disclosure of such specific contract terms within the company to only those management and operational employees with a need to know.

7. There are several competitors, including Health Grades, that compete with MDx for the licensing and sale of data and other information to entities such as Aetna, and the companies compete vigorously for such business, such that disclosure of the specific terms of MDx's relationship with Aetna would severely negatively impact MDx's future negotiating position with other potential business partners and against its competitors.

8. Each such bidding process and contract negotiation requires extensive time and effort by MDx's management and sales and marketing teams to secure such business at a significant cost of time and financial resources for a small, privately held company such as MDx, especially in comparison to its larger, better-funded competitors such as Health Grades.

9. Allowing MDx's competitors to know the specific terms of its agreement with Aetna would unfairly provide such competitors with a significant advantage against MDx in competing for such future business, and thereby severely damage MDx's negotiating position and business prospects.

10. Each of the terms and conditions found in MDx's agreement documents, including those in the Aetna agreement, which is an ongoing and relatively recently-formed relationship, are material and confidential.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 18, 2012

_____
ERIKA BOYER