IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC.,
doing business as Vitals.com,

    Defendant.

_____

**ORDER**
_____

    This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 87]. The magistrate judge recommends that the Court grant defendant's motion to strike plaintiff's supplemental infringement contentions [Docket No. 62] and deny a request to amend contained within plaintiff's response to that motion [Docket No. 71]. Plaintiff filed timely objections [Docket No. 102] to the Recommendation. The magistrate judge construed the relevant issues as being dispositive and, therefore, issued the Recommendation. The parties dispute whether the issues are dispositive. In an abundance of caution, the Court will review the Recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

    Plaintiff is the assignee and owner of U.S. Patent No. 7,752,060 (the "'060 Patent") and contends that a website owned by defendant infringes the '060 Patent.

The deadline for disclosure of infringement contentions was July 19, 2011. *See* Docket No. 46.  The parties agreed to have the Local Rules of Practice for Patent Cases of the United States District Court for the Northern District of California apply in this case. *See* Docket No. 34 at 6.  Those rules require that "[a]mendment of the [i]nfringement [c]ontentions or the [i]nvalidity [c]ontentions may be made only by order of the Court upon a timely showing of good cause." Docket No. 34 at 22.  On October 20, 2011, plaintiff attempted to amend its infringement contentions by serving, without leave of the Court, supplemental infringement contentions upon defendant.  Plaintiff's attempt to amend such contentions without leave of court therefore violated the Scheduling Order and the rules applicable to this case. *Cf.* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").  Plaintiff's attempt to seek such leave in its response to defendant's motion to strike was improper.  *See* D.C.COLO.LCivR 7.1C (" A motion shall not be included in a response or reply to the original motion.  A motion shall be made in a separate paper.").  In its objections to the Recommendation, plaintiff again attempts to argue why it should be permitted to amend its infringement contentions.  The merits of any such request was not before the Court, as plaintiff had not filed a motion requesting any court action.[1]  Wherefore, it is

    **ORDERED** that, for the reasons discussed above, the Recommendation of United States Magistrate Judge [Docket No. 87] is ACCEPTED.  It is further

    **ORDERED** that defendant's motion to strike plaintiff's supplemental infringement contentions [Docket No. 62] is GRANTED and the request to amend contained within

---

[1] Plaintiff has since filed a motion for leave to amend its infringement contentions [Docket Nos. 292, 298].

plaintiff's response to that motion [Docket No. 71] is disregarded.

DATED September 24, 2012.

           BY THE COURT:

           s/Philip A. Brimmer
           PHILIP A. BRIMMER
           United States District Judge