IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

Defendant.

**HEALTH GRADES, INC.'S MOTION FOR LEAVE TO SUPPLEMENT ITS RESPONSE TO MDx's SECOND MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56 FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT (DKT. 195)**

Health Grades, Inc. ("Health Grades") seeks to file supplemental evidentiary support for its Response to MDx's Second Motion Pursuant to Federal Rule of Civil Procedure 56 for Partial Summary Judgment of Non-Infringement to add new evidence that Health Grades obtained after it filed its Response (Dkt. 201) on June 1, 2012 and after it filed its Motion for Leave to Supplement this response (Dkt. 234) on July 3, 2012.

Specifically, Health Grades' expert, Dr. Philip Greenspun, served his expert report on patent infringement on July 13, 2012 (attached hereto as Ex. A). MDx's expert, Dr. Richard Cooper, served his expert report on non-infringement on September 17, 2012 (attached hereto as Ex. B).

The parties' competing expert reports clearly demonstrate that there are many disputed issues of fact relating to infringement that should preclude a grant of summary judgment. For

example, the Doctors gave conflicting opinions regarding the answer to the following "Additional Disputed Facts" listed in Health Grades' Summary Judgment Response (Dkt. 201):

> "1.     Whether MDx's current website can create a report on a first healthcare provider that includes ratings for that particular provider and ratings of other healthcare providers." (Health Grades Summary Judgment Response at p. 4.)

<u>Dr. Greenspun says "yes":</u>

> 172. A variety of items on vitals.com (both versions) that qualify as comparison ratings. Each of these "ratings" applies to individual physicians, therefore to the first healthcare provider and other healthcare providers.
>
> 173. First, there is an "overall patient rating" (1-4 stars) for most physicians. (*See*, e.g., Appendix C.) By displaying the scale along with every rating, vitals.com ensures that potential patients can see how a doctor compares to an ideal doctor. Most physicians on vitals.com have an overall star rating.
>
> ****
>
> 178. The healthcare provider reports created by the Current Version literally include each of the foregoing "comparison ratings" of both the first healthcare provider and other healthcare providers, either on the same screen in response to a search query or on separate screens, depending on the detail level of the reports sought by patients. (*See*, e.g., Appendix C.)
>
> 179. For example, if a patient runs a specialty search for a particular doctor, MDx's current website uses information within MDx's database to produce a report on that doctor that can include comparison ratings of that doctor and other doctors contained within the right-hand section of the first page of the report. These ratings can include any of those listed above. By clicking on the particular doctor's name, a patient is able to access additional pages of the healthcare provider report. (*See*, e.g., February 2012 Infringement Contentions.) A demonstration for such a search is attached as Appendix D.
>
> 180. Another example if a patient runs a name search for a particular doctor, MDx's current website uses information within MDx's database to produce a report on that doctor that can include comparison ratings of that doctor and other doctors contained within the "highlights" section of the first page of the report, thus permitting comparison of that particular doctor with other potential doctors. These ratings can include any of those listed above. By clicking on the particular doctor's name, a patient is able to access additional pages of the healthcare provider report. (*See*, e.g., February 2012 Infringement Contentions; Appendix C.) A demonstration for such a search is attached as Appendix D.

<u>Dr. Cooper says "no":</u>

> 44. The Vitals web site has no reports specifically directed toward a 'first health care provider' that contain comparison ratings. Therefore there is no literal infringement.

"2. Whether the screenshots cited in para. 1 above (and those like them) are part of a report on a particular healthcare provider." (Health Grades Summary Judgment Response at p. 4.)

*Dr. Greenspun says "yes":*

> 168. I understand that MDx is arguing that these screenshots (*see*, e.g., Appendix C) cannot be a report because they are a results list. It is my opinion that they are both a results list (see discussion below) and a healthcare provider report. They contain a list of physicians who meet the search criteria, but they also contain additional information (e.g., specialty information, address, ratings, awards, hospital affiliations, board certifications), which is not required by the results list claim element, but which meets the claim limitation of a report on a particular healthcare provider as discussed above.

*Dr. Cooper says "no":*

> 43. In my view, Dr. Greenspun's analysis does not adhere to the court's claim constructions. He refers to the results list as being the report on the 'first health care provider', but that doesn't meet the claim construction for the report on the 'first health care provider.' Results lists are not directed specifically to the 'first health care provider', but instead are just lists of providers who satisfy the search terms. Results lists are claimed separately in claim 7. See Neal at page 201 wherein he states "that results list is not a health care provider report, in my opinion."

"4. Whether the multiple healthcare providers reports displayed on the same page, where each is limited to a single provider and each contains comparison ratings of that particular provider, performs substantially the same function, in substantially the same way, to achieve substantially the same result as the claimed "comparison ratings of healthcare providers"." (Health Grades Summary Judgment Response at p. 4.)

