**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S OPPOSITION TO HEALTH GRADES' MOTION FOR LEAVE TO SUPPLEMENT ITS RESPONSE TO MDX'S SECOND MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56 FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT (DKT. 195)**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, respectfully submits its Opposition to Health Grades, Inc.'s ("Health Grades") Motion for Leave to Supplement Its Response to MDx's Second Motion Pursuant to Federal Rule of Civil Procedure 56 for Partial Summary Judgment of Non-Infringement (Dkt. 195) ["Motion to Supplement", Dkt. # 305].

The Health Grades' Motion to Supplement is submitted for all the wrong reasons.

**I.**     <u>**IMPROPER PURPOSE NUMBER ONE: DELAY**</u>

Health Grades hired its expert, Dr. Greenspun, about a year ago, at least as early as October of 2011. Thus, Dr. Greenspun has been available to provide a declaration for about a year; and this motion for summary judgment was filed in May, with the Health Grades

1

opposition on June 1.  Why, then, did Health Grades wait until late September to try to submit Dr. Greenspun's alleged evidence?  The reason is apparent:  Health Grades is very concerned that the Court is now ready to rule on the summary judgment motion, and it needs to delay that ruling.

Judge Brimmer has had only two issues pending before him:  (1) Health Grades' objections to Magistrate Judge Boland's Recommendation on the MDx motion to strike (Dkt. # 102); and (2) the MDx motion for summary judgment.  This week, only two days before this Motion to Supplement, Judge Brimmer ruled on issue (1), and Health Grades' counsel is obviously concerned that issue (2) will not be far behind.  Thus, immediately upon the Court's ruling on issue (1), counsel for Health Grades was scrambling to throw together as much paper as they could find to dump on the Court, and thus try to delay the Court's ruling on summary judgment.

Given that Health Grades could have submitted this alleged evidence many months ago, the timing is no coincidence.  Health Grades' lawyers are no fools -- they know that regular briefing on this Motion to Supplement, then a studied review of the materials, would make it impossible for this Court to rule on summary judgment anytime soon.  The bad faith timing and purpose of this Health Grades submission is clear.

## II.   IMPROPER PURPOSE NUMBER TWO: PUBLIC DISCLOSURE OF MDX CONFIDENTIAL INFORMATION

On September 11, in a ruling from the bench, Magistrate Judge Boland denied several motions to restrict access to confidential information submitted by the parties, including several unopposed motions.  Dkt. #290, page 11.  Judge Boland emphasized that the public is entitled to

see what the Court is relying on, and so those documents must be open to the public absent a very strong showing. *Id.* at 11-12.

Seeing opportunity to disclose MDx confidential information to their client, counsel for Health Grades sprang into action. First, after months of unsuccessfully seeking permission for Health Grades personnel to see some of MDx's most confidential contract information, very promptly after Magistrate Judge Boland's ruling Health Grades formally contested confidentiality of nine confidential MDx business contracts, thus forcing MDx under Section 10 of the Protective Order to file with the Court a motion to maintain all these documents as confidential (no doubt on the assumption that the documents will need to be submitted to the Court, so that MDx will face the resulting high burdens associated with keeping them confidential).

This Motion to Supplement is round two for Health Grades. Now that they have submitted the <u>entire infringement reports</u> of both experts to the Court, both containing confidential MDx internal information, it is the burden of MDx to file yet another motion to the Court, either meeting the very high standards set out by Magistrate Judge Boland, or allowing this confidential information into to the hands of MDx's biggest competitor, Health Grades.

If there is any doubt about Health Grades' bad faith in this submission, all the Court needs to do is a five minute review of the materials Health Grades submitted. It submitted hundreds of pages of documents, <u>the majority of which is not even related to the infringement issue in the summary judgment motion</u>. Only days ago, Magistrate Judge Boland warned the parties on this exact issue, and asked the parties not to submit irrelevant materials in part because it dramatically increases the work for the Court. Dkt. # 290, page 19 (criticizing over-submissions

3

to the Court of confidential information: "Judge Brimmer doesn't need to look at it because it wasn't important to the argument, I don't need to look at it because it's not important to the argument, you don't need to disclose it publicly because you're not relying on it in connection with your argument."). Undeterred, and obviously wanting its client to see all the MDx confidential information (not just the parts related to this summary judgment motion), Health Grades chose to file everything with this Court.

