**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S MOTION FOR LEAVE TO RESTRICT ACCESS TO
DOCUMENT – DOCUMENT NOS. 292, 292-1, 292-8, 292-10, 292-12, 292-14, and 305-1**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, pursuant to D.C.COLO.L.CivR 7.2, moves this Court for an order continuing the restricted access to Document Nos. 292, 292-1, 292-8, 292-10, 292-12, and 292-14, which were filed by Health Grades, Inc. ("Health Grades") regarding Health Grades' motion for leave to amend its infringement contentions [Doc. # 292], and for an order continuing the restricted access to Document No. 305-1, which was filed by Health Grades regarding Health Grades' motion for leave to supplement its response to MDx's second motion pursuant to Federal Rule of Civil Procedure 56 for partial summary judgment of non-infringement [Doc. # 305]. Concerning all but one of these documents (Doc. # 292-14), MDx is submitting a proposed, redacted version of the document to be used for public access from which the MDx confidential or highly confidential information has been redacted.

Pursuant to D.C.COLO.L.Civ.R 7.1, counsel for MDx conferred with counsel for Health Grades on October 5th, 8th, and 10th, regarding this motion, but has not received Health Grades' position on this motion. When Health Grades provides its position, MDx will supplement this motion with that information.

Documents Having Dkt. # 292-2, 292-3, 292-4, 292-5, 292-6, 292-7, 292-9, 292-11, 292-13, 305, 305-2, 305-3, 305-4, 305-5, and 305-6

MDx is not requesting to restrict access for these documents and, therefore, public access to these exhibits shall not be restricted.

Main Document Having Dkt. 292

This document is Health Grades' motion for leave to amend its infringement contentions. At page eight of the motion, there is a figure containing MDx internal, highly confidential information regarding the percentage of physicians who have edited information on Vitals.com. This is competitively sensitive information that MDx does not make public, and represents a trade secret. If disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx regarding its data, products and services, that would cause damage to MDx in its efforts to secure business partners, data licensing agreements and possibly advertising. *See* Declaration of Erika Boyer, dated October 10, 2012 ("*Boyer Decl.*"), ¶ 4. MDx proposes a version of this document for public access that has the figure on page eight redacted. Exhibit A attached hereto.

Exhibits Having Dkt. # 292-1, 292-8, 292-10, 292-12, 292-14, and 305-1

Exhibits 292-1 and 305-1 are the full report of Health Grades' technical expert, Dr. Greenspun. Beginning on page 54, the report includes references to the terms and conditions of MDx's agreement with Aetna. For the same reasons submitted by MDx, regarding the highly

confidential nature of this information relating to MDx's current business relationship with Aetna, in its supplemental submission pursuant to the Court's September 11, 2012 motions to restrict ruling [Dkt. # 302], which was accepted by the Court [Dkt. # 303], MDx submits that this information is also highly confidential and that access to this document should remain restricted at level 1.  MDx proposes a version of this document for public access that has the MDx/Aetna agreement terms and conditions redacted.  Exhibit B attached hereto is the redacted version of Dkt. # 292-1, and Exhibit F attached hereto is the redacted version of Dkt. # 305-1.

Exhibit 292-8 is MDx's second supplemental interrogatory response that details MDx's non-infringement positions and explanations.  This response contains highly confidential, proprietary information regarding Vitals.com usage metrics, percentages and internal website operations.  This is competitively sensitive information that MDx does not make public, and represents trade secrets.  If disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx regarding its data, products and services, that would cause damage to MDx in its efforts to distinguish its products from its competitors, and secure business partners, data licensing agreements and possibly advertising.  *See Boyer Decl.*, ¶ 5.  MDx requests that access to this document should remain restricted at level 1, and proposes a version of this document for public access that has such internal, proprietary information redacted.  Exhibit C attached hereto.

Exhibit 292-10 is excerpts from the transcript of the deposition of MDx's Vice President, Data Operations, Erika Boyer.  The excerpts include competitively sensitive information regarding how MDx's website, Vitals.com, works internally.  This is competitively sensitive information that MDx does not make public.  If disclosed to the public and MDx's competitors,

this information could be unfairly used by competitors against MDx regarding its data, products and services, that would cause damage to MDx in its efforts to distinguish its products from its competitors, and secure business partners and data licensing agreements.  *See Boyer Decl.*, ¶ 6.  MDx requests that access to this document should remain restricted at level 1, and proposes a version of this document for public access that has such internal, proprietary information redacted.  Exhibit D attached hereto.

Exhibit 292-12 is excerpts from the transcript of the deposition of MDx's Chief Technology Officer, Larry West.  The excerpts include competitively sensitive information regarding internal MDx website operations and statistics.  This is competitively sensitive information that MDx does not make public, and represents trade secrets.  If disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx regarding its data, products and services, that would cause damage to MDx in its efforts to distinguish its products from its competitors, and secure business partners, data licensing agreements and possibly advertising.  *See Boyer Decl.*, ¶ 7.  MDx requests that access to this document should remain restricted at level 1, and proposes a version of this document for public access that has such internal, proprietary information redacted.  Exhibit E attached hereto.

Exhibit 292-14 is query screens of MDx's database that is used to obtain the internal Vitals.com statistics regarding usage and other percentages.  This is competitively sensitive information that MDx does not make public, and represents trade secrets.  If disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx regarding its data, products and services, that would cause damage to MDx in its efforts to distinguish its products from its competitors, and secure business partners, data licensing

agreements and possibly advertising. *See Boyer Decl.*, ¶ 8. MDx requests that access to this document should remain restricted at level 1, and proposes a version of this document for public access that has such internal, proprietary information redacted. Exhibit F attached hereto.

Conclusion

For the foregoing reasons, MDx requests that this Court grant this motion for continued restrictions on access to Document Nos. 292, 292-1, 292-8, 292-10, 292-12, 292-14, and 305-1, at a Level 1 restriction, and to use the proposed redacted documents for public access.

Dated:  October 10, 2012                                    Respectfully submitted,

<u>s:/Scott D. Stimpson</u>
Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail:sstimpson@sillscummis.com
E-mail:smurray@sillscummis.com
E-mail:dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

**CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2012, I electronically filed the foregoing MDX MEDICAL, INC.'S MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENT – DOCUMENT NOS. 292, 292-1, 292-8, 292-10, 292-12, 292-14, and 305-1 with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Jesus Manuel Vazquez , Jr.
  jvazquez@rothgerber.com, phenke@rothgerber.com

- Gregory B. Kanan
  gkanan@rothgerber.com, dgrooms@rothgerber.com

- Kris John Kostolansky
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- Scott David Stimpson
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- Scott B. Murray
  smurray@sillscummis.com

- David Chunyi Lee
  dlee@sillscummis.com

- Terence M. Ridley
  ridley@wtotrial.com, norris@wtotrial.com

*s:/ David C. Lee*