**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

**PLAINTIFF HEALTH GRADES, INC.'S RESPONSE TO
DEFENDANT MDX MEDICAL, INC.S'
SECOND MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

Plaintiff Health Grades, Inc. ("Health Grades") respectfully responds to Defendant MDx Medical, Inc.'s ("MDx") Second Motion for Leave to Amend Invalidity Contentions ("MDx's Second Motion") pursuant to the Local Patent Rule 3-6 and for permission to serve MDx's Fourth Supplemental Invalidity Contentions and Chart (attached as Exhibits A and B to the Second Motion (Dkt. 293-1 and 293-2, respectively)).

The Local Patent Rules require the parties to disclose their infringement and invalidity theories early in the case in an effort to streamline discovery and reduce litigation costs. They have had the opposite effect in this case primarily because MDx has gone to extraordinary lengths to oppose every single attempt Health Grades has made to amend Health Grades' infringement contentions. In contrast, MDx has amended its invalidity contentions three times – Health Grades has not opposed these amendments (except with respect to a single footnote in the third supplemental invalidity contentions). Once again, both parties need to amend their

1

contentions. Once again, Health Grades has tried to be reasonable and resolve this dispute with minimal court intervention. And once again, MDx refuses to compromise on anything.

Specifically, both Health Grades and MDx are seeking to make the same kinds of supplementations to their required contentions:[1]

| **Health Grades Seeks to Supplement its Infringement Contentions to:[2]** | **MDx Seeks to Supplement its Invalidity Contentions to:** |
|---|---|
| 1) Incorporate the expert report of its expert, Dr. Philip Greenspun, relating to infringement; | 1) Incorporate the expert report of its expert, Dr. Richard G. Cooper, relating to invalidity; |
| 2) Add arguments based on documents produced by MDx in June 2012; and | 2) Add additional invalidity arguments based on documents that Health Grades produced in spring 2012; and |
| 3) Add citations and information Health Grades learned from depositions of MDx witnesses that were taken in June 2012. | 3) Add citations and information MDx learned from depositions of Health Grades' witnesses that were taken in June 2012. |

There is good cause to allow these supplements, namely the production of non-public information by both parties after each served its last set of contentions.

Nevertheless, MDx has indicated it will oppose Health Grades motion to supplement because "Health Grades is attempting to add many new arguments to its infringement contentions, including claims that are not even asserted in the current complaint, MDx could not agree to the Health Grades proposal." (MDx Second Motion to Supplement at 2 n.1 [Dkt. 293].)

---

[1] Health Grades does oppose the addition of footnote 2 in the Fourth Supplemental Contentions, which is the subject of another pending motion filed by Health Grades [Dkt. 215]. The parties agree that resolution of that motion with regard to footnote 2 in MDx's third supplemental invalidity contentions, shall apply to the same footnote 2 in MDx's fourth supplemental invalidity contentions.

[2] Health Grades' Motion for Leave to Amend its Infringement Contentions to Incorporate Dr. Philip Greenspun's Expert Report at pp. 3-6 [Dkt. 292].

2

To the extent that Health Grades does seek to add new arguments, these arguments are based on documents and deposition testimony MDx produced in June 2012. (*Id.*) MDx also seeks to add new arguments to its contentions. For example, MDx seeks to add new prior art references that it did not previously disclose including new public uses that allegedly occurred on February 16, 2005 and March 22, 2005. (Redlined Fourth Supplemental Invalidity Contentions at pp. 4-5 [Dkt. 293-1].) Like Health Grades' new infringement arguments, MDx's new invalidity arguments are based on deposition testimony from June 2012. Both parties should be permitted to add these new arguments.

Additionally, as support for its opposition against Health Grades' motion to supplement, MDx relies on a number of nitpicks where the specific language Health Grades used it its contentions is not exactly the same as what Dr. Greenspun used in his expert report. This is also true for MDx -- its invalidity contentions use different language than Dr. Cooper's invalidity report. Such is the nature of comparing two documents written by two different parties. Either it is permissible, or it is not permissible, to incorporate an expert report into the contentions even if there are minor differences between the two. But either way, *the rule should apply equally to both parties.*

MDx argues that it had to file several motions to compel Health Grades to produce the information that MDx seeks to add to its invalidity contentions. The same is true for Health Grades. Health Grades also had to file a motion to compel and then threaten MDx with a motion to enforce the order granting its motion to compel before MDx finally produced the iTriage agreements that Health Grades seeks to add to its contentions.

In sum, Health Grades does not oppose MDx's motion to supplement its invalidity contentions *except to the extent that it results in an unequal application of the Local Patent Rules against the parties*.

Respectfully submitted this 11th day of October, 2012.

ROTHGERBER JOHNSON & LYONS LLP

*s/ Jesús M. Vázquez*
Gregory B. Kanan, Esq.
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
1200 17th Street, Suite 3000
Denver, Colorado  80202
Tel:  (303) 623-9000
Fax:  (303) 623-9222
Email: gkanan@rothgerber.com
          kkosto@rothgerber.com
          jvazquez@rothgerber.com

*Attorneys for Health Grades/Counterclaim Defendant Health Grades, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2012, I electronically filed the foregoing **PLAINTIFF HEALTH GRADES, INC.'S RESPONSE TO DEFENDANT MDX MEDICAL, INC.S' SECOND MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Scott David Stimpson
David Chunyi Lee
Scott B. Murray
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY  10112
Email: sstimpson@sillscummis.com
Email: mrosenberg@sillscummis.com
Email: dlee@sillscummis.com
Email: smurray@sillscummis.com

Terence M. Ridley
Wheeler Trigg O'Donnell, LLP
370 17th Street, Suite 4500
Denver, CO  80202-5647
Email: ridley@wtotrial.com

*s/ Jesús M. Vazquez*
Gregory B. Kanan, Esq.
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Rothgerber Johnson & Lyons, LLP
1200 17th Street, Suite 3000
Denver, Colorado 80202-5855
Tel:     (303) 623-9000
Facsimile: (303) 623-9222
Email: gkanan@rothgerber.com
            kkostolansky@rothgerber.com
            jvazquez@rothgerber.com

*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

5