**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S OPPOSITION TO HEALTH GRADES'
MOTION FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS TO
INCORPORATE DR. PHILIP GREENSPUN'S EXPERT REPORT**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, hereby opposes Plaintiff Health Grades, Inc.'s ("Health Grades") Motion For Leave to Amend Its Infringement Contentions to Incorporate Dr. Philip Greenspun's Expert Report (Dkt. 292, the "Motion").

**I.    THE STANDARD**

At the outset of this case, the Parties agreed, and the Court ordered, that the parties would abide by the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California ("Patent Local Rules"). *See* Dkt. # 34 ("Scheduling Order"), p.6. Both the California courts, and the Federal Circuit Court of Appeals, have stated that "[t]he Patent Local Rules . . . are 'designed specifically to 'require parties to crystallize their theories of the case early in the litigation' so as to 'prevent the 'shifting sands' approach to claim

construction.'"  *Tokai Corp. v, Easton Enterprises Inc.,* 2009 U.S. Dist. LEXIS 64669, at *5 (C.D. Cal. July 8, 2009) (*quoting O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,* 467 F.3d 1355, 1364 (Fed. Cir. 2006) (construing Patent Local Rules adopted in 2000)).

"Amendments to infringement contentions may 'be made only by order of the Court upon a timely showing of good cause . . .'" *Brilliant Instruments, Inc. v. Guidetech, Inc.,* 2011 U.S. Dist. LEXIS 30835, at *4 (N.D. Cal. Mar. 15, 2011) (*quoting Patent Local Rule 3-6*).  "Good cause under the Patent Local Rules '***requires a showing of diligence***' [and] the burden is on the party amending its contentions 'to establish diligence rather than on the opposing party to establish lack of diligence.'" *Brilliant,* 2011 U.S. Dist. LEXIS 30835 at *4 (*quoting O2 Micro Int'l,* 467 F.3d at 1366 (emphasis added)).  The party amending its contentions must show that it "'acted with diligence in promptly moving to amend when new evidence is revealed in discovery.'"  *Genentech, Inc. v. The Trustees of the Univ. of Penn.,* 2011 U.S. Dist. LEXIS 108127, at *4 (N.D. Cal. Sep. 16, 2011) (*quoting O2 Micro,* at 1363, 1366).  Moreover, the opposing party does not need to show prejudice if the amending party cannot show diligence. *Genentech,* 2011 U.S. Dist. LEXIS 108127 at *4.  *See also Tokai Corp.,* 2009 U.S. Dist. LEXIS 64669 at *11; *O2 Micro,* 467 F.3d at 1368.

## II. **HEALTH GRADES CANNOT SHOW GOOD CAUSE**

### A. **Infringement Theories Based On Alleged New Discovery**

#### 1. **Inducement and Contributory Infringement**

First, Health Grades knew that MDx was providing data to other entities since the outset of this litigation and even before this litigation.  Health Grades' own document production at

HG0041626 - 0041627 (Exhibit A),[1] clearly shows that Health Grades was aware of other entities receiving MDx data as early as February 2010, more than one year before this litigation was filed. It is far less than clear why Health Grades waited until one month after close of fact discovery to even raise the issue of inducement and contributory infringement with respect to MDx customers.[2]

Second, Dr. Greenspun's report (Exhibit A to the Motion, Dkt. # 292-1, "Greenspun report") only identifies iTriage and Aetna, and so the sweeping allegations in paragraph 33 of the Greenspun report should not be allowed. Indeed, the Health Grades Motion does not even identify paragraphs of the Greenspun report addressing other specific customers.

Third, these allegations should be denied, in part, because they are entirely frivolous allegations. This part of the Health Grades Motion, will be resolved in connection with the Health Grades motion to amend its complaint to add indirect infringement claims (Dkt. # 252) – if that motion to amend is denied, then clearly the infringement contentions should not be allowed.

## 2. Providers Verify and Confirm Their Information Just Because They Are Registered

Health Grades recites information it obtained from deposition testimony, as if the testimony was some new revelation never-before known to Health Grades counsel. Motion, at 10 ("this information is newly discovered and is non-public"). But Health Grades has known of this for many months, and did nothing. Indeed, Dr. Greenspun's report does not even mention

---

[1] HG0041626 – 0041627 has been designated by Health Grades as "CONFIDENTIAL – ATTORNEYS EYES ONLY" and, therefore, Exhibit A is being filed separately as a restricted document.
[2] Fact discovery cut-off was June 15, 2012. Health Grades' motion at dkt. # 252 was filed July 13, 2012.

- 3 -

these deposition transcripts in connection with this newly-minted allegation, but instead refers to a response to interrogatories served by MDx *on May 10, 2012*. *See* Exhibit E to the Motion, at Dkt. # 292-8.  Health Grades offers no explanation for why it waited nearly three months to seek an amendment (*see* dkt. # 275), or how such a long delay could possibly be considered "diligent" under the standards applicable here.

The Health Grades delay, however, is much longer even than this.  Indeed, Health Grades knew of this capability many months ago, and did nothing to amend then.  In December of 2011, Health Grades knew that the accused website allowed physicians to edit some fields.  Exhibit B, excerpt of January 6, 2012 email from J. Vazquez (explaining earlier December request to see this information).  In January of 2012, Health Grades was offered access to the physician part of the accused website, but it declined that invitation.  Exhibit C, excerpt of January 13 email from S. Murray.

Thus, Health Grades' claim that this information is all brand-new is a fallacy.  Health Grades knew of this ability of MDx physicians to edit information for many, many months, and did nothing to seek an amendment earlier.

### 3. The Argument that MDx could have determined whether any provider has edited three or more

The discovery on which this Health Grades request is based are the MDx supplemental interrogatory responses at Exhibit E to the Motion (Dkt. # 292-8).  These were served by MDx *on May 10, 2012*, and Health Grades waited nearly three months to seek an amendment (*see* dkt. # 275).

- 4 -

This argument is also futile and has no place in the infringement contentions. That is, Health Grades does not claim to have any evidence that any provider edited three or more of the data items at issue here. Even when MDx served its interrogatory responses stating it was not aware of any physician who had edited three or more fields, Health Grades did not request for MDx to determine whether any provider ever edited three or more fields. While Health Grades is understandably concerned with what such a request may reveal (that no provider has ever edited three or more), it cannot now twist its own failure to pursue the discovery into an infringement argument. The fact that discovery could have been pursued (but was not) simply is not an infringement argument appropriate for infringement contentions.

### 4. **If vitals displays fellowship or other data that is supposed to be from a 3d Party, but it came from a doctor, MDx is still using the same information it collected from the third party to resolve conflicts.**

Although Health Grades cites to the May 10, 2012 discovery response, and depositions of MDx personnel allegedly supporting this new argument, Dr. Greenspun cites to none of it. The email from the MDx CEO regarding this issue (Exhibit D) – the document on which Dr. Greenspun relies in paragraph 152 of the Greenspun report – was produced on **November 10, 2011**. Exhibit E (cover email producing the document of Exhibit D). Such a long delay is not good cause.

### 5. **MDx Mobile Application**

Specifications for an MDx mobile application were produced to Health Grades in January 2012. Exhibit F (showing specification at Bates range MDX0039659-689); Exhibit G (January 2012 cover letter producing MDX0039659-689 among others). Health Grades does not even attempt to argue diligence in making this allegation, nor could it.

- 5 -

### B. Allegedly Previously Disclosed Categories

For all these arguments, addressed at pages 13-20 of the Health Grades Motion, Health Grades does not allege good cause for making amendments, but instead contends only that the arguments in the Greenspun report are *already adequately disclosed* in the earlier contentions. Why Health Grades burdens this Court with these issues is thus a bit of a mystery.

MDx respectfully requests that the Court simply deny these specific requests on the Health Grades representation that they are already adequately supported in the infringement contentions. If Health Grades attempts to make an argument at trial that MDx believes is not adequately supported in the earlier infringement contentions, an objection will be made at that time.

While there is no need for the Court to bother with any of these issues in view of Health Grades' representation, in an abundance of caution they are addressed below.

#### 1. Capability

Health Grades is correct that some parts of its prior infringement contentions referenced the capability of the accused website to do certain things. But the Greenspun report makes new arguments. Now, for the first time, Dr. Greenspun is trying to apply this argument to the element about "accessing healthcare provider verified information. . ." in claim 1 of the asserted patent; and this argument was not made in the earlier Health Grades infringement contentions. MDx only contests the argument for this one element.

Regarding the element "accessing healthcare provider verified information. . .", Health Grades referenced the ability of the accused website to obtain such information but never alleged that this capability alone was enough for infringement. Unlike the "capability" arguments it

- 6 -

makes elsewhere, Health Grades' earlier infringement contentions did not state that this element is met *because it is capable*. Motion, Exhibit D, page 18. Instead, the ability was only recited as background for the alleged act of infringement – the alleged actual performance of the step. While there is nothing wrong with Health Grades referencing this capability in support of its allegation that the capability is actually employed for the infringement, that is a very different situation than what Dr. Greenspun is now trying to do on these elements, *i.e.,* argue that the capability *alone* is itself an infringement. This is a subtle, but critical, distinction, and it is clear by comparing the old Health Grades arguments on this element (only making reference to the ability, with no allegation that ability alone is an infringement), with those elements where Health Grades did argue that ability alone is the infringement. Compare, for example, Motion, Exhibit D at pages 16 ("MDx literally infringes this element **_because_** the www.vitals.com website is capable of . . . "); page 47 (same); page 81 (corresponding element of claim 15: "MDx literally infringes **_because_** the system provides the capability. . . .").

## 2. Comparison Ratings Not Found In Earlier Contentions

Dr. Greenspun's report includes two new alleged "comparison ratings" – "American's Top Doctors" and "one of America's Leading Experts." Greenspun report at paragraphs 175 and 176. Health Grades does not dispute that these have been available to Health Grades on the accused website all along, but Health Grades never included them in its prior infringement contentions. Thus, there is no good cause for attempting add these new arguments now.

### 3. MDx Alleged Use of Licensure Information to Create the Report

Health Grades' cites two places in its earlier infringement contentions allegedly supporting its new argument that licensure information is used to create the report on the first healthcare provider.

First, Health Grades quotes from pages 25-26 of those earlier contentions (Exhibit D to the Motion, pages 25-26). But those pages are addressing a different claim element altogether – the element on "compiling" third party information. The claim element at issue here requires that "compiled" information be used in creating a healthcare provider report.

Second, Health Grades quotes from page 38 of its earlier infringement contentions (Exhibit D to the Motion, page 38). That page does address the proper claim element, but does not support the new argument Health Grades is now trying to make. That is, page 38 of the early contentions only alleges that a *results list* is created using the license information. *Id.* ("MDx also uses compiled licensure information to ensure that only licensed physicians, including Brunvand, are displayed in *the search results*.") (emphasis added). But Health Grades now tries to argue that the *report on the first healthcare provider* (interpreted by Judge Brimmer to be a report specifically directed to a particular healthcare provider) is created using the license information. *See* Greenspun report, paragraph 167. The reports on the first healthcare provider are shown in screenshots 17 and 18 of the early Health Grades contentions (Exhibit D to the Motion, pages 34-36), and they are certainly not the "search results" referenced at page 38.

Accordingly, Health Grades has never made this argument before, and there is no good cause for Health Grades attempting to add this argument now.

### 4. Information From Third Parties Only Needs To Be Compiled

Health Grades cites nothing in its earlier infringement contentions, but instead confirms that this is an old issue dating back to the Markman briefing. For many months, Health Grades chose not to pursue it, and should not be allowed to add it now.

Health Grades does not even argue that it was diligent, and instead argues only that MDx will not be prejudiced. First, prejudice is not relevant because Health Grades was not diligent. *Genentech,* 2011 U.S. Dist. LEXIS 108127 at *4; *see also Tokai Corp.,* 2009 U.S. Dist. LEXIS 64669 at *11 and *O2 Micro,* 467 F.3d at 1368. And second, MDx would be prejudiced now by the addition of a new infringement argument after the close of fact discovery. Had this been an issue, it would have been a prime issue for the inventor depositions, for example.

### 5. Results List is Part of a Report

MDx will concede this issue as it pertains to the infringement contention amendment. To avoid any doubt, MDx does not agree with and does not concede the substance of this amendment.

### 6. Information on Members

The earlier infringement contentions (Exhibit D to the Motion) made no mention of this new argument in paragraph 209 of the Greenspun report that purchasing an "advertisement" makes a physician into a member. Health Grades twists the facts considerably trying to now argue that a "sponsored link" itself satisfies membership – they are entirely different things. Furthermore, Health Grades gives no explanation as to why it could not have made this argument earlier.

The accused website has had the "members log in" section for the entire case, but Health Grades chose not to mention it in its infringement contentions with regard to claim 9. Health Grades does not assert otherwise, but vaguely now claims that it did not understand the term "member" before the MDx deposition testimony. That is simply not a credible argument, and Health Grades does not explain why it was allegedly so confused before the deposition. Health Grades made a deliberate decision not to use this argument (Greenspun report, paragraph 210) in its earlier infringement contentions, and it has no good cause to try to add it now.

### 7.    Doctrine of Equivalents

The Greenspun report states an intention to argue equivalents globally. Greenspun report, paragraphs 32, 79-82. Health Grades should not be allowed to make any equivalents arguments not in their earlier infringement contentions. There were many claim elements for which the earlier infringement contentions make no mention of equivalents.

Moreover, for those claim elements where Health Grades did mention equivalents in the earlier infringement contentions, Dr. Greenspun raises new arguments not adequately supported in the earlier contentions. *See, e.g.,* Greenspun report at paragraphs 183-86.

Health Grades thus should be precluded from making any equivalents arguments not adequately supported in its earlier infringement contentions.

## IV. CONCLUSION

For all the foregoing reasons, MDx respectfully requests that the Court deny the Health Grades Motion in its entirety.

Dated: October 11, 2012　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*s:/Scott D. Stimpson*
　　　　　　　　　　　　　　　　　　　　　　Scott D. Stimpson
　　　　　　　　　　　　　　　　　　　　　　Scott B. Murray
　　　　　　　　　　　　　　　　　　　　　　David C. Lee
　　　　　　　　　　　　　　　　　　　　　　Sills Cummis & Gross P.C.
　　　　　　　　　　　　　　　　　　　　　　30 Rockefeller Plaza
　　　　　　　　　　　　　　　　　　　　　　New York, New York 10112
　　　　　　　　　　　　　　　　　　　　　　Tel: (212) 643-7000
　　　　　　　　　　　　　　　　　　　　　　Fax: (212) 643-6500
　　　　　　　　　　　　　　　　　　　　　　E-mail:sstimpson@sillscummis.com
　　　　　　　　　　　　　　　　　　　　　　E-mail:smurray@sillscummis.com
　　　　　　　　　　　　　　　　　　　　　　E-mail:dlee@sillscummis.com

　　　　　　　　　　　　　　　　　　　　　　and

　　　　　　　　　　　　　　　　　　　　　　Terence Ridley, Atty. No. 15212
　　　　　　　　　　　　　　　　　　　　　　Wheeler Trigg O'Donnell LLP
　　　　　　　　　　　　　　　　　　　　　　370 Seventeenth Street, Suite 4500
　　　　　　　　　　　　　　　　　　　　　　Denver, Colorado 80202
　　　　　　　　　　　　　　　　　　　　　　Tel:  (303) 244-1800
　　　　　　　　　　　　　　　　　　　　　　Fax:  (303) 244-1879
　　　　　　　　　　　　　　　　　　　　　　E-mail: ridley@wtotrial.com

　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　　　　　MDx Medical, Inc. d/b/a VITALS.COM

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2012, I electronically filed the foregoing MDX MEDICAL, INC.'S OPPOSITION TO HEALTH GRADES' MOTION FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS TO INCORPORATE DR. PHILIP GREENSPUN'S EXPERT REPORT with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Jesus Manuel Vazquez , Jr.
  jvazquez@rothgerber.com, phenke@rothgerber.com

- Gregory B. Kanan
  gkanan@rothgerber.com, dgrooms@rothgerber.com

- Kris John Kostolansky
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- Scott David Stimpson
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- Scott B. Murray
  smurray@sillscummis.com

- David Chunyi Lee
  dlee@sillscummis.com

- Terence M. Ridley
  ridley@wtotrial.com, norris@wtotrial.com

       *s:/ David C. Lee*