IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

vs.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**HEALTH GRADES' RESPONSE TO MDX MEDICAL, INC.'S MOTION FOR A DETERMINATION THAT NINE MDX LICENSING AGREEMENTS ARE SUBJECT TO THE TERMS OF THE PROTECTIVE ORDER IN THIS CASE AS PROPERLY DESIGNATED AS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Plaintiff Health Grades, Inc. ("Health Grades"), by its undersigned counsel, respectfully submits its Response to MDx Medical, Inc.'s ("MDx") Motion for a Determination That Nine MDx Licensing Agreements Are Subject to the Terms of the Protective Order In This Case As Properly Designated As Highly Confidential – Attorneys' Eyes Only (the "Motion") [Dkt. 310], and states in support:

### A.  **MDx's Blanket Designation of Confidentiality for All Nine Agreements Violates the Protective Order**

Section 4.3 of the Protective Order requires that a producing party "must take care to designate for protection only those parts of the Documents … that qualify – so that portions of such Documents … for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order." [Dkt. 227 at pp. 6-7]

Despite the clear provisions of the Protective Order that require MDx to take care to designate for protection only those portions of the agreements that qualify, MDx has opted to

2003900208_1

simply designate each and every paragraph, of each and every page, of all nine agreements, as "Highly Confidential – Attorneys' Eyes Only."  This is improper and in clear violation of the Protective Order.  Further, at the hearing on September 11, 2012, Magistrate Judge Boland strongly rejected MDx's similar attempts to assert blanket restrictions on materials such as MDx seeks now on the nine agreements.  A review of the agreements, which are attached as Exhibits A – I, shows that much of what MDx seeks to designate as "Highly Confidential – Attorneys' Eyes Only" does not qualify for that designation, in violation of the Protective Order.

### B.      The Agreements Themselves Are Not Trade Secrets and the Fact of Their Existence is Not Confidential

Each and every one of the nine agreements references that certain software, or data, or database, or data pages, etc., are supposedly MDx trade secrets.  None of the agreements, however, provide that the agreements themselves are MDx trade secrets.  Nor did Magistrate Judge Boland's Order of September 20, 2012, find or determine that the Aetna agreement itself is a trade secret.  MDx's argument in its Motion that Magistrate Judge Boland "confirmed the trade secret nature of MDx's agreement with Aetna" is inaccurate – nowhere in the Order did Magistrate Judge Boland even use the words "trade secret" – in fact, Magistrate Judge Boland simply accepted MDx's representation that "disclosure of the specific terms of MDx's relationship with Aetna would severely negatively impact MDx's future negotiating position with other potential business partners and against its competitors." [Dkt. 303][1]

---

[1] At the September 11, 2012, hearing, MDx urged the Court to allow it a second chance to file a supplemental submission.  The Court allowed MDx to do so, over Health Grades' objections.  MDx then filed its supplemental submission on September 18, 2012 [Dkt. 302].  Just two days later, on September 20, 2012, the Court issued its Order accepting MDx's submission and representations [Dkt. 303].  Health Grades did not have an opportunity present argument on the new representations offered by MDx in its supplemental submission.

The Aetna agreement with MDx was widely publicized – the fact that the agreement exists is not confidential. Similarly, the fact that the nine agreements at issue here exist is not confidential, and MDx has not argued to the contrary. MDx listed the agreements and the identities of the parties to the agreements in its Motion without any restriction – the Motion is available to the public and has been so since September 28, 2012, when the Motion was filed. Additionally, there are no provisions in the nine agreements that require MDx to keep the agreements – or their terms – confidential. Thus the Court should reject MDx's blanket designations and order that MDx identify those parts of the agreements that actually qualify for the "Highly Confidential" designations, as required by Section 4.3 of the Protective Order.

WHEREFORE, Health Grades respectfully requests the Motion be denied, and for such other and further relief as the Court deems proper under these circumstances.

Respectfully submitted this 22nd day of October, 2012.

ROTHGERBER JOHNSON & LYONS LLP

*s/ Jesús M. Vazquez*
Gregory B. Kanan, Esq.
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
1200 17th Street, Suite 3000
Denver, Colorado  80202
Tel:  (303) 623-9000
Fax:  (303) 623-9222
Email: gkanan@rothgerber.com
           kkosto@rothgerber.com
           jvazquez@rothgerber.com

*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2012, I electronically filed the foregoing **HEALTH GRADES' RESPONSE TO MDX MEDICAL, INC.'S MOTION FOR A DETERMINATION THAT NINE MDX LICENSING AGREEMENTS ARE SUBJECT TO THE TERMS OF THE PROTECTIVE ORDER IN THIS CASE AS PROPERLY DESIGNATED AS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Scott David Stimpson | Terence M. Ridley |
| Mark Jon Rosenberg | Wheeler Trigg O'Donnell, LLP |
| David Chunyi Lee | 370 17th Street, Suite 4500 |
| Scott B. Murray | Denver, CO  80202-5647 |
| Sills Cummis & Gross P.C. – New York | Email: ridley@wtotrial.com |
| 30 Rockefeller Plaza | |
| New York, NY  10112 | |
| Email:  sstimpson@sillscummis.com | |
| Email:  mrosenberg@sillscummis.com | |
| Email: dlee@sillscummis.com | |
| Email: smurray@sillscummis.com | |

                                                  *s/ Jesús M. Vazquez*
                                                  Gregory B. Kanan, Esq.
                                                  Kris J. Kostolansky, Esq.
                                                  Jesús M. Vázquez, Jr., Esq.
                                                  Rothgerber Johnson & Lyons, LLP
                                                  1200 17th Street, Suite 3000
                                                  Denver, Colorado 80202-5855
                                                  Tel:     (303) 623-9000
                                                  Facsimile: (303) 623-9222
                                                  Email: gkanan@rothgerber.com
                                                                   kkostolansky@rothgerber.com
                                                                   jvazquez@rothgerber.com

                                                  *Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*