IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

vs.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**HEALTH GRADES' RESPONSE TO MDX MEDICAL, INC.'S SUPPLEMENTAL SUBMISSION IN OPPOSITION TO HEALTH GRADES' MOTION TO PRECLUDE MDX'S ADVICE OF COUNSEL DEFENSE FOR VIOLATION OF LOCAL PATENT RULE 3-7, OR IN THE ALTERNATIVE, TO COMPEL DISCOVERY RELATING TO OPINIONS OF COUNSEL PURSUANT TO LOCAL PATENT RULE 3-1 AND RULES 30(a)(1) AND 37(A)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff Health Grades, Inc. ("Health Grades"), by its undersigned counsel, respectfully submits its Response to MDx Medical, Inc.'s ("MDx") Supplemental Submission in Opposition to Health Grades' Motion to Preclude MDx's Advice of Counsel Defense for Violation of Local Patent Rule 3-7, or in the Alternative, to Compel Discovery Relating to Opinions of Counsel Pursuant to Local Patent Rule 3-1 and Rules 30(A)(1) and 37(A)(1) of the Federal Rules of Civil Procedure ("Supplemental Submission") [Dkt. 307], and states in support:

In its Order dated August 10, 2012 [Dkt. 281], and in anticipation of the hearing set for September 11, 2012, the Court ordered the parties to confer in an effort to limit the issues before the Court. Pursuant to the Court's Order, counsel for Health Grades offered to withdraw Health Grades' pending motion to preclude MDx's advice of counsel defense [Dkt. 219] if MDx produced forthwith communications that it should have produced on April 3, 2012, when its Rule

2003901213_1

3-7 disclosures regarding its intent to rely on advice of counsel were due. When MDx filed its Rule 3-7 disclosures on April 3rd, it did not produce these communications, despite the fact that they relate to the same subject matter as the opinions of counsel and it was therefore required to produce them.

When **59 days later**, on June 1, 2012, MDx supplemented its Rule 3-7 disclosures with more documents it should have produced on April 3, 2012, MDx still did not produce these communications.

When **97 days later**, on July 9, 2012, MDx again supplemented its Rule 3-7 disclosures with other documents it should have produced on April 3, 2012, MDx still did not produce these communications.

By the time of the hearing on September 11, 2012, now **161 days** after they were due, MDx still had not produced these communications, despite the fact that counsel for Health Grades had offered to withdraw the pending motion if the communications were finally produced. Thus no resolution was reached, and counsel for Health Grades' was clear on the record at the September 11 hearing:

THE COURT: " . . . Where do you stand on resolving those, Mr. Vazquez?"

MR. Vazquez: "Your Honor, we have not resolved them."

THE COURT: "Okay. Are you continuing to try or are they irresolvable?"

Mr. Vazquez: "I think we've tried as much as we can, and they appear to be insolvable."
[Dkt. 290, ll. 13-20]

Contrary to MDx's assertion in its supplemental submission, no agreement to resolve the motion was reached. In fact, as of the date of this filing, ***MDx has still not produced***

*the communications, which are now 202 days overdue.*  This Court previously precluded Health Grades from supplementing its infringement contentions for failing to comply with the same Local Patent Rules, and Judge Brimmer recently affirmed that ruling.  MDx must be held to the same standards and its reliance on advice of counsel defense must be precluded because it failed, and has continued to fail, to comply with Rule 3-7.

Respectfully submitted this 22nd day of October, 2012.

ROTHGERBER JOHNSON & LYONS LLP


*s/ Jesús M. Vazquez*
Gregory B. Kanan, Esq.
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
1200 17th Street, Suite 3000
Denver, Colorado  80202
Tel:  (303) 623-9000
Fax:  (303) 623-9222
Email: gkanan@rothgerber.com
         kkosto@rothgerber.com
         jvazquez@rothgerber.com

*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2012, I electronically filed the foregoing **Response to MDx Medical, Inc.'s ("MDx") Supplemental Submission in Opposition to Health Grades' Motion to Preclude MDx's Advice of Counsel Defense for Violation of Local Patent Rule 3-7, or in the Alternative, to Compel Discovery Relating to Opinions of Counsel Pursuant to Local Patent Rule 3-1 and Rules 30(A)(1) and 37(A)(1) of the Federal Rules of Civil Procedure** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Scott David Stimpson<br>Mark Jon Rosenberg<br>David Chunyi Lee<br>Scott B. Murray<br>Sills Cummis & Gross P.C. – New York<br>30 Rockefeller Plaza<br>New York, NY  10112<br>Email:  sstimpson@sillscummis.com<br>Email:  mrosenberg@sillscummis.com<br>Email:  dlee@sillscummis.com<br>Email:  smurray@sillscummis.com | Terence M. Ridley<br>Wheeler Trigg O'Donnell, LLP<br>370 17th Street, Suite 4500<br>Denver, CO  80202-5647<br>Email:  ridley@wtotrial.com |

*s/ Jesús M. Vazquez*
Gregory B. Kanan, Esq.
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Rothgerber Johnson & Lyons, LLP
1200 17th Street, Suite 3000
Denver, Colorado 80202-5855
Tel:     (303) 623-9000
Facsimile: (303) 623-9222
Email: gkanan@rothgerber.com
            kkostolansky@rothgerber.com
            jvazquez@rothgerber.com

*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*