**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

     Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

     Defendant.

---

**MDX MEDICAL INC.'S MOTION TO AMEND SCHEDULING ORDER
TO SPECIFY DUE DATE FOR MOTIONS TO EXCLUDE EXPERT TESTIMONY,
OR IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME TO
FILE MOTIONS TO EXCLUDE EXPERT TESTIMONY**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by its undersigned

counsel, respectfully submits this Motion To Amend Scheduling Order To Specify Due Date For

Motions To Exclude Expert Testimony, Or In The Alternative, For An Extension Of Time To

File Motions To Exclude Expert Testimony (the "Motion").

Pursuant to D.C.COLO.L.CivR 7.1(A), the undersigned counsel conferred with counsel

for Health Grades, Inc. ("Health Grades") and counsel for Health Grades indicated that Health

Grades opposes the relief requested herein.

**I.     BACKGROUND FACTS**

The Court and the parties held a scheduling conference in this case on June 16, 2011, and

a Scheduling Order was entered the same day (Doc. # 34, "Scheduling Order").  The Scheduling

Order did not set a due date for motions to exclude expert testimony.  *See* Scheduling Order.

1

Nevertheless, Health Grades claims that such a due date exists in this case. Health Grades appears to base its belief on Judge Brimmer's Practice Standards, Section III(G) entitled "Motions to Exclude Expert Testimony", and specifically on the version that became effective in June 2012. This June 2012 version differs substantively in an important way from the earlier version that applied to the scheduling conference held in this case on June 16, 2011. The earlier version stated only that the deadline shall be set by the Court at the scheduling conference and that "typically" the date would be thirty days after the deadline for disclosure of rebuttal expert witnesses. *See* Judge Brimmer's Practice Standards, Section III(G), effective August 2010. Significantly, the earlier version did not provide a default deadline when a deadline had not been set at the scheduling conference. In contrast, the June 2012 version adds such a provision, stating: "If a deadline has not been set at the scheduling conference, such motions shall be filed thirty days after the deadline for disclosure of rebuttal expert witnesses." *See* Judge Brimmer's Practice Standards, Section III(G), effective June 2012.

Because the scheduling order in this case was entered under the old version of Judge Brimmer's Practice Standards without a deadline for motions to exclude expert testimony, MDx believes that there is no current deadline.

Health Grades claims that such a due date does exist and that it was October 17, 2012, *i.e.*, thirty days after the September 17th deadline for disclosure of rebuttal expert witnesses [*see* Doc. # 271]. Thus, Health Grades filed its motion to exclude expert testimony on October 17, 2012 [at Doc. # 334]. Curiously, Health Grades completely failed to confer with MDx prior to filing its motion to exclude expert testimony, despite the requirements of D.C.COLO.LCivR 7.1(A) ("The court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or

56, unless counsel for the moving party or a pro se party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a pro se party to resolve the disputed matter."). We suspect that Health Grades may have deliberately decided not to confer so as to hide its belief that there was a due date and bring about this current situation. Indeed, had Health Grades conferred with MDx in accordance with D.C.COLO.LCivR 7.1(A), MDx would have understood Health Grades' belief regarding a deadline and would not have needed this motion.

## II.    REQUEST TO SET A DUE DATE IN THE SCHEDULING ORDER

MDx believes, in good faith, that there is no deadline for motions to exclude expert testimony in this case unless the Court sets one in the Scheduling Order. Judge Brimmer's Practice Standards effective at the time of the scheduling conference stated that such a deadline shall be set by the Court, and no such deadline has been set in this case. Although a default deadline is provided in Judge Brimmer's Practice Standards that became effective June 2012, MDx does not understand the default deadline to retroactively apply to earlier scheduling orders.

In view of these circumstances, MDx respectfully submits there is good cause to amend the Scheduling Order to set a due date for motions to exclude expert testimony. MDx respectfully requests a due date of October 30, 2012, which is twenty days after the expert discovery cut-off [Doc. # 330]. October 30, 2012, is also the due date for filing dispositive motions in this case [Doc. # 330], and setting the same October 30th deadline for motions to exclude expert testimony would align with the existing schedule in the case and provide sufficient time for briefing before the Pretrial Conference set for January 10, 2013  [Doc. # 271].

III.     **ALTERNATIVE REQUEST FOR EXTENSION OF TIME**

Should the Court be inclined to find that a due date exists in this case for motions to exclude expert testimony, and the deadline was October 17, 2012, then MDx respectfully requests an extension of time to and including October 30, 2012, for MDx to file motions to exclude expert testimony.  October 30, 2012, is also the due date for filing dispositive motions in this case [Doc. # 330], and setting the same October 30th deadline for motions to exclude expert testimony would align with the existing schedule in the case and provide sufficient time for briefing before the Pretrial Conference set for January 10, 2013   [Doc. # 271].   No prior extensions have been requested for this due date.  Good cause exists for an extension, as discussed below.[1]

IV.     **GOOD CAUSE AND LACK OF PREJUDICE**

MDx submits that there is good cause for the addition of a due date for motions to exclude expert testimony, or in the alternative for an extension of the due date if the Court finds that one currently exists, for several reasons.  First, MDx believed, in good faith (and still believes), that there was no deadline for motions to exclude expert testimony, for the reasons explained above.  Second, had Health Grades complied with the local rules and conferred with MDx in accordance with D.C.COLO.LCivR 7.1(A) regarding its motion to exclude [Doc. # 334], MDx would have understood Health Grades' belief regarding a deadline and would not have needed this motion.  And third, a deadline of October 17th would be only seven days after the expert discovery cutoff of October 10th [see Doc. # 330].[2]  MDx submits that more time beyond

---

[1] In accordance with D.C.COLO.L.CivR 6.1(E), to the extent this Motion seeks an extension of time as an alternative relief, a copy of this Motion will simultaneously be served on MDx.

[2] An expert deposition was taken in this case on October 10, 2012.

4

October 17th is needed for the parties to confer on motions to exclude expert testimony.  Indeed, Health Grades did not confer with MDx prior to filing its motion to exclude [Doc. # 334] on October 17th.

Health Grades would not suffer any prejudice from an October 30th deadline for motions to preclude expert testimony.  On the contrary, Health Grades would benefit because Health Grades completely failed to confer with MDx on its motion to preclude.  There would be no prejudice because fact and expert discovery have concluded in this case.  Additionally, October 30th is currently the due date for dispositive motions [Doc. # 330], so the briefing for motions to preclude filed by October 30th would run alongside briefing for dispositive motions filed by that date, and there would be sufficient time for the briefing before the Pretrial Conference set for January 10, 2013.  Accordingly, there would be no prejudice to Health Grades.

## V.    CONCLUSION

In light of the foregoing, MDx respectfully requests that the Court add to the Scheduling Order a deadline of October 30, 2012, for the parties to file motions to preclude expert testimony, or in the alternative, grant an extension to such date.

Dated:  October 24, 2012

Respectfully submitted,

_s:/Scott D. Stimpson_
Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail:sstimpson@sillscummis.com
E-mail:smurray@sillscummis.com

6

E-mail:dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2012, I electronically filed the foregoing MDX MEDICAL INC.'S MOTION TO AMEND SCHEDULING ORDER TO SPECIFY DUE DATE FOR MOTIONS TO EXCLUDE EXPERT TESTIMONY, OR IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME TO FILE MOTIONS TO EXCLUDE EXPERT TESTIMONY with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Jesus Manuel Vazquez , Jr.
  jvazquez@rothgerber.com, phenke@rothgerber.com

- Gregory B. Kanan
  gkanan@rothgerber.com, dgrooms@rothgerber.com

- Kris John Kostolansky
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- Scott David Stimpson
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- Scott B. Murray
  smurray@sillscummis.com

- David Chunyi Lee
  dlee@sillscummis.com

- Terence M. Ridley
  ridley@wtotrial.com, norris@wtotrial.com

*s:/David C. Lee*

7