**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL INC.'S MOTION TO STRIKE HEALTH GRADES, INC.'S MOTION
TO PARTIALLY EXCLUDE EXPERT TESTIMONY OF DR. RICHARD G. COOPER
PURSUANT TO FED. R. EVID. 403 AND 702, AND
*DAUBERT V. MERRIL DOW PHARMS., INC.*, 509 U.S. 579 (1993)
FOR FAILING TO COMPLY WITH D.C.COLO.LCIVR 7.1(A)**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by its undersigned counsel, respectfully submits this Motion To Strike Health Grades, Inc.'s Motion To Partially Exclude Expert Testimony Of Dr. Richard G. Cooper Pursuant To Fed. R. Evid. 403 And 702, and *Daubert v. Merril Dow Pharms., Inc.*, 509 U.S. 579 (1993) For Failing To Comply With D.C.COLO.LCivR 7.1(A) [Doc. # 338] (the "Motion").

Pursuant to D.C.COLO.L.CivR 7.1(A), the undersigned counsel conferred with counsel for Health Grades, Inc. ("Health Grades") and counsel for Health Grades indicated that Health Grades opposes this motion.

This is a case where Health Grades was once bitten but was *not* twice shy. Indeed, Health Grades was not even once shy about not complying with this Court's rules. Judge Brimmer struck Health Grades' first motion to exclude expert testimony as non-compliant [*see*

1

Doc. # 336].  But Health Grades' re-filed motion to exclude [Doc. # 338, "Motion to Exclude"] is still non-complaint, failing to include any conferral statement as required by D.C.COLO.LCivR 7.1(A).  Health Grades could not have included any such conferral statement, though, because it completely failed to confer with MDx about its Motion to Exclude at any point.

> D.C.COLO.LCivR 7.1(A) states, in pertinent part:
>
> The court **will not consider** any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a pro se party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a pro se party to resolve the disputed matter.  The moving party **shall state** in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

(emphasis added).  Unlike other Health Grades motions, conspicuously missing from this Health Grades' Motion to Exclude is any reference to D.C.COLO.LCivR 7.1(A) or to any sort of conferral.

In contrast to other Health Grades motions, the conspicuous lack of a conferral here begs the question.  MDx suspects that Health Grades may have deliberately decided not to confer with MDx in order to hide its belief that there was a due date for motions to exclude expert testimony.  *See* MDx's Motion To Amend Scheduling Order To Specify Due Date For Motions To Exclude Expert Testimony, Or In The Alternative, For An Extension Of Time To File Motions To Exclude Expert Testimony [Doc. # 344].

Despite whatever advantage Health Grades may gain from failing to confer, Health Grades must reap what it sows.  Health Grades completely failed to confer with MDx regarding its Motion to Exclude and, consequently, failed to comply with D.C.COLO.LCivR 7.1(A).  Per that rule, "[t]he Court will not consider" such a motion.  Accordingly, MDx respectfully requests

that the Court strike Health Grades' Motion to Exclude [Doc. # 338] for failing to comply with D.C.COLO.LCivR 7.1(A).

Should the Court grant MDx's motion to set an October 30th due date for motions to exclude expert testimony [Doc. # 344], then presumably Health Grades would have another chance to conduct a conferral.

Dated:  October 24, 2012

Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail:sstimpson@sillscummis.com
E-mail:smurray@sillscummis.com
E-mail:dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

3

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2012, I electronically filed the foregoing MDX MEDICAL INC.'S MOTION TO STRIKE HEALTH GRADES, INC.'S MOTION TO PARTIALLY EXCLUDE EXPERT TESTIMONY OF DR. RICHARD G. COOPER PURSUANT TO FED. R. EVID. 403 AND 702, AND *DAUBERT V. MERRIL DOW PHARMS., INC.*, 509 U.S. 579 (1993) FOR FAILING TO COMPLY WITH D.C.COLO.LCIVR 7.1(A) with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Jesus Manuel Vazquez , Jr.
  jvazquez@rothgerber.com, phenke@rothgerber.com

- Gregory B. Kanan
  gkanan@rothgerber.com, dgrooms@rothgerber.com

- Kris John Kostolansky
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- Scott David Stimpson
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- Scott B. Murray
  smurray@sillscummis.com

- David Chunyi Lee
  dlee@sillscummis.com

- Terence M. Ridley
  ridley@wtotrial.com, norris@wtotrial.com

    *s:/David C. Lee*