IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

vs.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

## HEALTH GRADES' MOTION FOR DETERMINATION THAT MATERIALS ARE PROPERLY DESIGNATED PURSUANT TO THE TERMS OF THE PROTECTIVE ORDER

Plaintiff Health Grades, Inc. ("Health Grades"), by its undersigned counsel, respectfully submits its Motion for Determination that Materials Are Properly Designated Pursuant to the Terms of the Protective Order [Dkt. 227], and states in support:

On October 10, 2012, counsel for MDx advised counsel for Health Grades via email that MDx was contesting Health Grades' "Confidential" and "Highly Confidential – Attorney's Eyes Only" designations on two expert reports, and "all exhibits and deposition transcripts referenced therein." *See* Exhibit A, email from Scott D. Stimpson to Jesus Vazquez dated October 10, 2012, attached hereto. Thus, apparently MDx contests the designations of discovery responses referenced by the experts in their reports, MDx's Invalidity Contentions and related claim chart, MDx's First Supplemental Invalidity Contentions and related claim chart, MDx's Second Supplemental Invalidity Contentions and related claim chart, MDx's Third Supplemental Invalidity Contentions and related claim chart, all depositions of Health Grades' witnesses and all

exhibits to those depositions, and all depositions of MDx's witnesses and all exhibits to those depositions.  These materials comprise thousands of pages.

Section 10 of the Protective Order requires that the Parties must try to resolve disputes regarding designations on an "informal basis," and "[i]f agreement cannot be reached, the Producing Party may move the court requesting a determination of whether the disputed information should be subject to the terms of this Protective Order." [Dkt. 227, p. 18]

While the Parties have had general discussions regarding whether some materials could be shared with client representatives in the context of settlement negotiations, there have been no specific attempts to resolve the disputes on an informal basis on the broad scope of materials encompassed by MDx's email, as required by the Protective Order.  The majority of the disputes could have been resolved informally, as discussed below, and Health Grades will undertake to do so with counsel for MDx before MDx files its response to this motion.

With respect to the "Early HG Reports and Services" referenced collectively in Dr. Cooper's report, those materials were broken out and referenced individually by Dr. Greenspun in his rebuttal report to Dr. Cooper as "HG Reference 1" through "HG Reference 11."  Health Grades will agree to withdraw its designations of the eleven "HG References" that Dr. Cooper describes as "Early HG Reports and Services."  Likewise, Health Grades will agree to withdraw its confidentiality designations on discussions in Dr. Cooper's report, and Dr. Greenspun's rebuttal report, regarding these eleven references.

With respect to the deposition transcripts of John Neal and Allen Dodge, pursuant to Section 6.1.8 of the Protective Order [Dkt. 227 at p. 15], those depositions were properly designated *on the record* as "Confidential – Attorneys Eyes Only."  *See* Exhibits B and C,

transcript pages showing designations made on the record, attached hereto.  Health Grades will review the transcripts pursuant to Section 4.3 of the Protective Order and identify what portions of the transcripts do not qualify for the designation and will inform MDx regarding the same.

With respect to the depositions of Scott Montroy and David Hicks, those depositions were taken before the Protective Order was entered in the case.   Health Grades will undertake to review the transcripts pursuant to Section 4.3 of the Protective Order and identify what portions of the transcripts it contends should be designated "Confidential" or "Confidential – Attorneys Eyes Only," if any, and will inform MDx regarding the same.

Similarly, with respect to all of MDx's Invalidity Contentions and supplements thereto, Health Grades will undertake to review them pursuant to Section 4.3 of the Protective Order and identify what portions of the contentions and supplements do not qualify for the designation and will inform MDx regarding the same.

Health Grades will confer with MDX regarding any other remaining materials that are not referenced above and which MDx contests as improperly designated, and will attempt to resolve the disputes regarding the designations informally with MDx, as required by the Protective Order.  Health Grades believes that much, if not all of the issues raised by MDx in its email, can be resolved.  Health Grades will supplement this motion with the results of its conferrals promptly.

Respectfully submitted this 24th day of October, 2012.

        ROTHGERBER JOHNSON & LYONS LLP

        *s/ Jesús M. Vazquez*
        Gregory B. Kanan, Esq.
        Kris J. Kostolansky, Esq.
        Jesús M. Vázquez, Jr., Esq.
        1200 17th Street, Suite 3000
        Denver, Colorado 80202
        Tel: (303) 623-9000
        Fax: (303) 623-9222
        Email: gkanan@rothgerber.com
               kkosto@rothgerber.com
               jvazquez@rothgerber.com

        *Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 24, 2012, I electronically filed the foregoing **HEALTH GRADES' MOTION FOR DETERMINATION THAT MATERIALS ARE PROPERLY DESIGNATED PURSUANT TO THE TERMS OF THE PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Scott David Stimpson<br>Mark Jon Rosenberg<br>David Chunyi Lee<br>Scott B. Murray<br>Sills Cummis & Gross P.C. – New York<br>30 Rockefeller Plaza<br>New York, NY  10112<br>Email:  sstimpson@sillscummis.com<br>Email:  mrosenberg@sillscummis.com<br>Email:  dlee@sillscummis.com<br>Email:  smurray@sillscummis.com | Terence M. Ridley<br>Wheeler Trigg O'Donnell, LLP<br>370 17th Street, Suite 4500<br>Denver, CO  80202-5647<br>Email:  ridley@wtotrial.com |

*s/ Jesús M. Vazquez*
Gregory B. Kanan, Esq.
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Rothgerber Johnson & Lyons, LLP
1200 17th Street, Suite 3000
Denver, Colorado 80202-5855
Tel:     (303) 623-9000
Facsimile: (303) 623-9222
Email:  gkanan@rothgerber.com
          kkostolansky@rothgerber.com
          jvazquez@rothgerber.com

*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*