# <u>EXHIBIT B</u>



7334673

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

**United States Patent and Trademark Office**

*January 05, 2012*

**THIS IS TO CERTIFY THAT ANNEXED IS A TRUE COPY FROM THE RECORDS OF THIS OFFICE OF THE FILE WRAPPER AND CONTENTS OF:**

**APPLICATION NUMBER:** *11/512,529*
**FILING DATE:** *August 29, 2006*
**PATENT NUMBER:** *7752060*
**ISSUE DATE:** *July 06, 2010*

Certified by

*David J. Kappos*

**Under Secretary of Commerce
for Intellectual Property
and Director of the United States
Patent and Trademark Office**

MDX 0013335

U.S. Patent Application Serial No. 11/512,529

## REMARKS

This Amendment and Response and the following remarks are intended to fully respond to the Non-Final Office Action mailed November 13, 2009. In that Office Action, claims 1-15, 19, and 20 were examined, and all were rejected. Specifically, claims 1-15, 19, and 20 were rejected under 35 U.S.C. § 112, second paragraph, as allegedly "being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention." *Office Action, 11/13/2009, at 2-3*. Claims 1-15 and 19-20 were rejected under 35 U.S.C. § 101 allegedly because "the claimed invention is directed to non-statutory subject matter." *Office Action, 11/13/2009, at 3-4*. In addition, claims 1-6, 8, 9, 13-15, and 19 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over U.S. Pat. App. Publ. No. 2003/0195838 to Henley in view of U.S. Pat. App. Publ. No. 2006/0080146 to Cook, et al. (hereinafter, "Cook"). Further, claims 7, 10, 11, 12, and 20 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over Henley in view of Cook and further in view of U.S. Pat. App. Publ. No. 2004/0010423 to Sameh. Reconsideration of these rejections, as they might apply to the original and amended claims in view of these remarks, is respectfully requested.

In this Amendment and Response, claims 1-3, 7, 10, 19, and 20 have been amended. Claim 5 has been cancelled without prejudice, and claims 16-18 remain cancelled without prejudice in light of the Response to Restriction Requirement filed on September 30, 2009. Claim 21 has been added. This new claim does not add any new subject matter. Therefore, claims 1-4, 6-15, and 19-21 are present for examination. This application is in condition for allowance, and such action is respectfully requested.

## Claim Rejections – 35 U.S.C. § 112, Second Paragraph:  Claims 1-15 & 19-20

Claims 1-15, 19, and 20 were rejected under 35 U.S.C. § 112, second paragraph, as allegedly "being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention." *Office Action, 11/13/2009, at 2-3*. The Applicants do not concede the correctness of these rejections. However, in the interest of forwarding the prosecution of this application to allowance, the Applicants have amended independent claims 1 and 19 to recite in part:

> . . .
> creating, by a processor, a healthcare provider report using *the healthcare provider-verified information*, the past-patient provided information, and *the information verified by independent third-party sources*, wherein the healthcare

MDX 0013502

U.S. Patent Application Serial No. 11/512,529

provider report includes comparison ratings of healthcare providers; and

. . . .

*Claim 1, supra (as amended) (emphasis added).*

An on-line information system for providing verified information regarding healthcare providers, the system comprising:
*at least one processor; and*
*memory coupled with and readable by the at least one processor and comprising a series of instructions that, when executed by the at least one processor, cause the at least one processor to*:

. . . .

*Claim 19, supra (as amended) (emphasis added).*

As a person of ordinary skill in the art would reasonably understand, these amendments to claims 1 and 19 do not add any new subject matter. For example, the amendments to claim 1 have been added merely to correct alleged insufficient antecedent bases. Further, the "processor" and "memory" amendments to claim 19 represent inherent features of the already-claimed "on-line information system" and would have reasonably been understood and anticipated by a person of ordinary skill in the art.

Claims 1 and 19 are in condition for allowance. The Applicants therefore respectfully request the withdrawal of the § 112 rejections of claims 1 and 19. Because claims 2-4, 6-15, and 20-21 depend on allowable base claims 1 and 19, respectively, these claims are also allowable, and such action is respectfully requested. As such, any remaining arguments supporting the rejections of these claims are not acquiesced to even though they are not directly addressed herein. Accordingly, the Applicants respectfully request the allowance of claims 1-4, 6-15, and 19-21.

**Claim Rejections – 35 U.S.C. § 101:  Claims 1-15 & 19-20**

Claims 1-15 and 19-20 were rejected under 35 U.S.C. § 101 allegedly "because the claimed invention is directed to non-statutory subject matter." *Office Action, 11/13/2009, at 3-4.* The Applicants do not concede the correctness of these rejections. However, in the interest of forwarding the prosecution of this application to allowance, the Applicants have amended claims 1 and 19 to recite in part:

MDX 0013503

U.S. Patent Application Serial No. 11/512,529

. . .
creating, *by a processor*, a healthcare provider report using the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources, wherein the healthcare provider report includes comparison ratings of healthcare providers; and
. . . .

*Claim 1, supra (as amended) (emphasis added).*

An on-line information system for providing verified information regarding healthcare providers, the system comprising:
*at least one processor; and*
*memory coupled with and readable by the at least one processor and comprising a series of instructions that, when executed by the at least one processor, cause the at least one processor to*:
. . . .

*Claim 19, supra (as amended) (emphasis added).*

Claims 1 and 19 are in condition for allowance. The Applicants thus respectfully request the withdrawal of the § 112 rejections of claims 1 and 19. Because claims 2-4, 6-15, and 20-21 depend on allowable base claims 1 and 19, respectively, these claims are also allowable, and such action is respectfully requested. As such, any remaining arguments supporting the rejections of these claims are not acquiesced to even though they are not directly addressed herein. Accordingly, the Applicants respectfully request the allowance of claims 1-4, 6-15, and 19-21.

**Claim Rejections – 35 U.S.C. § 103(a):  Claims 1-6, 8, 9, 13-15, & 19**

Claims 1-6, 8, 9, 13-15, and 19 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over Henley in view of Cook. The Applicants respectfully disagree with and traverse these rejections. To establish a prima facie case of obviousness, the references must teach or suggest each and every one of the claim elements to one of ordinary skill in the art at the time the invention was made. *See* MPEP §§ 2142, 2143.03; *In re Wilson*, 424 F.2d 1382, 1385 (C.C. P.A. 1970). In addition, *KSR International Company v. Teleflex, Inc.*, 127 S. Ct. 1727, 1741 (2007), requires that there "must be some *articulated reasoning with some rational underpinning* to support the legal conclusion of obviousness." (Emphasis added.)  Further, "a

MDX 0013504

U.S. Patent Application Serial No. 11/512,529

patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art." *KSR Int'l Co.*, 127 S. Ct. at 1741. Specifically, the references fail to teach or suggest all of the claim elements.

For example, Henley in view of Cook fail to teach or suggest at least the following with respect to claim 1:

> . . .
> creating, by a processor, a healthcare provider report *using the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources, wherein the healthcare provider report includes comparison ratings of healthcare providers*; and
> providing access to the healthcare provider report over a computer network.

*Claim 1, supra (as amended) (emphasis added).*

Henley provides generally for "an on-line auctioning process in negotiating a price for the performance of a professional personal medical service performed by a medical physician on an individual patient . . . ." *Henley, at [0016].* Specifically, Henley provides for on-line negotiating of fees for medical services and provides a "method and apparatus that will enable prospective patients to easily identify and access an otherwise underutilized medical facility to negotiate a favorable fee for services subject to scheduling restrictions and other 'specifications' set by the medical service provider." *Henley, at [0024].* Henley is thus related to on-line auctioning for medical services and products and fails to disclose or suggest, at a minimum, "creating . . . a healthcare provider report using the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources . . . ." Indeed, the Office Action admits that Henley "may or **may not** explicitly disclose" such teaching and provides no citation in Henley supporting such teaching. *See Office Action, 11/13/2009, at 6 (emphasis added).* Instead, the Office Action relies on Cook:

> Henley may or may not explicitly disclose the following limitation. However, Cook discloses:
>
> • *creating a healthcare provider report using the physician-verified information, the past-patient provided information, and the verified information* (See at least paragraphs 0091, 0343, 0358, 0375 and claim 21).

*Office Action, 11/13/2009, at 6 (emphasis in original).*

MDX 0013505

U.S. Patent Application Serial No. 11/512,529

However, the Applicants respectfully disagree that Cook provides such disclosure. Cook relates generally to enabling a patient "to choose a healthcare provider who uses an EMR [("electronic medical record")] system and optionally an advanced, compatible EMR system." *Cook, at [0097]*. The citations from the Office Action relate at most to specific reports about "the EMR system in use by each provider . . . ." *See, e.g., Cook, at [0091]*. For example, paragraph [0343] provides:

**Reports of compatibility of a provider's EMR** can be based on the percentage of other **EMR systems** which are compatible or the percentage of healthcare providers who are using **EMR systems which are compatible**.

*Cook, at [0343] (emphasis added)*.

Cook's reports are thus related to EMR systems: "It is also specifically meant to include all implementations **in which reports to patients include graduated assessments of EMR systems**." *Cook, at [0375] (emphasis added)*. While Cook refers to the "ability to report to patients objective measures of the quality and cost effectiveness of care provided by each individual healthcare provider," *Cook, at [0358]*, this reference to the "quality" and "cost effectiveness" appears to refer again to "reviewing electronic patient medical records" and to "outcomes data from health insurance companies." *See Cook, at [0358]*. Cook thus fails to provide any teaching or suggestion, at a minimum, of ". . . creating . . . a healthcare provider report *using the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources . . . .*" Cook's reports are based on "EMR systems" and "outcomes data from health insurance companies," *see Cook, at [0358]*, and provide no teaching, for example, of "creating" a "healthcare provider report *using* the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources . . . ." (Emphasis added.) Cook thus fails to cure the deficiencies of Henley.

Further, Henley fails to teach or suggest, for example, ". . . wherein the healthcare provider report includes comparison ratings of healthcare providers . . . ." The Office Action relies on Henley at "paragraphs 0015-0016, 0037, 0081, 0090 and 0107" for providing such a teaching. However, the Applicants respectfully disagree. The cited portions of Henley provide no teaching or suggestion of "comparison ratings." *See, e.g., Henley, at [0015-0016], [0037], [0081], [0090], & [0107]*. For example, paragraph [0107] provides that "[t]he qualifier engine and associated databases allow the qualifications of both the physician providing the service and

11

U.S. Patent Application Serial No. 11/512,529

the qualifications of the hospital/treatment facilities [to be] available to the consumer/patient." *Henley, at [0107]*. However, making general qualifications "available" to a consumer does not teach or suggest "comparison ratings." Additionally, while paragraph [0090] provides for "hyperlinks to databases storing the identification of medical service providers having satisfied a particular qualifying requirement," *Henley, at [0090]*, access to databases storing the "identification" of medical service providers satisfying a particular requirement provides no teaching or suggestion of, for example, "comparison ratings" of healthcare providers. Henley thus fails to provide any teaching or suggestion of at least ". . . wherein the healthcare provider report includes comparison ratings of healthcare providers . . . ."

Accordingly, Henley in view of Cook fail to teach or suggest each and every limitation of claim 1, and allowance of this claim is therefore respectfully requested. While the above discussion shows that the cited references do not teach or suggest each and every aspect of claim 1, amendments to claim 1 are made in the interest only of forwarding the prosecution of this application to allowance and are not necessarily made to address the Office Action's rejections based on the cited references. Amendments are therefore made without prejudice. Because claims 2-4 and 6-15 depend on allowable base claim 1, these claims are also allowable, and such action is respectfully requested. As such, any remaining arguments supporting the rejections of these claims are not acquiesced to even though they are not directly addressed herein. Accordingly, the Applicants respectfully request the allowance of claims 1-4 and 6-15 (claim 5 has been cancelled without prejudice).

Further, the Applicants note that the Office Action's apparent reliance on "Official Notice," *see Office Action, 11/13/2009, at 8-10*, fails to cure the deficiencies of Henley and Cook with regard to claims 3, 13, and 14. *See discussion supra*. The Office Action relies on "Official Notice" for various described teachings. *See, e.g., Office Action, 11/13/2009, at 7-10 (using multiple, various statements of Official Notice)*. The Applicants do not necessarily agree with the Office Action's characterization of the claim language relating to these multiple takings of Official Notice. *See Office Action, 11/19/2009, at 8-10*. Further, the Applicants do not necessarily agree with these multiple takings of Official Notice nor do they acquiesce to the statements made in the Office Action regarding the Official Notice. Nevertheless, since Henley in view of Cook fails to teach the features of claim 1 noted above, and no additional references have been cited that compensate for the deficiencies in Henley in view of Cook, the issue regarding the accuracy of each of the multiple takings of Official Notice is moot.

MDX 0013507

U.S. Patent Application Serial No. 11/512,529

The Applicants also respectfully disagree with the Office Action's rejection of claim 2. For example, the Office Action states with regard to the "transmitting . . ." element:

> [T]hese differences are not functionally involved in the steps recited nor do they alter the recited structural elements. The recited steps would be performed the same regardless of the specific data. Further, the structural elements remain the same regardless of the specific data. Thus, this will not distinguish the claimed invention from the prior art in terms of patentability.

*Office Action, 11/13/2009, at 7.*

The Applicants do not necessarily agree with these statements in the Office Action nor do they acquiesce to these statements. *See Office Action, 11/13/2009, at 7.* Nevertheless, since Henley in view of Cook fails to teach the features of claim 1 (upon which claim 2 depends) noted above, and no additional references have been cited that compensate for the deficiencies in Henley in view of Cook, the issue regarding the accuracy of these statements is moot.

In addition, for at least the reasons set forth above, Henley in view of Cook fail to teach or suggest each and every limitation of independent claim 19. For example, the cited references fail to disclose or suggest at least the following with respect to claim 19:

> . . .
>
> create a healthcare provider report *using the healthcare provider-verified information, the patient-provided information, and the independently verified information, wherein the healthcare provider report includes comparison ratings of healthcare providers.*

*Claim 19, supra (as amended) (emphasis added).*

Accordingly, for at least the above reasons, Henley in view of Cook fail to teach or suggest each and every limitation of claim 19. Allowance of this claim is therefore respectfully requested. Because claims 20-21 are dependent on allowable base claim 19, *see discussion supra*, these claims are also patentable over Henley in view of Cook. As such, any remaining arguments supporting the rejection of this claim are not acquiesced to even though they are not directly addressed herein. While the above discussion shows that the cited references do not teach or suggest each and every aspect of claim 19, amendments to claim 19 are made in the interest only of forwarding the prosecution of this application to allowance and are not necessarily made to address the Office Action's rejections based on the cited references. Amendments are therefore made without prejudice. The allowance of claims 19-21 is therefore respectfully requested.

MDX 0013508

U.S. Patent Application Serial No. 11/512,529

For at least the reasons presented above, claims 1-4, 6-15, and 19-21 are patentable over Henley in view of Cook. Accordingly, the Applicants respectfully request the allowance of this application.

## Claim Rejections – 35 U.S.C. § 103(a):  Claims 7, 10-12, & 20

Claims 7, 10-12, and 20 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over Henley in view of Cook and further in view of Sameh. The Applicants respectfully disagree with and traverse these rejections. The cited references fail to teach or suggest all of the claim elements.

Because claims 7, 10-12, and 20 depend on allowable base claims 1 and 19, respectively, *see discussion supra*, these claims are also allowable for at least the reasons presented above, and such action is respectfully requested. As such, any remaining arguments supporting the rejections of these claims are not acquiesced to even though they are not directly addressed herein. Accordingly, the Applicants respectfully request the allowance of claims 7, 10-12, and 20.

Further, Henley in view of Cook and further in view of Sameh fail to teach or suggest at least the following:

> . . .
> creating, by a processor, a healthcare provider report *using the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources, wherein the healthcare provider report includes comparison ratings of healthcare providers*; and
> providing access to the healthcare provider report over a computer network.

*Claim 1, supra (as amended) (emphasis added) (upon which claims 7 & 10-12 depend).*

> . . .
> create a healthcare provider report *using the healthcare provider-verified information, the patient-provided information, and the independently verified information, wherein the healthcare provider report includes comparison ratings of healthcare providers.*

*Claim 19, supra (as amended) (emphasis added) (upon which claim 20 depends).*

Sameh fails to cure the deficiencies of Henley in view of Cook. Sameh relates generally to providing a method and apparatus for allowing patients "to make appointments with physicians." *Sameh, at [0002]*. Specifically, Sameh provides that a "website messaging system

14

U.S. Patent Application Serial No. 11/512,529

10 may be provided by a sponsor (e.g., a hospital or other healthcare facility) and may be used to forward messages from patients to their attending physicians under any of a number of predetermined message formats and patient conditions specified by the attending physician." *Sameh, at [0020]*. Sameh's messaging system for forwarding messages from patients to physicians and providing an "appointment request webpage," *Sameh, at [0007]*, thus neither teaches nor suggests, for example, ". . . creating a healthcare provider report using the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources . . . ." Sameh also provides no disclosure or suggestion of, at a minimum, "wherein the healthcare provider report includes *comparison ratings of healthcare providers*." (Emphasis added.) Sameh thus fails to cure the deficiencies of Henley in view of Cook.

Further, the Applicants note that the Office Action's apparent reliance on "Official Notice," *see Office Action, 11/13/2009, at 14*, fails to cure the deficiencies of Henley and Cook with regard to claim 12. The Office Action states that "[i]t is old and well known in the art for organizations or service providers to reward their members with extra (or enhanced) services." *Office Action, 11/13/2009, at 14.* The Applicants do not necessarily agree with the Office Action's characterization of the claim language. Further, the Applicants do not necessarily agree with this apparent taking of Official Notice nor do they acquiesce to the statements made in the Office Action regarding the Official Notice. Nevertheless, since Henley in view of Cook fails to teach the features of claim 1 (upon which claim 12 depends) noted above, and no additional references have been cited that compensate for the deficiencies in Henley in view of Cook, the issue regarding the accuracy of the taking of Official Notice is moot.

Accordingly, Henley in view of Cook and further in view of Sameh fail to disclose or suggest each and every element of claims 7, 10-12, and 20. Claims 7, 10-12, and 20 are therefore allowable. While the above discussion shows that the cited references fail to teach or suggest each and every element of claims 7, 10-12, and 20, amendments to claims 7, 10-12, and 20 are made in the interest only of forwarding the prosecution of this application to allowance and are not necessarily made to address the Office Action's rejections based on the cited references. Amendments are therefore made without prejudice.

For at least the above reasons, the Applicants respectfully request the allowance of claims 7, 10-12, and 20.

15

MDX 0013510

U.S. Patent Application Serial No. 11/512,529

## New Claim

Claim 21 has been added. *See supra.* This claim does not add any new subject matter. Further, claim 21 is allowable for at least the reasons set forth above. *See discussion supra.* In addition, none of the cited references discloses or suggests the limitations of claim 21. Accordingly, claim 21 is also in condition for allowance, and such action is respectfully requested.

## Conclusion

This Amendment and Response fully responds to the Non-Final Office Action mailed November 13, 2009. It is recognized that the Office Action may contain arguments and rejections that are not directly addressed by this Amendment and Response because they are rendered moot in light of the preceding arguments in favor of patentability. Hence, the failure, if any, of this Amendment and Response to directly address an argument and/or comment raised in the Office Action should not be taken as an indication that the Applicant believes the argument and/or comment has merit. Additionally, the failure, if any, to address statements and/or comments made in the Office Action does not mean that the Applicants acquiesce to such statements and/or comments. Furthermore, the claims of the present application may include other elements, not discussed in this Amendment and Response, which are not shown, taught, or otherwise suggested by the art of record. Accordingly, the preceding arguments in favor of patentability are advanced without prejudice to other bases of patentability.

It is believed that no additional fees are due with this Amendment and Response. However, the Commissioner is hereby authorized to charge any deficiencies or credit any overpayment with respect to this patent application to deposit account number 13-2725.

In light of the above remarks and amendments, the application is in condition for allowance and such action is respectfully requested. Should any additional issues need to be resolved, the Examiner is respectfully requested to telephone the undersigned to attempt to resolve those issues.

MDX 0013511

U.S. Patent Application Serial No. 11/512,529

Respectfully submitted,

Dated: <u>February 16, 2010</u>

*Elizabeth J. Reagan*

Elizabeth J. Reagan, Reg. No. 57,528
Merchant & Gould P.C.
P.O. Box 2903
Minneapolis, MN 55402-0903
(303) 357-1644

**23552**
PATENT TRADEMARK OFFICE

17

MDX 0013512

U.S. Patent Application Serial No. 11/512,529

## Amendments to the Claims:

This listing of claims will replace all prior versions and listings of claims in the application.  Please amend the claims as follows:

## Listing of Claims:

1.    (Currently Amended) A method of providing healthcare provider information to potential patients, said method comprising:

compiling healthcare provider-verified information;

compiling past-patient provided information;

compiling information verified by independent third-party sources;

creating, by a processor, a healthcare provider report using the ~~physician-verified~~ healthcare provider-verified information, the past-patient provided information, and the ~~verified~~ information verified by independent third-party sources, wherein the healthcare provider report includes comparison ratings of healthcare providers; and

providing access to the healthcare provider report over a computer network.

2.    (Currently Amended) The method as defined in claim 1, wherein the past-patient provided information is obtained through data collected through the method comprising:

past or current patients of a particular healthcare provider accessing a report for ~~that~~ the particular healthcare provider over the computer network;

the past or current patients selecting to complete an on-line patient survey;

the past or current patients completing the survey and providing an e-mail address; and

transmitting the completed survey to a predetermined company Web server.

3.    (Currently Amended) The method as defined in claim 2, further comprising a method for verifying and compiling such data, the method comprising:

2

determining whether the past or current patient has already completed a maximum number of surveys for a predetermined time period;

if the past or current patient has not reached the maximum number of surveys, transmitting a confirmation e-mail to the e-mail address provided;

determining if the confirmation e-mail was successfully transmitted; <u>and</u>

if the e-mail was successfully transmitted, compiling the data provided by the past or current patient with other relevant data in a company database comprised of healthcare provider information.

4.     (Original) The method as defined in claim 1, wherein the healthcare provider report includes a hyperlink to an affiliated hospital, medical center, or other type of treatment center.

5.     (Cancelled)

6.     (Original) The method as defined in claim 1, wherein the access to the healthcare provider report is obtained through a predetermined Web page that provides search capabilities for a database comprised of healthcare provider information.

7.     (Currently Amended) The method as defined in claim 6, wherein the search capabilities permit a search based on <u>one or more from the group consisting of:</u> ~~at least one of~~ name, medical specialty, gender, state, city, procedure, diagnosis, procedure, [[or]] <u>and</u> location criteria.

8.     (Original) The method as defined in claim 7, wherein a search of the database produces a results list of healthcare providers satisfying the search criteria.

9.     (Original) The method as defined in claim 8, wherein the results list further includes an advertisement for a healthcare provider with a hyperlink to information on that healthcare

MDX 0013514

U.S. Patent Application Serial No. 11/512,529

provider.

10.     (Currently Amended) The method as defined in claim 8, further comprising:

determining from the results list whether [[the]] a particular healthcare provider is a member of [[the]] a company managing the Web site; and

if the particular healthcare provider is a member of the company managing the Web site, providing enhanced services for the member healthcare provider on the Web site.

11.     (Original) The method as defined in claim 10, wherein the enhanced services comprise making report information on the member provider available at no charge to potential patients.

12.     (Original) The method as defined in claim 10, wherein the enhanced services comprise favorable positioning in the results list.

13.     (Original) The method as defined in claim 1, further comprising:

maintaining a record of whether the healthcare provider report should be made available to a potential patient at no charge; and

requiring payment of a fee to access the healthcare provider report if the report is not recorded as being available at no charge.

14.     (Original) The method as defined in claim 13, wherein the required fee is adjusted to account for applicable discounts.

4

MDX 0013515

U.S. Patent Application Serial No. 11/512,529

15.     (Original) The method as defined in claim 1, wherein the healthcare provider is a physician, hospital, nursing home, or other treatment facility.

16.-18. (Cancelled)

19.     (Currently Amended) An on-line information system for providing verified information regarding healthcare providers, the system comprising:

at least one processor; and

memory coupled with and readable by the at least one processor and comprising a series of instructions that, when executed by the at least one processor, cause the at least one processor to:

a compilation module for compiling compile healthcare provider-verified information;

a compilation module for compiling compile patient-provided information;

a compilation module for compiling compile healthcare provider information verified by an independent third party; and

a creation module for creating create a healthcare provider report using the provider-verified healthcare provider-verified information, the patient-provided information, and the independently verified information, wherein the healthcare provider report includes comparison ratings of healthcare providers; and

a computing system with access to healthcare provider information stored in a database, wherein patients may search the database and review healthcare provider reports to differentiate among healthcare providers.

20.     (Currently Amended) The on-line information system defined in claim 19, wherein:

5

MDX 0013516

U.S. Patent Application Serial No. 11/512,529

the healthcare provider report is obtained through one of a predetermined Web page that provides search capabilities on its database or a third-party search engine; and

the search capabilities of the predetermined Web page permit searching based on one or more <u>from the group consisting</u> of<u>:</u> name, medical specialty, gender, state, city, procedure, diagnosis, procedure, [[or]] <u>and</u> location criteria.

21.    (New)  The on-line information system defined in claim 20, further comprising:

producing a results list of healthcare providers satisfying received search criteria;

determining from the results list whether a particular healthcare provider is a member of a company managing the Web site; and

if the healthcare provider is a member of the company managing the Web site, providing enhanced services for the member healthcare provider on the Web site, wherein the enhanced services comprise making report information on the member provider available at no charge to potential patients.

MDX 0013517

U.S. Patent Application Serial No. 11/512,529

S/N 11/512,529                                                    PATENT
                                                              CONF. NO. 1358

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | David G. Hicks, et al. | Examiner: | Trang T. Nguyen |
| Serial No.: | 11/512,529 | Group Art Unit: | 3686 |
| Filed: | August 29, 2006 | Docket No.: | 40476.0002USU1 |
| Title: | INTERNET SYSTEM FOR CONNECTING HEALTHCARE PROVIDERS AND PATIENTS | | |

CERTIFICATE OF FILING BY EXPRESS MAIL # EV 419058900 US:

I hereby certify that this paper or fee is being transmitted by U.S. Express Mail to the United States Patent and Trademark Office via EFS-Web in accordance with 37 CFR § 1.6(a)(4) on February 16, 2010.

By:   /Sandra Lee Bourassa, PLS/
                Sandra Lee Bourassa, PLS

## AMENDMENT & RESPONSE TO NON-FINAL OFFICE ACTION MAILED NOVEMBER 13, 2009

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Sir:

In response to the Non-Final Office Action mailed November 13, 2009, please amend the above-identified application as indicated below.  It is believed that no further fees are due with this Amendment and Response to the Non-Final Office Action because the three-month date for filing this Amendment and Response, i.e., February 13, 2010, fell on a Saturday, and this Amendment and Response is being filed today, i.e., February 16, 2010, following a federal holiday on February 15, 2010.  However, the Commissioner is hereby authorized to charge any deficiencies or credit any overpayment with respect to this patent application to deposit account number 13-2725.

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks** begin on page 7 of this paper.

1

MDX 0013518

| *Interview Summary* | **Application No.** | **Applicant(s)** |
|---|---|---|
| | 11/512,529 | HICKS ET AL. |
| | **Examiner** | **Art Unit** | |
| | TRANG NGUYEN | 3686 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) *TRANG NGUYEN*.                              (3)*Timothy Scull (REG NO. 42,137)*.

(2) *JERRY O'CONNOR*.                            (4)_____.

Date of Interview: *10 March 2010*.

Type:  a)☐ Telephonic    b)☐ Video Conference
       c)☒ Personal [copy given to: 1)☐ applicant    2)☐ applicant's representative]

Exhibit shown or demonstration conducted:   d)☐ Yes   e)☒ No.
    If Yes, brief description: _____.

Claim(s) discussed: *1 and 19*.

Identification of prior art discussed: *Henley (US 2003/0195838 A1)*.

Agreement with respect to the claims f)☐ was reached.   g)☒ was not reached.   h)☐ N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: *Discussed proposed amendment to the claims*.

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached.  Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW.  (See MPEP Section 713.04).  If a reply to the last Office action has already been filed, APPLICANT IS GIVEN A NON-EXTENDABLE PERIOD OF THE LONGER OF ONE MONTH OR THIRTY DAYS FROM THIS INTERVIEW DATE, OR THE MAILING DATE OF THIS INTERVIEW SUMMARY FORM, WHICHEVER IS LATER, TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.  See Summary of Record of Interview requirements on reverse side or on attached sheet.

| /T. N./ | /Jerry O'Connor/ |
|---|---|
| Examiner, Art Unit 3686 | SPE, GAU 3686 |

MDX 0013538

## Summary of Record of Interview Requirements

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

**Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews**
Paragraph (b)

In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant.  An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

37 CFR §1.2  Business to be transacted in writing.
All business with the Patent or Trademark Office should be transacted in writing.  The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary.  The action of the Patent and Trademark Office will be based exclusively on the written record in the Office.  No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

———

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so.  It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks.  Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below.  Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper.  In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview.  In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
– Application Number (Series Code and Serial Number)
– Name of applicant
– Name of examiner
– Date of interview
– Type of interview (telephonic, video-conference, or personal)
– Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
– An indication whether or not an exhibit was shown or a demonstration conducted
– An identification of the specific prior art discussed
– An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable).  Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
– The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case. It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
   (The identification of arguments need not be lengthy or elaborate.  A verbatim or highly detailed description of the arguments is not required.  The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file.  Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.
Examiners are expected to carefully review the applicant's record of the substance of an interview.  If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

### Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her.  If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

MDX 0013539

S/N 11/512,529

PATENT<br>CONF. NO. 1358

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | David G. Hicks, et al. | Examiner: | Trang T. Nguyen |
| Serial No.: | 11/512,529 | Group Art Unit: | 3686 |
| Filed: | August 29, 2006 | Docket No.: | 40476.0002USU1 |
| Title: | **INTERNET SYSTEM FOR CONNECTING HEALTHCARE PROVIDERS AND PATIENTS** | | |

CERTIFICATE UNDER 37 CFR 1.8:

I hereby certify that this paper or fee is being transmitted electronically via EFS-Web to the United States Patent and Trademark Office on April 12, 2010.

By: _____

Name: Halina Wohl

## STATEMENT OF THE SUBSTANCE OF THE INTERVIEW

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

The undersigned, Timothy Scull, thanks Examiner Nguyen and Examiner O'Connor for their time and cooperation in the in-person interview held on March 10, 2010.  During the interview, the undersigned provided a summary of the embodiments of the above-identified application.  The undersigned also distinguished the above-identified application from the art cited in the Office Action mailed on November 13, 2009, in which such cited art included U.S. Pat. App. Publ. No. 2003/0195838 to Henley; U.S. Pat. App. Publ. No. 2006/0080146 to Cook; and U.S. Pat. App. Publ. No. 2004/0010423 to Sameh.  The Examiners and the undersigned also discussed the 35 U.S.C. § 112 rejections, 35 U.S.C. § 101 rejections, and 35 U.S.C. § 103(a) rejections from the Office Action mailed November 13, 2009.  Further, the claim amendments submitted in the Amendment and Response filed on February 16, 2010 were also discussed.  No agreement was reached.

Application Serial No. 11/512,529

The undersigned again thanks Examiner Nguyen and Examiner O'Connor for their time in the in-person interview.

Respectfully submitted,

```
┌──────────────────────────┐
│        23552             │
│  PATENT TRADEMARK OFFICE │
└──────────────────────────┘
```

MERCHANT & GOULD P.C.
P.O. Box 2903
Minneapolis, Minnesota 55402-0903
(303) 357-1648

By: _____
     Timothy B. Scull, Reg. No. 42,137

Date: April 12, 2010

2

MDX 0013541

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 7399365 |
| **Application Number:** | 11512529 |
| **International Application Number:** | |
| **Confirmation Number:** | 1358 |
| **Title of Invention:** | Internet system for connecting healthcare providers and patients |
| **First Named Inventor/Applicant Name:** | David G. Hicks |
| **Customer Number:** | 23552 |
| **Filer:** | Timothy Brian Scull/Halina Wohl |
| **Filer Authorized By:** | Timothy Brian Scull |
| **Attorney Docket Number:** | 40476.0002USU1 |
| **Receipt Date:** | 12-APR-2010 |
| **Filing Date:** | 29-AUG-2006 |
| **Time Stamp:** | 18:31:01 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Applicant summary of interview with examiner | StmtSubstanceInterview_04122010.PDF | 55438<br>2b9ea18e83982b5cb0d05b0654c49aa296487070 | no | 2 |

**Warnings:**

**Information:**

MDX 0013542

| | |
|---|---|
| **Total Files Size (in bytes):** | 55438 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable.  It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

MDX 0013543

S/N 11/512,529

PATENT
**CONF. NO. 1358**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | David G. Hicks, et al. | Examiner: | Trang T. Nguyen |
| Serial No.: | 11/512,529 | Group Art Unit: | 3686 |
| Filed: | August 29, 2006 | Docket No.: | 40476.0002USU1 |
| Title: | **INTERNET SYSTEM FOR CONNECTING HEALTHCARE PROVIDERS AND PATIENTS** | | |

---

CERTIFICATE UNDER 37 CFR 1.8:

I hereby certify that this paper or fee is being transmitted electronically to the United States Patent and Trademark Office via EFS-Web in accordance with 37 CFR § 1.6(a)(4) on April 26, 2010.

By: _____

Name: Halina Wohl

---

## SUPPLEMENTAL AMENDMENT

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Sir:

This Supplemental Amendment is being filed following an in-person interview conducted with Examiners Nguyen and O'Connor on March 10, 2010.  This Supplemental Amendment supplements the Amendment & Response to Non-Final Office Action filed on February 16, 2010 in reply to the Office Action dated November 13, 2009.  Please amend the above-identified application as indicated below.  It is believed that no further fees are due with this Supplemental Amendment.  However, the Commissioner is hereby authorized to charge any deficiencies or credit any overpayment with respect to this patent application to deposit account number 13-2725.

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks** begin on page 9 of this paper.

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 7486741 |
| **Application Number:** | 11512529 |
| **International Application Number:** | |
| **Confirmation Number:** | 1358 |
| **Title of Invention:** | Internet system for connecting healthcare providers and patients |
| **First Named Inventor/Applicant Name:** | David G. Hicks |
| **Customer Number:** | 23552 |
| **Filer:** | Timothy Brian Scull/Halina Wohl |
| **Filer Authorized By:** | Timothy Brian Scull |
| **Attorney Docket Number:** | 40476.0002USU1 |
| **Receipt Date:** | 26-APR-2010 |
| **Filing Date:** | 29-AUG-2006 |
| **Time Stamp:** | 14:59:12 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Supplemental Response or Supplemental Amendment | SuppAmendment_04262010.PDF | 696419<br>e9c5301a96e4c9a74d40119a3b918a0e55d30af8 | no | 14 |

**Warnings:**

**Information:**

MDX 0013545

| | |
|---|---|
| **Total Files Size (in bytes):** | 696419 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable.  It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

MDX 0013546

U.S. Patent Application Serial No. 11/512,529

## REMARKS

This Supplemental Amendment is being filed to supplement the Amendment & Response to Non-Final Office Action filed on February 16, 2010 in reply to the Office Action dated November 13, 2009.  The amendments and remarks being submitted herein are in addition to those submitted on February 16, 2010.  Applicants respectfully request reconsideration and further examination based on the amendments and remarks filed on February 16, 2010 and on the amendments and remarks submitted in this Supplemental Amendment.

In this Supplemental Amendment, claims 1-3, 8-11, 13, 15, and 19-21 have been amended.  Claims 5 and 16-18 remain cancelled without prejudice.  No claims have been added.  Therefore, claims 1-4, 6-15, and 19-21 remain present for examination.  This application is in condition for allowance, and such action is respectfully requested.

## Claim Rejections – 35 U.S.C. § 103(a):  Claims 1-6, 8, 9, 13-15, & 19

Claims 1-6, 8, 9, 13-15, and 19 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over Henley in view of Cook.  Applicants respectfully disagree with and traverse these rejections.  To establish a prima facie case of obviousness, the references must teach or suggest each and every one of the claim elements to one of ordinary skill in the art at the time the invention was made.  *See* MPEP §§ 2142, 2143.03; *In re Wilson*, 424 F.2d 1382, 1385 (C.C. P.A. 1970).  In addition, *KSR International Company v. Teleflex, Inc.*, 127 S. Ct. 1727, 1741 (2007), requires that there "must be some *articulated reasoning with some rational underpinning* to support the legal conclusion of obviousness."  (Emphasis added.)  Further, "a patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art."  *KSR Int'l Co.*, 127 S. Ct. at 1741.  Specifically, the references fail to teach or suggest all of the claim elements.

For example, Henley in view of Cook fail to teach or suggest at least the following with respect to claim 1:

. . .

> receiving, by a Web server computer of a company providing a service for connecting healthcare providers with the potential patients, a request for information regarding a first healthcare provider, wherein the Web server computer comprises at least one computer processor and memory;
> accessing healthcare provider-verified information about the first healthcare provider, wherein the healthcare provider-verified information is

9

MDX 0013547

U.S. Patent Application Serial No. 11/512,529

*received from the first healthcare provider and comprises three or more from the group consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies;*

compiling, by the at least one computer processor, patient-provided information regarding the first healthcare provider, wherein the patient-provided information comprises patient ratings from one or more past or current patients of the first healthcare provider, and *wherein the patient ratings are received from an on-line patient experience survey completed on a company Web site by the one or more past or current patients of the first healthcare provider, and wherein the company Web site is managed by the company providing the service for connecting healthcare providers with the potential patients;*

*compiling information regarding the first healthcare provider verified by an independent third-party source, wherein the information verified by the independent third-party source comprises three or more from the group consisting of: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship information;*

*creating,* by the at least one computer processor, *a healthcare provider report on the first healthcare provider using the healthcare provider-verified information, the patient-provided information, and the information verified by the independent third-party source,* wherein the healthcare provider report on the first healthcare provider includes *comparison ratings* of healthcare providers;

. . . .

*Claim 1, supra (as amended) (emphasis added).*

As discussed previously, Henley provides for the on-line negotiation of fees for medical services and products to ". . . enable prospective patients to easily identify and access an otherwise underutilized medical facility to negotiate a favorable fee for services subject to scheduling restrictions and other 'specifications' set by the medical service provider." *Henley, at [0024].* Henley is thus related to on-line auctioning of medical services and products and fails to disclose or suggest at least: ". . . creating, by the at least one computer processor, *a healthcare provider report on the first healthcare provider using the healthcare provider-verified information, the patient-provided information, and the information verified by the independent third-party source,* wherein the healthcare provider report on the first healthcare provider includes *comparison ratings* of healthcare providers . . . ."

Further, Cook fails to cure the deficiencies of Henley. As discussed previously, Cook relates generally to "electronic medical records" and enabling a patient "to choose a healthcare provider who uses an EMR [('electronic medical record')] system and optionally an advanced, compatible EMR system." *Cook, at [0097].* Cook fails to provide any teaching or suggestion, at

10

MDX 0013548

a minimum, of "... creating, by the at least one computer processor, *a healthcare provider report on the first healthcare provider using the healthcare provider-verified information, the patient-provided information, and the information verified by the independent third-party source,* wherein the healthcare provider report on the first healthcare provider includes *comparison ratings* of healthcare providers ...."

Accordingly, Henley in view of Cook fail to teach or suggest each and every limitation of claim 1, and allowance of this claim is therefore respectfully requested. While the above discussion shows that the cited references do not teach or suggest each and every aspect of claim 1, amendments to claim 1 are made in the interest only of forwarding the prosecution of this application to allowance and are not necessarily made to address the Office Action's rejections based on the cited references. Amendments are therefore made without prejudice. Because claims 2-4 and 6-15 depend on allowable base claim 1, these claims are also allowable, and such action is respectfully requested. As such, any remaining arguments supporting the rejections of these claims are not acquiesced to even though they are not directly addressed herein. Applicants thus respectfully request the allowance of claims 1-4 and 6-15 (claim 5 has been cancelled without prejudice).

In addition, for at least reasons similar to those set forth above, Henley in view of Cook fail to teach or suggest each and every limitation of claim 19. For example, Henley in view of Cook fail to teach or suggest at least the following with respect to claim 19:

> . . .
>
> receive a request for information regarding a first healthcare provider;
>
> access healthcare provider-verified information about the first healthcare provider, *wherein the healthcare provider-verified information is received from the first healthcare provider and comprises three or more from the group consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies;*
>
> compile patient-provided information regarding the first healthcare provider, wherein the patient-provided information comprises patient ratings from one or more past or current patients of the first healthcare provider, and *wherein the patient ratings are received from an on-line patient experience survey completed on a company Web site by the one or more past or current patients of the first healthcare provider, and wherein the company Web site is managed by the company providing the service for connecting healthcare providers with the potential patients;*
>
> *compile healthcare provider information regarding the first*

11

MDX 0013549

> *healthcare provider verified by an independent third-party source, wherein the information verified by the independent third-party source comprises three or more from the group consisting of: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship information;*
>
> > *create a healthcare provider report on the first healthcare provider using the healthcare provider-verified information, the patient-provided information, and the information verified by the independent third-party source, wherein the healthcare provider report on the first healthcare provider includes comparison ratings of healthcare providers;*
>
> > . . . .

*Claim 19, supra (as amended) (emphasis added).*

Accordingly, for at least reasons similar to those discussed above, Henley in view of Cook fail to disclose or suggest each and every limitation of claim 19. This claim is therefore allowable. Because claims 20-21 depend on allowable base claim 19, these claims are also allowable for at least the reasons presented above, and such action is respectfully requested. As such, any remaining arguments supporting the rejections of these claims are not acquiesced to even though they are not addressed herein. As noted, while the above discussion shows that the cited references fail to disclose or suggest each and every limitation of claim 19, amendments to the claims are made in the interest only of forwarding the prosecution of this application to allowance and are not necessarily made to address the Office Action's rejections based on the cited references. Amendments are therefore made without prejudice.

For at least the reasons presented above, claims 1-4, 6-15, and 19-21 are allowable. Accordingly, Applicants respectfully request the allowance of this application.

## Claim Rejections – 35 U.S.C. § 103(a):  Claims 7, 10-12, & 20

Claims 7, 10-12, and 20 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over Henley in view of Cook and further in view of Sameh. Applicants respectfully disagree with and traverse these rejections. The cited references fail to teach or suggest all of the claim elements.

Because claims 7, 10-12, and 20 depend on allowable base claims 1 and 19, respectively, *see discussion supra*, these claims are also allowable for at least the reasons presented above, and such action is respectfully requested. As such, any remaining arguments supporting the rejections of these claims are not acquiesced to even though they are not directly addressed herein. Accordingly, Applicants respectfully request the allowance of claims 7, 10-12, and 20.

MDX 0013550

Further, Sameh fails to cure the deficiencies of Henley in view of Cook. As discussed previously, Sameh relates generally to allowing patients "to make appointments with physicians." *Sameh, at [0002]*. Sameh fails to provide any teaching or suggestion, for example, of: ". . . creating, by the at least one computer processor, *a healthcare provider report on the first healthcare provider using the healthcare provider-verified information, the patient-provided information, and the information verified by the independent third-party source*, wherein the healthcare provider report on the first healthcare provider includes *comparison ratings* of healthcare providers . . . ." *See, e.g., claim 1, supra (as amended) (emphasis added) (upon which claims 7 & 10-12 depend)*; *see also claim 19, supra (as amended) (upon which claim 20 depends)*.

Accordingly, Henley in view of Cook and further in view of Sameh fail to disclose or suggest each and every element of claims 7, 10-12, and 20. Claims 7, 10-12, and 20 are therefore allowable. While the above discussion shows that the cited references fail to teach or suggest each and every element of claims 7, 10-12, and 20, amendments to claims 7, 10-12, and 20 are made in the interest only of forwarding the prosecution of this application to allowance and are not necessarily made to address the Office Action's rejections based on the cited references. Amendments are therefore made without prejudice.

For at least the above reasons, Applicants respectfully request the allowance of claims 7, 10-12, and 20.

### Conclusion

This Supplemental Amendment supplements the Amendment & Response to Non-Final Office Action filed on February 16, 2010. The amendments and remarks being submitted herein are in addition to those submitted on February 16, 2010. Applicants respectfully request reconsideration and further examination. The Office Action dated November 13, 2009 may contain arguments and rejections that are not directly addressed by this Supplemental Amendment or the Amendment & Response to Non-Final Office Action filed on February 16, 2010 due to the fact that they are rendered moot in light of the arguments made in favor of patentability. Hence, the failure, if any, to directly address an argument and/or comment raised in the Office Action should not be taken as an indication that Applicants believe the argument and/or comment has merit. Additionally, the failure, if any, to address statements and/or comments made in the Office Action does not mean that Applicants acquiesce to such statements

MDX 0013551

U.S. Patent Application Serial No. 11/512,529

and/or comments.  Furthermore, the claims of the present application may include other elements, not discussed in this Supplemental Amendment or the Amendment & Response to Non-Final Office Action filed on February 16, 2010, which are not shown, taught, or otherwise suggested by the art of record.  Accordingly, the arguments in favor of patentability are advanced without prejudice to other bases of patentability.

It is believed that no additional fees are due with this Supplemental Amendment. However, the Commissioner is hereby authorized to charge any deficiencies or credit any overpayment with respect to this patent application to deposit account number 13-2725.

The application is in condition for allowance and such action is respectfully requested. Should any additional issues need to be resolved, the Examiner is respectfully requested to telephone the undersigned to attempt to resolve those issues.

Respectfully submitted,

Dated: April 26, 2010

Elizabeth J. Reagan, Reg. No. 57,528
Merchant & Gould P.C.
P.O. Box 2903
Minneapolis, MN 55402-0903
(303) 357-1644

23552
PATENT TRADEMARK OFFICE

14

MDX 0013552

U.S. Patent Application Serial No. 11/512,529

**Amendments to the Claims:**

This listing of claims will replace all prior versions and listings of claims in the application.  Please amend the claims as follows:

**Listing of Claims:**

1.    (Currently Amended) A computer-implemented method of providing healthcare provider information to potential patients, said method comprising:

receiving, by a Web server computer of a company providing a service for connecting healthcare providers with the potential patients, a request for information regarding a first healthcare provider, wherein the Web server computer comprises at least one computer processor and memory;

accessing ~~compiling~~ healthcare provider-verified information about the first healthcare provider, wherein the healthcare provider-verified information is received from the first healthcare provider and comprises three or more from the group consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies;

compiling, by the at least one computer processor, ~~past patient~~ patient-provided information regarding the first healthcare provider, wherein the patient-provided information comprises patient ratings from one or more past or current patients of the first healthcare provider, and wherein the patient ratings are received from an on-line patient experience survey completed on a company Web site by the one or more past or current patients of the first healthcare provider, and wherein the company Web site is managed by the company providing the service for connecting healthcare providers with the potential patients;

compiling information regarding the first healthcare provider verified by an independent

2

U.S. Patent Application Serial No. 11/512,529

third-party source, ~~sources~~ <u>wherein the information verified by the independent third-party</u>

<u>source comprises three or more from the group consisting of: board certification, licensure,</u>

<u>disciplinary action information, medical school, medical internship, medical residency, and</u>

<u>medical fellowship information;</u>

creating, by [[a]] <u>the at least one computer</u> processor, a healthcare provider report <u>on the</u>

<u>first healthcare provider</u> using the healthcare provider-verified information, the ~~past patient~~

patient-provided information, and the information verified by <u>the</u> independent third-party <u>source</u>

~~sources~~, wherein the healthcare provider report <u>on the first healthcare provider</u> includes

comparison ratings of healthcare providers; and

providing access to the healthcare provider report <u>on the first healthcare provider</u> over a

computer network.

2.      (Currently Amended) The method as defined in claim 1, wherein the ~~past patient~~ <u>patient-</u>

provided information is obtained through data collected through the method comprising:

<u>the one or more</u> past or current patients of [[a]] <u>the first</u> ~~particular~~ healthcare provider

accessing a report [[for]] <u>on</u> the ~~particular~~ <u>first</u> healthcare provider over the computer network;

<u>the one or more</u> past or current patients selecting to complete [[an]] <u>the</u> on-line patient

<u>experience</u> survey;

<u>the one or more</u> past or current patients completing the <u>experience</u> survey and providing

an e-mail address; and

transmitting the completed <u>experience</u> survey to [[a]] <u>the</u> ~~predetermined company~~ Web

server <u>of the company providing the service for connecting healthcare providers with the</u>

<u>potential patients.</u>

3.      (Currently Amended) The method as defined in claim 2, further comprising a method for

3

U.S. Patent Application Serial No. 11/512,529

verifying and compiling ~~such~~ the data, the method comprising:

determining whether a first [[the]] past or current patient has ~~already~~ completed a maximum number of surveys for a predetermined time period;

if the first past or current patient has not reached the maximum number of surveys, transmitting a confirmation e-mail to the e-mail address provided;

determining if the confirmation e-mail was successfully transmitted; and

if the e-mail was successfully transmitted, compiling the data provided by the first past or current patient with other relevant data in a company database comprised of healthcare provider information.

4.    (Original) The method as defined in claim 1, wherein the healthcare provider report includes a hyperlink to an affiliated hospital, medical center, or other type of treatment center.

5.    (Cancelled)

6.    (Original) The method as defined in claim 1, wherein the access to the healthcare provider report is obtained through a predetermined Web page that provides search capabilities for a database comprised of healthcare provider information.

7.    (Previously Presented) The method as defined in claim 6, wherein the search capabilities permit a search based on one or more from the group consisting of: name, medical specialty, gender, state, city, procedure, diagnosis, procedure, and location criteria.

8.    (Currently Amended) The method as defined in claim 7, wherein [[a]] the search of the database produces a results list of one or more healthcare providers satisfying the search criteria, wherein the results list includes the first healthcare provider.

4

MDX 0013555

U.S. Patent Application Serial No. 11/512,529

9.      (Currently Amended) The method as defined in claim 8, wherein the results list further includes an advertisement for [[a]] the first healthcare provider with a hyperlink to information on ~~that~~ the first healthcare provider.

10.     (Currently Amended) The method as defined in claim 8, further comprising:

determining from the results list whether a particular healthcare provider is a member of [[a]] the company managing the Web site; and

if the particular healthcare provider is a member of the company managing the Web site, providing enhanced services for the member healthcare provider on the Web site.

11.     (Currently Amended) The method as defined in claim 10, wherein the enhanced services comprise making report information on the member healthcare provider available at no charge to the potential patients.

12.     (Original) The method as defined in claim 10, wherein the enhanced services comprise favorable positioning in the results list.

13.     (Currently Amended) The method as defined in claim 1, further comprising:

maintaining a record of whether the healthcare provider report on the first healthcare provider should be made available to a first potential patient at no charge; and

requiring payment of a fee to access the healthcare provider report on the first healthcare provider if the report is not recorded as being available at no charge.

5

MDX 0013556

U.S. Patent Application Serial No. 11/512,529

14.      (Original) The method as defined in claim 13, wherein the required fee is adjusted to account for applicable discounts.

15.      (Currently Amended) The method as defined in claim 1, wherein the <u>first</u> healthcare provider is a physician~~, hospital, nursing home, or other treatment facility~~.

16.-18. (Cancelled)

19.      (Currently Amended) An on-line information system for <u>connecting healthcare providers with potential patients</u> ~~providing verified information regarding healthcare providers~~, the system comprising:

        at least one <u>computer</u> processor; and

        memory coupled with and readable by the at least one <u>computer</u> processor and comprising a series of instructions that, when executed by the at least one <u>computer</u> processor, cause the at least one <u>computer</u> processor to:

                <u>receive a request for information regarding a first healthcare provider;</u>

                ~~compile~~ <u>access</u> healthcare provider-verified information <u>about the first healthcare provider, wherein the healthcare provider-verified information is received from the first healthcare provider and comprises three or more from the group consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies;</u>

                compile patient-provided information <u>regarding the first healthcare provider, wherein the patient-provided information comprises patient ratings from one or more past or</u>

MDX 0013557

U.S. Patent Application Serial No. 11/512,529

current patients of the first healthcare provider, and wherein the patient ratings are received from

an on-line patient experience survey completed on a company Web site by the one or more past

or current patients of the first healthcare provider, and wherein the company Web site is

managed by a company providing a service for connecting healthcare providers with the

potential patients;

        compile healthcare provider information regarding the first healthcare provider

verified by an independent third-party source, wherein the information verified by the

independent third-party source comprises three or more from the group consisting of: board

certification, licensure, disciplinary action information, medical school, medical internship,

medical residency, and medical fellowship information; [[and]]

        create a healthcare provider report on the first healthcare provider using the

healthcare provider-verified information, the patient-provided information, and the information

verified by the independent third-party source independently verified information, wherein the

healthcare provider report on the first healthcare provider includes comparison ratings of

healthcare providers; and

        provide access to the healthcare provider report on the first healthcare provider

over a computer network.


20.    (Currently Amended) The on-line information system defined in claim 19, wherein:

        the healthcare provider report is obtained through one or more from the group consisting

of: a predetermined Web page that provides search capabilities on its database [[or]] and a third-

party search engine; and

7

MDX 0013558

U.S. Patent Application Serial No. 11/512,529

the search capabilities of the predetermined Web page permit searching based on one or more from the group consisting of: name, medical specialty, gender, state, city, procedure, diagnosis, ~~procedure,~~ and location criteria.

21.   (Currently Amended)  The on-line information system defined in claim 20, <u>wherein the at least one computer processor</u> ~~further comprising~~:

<u>produces</u> ~~producing~~ a results list of <u>one or more </u>healthcare providers satisfying received search criteria<u>, wherein the results list includes the first healthcare provider</u>;

<u>determines</u> ~~determining~~ from the results list whether [[a]] <u>the first</u> ~~particular~~ healthcare provider is a member of [[a]] <u>the</u> company managing the Web site; and

if the <u>first </u>healthcare provider is a member of the company managing the Web site, <u>provides</u> ~~providing~~ enhanced services for the member healthcare provider on the Web site, wherein the enhanced services comprise making report information on the member <u>healthcare</u> provider available at no charge to <u>the </u>potential patients.

8

MDX 0013559

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| 23552 | 7590 | 05/14/2010 |
|---|---|---|

MERCHANT & GOULD PC
P.O. BOX 2903
MINNEAPOLIS, MN 55402-0903

| EXAMINER |
|---|
| NGUYEN, TRANG T |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3686 | |

DATE MAILED: 05/14/2010

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/512,529 | 08/29/2006 | David G. Hicks | 40476.0002USU1 | 1358 |

TITLE OF INVENTION: INTERNET SYSTEM FOR CONNECTING HEALTHCARE PROVIDERS AND PATIENTS

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | YES | $755 | $300 | $0 | $1055 | 08/16/2010 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is the same, pay the TOTAL FEE(S) DUE shown above.

B. If the status above is to be removed, check box 5b on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check box 5a on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and 1/2 the ISSUE FEE shown above.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

Page 1 of 3

PTOL-85 (Rev. 08/07) Approved for use through 08/31/2010.

MDX 0013566

**PART B - FEE(S) TRANSMITTAL**

**Complete and send this form, together with applicable fee(s), to: Mail**   Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
**or Fax**   (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

| | | |
|---|---|---|
| 23552 | 7590 | 05/14/2010 |

MERCHANT & GOULD PC
P.O. BOX 2903
MINNEAPOLIS, MN 55402-0903

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/512,529 | 08/29/2006 | David G. Hicks | 40476.0002USU1 | 1358 |

TITLE OF INVENTION: INTERNET SYSTEM FOR CONNECTING HEALTHCARE PROVIDERS AND PATIENTS

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | YES | $755 | $300 | $0 | $1055 | 08/16/2010 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| NGUYEN, TRANG T | 3686 | 705-002000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).
☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                                (B) RESIDENCE: (CITY and STATE OR COUNTRY)




Please check the appropriate assignee category or categories (will not be printed on the patent) :   ☐ Individual   ☐ Corporation or other private group entity   ☐ Government

4a. The following fee(s) are submitted:
☐ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): **(Please first reapply any previously paid issue fee shown above)**
☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. **Change in Entity Status** (from status indicated above)
☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.   ☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature _____   Date _____

Typed or printed name _____   Registration No. _____

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85 (Rev. 08/07) Approved for use through 08/31/2010.       OMB 0651-0033       U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



### UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/512,529 | 08/29/2006 | David G. Hicks | 40476.0002USU1 | 1358 |

23552     7590     05/14/2010

MERCHANT & GOULD PC
P.O. BOX 2903
MINNEAPOLIS, MN 55402-0903

| EXAMINER |
|---|
| NGUYEN, TRANG T |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3686 | |

DATE MAILED: 05/14/2010

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
### (application filed on or after May 29, 2000)

The Patent Term Adjustment to date is 600 day(s). If the issue fee is paid on the date that is three months after the mailing date of this notice and the patent issues on the Tuesday before the date that is 28 weeks (six and a half months) after the mailing date of this notice, the Patent Term Adjustment will be 600 day(s).

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702.  Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101   or (571)-272-4200.

PTOL-85  (Rev. 08/07) Approved for use through 08/31/2010.

MDX 0013568

| *Notice of Allowability* | Application No. | Applicant(s) | |
|---|---|---|---|
| | 11/512,529 | HICKS ET AL. | |
| | Examiner | Art Unit | |
| | TRANG NGUYEN | 3686 | |

**-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--**

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to <u>04/26/2010</u>.

2. ☒ The allowed claim(s) is/are <u>1-4,6-15 and 19-21</u>.

3. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All  b) ☐ Some*  c) ☐ None  of the:

      1. ☐ Certified copies of the priority documents have been received.

      2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

      3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

  * Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

4. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

    (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached

      1) ☐ hereto or 2) ☐ to Paper No./Mail Date _____ .

    (b) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____ .

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)

2. ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3. ☒ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date <u>02/15/2010, 03/02/2010</u>

4. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

5. ☐ Notice of Informal Patent Application

6. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .

7. ☐ Examiner's Amendment/Comment

8. ☒ Examiner's Statement of Reasons for Allowance

9. ☐ Other _____ .

/T. N./
Examiner, Art Unit 3686

MDX 0013569

Application: 11/512,529                                    Paper No. 20100504

Art Unit: 3686                                                          Page 2

## DETAILED ACTION

### *Prosecution History Summary*

1.      Claims 5 and 16-18 are cancelled.

2.      Claims 1-3, 7-11, 13, 15 and 19-21 are amended.

3.      Claims 1-4, 6-15 and 19-21 are allowed.

### *Reasons for Allowance*

4.      The following is an Examiner's statement of reasons for allowance:

Regarding claim 1

The prior arts of record neither anticipate nor fairly and reasonably teaches a

computer-implemented method of providing healthcare provider information to potential

patients, said method comprising:

receiving, by a Web server computer of a company providing a service for connecting

healthcare providers with the potential patients, a request for information regarding a

first healthcare provider, wherein the Web server computer comprises at least one

computer processor and memory;

accessing compiling healthcare provider-verified information about the first healthcare

provider, wherein the healthcare provider-verified information is received from the first

healthcare provider and comprises three or more from the group consisting of: specialty

information, medical philosophy, gender, age, years in profession, years in practice,

awards, honors, professional appointments, professional memberships, publications,

Application: 11/512,529                                        Paper No. 20100504

Art Unit: 3686                                                           Page 3

languages, and hobbies;

compiling, by the at least one computer processor, patient-provided information

regarding the first healthcare provider, wherein the patient-provided information

comprises patient ratings from one or more past or current patients of the first

healthcare provider, and wherein the patient ratings are received from an on-line patient

experience survey completed on a company Web site by the one or more past or

current patients of the first healthcare provider, and wherein the company Web site is

managed by the company providing the service for connecting healthcare providers with

the potential patients;

compiling information regarding the first healthcare provider verified by an independent

third-party source, wherein the information verified by the independent third-party

source comprises three or more from the group consisting of: board certification,

licensure, disciplinary action information, medical school, medical internship, medical

residency, and medical fellowship information;

creating, by the at least one computer processor, a healthcare provider report on the

first healthcare provider using the healthcare provider-verified information, the patient-

provided information, and the information verified by the independent third-party source,

wherein the healthcare provider report on the first healthcare provider includes

comparison ratings of healthcare providers; and providing access to the healthcare

provider report on the first healthcare provider over a computer network.

MDX 0013571

Application: 11/512,529                                    Paper No. 20100504

Art Unit: 3686                                                           Page 4

5.      The most remarkable prior art of record is as follows:

-Henley: U.S. Publication No. 2003/0195838

-Cook et al.: U.S. Publication No. 2006/0080146

-Sameh: U.S. Publication No. 2004/0010423

6.      The cited prior arts of record fail to expressly teach a computer-implemented

method of providing healthcare provider information to potential patients wherein the

healthcare provider-verified information is received from the first healthcare provider

and comprises three or more from the group consisting of: specialty information,

medical philosophy, gender, age, years in profession, years in practice, awards, honors,

professional appointments, professional memberships, publications, languages, and

hobbies; and wherein the information verified by the independent third-party source

comprises three or more from the group consisting of: board certification, licensure,

disciplinary action information, medical school, medical internship, medical residency,

and medical fellowship.

7.      Any comments considered necessary by applicant must be submitted no later

than the payment of the issue fee and, to avoid processing delays, should preferably

MDX 0013572

Application: 11/512,529                                    Paper No. 20100504

Art Unit: 3686                                                          Page 5

accompany the issue fee.  Such submissions should be clearly labeled "Comments on

Statement of Reasons for Allowance."


### *Conclusion*

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to TRANG NGUYEN whose telephone number is (571)

270-5483.  The examiner can normally be reached on Monday-Thursday 7:00AM -

5:30PM ET.


If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Gerald O'Connor can be reached on (571) 272-6787.  The fax phone

number for the organization where this application or proceeding is assigned is (571)

273-8300.


/T. N./
Examiner, Art Unit 3686
May 4, 2010


/Gerald J. O'Connor/
Supervisory Patent Examiner
Group Art Unit 3686

MDX 0013573