## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

      Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

      Defendant.

---

### MDX MEDICAL, INC.'S MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENT – DOCUMENT NOS. 329, 329-1 and 329-3

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, pursuant to D.C.COLO.LCivR 7.2, moves this Court for an order continuing the restricted access to Document Nos. 329, 329-1 and 329-3, which were filed by Health Grades, Inc. ("Health Grades") in connection with its reply in further support of Health Grades' motion for leave to amend its complaint [doc. # 252].  MDx is submitting proposed, redacted versions of these documents to be used for public access from which the MDx confidential or highly confidential information has been redacted.  Regarding Document No. 329-2, MDx is not requesting that restricted access be continued and, therefore, consents to this document being unrestricted.

Pursuant to D.C.COLO.LCivR 7.1(A), counsel for MDx attempted to confer with counsel for Health Grades on this motion by email correspondence to counsel for Health Grades on October 25, 2012 and October 26, 2012.  Following up on the email correspondence, counsel for

MDx also telephoned counsel for Health Grades on October 26, 2012 to confer on this motion but did not reach them.  MDx has not received a response from counsel for Health Grades regarding Health Grades' position on this motion, but just as MDx was filing this motion, lead counsel for Health Grades responded indicating that he had been out with a cold and would provide Health Grades' position at a later date.  When Health Grades provides its position, MDx will supplement this motion with that information.

Main Document Having Dkt. 329

This document is Health Grades' reply brief in support of its motion for leave to amend its complaint to assert causes of action for joint infringement and indirect infringement. Appearing at page five of the reply is a statement containing highly confidential details regarding the data that Aetna licenses from MDx.  For the same reasons previously submitted by MDx regarding the highly confidential nature of its current business relationship with Aetna (*see* MDx's supplemental submission pursuant to the Court's September 11, 2012 motions to restrict ruling [dkt. # 302]), which were accepted by the Court [dkt. # 303], MDx submits that the information in the sentence is highly confidential and that access to this document should remain restricted at Level 1.  MDx hereby submits a proposed, redacted version for public access, annexed hereto as Exhibit A, which redacts only the one sentence from page five.

Specifically, as set forth in Dkt. # 302, the terms of MDx's ongoing business relationship with Aetna meet the definitions of confidential, trade secret information that is entitled to restricted access.

- MDx does not disclose the specific terms of its agreement with Aetna to persons or entities outside of MDx (*see* Declaration of Erika Boyer, dated September 18, 2012, Dkt. #302-5 ("*Boyer Decl.*"), ¶ 4);

- Only those individuals with the need to know the specific terms of the agreement – primarily MDx's senior executives – know the specific terms of the agreement or are given access to the actual contract documents (*Boyer Decl.,* ¶ 5);

- As a small, privately held company, MDx's normal procedures are to limit the disclosure of such specific contract terms within the company (*Boyer Decl.,* ¶ 6);

- There are several competitors, including Health Grades, that compete with MDx for the licensing and sale of data and other information to entities such as Aetna, and the companies compete vigorously for such business, such that disclosure of the specific terms of MDx's relationship with Aetna would severely negatively impact MDx's future negotiating position with other potential business partners and against its competitors (*Boyer Decl.,* ¶ 7);

- Each such bidding process and contract negotiation requires extensive time and effort by MDx's management and sales and marketing teams to secure such business at a significant cost of time and financial resources for a small, privately held company such as MDx, especially in comparison to its larger, better-funded competitors such as Health Grades (Boyer Decl., ¶ 8); and

- Allowing MDx's competitors to know the specific terms of its agreement with Aetna would unfairly provide such competitors with a significant advantage against MDx in competing for such future business (*Boyer Decl.,* ¶ 9).

In addition, the Aetna agreement documents include confidentiality provisions that highlight the confidential nature of the parties' business relationship to both MDx and Aetna. *See* Doc. Nos. 253-4 and 253-5.  For these reasons, MDx respectfully submits that the individual terms of MDx's agreement with Aetna, such as the actual types of data that Aetna licenses from MDx, meet the standard for being a trade secret and are entitled to protection.  Accordingly, MDx proposes a version of this document for public access that has the highly confidential sentence on page five redacted.

Exhibits Having Dkt. # 329-1 and 329-3

Exhibit 329-1 is MDx's second supplemental interrogatory response that details MDx's non-infringement positions and explanations.  This document was previously submitted to the

Court as an exhibit by Health Grades at Document No. 292-8.  As MDx previously submitted to the Court in a motion to restrict access to this document (*see* dkt. # 322), this response contains highly confidential, proprietary information regarding Vitals.com usage metrics, percentages and internal website operations.  This is competitively sensitive information that MDx does not make public, and represents trade secrets.  *See* Dkt # 322-1, Declaration of Erika Boyer, dated October 10, 2012 ("*Boyer 10/10/12 Decl.*").  If disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx regarding its data, products and services, that would cause damage to MDx in its efforts to distinguish its products from its competitors, and secure business partners, data licensing agreements and possibly advertising. *See Boyer 10/10/12 Decl.*, ¶ 5.  As MDx did previously, it requests that access to this document should remain restricted at Level 1, and proposes a version of this document for public access that has such internal, proprietary information redacted.  Exhibit B attached hereto.

Exhibit 329-3 is the beginning part of the report of Health Grades' technical expert, Dr. Greenspun.  Beginning on page 54, the report includes references to the terms and conditions of MDx's agreement with Aetna.  For the same reasons submitted by MDx, regarding the highly confidential nature of this information relating to MDx's current business relationship with Aetna, in its supplemental submission pursuant to the Court's September 11, 2012 motions to restrict ruling [dkt. # 302; as well as dkt. # 322], which are restated above in part, MDx submits that this information is also highly confidential and that access to this document should remain restricted at Level 1.  MDx proposes a version of this document for public access that has the MDx/Aetna agreement terms and conditions redacted.  Exhibit C attached hereto is the redacted version of Dkt. # 329-3.

Conclusion

For the foregoing reasons, MDx requests that this Court grant this motion for continued restrictions on access to Document Nos. 329, 329-1 and 329-3, at a Level 1 restriction, and to use the attached proposed, redacted documents for public access.

Dated:  October 26, 2012                    Respectfully submitted,


                                            s:/Scott D. Stimpson
                                            Scott D. Stimpson
                                            Scott B. Murray
                                            David C. Lee
                                            Sills Cummis & Gross P.C.
                                            30 Rockefeller Plaza
                                            New York, New York 10112
                                            Tel: (212) 643-7000
                                            Fax: (212) 643-6500
                                            E-mail:sstimpson@sillscummis.com
                                            E-mail:smurray@sillscummis.com
                                            E-mail:dlee@sillscummis.com

                                            and

                                            Terence Ridley, Atty. No. 15212
                                            Wheeler Trigg O'Donnell LLP
                                            370 Seventeenth Street, Suite 4500
                                            Denver, Colorado 80202
                                            Tel:  (303) 244-1800
                                            Fax:   (303) 244-1879
                                            E-mail: ridley@wtotrial.com

                                            *Attorneys for Defendant*
                                            MDx Medical, Inc. d/b/a VITALS.COM

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2012, I electronically filed the foregoing MDX MEDICAL, INC.'S MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENT – DOCUMENT NOS. 329, 329-1 and 329-3 with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Jesus Manuel Vazquez , Jr.
  jvazquez@rothgerber.com, phenke@rothgerber.com

- Gregory B. Kanan
  gkanan@rothgerber.com, dgrooms@rothgerber.com

- Kris John Kostolansky
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- Scott David Stimpson
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- Scott B. Murray
  smurray@sillscummis.com

- David Chunyi Lee
  dlee@sillscummis.com

- Terence M. Ridley
  ridley@wtotrial.com, norris@wtotrial.com


  *s:/ David C. Lee*