# EXHIBIT A

(Redacted Version of Doc. # 329 for Public Access)

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

---

**HEALTH GRADES, INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR LEAVE TO AMEND ITS COMPLAINT TO ASSERT CAUSES OF
ACTION FOR JOINT INFRINGEMENT AND INDIRECT INFRINGEMENT**

---

Plaintiff Health Grades, Inc. ("Health Grades") respectfully replies to Defendant MDx Medical, Inc.'s Opposition ("MDx Opp.") (Dkt. 295) to Health Grades' Motion for Leave to Amend Its Complaint to Assert Causes of Action for Joint Infringement and Indirect Infringement ("Health Grades' Motion") (Dkt. 252).

## I.  SUMMARY OF THE REPLY

MDx's opposition is noteworthy for what it does *not* say. Specifically:

- MDx does *not* assert that Health Grades' proposed amendment to the complaint will cause any prejudice to MDx.

- MDx does *not* assert that the proposed amendment will cause any undue delay in this lawsuit.

- MDx does not assert that Health Grades could have raised these claims any earlier in the lawsuit.

Case 1:11-cv-00520-PAB-BNB Document 329 Filed 10/12/12 USDC Colorado Page 2 of 12

Rather, MDx opposes Health Grades' motion to amend on one and only one ground – MDx asserts that Health Grades' proposed amendment is futile and that it would not survive a motion to dismiss.

Although MDx bears the burden to prove that Health Grades' proposed amendment is futile, MDx relies primarily on disputed issues of fact and questions of law, neither of which are appropriate matters to be considered in connection with a motion to amend. Further, MDx ignores the 111-page claim chart attached as Exhibit 2 (Dkt. 252-2) to Health Grades' Motion and makes the incredible argument that it does not have notice about the substance of Health Grades' indirect and joint infringement contentions. MDx's brief falls far short of meeting its burden to prove futility.

Additionally, many of the non-infringement arguments that MDx asserts with regard to the iTriage App. are very similar, if not identical, to the non-infringement arguments it has made with regard to its own accused website. Allowing Health Grades' proposed amendments will therefore be more efficient than requiring Health Grades to file a separate action against MDx for indirect infringement.

## II. HEALTH GRADES' ALLEGATIONS OF INDIRECT INFRINGEMENT ARE NOT FUTILE

MDx has the burden to establish the futility of Plaintiff's proposed amendment. *Pekarek v. Sunbeam Products*, No. 06-1026-WEB, 2006 U.S. Dist. LEXIS 30551 (D. Kan. May 12, 2006). An amendment to a complaint is futile *only* if the complaint, as amended, would be subject to dismissal because the plaintiff can prove no set of facts in support of its amendment that would entitle it to relief. *See, e.g.*, *Beckett v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003); *see also Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859

2

(10th Cir. 1999). To withstand a motion to dismiss, the complaint, when taken as true and in the light most favorable to the plaintiff, "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Consequently, the issue in resolving a motion to amend, when futility of amendment is argued, is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.'" *Home Design Servs. v. Stone Creek Homes, Inc.*, 2009 U.S. Dist. LEXIS 112771, 7-8 (D. Colo. Nov. 13, 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974))).

A. **Health Grades Has Alleged that the iTriage App. Directly Infringes the Asserted Claims, Which if Taken As True, Is Sufficient to Support a Plausible Claim for Indirect Infringement Against MDx**

1. MDx's Non-Infringement Argument Relating to the Patient Ratings Claim Element Fails for Two Reasons

MDx argues that Health Grades' proposed amendment asserting indirect infringement against MDx must fail because the iTriage App. does not meet all of the requirements of of the patient-provided information claim element. Specifically, MDx asserts that the iTriage App. does not include patient-ratings that are obtained from the iTriage website. (MDx Opp. at 2.) MDx then argues that it cannot be liable for indirect infringement because Aetna does not directly infringe every element of the asserted claims. This argument fails for two separate reasons.

First, while indirect infringement requires proof of direct infringement, it no longer requires proof that *a single entity* (e.g. Aetna) *performs all of steps of the asserted claims*. In a new *per curium* opinion, the Court of Appeals for the Federal Circuit, sitting *en banc*, abolished

3

the single actor requirement and held that a patent owner must show *only* that the defendant induced one or more entities to perform all of the steps *not performed by the defendant itself*. *Akamai Technologies, Inc. v. Limelight Networks, Inc.*, No. 2009-1372, 2012 U.S. App. LEXIS 18532 (Fed. Cir. Aug. 31, 2012) (*en banc*).  Thus, Health Grades does not need to prove that a single actor (i.e. Aetna) performs all of the steps of the claimed method and the fact that Aetna does not itself perform one of these steps (i.e. hosting the on-line experience survey) is not enough to prove that this proposed amendment is futile.

Second, MDx argues that the claim "language expressly and unequivocally excludes from its scope the use of patient ratings from surveys gathered on *other* websites." (*Id.*)  This is a matter of claim interpretation that should not be resolved in connection with a motion to amend, particularly where the issue is whether the amendment is sufficient to survive a motion to dismiss. *See, e.g., Fujitsu Ltd. v. Belkin Int'l, Inc.*, 782 F. Supp. 2d 868, 890 (N.D. Cal. 2011) ("Claim construction and infringement analysis should not be resolved on a motion to dismiss.").  However, even if there is no



literal infringement as MDx argues, Health Grades also alleged indirect infringement based on the doctrine of equivalents.  Specifically, although the iTriage App. does not directly have a patient experience survey, it encourages the patients to visit vitals.com to rate a doctor, which ratings are then posted in the iTriage App. as shown in the screenshot above. (Dkt. 252-2 at pp.

4

25-27.) Providing a link to a patient experience survey hosted by a company that has a contractual relationship with the company providing the information service performs substantially the same function, in substantially the same way, to achieve substantially the same result.[1] Thus, Health Grades has alleged facts, which when accepted as true, are sufficient to state a claim to relief based on the doctrine of equivalents that is plausible on its face. The proposed amendment is not futile.

> 2. MDx's Other Non-Infringement Arguments Are Similar to the Arguments MDx is Raising to Defend Against Health Grades' Direct Infringement Claims

MDx also argues that the iTriage App. does not meet three other claim elements for the same reasons that it contends its own website does not infringe in defense against Health Grades' cause of action for direct infringement.

MDx first argues that there is no evidence that the iTriage App. includes information that is "received from the first healthcare provider." Not true. REDACTED

(Ex. 10 to Health Grades' Motion (Dkt. 252-10)). MDx has admitted that its accused system allows physicians to edit each of these

---

[1] MDx alleges that this doctrine of equivalents argument is precluded by prosecution history estoppel and the all-elements rule. *Seachange Int'l, Inc. v. C-COR, Inc.*, 413 F.3d 1361, 1378 (Fed. Cir. 2005) ("The determination of infringement under the doctrine of equivalents is limited by two primary legal doctrines, prosecution history estoppel and the "all elements" rule, the applications of which are questions of law.") These are not appropriate subject matter to be considered in connection with whether a motion to amend is futile. *See Fujitsu*, 782 F. Supp. 2d at 890 (citing *Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1041 (9th Cir. 2010) ("[D]ismissal for failure to state a claim is 'proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.'").

5

information fields within the MDx database and that MDx has actually received this kind of information from physicians:

> The following information has been entered and/or modified by one or more physicians: specialty information, gender, awards/honors, professional appointments, professional membership, and languages.

(MDx's Supplemental Response to Health Grades' First Set of Interrogatories at p. 3 (Ex. 12 hereto); MDx's Second Supplemental Objections and Responses to Plaintiff's First Set of Requests for Admission at pp. 3-8 (Ex. 13 hereto).) These factual allegations are more than sufficient to survive a motion to dismiss. If anything, it is MDx's defense that is unlikely to survive a motion to dismiss.

MDx also licenses to Aetna information regarding licensure, board certifications, and medical school, among other things. MDx obtains this information from reputable sources, such as the American Board of Medical Specialties (ABMS). (Dkt. 252-2 at pp. 30-31.) Nevertheless, MDx argues that this information is not "verified" by these third parties because it has not been "guaranteed to be accurate." MDx bases this argument on the same overly narrow interpretation of the term "verified" that this Court rejected in the Markman Order. (Markman Order at p. 17 (Dkt. 138).) The fact that MDx is asserting arguments that it has already lost demonstrates the weakness of MDx's opposition to the motion to amend.

Finally, MDx argues that the iTriage App. does not create a healthcare provider report that includes comparison ratings of healthcare providers for similar reasons to those MDx is already asserting in this litigation. The iTriage claim chart (Dkt. 252-2) contains several pages of factual allegations, including screenshots, that when taken as true and in the light most favorable to the Health Grades, state a claim for relief as to both literal infringement and

6

infringement under the doctrine of equivalents that are plausible on their face. MDx's arguments to the contrary are nothing more than disputed issues of fact that should be decided by a jury at trial and not by this Court in connection with a motion to amend.

### B. HEALTH GRADES' ALLEGATIONS OF INDUCEMENT, CONTRIBUTORY INFRINGEMENT, AND JOINT INFRINGEMENT ARE NOT BASELESS

Health Grades' motion to amend its complaint included a 111-page claim chart setting forth specific allegations and evidence to support each of the required elements of inducement, contributory infringement, and joint infringement. (Ex. 2 to the Motion (Dkt. 252-2).) Health Grades' Motion provides further details supporting these causes of action. (Dkt. 252.) Additionally, Health Grades' technical expert, Dr. Philip Greenspun, devoted more than 20 pages of his expert report to explain the basis for his opinion that that MDx is liable for indirect and joint infringement. MDx ignores all of this and argues that the body of the complaint (by itself) "merely pleads a 'formulaic recitation of the elements' in a manner that was expressly rejected by *Iqbal*.'" (MDx Opp. at p. 11.) MDx's contentions that Health Grades has not put it on notice as to the basis for Health Grades' indirect and joint infringement allegations are disingenuous at best. To the extent that MDx asserts the proposed complaint is deficient because it does not specifically cite the iTriage Claim Chart, Health Grades' Motion, and Dr. Greenspun's report, such argument improperly elevates form over substance. *Baker v. United States*, No. 2:12-cv-00301-GMN-CWH, 2012 U.S. Dist. LEXIS 137078, at *7 (D. Nev. Sept. 24, 2012) ("Defendant's motion (#5), however, appears to truly be a triumph of form over substance. Defendant clearly has knowledge of the facts underlying Plaintiff's claim.")

7

Together, the proposed amended complaint, motion to amend, expert report, and iTriage claim chart allege more than enough specific facts to recite plausible claims for relief for contributory and inducing infringement. Regarding the direct infringement required to bring a claim for both inducing infringement and contributory infringement, Health Grades identified the alleged direct infringement (i.e., the iTriage App. using specifically identified data fields that Aetna licenses from MDx) and alleged that MDx and Aetna (collectively) use or practice every element claims 1, 4-9, 11, and 14-16 of the '060 patent. Health Grades went beyond what is required by Rule 8, and cited screen shots from the iTriage App. as well and MDx documents to provide factual support to showing how each claim element is met. Additionally, Health Grades' technical expert provided a detailed analysis of direct infringement by the iTriage App. in his expert report dated July 13, 2012. (Greenspun Report at pp. 50-70 (Ex. 14 hereto).) MDx knows exactly what Health Grades will rely on to show indirect infringement.

Further, Health Grades' complaint and claim chart have also sufficiently pled a claim for inducement. Specifically, Health Grades alleged that MDx has had actual notice that MDX was practicing the inventions claimed by Health Grades' patent since at least March 2011 when this lawsuit was filed, that MDx was aware of Health Grades' specific infringement contentions in July 2011, and that MDx nevertheless decided to license the specifically accused data to Aetna in October 2011 in willful violation of Health Grades' patent rights. (Dkt. 252-2 at pp. 1-2 & 57-58.) Health Grades has also alleged that MDx develops, maintains, and manages Aetna's physician database that supports the infringing iTriage App. (iTriage Claim Chart at pp. 1 & 57; Amended Complaint at p. 6 (Dkt. 252-1).) Health Grades' allegations of knowledge, willfulness, and direction or management are sufficient to state a claim for inducement of

8

2003887680_1

infringement. *See, e.g., B-50.com, LLC v. InfoSync Servs.*, LLC, 2011 U.S. Dist. LEXIS 29102, 2-4 (N.D. Tex. Mar. 22, 2011).

A claim for contributory infringement is sufficient it if alleges: (1) the identity of the direct infringer(s); (2) Defendant's knowledge of patent-in-suit, which may be inferred from an infringement notice; and (3) the identity of the Defendant's products/components that are the subject of the patent claims. *See, e.g., Symantec Corp. v. Veeam Software Corp.*, No. No. C 12-00700 SI, 2012 U.S. Dist. LEXIS 75729 (N.D. Cal. May 31, 2012); *Talon Research, LLC v. Hynix Semiconductor Am. Inc.*, C 11-05058 CW, 2012 U.S. Dist. LEXIS 49764, at *1 (N.D. Cal. Apr. 9, 2012). Health Grades has alleged all of these things and more. Health Grades identified the direct infringement as detailed above. Health Grades alleged that MDx has had notice of the patent since at least March 2011, which can be inferred from infringement notices and infringement contentions served on MDx as detailed above. Health Grades identified the MDx product/component that is the subject of the patent claims (i.e. the specifically listed fields of licensed physician data (Dkt. 252-2 at pp. 17-18, 23, 27 & 85; Dkt. 252 at pp. 14-15). Beyond these minimum requirements, Health Grades has explained how this MDx data infringes and further alleged that MDx manages the iTriage database that contains the MDx data that is used in the accused iTriage App. (Dkt. 252-2 at pp. 1, 3, 17, & 23; Dkt. 252 at pp. 13-15.) These allegations are more than sufficient to state a claim for contributory infringement that is plausible on its face.

Regarding joint infringement, MDx argues that Health Grades did not allege direction or control. Not true. Health Grades has stated:

> MDx controls the data used by the iTriage App and developed, manages, and maintains this data. (*Id.* at MDX0104395.) Further, MDx updates the database

9

> used by the iTriage App. (*Id.* at MDX0104397.) Moreover, MDx is developing
> or has developed an Aetna Patient Review System and may be providing Aetna
> with MDx's Provider EZ Edit Tool. (*Id.* at MDX0104397-98.)

(Dkt. 252 at p. 16.) This is sufficient to plead a plausible claim for joint infringement.

The remaining arguments MDx makes regarding these indirect and joint infringement claims are nothing more than disputes as to issues of fact. For example, MDx disputes that it controls Aetna: "little MDx is "*controlling*" Aetna?" (MDx Opp. at 16.) MDx disputes that it intended to induce direct infringement by the iTriage App.: "how can Health Grades possibly assert that MDx *intended* to induce this infringement, when there are so many strong reasons that there is no infringement?" (MDx Opp. at 13.) However, this is not the time or place to resolve factual disputes. Instead, this Court must consider Health Grades' factual assertions as true and then determine whether they are sufficient to state a plausible claim for relief. As described above, Health Grades' allegations are sufficient.

## III. CONCLUSION

For the reasons articulated above, Health Grades respectfully requests that the Court grant its Motion for Leave to File the First Supplemental Complaint and order that Health Grades' proposed First Supplemented Complaint as found at Exhibit A be filed.

10

Respectfully submitted this 12 day of October, 2012.

> ROTHGERBER JOHNSON & LYONS LLP
>
> *s/ Jesús M. Vázquez*
> Kris J. Kostolansky, Esq.
> Jesús M. Vázquez, Jr., Esq.
> Jeffrey D. Phipps, Esq.
> 1200 17th Street, Suite 3000
> Denver, Colorado 80202
> Tel: (303) 623-9000
> Fax: (303) 623-9222
> Email: kkosto@rothgerber.com
> jvazquez@rothgerber.com
> jphipps@rothgerber.com
>
> *Attorneys for Health Grades/Counterclaim Defendant Health Grades, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2012, I electronically filed the foregoing **HEALTH GRADES, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS COMPLAINT TO ASSERT CAUSES OF ACTION FOR JOINT INFRINGEMENT AND INDIRECT INFRINGEMENT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Scott David Stimpson
David Chunyi Lee
Scott B. Murray
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY 10112
Email: sstimpson@sillscummis.com
Email: mrosenberg@sillscummis.com
Email: dlee@sillscummis.com
Email: smurray@sillscummis.com

Terence M. Ridley
Wheeler Trigg O'Donnell, LLP
370 17th Street, Suite 4500
Denver, CO 80202-5647
Email: ridley@wtotrial.com

*s/ Jesús M. Vazquez*
Gregory B. Kanan, Esq.
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Rothgerber Johnson & Lyons, LLP
1200 17th Street, Suite 3000
Denver, Colorado 80202-5855
Tel: (303) 623-9000
Facsimile: (303) 623-9222
Email: gkanan@rothgerber.com
kkostolansky@rothgerber.com
jvazquez@rothgerber.com

*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

12