# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.

      Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM

      Defendant.

---

**Rebuttal Report of Richard G. Cooper, D.Sc.**

---

Attorneys for MDX have asked me to submit the following rebuttal report, responding to the expert report of Dr. Philip Greenspun. I am engaged in ongoing development and refinement of my opinions and expected testimony and reserve the right to submit supplements to the information contained in this disclosure pursuant to the Federal Rules of Civil Procedure.

## Introduction

1.     I incorporate herein the content of my initial Report, dated July 13, 2012, specifically including my background and expertise, and my discussion of the art area and level of ordinary skill in this art.

2.     In preparation of this report, I have reviewed materials referenced in Dr. Greenspun's report, and I have reviewed all the materials identified in my initial report. I have also read the pending motion for summary judgment of non-infringement, and related papers. I have also reviewed the following documents:
   - MDX 0104128, 30, 33, 35, and 37;
   - MDX 0034444-45;
   - Any other documents referenced in this report.

## No Infringement

3.     I will describe the '060 patent, and the specification and claims of that patent. I will also explain my understanding of patent claims, and how people must be able to review the patent claims and understand them, and be able to design around them.

## INFORMATION VERIFIED BY THE FIRST HEALTH CARE PROVIDER

12.    Claim 1 has the following limitation:

> accessing healthcare provider-verified information about the first healthcare provider, wherein the healthcare provider-verified information is received from the first healthcare provider and comprises three or more from the group consisting of:
>
> > specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies;

13.    I agree with paragraph 122 of Dr. Greenspun's report that the meaning of "verify" is to prove, confirm or substantiate an assertion. There is no evidence that Vitals.com health care providers verify (in any of the above three senses) the database entries describing the first health care provider. For example, Health Grades verified this information in past cases by requiring documentation (Montroy, page 145). No such requirement is imposed by Vitals.com on its health care providers.

14.    Even though Dr. Greenspun did not address the equivalent issue, in my opinion, there can be no infringement by equivalents of this element. Verification by the health care providers themselves is better than completely unverified information – none of the function of verification (a way to assure accuracy), way (by proof through the provider), and result (proven accurate information from the provider) are substantially similar in the Vitals website. Therefore the provider-verified information is not equivalent to unverified information. Neal (page 46) and Montroy (page 45-46).

15.    I note that, in various paragraphs in Dr. Greenspun's report, he opines that the mere capability of the MDx web site to perform certain functions is sufficient to show infringement. I disagree. For example, this claim element affirmatively recites that the information has to be verified by the health care provider. Therefore, the mere capability to do so is not sufficient for infringement. My analysis is the same for all other assertions by Dr. Greenspun regarding other claim elements that mere capability is sufficient for infringement.

## INFORMATION RECEIVED FROM
## THE FIRST HEALTH CARE PROVIDER

16.    The claim language above also requires that three items of the data set be received from the first health care provider. Dr. Greenspun showed no evidence that any health care provider had furnished even two of the required data set, let alone all three required by the claim element.

## FINDINGS

My opinions on the infringement issue include the above, and include at least the following:

69. The Vitals web site does not have, either literally or equivalently, three or more of the items required to be verified by the health care provider.

70. The Vitals web site does not have, either literally or equivalently, three or more of the required items that must be received from the first health care provider.

71. The Vitals web site does not have, either literally or equivalently, three or more of the required items that must be verified by a third party.

72. The Vitals web site does not have, either literally or equivalently, three or more of the required items to be received from a third party and used in health care provider reports.

73. The Vitals web site does not have, either literally or equivalently, any comparison ratings included in the report on the first health care provider.

74. The Vitals web site does not have, either literally or equivalently, a hyperlink to an affiliated hospital, medical center, or other type of treatment center.

75. The Vitals web site does not have, either literally or equivalently, a results list that further includes advertisements for a first health care provider.

76. The Vitals web site does not have, either literally or equivalently, a method including determining from the results list whether a particular health care provider is a member of MDx.

Dated this 17th day of September 2012

By: _____
Dr. Richard G. Cooper