**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56 FOR SUMMARY JUDGMENT OF NO WILLFULNESS**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by its undersigned counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure and the Court's order extending the deadline for dispositive motions to November 2, 2012 [Doc. # 360], respectfully requests entry of summary judgment of no willfulness.[1]

Health Grades, Inc. ("Health Grades") has accused MDx of infringing United States Patent No. 7,752,060 ("the '060 patent", Exhibit A[2]). The accused product is the MDx website www.vitals.com ("the Vitals website"). Health Grades accuses MDx of willfully infringing the '060 patent and seeks treble damages under 35 U.S.C. § 284.

Health Grades has no basis for its willfulness claim. MDx has always had strong defenses against this infringement allegation. Moreover, MDx took prompt action to change its

---

[1] The Court previously granted MDx's request to exceed page limitations [Doc. # 328, ¶ 3].
[2] Exhibits A through G are attachments to Exhibit 1.

1

website to avoid any chance of infringement, and it obtained advice of counsel confirming that there was no infringement for multiple reasons. Thus, the willfulness threshold requirement of "objective recklessness" is entirely absent, and summary judgment of no willful infringement should be granted in accordance with Federal Circuit law.

## I. STATEMENT OF UNDISPUTED MATERIAL FACTS

### Strong Defenses Since Day One

1. MDx has always had numerous non-infringement defenses to the Health Grades claims of infringement, three of which are addressed in pending motions for summary judgment of no infringement; and even Health Grades itself could not figure out how to make an infringement allegation for weeks after it learned how MDx had changed its website. *See* support for all Facts, below, including Email sent by Mitchel Rothschild on January 5, 2011 regarding Vitals Policy Confirmation (Exhibit F, hereinafter "Rothschild Memorandum"), Opinion Of Philip Braginsky (Exhibit G), and Email correspondence between counsel for MDx and counsel for Health Grades on April 7, 2011 and April 11, 2011 (Exhibit C).

### Data Received From The First Healthcare Provider

2. Every claim of the patent requires that the healthcare provider supply at least three of certain data elements. The '060 Patent, Exhibit A, claim 1, col. 20, lines 29-38; claim 15, col. 22, lines 19-27.

3. There is no evidence that any healthcare provider has ever provided even two of these data elements, let alone three. *See* Exhibit B, Portions of MDx Medical,

2

      Inc.'s Second Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories, § B, p.4.

4. This issue is also subject to MDx's pending motion for summary judgment of non-infringement, filed concurrently with this motion.  [Doc. # 368, 369]

**Required Verification From the First Healthcare Provider**

5. Every claim of the patent also requires that the healthcare provider not only supply this data, but "verify" it.  Exhibit A, claim 1, col. 20, lines 29-38; claim 15, col. 22, lines 19-27.

6. No healthcare provider has ever been required to "verify" any data supplied for the Vitals website.  *See* Declaration of Mitch Rothschild, Exhibit 2, ¶ 11 (hereinafter "Rothschild Declaration").

7. This issue is also subject to MDx's pending motion for summary judgment of non-infringement, filed concurrently with this motion.  [Doc. # 368, 369]

**The Requirement That Third Parties Verify Data Elements**

8. Every claim also requires that third parties "verify" at least three of certain data elements.  Exhibit A, claim 1, col. 20, lines 50-57; claim 15, col. 22, lines 40-47.

9. Not only do the third party sources for the Vitals website not "verify" the data, they expressly disclaim the accuracy of the data.  For example, the American Board of Medical Specialties states that "accuracy and completeness of records cannot be guaranteed."  Exhibit D, Printout of web page from American Board of Medical Specialties website, accessed June 4, 2012.  State data sources also expressly disclaim data accuracy.  *See, e.g.,* Printout of web page from

Pennsylvania Department of State website, accessed June 4, 2012, Exhibit E ("The Department of State makes no representations or warranties, either express or implied, as to the accuracy of any posted information. . . ."); Rothschild Declaration, ¶ 11.

**<u>Changes Made To Ensure No Allegation Of Infringement</u>**

10. MDx believes Health Grades to be very litigious. Rothschild Declaration ¶ 5.

11. Accordingly, upon learning of the issuance of the Health Grades '060 patent, and despite already having several strong non-infringement defenses, MDx took immediate action to ensure that no infringement claim even could be asserted. Rothschild Declaration ¶¶ 5-7; Exhibit F.

12. One change was to remove comparison ratings of healthcare providers from all the reports on healthcare providers. Rothschild Declaration ¶ 6; Exhibit F.

13. Comparison ratings included in the reports on the specific healthcare providers is a requirement of every claim. Exhibit A, claim 1, col. 20, lines 58-65; claim 15, col. 22, lines 48-54.

14. The Court sided entirely with MDx on the relevant claim constructions regarding this element (Doc. # 138, "Claim Construction Order", pages 7-14), and this non-infringement defense is the subject of MDx's pending motion for partial summary judgment. [Doc. # 195]

15. A second change was to prevent the use in creating the healthcare provider reports of more than two of the data elements that the patent requires to be verified by third parties. Rothschild Declaration ¶ 7; Exhibit F.

16. The patent requires at least three of these data elements be used in creating these reports. Exhibit A, claim 1, col. 20, lines 58-65; claim 15, col. 22, lines 48-54.

17. Both of these changes were made in January of 2011 – months before Health Grades brought suit. Rothschild Declaration ¶ 8; Exhibit F.

18. MDx personnel met with competent patent counsel, and obtained both oral and written confirmation that these changes should preclude any infringement. Rothschild Declaration ¶ 9; Opinion Of Philip Braginsky, Exhibit G.

**For Weeks, Even Health Grades Could Not Figure Out An Infringement Position**

19. E-mail correspondence between the parties' counsel indicates that no one at Health Grades bothered to check the Vitals website before filing suit, and so no one at Health Grades knew of the changes to the MDx website before commencing litigation. Email correspondence between counsel, Exhibit C.

20. On information and belief, Health Grades counsel also did not know, prior to bringing suit, that MDx had changed its website months earlier. *Id*.

21. Immediately upon commencement of the action, counsel for MDx inquired as to how Health Grades could possibly be asserting infringement, given that the website itself showed that comparison ratings were removed from any healthcare provider report. *Id*.

22. Counsel for Health Grades had no answer, and stated that they would need to investigate the changes. *Id.*

23. Weeks later, counsel for Health Grades was still trying to determine if they could assert infringement of the redesigned Vitals website. *Id*.

5

24. Counsel for Health Grades admitted that determining whether the changed Vitals website infringed was "not as simple" as counsel for MDx believed, and they were still trying to make this determination. *Id*.

## II.   THE LAW ON WILLFULNESS

To maintain its willful infringement claims, Health Grades must show by ***clear and convincing evidence*** that MDx "acted despite an ***objectively high likelihood*** that its actions constituted infringement of a valid patent." *In re Seagate Technologies, LLC,* 497 F.3d 1360, 1371 (Fed. Cir. 2007) (emphasis added). This prong of the willfulness issue requires a showing of "objective recklessness." *Id*. Only if this objective prong is satisfied does the question then turn to whether MDx knew or should have know of this risk. *Id.*

For purposes of this motion, MDx asserts only that the objective recklessness prong cannot be met. This objective prong is ***decided by the Court as a matter of law***, not by the jury. *Bard Peripheral Vascular Inc. v. W.L. Gore & Associates Inc.,* 682 F.3d 1003, 1008 (Fed. Cir. 2012). Thus, the objective prong analysis effectively makes the trial court the gatekeeper for the willful infringement inquiry. *Id.* at 1007 ("the judge remains the final arbiter of whether the defense was reasonable.").

The Federal Circuit has noted that "both legitimate defenses to infringement claims and credible invalidity arguments demonstrate the lack of an objectively high likelihood that a party took actions constituting infringement of a valid patent." *Black & Decker, Inc. v. Robert Bosch Tool Corp.*, 260 Fed. Appx. 284, 291 (Fed. Cir. 2008) (unpublished). Thus, this objective prong "tends not to be met where an accused infringer relies on a reasonable defense to a charge of infringement." *Spine Solutions, Inc. v. Medtronic Sofomor Danek USA, Inc.,* 620 F.3d 1305,

1319 (Fed. Cir. 2010); *see also Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1310 (Fed. Cir. 2011) ("If the accused infringer's position is susceptible to a reasonable conclusion of no infringement, the first prong of *Seagate* cannot be met."); *DePuy Spine, Inc. v. Medtronic Sofomor Danek, Inc.*, 567 F.3d 1314, 1336-37 (Fed. Cir. 2009) (accused infringer presented a substantial infringement defense, and there can be no willfulness when the record "viewed objectively, indisputably shows that the question of equivalence was a close one, particularly insofar as equivalence 'requires an intensely factual inquiry'"); *Cohesive Techs., Inc. v. Waters Corp.*, 543 F.3d 1351, 1374, n.4 (Fed. Cir. 2008) ("claim construction was a sufficiently close question to foreclose a finding of willfulness").

### III.   SUMMARY JUDGMENT SHOULD BE GRANTED

As stated above in Section I, and as shown in the co-pending motions for summary judgment (Doc. # 195 and 367/368), MDx has always had strong defenses to infringement. *See* Statement of Undisputed Material Facts 1-24, *supra*. Moreover, promptly after learning of the Health Grades '060 patent, MDx made changes to its website to ensure that the website was even further away from the '060 patent. Rothschild Declaration ¶¶ 5-8. Indeed, had Health Grades or its counsel bothered to check the MDx website before filing the complaint, they would have seen this. Exhibit H. But instead, they learned of it only after the complaint was filed, and apparently it took them weeks to figure out if they even had a Rule 11 basis to accuse the revised website. *Id.*

These defenses are all very strong, as shown in the co-pending motions for summary judgment. These defenses are not only reasonable; they show that Health Grades has never had any basis to bring this suit. Accordingly, summary judgment should be granted.

7

After the *Seagate* decision, the presence of reasonable defenses such as these has often led to summary judgment of no willfulness. *See, e.g., Advanced Fiber Technologies Trust v. J&L Fiber Services, Inc.,* 674 F.3d 1365, 1377-78 (Fed. Cir. 2012) (summary judgment appropriate where reasonable defenses were present); *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.,* 617 F.3d 1296, 1312-13 (Fed. Cir. 2010) (evidence could not support objective recklessness where accused infringer modified design); *Solvay, S.A. v. Honeywell Specialty Materials LLC*, 827 F. Supp. 2d 358, 366 (D. Del. 2011) (summary judgment of no willful infringement because accused infringer "presented a credible invalidity defense, precluding a finding of objective recklessness"); *Netscape Commc'n Corp. v. Valueclick, Inc.*, No.1:09cv225, 2010 U.S. Dist. LEXIS 8733, at *79-80 (E.D. Va. Jan. 29, 2010) ("while not all of defendants' arguments are meritorious, defendants do present legitimate defenses and credible invalidity arguments" to warrant summary judgment of no willfulness); *see also Saffran v. Johnson & Johnson*, No. 2:07-CV-451 (TJW), 2011 U.S. Dist. LEXIS 34858, at * 29-30 (E.D. Tex. Mar. 31, 2011) (adjudged infringer's JMOL motion of no willfulness granted because, in part, "the issues of infringement and validity were both hotly contested, close, and required intensive factual inquiry"); *Centocor Ortho Biotech, Inc. v. Abbott Labs.*, No. 2:07-CV-139 (TJW), 2009 U.S. Dist. LEXIS 130564, at *14-15 (E.D. Tex. Oct. 1, 2009) (in granting adjudged infringer's JMOL motion on the issue of willfulness, "the fact that certain facts were not presented to the jury, such as the close issue of claim construction, does not preclude the court to consider them in its determination of, as a matter of law, whether the first prong of *Seagate* is met").

## IV.     CONCLUSION

For all the forgoing reasons, MDx respectfully requests summary judgment of no willfulness.

Dated:  November 2, 2012                                            Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail:sstimpson@sillscummis.com
E-mail:smurray@sillscummis.com
E-mail:dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2012, I electronically filed the foregoing MDX MEDICAL, INC.'S MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56 FOR SUMMARY JUDGMENT OF NO WILLFULNESS with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Jesus Manuel Vazquez , Jr.
  jvazquez@rothgerber.com, phenke@rothgerber.com

- Gregory B. Kanan
  gkanan@rothgerber.com, dgrooms@rothgerber.com

- Kris John Kostolansky
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- Scott David Stimpson
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- Scott B. Murray
  smurray@sillscummis.com

- David Chunyi Lee
  dlee@sillscummis.com

- Terence M. Ridley
  ridley@wtotrial.com, norris@wtotrial.com

                 *s:/ David C. Lee*

2198433 v1