## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

      Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

      Defendant.

---

## MDX MEDICAL, INC.'S MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56 FOR PARTIAL SUMMARY JUDGMENT (1) THAT HEALTH GRADES IS NOT ENTITLED TO LOST PROFITS; AND (2) ROYALTY RATES MAY NOT BE APPLIED TO REVENUE OF THE ENTIRE ACCUSED WEBSITE

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by its undersigned counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure and the Court's order extending the deadline for dispositive motions to November 2, 2012 [Doc. # 360], respectfully requests entry of partial summary judgment (1) that Health Grades, Inc. ("Health Grades") is not entitled to lost profits; and (2) royalty rates may not be applied to revenue of the entire accused website.[1]

Health Grades has accused MDx of infringing United States Patent No. 7,752,060 ("the '060 patent"). The accused product is the MDx website www.vitals.com ("the Vitals website"). Health Grades also claims that its own website, www.heathgrades.com ("the Health Grades website"), is covered by the '060 patent. It is undisputed that both of these websites have many

---

[1] The Court previously granted MDx's request to exceed page limitations [Doc. # 328, ¶ 3].

features not covered by the '060 patent.  Health Grades' damages expert, David Hall, readily concedes this fact.  Portions of Transcript of Deposition of David Hall, Exhibit A attached to Exhibit 1 (hereinafter "Exhibit A"), page 58, lines 13-15 ("I have not determined [a percentage of users of the Vitals website] that utilized the features of the '060 Patent"); at pages 62-63 (stating that two of the three ways to use the Health Grades website do not use the patented features); at 66 (discussing still others of the features of the websites that do not use the patented features).

For its damages claims, Health Grades seeks (1) lost profits; and (2) a reasonable royalty applied to the *entire* Vitals website.  *See* Portions of Health Grades' Expert Report of David A. Hall, Exhibit B attached to Exhibit 1 (hereinafter "Exhibit B), Section III (addressing lost profits and reasonable royalty); Exhibit A, at pages 205-206 (using MDx revenue for the entire website, not apportioned for allegedly infringing use).  Health Grades has no evidence of ***demand for the patented invention***, and thus should be precluded from making either of these claims.

I.     **STATEMENT OF UNDISPUTED MATERIAL FACTS**

1.     Health Grades is seeking lost profits damages, and a reasonable royalty to be applied to revenue of the entire Vitals.com website.  Exhibit B, Section III.

2.     The Vitals website has many features not covered by the '060 Patent.  *See, e.g.,* Exhibit A, pages 58-66.

3.     Health Grades has no reliable, non-speculative evidence that the allegedly patented features drove demand for the entire Vitals.com website.  *See, e.g., id.* at pages 58, 62-63, 66, 152-69, 205-06.

4.      What motivates people to find a way to these websites is generally a desire to find information on a physician, a hospital, or a nursing home.  Exhibit A, at 152:3-153:4.

5.      Health Grades' damages expert did not calculate the amount of Health Grades revenue attributable to the '060 Patent; and he was unable to say if the revenue he used for his damages analyses included $100, or $10 million, of revenue unrelated to the '060 Patent.  *Id.* at 78-80.

## II.      <u>THE LAW REQUIRES PROOF OF DEMAND</u>

Lost profits cannot be awarded absent proof of demand for the patented product.  *Panduit Corp. v. Stahlin Bros. Fiber Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978); *Cohesive Techs., Inc. v. Waters Corp.*, 543 F.3d 1351, 1373 (Fed. Cir. 2008).

Health Grades' reasonable royalty claim (attempting to use revenue from the entire website as a royalty basis) also requires proof of demand for the patented product.  That is, since it is undisputed that the Vitals website has many unpatented features in addition to the accused features, Health Grades must prove that the patented features drove the demand for the entire website in order for an award to be based on the revenue from the entire website. *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 2012 U.S. App. LEXIS 18441, at *32-34 (Fed. Cir. Aug. 30, 2012).  This requirement cannot be avoided by simply lowering the requested royalty rate.  *Id.* at 34.

MDx believes that the features of the '060 patent are commercially insignificant, even if they were being used in the Vitals website (multiple motions for summary judgment of no infringement are pending).  But even if Health Grades could show that the patented features were valuable, important, or even essential, that would not be sufficient for Health Grades to meet its

burden of proving demand.  *Id.* at 36-37.  Nor would it be sufficient even if Health Grades could show that the website would be commercially unviable without these features.  *Id.*   Rather, to prove demand, Health Grades must present tangible, reliable evidence that is not conjectural or speculative, and which shows that ***the patented features are what motivates consumers to go to these websites***.  *Id.* at 33.

## III.   <u>HEALTH GRADES CANNOT PROVE DEMAND</u>

Health Grades' damages expert admitted that what motivates people to get to these websites is a general desire to find information on physicians or hospitals.  Exhibit A, p. 152. Indeed, most people who end up on either the Vitals or Health Grades websites do not even know that these websites exist, let alone that they have certain features allegedly covered by the '060 patent.  As both parties agree, users rarely type in the website www.vitals.com or www.healthgrades.com addresses and go directly to these sites, but instead they begin their searches on general search engines, such as Google or Bing.  Hall transcript, Exhibit A, pp. 152-153.   For example, a user searches for "Dr. Smith, Denver Colorado" in the Google search bar. From that search, often the Health Grades or Vitals websites are included in the Google search results, and if the user clicks on one of those links they are directed to the Vitals or Health Grades websites.  Thus, these users do not even know that the Vitals and Health Grades websites ***exist*** when they begin their search for a physician.  Obviously, they are not ***motivated*** to go to these sites because of ***any*** features of the sites themselves, let alone the alleged patented features.

Although a relatively small percentage, some users surely do know of the Vitals and Health Grades websites and type in the website address to start their searches.  But there is

4

absolutely no evidence that any user is driven to either of these websites because of any specific feature.

Health Grades damages expert confirmed at his deposition the total lack of any reliable evidence that the patented features drove demand for the websites.  For example, he was unable to quantify what part of the demand came from patented or unpatented features (Exhibit A, 119:18-123:13); he conceded that "what motivates people to find a way to these websites is generally a desire to find information on . . . either a physician, or hospital, or nursing home" (*id.* at 152:3-153:4); he conceded that most users do not even attempt to go to the Vitals or Health Grades websites, but instead find their way to these websites simply through general searches such as on Google (*id.* at 288:9-23); and he was unable to say if the revenue from the Vitals website included $100, or $10 million, of revenue unrelated to the '060 Patent (Exhibit A, pp. 78-80).

Health Grades has no evidence that any users are motivated to use these websites due to the patented features – it has nothing but pure speculation and conjecture.  Accordingly, Health Grades cannot make the requisite showing of demand.

IV.     **CONCLUSION**

For all the foregoing reasons, MDx respectfully requests summary judgment (1) that

Health Grades is not entitled to lost profits; and (2) that Health Grades may not base its

reasonable royalty demand on profits for the entire Vitals website.

Dated:  November 2, 2012                    Respectfully submitted,

                                            *s:/Scott D. Stimpson*
                                            Scott D. Stimpson
                                            Scott B. Murray
                                            David C. Lee
                                            Sills Cummis & Gross P.C.
                                            30 Rockefeller Plaza
                                            New York, New York 10112
                                            Tel: (212) 643-7000
                                            Fax: (212) 643-6500
                                            E-mail:sstimpson@sillscummis.com
                                            E-mail:smurray@sillscummis.com
                                            E-mail:dlee@sillscummis.com

                                            and

                                            Terence Ridley, Atty. No. 15212
                                            Wheeler Trigg O'Donnell LLP
                                            370 Seventeenth Street, Suite 4500
                                            Denver, Colorado 80202
                                            Tel:  (303) 244-1800
                                            Fax:  (303) 244-1879
                                            E-mail: ridley@wtotrial.com

                                            *Attorneys for Defendant*
                                            MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2012, I electronically filed the foregoing MDX MEDICAL, INC.'S MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56 FOR PARTIAL SUMMARY JUDGMENT (1) THAT HEALTH GRADES IS NOT ENTITLED TO LOST PROFITS; AND (2) ROYALTY RATES MAY NOT BE APPLIED TO REVENUE OF THE ENTIRE ACCUSED WEBSITE with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Jesus Manuel Vazquez , Jr.
  jvazquez@rothgerber.com, phenke@rothgerber.com

- Gregory B. Kanan
  gkanan@rothgerber.com, dgrooms@rothgerber.com

- Kris John Kostolansky
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- Scott David Stimpson
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- Scott B. Murray
  smurray@sillscummis.com

- David Chunyi Lee
  dlee@sillscummis.com

- Terence M. Ridley
  ridley@wtotrial.com, norris@wtotrial.com

  *s:/ David C. Lee*