# EXHIBIT F

**David C. Lee**

| | |
|---|---|
| **From:** | Vazquez, Jesus [jvazquez@rothgerber.com] |
| **Sent:** | Thursday, February 09, 2012 7:32 PM |
| **To:** | Scott D. Stimpson |
| **Cc:** | Scott Murray; David C. Lee |
| **Subject:** | Amended Rule 30(b)(6) Deposition Topics; Dates for depositions of J. Neal, A. Dodge and B. Blackman |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |
| **Attachments:** | Amended MDx Rule 30(b)(6) Deposition Topics.PDF |

Scott,

Attached please find our amended Rule 30(b)(6) deposition topics. As you know you have objected that some of the topics in our original topic list were broad, burdensome and irrelevant. While we disagree with you, we have undertaken to amend and focus some of the topics to the specific features of the vitals.com website we are most interested in. These "features" are listed in amended topic no. 3 and referenced in amended topic nos. 4, 5, 6, 7, 8, 12, 26, and 30. We have also removed topic nos. 4 and 7 from the original topic list. Additionally:

Topic no. 9 (topic no. 11 in the original topic list) was already focused on the Accused Products (as defined in our discovery requests). We think it is focused enough. This topic/category seems perfectly clear to us – what do you not understand?

Topic No. 13 (topic no. 14 in the original topic list) is limited and focused on MDx's patent applications, of which we think there are only a few. Therefore, this is not overly broad. Moreover, we believe you have produced information regarding these patent applications. We believe this is relevant information to damages, among other issues. We thus decline to withdraw or amend this topic.

Topic No. 14 (topic nos. 15 and 34 in the original topic list) – we amended this to focus on agreements that are relevant to the Georgia-Pacific factors for damages.

Topic No. 23 (topic no. 25 in the original topic list) is narrow, focused and clearly relevant to this lawsuit – it asks for communications relating to Health Grades, the patents-in-suit, and this lawsuit. We decline to withdraw or amend this topic.

Topic Nos. 24-25 (topic nos. 28 and 29 in the original topic list) are focused and relevant to this lawsuit, including to issues of infringement, intent, and damages. We decline to withdraw or amend these topics.

Topic Nos. 27 and 28 (topic nos. 31 and 32 in the original topic list) are relevant to damages and secondary considerations of non-obviousness – we need to understand how and why MDx makes its money and profits from the vitals.com website – we are entitled to explore this through a deposition.

We added topic no. 30 to make sure we have discovered all potential accused products, but have limited this topic to general information about the products or services.

You have additionally objected that the topics listed below call for expert testimony or privileged information:

Topic No. 2: The pre-filing investigation(s) of, preparation of, and basis for the allegations in Defendant's counterclaims, responses and affirmative defenses to Plaintiff's Complaint, including the events that led to such pre-filing investigation(s) and the person(s) involved in the decision(s) to make such allegations.

Topic No. 16 (topic no. 18 in the original topic list): Any infringement, validity and/or enforceability studies or analyses concerning the Patent-in-Suit, including but not limited to all reports, opinions, communications, commentaries, inquiries, searches and investigations.

Topic No. 17 (topic no. 19 in the original topic list): Defendant's allegation that the Patent-in-Suit is invalid, including the complete factual bases for such allegation.

Topic No. 18 (topic no. 20 in the original topic list): Defendant's allegation that they have not infringed and are not infringing, either directly or indirectly, the claims of the Patent-in-Suit, including the complete factual bases for such allegation on a claim-by-claim basis.

Topic No. 19 (topic no. 21 in the original topic list):  The differences between Defendant's products and services and the claims of the Patent-in- Suit.

We are not seeking privileged or work-product information.  To the extent necessary, you have the ability to instruct the designee not to answer based on privilege or work product.  This is not a basis to object to the topic.  We are entitled to explore whether there is any non-privileged information regarding these relevant categories of information.

Regarding your objection based on expert testimony -- do you intend to put any lay witnesses on the stand who have factual knowledge or lay opinions about these topics?  If so, you need to designate those witnesses now.  We note the irony in this objection - when we have objected that some of the damages issues call for expert testimony you have responded that the objection lacks merit.

On a related note, did MDx obtain any opinions of counsel regarding the '060 patent?  Does MDx intend to rely on an opinion of counsel at trial?  If the answers are yes, you need to designate the person at the company who relied on this opinion of counsel.  You also need to produce those opinions and all communications and related documentation relating to those opinions ASAP.

We hope you will agree to designate witnesses to testify regarding the attached amended topics and to schedule the depositions.  Please let us know and also let us know the dates you propose, and which topics each designee will testify about.  If you still refuse and intend to file a motion for protective order, please let us know so that we can start preparing to litigate the issue.  Of course, we reserve the right to seek additional time for these depositions beyond the current March 16 cut-off if they are delayed while the issue is litigated.

With respect to dates for the depositions of Allen Dodge, John Neal and Brian Blackman which you have requested, they are available as follows:

Allen Dodge - 2/29
John Neal - 3/1
Brian Blackman - 3/2

11/2/2012

Alternatively,

Allen Dodge - 3/6
John Neal - 3/7
Brian Blackman - 3/9

For the topics listed within the MDx Exhibit A Deposition Topics Nos. 1 - 12, Allen Dodge will testify re topic nos. 1, 4 - 12, and John Neal will testify re topic nos. 2 and 3.

For the topics listed within the MDx Exhibit A Deposition Topics Nos. 1 - 3, John Neal will testify re topic numbers 2 and 3, and also re the products listed in the parenthetical in topic no. 1.  Allen Dodge will testify re all other products in topic no. 1.

We'll look forward to hearing from you.

Thanks, Jesus

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO  80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.

11/2/2012