IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR A DETERMINATION THAT NINE MDX LICENSING AGREEMENTS ARE SUBJECT TO THE TERMS OF THE PROTECTIVE ORDER IN THIS CASE AS PROPERLY DESIGNATED AS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY [DKT. # 310].**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, submits its reply to Health Grades, Inc.'s ("Health Grades") opposition to MDx's Motion for a Determination That Nine MDx Licensing Agreements Are Subject to the Terms of the Protective Order In This Case As Properly Designated As Highly Confidential – Attorneys' Eyes Only [Dkt. # 310]. Pursuant to the Court's Order, Docket # 380, MDx's time to file this reply was extended to Friday, November 9, 2012.

ARGUMENT

Health Grades' "response" here is really not an opposition to this motion, but instead a thinly-veiled motion for reconsideration regarding the Court's prior ruling that MDx's agreement with Aetna is entitled to protection from public access and, thereby, disclosure to Health Grades'

1

businesspeople who are in daily competition with MDx. However, Health Grades' arguments are without merit because in previously ruling that the MDx/Aetna agreement was entitled to protection, the Court had the agreement documents before it due to Health Grades' submission of such documents, and still credited the supporting Erika Boyer (MDx's Vice President, Data Operations) declaration submitted by MDx in ruling that the agreement documents were entitled to restricted access in their entirety. *See* Doc. # 303.[1] Here, MDx has submitted another declaration from Ms. Boyer with its initial motion detailing the confidential nature of the information in the nine licensing agreements (doc. # 310-3), and now another declaration from Ms. Boyer, both of which explain the highly confidential nature of the nine licensing agreements.

Health Grades' response does not dispute any of the specific statements in Ms. Boyer's supporting declaration, but instead only argues that MDx should not be allowed to argue that the nine agreements are each entitled to protection and are properly designated in their entirety. Therefore, Ms. Boyer's statements, that: (i) the terms of these agreements are competitively sensitive to MDx and its business partners in the same manner as MDx's agreement (and its terms) with Aetna; (ii) MDx does not disclose the specific terms of its agreements to persons or entities outside of MDx, and has not disclosed the specific terms of these agreements to entities or persons outside MDx; (iii) only those individuals with the need to know the specific terms of any such agreement – a small group of senior executives necessary for the contract's successful execution – know the specific terms of the agreement(s) or are given access to the actual contract document(s); (iv) as a small, privately held company, MDx's normal procedures are to limit the

---

[1] The fact that the Court did not wait for a response from Health Grades to MDx's supplemental submission regarding the MDx/Aetna agreement before ruling on the Renewed Motion does not support Health Grades' arguments here, but instead only shows that the Court was satisfied on the record before it.

2

disclosure of such specific contract terms within the company to only those management and operational employees with a need to know; (v) there are several competitors, including Health Grades, that compete with MDx for the licensing and sale of data and other information, as well as development services, to entities such as these non-parties, and the companies compete vigorously for such business, such that disclosure of the specific terms of MDx's relationship with these non-parties would severely negatively impact MDx's future negotiating position with other potential business partners and against its competitors; (vi) each such bidding process and contract negotiation requires extensive time and effort by MDx's management and sales and marketing teams to secure such business at a significant cost of time and financial resources for a small, privately held company such as MDx, especially in comparison to its larger, better-funded competitors such as Health Grades; (vii) allowing MDx's competitors to know the specific terms of its agreements with its business partners, such as the price and end date of such agreements, would unfairly provide such competitors with a significant advantage against MDx in competing for such future business, and thereby severely damage MDx's negotiating position and business prospects; and (viii) each of the terms and conditions found in MDx's agreement documents, including those in the nine agreements at issue here, which relate to ongoing relationships, are material and confidential; all remain undisputed by Health Grades.

Moreover, Health Grades' does not identify any information in the agreements that it asserts is not highly confidential, nor does it propose redacted versions of the agreements to show which information it agrees is highly confidential. Further, Health Grades arguments that: (i) the agreements do not contain provisions stating that the agreements themselves are confidential; and (ii) MDx disclosed the existence of the agreements and the relevant parties in

3

its motion; are complete red-herrings.  MDx's motion is not based on either ground.  Instead, MDx has argued, through Ms. Boyer's supporting affidavits, as shown above, that the specific terms of the nine agreements are highly confidential based upon the way in which MDx negotiates the agreements and protects the terms of the agreements in its normal course of business, as well as the harm that MDx would suffer from the disclosure of such specific terms.  *See* Doc. # 310-3.  Health Grades does not, and cannot, dispute these facts, which were accepted by the Court regarding the MDx/Aetna agreement.  Indeed, Health Grades has not submitted any declaration in opposition that disputes MDx's claim of substantial harm.

Therefore, Health Grades' response is simply part of its ongoing, baseless attempt to obtain access to such documents for its businesspeople and to impose unnecessary litigation costs upon MDx.  This is shown by the fact that Health Grades submitted all nine agreements to the Court in their entirety, but do not cite to any specific provisions in the agreements for their arguments.  The Court has previously warned the parties to only submit excerpted copies of exhibits that include the portions of the documents relevant to the submitting party's arguments (doc. # 290, pp. 18:7-20:10), but here again, Health Grades submitted the agreements in their entirety although it does not cite to any specific provision in any of the agreements for its arguments.

Despite the meritless nature of Health Grades' opposition, MDx has submitted another declaration from Ms. Boyer further confirming the highly confidential nature of the nine licensing agreements:

4

DKT # 340-1

This document is an agreement dated February 12, 2009, between MDx and Healthy Advice Networks, LLC.  This agreement is still in force and pertains to the type of data licensing agreements that Health Grades has made an issue in this case.  Declaration of Erika Boyer, dated November 9, 2012 ("*Second Boyer Decl.*"), ¶ 4.  The specific terms of this agreement are material to the parties and MDx protects such terms as described in my prior declaration regarding this motion.  Doc. # 310-3, ¶¶ 4-11.  Disclosure of the specific terms of this agreement to Health Grades' businesspeople, MDx's other competitors or the public would severely damage MDx and provide an unfair benefit to MDx's competitors.  *Id.*

DKT # 340-2

This document is an agreement dated September 21, 2010, between MDx and Castlight Health, Inc.  This agreement is still in force and pertains to the type of data licensing agreements that Health Grades has made an issue in this case.  *Second Boyer Decl.*, ¶ 5.  The specific terms of this agreement are material to the parties and MDx protects such terms as described in my prior declaration regarding this motion.  Doc. # 310-3, ¶¶ 4-11.  Disclosure of the specific terms of this agreement to Health Grades' businesspeople, MDx's other competitors or the public would severely damage MDx and provide an unfair benefit to MDx's competitors.  *Id.*

DKT # 340-3

This document is an agreement dated December 8, 2008, between MDx and EmblemHealth, Services Company LLC.  This agreement is still in force and pertains to the type of data licensing agreements that Health Grades has made an issue in this case.  *Second Boyer Decl.*, ¶ 6.  The specific terms of this agreement are material to the parties and MDx protects

5

such terms as described in my prior declaration regarding this motion. Doc. # 310-3, ¶¶ 4-11. Disclosure of the specific terms of this agreement to Health Grades' businesspeople, MDx's other competitors or the public would severely damage MDx and provide an unfair benefit to MDx's competitors. *Id.*

### DKT # 340-4

This document is an agreement dated November 1, 2010, between MDx and Expert Consensus, LLC. While this agreement is no longer in force, it pertains to the type of data licensing agreements that Health Grades has made an issue in this case. *Second Boyer Decl.*, ¶ 7. The specific terms of this agreement are material to the parties and MDx protects such terms as described in my prior declaration regarding this motion. Doc. # 310-3, ¶¶ 4-11. Disclosure of the specific terms of this agreement to Health Grades' businesspeople, MDx's other competitors or the public would severely damage MDx and provide an unfair benefit to MDx's competitors. *Id.*

### DKT # 340-5

This document is an agreement dated November 1, 2010, between MDx and Health Care Service Corporation. This agreement is still in force and pertains to the type of data licensing agreements that Health Grades has made an issue in this case. *Second Boyer Decl.*, ¶ 8. The specific terms of this agreement are material to the parties and MDx protects such terms as described in my prior declaration regarding this motion. Doc. # 310-3, ¶¶ 4-11. Disclosure of the specific terms of this agreement to Health Grades' businesspeople, MDx's other competitors or the public would severely damage MDx and provide an unfair benefit to MDx's competitors. *Id.*

DKT # 340-6

This document is an agreement dated August 1, 2008, between MDx and Private Health Management Inc. While this agreement is no longer in force, it only ended last year and pertains to the type of data licensing agreements that Health Grades has made an issue in this case and are similar to the terms of MDx's existing licensing agreements. *Second Boyer Decl.*, ¶ 9. The specific terms of this agreement are material to the parties and MDx protects such terms as described in my prior declaration regarding this motion. Doc. # 310-3, ¶¶ 4-11. Disclosure of the specific terms of this agreement to Health Grades' businesspeople, MDx's other competitors or the public would severely damage MDx and provide an unfair benefit to MDx's competitors. *Id.*

DKT # 340-7

This document is an agreement dated March 30, 2012, between MDx and Health Care Service Corporation. This agreement is still in force and pertains to the type of data licensing agreements that Health Grades has made an issue in this case. *Second Boyer Decl.*, ¶ 10. The specific terms of this agreement are material to the parties and MDx protects such terms as described in Ms. Boyer's prior declaration regarding this motion. Doc. # 310-3, ¶¶ 4-11. Disclosure of the specific terms of this agreement to Health Grades' businesspeople, MDx's other competitors or the public would severely damage MDx and provide an unfair benefit to MDx's competitors. *Id.*

DKT # 340-8

This document is an agreement dated March 21, 2011, between MDx and Health Care Service Corporation. This agreement is still in force and pertains to the type of data licensing

7

agreements that Health Grades has made an issue in this case. *Second Boyer Decl.*, ¶ 11. The specific terms of this agreement are material to the parties and MDx protects such terms as described in my prior declaration regarding this motion. Doc. # 310-3, ¶¶ 4-11. Disclosure of the specific terms of this agreement to Health Grades' businesspeople, MDx's other competitors or the public would severely damage MDx and provide an unfair benefit to MDx's competitors. *Id.*

DKT # 340-9

This document is an agreement dated January 1, 2011, between MDx and Health Care Service Corporation. This agreement is still in force and pertains to the type of data licensing agreements the Health Grades has made an issue in this case. *Second Boyer Decl.*, ¶ 12. The specific terms of this agreement are material to the parties and MDx protects such terms as described in my prior declaration regarding this motion. Doc. # 310-3, ¶¶ 4-11. Disclosure of the specific terms of this agreement to Health Grades' businesspeople, MDx's other competitors or the public would severely damage MDx and provide an unfair benefit to MDx's competitors. *Id.*

Health Grades has not, and cannot dispute these statements made by MDx which are supported by affidavits.

CONCLUSION

For the foregoing reasons, MDx requests that the Court determine that MDx's designations of the nine agreements as Highly Confidential is appropriate, and that Health Grades be required to ensure its continued compliance with the terms of the Protective Order regarding its use of such designated documents.

Dated:  November 9, 2012                                       Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail:sstimpson@sillscummis.com
E-mail:smurray@sillscummis.com
E-mail:dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2012, I electronically filed the MDX MEDICAL, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR A DETERMINATION THAT NINE MDX LICENSING AGREEMENTS ARE SUBJECT TO THE TERMS OF THE PROTECTIVE ORDER IN THIS CASE AS PROPERLY DESIGNATED AS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY [DKT. #310] with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Jesus Manuel Vazquez , Jr.
  jvazquez@rothgerber.com, phenke@rothgerber.com

- Gregory B. Kanan
  gkanan@rothgerber.com, dgrooms@rothgerber.com

- Kris John Kostolansky
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- Scott David Stimpson
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- Scott B. Murray
  smurray@sillscummis.com

- David Chunyi Lee
  dlee@sillscummis.com

- Terence M. Ridley
  ridley@wtotrial.com, norris@wtotrial.com

                                                         *s:/ David C. Lee*