**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S MOTION FOR LEAVE TO RESTRICT
ACCESS TO DOCUMENT – DOCUMENT NOS.
340-1, 340-2, 340-3, 340-4, 340-5, 340-6, 340-7, 340-8, and 340-9**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, pursuant to D.C.COLO.LCivR 7.2, moves this Court for an order continuing the restricted access to Document Nos. 340-1, 340-2, 340-3, 340-4, 340-5, 340-6, 340-7, 340-8, and 340-9, which were filed by Health Grades Inc. ("Health Grades") in connection with its opposition to MDx's Motion for a Determination That Nine MDx Licensing Agreements Are Subject to the Terms of the Protective Order In This Case As Properly Designated As Highly Confidential – Attorneys' Eyes Only [Dkt. # 310].  Pursuant to the Court's Order, Docket # 380, MDx's time to file this motion was extended to Friday, November 9, 2012.

Pursuant to D.C.COLO.LCivR 7.1(A), counsel for MDx conferred with counsel for Health Grades on this motion by email correspondence to counsel for Health Grades on November 9, 2012.  Counsel for Health Grades has indicated that Health Grades opposes this motion.

1

MDx respectfully submits that access to these nine MDx licensing agreements should be restricted given the declaration submitted by Erika Boyer, MDx's Vice President, Data Operations, in support of MDx's motion to which Health Grades submitted its response and the nine exhibits. Dkt. 310-3. In that declaration, the statements therein which Health Grades has not disputed or contradicted through any subsequent opposing affidavit, detail MDx's efforts to protect from disclosure the specific terms of the agreements and the significant harm that MDx would suffer from the disclosure of such specific terms. *Id.*

Specifically, Ms. Boyer stated that: (i) the terms of these agreements are competitively sensitive to MDx and its business partners in the same manner as MDx's agreement (and its terms) with Aetna; (ii) MDx does not disclose the specific terms of its agreements to persons or entities outside of MDx, and has not disclosed the specific terms of these agreements to entities or persons outside MDx; (iii) only those individuals with the need to know the specific terms of any such agreement – a small group of senior executives necessary for the contract's successful execution – know the specific terms of the agreement(s) or are given access to the actual contract document(s); (iv) as a small, privately held company, MDx's normal procedures are to limit the disclosure of such specific contract terms within the company to only those management and operational employees with a need to know; (v) there are several competitors, including Health Grades, that compete with MDx for the licensing and sale of data and other information, as well as development services, to entities such as these non-parties, and the companies compete vigorously for such business, such that disclosure of the specific terms of MDx's relationship with these non-parties would severely negatively impact MDx's future negotiating position with other potential business partners and against its competitors; (vi) each such bidding process and

2

contract negotiation requires extensive time and effort by MDx's management and sales and marketing teams to secure such business at a significant cost of time and financial resources for a small, privately held company such as MDx, especially in comparison to its larger, better-funded competitors such as Health Grades; (vii) allowing MDx's competitors to know the specific terms of its agreements with its business partners, such as the price and end date of such agreements, would unfairly provide such competitors with a significant advantage against MDx in competing for such future business, and thereby severely damage MDx's negotiating position and business prospects; and (viii) each of the terms and conditions found in MDx's agreement documents, including those in the nine agreements at issue here, which relate to ongoing relationships, are material and confidential. *Id.* ¶¶ 4-11. The Court has previously accepted similar such statements as reason to protect MDx's agreement with Aetna from public access. Dkt. 303.

Nonetheless, MDx has now submitted another declaration from Ms. Boyer regarding each agreement and its respective highly confidential nature. *See* Dkt. # 382-1 ("*Second Boyer Decl.*"). As explained in Ms. Boyer's most recent declaration:

DKT # 340-1

This document is an agreement dated February 12, 2009, between MDx and Healthy Advice Networks, LLC. This agreement is still in force and pertains to the type of data licensing agreements that Health Grades has made an issue in this case. Declaration of Erika Boyer, dated November 9, 2012 ("*Second Boyer Decl.*"), ¶ 4. The specific terms of this agreement are material to the parties and MDx protects such terms as described in my prior declaration regarding this motion. Doc. # 310-3, ¶¶ 4-11. Disclosure of the specific terms of this agreement

to Health Grades' businesspeople, MDx's other competitors or the public would severely damage MDx and provide an unfair benefit to MDx's competitors. *Id.*

DKT # 340-2

This document is an agreement dated September 21, 2010, between MDx and Castlight Health, Inc. This agreement is still in force and pertains to the type of data licensing agreements that Health Grades has made an issue in this case. *Second Boyer Decl.,* ¶ 5. The specific terms of this agreement are material to the parties and MDx protects such terms as described in my prior declaration regarding this motion. Doc. # 310-3, ¶¶ 4-11. Disclosure of the specific terms of this agreement to Health Grades' businesspeople, MDx's other competitors or the public would severely damage MDx and provide an unfair benefit to MDx's competitors. *Id.*

DKT # 340-3

This document is an agreement dated December 8, 2008, between MDx and EmblemHealth, Services Company LLC. This agreement is still in force and pertains to the type of data licensing agreements that Health Grades has made an issue in this case. *Second Boyer Decl.,* ¶ 6. The specific terms of this agreement are material to the parties and MDx protects such terms as described in my prior declaration regarding this motion. Doc. # 310-3, ¶¶ 4-11. Disclosure of the specific terms of this agreement to Health Grades' businesspeople, MDx's other competitors or the public would severely damage MDx and provide an unfair benefit to MDx's competitors. *Id.*

DKT # 340-4

This document is an agreement dated November 1, 2010, between MDx and Expert Consensus, LLC. While this agreement is no longer in force, it pertains to the type of data

4

licensing agreements that Health Grades has made an issue in this case. *Second Boyer Decl.,* ¶ 7. The specific terms of this agreement are material to the parties and MDx protects such terms as described in my prior declaration regarding this motion. Doc. # 310-3, ¶¶ 4-11. Disclosure of the specific terms of this agreement to Health Grades' businesspeople, MDx's other competitors or the public would severely damage MDx and provide an unfair benefit to MDx's competitors. *Id.*

DKT # 340-5

This document is an agreement dated November 1, 2010, between MDx and Health Care Service Corporation. This agreement is still in force and pertains to the type of data licensing agreements that Health Grades has made an issue in this case. *Second Boyer Decl.,* ¶ 8. The specific terms of this agreement are material to the parties and MDx protects such terms as described in my prior declaration regarding this motion. Doc. # 310-3, ¶¶ 4-11. Disclosure of the specific terms of this agreement to Health Grades' businesspeople, MDx's other competitors or the public would severely damage MDx and provide an unfair benefit to MDx's competitors. *Id.*

DKT # 340-6

This document is an agreement dated August 1, 2008, between MDx and Private Health Management Inc. While this agreement is no longer in force, it only ended last year and pertains to the type of data licensing agreements that Health Grades has made an issue in this case and are similar to the terms of MDx's existing licensing agreements. *Second Boyer Decl.,* ¶ 9. The specific terms of this agreement are material to the parties and MDx protects such terms as described in my prior declaration regarding this motion. Doc. # 310-3, ¶¶ 4-11. Disclosure of

5

the specific terms of this agreement to Health Grades' businesspeople, MDx's other competitors or the public would severely damage MDx and provide an unfair benefit to MDx's competitors. *Id.*

DKT # 340-7

This document is an agreement dated March 30, 2012, between MDx and Health Care Service Corporation. This agreement is still in force and pertains to the type of data licensing agreements that Health Grades has made an issue in this case. *Second Boyer Decl.,* ¶ 10. The specific terms of this agreement are material to the parties and MDx protects such terms as described in my prior declaration regarding this motion. Doc. # 310-3, ¶¶ 4-11. Disclosure of the specific terms of this agreement to Health Grades' businesspeople, MDx's other competitors or the public would severely damage MDx and provide an unfair benefit to MDx's competitors. *Id.*

DKT # 340-8

This document is an agreement dated March 21, 2011, between MDx and Health Care Service Corporation. This agreement is still in force and pertains to the type of data licensing agreements that Health Grades has made an issue in this case. *Second Boyer Decl.,* ¶ 11. The specific terms of this agreement are material to the parties and MDx protects such terms as described in my prior declaration regarding this motion. Doc. # 310-3, ¶¶ 4-11. Disclosure of the specific terms of this agreement to Health Grades' businesspeople, MDx's other competitors or the public would severely damage MDx and provide an unfair benefit to MDx's competitors. *Id.*

<u>DKT # 340-9</u>

This document is an agreement dated January 1, 2011, between MDx and Health Care Service Corporation. This agreement is still in force and pertains to the type of data licensing agreements the Health Grades has made an issue in this case. *Second Boyer Decl.,* ¶ 12. The specific terms of this agreement are material to the parties and MDx protects such terms as described in my prior declaration regarding this motion. Doc. # 310-3, ¶¶ 4-11. Disclosure of the specific terms of this agreement to Health Grades' businesspeople, MDx's other competitors or the public would severely damage MDx and provide an unfair benefit to MDx's competitors. *Id.*

<u>Conclusion</u>

For the foregoing reasons, MDx requests that this Court grant this motion for continued restrictions on access to Document Nos. 340-1, 340-2, 340-3, 340-4, 340-5, 340-6, 340-7, 340-8, and 340-9, at a Level 1 restriction.

Dated:  November 9, 2012                                       Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail:sstimpson@sillscummis.com
E-mail:smurray@sillscummis.com
E-mail:dlee@sillscummis.com

and

7

Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2012, I electronically filed the foregoing MDX MEDICAL, INC.'S MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENT – DOCUMENT NOS. 340-1, 340-2, 340-3, 340-4, 340-5, 340-6, 340-7, 340-8, and 340-9 with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Jesus Manuel Vazquez , Jr.
  jvazquez@rothgerber.com, phenke@rothgerber.com

- Gregory B. Kanan
  gkanan@rothgerber.com, dgrooms@rothgerber.com

- Kris John Kostolansky
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- Scott David Stimpson
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- Scott B. Murray
  smurray@sillscummis.com

- David Chunyi Lee
  dlee@sillscummis.com

- Terence M. Ridley
  ridley@wtotrial.com, norris@wtotrial.com

*s:/ David C. Lee*