IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**PARTIES' JOINT UNOPPOSED MOTION FOR AN ADDITIONAL TWO- DAY EXTENSION OF TIME FOR THEM TO FILE MOTIONS TO RESTRICT REGARDING DKT. NOS. 368, 369, 371, 372 AND 375**

Plaintiff Health Grades, Inc. ("Health Grades") and Defendant MDx Medical, Inc. ("MDx"), by their respective undersigned counsel, respectfully submit this Joint Motion for an Additional Two-Day Extension of Time for Them to File Motions to Restrict Regarding Dkt. Nos. 368, 369, 371, 372 and 375 ("Joint Motion").

Pursuant to *D.C.COLO.L.CivR* 7.1(A), the undersigned counsel have conferred regarding the relief requested herein and have agreed to the relief sought in this Joint Motion.

**JOINT MOTION**

1.    As recounted in the parties' first Joint Unopposed Motion for an Extension of Time regarding motions to restrict for Dkt. Nos. 368, 369, 371, 372 and 375 [Dkt. 389], on November 2, 2012, MDx filed its Motion for Summary Judgment of Non-Infringement [Dkt. 368], Motion for Summary Judgment of No Willfulness [Dkt. 371], Motion for Summary Judgment regarding Lost Profits and Royalty Rates [Dkt. 372] and *Daubert* Motion to Preclude

1

Testimony of David Hall [Dkt. 375]. Likewise, on November 2, 2012, Health Grades filed its Motion for Partial Summary Judgment [Dkt. 369]. MDx filed the motions and certain exhibits as restricted documents given that MDx asserts they reference and contain confidential information. Likewise, Health Grades asserts that its motion and exhibits reference and contain confidential information and, thus, filed the motion and exhibits as restricted documents.

2. Pursuant to *D.C.Colo.LCivR* 7.2(D), the Parties' respective motions to restrict access to the motions and exhibits referenced above were initially due by November 16, 2012. On Friday, November 16, 2012, the Parties requested a short, three day extension, through today, Monday, November 19, 2012, to file their respective motions to restrict access [Dkt. 389], which motion the Court granted earlier today. [Dkt. 391].

3. On Friday, and again today, counsel for the Parties conferred by telephone regarding the respective motions to restrict. Although counsel have found common ground on several of the motions and exhibits at issue, counsel are still conferring regarding an issue pertaining to expert reports and expert witness deposition transcripts that they hope to be able to resolve. Counsel hope to be able to limit the number of issues in dispute in the respective motions to restrict, and have discussed potentially filing a Joint Motion to Restrict that addresses the issues between the parties.

4. Good cause exists for the additional, brief extension requested by the Parties. As mentioned in the Parties' initial joint motion requesting an extension, Hurricane Sandy hindered counsels' ability to complete their conferrals regarding the Parties' respective redacted materials that will be submitted with the Parties' respective motions to restrict access, and following good faith efforts to limit the issues in dispute for such motions, counsel are still conferring regarding

2

expert witness materials submitted in the underlying motions. Counsel for the Parties conferred by telephone earlier today and agreed that the additional, short extension requested herein would allow them to complete their conferrals in anticipation of filing their respective motions to restrict access, if not a single, joint motion, on Wednesday, November 21, 2012.

4. The Parties have previously sought, and been granted, a three-day extension for filing their respective motions to restrict access. In accordance with *D.C.COLO.L.CivR* 6.1(E), copies of this motion will simultaneously be served on Health Grades and MDx by their respective undersigned counsel.

## CONCLUSION

Therefore, for good cause shown, the Parties jointly and respectfully request that the Court grant their Joint Motion and allow them up to and including Wednesday, November 21, 2012, to file their respective motions to restrict access, if not a joint motion, relating to Dkt. Nos. 368, 369, 371, 372 and 375.

Dated: November 21, 2012                    Respectfully submitted,

*s:/Scott B. Murray*
Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail:sstimpson@sillscummis.com
E-mail:smurray@sillscummis.com
E-mail:dlee@sillscummis.com

and

3

Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM


*s:/ Jesús M. Vázquez*
Jesús M. Vázquez, Jr., Esq.
Kris J. Kostolansky, Esq.
Gregory B. Kanan, Esq.
1200 17th Street, Suite 3000
Denver, Colorado 80202
Tel: (303) 623-9000
Fax: (303) 623-9222
Email: jvazquez@rothgerber.com
Email: kkosto@rothgerber.com
Email: gkanan@rothgerber.com

*Attorneys for Plaintiff Health Grades, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2012, I electronically filed the foregoing PARTIES' JOINT UNOPPOSED MOTION FOR AN ADDITIONAL TWO- DAY EXTENSION OF TIME FOR THEM TO FILE MOTIONS TO RESTRICT REGARDING DKT. NOS. 368, 369, 371, 372 AND 375 with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Jesus Manuel Vazquez , Jr.
  jvazquez@rothgerber.com, phenke@rothgerber.com

- Gregory B. Kanan
  gkanan@rothgerber.com, dgrooms@rothgerber.com

- Kris John Kostolansky
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- Scott David Stimpson
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- Scott B. Murray
  smurray@sillscummis.com

- David Chunyi Lee
  dlee@sillscummis.com

- Terence M. Ridley
  ridley@wtotrial.com, norris@wtotrial.com

                                          *s:/  Scott B. Murray*