**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

        Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

        Defendant.

---

**MDX MEDICAL, INC.'S UNOPPOSED MOTION FOR LEAVE TO RESTRICT
ACCESS TO DOCUMENTS - DOCUMENT NOS. 368, 368-2, 371-1, 372-2, 375-1, 375-2
and 369-23**

---

        Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its

undersigned counsel, pursuant to *D.C.COLO.LCivR* 7.2, moves this Court for an order

continuing the restricted access to the following documents: Document Nos. 368, 368-2, 371-1,

372-2, 375-1, 375-2 and 369-23.  Concerning all of these documents, which were filed by the

parties regarding various summary judgment and *Daubert* motion, MDx is submitting a

proposed, redacted version of the document, from which the MDx confidential or highly

confidential information has been redacted, to be used for public access.[1]  In light of the

---

[1]  The proposed, redacted versions of Doc. Nos. 372-2, 375-1 and 375-2, referred to herein as
Exhs. D, E, & F, are not attached hereto, but will be submitted by Health Grades today with its
related motion to restrict.  These three documents include information that both parties wish to
redact, therefore, the parties are submitting a joint proposed, redacted public exhibit for each.
The argument herein regarding these three documents relates only to the MDx confidential
information.  Health Grades will address their information in their motion to restrict.

1

submission of these proposed, redacted versions, MDx respectfully requests that access to the unredacted versions of these documents at Document Nos. 368, 368-2, 371-1, 372-2, 375-1, 375-2 and 369-23, remain restricted at Restricted Level 1.

Pursuant to *D.C.COLO.LCivR* 7.1(A), counsel for MDx conferred with counsel for Health Grades on this motion by email correspondence to counsel for Health Grades on November 16, 2012 and November 21, 2012, as well as by telephone on November 16, 2012, November 19, 2012 and November 21, 2012.  Health Grades does not oppose MDx's proposed redactions of MDx highly confidential information.

Health Grades also is moving today for further redactions of Health Grades information from certain of the documents identified in this motion that are transcripts of Health Grades' witness depositions [372-2 and 375-2] and other documents that quote such deposition testimony or are deposition transcripts [369 and 369-15].

MDx believes that confidentiality has been lost for the Health Grades information in these, and all, transcripts of Health Grades' deposition witnesses because MDx asserts that Health Grades did not properly make its confidentiality designations regarding such transcripts. MDx further asserts that it has provided Health Grades with notice of this challenge to confidentiality and that pursuant to Section 10 of the Protective Order it is Health Grades' burden to file a motion regarding the challenged designations.  In light of that forthcoming Health Grades' motion, for the purposes of today's motions to restrict, MDx does not oppose such transcript excerpts and deposition testimony of Health Grades witnesses remaining fully restricted at Level 1 until a determination is made by the Court regarding whether Health Grades properly made its confidentiality designations for the deposition transcripts.

Document Nos. 368 and 368-2:  These documents were filed by MDx in connection with its motion for summary judgment of non-infringement.  Document No. 368 is MDx's motion brief which references Document No. 368-2, MDx's Second Supplemental Interrogatory Responses, as an exhibit.  The interrogatory response details MDx's non-infringement positions and explanations, and contains highly confidential, proprietary information regarding Vitals.com usage metrics, percentages and internal website operations.  This document was previously the subject of an MDx motion to restrict, Document No. 322, for which MDx submitted the supporting affidavit of MDx's Vice President, Data Operations, Erika Boyer, Document 322-1.

Both documents, the brief and the exhibit, contain this competitively sensitive information that MDx does not make public, and represents trade secrets.  As MDx asserted in its prior Motion to Restrict regarding this information. if disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx regarding its data, products and services, that would cause damage to MDx in its efforts to distinguish its products from its competitors, and secure business partners, data licensing agreements and possibly advertising. *See* Document No. 322-1, ¶ 5.  MDx requests that access to these two documents remain restricted at level 1, and as it did in the previous motion to restrict, proposes redacted versions of these documents for public access that have such internal, proprietary information redacted.  Exhibits A & B attached hereto.  As before, MDx has limited its redactions to just the highly confidential information described above.

Document No. 371-1:  This document was filed by MDx as an exhibit in connection with its motion for summary judgment on non-willfulness, and is also a copy of MDx's Second Supplemental Interrogatory Response.  Thus, for the same reasons as just stated above regarding

Document No. 368-2, MDx requests that access to this document remain restricted at level 1 and proposes a redacted version of the document for public access that has such internal, proprietary information redacted.  Exhibit C attached hereto.  As before, MDx has limited its redactions to just the highly confidential information described herein.

Document No. 372-2:  This document was filed by MDx as an exhibit in connection with its motion for summary judgment regarding Health Grades' damages claims.  Document 372-2 is the transcript of the deposition of Health Grades' expert, David Hall.  At lines 66:10-11 on p. 11 of 40 of this document there appears a statement regarding the plans for future functionality on MDx's Vitals.com website that Hall states he learned from his review of MDx documents.  MDx has not publicly announced such plans and keeps such information confidential until it launches new functionality.  *See* Declaration of Erika Boyer dated November 16, 2012 ("Boyer Decl."), ¶ 4, attached hereto as Exhibit H.  Therefore, this is competitively sensitive information which if disclosed to the public and MDx's competitors could be unfairly used by competitors against MDx regarding its products and services, that would cause damage to MDx in its efforts to secure business partners and possibly advertising.  *Id.*

For these reasons, MDx requests that access to this document remain restricted at level 1 and proposes a redacted version of the document for public access that redacts only the limited testimony regarding MDx's highly confidential business plans.  Exhibit D.[2]

Document No. 375-1:  This document was filed by MDx as an exhibit in connection with its *Daubert* motion against David Hall.  Document 375-1 is Hall's expert report that identifies highly confidential current MDx financial revenue information at pages 6 of 9 and 8 of 9.  MDx

---

[2]  *See* footnote 1, above.

is a privately held company that does not make its detailed financial information, such as advertising revenues or operating expenses, publicly available. *See Boyer Decl.,* ¶ 5.  MDx only allows it employees to know such detailed financial information on a need to know basis, and such information is limited to a small group of executives.  *Id.*  The disclosure of such detailed financial information to the public and MDx's competitors could cause significant harm to MDx regarding its investors, as well as could potentially be used against MDx regarding relationships with its business partners and advertisers.  *Id.*

For these reasons, MDx requests that access to this document remain restricted at level 1 and proposes a redacted version of the document for public access that redacts only the two instances where detailed financial information appears in the document.  Exhibit E.[3]

Document No. 375-2:  This document is also a copy of the transcript of the deposition of Health Grades' expert, David Hall.  In addition to lines 66:10-11 on p. 11 of 40 which are described above, at lines 101:15-23; 107:9-12; 207:3-5; and 208:19-20 the transcript contains highly confidential MDx detailed, financial information regarding its advertising revenue.  MDx does not make such detailed financial information publicly available, and only allows it employees to know such information on a need to know basis.  *Id.*, ¶ 6.  Knowledge of such advertising revenue information is limited to a small group of executives.  *Id.*  The disclosure of such information to the public and MDx's competitors could cause significant harm to MDx regarding its advertisers and business partners, as well as potential investors.  *Id.*

For these reasons, MDx requests that access to this document remain restricted at level 1 and proposes a redacted version of the document for public access that redacts only the identified

---

[3] *See* footnote 1, above.

testimony where detailed highly confidential business plans or financial information appears in the document.  Exhibit F.[4]

Document No. 369-23:  This document was filed by Health Grades as an exhibit in connection with its motion for partial summary judgment.  Document No. 369-23 is excerpts from the transcript of the deposition of UCompare's Jeff LaPointe.  MDx owns UCompare and at lines 70:24-71:5 Mr. LaPointe testifies regarding UCompare's plans regarding patent filings, at 76:3-77:24 regarding the manner in which UCompare targets certain advertisers; and at 191:22-192:3 regarding his salary.  Each section of testimony relates to information the MDx and UCompare do not make publicly available.  *Id.,* ¶ 7.  The company's plans regarding whether or not to make patent filings is highly confidential information that MDx would not disclose until it made a patent filing.  *Id.*  Similarly, UCompare's advertising strategies and its employee's salaries are also not made public.  *Id.*  MDx and UCompare compete with numerous competitors in a very competitive industry.  Public disclosure of such information would damage MDx's and UCompare's ability to compete for advertisers and employees, thereby damaging it.  *Id.*

For these reasons, MDx requests that access to this document remain restricted at level 1 and proposes a redacted version of the document for public access that redacts only the identified testimony that discloses highly confidential, proprietary information.  Exhibit G attached hereto.

---

[4] *See* footnote 1, above.

Conclusion

For the foregoing reasons, MDx requests that this Court grant this motion for continued

restrictions on access to Document Nos. 368, 368-2, 371-1, 372-2, 375-1, 375-2 and 369-23, at a

Level 1 restriction, and to use the attached, redacted exhibits as public access versions.

Dated:  November 21, 2012                                Respectfully submitted,


                                                         *s:/Scott B. Murray*
                                                         Scott D. Stimpson
                                                         Scott B. Murray
                                                         David C. Lee
                                                         Sills Cummis & Gross P.C.
                                                         30 Rockefeller Plaza
                                                         New York, New York 10112
                                                         Tel: (212) 643-7000
                                                         Fax: (212) 643-6500
                                                         E-mail:sstimpson@sillscummis.com
                                                         E-mail:smurray@sillscummis.com
                                                         E-mail:dlee@sillscummis.com

                                                         and

                                                         Terence Ridley, Atty. No. 15212
                                                         Wheeler Trigg O'Donnell LLP
                                                         370 Seventeenth Street, Suite 4500
                                                         Denver, Colorado 80202
                                                         Tel:  (303) 244-1800
                                                         Fax:   (303) 244-1879
                                                         E-mail: ridley@wtotrial.com

                                                         *Attorneys for Defendant*
                                                         MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2012, I electronically filed the foregoing MDX MEDICAL, INC.'S MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENTS with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Jesus Manuel Vazquez , Jr.
  jvazquez@rothgerber.com, phenke@rothgerber.com

- Gregory B. Kanan
  gkanan@rothgerber.com, dgrooms@rothgerber.com

- Kris John Kostolansky
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- Scott David Stimpson
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- Scott B. Murray
  smurray@sillscummis.com

- David Chunyi Lee
  dlee@sillscummis.com

- Terence M. Ridley
  ridley@wtotrial.com, norris@wtotrial.com

*s:/ Scott B. Murray*

8