# EXHIBIT H

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**DECLARATION OF ERIKA BOYER**

ERIKA BOYER, being of full age, hereby declares and states as follows:

1. I make this declaration in support of Defendant MDx Medical, Inc.'s Motion For Leave To Restrict Access To Document – Document Nos. 372-2, 375-1, 375-2, and 369-23. Unless otherwise noted, the statements made herein are based on my personal knowledge.

2. I am one of the founding individuals of MDx Medical, Inc. ("MDx"), and currently my title with MDx is Vice President, Data Operations. MDx is a private company, based in Lyndhurst, New Jersey. I helped start MDx in 2006, to fill what the founding partners perceived as a need in the industry.

3. MDx is a leading provider of technology that enables users to search for and obtain information on healthcare providers. This information includes, among other things, the

names of doctors, their education, specialties, hospital affiliations and the insurance that they accept. Users can access this information at the MDx www.vitals.com website (the "MDx Website"). Since January 2008, MDx has owned and operated the MDx Website. Regarding the nine licensing agreements at issue:

    4.    Document No. 372-2 was filed by MDx as an exhibit in connection with its motion for summary judgment regarding Health Grades' damages claims. Document 372-2 is the transcript of the deposition of Health Grades' expert, David Hall. At lines 66:10-11 on p. 11 of 40 of this document there appears a statement regarding the plans for future functionality on MDx's Vitals.com website that Hall states he learned from his review of MDx documents. MDx has not publicly announced such plans and keeps such information confidential until it launches new functionality. Therefore, this is competitively sensitive information which if disclosed to the public and MDx's competitors could be unfairly used by competitors against MDx regarding its products and services, that would cause damage to MDx in its efforts to secure business partners and possibly advertising.

    5.    Document Nos. 375-1 was filed by MDx as an exhibit in connection with its Daubert motion against David Hall. Document 375-1 is Hall's expert report that identifies highly confidential current MDx financial revenue information at pages 6 of 9 and 8 of 9. MDx is a privately held company that does not make its detailed financial information, such as advertising revenues or operating expenses, publicly available. MDx only allows it employees to know such detailed financial information on a need to know basis, and such information is limited to a small group of executives. The disclosure of such detailed financial information to the public and MDx's competitors could cause significant harm to MDx regarding its investors,

as well as could potentially be used against MDx regarding relationships with its business partners and advertisers.

6. Document No. 375-2 is also a copy of the transcript of the deposition of Health Grades' expert, David Hall. In addition to lines 66:10-11 on p. 11 of 40 which are described above, at lines 101:15-23; 107:9-12; 207:3-5; and 208:19-20 the transcript contains highly confidential MDx detailed, financial information regarding its advertising revenue. MDx does not make such detailed financial information publicly available, and only allows it employees to know such information on a need to know basis. Knowledge of such advertising revenue information is limited to a small group of executives. The disclosure of such information to the public and MDx's competitors could cause significant harm to MDx regarding its advertisers and business partners, as well as potential investors.

7. Document No. 369-23 was filed by Health Grades as an exhibit in connection with its motion for partial summary judgment. Document No. 369-23 is excerpts from the transcript of the deposition of UCompare's Jeff LaPointe. MDx owns UCompare and at lines 70:24-71:5 Mr. LaPointe testifies regarding UCompare's plans regarding patent filings, at 76:3-77:24 regarding the manner in which UCompare targets certain advertisers; and at 191:22-192:3 regarding his salary. Each section of testimony relates to information the MDx and UCompare do not make publicly available. The company's plans regarding whether or not to make patent filings is highly confidential information that MDx would not disclose until it made a patent filing. Similarly, UCompare's advertising strategies and its employee's salaries are also not made public. MDx and UCompare compete with numerous competitors in a very competitive industry. Public disclosure of such information would damage MDx's and UCompare's ability to compete for advertisers and employees, thereby damaging it.

3

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 10, 2012

_____
ERIKA BOYER