**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

vs.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**HEALTH GRADES, INC.'S UNOPPOSED MOTION TO RESTRICT
ACCESS TO DOCUMENTS 369, 369-13, 369-14, 369-15, 372-2, 375-1 and 375-2**

    Plaintiff Health Grades, Inc. ("Health Grades"), by its undersigned counsel, pursuant to D.C.COLO.L.CivR 7.2, respectfully submits its Unopposed Motion to Restrict Access to Documents 369, 369-13, 369-14, 369-15, 372-2, 375-1 and 375-2, and states in support:

    Pursuant to D.C.COLO.L.CivR 7.1, the Parties conferred by telephone and email on Friday, November 16, 2012, Monday, November 19, 2012, and Wednesday, November 21, 2012.

    MDx does not oppose Health Grades' request to restrict document 369-13 and portions of documents 369-14 and 375-1.

    MDx does not oppose Health Grades' request to restrict portions of documents 369 and 369-15 for the purposes of this motion – the portions of these documents that Health Grades seeks to restrict contain testimony by Health Grades' Vice President of Corporate Business Development, Mr. John Neal, which Health Grades asserts is properly designated as Highly Confidential under the Protective Order in this case. MDx has challenged the designation of this testimony but has agreed to abide by it pending resolution of its challenge.

2003944309_1.doc

Finally, with respect to documents 372-2 and 375-2, Health Grades does not request that any portions of document 372-2 be restricted – MDx asks that two lines be restricted and Health Grades does not oppose that request. MDx does not oppose Health Grades' request to restrict portions of document 375-2 for the purposes of this motion. The portions of document 375-2 that Health Grades seeks to restrict contain deposition testimony by Health Grades' damages expert, David Hall, which Health Grades asserts is properly designated as Highly Confidential under the Protective Order in this case. MDx has challenged the designation of this testimony but has agreed to abide by it pending resolution of its challenge.

**Document 369**

Paragraph 45 of document 369, which is Health Grades Motion for Partial Summary Judgment, contains an excerpt of deposition testimony by John Neal in which he discusses certain Health Grades internal business concerns and risk concerns. This testimony about Health Grades' business concerns and risks was designated on the record as Highly Confidential because it is highly sensitive, internal business information, the release of which would competitively harm Health Grades. Competitors of Health Grades could exploit these concerns and risks to their advantage, causing significant injury to Health Grades, and thus Health Grades' interest in preserving the confidentiality of this testimony outweighs the presumption of public access. Attached as Exhibit A is a redacted version of document 369 in which paragraph 45 has been redacted. Exhibit A should be substituted for document 369.

**Document 369-13**

Document 369-13 is an internal Health Grades email with Highly Confidential Health Grades' development plans. This information was designated as Highly Confidential

pursuant to the Protective Order in this case because it is highly sensitive, internal business information, the release of which would competitively harm Health Grades. Competitors of Health Grades would benefit from seeing these development plans and using them, causing significant injury to Health Grades, and thus Health Grades' interest in preserving the confidentiality of the plans outweighs the presumption of public access. Attached as Exhibit B is a redacted version of document 369-13. Exhibit B should be substituted for document 369-13.

### Document 369-14

Document 369-14 is an internal and Highly Confidential Health Grades email and power point presentation Health Grades email with non-public and proprietary Health Grades' development plans. This information was designated as Highly Confidential pursuant to the Protective Order in this case because it is highly sensitive, internal business information, the release of which would competitively harm Health Grades. Competitors of Health Grades would benefit from seeing these development plans and using them to their advantage, causing significant injury to Health Grades, and thus Health Grades' interest in preserving the confidentiality of the plans outweighs the presumption of public access. Attached as Exhibit C is a redacted version of document 369-14. Exhibit C should be substituted for document 369-14.

### Document 369-15

Document 369-15 contains excerpts of deposition testimony by John Neal in which he discusses highly confidential Health Grades business information. This testimony about Health Grades' business concerns and risks was designated on the record as Highly

Confidential because it is highly sensitive, internal business information, the release of which would competitively harm Health Grades.  Competitors of Health Grades could exploit these concerns and risks to their advantage, causing significant injury to Health Grades, and thus Health Grades' interest in preserving the confidentiality of this testimony outweighs the presumption of public access.  Health Grades requests to restrict access only to pages 7 - 11, 16, 17, 36 and 37 of 52.   Attached as Exhibit D is a redacted version of document 369-15.  Exhibit D should be substituted for document 369-15.

### **Document 372-2**

Document 372-2 contains excerpts of deposition testimony by Health Grades' damages expert, Mr. David Hall.  Health Grades does not request that any portions of document 372-2 be restricted.  MDx requests to restrict lines 10 and 11 of page 66 of the transcript, for the reasons discussed in MDx's motion to restrict, filed Wednesday, November 21, 2012.  Attached as Exhibit E is a redacted version of document 372-2.  Exhibit E should be substituted for document 372-2.

### **Document 375-1**

Document 375-1 contains portions of the expert report by Health Grades' damages expert, David Hall, which Health Grades asserts is properly designated as Highly Confidential under the Protective Order in this case.  Both Health Grades and MDx seek to restrict portions of document 375-1 that reference the Parties' respective confidential revenues and profits information.  Both Health Grades and MDx are private companies and this revenues and profits information is non-public.  Competitors of both companies could exploit this information to their advantage, causing significant injury to Health Grades and MDx, and thus the Parties'

interests in preserving the confidentiality of this information outweighs the presumption of public access.   Attached as Exhibit F is a redacted version of document 375-1.  Exhibit F should be substituted for document 375-1.

### Document 375-2

Document 375-2 contains excerpts of deposition testimony by Health Grades' damages expert, Mr. David Hall.  Both Health Grades and MDx seek to restrict portions of document 375-2 that reference the Parties' respective confidential revenues and profits information. Both Health Grades and MDx seek to restrict portions of document 375-2 that reference the Parties' respective confidential revenues and profits information.  Both Health Grades and MDx are private companies and this revenues and profits information is non-public.  Competitors of both companies could exploit this information to their advantage, causing significant injury to Health Grades and MDx, and thus the Parties' interests in preserving the confidentiality of this information outweighs the presumption of public access.  Attached as Exhibit G is a redacted version of document 375-2.  Exhibit G should be substituted for document 375-2.

As shown above, the Parties have had several, substantive conferrals, and pursuant to D.C.COLO.L.CivR 7.2 B(4) have been careful to redact and move for restricted access only the select portions of the materials that are sensitive and confidential, permitting access by the public to the remainder of the un-redacted documents.

### Conclusion

For the foregoing reasons, Health Grades respectfully requests that this Court grant this unopposed motion and Order continued Level 1 restrictions on access to Document Nos. 369,

369-13, 369-14, 369-15, 372-2, 375-1 and 375-2, substituting the redacted exhibits attached hereto for those documents as discussed above.

Respectfully submitted this 21st day of November, 2012.

ROTHGERBER JOHNSON & LYONS LLP


*s/ Jesús M. Vázquez*
Gregory B. Kanan, Esq.
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
1200 17th Street, Suite 3000
Denver, Colorado  80202
Tel:  (303) 623-9000
Fax:  (303) 623-9222
Email: gkanan@rothgerber.com
          kkosto@rothgerber.com
          jvazquez@rothgerber.com

*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2012, I electronically filed the foregoing **HEALTH GRADES, INC.'S UNOPPOSED MOTION TO RESTRICT ACCESS TO DOCUMENTS 369, 369-13, 369-14, 369-15, 372-2, 375-1 and 375-2** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Scott David Stimpson<br>Mark Jon Rosenberg<br>David Chunyi Lee<br>Scott B. Murray<br>Sills Cummis & Gross P.C. – New York<br>30 Rockefeller Plaza<br>New York, NY  10112<br>Email:  sstimpson@sillscummis.com<br>Email:  mrosenberg@sillscummis.com<br>Email:  dlee@sillscummis.com<br>Email:  smurray@sillscummis.com | Terence M. Ridley<br>Wheeler Trigg O'Donnell, LLP<br>370 17th Street, Suite 4500<br>Denver, CO  80202-5647<br>Email:  ridley@wtotrial.com |

*s/ Jesús M. Vázquez*
Gregory B. Kanan, Esq.
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Rothgerber Johnson & Lyons, LLP
1200 17th Street, Suite 3000
Denver, Colorado 80202-5855
Tel:     (303) 623-9000
Facsimile: (303) 623-9222
Email: gkanan@rothgerber.com
           kkostolansky@rothgerber.com
           jvazquez@rothgerber.com

*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*