**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

**DECLARATION OF JESÚS M. VÁZQUEZ, JR.
PURSUANT TO FED. R. CIV. P. 56(D)
IN SUPPORT OF HEALTH GRADES, INC.'S OPPOSITION TO MDx MEDICAL,
INC.'S MOTION FOR SUMMARY JUDGMENT OF NO WILLFULNESS**

I, Jesús M. Vázquez, Jr., hereby declare as follows:

1.     I am a partner with the Denver office of the law firm of Rothgerber, Johnson & Lyons.  I represent Plaintiff Health Grades, Inc. ("Health Grades") in the above-captioned matter.

2.     I am giving this declaration in support of Health Grades' opposition to Defendant MDx Medical, Inc.'s ("MDx")  Motion for Summary Judgment of No Willfulness [Dkt 349].

3.     On April 3, 2012, MDx served Health Grades with notice that it intended to rely on an opinion of counsel drafted by Philip Braginsky.  (E-mail from David C. Lee to Jesús M. Vázquez, Kris J. Kostolansky, and Jeffrey Phipps, dated 04/03/2012 [219-1].)

4.     In response, I sent MDx counsel an e-mail indicating that we wanted to depose Mr. Braginsky and seeking documents that MDx should have produced in connection with its

1

EXHIBIT 13

notice that it intended to rely on Mr. Braginsky's opinion.  (E-mail from Jesús M. Vázquez to Scott Stimpson dated May 7, 2012 [Dkt. 219-8].)

5. In response to my e-mail, counsel for MDx agreed to produce some, but not all of the requested documents, but refused to produce Mr. Braginsky for deposition.  (E-mail from Scott Stimpson to Jesús M. Vázquez dated May 30, 2012 [Dkt. 219-9].)

6. On June 1, 2012, 59 days after the original deadline, MDx produced some of the documents relating to Mr. Braginsky's opinion. (E-mail from David C. Lee to Jesús M. Vázquez dated 06/01/2012 [219-10].)

7. I issued a subpoena to Mr. Braginsky compelling him to appear for a deposition on June 15, 2012.

8. Counsel for MDx indicated several times during conversations we had in person that MDx did not intend to produce Mr. Braginsky for the noticed deposition and confirmed this in writing on June 13, 2012.  (E-mail from Scott Stimpson to Jesús M. Vázquez dated June 13, 2012 [Dkt. 219-15].)

8. However, on June 15, 2012 MDx appeared to withdraw its objections to the Braginsky deposition indicating that:  "we will agree not to oppose having the Braginsky depositions starting at 1:30 in the afternoon as noticed, but on a different date after the close of fact discovery *and after resolution of your planned motion to preclude reliance on the opinions*." ."  (E-mail from Scott Stimpson to Jesús M. Vázquez dated June 14, 2012 (emphasis added) [Dkt. 219-16].)

9. On June 15, 2012, Health Grades file a motion to preclude MDx from relying on an advice of counsel defense for failure to produce all of the information (both documents and

2

deposition testimony) that it was required to produce pursuant to the parties' agreement to abide by Local Patent Rule 3-7. [Dkt. 219]

10. On September 27, 2012, MDx filed a supplemental submission in opposition to Health Grades' motion to preclude arguing that the parties had reached an agreement to resolve this dispute. (Dkt. 307.)

11. On October 22, 2012, Health Grades filed a response indicating that the issues had not been resolved and that I had informed MDx and Judge Boland that the issues could not be resolved without Court intervention because MDx still had not produced the information it was required to produce in April 2012. (Dkt. 341.)

12. Health Grades' motion to preclude is still pending before this Court. Health Grades has not been allowed to take the deposition of Mr. Braginsky and MDx has not produced the opinion of counsel communications that it was required to produce months ago.

I, Jesús M. Vázquez, Jr., hereby declare under penalty of perjury that the foregoing is true and correct.


Dated: November 26, 2012    By: /s/ *Jesús M. Vázquez, Jr.*
                                Jesús M. Vázquez, Jr.

3