Civil Action No. 11-CV-00520-PAB-BNB

**HEALTH GRADES, INC.'S OPPOSITION TO MDx MEDICAL, INC.'S MOTION FOR SUMMARY JUDGMENT OF NO WILLFULNESS**

**HEALTH GRADES, INC.'S OPPOSITION TO MDx MEDICAL, INC.'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**

Exhibit 1

**MDx's Second Supp. Responses to First Set of Requests for Admission**
*(selected portions; highlighting added)*

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**DEFENDANT MDX MEDICAL, INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant MDx Medical, Inc. ("MDx") hereby supplements its response to Health Grades, Inc.'s ("Health Grades") First Set of Requests for Admission to Defendant ("Requests for Admission") as follows.

The Preliminary Statements and General Objections from the earlier responses are incorporated by reference.

website or version of website Health Grades intends to reference. Subject to and without waiving these and the General Objections, MDx responds below.

**Response:**  Admitted.

**Request for Admission No. 5.**

Admit that the www.vitals.com website is capable of receiving from a physician information about that physician's specialty.

**Objections**:  This request is irrelevant and not likely to lead to the discovery of admissible evidence.  The claims of the patent are not directed to whether a website is "capable" of certain things.  Such a request is entirely lacking in any probative value – even if a website is "capable" of receiving such information, that has absolutely no bearing on whether such information is received as required by the claims.  For example, the website of Health Grades' counsel is "capable" of receiving such information, and that has nothing to do with the issues in this case. . Accordingly, determining and providing such information is also overbroad and unduly burdensome.  The request is also vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference. Subject to and without waiving these and the General Objections, MDx responds below.

**Response:**  Admitted.

3

**Request for Admission No. 6.**

Admit that the www.vitals.com website is capable of receiving from a physician information about that physician's medical philosophy.

**Objections**:  This request is irrelevant and not likely to lead to the discovery of admissible evidence.  The claims of the patent are not directed to whether a website is "capable" of certain things.  Such a request is entirely lacking in any probative value – even if a website is "capable" of receiving such information, that has absolutely no bearing on whether such information is received as required by the claims.  For example, the website of Health Grades' counsel is "capable" of receiving such information, and that has nothing to do with the issues in this case (and for this, the claim does not require receipt of any information – it must be "verified" information – a requirement ignored by this request).  Accordingly, determining and providing such information is also overbroad and unduly burdensome.  The request is also vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference.  Subject to and without waiving these and the General Objections, MDx responds below.

**Response:** Admitted.

**Request for Admission No. 7.**

Admit that the www.vitals.com website is capable of receiving from a physician information about that physician's gender.

4

**Objections**:  This request is irrelevant and not likely to lead to the discovery of admissible evidence.  The claims of the patent are not directed to whether a website is "capable" of certain things.  Such a request is entirely lacking in any probative value – even if a website is "capable" of receiving such information, that has absolutely no bearing on whether such information is received as required by the claims.  For example, the website of Health Grades' counsel is "capable" of receiving such information, and that has nothing to do with the issues in this case (and for this, the claim does not require receipt of any information – it must be "verified" information – a requirement ignored by this request).  Accordingly, determining and providing such information is also overbroad and unduly burdensome.  The request is also vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference. Subject to and without waiving these and the General Objections, MDx responds below.

**Response:**  Admitted.

**Request for Admission No. 8.**

Admit that the www.vitals.com website is capable of receiving from a physician information about the language(s) that physician speaks.

**Objections**:  This request is irrelevant and not likely to lead to the discovery of admissible evidence.  The claims of the patent are not directed to whether a website is "capable" of certain things.  Such a request is entirely lacking in any probative value – even if a website is "capable" of receiving such information, that has absolutely no bearing on whether such information is

5

received as required by the claims. For example, the website of Health Grades' counsel is "capable" of receiving such information, and that has nothing to do with the issues in this case (and for this, the claim does not require receipt of any information – it must be "verified" information – a requirement ignored by this request). Accordingly, determining and providing such information is also overbroad and unduly burdensome. The request is also vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference. Subject to and without waiving these and the General Objections, MDx responds below.

**Response:** Admitted.

**Request for Admission No. 9.**

Admit that the www.vitals.com website is capable of receiving from a physician information about awards and/or honors that physician has received.

**Objections**: This request is irrelevant and not likely to lead to the discovery of admissible evidence. The claims of the patent are not directed to whether a website is "capable" of certain things. Such a request is entirely lacking in any probative value – even if a website is "capable" of receiving such information, that has absolutely no bearing on whether such information is received as required by the claims. For example, the website of Health Grades' counsel is "capable" of receiving such information, and that has nothing to do with the issues in this case (and for this, the claim does not require receipt of any information – it must be "verified" information – a requirement ignored by this request). Accordingly, determining and providing

6

such information is also overbroad and unduly burdensome. The request is also vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference. Subject to and without waiving these and the General Objections, MDx responds below.

**Response:** Admitted.

**Request for Admission No. 10.**

Admit that the www.vitals.com website is capable of receiving from a physician information about publications authored by that physician.

**Objections**: This request is irrelevant and not likely to lead to the discovery of admissible evidence. The claims of the patent are not directed to whether a website is "capable" of certain things. Such a request is entirely lacking in any probative value – even if a website is "capable" of receiving such information, that has absolutely no bearing on whether such information is received as required by the claims. For example, the website of Health Grades' counsel is "capable" of receiving such information, and that has nothing to do with the issues in this case (and for this, the claim does not require receipt of any information – it must be "verified" information – a requirement ignored by this request). Accordingly, determining and providing such information is also overbroad and unduly burdensome. The request is also vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of

7

website Health Grades intends to reference.  Subject to and without waiving these and the General Objections, MDx responds below.

**Response:**  Admitted.

**Request for Admission No. 11.**

Admit that the www.vitals.com website is capable of receiving patient ratings about a physician from one or more of current or past patients of that physician or from any other user of the vitals website.

**Objections**:  This request is irrelevant and not likely to lead to the discovery of admissible evidence.  The claims of the patent are not directed to whether a website is "capable" of certain things.  Such a request is entirely lacking in any probative value – even if a website is "capable" of receiving such information, that has absolutely no bearing on whether such information is received as required by the claims.  For example, the website of Health Grades' counsel is "capable" of receiving such information, and that has nothing to do with the issues in this case.  Accordingly, determining and providing such information is also overbroad and unduly burdensome.  The request is also vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference.  Subject to and without waiving these and the General Objections, MDx responds below.

**Response:**  Admitted.

8

things. Such a request is entirely lacking in any probative value – even if a website is "capable" of such, that has absolutely no bearing on whether the claims are met. For example, the website of Health Grades' counsel is "capable" of searching, and that has nothing to do with the issues in this case. Moreover, the requests, if answered, would be extremely prejudicial. Accordingly, determining and providing such information is also overbroad and unduly burdensome. The request is also vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference. Subject to and without waiving these and the General Objections, MDx responds below.

**Response:** Admitted.

Dated:  September 21, 2012                    *s:/Scott D. Stimpson*

                                              Scott D. Stimpson
                                              Scott B. Murray
                                              David C. Lee
                                              Sills Cummis & Gross P.C.
                                              30 Rockefeller Plaza
                                              New York, New York 10112
                                              Tel: (212) 643-7000
                                              Fax: (212) 643-6500
                                              E-mail: sstimpson@sillscummis.com
                                              E-mail: smurray@sillscummis.com
                                              E-mail: dlee@sillscummis.com

                                              and

Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

15

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that on <u>September 21, 2012</u>, I have caused a true and correct copy of the foregoing DEFENDANT MDX MEDICAL, INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION to be served upon Health Grades, Inc. by electronic mail transmission to the following individuals:

      Jesus Manuel Vazquez , Jr.
      Kris John Kostolansky
      Jeffrey David Phipps
      ROTHGERBER JOHNSON & LYONS LLP
      One Tabor Center, Suite 3000
      1200 Seventeenth Street
      Denver, CO 80202
      Tel: (303) 623-9000
      Fax: (303) 623-9222
      jvazquez@rothgerber.com
      kkosto@rothgerber.com
      jphipps@rothgerber.com

*Attorneys for Plaintiff Health Grades, Inc.*


      <u>s:/Scott D. Stimpson</u>

16