# EXHIBIT R

## (Part 1 of 2)





# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

**United States Patent and Trademark Office**

*January 05, 2012*

**THIS IS TO CERTIFY THAT ANNEXED IS A TRUE COPY FROM THE RECORDS OF THIS OFFICE OF THE FILE WRAPPER AND CONTENTS OF:**

**APPLICATION NUMBER:** *11/512,529*
**FILING DATE:** *August 29, 2006*
**PATENT NUMBER:** *7752060*
**ISSUE DATE:** *July 06, 2010*



Certified by

David J. Kappos

**Under Secretary of Commerce
for Intellectual Property
and Director of the United States
Patent and Trademark Office**

MDX 0013335

Attorney Docket No. 40476.0001USU1

MERCHANT & GOULD P.C.

**United States Patent Application**

**COMBINED DECLARATION AND POWER OF ATTORNEY**

As a below named inventor I hereby declare that: my residence, post office address and citizenship are as stated below next to my name; that

I verily believe I am the original, first and sole inventor (if only one name is listed below) or a joint inventor (if plural inventors are named below) of the subject matter which is claimed and for which a patent is sought on the invention entitled: INTERNET SYSTEM FOR CONNECTING HEALTHCARE PROVIDERS AND PATIENTS

The specification of which
a. ☒ is attached hereto
b. ☐ was filed on     as application serial no.     and was amended on     (if applicable) (in the case of a PCT-filed application) described and claimed in international no.     filed     and as amended on     (if any), which I have reviewed and for which I solicit a United States patent.

I hereby state that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment referred to above.

I hereby claim foreign priority benefits under Title 35, United States Code, § 119/365 of any foreign application(s) for patent or inventor's certificate listed below and have also identified below any foreign application for patent or inventor's certificate having a filing date before that of the application on the basis of which priority is claimed:

a. ☒ no such applications have been filed.
b. ☐ such applications have been filed as follows:

| FOREIGN APPLICATION(S), IF ANY, CLAIMING PRIORITY UNDER 35 USC § 119 | | | |
|---|---|---|---|
| **COUNTRY** | **APPLICATION NUMBER** | **DATE OF FILING** (day, month, year) | **DATE OF ISSUE** (day, month, year) |
|  |  |  |  |

| ALL FOREIGN APPLICATION(S), IF ANY, FILED BEFORE THE PRIORITY APPLICATION(S) | | | |
|---|---|---|---|
| **COUNTRY** | **APPLICATION NUMBER** | **DATE OF FILING** (day, month, year) | **DATE OF ISSUE** (day, month, year) |
|  |  |  |  |

I hereby claim the benefit under Title 35, United States Code, § 120/365 of any United States and PCT international application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, § 112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, § 1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application.

| U.S. APPLICATION NUMBER | DATE OF FILING (day, month, year) | STATUS (patented, pending, abandoned) |
|---|---|---|
|  |  |  |

I hereby claim the benefit under Title 35, United States Code § 119(e) of any United States provisional application(s) listed below:

| U.S. PROVISIONAL APPLICATION NUMBER | DATE OF FILING (Day, Month, Year) |
|---|---|
| 60/771,757 | 8, February 2006 |

I acknowledge the duty to disclose information that is material to the patentability of this application in accordance with Title 37, Code of Federal Regulations, § 1.56 (reprinted below):

**§ 1.56  Duty to disclose information material to patentability.**

(a)     A patent by its very nature is affected with a public interest.  The public interest is best served, and the most effective patent examination occurs when, at the time an application is being examined, the Office is aware of and evaluates the teachings of all information material to patentability.  Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section.  The duty to disclose information exists with respect to each pending claim until the claim is canceled or withdrawn from consideration, or the application becomes abandoned.  Information material to the patentability of a claim that is canceled or withdrawn from consideration need not be submitted if the information is not material to the patentability of any claim remaining under consideration in the application.  There is no duty to submit information which is not material to the patentability of any existing claim.  The duty to disclose all information known to be material to patentability is deemed to be satisfied if all information known to be material to patentability of any claim issued in a patent was cited by the Office or submitted to the Office in the manner prescribed by §§ 1.97(b)-(d) and 1.98.  However, no patent will be granted on an application in connection with which fraud on the Office was practiced or attempted or the duty of disclosure was violated through bad faith or intentional misconduct.  The Office encourages applicants to carefully examine:

(1)     prior art cited in search reports of a foreign patent office in a counterpart application, and

(2)     the closest information over which individuals associated with the filing or prosecution of a patent application believe any pending claim patentably defines, to make sure that any material information contained therein is disclosed to the Office.

(b)     Under this section, information is material to patentability when it is not cumulative to information already of record or being made of record in the application, and

(1)     It establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim;

or

(2)     It refutes, or is inconsistent with, a position the applicant takes in:

(i)     Opposing an argument of unpatentability relied on by the Office, or

(ii)    Asserting an argument of patentability.

A prima facie case of unpatentability is established when the information compels a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence which may be submitted in an attempt to establish a contrary conclusion of patentability.

(c)     Individuals associated with the filing or prosecution of a patent application within the meaning of this section are:

(1)     Each inventor named in the application:

(2)     Each attorney or agent who prepares or prosecutes the application; and

MDX 0013417

(3)     Every other person who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor, with the assignee or with anyone to whom there is an obligation to assign the application.

(d)     Individuals other than the attorney, agent or inventor may comply with this section by disclosing information to the attorney, agent, or inventor.

(e)     In any continuation-in-part application, the duty under this section includes the duty to disclose to the Office all information known to the person to be material to patentability, as defined in paragraph (b) of this section, which became available between the filing date of the prior application and the national or PCT international filing date of the continuation-in-part application.

I hereby appoint the attorney(s) and/or patent agent(s) associated with the following customer number to prosecute this application and to transact all business in the Patent and Trademark Office connected herewith.

**23552**
PATENT TRADEMARK OFFICE

I hereby authorize them to act and rely on instructions from and communicate directly with the person/assignee/attorney/firm/ organization who/which first sends/sent this case to them and by whom/which I hereby declare that I have consented after full disclosure to be represented unless/until I instruct Merchant & Gould P.C. to the contrary.

I understand that the execution of this document, and the grant of a power of attorney, does not in itself establish an attorney-client relationship between the undersigned and the law firm Merchant & Gould P.C., or any of its attorneys.

Please direct all correspondence in this case to customer number 23552.

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

| 2 | Full Name Of Inventor | Family Name Hicks | First Given Name David | Second Given Name G |
|---|---|---|---|---|
| 0 | Residence & Citizenship | City Littleton | State or Foreign Country Colorado | Country of Citizenship USA |
| 1 | Mailing Address | Address 2609 W. Long Circle | City Littleton | State & Zip Code/Country CO 80120/USA |

| Signature of Inventor 201: | | Date: 10/17/06 |
|---|---|---|

| 2 | Full Name Of Inventor | Family Name Montroy | First Given Name Scott | Second Given Name |
|---|---|---|---|---|
| 0 | Residence & Citizenship | City Lakewood | State or Foreign Country Colorado | Country of Citizenship USA |
| 2 | Mailing Address | Address 1531 S. Welch Circle | City Lakewood | State & Zip Code/Country CO 80228/USA |

| Signature of Inventor 202: | | Date: 10/18/06 |
|---|---|---|

| 2 | Full Name Of Inventor | Family Name Neal | First Given Name John | Second Given Name |
|---|---|---|---|---|
| 0 | Residence & Citizenship | City Tampa | State or Foreign Country Florida | Country of Citizenship USA |
| 3 | Mailing Address | Address 3515 W. Tacon Street | City Tampa | State & Zip Code/Country FL 33629 |

| Signature of Inventor 203: | | Date: |
|---|---|---|

MDX 0013419

Attorney Docket No. 40476.0001US01

MERCHANT & GOULD P.C.

**United States Patent Application**

**COMBINED DECLARATION AND POWER OF ATTORNEY**

As a below named inventor I hereby declare that: my residence, post office address and citizenship are as stated below next to my name; that

I verily believe I am the original, first and sole inventor (if only one name is listed below) or a joint inventor (if plural inventors are named below) of the subject matter which is claimed and for which a patent is sought on the invention entitled:  INTERNET SYSTEM FOR CONNECTING HEALTHCARE PROVIDERS AND PATIENTS

The specification of which
a. ☒  is attached hereto
b. ☐  was filed on        as application serial no.        and was amended on        (if applicable) (in the case of a PCT-filed application) described and claimed in international no.        filed        and as amended on        (if any), which I have reviewed and for which I solicit a United States patent.

I hereby state that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment referred to above.

I hereby claim foreign priority benefits under Title 35, United States Code, § 119/365 of any foreign application(s) for patent or inventor's certificate listed below and have also identified below any foreign application for patent or inventor's certificate having a filing date before that of the application on the basis of which priority is claimed:

a. ☒  no such applications have been filed.
b. ☐  such applications have been filed as follows:

| FOREIGN APPLICATION(S), IF ANY, CLAIMING PRIORITY UNDER 35 USC § 119 | | | |
|---|---|---|---|
| COUNTRY | APPLICATION NUMBER | DATE OF FILING (day, month, year) | DATE OF ISSUE (day, month, year) |
|  |  |  |  |

| ALL FOREIGN APPLICATION(S), IF ANY, FILED BEFORE THE PRIORITY APPLICATION(S) | | | |
|---|---|---|---|
| COUNTRY | APPLICATION NUMBER | DATE OF FILING (day, month, year) | DATE OF ISSUE (day, month, year) |
|  |  |  |  |

I hereby claim the benefit under Title 35, United States Code, § 120/365 of any United States and PCT international application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, § 112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, § 1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application.

| U.S. APPLICATION NUMBER | DATE OF FILING (day, month, year) | STATUS (patented, pending, abandoned) |
|---|---|---|
|  |  |  |

I hereby claim the benefit under Title 35, United States Code § 119(e) of any United States provisional application(s) listed below:

| U.S. PROVISIONAL APPLICATION NUMBER | DATE OF FILING (Day, Month, Year) |
|---|---|
| 60/771,757 | 8, February 2006 |

I acknowledge the duty to disclose information that is material to the patentability of this application in accordance with Title 37, Code of Federal Regulations, § 1.56 (reprinted below):

**§ 1.56  Duty to disclose information material to patentability.**

(a)      A patent by its very nature is affected with a public interest.  The public interest is best served, and the most effective patent examination occurs when, at the time an application is being examined, the Office is aware of and evaluates the teachings of all information material to patentability.  Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section.  The duty to disclose information exists with respect to each pending claim until the claim is canceled or withdrawn from consideration, or the application becomes abandoned.  Information material to the patentability of a claim that is canceled or withdrawn from consideration need not be submitted if the information is not material to the patentability of any claim remaining under consideration in the application.  There is no duty to submit information which is not material to the patentability of any existing claim.  The duty to disclose all information known to be material to patentability is deemed to be satisfied if all information known to be material to patentability of any claim issued in a patent was cited by the Office or submitted to the Office in the manner prescribed by §§ 1.97(b)-(d) and 1.98.  However, no patent will be granted on an application in connection with which fraud on the Office was practiced or attempted or the duty of disclosure was violated through bad faith or intentional misconduct.  The Office encourages applicants to carefully examine:

(1)      prior art cited in search reports of a foreign patent office in a counterpart application, and

(2)      the closest information over which individuals associated with the filing or prosecution of a patent application believe any pending claim patentably defines, to make sure that any material information contained therein is disclosed to the Office.

(b)      Under this section, information is material to patentability when it is not cumulative to information already of record or being made of record in the application, and

(1)      It establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim;

or

(2)      It refutes, or is inconsistent with, a position the applicant takes in:

(i)      Opposing an argument of unpatentability relied on by the Office, or

(ii)      Asserting an argument of patentability.

A prima facie case of unpatentability is established when the information compels a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence which may be submitted in an attempt to establish a contrary conclusion of patentability.

(c)      Individuals associated with the filing or prosecution of a patent application within the meaning of this section are:

(1)      Each inventor named in the application:

(2)      Each attorney or agent who prepares or prosecutes the application; and

(3)     Every other person who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor, with the assignee or with anyone to whom there is an obligation to assign the application.

(d)     Individuals other than the attorney, agent or inventor may comply with this section by disclosing information to the attorney, agent, or inventor.

(e)     In any continuation-in-part application, the duty under this section includes the duty to disclose to the Office all information known to the person to be material to patentability, as defined in paragraph (b) of this section, which became available between the filing date of the prior application and the national or PCT international filing date of the continuation-in-part application.

I hereby appoint the attorney(s) and/or patent agent(s) associated with the following customer number to prosecute this application and to transact all business in the Patent and Trademark Office connected herewith.

**23552**
PATENT TRADEMARK OFFICE

I hereby authorize them to act and rely on instructions from and communicate directly with the person/assignee/attorney/firm/ organization who/which first sends/sent this case to them and by whom/which I hereby declare that I have consented after full disclosure to be represented unless/until I instruct Merchant & Gould P.C. to the contrary.

I understand that the execution of this document, and the grant of a power of attorney, does not in itself establish an attorney-client relationship between the undersigned and the law firm Merchant & Gould P.C., or any of its attorneys.

Please direct all correspondence in this case to customer number 23552.

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

| 2 | **Full Name Of Inventor** | **Family Name** Hicks | **First Given Name** David | **Second Given Name** G |
|---|---|---|---|---|
| 0 | **Residence & Citizenship** | **City** Littleton | **State or Foreign Country** Colorado | **Country of Citizenship** USA |
| 1 | **Mailing Address** | **Address** 2609 W. Long Circle | **City** Littleton | **State & Zip Code/Country** CO 80120/USA |

| Signature of Inventor 201: | | Date: | |
|---|---|---|---|

| 2 | **Full Name Of Inventor** | **Family Name** Montroy | **First Given Name** Scott | **Second Given Name** |
|---|---|---|---|---|
| 0 | **Residence & Citizenship** | **City** Lakewood | **State or Foreign Country** Colorado | **Country of Citizenship** USA |
| 2 | **Mailing Address** | **Address** 1531 S. Welch Circle | **City** Lakewood | **State & Zip Code/Country** CO 80228/USA |

| Signature of Inventor 202: | | Date: | |
|---|---|---|---|

| 2 | **Full Name Of Inventor** | **Family Name** Neal | **First Given Name** John | **Second Given Name** |
|---|---|---|---|---|
| 0 | **Residence & Citizenship** | **City** Tampa | **State or Foreign Country** Florida | **Country of Citizenship** USA |
| 3 | **Mailing Address** | **Address** 3604 Allen Place | **City** Tampa | **State & Zip Code/Country** FL 33609/USA |

| Signature of Inventor 203: | | Date: 10/12/2006 |
|---|---|---|

MDX 0013423

S/N 11/512,529

PATENT

Confirmation No. 1358

<u>IN THE UNITED STATES PATENT AND TRADEMARK OFFICE</u>

| | | | |
|---|---|---|---|
| Applicant: | Hicks, et al. | Examiner: | Nguyen, Trang T. |
| Serial No.: | 11/512,529 | Group Art Unit: | 3686 |
| Filed: | August 29, 2006 | Docket No.: | 40476.0002USU1 |
| Title: | **INTERNET SYSTEM FOR CONNECTING HEALTHCARE PROVIDERS AND PATIENTS** | | |

CERTIFICATE UNDER 37 CFR 1.6(d):
I hereby certify that this paper is being transmitted electronically via EFS-Web to the U.S. Patent and Trademark Office on February 15, 2010.

By: _Amanda Tomas_
Name: Amanda Tomas

**<u>SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT (37 C.F.R. § 1.97(c))</u>**

Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

Dear Sir:

With regard to the above-identified application, the items of information listed on the enclosed Form 1449 are brought to the attention of the Examiner.

This statement should be considered because it is submitted before the mailing date of a final action under 37 C.F.R. § 1.113, a notice of allowance under § 1.311, or an action that otherwise closes prosecution in the application, and it is accompanied by the fee set forth in § 1.17(p). *See 37 C.F.R. § 1.97(c)*.

A copy of any foreign patent document or "Other Document" listed on the Form 1449 is enclosed, in accordance with 37 C.F.R. § 1.98(a)(2). Further, in accordance with 37 C.F.R. § 1.98(a)(2), copies of any U.S. patents and U.S. patent application publications listed on the enclosed Form 1449 are not provided. However, please let us know if you would like us to provide any such copies.

No representation is made that a reference is "prior art" within the meaning of 35 U.S.C. §§ 102 and 103, and Applicants reserve the right, pursuant to 37 C.F.R. § 1.131 or otherwise, to establish that the reference(s) are not "prior art." *See* 37 C.F.R. § 1.97(h). Moreover, Applicants

MDX 0013489

do not represent that a reference has been thoroughly reviewed or that any relevance of any portion of a reference is intended.

Consideration of the items listed is respectfully requested.  Pursuant to the provisions of M.P.E.P. 609, it is requested that the Examiner return a copy of the attached Form 1449, marked as being considered and initialed by the Examiner, to the undersigned with the next official communication.

Please charge any additional fees or credit any overpayment to Deposit Account No. 13-2725.

Respectfully submitted,

Dated: February 15, 2010

Elizabeth J. Reagan, Reg. No. 57,528
Merchant & Gould, P.C.
P.O. Box 2903
Minneapolis, MN  55402-0903
303.357.1644

**23552**
PATENT TRADEMARK OFFICE

MDX 0013490

Ingenix has simple solutions for:

- Employers
- Hospitals
- Payers
- Pharma
- Physicians
- Public Sector
- Property & Casualty



View More

Measuring and rewarding health care performance helps Medicare programs achieve objectives



Make a smooth transition to electronic health records (EHR).

Visit Ingenix.com/ehr or call 877.EHR.0845.

Learn about the federal stimulus program. View our Ingenix® CareTracker EHR solution.



Get 3 FREE 2010 Code Books of your choice when you transition to EncoderPro.com.

LEARN MORE



For 5010 Resources, news and solutions visit 5010prepared.com



Switch your clearinghouse and get connections to multiple payers from a single source.

LEARN MORE

Privacy Policy  |  Terms and Conditions  |  Site Map

INGENIX.

© Copyright 2010 Ingenix

UCompareHealthCare - Find Information on Doctors, Hospitals and Nursing Homes          Page 1 of 1







**TODAY** ON
Revolution Health

## Try Symptom Checker

Check your symptoms with
Everyday Health's video tool

❶ 2 3 4

Everyday Health features          Next ›



**My Calorie Counter**
Count calories, lose the
weight. Start tracking
calories today



**Healthy Recipes:**
Try a delicious seasonal
dish



**Travel Tips:**
Ensure a stress-free and
healthy vacation

Revolution Health features          Next ›



Calorie shifting and
weight loss



Get control of
psoriatic arthritis



15 snacks under 200
calories

### News about RevolutionHealth.com

Everyday Health, Inc., the largest private online health company, and
Revolution Health Network announced that they have signed a definitive
agreement to merge that will create a new powerhouse in the online
health space.

Revolution Health learning center articles are provided by trusted content
partners that include:



FamilyDoctor.org. and Revolution Health — for trusted consumer health information.

familydoctor.org

MDX 0013493

WebMD - Better information. Better health.



 **WebMD** Better information. Better health.®

February 15, 2010

[ Search ] Other search tools: Symptoms | Doctors | Videos

Log in | Register

 WebMD Health eHome ▶

## Health Conditions

ADHD
Allergies
Anxiety Disorders
Arthritis
Asthma
Back Pain
Bipolar Disorder
Breast Cancer
Cancer
Cholesterol
Cold & Flu
COPD
Depression
Diabetes
Fibromyalgia
Heart Disease
Heartburn/GERD
Hypertension
Incontinence/OAB
Migraines
Osteoporosis
Rheumatoid Arthritis
Sexual Conditions
Skin Problems
Sleep Disorders

[ See All ]

## Living Better

Emotional Health
Fitness
Food & Cooking
Healthy Eating & Diet
Healthy Home
Healthy Pets
Men's Health
Parenting
WebMD Health Record
Pregnancy
Sex & Relationships
Skin & Beauty
Women's Health

[ See All ]


Truth About **Chocolate**
Is chocolate really an aphrodisiac? Does it have health benefits? Learn the secrets to this Valentine's Day treat.

**Hit the Slopes!**
5 Winter Olympic sports to try.

**Candy Question**
Is chocolate really an aphrodisiac?

**Personal Best**
Get a personalized plan to show your doctor.

### Today's Health News & Features
RSS Feed | Help

 Bill Clinton Has Heart Procedure
24 Foods That Can Save Your Heart

 Trouble Breathing? Assess Your Symptoms

13 Best Quit-Smoking Tips Ever

 Mumps Outbreak Hits New York, New Jersey
Pictures of Common Skin Problems in Kids

Women and Heart Disease

Docs Go Crazy Over New Psych Manual
Dangerous Mix: Energy Drinks + Alcohol
First Trimester: How Your Body Changes

Is Barefoot Running Better for Your Feet?
Is Lack of Sleep Making You Fat?
How Many Chemicals Do You Wear?

### WebMD Newsletters - Stay Informed

Sign up for one of our 40+ free newsletters. [ Sign Up ]

### Today's Poll

**Do you cry?**
○ I cry all the time
○ Yes, but not in front of other people
○ Only at major events like weddings and funerals
○ No way, ice runs through my veins!

[ Vote Now ]   View Results

**Are you depressed?**
[ Take The Quiz ]


live life. **DON'T SWEAT IT.**
Secret CLINICAL STRENGTH
[ WHAT PEOPLE ARE SAYING ▶ ]

**FDA Alert:** Beware of Fake Alli
Explore our expanded FDA Center on WebMD.

## WebMD Community

**How Many Inches Will I Lose?**

 If I lose 10-20 lbs, how many inches will I lose? I am really looking forward to trading in my size 14 clothing for a 12! Get the answer...
posted in: Dieting Club

Blogs
Message Boards

Not sure where to find the answers to your questions? Ask one of our experts!

WebMD - Better information. Better health.                                      Page 2 of 2

Health Checks
    Household Hazards
    Low Testosterone
    COPD
See All Tools

## Health Solutions From Our Sponsors

| | | | | |
|---|---|---|---|---|
| Bones After Menopause | Chemicals Around Food? | Menopause Help | Osteoporosis Tips | Safe Baby Care Products |
| Breast Cancer Rx | Enlarged Prostate Help | MS Treatment Choices | Relapsing MS? | Watch RA Videos |

**In-depth coverage:** Recognizing the Symptoms of Depression | The Truth About Healthy Teeth | Vitamins & Lifestyle Guide | How Clean Is Your Home? | Your Better Health Checkup

About WebMD | Terms of Use | Privacy Policy | Sponsor Policy | Site Map | Link to Us | Careers | Contact Us
Advertise With Us | HLTH Corporation | WebMD Corporate | eMedicine® | RxList® | Medscape® | MedicineNet®
Medical Dictionary | First Aid | WebMD the Magazine | WebMD Health Record | WebMD Mobile | Newsletters

©2005-2010 WebMD, LLC. All rights reserved.
WebMD does not provide medical advice, diagnosis or treatment.  See additional information.

MDX 0013495

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 11512529 |
| **Filing Date:** | 29-Aug-2006 |
| **Title of Invention:** | Internet system for connecting healthcare providers and patients |
| **First Named Inventor/Applicant Name:** | David G. Hicks |
| **Filer:** | Timothy Brian Scull/Amanda Tomas |
| **Attorney Docket Number:** | 40476.0002USU1 |

Filed as Large Entity

### Utility under 35 USC 111(a) Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

MDX 0013496

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| Submission- Information Disclosure Stmt | 1806 | 1 | 180 | 180 |
| **Total in USD ($)** | | | | **180** |

MDX 0013497

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 7012848 |
| **Application Number:** | 11512529 |
| **International Application Number:** | |
| **Confirmation Number:** | 1358 |
| **Title of Invention:** | Internet system for connecting healthcare providers and patients |
| **First Named Inventor/Applicant Name:** | David G. Hicks |
| **Customer Number:** | 23552 |
| **Filer:** | Timothy Brian Scull/Amanda Tomas |
| **Filer Authorized By:** | Timothy Brian Scull |
| **Attorney Docket Number:** | 40476.0002USU1 |
| **Receipt Date:** | 15-FEB-2010 |
| **Filing Date:** | 29-AUG-2006 |
| **Time Stamp:** | 20:17:56 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $180 |
| RAM confirmation Number | 13170 |
| Deposit Account | |
| Authorized User | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|

| 1 | Information Disclosure Statement (IDS) Filed (SB/08) | Supp_IDS_1449.pdf | 158236<br>859059fa72cb061fa0f2a33e0cfdbfb15c3a26d2 | no | 3 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

This is not an USPTO supplied IDS fillable form

| 2 | NPL Documents | ingenix.PDF | 224695<br>068324f3b544518293246118c266a3cb4c144372 | no | 1 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 3 | NPL Documents | ucompare.PDF | 93074<br>f4710fa61c78587793592bee6105cd2237936380c | no | 1 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 4 | NPL Documents | revhealth.PDF | 121479<br>f6c8a56705caa585db56e3fb563a82e1519fa4a3 | no | 1 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 5 | NPL Documents | webmd.PDF | 283399<br>61e76b5b74d4d7c8e94654d91e7eb010b965ff55 | no | 2 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 6 | Fee Worksheet (PTO-875) | fee-info.pdf | 29972<br>9fe2848acafae99fa5ab6f21d7e68b2f3c2a789a | no | 2 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| | **Total Files Size (in bytes):** | | 910855 | | |
|---|---|---|---|---|---|

MDX 0013499

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

MDX 0013500

Date Filed: February 15, 2010

Sheet 1 of 1

| FORM 1449* | | Docket Number:<br>40476.0002USU1 | | Application Number:<br>11/512,529 |
|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT** | | | | |
| **IN AN APPLICATION** | | Applicant:  Hicks, et al. | | |
| (Use several sheets if necessary) | | Filing Date:  08/29/06 | | Group Art Unit: 3686 |

### U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| | 2002/0038233 | 03/2002 | Shubov et al. | 705 | 001 | |
| | 2004/0019579 | 01/2004 | Herz et al. | 707 | 104.100 | |
| | 2004/0172282 | 09/2004 | Anuthep Benja-Athon | 705 | 002 | |
| | 2006/0015369 | 01/2006 | Bachus et al. | 705 | 002 | |
| | 2006/0294138 | 12/2006 | Lucas Stolba | 707 | 010 | |
| | 2007/0094044 | 04/2007 | Stone et al. | 705 | 002 | |
| | 7383197 | 06/2008 | George G. Neuman | 705 | 002 | |
| | 7065528 | 06/2006 | Herz et al. | 405 | 104.100 | |
| | 5365425 | 11/1994 | Torma et al. | 364 | 401 | |
| | | | | | | |
| | | | | | | |

### FOREIGN PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION | |
|---|---|---|---|---|---|---|---|
| | | | | | | YES | NO |
| | | | | | | | |
| | | | | | | | |

### OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| | GeoAccess.com [online], [retrieved on 2010-02-15]. Retrieved from the internet: <URL: http://www.ingenix.com> (2010) 1 page. |
| | UCompareHealthCare.com [online], [retrieved on 2010-02-15]. Retrieved from the internet: <URL: www.UCompareHealthCare.com> (2010) 1 page. |
| | RevolutionHealth.com [online], [retrieved on 2010-02-15]. Retrieved from the internet: <URL: www.RevolutionHealth.com> (No Date) 1 page. |
| | WebMD.com [online], [retrieved on 2010-02-15]. Retrieved from the internet: <URL: www.WebMD.com> (2005-2010) 2 pages. |

## 23552

PATENT TRADEMARK OFFICE

| EXAMINER | DATE CONSIDERED |
|---|---|
| | |

EXAMINER:  Initial if reference considered, whether or not citation is in conformance with MPEP 609; draw line through citation if not in conformance and not considered.  Include copy of this form for next communication to the Applicant.

*Substitute Disclosure Statement Form (PTO-1449)

Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

MDX 0013501

2af5a6b40ffa72e3

U.S. Patent Application Serial No. 11/512,529

## REMARKS

This Amendment and Response and the following remarks are intended to fully respond to the Non-Final Office Action mailed November 13, 2009.  In that Office Action, claims 1-15, 19, and 20 were examined, and all were rejected.  Specifically, claims 1-15, 19, and 20 were rejected under 35 U.S.C. § 112, second paragraph, as allegedly "being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention."  *Office Action, 11/13/2009, at 2-3*.  Claims 1-15 and 19-20 were rejected under 35 U.S.C. § 101 allegedly because "the claimed invention is directed to non-statutory subject matter."  *Office Action, 11/13/2009, at 3-4*.  In addition, claims 1-6, 8, 9, 13-15, and 19 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over U.S. Pat. App. Publ. No. 2003/0195838 to Henley in view of U.S. Pat. App. Publ. No. 2006/0080146 to Cook, et al. (hereinafter, "Cook").  Further, claims 7, 10, 11, 12, and 20 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over Henley in view of Cook and further in view of U.S. Pat. App. Publ. No. 2004/0010423 to Sameh.  Reconsideration of these rejections, as they might apply to the original and amended claims in view of these remarks, is respectfully requested.

In this Amendment and Response, claims 1-3, 7, 10, 19, and 20 have been amended. Claim 5 has been cancelled without prejudice, and claims 16-18 remain cancelled without prejudice in light of the Response to Restriction Requirement filed on September 30, 2009. Claim 21 has been added.  This new claim does not add any new subject matter.  Therefore, claims 1-4, 6-15, and 19-21 are present for examination.  This application is in condition for allowance, and such action is respectfully requested.

### Claim Rejections – 35 U.S.C. § 112, Second Paragraph:  Claims 1-15 & 19-20

Claims 1-15, 19, and 20 were rejected under 35 U.S.C. § 112, second paragraph, as allegedly "being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention."  *Office Action, 11/13/2009, at 2-3*.  The Applicants do not concede the correctness of these rejections.  However, in the interest of forwarding the prosecution of this application to allowance, the Applicants have amended independent claims 1 and 19 to recite in part:

> . . .
> creating, by a processor, a healthcare provider report using *the healthcare provider-verified information*, the past-patient provided information, and *the information verified by independent third-party sources*, wherein the healthcare

MDX 0013502

U.S. Patent Application Serial No. 11/512,529

provider report includes comparison ratings of healthcare providers; and

    . . . .

*Claim 1, supra (as amended) (emphasis added)*.

An on-line information system for providing verified information regarding healthcare providers, the system comprising:
*at least one processor; and*
*memory coupled with and readable by the at least one processor and comprising a series of instructions that, when executed by the at least one processor, cause the at least one processor to*:

    . . . .

*Claim 19, supra (as amended) (emphasis added)*.

As a person of ordinary skill in the art would reasonably understand, these amendments to claims 1 and 19 do not add any new subject matter. For example, the amendments to claim 1 have been added merely to correct alleged insufficient antecedent bases. Further, the "processor" and "memory" amendments to claim 19 represent inherent features of the already-claimed "on-line information system" and would have reasonably been understood and anticipated by a person of ordinary skill in the art.

Claims 1 and 19 are in condition for allowance. The Applicants therefore respectfully request the withdrawal of the § 112 rejections of claims 1 and 19. Because claims 2-4, 6-15, and 20-21 depend on allowable base claims 1 and 19, respectively, these claims are also allowable, and such action is respectfully requested. As such, any remaining arguments supporting the rejections of these claims are not acquiesced to even though they are not directly addressed herein. Accordingly, the Applicants respectfully request the allowance of claims 1-4, 6-15, and 19-21.

**Claim Rejections – 35 U.S.C. § 101: Claims 1-15 & 19-20**

Claims 1-15 and 19-20 were rejected under 35 U.S.C. § 101 allegedly "because the claimed invention is directed to non-statutory subject matter." *Office Action, 11/13/2009, at 3-4*. The Applicants do not concede the correctness of these rejections. However, in the interest of forwarding the prosecution of this application to allowance, the Applicants have amended claims 1 and 19 to recite in part:

8

U.S. Patent Application Serial No. 11/512,529

> creating, *by a processor*, a healthcare provider report using the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources, wherein the healthcare provider report includes comparison ratings of healthcare providers; and
>
> . . . .

*Claim 1, supra (as amended) (emphasis added).*

> An on-line information system for providing verified information regarding healthcare providers, the system comprising:
> *at least one processor; and*
> *memory coupled with and readable by the at least one processor and comprising a series of instructions that, when executed by the at least one processor, cause the at least one processor to:*
> . . . .

*Claim 19, supra (as amended) (emphasis added).*

Claims 1 and 19 are in condition for allowance. The Applicants thus respectfully request the withdrawal of the § 112 rejections of claims 1 and 19. Because claims 2-4, 6-15, and 20-21 depend on allowable base claims 1 and 19, respectively, these claims are also allowable, and such action is respectfully requested. As such, any remaining arguments supporting the rejections of these claims are not acquiesced to even though they are not directly addressed herein. Accordingly, the Applicants respectfully request the allowance of claims 1-4, 6-15, and 19-21.

## Claim Rejections – 35 U.S.C. § 103(a):  Claims 1-6, 8, 9, 13-15, & 19

Claims 1-6, 8, 9, 13-15, and 19 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over Henley in view of Cook. The Applicants respectfully disagree with and traverse these rejections. To establish a prima facie case of obviousness, the references must teach or suggest each and every one of the claim elements to one of ordinary skill in the art at the time the invention was made. *See* MPEP §§ 2142, 2143.03; *In re Wilson*, 424 F.2d 1382, 1385 (C.C. P.A. 1970). In addition, *KSR International Company v. Teleflex, Inc.*, 127 S. Ct. 1727, 1741 (2007), requires that there "must be some *articulated reasoning with some rational underpinning* to support the legal conclusion of obviousness." (Emphasis added.) Further, "a

9

MDX 0013504

patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art." *KSR Int'l Co.*, 127 S. Ct. at 1741. Specifically, the references fail to teach or suggest all of the claim elements.

      For example, Henley in view of Cook fail to teach or suggest at least the following with respect to claim 1:

> . . .
>
>     creating, by a processor, a healthcare provider report *using the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources, wherein the healthcare provider report includes comparison ratings of healthcare providers*; and
>     providing access to the healthcare provider report over a computer network.

*Claim 1, supra (as amended) (emphasis added).*

      Henley provides generally for "an on-line auctioning process in negotiating a price for the performance of a professional personal medical service performed by a medical physician on an individual patient . . . ." *Henley, at [0016]*.  Specifically, Henley provides for on-line negotiating of fees for medical services and provides a "method and apparatus that will enable prospective patients to easily identify and access an otherwise underutilized medical facility to negotiate a favorable fee for services subject to scheduling restrictions and other 'specifications' set by the medical service provider." *Henley, at [0024]*.  Henley is thus related to on-line auctioning for medical services and products and fails to disclose or suggest, at a minimum, "creating . . . a healthcare provider report using the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources . . . ."  Indeed, the Office Action admits that Henley "may or **may not** explicitly disclose" such teaching and provides no citation in Henley supporting such teaching. *See Office Action, 11/13/2009, at 6 (emphasis added)*.  Instead, the Office Action relies on Cook:

> Henley may or may not explicitly disclose the following limitation.  However, Cook discloses:
>
> - *creating a healthcare provider report using the physician-verified information, the past-patient provided information, and the verified information* (See at least paragraphs 0091, 0343, 0358, 0375 and claim 21).

*Office Action, 11/13/2009, at 6 (emphasis in original).*

MDX 0013505

U.S. Patent Application Serial No. 11/512,529

However, the Applicants respectfully disagree that Cook provides such disclosure. Cook relates generally to enabling a patient "to choose a healthcare provider who uses an EMR [("electronic medical record")] system and optionally an advanced, compatible EMR system." *Cook, at [0097]*. The citations from the Office Action relate at most to specific reports about "the EMR system in use by each provider . . . ." *See, e.g., Cook, at [0091]*. For example, paragraph [0343] provides:

> **Reports of compatibility of a provider's EMR** can be based on the percentage of other **EMR systems** which are compatible or the percentage of healthcare providers who are using **EMR systems which are compatible**.

*Cook, at [0343] (emphasis added)*.

Cook's reports are thus related to EMR systems: "It is also specifically meant to include all implementations **in which reports to patients include graduated assessments of EMR systems**." *Cook, at [0375] (emphasis added)*. While Cook refers to the "ability to report to patients objective measures of the quality and cost effectiveness of care provided by each individual healthcare provider," *Cook, at [0358]*, this reference to the "quality" and "cost effectiveness" appears to refer again to "reviewing electronic patient medical records" and to "outcomes data from health insurance companies." *See Cook, at [0358]*. Cook thus fails to provide any teaching or suggestion, at a minimum, of ". . . creating . . . a healthcare provider report *using the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources* . . . ." Cook's reports are based on "EMR systems" and "outcomes data from health insurance companies," *see Cook, at [0358]*, and provide no teaching, for example, of "creating" a "healthcare provider report *using* the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources . . . ." (Emphasis added.) Cook thus fails to cure the deficiencies of Henley.

Further, Henley fails to teach or suggest, for example, ". . . wherein the healthcare provider report includes comparison ratings of healthcare providers . . . ." The Office Action relies on Henley at "paragraphs 0015-0016, 0037, 0081, 0090 and 0107" for providing such a teaching. However, the Applicants respectfully disagree. The cited portions of Henley provide no teaching or suggestion of "comparison ratings." *See, e.g., Henley, at [0015-0016], [0037], [0081], [0090], & [0107]*. For example, paragraph [0107] provides that "[t]he qualifier engine and associated databases allow the qualifications of both the physician providing the service and

11

U.S. Patent Application Serial No. 11/512,529

the qualifications of the hospital/treatment facilities [to be] available to the consumer/patient." *Henley, at [0107]*. However, making general qualifications "available" to a consumer does not teach or suggest "comparison ratings." Additionally, while paragraph [0090] provides for "hyperlinks to databases storing the identification of medical service providers having satisfied a particular qualifying requirement," *Henley, at [0090]*, access to databases storing the "identification" of medical service providers satisfying a particular requirement provides no teaching or suggestion of, for example, "comparison ratings" of healthcare providers. Henley thus fails to provide any teaching or suggestion of at least ". . . wherein the healthcare provider report includes comparison ratings of healthcare providers . . . ."

Accordingly, Henley in view of Cook fail to teach or suggest each and every limitation of claim 1, and allowance of this claim is therefore respectfully requested. While the above discussion shows that the cited references do not teach or suggest each and every aspect of claim 1, amendments to claim 1 are made in the interest only of forwarding the prosecution of this application to allowance and are not necessarily made to address the Office Action's rejections based on the cited references. Amendments are therefore made without prejudice. Because claims 2-4 and 6-15 depend on allowable base claim 1, these claims are also allowable, and such action is respectfully requested. As such, any remaining arguments supporting the rejections of these claims are not acquiesced to even though they are not directly addressed herein. Accordingly, the Applicants respectfully request the allowance of claims 1-4 and 6-15 (claim 5 has been cancelled without prejudice).

Further, the Applicants note that the Office Action's apparent reliance on "Official Notice," *see Office Action, 11/13/2009, at 8-10*, fails to cure the deficiencies of Henley and Cook with regard to claims 3, 13, and 14. *See discussion supra*. The Office Action relies on "Official Notice" for various described teachings. *See, e.g., Office Action, 11/13/2009, at 7-10 (using multiple, various statements of Official Notice)*. The Applicants do not necessarily agree with the Office Action's characterization of the claim language relating to these multiple takings of Official Notice. *See Office Action, 11/19/2009, at 8-10*. Further, the Applicants do not necessarily agree with these multiple takings of Official Notice nor do they acquiesce to the statements made in the Office Action regarding the Official Notice. Nevertheless, since Henley in view of Cook fails to teach the features of claim 1 noted above, and no additional references have been cited that compensate for the deficiencies in Henley in view of Cook, the issue regarding the accuracy of each of the multiple takings of Official Notice is moot.

MDX 0013507

U.S. Patent Application Serial No. 11/512,529

The Applicants also respectfully disagree with the Office Action's rejection of claim 2. For example, the Office Action states with regard to the "transmitting . . ." element:

> [T]hese differences are not functionally involved in the steps recited nor do they alter the recited structural elements. The recited steps would be performed the same regardless of the specific data. Further, the structural elements remain the same regardless of the specific data. Thus, this will not distinguish the claimed invention from the prior art in terms of patentability.

*Office Action, 11/13/2009, at 7.*

The Applicants do not necessarily agree with these statements in the Office Action nor do they acquiesce to these statements. *See Office Action, 11/13/2009, at 7.* Nevertheless, since Henley in view of Cook fails to teach the features of claim 1 (upon which claim 2 depends) noted above, and no additional references have been cited that compensate for the deficiencies in Henley in view of Cook, the issue regarding the accuracy of these statements is moot.

In addition, for at least the reasons set forth above, Henley in view of Cook fail to teach or suggest each and every limitation of independent claim 19. For example, the cited references fail to disclose or suggest at least the following with respect to claim 19:

> . . .
> create a healthcare provider report *using the healthcare provider-verified information, the patient-provided information, and the independently verified information, wherein the healthcare provider report includes comparison ratings of healthcare providers.*

*Claim 19, supra (as amended) (emphasis added).*

Accordingly, for at least the above reasons, Henley in view of Cook fail to teach or suggest each and every limitation of claim 19. Allowance of this claim is therefore respectfully requested. Because claims 20-21 are dependent on allowable base claim 19, *see discussion supra*, these claims are also patentable over Henley in view of Cook. As such, any remaining arguments supporting the rejection of this claim are not acquiesced to even though they are not directly addressed herein. While the above discussion shows that the cited references do not teach or suggest each and every aspect of claim 19, amendments to claim 19 are made in the interest only of forwarding the prosecution of this application to allowance and are not necessarily made to address the Office Action's rejections based on the cited references. Amendments are therefore made without prejudice. The allowance of claims 19-21 is therefore respectfully requested.

MDX 0013508

U.S. Patent Application Serial No. 11/512,529

For at least the reasons presented above, claims 1-4, 6-15, and 19-21 are patentable over Henley in view of Cook.  Accordingly, the Applicants respectfully request the allowance of this application.

## Claim Rejections – 35 U.S.C. § 103(a):  Claims 7, 10-12, & 20

Claims 7, 10-12, and 20 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over Henley in view of Cook and further in view of Sameh.  The Applicants respectfully disagree with and traverse these rejections.  The cited references fail to teach or suggest all of the claim elements.

Because claims 7, 10-12, and 20 depend on allowable base claims 1 and 19, respectively, *see discussion supra*, these claims are also allowable for at least the reasons presented above, and such action is respectfully requested.  As such, any remaining arguments supporting the rejections of these claims are not acquiesced to even though they are not directly addressed herein.  Accordingly, the Applicants respectfully request the allowance of claims 7, 10-12, and 20.

Further, Henley in view of Cook and further in view of Sameh fail to teach or suggest at least the following:

> . . .
> creating, by a processor, a healthcare provider report *using the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources, wherein the healthcare provider report includes comparison ratings of healthcare providers*; and
> providing access to the healthcare provider report over a computer network.

*Claim 1, supra (as amended) (emphasis added) (upon which claims 7 & 10-12 depend).*

> . . .
> create a healthcare provider report *using the healthcare provider-verified information, the patient-provided information, and the independently verified information, wherein the healthcare provider report includes comparison ratings of healthcare providers.*

*Claim 19, supra (as amended) (emphasis added) (upon which claim 20 depends).*

Sameh fails to cure the deficiencies of Henley in view of Cook.  Sameh relates generally to providing a method and apparatus for allowing patients "to make appointments with physicians."  *Sameh, at [0002]*.  Specifically, Sameh provides that a "website messaging system

14

U.S. Patent Application Serial No. 11/512,529

10 may be provided by a sponsor (e.g., a hospital or other healthcare facility) and may be used to forward messages from patients to their attending physicians under any of a number of predetermined message formats and patient conditions specified by the attending physician." *Sameh, at [0020]*. Sameh's messaging system for forwarding messages from patients to physicians and providing an "appointment request webpage," *Sameh, at [0007]*, thus neither teaches nor suggests, for example, ". . . creating a healthcare provider report using the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources . . . ." Sameh also provides no disclosure or suggestion of, at a minimum, "wherein the healthcare provider report includes *comparison ratings of healthcare providers*." (Emphasis added.) Sameh thus fails to cure the deficiencies of Henley in view of Cook.

Further, the Applicants note that the Office Action's apparent reliance on "Official Notice," *see Office Action, 11/13/2009, at 14*, fails to cure the deficiencies of Henley and Cook with regard to claim 12. The Office Action states that "[i]t is old and well known in the art for organizations or service providers to reward their members with extra (or enhanced) services." *Office Action, 11/13/2009, at 14*. The Applicants do not necessarily agree with the Office Action's characterization of the claim language. Further, the Applicants do not necessarily agree with this apparent taking of Official Notice nor do they acquiesce to the statements made in the Office Action regarding the Official Notice. Nevertheless, since Henley in view of Cook fails to teach the features of claim 1 (upon which claim 12 depends) noted above, and no additional references have been cited that compensate for the deficiencies in Henley in view of Cook, the issue regarding the accuracy of the taking of Official Notice is moot.

Accordingly, Henley in view of Cook and further in view of Sameh fail to disclose or suggest each and every element of claims 7, 10-12, and 20. Claims 7, 10-12, and 20 are therefore allowable. While the above discussion shows that the cited references fail to teach or suggest each and every element of claims 7, 10-12, and 20, amendments to claims 7, 10-12, and 20 are made in the interest only of forwarding the prosecution of this application to allowance and are not necessarily made to address the Office Action's rejections based on the cited references. Amendments are therefore made without prejudice.

For at least the above reasons, the Applicants respectfully request the allowance of claims 7, 10-12, and 20.

15

U.S. Patent Application Serial No. 11/512,529

## New Claim

Claim 21 has been added. *See supra*. This claim does not add any new subject matter. Further, claim 21 is allowable for at least the reasons set forth above. *See discussion supra*. In addition, none of the cited references discloses or suggests the limitations of claim 21. Accordingly, claim 21 is also in condition for allowance, and such action is respectfully requested.

## Conclusion

This Amendment and Response fully responds to the Non-Final Office Action mailed November 13, 2009. It is recognized that the Office Action may contain arguments and rejections that are not directly addressed by this Amendment and Response because they are rendered moot in light of the preceding arguments in favor of patentability. Hence, the failure, if any, of this Amendment and Response to directly address an argument and/or comment raised in the Office Action should not be taken as an indication that the Applicant believes the argument and/or comment has merit. Additionally, the failure, if any, to address statements and/or comments made in the Office Action does not mean that the Applicants acquiesce to such statements and/or comments. Furthermore, the claims of the present application may include other elements, not discussed in this Amendment and Response, which are not shown, taught, or otherwise suggested by the art of record. Accordingly, the preceding arguments in favor of patentability are advanced without prejudice to other bases of patentability.

It is believed that no additional fees are due with this Amendment and Response. However, the Commissioner is hereby authorized to charge any deficiencies or credit any overpayment with respect to this patent application to deposit account number 13-2725.

In light of the above remarks and amendments, the application is in condition for allowance and such action is respectfully requested. Should any additional issues need to be resolved, the Examiner is respectfully requested to telephone the undersigned to attempt to resolve those issues.

MDX 0013511

U.S. Patent Application Serial No. 11/512,529

Respectfully submitted,

Dated: <u>February 16, 2010</u>

*Elizabeth J. Reagan*

Elizabeth J. Reagan, Reg. No. 57,528
Merchant & Gould P.C.
P.O. Box 2903
Minneapolis, MN 55402-0903
(303) 357-1644

23552
PATENT TRADEMARK OFFICE

17

MDX 0013512

U.S. Patent Application Serial No. 11/512,529

**Amendments to the Claims:**

This listing of claims will replace all prior versions and listings of claims in the application.  Please amend the claims as follows:

**Listing of Claims:**

1.      (Currently Amended) A method of providing healthcare provider information to potential patients, said method comprising:

compiling healthcare provider-verified information;

compiling past-patient provided information;

compiling information verified by independent third-party sources;

creating, by a processor, a healthcare provider report using the ~~physician-verified~~ healthcare provider-verified information, the past-patient provided information, and the ~~verified~~ information verified by independent third-party sources, wherein the healthcare provider report includes comparison ratings of healthcare providers; and

providing access to the healthcare provider report over a computer network.

2.      (Currently Amended) The method as defined in claim 1, wherein the past-patient provided information is obtained through data collected through the method comprising:

past or current patients of a particular healthcare provider accessing a report for ~~that~~ the particular healthcare provider over the computer network;

the past or current patients selecting to complete an on-line patient survey;

the past or current patients completing the survey and providing an e-mail address; and

transmitting the completed survey to a predetermined company Web server.

3.      (Currently Amended) The method as defined in claim 2, further comprising a method for verifying and compiling such data, the method comprising:

2

determining whether the past or current patient has already completed a maximum number of surveys for a predetermined time period;

if the past or current patient has not reached the maximum number of surveys, transmitting a confirmation e-mail to the e-mail address provided;

determining if the confirmation e-mail was successfully transmitted; and

if the e-mail was successfully transmitted, compiling the data provided by the past or current patient with other relevant data in a company database comprised of healthcare provider information.

4.      (Original) The method as defined in claim 1, wherein the healthcare provider report includes a hyperlink to an affiliated hospital, medical center, or other type of treatment center.

5.      (Cancelled)

6.      (Original) The method as defined in claim 1, wherein the access to the healthcare provider report is obtained through a predetermined Web page that provides search capabilities for a database comprised of healthcare provider information.

7.      (Currently Amended) The method as defined in claim 6, wherein the search capabilities permit a search based on one or more from the group consisting of: at least one of name, medical specialty, gender, state, city, procedure, diagnosis, procedure, [[or]] and location criteria.

8.      (Original) The method as defined in claim 7, wherein a search of the database produces a results list of healthcare providers satisfying the search criteria.

9.      (Original) The method as defined in claim 8, wherein the results list further includes an advertisement for a healthcare provider with a hyperlink to information on that healthcare

3

U.S. Patent Application Serial No. 11/512,529

provider.

10.     (Currently Amended) The method as defined in claim 8, further comprising:

determining from the results list whether [[the]] a particular healthcare provider is a member of [[the]] a company managing the Web site; and

if the particular healthcare provider is a member of the company managing the Web site, providing enhanced services for the member healthcare provider on the Web site.

11.     (Original) The method as defined in claim 10, wherein the enhanced services comprise making report information on the member provider available at no charge to potential patients.

12.     (Original) The method as defined in claim 10, wherein the enhanced services comprise favorable positioning in the results list.

13.     (Original) The method as defined in claim 1, further comprising:

maintaining a record of whether the healthcare provider report should be made available to a potential patient at no charge; and

requiring payment of a fee to access the healthcare provider report if the report is not recorded as being available at no charge.

14.     (Original) The method as defined in claim 13, wherein the required fee is adjusted to account for applicable discounts.

MDX 0013515

U.S. Patent Application Serial No. 11/512,529

15.     (Original) The method as defined in claim 1, wherein the healthcare provider is a physician, hospital, nursing home, or other treatment facility.

16.-18. (Cancelled)

19.     (Currently Amended) An on-line information system for providing verified information regarding healthcare providers, the system comprising:

    at least one processor; and

    memory coupled with and readable by the at least one processor and comprising a series of instructions that, when executed by the at least one processor, cause the at least one processor to:

    a compilation module for compiling compile healthcare provider-verified information;

    a compilation module for compiling compile patient-provided information;

    a compilation module for compiling compile healthcare provider information verified by an independent third party; and

    a creation module for creating create a healthcare provider report using the provider-verified healthcare provider-verified information, the patient-provided information, and the independently verified information, wherein the healthcare provider report includes comparison ratings of healthcare providers; and

    a computing system with access to healthcare provider information stored in a database, wherein patients may search the database and review healthcare provider reports to differentiate among healthcare providers.

20.     (Currently Amended) The on-line information system defined in claim 19, wherein:

MDX 0013516

U.S. Patent Application Serial No. 11/512,529

the healthcare provider report is obtained through one of a predetermined Web page that provides search capabilities on its database or a third-party search engine; and

the search capabilities of the predetermined Web page permit searching based on one or more from the group consisting of: name, medical specialty, gender, state, city, procedure, diagnosis, procedure, [[or]] and location criteria.

21.   (New)  The on-line information system defined in claim 20, further comprising:

producing a results list of healthcare providers satisfying received search criteria;

determining from the results list whether a particular healthcare provider is a member of a company managing the Web site; and

if the healthcare provider is a member of the company managing the Web site, providing enhanced services for the member healthcare provider on the Web site, wherein the enhanced services comprise making report information on the member provider available at no charge to potential patients.

MDX 0013517