**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

vs.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**HEALTH GRADES' MOTION FOR DETERMINATION THAT
MATERIALS ARE PROPERLY DESIGNATED PURSUANT
TO THE TERMS OF THE PROTECTIVE ORDER**

---

    Plaintiff Health Grades, Inc. ("Health Grades"), by its undersigned counsel, respectfully submits its Motion for Determination that Materials Are Properly Designated Pursuant to the Terms of the Protective Order [Dkt. 227]:

    Undersigned counsel certifies that he has conferred with counsel for MDx via telephone and via email, and that MDx opposes the relief requested herein.

    On November 20, 2012, counsel for MDx advised counsel for Health Grades via email that MDx was contesting Health Grades' "Highly Confidential – Attorney's Eyes Only" designations on "all deposition transcripts." *See* Exhibit A, email from Scott D. Stimpson to Jesus Vazquez dated November 20, 2012, attached hereto. Thus MDx challenges the designations to the deposition transcripts of David Hicks (taken 1/11/2012), Scott Montroy (taken 1/16/2012), Brian Blackman (taken 6/12/2012), John Neal (taken 6/13/2012), and Allen Dodge (taken 6/28/2012).

Section 6.1.8 of the Protective Order, "Deposition Testimony," provides:

> "Designation of portions, or the entirety, of deposition transcripts (including exhibits) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be made by a statement to such effect on the record in the course of the deposition, or upon review of such transcript by Counsel for the deponent within fourteen (14) business days after Counsel's receipt of the transcript."

Section 10 of the Protective Order requires that the Parties must try to resolve disputes regarding designations on an "informal basis," and "[i]f agreement cannot be reached, the Producing Party may move the court requesting a determination of whether the disputed information should be subject to the terms of this Protective Order." [Dkt. 227, p. 18]

Health Grades has attempted to resolve MDx's disputes regarding the designations of the deposition transcripts. On November 16, 2012, Health Grades identified narrow portions of the deposition transcripts of John Neal, Allen Dodge and Scott Montroy that should remain designated "Highly Confidential." *See* Exhibit B, email from Jesus Vazquez to David Lee and copying Scott Stimpson and Scott Murray, dated November 16, 2012, attached hereto. MDx, however, rejected Health Grades' proposals as set forth in Exhibit B.

With respect to the deposition transcripts of John Neal and Allen Dodge, those depositions were properly designated *on the record* as "Highly Confidential – Attorneys Eyes Only" pursuant to Section 6.1.8 of the Protective Order [Dkt. 227 at p. 15]. *See* Exhibits C and D, transcript pages showing designations made on the record, attached hereto. The testimony identified in Exhibit B that Health Grades requests remain designated as Highly Confidential relates to Health Grades' revenues, internal business strategy, acquisitions, profit margins, pricing, expenses, monetization strategies, and ownership interests. All of this information is the

2003960388_1.doc                              2

type of information that the Protective Order contemplates is Confidential Information and that if disclosed would cause "financial and competitive harms" to Health Grades.  *See* Protective Order, Sections 1.1 and 1.2 [Dkt. 227].

With respect to the deposition transcript of Scott Montroy, as noted in Exhibit B, the only testimony that Health Grades' requests remain designated as Highly Confidential relates to a trade secrets lawsuit that Mr. Montroy was involved in and which was settled confidentially. That lawsuit was completely unrelated to this case and disclosure to the public would harm Mr. Montroy's privacy interests.

With respect to the deposition transcripts of David Hicks and Brian Blackman, Health Grades agreed to withdraw the Highly Confidential designations in their entirety.  *See* Exhibit B.

Given that Health Grades properly designated the depositions of John Neal and Allen Dodge *on the record* as "Highly Confidential – Attorneys Eyes Only" pursuant to Section 6.1.8 of the Protective Order, and given that Health Grades subsequently undertook to identify the select portions of those depositions that should remain so designated, Health Grades remains optimistic that MDx will agree to the proposals made in Exhibit B.  Otherwise Health Grades respectfully requests the Court approve Health Grades' proposals as set forth in Exhibit B. [Dkt. 227 at p. 15].

In order to avoid the necessity of more motion practice regarding restriction to access of documents by the public, Health Grades has not attached the transcript portions listed in Exhibit B to this motion.  However, if the Court requires, Health Grades will submit the transcripts to the Court and denote them as Restricted Level 1 pending resolution of this motion.

Respectfully submitted this 4th day of December, 2012.

                                ROTHGERBER JOHNSON & LYONS LLP

                                *s/ Jesús M. Vázquez*
                                Gregory B. Kanan, Esq.
                                Kris J. Kostolansky, Esq.
                                Jesús M. Vázquez, Jr., Esq.
                                1200 17th Street, Suite 3000
                                Denver, Colorado  80202
                                Tel:  (303) 623-9000
                                Fax:  (303) 623-9222
                                Email: gkanan@rothgerber.com
                                           kkosto@rothgerber.com
                                           jvazquez@rothgerber.com

                                *Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2012, I electronically filed the foregoing **MOTION FOR DETERMINATION THAT MATERIALS ARE PROPERLY DESIGNATED PURSUANT TO THE TERMS OF THE PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Scott David Stimpson | Terence M. Ridley |
| Mark Jon Rosenberg | Wheeler Trigg O'Donnell, LLP |
| David Chunyi Lee | 370 17th Street, Suite 4500 |
| Scott B. Murray | Denver, CO  80202-5647 |
| Sills Cummis & Gross P.C. – New York | Email: ridley@wtotrial.com |
| 30 Rockefeller Plaza | |
| New York, NY  10112 | |
| Email: sstimpson@sillscummis.com | |
| Email: mrosenberg@sillscummis.com | |
| Email: dlee@sillscummis.com | |
| Email: smurray@sillscummis.com | |

*s/ Jes*ú*s M. Vázquez*
Gregory B. Kanan, Esq.
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Rothgerber Johnson & Lyons, LLP
1200 17th Street, Suite 3000
Denver, Colorado 80202-5855
Tel:     (303) 623-9000
Facsimile: (303) 623-9222
Email: gkanan@rothgerber.com
           kkostolansky@rothgerber.com
           jvazquez@rothgerber.com

*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*