**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

vs.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**HEALTH GRADES, INC.'S RESPONSE TO MDX MEDICAL, INC.'S MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENT – DOCUMENT NOS. 340-1, 340-2, 340-3, 340-4, 340-5, 340-6, 340-7, 340-8, AND 340-9**

Plaintiff Health Grades, Inc. ("Health Grades"), by its undersigned counsel, respectfully submits its Response to MDx Medical, Inc.'s ("MDx") Motion for Leave to Restrict Access to Document Nos. 340-1, 340-2, 340-3, 340-4, 340-5, 340-6, 340-7, 340-8 and 340-9 (the "Motion") [Dkt. 383]:

Currently pending before the Court is MDx's Motion for a Determination that Nine License Agreements are Subject to the Terms of the Protective Order in this Case as Properly Designated as Highly Confidential – Attorneys' Eyes Only (the "Determination Motion") [Dkt. 310]. Health Grades' response is at Docket # 340, and MDx's reply is at Docket # 382. The nine agreements at issue in the Determination Motion are the same nine agreements that MDX now contends should not be accessible by the public in their entirety.

The presumption of public access finds its root in the common law rights of access to judicial proceedings and to inspect judicial records – rights which are "beyond dispute." *See Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1067 (3d Cir. 1984). The Supreme Court has

2

acknowledged the same. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). There is also a constitutionally protected right to public access rooted in the First Amendment. *See Publicker*, 733 F.2d at 1070; *accord Westmoreland v. Columbia Broadcasting System, Inc.*, 752 F.2d 16, 23 (2d Cir. 1984). Documents may be sealed if the public's right of access is outweighed by interests which favor non-disclosure. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). It is within the district court's discretion to determine whether a particular document should be sealed. *See Nixon*, 435 U.S. at 599.

D.C.COLO.LCivR 7.2, *Public Access To Documents And Proceedings*, provides that motions to restrict access such as MDx's Motion "must … [a]ddress the interest to be protected and why such interest outweighs the presumption of public access … [i]dentify a clearly defined and serious injury that would result if access is not restricted … [ e]xplain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits)."

MDx does not "identify a clearly defined and serious injury that would result if access is not restricted" for each of the nine agreements, as it is required to do pursuant to D.C.COLO.LCivR 7.2. In its Motion MDx simply makes conclusory statements that disclosure "would severely damage MDx." MDx literally repeats this boiler-plate, conclusory statement as to each of the nine agreements. *See* Motion, pp. 3-7. This is woefully insufficient to outweigh the presumption of public access.

In its Motion MDx asserts that "each of the terms and conditions found in MDx's agreement documents, including those in the nine agreements at issue here, which relate to ongoing relationships, are material and confidential." *See* Motion at p. 3. ***However, there are no***

*provisions in the nine agreements that require MDx to keep the agreements – or their terms – confidential, and agreements 340-4 and 340-6 are no longer in force, so there is no "ongoing relationship" as MDx contends.* See Motion at pp. 4-5, conceding agreements 340-4 and 340-6 are no longer in force.

Finally, MDx does not even attempt to "explain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question" as it is required to do pursuant to D.C.COLO.LCivR 7.2. It is MDx's burden – not Health Grades' – to explain why redacted versions of the agreements would not adequately protect the unidentified interests MDx purports to protect, and MDx has utterly failed to do so. This requirement is analogous to the requirement in Section 4.3 of the Protective Order which requires MDx to "take care to designate for protection only those parts of the Documents … that qualify – so that portions of such Documents … for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order [Dkt. 227 at pp. 6-7]. MDx's failure to propose redacted versions of the agreements that can be accessed by the public, and its failure to explain why doing so would not adequately protect it, violates the requirements of D.C.COLO.LCivR 7.2, just as it violates the requirements of Section 4.3 of the Protective Order.

Each of the nine agreements references that certain software, or data, or database, or data pages, etc., are supposedly MDx trade secrets. None of the agreements, however, provide that the agreements themselves are MDx trade secrets. Magistrate Judge Boland's Order of September 20, 2012 [Dkt. 303], did not find or determine that the Aetna agreement itself is a trade secret. Nowhere in the Order did Magistrate Judge Boland even use the words "trade secret." Magistrate Judge Boland simply accepted MDx's representation that "disclosure of the

*specific terms* of MDx's relationship with Aetna would severely negatively impact MDx's future negotiating position with other potential business partners and against its competitors." [Dkt. 303] (Emphasis added.)

The fact that the nine agreements at issue here exist is not confidential, and MDx has not argued to the contrary.  MDx listed the nine agreements at issue here, and the identities of the parties to the agreements, in its Determination Motion without any restriction – the Determination Motion is available to the public and has been so since September 28, 2012, when it was filed [Dkt. 310].

In light of the foregoing, the Court should deny MDx's Motion and order that MDx identify those parts of the agreements that actually merit restriction from public access.  Then access by the public to all other parts of the agreements should be permitted

Respectfully submitted this 5th day of December, 2012.

           ROTHGERBER JOHNSON & LYONS LLP

           *s/ Jesús M. Vázquez*
           Gregory B. Kanan, Esq.
           Kris J. Kostolansky, Esq.
           Jesús M. Vázquez, Jr., Esq.
           1200 17th Street, Suite 3000
           Denver, Colorado  80202
           Tel:  (303) 623-9000
           Fax:  (303) 623-9222
           Email: gkanan@rothgerber.com
              kkosto@rothgerber.com
              jvazquez@rothgerber.com

           *Attorneys for Plaintiff/Counterclaim Defendant*
           *Health Grades, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2012, I electronically filed the foregoing **HEALTH GRADES, INC.'S RESPONSE TO MDX MEDICAL, INC.'S MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENT – DOCUMENT NOS. 340-1, 340-2, 340-3, 340-4, 340-5, 340-6, 340-7, 340-8, AND 340-9** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Scott David Stimpson
Mark Jon Rosenberg
David Chunyi Lee
Scott B. Murray
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY  10112
Email:  sstimpson@sillscummis.com
Email:  mrosenberg@sillscummis.com
Email:  dlee@sillscummis.com
Email:  smurray@sillscummis.com

Terence M. Ridley
Wheeler Trigg O'Donnell, LLP
370 17th Street, Suite 4500
Denver, CO  80202-5647
Email:  ridley@wtotrial.com

*s/ Jesús M. Vázquez*
Gregory B. Kanan, Esq.
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Rothgerber Johnson & Lyons, LLP
1200 17th Street, Suite 3000
Denver, Colorado 80202-5855
Tel:     (303) 623-9000
Facsimile: (303) 623-9222
Email: gkanan@rothgerber.com
           kkostolansky@rothgerber.com
           jvazquez@rothgerber.com

*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*