IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

**HEALTH GRADES, INC.'S MOTION TO STRIKE SECTIONS OF MDX MEDICAL, INC.'S OPPOSITION TO HEALTH GRADES, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT FOR FAILURE TO FOLLOW THE COURT'S JUNE 2012 PRACTICE STANDARDS (CIVIL CASES)**

Plaintiff Health Grades, Inc. ("Health Grades") respectfully moves to strike sections of Defendant MDx Medical, Inc.'s ("MDx") Opposition [Dkt. 407] (the "Opposition") to Health Grades' Motion for Partial Summary Judgment [Dkt. 369] (the "Motion").

MDx violated a number of sections of this Court's Practice Standards for Civil Cases (June 2012), which include several requirements for responses to motions for summary judgment. MDx was aware of these Practice Standards: it admits as much in its Opposition brief (Dkt. 407 at pp. 2, 12 ("Counsel for MDx is familiar with the Court's Practice Standards . . . ."), but chose to violate them anyway.

### 1. Section I of MDx's Opposition Brief Violates §§III(F)(3)(b)(iv) and III(F)(3)(b)(vii) of the Practice Standards

First, §III(F)(3)(b)(iv) requires that the summary judgment response brief contain a section styled "Response to Statement of Undisputed Material Facts" that admits or denies the

2003979535_1.doc

asserted material facts set forth by the movant. MDx did not title this section as required, instead choosing an argumentative title:

## I. RESPONSES TO ALLEGEDLY UNDISPUTED FACTS

(Opposition at p. 2.)

Second, MDx was required to admit or deny each "Statement of Undisputed Material Fact" ("SUMF") set forth in the Motion and include a brief factual explanation of the reason(s) for each denial as well as a specific reference to material in the record supporting the denial. This Court's Practice Standards prohibit legal argument - - "legal argument is not permitted" - - in this section. "If, for example, a party believes that an established fact is immaterial that belief should be expressed in the part of the brief devoted to legal argument, and the fact should be admitted." (Practice Standards, §III(F)(3)(b)(vii).) MDx also violated this rule. Many of its responsive paragraphs contain legal arguments about materiality or additional statements of fact, even though MDx admitted the statement of material fact in Health Grades' motion. (Opposition at pp. 2-12, ¶¶5-6, 10, 13-15, 17, 19-20, 22, 25-27, 31, 33-42, 44-45, 49-53, 55-56, 61-63, 65, 67, and 70.)

For example, Health Grades' SUMF ¶5 stated:

> 5. Any reference dated after August 29, 2005 does not qualify as prior art under §102(b).[1] (U.S. Pat. No. 7,752,060, Cover Page (Ex. A).)

(Motion at pp. 5-6.) In response, MDx's Opposition stated:

> 5. Admitted, with the qualification that such references are prior art under at least 35 U.S.C. §102(a), as they were available prior to the February 8, 2006 invention date alleged by Health Grades. Health Grades'

---

[1] For purposes of this motion only, Health Grades is assuming that the '060 patent is not entitled to priority back to the provisional application.

2

> Response to MDx's First Set of Interrogatories, Exhibit A hereto, Response to Interrogatory 1, at page 7 (all highlighting is added to exhibits).

(Opposition at pp. 2-3 (highlighting added).) Essentially, MDx argued that the fact that a reference does not qualify as prior art under §102(b) is not material if the reference qualifies as prior art under §102(a). Such an argument is not permitted in this section and should be stricken.

As another example, Health Grades SUMF ¶15 stated:

> 15. The page labeled UCHC 000080 is a printout from www.healthgrades.com dated 10/19/2004 – it does not show ratings of human healthcare providers. (UCHC 0000080 (Ex. E hereto).)

(Motion at p. 8.) In response, MDx's Opposition stated:

> 15. Admitted, as the page labeled UCHC 0000080 is only a printout of the physician search result page indicating that the consumer can purchase a Physician Comparison Report (*i.e.,* it was on sale and in public use pursuant to 35 U.S.C. §102(a), (b)) – it is not an actual Physician Comparison Report. UCHC 0000080, HG Exhibit E. The search result indicates, however, that "the report [when purchased] will provide ***detailed comparison information on each doctor*** that matched your search criteria." *Id*. (emphasis added). Health Grades did not produce the report in discovery.

(Opposition at p. 3 (highlighting added).) The highlighted text ducks the issue of "human healthcare providers" and presents another argument about materiality that should not have been included in this section. It should be disregarded.

As yet another example, Health Grades SUMF ¶22 stated:

> 22. Dep. Ex. 23 does not include ratings of human healthcare providers. (Ex. H.)

(Motion at p. 9.) In response, MDx's Opposition stated:

> 22. Admitted that ratings of a specific physician are not shown, but the concept of comparing healthcare providers is taught.

(Opposition at p. 5 (highlighting added).) The highlighted text is another argument about materiality that should not have been included in this section. It should be disregarded.

Paragraphs 6, 10, 13-14, 17, 19-20, 25-27, 31, 33-42, 44-45, 49-53, 55-56, 61-63, 65, 67, and 70 are the same – admissions followed by arguments as to why the admissions are not material. As such, Health Grades requests that SUMF ¶¶5-6, 10, 13-15, 17, 19-20, 22, 25-27, 31, 33-42, 44-45, 49-53, 55-56, 61-63, 65, 67, and 70 be deemed admitted and that the arguments attached to these paragraphs be stricken.

One of MDx's responsive statements did not explain the reason for the denial. SUMF ¶7 stated:

> 7.   The "Early HG Reports and Services" are the only prior art references that Dr. Cooper relies on for his invalidity analysis of independent claims 1 and 15. (Invalidity Report at ¶33, p. 8 (Ex. D).)

(Motion at p. 6.) MDx denied this fact, but did not explain why:

> 7. Denied. *See, e.g.,* Health Grades' Press Release, dated Aug. 2, 2005, Exhibit B hereto.

(Opposition at p. 3.) The Press Release MDx cites relates to one of the Early HG Reports and Services (i.e., physician quality reports), so it is unclear why MDx found this statement objectionable. MDx violated the Practice Guidelines by not including an explanation for denying SUMF ¶7. This fact should be deemed admitted.

MDx failed to admit or deny SUMF ¶45. (Opposition at p. 9.) It should be deemed admitted.

In sum, Health Grades requests that this Court strike the arguments MDx made in response to SUMF ¶¶5-6, 10, 13-15, 17, 19-20, 22, 25-27, 31, 33-42, 44-45, 49-53, 55-56, 61-63, 65, 67, and 70 and find that these fact paragraphs and SUMF ¶¶7 and 45 be deemed admitted.

4

### 2. Section II of MDx's Opposition Brief Violates §§III(F)(3)(b)(v) and III(F)(3)(b)(vii) of the Practice Standards

Section III(F)(3)(b)(v) provides:

> If the party opposing the motion believes that there exist additional **disputed** questions of fact which it has not adequately addressed in the submissions it has made pursuant to subparagraph (iv) above (for example, disputed facts concerning an affirmative defense), ***the party shall, in a separate section of the party's brief styled "Statement of Additional Disputed Facts," set forth in simple, declarative sentences***, **separately numbered and paragraphed**, each additional, material disputed fact which undercuts movant's claim that it is entitled to judgment as a matter of law. Each separately numbered and paragraphed fact shall be accompanied by a **specific reference** to material in the record which establishes the fact or at least demonstrates that it is disputed.

(emphasis added). Legal argument is not permitted in this section. (*See id.* at §III(F)(3)(b)(vii).

MDx also violated these rules and essentially admits as much:

> Counsel for MDx is familiar with the Court's Practice Standards and specifically, Rule III.F.3.b., and have done its best to comply therewith given the complex nature of this opposition brief and the nature of the facts at issue. This Section includes more than only the "disputed" facts section contemplated by the Court's rules. But MDx cannot truthfully characterize many of these facts showing anticipation, obviousness, and fraud, as "disputed" because Health Grades does not, or cannot, dispute them. Indeed, they include sworn admissions by Health Grades. These facts were simply ignored in the Health Grades motion, but must be addressed in any analysis of the invalidity and inequitable conduct issues.

(Opposition at p. 12.) Again, MDx did not title the section as required by the Court, choosing instead to use argumentative language:

### II. DISPUTED (AND UNDISPUTED) FACTS IGNORED BY HEALTH GRADES

(Opposition at p. 12.) In addition to mislabeling this section, MDx admittedly included disputed and undisputed facts even though the Practice Standards clearly state that this section should be reserved for "disputed" facts. Moreover, MDx never differentiates between "disputed" and supposedly "undisputed" facts, thus further confusing and complicating the briefing process.

5

2003979535_1.doc

Further, many of its additional fact paragraphs ("AF") contain legal argument despite the express prohibition against doing so. (Opposition at pp. 12-36, AF ¶¶3, 10-12, 14-20, 23, 25-32, 36, 39, 52-53, 56, 59, 70, 76, 85, 89, 93, 97, 101, 105, 109, 111, 112, 120, 122, and 123.)  The following are a few examples of how MDx included argument in its additional "fact" paragraphs:

3. For this motion, Health Grades assumes that it is not entitled to the February 8, 2006 priority date (and Health Grades in fact is not entitled to that priority date; Exhibit U hereto, at pages 7 and 8). Commercial launch of the patented subject matter in the spring/summer of 2005 pursuant to Health Grades' sworn admission would thus invalidate all the claims under 35 U.S.C. §102(b).

. . . .

10. Because the alleged invention was admittedly commercialized in the spring/summer of 2005, it was *known* by others before the invention date relied upon by Health Grades. 35 U.S.C. §102(a).

11. Because the alleged invention of the '060 patent was admittedly commercialized in the spring/summer of 2005, it was *used* by others before the invention date relied upon by Health Grades. 35 U.S.C. §102(a).

. . . .

53. By the time of Health Grades' reply memorandum, MDx will have a motion for sanctions pending, seeking sanctions for Health Grades' failures to comply with the requirements of Rule 30(b)(6).

. . . .

70. If Health Grades and its expert are correct that the priority application, with no disclosures of comparison ratings of any healthcare providers (not even hospitals) is a disclosure to a person of ordinary skill in the art of the concept of comparison ratings of physicians, then *a fortiori* so is the disclosure found in the prior art Early HG Reports and Services.[4]

6

---

[4] *See KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 417 (U.S. 2007) ("If a person of ordinary skill can implement a predictable variation, § 103 likely bars its patentability."); *id.* ("[A] court must ask whether the improvement is more than the predictable use of prior art elements according to their established functions."); *id.* at 418 ("As our precedents make clear, however, the analysis need not seek out precise teachings directed to the specific subject matter of the challenged claim, for a court can take account of the inferences and creative steps that a person of ordinary skill in the art would employ."); *id.*, at 420 ("Common sense teaches, however, that familiar items may have obvious uses beyond their primary purposes, and in many cases a person of ordinary skill will be able to fit the teachings of multiple patents together like pieces of a puzzle."); *id.*, at 421 ("Rigid preventative rules that deny factfinders recourse to common sense, however, are neither necessary under our case law nor consistent with it."). *See, e.g., DyStar Textilfarben GmbH & Co. Deutschland KG v. C. H. Patrick Co.*, 464 F.3d 1356, 1367 (Fed. Cir. 2006) ("Our suggestion test is in actuality quite flexible and not only permits, but requires, consideration of common knowledge and common sense"); and *Alza Corp. v. Mylan Labs., Inc.*, 464 F.3d 1286, 1291 (2006) ("There is flexibility in our obviousness jurisprudence because a motivation may be found implicitly in the prior art. We do not have a rigid test that requires an actual teaching to combine … .").

---

(Opposition at pp. 13-28.)  These paragraphs violate this Court's Practice Standards and should be stricken.

Furthermore, many of these additional "fact" paragraphs do not cite to any evidence in the record or cite only generally to other fact paragraphs.  For example:

> 2. This Health Grades admission is consistent with the evidentiary record. MDx Facts 3-72, *infra*.
>
> . . . .
>
> 34. The reports created by the Early HG Reports and Services also included comparison ratings of healthcare providers. *See* MDx Facts 35-72, *infra*.
>
> . . . .
>
> 51. For a 30(b)(6) witness on the Health Grades prior art (including the Health Grades products and services prior to 2006), Health Grades designated Allen Dodge, who was only a ***financial officer*** at the critical time period and who knew virtually nothing on the critical prior art issues.
>
> . . . .
>
> 123. But for the intentional fraud on the Patent Office by all of the inventors, none of the claims of the '060 patent would have issued, and neither this Court nor MDx would have been forced to deal with the litigation based on this fraudulently-obtained patent.

(Opposition at pp. 13-23.)  AF ¶¶2-3, 10-12, 24, 34, 36, 39, 51-53, 63, 66, 69-70, 74, 120 and 122 similarly do not meet the requirement to cite to evidence in the record to establish the fact or

7

at least establish it is disputed. (Opposition at pp. 13-36.) All of these "fact" paragraphs should be stricken for failing to follow this Court's Practice Standards.

Finally, several of MDx's "fact" paragraphs contain multiple lengthy statements in violation of the requirement that each contain simple, declarative sentences, separately numbered and paragraphed. For example, AF ¶7 states:

> 7. The named inventors on the '060 patent did not "invent" anything. A different entity, their employer Health Grades, was practicing the same thing found in their claims, long before they even claim to have invented anything. Exhibit A hereto, Response to Interrogatory 4, at page 14; see also Response to Interrogatory 1, at page 5 ("Health Grades began launching the first version of these products in the Spring/Summer of 2005.").

(Opposition at pp. 13-14.) AF ¶¶3, 7, 24, 66-68, 70, and 116 also contain multiple lengthy sentences in violation of this Court's Practice Standards and should be stricken.

### 3.     **Conclusion and Requested Relief**

MDx flagrantly violated this Court's Practice Standards. This was not a case of mistake or inadvertence – MDx admits that it was aware of the standards. Indeed, MDx has filed four separate motions for summary judgment in this case and should be well aware by now of how it should be done. MDx's failure to follow the rules has prejudiced Health Grades by significantly increasing the amount of time and work necessary to sort out and reply to MDx's Opposition to Health Grades' Motion.

8

As such Health Grades requests the following relief:

a. An order deeming the following Statements of Undisputed Fact in Health Grades' Motion admitted without qualification: SUMF ¶¶ 5-6, 7, 10, 13-15, 17, 19-20, 22, 25-27, 31, 33-42, 44-45, 49-53, 55-56, 61-63, 65, 67, and 70;

b. An order striking the arguments from paragraphs 5-6, 7, 10, 13-15, 17, 19-20, 22, 25-27, 31, 33-42, 44-45, 49-53, 55-56, 61-63, 65, 67, and 70 from Section I of MDx's Opposition; and

c. An order striking the entire Section II of MDx's Opposition, or at a minimum striking the following additional fact paragraphs from this section: AF ¶¶ 2-3, 6-7, 10-20, 23-32, 34, 36, 39, 71, 74, 76, 85, 89, 93, 97, 101, 105, 109, 111-112, 116, 120, and 122-123.

d. An order awarding Health Grades its attorneys' fees for having to sort out and respond to the non-compliant Response.

**CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.LR 7.1A**

The undersigned counsel for Health Grades certifies he conferred with counsel for MDx regarding the relief requested in this motion on December 12, 2012, and that MDx opposes the relief requested herein.

9

Respectfully submitted on December 13, 2012.

                        ROTHGERBER JOHNSON & LYONS LLP

                        *s/ Jesús M. Vazquez*
                        Gregory B. Kanan, Esq.
                        Kris J. Kostolansky, Esq.
                        Jesús M. Vázquez, Jr., Esq.
                        1200 17th Street, Suite 3000
                        Denver, Colorado  80202
                        Tel:  (303) 623-9000
                        Fax:  (303) 623-9222
                        Email: gkanan@rothgerber.com
                                  kkosto@rothgerber.com
                                  jvazquez@rothgerber.com

                        *Attorneys for Plaintiff Health Grades, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2012, I electronically filed the foregoing **HEALTH GRADES, INC.'S MOTION TO STRIKE SECTIONS OF MDX MEDICAL, INC.'S OPPOSITION TO HEALTH GRADES, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT FOR FAILURE TO FOLLOW THE COURT'S JUNE 2012 PRACTICE STANDARDS (CIVIL CASES)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Scott David Stimpson
Scott Murray
David Chunyi Lee
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY  10112
Email:  sstimpson@sillscummis.com
Email:  smurray@sillscummis.com
Email:  dlee@sillscummis.com

Terence M. Ridley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
Email:  ridley@wtotrial.com

      *s/ Jesús M. Vazquez*
      Gregory B. Kanan, Esq.
      Kris J. Kostolansky, Esq.
      Jesús M. Vázquez, Jr., Esq.
      Rothgerber Johnson & Lyons, LLP
      1200 17th Street, Suite 3000
      Denver, Colorado 80202-5855
      Tel:     (303) 623-9000
      Facsimile: (303) 623-9222
      Email:  gkanan@rothgerber.com
            kkostolansky@rothgerber.com
            jvazquez@rothgerber.com

      *Attorneys for Plaintiff Health Grades, Inc.*