**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**PARTIES' JOINT UNOPPOSED MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENTS - DOCUMENT NOS. 404, 404-3, 404-4, 404-5, 404-6, 404-9, 404-10, 405, 405-3, 405-4, 405-5, 405-6, 405-9, 411-1, 411-2, 411-3, 411-5, 412-1, 412-2, 412-4 & 433-5**

---

Defendant MDx Medical, Inc. ("MDx") and Plaintiff Health Grades, Inc. ("Health Grades"), by their respective undersigned counsel, pursuant to *D.C.COLO.LCivR* 7.2, moves this Court for an order continuing the restricted access to the following documents: Document Nos. 404, 404-3, 404-4, 404-5, 404-6, 404-9, 404-10, 405, 405-3, 405-4, 405-5, 405-6, 405-9, 411-1, 411-2, 411-3, 411-5, 412-1, 412-2, 412-4 & 433-5 (the "Joint Motion").

For documents 404, 404-3, 405-3, 404-4, 405-4, 404-9, 405-9, 405, 411-1, 412-1, 411-2, 411-5, 412-4, 433-5, 411-3 and 412-2, the parties are submitting a proposed, redacted version of the document, from which the MDx and Health Grades confidential or highly confidential information has been redacted, to be used for public access.

For the remaining documents, *i.e.,* 404-5, 404-6, 404-10, 405-5, and 405-6, which have such confidential and highly confidential MDx information interspersed throughout to the extent

1

that redactions are not possible, the parties are not providing a proposed redacted version, and instead ask simply that access remain restricted regarding the filed documents at Level 1.

Therefore, in light of the arguments herein and the submission of proposed, redacted versions as set forth above, the parties respectfully request that access to the unredacted versions of Document Nos. 404, 404-3, 404-4, 404-5, 404-6, 404-9, 404-10, 405, 405-3, 405-4, 405-5, 405-6, 405-9, 411-1, 411-2, 411-3, 411-5, 412-1, 412-2, 412-4 & 433-5 remain restricted at Restricted Level 1, and that the proposed, redacted versions of Document Nos. 404, 404-3, 405-3, 404-4, 405-4, 404-9, 405-9, 405, 411-1, 412-1, 411-2, 411-5, 412-4, 433-5, 411-3 and 412-2 attached hereto be used as replacements that the public can access.

Pursuant to *D.C.COLO.LCivR* 7.1(A), the parties' counsel have conferred extensively on this Joint Motion by telephone and e-mail on at least December 10, 14, 18, 19 and 20, 2012. The parties have agreed upon the unopposed relief requested herein.

The documents at issue were submitted by Health Grades regarding four, separate motions, and each had multiple exhibits:

- Dkt. No. 404 – Health Grades' opposition to MDx's motion for summary judgment regarding no willfulness.

- Dkt. No. 405 – Health Grades' opposition to MDx's motion for summary judgment regarding non-infringement.[1]

- Dkt. No. 411 – Health Grades' opposition to MDx's motion to exclude the testimony of Health Grades' damages expert, David Hall.

- Dkt. No. 412 – Health Grades' opposition to MDx's motion for partial summary judgment that Health Grades is not entitled to lost profits or a reasonable royalty.

- Dkt. No. 433 – Health Grades' errata submission regarding Dkt. No. 411.

---

[1] The exhibits to certain of Health Grades' oppositions are the same, therefore, the parties discuss identical documents from separate submissions together below.

The parties file this Joint Motion regarding the specific briefs and exhibits identified below from these Health Grades' submissions.

Doc. No. 404 – Health Grades' memorandum of law in opposition to MDx's no-willfulness summary judgment motion contains quoted portions of the deposition testimony of MDx's Chief Technology Officer, Larry West, and MDx's Vice President, Data Operations, Erika Boyer, on pages 5 and 7.  Such testimony has been designated previously by MDx as confidential or highly confidential, and was the subject of a prior MDx motion to restrict [dkt. no. 322] because such information explains how Vitals.com works internally, as well as the website's internal operations and statistics.  *See* Dkt. 322-1 (Erika Boyer Certification dated October 10, 2012), ¶¶ 6 & 7.  Such information is competitively sensitive and is not made public by MDx.  *Id.*  As MDx has previously asserted, disclosure to the public and MDx's competitors of such internal information would allow such information to be unfairly used by competitors against MDx and cause MDx damage.  *Id.*  Therefore, attached hereto as Exhibit A is a redacted copy of this document for public access that has the competitively sensitive testimony redacted.

Doc. Nos. 404-3/405-3 – As an exhibit to two of its summary judgment oppositions, Health Grades submitted MDx's Second Supplemental Responses to Health Grades' First Set of Interrogatories.  This document was the subject of a prior MDx motion to restrict [dkt. no. 322] because the supplemental response includes specific physician and database statistics regarding Vitals.com on several pages.  *See* Dkt. 322-1 (Erika Boyer Certification dated October 10, 2012), ¶ 5. Such information is competitively sensitive and is not made public by MDx.  *Id.*  As MDx has previously asserted, disclosure to the public and MDx's competitors of such specific statistical information would allow such information to be unfairly used by competitors against

3

MDx and cause MDx damage. *Id.* Therefore, attached hereto as Exhibit B is a redacted copy of this document for public access that has the competitively sensitive information redacted. These are the same redactions that MDx has previously proposed and submitted to the Court. *Id.*

Doc. Nos. 404-4/405-4 – As an exhibit to two of its summary judgment oppositions, Health Grades submitted excerpts of the deposition transcript of MDx's Chief Technology Officer, Larry West. Such testimony has been designated previously by MDx as confidential or highly confidential, and was the subject of a prior MDx motion to restrict [dkt. no. 322] because such information relates to MDx's internal processes for obtaining and displaying database information. *See* Dkt. 322-1 (Erika Boyer Certification dated October 10, 2012), ¶¶ 7. Such information is competitively sensitive and is not made public by MDx. *Id.* As MDx has previously asserted, disclosure to the public and MDx's competitors of such internal information would allow such information to be unfairly used by competitors against MDx and cause MDx damage. *Id.* Therefore, attached hereto as Exhibit C is a redacted copy of this exhibit for public access that has the competitively sensitive testimony redacted.

Doc Nos. 404-5/405-5 & 404-6/405-6 – As two exhibits to each of two of its summary judgment oppositions, Health Grades submitted SQL Reports from Vitals.com that are query screens of MDx's database used to obtain internal Vitals.com statistics regarding usage and other percentages. These documents were the subject of a prior MDx motion to restrict. *See* Dkt. 322-1 (Erika Boyer Certification dated October 10, 2012), ¶ 8. Such information is competitively sensitive and is not made public by MDx. *Id.* As MDx has previously asserted, disclosure to the public and MDx's competitors of such specific statistical information would allow such

4

information to be unfairly used by competitors against MDx and cause MDx damage. *Id.* Therefore, MDx requests that access to these documents remain restricted at Level 1.

<u>Doc. Nos. 404-9/405-9</u> – As an exhibit to two of its summary judgment oppositions, Health Grades submitted excerpts of the deposition transcript of MDx's Vice President, Erika Boyer. Such testimony has been designated previously by MDx as confidential or highly confidential, and was the subject of a prior MDx motion to restrict [dkt. no. 322] because such information relates to MDx's internal processes for obtaining and displaying database information. *See* Dkt. 322-1 (Erika Boyer Certification dated October 10, 2012), ¶¶ 6. Such information is competitively sensitive and is not made public by MDx. *Id.* As MDx has previously asserted, disclosure to the public and MDx's competitors of such internal information would allow such information to be unfairly used by competitors against MDx and cause MDx damage. *Id.* Therefore, attached hereto as Exhibit D is a redacted copy of this exhibit for public access that has the competitively sensitive testimony redacted.

<u>Doc. No. 404-10</u> – As an exhibit to one of its summary judgment oppositions, Health Grades submitted excerpts from an MDx PowerPoint presentation, "Site Functionality & Data Set Overview." MDx asks that access to this document remain restricted at Level 1 in its entirety because it is excerpts of an MDx marketing document that shows the content and strategy of MDx's marketing pitch to potential customers. On its face, the document was marked "Confidential" by MDx in the normal course of business, and has been marked Highly Confidential as part of this litigation. Health Grades does not oppose this request.

<u>Doc. No. 405</u> – Health Grades' memorandum of law in opposition to MDx's non-infringement summary judgment motion includes specific, Vitals.com physician data and

statistics (totals and percentages) on pages 4, 5, 7, 8, 11 and 12. Such highly confidential information has been the subject of a prior MDx motion to restrict. *See* Dkt. 322-1 (Erika Boyer Certification dated October 10, 2012), ¶¶ 4 & 8. Such information is competitively sensitive and is not made public by MDx. *Id.* As MDx has previously asserted, disclosure to the public and MDx's competitors of such specific statistical information would allow such information to be unfairly used by competitors against MDx and cause MDx damage. *Id.* Therefore, attached hereto as Exhibit E is a redacted copy of this document for public access that has the competitively sensitive information redacted.

Doc. Nos. 411-1/412-1 – As an exhibit to two of Health Grades' oppositions to MDx's motions regarding Health Grades' damages expert, David Hall, Health Grades submitted Mr. Hall's July 13, 2012 Expert Report. Mr. Hall's expert report includes highly confidential MDx financial and licensing agreement information throughout. Such highly confidential information has been the subject of several prior MDx motions to restrict. *See* Dkt. Nos. 310-3 (Erika Boyer Certification dated September 28, 2012), ¶¶ 4-11; 382-1 (Erika Boyer Certification dated November 9, 2012), ¶¶ 4-12; and 400-5 (Erika Boyer Certification dated November 16, 2012), ¶ 5. Such financial and licensing agreement information is competitively sensitive and is not made public by MDx, which is a private company. *Id.* As MDx has previously asserted, disclosure to the public and MDx's competitors of such specific statistical information would allow such information to be unfairly used by competitors against MDx and cause MDx damage. *Id.*[2]

---

[2] The parties' acknowledge that several motions are pending regarding whether such MDx licensing agreement information is properly designated as Highly Confidential and whether public access to such documents that have been submitted to the Court can be restricted. To the extent such motions are resolved by the Court prior to this Joint Motion, the parties agree to apply such ruling to the licensing information at issue here.

Likewise, Mr. Hall's expert report includes highly confidential Health Grades financial and licensing agreement information throughout, including its non-public advertising revenue in paragraph 30, its non-public incremental profit rate in paragraph 51, non-public licensing information in paragraphs 64, 65 and 66, non-public financial information in paragraph 83, and non-public income, profit, revenues and costs information within attachments 1, 4, 5, 5a, 6a, 8 and 12. This financial and licensing information is competitively sensitive and is not made public by Health Grades, which is a private company. Disclosure of this information to the public, including Health Grades' competitors, would allow it to be used by Health Grades' competitors, causing competitive damage to Health Grades.

Therefore, attached hereto as Exhibit F is a joint redacted copy of this document for public access that has the competitively sensitive information of both companies redacted.

Doc. No. 411-2 – As an exhibit to its opposition to MDx's motion to exclude Mr. Hall's expert testimony, Health Grades submitted Mr. Hall's July 20, 2012 Supplemental Expert Report. This report also contains highly confidential MDx financial and licensing agreement information (particularly the MDx/Aetna licensing agreement) throughout. For the same reasons expressed in the immediately preceding paragraph, MDx seeks to redact all such highly confidential information from such document. Similarly, the report contains Health Grades' non-public, competitively sensitive incremental profit rate information in paragraphs 26 and 27 and within attachment 15, which if disclosed to the public, including Health Grades' competitors, would allow it to be used by Health Grades' competitors, causing competitive damage to Health Grades.

7

Therefore, attached hereto as Exhibit G is a joint redacted copy of this document for public access that has the competitively sensitive information of both companies redacted.

Doc. Nos. 411-5/412-4 As an exhibit to its oppositions to MDx's motions regarding Health Grades' damages expert testimony, Health Grades submitted MDx's damages expert, Brian Napper's September 17, 2012 Expert Report. This report also contains highly confidential MDx financial and licensing agreement information throughout. For the same reasons expressed in the paragraph regarding Doc. Nos. 411-1/412-1, above, MDx seeks to redact all such highly confidential information from such document. Similarly, this report contains Health Grades' non-public, competitively sensitive information regarding acquisitions and private ownership of Health Grades on page 10; Health Grades' non-public, competitively sensitive licensing information on pages 19, 26, 27, 29, 31 and 32, and; Health Grades' non-public, competitively sensitive advertising revenue information on pages 21 and 33. Disclosure of this information to the public, including Health Grades' competitors, would allow it to be used by Health Grades' competitors, causing competitive damage to Health Grades.

Therefore, attached hereto as Exhibit H is a joint redacted copy of this document for public access that has the competitively sensitive information of both companies redacted.

Doc. No. 433-5 - As an exhibit to its errata submission regarding Docket No. 411, Health Grades submitted a chart from Mr. Hall regarding a market share analysis that includes MDx's highly confidential advertising revenue information. For the same reasons expressed in the paragraph regarding Doc. Nos. 411-1/412-1, above, MDx seeks to redact all such highly confidential information from such document. Likewise, the chart displays Health Grades' non-public, competitively sensitive advertising revenue information, which if disclosed to the public,

8

including Health Grades' competitors, would allow it to be used by Health Grades' competitors, causing competitive damage to Health Grades.

Therefore, attached hereto as Exhibit I is a joint redacted copy of this document for public access that has the competitively sensitive information of both companies redacted.

<u>Doc. Nos. 411-3/412-2</u>   As an exhibit to its oppositions to MDx's motions regarding Health Grades' damages expert testimony, Health Grades submitted the affidavit of its damages expert, Mr. David Hall.  Paragraph 13 of the affidavit references Health Grades' non-public, competitively sensitive advertising revenue information, which if disclosed to the public, including Health Grades' competitors, would allow it to be used by Health Grades' competitors, causing competitive damage to Health Grades.  Therefore, attached hereto as Exhibit J is a redacted copy of this document for public access that has the competitively sensitive advertising revenue information redacted.

## **CONCLUSION**

For the foregoing reasons, the parties request that this Court grant this motion and order that Document Nos. 404, 404-3, 404-4, 404-5, 404-6, 404-9, 404-10, 405, 405-3, 405-4, 405-5, 405-6, 405-9, 411-1, 411-2, 411-3, 411-5, 412-1, 412-2, 412-4 & 433-5 remain restricted at Restricted Level 1, and that the proposed, redacted versions of Document Nos. 404, 404-3, 405-3, 404-4, 405-4, 404-9, 405-9, 405, 411-1, 412-1, 411-2, 411-5, 412-4, 433-5, 411-3 and 412-2 attached hereto be used as replacements that the public can access.

Dated:  December 20, 2012                                     Respectfully submitted,

                                                   <u>*s:/Scott B. Murray*</u>
                                                   Scott D. Stimpson
                                                   Scott B. Murray

        David C. Lee
        Sills Cummis & Gross P.C.
        30 Rockefeller Plaza
        New York, New York 10112
        Tel: (212) 643-7000
        Fax: (212) 643-6500
        E-mail:sstimpson@sillscummis.com
        E-mail:smurray@sillscummis.com
        E-mail:dlee@sillscummis.com

        and

        Terence Ridley, Atty. No. 15212
        Wheeler Trigg O'Donnell LLP
        370 Seventeenth Street, Suite 4500
        Denver, Colorado 80202
        Tel:  (303) 244-1800
        Fax:   (303) 244-1879
        E-mail: ridley@wtotrial.com

        *Attorneys for Defendant*
        MDx Medical, Inc. d/b/a VITALS.COM


        *s:/ Jesús M. Vázquez*
        Jesús M. Vázquez, Jr., Esq.
        Kris J. Kostolansky, Esq.
        Gregory B. Kanan, Esq.
        1200 17th Street, Suite 3000
        Denver, Colorado 80202
        Tel: (303) 623-9000
        Fax: (303) 623-9222
        Email: jvazquez@rothgerber.com
        Email: kkosto@rothgerber.com
        Email: gkanan@rothgerber.com

        *Attorneys for Plaintiff*
        Health Grades, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2012, I electronically filed the foregoing PARTIES' JOINT UNOPPOSED MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENTS - DOCUMENT NOS. 404, 404-3, 404-4, 404-5, 404-6, 404-9, 404-10, 405, 405-3, 405-4, 405-5, 405-6, 405-9, 411-1, 411-2, 411-3, 411-5, 412-1, 412-2, 412-4 & 433-5 with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Jesus Manuel Vazquez, Jr.
  jvazquez@rothgerber.com, phenke@rothgerber.com

- Gregory B. Kanan
  gkanan@rothgerber.com, dgrooms@rothgerber.com

- Kris John Kostolansky
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- Scott David Stimpson
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- Scott B. Murray
  smurray@sillscummis.com

- David Chunyi Lee
  dlee@sillscummis.com

- Terence M. Ridley
  ridley@wtotrial.com, norris@wtotrial.com

*s:/ Scott B. Murray*