# EXHIBIT B

(Redacted Version of Dkt. # 404-3 and 405-3)

Civil Action No. 11-CV-00520-PAB-BNB

**HEALTH GRADES, INC.'S OPPOSITION TO MDx MEDICAL, INC.'S
MOTION FOR SUMMARY JUDGMENT OF NO WILLFULNESS**

**HEALTH GRADES, INC.'S OPPOSITION TO MDx MEDICAL, INC.'S
MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**

---

**Exhibit 3**

**MDx's Second Supp. Responses to First Set of Interrogatories**
*(selected portions; highlighting added)*

EXHIBIT 3

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

     Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

     Defendant.

---

## DEFENDANT MDX MEDICAL, INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

---

     Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant MDx Medical, Inc. ("MDx") hereby provides its second supplement to its response to Health Grades, Inc.'s ("Health Grades") First Set of Interrogatories to Defendant ("Interrogatories").

     The Preliminary Statements and General Objections from the earlier responses are incorporated by reference.

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 2.**

With respect to any of version of MDX's Accused Products, using a claim chart, state in detail MDX's bases for any assertions of non-infringement of the patent in suit on a claim-by-claim, element-by element basis. Your answer should include a statement of MDX's interpretation of each claim element, a statement whether MDX's Accused Products provide(s) such an element or an equivalent and, if not, an explanation how MDX's Accused Products operate or function differently than the claim element and a particularized statement why a component, feature or function of Accused Products is not a substantial equivalent of the pertinent claim element.

**Response:**

MDx objects to this Interrogatory as a premature contention interrogatory that seeks claim constructions not yet due to be disclosed under the Scheduling Order. MDx also objects to this Interrogatory on the grounds that it is unreasonably broad, unduly burdensome, seeks information that is not relevant to this lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence. MDx also objects to the request for a claim chart, which is unnecessary and burdensome for showing the elements that are not met. MDx also objects to this Interrogatory to the extent it calls for documents and information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving these and the General Objections, and based on the Health Grades Infringement Contentions, Supplemental Infringement Contentions and accompanying documents, MDx responds as follows with regard to the independent claims.

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

Responses with regard to the dependent claims incorporate these responses, and will be supplemented with regard to their specific claim elements provided after consultation.

      **A.**    *__Healthcare provider-verified information.__*

      - <u>No Literal Infringement</u>:  For most of the MDx data, the information required by this portion of the claims is not verified by the healthcare provider.

      The following supplemental response is hereby designated **HIGHLY CONFIDENTIAL / ATTORNEY'S EYES ONLY**.

      The following information has been entered and/or modified by one or more physicians: specialty information, gender, awards/honors, professional appointments, professional membership, and languages.

REDACTED

      Additionally, the MDx data does not include the following data fields: medical philosophy and hobbies.

REDACTED

      - <u>Equivalents</u>:  There can be no infringement of this element by equivalents, for numerous reasons.  For example, having third parties provide information that the claims expressly require be provided by providers is vastly different from the claimed requirements.  It is an entirely different approach and thus the function/way/result are not similar (for example, some sources are more accurate and trustworthy than others), and in fact are expressly distinguished in the patent itself.  Moreover, any such equivalents argument would vitiate the claim term entirely, and the concept of obtaining information from other sources is disclosed by not claimed in the patent specification.  Furthermore, verification from the provider is an entirely different approach than either obtaining no verification or verification from other sources and thus the function/way/result test would not be met; attempting to read this limitation on the MDx

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

Website would vitiate this claim term entirely; and the concept of verifying information from other sources was disclosed but not claimed and thus precludes application of the doctrine of equivalents.

**B.** ***Received from the first healthcare provider***.

- <u>No Literal Infringement</u>:  For most of the data, this information required by this portion of the claims is not received from the provider itself.

The following supplemental response is hereby designated HIGHLY CONFIDENTIAL / ATTORNEY'S EYES ONLY.

The following information has been entered and/or modified by one or more physicians:  specialty information, gender, awards/honors, professional appointments, professional membership, and languages.

REDACTED

Additionally, the MDx data does not include the following data fields: medical philosophy and hobbies.

REDACTED

- <u>No Equivalents</u>:  There can be no equivalents where this data is not obtained from the provider, as the MDx approach of obtaining this data elsewhere is entirely different from the claimed approach; attempting to capture this data under the doctrine of equivalents would entirely vitiate this claim language; and there is also prosecution history estoppel precluding equivalents on this element (*e.g.,* amendment on 4/26/10).

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

**C.**   ***Compiling in response to Receiving a Request***.

- No Literal Infringement:  MDx compiles data on providers as scheduled -- it does not compile data in response to receiving a request for information regarding a healthcare provider.

The following supplemental response is hereby designated HIGHLY CONFIDENTIAL / ATTORNEY'S EYES ONLY.

Compilation of data from third-party sources may be scheduled depending on the third-party source.  Depending on the third-party source, data may be compiled once every quarter, once every six months, once every year, or on another schedule.

- No Equivalents:  The compiling procedure for the MDx Website is entirely different from that claimed in the patent, which requires receiving a request for information and then compiling information in response to the request (compare, *e.g*., the second paragraph of claim 1, where the information is accessed, not compiled).  The MDx data is compiled as scheduled and not in response to a request – the function/way/result analysis, for example, cannot be met.  Also, reading this limitation on the MDx Website would entirely vitiate this claim requirement; and there is also an estoppel (e.g., amendment on 4/26/10).

**D.**   ***Patient Ratings from On-Line Patient Experience Survey***

- No Literal Infringement:  Not all the patient ratings come from the MDx on-line survey, as required by this claim element.

The following supplemental response is hereby designated HIGHLY CONFIDENTIAL / ATTORNEY'S EYES ONLY.

REDACTED

The main third-party sources include Yelp and Citysearch.

- No Equivalents:  The claimed requirement that all patient ratings come from the online survey is not met literally or equivalently – obtaining some of the ratings from another source is an entirely different approach.  Equivalents would vitiate this claim requirement, and a finding of equivalents is not possible because the possibility of obtaining ratings from another source was disclosed but not claimed.  There is also an estoppel (*e.g.*, 4/26/10 amendment).

Case 1:11-cv-00520-PAB-BNB   Document 404-9   Filed 11/26/12   USDC Colorado   Page 7 of
10

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

**E.**   ***Report using the information verified by the independent third-party source***

- No direct infringement:  The reports on the MDx Website do not include three or more of the information verified by the independent third party source.

The following supplemental response is hereby designated HIGHLY CONFIDENTIAL / ATTORNEY'S EYES ONLY.

The following information is obtained from one or more third-party sources: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship information.

The MDx Website does not display the following information: licensure, disciplinary action information.

The following information have also been obtained in some cases from physicians: medical school, medical internship, medical residency, and medical fellowship information.  If displaying third-party verified information for a physician would include three or more of third-party information, then the same information obtained from a physician would be used instead (when available) to reduce the number of displayed third-party data to less than three.  If the same information for a data field has not been obtained from a physician, then the data field is not displayed at all, so that no more than two third-party data fields are ever displayed for a physician.

 - No Equivalents:  There can be no equivalence because the claim language is entirely missing from the MDx Website.  Additionally, reading the claim language on the MDx Website would entirely vitiate the claim language.  Also, the MDx Website is an entirely different approach and thus the function/way/result are not similar (for example, obtaining information from a physician is different from obtaining information from a third-party source, which are differentiated in the patent and claims itself).

**F.**   ***Creating a report using "the" information.***

- No Literal Infringement:  The MDx reports do not use all of the compiled information.

The following supplemental response is hereby designated HIGHLY CONFIDENTIAL / ATTORNEY'S EYES ONLY.

*See* section E.  The following information is obtained from one or more third-party sources but is not displayed on the MDx Website: licensure, disciplinary action information.

- No Equivalents:   There can be no equivalents because the two different approaches operate in very different ways and have very different results – the MDx system

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

site user and is completely independent of whether a particular healthcare provider in the results list is a member.

- Claim 11:  See claim 9.

Dated:  May 10, 2012

As to objections:

*s:/Scott D. Stimpson*

Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: sstimpson@sillscummis.com
E-mail: smurray@sillscummis.com
E-mail: dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Ramona Lampley, Atty. No. 37288
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com
E-mail: lampley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

As to Responses:

The undersigned states under oath that the foregoing responses are correct to the best of the signer's information, knowledge, and belief.

_____

For MDx Medical, Inc.

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on <u>May 10, 2012</u>, I have caused a true and correct copy of the foregoing DEFENDANT MDX MEDICAL, INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES to be served upon Health Grades, Inc. by electronic mail transmission to the following individuals:

Jesus Manuel Vazquez , Jr.
Kris John Kostolansky
Jeffrey David Phipps
ROTHGERBER JOHNSON & LYONS LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222
jvazquez@rothgerber.com
kkosto@rothgerber.com
jphipps@rothgerber.com

*Attorneys for Plaintiff Health Grades, Inc.*

<u>  s:/ David C. Lee                    </u>

Civil Action No. 11-CV-00520-PAB-BNB

**HEALTH GRADES, INC.'S OPPOSITION TO MDx MEDICAL, INC.'S
MOTION FOR SUMMARY JUDGMENT OF NO WILLFULNESS**

**HEALTH GRADES, INC.'S OPPOSITION TO MDx MEDICAL, INC.'S
MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**

---

**Exhibit 3**

**MDx's Second Supp. Responses to First Set of Interrogatories**
*(selected portions; highlighting added)*

EXHIBIT 3

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

      Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

      Defendant.

---

## DEFENDANT MDX MEDICAL, INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

---

      Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant MDx Medical, Inc. ("MDx") hereby provides its second supplement to its response to Health Grades, Inc.'s ("Health Grades") First Set of Interrogatories to Defendant ("Interrogatories").

      The Preliminary Statements and General Objections from the earlier responses are incorporated by reference.

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 2.**

With respect to any of version of MDX's Accused Products, using a claim chart, state in detail MDX's bases for any assertions of non-infringement of the patent in suit on a claim-by-claim, element-by element basis.   Your answer should include a statement of MDX's interpretation of each claim element, a statement whether MDX's Accused Products provide(s) such an element or an equivalent and, if not, an explanation how MDX's Accused Products operate or function differently than the claim element and a particularized statement why a component, feature or function of Accused Products is not a substantial equivalent of the pertinent claim element.

**Response:**

MDx objects to this Interrogatory as a premature contention interrogatory that seeks claim constructions not yet due to be disclosed under the Scheduling Order.  MDx also objects to this Interrogatory on the grounds that it is unreasonably broad, unduly burdensome, seeks information that is not relevant to this lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence.  MDx also objects to the request for a claim chart, which is unnecessary and burdensome for showing the elements that are not met.  MDx also objects to this Interrogatory to the extent it calls for documents and information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving these and the General Objections, and based on the Health Grades Infringement Contentions, Supplemental Infringement Contentions and accompanying documents, MDx responds as follows with regard to the independent claims.

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

Responses with regard to the dependent claims incorporate these responses, and will be supplemented with regard to their specific claim elements provided after consultation.

      A.     ***Healthcare provider-verified information.***

      - <u>No Literal Infringement</u>:  For most of the MDx data, the information required by this portion of the claims is not verified by the healthcare provider.

      The following supplemental response is hereby designated HIGHLY CONFIDENTIAL / ATTORNEY'S EYES ONLY.

      The following information has been entered and/or modified by one or more physicians: specialty information, gender, awards/honors, professional appointments, professional membership, and languages.

REDACTED

      Additionally, the MDx data does not include the following data fields: medical philosophy and hobbies.

REDACTED

      - <u>Equivalents</u>:  There can be no infringement of this element by equivalents, for numerous reasons.  For example, having third parties provide information that the claims expressly require be provided by providers is vastly different from the claimed requirements.  It is an entirely different approach and thus the function/way/result are not similar (for example, some sources are more accurate and trustworthy than others), and in fact are expressly distinguished in the patent itself.  Moreover, any such equivalents argument would vitiate the claim term entirely, and the concept of obtaining information from other sources is disclosed by not claimed in the patent specification.  Furthermore, verification from the provider is an entirely different approach than either obtaining no verification or verification from other sources and thus the function/way/result test would not be met; attempting to read this limitation on the MDx

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

Website would vitiate this claim term entirely; and the concept of verifying information from other sources was disclosed but not claimed and thus precludes application of the doctrine of equivalents.

     **B.**    ***<u>Received from the first healthcare provider</u>***.

     - <u>No Literal Infringement</u>:  For most of the data, this information required by this portion of the claims is not received from the provider itself.

     The following supplemental response is hereby designated HIGHLY CONFIDENTIAL / ATTORNEY'S EYES ONLY.

     The following information has been entered and/or modified by one or more physicians:  specialty information,  gender,  awards/honors,  professional  appointments, professional membership, and languages.

REDACTED

     Additionally, the MDx data does not include the following data fields: medical philosophy and hobbies.

REDACTED

     - <u>No Equivalents</u>:  There can be no equivalents where this data is not obtained from the provider, as the MDx approach of obtaining this data elsewhere is entirely different from the claimed approach; attempting to capture this data under the doctrine of equivalents would entirely vitiate this claim language; and there is also prosecution history estoppel precluding equivalents on this element (*e.g.,* amendment on 4/26/10).

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

C.   *<u>Compiling in response to Receiving a Request</u>*.

- <u>No Literal Infringement</u>:  MDx compiles data on providers as scheduled -- it does not compile data in response to receiving a request for information regarding a healthcare provider.

The following supplemental response is hereby designated HIGHLY CONFIDENTIAL / ATTORNEY'S EYES ONLY.

Compilation of data from third-party sources may be scheduled depending on the third-party source.  Depending on the third-party source, data may be compiled once every quarter, once every six months, once every year, or on another schedule.

- <u>No Equivalents</u>:  The compiling procedure for the MDx Website is entirely different from that claimed in the patent, which requires receiving a request for information and then compiling information in response to the request (compare, *e.g*., the second paragraph of claim 1, where the information is accessed, not compiled).  The MDx data is compiled as scheduled and not in response to a request – the function/way/result analysis, for example, cannot be met.  Also, reading this limitation on the MDx Website would entirely vitiate this claim requirement; and there is also an estoppel (e.g., amendment on 4/26/10).

D.   *<u>Patient Ratings from On-Line Patient Experience Survey</u>*

- <u>No Literal Infringement</u>:  Not all the patient ratings come from the MDx on-line survey, as required by this claim element.

The following supplemental response is hereby designated HIGHLY CONFIDENTIAL / ATTORNEY'S EYES ONLY.

REDACTED

The main third-party sources include Yelp and Citysearch.

- <u>No Equivalents</u>:  The claimed requirement that all patient ratings come from the online survey is not met literally or equivalently – obtaining some of the ratings from another source is an entirely different approach.  Equivalents would vitiate this claim requirement, and a finding of equivalents is not possible because the possibility of obtaining ratings from another source was disclosed but not claimed.  There is also an estoppel (*e.g.*, 4/26/10 amendment).

Case No. 1:11-cv-00520-PAB-BNB   Document 405-3   filed 11/26/12   USDC Colorado   pg 18
of 21
Case 1:11-cv-00520-PAB-BNB   Document 359-2   Filed 11/26/12   USDC Colorado   Page 7 of
12

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

**E.** ***Report using the information verified by the independent third-party source***

- No direct infringement:  The reports on the MDx Website do not include three or more of the information verified by the independent third party source.

The following supplemental response is hereby designated HIGHLY CONFIDENTIAL / ATTORNEY'S EYES ONLY.

The following information is obtained from one or more third-party sources: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship information.

The MDx Website does not display the following information: licensure, disciplinary action information.

The following information have also been obtained in some cases from physicians: medical school, medical internship, medical residency, and medical fellowship information.  If displaying third-party verified information for a physician would include three or more of third-party information, then the same information obtained from a physician would be used instead (when available) to reduce the number of displayed third-party data to less than three.  If the same information for a data field has not been obtained from a physician, then the data field is not displayed at all, so that no more than two third-party data fields are ever displayed for a physician.

 - No Equivalents:  There can be no equivalence because the claim language is entirely missing from the MDx Website.  Additionally, reading the claim language on the MDx Website would entirely vitiate the claim language.  Also, the MDx Website is an entirely different approach and thus the function/way/result are not similar (for example, obtaining information from a physician is different from obtaining information from a third-party source, which are differentiated in the patent and claims itself).

**F.** ***Creating a report using "the" information***.

- No Literal Infringement:  The MDx reports do not use all of the compiled information.

The following supplemental response is hereby designated HIGHLY CONFIDENTIAL / ATTORNEY'S EYES ONLY.

*See* section E.  The following information is obtained from one or more third-party sources but is not displayed on the MDx Website: licensure, disciplinary action information.

- No Equivalents:  There can be no equivalents because the two different approaches operate in very different ways and have very different results – the MDx system

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

site user and is completely independent of whether a particular healthcare provider in the results list is a member.

- <u>Claim 11:</u>  See claim 9.


Dated:  May 10, 2012                    As to objections:


                                        *s:/Scott D. Stimpson*
                                        _____
                                        Scott D. Stimpson
                                        Scott B. Murray
                                        David C. Lee
                                        Sills Cummis & Gross P.C.
                                        30 Rockefeller Plaza
                                        New York, New York 10112
                                        Tel: (212) 643-7000
                                        Fax: (212) 643-6500
                                        E-mail: sstimpson@sillscummis.com
                                        E-mail: smurray@sillscummis.com
                                        E-mail: dlee@sillscummis.com

                                        and

                                        Terence Ridley, Atty. No. 15212
                                        Ramona Lampley, Atty. No. 37288
                                        Wheeler Trigg O'Donnell LLP
                                        1801 California Street, Suite 3600
                                        Denver, Colorado 80202
                                        Tel:  (303) 244-1800
                                        Fax:  (303) 244-1879
                                        E-mail: ridley@wtotrial.com
                                        E-mail: lampley@wtotrial.com

                                        *Attorneys for Defendant*
                                        MDx Medical, Inc. d/b/a VITALS.COM

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

As to Responses:

The undersigned states under oath that the foregoing responses are correct to the best of the signer's information, knowledge, and belief.


_____
For MDx Medical, Inc.

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on May 10, 2012, I have caused a true and correct copy of the foregoing DEFENDANT MDX MEDICAL, INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES to be served upon Health Grades, Inc. by electronic mail transmission to the following individuals:

> Jesus Manuel Vazquez , Jr.
> Kris John Kostolansky
> Jeffrey David Phipps
> ROTHGERBER JOHNSON & LYONS LLP
> One Tabor Center, Suite 3000
> 1200 Seventeenth Street
> Denver, CO 80202
> Tel: (303) 623-9000
> Fax: (303) 623-9222
> jvazquez@rothgerber.com
> kkosto@rothgerber.com
> jphipps@rothgerber.com
>
> *Attorneys for Plaintiff Health Grades, Inc.*

s:/ David C. Lee