**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S OPPOSITION TO HEALTH GRADES, INC.'S
MOTION FOR DETERMINATION THAT MATERIALS ARE PROPERLY
DESIGNATED PURSUANT TO THE TERMS OF THE PROTECTIVE ORDER**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, respectfully submits this Opposition to Health Grades, Inc.'s ("Health Grades") Motion For Determination That Materials Are Properly Designated Pursuant To The Terms Of The Protective Order [Doc. #429, the "Motion"].

This Court's Protective Order [Doc. # 227] states, in pertinent part, that confidentiality designations of deposition transcripts may be made at the deposition on the record, or within fourteen (14) business days after receipt of the transcript. Dkt. 227, at Section 6.1.8. Prior to entry of the Protective Order, the parties were operating under the draft of that Order, and Section 6.1.8 has not changed. *See, e.g.*, Montroy transcript, attached hereto as Exhibit A, at 282:11-23 (highlighting added).

The following justify an Order that Health Grades has failed to comply with either the spirit or terms of the Protective Order, and thus has lost any confidentiality in all deposition transcripts:

(1) Health Grades utterly failed to designate any deposition transcripts within the fourteen business days contemplated by the Protective Order, and thus it waived any confidentiality.[1] Dkt. 227, at Section 6.1.8. Health Grades received all the MDx confidentiality designations (all made within fourteen business days of receipt of the transcript), and so Health Grades knew that MDx was adhering to the Court's Order, and thereby obviously realized its failures. Still, Health Grades did not comply.

(2) Health Grades' claim that it complied with the Protective Order ***by globally designating at the deposition every word of the transcript as Attorneys' Eyes Only*** ("AEO") is frivolous. First, Health Grades claims at page 2 of its Motion that it globally designated them on the record, but cites to no such designation. *See* Health Grades Exhibits C and D (no Health Grades' statement, designating the transcript as Confidential or Highly Confidential, is found on the record in either of these Exhibits). At some depositions (not all) counsel for Health Grades did attempt to globally designate, but those designations were made in bad faith, and did not comply with the spirit or terms of the Protective Order. Section 4.3 of the Protective Order, for example, expressly states that the Producing Party must designate in ***good faith***, and that the "Producing Party must take care to designate for protection only those parts of the Documents or testimony that qualify -- so that other portions of such Documents or testimony for which

---

[1] Health Grades' belated attempt to designate specific portions of the deposition transcripts of Allen Dodge, John Neal, and Scott Montroy as Highly Confidential on November 16, 2012 (see Exhibit B of Health Grades' Motion) was well after the fourteen business days it was allotted to do so and, therefore, these designations should not be accepted.

protection is not warranted are not swept unjustifiably within the ambit of this Protective Order." It is not even remotely conceivable that Health Grades has ever believed that every word of these transcripts (including, for example, names, addresses, and the many, many mundane and innocuous portions of the testimony) could justify the sweeping AEO designations it tried to make. Indeed, now facing this problem, Health Grades' admits, in its Motion, that the vast majority did not justify these designations.

(3) Health Grades ignored repeated warnings that it would lose confidentiality if it did not properly designate, and even ignored offers by MDx to give Health Grades additional time to comply. *See e.g.*, E-mail correspondence between parties' counsel in June of 2012, attached hereto as Exhibit B (highlighting added). Thus, this was a calculated, deliberate and ongoing effort by Health Grades to keep MDx in total darkness about its own prior art, and the many other issues on which the Health Grades witnesses gave damaging testimony.

(4) Even if Health Grades had not waived confidentiality (it did), it does nothing to support the allegations of confidentiality in the Neal, Dodge, or Montroy transcripts even now -- not a single declaration is provided, only counsel argument. And indeed, Health Grades does not even submit the transcript portions it says should be kept confidential -- there is absolutely nothing even remotely complying with Health Grades' obligations under Section 10 of the Protective Order ("the burden of establishing that the material contains Confidential Information shall be on the Producing Party").

(5) Health Grades ignores four other transcripts for which it made no designations -- the transcripts of the experts (Greenspun, Hall, Cooper, and Napper). MDx designated portions

of those transcripts confidential within the required fourteen business days, but Health Grades did nothing.

**CONCLUSION**

Because Health Grades did not comply with this Court's Protective Order, MDx respectfully requests that Health Grades' Motion be denied and that Health Grades be held to have lost any confidentiality it claims to have had in connection with all deposition testimony.

Dated:  December 31, 2012                           Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail:sstimpson@sillscummis.com
E-mail:smurray@sillscummis.com
E-mail:dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

4

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2012, I electronically filed the foregoing MDX MEDICAL, INC.'S OPPOSITION TO HEALTH GRADES, INC.'S MOTION FOR DETERMINATION THAT MATERIALS ARE PROPERLY DESIGNATED PURSUANT TO THE TERMS OF THE PROTECTIVE ORDER with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Jesus Manuel Vazquez , Jr.
    jvazquez@rothgerber.com, phenke@rothgerber.com

Gregory B. Kanan
    gkanan@rothgerber.com, dgrooms@rothgerber.com

Kris John Kostolansky
    kkosto@rothgerber.com, dgrooms@rothgerber.com

Scott David Stimpson
    sstimpson@sillscummis.com, gcaceres@sillscummis.com

Scott B. Murray
    smurray@sillscummis.com

David Chunyi Lee
    dlee@sillscummis.com

Terence M. Ridley
    ridley@wtotrial.com, norris@wtotrial.com

                                                   *s:/ Vincent M. Ferraro*