**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO
RESTRICT ACCESS TO DOCUMENT – DOCUMENT NOS.
340-1, 340-2, 340-3, 340-4, 340-5, 340-6, 340-7, 340-8, and 340-9**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, pursuant to *D.C.COLO.LCivR* 7.2, submits this reply in support of its motion for an order continuing the restricted access to Document Nos. 340-1, 340-2, 340-3, 340-4, 340-5, 340-6, 340-7, 340-8, and 340-9, which were filed by Health Grades Inc. ("Health Grades") in connection with its opposition to MDx's Motion for a Determination That Nine MDx Licensing Agreements Are Subject to the Terms of the Protective Order In This Case As Properly Designated As Highly Confidential – Attorneys' Eyes Only [Dkt. No. 310]. Pursuant to the Court's Order, Docket No. 465, MDx's time to file this reply was extended to today, Monday, December 31, 2012.

**ARGUMENT**

Health Grades' opposition to MDx's motion to restrict access to the nine MDx licensing agreements is simply its most recent bite at the same apple to gain access to the terms and

1

conditions of MDx's licensing agreements. Despite its previously unsuccessful attempt to gain unfettered access to the terms and conditions of MDx's agreement with Aetna [*see* Dkt No. 303], Health Grades has continued its attempt to see the nine MDx licensing agreements at issue here (and worse, make such agreements publicly accessible) without offering any evidence to contradict the two certifications from MDx's Vice President, Data Operations, Erika Boyer, that MDx and its business partners treat the terms and conditions of such licensing agreements as highly confidential trade secrets and that the disclosure of such terms and conditions to the public and MDx's competitors would severely harm MDx. *See* Dkt. Nos. 310-3 & 382-1.

In its opposition, Health Grades argues that MDx makes "conclusory" statements regarding the harm to MDx that would occur if the agreements are made publicly accessible. *See* Health Grades' Opposition, Dkt. No. 434, p. 2. Health Grades also argues that MDx has failed to explain why redacted versions of the agreements would not be sufficient to protect MDx's highly confidential information. *Id.,* p. 3. However, these arguments are false and meritless because they fail to acknowledge Ms. Boyer's detailed explanation of the injury that MDx would suffer from public access to any term and condition of the agreements, which she explained in her certification in support of MDx's Motion for a Determination That Nine MDx Licensing Agreements Are Subject to the Terms of the Protective Order In This Case As Properly Designated As Highly Confidential – Attorneys' Eyes Only [Dkt. Nos. 310-3 & 310, respectively], which certification MDx relied upon as part of the motion to restrict access to the nine licensing agreements. *See* Dkt. No. 383, pp. 2-3. Ms. Boyer stated, in part:

- As a small, privately held company, MDx's normal procedures are to limit the disclosure of such specific contract terms within the company to only those management and operational employees with a need to know;

- There are several competitors, including Health Grades, that compete with MDx for the licensing and sale of data and other information, as well as development services, to entities such as these non-parties, and the companies compete vigorously for such business, such that disclosure of the specific terms of MDx's relationship with these non-parties would severely negatively impact MDx's future negotiating position with other potential business partners and against its competitors;

- Each such bidding process and contract negotiation requires extensive time and effort by MDx's management and sales and marketing teams to secure such business at a significant cost of time and financial resources for a small, privately held company such as MDx, especially in comparison to its larger, better-funded competitors such as Health Grades;

- Allowing MDx's competitors to know the specific terms of its agreements with its business partners, such as the price and end date of such agreements, would unfairly provide such competitors with a significant advantage against MDx in competing for such future business, and thereby severely damage MDx's negotiating position and business prospects; and

- Each of the terms and conditions found in MDx's agreement documents, including those in the nine agreements at issue here, which relate to ongoing relationships, are material and confidential.

Dkt. No. 310-3, ¶¶ 7-11.

Health Grades does not address, nor can it contradict, any of these statements in its opposition to MDx's motion to restrict. Although MDx noted in its motion to restrict that the Court had accepted such statements previously in denying Health Grades' attempt to gain access to MDx's agreement with Aetna [dkt. no. 383, p. 3], Health Grades now argues that such ruling did not stand for the proposition that the MDx/Aetna agreement "itself is a trade secret." Dkt. 434, p. 3-4. But this argument is completely hollow. The Court did "accept MDx's representation, supported by an affidavit, that 'disclosure of the specific terms of MDx's relationship with Aetna would severely negatively impact Mx's [*sic*] future negotiating position with other potential business partners and against its competitors[,]" as its reason for granting MDx's motion to restrict access to the MDx/Aetna agreement. Dkt. No. 303, p. 2. Health

3

Grades has offered no basis in its current opposition why the Court should not rule the same regarding the nine licensing agreements here, for which MDx has made the same representations.

Instead, Health Grades ignores these representations completely and focuses only on the second certification from Ms. Boyer that MDx submitted with its motion to restrict only in an abundance of caution. *See* Dkt. No. 383, p. 3 ("The Court has previously accepted similar such statements as reason to protect MDx's agreement with Aetna from public access. Dkt. 303. ***Nonetheless, MDx has now submitted another declaration from Ms. Boyer regarding each agreement and its respective highly confidential nature.*** *See* Dkt. # 382-1 ('Second Boyer Decl.')"). Ms. Boyer's second declaration regarding the nine licensing agreements buttresses her prior statements, and reiterates and confirms the highly confidential nature of the terms and conditions of *each* agreement. *Id.* Even for the two agreements that are no longer in force, Ms. Boyer reaffirmed that MDx keeps the terms and conditions of such expired agreements confidential and that such terms and conditions are similar to the terms and conditions of the licensing agreements that are still in force. *Id.* Again, Health Grades offers no evidence in its opposition to contradict these statements.

Finally, Health Grades' argument that the agreements do not contain provisions requiring MDx and its business partners to keep the agreements confidential is also a red herring. MDx is not arguing that the existence of the licensing agreements or the identities of MDx's licensing business partners are confidential, but instead that the *terms and conditions* of such agreements are highly confidential, competitively sensitive information, the disclosure of which would severely harm MDx. MDx has submitted two certifications supporting the fact that MDx treats the terms and conditions of such agreements as highly confidential. Health Grades has not

4

offered any evidence to the contrary.  Indeed, Health Grades' continuing attempts to obtain such information only show that it has been unable to obtain such information from any other source.  Which fact further confirms MDx's representation that such terms and conditions are treated confidentially by MDx and its business partners.  Therefore, in light of such conduct by MDx and its business partners regarding treating the terms and conditions of the licensing agreements as confidential information, the lack of a specific provision in the agreements is immaterial.

For the foregoing reasons, and those expressed in MDx's initial motion to restrict, MDx respectfully submits that access to the nine MDx licensing agreements should be restricted and requests that this Court grant MDx's motion for continued restrictions on access to Document Nos. 340-1, 340-2, 340-3, 340-4, 340-5, 340-6, 340-7, 340-8, and 340-9, at a Level 1 restriction.

Dated:  December 31, 2012

Respectfully submitted,

*s:/Scott B. Murray*
Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail:sstimpson@sillscummis.com
E-mail:smurray@sillscummis.com
E-mail:dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

**CERTIFICATE OF SERVICE**

I hereby certify that on December 31, 2012, I electronically filed the foregoing MDX MEDICAL, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENT – DOCUMENT NOS. 340-1, 340-2, 340-3, 340-4, 340-5, 340-6, 340-7, 340-8, and 340-9 with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Jesus Manuel Vazquez , Jr.
  jvazquez@rothgerber.com, phenke@rothgerber.com

- Gregory B. Kanan
  gkanan@rothgerber.com, dgrooms@rothgerber.com

- Kris John Kostolansky
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- Scott David Stimpson
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- Scott B. Murray
  smurray@sillscummis.com

- David Chunyi Lee
  dlee@sillscummis.com

- Terence M. Ridley
  ridley@wtotrial.com, norris@wtotrial.com

*s:/ Scott B. Murray*