**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S OPPOSITION TO HEALTH GRADES, INC.'S MOTION
TO STRIKE SECTIONS OF MDX MEDICAL, INC.'S OPPOSITION TO HEALTH
GRADES, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT FOR FAILURE
TO FOLLOW THE COURT'S JUNE 2012 PRACTICE STANDARDS (CIVIL CASES)**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, respectfully submits this Opposition to Health Grades, Inc.'s ("Health Grades") Motion To Strike Sections of MDx Medical, Inc.'s Opposition [Doc. # 407] (the "Opposition") to Health Grades, Inc.'s Motion For Partial Summary Judgment [Doc. # 369] (the "Motion for Summary Judgment") For Failure To Follow The Court's June 2012 Practice Standards (Civil Cases) [Doc. # 440] (the "Motion to Strike").

The true genesis of Health Grades' complaint is apparent -- the realization that obtaining summary judgment on any of these issues will be impossible if all the relevant facts are considered. Health Grades has no way now of dealing with the true state of the facts, including its sworn admissions that it commercialized the claimed invention of the asserted patent, U.S. Patent No. 7,752,060 (the "'060 patent"), more than a year before the application filing date

(thereby rendering the claims of the '060 patent invalid).  So, it tries this Motion to Strike in the hopes that its own admissions and other critical facts will somehow evade the Court's attention.  Moreover, the relevant Practice Standards allow a party opposing a motion for summary judgment to present factual arguments to the moving party's proposed undisputed material facts.  Judge Philip A. Brimmer's Practice Standards, at § III(F)(3)(b)(vii).

Health Grades' Motion for Summary Judgment addressed many issues, and called into play many facts.  In opposing Health Grades' Motion for Summary Judgment, MDx looked to the Court's rules, but also tried to keep everything organized and helpful.  So, for example, where the importance (or lack thereof) of certain facts may not be immediately apparent, a short explanation was provided in an effort to make the understanding and analysis easier for the Court.  The alternative -- trying to match up each fact, of about two hundred alleged facts presented by both parties, with legal analyses found in later legal sections of the brief, would have been unwieldy and would have resulted in a longer, far more difficult to follow, brief.  For example, Health Grades references how MDx responded to its fact 15 on page 3 of its Motion to Strike.  MDx could either identify the related facts here, when the Court is considering this specific fact, or add another fact to its section of disputed facts, and then somehow try to connect up the two in a later section of its Opposition.  The way MDx did it was easier for everyone, and in substantial compliance with the Court's Local Rules and the Practice Standards.

As for Section II of its Opposition, MDx was faced with the need to include facts that were not disputed, but nevertheless relevant to Health Grades' Motion for Summary Judgment, such as Health Grades' multiple admissions that it sold the claimed inventions of the '060 patent more than a year before the application filing date (thus invalidating the claims of the '060

2

patent).  The fact was important, but could not honestly be included as a "disputed" fact since Health Grades admitted it.  So, it was included, and MDx advised the Court of this necessity. Dkt. 407, at p. 12.  This case is complex and involves many facts and legal issues.  Keeping all these relevant facts together and organized, whether disputed or undisputed, was the easiest and most logical way to convey them in an organized manner for the Court in a case of this complexity.  Any other approach would be disheveled and more difficult for the Court to follow.

## CONCLUSION

MDx substantially complied with the District Court's Local Rules and the Practice Standards on summary judgment motions.  Accordingly, Health Grades' Motion to Strike should be denied.  In the event the Motion to Strike is granted in whole or in part, MDx respectfully requests leave to submit a revised brief -- the same opportunity provided to Health Grades every time it violated these rules.  *See, e.g.*, Dkt. 336, 423; *see also*, Judge Philip A. Brimmer's Practice Standards, at § III(F)(3)(b)(ix).

Dated:  January 4, 2013                                         Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail:sstimpson@sillscummis.com
E-mail:smurray@sillscummis.com
E-mail:dlee@sillscummis.com

and

3

Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

4

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2013, I electronically filed the foregoing MDX MEDICAL, INC.'S OPPOSITION TO HEALTH GRADES, INC.'S MOTION TO STRIKE SECTIONS OF MDX MEDICAL, INC.'S OPPOSITION TO HEALTH GRADES, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT FOR FAILURE TO FOLLOW THE COURT'S JUNE 2012 PRACTICE STANDARDS (CIVIL CASES) with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Jesus Manuel Vazquez, Jr.
   jvazquez@rothgerber.com, phenke@rothgerber.com

Gregory B. Kanan
   gkanan@rothgerber.com, dgrooms@rothgerber.com

Kris John Kostolansky
   kkosto@rothgerber.com, dgrooms@rothgerber.com

Scott David Stimpson
   sstimpson@sillscummis.com, gcaceres@sillscummis.com

Scott B. Murray
   smurray@sillscummis.com

David Chunyi Lee
   dlee@sillscummis.com

Terence M. Ridley
   ridley@wtotrial.com, norris@wtotrial.com

                                                s:/Vincent M. Ferraro