IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

Plaintiff,

v.

MDX MEDICAL, INC., d/b/a Vitals.com,

Defendant.

_____

**ORDER**
_____

This matter arises on the following:

(1) **Health Grades, Inc.'s Motion to Strike a New Invalidity Argument in MDx Medical, Inc.'s Third Supplemental Invalidity Contentions** [Doc. # 215, filed 6/15/2012] (the "Motion to Strike Invalidity Argument");

(2) **Health Grades, Inc.'s Motion to Preclude MDx's Advice-of-Counsel Defense for Violation of Local Patent Rule 3-7, Or In the Alternative, to Compel Discovery Relating to Opinions-of-Counsel Pursuant to Local Patent Rule 3-7 and Rules 30(a)(1) and 37(a)(1) of the Federal Rules of Civil Procedure** [Doc. # 220, filed 6/15/2012] (the "Motion to Preclude Advice-of-Counsel Defense"); and

(3) **MDx Medical, Inc.'s Unopposed Motion for Leave to File a Supplemental Submission In Opposition to Health Grades' Motion to Preclude MDx's Advice-of-Counsel Defense** [Doc. # 307, filed 9/27/2012] (the "Motion to Supplement").

The Motion to Strike Invalidity Argument [Doc. # 215] is DENIED; the Motion to Preclude Advice-of-Counsel Defense [Doc. # 220] is DENIED; and the Motion to Supplement [Doc. # 307] is GRANTED.

A Scheduling Order [Doc. # 34] was entered on June 16, 2011. At the request of the parties, the Scheduling Order includes the following: "To reduce discovery and other litigation costs, the Parties have agreed, subject to this Court's approval, to abide by the Local Rules for Patent Cases before the United States District Court for the Northern District of California." A copy of the California local rules is attached as Exhibit A to the Scheduling Order. Contrary to my expectation, the parties' have employed those rules to greatly increase their discovery and pretrial conflicts, not to reduce them.

## I. Motion to Strike Invalidity Argument

As a part of its Infringement Contentions, Health Grades ("HG") claimed a priority date for the '060 patent of February 8, 2006, stating: "Plaintiffs contend that each claim of the '060 patent is entitled to a priority date at least as early as the filing date of Provisional application No. 601771,757, which was filed on February 8, 2006."[1] Motion to Strike Invalidity Argument [Doc. # 215] at p. 2.

MDx timely made its invalidity contentions by August 26, 2011, including one supplementation. MDx was allowed to amend its invalidity contentions on January 25, 2012, Order [Doc. # 128], but only as specified in MDx's Second Supplemental Invalidity Contentions. Id. MDx's Invalidity Contentions [Doc. # 215-3], Supplemental Invalidity Contentions [Doc. #

---

[1] A priority date may be important in determining whether patent claims are invalid as anticipated by prior art.

215-4], and Second Supplemental Invalidity Contentions [Doc. # 215-5] do not specifically address the priority date of the '060 Patent claims nor do they specifically refute or challenge HG's assertion that the claims are entitled to a priority date of February 8, 2006. In each of its invalidity contentions, however, MDx does identify with specificity the prior art which it asserts anticipates specific claims of the '060 Patent.

On May 10, 2012, MDx served its Third Supplemental Invalidity Contentions. Motion to Strike Invalidity Argument [Doc. # 215] at p. 4. The Third Supplemental Invalidity Contentions was made pursuant to my Order [Doc. # 192] requiring MDx to "specifically identify, by Bates number, the specific documents it relies on for the prior art references" contained in its invalidity contentions. Id. at p. 2. MDx's Third Supplemental Invalidity Contentions includes not only the Bates numbers required by my Order [Doc. # 1902], but also adds the following at note 2:

> The '060 Patent is not entitled to benefit from the earlier filing date of provisional application no. 60/771,757 (the "'757 application") because the '757 application does not meet the requirements of 35 U.S.C. § 112, first paragraph, with respect to the patented claims of the '060 Patent. For example, the '757 application does not contain a written description of at least the following claimed features of the '060 Patent: [citing absent features]. Therefore, the '060 Patent cannot benefit from the earlier filing date of the '757 application under 35 U.S.C. § 119(e).

Motion to Strike Invalidity Argument [Doc. # 215] at p. 4.

HG claims that note 2 is a new invalidity argument, not previously made, which requires leave of court after a showing of good cause. See Patent L.R. 3-6. Because MDx did not seek or obtain leave to include note 2, HG argues that it is entitled to an order striking note 2 and precluding MDx from contesting HG's assertion that the '060 Patent claims are entitled to a priority date of February 8, 2006. Id. at p. 11.

3

Rule 3-3, Patent L.R., specifies the information HG must disclose in its invalidity contentions, as follows:

> [A] party opposing a claim of patent infringement, shall serve on all parties its "Invalidity Contentions" which shall contain the following information:
>
> (a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity fo the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the identities fo the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);
>
> (b) Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the claim obvious, including an identification of any combinations or prior art showing obviousness;
>
> (c) A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and
>
> (d) Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

Significantly, the local rule does not require MDx to specify the priority date it contends is applicable to each patent claim. Consequently, note 2 of MDx's Third Supplemental Invalidity

Contentions is unnecessary, although it helps to focus the parties' dispute; its omission from earlier versions of the invalidity contentions does not mean that the issue was waived or that HG's assertion of a priority date of February 8, 2006, was conceded; and its inclusion in the Third Supplemental Invalidity Contentions is not an amendment requiring leave of court under Patent L.R. 3-3.

I do not reach the issue of which party bears the ultimate burden of persuasion at trial on the issue of the applicable priority date. It is sufficient simply to say that Patent L.R. 3-3 requires a party asserting the defense of invalidity based on anticipation by prior art only to disclose the prior art on which it relies, but it does not require that party to specify the priority date claimed. The Motion to Strike Invalidity Argument [Doc. # 215] is DENIED.

## II. Motion to Preclude Advice-of-Counsel Defense

Rule 3-7, Patent L.R., controls matters related to the disclosure of an advice-of-counsel defense. It requires:

> Not later than 50 days after service by the Court of its Claim Construction Ruling, each party relying upon advice of counsel as part of a patent-related claim or defense for any reason shall:
>
> (a) Produce or make available for inspection and copying any written advice and documents related thereto for which the attorney-client and work product protection have been waived;
>
> (b) Provide a written summary of any oral advice and produce or make available for inspection any copying that summary and documents related thereto for which the attorney-client and work product protection have been waived; and
>
> (c) Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the advice which the party is withholding on the grounds of attorney-client privilege or work product protection.

> A party who does not comply with the requirements of this Patent L.R. 3-7 shall not be permitted to rely on advice of counsel for any purpose absent a stipulation of all parties or by order of the Court.

The district judge issued his claim construction ruling on February 13, 2012. Order Regarding Claim Construction [Doc. # 138]. Pursuant to the plain language of Patent L.R. 3-7, MDx was required to disclose information about its advice-of-counsel defense no later than April 3, 2012. Although MDx made certain disclosures on that date, HG argues that MDx violated Patent L.R. 3-7 and should be precluded from presenting an advice-of-counsel defense at all based on the following:[2]

First, MDx failed to produce "at least three documents" required under Patent L.R. 3-7 including: (1) the opinion letter of non-infringement prepared by John P. Maldjian, see Doc. # 220-5; (2) an email from Mitchel Rothschild (MDx's chief executive officer) to Philip Braginsky (one of MDx's patent counsel) requesting Mr. Braginsky's review of certain protocols, and Mr. Braginsky's response (completely redacted), see Doc. # 220-6; and (3) handwritten notes dated 12/30/10 of a meeting among Mitchel Rothschild, Philip Braginsky, and Timothy Heaton (another lawyer in Mr. Braginsky's firm), see Doc. # 220-7;

Second, MDx failed to produce a written summary of oral advice as required by Patent L.R. 3-7(b); and

---

[2] Even if not precluded entirely from presenting an advice-of-counsel defense, HG requests an order precluding MDx from relying on the opinion of John P. Maldjian and requiring MDx to make Messrs. Braginsky and Maldjian available for deposition. MDx concedes that it will not rely on the Maldjian letter in connection with its advice-of-counsel defense, and it has agreed that Mr. Braginsky may be deposed. Response [Doc. # 249] at pp. 3-4.

      Third, HG asserts that MDx's privilege log is incomplete, stating:

> [T]he privilege log contains many e-mails between MDx and attorneys, but only one e-mail between two or more attorneys. This e-mail was between Mr. Braginsky and Mr. Heaton, another Sills Cummis & Gross attorney, and was marked as number two on the privilege log. Although Health Grades cannot know for sure, it is unlikely that there was only one e-mail on the subject matter of the Braginsky Opinion exchanged between attorneys.

Motion to Preclude Advice of Counsel Defense [Doc. # 220] at pp. 7-9.

      MDx argues that the Motion to Preclude Advice of Counsel Defense is much ado about nothing. The Maldjian opinion letter and two related documents, although late, were produced to HG on June 1, 2012. Id. at p. 4. In any event, MDx will not rely on the Maldjian opinion for its advice-of-counsel defense, Response [Dco. # 249] at p. 3, and it will make Mr. Braginsky available for a deposition as HG requests. Id. at p. 4. MDx acknowledges that it has not provided a written summary of oral advice, but states that Mr. Braginsky's written opinion letter reflects any oral advice, "and it does so better than any other oral summary could. . . ." Response [Doc. # 249] at p. 3. Finally, MDx states that it has produced "all documents mentioning the patent that are either communications between MDx and counsel, or that otherwise reflect oral communications or meetings with counsel." Id. at p. 5.

      HG replies that MDx's purported compliance with Patent L.R. 3-7 "is too little and too late." Reply [Doc. # 263] at p. 2. First, MDx has not produced Item Nos. 10-12 and 15-24 from its privilege log, despite HG's demand. These documents are all emails, dated in January and March 2010, between Mr. Rothschild of MDx and lawyers at the Sills Cummis & Gross law firm "concerning Health Grades **patent application**." Privilege Log [Doc. # 219-3] (emphasis added). The '060 Patent was issued on July 6, 2010. United States Patent [Doc. # 3]. The

7

letters concerning MDx's advice-of-counsel defense are dated January 2, 2011 (Maldjian letter [Doc. # 220-5]), and January 25, 2011 (Braginsky letter [Doc. # 220-1]). This action was commenced on March 2, 2011. Complaint [Doc. # 1]. On the record now before me, it appears that the disputed emails do not relate to the advice-of-counsel defense, but instead concern MDx's efforts to obtain the patent. Without more, I cannot conclude that MDx has violated the requirement of Patent L.R. 3-7(a) which requires disclosure of documents related to the written advice of counsel letter. Regardless, in its Supplemental Submission [Doc. # 307-1], MDx states that it "will produce the withheld documents relating to the patent application." Id. at p. 2.

In addition, MDx complains that the Maldjian opinion letter and related documents were not produced within "50 days after service by the Court of its Claim Construction Ruling" as required by the local rule. Specifically, the Maldjian opinion letter was not produced until June 1, 2012, fifty-nine days after the deadline, and MDx did not produce additional documents relating to the Maldjian opinion until July 9, 2012.

HG has failed to convince me that MDx's belated disclosures are other than mere technical violations of the local rule; easily cured; or that HG has suffered any resulting prejudice. In fact, HG does not even allege any prejudice. To the contrary, HG's motivation in bringing the Motion to Preclude Advice-of -Counsel Defense is revealed in its Reply, as follows:

> Earlier in this case, MDx sought and obtained an order precluding Health Grades from relying on a set of supplemental infringement contentions because Health Grades did not comply with a similar agreed-upon Local Rule. MDx must be held to the same standards as Health Grades. Fairness requires that it be precluded from asserting the advice-of-counsel defense because it violated the clear mandate of Rule 3-7.

Reply [Doc. # 263] at p. 2.

HG's goose and gander argument is insufficient to justify an order precluding MDx from presenting an advice-of-counsel defense.

HG's arguments about the insufficiency of MDx's privilege log, Motion to Preclude Advice-of-Counsel Defense [Doc. # 220] at pp. 8-9, and that there appears to have been oral advice not disclosed by MDx in a written summary despite the requirement of Patent L.R. 3-7(b), id. at pp. 7-8, do raise concerns, however. I do not foreclose the possibility that HG may learn of an important violation of Patent L.R. 3-7 during the deposition of Mr. Braginsky. If it does, HG may renew its Motion to Preclude Advice-of -Counsel Defense based on that information.

The Motion to Preclude Advice-of-Counsel Defense [Doc. # 220] is DENIED without prejudice; MDx may not rely on the letter of John P. Maldjian in support of its advice-of-counsel defense; MDx shall produce on or before January 21, 2013, Item Nos. 10-12 and 15-24 from its privilege log; and MDx shall make Mr. Braginsky available for a deposition no later than February 15, 2013.

IT IS ORDERED:

(1)     The Motion to Strike Invalidity Contention [Doc. # 215] is DENIED;

(2)     The Motion to Preclude Advice-of-Counsel Defense [Doc. # 220] is DENIED without prejudice; MDx may not rely on the letter of John P. Maldjian in support of its advice-of-counsel defense; MDx shall produce on or before January 21, 2013, Item Nos. 10-12 and 15-24 from its privilege log; and MDx shall make Mr. Braginsky available for a deposition no later than February 15, 2013; and

(3) The Motion to Supplement [Doc. # 307] is GRANTED. The Clerk of the Court is directed to accept for filing MDx's Supplemental Submission [Doc. # 307-1].

Dated January 10, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge