IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

Plaintiff,

v.

MDX MEDICAL, INC., d/b/a Vitals.com,

Defendant.

---

**ORDER**

---

This matter arises on **Health Grades, Inc.'s Motion for Leave to Amend Its Complaint to Assert Causes of Action for Joint Infringement and Indirect Infringement** [Doc. # 252, filed 7/13/2012] (the "Motion to Amend"), which is GRANTED.

The Motion to Amend [Doc. # 252] seeks leave to add two causes of action against MDx--one for joint infringement and one for indirect infringement--stemming from MDx's license of physician data to Aetna Life Insurance Company for use in Aetna's iTriage App. The issue of amending pleadings is controlled by Fed. R. Civ. P. 15(a) and the cases construing it. The standard to be applied is set out in Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993):

> Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

Amendment of pleadings is liberally allowed in recognition of one of the basic policies of the

rules of civil procedure--"that pleadings are not an end in themselves but are only a means to assist in the presentation of a case to enable it to be decided on the merits." 6 Wright, Miller & Kane, Federal Practice and Procedure: Civil § 1473 at pp. 601-02.

MDx resists the amendment, arguing that the proposed amendments are frivolous (and threatening a Rule 11 motion for sanctions), futile, and cannot survive a motion to dismiss. In several instances, MDx argues that there is no evidence to support the proposed amended claims. See, e.g., Response [Doc. # 295] at pp. 4, 7, 9, 13, and 16. Those arguments may be appropriate in a motion for summary judgment, but they are not proper at this stage of the proceedings.

In General Steel Domestic Sales, LLC v. Steelwise, LLC, 2008 WL 2520423 *4 (D. Colo. June 20, 2008), the court noted that arguing futility in opposition to a motion to amend "seems to place the cart before the horse. Rather than forcing a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, [a litigant] may be better served by waiting to assert Rule 12 motions until the operative complaint is in place." Consistent with the observations in General Steel, I cannot say on the record now before me that the proposed amended claims certainly will be dismissed and are futile.

IT IS ORDERED:

(1) The Motion to Amend [Doc. # 252] is GRANTED; and

(2) The Clerk of the Court is directed to accept for filing the First Amended Complaint [Doc. # 252-1].

Dated January 11, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge