IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

Plaintiff,

v.

MDX MEDICAL, INC., d/b/a Vitals.com,

Defendant.

_____

**ORDER**
_____

This matter arises on the following:

(1) **Health Grades, Inc.'s Motion for Leave to Amend Its Infringement Contentions to Incorporate Dr. Philip Greenspun's Expert Report** [Doc. # 292, filed 9/17/2012] ("HG's Motion"); and

(2) **MDx Medical, Inc.'s Second Motion for Leave to Amend Invalidity Contentions** [Doc. # 293, filed 9/17/2012] ("MDx's Motion").

At the parties' request, I adopted the Patent Local Rules for the Northern District of California as applicable to this case. Scheduling Order [Doc. # 34] at Part 6(f)(1). Rule 3-6, Patent L.R., provides that amendment of infringement contentions and invalidity contentions may be made "only by order of the Court upon a timely showing of good cause." Good cause may include an unexpected claim construction, recent discovery of material despite an earlier diligent search, and recent discovery of nonpublic information. Id. The court in TFH Publications, Inc. v. Doskocil Mfg. Co., Inc., 705 F. Supp. 2d 361, 365-66 (D. N.J. 2010),

applied analogous rules and held that "[t]he Local Patent Rules exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases. . . ."

## I.  HG's Motion [Doc. # 292]

HG seeks to amend its infringement contentions "to incorporate the infringement opinions of its technical expert, Dr. Philip Greenspun."  HG's Motion [Doc. # 292] at p. 1. According to HG, the amendment involves "twelve categories of information. . . ."  Id. at pp. 6-7.  HG admits that five of the categories were not previously disclosed, but argues that the amendment should be allowed because these five categories "are based on newly discovered evidence."  Id. at p. 7.  HG argues that the remaining seven categories are not new and were previously disclosed.

MDx opposes the amendment, arguing that some of the five previously undisclosed categories are based on information known to HG either before the suit was commenced or, at a minimum, before HG served its amended infringement contentions in February 2012.  HG counters that the information first became known to it through discovery made in June 2012.  It appears to me that the information underlying the previously undisclosed categories is based on newly discovered evidence.

MDx also complains that even if the information underlying these amendments was obtained by HG in May and June 2012, the motion to amend infringement contentions was not made until September 2012 and is untimely.  I disagree.  HG acted diligently in seeking to amend its infringement contentions once the underlying information became known to it.

As to the remaining seven categories, MDx's opposition generally is that Dr. Greenspun

is impermissibly expanding previously asserted infringement contentions.  The amendments appear to be more a matter of emphasis, and not completely new.

## II.  MDx's Motion [Doc. # 293]

HG does not oppose MDx's Motion, stating instead that it "does not oppose MDx's motion to supplement its invalidity contentions *except to the extent that it results in an unequal application of the Local Patent Rules against the partie*."  Response [Doc. # 324].  This is an apparent reference to HG's goose and gander argument which I previously addressed.  See Order [Doc. # 477] at pp. 8-9.

IT IS ORDERED:

(1)     HG's Motion [Doc. # 292] is GRANTED; and

(2)     MDx's Motion [Doc. # 293] is GRANTED.

Dated January 14, 2013.

BY THE COURT:

 s/ Boyd N. Boland  
United States Magistrate Judge