IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

Plaintiff,

v.

MDX MEDICAL, INC., d/b/a Vitals.com,

Defendant.
_____

**ORDER**
_____

This matter arises on the following:

(1) **MDx Medical, Inc.'s Motion for a Determination That Nine MDx Licensing Agreements Are Subject to the Terms of the Protective Order in This Case as Properly Designated as Highly Confidential--Attorneys' Eyes Only** [Doc. # 310] ("MDx's Motion for Protection");

(2) **MDx Medical, Inc.'s Motion for Leave to Restrict Access to Document Nos. 340-1, 340-2, 340-3, 340-4, 340-5, 340-6, 340-7, 340-8, and 340-9** [Doc. # 383] ("MDx's Motion to Restrict Access"); and

(3) **Health Grades' Motion for Determination That Materials Are Properly Designated Pursuant to the Terms of the Protective Order** [Doc. # 429] ("HG's Motion for Protection").

I.  MDx's Motion for Protection [Doc. # 310]

This is a patent infringement case between competitors.  To facilitate discovery, I entered a blanket protective order.  Protective Order [Doc. # 227].  The Protective Order allows a party to designate relevant materials sought through discovery either as Confidential or as Highly Confidential.  With respect to Highly Confidential information, the Protective Order provides:

> Any Document or testimony of a Producing Party which contains particularly sensitive Confidential Information may be designated as HIGHLY CONFIDENTIAL.  Material designated as HIGHLY CONFIDENTIAL pursuant to this Protective Order shall only be made available to the persons described in §5.2, and such treatment shall apply to any so designated Document, testimony, or other discovery material, all copies thereof, and all derived abstracts, summaries, or notes thereof to the extent they refer to the Confidential Information contained therein.

Protective Order [Doc. # 227] at ¶4.2.  Highly Confidential material may be disclosed only to outside counsel and their staffs; "authors, creators, addressees, and all recipients of the Protected Material, who prior to the Action, lawfully received or had access to the Protected Material"; expert witnesses, consultants, and their staffs; third parties assisting in the action after signing an affidavit to comply with the terms of the Protective Order; court reporters; court personnel; and "no more than six (6) officers, directors, employees or former employees (including House Counsel) of a Party . . . whose cooperation or assistance is reasonably necessary to enable the Party's Outside Counsel to prepare for trial in this Action."  Id. at  ¶¶5.1-5.2.

Pursuant to the Protective Order, MDx designated nine license agreements as Highly Confidential.  The documents are highly confidential, according to MDx, because they "represent, in their entirety, information concerning MDx's current and ongoing relationships with their business partners," MDx's Motion for Protection [Doc. # 310] at p. 4, and include

"specific terms of its agreements with its business partners, such as the price and end date of such agreements," disclosure of which "would unfairly provide . . . competitors with a significant advantage against MDx in competing for such future business. . . ." Declaration of Erika Boyer [Doc. # 310-3] at ¶10.

Health Grades ("HG") opposes MDx's Motion for Protection arguing that only portions of the license agreements contain confidential and the MDx should be required to be more specific in its designation.  HG relies on §4.3 of the Protective Order [Doc. # 227], which provides:

> The Producing Party agrees to designate information as CONFIDENTIAL or HIGHLY CONFIDENTIAL on a good faith basis and not for purposes of harassing the Receiving Party or for purposes of unnecessarily restricting the Receiving Party's or the public's access to information concerning the lawsuit.  A Producing Party must take care to designate for protection only those parts of the Documents or testimony that qualify--so that other portions of such Documents or testimony for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Blanket protective orders, like the one entered in this case," are designed to "serve the interests of a just, speedy, and less expensive determination of complex disputes by alleviating the need for and delay occasioned by extensive and repeated judicial intervention.  In view of the increasingly complex cases and the existing workload of the trial courts, blanket protective orders are essential to the functioning of civil discovery.  Absent such orders, discovery would come to a virtual standstill."  Gillard v. Boulder Valley School Dist. RE-2, 196 F.R.D. 382, 386 (D. Colo. 2000)(internal quotation and citation omitted).  The procedure urged by HG would have just the opposite effect--courts would become mired in controversies about whether particular sentences, or specific facts contained within particular sentences, actually are

confidential. That is not the purpose of the procedure established by blanket protective orders. Nor does HG indicate how the designation of the license agreements as confidential is harassing or even prejudicial to it.

MDx's Motion for Protection [Doc. # 310] is GRANTED.

II. MDx's Motion to Restrict Access [Doc. # 383]

HG attached copies of the nine disputed license agreements to its Response [Doc. # 340]. Because the license agreements contain confidential business information and were properly designated as Highly Confidential under the Protective Order, an appropriate showing has been made under D.C.COLO.LCivR 7.2 to restrict access to them.

MDx's Motion to Restrict Access [Doc. # 383] is GRANTED, and access to Doc. ## 340-1, 340-2, 340-3, 340-4, 340-5, 340-6, 340-7, 340-8, and 340-9 shall be RESTRICTED, LEVEL 1.

III. HG's Motion for Protection [Doc. # 429]

MDx challenges HG's purported designation of deposition transcripts as Highly Confidential under the Protective Order [Doc. # 227]. Section 6.1.8 of the Protective Order [Doc. # 227] provides:

> Deposition Testimony: Designation of portions, or the entirety, of deposition transcripts (including exhibits) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be made by a statement to such effect on the record in the course of the deposition, or upon review of such transcript by Counsel for the deponent within fourteen (14) business days after Counsel's receipt of the transcript. Until the expiration of the fourteen (14) business day time period, deposition transcripts will be treated by the Parties as HIGHLY CONFIDENTIAL," in their entirety. . . .
>
> Designations made within fourteen (14) business days after receipt of a transcript of a deposition shall be made by sending written

> notice to the Court Reporter, to Counsel for all Parties to this Action, and to any other person known to have a copy of said transcript. The notice shall reference this Protective Order and identify the pages and/or exhibits or the transcript so designated. All copies of transcripts thus designated shall be marked with a notice indicating the confidentiality of the material therein and shall be governed by the terms of this Protective Order.

Five depositions are at issue--David Hicks, Scott Montroy, Brian Blackman, John Neal, and Allen Dodge. HG has agreed to withdraw the designation in its entirety with respect to the depositions of David Hicks and Brian Blackman. HG's Motion for Protection [Doc. # 429] at p. 3.

Concerning the deposition of Scott Montroy, HG seeks to designate only four pages as confidential--page 13 line 14 through page 16 line 13. Although the deposition pages are not provided for my review, HG states that they contain testimony about "Echo Star trade secret litigation" which was settled subject to confidential terms. Email [Doc. #429-2].

MDx argues that the designation was not timely made and is waived.

Mr. Montroy was deposed on January 16, 2012. At the time of his deposition, the following exchange occurred:

> MR. VASQUEZ: Scott, to the extent your questions deal with exhibits that are attorneys eyes only, I assume that these transcripts won't be shared with anybody other than the attorneys, right?
>
> MR. STIMPSON: Whatever is under our so-called protective order.
>
> MR. VASQUEZ: A draft protective or hasn't been entered.
>
> MR. STIMPSON: Yeah.
>
> MR. VASQUEZ: Well, that's what I'm expecting whenever we take depositions.

        MR. STIMPSON:  Yeah, we're just operating under that.

Deposition of Scott Montroy [Doc. # 467-1] at p. 282 lines 11-23.  There is no indication that HG made any further written designation of the Montroy transcript as confidential within 14 days after receipt of the transcript.

    There is no indication that the testimony of Mr. Montroy that HG seeks to make confidential was based in any way on exhibits marked pursuant to the Protective Order as attorneys eyes only.  Consequently, whatever may have been designated as confidential as a result of Mr. Vasquez' statement at the start of the Montroy deposition, it did not sweep within its terms Mr. Montroy's testimony about a settlement in an unrelated matter.  I agree with MDx that HG failed to avail itself of the protections afforded by the Protective Order with respect to the Montroy testimony, and any claim to confidentiality has been waived.

    Concerning the deposition of John Neal, HG seeks to restrict access to the following:

    Page 9 line 17 through page 12 line 20, concerning "[o]wnership interest";

    Page 62 lines 6-20, concerning "[b]usiness strategy";

    Page 70 line 12 through page 71 line 4, concerning "[r]evenues";

    Page 73 lines 3-11, concerning "[r]evenues, monetization strategy"; and

    Page 74 lines 7-23, concerning "[r]evenues, monetization strategy."

Email [Doc. # 429-2].

    HG claims that the Neal deposition was designated as confidential "on the record," HG's Motion for Protection [Doc. # 429] at p. 2, and has provided 32 pages of the Neal transcript in

support of the assertion.[1]  I have reviewed the materials submitted, and nowhere does MDx's counsel make any statement on the record, as required by §6.1.8 of the Protective Order, that any portion of the testimony, or the entirety of it, is confidential.  Nor does HG claim that such a designation was made in writing within 14 days after receipt of the transcript.  Once again, I agree with MDx that HG failed to avail itself of the protections afforded by the Protective Order, and any claim to confidentiality with respect to the Neal deposition has been waived.

Similarly, HG argues that it designated the deposition of Allen Dodge as confidential on the record, HG's Motion for Protection [Doc. # 429] at p. 2, and it attaches ten pages of the transcript in support of the contention.  But nowhere among the materials submitted is a statement by HG's counsel that any or all of the testimony is confidential.  Nor does HG claim to have made any confidentiality designation in writing within 14 days of receipt of the Dodge transcript.  HG failed to avail itself of the protections afforded by the Protective Order, and any claim to confidentiality with respect to the Dodge deposition has been waived.

IT IS ORDERED:

(1)     MDx's Motion for Protection [Doc. # 310] is GRANTED;

(2)     MDx's Motion to Restrict Access [Doc. # 383] is GRANTED, and access to Doc. ## 340-1, 340-2, 340-3, 340-4, 340-5, 340-6, 340-7, 340-8, and 340-9 is RESTRICTED, LEVEL 1; and

(3)      HG's Motion for Protection [Doc. # 429] is DENIED.

---

[1]MDx states in its Response that "[a]t some depositions (not all) counsel for Health Grades did attempt to globally designate" the testimony as confidential.  Response [Doc. # 467].  The transcripts containing those global designations, or other details concerning them, have not been provided, however.

Dated January 15, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge