# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

vs.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

### FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

---

Plaintiff Health Grades, Inc., by its undersigned counsel, pursuant to Fed. R. Civ. P. 15(d), asserts its First Amended Complaint against Defendant MDX Medical, Inc. d/b/a Vitals.com as follows:

### I. PARTIES

1. Plaintiff Health Grades, Inc. ("Health Grades") is a Delaware corporation with its principal place of business located in Denver, Colorado.

2. Defendant MDX Medical, Inc. d/b/a Vitals.com ("MDX" or "Vitals") (collectively "Defendants") is a Delaware corporation having its principal place of business in Lyndhurst, New Jersey.

- 1 -

2003743740_1

**EXHIBIT 1**

## II. JURISDICTION AND VENUE

3. MDX has intentionally and purposely availed itself of the privilege of doing business in the State of Colorado by soliciting and making contacts with the citizens of the state of Colorado via MDX's interactive website, Vitals.com. Similarly, by virtue of its agreements and relationships with numerous Colorado-based physicians listed within the Vitals.com website, MDX has availed itself of the privilege of doing business in the State of Colorado.

4. This is an action for patent infringement pursuant to the laws as set forth in the United States Patent Act, 35 U.S.C. § § 101 *et seq.*, and Colorado Revised Statutes as more fully set forth below. The acts of infringement by MDX, as complained of herein, were committed in Colorado, among other places, and have caused Health Grades to suffer injury. This Court has jurisdiction over the parties and the subject matter of this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338, and section 13-1-124 of the Colorado Revised Statutes.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Defendant MDX is deemed to reside in Colorado, for venue purposes, pursuant to the provisions of 28 U.S.C. § 1391(c) of the United States Code. The wrongful acts complained of herein were committed in the State of Colorado, among other places, and Defendants have conducted business in the State of Colorado causing Health Grades to suffer injuries and losses here.

## III. FACTUAL BACKGROUND

6. Health Grades is the leading web-based health information resource for the distribution of healthcare provider ratings and other healthcare information. Health Grades provides objective ratings of and information about hospitals, physicians and other providers of

- 2 -

2003743740_1

EXHIBIT 1

- 3 -

healthcare services based upon data and information obtained from a variety of sources. Health Grades analyzes this data using its own proprietary methodologies.

7. On July 6, 2010, United States Patent No. 7,752,060 B2 (the '060 Patent) for *Internet System For Connecting Healthcare Providers and Patients* was duly and legally issued to Health Grades, Exhibit A. Health Grades is the assignee and owner of the '060 patent.

8. The priority date of the '060 Patent is February 8, 2006.

9. MDX is the owner of the "Vitals" service mark, Registration No. 3,612,937, registered April 28, 2009. The date the "Vitals" service mark was allegedly first used in commerce is June 30, 2007.

10. According to MDX's CEO, Mr. Mitchel Rothschild, Vitals.com was "launched" in January, 2008.

11. MDX is a competitor of Health Grades and maintains an interactive internet web site, www.Vitals.com, for interstate commerce, marketing and advertising purposes. The web site is accessible for all purposes by residents of all states, including Colorado. Via its web site www.Vitals.com, MDX makes, uses, offers for sale and/or sells one or more systems, methods and/or apparatuses that are covered by and claimed in the '060 Patent. Specifically, the features of the www.Vitals.com web site that enable the public to access information supplied by physicians (including the physicians with which MDX does business in Colorado), health care providers, patients, and third-party verified information, are covered by the claims in the '060 Patent.

- 3 -

**EXHIBIT 1**

12. Via its letter dated December 15, 2009, and pursuant to 35 U.S.C. § 154(d), Health Grades gave MDX notice that MDX was practicing the inventions claimed by Health Grades in its published patent application, U.S. Patent Application Publ. No. 2007/0185732 A1.

13. MDX has agreed to license or lease at least a portion of its data for use by other entities such as Aetna Life Insurance Company ("Aetna").

14. MDx entered into an agreement in the fall of 2011 with Aetna to provide Aetna with MDx's accused data for use in Aetna's iTriage application. MDx also agreed to develop, manage, and maintain a full database for use with the iTriage application and to provide training for Aetna to use this database.

## IV. FIRST CLAIM FOR RELIEF
### (Direct and Joint Patent Infringement)

15. .Health Grades re-alleges and incorporates by reference the allegations of paragraphs 1-14 above as if fully set forth herein

16. Without the permission, authority or license of Health Grades, MDX has used, made, sold or offered for sale in the judicial district of Colorado one or more systems, methods, and/or apparatuses that infringe at least claim Nos. 1 and 15 of the '060 Patent under 35 U.S.C. § 271(a).

17. Without the permission, authority or license of Health Grades, MDX and Aetna have jointly used, made, sold or offered for sale in the judicial district of Colorado one or more systems, methods, and/or apparatuses that infringe at least claim Nos. 1 and 15 of the '060 Patent under 35 U.S.C. § 271(a).

18. Health Grades has been damaged and is currently being damaged by the said infringement of the '060 Patent in an amount to be proven at trial.

- 4 -

2003743740_1

**EXHIBIT 1**

19. Health Grades will continue to suffer damages and irreparable harm unless MDX is enjoined, pursuant to 35 U.S.C. § 283, from further patent infringement and unlawful conduct.

20. MDX's infringement of the '060 Patent has been with full knowledge of the scope of the patent's claims and of Health Grades' rights therein.

21. MDX's infringement of the '060 Patent has been intentional and willful.

22. The willful and intentional nature of the infringement makes this case exceptional, within the meaning of 35 U.S.C. § 285, entitling Health Grades to an award of its attorney fees.

23. The willful and intentional nature of the infringement entitles Health Grades to an award of treble damages pursuant to the provisions of 35 U.S.C. § 284.

## V. SECOND CLAIM FOR RELIEF
### (Indirect Patent Infringement)

24. Health Grades re-alleges and incorporates by reference the allegations of paragraphs 1-23 above as if fully set forth herein.

25. Aetna directly infringes the '060 patent claims by licensing physician data from MDx and using this data in an on-line information system like Aetna's iTriage.

26. MDX is liable under 35 U.S.C. §271(b) for actively inducing Aetna, without the permission, authority or license of Health Grades, in the judicial district of Colorado to infringe the claims of the '060 Patent.

27. MDX is liable as a contributory infringer under 35 U.S.C. §271(c) for selling and offering to sell to Aetna, without the permission, authority or license of Health Grades, in the judicial district of Colorado a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing the claims of the '060 patent, constituting a material part of the invention, knowing the same to be especially made or

- 5 -

EXHIBIT 1

especially adapted for use in an infringement of the '060 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

29. Health Grades has been damaged and is currently being damaged by the indirect infringement of the '060 Patent in an amount to be proven at trial.

30. Health Grades will continue to suffer damages and irreparable harm unless MDX is enjoined, pursuant to 35 U.S.C. § 283, from further indirect patent infringement and unlawful conduct.

31. MDX's indirect infringement of the '060 Patent has been with full knowledge of the scope of the patent's claims and of Health Grades' rights therein.

32. MDX's indirect infringement of the '060 Patent has been intentional and willful.

33. The willful and intentional nature of the indirect infringement makes this case exceptional, within the meaning of 35 U.S.C. § 285, entitling Health Grades to an award of its attorney fees.

34. The willful and intentional nature of the indirect infringement entitles Health Grades to an award of treble damages pursuant to the provisions of 35 U.S.C. § 284.

WHEREFORE, Health Grades prays that judgment be entered in its favor and against MDX on all of its claims for relief, and that it be awarded the following relief:

A. MDX, its agents, principals and employees, and anyone else acting in concert with it, be temporarily and permanently enjoined from making, using, offering to sell or selling the systems, methods and/or apparatuses that directly or indirectly infringe the '060 Patent;

2003743740_1

EXHIBIT 1

    B. MDX be ordered to account to Health Grades for all profits, gains and advantages which it has realized as a consequence of the use or sales of the infringing methods, systems, and/or apparatuses and or as a consequence of MDX's indirect infrigement;

    C. Judgment against MDX and in favor of Health Grades for all damages sustained by Health Grades as a consequence of MDX's wrongful conduct, as provided for in 35 U.S.C. §§ 154(d) and 284, including an appropriate award of enhanced and/or trebled damages for MDX's acts of patent infringement;

    D. Pre-judgment and post-judgment interest on all damage awards;

    E. Health Grades be awarded its costs and attorneys fees incurred herein; and

    F Health Grades be awarded such other and additional relief as the Court deems just and proper.

**PLAINTIFF HEALTH GRADES DEMANDS A TRIAL BY JURY.**

Respectfully submitted this 13th day of July, 2012.

            ROTHGERBER JOHNSON & LYONS LLP

            *s/ Jesús M. Vazquez*
            Gregory B. Kanan, Esq.
            Kris J. Kostolansky, Esq.
            Jesús M. Vázquez, Jr., Esq.
            1200 17th Street, Suite 3000
            Denver, Colorado  80202
            Tel:  (303) 623-9000
            Fax:  (303) 623-9222
            Email: gkanan@rothgerber.com
               kkosto@rothgerber.com
               jvazquez@rothgerber.com

            *Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

**EXHIBIT 1**