IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

### MDX'S UNOPPOSED MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENTS - DOCUMENT NOS. 486-1 AND 486-2

Defendant MDx Medical, Inc. ("MDx"), by its undersigned counsel, pursuant to *D.C.COLO.LCivR* 7.2, moves this Court for an order continuing the restricted access to document numbers 486-1 and 486-2. For document 486-2, MDx is submitting a proposed, redacted version of the document to be used for public access from which the MDx confidential or highly confidential information has been redacted, attached hereto as Exhibit A.

Pursuant to *D.C.COLO.LCivR* 7.1(A), MDx's counsel has conferred with counsel for Plaintiff Health Grades, Inc. ("Health Grades") regarding this motion on February 1, 2013, and Health Grades does not oppose the relief requested herein.

The documents at issue were submitted by MDx as part of its Unopposed Motion to Extend the Dispositive Motion Deadline [Dkt. No. 485]. Document numbers 486-1 and 486-2 are exhibits B and D to MDx's Proposed Motion for Summary Judgment of No Infringement with Regard to Amended Complaint and Allegations Relating to Aetna Life Insurance Company,

1

which was submitted by MDx as an exhibit to the Unopposed Motion to Extend the Dispositive Motion Deadline.  The proposed summary judgment motion was ultimately docketed at Dkt. No. 490 after the Court granted MDx's Motion to Extend the Dispositive Motion Deadline [*see* Dkt. No. 489].

These same documents – MDx's Master Business Agreement with Aetna ("MDx/Aetna Agreement") and Schedule No. 1 to the Agreement (Dkt. No. 486-1); and Health Grades' claim chart that discloses certain terms of the MDx/Aetna agreement (Dkt. No. 486-2) – were previously before the Court on another motion to restrict [*see* Dkt. Nos. 269 & 302, regarding Dkt. Nos. 253-4 and 253-5 [here, Dkt. No. 486-1] and 253-2 [here, Dkt. No. 486-2]), and the Court agreed with MDx that the documents should remain restricted (the MDx/Aetna Agreement and Schedule No. 1 to the MDx/Aetna Agreement in their entirety; and only a redacted version of Health Grades' claim chart should be made available to the public).  *See* Dkt. No. 303, ¶¶ 4 and 5.  Therefore, MDx requests that the same restrictions apply to Dkt. Nos. 486-1 and 486-2, which are the same documents previously ruled upon by the Court.  Nonetheless, for the Court's convenience, MDx has set forth below the reasons it previously submitted regarding why the Court should restrict access to these documents in the manner requested by MDx.

**Document No. 486-1** - This document is the MDx/Aetna Agreement and a schedule to MDx/Aetna Agreement which relate to an ongoing business relationship between the two companies and contain highly confidential and proprietary information regarding the relationship, including pricing and product development information. *See* Dkt. No. 302-5, ¶¶ 4, 5 and 10.  MDx will suffer significant competitive injury if the competitive and proprietary terms

and conditions of its business agreement with Aetna is accessible by the public.  *See* Dkt. No. 302-5, ¶¶ 7 and 9.

Since there is no alternative to restricted access which will adequately protect the proprietary business information, MDx proposes to restrict access to the entire document because the information appears throughout 486-1 and appropriate redaction would require the redaction of essentially all of the document.  The protection of MDx's proprietary and confidential information outweighs the presumption of public access.  *See generally* Dkt. No. 302-5.

**Document No. 486-2** – This is Health Grades' amended claim chart which quotes liberally from the MDx/Aetna Agreement throughout, regarding confidential business relationship and product development information.  As set forth *supra*, MDx will suffer significant competitive injury if the competitive and proprietary terms and conditions of its business agreement with Aetna is accessible by the public.  *See* Dkt. No. 302-5, ¶¶ 7 and 9.  Attached hereto as Exhibit A is a proposed redacted version of Health Grades' amended claim chart to protect such information from public access.  This is the same redacted version previously approved by the Court for public access.  *See* Dkt. Nos. 302-4 and 303.  In view of MDx's submission of this redacted version for public access, MDx requests that document 486-2 remain restricted at a Level 1 restriction or be replaced by this redacted version.

3

## CONCLUSION

For the foregoing reasons, including specifically, the Court's prior grant of restricted access regarding the same documents at issue here, MDx requests that this Court grant this Motion and order that Document Nos. 486-1 and 486-2 remain restricted at Restricted Level 1, and that the proposed, redacted version of Document No. 486-2 attached hereto as Exhibit A be used as a replacement for Document 486-2, which the public can access.

Dated:  February 1, 2013                                    Respectfully submitted,

                                                            s:/Scott B. Murray
                                                            Scott D. Stimpson
                                                            Scott B. Murray
                                                            David C. Lee
                                                            Sills Cummis & Gross P.C.
                                                            30 Rockefeller Plaza
                                                            New York, New York 10112
                                                            Tel: (212) 643-7000
                                                            Fax: (212) 643-6500
                                                            E-mail:sstimpson@sillscummis.com
                                                            E-mail:smurray@sillscummis.com
                                                            E-mail:dlee@sillscummis.com

                                                            and

                                                            Terence Ridley, Atty. No. 15212
                                                            Wheeler Trigg O'Donnell LLP
                                                            370 Seventeenth Street, Suite 4500
                                                            Denver, Colorado 80202
                                                            Tel:  (303) 244-1800
                                                            Fax:   (303) 244-1879
                                                            E-mail: ridley@wtotrial.com

                                                            *Attorneys for Defendant*
                                                            MDx Medical, Inc. d/b/a VITALS.COM

4

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2013, I electronically filed the foregoing MDX'S UNOPPOSED MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENTS - DOCUMENT NOS. 486-1 AND 486-2 with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Jesus Manuel Vazquez, Jr.
  jvazquez@rothgerber.com, phenke@rothgerber.com

- Gregory B. Kanan
  gkanan@rothgerber.com, dgrooms@rothgerber.com

- Kris John Kostolansky
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- Scott David Stimpson
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- Scott B. Murray
  smurray@sillscummis.com

- David Chunyi Lee
  dlee@sillscummis.com

- Terence M. Ridley
  ridley@wtotrial.com, norris@wtotrial.com

                                                           *s:/Scott B. Murray*