**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Health Grades,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S UNOPPOSED MOTION FOR LEAVE TO AMEND
ITS MOTION FOR SUMMARY JUDGMENT OF NO INFRINGEMENT [DOC. # 490]
WITH REGARD TO AMENDED COMPLAINT**

---

Defendant and Counterclaim plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, hereby moves for leave to amend its motion for summary judgment of no infringement [Doc. # 490] with regard to Health Grades, Inc.'s First Amended Complaint (the "Motion").

Pursuant to D.C.COLO.LCivR 7.1(a), counsel for MDx conferred with counsel for Health Grades and is authorized to state that Health Grades does not oppose this Motion.

**THE MOTION**

On January 22, 2013, the Court granted MDx's request to file its motion for summary judgment of no infringement to address new claims asserted by Health Grades in its First Amended Complaint [Doc. # 489], and MDx's motion for summary judgment of no infringement with respect to the First Amended Complaint was entered at Doc. # 490 (the "Summary Judgment Motion"). MDx has realized that its Summary Judgment Motion contains an

inaccuracy in paragraph 1 of the Statement of Undisputed Material Facts. To correct the inaccuracy, this Motion requests leave to amend paragraph 1 of the Statement of Undisputed Material Facts by adding the following footnote at the end of paragraph 1:

> FN*. The language is slightly different in claim 15, but identical in meaning. *See* Exhibit C, col. 22, lines 33-39 (claim 15 recites "by ***a*** company providing ***a*** service" rather than "by ***the*** company providing ***the*** service") (emphasis added). The meaning is the same, however, for many reasons. <u>First</u>, the claim requires the survey to be completed not just on any website, but on "a ***company*** website." This term is used in claim 1 to refer to the company that manages the website and provides the service (*id*. at col. 20 lines 45-48), and it is thus presumed to have the same meaning in claim 15. *Southwall Techs. v. Cardinal IG Co.*, 54 F.3d 1570 (Fed. Cir. 1995) (a term "cannot be interpreted differently in different claims because claim terms must be interpreted consistently"). <u>Second</u>, the '060 patent consistently uses the word "company" to reference the company running the service. *See, e.g., id.* at col. 2, line 5 (distinguishing the "company" from third party entities); col. 2, lines 31-32 (same); col. 2, lines 57-60 ("a company-verified section . . ."); col. 3, line 44 and Figure 1 (showing searching on "a company" website, and referencing the website in Figure 1 as "www.company.com"). <u>Third</u>, claim 15 uses "the company Web site" to refer back to this same website (*id*. at col. 22, line 37); and that phrase "the company" has been expressly defined in the specification as being the company managing the website. *Id.* at col. 1, lines 63-65 (***defining*** "the company" as "the company maintaining and/or managing the Web Site").

> The identical meaning of these two phrases was further established during prosecution of the '060 patent. There, Health Grades confirmed that claim 15 (then claim 19) required the same thing as claim 1 and argued that this requirement distinguished over the prior art (representing present claim 15 language as being "by ***the*** company providing ***the*** service"). *See* Exhibit E, Portions of Prosecution History of '060 Patent, at MDX0013549-550; *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005) ("[T]he prosecution history can often inform the meaning of the claim language by demonstrating how the inventor understood the invention and whether the inventor limited the invention in the course of prosecution, making the claim scope narrower than it would otherwise be.") (*citing Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576 (Fed. Cir. 1996)).

> Thus, this claim limitation in claim 15 has the same scope as the corresponding claim limitation in claim 1, and MDx treats claim 15 as reciting the same quoted claim language, ***as did Health Grades during prosecution of the '060 patent***.

2

The aforementioned inaccuracy was unintentional, and Health Grades does not oppose the requested amendment to the Summary Judgment Motion. Accordingly, MDx respectfully requests that the Court grant this unopposed Motion for leave to amend MDx's motion for summary judgment of no infringement [Doc # 490].

Dated:  February 7, 2013                                    Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: sstimpson@sillscummis.com
E-mail: smurray@sillscummis.com
E-mail: dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202-5647
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

3

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2013, I electronically filed the foregoing **MDX MEDICAL, INC.'S UNOPPOSED MOTION FOR LEAVE TO AMEND ITS MOTION FOR SUMMARY JUDGMENT OF NO INFRINGEMENT [DOC. # 490] WITH REGARD TO AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez , Jr.**
  jvazquez@rothgerber.com, phenke@rothgerber.com

- **Gregory B. Kanan**
  gkanan@rothgerber.com, dgrooms@rothgerber.com

- **Kris John Kostolansky**
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Scott B. Murray**
  smurray@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com


_s:/David C. Lee_____