**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

Plaintiff,

vs.

MDX MEDICAL, INC. d/b/a VITALS.COM,

Defendant.

---

**HEALTH GRADES, INC.'S MOTION FOR DETERMINATION THAT THE DEPOSITION TESTIMONY OF ITS DAMAGES EXPERT IS PROPERLY DESIGNATED ATTORNEYS EYES ONLY AND ACCESS TO IT SHOULD BE RESTRICTED AND FOR RECONSIDERATION OF THE COURT'S ORDER [DOC. # 484] AS TO THE DEPOSITION TESTIMONY OF ALLEN DODGE**

---

Plaintiff Health Grades, Inc. ("Health Grades"), by its undersigned counsel, respectfully submits its Motion for Determination that the Deposition Testimony of its Damages Expert is Properly Designated Attorneys Eyes Only and Access to it Should Be Restricted and for Reconsideration of the Court's Order [Doc. # 484] as to the Deposition Testimony of Allen Dodge:

**MR. HALL'S DEPOSITION TESTIMONY IS PROPERLY DESIGNATED ATTORNEYS EYES ONLY AND ACCESS TO IT SHOULD BE RESTRICTED**

This motion should not be necessary. In its Order dated January 14, 2013 [Doc. # 483], the Court *granted* Health Grades' *Unopposed* Motion to Restrict Access to Documents [Doc. # 401]. The restricted information includes information regarding Health Grades' revenues and profits as discussed by Mr. Hall in his July 13, 2012, expert report [Doc. # 375-1]. In the same Order [Doc. # 483], the Court also *granted* the parties' *joint motion* to restrict access to

documents [Doc. # 459]. The restricted information includes Health Grades' advertising revenue, Health Grades' incremental profit rate, Health Grades' licensing information, and Health Grades' financial information, all contained within Mr. Hall's July 13, 2012, expert report, including attachments 1, 4, 5, 5a, 6a, 8 and 12 to his report [Doc. #s 411-1/412-1].

The Court also restricted access to information regarding Health Grades' incremental profit rate in Mr. Hall's July 20, 2013, supplemental report, and attachment 15 to the supplemental report [Doc. # 411-2], and similarly restricted access to Health Grades' advertising revenue information discussed in Mr. Hall's Affidavit [Doc. #s 433-5/411-3/412-2]. Thus the Court has already restricted access to the private, competitively sensitive Health Grades' information that is discussed by Mr. Hall in both of his expert reports and in his Affidavit. The Court has also restricted access to information regarding Health Grades' ownership, acquisition, licensing and advertising revenue discussed in the September 17, 2012, report of MDx's damages expert, Mr. Brian Napper [Doc. #s 411-5/412-4].

Despite all of this, MDx contends that Mr. Hall's deposition testimony regarding the same restricted information should not be designated Attorneys Eyes Only and should not be restricted. This is nonsensical and uncooperative – it is pure gamesmanship for MDx to agree on the one hand that this non-public, competitively sensitive information should be restricted from public access, but to now argue on the other hand that testimony by Health Grades' damages expert using the same information should not be protected as Attorneys Eyes Only information or be restricted. As the court stated in *THK America, Inc. v. NSK Co. Ltd, et al.*, a 1993 case in which the defendants, represented by Mr. Stimpson, were sanctioned for overdesignating documents as Attorneys Eyes Only in "bad faith" among other things – "[c]ourts are too

overburdened with heavy caseloads and backlogs to be taxed by parties engaging in uncooperative, dilatory and obstructionist litigation tactics, or similar strategems designed to increase the litigation expenses of the opposing party." 257 F.R.D. 637, 643 and 647 (N.D. Illinois 1993). The Court here is likewise being taxed by having to rule on this motion, a motion that should not be necessary but for MDx's uncooperative gamesmanship.

As MDx knows, Mr. Hall's deposition transcript was designated as Attorneys Eyes Only pursuant to Health Grades' counsel's specific request that it be so designated. The request was made to the reporter, in MDx's counsel's presence, before the reporter swore in Mr. Hall and MDx's counsel began his examination. (**Exhibit 1**, transcript of the deposition of David Hall showing the "Confidential – Attorneys Eyes Only" designation on each page; **Exhibit 2**, Affidavit of David Hall confirming that the request was made.) The *record*, i.e., the transcript, reflects the request by virtue of the "Confidential - Attorneys Eyes Only" caption showing the designation on each and every page of the transcript.

This is exactly what MDx is referring to in its Opposition to Health Grades' Motion for Determination that Materials are Properly Designated Pursuant to the Terms of the Protective Order [Doc. # 467], where it confirms that "[a]t some depositions (not all) counsel for Health Grades did attempt to globally designate" the testimony as Confidential Attorneys Eyes Only [Doc. # 467 at p. 2].[1] Although MDx contends the designations "were made in bad faith" [Doc. # 467 at p.2], the fact is that they "*were made.*"

[1] On December 4, 2012, Health Grades filed its Motion for Determination That Materials Are Properly Designated Pursuant to the Terms of the Protective Order (the "Motion") [Doc. # 429]. MDx filed its Opposition to the Motion on December 31, 2012 [Doc. # 467]. The deadline for Health Grades' reply was January 17, 2013. On January 15, 2013, before Health Grades filed a reply, the Court issued its Order denying the Motion [Doc. # 484].

Because (1) Mr. Hall's testimony discusses Health Grades' private, non-public, confidential and competitively sensitive information; (2) Mr. Hall's testimony was designated "Confidential – Attorneys Eyes Only," and; (3) access to the same information discussed by Mr. Hall in his expert reports and Affidavit has already been restricted by the Court, the Court should rule that his deposition testimony is properly designated as "Attorneys Eyes Only" and that access to it is restricted.

Health Grades is mindful of the Court's Order [Doc. # 484] in which, in response to Health Grades' argument that only portions of the license agreements at issue in the Motion contain confidential information and that MDx should be more specific in its designation, the Court observed that more specific designations would mire the court in "controversies about whether particular sentences, or specific facts contained within particular sentences, actually are confidential" and that such "is not the purpose of the procedure established by blanket protective orders [such as the one in this case, Doc. # 227]." [Doc. # 484 at pp. 3-4] Thus Health Grades submits that Mr. Hall's entire transcript be designated Attorneys Eyes Only and be restricted. If the Court requires that Health Grades submit a redacted transcript in which the confidential information has been redacted, Health Grades requests the Court allow it to do so within five days of the Court's order to that effect.

**MR. DODGE'S DEPOSITION TESTIMONY WAS PROPERLY DESIGNATED AS ATTORNEYS EYES ONLY**

Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th

Cir.2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* (citation omitted).

Health Grades respectfully submits that in its ruling as to the testimony of Allen Dodge [Doc. # 484 at p. 7], the Court misapprehended the facts, resulting in manifest injustice to the protection of Health Grades' non-public, competitively sensitive information.

Every page of Mr. Dodge's deposition transcript is captioned with the designation "CONFIDENTIAL ATTORNEYS EYES ONLY." (*See* [Doc. # 429-4] containing the first ten pages of the Dodge transcript and showing the designation on every page – each of the other 314 pages show the same designation.)

As MDx knows, every page is designated "CONFIDENTIAL ATTORNEYS EYES ONLY" because counsel for Health Grades specifically requested that the court reporter designate them as such before the witness was sworn in and examination commenced. (**Exhibit 3**, Affidavit of Allen Dodge.) As discussed above with respect to David Hall's testimony, this is precisely what MDx is referring to in its Opposition to Health Grades' Motion [Doc. # 467], where it confirms that "[a]t some depositions (not all) counsel for Health Grades did attempt to globally designate" the testimony as Confidential Attorneys Eyes Only [Doc. # 467 at p. 2]. Again, although MDx contends the designations "were made in bad faith" [Doc. # 467 at p.2], the point is that they "*were made.*"

Furthermore, an exchange that occurred during the deposition of Mr. Dodge confirms that the parties understood that the testimony had been designated CONFIDENTIAL ATTORNEYS EYES ONLY. The exchange is referenced in the email attached as Exhibit B to the Motion [Doc. # 429-2]. Specifically, at page 157 of the Dodge transcript:

Mr. Dodge: In October 2010 InHealth's business model – can I just stop for a second?

Mr. Stimpson: Sure.

Mr. Dodge: I want to make sure that everything I'm saying regarding the business, revenues, et cetera, is all attorney –

Mr. Stimpson: I understand.

Mr. Dodge: Okay. Great, thank you. So in October 2010 and prior, …

Deposition of Allen Dodge, p. 157, ll. 12-19, attached hereto as **Exhibit 4**; **Exhibit 3**, Affidavit of Allen Dodge, ¶ 6.

When Mr. Dodge requested reassurance that the testimony he was about to give would be protected as "attorney – [eyes only]," Mr. Stimpson interrupted and reassured Mr. Dodge. The fact that Mr. Dodge understood from Mr. Stimpson that the testimony would be protected as "attorney eyes only" is evident in his answer thanking counsel for the reassurance and that he then continued testifying. There was no objection by MDx – to the contrary, MDx agreed.

The testimony that Health Grades requests remain designated as " Attorneys Eyes Only" relates to its revenues, business strategies, profit margins, pricing, expenses, monetization strategies and ownership interests. This is *precisely* the type of information that the Protective Order contemplates is Confidential Information that would cause "financial and competitive harms" if disclosed to the public. [Doc. # 227] at §§ 1.1 and 1.2. MDx does not dispute that this is the type of information that should be restricted from access by the public – indeed it has sought, and the Court has protected, the same type of information regarding MDx.

The sole basis for MDx's resistance is its hyper-technical contention that the record, i.e., the transcript, does not reflect the actual request for designation. But the "Confidential Attorneys

Eyes Only" caption on every page of testimony is surely the equivalent of a statement on the record – it is the recorded manifestation, on the record, of the request that the testimony be designated Attorneys Eyes Only. Further, Mr. Dodge's request is clearly on the record. Under these circumstances the suggestion that Health Grades did not follow the required procedure defies common sense.

In light of the foregoing, Health Grades respectfully requests the Court reconsider its Order and rule that the portions of the transcripts of the deposition of Allen Dodge identified in Exhibit B to the Motion be designated as "Highly Confidential Attorneys Eyes Only."

Undersigned counsel for Health Grades certifies that he conferred with counsel for MDx regarding the relief requested herein via several email exchanges and that MDx opposes the relief requested in this motion.

Respectfully submitted this 12th day of February, 2013.

ROTHGERBER JOHNSON & LYONS LLP

*s/ Jesús M. Vázquez*

Gregory B. Kanan, Esq.
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
1200 17th Street, Suite 3000
Denver, Colorado 80202
Tel: (303) 623-9000
Fax: (303) 623-9222
Email: gkanan@rothgerber.com
kkosto@rothgerber.com
jvazquez@rothgerber.com

*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2013, I electronically filed the foregoing **MOTION FOR DETERMINATION THAT THE DEPOSITION TESTIMONY OF ITS DAMAGES EXPERT IS PROPERLY DESIGNATED ATTORNEYS EYES ONLY AND ACCESS TO IT SHOULD BE RESTRICTED AND FOR RECONSIDERATION OF THE COURT'S ORDER [DOC. # 484] AS TO THE DEPOSITION TESTIMONY OF ALLEN DODGE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Scott David Stimpson
David Chunyi Lee
Scott B. Murray
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY 10112
Email: sstimpson@sillscummis.com
Email: mrosenberg@sillscummis.com
Email: dlee@sillscummis.com
Email: smurray@sillscummis.com

Terence M. Ridley
Wheeler Trigg O'Donnell, LLP
370 17th Street, Suite 4500
Denver, CO 80202-5647
Email: ridley@wtotrial.com

*s/ Jesús M. Vázquez*
Gregory B. Kanan, Esq.
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Rothgerber Johnson & Lyons, LLP
1200 17th Street, Suite 3000
Denver, Colorado 80202-5855
Tel: (303) 623-9000
Facsimile: (303) 623-9222
Email: gkanan@rothgerber.com
kkostolansky@rothgerber.com
jvazquez@rothgerber.com

*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*