IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

Plaintiff,

v.

MDX MEDICAL, INC., d/b/a Vitals.com,

Defendant.

_____

## ORDER
_____

This matter arises on **Health Grades, Inc.'s Motion for Determination That the Deposition Testimony of Its Damages Expert Is Properly Designated Attorneys Eyes Only and Access Should Be Restricted and for Reconsideration of the Court's Order [Doc. # 484] as to the Deposition Testimony of Allen Dodge** [Doc. # 516, filed 2/12/2013] (the "Motion").

Health Grades ("HG") first requests that the deposition testimony of David Hall be designated as Attorneys Eyes Only under the blanket Protective Order [Doc. # 227] (the "Protective Order") entered in this case. Section 6.1.8 of that Protective Order provides:

> Deposition Testimony: Designation of portions, or the entirety, of deposition transcripts (including exhibits) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be made by a statement to such effect on the record in the course of the deposition, or upon review of such transcript by Counsel for the deponent within fourteen (14) business days after Counsel's receipt of the transcript. Until the expiration of the fourteen (14) business day time period, deposition transcripts will be treated by the Parties as HIGHLY CONFIDENTIAL," in their entirety. . . .
>
> Designations made within fourteen (14) business days after receipt of a transcript of a deposition shall be made by sending written

> notice to the Court Reporter, to Counsel for all Parties to this
> Action, and to any other person known to have a copy of said
> transcript. The notice shall reference this Protective Order and
> identify the pages and/or exhibits or the transcript so designated.
> All copies of transcripts thus designated shall be marked with a
> notice indicating the confidentiality of the material therein and
> shall be governed by the terms of this Protective Order.

HG claims that the Hall deposition "was designated as Attorneys Eyes Only pursuant to Health Grades' counsel's specific request . . . made to the reporter, in MDx's counsel's presence, before the reporter swore in Mr. Hall and MDx's counsel began his examination." Motion [Doc. # 516] at p. 3. This does not comply with the straight-forward and easy to follow requirements of the Protective Order that the request "be made by a statement to such effect on the record in the course of the deposition, or upon review of such transcript by Counsel for the deponent within fourteen (14) business days after Counsel's receipt of the transcript." It is undisputed that HG did not comply with the requirements of the Protective Order.

Similarly, HG seeks reconsideration of that portion of my Order [Doc. # 484] finding that the deposition of Allen Dodge is not entitled to Attorneys Eyes Only protection because HG failed to make the designation as required by Section 6.1.8 of that Protective Order. HG argues, again, that "counsel for Health Grades specifically requested that the court reporter designate [it] as such before the witness was sworn in and examination commenced." Motion [Doc. # 516] at p. 5. HG's admitted failure to comply with the requirements of the Protective Order precludes the requested relief.

Nor does the colloquy between Mr. Dodge and MDx's counsel during Mr. Dodge's deposition suffice under the Protective Order. First, this argument, although known to HG and fully available to it, was not made in HG's original motion on the issue. Motion for

Determination [Doc. # 429].  "Grounds warranting a motion to reconsider include (1) an intervening change in controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  <u>Servants of the Paraclete v. Does</u>, 204 F.3d 1005, 1012 (10th Cir. 2000).  None of those bases is present here, and a motion for reconsideration is not appropriate where the movant seeks merely to revisit issues already addressed or to advance arguments that could have been raised in prior briefing.  In addition, neither Mr. Dodge nor HG's counsel made a full and intelligible designation "on the record in the course of the deposition" as required by the Protective Order.  Even if the colloquy could be viewed as a designation, and I do not believe that it should, it is limited to Mr. Dodge's testimony "regarding the business, revenues, et cetera," occurring in the testimony on and after page 157 of the transcript. It is not a blanket designation of the entirety of the deposition.

IT IS ORDERED that the Motion [Doc. # 516] is DENIED.

Dated February 13, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge