Civil Action No. 11-CV-00520-PAB-BNB

**HEALTH GRADES, INC.'S OPPOSITION TO MDx MEDICAL, INC.'S MOTION FOR SUMMARY JUDGMENT OF NO INFRINGEMENT WITH REGARD TO AMENDED COMPLAINT AND ALLEGATIONS RELATING TO AETNA LIFE INSURANCE COMPANY**

Exhibit 3

MDx's Second Supplemental Responses to
Health Grades' First Set of Requests for Admission

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**DEFENDANT MDX MEDICAL, INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant MDx Medical, Inc. ("MDx") hereby supplements its response to Health Grades, Inc.'s ("Health Grades") First Set of Requests for Admission to Defendant ("Requests for Admission") as follows.

The Preliminary Statements and General Objections from the earlier responses are incorporated by reference.

1

**Request for Admission No. 3.**

Admit that the www.vitals.com website is an on-line information system for connecting doctors with potential patients.

**Objections**: This request is vague and ambiguous as to whether the request is directed to the entire website as a whole, or only to specific portions of the website. Subject to and without waiving these and the General Objections, MDx responds below.

**Response:** Admitted that this is one aspect of the www.vitals.com website.

**Request for Admission No. 4.**

Admit that the www.vitals.com website is capable of receiving a request for information about a physician.

**Objections**: This request is irrelevant and not likely to lead to the discovery of admissible evidence. The claims of the patent are not directed to whether a website is "capable" of certain things. Such a request is entirely lacking in any probative value – even if a website is "capable" of receiving such information, that has absolutely no bearing on whether such information is received as required by the claims. For example, the website of Health Grades' counsel is "capable" of receiving such information, and that has nothing to do with the issues in this case. Moreover, the requests, if answered, would be extremely prejudicial. Accordingly, determining and providing such information is also overbroad and unduly burdensome. The request is also vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which

website or version of website Health Grades intends to reference. Subject to and without waiving these and the General Objections, MDx responds below.

**Response:**  Admitted.

**Request for Admission No. 5.**

Admit that the www.vitals.com website is capable of receiving from a physician information about that physician's specialty.

**Objections**:  This request is irrelevant and not likely to lead to the discovery of admissible evidence.  The claims of the patent are not directed to whether a website is "capable" of certain things.  Such a request is entirely lacking in any probative value – even if a website is "capable" of receiving such information, that has absolutely no bearing on whether such information is received as required by the claims.  For example, the website of Health Grades' counsel is "capable" of receiving such information, and that has nothing to do with the issues in this case.  .  Accordingly, determining and providing such information is also overbroad and unduly burdensome.  The request is also vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference. Subject to and without waiving these and the General Objections, MDx responds below.

**Response:**  Admitted.

3

**Request for Admission No. 6.**

Admit that the www.vitals.com website is capable of receiving from a physician information about that physician's medical philosophy.

**Objections**: This request is irrelevant and not likely to lead to the discovery of admissible evidence. The claims of the patent are not directed to whether a website is "capable" of certain things. Such a request is entirely lacking in any probative value – even if a website is "capable" of receiving such information, that has absolutely no bearing on whether such information is received as required by the claims. For example, the website of Health Grades' counsel is "capable" of receiving such information, and that has nothing to do with the issues in this case (and for this, the claim does not require receipt of any information – it must be "verified" information – a requirement ignored by this request). Accordingly, determining and providing such information is also overbroad and unduly burdensome. The request is also vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference. Subject to and without waiving these and the General Objections, MDx responds below.

**Response:** Admitted.

**Request for Admission No. 7.**

Admit that the www.vitals.com website is capable of receiving from a physician information about that physician's gender.

4

**Objections**: This request is irrelevant and not likely to lead to the discovery of admissible evidence. The claims of the patent are not directed to whether a website is "capable" of certain things. Such a request is entirely lacking in any probative value – even if a website is "capable" of receiving such information, that has absolutely no bearing on whether such information is received as required by the claims. For example, the website of Health Grades' counsel is "capable" of receiving such information, and that has nothing to do with the issues in this case (and for this, the claim does not require receipt of any information – it must be "verified" information – a requirement ignored by this request). Accordingly, determining and providing such information is also overbroad and unduly burdensome. The request is also vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference. Subject to and without waiving these and the General Objections, MDx responds below.

**Response:** Admitted.

**Request for Admission No. 8.**

    Admit that the www.vitals.com website is capable of receiving from a physician information about the language(s) that physician speaks.

**Objections**: This request is irrelevant and not likely to lead to the discovery of admissible evidence. The claims of the patent are not directed to whether a website is "capable" of certain things. Such a request is entirely lacking in any probative value – even if a website is "capable" of receiving such information, that has absolutely no bearing on whether such information is

received as required by the claims. For example, the website of Health Grades' counsel is "capable" of receiving such information, and that has nothing to do with the issues in this case (and for this, the claim does not require receipt of any information – it must be "verified" information – a requirement ignored by this request). Accordingly, determining and providing such information is also overbroad and unduly burdensome. The request is also vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference. Subject to and without waiving these and the General Objections, MDx responds below.

**Response:** Admitted.

**Request for Admission No. 9.**

Admit that the www.vitals.com website is capable of receiving from a physician information about awards and/or honors that physician has received.

**Objections**: This request is irrelevant and not likely to lead to the discovery of admissible evidence. The claims of the patent are not directed to whether a website is "capable" of certain things. Such a request is entirely lacking in any probative value – even if a website is "capable" of receiving such information, that has absolutely no bearing on whether such information is received as required by the claims. For example, the website of Health Grades' counsel is "capable" of receiving such information, and that has nothing to do with the issues in this case (and for this, the claim does not require receipt of any information – it must be "verified" information – a requirement ignored by this request). Accordingly, determining and providing

such information is also overbroad and unduly burdensome. The request is also vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference. Subject to and without waiving these and the General Objections, MDx responds below.

**Response:** Admitted.

**Request for Admission No. 10.**

Admit that the www.vitals.com website is capable of receiving from a physician information about publications authored by that physician.

**Objections**: This request is irrelevant and not likely to lead to the discovery of admissible evidence. The claims of the patent are not directed to whether a website is "capable" of certain things. Such a request is entirely lacking in any probative value – even if a website is "capable" of receiving such information, that has absolutely no bearing on whether such information is received as required by the claims. For example, the website of Health Grades' counsel is "capable" of receiving such information, and that has nothing to do with the issues in this case (and for this, the claim does not require receipt of any information – it must be "verified" information – a requirement ignored by this request). Accordingly, determining and providing such information is also overbroad and unduly burdensome. The request is also vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of

website Health Grades intends to reference. Subject to and without waiving these and the General Objections, MDx responds below.

**Response:** Admitted.

**Request for Admission No. 11.**

Admit that the www.vitals.com website is capable of receiving patient ratings about a physician from one or more of current or past patients of that physician or from any other user of the vitals website.

**Objections**: This request is irrelevant and not likely to lead to the discovery of admissible evidence. The claims of the patent are not directed to whether a website is "capable" of certain things. Such a request is entirely lacking in any probative value – even if a website is "capable" of receiving such information, that has absolutely no bearing on whether such information is received as required by the claims. For example, the website of Health Grades' counsel is "capable" of receiving such information, and that has nothing to do with the issues in this case. Accordingly, determining and providing such information is also overbroad and unduly burdensome. The request is also vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference. Subject to and without waiving these and the General Objections, MDx responds below.

**Response:** Admitted.

8

**Request for Admission No. 14.**

Admit that MDx receives information about the board certifications of physicians from a third party other than the physician.

**Objections**: This request is vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference. MDx will interpret this as referencing only the current website. The request is also irrelevant and calls for information not likely to lead to the discovery of admissible evidence, in that the claims do not require receipt of any information from physicians – they require information verified by third parties. The request is also vague in that it is not clear which physicians are being referenced. MDx interprets this request as referencing all physicians in the current website. Subject to and without waiving these and the General Objections, MDx responds below.

**Response:** Admitted.

**Request for Admission No. 15.**

Admit that MDx receives information about the licensures of physicians from a third party other than the physician.

**Objections**: This request is vague in that it does not identify any version of the website, and Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference. MDx will interpret this as referencing only the current website. The request is also irrelevant and calls for information not likely to lead to the discovery of admissible evidence, in that the claims do not

9

require receipt of any information from physicians – they require information verified by third parties. The request is also vague in that it is not clear which physicians are being referenced. MDx interprets this request as referencing all physicians in the current website. Subject to and without waiving these and the General Objections, MDx responds below.

**Response:** Admitted.

**Request for Admission No. 16.**

Admit that MDx receives information about the medical schools attended by physicians from a third party other than the physician.

**Objections**: This request is vague in that it does not identify any version of the website, and Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference. The request is also irrelevant and calls for information not likely to lead to the discovery of admissible evidence, in that the claims do not require receipt of any information from physicians – they require information verified by third parties. The request is also vague in that it is not clear which physicians are being referenced. Subject to and without waiving these and the General Objections, MDx responds below.

**Response:** Admitted.

**Request for Admission No. 17.**

Admit that MDx receives information about the medical residencies completed by physicians from a third party other than the physician.

**Objections**: This request is vague in that it does not identify any version of the website, and Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference. The request is also irrelevant and calls for information not likely to lead to the discovery of admissible evidence, in that the claims do not require receipt of any information from physicians – they require information verified by third parties. The request is also vague "completed by physicians" and is thus not susceptible of a response. The request is also vague in that it is not clear which physicians are being referenced. Subject to and without waiving these and the General Objections, MDx responds below.

**Response:** Admitted.

**Request for Admission No. 18.**

Admit that MDx receives information about the medical fellowships completed by physicians from a third party other than the physician.

**Objections**: This request is vague in that it does not identify any version of the website, and Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference. The request is also irrelevant and calls for information not likely to lead to the discovery of admissible evidence, in that the claims do not require receipt of any information from physicians – they require information verified by third parties. The request is also vague "completed by physicians" and is thus not susceptible of a response. The request is also vague in that it is not clear which physicians are being referenced. MDx interprets this request as referencing all

11

physicians in the current website. Subject to and without waiving these and the General Objections, MDx responds below.

**Response:** Admitted.

**Request for Admission No. 19.**

Admit that MDx has a database of information about physicians that is capable of including at least the following kinds of information about each physician in the database: board certification(s), licensure, medical school, medical internship, medical residency, medical fellowship information, specialty information, medical philosophy, gender, age, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and patient ratings.

**Objections**: This request is irrelevant and not likely to lead to the discovery of admissible evidence. The claims of the patent are not directed to whether a website is "capable" of certain things. Such a request is entirely lacking in any probative value – even if a website is "capable" of including such information, that has absolutely no bearing on whether such information is received as required by the claims. For example, the website of Health Grades' counsel is "capable" of including such information, and that has nothing to do with the issues in this case. Moreover, the requests, if answered, would be extremely prejudicial. Accordingly, determining and providing such information is also overbroad and unduly burdensome. Subject to and without waiving these and the General Objections, MDx responds below.

**Response:** Admitted.

**Request for Admission No. 22.**

Admit that www.vitals.com website includes search capabilities for searching a database comprised of healthcare provider information.

**Objections**:  This request is irrelevant and not likely to lead to the discovery of admissible evidence.  The claims of the patent are not directed to whether a website is "capable" of certain things.  Such a request is entirely lacking in any probative value – even if a website is "capable" of such, that has absolutely no bearing on whether it happens.  For example, the website of Health Grades' counsel is "capable" of being searched, and that has nothing to do with the issues in this case.  Moreover, the requests, if answered, would be extremely prejudicial.  Accordingly, determining and providing such information is also overbroad and unduly burdensome. The request is also vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference. Subject to and without waiving these and the General Objections, MDx responds below.

**Response:**  Admitted.

**Request for Admission No. 23.**

Admit that www.vitals.com website includes search capabilities for searching a database comprised of healthcare provider information that permits a search based on at least the following: name, medical specialty, and location criteria.

**Objections**:  This request is irrelevant and not likely to lead to the discovery of admissible evidence. The claims of the patent are not directed to whether a website is "capable" of certain

13

things. Such a request is entirely lacking in any probative value – even if a website is "capable" of such, that has absolutely no bearing on whether the claims are met. For example, the website of Health Grades' counsel is "capable" of searching, and that has nothing to do with the issues in this case. Moreover, the requests, if answered, would be extremely prejudicial. Accordingly, determining and providing such information is also overbroad and unduly burdensome. The request is also vague in that it does not identify any version of the website, and as Health Grades has (improperly) asserted infringement against multiple versions, it is impossible to tell which website or version of website Health Grades intends to reference. Subject to and without waiving these and the General Objections, MDx responds below.

**Response:** Admitted.

Dated:  September 21, 2012                              *s:/Scott D. Stimpson*

                                                    Scott D. Stimpson
                                                  Scott B. Murray
                                                  David C. Lee
                                                  Sills Cummis & Gross P.C.
                                                  30 Rockefeller Plaza
                                                  New York, New York 10112
                                                  Tel: (212) 643-7000
                                                  Fax: (212) 643-6500
                                                  E-mail: sstimpson@sillscummis.com
                                                  E-mail: smurray@sillscummis.com
                                                  E-mail: dlee@sillscummis.com

                                                  and

Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that on <u>September 21, 2012</u>, I have caused a true and correct copy of the foregoing DEFENDANT MDX MEDICAL, INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION to be served upon Health Grades, Inc. by electronic mail transmission to the following individuals:

      Jesus Manuel Vazquez , Jr.
      Kris John Kostolansky
      Jeffrey David Phipps
      ROTHGERBER JOHNSON & LYONS LLP
      One Tabor Center, Suite 3000
      1200 Seventeenth Street
      Denver, CO 80202
      Tel: (303) 623-9000
      Fax: (303) 623-9222
      jvazquez@rothgerber.com
      kkosto@rothgerber.com
      jphipps@rothgerber.com

*Attorneys for Plaintiff Health Grades, Inc.*

                <u>s:/Scott D. Stimpson</u>