IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**MDX MEDICAL, INC.'S UNOPPOSED MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENT 516-1**

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, pursuant to *D.C.COLO.LCivR* 7.2, moves this Court for an order continuing the restricted access to document number 516-1, which was filed by Health Grades, Inc. ("Heath Grades") in connection with its Motion for Determination that the Deposition Testimony of its Damages Expert is Properly Designated Attorneys Eyes Only and Access to it Should Be Restricted and for Reconsideration of the Court's Order [Doc. # 484] as to the Deposition Testimony of Allen Dodge [Dkt. # 516]. MDx is submitting a proposed, redacted version of document 516-1 from which the MDx confidential or highly confidential information

1

has been redacted, to be used for public access.[1]  See Exhibit A, attached.  In light of the submission of this proposed, redacted version, MDx respectfully requests that access to the unredacted version of this document at Document No. 516-1, remains restricted at Restricted Level 1.

Pursuant to *D.C.COLO.LCivR* 7.1(A), counsel for MDx conferred with counsel for Health Grades on this motion by e-mail correspondence to counsel for Health Grades on February 25 & 26, 2013.  Health Grades does not oppose MDx's proposed redactions of MDx highly confidential information.

Document No. 516-1:  This document was filed by Health Grades as an exhibit in connection with its Motion for Determination that the Deposition Testimony of its Damages Expert is Properly Designated Attorneys Eyes Only and Access to it Should Be Restricted and for Reconsideration of the Court's Order.  Document 516-1 is the entire transcript of the deposition of Health Grades' damages expert, David Hall.

Excerpts of this transcript have been the subject of a prior MDx motion to restrict that was granted by the Court.  *See* Dkt. No. 400.  As a result of that prior motion to restrict, the Court granted MDx the permission to redact lines 66:10-11; 101:15-23; 107:9-12; 207:3-5; and 208:19-20 of the transcript.  *See* Dkt. No. 483.  At lines 66:10-11, there appears a statement

---

[1] Doc. No. 516-1 is the transcript of the deposition of Health Grades' damages expert, David Hall.  MDx has filed its proposed, redacted version of Doc. No. 516-1 as restricted in an abundance of caution because Health Grades has previously contended that the entire transcript is highly confidential because it also contains Health Grades' competitively sensitive information.  Although the Court has recently ruled, in agreement with MDx, that Health Grades waived any such confidentiality by failing to properly and timely designate the transcript as highly confidential (*see* Dkt. Nos. 484 & 518), MDx has filed the proposed, redacted version as restricted only because Health Grades' time to further challenge the recent Court's ruling has not passed.  However, this should not be construed as meaning that MDx disagrees with the Court's ruling or believes that Health Grades did not waive confidentiality.

regarding the plans for future functionality on MDx's Vitals.com website that Mr. Hall states he learned from his review of MDx documents. MDx has not publicly announced such plans and keeps such information confidential until it launches new functionality. *See* Dkt. 400-5, Declaration of Erika Boyer dated November 16, 2012 ("Boyer Decl."), ¶ 4. Therefore, this is competitively sensitive information which if disclosed to the public and MDx's competitors could be unfairly used by competitors against MDx regarding its products and services, that would cause damage to MDx in its efforts to secure business partners and possibly advertising. *Id.*

Lines 101:15-23; 107:9-12; 207:3-5; and 208:19-20 in the transcript contain highly confidential MDx detailed, financial information regarding its advertising revenue. MDx does not make such detailed financial information publicly available, and only allows its employees to know such information on a need to know basis. *Id.*, ¶ 6. Knowledge of such advertising revenue information is limited to a small group of executives. *Id.* The disclosure of such information to the public and MDx's competitors could cause significant harm to MDx regarding its advertisers and business partners, as well as potential investors. *Id.*

Now that Health Grades has submitted to the Court the entire transcript as an exhibit, MDx also wishes to redact similar, highly confidential, competitively sensitive MDx information at lines 247:6-13; 250:24 - 251:18; 252:19 - 253:3; 258:9-12; 258:18-19; 259:14-23; 264:13 - 265:9; 266:9 - 267:16; 294:3-9; 297:21-22; 298:13 - 299:4; 301:16 - 302:20; and 304:12 - 305:12.

Lines 247:6-13; and 301:16 - 302:20 include a discussion of the confidential terms of MDx licensing agreements with certain of its business partners. The Court has ruled on several

3

prior occasions, in granting MDx motions to restrict, that such competitively sensitive information is entitled to protection through redaction or full restriction. *See* Dkt. Nos. 303, 483, 484, 508, and 511. Here, MDx seeks to redact the limited deposition testimony regarding such licensing agreement terms. *See* Exhibit A.

Lines 250:24 - 251:18; 252:19 - 253:3; 298:13 - 299:4; and 304:12 - 305:12 include discussions of MDx's highly confidential financial information that the Court has also previously agreed with MDx is entitled to protection in regard to other portions of this very deposition transcript. *See* above, Dkt No. 483. Here again, MDx seeks to use limited redactions of such information. *See* Exhibit A.

Lines 258:9-12; 258:18-19; 259:14-23; 264:13 - 265:9; 266:9 - 267:16; 294:3-9; and 297:21-22 include discussions of information that was in an MDx "Business Information Strategy Plan," used as an exhibit during the deposition, that represents MDx's plans and strategies for competing in the marketplace, as well as its assessment of the competitive marketplace. Such information is also entitled to protection to protect MDx from competitive harm. *See* above, Dkt No. 483. As with the other proposed redactions, MDx seeks to redact limited portions of such testimony. *See* Exhibit A.

For these reasons, MDx respectfully requests that access to this document remain restricted at level 1 and proposes a redacted version of the document for public access that redacts only the limited testimony regarding MDx's highly confidential business plans, financial information and license agreement terms.

Conclusion

For the foregoing reasons, MDx respectfully requests that this Court grant this motion for continued restrictions on access to Document Number 516-1, at a Level 1 restriction, and to use the attached, redacted exhibit as a public access version.

Dated:  February 26, 2013                                              Respectfully submitted,


*s:/Scott B. Murray*
Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail:sstimpson@sillscummis.com
E-mail:smurray@sillscummis.com
E-mail:dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2013, I electronically filed the foregoing MDX MEDICAL, INC.'S UNOPPOSED MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENT 516-1 with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Jesus Manuel Vazquez , Jr.
  jvazquez@rothgerber.com, phenke@rothgerber.com

- Gregory B. Kanan
  gkanan@rothgerber.com, dgrooms@rothgerber.com

- Kris John Kostolansky
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- Scott David Stimpson
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- Scott B. Murray
  smurray@sillscummis.com

- David Chunyi Lee
  dlee@sillscummis.com

- Terence M. Ridley
  ridley@wtotrial.com, norris@wtotrial.com

*s:/ Scott B. Murray*

6