**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**MDX MEDICAL, INC.'S UNOPPOSED MOTION FOR LEAVE TO RESTRICT
ACCESS TO DOCUMENTS 520 and 520-1 THROUGH 520-20**

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, pursuant to *D.C.COLO.LCivR* 7.2, moves this Court for an order continuing the restricted access to document numbers 520, and 520-1 through 520-20, inclusive, which were filed by Health Grades, Inc. ("Heath Grades") as its Opposition to MDx's Motion for Summary Judgment of No Infringement with Regard to Amended Complaint and Allegations Relating to Aetna Life Insurance Company [Dkt. No. 490].  In conjunction with its opposition, Health Grades filed a motion for leave to file excess pages.  [Dkt. No. 519].  The Court denied Health Grades' motion for leave to file excess pages and struck Health Grades' "48-page

1

Response [520/521]."  [Dkt. No. 522].  Pursuant to the Court's direction, Health Grades subsequently re-filed its opposition at Dkt. Nos. 524/525.

Health Grades' stricken 48-page opposition brief [Dkt. Nos. 520/521], as well as many of the supporting exhibits [Dkt. Nos. 520-1 through 520-20], contain highly confidential and competitively sensitive MDx information regarding its business relationship with Aetna and internal MDx data and statistics regarding its Vitals.com website.  As an example, regarding just the stricken opposition brief, MDx would need to propose redactions regarding more than fifteen pages of the brief.  Because Health Grades' opposition was stricken by the Court, and MDx will need to file a substantive motion to restrict by Wednesday, March 6, 2013 regarding the re-filed, corrected opposition [Dkt. Nos. 524/525], MDx respectfully requests that the Court accept this short, non-substantive motion to restrict regarding Dkt. Nos. 520/521 and 520-1 through 520-20 that does not address each of the many, necessary redactions and documents to be restricted, and order that access to the stricken opposition brief and exhibits (each document in its entirety) remain restricted at Restricted Level 1.  In the alternative, if the Court requires a more substantive motion from MDx to consider restricting access to Dkt. Nos. 520/521 and 520-1 through 520-20, MDx respectfully requests that access to these stricken documents remain restricted pending a ruling on MDx's motion to restrict that it will be filing by March 6, 2013 regarding Health Grades' re-filed, corrected opposition at Dkt. Nos. 524 and 525.

Pursuant to *D.C.COLO.LCivR* 7.1(A), counsel for MDx conferred with counsel for Health Grades on this motion by e-mail correspondence to counsel for Health Grades on February 28 & March 1, 2013.  Health Grades does not oppose MDx's requested relief.

**Discussion**

Health Grades' summary judgment opposition filing pertains to its newly added claims relating to MDx's data licensing agreement with Aetna regarding iTriage. [Dkt. Nos. 520/521, 520-1 through 520-20]. The stricken 48-page opposition brief references, in numerous places: (i) the terms and conditions of the MDx/Aetna agreement; and (ii) MDx's internal data and statistics regarding the Vitals.com website. MDx has previously filed motions to restrict to protect such highly confidential, competitively sensitive MDx information, which the Court has granted. The same is true of many of the exhibits Health Grades filed in support of its opposition. Because essentially the same exhibits, as well as a shortened opposition brief were re-filed by Health Grades at Dkt. Nos. 524/525 pursuant to the Court's order striking Health Grades' initial overlength opposition brief, MDx will be filing a motion to restrict by Wednesday, March 6, 2013 regarding Dkt. Nos. 524/525 (the re-filed, corrected opposition that the Court accepted for filing). In light of this fact, MDx respectfully submits that it should not be required to file a substantive motion to restrict regarding the stricken opposition filing [Dkt. Nos. 520/521 & 520-1 – 520-20], that would require identifying numerous, necessary redactions in the Health Grades' 48-page stricken opposition brief and supporting exhibits, and several exhibits to be restricted in their entirety. MDx respectfully submits that such a requirement would impose an undue burden on it in light of Health Grades' filing an overlength opposition brief that was stricken in its entirety by the Court.

MDx acknowledges that this Court recognizes an important public interest in open court records, however, as the Court also acknowledged, the right to inspect and copy judicial records is not absolute. Here, given that the Health Grades' opposition papers in question have been

3

stricken, MDx respectfully submits that there is no public interest at issue because the stricken opposition papers are not being considered by the Court. The lack of a public interest in such stricken documents, combined with MDx's right to privacy and preservation of its trade secrets in such stricken documents, warrants the restriction of such documents, in their entirety, at Restricted Level 1.

For these reasons, MDx respectfully requests that access to these stricken documents remain restricted at level 1 to protect MDx's highly confidential license agreement terms and internal data and statistics. In the alternative, if the Court requires a more substantive motion from MDx to consider restricting access to Dkt. Nos. 520/521 and 520-1 through 520-20, MDx respectfully requests that access to these stricken documents remain restricted pending a ruling on MDx's motion to restrict that it will be filing by March 6, 2013 regarding Health Grades' re-filed, corrected opposition at Dkt. Nos. 524 and 525.

## Conclusion

For the foregoing reasons, MDx respectfully requests that this Court grant this motion for continued restrictions on access to Documents 520 and 520-1 through 520-20, at a Level 1 restriction.

In the alternative, if the Court requires a more substantive motion from MDx to consider restricting access to Dkt. Nos. 520/521 and 520-1 through 520-20, MDx respectfully requests that access to these stricken documents remain restricted pending a ruling on MDx's motion to restrict that it will be filing by March 6, 2013 regarding Health Grades' re-filed, corrected opposition at Dkt. Nos. 524 and 525.

stricken, MDx respectfully submits that there is no public interest at issue because the stricken opposition papers are not being considered by the Court. The lack of a public interest in such stricken documents, combined with MDx's right to privacy and preservation of its trade secrets in such stricken documents, warrants the restriction of such documents, in their entirety, at Restricted Level 1.

For these reasons, MDx respectfully requests that access to these stricken documents remain restricted at level 1 to protect MDx's highly confidential license agreement terms and internal data and statistics. In the alternative, if the Court requires a more substantive motion from MDx to consider restricting access to Dkt. Nos. 520/521 and 520-1 through 520-20, MDx respectfully requests that access to these stricken documents remain restricted pending a ruling on MDx's motion to restrict that it will be filing by March 6, 2013 regarding Health Grades' re-filed, corrected opposition at Dkt. Nos. 524 and 525.

## Conclusion

For the foregoing reasons, MDx respectfully requests that this Court grant this motion for continued restrictions on access to Documents 520 and 520-1 through 520-20, at a Level 1 restriction.

In the alternative, if the Court requires a more substantive motion from MDx to consider restricting access to Dkt. Nos. 520/521 and 520-1 through 520-20, MDx respectfully requests that access to these stricken documents remain restricted pending a ruling on MDx's motion to restrict that it will be filing by March 6, 2013 regarding Health Grades' re-filed, corrected opposition at Dkt. Nos. 524 and 525.

Dated:  March 1, 2013								Respectfully submitted,


          *s:/Scott B. Murray*  
          Scott D. Stimpson  
          Scott B. Murray  
          David C. Lee  
          Sills Cummis & Gross P.C.  
          30 Rockefeller Plaza  
          New York, New York 10112  
          Tel: (212) 643-7000  
          Fax: (212) 643-6500  
          E-mail:sstimpson@sillscummis.com  
          E-mail:smurray@sillscummis.com  
          E-mail:dlee@sillscummis.com  

          and  

          Terence Ridley, Atty. No. 15212  
          Wheeler Trigg O'Donnell LLP  
          370 Seventeenth Street, Suite 4500  
          Denver, Colorado 80202  
          Tel:  (303) 244-1800  
          Fax:   (303) 244-1879  
          E-mail: ridley@wtotrial.com  

          *Attorneys for Defendant*  
          MDx Medical, Inc. d/b/a VITALS.COM


## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2013, I electronically filed the foregoing MDX MEDICAL, INC.'S UNOPPOSED MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENTS 520 and 520-1 THROUGH 520-20 with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Jesus Manuel Vazquez , Jr.
  jvazquez@rothgerber.com, phenke@rothgerber.com

- Gregory B. Kanan
  gkanan@rothgerber.com, dgrooms@rothgerber.com

- Kris John Kostolansky
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- Scott David Stimpson
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- Scott B. Murray
  smurray@sillscummis.com

- David Chunyi Lee
  dlee@sillscummis.com

- Terence M. Ridley
  ridley@wtotrial.com, norris@wtotrial.com

*s:/ Scott B. Murray*