# EXHIBIT F

(Redacted version of Dkt. # 525-18)

Civil Action No. 11-CV-00520-PAB-BNB

**HEALTH GRADES, INC.'S OPPOSITION TO MDx MEDICAL, INC.'S MOTION FOR SUMMARY JUDGMENT OF NO INFRINGEMENT WITH REGARD TO AMENDED COMPLAINT AND ALLEGATIONS RELATING TO AETNA LIFE INSURANCE COMPANY**

**Exhibit 16**

**E-mail from K. Kostolansky to S. Stimpson dated Jan. 30, 2013**

# Vazquez, Jesus

| | |
|---|---|
| **From:** | Kostolansky, Kris J. |
| **Sent:** | Wednesday, January 30, 2013 11:16 AM |
| **To:** | 'Scott D. Stimpson' |
| **Cc:** | Scott Murray; David C. Lee; Vincent M. Ferraro; 'Ridley, Terence'; Norris, Elise; Vazquez, Jesus; Kanan, Greg; Lauren Siber |
| **Subject:** | RE: Health Grades Amended Complaint and Rule 11 |

Scott:

This responds to your e-mail dated January 14, 2013.

We disagree with your assertions that the causes of action in the First Amended Complaint and Demand for Jury trial are baseless. We addressed most, if not all, of these arguments in briefing in support of motion to amend the complaint, which the Court has granted.

First, you assert that Health Grades' infringement allegations relating to the iTriage App. are baseless because the iTriage App. does not contain a patient experience survey, which you argue is required to meet the patient-provided information claim element. We disagree.
REDACTED

*Akamai Technologies, Inc. v. Limelight Networks, Inc.*, No. 2009-1372, 2012 U.S. App. LEXIS 18532 (Fed. Cir. Aug. 31, 2012) (*en banc*) ("When claims are directed to a product or apparatus, direct infringement is always present, because the entity that installs the final part and thereby completes the claimed invention is a direct infringer.") In other words, REDACTED
REDACTED MDx induces this direct infringement by Aetna and thus is liable for indirect infringement as asserted in the amended complaint.

Additionally, as we explained in our reply brief in support of our motion to amend, inducing infringement (i.e. indirect infringement) no longer requires proof that a single entity (e.g. Aetna) performs all of steps of the asserted method claims. Thus, the fact that Aetna does not itself perform one of these steps (i.e. hosting the on-line experience survey) is not sufficient for MDx to avoid liability for indirect infringement so long as this step is performed by MDx. In other words, the combination of Aetna's iTriage App. and MDx's on-line survey constitute direct infringement in support of Health Grades' cause of action for indirect infringement against MDx.

Still further, the iTriage App. infringes the patient-provided information claim element because it encourages the patients to visit vitals.com to rate a doctor, REDACTED

1

REDACTED   This link performs substantially the same function, in substantially the same way, to achieve substantially the same result as the claimed invention and thus directly infringes under the doctrine of equivalents. This direct infringement supports Health Grades' cause of action for indirect infringement against MDx.

Second, you contend that our allegation of contributory infringement is baseless because the data licensed by MDx to Aetna has substantial non-infringing uses. Health Grades' patent is directed to a novel combination of information elements. Health Grades does not assert that its patent covers any and all kinds of physician data. Indeed, MDx has granted other data licenses to other customers that do not violate Health Grades' patent because these licenses do not encompass all of the different kinds of data required by the '060 patent. REDACTED You argue that the Aetna license contemplates use of this data in other products – you have not produced information regarding these other products and thus we cannot make an assessment of whether or not they infringe. Therefore, we cannot respond to your contention that they constitute a non-infringing use.

Third, inducing infringement requires proof of intent to induce infringement but "does not require that the induced party be an agent of the inducer or be acting under the inducer's direction or control to such an extent that the act of the induced party can be attributed to the inducer as a direct infringer. It is enough that the inducer "cause[s], urge[s], encourage[s], or aid[s]" the infringing conduct and that the induced conduct is carried out." *Akamai*. In this case, REDACTED REDACTED with full knowledge of both Health Grades' '060 patent *and* full knowledge that Health Grades asserted that this specific combination of data infringed the '060 patent. Further, MDx's license of data to Aetna has resulted in direct infringement (as described above) and MDx has caused and encouraged and aided this direct infringement. REDACTED REDACTED Health Grades' inducing infringement cause of action is not baseless.

Fourth, we will withdraw our cause of action for joint infringement against MDx. Given the intervening court decision in *Akamai*, we see no need to proceed with the claim for joint infringement. The scope of relief and remedies available for indirect infringement are the same for joint infringement. Our motion under Rule 15(a)(1)(B) will be filed within the time period permitted.

Finally, you have not complied with the requirements necessary for a motion under Rule 11. First, there is no adequate basis to file a motion for sanctions under Rule 11. Second, the Rule does not permit you to arbitrarily and unilaterally impose a deadline for withdrawal of pleadings. Any Rule 11 motion filed by you will itself violate Rule 11 and will be addressed accordingly.

2

**Kris J. Kostolansky, Esq.**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO 80202 |
Direct 303.628.9515 | Main 303.623.9000 | Fax 303.623.9222
E-mail: kkosto@rothgerber.com | Website: www.rothgerber.com

**From:** Scott D. Stimpson [mailto:sstimpson@sillscummis.com]
**Sent:** Monday, January 14, 2013 1:44 PM
**To:** Kostolansky, Kris J.
**Cc:** Scott Murray; David C. Lee; Vincent M. Ferraro; 'Ridley, Terence'; Norris, Elise; Vazquez, Jesus; Kanan, Greg; Lauren Siber
**Subject:** Health Grades Amended Complaint and Rule 11

Kris:

As you know, on Friday Magistrate Boland allowed Health Grades' Amended Complaint to be filed, without addressing any substantive issues.

I am writing to urge you to please reconsider whether you really want to do this. Until Friday of this week, we will allow Health Grades and its counsel to withdraw the Amended Complaint without consequences. If Health Grades does not dismiss the claims added by the Amended Complaint, then we will be serving (and filing after the safe harbor expires) a motion for sanctions under Rule 11(b)(1), (2), and (3), in addition to a motion for summary judgment. We are giving you the opportunity to withdraw these claims now without you and your firm facing Rule 11 sanctions. We honestly do not want things to deteriorate to the level of Rule 11 allegations, but we cannot allow frivolous claims to be asserted against our client. If we are forced to prepare and serve the Rule 11 motion, that will be another factor in our pursuit of fees under Section 285.

Some of the many reasons these claims are baseless are addressed in our opposition to your motion to amend. For example, and ignoring the numerous non-infringement defenses we already have (including those pending in our summary judgment motions):

- Health Grades' contention that the language of every claim unequivocally requiring that the survey be conducted on the website of the company running the service is met by the survey being conducted on an entirely different website is objectively unreasonable, and frivolous. The allegation in your reply memorandum that the joint infringement claim somehow saves this allegation is demonstrably unreasonable -- joint infringement is not a mechanism to allow claims terms to be ignored.

- Health Grades' contributory infringement allegation is also objectively unreasonable. Even if the missing claim elements are overlooked, how can Health Grades seriously allege that the data leased by MDx has no substantial non-infringing use other than in the claimed system? Many competitors use physician data in a way that Health Grades claims to be non-infringing. For example, reports without ratings, insurance provider directories, etc., etc.       REDACTED
REDACTED       Health Grades cannot possibly allege in good faith that physician data has no substantial use other than under this patent. *F&G Research, Inc. v. Google Inc.*, 2007 U.S. Dist. LEXIS 70072, at *41 (S.D. Fla. Sept. 20, 2007) (contributory infringement allegation led to sanctions where article clearly had substantial non-infringing uses).

- The inducement allegation also lacks any basis whatsoever. There is no evidence that MDx did anything to encourage Aetna or iTriage to practice every element of the claim.       REDACTED
REDACTED       There is simply no basis for this allegation. *See id.* (inducement allegation led to sanctions). Indeed, the inducement claim is objectively unreasonable in view of the Aetna agreement's provisions.

3

- The joint infringement claim is also frivolous. As you know, there has to be a "mastermind" -- MDx would have to control the actions of Aetna and iTriage as to what they will do with the data and how it will be presented so that it would meet the claim language. There is no evidence of this whatsoever. See, again, the Aetna agreement showing the contrary.

I urge you to review the recent *Raylon v. Complus, et. al.* decision, attached. In that case, I represented the Casio companies, and my opposing counsel there also made frivolous infringement arguments. The Federal Circuit unanimously reversed the district court's denial of Rule 11 sanctions. See also Adamson v. *Bowen*, 855 F.2d 668, 673 (10th Cir. 1988) (If "after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law . . .," then such conduct is sanctionable under Rule 11. The attorney must "stop, look, and listen" before signing a document subject to Rule 11.; citations omitted).

We hope that you will realize that these claims are unreasonable and not supported, and voluntarily dismiss them. If not, we will serve our Rule 11 motion.

We look forward to hearing from you soon.

Scott

**Scott D. Stimpson**
Member of the Firm



website | bio | vCard | newsroom | email

30 Rockefeller Plaza, New York, NY 10112
p (212) 500-1550 | f (212) 643-6500  map

NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.