**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

---

**HEALTH GRADES, INC.'S *UNOPPOSED* MOTION FOR LEAVE TO
SUPPLEMENT ITS OPPOSITION TO MDX MEDICAL, INC.'S MOTION
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56
FOR SUMMARY JUDGMENT OF NO WILLFULNESS AND
*UNOPPOSED* MOTION FOR LEAVE TO EXCEED PAGE LIMITATIONS**

---

1.  **Motion for Leave to Supplement Opposition**

Plaintiff Health Grades, Inc. ("Health Grades") respectfully submits its Unopposed Motion for Leave to file a Supplement to its Opposition [Doc. # 404] to MDx Medical, Inc.'s ("MDx") Motion Pursuant to Federal Rule of Civil Procedure 56 for Summary Judgment of No Willfulness (the "Motion") [Doc. # 371] and Unopposed Motion for Leave to Exceed Page Limitations.  In support of its motions Health Grades states:

Good cause exists to allow Health Grades to supplement its Opposition.  Specifically, at the time Health Grades filed its Opposition [Doc. # 404] on November 26, 2012, it had not yet had an opportunity to depose MDx's opinion counsel, Philip Braginsky, because MDx refused to produce him for his deposition during fact discovery.  (*See* Rule 56(d) Declaration of Jesús M. Vázquez, Jr. (Ex. 13 to the Opposition [Doc. # 404-14]).  Thus, Health Grades could not, at that

time, present all of the facts to show that Mr. Braginsky's opinion is not competent. MDx agreed to produce Mr. Braginsky for his deposition only after fact discovery closed and only after resolution of Health Grades' Motion to Preclude MDx's Advice-of-Counsel Defense. *Id*. at ¶ 8. In its Order dated January 10, 2013 [Doc. # 477], the Court resolved Health Grades' Motion to Preclude MDx's Advice-of-Counsel Defense, *inter alia*, and ordered MDx to make Mr. Braginsky available for his deposition by February 15, 2013. Health Grades took the deposition of Mr. Braginsky in New York on February 14, 2013.

Health Grades seeks to supplement its Opposition with testimony from Mr. Braginsky that is relevant to competence and objectiveness issues raised by MDx in its Motion and in its Reply [Doc. # 443]. As discussed in Health Grades' Supplement, attached hereto as Exhibit A, MDx cites the opinion letter it received from Mr. Braginsky in support of its contention that objective recklessness is absent in this case and that Health Grades cannot show that MDx acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. Mr. Braginsky's deposition testimony, however, when compared with other discovery in this case, confirms that his opinion is not competent, objective or independent, and shows that there are material issues of fact regarding whether MDx "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent" that preclude summary judgment. (Motion at p. 6 [Doc. # 371].) MDx does not oppose the Supplement (nor does Health Grades oppose a response to the Supplement by MDx). No prejudice will result as a consequence of the Supplement. Thus Health Grades respectfully requests the Court accept the Supplement attached hereto as Exhibit A for filing.

2

**2.     Motion for Leave to Exceed Page Limitations**

Pursuant to the Court's Order dated October 15, 2012 [Doc. # 330], the cumulative page limit for all responses to summary judgment motions is 30 pages.  The Court subsequently granted Health Grades' request for 15 additional pages cumulatively for its three responses to MDx's three motions for summary judgment. [Doc. # 403 and # 416]  Health Grades' three responses contained 45 pages cumulatively – its response to MDx's Motion contained just 17 pages. [Doc. # 404, # 405 and # 412]   The Court also granted MDx's request for 11 additional pages for its response to Health Grades' single motion for summary judgment. [Doc. # 408 and # 417]  MDx's response contained 41 pages.  [Doc. # 407]

Subsequently, via its Minute Order dated February 19, 2013, the Court ordered that "any motion for leave to file excess pages shall be filed no later than **three days** before the date on which the underlying pleading is due." [Doc. # 523]

Although there is no "date on which the underlying pleading is due" that applies to Health Grades' Supplement, Health Grades is mindful of the Court's Order and is thus not filing the Supplement concurrently with this motion, and instead is attaching it as Exhibit A hereto.  If the Court grants Health Grades' Motion for Leave to Supplement its Opposition and its Motion for Leave to Exceed Page Limitations, Health Grades' requests that the Court accept the Supplement attached as Exhibit A hereto for filing, at which time Health Grades will file the exhibits to the Supplement.

Health Grades needs and respectfully requests leave to exceed the 45 page cumulative limit previously authorized by the Court by an additional 20 pages for its Supplement.  Good cause exists for allowing the 20 page Supplement:

3

2004145541_1

1. In its Motion MDx cites Mr. Braginsky's opinion letter in support of its contention that objective recklessness is absent in this case and that Health Grades cannot show that MDx acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. To determine whether or not the Braginsky opinion letter is competent is a fact-intensive inquiry – it necessarily requires Health Grades to compare Mr. Braginsky's testimony regarding his opinions, and the bases for his opinions, to discovery in the case regarding the functionality and operation of the vitals.com website.

2. Whether the opinion letter is competent also requires Health Grades to address Mr. Braginsky's testimony regarding work he performed for MDx *before* he rendered his opinions, and his testimony that he worked on those matters with at least one member of MDx's trial team *in this case*. This testimony requires an analysis of the objectivity of the opinions, which in turn implicates the competence of the opinions.

3. Mr. Braginsky's testimony raises many additional disputed facts. Almost half of the Supplement's 20 pages – nine and a half pages – are necessary to adequately present the additional disputed facts. Approximately seven pages are necessary for argument, which includes analysis of the six-factor *Chiron* test as well as application and discussion of the Federal Circuit's *Comark* case.

4. In light of the foregoing Health Grades respectfully requests 20 additional pages for its Supplement. MDx does not oppose the request for 20 additional pages and no prejudice will result from allowing the additional pages.

CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCivR 7.1A

Via emails and a phone call on Monday, April 8, and emails on Tuesday, April 9, undersigned counsel for Health Grades conferred with counsel for MDx regarding the relief sought in Health Grades' motions.  MDx does not oppose the relief requested in the motions.

Dated: April 10, 2013                    ROTHGERBER JOHNSON & LYONS LLP


*s/ Jesús M. Vazquez*
Gregory B. Kanan, Esq.
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
1200 17th Street, Suite 3000
Denver, Colorado 80202
Tel: (303) 623-9000
Fax: (303) 623-9222
Email: gkanan@rothgerber.com
         kkosto@rothgerber.com
         jvazquez@rothgerber.com

*Attorneys for Plaintiff Health Grades, Inc.*

5

**CERTIFICATE OF SERVICE**

   I hereby certify that on April 10, 2013, I electronically filed the foregoing **HEALTH GRADES, INC.'S UNOPPOSED MOTION FOR LEAVE TO SUPPLEMENT ITS OPPOSITION TO MDX MEDICAL, INC.'S MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56 FOR SUMMARY JUDGMENT OF NO WILLFULNESS AND UNOPPOSED MOTION FOR LEAVE TO EXCEED PAGE LIMITATIONS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Scott David Stimpson
Scott Murray
David Chunyi Lee
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY 10112
Email: sstimpson@sillscummis.com
Email: smurray@sillscummis.com
Email: dlee@sillscummis.com

Terence M. Ridley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO 80202-2617
Email: ridley@wtotrial.com

                *s/ Jesús M. Vazquez*
                Gregory B. Kanan, Esq.
                Kris J. Kostolansky, Esq.
                Jesús M. Vázquez, Jr., Esq.
                Rothgerber Johnson & Lyons, LLP
                1200 17th Street, Suite 3000
                Denver, Colorado 80202-5855
                Tel: (303) 623-9000
                Facsimile: (303) 623-9222
                Email: gkanan@rothgerber.com
                    kkostolansky@rothgerber.com
                    jvazquez@rothgerber.com

                *Attorneys for Plaintiff Health Grades, Inc.*