Civil Action No. 11-CV-00520-PAB-BNB

**HEALTH GRADES, INC.'S SUPPLEMENT TO ITS OPPOSITION TO MDX MEDICAL, INC.'S MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56 FOR SUMMARY JUDGMENT OF NO WILLFULNESS**

---

# Exhibit D

**Braginsky Dep. Ex. 6: Letter dated January 25, 2010**

# SILLS CUMMIS & GROSS
A PROFESSIONAL CORPORATION



One Rockefeller Plaza
New York, NY 10020
Tel: 212-643-7000
Fax: 212-643-6500

One Riverfront Plaza
Newark, New Jersey 07102-5400
Tel: 973-643-7000
Fax: 973-643-6500

Mark J. Rosenberg
Of Counsel
Direct Dial: (212) 500-1563
E-mail: mrosenberg@sillscummis.com

650 College Road East
Princeton, NJ 08540
Tel: 609-227-4600
Fax: 609-227-4646

January 25, 2010

<u>By Email</u>

Peter A. Gergely, Esq.
Merchant & Gould
1050 Seventeenth Street, Ste. 1950
Denver, Colorado 80265

Re: MDx Medical, Inc.

Dear Mr. Gergely:

  We represent MDx Medical, Inc. We write in response to your December 15, 2009 letter concerning our client's alleged infringement of your client's published patent application, U.S. Patent Application Publ. No. 2007/0185732 A1 (the "Application").

  As a preliminary matter, please be assured that MDx Medical respects the valid intellectual property rights of others and takes seriously the allegations set forth in your letter. In this connection, we reviewed, among other things, the Application, the November 13, 2009 office action concerning the Application (the "Office Action"), MDx Medical's vitals.com website (the "Website") and a number of pieces of prior art. From our review, it appears that serious questions exist as to whether your client possesses any valid rights with respect to the invention claimed in Application.

  In particular, all that your client presently possesses is a published application in which every pending claim has been rejected by the PTO. Pursuant to 35 U.S.C. § 154(d)(2), in order for your client to possess provisional rights in the Application, the claims of the resulting patent, if any, must be "substantially identical" to the claims of the Application. Given the basis and scope of the Office Action, that is highly unlikely.

  In the unlikely event that a patent issues with claims that are substantially identical to those of the Application, that patent would be invalid under 35 U.S.C. §102(a)-(b).

CONFIDENTIAL
MDX 0011863

SILLS CUMMIS & GROSS
A PROFESSIONAL CORPORATION

Peter A. Gergely, Esq.
January 21, 2010
Page 2

Prior art that would invalidate such a patent under Section 102 includes U.S. Patent Nos. 7,383,197; and 5,365,425; and U.S. Patent Application Publication Nos. 2002/0038233; 2004/0019579; 2004/0172282; 2006/0015369; 2006/0294138; and 2007/0094044. In addition, the physician search features available on GeoAccess.com, UCompareHealthCare.com, RevolutionHealth.com and WebMD.com all appear to be material to the patentability of the your client's application. We expect that your client and its prosecuting attorneys will comply with their duties and obligations and will promptly disclose this material prior art to the United States Patent and Trademark Office. Please confirm that this will be done.

In view of the above, your client's demand that MDx Medical cease and desist from using the Website's features is without merit.

We trust that this resolves the matter. If you have any questions or concerns, please do not hesitate to contact me.

The above statements are without prejudice to our client's rights and remedies, all of which are expressly reserved.

Sincerely yours,

Mark J. Rosenberg

CONFIDENTIAL
MDX 0011864