**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S REPLY TO HEALTH GRADES, INC.'S SUPPLEMENT TO ITS OPPOSITION TO MDX MEDICAL, INC.'S MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56 FOR SUMMARY JUDGMENT OF NO WILLFULNESS**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by its undersigned counsel, respectfully submits its Reply to Health Grades, Inc.'s ("Health Grades") Supplement [Dkt. # 562, "Supplement"] to its Opposition to MDx's Motion Pursuant to Federal Rule of Civil Procedure 56 for Summary Judgment of No Willfulness [Dkt. # 371, "Motion"].

**I.    THE SUPPLEMENT ONLY ADDRESSES INADMISSIBLE EVIDENCE**

There are monumental flaws in Health Grades' characterizations of the Braginsky testimony, and with the conclusions Health Grades draws. But the Supplement suffers from a much more fundamental problem – none of the new information is even admissible.

The Supplement was submitted to address the Braginsky testimony, because that testimony was not available in time for Health Grades' original Opposition [Dkt. # 404; "Opposition"]. No testimony from Mr. Braginsky, however, will be introduced at trial.

1

Specifically, although the Braginsky deposition was concluded weeks before submission of the Pretrial Order [Dkt. # 533], neither Health Grades nor MDx identified Mr. Braginsky as a witness who "will be present at trial"; neither party identified him as a witness who "may be present at trial"; and neither party identified him as a witness whose testimony was "expected to be presented by means of a deposition."  Dkt. # 533, Section 6, at 52-58.  Because Mr. Braginsky's testimony is not designated in the Pretrial Order, it cannot be introduced at trial. *Smith v. Ford Motor Co.*, 626 F.2d 784, 795 (10th Cir. 1980); *see also Canales v. Prinicipi*, 2004 U.S. Dist. LEXIS 6561 (D. Colo. Mar. 31, 2004).  And because it cannot be introduced at trial, it cannot preclude summary judgment.  *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006) ("To determine whether genuine issues of material fact make a jury trial necessary, a court necessarily may consider only the evidence that would be available to the jury."); *see also* Fed. R. Civ. P. 56(c)(2).

## II. THERE IS NO EVIDENCE OF OBJECTIVE RECKLESSNESS

Relying only on two cases that were decided years before the *Seagate* Court radically changed the willfulness standard to require "objective recklessness," Health Grades twists and turns the facts in an effort to prevent summary judgment.  But even if Health Grades' arguments were correct (they are not), willfulness is determined by a totality of the circumstances.  *In re Seagate Tech., LLC*, 497 F.3d 1360, 1369 (Fed. Cir. 2007).  There are many other facts demonstrating that MDx was not objectively reckless.  *See* the Motion, at 1-6, Statement of Undisputed Material Facts ("SUMF").  Indeed, Mr. Braginsky's deposition confirms MDx's CEO, Mr. Rothschild, was "very satisfied" that there was "absolutely no infringement" of the '060 patent.  Braginsky Dep., Exhibit B to Supplement, at 168:2-25.

**A.     THE ALLEGEDLY WITHHELD INFORMATION**

At pages 3-5 of the Supplement (Section II.A), Health Grades claims that Mr. Rothschild (1) misrepresented that comparison ratings were removed from the Vitals website; and (2) withheld the fact that MDx collects and displays three of the third party data elements in its reports.

This Health Grades argument is an exercise in silliness. Even if there was the slightest shred of truth to this argument (there is not), it would not matter – the bases for the non-infringement opinion (the lack of any comparison ratings in the healthcare provider reports, and no more than two of the third party data elements being used in the reports) were evident *from the Vitals website itself*, which was studied by Mr. Braginsky in connection with the opinion. Braginsky Opinion, Exhibit G to Motion, at 1-2 ("The study included a review of . . . the vitals.com services. . . ."); Exhibit B to Supplement, at 120:17-20 (reviewed the website "when we were drafting the opinion"); 125:21-126:10 ("the site itself" was studied in the investigation); 173:10-174:4 ("absolutely" would have reviewed the website at or about the time the opinion was issued).[1]

---

[1] In this connection, Health Grades' misrepresentations to this Court are truly disturbing. *See, e.g.*, Supplement, at 1 (claiming that Mr. Braginsky performed no independent research); 2 (Mr. Braginsky "determined there was no infringement based solely on the representations Mr. Rothschild made about the Vitals.com website"; "Mr. Braginsky did nothing to confirm or independently verify [the facts]"); 4 ("Mr. Braginsky blindly took Rothschild's word"); 8, fact 13 ("Mr. Braginsky relied on the portions selected by Mr. Rothschild and shown to Mr. Braginsky during the single meeting on December 30, 2010"). The transcript portions cited by Health Grades do not even remotely support these allegations, and only show that Mr. Braginsky could not remember specifics from what happened so long ago. These Health Grades allegations are all expressly contradicted by the opinion itself, and the testimony of Mr. Braginsky. *See* citations leading to this footnote.

3

In jumping around from December 2010, to January 2011, to March 2012 and beyond, Health Grades is deliberately confusing the facts. The critical fact Health Grades conceals is this: *as a result of the December 30, 2010 meeting*, the website was changed in January of 2011, to remove the "Compare Now" feature, and to ensure that no more than two of the third party data elements were used. The timeline is as follows:

**Prior to January, 2011:** The Vitals website contains the "Compare Now" feature, and some reports use at least three of the third party data elements recited in the claims.

**December 30, 2010:** Mr. Braginsky and an associate meet with MDx's CEO, Mitch Rothschild, and despite concluding that there was no infringement by the then-current version of the Vitals website, they identify changes that could be made to the Vitals website to make it "abundantly clear" that there is no infringement. Exhibit B to Supplement, at 90:6-18.

**Early January, 2011:** MDx CEO orders changes to the website discussed at the meeting with Mr. Braginsky. *Id.* at 101:2-5 (removal of "Compare Now" feature: "option 3" chosen at the meeting: "report to not include comparison"); 113:2-5 (quoting Rothschild email: "Based on our meeting, Vitals is inserting certain changes to ensure that we are in no way in violation of the patent"); Email sent by Mitchel Rothschild on Jan. 5, 2011 re Vitals Policy Confirmation, Exhibit F to Motion, at 2 (CEO instructions confirming no comparison ratings moving forward, and no use of more than two of the third party data elements moving forward); Rothschild Decl., dated Nov. 2, 2012, Exhibit 2 to Motion, at ¶¶ 6 and 7.

**Late January, 2011:** Mr. Braginsky reviews the changed website himself, and issues the opinion confirming no infringement on multiple, independent bases. Exhibit G to Motion, at 1-3 and 30-35; Exhibit B to Supplement, at 120:17-20; 125:21-126:10; 173:10-174:4.

4

**March 2, 2011:**  Without checking the Vitals website, and thus without realizing that these important changes were made, Health Grades files the complaint.  Motion, at 5-6, SUMF ¶¶ 19-24.

**April 11, 2011:**  Weeks after counsel for MDx advises of the website changes, counsel for Health Grades is still unable to identify an infringement theory, stating that finding an infringement theory is not "simple" after the changes.  Motion, at 5-6, SUMF ¶¶ 19-24.

**July 1, 2011:**  In its July 1, 2011 infringement contentions, Health Grades is unable to provide a single healthcare provider report from the Vitals website that uses at least three of the required third party data elements.  *See* Health Grades' July 1, 2011 Infringement Contentions Claim Chart, Exhibit 2 to Health Grades' Opposition, at 22-23.  Instead, Health Grades only argues that this claim element must be met, despite the claim language, because the physicians that are subject to the MDx reports are licensed.  *Id*.

**March,** *2012***:** More than a year after the litigation is commenced Health Grades locates an aberrant report that mistakenly includes three of the third party data elements.  The "Compare Now" feature is still not found anywhere in the report.  Vitals.com Screenshots, dated March 28, 2012, Exhibit K to Supplement.  *See also, In re Seagate Tech. LLC*, 497 F.3d, at 1374 (the basis for willfulness should be found in ***prelitigation conduct***).

### B.   THE OPINION IS DETAILED

Health Grades next complains that the Braginsky opinion does not show what features of the Vitals website were compared to the "comparison ratings" element of the claims of the '060 patent.  Supplement, at 6.  The "Compare Now" feature, however, was removed from the Vitals website weeks before the January opinion issued.  Exhibit F to Motion.  Mr. Braginsky could not

5

point to something that was not there.  Indeed, for weeks even counsel for Health Grades could not find anything on the Vitals website that could reasonably be alleged to meet this claim element.  Motion, at 5-6, SUMF, ¶¶ 19-24.

Health Grades also complains that Mr. Braginsky did not reference any parts of the MDx website that showed three or more of the required third party data elements.  Supplement, at 6.  But, like the comparison ratings element, there was nothing there for Mr. Braginsky to reference -- no report had *three or more* of the required third party data elements, and Health Grades has pointed to none.[2]

### C.  THE OPINION IS OBJECTIVE

Next, citing one district court case dated years prior to *Seagate*, Health Grades claims Mr. Braginsky's opinion was not objective.  Supplement, at 6-7.  This argument is hard to comprehend.  The *Chiron* case cited by Health Grades is not even remotely close, as an in-house lawyer in that case revised and edited the opinion.  *Chiron Corp. v. Genentech, Inc.*, 268 F. Supp. 2d 1117, 1125 (E.D. Cal. 2002).

First, Health Grades claims that Mr. Braginsky's opinion was not objective because he worked at the same firm that represents MDx in the litigation.  But at the time Mr. Braginsky

---

[2] Health Grades is amazingly brazen in its misrepresentations to this Court, not only in connection with Mr. Braginsky's review of the website itself (footnote 1, *supra*), but also in connection with the third party data elements. At page 6 of its Supplement, Health Grades refers the Court to "physician reports that include licensure status, internship, residency, and fellowship. . ." and states: "the Opinion does not address the physician profiles that *clearly displayed this information in January 2011*. . ." (emphasis added).  Health Grades cites its Additional Disputed Fact ("ADF") ¶19, but the exhibits set forth in ADF ¶19 only show licensure in a report in *March of 2012* (Exhibit K to Supplement), and it shows reports from *July, 2012 and January, 2013* for residency and fellowship information (Exhibits L and M to Supplement, respectively).  Health Grades cites to no evidence that there is any MDx report that displayed this information "in January 2011" consistent with the misrepresentation in its brief.

6

issued the opinion, there was no litigation and no reason to believe MDx would ever be sued, since the "Compare Now" feature and required third party data elements had been removed from the website.  Second, Health Grades claims that Mr. Braginsky's opinion may have been less than objective because he earlier opined that the claims of the pending application would not issue in their then-current form.  How would that make the opinion not objective?  Indeed, Mr. Braginsky was absolutely right in his prediction – Health Grades was later forced to make important, narrowing changes, including those relied upon on in the opinion.  Portions of the File History of the '060 patent; Exhibit J, at MDx 0013513, 0013516, 0013553-54, and 0013557-58.  Simply put, there is no connection between the facts asserted by Health Grades (that Mr. Braginsky worked at the same firm that would later represent MDx in the litigation, and that Mr. Braginsky had earlier, correctly predicted that the claims of the application would be narrowed) and the conclusion Health Grades draws (that Mr. Braginsky's opinion was not objective).

Even if there was a connection between the facts and Health Grades' conclusion, there is a lack of any connection to the issue in this Motion.  That is, willfulness focuses on the state of mind of **MDx**, not Mr. Braginsky.  *In re Seagate Tech., LLC*, 497 F.3d, at 1371.  So even if Mr. Braginsky was the least objective person imaginable and the opinion was not objective, there is no relevance to it unless MDx somehow picked up on this and had reason to question the soundness of the opinion – Health Grades does not even argue this, let alone prove it.  *Sharper Image Corp. v. Honeywell Int'l Inc.*, 222 F.R.D. 621, 634 (N.D. Cal. 2004) ("Whether the advice in issue could support reasonable reliance is likely to turn primarily on … questions that focus principally on what the defendant knew and didn't know.").

7

### III. RESPONSE CONCERNING ADDITIONAL DISPUTED FACTS

Facts that are "disputed" below are not *material* disputed facts.

Facts (1)-(6) are undisputed.

Facts (7) and (8) are disputed. Mr. Braginsky reviewed both the '060 patent and the MDx website before the December 30, 2010 meeting. Exhibit B to Supplement, at 71:14-72:5.

Fact (9) is undisputed.

Fact (10) is disputed. Mr. Braginsky reviewed and studied the Vitals website when he was drafting the opinion. Exhibit G to Motion, at 1-2; Exhibit B to Supplement, at 120:17-20; 125:21-126:10 ("the site itself" was studied by Mr. Braginsky in his investigation); and 173:10-174:4 ("absolutely" would have reviewed the website at or about the time the opinion was issued). *See also* response to facts (7) and (8).

Fact (11) is undisputed, in that Mr. Braginsky testified that he "absolutely relied" (not "exclusively relied") on the information from Mr. Rothschild.

Fact (12) is undisputed.[3]

Fact (13) is disputed. The allegation that Mr. Braginsky "relied on the portions selected by Mr. Rothschild" finds no support in the cited transcript portions or the citation to the Braginsky opinion. Mr. Braginsky reviewed and studied the Vitals website when he was drafting the opinion. *See* Fact (10) response.

Fact (14) is disputed. The opinion states that the Vitals website was reviewed and analyzed. Exhibit G to Motion, at 1-2. *See also* response to Fact (10).

---

[3] Health Grades' references to the "backend" part of the website are very confusing. The multiple bases for no infringement expressed in the opinion letter (no comparison ratings in a healthcare provider report and no use of three or more of the third party data elements) are both evident from a review of the website itself.

8

Fact (15) is undisputed – the third parties both provide the data and disclaim its accuracy. SUMF ¶¶ 8, 9.

Fact (16) is undisputed.

Fact (17) is disputed. *See* Exhibit F to Motion (CEO ordering that licensure information not be used in reports). Health Grades' Exhibit K is merely an aberration, in violation of the instructions from the CEO, long after the litigation was commenced.

Fact (18) is disputed. Health Grades' Exhibits L and M are mistakes dated in July of 2012 and January of 2013. *See* Exhibit F to Motion.

Fact (19) is undisputed in that the opinion was issued long before the existence of Exhibits K, L, and M and so obviously could not address them; but disputed in that the opinion did address the lack of any report having three of more of the required third party data elements. *See* Exhibit G to Motion, at 2-3 and 30-31 (only two of the three required elements are used.

Fact (20) is disputed. The opinion states that the Vitals website was reviewed and analyzed in consideration of the claims of the '060 patent. Exhibit G to Motion, at 1-2. *See also* response to Fact (10).

Fact (21) is disputed. The comparison ratings were not contained in a healthcare provider report as called for in the claims, even before the January, 2011 changes, and the "Compare Now" feature (apparently what Health Grades is referring to as meeting the "comparison ratings" element) was removed promptly after the December 30 meeting. Exhibit B to Supplement, at 90:6-18 (despite conclusion of no infringement, changes to make no infringement "abundantly clear"); 101:2-5 ("option 3" chosen at the meeting: "report to not include comparison"); 113:2-5 (quoting Rothschild email: "Based on our meeting, Vitals is inserting changes to ensure that we

9

are in no way in violation of the patent"); Exhibit F to Motion (CEO instructing no more comparison ratings).

Fact (22) is disputed. The testimony cited does not support this "Mr. Rothschild represented" allegation, but only says that Mr. Braginsky determined that the "comparison ratings" element (*i.e.*, a report on a healthcare provider including comparison ratings of other healthcare providers) was missing.

Fact (23) is disputed. Health Grade's clips off the parts of this testimony it does not like. Exhibit B to Supplement, at 13:8-14:1 (the purpose of the opinion was to inform Mr. Rothschild of any risks and because MDx "wanted to ensure that there was no possibility of – of any infringement.")

## IV. CONCLUSION

For all the forgoing reasons, MDx respectfully requests summary judgment of no willfulness.

Dated: April 29, 2013                               Respectfully submitted,


    *s:/Scott D. Stimpson*
Scott D. Stimpson                                   Terence Ridley, Atty. No. 15212
Scott B. Murray                                     Wheeler Trigg O'Donnell LLP
David C. Lee                                        370 Seventeenth Street, Suite 4500
Sills Cummis & Gross P.C.                           Denver, Colorado 80202
30 Rockefeller Plaza                                Tel: (303) 244-1800
New York, New York 10112                            Fax: (303) 244-1879
Tel: (212) 643-7000                                 E-mail: ridley@wtotrial.com
Fax: (212) 643-6500
E-mail:sstimpson@sillscummis.com                    *Attorneys for Defendant*
E-mail:smurray@sillscummis.com                      MDx Medical, Inc. d/b/a VITALS.COM
E-mail:dlee@sillscummis.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2013, I electronically filed the foregoing **MDX MEDICAL, INC.'S REPLY TO HEALTH GRADES, INC.'S SUPPLEMENT TO ITS OPPOSITION TO MDX MEDICAL, INC.'S MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56 FOR SUMMARY JUDGMENT OF NO WILLFULNESS**
with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Jesus Manuel Vazquez, Jr.
  jvazquez@rothgerber.com, phenke@rothgerber.com

- Gregory B. Kanan
  gkanan@rothgerber.com, dgrooms@rothgerber.com

- Kris John Kostolansky
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- Scott David Stimpson
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- Scott B. Murray
  smurray@sillscummis.com

- David Chunyi Lee
  dlee@sillscummis.com

- Terence M. Ridley
  ridley@wtotrial.com, norris@wtotrial.com

                                         *s:/Vincent M. Ferraro*