**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S MOTION TO COMPEL**

---

    Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, hereby moves to compel Health Grades, Inc. ("Health Grades") to produce a properly-prepared witness for a limited 30(b)(6) deposition (the "Motion").

    Pursuant to D.C.COLO.LCivR 7.1(A), counsel for MDx conferred with Health Grades' counsel, who indicated that Health Grades opposes this Motion.

## Discussion

    On December 4, 2012, MDx filed a Motion for Sanctions for Health Grades efforts to conceal its prior art. Dkt. # 425. The Court denied the motion on April 25, 2013, stating that MDx delayed in seeking relief and was overreaching by seeking sanctions rather than pursuing a motion to compel. Dkt. # 569, at 7-8. MDx respects the Court's decision, but seeks by this motion to compel compliance with one specific part of the 30(b)(6) deposition notice (original notice attached as Exhibit A).

The portion of the 30(b)(6) deposition notice MDx now seeks to pursue is only this part of topic 1: "Prior to August 29, 2006, . . . facts concerning dates of use, structure, operation, development, testing, sales, public access, and the accessing and compiling of all data used in . . . Health Grades' Physician Research Comparison Report, Physician Quality Report, and Physician Quality Guide." This portion of the notice is directed to particular reports, and particular items of inquiry for those reports, and, therefore, it is not overreaching. *McBride v. Medicalodges, Inc.,* 250 F.R.D. 581, 584 (D. Kan. 2008). The information is important because it is directed to the features that were present in the Health Grades prior art, and the timing of use and disclosure of those features. 35 U.S.C. §§ 102(b), 103.

Although three very specific types of reports were identified for Mr. Neal, he could not provide even the most basic information about them. For the Physician Research Comparison Reports, *see* Portions of Dep. Tr. of John Neal, attached hereto as Exhibit B, at 47:19-48:20 and 49:24-56:12 (unable to identify a date when they were made public); 49:10-23 and 103:19-107:3 (unable to identify testing); 117:2-119:11 (unable to state when healthcare providers began providing information); and 251 (no information on when comparison ratings were added to these Reports). For the Physician Quality Guide, and although these were used in the MDx Invalidity Contentions, Mr. Neal did not know of them at all. *Id.*, at 36:24-37:5 ("I'm unaware of a physician quality guide"), and 39:10-40:24 ("I don't know what a physician quality guide is. The name does not ring a bell.") For the Physician Quality Report, Mr. Neal did not know when comparison ratings were added to these reports or when information from healthcare providers was obtained for them. *Id.*, at 125:4-17 and 251.

2

The "law is well-established that a 30(b)(6) deponent does have an affirmative obligation to educate himself as to the matters regarding the corporation." *Calzaturficio S.C.A.R.P.A., s.p.a. v. Fabiano Shoe Co.*, 201 F.R.D. 33, 36 (D. Mass. 2001); *see also Biax Corp. v. NVIDIA Corp.*, 2010 U.S. Dist. LEXIS 112706 (D. Colo. Oct. 14, 2010); *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996). Thus, as this Court has already determined, Health Grades had an affirmative duty to educate Mr. Neal on the Health Grades' reports identified in the 30(b)(6) deposition notice, but failed to do so. *See* Order, Dkt. # 569, at 7 ("Health Grades' designees, and particularly Mr. Neal, do not appear to have fully complied with the requirement to prepare themselves so that they could give complete, knowledgeable, and binding answers on behalf of the corporation"; *citing McBride*, 250 F.R.D., at 584).

MDx pursued the wrong type of motion to address the problem of Health Grades' unprepared 30(b)(6) witness, but MDx respectfully submits that should not result in Health Grades avoiding this important discovery altogether. There are more than nine months remaining before trial (Dkt. # 553), and the parties have already agreed that some additional expert discovery will be needed (Dkt. # 544, Section 8). Accordingly, there is no prejudice to Health Grades, and there is plenty of time before trial for MDx to obtain this limited discovery.

## Conclusion

For these reasons, MDx respectfully requests an order compelling Health Grades to produce a properly prepared witness to address the portion of the 30(b)(6) notice directed to the Physician Research Comparison Reports, the Physician Quality Guides, and the Physician Quality Reports.

Dated:  May 1, 2013                                          Respectfully submitted,


      *s:/Scott D. Stimpson*
Scott D. Stimpson                                            Terence Ridley, Atty. No. 15212
Scott B. Murray                                              Wheeler Trigg O'Donnell LLP
David C. Lee                                                 370 Seventeenth Street, Suite 4500
Sills Cummis & Gross P.C.                                    Denver, Colorado 80202
30 Rockefeller Plaza                                         Tel:  (303) 244-1800
New York, New York 10112                                     Fax:   (303) 244-1879
Tel: (212) 643-7000                                          E-mail: ridley@wtotrial.com
Fax: (212) 643-6500
E-mail:sstimpson@sillscummis.com                             *Attorneys for Defendant*
E-mail:smurray@sillscummis.com                               MDx Medical, Inc. d/b/a VITALS.COM
E-mail:dlee@sillscummis.com

4

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2013, I electronically filed the foregoing **MDX MEDICAL, INC.'S MOTION TO COMPEL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Jesus Manuel Vazquez, Jr.
  jvazquez@rothgerber.com, phenke@rothgerber.com

- Gregory B. Kanan
  gkanan@rothgerber.com, dgrooms@rothgerber.com

- Kris John Kostolansky
  kkosto@rothgerber.com, dgrooms@rothgerber.com

- Scott David Stimpson
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- Scott B. Murray
  smurray@sillscummis.com

- David Chunyi Lee
  dlee@sillscummis.com

- Terence M. Ridley
  ridley@wtotrial.com, norris@wtotrial.com

                                                        *s:/Vincent M. Ferraro*