IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00520-RM-BNB

HEALTH GRADES, INC.,

Plaintiff,

v.

MDX MEDICAL, INC., d/b/a Vitals.com,

Defendant.

_____

**ORDER**
_____

This matter arises on **MDx Medical, Inc.'s Unopposed Motion for Leave to Restrict Access to Document 559-1** [Doc. # 566, filed 4/24/2013] (the "Motion"), which is DENIED.

Local rule of practice 7.2, D.C.COLO.LCivR, governs motions to restrict access. It provides in relevant part:

> **A. Policy.** The public shall have access to all documents filed with the court and all court proceedings, unless restricted by court order or as provided in Section D of this rule.
>
> **B. Motions to Restrict Access.** Any motion to restrict public access will be open to public inspection and must:
>
> 1. Identify the document or the proceeding for which restriction is sought;
>
> 2. Address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restricted access);
>
> 3. Identify a clearly defined and serious injury that would result if access is not restricted;

> 4. Explain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and
>
> 5. Identify the restriction level sought (i.e., Level 1 = access limited to the parties and the court; Level 2 = access limited to the filing party and the court; Level 3 = access limited to the court).

The important public interests in open court records are discussed in Huddleson v. City of Pueblo, 270 F.R.D. 635 (D. Colo. 2010), and include:

> People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing.  The public has a fundamental interest in understanding the disputes presented to and decided by the courts, so as to assure that they are run fairly and that judges act honestly.

Id. at 635 (quoting Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 509 (1984)).

The right to inspect and copy judicial records is not absolute, however.  To the contrary:

> All courts have supervisory powers over their own records and files.  Thus a court, in its discretion, may seal documents if the public's right of access is outweighed by competing interests.
>         *   *   *
> [B]ecause the analysis of the question of limiting access is necessarily fact-bound, there can be no comprehensive formula for decisionmaking.  The decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.

United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985).  Privacy and preservation of trade secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness.  Huddleson, 270 F.R.D. at 637.

The parties in this case repeatedly have abused the purpose of restricted access, and this Motion is the latest example.  I have carefully reviewed the legal brief which MDx seeks to

2

restrict. It principally is composed of legal argument which certainly is not a trade secret or otherwise entitled to restriction. The brief contains substantial allegations of misconduct by MDx's patent counsel which it may find embarrassing, but that also is not a trade secret entitled to restriction. I have been unable to identify anything in the brief which reasonably may be considered a trade secret entitled to restriction from public view, and MDx has intentionally failed in the Motion to provide any guidance in that regard. Consequently, MDx has failed to carry its burden to "[i]dentify a clearly defined and serious injury that would result if access is not restricted" and to "[e]xplain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question." D.C.COLO.LCivR 7.2B(3)-(4).   IT IS ORDERED:

    (1)    The Motion [Doc. # 566] is DENIED; and

    (2)    Doc. # 559-1 shall not be restricted and shall be open to public inspection.

Dated May 2, 2013.

                        BY THE COURT:

                        s/ Boyd N. Boland
                        United States Magistrate Judge