# EXHIBIT B

(Redacted version of Dkt. # 564-2)

# EXHIBIT C

| | |
|---|---|
| **From:** | Scott D. Stimpson |
| **Sent:** | Monday, January 14, 2013 3:44 PM |
| **To:** | 'Kostolansky, Kris J.' |
| **Cc:** | Scott Murray; David C. Lee; Vincent M. Ferraro; 'Ridley, Terence'; Norris, Elise; 'Vazquez, Jesus'; 'Kanan, Greg'; Lauren Siber |
| **Subject:** | Health Grades Amended Complaint and Rule 11 |

**Attachments:** 11-1355.pdf

Kris:

As you know, on Friday Magistrate Boland allowed Health Grades' Amended Complaint to be filed, without addressing any substantive issues.

I am writing to urge you to please reconsider whether you really want to do this. Until Friday of this week, we will allow Health Grades and its counsel to withdraw the Amended Complaint without consequences. If Health Grades does not dismiss the claims added by the Amended Complaint, then we will be serving (and filing after the safe harbor expires) a motion for sanctions under Rule 11(b)(1), (2), and (3), in addition to a motion for summary judgment. We are giving you the opportunity to withdraw these claims now without you and your firm facing Rule 11 sanctions. We honestly do not want things to deteriorate to the level of Rule 11 allegations, but we cannot allow frivolous claims to be asserted against our client. If we are forced to prepare and serve the Rule 11 motion, that will be another factor in our pursuit of fees under Section 285.

Some of the many reasons these claims are baseless are addressed in our opposition to your motion to amend. For example, and ignoring the numerous non-infringement defenses we already have (including those pending in our summary judgment motions):

- Health Grades' contention that the language of every claim unequivocally requiring that the survey be conducted on the website of the company running the service is met by the survey being conducted on an entirely different website is objectively unreasonable, and frivolous. The allegation in your reply memorandum that the joint infringement claim somehow saves this allegation is demonstrably unreasonable -- joint infringement is not a mechanism to allow claims terms to be ignored.

- Health Grades' contributory infringement allegation is also objectively unreasonable. Even if the missing claim elements are overlooked, how can Health Grades seriously allege that the data leased by MDx has no substantial non-infringing use other than in the claimed system? Many competitors use physician data in a way that Health Grades claims to be non-infringing. For example, reports without ratings, insurance provider directories, etc., etc.  REDACTED
Health Grades cannot possibly allege in good faith that physician data has no substantial use other than under this patent. *F&G Research, Inc. v. Google Inc.,* 2007 U.S. Dist. LEXIS 70072, at *41 (S.D. Fla. Sept. 20, 2007) (contributory infringement allegation led to sanctions where article clearly had substantial non-infringing uses).

- The inducement allegation also lacks any basis whatsoever. There is no evidence that MDx did anything to encourage Aetna or iTriage to practice every element of the claim.   REDACTED
There is simply no basis for this allegation. *See id.* (inducement allegation led to sanctions). Indeed, the inducement claim is objectively unreasonable in view of the Aetna agreement's provisions.

- The joint infringement claim is also frivolous. As you know, there has to be a "mastermind" -- MDx would have to control the actions of Aetna and iTriage as to what they will do with the data and how it will be presented so that it would meet the claim language. There is no evidence of this whatsoever. See, again, the Aetna agreement showing the contrary.

I urge you to review the recent *Raylon v. Complus, et. al.* decision, attached. In that case, I represented the Casio companies, and my opposing counsel there also made frivolous infringement arguments. The Federal Circuit unanimously reversed the district court's denial of Rule 11 sanctions. *See also* Adamson v.

*Bowen*, 855 F.2d 668, 673 (10th Cir. 1988) (If "after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law . . .," then such conduct is sanctionable under Rule 11. The attorney must "stop, look, and listen" before signing a document subject to Rule 11.; citations omitted).

We hope that you will realize that these claims are unreasonable and not supported, and voluntarily dismiss them. If not, we will serve our Rule 11 motion.

We look forward to hearing from you soon.

Scott

**Scott D. Stimpson**
Member of the Firm



**website | bio | vCard | newsroom | email**

30 Rockefeller Plaza, New York, NY 10112
p (212) 500-1550 | f (212) 643-6500  **map**