**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,
Plaintiff,
v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

**HEALTH GRADES, INC.'S MOTION TO SUPPLEMENT PRETRIAL ORDER WITH REVISED EXHIBIT LIST AND MOTION TO AMEND PRETRIAL ORDER TO ADD MDX's OPINION COUNSEL PHILIP BRAGINSKY TO LIST OF WITNESSES WHOSE TESTIMONY IS EXPECTED TO BE PRESENTED BY MEANS OF A DEPOSITION**

Plaintiff Health Grades, Inc. ("Health Grades") respectfully moves to supplement the Pretrial Order [Doc. # 544] with its revised trial exhibit list and to amend the Pretrial Order to add MDx's opinion counsel, Philip Braginsky, to the list of witnesses whose testimony is expected to be presented by means of a deposition:

**I.     BACKGROUND**

At the pretrial conference held on March 6, 2013, Health Grades informed the Court that it was working to reduce the number of exhibits listed in its exhibit list. The Court welcomed this development and recommended that Health Grades file a motion to supplement the final pretrial order with its new exhibit list, and noted that if the motion was "a stipulated one, all the better." (Transcript of pretrial conference on March 6, 2013, p. 5, ll. 3-25, Exhibit A.) Health Grades' has reduced the number of its exhibits by 122 exhibits – its revised exhibit list contains 382 exhibits as compared to 504 on its previous list. (Revised Exhibit List, Exhibit B.)

Health Grades also made non-substantive changes to the list, i.e., consolidated some documents into a single exhibit, broke up very large documents into separate exhibits, and renumbered the exhibits to organize the exhibits by topic.  Numbering gaps are marked "EXHIBIT NO. NOT USED" – although the revised list shows 394 numbered rows, there are twelve instances marked as "EXHIBIT NO. NOT USED" and thus there are a total of 382 exhibits contained within the revised list.

The revised list contains five new exhibits – four are attachments to MDx's Master Business Agreement with Aetna relating to the iTriage application.  These four documents were just produced by MDx to Health Grades on May 8, 2013, and thus could not have been included in the original exhibit list.  Specifically, the four documents are:  Plt's Ex. No. 391 – Hosting Services Attachment to the Master Business Agreement between Aetna Life Insurance Company and MDX Medical Inc.; Plt's Ex. No. 392 – Professional Services Attachment to the Master Business Agreement between Aetna Life Insurance Company and MDX Medical Inc., Exhibit A and Exhibit B; Plt's Ex. No. 393 – Software License Attachment to the Master Business Agreement between Aetna Life Insurance Company and MDX Medical Inc., and; Plt's Ex. No. 394 – Schedule No. 002 to the Master Business Agreement between Aetna Life Insurance Company and MDX Medical Inc., Statement of Work to Schedule No. 002, Exhibit A (Service Level Agreement) and Exhibit B (Aetna/Supplier Escalation Process).

The fifth new exhibit, Plt's Ex. No. 389, is a video that was released by the Federal Judicial Center in October 2002 entitled "An Introduction to the Patent System."  It contains important background information intended to help jurors understand what patents are, why they are needed, how inventors get them, the role of the Patent and Trademark Office, and why

disputes over patents arise.  The video was developed with the assistance of an advisory committee of district judges and patent attorneys.  "Special care was taken to ensure that it provides an impartial and objective view of the patent process."  *Id*.  This video has been played as part of the preliminary jury instructions in many patent infringement lawsuits over the past 10 years.  This video is not "evidence" in the case and is more in the nature of an illustrative exhibit which the parties have agreed to exchange later by mutual agreement.  Health Grades seeks to add it to its revised exhibit list now to assure MDx has ample notice that Health Grades will ask to have the video played to the jury.

Health Grades also seeks to amend the Pretrial Order to add Philip Braginsky, MDx's opinion counsel, as a witness whose testimony at trial may be presented by means of a deposition.   There is no surprise to MDx – MDx is relying on Mr. Braginsky's opinion of non-infringement in the case, and Mr. Braginsky has been the focus of substantial and protracted motion practice.  Mr. Braginsky was deposed on February 14, 2013, and he was represented at his deposition by lead counsel for MDx.  As discussed in more detail below, because there is no surprise to MDx here and a failure to amend will result in an injustice to Health Grades, the Pretrial Order should be amended to add Mr. Braginsky as a witness whose testimony at trial may be presented by means of a deposition.

## II.   ARGUMENT

The factors a district court considers to determine whether to allow a party to amend a pretrial order are: (1) prejudice or surprise to the party opposing the amendment; (2) the ability of that party to cure that prejudice; (3) disruption by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order.  *Meno v. Fedex Corporate Services, Inc*., 2012 WL

3

3038724, *1 (D.Colo.) (internal citations omitted.)  "However, when considering these factors, the primary concern must be to assure the full and fair litigation of claims." *Id*. (internal quotations and citations omitted.)  "Amending the final pretrial order should be allowed when the danger of surprise is small and a failure to amend might result in an injustice to the moving party."  *Id*. (quoting *Bridge Publications Inc., v. F.A.C.T.NET, Inc.*, 183 F.R.D. 254, 258-259 (D.Colo. 1998).

In *Meno* the plaintiff sought to add a new claim for relief. *Meno, supra*, at *1.   With respect to factor (1), prejudice or surprise to the party opposing the amendment, Judge Arguello found that the adding the new claim would not result in prejudice or surprise to the defendant because the new claim was based on facts and evidence the defendant had been aware of for many months.  *Id*.  In this case MDx disclosed the Braginsky opinion on April 3, 2012, over one year ago.  MDx cited the Braginsky opinion in support of its summary judgment motion of no willfulness filed on November 2, 2012 [Dkt. # 371], and Mr. Braginsky was deposed on February 14, 2013.  Lead counsel for MDx in this case represented Mr. Braginsky at his deposition and had a full opportunity to examine him.  Both Health Grades and MDX subsequently cited to Mr. Braginsky's deposition testimony in papers filed with the Court – Health Grades in its supplement to its opposition to MDx's summary judgment motion of no willfulness, filed on April 16, 2013 [Dkt. # 562], and MDx in its reply to Health Grades' supplement, filed April 29, 2013 [Dkt. # 572].  Mr. Braginsky was also referenced by Health Grades in the Pretrial Order entered on March 6, 2013 [Dkt. # 544 at p. 24].  In short, there is no prejudice or surprise to MDx by allowing Mr. Braginsky to be added as a witness whose testimony at trial may be presented by means of a deposition.

4

With respect to factors (2) and (3), the ability of the opposing party to cure any prejudice, and disruption by inclusion of the new issue, Judge Arguello found that the defendant could cure any prejudice by moving for a continuance and that there was no disruption because the request to amend was made prior to trial. *Meno, supra*, at *1. Trial in this case is scheduled to start on February 3, 2014, over eight and a half months from now. MDx can cure any claimed prejudice by moving to continue, and there is no disruption given that Health Grades' request is made over eight and a half months before trial is set to commence.

With respect to factor (4), bad faith by the party seeking to modify the order, Health Grades has not acted in bad faith by seeking to add Mr. Braginsky at this time. Counsel for Health Grades raised the issue with counsel for MDx on April 8, 2012, immediately upon discovering that Mr. Braginsky was not listed by either party in the pretrial order, and Health Grades is making its formal request now in order to consolidate the pretrial order issues into one filing.[1] But even if there was an issue of bad faith – and there is not – "the fact that the first three factors weigh heavily in favor of allowing Plaintiff to amend the pretrial order would outweigh any such bad faith." *Id*. (citations omitted.)

All four factors weigh in favor of allowing Health Grades to amend the pretrial order and thus Health Grades has shown the modification is necessary to avoid manifest injustice. *See BAT v. A.G. Edwards & Sons, Inc.*, 2008 WL 220717, *3 (D.Colo.) (Magistrate Judge Boland allows modification of pretrial order and notes that the factors to consider to determine whether a party has shown that it will suffer manifest injustice include (1) prejudice to the party opposing the modification of the pretrial order; (2) the ability of the party opposing the modification to cure

---

[1] The parties exchanged trial exhibits today and Health Grades also seeks to supplement the pretrial order with its revised exhibit list.

5

2004201866_1

the prejudice; (3) disruption to the orderly and efficient trial of the case resulting from the modification; and (4) bad faith by the party seeking to modify the pretrial order.)

In *Bridge Publications Inc., v. F.A.C.T.NET, Inc.*, Judge Kane allowed amendment of the pretrial order to add a non-expert witness for two of the defendants. 183 F.R.D. 254, 259 (D.Colo. 1998). "Whether to allow amendment of the pretrial order is a matter in my discretion." *Id*. at 258. (*citing Joseph Mfg. Co. v. Olympic Fire Corp*., 986 F.2d 416, 418 (10th Cir. 1993). "Modification should be permitted when the danger of surprise is small and a failure to amend might result in an injustice to the moving party." *Id*. at 258-259. (internal quotes and citations omitted.)   In *Bridge Publications* the witness that was allowed to be added to the pretrial order had signed a declaration that was submitted in support of the defendants' opposition to plaintiff's motion for summary judgment, and the witness was deposed in the case. *Id*. at 258.  Similarly, in this case MDx submitted Mr. Braginsky's opinion in support of its Motion for Summary Judgment of No Willfulness filed on November 2, 2012 [Dkt. # 371], and Mr. Braginsky was deposed on February 14, 2013.  As discussed above lead counsel for MDx in this case represented Mr. Braginsky at his deposition and had a full opportunity to examine him, and both Health Grades and MDX subsequently cited to Mr. Braginsky's deposition testimony in papers filed with the Court – Health Grades in its supplement to its opposition to MDx's summary judgment motion of no willfulness [Dkt. # 562], and MDx in its reply to Health Grades' supplement [Dkt. # 572].  Mr. Braginsky's opinion was also referenced in the Pretrial Order [Dkt. # 544 at p. 24].  Because there is no surprise to MDx at all, and Health Grades has demonstrated that it will suffer manifest injustice via the analysis of the four factors cited in

*Menlo* and *BAT*, *supra*, the Pretrial Order should be amended to add Mr. Braginsky as a witness whose testimony at trial may be presented by means of a deposition.

The analysis as to Health Grades' revised exhibit list also results in favor of allowing Health Grades to supplement the Pretrial Order with the revised list. There is no surprise or prejudice to MDx because four of the five new exhibits are documents relating to the Aetna/iTriage Master Business Agreement – MDx had these documents in its possession but produced them on May 8, 2013, just one week ago. Health Grades requested such documents via its requests for production on July 25, 2011, and the Court ordered MDx to produce such documents by May 10, 2012. If there is any prejudice suffered it is by Health Grades and not MDx. There is also no surprise or prejudice to MDx resulting from the addition of the fifth new exhibit, the video released by the Federal Judicial Center in October 2002 entitled "An Introduction to the Patent System." The video is public and has been used in many patent infringement trials over the past 10 years. It is not "evidence" in the case. It is an illustrative exhibit and the parties have agreed to exchange such illustrative or demonstrative exhibits later by mutual agreement. There is also no prejudice to MDx because the revised exhibit list contains 122 fewer exhibits than Health Grades' first exhibit list.

This request is being made eight and a half months before trial – any claimed prejudice can be cured by MDx and there is no disruption as a consequence of allowing the revised exhibit list. Finally, there is no bad faith – to the contrary, Health Grades has endeavored in good faith to reduce the number of its trial exhibits as it told MDx and the Court it would do. Given the significant effort Health Grades undertook to reduce its list by 122 exhibits, and given the

untimely production of the Aetna/iTriage documents that have been added, Health Grades would suffer manifest injustice if its revised exhibit list is not allowed.

### III. CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.LCivR 7.1(A)

Undersigned counsel certifies that it conferred with lead counsel for MDx on April 8, 2013, regarding its request to add Mr. Braginsky to the Pretrial Order as a witness whose testimony at trial may be presented by means of a deposition. Lead counsel for MDx stated that MDx opposed the request. On May 14, 2013, undersigned counsel sent counsel for MDx the cases that support Health Grades request to add Mr. Braginsky and urged counsel to reconsider its opposition in light of the facts as discussed above and in light of the cases supporting the request. On May 15, 2013, counsel for MDx responded that lead counsel for MDx was unavailable, that they were aware of the applicable law, and that they would inform undersigned counsel for Health Grades if they changed their position.

As to the revised exhibit list, undersigned counsel certifies that on May 14, 2013, he sent counsel for MDx the revised exhibit list along with a detailed explanation of the changes from the original exhibit list as discussed above, and asked whether MDx opposed entry of the revised list. The revised exhibit list that undersigned counsel sent counsel for MDx included a comparison between the original exhibit list and the revised exhibit list. On May 15, 2013, counsel for MDx responded that they would review the revised exhibit list and respond next week when lead counsel for MDx is available.

### IV. CONCLUSION

For all the foregoing reasons, Health Grades respectfully requests that the Court allow it to supplement the Pretrial Order with its Revised Exhibit List, and that the Court allow it to

8

amend the Pretrial Order by adding Mr. Braginsky as a witness whose testimony at trial may be presented by means of a deposition.

Dated: May 15, 2013                                       ROTHGERBER JOHNSON & LYONS LLP

*s/ Jesús M. Vazquez*
Gregory B. Kanan, Esq.
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
1200 17th Street, Suite 3000
Denver, Colorado 80202
Tel: (303) 623-9000
Email: gkanan@rothgerber.com
           kkosto@rothgerber.com
           jvazquez@rothgerber.com

*Attorneys for Plaintiff Health Grades, Inc.*

9

# CERTIFICATE OF SERVICE

      I hereby certify that on May 15, 2013, I electronically filed the foregoing **HEALTH GRADES, INC.'S MOTION TO SUPPLEMENT PRETRIAL ORDER WITH REVISED EXHIBIT LIST AND MOTION TO AMEND PRETRIAL ORDER TO ADD MDX's OPINION COUNSEL PHILIP BRAGINSKY TO LIST OF WITNESSES WHOSE TESTIMONY IS EXPECTED TO BE PRESENTED BY MEANS OF A DEPOSITION** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Scott David Stimpson
Scott Murray
David Chunyi Lee
Sills Cummis & Gross P.C.-New York
30 Rockefeller Plaza
New York, NY 10112
Email: sstimpson@sillscummis.com
Email: smurray@sillscummis.com
Email: dlee@sillscummis.com

Terence M. Ridley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO 80202-2617
Email: ridley@wtotrial.com

 

      *s/ Jesús M. Vazquez*
Gregory B. Kanan, Esq.
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Rothgerber Johnson & Lyons, LLP
1200 17th Street, Suite 3000
Denver, Colorado 80202-5855
Tel:     (303) 623-9000
Facsimile: (303) 623-9222
Email: gkanan@rothgerber.com
      kkostolansky@rothgerber.com
      jvazquez@rothgerber.com
*Attorneys for Plaintiff Health Grades, Inc.*

2004201866_1