IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00520-RM-BNB

HEALTH GRADES, INC.,

Plaintiff,

v.

MDX MEDICAL, INC., d/b/a Vitals.com,

Defendant.

---

## ORDER

---

This matter arises on the following:

(1)      **MDx Medical, Inc.'s Unopposed Motion for Leave to Restrict Access to Documents--Document Nos. 562-7;562-8; 562-9; and 562-10** [Doc. # 578, filed 5/3/2013] (the "Motion to Restrict 562"); and

(2)      **MDx Medical, Inc.'s Unopposed Motion for Leave to Restrict Access to Documents--Document Nos. 564; 564-1; 564-2; and 564-3** [Doc. # 582, filed 5/7/2013] (the "Motion to Restrict 564").

### I.  The Legal Standard

Local rule of practice 7.2, D.C.COLO.LCivR, governs motions to restrict access.  It provides in relevant part:

> **A.  Policy.**  The public shall have access to all documents filed with the court and all court proceedings, unless restricted by court order or as provided in Section D of this rule.

> **B.  Motions to Restrict Access.**  Any motion to restrict public access will be open to public inspection and must:

1.  Identify the document or the proceeding for which restriction is sought;

2.  Address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restricted access);

3.  Identify a clearly defined and serious injury that would result if access is not restricted;

4.  Explain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and

5.  Identify the restriction level sought (i.e., Level 1 = access limited to the parties and the court; Level 2 = access limited to the filing party and the court; Level 3 = access limited to the court).

The important public interests in open court records are discussed in Huddleson v. City

of Pueblo, 270 F.R.D. 635 (D. Colo. 2010), and include:

People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing.  The public has a fundamental interest in understanding the disputes presented to and decided by the courts, so as to assure that they are run fairly and that judges act honestly.

Id. at 635 (quoting Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 509 (1984)).

The right to inspect and copy judicial records is not absolute, however.  To the contrary:

All courts have supervisory powers over their own records and files.  Thus a court, in its discretion, may seal documents if the public's right of access is outweighed by competing interests.
                              *    *    *
[B]ecause the analysis of the question of limiting access is necessarily fact-bound, there can be no comprehensive formula for decisionmaking.  The decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in

2

light of the relevant facts and circumstances of the particular case.

United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985).  Privacy and preservation of trade secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness.  Huddleson, 270 F.R.D. at 637.

## II.  Motion to Restrict 562

**Doc. # 562-7** is a PowerPoint presentation titled "Vitals' Approach to Gathering, Cleansing, Matching and Integrating Third Party Data," dated August 3, 2011.  It bears the emblem of Horizon Blue Cross Blue Shield of New Jersey, indicating that it was part of a presentation made to Horizon and has not been maintained confidentially within MDx.  MDx seeks to restrict access to the entire PowerPoint.

Most of the PowerPoint obviously contains no confidential information whatsoever.  See Doc. # 562-7 at pp. 2-4, 7, 9-13, 16, and 21.  In addition, no evidence is offered to support MDx's assertion that the PowerPoint contains confidential information; what MDx has done to maintain the information as confidential; or specifying the "clearly defined and serious injury that would result if access is not restricted," as required by D.C.COLO.LCiv R 7.2B(3).  The totality of the argument in support of restricting access is that the PowerPoint "contains highly confidential information relating to MDx's internal processes for obtaining, using, and displaying database information and contains competitively sensitive information regarding how MDx's website, Vitals.com, works internally, interspersed throughout the entire document."  Motion to Restrict 562 [Doc. # 578] at p. 2.  This fails to satisfy the requirements of D.C.COLO.LCiv R 7.2.  Doc. # 562-7 shall not be restricted and shall be open to public inspection.

3

**Doc. ## 562-8; 562-9; 562-10**  are copies of portions of MDx's Second Supplemental Interrogatory Responses; portions of the deposition of MDx's Vice President, Erika Boyer; and portions of the deposition of MDx's Chief Technical Officer, Larry West.  MDx  has filed second copies of the documents as Doc. ## 578-1, 578-2, and 578-3 which redact only the allegedly confidential information and make available for public inspection the remainder of each document.

The information redacted from Doc. ## 562-8, 562-9, and 562-10 may be confidential and proprietary, although MDx fails to provide evidence in support of the assertion.  I previously restricted access to the information redacted from Doc. # 562-8.  In addition, for each document MDx has identified an alternative to restricted access (redaction) that will adequately protect its interest.  Consequently, Doc. ## 562-8, 562-9, and 562-10 shall be Restricted, Level 1.

### III.  Motion to Restrict 564

**Doc. # 564** is MDx Medical, Inc.'s Motion for Rule 11 Sanctions.  Almost all of the document is a legal brief which certainly does not contain confidential information.  MDx proposes to redact only a small portion of the brief.  My review of the proposed redacted information indicates, contrary to MDx's bald assertion to the contrary, that it is not confidential or proprietary and that neither MDx nor Aetna will suffer a clearly defined and serious injury if access is not restricted.  Doc. # 564 shall not be restricted and shall be open to public inspection.

**Doc. # 564-1** is a copy of the Master Business Agreement between Aetna Insurance Company and MDx Medical, Inc., and related documents.  I previously restricted access to this agreement finding that it contains confidential and proprietary information the disclosure of which would have a clearly defined and serious injury on MDx's competitive position.  Doc. #

4

564-1 shall be Restricted, Level 1.

**Doc. # 564-2** is an email from Scott Stimpson, MDx's counsel, to Kris Kostolansky, plaintiff's counsel, addressing MDx's then anticipated motion for sanctions under Rule 11. MDx proposes to redact portions of the email. My review of the proposed redactions indicates, contrary to MDx's bald assertion to the contrary, that the information is not confidential or proprietary and that neither MDx nor Aetna will suffer a clearly defined and serious injury if access is not restricted. Doc. # 564-2 shall not be restricted and shall be open to public inspection.

**Doc. # 564-3** is a small portion of "Health Grades' amended claim chart, which quotes liberally from the MDx/Aetna Agreement. . . ." Motion to Restrict 564 [Doc. # 582] at p. 3. MDx proposes to redact portions of the chart. My review indicates, contrary to MDx's bald assertion, that the redacted information is not confidential or proprietary and that neither MDx nor Aetna will suffer a clearly defined and serious injury if access is not restricted. Doc. # 564-3 shall not be restricted and shall be open to public inspection.

IT IS ORDERED:

(1)      The Motion to Restrict 562 [Doc. # 578] is GRANTED IN PART and DENIED IN PART as follows:

•GRANTED with respect to Doc. ## 562-8, 562-9, and 562-10, which shall be Restricted, Level 1; and

•DENIED with respect to Doc. # 562-7, which shall not be restricted and shall be open to public inspection.

(2)      The Motion to Restrict 564 [Doc. # 582] is GRANTED IN PART and DENIED

IN PART as follows:

•GRANTED with respect to Doc. # 564-1, which shall be Restricted, Level 1; and

•DENIED with respect to Doc. ## 564, 564-2, and 564-3, which shall not be restricted and shall be open to public inspection.

Dated May 17, 2013.

BY THE COURT:

 s/ Boyd N. Boland_____
United States Magistrate Judge