IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

   Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

   Defendant.

**MDX MEDICAL, INC.'S <u>PARTIAL</u> OPPOSITION TO HEALTH GRADES, INC.'S MOTION TO SUPPLEMENT PRETRIAL ORDER WITH REVISED EXHIBIT LIST AND MOTION TO AMEND PRETRIAL ORDER TO ADD MDX'S OPINION COUNSEL PHILIP BRAGINSKY TO LIST OF WITNESSES WHOSE TESTIMONY IS EXPECTED TO BE PRESENTED BY MEANS OF A DEPOSITION**

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, respectfully submits this <u>Partial</u> Opposition to Health Grades, Inc.'s ("Health Grades") Motion To Supplement Pretrial Order With Revised Exhibit List And Motion To Amend Pretrial Order To Add MDx's Opinion Counsel Philip Braginsky To List Of Witnesses Whose Testimony Is Expected To Be Presented By Means Of A Deposition [Dkt. # 585, the "Motion"].

**Agreed Portions of the Motion**

MDx does not oppose Health Grades' Motion to supplement the pretrial order to add exhibits numbers 391, 392, 393, and 394, to remove other exhibits, and to make the non-substantive changes identified in Health Grades' Motion. MDx reserves all other objections,

however, including objections to exhibits that were not timely produced, and MDx reserves all other rights earlier reserved based on Health Grades' earlier exhibit list.

**Braginsky Deposition Testimony**

MDx opposes the request to add deposition testimony of Mr. Braginsky. Pursuant to Tenth Circuit law, "a pretrial order … may be modified 'only to prevent manifest injustice.'" *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002) (citing Fed. R. Civ. P. 16(e)); *see also Joseph Mfg. Co. v. Olympic Fire Corp.*, 986 F.2d 416, 419 (10th Cir. 1993) ("Rule 16(e) provides a final pretrial order will not be modified absent a showing of manifest injustice."). Moreover, "the party moving to amend the order bears the burden to prove the manifest injustice that would otherwise occur." *Davey*, 301 F.3d, at 1208. The Tenth Circuit has also held that "if the evidence or issue was within the knowledge of the party seeking modification (of the pretrial order) at the time of the [pretrial] conference … then it may not be allowed." *Joseph Mfg. Co.*, 986 F.2d, at 420 (internal citations omitted).

The facts surrounding this issue are quite simple. Mr. Braginsky was deposed by Health Grades' counsel on February 14, 2013. The final pretrial order was submitted jointly by the parties to the Court weeks later, on March 1, 2013. Health Grades, therefore, made a deliberate and conscious decision to not include Mr. Braginsky's testimony in the pretrial order. Indeed, Health Grades' decision to reference Mr. Braginsky and his opinion in the pretrial order but ***not*** include him as a witness solidly supports the fact that Health Grades made a conscious decision to deliberately exclude him as a witness when it filed the original pretrial order on March 1. *See* Pretrial Order, dated March 1, 2013, Dkt. # 533, at 24. Only now, over two months after originally filing the pretrial order and after an apparent change of heart, does Health Grades seek

to amend the pretrial order to add Mr. Braginsky as a witness. Health Grades, however, has no excuse for not adding Mr. Braginsky to the witness list contained within the original pretrial order, and, therefore, Health Grades' Motion to amend the pretrial order to include Mr. Braginsky as a witness should be denied. *Joseph Mfg. Co.*, 986 F.2d, at 420 ("failure to timely raise [an issue] cuts deeply against [the] claim of manifest injustice").

The Tenth Circuit and the District of Colorado have refused amendments to pretrial orders under similar circumstances. *Joseph Mfg. Co.*, 986 F.2d, at 420 (reversing district court's allowance of an amendment to the pretrial order because the evidence the defendant sought to use was within its knowledge prior to the entry of the original pretrial order); *see also Benton v. Bd. of County Comm'rs*, 2007 U.S. Dist. LEXIS 84907, 5-6 (D. Colo. Nov. 9, 2007) (the Court was "constrained by Tenth Circuit precedent to deny" the motion to amend the pretrial order because the information involved "was certainly within the knowledge" of the party seeking modification of the Pretrial Order at the time of the Pretrial Conference). Health Grades did not provide a single reason why it failed to include Mr. Braginsky as a witness when the parties filed the pretrial order on March 1.

Health Grades does not even explain why it allegedly would suffer a "manifest injustice" if Mr. Braginsky is not belatedly added as a witness. Instead, it references four factors and alleges they are all in its favor. Motion, at 3-6. But simply showing that one or more of the four factors outlined by the Tenth Circuit may cut in one party's favor does not automatically lead to a finding of manifest injustice. *Koch v. Koch Indus.*, 203 F.3d 1202, 1222 (10th Cir. Kan. 2000); *see also Davey* 301 F.3d, at 1210. Indeed, in *Benton*, Magistrate Judge Hegarty denied the

3

plaintiff's motion to amend the pretrial order even though arguably all four of the factors cut in the plaintiff's favor. *Benton*, 2007 U.S. Dist. LEXIS 84907, at 6.

Health Grades cannot reasonably argue that it will suffer manifest injustice. Denial of the amendment would not deny Health Grades any claim or defense, but only testimony it claims (without any explanation) somehow supports its existing claim of willfulness. This simple fact easily distinguishes the cases cited by Health Grades. And it is not even relevant testimony that Health Grades wants to add – Mr. Braginsky's state of mind is not at issue, because willful infringement is determined by the alleged infringer's intent and reasonable beliefs. *Ortho Pharmaceutical Corp. v. Smith*, 959 F.2d 936, 944 (Fed. Cir. 1992); *see also Westvaco Corp. v. Int'l Paper Co.*, 991 F.2d 735, 743 (Fed. Cir. 1993). This important distinction has led courts to preclude testimony of the opinion counsel altogether, even when it was timely identified. *Liqui-Box Corp. v. Reid Valve Co.*, 16 U.S.P.Q. 2d 1074, 1075 (W.D. Pa. 1989) (sustaining defendants' objection to opinion counsel testifying at trial because counsel's state of mind was not at issue); *Automotive Prods. v. Tilton Eng'g, Inc.*, 1993 U.S. Dist. LEXIS 3752 at *32 (C.D. Cal. 1993) (precluding deposition testimony of opinion counsel at trial for the same reason).

**New Video Exhibit**

MDx opposes the request to add the video released by the Federal Judicial Center in October 2002 entitled "An Introduction to the Patent System" to Health Grades' exhibit list. MDx opposes the addition of this video for all the reasons set forth above with respect to the Braginsky testimony – *i.e*, Health Grades knew or should have known about the video before the pretrial order was submitted to the Court, has no excuse for not including it on the original exhibit list, and will not suffer a manifest injustice if it is not added now. Above and beyond

those reasons, the video is over 10 years old, it recites inaccuracies resulting from intervening changes in the U.S. patent laws, and runs a risk of inconsistencies with the jury instructions and facts of the case.

**Conclusion**

For all the foregoing reasons, MDx respectfully requests that Health Grades' Motion with respect to adding the Braginsky testimony and the old Federal Judicial Center video be denied.

Dated:  May 31, 2013                                         Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail:sstimpson@sillscummis.com
E-mail:smurray@sillscummis.com
E-mail:dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

# CERTIFICATE OF SERVICE

I hereby certify that on **May 31, 2013**, I electronically filed the foregoing **MDX MEDICAL, INC.'S PARTIAL OPPOSITION TO HEALTH GRADES, INC.'S MOTION TO SUPPLEMENT PRETRIAL ORDER WITH REVISED EXHIBIT LIST AND MOTION TO AMEND PRETRIAL ORDER TO ADD MDX'S OPINION COUNSEL PHILIP BRAGINSKY TO LIST OF WITNESSES WHOSE TESTIMONY IS EXPECTED TO BE PRESENTED BY MEANS OF A DEPOSITION** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Jesus Manuel Vazquez, Jr.
  jvazquez@rothgerber.com, phenke@rothgerber.com

Gregory B. Kanan
  gkanan@rothgerber.com, dgrooms@rothgerber.com

Kris John Kostolansky
  kkosto@rothgerber.com, dgrooms@rothgerber.com

Scott David Stimpson
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

Scott B. Murray
  smurray@sillscummis.com

David Chunyi Lee
  dlee@sillscummis.com, vferraro@sillscummis.com

Terence M. Ridley
  ridley@wtotrial.com, norris@wtotrial.com


                                          *s:/ Vincent M. Ferraro*