IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

### HEALTH GRADES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO BIFURCATE TRIAL ON THE ISSUE OF INEQUITABLE CONDUCT

In its Response [Doc. # 605 ("Response")] to Plaintiff Health Grades, Inc.'s ("Health Grades") Motion to Bifurcate Trial on the Issue of Inequitable Conduct [Doc. #598], Defendant MDx Medical, Inc. ("MDx") makes arguments that directly conflict with controlling Federal Circuit law and threatens to make a bifurcated jury trial "a nightmare." Bifurcation of an inequitable conduct defense is a well-recognized approach that furthers the interests of justice and streamlines the presentation of relevant evidence for the jury. Inequitable conduct should be bifurcated in this case because:

- MDx does not have a right to a jury trial on inequitable conduct.

- Trying inequitable conduct in a bench trial *after* the jury trial on infringement and invalidity will not deprive MDx of its right to a jury on invalidity.

- This Court will not be required to decide the same factual issues already decided by the jury – to the extent there is any overlap, the jury's verdict will be law of the case.

- Bifurcation will prevent jury confusion and avoid prejudice to Health Grades.

- To the extent that there is overlap in evidence relevant to invalidity and materiality, this Court will hear that evidence during the jury trial and it need not be presented again in the bench trial on inequitable conduct.

1. <u>**There is No Seventh Amendment Right to a Jury Trial on Inequitable Conduct**</u>

MDx baldly asserts that it has "a right to a jury trial on . . . the materiality . . . issue" of its inequitable conduct defense. (Response at p. 4.) **No authority supports MDx's argument.** To the contrary, the Federal Circuit first ruled that there was no right to a jury trial on inequitable conduct in *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed. Cir. 1987). The Federal Circuit has consistently reaffirmed this principle since then. *See, e.g., Am. Calcar, Inc. v. Am. Honda Motor Co.*, 651 F.3d 1318, 1333-1334 (Fed. Cir. 2011); *Agfa Corp. v. Creo Prods. Inc.*, 451 F.3d 1366, 1375 (Fed. Cir. 2006). Indeed, the Federal Circuit recently stated that there was no right to a jury trial for inequitable conduct in a decision that applied the new test for inequitable conduct set forth in *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1288-1291 (Fed. Cir. 2011):

> Inequitable conduct is equitable in nature, **with no right to a jury**, and the trial court has the obligation to resolve the underlying facts of materiality and intent. *See Duro-Last, Inc. v. Custom-Seal, Inc.*, 321 F.3d 1098, 1110 (Fed. Cir. 2003) (citing *Baxter Healthcare Corp. v. Spectramed, Inc.*, 49 F.3d 1575, 1584 (Fed. Cir. 1995)).

*Am. Calcar*, 651 F.3d at 1333-1334 (emphasis added); *see also ABT Sys., LLC v. Emerson Elec. Co.*, No. 4:11CV00374 (AGF), 2013 U.S. Dist. LEXIS 14542, at *5-6 (E.D. Mo. Feb. 4, 2013) (bifurcating inequitable conduct from invalidity and willfulness post-*Therasense*).

None of the authorities cited at pages 4-9 of MDx's Response provide otherwise. Many of MDx's cited cases do not relate to patent law, let alone support the argument that there is a

2

2004288532_1

right to a jury for inequitable conduct.[1] While the other cases cited by MDx at least relate to patent law, all but one[2] expressly contradict MDx's position:

> The Federal Circuit has . . . explained that the issue of **inequitable conduct**, being equitable, **does not give rise to the right of trial by jury** and, thus, is for the court to decide.

*Implant Innovations, Inc. v. Nobelpharma AB*, No. 93 C 7489, 1996 U.S. Dist. LEXIS 14495, at *8-9 (N.D. Ill. Sept. 30, 1996) (emphasis added); *Cabinet Vision v. Cabnetware*, 129 F.3d 595, 600-601 (Fed. Cir. 1997) (the parties agreed that "there is no right to a jury trial on inequitable conduct . . . ."); *Therma-Tru Corp. v. Peachtree Doors, Inc.,* 44 F.3d 988, 994-996 (Fed. Cir. 1995) ("the issue of inequitable conduct, which is for the court to decide . . . ."); *Eolas Techs. Inc. v. Microsoft Corp.*, No. 99 C 0626, 2002 U.S. Dist. LEXIS 20285, at *35-40 (N.D. Ill. Oct. 18, 2002) ("The defense of inequitable conduct is equitable in nature and is thus an issue for this court to decide.").

In sum, it is well settled that MDx does not have a right to jury for inequitable conduct.

---

[1] *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 18-20 (1963) (maritime law); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510-11 (1959) (antitrust law); *Gasoline Prods. Co., Inc. v. Champlin Ref. Co.*, 283 U.S. 494, 499-501 (1931) (breach of contract); *Blyden v. Mancusi*, 186 F.3d 252, 268-269 (2d Cir. 1999) (class action brought by prisoners for civil rights violations); *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 750-751 (5th Cir. 1996) (class action alleging tobacco companies fraudulently failed to inform consumers that nicotine is addictive); *Brownlee v. Yellow Freight Sys., Inc.*, 921 F.2d 745 (8th Cir. 1990) (violations of a collective bargaining agreement).

[2] *Cedars-Sinai Med. Center v. Revlon, Inc.*, 111 F.R.D. 24, 31 (D. Del. 1986) (cited at pp. 5 and 7 of the Response) is not on point. It related to waiver issues under Fed. R. Civ. P. 38(b) and 39(b). To the extent that this case assumed there was a right to a jury trial for inequitable conduct that could be waived, it was overruled by *Gardco*, 820 F.2d at 1212.

3

### 2. Trying Inequitable Conduct to the Court *After* the Jury Trial Will Not Deprive MDx of its Right to a Jury on Any Legal Issues

MDx essentially argues (although not very clearly) that if the Court decides the materiality prong of inequitable conduct, this decision will deprive MDx of its constitutional right to a jury trial on invalidity. MDx's argument is based on the false premise that the factual issues for materiality (for inequitable conduct) and invalidity are essentially the same. As such (MDx argues), a bench trial on inequitable conduct will either prevent the jury from deciding invalidity or cause two fact-finders (i.e., the jury and the Court) to decide the same factual issues. MDx is wrong on all accounts.

When legal and equitable claims are tried in the same lawsuit, the order of the trials is a significant factor to consider with regard to the Seventh Amendment. Yet MDx largely ignores this issue. Much of the case law cited by MDx focuses on whether a bench trial conducted *before* a jury trial would deprive a litigant of a right to a jury.[3] For example, in *Beacon Theatres*, the Supreme Court addressed the importance of the order in which legal and equitable claims are to be tried in one suit and held that "only under the most imperative circumstances . . . can the right to a jury trial of legal issues be lost through **prior determination of equitable claims**." 359 U.S. at 510-11 (emphasis added). In contrast in this case, Health Grades is seeking a bench trial on inequitable conduct that will occur *after* the jury reaches a decision on invalidity. Therefore,

---

[3] *See, e.g., WebXchange Inc. v. Dell Inc.*, C.A. Nos. 08-132, 08-133 (JJF), 2009 U.S. Dist. LEXIS 121165, at *2-10 (D. Del. Dec. 30, 2009) (denying motion bifurcate trial and to hear the inequitable conduct claim *before* the jury trial on infringement and invalidity); *C. R. Bard, Inc. v. M3 Sys., Inc.*, No. 93 C 4788, 1994 U.S. Dist. LEXIS 7689, at *3-7 (N.D. Ill. June 7, 1994) (denying motion to add a bench trial on inequitable conduct *prior to* the jury trial); *Mag Instrument, Inc. v. J. Baxter Brinkmann Int'l Corp.*, 123 F.R.D. 543, 547 (N.D. Tex. 1988) (denying motion for a separate non-jury trial on its inequitable conduct defense *before* trial by jury of the other issues).

4

there is no risk that the bench trial will prevent the jury from deciding invalidity. Indeed, one of the main cases quoted extensively by MDx (Response at p. 8) found that while an early bench trial on inequitable conduct would risk the defendant's right to a jury trial, a bench trial conducted *after* the jury trial would not:

> Microsoft requests that a separate bench trial on its inequitable conduct claim be held before a jury trial on the issues of infringement and invalidity. . . .
> . . . .
> [T]here are factual determinations that will affect questions of materiality as well as prior art. Thus, I am not persuaded that the clean separation of equitable and legal claims that the *Gardco* court saw is adequately feasible in this case to justify the risk to plaintiffs' constitutional rights.
> . . . .
> For these reasons, I am denying Microsoft's motion for an early bench trial on inequitable conduct. **The bench trial on inequitable conduct will be held <u>subsequent</u> to the jury trial on infringement and validity** . . . .

*Eolas Techs. Inc. v. Microsoft Corp.*, No. 99 C 0626, 2002 U.S. Dist. LEXIS 20285, at *35-40 (N.D. Ill. Oct. 18, 2002) (emphasis added). Likewise in this case, a subsequent bench trial on inequitable conduct will not risk MDx's right to a jury for invalidity.

Moreover, a separate and subsequent bench trial on inequitable conduct will not require this Court to decide the same factual issues as the jury. MDx relies heavily on the fact that invalidity and inequitable conduct are based on the same prior art. But MDx confuses evidence with factual issues. The Federal Circuit explained the difference in *Gardco*:

> Peerless has failed to show that the factual issues relating to its legal claim for patent infringement were so common with those relating to Gardco's equitable claim as to preclude a prior trial of the latter. The argument that the same art submitted as material in a trial of the latter may be presented in a trial of the former is without merit, **for there is a fundamental difference between evidence and issues**. *See Innotron Diagnostics*, 800 F.2d at 1086, 231 USPQ at 185 ("'The prohibition is not against having two juries review the same evidence, but rather against having two juries decide the same essential issues.'" . . .).
> . . . .

5

> **The simple fact is that a patent may be valid and yet be rendered unenforceable for misuse or inequitable conduct**. Similarly, a valid patent may be (in the abstract) infringed, that is, the accused device may fall within the scope of the claim, but there will be no liability to the patentee when the patent is unenforceable. Thus the conduct-of-the-applicant-in-the-PTO issue raised in the nonjury trial and the separated infringement/validity issues are distinct and without commonality either as claims or in relation to the underlying fact issues.

*Gardco Mfg.*, 820 F.2d at 1213 (emphasis added).

Similarly in this case, although invalidity and materiality are based on the same evidence (i.e., prior art), the factual *issues* for these defenses are different. The jury will decide whether the evidence of prior art invalidates the claims by clear and convincing evidence based on the Court's claim constructions. In contrast, this Court will decide whether the Patent Office would have allowed the claims to issue under a preponderance of the evidence using the broadest reasonable interpretation of the claims. Even under the new materiality test of *Therasense*, Health Grades' patent may be found valid and yet be rendered unenforceable for inequitable conduct. 649 F.3d at 1292 ("even if a district court does not invalidate a claim based on a deliberately withheld reference, the reference may be material if it would have blocked patent issuance under the PTO's different evidentiary standards."). Therefore, invalidity and materiality require decisions on different issues.

MDx argues that invalidity and materiality must involve the same factual issues because Health Grades has made similar arguments against both. Nonsense. Health Grades asserts that the prior art is different from the claimed invention and that these differences demonstrate *both* that the claims are not invalid by clear and convincing evidence *and* that the Patent Office would have issued the patent by a preponderance of the evidence even had it known about this prior art. Just because the same evidence and arguments support two issues does not necessarily mean that

6

the issues are the same.

Further, to the limited extent that there are factual issues that are the same for invalidity and materiality, namely whether a reference qualifies as prior art, this issue will be decided by the jury and become law of the case for this Court. MDx argues that the Court will never know how the jury decided these issues. Not true. To the extent that there are contested issues about whether a reference qualifies as prior art, these can be put to the jury with a couple of specific questions on a special verdict form. Thus, bifurcation will not result in two-fact finders deciding the same factual issues.

As such, Health Grades motion to bifurcate does not risk MDx's constitutional right to a jury trial on invalidity.

### 3. Bifurcation Will Prevent Prejudice to Health Grades and Avoid Jury Confusion

MDx does not dispute that it plans to attack the integrity of Health Grades' inventors and does not dispute this attack will cause prejudice to Health Grades before the jury – rather MDx argues that this prejudice is fair and unavoidable. MDx is wrong on both accounts.

MDx argues that the prejudice to Health Grades is fair because Health Grades intends to assert willful infringement against MDx during the jury trial. (Response at p. 10 n.4.) Why, MDx asks, should Health Grades be allowed to argue to the jury that MDx is liable for willful infringement if MDx is not allowed to argue that Health Grades is liable for inequitable conduct? The answer is simple. Health Grades has a right to a jury trial, MDx does not.[4]

MDx next argues that there is no way to avoid the jury knowing about its inequitable

---

[4] Assuming Health Grades proves the objective prong of willfulness, it has a right to a jury trial on the subjective prong of willfulness. *Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1236 (Fed. Cir. 2011).

7

conduct allegations. Not true. Health Grades seeks to bifurcate the following issues:

- The source of the prior art references that were considered by the Patent Office;[5]
- Why certain references were disclosed to the Patent Office and others were not;
- Whether the undisclosed references are more or less relevant than the references that were disclosed;
- What would have happened had the references been disclosed;
- Whether the inventors violated a duty of disclosure; and
- Whether the inventors intended to deceive the Patent Office.

None of these issues have any relevance to invalidity, which will focus on whether the jury believes that the prior art at issue in the lawsuit invalidates the issued claims.

MDx threatens to raise all of these issues before the jury even if the trial is bifurcated, thereby making the jury trial "a nightmare." This can be easily avoided by entering order *in limine* precluding MDx from raising these issues before the jury pursuant to Fed. R. Civ. P. 403.[6] Indeed, the primary reason for granting this Motion is to avoid presenting irrelevant and

---

[5] Some of the references of record were located by the Patent Office, some came from Health Grades, and some came from MDx's counsel. However, the source of the art is not relevant to invalidity. The prior art of record is what it is and it does not matter how it became of record.

[6] MDx should also be precluded from arguing that Health Grades tried to hide its own "prior art" from MDx during discovery in this lawsuit. (*See* Response at p. 2.) Judge Boland found that this accusation was not true when he denied MDx's motion for "extreme sanctions, including that the jury be instructed that Health Grades gave a false interrogatory response, failed to produce documents showing the details of its prior art, and failed to produce witnesses able to provide critical facts about the prior art." (Doc. #569 at p. 1). Specifically, Judge Boland stated:

> The Motion for Sanctions springs from **a *false* premise--that MDx has demonstrated that Health Grades withheld known prior art**.

(Doc. # 569 at pp. 2-4 (emphasis added) (citations omitted).)

8

prejudicial evidence to the jury.

MDx argues that even if the issues relating to disclosure and intent are withheld from the jury, Health Grades will still be prejudiced because the jury will wonder why the inventors did not disclose this art. Nonsense. The average lawyer is not familiar with the intricacies of patent prosecution and the duty of disclosure before the Patent Office. There is almost no chance that one of the jurors will be aware of this duty and question whether the inventors complied with this duty, particularly if these issues are not raised as part of the arguments or jury instructions.

4. **The Court Will Hear the Overlapping Evidence at the Jury Trial and Need Not Hear it Again in the Subsequent Bench Trial**

Despite MDx's arguments to the contrary, there will be no need to present any evidence twice. This Court will preside over the jury trial and hear the evidence relating to invalidity, which will include evidence about the substance and dates of the prior art references. The subsequent bench trial will include only that evidence that was not previously presented to the jury. Several courts have followed this procedure:

- "The bench trial on inequitable conduct will be held subsequent to the jury trial on infringement and validity, during which time the parties may present evidence not previously admitted. When there are witnesses at the jury trial that will testify to an aspect of the inequitable conduct claim that should not be heard by the jury, I will hear such testimony in the jury's absence and will make time to hear this testimony accordingly." *Eolas Techs.*, 2002 U.S. Dist. LEXIS 20285, at *40.

- "[W]hile proof of ABT's inequitable conduct and of invalidity and/or willfulness may overlap, the Court finds that bifurcation is appropriate. There is no need to burden and possibly prejudice the jury with evidence of issues that are to be decided by the Court. The evidence solely related to inequitable conduct will be taken during the trial, outside the hearing of the jury and on a schedule that allows for efficient utilization of the jury." *ABT Sys.,* 2013 U.S. Dist. LEXIS 14542, at *5-6 (citation omitted).

- "I will (obviously) listen to the evidence that the jury hears; to the extent there is overlap, I will not need to hear it again. I will hear any additional evidence that is pertinent only to inequitable while the jury is deliberating on the issues that are

9

properly its to decide. At the close of that presentation, I will hand down a prompt opinion . . . . " *Inventio AG v. Otis Elevator Co.*, No. 06 Civ. 5377 (CM), 2011 U.S. Dist. LEXIS 88965, at *3 (S.D.N.Y. June 22, 2011).

While Health Grades' inventors may need to be called twice, the burden of doing so is substantially outweighed by avoiding prejudice and jury confusion resulting from forcing the jury to hear irrelevant evidence. No other witnesses need be called again.[7] The technical experts will testify about why the prior art is the same (in MDx's case) or different (in Health Grades' case) during the invalidity trial and this testimony need not be repeated in a bench trial. At the bench trial, the lawyers for each party will argue about how the expert testimony demonstrates (or not) but-for materiality under the standards that would have been used by the Patent Office.

### 6.   Conclusion

For the reasons set forth above, Health Grades requests that evidence on inequitable conduct be tried separately to the Court, if necessary, after the jury trial.

Dated: July 15, 2013                ROTHGERBER JOHNSON & LYONS LLP

*s/ Jesús M. Vazquez*
Gregory B. Kanan, Esq.
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
1200 17th Street, Suite 3000
Denver, Colorado 80202
Tel: (303) 623-9000
Email: gkanan@rothgerber.com
            kkosto@rothgerber.com
            jvazquez@rothgerber.com

*Attorneys for Plaintiff Health Grades, Inc.*

---

[7]   Health Grades will establish the fact that MDx's counsel demanded its attorneys to disclose the so-called "less relevant" prior art through a letter and an e-mail that speak for themselves. (PX 185 (Ex. A hereto); PX 277 (Ex. B hereto).) There is no need to call Mr. Rothschild or Mr. Braginsky during the bench trial to testify to these facts.

10

## CERTIFICATE OF SERVICE

      I hereby certify that on July 15, 2013, I electronically filed the foregoing **HEALTH GRADES' REPLY IN SUPPORT OF ITS MOTION TO BIFURCATE TRIAL ON THE ISSUE OF INEQUITABLE CONDUCT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Scott David Stimpson | Terence M. Ridley |
| Scott Murray | Wheeler Trigg O'Donnell, LLP |
| David Chunyi Lee | 1801 California Street, #3600 |
| Sills Cummis & Gross P.C.-New York | Denver, CO 80202-2617 |
| 30 Rockefeller Plaza | Email: ridley@wtotrial.com |
| New York, NY 10112 | |
| Email: sstimpson@sillscummis.com | |
| Email: smurray@sillscummis.com | |
| Email: dlee@sillscummis.com | |

                                                *s/ Jesús M. Vazquez*
                                                Gregory B. Kanan, Esq.
                                                Kris J. Kostolansky, Esq.
                                                Jesús M. Vázquez, Jr., Esq.
                                                Rothgerber Johnson & Lyons, LLP
                                                1200 17th Street, Suite 3000
                                                Denver, Colorado 80202-5855
                                                Tel:    (303) 623-9000
                                                Facsimile: (303) 623-9222
                                                Email: gkanan@rothgerber.com
                                                                kkostolansky@rothgerber.com
                                                                jvazquez@rothgerber.com

                                                *Attorneys for Plaintiff Health Grades, Inc.*

11

2004288532_1