**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

      Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

      Defendant.

---

**MDX MEDICAL, INC.'S PARTIALLY OPPOSED MOTION FOR LEAVE TO
RESTRICT ACCESS TO DOCUMENTS - DOCUMENT NOS. 611, 611-1, 611-2, 611-3
AND 611-4**

---

      Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, pursuant to *D.C.COLO.LCivR* 7.2, moves this Court for an order continuing the restricted access to document numbers 611, 611-1, 611-2, 611-3, and 611-4, which were filed by Health Grades, Inc. ("Health Grades") in connection with its motion for leave to amend its infringement contentions (the "HG Motion"), and is hereby providing the Court with replacement, redacted versions of these documents (the "Motion to Restrict").

      MDx respectfully requests very limited confidentiality restrictions for document numbers 611, 611-1, 611-2, 611-3, and 611-4, to redact references in these documents to specific, competitively sensitive, highly confidential information regarding the MDx/Aetna Life Agreement and highly confidential, proprietary information from MDx's accused website, Vitals.com, regarding internal statistics in the identical or similar manner that this Court has

previously restricted the same or similar highly confidential information in documents previously filed in this action.  MDx also respectfully requests very limited confidentiality restrictions for these same documents to redact references to the business relationship between MDx and Aetna Life, which is highly confidential.

MDx is requesting restricted access for the HG Motion and four of its exhibits – Dkt. Nos. 611, 611-1, 611-2, 611-3, 611-4.  For each document, MDx is submitting a proposed, redacted version, from which the MDx highly confidential information has been redacted, in exactly the same or very similar fashion as previously granted by the Court, to be used for public access.  MDx respectfully requests that access to the unredacted versions of document numbers 611, 611-1, 611-2, 611-3, 611-4 remain restricted at Restricted Level 1, and the proposed, redacted documents attached hereto be used as replacements for public access.

Pursuant to *D.C.COLO.LCivR* 7.1(A), MDx's counsel has conferred with counsel for Health Grades by e-mail regarding this Motion to Restrict on October 7 and 8, 2013 and Health Grades indicated that it takes "no position" regarding the majority of the relief requested in this motion.  Health Grades does object, however, to continuing confidentiality of information regarding the business relationships of MDx and Aetna Life.[1]

The only portions on which Health Grades opposes restriction are those relating to the MDx and Aetna Life business relationship, all based on highly confidential communications between the companies.  Examples of the specific information at issue are found at document nos. 611, at page 8 and 611-1, at page 2, footnote 2, and page 8 (information about the current

---

[1] In the event the Court finds that some or all of the information addressed herein should not be restricted, MDx respectfully requests that the documents remain sealed unless and until opportunities for MDx objections and/or appeal have been exhausted or waived.

relationship).  The relationships MDx has with its business partners, and changes of those relationships over time, are highly confidential and MDx holds this information in the strictest of confidence, and, therefore, keeps that information from competitors and the public.  *See* Declaration of Erika Boyer, dated October 9, 2013, attached hereto, at ¶¶ 4-6.[2]

MDx respectfully requests restricted access to Dkt. Nos. 611, 611-1, 611-2, 611-3, 611-4 as follows:

**<u>Doc. No. 611</u>** – The HG Motion specifically identifies the amount of the monetary payment by Aetna Life to MDx pursuant to MDx's Master Business Agreement with Aetna Life (the "MDx/Aetna Agreement"), the type of data licensed by MDx to Aetna Life under the MDx/Aetna Agreement and discusses the business relationship between MDx and Aetna Life with respect to the MDx/Aetna Agreement. (*See* p. 8 of the HG Motion).  The monetary payment amount, licensed data, and business relationship between MDx and Aetna Life represent highly confidential and competitively sensitive information with respect to the terms of the MDx/Aetna Agreement and the MDx/Aetna Life business relationship.  (*See* Declaration of Erika Boyer, dated September 18, 2012, Dkt. No. 302-5, at ¶¶ 4-10; and Declaration of Erika Boyer, dated October 9, 2013, attached hereto, at ¶¶ 4-6).  MDx proposes very narrowly tailored redactions of this information that appear in the HG Motion at page 8.  *See* Redacted Version of Dkt. No. 611, attached hereto as Exhibit A.  The Court has granted several previous motions to restrict in which MDx requested the monetary payment amount and other highly confidential terms from

---

[2] MDx is unable to address this information with specifics in this motion, because Local Rule 7.2 says that this motion to restrict will be open to the public; thus, MDx must speak in generalities to some extent.  Health Grades has routinely opened up MDx highly confidential information to the public without proper sealing of the information, and MDx has complained about this Health Grades practice for months.  We are hopeful that its opposition to this motion will be an exception to this Health Grades ongoing litigation tactic, and Health Grades will either not reference the highly confidential information or ensure that it is protected from public disclosure if so.

3

the MDx/Aetna Agreement to be restricted.  *See*, *e.g.*, Court's Orders, Dkt. Nos. 303, 483, 484, 508, 511, 536, 557, 604, and 617.  Moreover, the Court has on at least three occasions previously allowed the entire MDx/Aetna Agreement to remain restricted.  Court's Orders, Dkt. Nos. 303, 511 and 586.

**Doc. Nos. 611-1 and 611-2** – These documents are Health Grades' amended claim chart regarding the iTriage Applications (split into 2 documents because of the size of the files), which quotes liberally from the MDx/Aetna Agreement throughout (including the monetary payment amount), contains internal statistics regarding MDx's website, Vitals.com, and discusses the highly confidential business relationship between MDx and Aetna Life.  MDx will suffer significant competitive injury if the competitive and proprietary terms and conditions of its business agreement with Aetna Life, its highly confidential business relationship with Aetna Life, and its internal website statistics are accessible by the public.  (*See* Declaration of Erika Boyer, dated September 18, 2012, Dkt. No. 302-5, at ¶¶ 4-10; Declaration of Erika Boyer, dated October 10, 2012, Dkt. No. 322-1, at ¶ 4; and Declaration of Erika Boyer, dated October 9, 2013, attached hereto, at ¶¶ 4-6).  Attached hereto as Exhibits B and C are proposed redacted versions of Health Grades' amended claim chart, Document Numbers 611-1 and 611-2, respectively, to protect such information from public access.  Most of the redactions are identical to the redactions previously approved by the Court and any additional redactions are to redact the same or similar information.  *See* Dkt. Nos. 303 and 511.

**Doc. Nos. 611-3** – This document is an e-mail from Scott D. Stimpson to Kris Kostolansky, Jesus Vazquez, and Kirstin Stoll-DeBell, dated September 4, 2013, which discusses highly confidential information regarding MDx's business relationship with Aetna Life and the

terms of the MDx/Aetna Agreement.  MDx will suffer significant competitive injury if the competitive and proprietary terms and conditions of its business agreement with Aetna Life and its business relationship with Aetna Life are accessible by the public.  (*See* Declaration of Erika Boyer, dated September 18, 2012, Dkt. No. 302-5, at ¶¶ 4-10 and Declaration of Erika Boyer, dated October 9, 2013, attached hereto, at ¶¶ 4-6).  MDx proposes very narrowly tailored redactions of this information.  *See* Redacted Version of Dkt. No. 611-3, attached hereto as Exhibit D.  The Court has granted several previous motions to restrict in which MDx requested the monetary payment amount and other highly confidential terms from the MDx/Aetna Agreement to be restricted.  *See*, *e.g.*, Court's Orders, Dkt. Nos. 303, 483, 484, 508, 511, 536, 557, 604, and 617.  Moreover, the Court has on at least three occasions previously allowed the entire MDx/Aetna Agreement to remain restricted.  Court's Orders, Dkt. Nos. 303, 511 and 586.

**Doc. Nos. 611-4** – This document is an e-mail chain between MDx's and Health Grades' counsel, which identifies the amount of the monetary payment by Aetna Life to MDx pursuant to the MDx/Aetna Agreement, the type of data licensed by MDx to Aetna Life under the MDx/Aetna Agreement and discusses the business relationship between MDx and Aetna Life with respect to the MDx/Aetna Agreement.  As discussed *supra*, the monetary payment amount, licensed data, and business relationship between MDx and Aetna Life represent highly confidential and competitively sensitive information with respect to the terms of the MDx/Aetna Agreement and the MDx/Aetna Life business relationship.  (*See* Declaration of Erika Boyer, dated September 18, 2012, Dkt. No. 302-5, at ¶¶ 4-10 and Declaration of Erika Boyer, dated October 9, 2013, attached hereto, at ¶¶ 4-6).  As such, MDx proposes very narrowly tailored redactions of this information.  *See* Redacted Version of Dkt. No. 611-4, attached hereto as

5

Exhibit E.  The Court has granted several previous motions to restrict in which MDx requested the monetary payment amount and other highly confidential terms from the MDx/Aetna Agreement to be restricted.  *See*, *e.g.*, Court's Orders, Dkt. Nos. 303, 483, 484, 508, 511, 536, 557, 604, and 617.  Moreover, the Court has on at least three occasions previously allowed the entire MDx/Aetna Agreement to remain restricted.  Court's Orders, Dkt. Nos. 303, 511 and 586.

MDx is requesting that the Court grant similar relief that it has previously granted regarding protecting from public disclosure the payment amount and terms from the MDx/Aetna Agreement, information regarding MDx and Aetna's business relationship and internal statistics regarding its website, Vitals.com, by proposing very limited redactions of just this information from Dkt. Nos. 611, 611-1, 611-2, 611-3, and 611-4.

## Conclusion

For the foregoing reasons, MDx requests that this Court grant this motion for continued restrictions on access to Document Nos. 611, 611-1, 611-2, 611-3, and 611-4, at a Level 1 restriction, and to use the attached, redacted exhibits as public access versions.  MDx is not seeking continued restriction on access to presently restricted Document No. 611-5.

Dated:  October 9, 2013                                     Respectfully submitted,

                                                            *s:/Scott D. Stimpson*
                                                            Scott D. Stimpson
                                                            David C. Lee
                                                            Sills Cummis & Gross P.C.
                                                            30 Rockefeller Plaza
                                                            New York, New York 10112
                                                            Tel: (212) 643-7000
                                                            Fax: (212) 643-6500
                                                            E-mail:sstimpson@sillscummis.com
                                                            E-mail:dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2013, I electronically filed the foregoing **MDX MEDICAL, INC.'S PARTIALLY OPPOSED MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENTS - DOCUMENT NOS. 611, 611-1, 611-2, 611-3 AND 611-4** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Jesus Manuel Vazquez, Jr.
  jvazquez@lrrlaw.com, phenke@lrrlaw.com

- Gregory B. Kanan
  gkanan@lrrlaw.com

- Kris John Kostolansky
  kkosto@lrrlaw.com

- Scott David Stimpson
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- David Chunyi Lee
  dlee@sillscummis.com, vferraro@sillscummis.com

- Terence M. Ridley
  ridley@wtotrial.com, norris@wtotrial.com

        _s:/Vincent M. Ferraro_____