# EXHIBIT A

(Redacted version of Dkt. # 611)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

**HEALTH GRADES' MOTION FOR LEAVE TO AMEND
ITS INFRINGEMENT CONTENTIONS BASED ON THE NEW VITALS AND
ITRIAGE WEBSITES AND OTHER RECENT DEVELOPMENTS**

**I.    INTRODUCTION**

Health Grades, Inc. ("Health Grades"), by its undersigned counsel, respectfully moves pursuant to Local Patent Rule 3-6 for leave to amend its infringement contentions to address facts and law that have changed since Health Grades served its expert report on patent infringement on July 13, 2012.

Specifically, Health Grades seeks to amend its infringement contentions to address: (1) new versions of the accused vitals.com website; (2) a new version of Health Grades' commercial embodiment of the patented invention; (3) a new, web-based version of the accused iTriage product and new versions of the iTriage mobile applications; and (4) supplemental infringement opinions of its technical expert, Dr. Philip Greenspun, which are based on the foregoing recent events (hereby referred to collectively as the "Supplements").[1]

---

[1] Health Grades attaches the following to assist this Court's review of the proposed amendments:

1

There is good cause to amend Health Grades' infringement contentions because the Supplements are all based on facts that arose after Dr. Greenspun issued his original expert report on patent infringement. The Supplements do not add new arguments or theories, but rather apply new facts and law to the theories previously disclosed by Health Grades in this case.

Further, Health Grades has been diligent in making this Motion. Indeed, MDx does not contend otherwise except as it relates to one argument contained in the Supplemental vitals.com Claim Charts (Ex. 1), which asserts certain awards prominently displayed on the 2013 version of vitals.com meet the comparison ratings claim element. As discussed in detail below, Health Grades was diligent in adding the argument relating to these awards.

Additionally, MDx opposes item (3) above, not because of diligence, but because MDx argues it contains "false facts." It does not, and this is not a proper basis to object to a motion to supplement the infringement contentions.

The motion to amend the infringement contentions should be granted.

## II.    FACTUAL BACKGROUND

Health Grades filed the Complaint initiating this lawsuit against MDx on March 2, 2011, asserting that MDx's database-backed website, vitals.com, directly infringed Health Grades' 7,752,060 patent ("the '060 Patent). (Doc. # 1.) In July 2011, Health Grades served MDx with detailed infringement contentions explaining how and why vitals.com and its associated database

- o Exhibit 1: Redlined version of the Supplemental Claim Chart on Vitals.com (comparing it to the Feb. 2012 version).
- o Exhibit 2: Redlined version of the Supplemental Claim Chart on HealthGrades.com (comparing it to the July 2011 version).
- o Exhibit 3: Redlined version of the Supplemental Claim Chart on iTriage (comparing it to the July, 2012 version).
- o Exhibit 4: Dr. Phillip Greenspun's Supplemental Expert report dated September 9, 2013 ("Supplemental Expert Report").

2

infringed the '060 patent claims. Those infringement contentions were amended to address new claim constructions on March 02, 2012. (Doc. # 148). Health Grades' technical expert, Dr. Philip Greenspun, served his expert report on patent infringement on July 13, 2012. The infringement contentions were amended to incorporate Dr. Greenspun's expert report on January 14, 2013. (Doc. #482). After Dr. Greenspun served his expert on infringement, the following events occurred:

- December 2012: Health Grades learned that Aetna had released a new web-based version of iTriage at itriagehealth.com. MDx did not notify Health Grades about the change in this accused product. Health Grades discovered it on its own.

- January 2013: MDx released a new version of the accused vitals.com website. MDx did not notify Health Grades about the change in this accused product. Health Grades discovered it on its own.

- January 11, 2013: This Court granted Health Grades' motion to amend the complaint to assert a cause of action for indirect infringement against MDx based on the accused iTriage product.

- March 6, 2013: Health Grades informed the Court during the pretrial conference that the accused websites were not static and its contentions and expert report on infringement would need to be supplemented before trial. (*See* Doc. # 544 at 107).

- July 2013: MDx updated the accused vitals.com website. MDx did not notify Health Grades about the change in this accused product. Health Grades discovered it on its own.

- August 2013: Health Grades updated the commercial version of its healthgrades.com website. Health Grades informed MDx of the updates to healthgrades.com.

### III. THERE IS GOOD CAUSE FOR AMENDING THE INFRINGEMENT CONTENTIONS

#### A. The Supplements are Based Entirely on New Facts

Section 3-6 of the Patent Local Rules governs motions to amend infringement contentions. It states in part:

3

2004406847_1

> [a]mendment of the infringement contentions . . . may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstance that may, absent undue prejudice to the non-moving party, support a finding of good cause include: . . . (b) recent discovery of material . . . despite earlier diligent search.

(Doc. # 34 at 22.) Rule 3-6, adopted by this Court, anticipates litigants will change infringement contentions upon discovering new evidence absent undue prejudice. (Doc. # 34 at 22.)

The Supplements Health Grades seeks to add to its contentions apply Health Grades' previously disclosed legal theories to new facts. This is exactly the type of supplement that Rule 3-6 considers to be appropriate. Indeed, counsel for MDx has stated that MDx will not oppose any Supplements that are based on new (2013) versions of vitals.com. (E-mail dated September 4, 2013 from Scott Stimpson to Kris Kostolansky, Jesús M. Vázquez, and Kirstin Stoll-DeBell (Ex. 5 hereto).) MDx likewise does not object to Supplements based on 2013 version of healthgrades.com (Ex. 2 hereto). (E-mail string between David Lee and Jesús M. Vázquez, and Kirstin Stoll-DeBell at p. 6 (Ex. 6 hereto).)

### B. The Way Vitals.com Displays the Compassionate Doctor Award and the Patient's Choice 5th Anniversary Award is New

MDx has only one objection to the vitals.com supplemental claim chart (Ex. 1 hereto): it complains that Health Grades identifies, for the first time, old (pre-July 2012) awards as being "comparison ratings of healthcare providers." (9/4/13 Stimpson E-mail (Ex. 5 hereto).) MDx counsel states: "the proposed supplement seems to reference awards generally as being comparison ratings of healthcare providers." (*Id.*). To the contrary, Health Grades does not argue that *all* awards satisfy the comparison ratings element. Rather, Health Grades asserts, as it always has, that the awards that are shown with a logo *next to the doctor's name* satisfy this

4

claim element. For example, in the original infringement contentions, Health Grades asserted that the Patient's Choice Award shows comparison ratings:

> MDx includes another comparison rating of healthcare providers **when it includes the "Patients' Choice" mark next to the physician's name**. MDx gives this award to physicians when the physician has "received near perfect scores as rated by patients" compared to other physicians. See Screenshot No. 17.

Screenshot No. 17



(Doc. # 148-1 at 18-19.) Dr. Greenspun opined that awards, such as the Patients' Choice, America's Top Doctors, and America's Leading Experts, similarly show comparison ratings. (Doc. # 292-1 at ¶¶ 174-176.) The Court granted the motion to incorporate Dr. Greenspun's opinions into the infringement contentions on January 14, 2013. (Doc. # 482). MDx does not oppose the supplement with respect to these three awards. (E-mail string at p. 5 (Ex. 6 hereto).)

Health Grades' proposed supplement merely applies this same argument to two additional awards: the Compassionate Doctor award and the Patient's Choice 5th Anniversary award. Nevertheless, MDx argues that the Compassionate Doctor's Award was available long ago and could have been cited in the earlier infringement contentions. MDx's argument misses the mark for two reasons.

First, in 2013 MDx changed the way that vitals.com displays the Compassionate Doctor's Award by depicting it as a logo next to Dr. Rosengart's name in addition to listing it in the

5

"Awards" section of his report. Thus, this is a new fact based on the new vitals.com. The same is true for the Patient's Choice 5th Anniversary Award. Indeed, the change in how MDx displayed these awards can be seen by comparing Dr. Rosengart's profile accessed on July 1, 2012 with his profile accessed on July 30, 2013 as shown below:

**July 2012**



(9/13/12 Greenspun Report Appendix C at p. 190 (Ex. 8 hereto).)

**July 2013**



(Ex. 1 hereto at p. 86 (annotations added).) Amendments relating to the new display of these awards are clearly proper.

Second, MDx has not been surprised by Health Grades' identification of these two additional awards as comparison ratings. Indeed, MDx admits that it knew Health Grades

6

maintained that awards are comparison ratings. (9/4/13 Stimpson E-mail (noting that "awards generally" as comparison ratings "are an interpretation that HG pursued and [allegedly] lost in front of Judge Brimmer.") (Ex. 5 hereto).) While Health Grades did not lose such an interpretation, these statements demonstrate that MDx had sufficient notice regarding the Health Grades' contention that awards, when displayed next to physicians' names as shown in the above screenshots, satisfy the claimed comparison ratings.

The amendments sought by Health Grades should be granted in the entirety.

### C. There is Good Cause for Amending the Infringement Contentions to Address Recent Versions of iTriage

MDx does not object to the supplemental iTriage claim chart based on diligence. (E-mail string at p. 1 (Ex. 6 hereto).) Rather, MDx objects to the merits of the claim, which it asserts is based on "false facts." MDx's objection is yet another example of MDx reasserting arguments that have already been rejected by this Court. MDx previously argued that the indirect infringement claim based on iTriage was futile. This Court rejected this argument:

> MDx resists the amendment, arguing that the proposed amendments are frivolous (and threatening a Rule 11 motion for sanction) futile, and cannot survive a motion to dismiss. In several instances, MDx argues that there is no evidence to support the proposed amended claims. . . . Those arguments may be appropriate in a motion for summary judgment, but they are not proper at this stage of the proceedings.

(Doc. # 480 at 2 (granting Health Grades' motion to amend the complaint)). Likewise, a motion to amend the infringement contentions based on new versions of iTriage is not the proper place for MDx to argue about the sufficiency of proof for this claim.

Moreover, even if this were the appropriate stage of the proceeding to argue futility, MDx's argument that the claim chart contains "false facts" requires that all inferences be viewed

7

in favor of MDx. This is the wrong standard. *See TransWeb, LLC v. 3M Innovative Props. Co.*, No. 10-4413 (FSH), 2011 U.S. Dist. LEXIS 59095, at *2 (D.N.J. June 1, 2011) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1421 (3d Cir. 1997) (holding that when considering whether an amendment to a pleading is futile, all inferences should be viewed in favor of the party asserting the claim).

Specifically, the supplemental claim chart asserts that the iTriage physician reports were created using MDx data – MDx asserts that this is false. MDx does not have any direct evidence to show that iTriage never used MDx data, but rather MDx insists that Health Grades assume that this is true because: REDACTED

(9/4/13 Stimpson E-mail at p. 1 (Ex. 5 hereto).)

REDACTED

There are other, equally logical reasons why this may be so.

REDACTED

It is illogical to assume that Aetna paid for the data but did not use it. Viewing all facts in the light most favorable to Health Grades leads to a conclusion that there is support for the indirect infringement cause of action.

8

In any event, the allegation that the iTriage physician reports were created using MDx's data is already part of the infringement contentions because it was in Dr. Greenspun's initial expert report, which was incorporated into the contentions on January 14, 2013. (Doc. #482). The supplemental claim chart merely applies this same argument to newer versions of iTriage.

As such, the Court should grant the motion to amend the infringement contentions to include the supplemental claim chart on iTriage (Ex. 3 hereto).

### D. There is Good Cause for Amending the Infringement Contentions to Incorporate Dr. Greenspun's Supplemental Expert Report

Dr. Greenspun's supplemental expert report was served on MDx on September 9, 2013 pursuant to an agreement of the parties. (Pretrial Order at p. 51 (Doc. #544.) The supplemental report concerns the same new facts as the supplemental claim charts discussed herein. (Supplemental Expert Report at ¶2 (Ex. 4 hereto).) Thus, for the same reasons, good cause exists to amend the infringement contentions to incorporate the Supplemental Expert Report. MDx does not oppose this portion of the motion. (E-mail dated September 23, 2013 from Scott Stimpson to Kirstin Stoll-DeBell (Ex. 7 hereto).)

### E. Health Grades Has Been Diligent in Making this Motion

Health Grades was diligent in pursuing these amendments, and other than the dispute relating to awards discussed above, MDx does not contend otherwise.

Health Grades alerted this Court during the pretrial conference in March that the websites involved in this case were frequently updated and that Health Grades would seek to supplement its infringement contentions and expert report on infringement based on the updated versions of these websites before trial. (Doc. # 544 at 107.) Health Grades also alerted the Court that it would update its contentions based on the newly added claim for indirect infringement based on

9

iTriage at the same time. (*See id.*) In the interest of not overwhelming MDx, and after alerting MDx and the Court of its plans, Health Grades combines all issues related to the 2013 version of vitals.com, the new version healthgrades.com, and the new iTriage Apps. into this single Motion.

In sum, Health Grades has acted timely by both notifying MDx and the Court of its intention to amend its infringement contentions.

## IV. CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCivR 7.1A

Health Grades conferred with MDx regarding this motion both on the phone and by e-mail. MDx partially opposes this motion. (*See* e-mail strings attached as Exhibits 5-7 hereto.)

## V. CONCLUSION

Because Health Grades has good cause to amend its Infringement Contentions, and because MDx will suffer no undue prejudice by the incorporation, MDx respectfully requests that this Court grant this motion for leave to amend.

Dated: September 23, 2013
ROTHGERBER JOHNSON & LYONS LLP

*s/ Jesús M. Vázquez*
Gregory B. Kanan, Esq.
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
1200 17th Street, Suite 3000
Denver, Colorado 80202
Tel: (303) 623-9000
Email: gkanan@rothgerber.com
kkosto@rothgerber.com
jvazquez@rothgerber.com
*Attorneys for Plaintiff Health Grades, Inc*

10

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2013, I electronically filed the foregoing **HEALTH GRADES' MOTION FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS BASED ON THE NEW VITALS AND ITRIAGE WEBSITES AND OTHER RECENT DEVELOPMENTS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Scott David Stimpson
Trent Dickey
Vincent Ferraro
David Chunyi Lee
Sills Cummis & Gross P.C.-New York
30 Rockefeller Plaza
New York, NY 10112
Email: sstimpson@sillscummis.com
Email: tdickey@sillscummis.com
Email: vferraro@sillscummis.com
Email: dlee@sillscummis.com

Terence M. Ridley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO 80202-2617
Email: ridley@wtotrial.com

    *s/ Jesús M. Vázquez*
    Gregory B. Kanan, Esq.
    Kris J. Kostolansky, Esq.
    Jesús M. Vázquez, Jr., Esq.
    Rothgerber Johnson & Lyons, LLP
    1200 17th Street, Suite 3000
    Denver, Colorado 80202-5855
    Tel: (303) 623-9000
    Facsimile: (303) 623-9222
    Email: gkanan@rothgerber.com
    kkostolansky@rothgerber.com
    jvazquez@rothgerber.com
    *Attorneys for Plaintiff Health Grades, Inc.*

11

2004406847_1