# EXHIBIT E

(Redacted version of Dkt. # 611-4)

## Kirstin Stoll-DeBell

| | |
|---|---|
| **From:** | David C. Lee <dlee@sillscummis.com> |
| **Sent:** | Wednesday, September 18, 2013 3:23 PM |
| **To:** | Kirstin Stoll-DeBell; Vazquez, Jesus |
| **Cc:** | Kostolansky, Kris J.; Kanan, Greg; Scott D. Stimpson; Vincent M. Ferraro; Trent Dickey |
| **Subject:** | RE: Conferral re Motion to Supplement HG's Infringement Contentions |

Kirstin and Jesus:

This responds to the email below and to Jesus' email of September 16th.

Vitals Infringement Contention Supplement

Thank you for sending the redline showing changes after claim 14. We have no objections to the proposed supplement after claim 14.

We seem to be at an impasse regarding the Compassionate Doctor award. There is no dispute that the award was shown in physician profiles in Vitals.com in 2011, and it is shown in physician profiles in Vitals.com now. Given that it has been there all this time, we cannot see how accusing it now after more than two years could satisfy the diligence required by the patent local rules. We understand your position that it is shown now with a picture, but we simply disagree that a different look to the same award could eviscerate the diligence requirement in the patent local rules for making infringement accusations.

For the reasons above, we continue to oppose the attempt to add Compassionate Doctor award in the infringement contentions.

It is unclear whether HG is still looking to accuse all awards that appear next to a physician name, as mentioned in Jesus' email. If you are, then we consider this and our previous emails about that topic to be a complete conferral for a motion to strike that accusation.

Incorporating Supplemental Report of Dr. Greenspun

The supplemental report of Dr. Greenspun incorporates the proposed infringement contentions in Appendices F, G, and H. This is what we understood would happen from our previous conversations, rather than the other way around. But in any case, we are reviewing Dr. Greenspun's supplemental report with the numbered appendices we received yesterday.

iTriage Infringement Contention Supplement

We do not oppose the proposed iTriage supplements on diligence grounds, and we have no issue with having this indicated in HG's motion.

We just could not say that we are okay with the contentions in view of the false facts. (To clarify, in case there is any misunderstanding, our earlier emails were addressing the profiles accused in HG's previous infringement contentions of having all of the claimed data.)

In any case, we have already mentioned that MDx does not control Aetna or iTriage, and simply provided data. So we cannot provide the "direct proof" you are asking for, even if it was our burden. But a comparison of the before-and-after screens should be plenty to show you the serious problems you continue to have with these accusations.

Since you have considered our position and the before-and-after screens and you still believe there are no false facts, then we assume you will not be further supplementing the iTriage contentions later on this point. Said another way, the time to do so is now, and we would oppose such an attempt later as being not diligent.

EXHIBIT 6

Best regards,
David

---

**From:** Kirstin Stoll-DeBell [kstoll-debell@merchantgould.com]
**Sent:** Tuesday, September 17, 2013 12:52 PM
**To:** David C. Lee; Vazquez, Jesus
**Cc:** Kostolansky, Kris J.; Kanan, Greg; Scott D. Stimpson; Vincent M. Ferraro; Trent Dickey
**Subject:** RE: Conferral re Motion to Supplement HG's Infringement Contentions

David:

1.  Dr. Greenspun's Report:

As Jesus discussed in his e-mail to you yesterday, we always intended to include Dr. Greenspun's supplemental report into our amended infringement contentions and have informed you of the many times. Further, his supplemental report clearly and explicitly relates only to demonstrations and screenshots taken in 2013. Please let us know by close of business on Wednesday, September 16, 2013 whether you will oppose our motion to incorporate Dr. Greenspun's supplemental expert report into our infringement contentions.

2.  Compassionate Doctor's Award and Patient's Choice 5th Anniversary Award

Regarding the awards, while we see that the "Compassionate Doctor" award was one of the awards received by the physicians shown in the screenshots from 2012, the point is that MDx changed the way that it displayed this award in 2013. You can see this change by comparing the following pages from the July 2012 report on Dr. Rosengart and the 2013 report on Dr. Rosengart:





Our contentions are based on the new display, which happened in 2013. We think you objections are unreasonable and should be withdrawn.

3.  iTriage

**EXHIBIT 6**

We want to make sure we understand – are you objecting because the supplemental claim chart on iTriage contains language in present tense? REDACTED

..

℗ we make clear that our claim chart relates to past conduct, is there any further basis for objection on your part?

Regarding past conduct, you argue our claim chart contains "false facts" – supposedly that Aetna used MDx's data to create the physician reports. You insist that this is not true, but you refuse to provide us with any direct evidence proving it to be false.

REDACTED

In sum, we do not believe that the supplemental iTriage claim chart contains false facts. If you have direct evidence to prove otherwise, you should produce it to us right away. We remind you that any supplement to your Rule 11 motion must itself comply with Rule 11.  If you have any further points to make regarding these objections to the supplemental claim chart, please respond by close of business on Wednesday, September 18, 2103.  We will file our motion at that time.

**Kirstin Stoll-DeBell**
Partner
Merchant & Gould P.C.
1050 Seventeenth Street
Suite 1950
Denver, CO 80265
USA

**Telephone** (303) 357-1640
**Fax** (303) 357-1671
**www.merchantgould.com**

GUARDIANS OF GREAT IDEAS®

Atlanta | **Denver** | Knoxville | Madison | Minneapolis | New York | Seattle | Washington D.C.

Note:  This e-mail message is confidential and may be privileged or otherwise protected by law.  If you are not the intended recipient, please: (1) reply via e-mail to sender; (2) destroy this communication entirely, including deletion of all associated text files from all individual and network storage devices; and (3) refrain from copying or disseminating this communication by any means whatsoever.  Thank you.

**From:** David C. Lee [mailto:dlee@sillscummis.com]
**Sent:** Friday, September 13, 2013 4:00 PM
**To:** Vazquez, Jesus
**Cc:** Kostolansky, Kris J.; Kanan, Greg; Kirstin Stoll-DeBell; Scott D. Stimpson; Vincent M. Ferraro; Trent Dickey
**Subject:** RE: Conferral re Motion to Supplement HG's Infringement Contentions

Jesus:

Please see our response in green embedded in your email below.

EXHIBIT 6

Regards,
David

**David C. Lee**
Associate



website | bio | vCard | newsroom | email 

30 Rockefeller Plaza, New York, NY 10112
p (212) 500-1546 | f (212) 643-6500 | map

---

**From:** Vazquez, Jesus [mailto:JVazquez@lrrlaw.com]
**Sent:** Thursday, September 12, 2013 9:59 PM
**To:** Scott D. Stimpson; David C. Lee; Vincent M. Ferraro; Trent Dickey
**Cc:** Kostolansky, Kris J.; Kanan, Greg; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com)
**Subject:** Conferral re Motion to Supplement HG's Infringement Contentions

Counsel:

We have had several phone conferences to discuss Health Grades' motion to supplement its infringement contentions. During these phone calls, you indicated that MDx would not oppose supplements based on facts and events that occurred after Dr. Greenspun served his initial report on infringement in July 2012. So that you could confirm that the supplements were based only on things that occurred after July 2012, we sent you courtesy copies of the supplemental claim charts (including redlined versions) for iTriage, vitals.com, and healthgrades.com on August 16, 19, and 26, respectively.

We also will seek to supplement our contentions to incorporate the supplemental expert report of Dr. Greenspun, which we served on you on September 9, 2013.

This e-mail serves as our final attempt to confer with you before we file the motion, which we intend to file on Monday.

<u>Supplements to the Vitals.com Infringement Contentions</u>

This e-mail confirms that you do not object to Health Grades' supplemental claim chart relating to the 2013 versions of vitals.com except with respect to the awards circled at pp. 80-81 of the redlined supplemental claim chart.

In our September 4th call, Kirstin acknowledged that the redline document after claim 14 was incorrect and agreed to send us a corrected redline. Please send that to us so we can see what you will be submitting to the court, or else we consider the conferral incomplete. We can avoid troubling the court on this point if you just send us the corrected redline for our review.

Regarding awards, you argue that "the proposed supplement seems to reference awards generally as being comparison ratings of healthcare providers." We do not argue that *all* awards satisfy the comparison ratings element. Rather, we argue that awards that are shown with a logo *next to the*

**EXHIBIT 6**

*doctor's name* satisfy this claim element. For example, in our original infringement contentions, we argue that the Patient's Choice Award shows comparison ratings:

> MDx includes another comparison rating of healthcare providers when it includes the "Patient Choice" mark next to the physician's name. MDx gives this award to physicians when the physician has "received near perfect scores as rated by patients" compared to other physician. *See* Screenshot No. 17.

Screenshot No. 17



Dr. Greenspun gave his opinion that certain awards, such as the Patients' Choice, America's Top Doctors, and America's Leading Experts also show comparison ratings. The Court granted our motion to incorporate Dr. Greenspun's opinions into our infringement contentions on January 14, 2013. (Doc. # 482).

We are not objecting to Patient's Choice, America's Top Doctors, and America's Leading Experts, as those are specified in HG's previous infringement contentions. But nowhere in HG's previous infringement contentions was there an accusation against all awards that are shown with a logo next to the doctor's name, and in any case, this is too vague to satisfy the specificity required by Patent Local Rule 3-1. (See 3-1(b): identification of accused instrumentality "shall be as specific as possible.") We oppose this accusation for at least these reasons.

Our proposed supplement merely applies this same argument to the new vitals.com website:



The argument is not new.

Nevertheless, you argue that the Compassionate Doctor's Award was available long ago and thus could have been cited in our earlier infringement contentions. We are not in a position to know whether that is true or not because the information belongs to MDx. We sought discovery on the nature of the Accused Products but MDx never disclosed this feature. In any event, it appears that

**EXHIBIT 6**

vitals.com changed the way it displayed the Compassionate Doctor's Award in 2013 (e.g. depicting as a logo next to Dr. Rosengart's name) and thus this is a new fact that arose after Dr. Greenspun issued his July 2012 report on infringement.  The same is true for the Patient's Choice 5th Anniversary Award – it was not displayed next to Dr. Rosengart's name on vitals.com in July 2012, thus it is a new fact that can be added to our contentions.

<span style="color:green">You cannot truthfully say that you were previously unaware of the Compassionate Doctor award.  It appears in, but was not accused by, HG's original infringement contention from July 2011 (see at least screenshots 9, 12, 20).  We oppose HG's attempt to accuse it now more than two years too late.</span>

Please let us know by tomorrow whether you will withdraw your objections to this argument.

<u>Supplements to the iTriage Infringement Contentions</u>

On August 16, 2013, we sent you courtesy copies of the supplemental claim charts mapping the asserted claims to the 2013 versions of the iTriage apps. and the itriagehealth.com website. We had two telephone calls after we sent you these drafts to confer regarding our motion to supplement. You have not identified any objections to the supplemental iTriage infringement chart other than that you think the claim does not have merit                    <span style="color:red">REDACTED</span>                    .  This goes to the merit of the claim, not whether we should be allowed to supplement the contentions.

<span style="color:green">We have certainly objected to the iTriage infringement contentions as containing false facts.  You know that certain facts alleged by HG are false in view of recent developments.  For example:</span>
- <span style="color:green">"MDx developed, keeps, maintains, and manages the database used by the iTriage Apps. . . . Without this information, iTriage would not be able to display the claimed information in the application."</span>
- <span style="color:green">"The iTriage Apps have the same accused (i.e., infringing) features as vitals.com, which are made possible by MDx though [sic] the actions described herein."</span>

<span style="color:green">We have sent you screens of physician profiles you accused of having the claimed data (see MDX 0104864 – MDX 0104896).</span>                    <span style="color:red">REDACTED</span>                    <span style="color:green">, but the proposed supplement falsely states that the data in these physicians' profiles are MDx data.</span>

<span style="color:green">Submitting false facts to the Court violates Rule 11(b)(3), so we will not say that we are unopposed to those false statements.  We object to the proposed supplement on that basis.</span>

<u>Supplements to the Healthgrades.com Claim Chart</u>

On August 26, 2013, we sent you courtesy copies of the supplemental claim charts mapping the asserted claims to the 2013 version of healthgrades.com. We asked that you review this and let us know whether you had any objections to adding this chart to our supplemental contentions. You have not identified any objections to this claim chart.

<span style="color:green">We do not oppose the proposed supplement to the Healthgrades.com claim chart.</span>

<u>Incorporating Dr. Greenspun's Supplemental Report into the Infringement Contentions</u>

EXHIBIT 6

We served you with Dr. Greenspun's supplemental expert report on September 9, 2013. We assume you have had time to review it. Please let us know by tomorrow whether you will object to our motion to incorporate Dr. Greenspun's report into our infringement contentions.

You just informed us last night at 10 PM that you are incorporating Dr. Greenspun's report into the infringement contentions. We need more than one day to review it from that perspective, especially since the report appears to reference several new demos and appendices. We will attempt to give you our response as soon as possible.

Thank you, Jesus



**Jesus Vazquez, Partner**
**Lewis Roca Rothgerber LLP |**
**1200 17th St Suite 3000 | Denver, CO 80202-5855**
**(T) 303.628.9517 | (F) 303.623.9222**
**JVazquez@lrrlaw.com | www.LRRLaw.com**

 **Rothgerber Johnson & Lyons LLP is now Lewis Roca Rothgerber LLP.**

This message and any attachments are intended only for the use of the individual or entity to which they are addressed. If the reader of this message or an attachment is not the intended recipient or the employee or agent responsible for delivering the message or attachment to the intended recipient you are hereby notified that any dissemination, distribution or copying of this message or any attachment is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender. The information transmitted in this message and any attachments may be privileged, is intended only for the personal and confidential use of the intended recipients, and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521.

In accordance with Internal Revenue Service Circular 230, we advise you that if this message or any attachments contains any tax advice, such tax advice was not intended or written to be used, and it cannot be used, by any taxpayer for the purpose of avoiding penalties that may be imposed on the taxpayer.

NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.

NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.

**EXHIBIT 6**