IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

      Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

      Defendant.

---

**MDX MEDICAL, INC.'S OPPOSITION TO HEALTH GRADES'
MOTION FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS**

---

      Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, hereby opposes Plaintiff Health Grades, Inc.'s ("Health Grades") Motion For Leave to Amend Its Infringement Contentions (Dkt. 611, the "Motion").

**I.      INTRODUCTION**

      Although Health Grades' Motion and exhibits and quite voluminous, the parties agreed on most of it, and there is now only one issue.[1]  In short, Health Grades did not make certain

---

[1] Health Grades is mistaken that MDx is objecting to the iTriage claim chart supplement on the merits.  *See* Motion, at 7.  Rather, as shown in the correspondence in Exhibit 6 to the Motion, MDx was urging Health Grades to be diligent with amending its infringement contentions.  The "[patent local] rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed."  *Amtel Corp. v. Info. Storage Devices, Inc.*, 1998 U.S. Dist. LEXIS 17564, at *7 (N.D. Cal. Nov. 4, 1998).  Even though MDx raised evidence of false facts, Health Grades stuck with the theories in its infringement contention supplements rather than diligently making any change.  Health Grades, therefore, must "adhere to those theories".  *Id.*  MDx does not oppose the iTriage claim chart supplement, but Health Grades is stuck with them.

infringement allegations when it should have made them, so Patent Local Rule 3-6 precludes Health Grades from making them late.

Patent Local Rule 3-6 states:

> Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Nonexhaustive examples of circumstances that may, absent undue prejudice to the nonmoving party, support a finding of good cause include: (a) a claim construction by the Court different from that proposed by the party seeking amendment; *(b) recent discovery of material, prior art despite earlier diligent search*; and (c) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions. The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions. (emphasis added)

Health Grades cites part (b) of this rule, but part (b) relates only to prior art and has nothing to do with Health Grades' infringement contentions. *See, e.g., Tokai Corp. v. Easton Enterprises. Inc.,* 2009 U.S. Dist. LEXIS 64669, at *9 (C.D. Cal. July 8, 2009). Yet, Health Grades omitted the words "prior art" in its citation, apparently in an effort to suggest that part (b) supports its proposed amendments. Motion, at p.4.

Similarly, Health Grades employs misleading arguments for the issue addressed below.

## II. HEALTH GRADES DID NOT ACCUSE THE COMPASSIONATE DOCTOR AWARD IN 2011 AND IT IS NOW TOO LATE[2]

The "good cause" standard in Patent Local Rule 3-6 requires Plaintiff to be diligent in asserting alleged infringement. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys. Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006).

---

[2] MDx does not oppose Health Grades' amendment for the Patient's Choice 5th Anniversary award. The Motion mistakenly assumes this was opposed.

- 2 -

The following facts are not disputed:

- Health Grades knew in July 2011 that the www.vitals.com website included the Compassionate Doctor award. (*See, e.g.,* Portions of Health Grades July 2011 Infringement Contentions, Exhibit A).

- Health Grades did not accuse the Compassionate Doctor award in its July 2011 Infringement Contentions.

- The Compassionate Doctor award that Health Grades is seeking to accuse now in September 2013 is the same award it knew about in July 2011.

Because Health Grades did not diligently accuse the Compassionate Doctor award in July 2011, there is no "good cause" for Health Grades to accuse it now, more than two years later.[3]

Despite these facts, Health Grades argues that its failure to accuse the Compassionate Doctor award in July 2011 should be excused because the same award is now displayed as a logo. Motion, at 5-6. This argument is disingenuous because, all along, it has not mattered to Health Grades whether an award was displayed as words or as a logo. Health Grades' prior infringement contentions have accused awards that appeared as words. *See, e.g.,* Portions of Health Grades' February 2012 Infringement Contentions, Exhibit B.

---

[3] It is unclear whether Health Grades argues there is good cause for its amendment simply because the www.vitals.com website was updated in 2013. The fact, however, is that the website did not change in any material way. Indeed, Health Grades' proposed infringement contention supplement largely applies the prior infringement contentions to the updated www.vitals.com website. The good cause analysis must look at whether the same feature should have been accused earlier. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys. Inc., 467 F.3d 1355, 1363 (Fed. Cir. 2006)* (rejecting "apparent argument that 'good cause' must exist for amending its infringement contentions, without regard to its diligence in doing so, merely because new evidence was revealed during discovery").

Example from Exhibit B:

While Health Grades previously accused other awards shown as words, it did not accuse the Compassionate Doctor award.

Realizing perhaps that it should have made this accusation long ago, Health Grades makes the misleading argument that it actually did make this accusation long ago. Health Grades contends that because it previously accused particular awards that appeared as a logo next to a physician's name, it therefore accused all awards that appear as a logo next to a physician's name. It is as though Health Grades is trying to win the jackpot by picking particular numbers and then claiming that it actually covered more. Neither the jackpot nor the infringement contentions work that way.[4] The previous infringement contentions cited by Health Grades identified specific awards by name, as required by Patent Local Rule 3-1(b). *See* Motion, at p.5. Nowhere was there any categorical accusation against all awards that appear as a logo next to a physician's name; such an accusation would have been improper under Patent Local Rule 3-1(b).

Diligence required Health Grades to accuse the Compassionate Doctor award in July 2011, but Health Grades did not. The Patent Local Rules are designed specifically to "require

---

[4] Patent Local Rule 3-1(b) requires identification of specific accusations by name in the infringement contentions: "*This identification shall be as specific as possible*. Each product, device, and apparatus shall be *identified by name* or model number, if known." (emphasis added)

parties to crystallize their theories of the case early in the litigation".  *O2 Micro Int'l Ltd. v.*

*Monolithic Power Sys., Inc.,* 467 F.3d 1355, 1364 (Fed. Cir. 2006); *Amtel Corp. v. Info. Storage*

*Devices, Inc.*, 1998 U.S. Dist. LEXIS 17564, at *7 (N.D. Cal. Nov. 4, 1998).  There is no good

cause for Health Grades to accuse the Compassionate Doctor award now more than two years

later.[5]

III.   **CONCLUSION**

    For all the foregoing reasons, MDx respectfully requests that the Court deny the Health

Grades attempt to accuse the Compassionate Doctor award now more than two years too late.

Dated:  October 18, 2013           Respectfully submitted,


                                 *s:/Scott D. Stimpson*
                                 Scott D. Stimpson
                                 David C. Lee
                                 Sills Cummis & Gross P.C.
                                 30 Rockefeller Plaza
                                 New York, New York 10112
                                 Tel: (212) 643-7000
                                 Fax: (212) 643-6500
                                 E-mail:sstimpson@sillscummis.com
                                 E-mail:dlee@sillscummis.com

                                 and

                                 Terence Ridley, Atty. No. 15212
                                 Wheeler Trigg O'Donnell LLP
                                 370 Seventeenth Street, Suite 4500
                                 Denver, Colorado 80202
                                 Tel:  (303) 244-1800

---

[5] Prejudice is irrelevant if the amending party was not diligent.  *Tokai Corp. v. Easton Enterprises. Inc.*, 2009 U.S. Dist. LEXIS 64669, at *11 (C.D. Cal. July 8, 2009).

Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

**CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2013, I electronically filed the foregoing **MDX MEDICAL, INC.'S OPPOSITION TO HEALTH GRADES' MOTION FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Jesus Manuel Vazquez, Jr.
  jvazquez@lrrlaw.com, phenke@lrrlaw.com

- Gregory B. Kanan
  gkanan@lrrlaw.com

- Kris John Kostolansky
  kkosto@lrrlaw.com

- Scott David Stimpson
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- David Chunyi Lee
  dlee@sillscummis.com, vferraro@sillscummis.com

- Terence M. Ridley
  ridley@wtotrial.com, norris@wtotrial.com

*s:/David C. Lee*