**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S PARTIALLY OPPOSED MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENTS - DOCUMENT NOS. 626-1 AND 626-2**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, pursuant to *D.C.COLO.LCivR* 7.2, moves this Court for an order continuing the restricted access to document numbers 626-1 and 626-2, which were filed by Health Grades, Inc. ("Health Grades") in connection with its motion for leave to file supplemental exhibits in support of its opposition [Doc. # 201] to MDx's second motion pursuant to Federal Rule of Civil Procedure 56 for partial summary judgment of non-infringement [Doc. #195] (the "HG Motion"), and is hereby providing the Court with replacement, redacted versions of these documents (the "Motion to Restrict").

MDx respectfully requests very limited confidentiality restrictions for document numbers 626-1 and 626-2, to redact references in these documents to specific, competitively sensitive, highly confidential information regarding the MDx/Aetna Life Agreement and highly confidential, proprietary information from MDx's accused website, Vitals.com, regarding

1

internal statistics in the identical or similar manner that this Court has previously restricted the same or similar highly confidential information in documents previously filed in this action. MDx also respectfully requests very limited confidentiality restrictions for document number 626-2 to redact references to the business relationship between MDx and Aetna Life, which is highly confidential.

MDx is requesting restricted access to two of the exhibits to the HG Motion – Dkt. Nos. 626-1 and 626-2.  For each document, MDx is submitting a proposed, redacted version, from which the MDx highly confidential information has been redacted, in exactly the same or very similar fashion as previously granted by the Court, to be used for public access.  MDx respectfully requests that access to the unredacted versions of document numbers 626-1 and 626-2 remain restricted at Restricted Level 1, and the proposed, redacted documents attached hereto be used as replacements for public access.

Pursuant to *D.C.COLO.LCivR* 7.1(A), MDx's counsel has conferred with counsel for Health Grades by e-mail regarding this Motion to Restrict on October 30 and 31, 2013 and Health Grades indicated that it takes "no position" regarding the majority of the relief requested in this motion.  Specifically, Health Grades only opposes the proposed restrictions regarding the business relationship of MDx and Aetna Life, in paragraphs 45 and 77 of Dkt. No. 626-2, which MDx regards as highly confidential.[1]

The only portions on which Health Grades opposes restriction are those relating to the MDx and Aetna Life business relationship, all based on highly confidential communications

---

[1] In the event the Court finds that some or all of the information addressed herein should not be restricted, MDx respectfully requests that the documents remain sealed unless and until opportunities for MDx objections and/or appeal have been exhausted or waived.

2

between the companies. Examples of the specific information at issue are found in document no. 626-2, page 9, ¶¶ 45-47; and page 14, ¶ 77 (information about the current relationship). The relationships MDx has with its business partners, and changes of those relationships over time, are highly confidential and MDx holds this information in the strictest of confidence, and, therefore, keeps that information from competitors and the public. *See* Declaration of Erika Boyer, dated October 9, 2013, Dkt No. 622-1, at ¶¶ 4-6.[2]

MDx respectfully requests restricted access to Dkt. Nos. 626-1 and 626-2 as follows:

**Doc. No. 626-1** – This document is the Supplemental Expert Report of Dr. Philip Greenspun, Health Grades' technical expert (the "Supplemental Report"). Paragraphs 82, 88, 90 and 91 of the Supplemental Report contain highly confidential financial information and terms regarding an agreement between MDx and Aetna Life. MDx will suffer significant competitive injury if the competitive and proprietary terms and conditions of its business agreement with Aetna is accessible by its competitors and the public. *See* Declaration of Erika Boyer, dated September 18, 2012, Dkt. No. 302-5, at ¶¶ 4-10. The Court has previously granted an MDx motion [Dkt. No. 615] to restrict the exact same document. Court's Order, dated September 27, 2013, Dkt. No. 617. MDx submits a redacted version of the Supplemental Report with the exact same redactions that it previously submitted and the Court has previously approved, attached hereto as Exhibit A. MDx, therefore, respectfully requests that access to Dkt. No. 626-1 be similarly restricted.

---

[2] MDx is unable to address this information with specifics in this motion, because Local Rule 7.2 says that this motion to restrict will be open to the public; thus, MDx must speak in generalities to some extent. Health Grades has routinely opened up MDx highly confidential information to the public without proper sealing of the information, and MDx has complained about this Health Grades practice for months. MDx is hopeful that its opposition to this motion will be an exception to this Health Grades ongoing litigation tactic, and Health Grades will either not reference the highly confidential information or ensure that it is protected from public disclosure if so.

3

**Doc. No. 626-2** – This document is the Supplemental Rebuttal of Dr. Richard G. Cooper, MDx's technical expert (the "Supplemental Rebuttal"). Paragraphs 45-47, 77, 79, 80, and footnote 1 on page 8 of the Supplemental Rebuttal contain highly confidential terms regarding an agreement between MDx and Aetna Life; and highly confidential, internal statistics regarding MDx's website, Vitals.com; and discuss the highly confidential business relationship between MDx and Aetna Life. MDx will suffer significant competitive injury if the competitive and proprietary terms and conditions of its business agreement with Aetna Life, its highly confidential business relationship with Aetna Life, and its internal website statistics are accessible by the public. (*See* Declaration of Erika Boyer, dated September 18, 2012, Dkt. No. 302-5, at ¶¶ 4-10; Declaration of Erika Boyer, dated October 10, 2012, Dkt. No. 322-1, at ¶ 5; and Declaration of Erika Boyer, dated October 9, 2013, Dkt. No. 622-1, at ¶¶ 4-6). Attached hereto as Exhibit B is a proposed redacted version of the Supplemental Rebuttal, Document Number 626-2, to protect such information from public access. The redactions related to the terms of the MDx/Aetna Life Agreement and internal statistics regarding MDx's website, Vitals.com, are identical or similar to the redactions previously approved by the Court and any additional redactions are to redact the same or similar information. *See, e.g.*, Dkt. Nos. 303, 483, 508 and 511. The narrowly tailored, proposed redactions related to the business relationship with Aetna Life are the same or similar as the redactions that MDx proposed in a previous motion to restrict [Dkt. No. 622], which is pending before the Court.

MDx is requesting that the Court grant similar relief that it has previously granted regarding protecting from public disclosure terms from the MDx/Aetna Life Agreement, information regarding MDx and Aetna's business relationship and internal statistics regarding its

website, Vitals.com, by proposing very limited redactions of just this information from Dkt. Nos. 626-1 and 626-2.

**Conclusion**

For the foregoing reasons, MDx requests that this Court grant this motion for continued restrictions on access to Document Nos. 626-1 and 626-2, at a Level 1 restriction, and to use the attached, redacted exhibits as public access versions.  MDx is not seeking continued restriction on access to presently restricted Document No. 626.

Dated:  October 31, 2013                                  Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail:sstimpson@sillscummis.com
E-mail:dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2013, I electronically filed the foregoing **MDX MEDICAL, INC.'S PARTIALLY OPPOSED MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENTS - DOCUMENT NOS. 626-1 AND 626-2** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Jesus Manuel Vazquez, Jr.
  jvazquez@lrrlaw.com, phenke@lrrlaw.com

- Gregory B. Kanan
  gkanan@lrrlaw.com

- Kris John Kostolansky
  kkosto@lrrlaw.com

- Scott David Stimpson
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- David Chunyi Lee
  dlee@sillscummis.com, vferraro@sillscummis.com

- Terence M. Ridley
  ridley@wtotrial.com, norris@wtotrial.com

                                                *s:/Vincent M. Ferraro*