**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

### MDX MEDICAL, INC.'S MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENTS - DOCUMENT NOS. 632, 632-1, 632-5 AND 632-6

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, pursuant to *D.C.COLO.LCivR* 7.2, moves this Court for an order continuing the restricted access to document numbers 632, 632-1, 632-5 and 632-6, which were filed by Health Grades, Inc. ("Health Grades") in connection with its motion for sanctions (the "HG Motion"; Dkt. No. 632), and is hereby providing the Court with replacement, redacted versions of these documents (the "Motion to Restrict").

Pursuant to *D.C.COLO.LCivR* 7.1(A), MDx's counsel conferred with counsel for Health Grades regarding this Motion to Restrict on November 7, 2013, and Health Grades indicated that it takes "no position" regarding the relief requested in this motion. Exhibit E. As reflected in the conferral in Exhibit E, MDx understands that Health Grades is not filing an opposition to this Motion to Restrict, but Health Grades nevertheless does not agree to have this Motion filed as an unopposed motion. Health Grades never stated in the conferral that it would be filing an

1

opposition, and it is MDx's understanding that no opposition will be filed by Health Grades. Exhibit E.

MDx respectfully requests very limited confidentiality restrictions for document numbers 632, 632-1, 632-5 and 632-6, to redact references in these documents to specific, competitively sensitive, highly confidential and proprietary information regarding MDx's accused website, vitals.com, usage metrics, percentages and internal data and statistics in the identical or similar manner that this Court has previously restricted the same or similar highly confidential information in documents previously filed in this action.

MDx is requesting restricted access to the HG Motion and three of the exhibits to the HG Motion – Dkt. Nos. 632, 632-1, 632-5 and 632-6.  For each document, MDx is submitting a proposed, redacted version, from which the MDx highly confidential information has been redacted, in exactly the same or very similar fashion as previously granted by the Court, to be used for public access.  MDx respectfully requests that access to the unredacted versions of document numbers 632, 632-1, 632-5 and 632-6 remain restricted at Restricted Level 1, and the proposed, redacted documents attached hereto be used as replacements for public access.

Document Numbers 632-2, 632-3 and 632-4

MDx is not requesting continued restricted access for these documents and, therefore, restricted access to these exhibits shall no longer be necessary.

Document Numbers 632, 632-1, 632-5 and 632-6

MDx respectfully requests continued restricted access to Dkt. Nos. 632, 632-1, 632-5 and 632-6 as follows below.

**Doc. No. 632** – This document is Health Grades' motion for sanctions for MDx Medical, Inc.'s failure to comply with Court-ordered discovery. At pages 6-9 there are excerpts that discuss the number of doctors who have edited specific data fields on vitals.com, the number of doctors who have registered on vitals.com, and the sources that provide some of the specific data fields on vitals.com. This is competitively sensitive, highly confidential information that MDx does not make public, and represents a trade secret. If disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx regarding its data, products and services, that would cause damage to MDx in its efforts to secure business partners, data licensing agreements and possibly advertising. *See* Declaration of Erika Boyer, dated October 10, 2012, Dkt. No. 322-1, at ¶¶ 4-5. The Court has previously granted MDx's motions to restrict (*see e.g.*, Dkt. Nos. 322, 353, 400, 459, 466, 551, and 578) the exact same or very similar MDx highly confidential information. *See e.g.,* Court's Orders, Dkt. Nos. 483, 508, 557 and 586. For example, pages 6, 7 and 8 of the HG motion contain excerpts from MDx's second supplemental objections and response to Health Grades' Interrogatory number 2 that the Court has on several previous occasions ordered to be restricted. *See e.g.,* Court's Orders, Dkt. Nos. 483, 508, 557 and 586. MDx submits a redacted version of the HG Motion (Dkt. No. 632) with the same or similar redactions that it previously submitted and the Court has previously approved, attached hereto as Exhibit A. MDx, therefore, respectfully requests that access to Dkt. No. 632 be similarly restricted.

**Doc. No. 632-1** – MDx's Second Supplemental Interrogatory Responses, which contain MDx's non-infringement positions and explanations. This response contains highly confidential, proprietary information regarding vitals.com usage metrics, percentages and internal website

3

operations.  This is competitively sensitive information that MDx does not make public, and represents trade secrets.  If disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx regarding its data, products and services, that would cause damage to MDx in its efforts to secure business partners, data licensing agreements and possibly advertising.  *See* Declaration of Erika Boyer, dated October 10, 2012, Dkt. No. 322-1, at ¶¶ 4-5.  The Court has previously granted MDx's request (*see e.g.*, Dkt. Nos. 322, 353, 400, 459, 466, 551 and 578) to redact this document for public access. *See e.g.*, Court's Orders, Dkt. Nos. 483, 508, 557 and 586.  MDx submits a redacted version of the Dkt. No. 632-1 with the exact same redactions that it previously submitted and the Court has previously approved, attached hereto as Exhibit B.  MDx, therefore, respectfully requests that access to Dkt. No. 632-1 be similarly restricted.

**Doc. No. 632-5** – E-mails between MDx's and Health Grades' counsel regarding discovery, which contain highly confidential, proprietary information regarding vitals.com internal data and statistics.  This is competitively sensitive information that MDx does not make public, and represents trade secrets.  If disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx regarding its data, products and services, that would cause damage to MDx in its efforts to secure business partners, data licensing agreements and possibly advertising.  *See* Declaration of Erika Boyer, dated October 10, 2012, Dkt. No. 322-1, at ¶¶ 4-5.  The Court has previously granted MDx's motions to restrict (*see e.g.*, Dkt. Nos. 322, 353, 400, 459, 466, 551, and 578) the exact same or very similar MDx highly confidential information.  *See e.g.,* Court's Orders, Dkt. Nos. 483, 508, 557 and 586. MDx submits a redacted version of the Dkt. No. 632-5 with similar redactions that it previously

4

submitted and the Court has previously approved, attached hereto as Exhibit C.  MDx, therefore, respectfully requests that access to Dkt. No. 632-5 be similarly restricted.

**Doc. No. 632-6** – Declaration of Dr. Philip Greenspun in support of Health Grades' opposition to MDx's motion pursuant to Federal Rule of Civil Procedure 56 for summary judgment of non-infringement, which contains highly confidential, proprietary information regarding vitals.com internal data and statistics.  This is competitively sensitive information that MDx does not make public, and represents trade secrets.  If disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx regarding its data, products and services, that would cause damage to MDx in its efforts to secure business partners, data licensing agreements and possibly advertising.  *See* Declaration of Erika Boyer, dated October 10, 2012, Dkt. No. 322-1, at ¶¶ 4-5.  The Court has previously granted MDx's motions to restrict (*see e.g.*, Dkt. Nos. 322, 353, 400, 459, 466, 551, and 578) the exact same or very similar MDx highly confidential information.  *See e.g.,* Court's Orders, Dkt. Nos. 483, 508, 557 and 586.  MDx submits a redacted version of the Dkt. No. 632-6 with similar redactions that it previously submitted and the Court has previously approved, attached hereto as Exhibit D.  MDx, therefore, respectfully requests that access to Dkt. No. 632-6 be similarly restricted.

MDx is requesting that the Court grant similar relief that it has previously granted regarding protecting from public disclosure highly confidential internal data and statistics regarding its website, vitals.com, by proposing very limited redactions of just this information from Dkt. Nos. 632, 632-1, 632-5 and 632-6.

**Conclusion**

For the foregoing reasons, MDx respectfully requests that the Court grant this motion for continued restrictions on access to Document Nos. 632, 632-1, 632-5 and 632-6, at a Level 1 restriction, and to use the attached, redacted exhibits as public access versions. MDx is not seeking continued restriction on access to presently restricted Document Nos. 632-2, 632-3 and 632-4.

Dated: November 7, 2013

Respectfully submitted,

s:/Scott D. Stimpson
Scott D. Stimpson
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail:sstimpson@sillscummis.com
E-mail:dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Tel: (303) 244-1800
Fax: (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2013, I electronically filed the foregoing **MDX MEDICAL, INC.'S MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENTS - DOCUMENT NOS. 632, 632-1, 632-5 AND 632-6** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Jesus Manuel Vazquez, Jr.
  jvazquez@lrrlaw.com, phenke@lrrlaw.com

- Gregory B. Kanan
  gkanan@lrrlaw.com

- Kris John Kostolansky
  kkosto@lrrlaw.com

- Scott David Stimpson
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- David Chunyi Lee
  dlee@sillscummis.com, vferraro@sillscummis.com

- Terence M. Ridley
  ridley@wtotrial.com, norris@wtotrial.com

                                        *s:/Vincent M. Ferraro*