# EXHIBIT B

(Redacted version of Dkt. # 632-1)

Civil Action No. 11-CV-00520-PAB-BNB

**HEALTH GRADES, INC.'S MOTION FOR SANCTIONS
FOR MDx MEDICAL, INC.'S FAILURE TO COMPLY
WITH COURT-ORDERED DISCOVERY**

Exhibit A

**Defendant MDx Medical, Inc.'s Second Supplemental Objections and
Responses to Plaintiff's First Set of Interrogatories**

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**DEFENDANT MDX MEDICAL, INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

---

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant MDx Medical, Inc. ("MDx") hereby provides its second supplement to its response to Health Grades, Inc.'s ("Health Grades") First Set of Interrogatories to Defendant ("Interrogatories").

The Preliminary Statements and General Objections from the earlier responses are incorporated by reference.

Case No. 1:11-cv-00520-RM-NYW Document 648-2 filed 11/07/13 USDC Colorado pg 4 of 13
Case 1:11-cv-00520-RM-BNB Document 632-1 Filed 10/21/13 USDC Colorado Page 3 of 12

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

## RESPONSES TO INTERROGATORIES

### Interrogatory No. 2.

With respect to any of version of MDX's Accused Products, using a claim chart, state in detail MDX's bases for any assertions of non-infringement of the patent in suit on a claim-by-claim, element-by element basis. Your answer should include a statement of MDX's interpretation of each claim element, a statement whether MDX's Accused Products provide(s) such an element or an equivalent and, if not, an explanation how MDX's Accused Products operate or function differently than the claim element and a particularized statement why a component, feature or function of Accused Products is not a substantial equivalent of the pertinent claim element.

### Response:

MDx objects to this Interrogatory as a premature contention interrogatory that seeks claim constructions not yet due to be disclosed under the Scheduling Order. MDx also objects to this Interrogatory on the grounds that it is unreasonably broad, unduly burdensome, seeks information that is not relevant to this lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence. MDx also objects to the request for a claim chart, which is unnecessary and burdensome for showing the elements that are not met. MDx also objects to this Interrogatory to the extent it calls for documents and information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving these and the General Objections, and based on the Health Grades Infringement Contentions, Supplemental Infringement Contentions and accompanying documents, MDx responds as follows with regard to the independent claims.

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

Responses with regard to the dependent claims incorporate these responses, and will be supplemented with regard to their specific claim elements provided after consultation.

### A. *<u>Healthcare provider-verified information.</u>*

- <u>No Literal Infringement</u>: For most of the MDx data, the information required by this portion of the claims is not verified by the healthcare provider.

The following supplemental response is hereby designated HIGHLY CONFIDENTIAL / ATTORNEY'S EYES ONLY.

The following information has been entered and/or modified by one or more physicians: specialty information, gender, awards/honors, professional appointments, professional membership, and languages.

<span style="color:red">REDACTED</span>

Additionally, the MDx data does not include the following data fields: medical philosophy and hobbies.

<span style="color:red">REDACTED</span>

- <u>Equivalents</u>: There can be no infringement of this element by equivalents, for numerous reasons. For example, having third parties provide information that the claims expressly require be provided by providers is vastly different from the claimed requirements. It is an entirely different approach and thus the function/way/result are not similar (for example, some sources are more accurate and trustworthy than others), and in fact are expressly distinguished in the patent itself. Moreover, any such equivalents argument would vitiate the claim term entirely, and the concept of obtaining information from other sources is disclosed by not claimed in the patent specification. Furthermore, verification from the provider is an entirely different approach than either obtaining no verification or verification from other sources and thus the function/way/result test would not be met; attempting to read this limitation on the MDx

- 3 -

Case No. 1:11-cv-00520-RM-NYW Document 648-2 filed 11/07/13 USDC Colorado pg 6 of 13
Case 1:11-cv-00520-RM-BNB Document 632-1 Filed 10/21/13 USDC Colorado Page 5 of 12

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

Website would vitiate this claim term entirely; and the concept of verifying information from other sources was disclosed but not claimed and thus precludes application of the doctrine of equivalents.

**B.** *<u>Received from the first healthcare provider</u>*.

- <u>No Literal Infringement</u>: For most of the data, this information required by this portion of the claims is not received from the provider itself.

The following supplemental response is hereby designated HIGHLY CONFIDENTIAL / ATTORNEY'S EYES ONLY.

The following information has been entered and/or modified by one or more physicians: specialty information, gender, awards/honors, professional appointments, professional membership, and languages.

REDACTED

Additionally, the MDx data does not include the following data fields: medical philosophy and hobbies.

REDACTED

- <u>No Equivalents</u>: There can be no equivalents where this data is not obtained from the provider, as the MDx approach of obtaining this data elsewhere is entirely different from the claimed approach; attempting to capture this data under the doctrine of equivalents would entirely vitiate this claim language; and there is also prosecution history estoppel precluding equivalents on this element (*e.g.,* amendment on 4/26/10).

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

**C.** *Compiling in response to Receiving a Request*.

- No Literal Infringement: MDx compiles data on providers as scheduled -- it does not compile data in response to receiving a request for information regarding a healthcare provider.

The following supplemental response is hereby designated HIGHLY CONFIDENTIAL / ATTORNEY'S EYES ONLY.

Compilation of data from third-party sources may be scheduled depending on the third-party source. Depending on the third-party source, data may be compiled once every quarter, once every six months, once every year, or on another schedule.

- No Equivalents: The compiling procedure for the MDx Website is entirely different from that claimed in the patent, which requires receiving a request for information and then compiling information in response to the request (compare, *e.g.*, the second paragraph of claim 1, where the information is accessed, not compiled). The MDx data is compiled as scheduled and not in response to a request – the function/way/result analysis, for example, cannot be met. Also, reading this limitation on the MDx Website would entirely vitiate this claim requirement; and there is also an estoppel (e.g., amendment on 4/26/10).

**D.** *Patient Ratings from On-Line Patient Experience Survey*

- No Literal Infringement: Not all the patient ratings come from the MDx on-line survey, as required by this claim element.

The following supplemental response is hereby designated HIGHLY CONFIDENTIAL / ATTORNEY'S EYES ONLY.

REDACTED

The main third-party sources include Yelp and Citysearch.

- No Equivalents: The claimed requirement that all patient ratings come from the online survey is not met literally or equivalently – obtaining some of the ratings from another source is an entirely different approach. Equivalents would vitiate this claim requirement, and a finding of equivalents is not possible because the possibility of obtaining ratings from another source was disclosed but not claimed. There is also an estoppel (*e.g.*, 4/26/10 amendment).

- 5 -

Case No. 1:11-cv-00520-RM-NYW Document 648-2 filed 11/07/13 USDC Colorado pg 8 of 13
Case 1:11-cv-00520-RM-BNB Document 632-1 Filed 10/21/13 USDC Colorado Page 7 of 12

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

E.   *Report using the information verified by the independent third-party source*

- No direct infringement:  The reports on the MDx Website do not include three or more of the information verified by the independent third party source.

The following supplemental response is hereby designated HIGHLY CONFIDENTIAL / ATTORNEY'S EYES ONLY.

The following information is obtained from one or more third-party sources: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship information.

The MDx Website does not display the following information: licensure, disciplinary action information.

The following information have also been obtained in some cases from physicians: medical school, medical internship, medical residency, and medical fellowship information.  If displaying third-party verified information for a physician would include three or more of third-party information, then the same information obtained from a physician would be used instead (when available) to reduce the number of displayed third-party data to less than three.  If the same information for a data field has not been obtained from a physician, then the data field is not displayed at all, so that no more than two third-party data fields are ever displayed for a physician.

 - No Equivalents:  There can be no equivalence because the claim language is entirely missing from the MDx Website.  Additionally, reading the claim language on the MDx Website would entirely vitiate the claim language.  Also, the MDx Website is an entirely different approach and thus the function/way/result are not similar (for example, obtaining information from a physician is different from obtaining information from a third-party source, which are differentiated in the patent and claims itself).

F.   *Creating a report using "the" information.*

- No Literal Infringement:  The MDx reports do not use all of the compiled information.

The following supplemental response is hereby designated HIGHLY CONFIDENTIAL / ATTORNEY'S EYES ONLY.

*See* section E.  The following information is obtained from one or more third-party sources but is not displayed on the MDx Website: licensure, disciplinary action information.

- No Equivalents:  There can be no equivalents because the two different approaches operate in very different ways and have very different results – the MDx system

results in a report with less information, for example, than if all the compiled information was used as required by the claim. Equivalents would also vitiate this term, and it was disclosed but not claimed.

  G. *<u>Comparison ratings of healthcare providers</u>*.

See the MDx motion for partial summary judgment briefs, which are hereby incorporated by reference herein.

  H. *<u>Report includes comparison ratings of healthcare providers</u>.*

To the extent Health Grades attempts to point to parts of the MDx Website outside the report on the first healthcare provider, as it did in response to the motion for partial summary judgment in attempting to find "comparison ratings," there can be no infringement because those parts of the website are not found in the reports on the first healthcare provider. Accordingly, there can be no literal infringement. And there can be no equivalents because it is entirely different from the claimed requirement of having these features in the report; because such an equivalents argument vitiates the requirement of the report containing this information; and because the idea of disclosing this information elsewhere is disclosed in the specification but not claimed.

  I. *<u>Dependent Claims</u>*

Based on the Health Grades Infringement Contentions, at least the following are missing:

- <u>Claim 4</u>:  The required hyperlink is completely missing, and the alleged links cited by Health Grades in its original and supplemental Infringement Contentions would vitiate this term, and could not possibly be equivalent.

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

Healthcare provider reports on the MDx Website do not include a hyperlink to an external website of an affiliated hospital, medical center, or other type of treatment facility. Health Grades can see this by visiting the MDx Website, which is accessible by the public.

- Claim 8:  This element is also entirely missing, and there cannot be equivalents as the term would be vitiated and the claim element is not substantially similar to the accused MDx Website in this regard.

A physician may sign up for "sponsored links", which are displayed on a results web page.  But as indicated under the sponsored links, they "have no influence over the results displayed in the middle of this [results] page, and are completely independent."  (*See* MDx Website results web page, under sponsored links.)

MDx is not currently aware of a situation where the results list further includes an advertisement for the first healthcare provider with a hyperlink to information on the first healthcare provider.            REDACTED

- Claim 9:  This element is completely missing from the MDx Website, and the complete absence of a membership of the company managing the MDx Website or the required enhanced services based on such a membership.

The MDx website does not determine from the results list whether a particular healthcare provider is a member.  The results list is determined based on search criteria entered by a web

- 8 -

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

site user and is completely independent of whether a particular healthcare provider in the results list is a member.

- <u>Claim 11</u>: See claim 9.

Dated:  May 10, 2012  As to objections:

                                      *s:/Scott D. Stimpson*
                                      Scott D. Stimpson
                                      Scott B. Murray
                                      David C. Lee
                                      Sills Cummis & Gross P.C.
                                      30 Rockefeller Plaza
                                      New York, New York 10112
                                      Tel: (212) 643-7000
                                      Fax: (212) 643-6500
                                      E-mail: <u>sstimpson@sillscummis.com</u>
                                      E-mail: <u>smurray@sillscummis.com</u>
                                      E-mail: <u>dlee@sillscummis.com</u>

                                      and

                                      Terence Ridley, Atty. No. 15212
                                      Ramona Lampley, Atty. No. 37288
                                      Wheeler Trigg O'Donnell LLP
                                      1801 California Street, Suite 3600
                                      Denver, Colorado 80202
                                      Tel:  (303) 244-1800
                                      Fax:   (303) 244-1879
                                      E-mail: <u>ridley@wtotrial.com</u>
                                      E-mail: <u>lampley@wtotrial.com</u>

                                      *Attorneys for Defendant*
                                      MDx Medical, Inc. d/b/a VITALS.COM

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

As to Responses:

The undersigned states under oath that the foregoing responses are correct to the best of the signer's information, knowledge, and belief.

_____
For MDx Medical, Inc.

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on May 10, 2012, I have caused a true and correct copy of the foregoing DEFENDANT MDX MEDICAL, INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES to be served upon Health Grades, Inc. by electronic mail transmission to the following individuals:

> Jesus Manuel Vazquez , Jr.
> Kris John Kostolansky
> Jeffrey David Phipps
> ROTHGERBER JOHNSON & LYONS LLP
> One Tabor Center, Suite 3000
> 1200 Seventeenth Street
> Denver, CO 80202
> Tel: (303) 623-9000
> Fax: (303) 623-9222
> jvazquez@rothgerber.com
> kkosto@rothgerber.com
> jphipps@rothgerber.com
>
> *Attorneys for Plaintiff Health Grades, Inc.*

                                                       *s:/ David C. Lee*