# EXHIBIT C

(Redacted version of Dkt. # 632-5)

Case No. 1:11-cv-00520-RM-NYW Document 648-3 filed 11/07/13 USDC Colorado pg 2 of 17

Civil Action No. 11-CV-00520-PAB-BNB

## HEALTH GRADES, INC.'S MOTION FOR SANCTIONS FOR MDx MEDICAL, INC.'S FAILURE TO COMPLY WITH COURT-ORDERED DISCOVERY

## Exhibit G

2004446131_1

Civil Action No. 11-CV-00520-PAB-BNB

**HEALTH GRADES, INC.'S MOTION FOR LEAVE TO FILE
SUPPLEMENTAL EXHIBITS IN SUPPORT OF ITS OPPOSITION
[Doc. #405] TO MDX MEDICAL, INC.'S MOTION FOR SUMMARY
JUDGMENT OF NON-INFRINGEMENT [Doc. #368]**

---

# Exhibit 19

**October 14, 2013 E-mail from Kris Kostolansky to
David Lee (for MDx) regarding "Conferral re Motion to Compel"**

## Kirstin Stoll-DeBell

| | |
|---|---|
| **From:** | Kostolansky, Kris J. <kkosto@lrrlaw.com> |
| **Sent:** | Monday, October 14, 2013 8:11 AM |
| **To:** | 'dlee@sillscummis.com'; Kirstin Stoll-DeBell; Vazquez, Jesus |
| **Cc:** | Kanan, Greg; 'sstimpson@sillscummis.com'; 'vferraro@sillscummis.com'; 'TDICKEY@sillscummis.com' |
| **Subject:** | Re: Conferral re Motion to Compel |

David, in your earlier e-mail you stated that you needed until last Friday or today to respond to make sure about the answers. Is there no one you can call today to make sure? Now you state that you "should" have a response by tomorrow. As you know, the information sought bears on the summary judgment motion set for hearing on October 25. Thus every day of delay impacts our ability to analyze the information and present it to the Court. We look forward to receiving your response tomorrow. Thank you.

---

**From**: David C. Lee [mailto:dlee@sillscummis.com]
**Sent**: Monday, October 14, 2013 06:06 AM
**To**: Kirstin Stoll-DeBell <kstoll-debell@merchantgould.com>; Vazquez, Jesus
**Cc**: Kanan, Greg; Kostolansky, Kris J.; Scott D. Stimpson <sstimpson@sillscummis.com>; Vincent M. Ferraro <vferraro@sillscummis.com>; Trent Dickey <TDICKEY@sillscummis.com>
**Subject**: RE: Conferral re Motion to Compel

Kirstin:

Sorry, I did not realize that today is a holiday.  We should have a response for you tomorrow.  Thanks.

Regards,
David

**David C. Lee**
Associate



website | bio | vCard | newsroom | email 

30 Rockefeller Plaza, New York, NY 10112
p (212) 500-1546  |  f (212) 643-6500   **map**

---

**From:** David C. Lee
**Sent:** Thursday, October 10, 2013 5:10 PM
**To:** 'Kirstin Stoll-DeBell'; Vazquez, Jesus
**Cc:** Kanan, Greg; Kostolansky, Kris J.; Scott D. Stimpson; Vincent M. Ferraro; Trent Dickey
**Subject:** RE: Conferral re Motion to Compel

Kirstin:

We are responding to your questions below, but will need until tomorrow or Monday to make sure about the answers.

Regards,

1

David

**David C. Lee**
Associate



**website | bio | vCard | newsroom | email**

30 Rockefeller Plaza, New York, NY 10112
p (212) 500-1546  |  f (212) 643-6500  **map**

---

**From:** Kirstin Stoll-DeBell [mailto:kstoll-debell@merchantgould.com]
**Sent:** Tuesday, October 08, 2013 3:08 PM
**To:** David C. Lee; Vazquez, Jesus
**Cc:** Kanan, Greg; Kostolansky, Kris J.; Scott D. Stimpson; Vincent M. Ferraro; Trent Dickey
**Subject:** RE: Conferral re Motion to Compel

David:

We have analyzed the results of the SQL searches you produced in this litigation.  The table below summarizes these
documents.  However, we need to understand what each query means.  While Larry West testified about some of the
queries, he did not provide information about all of them.  We have provided what we think the meaning is based on
what Mr. West testified – <u>please confirm that these are accurate, and if not, tell us what the meaning is</u>.

Further, some of results of your queries do not make sense. For example, Larry West testified that "MD/DO count with
webedits" means "the total number of providers that have edited their information." But he also testified that a
physician must be registered to be able to edit their profile on the web. Therefore, count of number 1 below should be
larger than the count of number 2 below, but it is not.  <u>Please explain this discrepancy</u>.

Additionally, you have not identified the timeframe for these searches.  In other words, do these counts cover the
timeframe from the inception of the database to the time the search was run?  When were the searches run?  <u>Please
provide this information</u>.

| | QUERIES | MEANING – MDx to Confirm | West Dep. Ex. 19 (MDx104073-110) | New Production (MDx104897-935) |
|---|---|---|---|---|
| 1. | MD/DO count registered | The total number of providers that have registered with vitals.com | REDACTED | |
| 2. | MD/DO count with webedits: | The total number of providers that have edited their information. | | |
| 3. | Vitals only review | The total number of providers that have only patient reviews from vitals.com | | |
| 4. | 3rd party doctors: | The total number of providers that have both a vitals.com and a third-party patient review (i.e. a review that originated from a third-party site) | | |
| 5. | 3rd party only | The total number of providers that have only | | |

| | QUERIES | MEANING – MDx to Confirm | West Dep. Ex. 19 (MDx104073-110) | New Production (MDx104897-935) |
|---|---|---|---|---|
| | | patient reviews from a third party site | REDACTED | |
| 6. | Distinct providers with vitals review: | The total number of providers that have a patient review that originated from Vitals.com | | |
| 7. | MD/DO counts active | The total number of providers that have active licenses | | |
| 8. | MD/DO counts with fellowship | The number of M.D.s and DOs that have fellowship information associated with them | | |
| 9. | MD/DO counts with internship | The total number of providers that have internship information associated with them. | | |
| 10. | MD/DO counts with license | These total number of providers that have licenses | | |
| 11. | MD/DO counts with medical school | The total number of providers that have medical school information associated with them | | |
| 12. | MD/DO counts with residency | The total number of providers that have residency information associated with them | | |
| 13. | MD/DO counts with webedit and appointments | The total number of providers that have edited their appointment information | | |
| 14. | MD/DO counts with webedit and award | The total number of providers that have edited their award information | | |
| 15. | MD/DO counts with webedit and language | The total number of providers that have edited their language information | | |
| 16. | MD/DO counts with webedit and position | The total number of providers that have edited their position information | | |
| 17. | MD/DO counts with webedit and gender | The total number of providers that have edited their gender | | |
| 18. | MD/DO counts with webedit and specialty | The total number of providers that have edited their specialty information | | |
| 19. | Docs editing education information | The total number of providers that have edited their fellowship information | | |
| 20. | | The total number of providers that have edited their internship information | | |
| 21. | | The total number of providers that have edited their medical school information | | |
| 22. | | The total number of providers that have edited their residency information | | |

Please respond by COB this Thursday, October 10, 2013.  We plan to use this information at the SJ hearing and at the trial.  Thus, if you disagree with any of our characterizations or descriptions, please let us know now.  Thank you.

**Kirstin Stoll-DeBell**
Partner
Merchant & Gould P.C.
1050 Seventeenth Street
Suite 1950
Denver, CO 80265
USA

**Telephone** (303) 357-1640
**Fax** (303) 357-1671
**www.merchantgould.com**

GUARDIANS OF GREAT IDEAS®

Atlanta | **Denver** | Knoxville | Madison | Minneapolis | New York | Seattle | Washington D.C.

Note:  This e-mail message is confidential and may be privileged or otherwise protected by law.  If you are not the intended recipient, please: (1) reply via e-mail to sender; (2) destroy this communication entirely, including deletion of all associated text files from all individual and network storage devices; and (3) refrain from copying or disseminating this communication by any means whatsoever.  Thank you.

---

**From:** David C. Lee [mailto:dlee@sillscummis.com]
**Sent:** Thursday, September 19, 2013 1:22 PM
**To:** Vazquez, Jesus
**Cc:** Kanan, Greg; Kostolansky, Kris J.; Kirstin Stoll-DeBell; Scott D. Stimpson; Vincent M. Ferraro; Trent Dickey
**Subject:** RE: Conferral re Motion to Compel

Jesus:

Greg Kanan deposed Larry West on the SQL queries at West Exhibit 19 (MDX 0104073 – 0104110).  The updated query counts at MDX 0104897 – 0104935 are updates of the ones in West Exhibit 19, except that MDX 0104924 is the count of registered physicians.

As we indicated before, the updated counts are just that – updated counts.  For questions and answers about the queries, please see Greg's questions and Larry's answers in the deposition transcript.

Regards,
David

**David C. Lee**
Associate



website | bio | vCard | newsroom | email 

30 Rockefeller Plaza, New York, NY 10112
p (212) 500-1546  |  f (212) 643-6500  **map**

---

**From:** Vazquez, Jesus [mailto:JVazquez@lrrlaw.com]
**Sent:** Wednesday, September 18, 2013 12:49 PM
**To:** David C. Lee
**Cc:** Kanan, Greg; Kostolansky, Kris J.; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com); Scott D. Stimpson; Vincent

M. Ferraro; Trent Dickey
**Subject:** RE: Conferral re Motion to Compel

David,

While you provided results of SQL queries in documents labeled MDx0104897-935, we need an explanation as to what each query <u>on each page</u> means so we can make sure we have what we asked for.  So for example, what does "3rd party only" mean on page MDX 0104897?  As another example, you indicate that page MDX 0104924 means the number of doctors who have registered with vitals.com – the count is $^{REDACTED}$  But MDX 0104935 seems to show how many doctors have made edits to their profile – but it is higher $^{REDACTED}$ than the number of doctors registered, which does not make sense.

To make sure we are all on the same page, please identify the green language header and bates number for each explanation.

Also, please tell us what timeframe was used for these queries.  That is, what is the start date and end date for the counts shown in the queries? Do the counts include or exclude the counts set forth in the MDX 0104073-110?

Thank you, Jesus



**Jesus Vazquez, Partner**
**Lewis Roca Rothgerber LLP |**
**1200 17th St Suite 3000 | Denver, CO 80202-5855**
**(T) 303.628.9517 | (F) 303.623.9222**
**JVazquez@lrrlaw.com | www.LRRLaw.com**

   **Rothgerber Johnson & Lyons LLP is now Lewis Roca Rothgerber LLP.**

---

**From:** David C. Lee [mailto:dlee@sillscummis.com]
**Sent:** Monday, September 16, 2013 3:03 PM
**To:** Vazquez, Jesus
**Cc:** Kanan, Greg; Kostolansky, Kris J.; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com); Scott D. Stimpson; Vincent M. Ferraro; Trent Dickey
**Subject:** RE: Conferral re Motion to Compel

Jesus:

This responds to your email below.

<u>MDx Document Production Supplement</u>

Your allegation that we did not produce a count of registered physicians is not correct.  As we noted in our September 6th email, the count of registered physicians is from a SQL query.  If you examine the SQL queries we produced last Friday, you will see that it is in MDX 0104924.

As you noted, the rest of the production contains updates of the previous SQL queries and correspondence with Aetna.

<u>September 9th Email</u>

Your September 9th email asked for documents relating to Aetna.  You acknowledged in your September 9th email that you received our production of Aetna agreement documents, and you acknowledge below that we produced the Aetna

correspondence last Friday. Your own acknowledgements contradict the allegation below that we did not produce anything requested in your September 9th email. We are conducting a good faith supplement in accordance with Rule 26(e).

Total Number of Edits to Profiles

Your email below does not explain how total number of edits would be relevant, and neither do the summary judgment papers you referenced. As we noted in our summary judgment reply [Doc. # 444] regarding total number of edits to profiles, "the vast majority of these changes were not made to the data elements recited in the claims. As multiple MDx witnesses testified, most edits relate to data elements not recited in the claims, such as address." Thus, we still do not have your explanation of why total number of edits is relevant.

At a minimum, your request for total number of edits would require calculations for irrelevant data fields, such as name and address. Why should MDx be required to perform calculations on data elements that are unclaimed and irrelevant?

In any case, as we noted in our September 6th email, we are not required to run queries now for the first time. We did not previously run this kind of query and we are not obligated to do so now.

Data Fields used in Vitals.com

When we asked in our September 12th email why you believe the MDx data elements have changed, we were trying to quickly ascertain whether our previous production on data fields was incorrect or incomplete. (See Rule 26(e)(1)(A).) Since we do not have the benefit of your answer, it will take us longer to make that determination. But you can be assured that we will satisfy our duty to supplement under Rule 26(e).

We oppose the motion to compel for the reasons above.

Regards,
David

**David C. Lee**
Associate
Sills Cummis & Gross P.C.
**website | bio | vCard | newsroom | email**

30 Rockefeller Plaza, New York, NY 10112
p (212) 500-1546 | f (212) 643-6500 **map**

---

**From:** Vazquez, Jesus [mailto:JVazquez@lrrlaw.com]
**Sent:** Friday, September 13, 2013 6:47 PM
**To:** David C. Lee
**Cc:** Kanan, Greg; Kostolansky, Kris J.; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com); Scott D. Stimpson; Vincent M. Ferraro; Trent Dickey
**Subject:** RE: Conferral re Motion to Compel

David,

We are in receipt of the materials you just sent. It was our understanding from your email below that today you would provide us with (1) the current number of registered physicians and (2) communications relating to Aetna/iTriage. You also had agreed to provide us the query results for the

SQL queries you previously produced in MDX 0104073 – MDX 0104110 (See your email dated September 6).

You did not provide any description of what it is that you just sent us in your transmittal email, but It appears that the materials consist of the SQL queries and emails relating to Aetna/iTriage.  You did not provide any documents showing the current number of registered physicians. You did not provide any materials responsive to the document requests I listed in my email of September 9.

With respect to your statement below that the number of edits to profiles is irrelevant, we do not understand how you can now make such a statement when the issue has been featured in the summary judgment briefs. *See* [Doc. # 367] and [Doc. # 405].  You stated in your email below that you "are looking into a database query" to provide this information.  You did not provide this information.

With respect to the data fields information that was contained within the 2010 XML Feed Guide that MDx produced in response to our discovery requests, it is our position that MDx has failed to supplement that information and it appears that we are at an impasse on this issue.  You did not provide this information.

By close of business on Monday we will file a motion to compel MDX to supplement its responses to our document requests with information/documents showing the current number of registered physicians, the current number of edits made to physician profiles, the current data fields used with the Vitals database, and the documents/information that are the subject of the requests for production I listed in my email of September 9.  We assume that MDx opposes, but please let us know.

Thank you, Jesus



**Jesus Vazquez, Partner**
**Lewis Roca Rothgerber LLP |**
**1200 17th St Suite 3000 | Denver, CO 80202-5855**
**(T) 303.628.9517 | (F) 303.623.9222**
**JVazquez@lrrlaw.com | www.LRRLaw.com**

   **Rothgerber Johnson & Lyons LLP is now Lewis Roca Rothgerber LLP.**

---

**From:** David C. Lee [mailto:dlee@sillscummis.com]
**Sent:** Thursday, September 12, 2013 4:04 PM
**To:** Vazquez, Jesus
**Cc:** Kanan, Greg; Kostolansky, Kris J.; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com); Scott D. Stimpson; Vincent M. Ferraro; Trent Dickey
**Subject:** RE: Conferral re Motion to Compel

Jesus:

Your email fails to acknowledge our responses and progress to date.  Please see our comments in green embedded within your email below.

Regards,
David

7

**David C. Lee**
Associate



**website | bio | vCard | newsroom | email**

30 Rockefeller Plaza, New York, NY 10112
p (212) 500-1546 | f (212) 643-6500   **map**

---

**From:** Vazquez, Jesus [mailto:JVazquez@lrrlaw.com]
**Sent:** Thursday, September 12, 2013 1:50 PM
**To:** David C. Lee; Scott D. Stimpson; Vincent M. Ferraro; Trent Dickey
**Cc:** Kanan, Greg; Kostolansky, Kris J.; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com)
**Subject:** Conferral re Motion to Compel

Counsel,

I'm writing to follow-up regarding our outstanding requests for information.  As you know, on August 2, 2013, we requested information that Dr. Greenspun needed for his supplemental expert report, specifically, updated statistics for the vitals.com website that show the number of physicians registered and number of edits made to profiles, updated data describing the XML Feed between Vitals and its partners such as the fields data contained in the 2010 XML Feed Guide previously produced by MDx, and all communications and agreements, amendments, and addendums with Aetna and its subsidiaries since MDx's production last June 2012.

Regarding number of physicians registered, please see our August 27th, August 30th, and September 6th emails.  In any case, we anticipate having the query count to you tomorrow.

Regarding number of edits made to profiles, please see our August 27th, August 30th, and September 6th emails.  Additionally, we are looking into a database query because the MDx database may not track number of edits.  To be clear, however, we consider the total number of edits made to profiles to be irrelevant.  As you know from discovery, most edits are made to unclaimed data such as address.  Since you appear to disagree, please let us know how total number of edits made to profiles would be relevant.

Regarding the XML Feed Guide, please see our August 27th and August 30th emails.  We already informed you that there is no updated guide or a replacement guide.  If you think a new document exists, please let us know where you saw that indication and we will look into that.  Otherwise, this is not an opportunity for you to conduct ad hoc depositions of MDx personnel through us.

As you acknowledged, you already received further agreement documents regarding Aetna in our August 30th email.  We anticipate sending email correspondence relating to those documents to you tomorrow.

More than a month has transpired since we requested this information and we have had three conference calls in this period during which we discussed and reiterated our requests.  In your email below you agreed to provide updated statistics regarding the number of physicians registered, but we have not received this information.  Your email is silent as to the updated statistics for the vitals.com website that show the number of edits made to profiles.  It is also silent as to the XML Feed data – we need this information to see if MDx has changed any fields in its database.  As you know the claims call for accessing and compiling specified fields of information – thus we need a current list of fields in the MDx database in order for Dr. Greenspun to opine regarding information that is accessed and

8

compiled.   Your email was also silent as to the Aetna/iTriage communications we requested.  As we have discussed, all of this information was needed for Dr. Greenspun's supplement.

We are puzzled why you think MDx has changed any fields in its database.  Have any accused data elements disappeared, or have any data elements from the patent claims appeared on Vitals for the first time?  We are also puzzled why Dr. Greenspun cannot opine on what is shown in the publicly available Vitals.com website.  As noted above, this is not an opportunity for HG to conduct an ad hoc deposition.

In my letter of  August 16, 2013, we requested documents, including communications, that relate to the discontinuation of ratings that were provided by MDx to Aetna for iTriage.  We also asked that MDx advise us whether it had entered into any agreements to sell, lease or license data with any entity since June 2012, and that you advise us by when you would produce any such agreements.  To date we still do not know whether MDx has entered into any other agreements beyond those produced in June 2012, and we believe we do not have a complete production of communications relating to Aetna/iTriage.

You agreed that supplements of license agreements other than the Aetna agreement would be provided by October 29th.  Please see our August 19th and 21st correspondence.

In my email of September 9, 2013, we expressed our concerns regarding the meager five-page production made by MDx in response to our requests for communications and documents relating to Aetna/iTriage.  We believe this production is incomplete as detailed in my September 9 email.  In the same email we listed a number of categories of information that are covered by Health Grades' requests for production that apply not only to Aetna/iTriage, but to any other entities as well.  To date we have not received a response.

We had hoped to resolve these issues without Court intervention, but given the present status, lack of response and incomplete production we must necessarily ask the Court to compel MDx to produce the information, communications and documents as described above.  Please let us know whether MDx opposes our motion to compel.  If you would like to confer further to attempt to resolve these issues, please let us know.

Thank you, Jesus



**Jesus Vazquez, Partner**
**Lewis Roca Rothgerber LLP |**
**1200 17th St Suite 3000 | Denver, CO 80202-5855**
**(T) 303.628.9517 | (F) 303.623.9222**
**JVazquez@lrrlaw.com | www.LRRLaw.com**

   **Rothgerber Johnson & Lyons LLP is now Lewis Roca Rothgerber LLP.**

---

**From:** David C. Lee [mailto:dlee@sillscummis.com]
**Sent:** Friday, September 06, 2013 11:54 AM
**To:** Vazquez, Jesus; 'Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com)'

**Cc:** Kanan, Greg; Henke, Peggy J.; Trent Dickey; Vincent M. Ferraro; Scott D. Stimpson; Kostolansky, Kris J.
**Subject:** RE: Discovery issues and trial preparation

Jesus, Kirstin:

Thank you for our call on Wednesday.

Further to our discussion, we will agree to run again the queries we previously produced in MDX 0104073 - MDX 0104110, and while we have no obligation to run queries for the first time now, we will run the query for number of registered physician, as requested.  We should have these to you next week.

Regards,
David

**David C. Lee**
Associate



**website | bio | vCard | newsroom | email**  

30 Rockefeller Plaza, New York, NY 10112
p (212) 500-1546  |  f (212) 643-6500   **map**

---

**From:** David C. Lee
**Sent:** Friday, August 30, 2013 9:46 AM
**To:** Kostolansky, Kris J.; Vazquez, Jesus
**Cc:** Kanan, Greg; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com); Henke, Peggy J.; Trent Dickey; Vincent M. Ferraro; Scott D. Stimpson
**Subject:** RE: Discovery issues and trial preparation

Jesus, Kris, and Kirstin:

This is a follow up on our call yesterday regarding the document topics.

(2)  Updated statistics for the vitals.com website that show the number of physicians registered and number of edits made to profiles – see MDX 0004507.

You mentioned the database queries yesterday, but none of the queries provide the information in this topic.  The MDX 0004507 you referenced did have this information, but as we informed you, it has not been updated.

The closest database queries we previously provided are "MD/DO Counts Active" and "MD/DO Count with Webedits".  If these two are what you would like, we will speak with MDx about them.

(3) Updated XML Feed Guide – see PX051 (MDX 0019309 – 19326).  This is dated February 11, 2010 – we need the most current version.

As requested, we looked further into the Vitals XML Feed Guide Version 1.3 (MDX 0019309 – 19326).  This guide is not used anymore, and nothing has replaced it either.

(4) All communications and agreements, amendments, addendums with Aetna Inc. and its subsidiaries since MDx's last production of these documents in June 2012.

Case No. 1:11-cv-00520-RM-NYW Document 648-2 filed 11/07/13 USDC Colorado pg 14
of 17
Case 1:11-cv-00520-RM-BNB Document 632-5 Filed 10/21/13 USDC Colorado Page 13 of
16

Attached please find documents Bates-labeled MDX 0104859 – MDX 0104863. These documents are designated "Highly Confidential / Attorneys' Eyes Only" and should be treated accordingly under the protective order in this case.

Regards,
David


**David C. Lee**
Associate



**website | bio | vCard | newsroom | email**

30 Rockefeller Plaza, New York, NY 10112
p (212) 500-1546 | f (212) 643-6500 **map**

---

**From:** David C. Lee
**Sent:** Tuesday, August 27, 2013 12:53 PM
**To:** 'Kostolansky, Kris J.'; Scott D. Stimpson; Vazquez, Jesus
**Cc:** Kanan, Greg; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com); Henke, Peggy J.; Trent Dickey; Vincent M. Ferraro
**Subject:** RE: Discovery issues and trial preparation

Kris and Jesus:

Regarding the document topics in Jesus' August 2nd email, there are no updates of the documents in topics (2) and (3):

(2) Updated statistics for the vitals.com website that show the number of physicians registered and number of edits made to profiles – see MDX 0004507.

The document you referenced has not been updated or maintained for a very long time. What you have is the latest.

(3) Updated XML Feed Guide – see PX051 (MDX 0019309 – 19326). This is dated February 11, 2010 – we need the most current version.

This document also has not been updated. What you have is the latest.

We are still looking into document topic (4).

Regards,
David


**David C. Lee**
Associate



**website | bio | vCard | newsroom | email**

30 Rockefeller Plaza, New York, NY 10112
p (212) 500-1546 | f (212) 643-6500 **map**

---

**From:** Kostolansky, Kris J. [mailto:kkosto@rothgerber.com]
**Sent:** Wednesday, August 21, 2013 12:52 PM

**To:** Scott D. Stimpson; Vazquez, Jesus
**Cc:** Kanan, Greg; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com); Henke, Peggy J.; Trent Dickey; David C. Lee; Vincent M. Ferraro
**Subject:** RE: Discovery issues and trial preparation

Scott, Jesus is out of the office so I will respond to your e-mail. Perhaps others have a different recollection, but:

1. I do not recall any objections to (2) or (3) nor do I see how there could be given the past document requests and productions. We feel the same about (4), but you did say you needed to check with your client. Please address these issues as soon as possible so any objections can be sorted out promptly.

2. Agreed.

3. Agreed. Obviously, this supplement includes all discovery, not just that discussed in the call.

4. Could be first half of November. That still gives us ample time. We can finalize a date down the road.

5. Agreed.

6. Scott, we need to set a date for your response to the supplemental claim charts. Since this will likely tie into a motion to amend, we should complete our conferral by September 6. I would like to hold a preliminary call on August 29, with a final call on September 6 to conclude our discussions. Any problem with this approach?

7. Braginsky was never discussed during our call. You should know now whether you plan to call him as a witness. Please advise as to your position by August 30. As for the other issues, the question is when should the submission be made and what format will it take in order to be ready for discussion with the Court on January 17. Let's address that in our next call.

Thanks.


**Kris J. Kostolansky, Esq.**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO 80202 |
Direct 303.628.9515 | Main 303.623.9000 | Fax 303.623.9222
E-mail: kkosto@rothgerber.com | Website: www.rothgerber.com

---

**From:** Scott D. Stimpson [mailto:sstimpson@sillscummis.com]
**Sent:** Monday, August 19, 2013 2:36 PM
**To:** Vazquez, Jesus
**Cc:** Kostolansky, Kris J.; Kanan, Greg; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com); Henke, Peggy J.; Trent Dickey; David C. Lee; Vincent M. Ferraro
**Subject:** Discovery issues and trial preparation


Jesus:

Thanks for discussing things with us today, we are making progress. This confirms our understandings and agreements.

(1) Technical expert reports and related discovery: We will try to get you documents responsive to topics (2), (3), and (4) of your August 2 email relatively quickly, although we for now we must reserve the right to object. Assuming we can get

Case 1:11-cv-00520-RM-BNB Document 652-17 Filed 10/21/13 USDC Colorado Page 15 of 16

you these documents soon, Dr. Greenspun will give his supplemental report on September 9, and no later than October 9 Dr. Cooper will rebut the new Greenspun report, and address the Aetna/iTriage infringement issue. Once we get the reports served, let's regroup and decide if we need depositions on the new technical reports. If so, maybe we can get them done in late October or early November.

(2) Damages expert reports and related discovery: We agreed to make this supplemental production by October 29, and so Mr. Hall's supplemental report can be provided on November 29 with any rebuttal from Mr. Napper by the end of December.

(3) Supplemental Productions: Both sides agreed to review document requests and supplement by October 29.

(4) Jury Instructions: Since we are supposed to try to agree on jury instructions, and they are due in early January, we should have a day to exchange draft instructions. We have left the date open for now, but agree it should be sometime around the latter half of October.

(5) Demonstratives and Illustratives: We proposed to exchange them in early January, with objections shortly thereafter. We did not set a date, but we should revisit this later. As you suggested with the pretrial order, it will be good to make sure these are exchanged, and objections made, in time for the January 17 conference.

(6) HG's Proposed Supplements: We are reviewing the proposed supplemental claim charts, and will try to respond as soon as possible. If we have objections, we agreed to continue with the expert reports on all the issues, reserving our rights to object. This agreement is only so we can move things along and not have to wait for the Court to rule on the HG motion to amend (we understand with this agreement, however, that HG will not use the fact that the parties have addressed the issues in the expert reports as a basis to argue that the should be allowed).

(7) Revised Pretrial Order: At some point, we will need to prepare a joint submission to the Court, modifying the Pretrial Order to at least account for the new expert discovery, to add Phil Braginsky as a possible trial witness; to submit our revised exhibit lists, and to add the time for exchanging demonstratives and illustratives. We agree with your suggestion that this should be submitted and ready for discussion January 17.

Regards.

Scott


**Scott D. Stimpson**
Member of the Firm



**website | bio | vCard | newsroom | email**

30 Rockefeller Plaza, New York, NY 10112
p (212) 500-1550  |  f (212) 643-6500  **map**

NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.

Case No. 1:11-cv-00520-RM-NYW Document 648-3 filed 11/07/13 USDC Colorado pg 17 of 17

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.

This message and any attachments are intended only for the use of the individual or entity to which they are addressed. If the reader of this message or an attachment is not the intended recipient or the employee or agent responsible for delivering the message or attachment to the intended recipient you are hereby notified that any dissemination, distribution or copying of this message or any attachment is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender. The information transmitted in this message and any attachments may be privileged, is intended only for the personal and confidential use of the intended recipients, and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521.

In accordance with Internal Revenue Service Circular 230, we advise you that if this message or any attachments contains any tax advice, such tax advice was not intended or written to be used, and it cannot be used, by any taxpayer for the purpose of avoiding penalties that may be imposed on the taxpayer.

This message and any attachments are intended only for the use of the individual or entity to which they are addressed. If the reader of this message or an attachment is not the intended recipient or the employee or agent responsible for delivering the message or attachment to the intended recipient you are hereby notified that any dissemination, distribution or copying of this message or any attachment is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender. The information transmitted in this message and any attachments may be privileged, is intended only for the personal and confidential use of the intended recipients, and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521.

In accordance with Internal Revenue Service Circular 230, we advise you that if this message or any attachments contains any tax advice, such tax advice was not intended or written to be used, and it cannot be used, by any taxpayer for the purpose of avoiding penalties that may be imposed on the taxpayer.

This message and any attachments are intended only for the use of the individual or entity to which they are addressed. If the reader of this message or an attachment is not the intended recipient or the employee or agent responsible for delivering the message or attachment to the intended recipient you are hereby notified that any dissemination, distribution or copying of this message or any attachment is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender. The information transmitted in this message and any attachments may be privileged, is intended only for the personal and confidential use of the intended recipients, and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521.

In accordance with Internal Revenue Service Circular 230, we advise you that if this message or any attachments contains any tax advice, such tax advice was not intended or written to be used, and it cannot be used, by any taxpayer for the purpose of avoiding penalties that may be imposed on the taxpayer.

This message and any attachments are intended only for the use of the individual or entity to which they are addressed. If the reader of this message or an attachment is not the intended recipient or the employee or agent responsible for delivering the message or attachment to the intended recipient you are hereby notified that any dissemination, distribution or copying of this message or any attachment is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender. The information transmitted in this message and any attachments may be privileged, is intended only for the personal and confidential use of the intended recipients, and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521.

In accordance with Internal Revenue Service Circular 230, we advise you that if this message or any attachments contains any tax advice, such tax advice was not intended or written to be used, and it cannot be used, by any taxpayer for the purpose of avoiding penalties that may be imposed on the taxpayer.