# EXHIBIT A

(Redacted version of Dkt. # 638)

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 11-cv-00520-RM-BNB

HEALTH GRADES, INC.,

    Plaintiff,

vs.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

## HEALTH GRADES' RESPONSE TO MDx MEDICAL, INC.'S PARTIALLY OPPOSED MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENTS – DOCUMENT NOS. 611, 611-1, 611-2, 611-3 AND 611-4.

    Plaintiff Health Grades, Inc. ("Health Grades"), by its undersigned counsel, respectfully submits its Response to MDx Medical, Inc.'s ("MDx") Partially Opposed Motion to Restrict Access to Documents - Document Nos. 611, 611-1, 611-2, 611-3 and 611-4 ("Motion") [Doc. #622], and states in support:

    1.    The presumption of public access finds its root in the common law rights of access to judicial proceedings and to inspect judicial records – rights which are "beyond dispute." *See Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1067 (3d Cir. 1984). The Supreme Court has acknowledged the same. *See Nixon v. Warner Communications, Inc*., 435 U.S. 589, 597 (1978). There is also a constitutionally protected right to public access rooted in the First Amendment. *See Publicker*, 733 F.2d at 1070; *accord Westmoreland v. Columbia Broadcasting System, Inc*., 752 F.2d 16, 23 (2d Cir. 1984). Documents may be sealed if the public's right of access is outweighed by interests which favor non-disclosure. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). It is within the district court's discretion to determine whether a

2004461925_1

particular document should be sealed and the presumption of public access negated. *See Nixon*, 435 U.S. at 599.

2. Any motion to restrict access must "[i]dentify a clearly defined and serious injury that would result if access is not restricted" and "[e]xplain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question." D.C.COLO.LCivR 7.2B(3)-(4).

3. This Court has previously noted that there are "important public interests in open court records" which are discussed in *Huddleson v. City of Pueblo, 270 F.R.D. 635* (D.Colo. 2010) [Doc. #576 at p. 2] [Doc. #586 at p.2]:

> People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing. The public has a fundamental interest in understanding the disputes presented to and decided by the courts, so as to assure they are run fairly and that judges act honestly.

*Id*.

4. Here MDx seeks to turn the presumption of public access into a tool to further MDx's business interests. When the news is good - - MDx enters into a contract with Aetna - - MDx proudly trumpets it for all to hear. When the news is bad - - REDACTED - - MDx asks this Court to inappropriately apply D.C.COLO.LCivR 7.2 to protect MDx from the having to set the record straight and reveal the truth.

5. The vicissitudes of the marketplace are what they are. The First Amendment is not a vehicle of suppression and neither is this Court.

6. Just as the entry into the contract was worthy of public knowledge and comment so is the flip side of the coin.

2004461925_1                                          - 2 -

7. The fact that MDx and Aetna entered into an agreement (memorialized in the "MDx/Aetna Agreement") was announced broadly and publically on March 13, 2012 [Doc. #253 at p. 6] (article on Mobile Health News touting partnership with Vitals). The MDx agreement with Aetna was also referenced by MDX in another Mobile Health News article dated June 19, 2013 ("Aetna's iTriage app also licenses content from Vitals.com.") (attached hereto as Exhibit A). This fact regarding the "business relationship" between MDx and Aetna – that they entered into an agreement – was touted publically by them, is obviously not confidential, and the public has quite appropriately never been restricted from accessing it.

8. REDACTED. This fact – that REDACTED – is similarly not confidential and the public should not be restricted from accessing it. This is the *only* information that Health Grades opposes restricting – that the agreement that MDx and Aetna announced publically in March of 2012 was REDACTED. There is nothing remotely confidential about this information and MDx's disingenuous attempt to argue otherwise in its Motion by casting it as confidential "business relationship" information is baseless. If a "business relationship" standard provided the rule of decision, virtually every business dispute that finds its way to court would be resolved under the cloak of secrecy.

9. In its Motion MDx relies heavily on two declarations by Ms. Erika Boyer. Ms. Boyer's first declaration, dated September 18, 2012, speaks *exclusively* about the confidentiality of only the "*specific terms*" of MDx's agreements with its partners such as Aetna [Doc. # 305-2]. Ms. Boyer's first declaration does not assert that the fact that MDx entered into the agreement with Aetna – or with any other business partner – is confidential.

2004461925_1                                       - 3 -

10.  Ms. Boyer's second declaration is practically identical to her first declaration, except for one new, distinct point: In paragraph 4 she adds "or other information about the business relationship" to "the specific terms of its agreements" as information that MDx purportedly "does not disclose . . . outside of MDx." [622-1 at p. 2, ¶ 4]. Just because MDx only discloses its victories publically and does not disclose its defeats "outside of MDx" does not mean this Court is so bound.

11.  The issue here is not the protection of contract terms or details governing a contractual relationship. Rather, MDx asks this Court to be a party to withholding truthful general information that leaves the earlier (now incorrect) statements by MDx appear to be true when they are not. The First Amendment abhors the suppression of information even if the suppressed information is erroneous. Under no circumstance should truthful general information be kept from the public by judicial decree.

12.  This is not the first time MDx has made a baseless request for restriction in this case. On April 24, 2013, MDx moved to restrict a legal brief filed by Health Grades [Doc. #566]. In its Order denying the motion the Court observed:

> I have carefully reviewed the legal brief which MDx seeks to restrict. It principally is composed of legal argument which certainly is not a trade secret or otherwise entitled to restriction. **The brief contains substantial allegations of misconduct by MDx's patent counsel which it may find embarrassing, but that also is not a trade secret entitled to restriction.** I have been unable to identify anything in the brief which reasonably may be considered a trade secret entitled to restriction from public view, and MDx has intentionally failed in the Motion to provide any guidance in that regard.

[Doc. #576 at p. 3] (Emphasis added.)

13. Similarly, while MDx may find it embarrassing that the contract with Aetna that it touted publically last year REDACTED , that information is not a trade secret entitled to restriction. Other than the bald, conclusory assertions, MDx has failed to carry its burden to "[i]dentify a clearly defined and serious injury that would result if access is not restricted" and to "[e]xplain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question." D.C.COLO.LCivR 7.2B(3)-(4).

14. For the foregoing reasons, Health Grades respectfully requests the Court deny MDx's request to restrict access to references to the fact that REDACTED , and that it order MDx to re-submit versions of documents 611, 611-1, 611-2, 611-3 and 611-4 in which all references to the REDACTED are included in the public record. Health Grades does not at this time oppose the other restrictions proposed by MDx[1].

Respectfully submitted this 30th day of October, 2013.

---

[1] At the public trial there will undoubtedly be a comprehensive review of the public's right of access to information that has been sealed simply in order to facilitate the discovery process.

2004461925_1 - 5 -

LEWIS ROCA ROTHGERBER LLP

*s/ Kris J. Kostolansky*
Gregory B. Kanan, Esq.
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
1200 17th Street, Suite 3000
Denver, Colorado 80202
Tel: (303) 623-9000
Fax: (303) 623-9222
Email: gkanan@lrrlaw.com
kkosto@lrrlaw.com
jvazquez@lrrlaw.com

*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2013, I electronically filed the foregoing **HEALTH GRADES' RESPONSE TO MDx MEDICAL, INC.'S PARTIALLY OPPOSED MOTION TO RESTRICT ACCESS TO DOCUMENTS – DOCUMENT NOS. 611, 611-1, 611-2, 611-3 AND 611-4** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Scott David Stimpson
Mark Jon Rosenberg
David Chunyi Lee
Scott B. Murray
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY 10112
Email: sstimpson@sillscummis.com
Email: mrosenberg@sillscummis.com
Email: dlee@sillscummis.com
Email: smurray@sillscummis.com

Terence M. Ridley
Wheeler Trigg O'Donnell, LLP
370 17th Street, Suite 4500
Denver, CO 80202-5647
Email: ridley@wtotrial.com

*s/ Kris J. Kostolansky*
Gregory B. Kanan, Esq.
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Rothgerber Johnson & Lyons, LLP
1200 17th Street, Suite 3000
Denver, Colorado 80202-5855
Tel: (303) 623-9000
Facsimile: (303) 623-9222
Email: gkanan@rothgerber.com
        kkostolansky@rothgerber.com
        jvazquez@rothgerber.com

*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*