# EXHIBIT B

# Vincent M. Ferraro

| | |
|---|---|
| **From:** | Scott D. Stimpson |
| **Sent:** | Wednesday, February 01, 2012 4:50 PM |
| **To:** | 'Vazquez, Jesus' |
| **Cc:** | Scott Murray; David C. Lee |
| **Subject:** | Discovery issues |

Jesus:

This is with regard to a number of discovery issues.

<u>Health Grades 30(b)(6) Topics</u>

The 34 topics in your 30(b)(6) deposition notice are vastly overbroad and burdensome, call for irrelevant information, and are completely unfocused on the issues of the case. Indeed, the sheer number of topics is staggering, and seems an attempted end-run around the limits on depositions to which you agreed, and that were imposed by the Court. We consider this deposition request to be in violation of Federal Rule 26(g). We are happy to discuss the topics with you and try to reach a compromise, but we will not produce witnesses on all these topics. See, e.g, Brunet v. Quizno's Franchise Co. LLC, 2008 U.S. Dist. LEXIS 105603, 8-9 (D. Colo. Dec. 23, 2008).

At least the following requests are overbroad, unduly burdensome, and call for irrelevant information: 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 25, 26, 27, 28, 29, 30, 31, 32, 34.

While of course we object to the disclosure of any privileged and work product information at these depositions, the following requests seem specifically directed to such information: 2, 18, 19, 20, 22, 25. No privileged or work product information will be disclosed, nor will any opinions of counsel be disclosed before the date ordered by the court.

At least the following request is also vague: 11.

The following are objectionable as calling for expert testimony: 2, 19, 20, 21.

Please let me know a good time for a meet and confer on these issues.

<u>Motion to Further Amend Inequitable Conduct</u>

At the hearing last week, I asked you if HG would consent to an amendment to our inequitable conduct allegations, to include the newly-discovered prior art (the same art you recently agreed could be added to our invalidity contentions). We intend to add Mr. Blackman to the allegations, too.

Frankly, I don't think this is necessary, from my review of the case law, but it is not terribly clear and so in an abundance of caution we will seek leave to amend.

We look forward to hearing from you soon.

<u>Health Grades Supplemental Response to Interrogatory 6</u>

HG did not comply with the Court order. There are many deficiencies, and this email is to put you on notice that, absent a detailed and proper response within 5 business days, we will move to preclude HG from introducing any evidence not identified in this response.

Some of the more glaring deficiencies:

(1) You do not adequately address facts corresponding to the Georgia Pacific factors, including:

1

- 3 (this does not address the Health Grades licenses).
- 6 (no HG information is provided)
- 7 (term of the license is not addressed)
- 8-10 (HG provides no factual support whatsoever)
- 11-13 (again, HG provides no factual support -- just bald allegations)
- 15 (again, HG provides no factual support).

(2) As for you lost profits analysis, it says nothing and provides absolutely no supporting facts for a lost profits analysis.  At this very late stage, after a court order for this information, it is not sufficient for HG to claim that it is still "evaluating" this issue -- HG was ordered to produce this information.

Deposition Dates

Please give us dates in late February or early March for Messrs. Neal, Dodge, and Blackman, and identify which deponents will handle which of the 30(b)(6) issues.

I also suggest we schedule the MDx depositions.  Please let me know if you want to schedule dates.


We look forward to hearing from you soon.

Scott

