# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**PLAINTIFF HEALTH GRADES, INC.'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS**

Pursuant to Federal Rules of Civil Procedure 26, 34, and the Court's June 16, 2011 Order, Plaintiff Health Grades, Inc. hereby requests that Defendant MDx Medical, Inc. produce and permit Plaintiff to inspect and copy all documents, electronically stored information, and tangible things responsive to these Requests at the offices of Rothgerber Johnson & Lyons, LLP, One Tabor Center, Suite 3000, 1200 17th St., Denver Colorado 80202.

**DEFINITIONS**

As used in these Requests, the following terms have the meanings indicated below:

1.    "Health Grades" means Health Grades, Inc. and any subsidiaries, affiliates, divisions, and/or corporate predecessors (whether partially or wholly owned), as well as any parent companies or holding companies of Health Grades, Inc., and every present and former officer, director, managing agent, employee, attorney, consultant, expert, and all other persons purporting to act on behalf of Health Grades, Inc. or its subsidiaries, affiliates, divisions, or corporate predecessors (whether partially or wholly owned), as well as any parent companies or holding companies of Health Grades, Inc.

2.    "Plaintiff" means Health Grades.

{00950940 / 1}

3. "MDx Medical" means MDx Medical, Inc. and any subsidiaries, affiliates, divisions, and/or corporate predecessors (whether partially or wholly owned), including Vitals.com, as well as any parent companies or holding companies of MDx Medical, Inc., and every present and former officer, director, managing agent, employee, attorney, consultant, expert, and all other persons purporting to act on behalf of MDx Medical, Inc. or its subsidiaries, affiliates, divisions, or corporate predecessors (whether partially or wholly owned), as well as any parent companies or holding companies of MDx Medical, Inc.

4. "Defendant" "you," or "your" means MDx Medical.

5. "Documents," "Electronically Stored Information," and "Tangible Things" are defined broadly to be given the full scope of those terms contemplated in Federal Rules of Civil Procedure 26 and 34. including, without limitation, any written, printed, typed, recorded, computerized or electronic data, taped, filmed, graphic or other matter, in whatever form, whether in final or draft, however produced or reproduced, and any written or original, master, duplicate, paper copy or electronic copy. "Documents" shall further include all aural, visual records or representations (including, without limitation, photographs, negatives and prints), microfiche, microfilm, film, videotape, sound recordings, and motion pictures and computer, electronic, mechanical or electric records or representations of any kind (including, without limitation, tapes, cassettes, discs, recordings, programs, etc.). "Electronic data" includes without limitation all text files (including word processing documents and presentations), spread sheets, electronic mail documents (emails), instant messages including those saved as files and stored on computer systems, databases, calendars, computer system activity logs, audit trails, data used for electronic data interchange, internet usage files, network access information, voice mail, digitized audio, digital image files, video files *(e.g.,* data stored in MPEG, JPEG, GIF, TIFF and

BMP formats) and any other information stored magnetically, optically or electronically, and data stored on workstations, laptops, network servers, removable media, handheld devices, backup tapes, hard disk drives, diskettes, and other computer media such as magnetic tape, floppy disks, memory sticks and recordable optical disks. "Documents" shall include, without limitation, any record of all or any portions of any discussion, communication, agreement, conversation, interview, meeting, conference, conclusion, fact, impression, occurrence, opinion, report or other similar matter, and also shall include, without limitation, all correspondence, papers, e-mail, cablegrams, mailgrams, telegrams, notes, memoranda, summaries, abstracts, worksheets, books, manuals, publications, engineering reports and notebooks, plats, charts, plans, diagrams, sketches or drawings, photographs, reports and/or summaries of investigations and/or surveys, opinions and reports of appraisers or consultants, projections, corporate records, minutes of board of directors or committee meetings, desk calendars, appointment books, diaries, diary entries and notes, newspapers, magazines, or periodical articles, and other record of any kind.  A draft or non-identical copy (including copies with stamps, initials, comments, notations or other markings) is considered a separate document or piece of electronically stored information.

6.     "Person" or "Entity" means any natural person or, without limitation, any business, proprietorship, corporation, association, organization, joint venture, trust, partnership, corporation, or other collective organization. The acts of a Person or Entity shall include the acts of directors, officers, owners, members, employees, agents, attorneys, or other representatives acting on the Person's or Entity's behalf.

7.     "Patent in suit" or "'060 patent" means United States Patent No. 7,752,060 B2.

8. "Infringe" and "Infringement" refer to literal infringement and/or infringement under the doctrine of equivalents.

9. "Product" means a machine, manufacture, apparatus, device, instrument, mechanism, appliance, or assemblage of components or parts (either individually or collectively), which are designed to function together electrically, mechanically, chemically, or otherwise, to achieve a particular function or purpose, including those used, manufactured, sold, offered for sale, or under development.

10. "Accused Products" for purposes of these discovery requests, shall mean any system, including software, hardware and/or network architecture, that is capable of performing a search for information relating to healthcare providers, e.g., physicians, hospitals, nursing homes, treatment facilities, etc., including without limitation all versions of the www.vitals.com website. The term "Accused Products" shall also include all services provided in relation to Accused Products and all products that incorporate the Accused Products.

11. "Product incorporating an Accused Product" or "Product incorporating the same" means and includes all Products that contain any Accused Product.

12. The terms "use" and "using" include without limitation use in testing, use in development, use in demonstrating, use in selling, use in training, and use by a customer or consumer.

13. "Relating to," "related to," "relate to," "referring to," "refers to" or "refer to" mean and include concerning, reflecting, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, referring to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, and/or supporting.

14. "Communication" means any contact, oral or written, whereby information of any nature is transmitted or transferred, including without limitation, a person(s) seeing or hearing any information by any means and any document or electronically stored information memorializing or referring to the contact.

15. "Identify," "identity," or "identification" means:

(1) when used with reference to a natural person, to state the person's full name, address, and telephone number, and state the person's present or last known position and employer.

(2) when used with reference to any entity (including without limitation corporation, company, firm, partnership, joint venture, association, governmental body or agency, or persons other than a natural person), to state the full legal name of the entity, the place of incorporation or organization, the address and telephone number of the principal place of business, and the nature of the business conducted by that entity.

(3) when used with reference to any document or electronically stored information, to summarize the substance of the document or electronically stored information and state the document's or electronically stored information's title, date, form (*e.g.*, letter, memorandum, email, etc.), production number range, author(s), recipient(s), the present location of the document or electronically stored information, and the name of its present custodian; if the document or electronically stored information existed at one time but does not presently exist, the reason(s) why it no longer exists and the identity of the last person having custody of it; and, if the document or electronically stored information is in a foreign language, whether an English

translation of the document or electronically stored information exists, whether partial or complete.

(4) when used with reference to a tangible thing, to provide: (i) any model or catalogue number; (ii) any article or model name; (iii) any technical or promotional materials describing the article or its use; and (iv) the dates and locations of its production.

(5) when used with reference to any communication, to (1) summarize the substance of the communication; (2) state the date and place of the communication; (3) identify each person who was present at, involved in, connected with or who participated in the communication; (4) state the form of communication (*e.g.*, telephone call, meeting, letter, etc.); and (5) identify each document and electronically stored information memorializing or referring to the communication.

16. "Any" and "all" shall be construed to mean both any and all.

17. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

18. The singular form of a word should be interpreted in the plural as well, and vice versa.

19. It is understood that nothing within the Definitions, Instructions, or Requests set forth within these discovery requests should be construed as any proposal, statement or admission regarding the meaning of any term or phrase of any claim of the Patent in suit.

**INSTRUCTIONS**

A. These Requests shall apply to all documents, electronically stored information, and tangible things in your possession, custody or control at the present time or coming into your

possession, custody or control prior to the date of the production. If you know of the existence, past or present, of any documents, electronically stored information, or tangible things requested below, but are unable to produce such documents, electronically stored information, or tangible things because they are not presently in your possession, custody, or control, you shall so state and shall identify such documents, electronically stored information, or tangible things, and the person who has possession, custody or control.

B.  If no documents, electronically stored information, or tangible things are responsive to a particular request, you are to state that no responsive document, electronically stored information, or tangible thing exists.

C.  For any responsive documents, electronically stored information, or tangible things that have been lost, destroyed or withheld from production based on any ground other than privilege, you shall provide a written statement setting forth:

(1)  the identity of the document, electronically stored information, or tangible thing;

(2)  the nature of the document, electronically stored information, or tangible thing (*e.g.*, letter, memorandum, chart);

(3)  the identity of the person(s) who received copies of the document, electronically stored information, or tangible thing;

(4)  the date of the document, electronically stored information, or tangible thing;

(5)  a brief description of the subject matter of the document, electronically stored information, or tangible thing; and

(6) the circumstances of the loss or destruction of the document, electronically stored information, or tangible thing and any fact, statute, rule or decision upon which you rely in withholding the document.

D. If you decline to produce any document or electronically stored information or part thereof based on a claim of privilege or work product, describe the nature and basis of your claim and the information withheld in a manner sufficient:

(1) to disclose the facts upon which you rely in asserting your claim;

(2) to permit the grounds and reasons for withholding the information to be identified unambiguously; and

(3) to permit the information withheld to be identified unambiguously.

E. All documents and electronically stored information requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket or grouping, in the same order or manner of arrangement as the original.  Alternatively, as to each document, electronically stored information, and tangible thing produced in response hereto, you shall identify the request for production and where applicable, the interrogatory number, in response to which the document, electronically stored information or tangible thing is being produced. Where a document exists in hard copy and electronic format, you shall produce both the hard and the electronic copy.

F. These Requests seek all responsive documents in their original language and, if such original language is not English, these Requests also seek all English-language translations that may exist for any such documents.

G.  You shall keep and produce a record of the source of each document and electronically stored information produced. This shall include the name and location of the file where each document and electronically stored information was located and the name of the person, group or department having possession, custody or control of each document and electronically stored information.

H.  A party is under a duty to seasonably amend a prior response to a request for production. *See* Fed. R. Civ. P. 26(e).

## REQUESTS

### REQUEST NO. 1

All documents and electronically stored information for which identification is requested in Plaintiff's Interrogatories to MDx Medical, Inc. d/b/a/ Vitals.com, or relied on in the preparation of Defendant's responses to those interrogatories, as well as all documents and electronically stored information identified in Defendant's Initial Disclosures.

### REQUEST NO. 2

All documents and electronically stored information relating to the structure, function, operation, development and implementation of the Accused Products (in whatever form or format they exist, including paper or electronic copy and in whatever computer language or format they may exist (i.e., Java, HTML, XML, C, etc.), including without limitation:

a.  Functional and/or design specifications, high-level design documents, flow charts, drafts, source code, database schema, instruction manuals, training manuals, use manuals, implementation manuals, or support documentation, administrative screen shots, and any and all works from which such automated process, method, system, apparatus or device are derived;

{00950940 / 1}    - 9 -

      b.      Documents sufficient to show the structure or architecture of the computer system or software that operates, supports, is used to implement or maintain the Accused Products, applications, services, processes, including block diagrams, data structure diagrams, system architecture diagrams, database layouts and software flow charts;

      c.      Documents related to agreements, contracts, licenses, arrangements, permissions, term sheets, memoranda of understanding and letters of intent related to third-party developed technology used by MDX as part of its Accused Products;

      d.      Documents related to technical descriptions, requirements, specifications, and other documents sufficient to enable a software engineer or programmer to understand the operation of any third-party developed technology used by MDX as part of its Accused Products;

      e.      A copy of each executable and demonstration version of the Accused Products code, including all DLL (Dynamic Link Library) files, databases (such as sample or test databases) and other software objects and connections necessary to create and use a working Accused Products;

      f.      A copy of each executable and demonstration version of code for all of the Accused Products currently or previously existing, or to be released in the future, including all DLL (Dynamic Link Library) files, databases (such as sample or test databases) and other software objects and connections necessary to create and use a working version of the Accused Products;

      g.      Documents relating to research, development, testing, design of, structure, function, operation, use, or process of manufacture of the Accused Products, including, but not limited to, drawings, prototypes, notes, notebooks, workbooks, project reports, correspondence, memoranda, studies, and test results; documents discussing or making reference to the quality,

value, acceptability, workability, performance, or benefits of any Accused Products, including any communications with any Person who has used an Accused Product praising, criticizing, or otherwise commenting on any Accused Product or Product incorporating the same;

      h.      Training documents including without limitation any documents that are designed to teach someone how to use the Accused Products;

      i      Technical articles, conference papers, and technical or marketing presentations that relate to any Accused Products and/or the method and/or process of using and/or making any Accused Products;

      j.      Documents and electronically stored information referring to, relating to, or comprising any license entered into or proposed by the Defendant to obtain rights to make, use, or sell the Accused Products;

      k.      Documents relating to any request by any person for a license or indemnity from the Defendant for any of the Accused Products, including without limitation information referring to, relating to, or comprising any decision by the Defendant to issue a license to any person for rights to any of the Accused Products;

      l.      Documents that relate to any entities authorized or licensed to make, use, import into the United States, distribute, and/or sell the Accused Products, including without limitation, all sales and distribution agreements, purchase orders, and invoices;

      m.      Articles, publications. reports or other printed materials dated prior to August 29, 2006 that relate in any way to Accused Products;

      n.      Documents and things sufficient to establish the date of introduction, production, implementation and/or launch by MDX or its predecessors of its Accused Products in the United

States, as well as any feature or function of the Accused Products as they were first introduced, produced, implemented and/or launched;

  o. Documents that relate to any disputes, complaints, lawsuits, litigations, arbitrations, mediations or other dispute resolution proceedings in which MDX has been or is currently involved and which relate in any way to the Accused Products; and

  p. Documents sufficient to show the performance, specifications and/or functional characteristics and capabilities of the Accused Products.

**REQUEST NO. 3**

All documents and electronically stored information that relate to advertising and marketing of the Accused Products, including, but not limited to, memberships and advertising *within* the Accused Products, including advertising space purchased by healthcare providers, promotional materials, press releases, displays, demonstrations, presentations, speeches, seminars, webinars, sales pitches, training programs, trade journal articles, memberships, advertisements, catalogs, web pages, documents prepared for trade shows and meetings, package inserts, technical data sheets, specifications, price lists, sales presentations, and sales and marketing forecasts and projections, and awards for the Accused Products.

**REQUEST NO. 4**

All documents and things that relate to the nature and extent of any damages suffered by Health Grades as a result of MDX's direct and indirect infringement of the patent in suit, including, without limitation:

  a. Documents that relate to any offers for sale of the Accused Products, any sales of the Accused Products, and/or any revenue associated with the Accused Products, including, but

not limited to, documents sufficient to show Defendant's actual and expected gross revenues, net profits, sales, sales prices, membership fees, and advertising revenues;

      b.     All annual, semi-annual, quarterly, and monthly reports, or other documents or electronically stored information, that set forth or include your expenses incurred in connection with the Accused Products, including, but not limited to, direct labor costs, selling costs, advertising costs, variable overhead costs, and all other costs associated with the manufacture, distribution, and sale of the Accused Products;

      c.     Documents that relate to any agreements, contracts, licenses, permissions, arrangements, memoranda of understanding, term sheets and letters of intent between and among MDX and any other entity pertaining to the acquisition of the right to use any technology relating to the Accused Products, applications, services, processes, including, without limitation, documents related to evaluating the value of such technology;

      d.     Documents that relate to each product, system, apparatus, process or service MDX contends is an acceptable non-infringing alternative to the current Accused Products and/or Service(s);

      e.     Documents that relate to what MDX considers to be an established or usual royalty in the industry to which the patent in suit relates;

      f.     Documents that relate to the nature, size and scope of the market for, the availability of, and the demand for Accused Products or services in general, and/or the Accused Products and services in particular;

      g.     Documents that relate to MDX's market share as a percentage of total sales in the Accused Products business, whether expressed in units or dollars;

  h. Documents that relate to the Accused Products, processes, products or services that have been marketed, used, or sold in competition with or as an alternative to the Accused Products, processes, products or services, including any competitive analyses of Accused Products;

  i. Documents that relate to or constitute license agreements to which MDX is a party and which refer or relate to MDX's systems, products, applications, services, processes or their components or to Accused Products or their components;

  j. All annual reports for MDX from 2008 to present;

  k. All financial statements (audited and unaudited), financial projections or forecasts, and profit and loss statements prepared by MDX or on behalf of MDX from 2008 to present; and

  l. All business plans including, but not limited to, strategic plans, operating plans, marketing plans, financial plans, production plans, sales plans and capital or investment plans relating to the Accused Products.

  m. Documents that embody, reflect, refer, or relate to MDX's standard accounting procedures or guidelines.

**REQUEST NO. 5**

All documents and things that refer to, relate to or evidence any steps, procedures or efforts made by MDX to avoid infringement of any patent, including, without limitation, documents and things that relate to any effort to design, redesign or modify the Accused Products and including without limitation

**REQUEST NO. 6**

All documents and electronically stored information that relate to any actual or proposed modification, improvement, or change in any Accused Product or Product incorporating the same, or any method and/or process of using and/or making any Accused Product or Product incorporating the same, including attempts to design or re-design products or methods and/or processes to avoid infringement of the Patent in suit and any Accused Product or Product incorporating the same that is being planned, that has been designed, and/or that is in development.

**REQUEST NO. 7**

All documents and electronically stored information sufficient to identify Defendant's customers, healthcare providers, and/ or users of the Accused Products, including registered users of www.vitals.com, healthcare providers who are members of the Accused Products, and any person or entity who has bought advertising space on www.vitals.com.

**REQUEST NO. 8**

All documents related to patents, pending patent applications, invention disclosures, patentability searches, and conception documents to which MDX has an ownership interest or license, including draft claims, prior art related to the patent or patent application, assignment documents, chain of title documents, license agreements, draft figures, correspondence between MDX or its representatives and the United States Patent and Trademark Office or any other associates.

**REQUEST NO. 9**

All documents and electronically stored information relating to any patentability or prior art investigation, search, study, evaluation, review, monitoring, or testing related to the Patent in suit, including, but not limited to, documents relating to whether the manufacture, use, offer to

sell, or sale of any Accused Product or Product incorporating the same does or does not infringe any claim of the Patent in suit.

**REQUEST NO. 10**

Documents and electronically stored information sufficient to describe each of the Defendant's document retention, management, and/or destruction policies, including those with respect to e-mail.

**REQUEST NO. 11**

All documents that refer or relate to, or support, any defense that the Defendant intends to assert in this litigation, including, but not limited to, alleged non-infringement, invalidity, and unenforceability.

**REQUEST NO. 12**

All documents and electronically stored information relating to the Plaintiff, or any of Plaintiff's products, including without limitation, documents in Defendant's possession that relate to Plaintiff's Health Grades website and/or products, including without limitation marketing materials, brochures, drawings, product literature, notes, package inserts, correspondence, memoranda, reports, test results, comparisons, research and development materials, laboratory notebooks, training materials, manuals, labeling, or other instructional documents or materials, and the source of and the manner in which you obtained the information.

**REQUEST NO. 13**

All documents and electronically stored information relating to the patent in suit, including without limitation:

    a.    All technical articles, conference papers, and technical or marketing presentations that relate to the subject matter described in the patent in suit;

b. All patents, publications, written descriptions, or prior art references or related document of which you are aware that concern, disclose, describe, or claim any invention disclosed, described or claimed in the patent in suit, or the method and/or process of using and/or making any such invention;

c. All documents that relate to any document, reference, or activity alleged by anyone to be prior art to the patent in suit, or to affect the validity, enforceability or scope of the patent in suit, including knowledge or use by others of any invention disclosed, described, or claimed in the patent in suit, and any prior art reference or potential prior art reference located by, reviewed by, or cited to you during any study or search of domestic or foreign patents, literature, or other published materials relating in any manner to the patent in suit, including without limitation, any study, search, or analysis to determine the patentability, validity, enforceability, or scope of any of the claims of the patent in suit;

d. All documents that Defendant believes either alone or in combination anticipate or render obvious or in any other way render any claims of the patent in suit invalid or unenforceable, and information relating to any evaluation of possible liability for patent infringement should the Defendant commence or continue to make, use, distribute, offer to sell, or sell any Accused Product or Product incorporating the same, including without limitation, any internal notes or memoranda;

e. All articles and internal technical memoranda authored by you that relate to the subject matter described, disclosed, or claimed in the patent in suit;

f. Each textbook, periodical, handbook, technical article, report, printed publication or other literature, reference or document that was dated prior to August 29, 2006, or that you reviewed, possessed, used or had knowledge of prior to August 29, 2006 relating in whole or in

part to any device, apparatus, system, method or process embodying any element of any claim of any of the formulas, schematics, descriptions, printouts or web sites, invention disclosures, charts, or examples of a device, apparatus, system, method or process embodying any element of any claim of the patent in suit;

      g.      Communications regarding the patent in suit or this litigation, including without limitation, any reports, statements, or analyses by third parties; and

      h.      Documents that relate to any analysis of whether any of the inventions that are disclosed and/or claimed in the patent in suit were offered for sale or placed on sale or in public use before August 29, 2005, including, without limitation, all legal research, all analyses of priority dates, all witness interviews, and all documents reflecting MDX's, Health Grades', or third-party sales of, offers to sell, or public use of such inventions.

HEALTH GRADES, INC.

By its Attorneys,

Date:  July 25, 2011                      *s/ Jesús M. Vazquez*
                                                    Kris J. Kostolansky, Esq.
                                                      Jesús M. Vázquez, Jr., Esq.
                                                      Jeffrey D. Phipps, Esq.
                                                      Rothgerber Johnson & Lyons, LLP
                                                      1200 17th Street, Suite 3000
                                                      Denver, Colorado 80202-5855
                                                      Tel:   (303) 623-9000
                                                      Facsimile: (303) 623-9222
                                                      Email: kkosto@rothgerber.com
                                                                      jvazquez@rothgerber.com
                                                                      jphipps@rothgerber.com

                                          *Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

## CERTIFICATE OF SERVICE

  I hereby certify that on July 25, 2011, I electronically served the foregoing **PLAINTIFF HEALTH GRADES, INC.'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS** to the following e-mail addresses:

David Chunyi Lee
Sills Cummis & Gross P.C. – New York
One Rockefeller Plaza, 25th Floor
New York, NY  10020
Email: dlee@sillscummis.com

Mark Jon Rosenberg
Sills Cummis & Gross P.C.-New York
One Rockefeller Plaza, 25th Floor
New York, NY  10020
Email: mrosenberg@sillscummis.com

Terence M. Ridley, Esq.
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
Email: ridley@wtotrial.com

Ramona L. Lampley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
Email: lampley@wtotrial.com

Scott David Stimpson
Sills Cummis & Gross P.C.-New York
One Rockefeller Plaza, 25th Floor
New York, NY  10020
Email: sstimpson@sillscummis.com

             *s/ Jesús M. Vazquez*
             Jesús M. Vázquez, Jr., Esq.