**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S EXPEDITED MOTION TO COMPEL SEVEN HOURS FOR THE AGREED CONTINUATION OF HEALTH GRADES, INC.'S TECHNICAL EXPERT DEPOSITION**

---

Pursuant to Rule 30(d)(1) of the Federal Rules of Civil Procedure, Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, hereby moves for an expedited order allowing MDx seven hours for the agreed continuation of Dr. Greenspun's deposition, Health Grades, Inc.'s ("Health Grades") technical expert, which is currently scheduled for January 6, 2014 (the "Motion").

Pursuant to *D.C.COLO.LCivR* 7.1(A), MDx's counsel conferred with counsel for Health Grades regarding this Motion, and Health Grades indicated that it opposes the relief requested herein. Moreover, MDx's counsel and counsel for Health Grades have agreed to an expedited briefing schedule in light of Dr. Greenspun's deposition date (January 6, 2014 – approximately one month away) and the impending holiday season. Health Grades has agreed to submit its opposition to this Motion with the Court twelve (12) days from the date of this Motion.

1

Dr. Greenspun was deposed in September of 2012. Since that time, the Court has allowed Health Grades to amend its complaint to add complicated infringement claims relating to third parties, Aetna and iTriage (Magistrate Boland's Order, dated Jan. 11, 2013, Dkt. # 480), and Dr. Greenspun has served well over a thousand pages of additional expert reports, demos, and infringement analyses, including: (1) infringement allegations against iTriage's smartphone application; (2) infringement allegations against iTriage's website; (3) new infringement allegations against the MDx website; and (4) new analyses of Health Grades' website in alleged support of commercial success and other allegations. ***There are (1) more than two hundred paragraphs and more than 40 pages of expert reports relating to these new allegations; (2) nine additional "demos" of alleged infringement and claim analyses; and (3) over one thousand pages of new exhibits.***

MDx has not deposed Dr. Greenspun regarding paragraphs 227-312 of his original report of July 13, 2012 (*see* Expert Report of Philip Greenspun, dated July 13, 2012, Dkt. No. 305-1), because those claims were not added to the case until after the first Greenspun deposition, nor has MDx had an opportunity to depose Dr. Greenspun regarding his entire supplemental report of September 9, 2013 (*see* Supplemental Expert Report of Philip Greenspun, dated September 9, 2013, Dkt. No. 612-6), including all the corresponding exhibits. Moreover, since Health Grades has expanded its infringement analyses and accused new features and functionality of infringing the claim elements, Health Grades is broadening the scope of how it is interpreting the claims of the '060 patent, thus requiring MDx to test these new analyses of this expert against the prior art. *Upsher-Smith Labs. v. Pamlab, L.L.C.*, 412 F.3d 1319, 1322 (Fed. Cir. 2005) (citing *Schering Corp. v. Geneva Pharms., Inc.*, 339 F.3d 1373, 1379 (Fed. Cir. 2003) (citing *Bristol-Myers*

*Squibb Co. v. Ben Venue Labs., Inc.*, 246 F.3d 1368, 1378 (Fed. Cir. 2001))) ("A century-old axiom of patent law holds that a product 'which would literally infringe if later in time anticipates if earlier.'").

Under Rule 30(d)(1) of the Federal Rules of Civil Procedure, the "Court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent." Indeed, the Advisory Committee contemplated the use of this rule to allow additional time to depose experts. *Advisory Committee Notes on Rules—2000 Amendment* ("[W]ith regard to expert witnesses, there may more often be a need for additional time—even after the submission of the report required by Rule 26(a)(2)—for full exploration of the theories upon which the witness relies."). The need for an additional seven hours is particularly appropriate here. While, as would be expected, there are some claim elements for the new Vitals website that have the same analysis as the prior analyses (*see* Supplemental Rebuttal of Richard G. Cooper, D.Sc. (MDx's technical expert), dated Oct. 9, 2013, Dkt. # 626-2), there are many areas to be examined that are completely new, including all the indirect infringement allegations, the new allegations regarding Health Grades' website, and numerous areas where Dr. Greenspun has expanded his net of infringement for the new Vitals website. Indeed, the first deposition of Dr. Greenspun addressing his original infringement and validity expert reports encompassed less than half of the report and exhibits pages at issue for this continued deposition.

Despite Health Grades' earlier agreement that Dr. Greenspun would need to be deposed again, Health Grades' counsel refuses to allow more than the ***2.5 hours*** of additional deposition, thus forcing MDx to file this motion with the Court. *See* Letter from Health Grades' counsel to counsel for MDx re Supplemental Expert Depositions, dated Nov. 20, 2013, attached hereto as

3

Exhibit A.  But 2.5 hours is not remotely sufficient to depose Dr. Greenspun on the many new infringement claims and analyses now being asserted by Health Grades and the voluminous amount of new documents he now relies on to form his opinions.  Given that all these new issues and analyses need to be fully addressed, and invalidity analyses will also come into play based on Dr. Greenspun's expanded infringement analyses, MDx respectfully requests seven additional hours of deposition.  Such a request is routinely granted by Courts where the case involves complex claims and issues and voluminous amounts of documents and evidence, as in this case. *See Chytka v. Wright Tree Serv.*, 2012 U.S. Dist. LEXIS 77510, 2-5 (D. Colo. June 4, 2012) (granting an additional seven hours to depose plaintiff where, for example, the plaintiff asserted a large number of causes of action and the volume of documents was large); *J.M. Smith Corp. v. Ciolino Pharm. Wholesale Distribs., LLC*, 2012 U.S. Dist. LEXIS 152741, *13-15 (E.D. La. Oct. 24, 2012) (allowing a second deposition of defendant's expert (for an unspecified amount of time) where a supplemental report containing new evidence and conclusions was served after the first deposition); *Hill v. Kaiser-Francis Oil Co.*, 2012 U.S. Dist. LEXIS 20835, *7-8 (W.D. Okla. Feb. 17, 2012) (granting a total of fourteen hours to depose plaintiff's damages expert, finding that defendant "would be hard pressed to complete [the deposition] in seven hours," where plaintiff's expert was serving as its primary expert on damages and her opinion was based on a voluminous amount of information); *Petersen v. DaimlerChrysler Corp.*, 2010 U.S. Dist. LEXIS 83225, *16-17 (D. Utah July 29, 2010) (holding defendant demonstrated good cause to extend deposition times for plaintiff's experts, for an unspecified amount of time beyond 7 hours, where plaintiff's experts formed multiple opinions on complex issues and relied on hundreds of documents in forming their opinions); *Ice Corp. v. Hamilton Sundstrand Corp.*, 2007 U.S. Dist.

4

LEXIS 39699, *9-10 (D. Kan. May 30, 2007) (allowing a second deposition of defendant's expert for an unspecified amount of time where a supplemental report containing new facts and opinions was issued after the first deposition). Good cause exists here because, based on the fact that Dr. Greenspun's first deposition lasted over 7 hours covering less material, it would be impossible to complete a supplemental deposition, covering more material, in less than 7 hours.

The Scheduling Order issued in this case (Dkt. # 34) expressly contemplated the current situation and indicated that the "parties anticipate amicably resolving any issues regarding the length of depositions." Scheduling Order, dated June 16, 2011, Dkt. # 34, at 8-9 ("The parties anticipate some depositions will take longer than one day and agree that depositions will be continued for a reasonable time until completed."). But counsel for Health Grades stated that they would only allow 2.5 hours, and would not budge, even when counsel for MDx reluctantly offered a compromise of 5 hours. Health Grades will not suffer any prejudice if Dr. Greenspun is deposed for an additional 4.5 hours beyond what it has already agreed.

**Conclusion**

For the foregoing reasons, MDx respectfully requests that the Court grant this expedited motion to compel seven hours for the agreed continuation of Dr. Greenspun's deposition.

Dated:  December 2, 2013                                  Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson                                         Terence Ridley, Atty. No. 15212
Trent S. Dickey                                           Wheeler Trigg O'Donnell LLP
David C. Lee                                              370 Seventeenth Street, Suite 4500
Vincent M. Ferraro                                        Denver, Colorado 80202
Sills Cummis & Gross P.C.                                 Tel:  (303) 244-1800
30 Rockefeller Plaza                                      Fax:   (303) 244-1879
New York, New York 10112                                  E-mail: ridley@wtotrial.com
Tel: (212) 643-7000
Fax: (212) 643-6500                                       *Attorneys for Defendant*
E-mail: sstimpson@sillscummis.com                         MDx Medical, Inc. d/b/a VITALS.COM
E-mail: tdickey@sillscummis.com
E-mail: dlee@sillscummis.com
E-mail: vferraro@sillscummis.com

6

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2013, I electronically filed the foregoing **MDX MEDICAL, INC.'S EXPEDITED MOTION TO COMPEL SEVEN HOURS FOR THE AGREED CONTINUATION OF HEALTH GRADES, INC.'S TECHNICAL EXPERT DEPOSITION** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Jesus Manuel Vazquez, Jr.
  jvazquez@lrrlaw.com, phenke@lrrlaw.com

- Gregory B. Kanan
  gkanan@lrrlaw.com

- Kris John Kostolansky
  kkosto@lrrlaw.com

- Scott David Stimpson
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- Trent S. Dickey
  tdickey@sillscummis.com

- David Chunyi Lee
  dlee@sillscummis.com

- Vincent Marc Ferraro
  vferraro@sillscummis.com

- Terence M. Ridley
  ridley@wtotrial.com, norris@wtotrial.com

                                                             _s:/Vincent M. Ferraro_