Civil Action No. 11-CV-00520-RM-BNB

**HEALTH GRADES, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT [DOC. # 369]**

---

**Exhibit BB**

**September 6, 2013 Email from Scott Stimpson to Jesus Vazquez and Kirstin Stoll-DeBell**

2004528361_1

**From:** Kirstin Stoll-DeBell
**Sent:** Thursday, October 03, 2013 12:49 PM
**To:** Scott D. Stimpson; Vazquez, Jesus
**Cc:** Kanan, Greg (gkanan@rothgerber.com); Trent Dickey; David C. Lee; Vincent M. Ferraro; Kostolansky, Kris J. (kkosto@rothgerber.com)
**Subject:** RE: Health Grades' duty of candor

Scott:

During the litigation, you have asserted that the "2004 physician quality guides, the 2004 hospital reports, [and] the prior art Drucker reports" were material to patentability of the '060 patent. While we disagree with that analysis, given your assertions these documents were disclosed to the Patent Office on August 26, 2013. For similar reasons, MDx's invalidity contentions and Dr. Cooper's expert report on invalidity were disclosed to the Patent Office on August 23, 2013. These references were not "buried in mountains of irrelevant materials" and in any event, an allegation of burying references is insufficient to state a claim for inequitable conduct, let alone to create a "serious inequitable conduct problem". See, e.g., Fiskars, Inc. v. Hunt Mfg. Co., 221 F.3d 1318, 1327 (Fed. Cir. 2000) ("[a]n applicant can not be guilty of inequitable conduct if the reference was cited to the examiner, whether or not it was a ground of rejection by the examiner."); Scripps Clinic & Research Foundation v. Genentech, Inc., 927 F.2d 1565, 1582 (Fed. Cir. 1991) ("When a reference was before the examiner, whether through the examiner's search or the applicant's disclosure, it can not be deemed to have been withheld from the examiner."); Seaboard Int'l, Inc. v. Cameron Int'l Corp., 2013 U.S. Dist. LEXIS 106784 (E.D. Cal. July 30, 2013) (alleged burying of material information in a long list of citations to the PTO by itself is insufficient to state a claim for inequitable conduct); Parkervision, Inc. v. Qualcomm Inc., 2013 U.S. Dist. LEXIS 8467, at *9-10 (M.D. Fla. Jan. 22, 2013) (same); Semiconductor Energy Lab. Co. v. Samsung Elecs. Co., 749 F. Supp. 2d 892, 903 (W.D. Wis. 2010) (same); Symbol Techs., Inc. v. Aruba Networks, Inc., 609 F. Supp. 2d 353, 358 (D. Del. 2009) (same).

Both Health Grades and its prosecution counsel at Merchant & Gould have been candid with the Patent Office and have complied with their duty of disclosure. Nevertheless, in response to your e-mail below, Health Grades' counsel disclosed your e-mail and disclosed (again) the "2004 physician quality guides, the 2004 hospital reports, the prior art Drucker reports" to the Patent Office on September 20, 2013. While all of the IDS submissions are publically available on PAIR, I am attaching a copy of them for your convenience. Additionally, although you have copies of all the litigation documents and other references that were disclosed to the Patent Office in connection with Health Grades' pending patent applications, we will be sending you copy of these documents in a separate e-mail later today.

**Kirstin Stoll-DeBell**
Partner
Merchant & Gould P.C.
1050 Seventeenth Street
Suite 1950
Denver, CO 80265
USA

**Telephone** (303) 357-1640

1

Fax (303) 357-1671
**www.merchantgould.com**

GUARDIANS OF GREAT IDEAS

Atlanta | **Denver** | Knoxville | Madison | Minneapolis | New York | Seattle | Washington D.C.

---

**From:** Scott D. Stimpson [sstimpson@sillscummis.com]
**Sent:** Friday, September 06, 2013 3:13 PM
**To:** Vazquez, Jesus; Kirstin Stoll-DeBell
**Cc:** Kanan, Greg (gkanan@rothgerber.com); Trent Dickey; David C. Lee; Vincent M. Ferraro; Kostolansky, Kris J. (kkosto@rothgerber.com)
**Subject:** Health Grades' duty of candor


Kristen and Jesus:

This responds to your recent emails inquiring about disclosures to the Patent Office in connection with Health Grades patent applications.

We will accept your representations that no MDx confidential information has been submitted to the Patent Office, and that the full terms of the Protective Order have been observed.

Having reviewed these materials briefly now, we must express our surprise at the way this prosecution is being handled by HG and its prosecution/litigation teams. It is unclear to us why these documents are being submitted while Health Grades' own prior art reports continue to be withheld from the Patent Office. Is there some reason why the actual prior art references themselves (e.g., the 2004 physician quality guides, the 2004 hospital reports, the prior art Drucker reports, etc., etc.) are not being disclosed? Also, it seems that HG is dumping tons of irrelevant material on the PTO – surely you don't expect the PTO to spend the many hours required to plow through all this information and find whatever relevant materials might be in there. If any of these applications ever do issue as patents, there is going to be a very serious inequitable conduct problem if relevant material is buried or, in the case of HG's own prior art, is withheld entirely. In order to comply with the duty of candor, Health Grades (and all its lawyers) should truly ***be candid*** – disclose the prior art, and (rather than burying it within mountains of irrelevant materials you know the Patent Office will never read) specifically point it out to the examiner and show the invalidity contentions associated with it.

Can you please Bates-label and send us any prosecution documents that have not been produced? We intend to add them all as exhibits for our trial.

As for your inquiries on the documents, redacted versions of the restricted documents have already been filed with the Court. Below we provide a mapping of each restricted document you referenced and the redacted version that we filed with the Court. The redacted versions that we filed with the Court should be submitted to the Patent Office, not the redacted versions you provided to us.

| Docket No. | Docket No. of Redacted Version |
|---|---|
| 252 | 269-1 |
| 329 | 353-1 |
| 368 | 400-1 |
| 404 | 459-1 |
| 405 | 459-5 |
| 525 | 551-1 |

2

| 547   | 554-1 |
|-------|-------|
| 305-1 | 322-7 |
| 329-1 | 353-2 |
| 486-2 | 506-1 |

Sincerely,

Scott Stimpson


**Scott D. Stimpson**
Member of the Firm



website | bio | vCard | newsroom | email

30 Rockefeller Plaza, New York, NY 10112
p (212) 500-1550 | f (212) 643-6500   map


NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.