Civil Action No. 11-CV-00520-RM-BNB

**HEALTH GRADES, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT [DOC. # 369]**

---

**Exhibit DD**

**September 5, 2013 Amendment & Response to Non-Final Office Action**

2004528368_1

S/N: 13/551,471                                                                                          <u>PATENT</u>
                                                                                                    Conf. No. 7642


<u>IN THE UNITED STATES PATENT AND TRADEMARK OFFICE</u>

| Applicant: | Hicks, et al. | Examiner: | Nguyen, Trang T. |
|---|---|---|---|
| Serial No.: | 13/551,471 | Group Art Unit: | 3686 |
| Filed: | July 17, 2012 | Docket No.: | 40476.0002USC3 |
| Title: | INTERNET SYSTEM FOR CONNECTING HEALTHCARE PROVIDERS AND PATIENTS | | |

*Filed Via EFS-Web on September 5, 2013*

**AMENDMENT & RESPONSE TO NON-FINAL OFFICE ACTION**

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

Dear Commissioner:

      In response to the Non-Final Office Action mailed April 5, 2013, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims that begins on page 2 of this paper.

**Remarks/Arguments** begin on page 12 of this paper.

U.S. Patent Application Serial No. 13/551,471
Amendment dated September 5, 2013
Reply to Office Action of April 5, 2013

**<u>Amendments to the Claims:</u>**

This listing of claims will replace all prior versions and listings of claims in the application.

**<u>Listing of Claims:</u>**

1.-20. (Canceled)

21. (Currently Amended) A computer-implemented method of providing healthcare professional information to potential patients, said method comprising:

(a) receiving, at a Web server computer operated by a service provider who provides a service for connecting healthcare professionals with the potential patients, a request for <u>a results list of</u> healthcare professional information, wherein the Web server computer comprises at least one computer processor and memory;

(b) in response to the request for <u>the results list of</u> healthcare professional information, creating [[a]] <u>the</u> results list <u>of healthcare professional information</u> using at least a portion of the healthcare professional information for one or more healthcare professionals, and wherein the healthcare professional information comprises:

(i) healthcare professional-provided information received from the one or more healthcare professionals, wherein the healthcare professional-provided information comprises three or more from the group consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies;

(ii) patient-provided information comprising patient ratings from one or more patients of the one or more healthcare professionals;

2

    (iii) third party-verified information verified by an independent third-party, the third-party information comprises three or more from the group consisting of: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship information; and

    (iv) a comparison rating for the one or more healthcare professionals; and

  (c) providing access to the results list over a computer network.

22. (Previously Presented) The method as defined in claim 21, wherein the patient ratings are received from an on-line patient experience survey completed by the one or more patients of the one or more healthcare professionals and wherein the on-line patient experience survey is completed on a Web site operated by the service provider.

23. (Previously Presented) The method as defined in claim 21, wherein the one or more patients of the one or more healthcare professionals are past or current patients.

24. (Previously Presented) The method as defined in claim 22, wherein the patient-provided information is obtained through data collected through the method comprising:

  receiving a response to a question from the on-line patient experience survey from the one or more patients; and

  receiving an e-mail address from the one or more patients.

25. (Currently Amended) The method as defined in claim 21, further comprising a method for verifying and compiling the data, the method comprising:

U.S. Patent Application Serial No. 13/551,471
Amendment dated September 5, 2013
Reply to Office Action of April 5, 2013

determining whether a past or current patient has completed a maximum number of surveys for a predetermined time period;

if the past or current patient has not reached the maximum number of surveys, transmitting a confirmation e-mail to ~~the e-mail address~~ a provided <u>email address</u>;

determining if the confirmation e-mail was successfully transmitted; and

if the e-mail was successfully transmitted, compiling the data provided by the past or current patient with other relevant data in a company database comprised of healthcare professional information.

26.  (Currently Amended) The method as defined in claim 21, wherein the access to the results list is obtained through a predetermined Web page that provides search capabilities for a database comprised of <u>the</u> healthcare professional information of the one or more healthcare professionals.

27.  (Previously Presented) The method as defined in claim 26, wherein the search capabilities permit a search based on one or more from the group consisting of: name, medical specialty, gender, state, city, procedure, diagnosis, procedure, and location criteria.

28.  (Previously Presented) The method as defined in claim 21, wherein the results list displays all of the healthcare professional information relating to the one or more healthcare professionals.

U.S. Patent Application Serial No. 13/551,471
Amendment dated September 5, 2013
Reply to Office Action of April 5, 2013

29.     (Currently Amended) The method as defined in claim 21, further including displaying in the results list two or more of <u>the</u> healthcare professional-provided information.

30.     (Previously Presented) The method as defined in claim 29, further comprising sending the results list to a second device for displaying in the results list two or more third party-verified information.

31.     (Previously Presented) The method as defined in claim 29, further comprising sending the results list to a second device for displaying an advertisement for a healthcare professional adjacent to the results list.

32.     (Previously Presented) The method as defined in claim 29, further including:
        determining whether each of the one or more healthcare professionals is a member of the on-line information service; and
        providing one or more enhanced services for each of the members of the on-line information service.

33.     (Previously Presented) The method as defined in claim 32, wherein the enhanced services comprise favorable positioning within the results list.

34.     (Previously Presented) The method as defined in claim 32, wherein the enhanced services comprise providing a hyperlink to an on-line appointment booking service.

U.S. Patent Application Serial No. 13/551,471
Amendment dated September 5, 2013
Reply to Office Action of April 5, 2013

35.     (Previously Presented) The method as defined in claim 21, wherein the one or more healthcare professionals are physicians.

36.     (Previously Presented) The method as defined in claim 21, wherein the independent third party is the information service provider.

37.     (Previously Presented) The method as defined in claim 36, wherein the information service provider verifies the third-party verified information by receiving it from an entity other than the one or more healthcare professionals.

38.     (Previously Presented) A computer-implemented method of providing healthcare professional information to potential patients, said method comprising:

receiving, at a Web server computer, a request for information regarding a first healthcare professional, wherein the Web server computer comprises at least one computer processor and memory;

accessing healthcare professional-verified information about the first healthcare professional, wherein the healthcare professional-verified information is received from the first healthcare professional and comprises three or more from the group consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies;

compiling patient-provided information regarding the first healthcare professional, wherein the patient-provided information comprises patient ratings from one or more past or

6

U.S. Patent Application Serial No. 13/551,471
Amendment dated September 5, 2013
Reply to Office Action of April 5, 2013

current patients of the first healthcare professional;

compiling information regarding the first healthcare professional verified by an independent third-party source, wherein the information verified by the independent third-party source comprises three or more from the group consisting of: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship information;

creating a healthcare professional report on the first healthcare professional using the healthcare professional-verified information, the patient-provided information, and the information verified by the independent third-party source, wherein the healthcare professional report on the first healthcare professional includes a comparison rating of the first healthcare professional; and

providing access to the healthcare professional report on the first healthcare professional over a computer network.

39. (Previously Presented) The method as defined in claim 38, wherein the healthcare professional report on the first healthcare professional comprises multiple pages connected via hyperlinks.

40. (Previously Presented) The method as defined in claim 39, wherein a portion of the healthcare-professional verified information is displayed on a first page of the multiple pages of the healthcare professional report on the first healthcare professional.

U.S. Patent Application Serial No. 13/551,471
Amendment dated September 5, 2013
Reply to Office Action of April 5, 2013

41.   (Previously Presented)  The method as defined in claim 39, wherein a portion of the third-party verified information is provided in the healthcare professional report such that the portion of the third-party verified information is displayed on a first page of the multiple pages of the healthcare professional report on the first healthcare professional.

42.   (Previously Presented)  The method as defined in claim 39, further comprising:

accessing healthcare professional-verified information about a second healthcare professional, wherein the healthcare professional-verified information is received from the second healthcare professional and comprises three or more from the group consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies;

compiling patient-provided information regarding the second healthcare professional, wherein the patient-provided information comprises patient ratings from one or more past or current patients of the second healthcare professional;

compiling information regarding the second healthcare professional verified by an independent third-party source,-wherein the information verified by the independent third-party source comprises three or more from the group consisting of: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship information;

creating a healthcare professional report on the second healthcare professional using the healthcare professional-verified information on the second healthcare professional, the patient-provided information on the second healthcare professional, and the information verified by the

8

independent third-party source on the second healthcare professional, wherein the healthcare professional report on the second healthcare professional includes a comparison rating of the second healthcare professional; and

    providing access to the healthcare professional report on the second healthcare professional over a computer network.

43.    (Previously Presented) The method as defined in claim 42, further comprising:

    displaying at least a portion of the report on the first healthcare professional on a first Web page; and

    displaying at least a portion of the report on the second healthcare professional on the first Web page.

44.    (Previously Presented) The method as defined in claim 42, further comprising:

    displaying at least a portion of the report on the first healthcare professional on a second Web page.

45.    (Previously Presented) The method as defined in claim 44, further comprising:

    displaying at least a portion of the report on the second healthcare professional on a third Web page.

46.    (Previously Presented) The method as defined in claim 43, wherein the access to the healthcare professional report on the first healthcare professional is obtained through a predetermined Web page that provides search capabilities for a database comprised of healthcare

U.S. Patent Application Serial No. 13/551,471
Amendment dated September 5, 2013
Reply to Office Action of April 5, 2013

professional information of the first and second healthcare professionals.

47. (Previously Presented) The method as defined in claim 46, wherein the search capabilities permit a search based on one or more from the group consisting of: name, medical specialty, gender, state, city, procedure, diagnosis, procedure, and location criteria.

48. (Previously Presented) The method as defined in claim 47, wherein the search of the database produces a results list of one or more healthcare professionals satisfying the search criteria, wherein the results list includes the first healthcare professional and the second healthcare professional.

49. (Previously Presented) The method as defined in claim 48, further comprising:
   displaying at least a portion of the report on the first healthcare professional on a first Web page;
   displaying at least a portion of the report on the second healthcare professional on the first Web page; and
   displaying at least a portion of the results list on the first Web page.

50. (Previously Presented) The method as defined in claim 39, further comprising:
   determining whether the first healthcare professional is a member of the on-line information service; and
   if the first healthcare professional is a member of the on-line information service, providing enhanced services for the first healthcare professional.

U.S. Patent Application Serial No. 13/551,471
Amendment dated September 5, 2013
Reply to Office Action of April 5, 2013

51.  (Previously Presented)  The method as defined in claim 50, wherein the enhanced services comprise making report information on the member healthcare professional available at no charge to the potential patients.

52.  (Previously Presented)  The method as defined in claim 50, further comprising:

providing a predetermined Web page that permits a search of a database comprised of healthcare professional information, wherein the search of the database produces a results list of one or more healthcare professionals satisfying a search criteria; and wherein the enhanced services comprise favorable positioning in the results list.

53.  (Previously Presented)  The method as defined in claim 39, wherein the first and second healthcare professionals are physicians.

U.S. Patent Application Serial No. 13/551,471
Amendment dated September 5, 2013
Reply to Office Action of April 5, 2013

## REMARKS/ARGUMENTS

This Amendment and the following remarks are intended to fully respond to the non-final Office Action dated April 5, 2013, hereinafter "Office Action." In that Office Action, claims 21-53 were examined and claims 21-53 were rejected. Claims 21 and 28 were rejected under 35 U.S.C. § 101 for allegedly claiming the same invention as that of claims 1 and 15 of prior U.S. Pat. No. 7,752,060. Claim 25 was rejected under 35 U.S.C. § 112, second paragraph, as being indefinite for allegedly failing to particularly point out and distinctly claim the subject matter that Applicants regard as their invention. Claims 21-30, 32, 33 and 35-37 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over Henley, Julian L., U.S. Pat. Pub. No. 2003/0195838 A1 (hereinafter "Henley"), in view of Baker, et al., U.S. Pat. Pub. No. 2006/0161456 A1 (hereinafter "Baker"), and further in view of Martin, et al., U.S. Pat. Pub. No. 2004/0024618 A1 (hereinafter "Martin"). Claim 31 was rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over Henley, in view of Baker, and further in view of Martin and DeBruin-Ashton, Deborah J., U.S. Pat. No. 6,014,629 A (hereinafter "DeBruin-Ashton"). Claim 34 was rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over Henley, in view of Baker, and further in view of Martin and Sameh, Joseph, U.S. Pat. Pub. No. 2004/0010423 A1 (hereinafter "Sameh"). Claims 38-53 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over Henley, in view of Baker, and further in view of Martin and Cook, et al., U.S. Pat. Pub. No. 2006/0080146 A1 (hereinafter "Cook").

Reconsideration of these rejections, as they might apply to the original and amended claims in view of these remarks, is respectfully requested. In this Amendment, claims 21, 25-26 and 29 have been amended and no claims have been canceled or added. Therefore, claims 21-53 remain present for examination.

**Interview Summary:**

Applicants thank Examiner Nguyen and Examiner O'Connor for the in person interview they conducted with Applicants' representatives Timothy Scull and Andrew Pouzeshi on August 27, 2013. In that interview, the § 101 rejection was discussed. Examiner Nguyen noted that the § 101 rejection is actually a provisional Obviousness Double-Patenting Rejection and not a

U.S. Patent Application Serial No. 13/551,471
Amendment dated September 5, 2013
Reply to Office Action of April 5, 2013

Statutory Double-Patenting Rejection. Additionally, the Examiners and Applicants' representatives discussed the various section 103 rejections, particularly focusing on the teachings of Henley and Baker and the deficiency of the combination of the references with respect to teaching the totality of the recited claims. Applicants representatives also proposed a clarifying amendment to independent claim 21 which is included in this response. Examiners Nguyen and O'Conner agreed that cited references failed to teach or disclose all the elements of the pending claims; however, Examiner Nguyen noted that she would have to review the recent IDS submission prior to ultimately agreeing upon allowance.

**Claim Rejections Under 35 U.S.C. § 101:**

Claims 21 and 28 were rejected under 35 U.S.C. § 101 for allegedly claiming the same invention as that of claims 1 and 15 of prior U.S. Pat. No. 7,752,060. As noted above, this rejection was mistakenly labeled as a Statutory Double-Patenting Rejection when, in fact, the rejection should have been an Obviousness Double-Patenting Rejection. A terminal disclaimer is submitted with this response, thereby rendering the Obviousness Double-Patenting Rejection moot. Applicants respectfully request that Examiner Nguyen withdraw the § 101 rejection.

**Claim Rejections Under 35 U.S.C. § 112:**

Claim 25 was rejected under 35 U.S.C. § 112, second paragraph, as being indefinite for allegedly failing to particularly point out and distinctly claim the subject matter that Applicants regard as their invention. Claim 25 has been amended to recite "a provided email address." In light of this amendment, Applicants respectfully request that Examiner Nguyen withdraw the § 112 rejection.

**Claim Rejections Under 35 U.S.C. § 103:**

Independent Claim 21

Claim 21 was rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over Henley, in view of Baker, and further in view of Martin. Applicants respectfully traverse the § 103 rejection because the Office Action has not established a *prima facie* case of obviousness.

13

U.S. Patent Application Serial No. 13/551,471
Amendment dated September 5, 2013
Reply to Office Action of April 5, 2013

To establish a *prima facie* case of obviousness under 35 U.S.C. § 103(a), the references must teach or suggest all of the claimed limitations to one of ordinary skill in the art at the time the invention was made. M.P.E.P §§ 2142, 2143.03; *In re Royka*, 490 F.2d 981, 985 (C.C.P.A. 1974); *In re Wilson*, 424 F.2d 1382, 1385 (C.C.P.A. 1970). Further, under *KSR Int'l Co. v. Teleflex, Inc.*, there "must be some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness." 127 S. Ct. 1727, 1741 (2007). Applicants traverse the rejection because the reference fails to teach or suggest all of the recited limitations of the claims.

Henley relates to reducing transactional costs associated with providing professional services by "enabling prospective clients/patients and professional service providers to competitively negotiate fees for proffered services through an interactive on-line professional services auction transaction system implemented over a publicly accessible communications network such as the Internet." (Henley, Abstract). More specifically, Henley teaches "a professional services auction transaction system using a digital communications network server that interfaces and communicates via the Internet with client computer systems belonging to various prospective bidders and professional service providers (e.g., personal medical, financial or legal service providers) using, for example, an exchange of HTML documents and/or JAVA script applets." (*Id.*, para. [0015]). As such, the reference is "disclosed primarily in the context of providing the flexibility of an on-line auctioning process in negotiating a price for the performance of a professional personal medical service performed by a medical physician on an individual patient--in contrast to, for example, a remotely rendered impersonal professional opinion or service such as the reading of an X-ray or an MRI image." (*Id.*, para. [0016]).

Henley fails to teach all of the recited features of independent claim 21. Specifically, the reference fails to teach at least:

> in response to the request for the results list of healthcare professional information, creating the results list of healthcare professional information using at least a portion of the healthcare professional information for one or more healthcare professionals, and wherein the healthcare professional information comprises:
> (i) healthcare professional-provided information received from the one or more healthcare professionals, wherein the healthcare professional-

14

U.S. Patent Application Serial No. 13/551,471
Amendment dated September 5, 2013
Reply to Office Action of April 5, 2013

>provided information comprises three or more from the group consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies;
>
>(ii) patient-provided information comprising patient ratings from one or more patients of the one or more healthcare professionals;
>
>(iii) third party-verified information verified by an independent third-party, the third-party information comprises three or more from the group consisting of: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship information; and
>
>(iv) a comparison rating for the one or more healthcare professionals.

Baker and Martin fail to compensate for Henley's deficiencies. Baker teaches a ranking system for presenting information to patients. Specifically, Baker teaches "intuitive, statistically significant bucket rankings in more than one score domain--in response to requests for medical providers associated with their choice of medical conditions or treatments, and other restrictions. Statistically significant intuitive bucket rankings (such as "*" to "****") from relatively limited data on medical providers, and adjusting those intuitive bucket rankings so that they reflect a valid measure of the domain of interest despite differing numbers of measurements available for distinct medical providers." (Baker, Abstract).

Martin relates to "linking credentialing information with a medical malpractice insurance application. The credentialing information is automatically transferred from the credentialing questionnaire to an insurance application, and this credentialing information is then used to generate a medical malpractice insurance policy. The medical malpractice insurance policy is a two year policy, in order to coincide with the required re-credentialing of the healthcare provider. The inventive process also includes linking an information database, not created for insurance purposes, with an insurance application." (Martin, Abstract).

However, neither Baker nor Martin teach at least:

>in response to the request for the results list of healthcare professional information, creating the results list of healthcare professional information using at least a portion of the healthcare professional information for one or more healthcare professionals, and wherein the healthcare professional information comprises:

15

    (i)  healthcare professional-provided information received from the one or more healthcare professionals, wherein the healthcare professional-provided information comprises three or more from the group consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies;

    (ii)  patient-provided information comprising patient ratings from one or more patients of the one or more healthcare professionals;

    (iii)  third party-verified information verified by an independent third-party, the third-party information comprises three or more from the group consisting of: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship information; and

    (iv)  a comparison rating for the one or more healthcare professionals.

The cited references, both individually and in combination, fail to teach or suggest the recited features of independent claim 21. For at least the forgoing reasons, claim 21 is allowable. Claims 22-37 depend from claim 21 and, thus, are also allowable at least by virtue of their dependence from allowable claim 21. In rejecting some of these dependent claims, the Office Action relied upon additional references in combination with Henley, Baker, and Martin. Applicants submit that these additional references fail to compensate for the noted deficiencies of Henley, Baker, and Martin. As such, Applicants respectfully request that Examiner Nguyen issue a Notice of Allowance for claims 21-37 at her earliest convenience.

<u>Independent Claim 39</u>

Claims 38-53 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over Henley, in view of Baker, and further in view of Martin and Cook. Applicants respectfully traverse the § 103 rejection because the Office Action has not established a *prima facie* case of obviousness. To establish a *prima facie* case of obviousness under 35 U.S.C. § 103(a), the references must teach or suggest all of the claimed limitations to one of ordinary skill in the art at the time the invention was made. M.P.E.P §§ 2142, 2143.03; *In re Royka*, 490 F.2d 981, 985 (C.C.P.A. 1974); *In re Wilson*, 424 F.2d 1382, 1385 (C.C.P.A. 1970). Further, under *KSR Int'l Co. v. Teleflex, Inc.*, there "must be some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness." 127 S. Ct. 1727, 1741 (2007). Applicants

16

U.S. Patent Application Serial No. 13/551,471
Amendment dated September 5, 2013
Reply to Office Action of April 5, 2013

traverse the rejection because the reference fails to teach or suggest all of the recited limitations of the claims.

For at least similar reasons as discussed with respect to independent claim 21, the combination of Henley, Baker, and Martin fails to teach all of the features of independent claim 39. Claim 39 recites, *inter alia*:

> accessing healthcare professional-verified information about a second healthcare professional, wherein the healthcare professional-verified information is received from the second healthcare professional and comprises three or more from the group consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies;
> compiling patient-provided information regarding the second healthcare professional, wherein the patient-provided information comprises patient ratings from one or more past or current patients of the second healthcare professional;
> compiling information regarding the second healthcare professional verified by an independent third-party source, wherein the information verified by the independent third-party source comprises three or more from the group consisting of: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship information;
> creating a healthcare professional report on the second healthcare professional using the healthcare professional-verified information on the second healthcare professional, the patient-provided information on the second healthcare professional, and the information verified by the independent third-party source on the second healthcare professional, wherein the healthcare professional report on the second healthcare professional includes a comparison rating of the second healthcare professional.

Furthermore, Cook fails to compensate for these deficiencies. Cook relates to identifying "health information systems based on compatibility and capability of improving quality, safety and cost effectiveness of health care, to identify healthcare providers who are using such technology and to assist patients to find these healthcare providers. Provides the unexpected benefits of accelerating the adoption of health information technology by all healthcare providers and hastening the evolution of that technology." (Cook, Abstract). Cook, however, fails to teach at least:

> accessing healthcare professional-verified information about a second healthcare professional, wherein the healthcare professional-verified information

17

    is received from the second healthcare professional and comprises three or more from the group consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies;

        compiling patient-provided information regarding the second healthcare professional, wherein the patient-provided information comprises patient ratings from one or more past or current patients of the second healthcare professional;

        compiling information regarding the second healthcare professional verified by an independent third-party source,-wherein the information verified by the independent third-party source comprises three or more from the group consisting of: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship information;

        creating a healthcare professional report on the second healthcare professional using the healthcare professional-verified information on the second healthcare professional, the patient-provided information on the second healthcare professional, and the information verified by the independent third-party source on the second healthcare professional, wherein the healthcare professional report on the second healthcare professional includes a comparison rating of the second healthcare professional.

Thus, claim 38 is allowable over the combination of Henley, Baker, Martin, and Cook. All other claims, i.e., claims 39-53 depend from claim 38 and, thus, are also allowable. Applicants respectfully request that Examiner Nguyen issue a Notice of Allowance for claims 38-53 at her earliest convenience.

U.S. Patent Application Serial No. 13/551,471
Amendment dated September 5, 2013
Reply to Office Action of April 5, 2013

## CONCLUSION

This Amendment fully responds to the Office Action mailed on April 5, 2013. Still, that Office Action may contain arguments and rejections that are not directly addressed by this Amendment due to the fact that they are rendered moot in light of the preceding arguments in favor of patentability. Hence, failure of this Amendment to directly address an argument raised in the Office Action should not be taken as an indication that the Applicants believe the argument has merit. Furthermore, the claims of the present application may include other elements, not discussed in this Amendment, which are not shown, taught, or otherwise suggested by the references of record. Accordingly, the preceding arguments in favor of patentability are advanced without prejudice to other bases of patentability.

It is believed that no further fees are due with this Response. However, the Commissioner is hereby authorized to charge any deficiencies or credit any overpayment with respect to this patent application to deposit account number 13-2725.

In light of the above remarks and amendments, it is believed that the application is now in condition for allowance and such action is respectfully requested. Should any additional issues need to be resolved, the Examiner is requested to telephone the undersigned to attempt to resolve those issues.

Respectfully submitted,

MERCHANT & GOULD P.C.
P.O. Box 2903
Minneapolis, Minnesota  55402-0903
Telephone:  303.357.1639

Date: September 5, 2013

Andrew T. Pouzeshi, Reg. No. 67,672

**23552**
PATENT TRADEMARK OFFICE

19