IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**MDX MEDICAL, INC.'S EXPEDITED MOTION TO COMPEL A HEALTH GRADES, INC. 30(b)(6) DEPOSITION ON RECENTLY PRODUCED EVIDENCE AND TO HEAR THE EXPEDITED MOTION ON DECEMBER 19, 2013 at 3:00 P.M.**

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, respectfully submits its Expedited Motion to compel a Health Grades, Inc. 30(b)(6) deposition on recently produced evidence and to hear the Expedited Motion on December 19, 2013 at 3:00 p.m.  The Court has scheduled a hearing regarding another MDx motion to compel a deposition (Dkt. # 665) on that date and time.  *See* Magistrate Judge Boland's Minute Order, dated Dec. 4, 2013, Dkt. # 670.  This motion is expedited because trial is set to begin on February 3, 2014.  The notice of deposition that is the subject of this motion is attached hereto as Exhibit A.

In accordance with D.C.COLO.LCivR 7.1(a), MDx's counsel conferred with counsel for Health Grades, Inc. ("Health Grades") and Health Grades' counsel stated that Health Grades opposes the relief requested within this motion.

Health Grades has very recently produced thousands of pages of prosecution history relating to another of its patent filings, and it intends to use these documents at trial, along with testimony of its witnesses, to rebut MDx's invalidity and inequitable conduct defenses. According to Health Grades, the Notice of Allowance in connection with that related patent application demonstrates that the patent examiner would have allowed the issued claims of the patent-in-suit if the same prior art was submitted during the prosecution of the patent-in-suit.

However, Health Grades, very late in the game, dumped **_more than ten thousand pages_** of alleged prior art on the Patent Office in connection with this other patent application; it deliberately buried the key prior art in this mountain of documents; and still withheld the critical material needed by the patent examiner. Thus, Health Grades ensured that the patent examiner would never find the important prior art, and further assured that if she did happen to stumble upon it she would not have the information she would really need to use it in a rejection. Indeed, the prosecution history of this patent application encompasses over **_half a gigabyte_** of data – the patent examiner was more than "buried" in documents, she was overcome by the enormity of it all. This misconduct is its own inequitable conduct, and is certainly not justification to overcome Health Grades' first fraudulent endeavor regarding the patent-in-suit. *See*, *e.g.*, *Synqor, Inc. v. Cisco Systems, Inc.*, 2012 U.S. Dist. LEXIS 129463, *19 (E.D. Tex. Aug. 7, 2012) ("A review of the cases reveals that a voluminous list of references contained in an IDS can, in some circumstances, lead to a finding of inequitable conduct if a material reference was 'buried' in the IDS with the intent to deceive the PTO by 'burying' the reference"); *see also Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1184 (Fed. Cir. 1995) ("'burying' a particularly material reference

in a prior art statement containing a multiplicity of other references can be probative of bad faith.").

Health Grades wants to have its witnesses testify about all of these documents, and argue at trial that this prosecution record somehow supports its claim of validity and no inequitable conduct. But Health Grades refuses to allow a deposition on this subject so that MDx can determine what will be said by Health Grades' witnesses, before trial, and establish that Health Grades was less than candid with the Patent Office. Far more is involved than simply reading the dry prosecution record – Health Grades' bad faith abounds relating to its burying efforts, and Health Grades withheld other critical documentation and evidence that assured the Patent Office would never find or use the documents that Health Grades and its counsel concealed. There were also discussions with the patent examiner – raising issues of what was really said (or not said) to the examiner about the prior art (interview summaries provided by the Patent Office are only that – summaries, and thus do not disclose the full extent of what happened during the interviews).

Good cause exists for modification of the discovery schedule to allow this deposition, because the documents were only recently produced, and to avoid a trial by ambush. That is, MDx should have a fair opportunity to explore Health Grades' allegations and the lack of candor surrounding this new development before this evidence is offered at trial and Health Grades' witnesses take the stand to testify about it.

MDx respectfully requests that this Expedited Motion be heard at the same time as another motion related to depositions, on December 19, 2013, at 3:00 p.m. before Magistrate Judge Boland.

Dated:  December 12, 2013

*s:/Scott D. Stimpson*
Scott D. Stimpson
Trent S. Dickey
David C. Lee
Vincent M. Ferraro
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: sstimpson@sillscummis.com
E-mail: tdickey@sillscummis.com
E-mail: dlee@sillscummis.com
E-mail: vferraro@sillscummis.com

Respectfully submitted,


Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

4

CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2013, I electronically filed the foregoing **MDX MEDICAL, INC.'S EXPEDITED MOTION TO COMPEL A HEALTH GRADES, INC. 30(b)(6) DEPOSITION ON RECENTLY PRODUCED EVIDENCE AND TO HEAR THE EXPEDITED MOTION ON DECEMBER 19, 2013 at 3:00 P.M.** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez, Jr.**
  jvazquez@lrrlaw.com, phenke@lrrlaw.com

- **Gregory B. Kanan**
  gkanan@lrrlaw.com

- **Kris John Kostolansky**
  kkosto@lrrlaw.com

- **Adam Lee Massaro**
  amassaro@lrrlaw.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Trent S. Dickey**
  tdickey@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Vincent Marc Ferraro**
  vferraro@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

                *s:/  Vincent M. Ferraro*