IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

**HEALTH GRADES, INC.'S RESPONSE TO MDX INC.'S "EXPEDITED MOTION TO COMPEL SEVEN HOURS FOR THE AGREED CONTINUATION OF HEALTH GRADES, INC.'S TECHNICAL EXPERT DEPOSITION" [DOC. # 665]**

Plaintiff Health Grades, Inc. ("Health Grades") submits this Response to MDx Inc.'s ("MDx") "Expedited Motion to Compel Seven Hours for the Agreed Continuation of Health Grades, Inc.'s Technical Expert Deposition" ("Motion") [Doc. #665].

## INTRODUCTION

There is no good cause to grant MDx another seven hours of time to depose Health Grades' expert, Dr. Philip Greenspun. Dr. Greenspun has not asserted any new arguments or theories in the materials he has submitted since his 2012 deposition and these materials only reflect an application of the same theories to updated versions of the accused products—versions that are no different with respect to the asserted patent claims than the previous versions.

## BACKGROUND

Health Grades' Complaint filed against MDx asserts direct patent infringement of Health Grades U.S. Patent No. 7,752,060 ("the '060 patent") [Doc. 1]. Health Grades moved to amend

on July 7, 2012 to bring causes of action for joint patent infringement and indirect patent infringement against MDx relating to its license to Aetna and Aetna's subsequent use of MDx's products in an infringing application ("iTriage"), which provides on-line information about doctors (collectively, the "iTriage Accused Products") [Doc. 252]. In his expert report submitted six days after the motion to amend, Dr. Greenspun provided analysis for why MDx directly infringes on the '060 Patent through vitals.com and the iTriage Accused Products. MDx's expert, Dr. Richard Cooper, filed his expert report relating to MDx's invalidity defense the same day, and both experts filed their rebuttal reports on September 17, 2012. MDx's counsel deposed Dr. Greenspun for over seven hours on September 28, 2012. (Exhibit A (identifying the deposition lasted from 8:30 a.m. to 6:08 p.m.).) MDx's counsel did not request to hold open the deposition or indicate he did not have sufficient time to fully explore all of the topics in Dr. Greenspun's original or rebuttal report. (*Id.* at 290.)

Dr. Greenspun reviewed the most recent versions of the accused products in 2013 and confirmed they continued to infringe the '060 Patent and Health Grades continued to practice the claimed invention [Doc. 626-1]. Dr. Greenspun submitted his supplemental report, which also adopted the latest supplemental contentions by Health Grades, on September 9, 2013. Dr. Greenspun's report analyzed the most recent versions of the vitals.com site, healthgrades.com website, and the iTriage Accused Products [Doc. 626-1] p. 1 ¶ 1. The exhibits attached to the supplemental report were also limited to the most recent version of the subject sites and applications. (*See, e.g.* video demo for vitals.com taken in August 2013.)

The parties agreed to conduct supplemental depositions; however, there was no agreement as to the length of those depositions. Health Grades believes the depositions for Dr.

Greenspun and Dr. Cooper should be only 2.5 hours on the record. MDx request seven hours on the record, though it claims the deposition could be completed in five hours on the record. (Motion p. 5.)

## ARGUMENT

Rule 30(d)(1) provides "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of seven hours." The seven additional hours MDx seeks is excessive[1] when (1) Dr. Greenspun's supplemental report presented no new arguments or theories on the claims; (2) MDx has had the opportunity to depose Dr. Greenspun on the iTriage claims at the 2012 deposition; and (3) the iTriage claims are based on Dr. Greenspun's same theories and arguments that MDx already tested when deposing him for over seven hours on the vitals.com infringement claims.[2]

---

[1] *See also* Scheduling Order [Doc. 34] p. 16 (only allowing for a deposition to be continued for a reasonable amount of time beyond one day).

[2] The cases MDx cites are inapposite (Motion p. 4). *See, e.g. Chytka v. Wright Tree, Serv.,* 2012 U.S. Dist. LEXIS, at * 2 (D. Colo. June 4, 2012) (concluding additional time was appropriate because the deponent repeatedly provided non-responsive narratives in the first deposition and there were numerous causes of action in the suit); *Ice Corp. v. Hamilton Sundstrand Corp.,* 2007 U.S. Dist. LEXIS 39699, at 8-9, 2007 WL 1590845 (D. Kan. May 30, 2007) (allowing additional time to depose expert after noting "Defendants failed to argue that *all* of Dr. Colgren's new opinions raised in his April 16, 2007 supplemental report were expressed during his April 4, 2007 [and] [t]he court is unclear as to how plaintiff could have known the extent of Dr. Colgren's surrebuttal opinions without the aid of his amended expert report.") (emphasis in original).

I. MDX DOES NOT NEED ADDITIONAL TIME TO DEPOSE DR. GREENSPUN ON INFRINGEMENT BY VITALS.COM, HEALTH GRADES' PRACTICE OF THE CLAIMED INVENTION, OR THE HEALTH GRADES' SUPPLEMENTAL CONTENTIONS BECAUSE HIS SUPPLEMENTAL REPORT PRESENTS NO NEW ARGUMENTS OR THEORIES ON THESE TOPICS.

Dr. Greenspun's supplemental report presents no new arguments or theories that MDx needs to test. For instance, Demo 13 (vitals.com search by specialty) of the supplemental report demonstrates Dr. Greenspun's supplemental report was limited to similar searches to the ones he relied on in his original report to determine if infringement occurred [Doc. 626-1] ¶¶ 5, 47 (stating the same for Demo 14 (vitals search by name)). Dr. Greenspun then used Demo 13 only to confirm the updated version of vitals.com infringed for the same reasons as he previously stated in his original report, *see, e.g.* Demo 13 Claim 1, Step 2:

> 12. That Dr. Rosengart appears on a page [e.g., page 43] showing doctors where "Refine your results" has been set to "male" demonstrates that the information on the vitals.com server includes "gender." (*See also* paragraph 115 of my original report). [Page 45] states "26 years of experience" indicating that the "years in practice" and "years in profession" items of the claim are included on the vitals.com server. (*See also* paragraph 117 of my original report.) [Page 50] shows "specialties" clearly, corresponding to the "specialty information" of the claim element. (*See also* paragraph 113 of my original report.) The same page shows "languages." (*See also* paragraph 121 of my original report.) [Page 63] has a section headlined "Awards & Distinctions" that corresponds to the "awards" and "honors" of the claim element. (*See also* paragraph 118 of my original report.) A subsection on the same page titled "Appointments" corresponds to the "professional appointments" of the claim element. (*See also* paragraph 119 of my original report.) [Page 66] shows a section titled "Publications & Research" that corresponds to the "publications" of the claim element. (*See also* paragraph 120 of my original report.)

([Doc. 626-1] ¶ 12 (emphasis added); *see also* ¶ 54 (same analysis for Demo 14).)[3] Further, Dr. Greenspun did not need to assert any new arguments in his supplemental report with respect to why the new version of vitals.com infringes because, as MDx's own expert concedes, "Vitals

---

[3] Dr. Greenspun's supplemental report conducted the same type of analysis regarding practicing the claimed invention and concluded Health Grades' continues to practice the claimed invention, but did not raise any new arguments or theories. (*Id.* at ¶¶ 112-131).

- 4 -

2004541812_1

website does not differ from previous versions of Vitals.com . . ." (*Id.* at ¶ 15.)  Dr. Cooper's decision to incorporate in his supplemental rebuttal report his previous analysis for why the new version of vitals.com infringes further confirms that Dr. Greenspun did not assert any new arguments or theories related to vitals.com.  (*See, e.g.* [Doc. 626-2] ¶¶ 15, 21, 34, 40.)

Dr. Greenspun also adopted in his supplemental report [Doc. 626-1] ¶ 4 the supplemental infringement claim charts that Health Grades filed in September 2013 [Doc. 611-3], which addressed the updated versions of the accused products.  MDx does not need additional time to depose Dr. Greenspun on the supplemental contentions because they contain no new legal theories, nor have they broadened the scope of how Health Grades is interpreting the claims of the '060 patent [Doc. 611] p. 2.  Indeed, MDx did not object to Health Grades' motion for leave to amend its infringement contentions to include the supplemental claim charts.  (*Id.* at 4.)

MDx cannot show it needs any additional time to depose Dr. Greenspun on his analysis in the supplemental report of the foregoing accused products when Dr. Greenspun's presents no new arguments or theories that MDx needs to test as to infringement by vitals.com.[4]

II.   MDX SHOULD NOT BE GIVEN ADDITIONAL TIME TO DEPOSE DR. GREENPSUN ON THE ITRIAGE ACCUSED PRODUCTS, NOR DOES IT NEED IT.

MDx was aware of Health Grades' iTriage claims and Dr. Greenspun's opinions regarding the same over two months before the September 28, 2013 deposition (Health Grades' motion to amend [Doc. 252] was filed on July 7, 2013 and Dr. Greenspun's original report was

---

[4] MDx's conclusory statement that because there have been "thousands" of pages of expert reports filed, it needs additional time to depose Dr. Greenspun is unavailing.  All of the materials in Dr. Greenspun's report and rebuttal report were available to MDx before his deposition.  MDx does not even identify the amount of materials produced after his deposition.  Finally, the materials produced after Dr. Greenspun's deposition only confirm his previous arguments and theories.

- 5 -

2004541812_1

submitted on July 13, 2012).  MDx did not try to reschedule the deposition until after the motion to amend was ruled upon.  At the deposition, MDx chose not to depose Greenspun on his analysis of the iTriage Accused Products and never requested to hold the deposition open until the Court ruled on Health Grades' motion to amend or reserved any time to later address the iTriage claims.  MDx should not now be rewarded with additional time to depose Dr. Greenspun. *See* Fed. R. Civ. P. 26(b)(2)(A) (recognizing a court should limit the length of a deposition when "the party seeking discovery has had ample opportunity to obtain the information").

MDx cannot use the fact that the motion to amend had not been granted as an excuse for not deposing Dr. Greenspun on the iTriage claims when its own bad acts delayed Health Grades from filing the motion to amend and prevented this Court from having adequate time to rule on the motion before the deposition.  MDx chose to frustrate Health Grades' efforts to discover the information supporting the iTriage claims, which delayed Health Grades in amending its complaint:

- July 25, 2011:  Health Grades propounded discovery on MDx, seeking information relating to any licenses it has given others for technology related to the accused products and any contracts, agreements, and revenue relating to the accused products [Doc. 126-6], Document Request No. 4.

- November 10, 2011:  MDx refused to comply with this request, requiring Health Grades to file a motion to compel.  (*Id.* at p. 10.)

- February 14, 2012:  Health Grades served MDx with a Rule 30(b)(6) Notice, seeking a deponent with knowledge of "the sales of each of the Features (listed above) in Defendant's products and services" (one of the "Features" was MDx's physician data base) [Doc. 142-1] at p. 6, which MDx moved to strike [Doc. 142].

- March 2012:  Health Grades first learned of the license MDx granted to iTriage and/or Aetna and served a document subpoena on iTriage, which MDx moved to quash [Doc. 179].

- 6 -

- **April 26, 2012**: This Court ordered MDx to produce by May 10, 2012, responsive documents to Request No. 4 [Doc. 192].

- **June 6, 2012**: MDx does not produce the documents by May 10. Rather, on eve of Rule 30(b)(6) deposition MDx, produced the master business agreement with Aetna that allows for the infringing activity to take place supports Health Grades' iTriage claims. [Doc. 252].

The doubt over whether MDx would need to depose Dr. Greenspun on the iTriage claims would very likely not have existed had MDx produced the damaging information back in 2011 when it was supposed to, which would have allowed Health Grades to file the motion to amend a year before Dr. Greenspun's deposition.

Finally, although MDx did not cover the iTriage claims at the 2012 deposition, MDx does not need additional time to test Dr. Greenspun's theories on the iTriage claims because the same justifications for why vitals.com infringes apply to the iTriage product and MDx already spent seven hours testing those theories. Dr. Greenspun's supplemental report concludes:

> iTriagehealth.com infringes the asserted claims for the same reasons that vitals.com infringes the asserted claims . . . [and] . . . the iTriage applications set forth in my original report are very similar to the iTriage Web site . . . thus my analysis set forth herein applies to them as well . . . .

([Doc. 626-1] ¶¶ 73, 76.)

III. **THERE IS NO NEED FOR A SEVEN HOUR DEPOSITION BECAUSE THERE HAS BEEN ABSOLUTELY NO CHANGE IN ANALYSIS TO MULTIPLE TOPICS ADDRESSED BY DR. GREENSPUN.**

MDx cannot show it needs an additional seven hours when Dr. Greenspun's supplemental report did not even address, let alone change, his analysis of MDx's invalidity arguments based on prior art, anticipation, obviousness, inequitable conduct, and substitute

- 7 -

products.  (*Compare* Supplemental Report *with* Dr. Greenspun's Rebuttal Report, ¶¶ 66-80, 81-125, 126-142, 143-148, 149-194.)  There is no basis for an additional seven hour supplemental deposition when none of the affirmative defenses raised by MDx were addressed in Dr. Greenspun's supplemental report.

## CONCLUSION

Health Grades request that this Court enter an order limiting the supplemental expert depositions of Dr. Greenspun and Dr. Cooper to 2.5 hours each on the record.  For Dr. Greenspun, the deposition should be limited to (1) the analysis of the updated versions of the accused products as discussed in the supplemental report; and (2) his analysis in his original report related to the iTriage Accused Products.  Dr. Cooper's deposition shall be limited to the analysis of the updated versions of the accused products as discussed in the supplemental report and his entire analysis related to the iTriage Accused Products because he did not disclose this information in his previous reports.

Respectfully submitted December 16, 2013.

> *s/ Kris J. Kostolansky*
> Gregory B. Kanan, Esq.
> Kris J. Kostolansky, Esq.
> Jesús M. Vázquez, Jr., Esq.
> Adam L. Massaro, Jr., Esq.
> 1200 17th Street, Suite 3000
> Denver, Colorado  80202
> Tel:  (303) 623-9000
> Fax:  (303) 623-9222
> Email: gkanan@lrrlaw.com
>            kkosto@lrrlaw.com
>            jvazquez@lrrlaw.com
>            amassaro@lrrlaw.com
> *Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

- 8 -

## CERTIFICATE OF SERVICE

      I hereby certify that on December 16, 2013, I electronically filed the foregoing was filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Scott David Stimpson, Esq.
Vincent Ferraro, Esq.
David C. Lee, Esq.
Trent Dickey, Esq.
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY  10112
E-mail: sstimpson@sillscummis.com
        vferraro@sillscummis.com
        dlee@sillscummis.com
        tdickey@sillscummis.com

Terence M. Ridley, Esq.
Ramona Lampley, Esq.
Wheeler Trigg O'Donnell, LLP
370 17th Street, Suite 4500
Denver, CO  80202-5647
E-mail: ridley@wtotrial.com
        lampley@wtotrial.com

                                        *s/ Adam L. Massaro*
                                        Gregory B. Kanan, Esq.
                                        Kris J. Kostolansky, Esq.
                                        Jesús M. Vázquez, Jr., Esq.
                                        Adam L. Massaro
                                        1200 17th Street, Suite 3000
                                        Denver, Colorado 80202-5855
                                        Tel:     (303) 623-9000
                                        Facsimile: (303) 623-9222
                                        Email: gkanan@lrrlaw.com
                                                    kkostolansky@lrrlaw.com
                                                    jvazquez@lrrlaw.com
                                                    amassaro@lrrlaw.com
                                        *Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

2004541812_1