# EXHIBIT D

# Vincent M. Ferraro

| | |
|---|---|
| **From:** | Vazquez, Jesus <jvazquez@rothgerber.com> |
| **Sent:** | Friday, August 05, 2011 7:07 PM |
| **To:** | Scott D. Stimpson; David C. Lee |
| **Cc:** | Kostolansky, Kris J. |
| **Subject:** | RE: Discovery conference today |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Scott,

Thanks for your time during our discussions. Please see our comments to each of your points below.

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO  80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

---

**From:** Scott D. Stimpson [mailto:sstimpson@sillscummis.com]
**Sent:** Wednesday, August 03, 2011 9:14 AM
**To:** Vazquez, Jesus; Kostolansky, Kris J.
**Cc:** David C. Lee
**Subject:** Discovery conference today

Jesus and Kris:

This confirms my understanding of our discussion today.  Please let me know if I misunderstood something, or missed something.

HG DOCUMENT REQUESTS

We will be getting a new definition of "accused products" and maybe some narrowing of specific requests.  We will keep the same due date for responses and objections, assuming we get this relatively soon, and we should be able to keep the same date for document production subject to any need for later supplemental products (if we need additional time for this first production, we will let you know).

We have narrowed the definition of "Accused Products" as follows:

"Accused Products" for purposes of these discovery requests shall mean all versions of the www.vitals.com website, including any software, hardware and/or network architecture related to any version of www.vitals.com.  The term "Accused Products" shall include all services provided in relation to the Accused Products and all products and services that incorporate the Accused Products.

With this narrowed definition and the detailed claim chart we have provided, we believe that what we accuse of infringement should be clear.  Obviously we need to see all variations of the website, and, specifically, MDx's physician search pages and physician reports, current and dating back to before the patent was issued.  It's our

understanding that the website was launched in January, 2008, so the relevant time period is also narrow - just over three and a half years.

With respect to narrowing specific requests, all requests that ask for information relating to the "Accused Products" have also now been narrowed by virtue of the new definition of "Accused Products." Additionally, we narrow the particular requests as follows:

Request No. 2(a) - While it may become necessary to see it as discovery progresses, we agree to hold-off on our request for source code for now.

Request No. 5 - There should be a period after the term "Accused Products."

Request No. 12 - We agree that the information requested is information relating to Health Grades' website and products.

As you note above, MDx agrees to keep the same due date for its responses, objections and document productions. We understand that MDx may supplement its production. If MDx needs additional time to make its production, please let us know so we can discuss a reasonable extension.

MDX INTERROGATORIES

Rog 1: HG will provide the identities of people involved in the reduction to practice, and a claim-by-claim identification of inventors.

As we discussed, all three inventors we identified in our response contributed and were involved with the conception of all the claims. With respect to additional individuals involved in the reduction to practice, we are investigating who, under the control of an inventor, was involved in writing the actual code underlying the invention described in the claims, and will supplement our response accordingly.

Rog 3: We will not now insist on these contentions, but if you have any other facts relevant to these issues please provide them.

At this point we believe our response is complete. We may supplement our response after obtaining input from our technical experts.

Rog 4:  HG will supplement to provide any evidence of copying, and to provide information and evidence of any alleged nexus of any of these possible secondary considerations.  This confirms that the page 15 charts are NOT confidential, and we are free to provide the entirety of these responses to our client.  Lastly, we agreed that we will be provided with documents sufficient to show the website before the 2005 launch, and after the 2005 launch, and the exact date of launch.

Health Grades has provided MDx with a claim chart on nexus.  We anticipate supplementing our response to Interrogatory No. 4, with respect to both nexus and copying, after we receive and review MDx's discovery responses and document productions.  We are confirming that the three charts included with our response are not confidential.  We are investigating whether there are any documents showing the website before and after launch, and whether we can identify an exact date of launch - if such documents exist and are not otherwise privileged, we will supplement our response accordingly.  Likewise, if the launch date can be identified, we agree to provide it.

2

Rog 6:  We agreed that some of the facts relevant here are in our possession, and that the request can be supplemented with that information later.  For now, however, facts in HG's possession will be provided in a supplement - facts relating to the damages claims, and the factors recited in the case law identified.

As indicated in our response and as you acknowledged when we spoke and above, discovery is ongoing and facts relevant to our response regarding damages exist within MDx's anticipated responses to Health Grades' discovery requests, as well as within MDx's anticipated production of documents.  With respect to our claim for a reasonable royalty, while we anticipate supplementing our response and that our supplement will consider the *Georgia-Pacific* factors, we are not saying that we will address each and every factor discussed in the *Georgia-Pacific* case and in its progeny.

MDX DOCUMENT REQUESTS

This confirms that HG is only withholding documents on privilege grounds.  If you intend to withhold any documents on any other grounds, you will let us know.  The search is ongoing, but the documents located after a reasonable search have been produced.

This is correct.

We agreed, as may be in other documents already, that the parties do not need to log privileged or work product documents dated after the filing of the complaint.

Agreed.

Please let me know if anything here is wrong or incomplete.

The only other thing that is missing is that you agreed that Health Grades' requests for production constitute a total of 13 requests, including all subparts.

Thanks.

Scott



NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this

communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.