# EXHIBIT E

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF COLORADO

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM, Defendant.

---

**PLAINTIFF HEALTH GRADES, INC.'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT MDX MEDICAL, INC.'S INTERROGATORY NO. 8**

---

Plaintiff Health Grades, Inc. ("Health Grades") hereby submits its second supplemental response, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, to Defendant MDx Medical, Inc.'s ("MDx") Interrogatory No. 8 (originally contained within MDx's "Second Set of Interrogatories (NOS. 7-9)")("Defendant's Interrogatories") as follows:

### GENERAL OBJECTIONS

1. Health Grades objects to the definitions and instructions set forth in Defendant's Second Set of Interrogatories (NOS. 7-9) to the extent they are inconsistent with, seek to impose obligations not required by, or seek to expand the scope of permissible discovery under the Federal Rules of Civil Procedure, including but not limited to Rule 26(a)'s expert disclosure requirements, the Local Rules of this Court, and any pretrial scheduling order of the Court.

without waiver of Health Grades' right to object on all appropriate grounds to the specific information sought by each Interrogatory.

12. Health Grades generally objects to Defendant's Interrogatories as premature to the extent they seek information that is more properly provided through expert reports or expert depositions. Health Grades will provide expert disclosures in accordance with the disclosure requirements of the applicable rules and Court Order.

13. Health Grades generally objects to Defendant's Interrogatories as improper to the extent they require or seek a legal conclusion.

14. Health Grades objects to of Defendant's Interrogatories to the extent it seeks confidential or trade secret business information. Health Grades will provide such requested information pursuant to the terms of a Protective Order entered by the Court.

Subject to the General Objections outlined above and the more specific objections set forth below, Health Grades responds as follows:

## SECOND SUPPLEMENTAL RESPONSES TO INTERROGATORIES

**Interrogatory No. 8:**

If Health Grades disagrees with any one or more of the bases for patent invalidity set forth in MDx's Invalidity Contentions, Supplemental Invalidity Contentions, and accompanying documents (served on August 19, 2011, and August 26, 2011 and as may be later supplemented, "Invalidity Disclosures"), for each such disagreement set forth in full and complete detail all reasons why MDx's contentions are allegedly incorrect, including but not limited to (1) a full and complete explanation of all points of disagreement with the assertions in MDx's Invalidity Disclosures; (2) a full and complete explanation of why each and every asserted reference (or combination of references) does not invalidate the Patent-in-Suit pursuant to 35 U.S.C. § 102 and/or § 103; and (3) a full and complete explanation of why the Patent-in-Suit is not valid pursuant to 35 U.S.C. §112.

**Second Supplemental Response to Interrogatory No. 8:**

Health Grades incorporates herein its General Objections. Health Grades objects to this request as overly broad, unduly burdensome and premature. MDx's Invalidity Disclosures are incomplete and require supplementation as requested by Health Grades in its letter to counsel for MDx dated September 2, 2011. Health Grades additionally objects to this request to the extent it calls for legal conclusions. Health Grades further objects to this request because it calls for information that will be the subject of expert reports, and is therefore premature.

Subject to and without waiving the General or Specific Objections, Health Grades responds as follows:

1) **MDX Has Not Provided Sufficient Proof that the Non-Patent References Qualify as Prior Art:**

MDX bears the burden to prove that each of its prior references qualify as prior art under 35 U.S.C. §102. MDX will not be able to meet its burden. To the extent that MDX intends to rely on oral testimony to prove that something qualifies as prior art, each element of this testimony must be corroborated. If it is not corroborated, it is irrelevant and inadmissible.

The following response is based on MDX's invalidity contentions to date and on the documents produced by MDX in connection with its invalidity contentions and disclosures.

MDX alleges that the materials set forth below qualify as prior art under §102(b); Health Grades disagrees. MDX has not provided sufficient proof that any of the non-patent prior art references qualify as prior art under 35 U.S.C. §102. Specifically:

a) **Public Use of** www.Healthgrades.com (the HG report): MDX alleges that this qualifies as prior art under §102(b); Health Grades disagrees. First, there are actually three different Health Grades references (see below), each of which must separately meet the

5

comprehensive, and thus, there is no motivation to combine these references with comprehensive systems, like HealthScope, Subimo, GeoAccess, and Health Grades.

Similarly, self-selected systems based on patient ratings, like Bachus, Stolba, and RateMDS, are focused totally and exclusively on patient ratings. Bachus teaches away from adding any other kind of information to its system. It would not be obvious to combine these systems with those created by and/or run for the benefits of doctors (i.e., HealthScope, Subimo, GeoAccess, and Health Grades). Indeed, as Mr. LaPointe recognized in his deposition, most doctors do not like the concept of patient ratings of doctors published on the internet. Not only is not a reason to combine these two kinds of systems, there were reasons not to combine them.

The hospital only systems (Bua and Health Grades' HQR) are very different from any of the others. The kinds of information that relate to hospitals do not apply to people and vice-versa. There is no motivation to combine these systems with any of the others.

### D) Secondary Considerations of NonObviousness:

Secondary considerations show that it was not obvious to combine any of the foregoing references, including: (1) the commercial success of Health Grades' website physician reports that are covered by the patent claims (see Exhibit E claim chart served on MDx as part of supplemental infringement contentions); (2) the commercial success of MDx's website physician reports that are covered by the patent claims (see infringement contentions, Exhibits A-D); (3) evidence of long felt but unresolved needs, including the many websites with information about physicians available on the Internet in the early 2000s, but the failure of any of them to include all of the claimed elements; (4) the failure of others, including the owners of

37

the above-cited prior art references to create a system that meets the claimed invention;  (5) the skepticism of others who were hesitant and/or believed it would be a bad idea to include patient ratings of physicians within an information system (because among other reasons, physicians don't like patient ratings and/or advertisers don't like patient ratings and/or it is difficult to build a patient rating system that is accurate and not slanderous) with other kinds of information relating to physicians; (6) praise by others in the media and the industry; (7) teaching away by others, including that described above; (8) copying of the invention by competitors, including MDx; and (9) testimony of facts witnesses, such as the inventors and Jeff La Pointe, and experts.

        **5)**      <u>**Invalidity Under 35 U.S.C. §112:**</u> The only other basis for invalidity asserted by MDX is based on §112, namely lack of enablement, failure to meet the written description requirement, and indefiniteness.  MDX's contentions on this matter consist of a single paragraph doing nothing more than saying in conclusory fashion that the claims are invalid for these reasons.  MDX does not even identify which claims it asserts are invalid under which §112 theory, let alone give any detail as to what language in the claims is not enabled, which language violates the written description requirement, and which language is indefinite.  Thus, it is impossible for Health Grades to respond to these conclusory and unsupported allegations with any detail other than to say that it disagrees with MDX's conclusory arguments.  The claims are enabled, they do not violate the written description requirement, and they are not indefinite. The patent is entitled to a presumption of validity – the Patent Office examined

38

defense, Health Grades reserves the right to depose any such witnesses and to further supplement this response.

Health Grades will rely on testimony of its technical expert, Dr. Phil Greenspun, as well as the inventors, and any MDX witnesses on this issue to support its arguments against MDX's invalidity defense.

Health Grades reserves the right to supplement the foregoing supplemental responses as discovery continues.

Date: January 26, 2012

HEALTH GRADES, INC.
By its Attorneys,

*Jesús M. Vázquez, Jr., Esq.*
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Jeffrey D. Phipps, Esq.
Rothgerber Johnson & Lyons, LLP
1200 17th Street, Suite 3000
Denver, Colorado 80202-5855
Tel:     (303) 623-9000
Facsimile: (303) 623-9222
Email: kkostolansky@rothgerber.com
          jvazquez@rothgerber.com
          jphipps@rothgerber.com
*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 26, 2011, I electronically served the foregoing **PLAINTIFF HEALTH GRADES, INC.'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT MDX MEDICAL, INC.'S INTERROGATORY NO. 8** on the following:

David Chunyi Lee
Sills Cummis & Gross P.C. – New York
One Rockefeller Plaza, 25th Floor New York, NY 10020
Email: dlee@sillscummis.com

Mark Jon Rosenberg
Sills Cummis & Gross P.C.-New York
One Rockefeller Plaza, 25th Floor New York, NY 10020
Email: mrosenberg@sillscummis.com

Terence M. Ridley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO 80202-2617
Email: ridley@wtotrial.com

Ramona L. Lampley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO 80202-2617
Email: lampley@wtotrial.com

Scott David Stimpson
Sills Cummis & Gross P.C.-New York
One Rockefeller Plaza, 25th Floor
New York, NY 10020
Email: sstimpson@sillscummis.com

*s/ Jesús M. Vazquez*
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Jeffrey D. Phipps, Esq.
Rothgerber Johnson & Lyons, LLP
1200 17th Street, Suite 3000
Denver, Colorado 80202-5855
Tel:     (303) 623-9000
Facsimile: (303) 623-9222
Email: kkostolansky@rothgerber.com
       jvazquez@rothgerber.com
       jphipps@rothgerber.com
*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*