**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-RPM-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

**HEALTH GRADES, INC.'S EXPEDITED MOTION TO ENFORCE
TRIAL SUBPOENAS**

## I.    INTRODUCTION

High level employees, officers and parties may be compelled to appear at an out-of-state trial under Rule 45.  Health Grades gave MDx notice in the Pretrial Order that it intended to call Mitchel Rothschild – MDx's Chief Executive Officer; Erika Boyer – MDx's Vice President, Database and Product Development, and; Larry West, MDx's Chief Technology Officer, at trial, and MDx did not object in the Pretrial Order.  Instead, MDx proposed the Court enter an order that "absent trial subpoenas" witnesses would not have to be present at trial.  On October 15, 2013, counsel for MDx accepted service of trial subpoenas for Mr. Rothschild, Ms. Boyer and Mr. West.  Although MDx counsel reserved its right to object to the subpoenas, no motion to quash has been filed by MDx.  To the contrary, on December 13 counsel for MDx agreed to produce Ms. Boyer and Mr. West during Health Grades' case-in-chief.  MDx would not agree, however, to produce Mr. Rothschild, the MDx CEO, during Health Grades' case-in-chief.  When

1

Health Grades informed MDx's counsel that Health Grades would file a motion to compel Mr. Rothschild's attendance at trial during its case-in-chief, MDx's counsel withdrew its agreement to produce Ms. Boyer and Mr. West.

Because Rule 45 subjects the three MDx witnesses to compulsory attendance at trial in Colorado, because MDx was on notice that Health Grades would call the witnesses to appear and they have been properly served with trial subpoenas, and because MDx has not timely filed a motion to quash, the Court should compel their attendance at trial during Health Grades' case-in-chief.

## II.    FACTS

Mr. Mitchel Rothschild is MDx's Chief Executive Officer and is the first witness listed by MDx in its Rule 26 disclosures. Among other things, Mr. Rothschild has knowledge of "[f]acts regarding the operation and underlying technology of the www.vitals.com website." MDx's Disclosures Pursuant to Rule 26(A)(1) of the Federal Rules of Civil Procedure, attached hereto as **Exhibit A**.

Ms. Erika Boyer is MDx's Vice President, Database and Product Development and is the second witness listed by MDx in its Rule 26 disclosures. Ms. Boyer has knowledge of "[f]acts regarding the operation and underlying technology of the www.vitals.com website." **Exhibit A**.

Mr. Larry West is MDx's Chief Technology Officer and is the third witness listed by MDx in its Rule 26 disclosures. Mr. West has knowledge of "[f]acts regarding the operation and underlying technology of the www.vitals.com website." **Exhibit A**.

The importance of the witnesses to the case is readily apparent and indeed all three of these fact witnesses were deposed by Health Grades. On October 2, 2013, Health Grades served counsel for MDx with Health Grades' trial subpoenas for Mr. Rothschild, Ms. Boyer and Mr. West. Email from K. Kostolansky to S. Stimpson dated October 2, 2013, attaching the trial subpoenas and waivers of service, **Exhibit B**. On October 15, 2013, counsel for MDx accepted service of Health Grades' trial subpoenas for Mr. Rothschild, Ms. Boyer and Mr. West. Executed Waivers of Acceptance of Service, attached hereto as **Exhibit C**. Health Grades filed the executed Waivers and Acceptance of Service with the Court on October 29, 2013. [Doc. #637] MDx reserved its right to object to the trial subpoenas, but it has not filed a motion to quash, much less a "timely" motion to quash, as required by Fed. R. Civ. P. 45(c)(3)(A)(ii).

In the Pretrial Order, Health Grades indicated that it *would call* Mr. Rothschild, Ms. Boyer and Mr. West to testify at trial. [Doc. #544] at pp. 52, 53.[1]  MDx listed Mr. Rothschild as a witness it "will" call at trial, and listed Ms. Boyer and Mr. West as witnesses it may call at trial. [Doc. #544] at pp. 54 – 56.

On December 13, 2013, counsel for Health Grades conferred with counsel for MDx regarding MDx's production of witnesses during Health Grades' case-in-chief at trial. Counsel for MDx agreed to produce Ms. Boyer and Mr. West during Health

---

[1] MDx did not state any objection in the Pretrial Order. In fact, MDx proposed that the Court enter the following order: "*Absent trial subpoenas*, identified witnesses of one party need not be present at trial for examinations by the other party, provided however that their testimonies may be presented by deposition designations by the other party." Pretrial Order ([Doc. # 544] at p. 60) (Emphasis added). The order proposed by MDx in the Pretrial Order obviously contemplates that if trial subpoenas are served on the identified witnesses, those witnesses would be present at trial.

Grades' case-in-chief, as long as Health Grades agreed to allow MDx to complete its examinations of the two witnesses at the same time.  Counsel for MDx stated that he would have to confer with Mr. Rothschild before agreeing to produce him during Health Grades' case in chief.  Emails dated December 13, 2013, **Exhibit D**.

Subsequently counsel for MDx called Health Grades' counsel and stated that MDx would not agree to produce Mr. Rothschild during Health Grades' case-in-chief. Health Grades' responded that Health Grades would file a motion to compel Mr. Rothschild's attendance during its case-in-chief.   Counsel for MDx then withdrew his agreement to produce Ms. Boyer and Mr. West during Health Grades' case-in-chief and stated it would "abide by the Court's decision."  Emails dated December 18, 2013, **Exhibit E**.  Thus, Health Grades is forced to file this motion to enforce the subpoenas.

Thus, MDx refuses to produce for Health Grades' case-in-chief MDx's CEO, who MDx listed as a "will call"  witness, and the next two highest executive officers, both of whom MDx agreed to produce as long as Health Grades was willing to permit a full cross examination so the witnesses need only be called once.  Health Grades agreed.

Pursuant to Civ. Practice Standard III.G.3, deposition designations are due on January 3, 2014.  MDx has stated that the three executives will be present at trial.  It is a waste of resources and the time of the Court and jury to have depositions read in the Plaintiff's case and the witnesses appear live thereafter.  Health Grades asks that the Court address this issue before deposition designations are due on January 3.

### III.  LAW AND ARGUMENT

#### A.  Rule 45 Permits Mr. Rothschild, Ms. Boyer and Mr. West To Be Compelled to Attend Trial in Colorado

Federal Rule of Civil Procedure 45(b)(2) provides that "[s]ubject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place ... outside [the] district [of the issuing court] but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection."  Rule 45(c)(3)(A)(ii) provides that a court must quash or modify a subpoena that "requires a person who is *neither a party nor a party's officer* to travel more than 100 miles from where that person resides, is employed, or regularly transacts business." (Emphasis added.)

As discussed in *Aristocrat Leisure Limited, v. Deutsche Bank Trust Company Americas*, 262 F.R.D. 293 (S.D.N.Y. 2009), "[a] majority of courts to interpret the interplay between Rule 45(b)(2)(B) and Rule 45(c)(3)(A)(ii) have found that Rule 45(c)(3)(A)(ii) permits service of a subpoena on a party or a party's officer beyond the 100-mile range that otherwise would serve as a bar."  *Id.* at 302 (*citing In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.,* MDL No. 1358, 2009 WL 1840882, at *1 (S.D.N.Y. June 24, 2009); *Younis v. Am. Univ. in Cairo,* 30 F.Supp.2d 390, 395 n. 44 (S.D.N.Y.1998); *In re Ames Dep't Stores, Inc.,* No. 01-42217, 2004 WL 1661983, at *1 (Bankr.S.D.N.Y. June 25, 2009) (holding that the majority of courts to address this issue have decided that the 100-mile rule is inapplicable to parties and party officers); *Am. Fed'n of Gov't Employees, Local 922 v. Ashcroft,* 354 F.Supp.2d 909, 915 (E.D.Ark.2003).

In *Aristocrat* the court agreed with "the majority position that corporate officers of a party may be subpoenaed and required to travel more than 100 miles from where they reside, are employed, or regularly transact business." *Id.* [2]

Similarly, in *In re Vioxx Products Liability Litigation*, 438 F.Supp.2d 664 (E.D. La. 2006), the defendant corporation moved to quash a trial subpoena issued to an executive of the corporation who resided more than 100 miles outside the federal district in which the trial was to be held. The court found that Rule 45(c)(3)(A)(ii) supports the inverse inference that Rule 45(b)(2) empowered the court to compel the executive to attend trial outside the 100 mile limit:

> Rule 45(b)(2), which imposes the 100 mile rule, is expressly limited by Rule 45(c)(3)(A)(ii). Rule 45(c)(3)(A)(ii) mandates that a district court must quash a subpoena if it requires "a person who is *not a party* or *an officer of a party*" to travel more than 100 miles from his residence or place of employment. (Emphasis added). In this case, Mr. Anstice is a Merck officer. Accordingly, Rule 45(c)(3)(A)(ii) does not require the Court to quash the subpoena. Instead, Rule 45(c)(3)(A)(ii) supports the inverse inference that Rule 45(b)(2) empowers the Court with the authority to subpoena Mr. Anstice, an officer of a party, to attend a trial beyond the

---

[2] Other courts have found the same. *See Lyman v. St. Jude Medical S.C., Inc.*, E.D.Wis.2008, 580 F.Supp.2d 719 (A court is not required to quash a properly served subpoena even if it requires a party witness to travel more than 100 miles); *Mason v. Texaco, Inc.*, D.Kan.1990, 741 F.Supp. 1472, *affirmed and remanded on other grounds* 948 F.2d 1546, certiorari denied 112 S.Ct. 1941, 504 U.S. 910, 118 L.Ed.2d 547 (Court properly compelled attendance of defendant corporation's employee in plaintiff's case in chief, even though employee was not listed in pretrial order; although employee resided more than 100 miles from district, he was "party" for purposes of that lawsuit, and corporation had stated in its intention to call key witness in any event)

6

>  100 mile limit.
>
> *Id.* at 667.[3]

Although the *Vioxx* court made clear that it was resolving the issue based on the "plain and unambiguous" text of the Rule, it noted that its "reading of Rule 45 was bolstered by the realities of modern life and multi-district litigation." *Id.* The court criticized the 100-mile rule and observed that the purposes behind it no longer justified its existence:

> Realistically, the purposes behind the 100 mile rule no longer justify its existence. While a cross-country trip may have been deemed impossible in 1793 or harassing and economically burdensome in 1964, it is now commonplace and a necessary incident to multi-district litigation. Additionally, the current costs borne by a witness traveling cross-country to testify at trial are generally much less than the costs incurred by an army of attorneys and their respective entourages traveling cross-country to depose the very same witness. Moreover, in the present case, the PSC will bear Mr. Anstice's travel expenses eliminating any case-specific value to the rule's second goal. While these twin rationales were laudable in 1793, there are now questionable, if not anachronistic. Modern day litigation should not be restrained by antiquated relics of a bygone era.
>
> \* \* \*
>
> Not only does the 100 mile rule perpetuate obsolete notions of fairness, it actually inhibits the truth seeking purpose of litigation. For all its virtues and faults and although some may argue that litigation's ultimate goal is conflict resolution, the true aspiration of trial is truth. As an alternative to live trial testimony, the Court, the parties, and, most importantly,

---

[3] Rule 45 was amended in 2007, after the *Vioxx* decision. The "*person who is not a party or an officer of a party"* language in the rule discussed in *Vioxx* was changed to "*neither a party nor a party's officer"* and thus the language is essentially the same and does not affect the analysis.

7

> the jury is left with the deposition -"a second-best." *Napier v. Bossard,* 102 F.2d 467, 469 (2d Cir.1939) (Learned Hand, J.).

*Id.* at 668.

Mr. Rothschild, Ms. Boyer and Mr. West are employees and officers of Defendant MDx in this case. Health Grades disclosed its intent to call them as witnesses at trial in the Pretrial Order and MDx did not object. They have been properly served with trial subpoenas pursuant to Rule 45 commanding their attendance at the trial of this case which is set to commence on February 3, 2014. As discussed above, Rule 45 does not require the Court to quash the subpoenas. To the contrary, Rule 45(c)(3)(A)(ii) supports the conclusion that Rule 45(b)(2) empowers the Court with the authority to subpoena Mr. Rothschild, Ms. Boyer and Mr. West to attend trial in Colorado.

### B. Mr. Rothschild, Ms. Boyer and Mr. West's Testimony is Relevant and Necessary

In this case MDx through the www.vitals.com website is accused of infringing the '060 patent. Mr. Rothschild, Ms. Boyer and Mr. West have knowledge of "[f]acts regarding the operation and underlying technology of the www.vitals.com website." **Exhibit A**. The "Executive Team" section of Vitals' current website provides that Mr. Rothschild is a "co-founder" of the company and that he "designs and oversees the direction of the company." **Exhibit F**. The "Vitals Founders" section of the current website states that Ms. Boyer "helped build the Vitals database from the ground up, in addition to managing product development and marketing in the company's first days." **Exhibit G**. Similarly, the "Vitals Founders" section of the current website states that Mr. West "was instrumental in building and adding functionality to the original Vitals.com

8

site." **Exhibit G**. Given their integral roles in developing the accused website in this case, their testimony is both relevant and necessary and they should be compelled to attend trial during Health Grades' case-in-chief.

### C. Trial Efficiency Will Be Better Served By Compelling Attendance at Trial

During the December 19, 2013 motions hearing before Magistrate Judge Boland, the issue of live versus deposition testimony was raised. Judge Boland advised both sides that there should be parity. If Health Grades must present testimony via deposition, then so must MDx.

MDx may not force Health Grades to rely on less effective evidence (deposition testimony) when the witness testimony will be presented live. Such gamesmanship wastes judicial resources, creates repetition within trial and, in this case, negates validly served subpoenas.

The subpoenas should be enforced. The witnesses should testify during Health Grades' case in chief. The parties should not be required to designate deposition excerpts for these witnesses.

### CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.LCivR 7.1(A)

Undersigned counsel certifies that he conferred with counsel for MDx regarding the relief requested herein via telephone conference and emails. MDx opposes the relief requested herein.

## IV. CONCLUSION

For all of the foregoing reasons Health Grades respectfully requests the Court grant its motion and compel MDx to produce Mr. Rothschild, Ms. Boyer and Mr. West at trial during Health Grades' case-in-chief, at which time MDx may fully cross-examine.

LEWIS ROCA ROTHGERBER LLP

*s/ Kris J. Kostolansky*
Gregory P. Kanan, Esq.
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
1200 17th Street, Suite 3000
Denver, Colorado  80202
Tel:  (303) 623-9000
Fax:  (303) 623-9222
Email: gkanan@lrrlaw.com
           kkosto@lrrlaw.com
           jvazquez@lrrlaw.com

*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2013, I electronically filed the foregoing **HEALTH GRADES, INC.'S EXPEDITED MOTION TO ENFORCE TRIAL SUBPOENAS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Scott David Stimpson, Esq.
Vincent Ferraro, Esq.
David C. Lee, Esq.
Trent Dickey, Esq.
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY  10112
E-mail: sstimpson@sillscummis.com
           vferraro@sillscummis.com
           dlee@sillscummis.com
           tdickey@sillscummis.com

Terence M. Ridley, Esq.
Ramona Lampley, Esq.
Wheeler Trigg O'Donnell, LLP
370 17th Street, Suite 4500
Denver, CO  80202-5647
E-mail: ridley@wtotrial.com
           lampley@wtotrial.com

                                         *s/ Kris J. Kostolansky*
Gregory B. Kanan, Esq.
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
Adam L. Massaro
1200 17th Street, Suite 3000
Denver, Colorado 80202-5855
Tel:     (303) 623-9000
Facsimile: (303) 623-9222
Email: gkanan@lrrlaw.com
           kkostolansky@lrrlaw.com
           jvazquez@lrrlaw.com
           amassaro@lrrlaw.com
*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

11