**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**MDX MEDICAL, INC.'S MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENTS - DOCUMENT NOS. 677-1, 677-2, 677-3 and 677-4**

Defendant MDx Medical, Inc. ("MDx"), by its undersigned counsel, pursuant to *D.C.COLO.LCivR* 7.2, moves this Court for an order continuing the restricted access to the following documents: Document Nos. 677-1, 677-2, 677-3 and 677-4 (the "Motion to Restrict").

Pursuant to *D.C.COLO.LCivR* 7.1(a), MDx's counsel conferred with counsel for Health Grades, Inc. ("Health Grades") regarding this Motion to Restrict on December 23 and 24, 2013, but has not received Health Grades' position. Health Grades' counsel has indicated that it will provide its position regarding this Motion to Restrict "as soon as possible after the new year." *See* E-mails between MDx and Health Grades' counsel, dated Dec. 23 and 24, 2014, attached hereto as Exhibit A. MDx has prepared redacted versions of these documents for public access restricting its highly confidential information, however, because the documents in question also potentially contain Health Grades confidential information, MDx is unable to submit these redacted, public versions of the documents at this time and, therefore, seek that Document Nos. 677-1, 677-2, 677-3 and 677-4 remain restricted in their entirety until Health Grades has finished

1

its review of the documents in question. Once Health Grades has finished its review and redactions (if necessary) of the documents in question, MDx will supplement this Motion to Restrict with the redacted versions of Document Nos. 677-1, 677-2, 677-3 and 677-4 for public access.

The documents at issue were submitted by Health Grades as attachments to its Notice of Filing of Statements of David Hall and Dr. Philip Greenspun for December 18, 2013 *Daubert* Hearing (the "Notice"). The documents contain competitively sensitive, highly confidential and proprietary information regarding MDx's financial and licensing agreement information and regarding MDx's business relationship with Aetna Life, which MDx has previously sought to keep the exact same or similar information restricted and this Court has previously restricted the exact same or similar highly confidential information in the exact same or similar documents previously filed in this action.

MDx files this Motion to Restrict regarding the specific documents identified below.

**Dkt. No. 677-1** – As an attachment to the Notice, Health Grades submitted the Statement of David A. Hall Pursuant to Civ.Practice Standard IV.K.1 (the "Hall Statement"). The Hall Statement includes highly confidential MDx financial revenue information on pages 4 and 7. Specifically, it includes information regarding MDx's revenue. Such highly confidential information has been the subject of several prior MDx motions to restrict (*see, e.g.*, Dkt. Nos. 400, 459 and 527), which were granted by the Court. *See, e.g.*, Dkt. Nos. 483 and 536. Such financial revenue information is competitively sensitive, highly confidential and not made public by MDx, which is a private company. *See, e.g.,* Declaration of Erika Boyer, dated Nov. 16, 2012, Dkt. No. 400-5, ¶¶ 5, 6. As MDx has previously asserted and the Court has previously accepted, disclosure to the public and MDx's competitors of such specific financial information

would allow such information to be unfairly used by competitors against MDx and cause MDx significant harm. *Id*. MDx, therefore, respectfully requests that access to Dkt. No. 677-1 be similarly restricted.

**Dkt. No. 677-2** – As an exhibit to the Hall Statement, Health Grades submitted Mr. Hall's July 13, 2012 Expert Report (the "Hall Report"). Mr. Hall's expert report includes highly confidential MDx financial and licensing agreement information throughout. Such highly confidential information has been the subject of several prior MDx motions to restrict (s*ee*, *e.g.*, Dkt. Nos. 310, 400, 459 and 527), all of which were granted by the Court. *See, e.g.*, Dkt. Nos. 483, 484 and 536. Such financial and licensing agreement information is competitively sensitive and is not made public by MDx, which is a private company. As MDx has previously asserted, disclosure to the public and MDx's competitors of such information would allow such information to be unfairly used by competitors against MDx and cause MDx damage. Declaration of Erika Boyer, dated Sept. 28, 2012, Dkt. No. 310-3, ¶¶ 4-11; Declaration of Erika Boyer, dated Nov. 9, 2012, Dkt. No. 382-1, ¶¶ 4-12; and Declaration of Erika Boyer, dated Nov. 16, 2012, Dkt. No. 400-5, ¶ 5. MDx notes that it has previously requested the Court to restrict this exact same document (*see* Dkt. No. 459, it was previously submitted as Dkt. Nos. 411-1 and 412-1) and the Court granted this request. *See* Dkt. No. 483. MDx, therefore, respectfully requests that access to Dkt. No. 677-2 be similarly restricted.

**Dkt. No. 677-3** – As an exhibit to the Hall Statement, Health Grades submitted Mr. Hall's December 5, 2013 Supplemental Expert Report (the "Hall Supplement"). Mr. Hall's supplemental expert report includes highly confidential MDx financial and licensing agreement information throughout. Such highly confidential information has been the subject of several prior MDx motions to restrict (s*ee*, *e.g.*, Dkt. Nos. 310, 400, 459 and 527), all of which were

3

granted by the Court. *See, e.g.*, Dkt. Nos. 483, 484 and 536. Such financial and licensing agreement information is competitively sensitive and is not made public by MDx, which is a private company. As MDx has previously asserted, disclosure to the public and MDx's competitors of such information would allow such information to be unfairly used by competitors against MDx and cause MDx damage. Declaration of Erika Boyer, dated Sept. 28, 2012, Dkt. No. 310-3, ¶¶ 4-11; Declaration of Erika Boyer, dated Nov. 9, 2012, Dkt. No. 382-1, ¶¶ 4-12; and Declaration of Erika Boyer, dated Nov. 16, 2012, Dkt. No. 400-5, ¶ 5. The Hall Supplement also discusses the highly confidential business relationship between MDx and Aetna Life. MDx will suffer significant competitive injury if its highly confidential business relationship with Aetna Life is accessible by the public. *See* Declaration of Erika Boyer, dated Oct. 9, 2013, Dkt. No. 622-1, ¶¶ 4-6. MDx has previously asked the Court to restrict access to the same or similar information regarding its highly confidential business relationship with Aetna Life (*see, e.g.*, Dkt. Nos. 622, 639 and 651) and the Court recently granted these requests. *See, e.g.*, Dkt. No. 690. MDx, therefore, respectfully requests that access to Dkt. No. 677-3 be similarly restricted.

**Doc. No. 677-4** – Exhibit C to the Hall Statement submitted by Health Grades. On page 22 of 23 of 677-4 is a chart from the Hall Report regarding a market share analysis that includes MDx's highly confidential advertising revenue information and related information. For the same reasons expressed in the paragraph regarding Dkt. No. 677-2, above, MDx seeks to keep this document restricted from public access. MDx notes that it has previously requested the Court to restrict this exact same document (*see* Dkt. No. 459; it was previously submitted as Dkt. No. 433-5) and the Court granted this request. *See* Dkt. No. 483. MDx, therefore, respectfully requests that access to Dkt. No. 677-4 be similarly restricted.

## **CONCLUSION**

MDx is requesting that the Court grant similar relief that it has previously granted regarding protecting from public disclosure highly confidential MDx financial and licensing data, as well as information regarding MDx's business relationship with Aetna Life. As mentioned above, MDx has prepared redacted versions of these documents for public access restricting its highly confidential information, however, because the documents in question also potentially contain Health Grades confidential information, MDx is unable to submit these redacted, public versions of the documents at this time and, therefore, seek that Document Nos. 677-1, 677-2, 677-3 and 677-4 remain restricted in their entirety until Health Grades has finished its review of the documents in question. Once Health Grades has finished its review and redactions (if necessary) of the documents in question, MDx will supplement this Motion to Restrict with the redacted versions of Document Nos. 677-1, 677-2, 677-3 and 677-4 for public access.

For the foregoing reasons, MDx request that this Court grant this motion and order that Document Nos. 677-1, 677-2, 677-3 and 677-4 remain restricted at Restricted Level 1 until at least MDx submits redacted versions of these documents for public access.

Dated:  December 26, 2013                             Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson
Trent S. Dickey
David C. Lee
Vincent M. Ferraro
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: sstimpson@sillscummis.com

5

        E-mail: tdickey@sillscummis.com
        E-mail: dlee@sillscummis.com
        E-mail: vferraro@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

6

## CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2013, I electronically filed the foregoing **MDX MEDICAL, INC.'S MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENTS - DOCUMENT NOS. 677-1, 677-2, 677-3 and 677-4** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez, Jr.**
  jvazquez@lrrlaw.com, phenke@lrrlaw.com

- **Gregory B. Kanan**
  gkanan@lrrlaw.com

- **Kris John Kostolansky**
  kkosto@lrrlaw.com

- **Adam Lee Massaro**
  amassaro@lrrlaw.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Trent S. Dickey**
  tdickey@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Vincent Marc Ferraro**
  vferraro@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com


                                                            *s:/       Vincent M. Ferraro*

7