- 3 -

*Dr. Greenspun says "yes":*

> 183. However, if the claimed report must be limited to only one physician, then vitals.com infringes under the doctrine of equivalents. As shown in the screenshots and demos listed above, MDx's current website displays multiple healthcare provider reports, each limited to a single healthcare provider and each containing comparison ratings of that particular healthcare provider, on the same Web page, with other healthcare provider reports of other physicians. (*See*, e.g., Appendix C.) Each of those other reports contains comparison ratings of their particular doctor.
>
> 184. Furthermore, on pages of an individual physician's reports, there are links to "Related Doctors" in the profiles. (*See* Appendix C.) These related doctors' profiles, which are included as links within the profile of a particular doctor's profile, each contain "comparison ratings." These related profiles are included in the report just as the other pages of the report are integrated as links. As confirmed by Mr. West, when a section of profile is backed by more data, those data are accessible by a link to a "drill down" page. (*See* Deposition of Larry West (Rough Draft) at 190:1-193:04.) These other profiles, and their ratings, have been included as a "drill down" page in a report on the first healthcare provider.

*Dr. Cooper says "no":*

> 48. Under Dr. Greenspun's analysis, comparison ratings *excluded* from the report would be equivalent to the claim requirement that they be *included* in the report. Stated another way, Dr. Greenspun would have the ratings *outside* the report be equivalent to the claim requirement that they be *inside* the report. Dr. Greenspun thus argues that the exact opposite (antithesis) of the claim language should be found to be equivalent to the claim language itself; clearly this is self contradictory and reads the element entirely out of the claim without any basis in law. Because Dr. Greenspun's analysis relies on the opposite of the claim language, it is not correct, and there can be no equivalence between a statement and its opposite.

"5.     Whether the healthcare provider report that includes multiple healthcare providers, performs substantially the same function, in substantially the same way, to achieve substantially the same result as the claimed "healthcare provider report on the first healthcare provider" as construed by the Court."
(Health Grades Summary Judgment Response at p. 4.)

*Dr. Greenspun says "yes":*

> 186. Viewed another way, a healthcare provider report that includes multiple providers (as shown the display of profiles within search results, e.g., Appendix C) performs substantially the same function, in substantially the same way, to produce substantially the same result as the claimed report on the first healthcare provider. The functional difference of reporting on one particular doctor versus multiple particular doctors is insubstantial. A single provider report is substantially the same as a multiple provider report – both have information on the single particular provider.

2003858642_1

*Dr. Cooper says "no":*

> 45. Dr. Greenspun says that the results lists are part of reports, but that cannot be true within the court's construals because the results list is not directed to the particular 'first health care provider'. Furthermore, any part of the results list that does include any particular health care provider does not contain comparison ratings. Therefore the claim element is not met by Dr. Greenspun's analysis.

In sum, these expert reports demonstrate at least four separate disputed issues of material fact, any one of which is sufficient to preclude summary judgment of non-infringement.

### Certificate of Compliance with D.C.COLO.LCivR 7.1A

Undersigned counsel for Health Grades conferred with counsel for MDx regarding the subject matter of this motion. MDx opposes this motion.


Dated: September 26, 2012                ROTHGERBER JOHNSON & LYONS LLP

*s/ Gregory B. Kanan*
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Gregory B. Kanan, Esq.
1200 17th Street, Suite 3000
Denver, Colorado  80202
Tel:  (303) 623-9000
Fax:  (303) 623-9222
Email:  kkosto@rothgerber.com
            jvazquez@rothgerber.com
            gkanan@rothgerber.com

*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

CERTIFICATE OF SERVICE

      I hereby certify that on September 26, 2012, I electronically filed the foregoing **HEALTH GRADES, INC.'S MOTION FOR LEAVE TO SUPPLEMENT ITS RESPONSE TO MDx's SECOND MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56 FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT (DKT. 195)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Scott David Stimpson
    Scott Murray
    David Chunyi Lee
    Sills Cummis & Gross P.C. – New York
    30 Rockefeller Plaza
    New York, NY  10112
    Email: sstimpson@sillscummis.com
    Email: smurray@sillscummis.com
    Email: dlee@sillscummis.com

    Terence M. Ridley
    Wheeler Trigg O'Donnell, LLP
    1801 California Street, #3600
    Denver, CO  80202-2617
    Email: ridley@wtotrial.com

                                               s/ Gregory B. Kanan
                                               Gregory B. Kanan, Esq.
                                               Kris J. Kostolansky, Esq.
                                               Jesús M. Vázquez, Jr., Esq.
                                               Rothgerber Johnson & Lyons, LLP
                                               1200 17th Street, Suite 3000
                                               Denver, Colorado 80202-5855
                                               Tel:     (303) 623-9000
                                               Facsimile: (303) 623-9222
                                               Email: gkanan@rothgerber.com
                                                            kkostolansky@rothgerber.com
                                                           jvazquez@rothgerber.com

                                               Attorneys for Plaintiff Health Grades, Inc.