Making matters even worse, counsel for Health Grades submitted all this information <u>unrestricted</u> -- the world was allowed access. This is a blatant violation of the Court's Protective Order. And it is <u>at least the fourth time counsel for Health Grades has done this</u>. Every time, counsel for MDx vigorously complains, but Health Grades simply will not stop its now routine practice of opening up MDx highly confidential materials to the public. This abusive conduct has continued despite MDx's complaints to the Court. In July 2012, in connection with a motion to restrict, for example, MDx advised the Court of the seriousness of this ongoing problem. See Dkt. # 262, pg. 5, fn. 3 ("Counsel for Health Grades liberally quoted from the MDx AEO documents in its brief, and made the brief publicly available. And Health Grades is disturbingly silent in response to the demand from counsel for MDx that they confirm this information has not been shown to Health Grades personnel. See Exhibit 7, which has gone unanswered. MDx is deeply concerned about the situation. If this was the first time this had happened, it might be considered a simple mistake. But counsel for Health Grades has done the same thing before. See, e.g., Health Grades' brief in support of its motion to amend, starting at page 13, which discloses very confidential income and other information and which was filed by Health Grades so that it was publicly available for Health Grades personnel, and the world, to view.").

4

MDx has so far exercised great restraint in foregoing a sanctions motion. But Health Grades is badly abusing the judicial process, causing a substantial burden on the Court, and needless expense on MDx.

### III.     THE PROPOSED SUBMISSION IS IRRELEVANT

Dr. Greenspun's alleged evidence is irrelevant for several reasons.

First, Dr. Greenspun is not an expert. He is a software engineer, and has no healthcare-related experience to even remotely qualify him to testify about "comparison ratings of healthcare providers." Dr. Greenspun is not even a person of ordinary skill in this art, let alone an expert.

Second, Dr. Greenspun does not address the issues before this Court. The summary judgment motion relies on Supreme Court precedent precluding vitiation of claim terms, and shows the legal impropriety of Health Grades' attempt to capture comparison ratings <u>outside</u> the report on the first healthcare provider as allegedly equivalent to the exact opposite requirement in the claims (comparison ratings <u>inside</u> that report). Dr. Greenspun does not address this anywhere in his report -- there is no argument anywhere about whether comparison ratings <u>outside</u> the report could be equivalent to the claimed requirement that they be <u>inside</u> that report. Indeed, Dr. Greenspun does not even mention this critical law about not vitiating claim terms -- apparently he was not even advised of it.

The summary judgment motion also shows that Health Grades is estopped from alleging equivalents due to prosecution history estoppel. Health Grades' responded arguing that the amendment was only "tangential" to the equivalents issues. Summary Judgment opposition, Dkt.

# 201, pages 24-33. Dr. Greenspun does not address the tangential issue at all, or give any related opinions about the prosecution history.

As for the function/way/result analysis, Health Grades submitted only attorney argument in opposition, and MDx quickly pointed out (on June 8) that this was insufficient, even if claim term vitiation and prosecution history estoppel did not preclude equivalents arguments. Dkt. #207, pages 12-13. Health Grades' bad faith, late-September attempt to submit new evidence should be rejected – the function/way/result analysis should never be reached in any event.

The question of whether the MDx "results list" can be the report on the first healthcare provider is also not a question on which Dr. Greenspun may opine, as the Court has already ruled that such a report must be "directed specifically to the first healthcare provider."

Moreover, Dr. Greenspun's analysis is contrary to Supreme Court precedent and this Court's claim construction, and thus is entitled to no weight. *Novartis Corp. v. Ben Venue Labs, Inc.*, 271 F.3d 1043, 1051 (Fed. Cir. 2001) (refusing to credit declarations in the summary judgment context). And lastly, the Greenspun declaration simply was submitted too late, and it was submitted in bad faith, as addressed above.

## IV.    CONCLUSION

Health Grades' untimely and bad faith proposed submission should be rejected.

Dated: September 27, 2012                    Respectfully submitted,

<div style="margin-left: 40%;">

<u>s:/Scott D. Stimpson</u>
Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: sstimpson@sillscummis.com
E-mail: smurray@sillscummis.com
E-mail: dlee@sillscummis.com

and

Terence Ridley
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Tel: (303) 244-1800
Fax: (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2012, I electronically filed the foregoing MDX MEDICAL, INC.'S OPPOSITION TO HEALTH GRADES' MOTION FOR LEAVE TO SUPPLEMENT ITS RESPONSE TO MDX's SECOND MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56 FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT (DKT. 195) with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Jesus Manuel Vazquez , Jr.
  jvazquez@rothgerber.com, phenke@rothgerber.com

- Gregory B. Kanan
  gkanan@rothgerber.com, dgrooms@rothgerber.com

- Kris John Kostolansky
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- Scott David Stimpson
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- Scott B. Murray
  smurray@sillscummis.com

- David Chunyi Lee
  dlee@sillscummis.com

- Terence M. Ridley
  ridley@wtotrial.com, norris@wtotrial.com

<u>*s:/Scott D. Stimpson*</u>
Scott D. Stimpson
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: sstimpson@sillscummis.com

*Attorney for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM