IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

**HEALTH GRADES, INC.'S BRIEF
REGARDING THE REASONABLE CAPABILITY TEST**

Plaintiff Health Grades, Inc. ("Health Grades"), through its counsel, submits this brief explaining why the reasonable capability test applies to asserted claim 15 (and claim 16 which depends from claim 15) of its U.S. Patent No. 7,752,060 ("the '060 patent").

**Claims 15 And 16 Of The '060 Patent Are Directed To Capabilities**

Infringement requires proof that the accused product or process practices every limitation of the claim, either literally or by equivalents. The test for proving infringement depends on the type of claim at issue. For system claims that are drawn to a capability, an accused device may be found to infringe if it is reasonably capable of satisfying the claim limitations, even though it may also be capable of noninfringing modes of operation. *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1204 (Fed. Cir. 2010).[1]

---

[1] *See also Versata Software, Inc. v. SAP Am., Inc.*, 717 F.3d 1255, 1262 (Fed. Cir. 2013) ("an accused product 'may be found to infringe if it is reasonably capable of satisfying the claim limitation'"); *Hilgraeve Corp. v. Symantec Corp.*, 265 F.3d 1336, 1343 (Fed. Cir. 2001) (holding an accused device may be found to infringe if it is reasonably capable of satisfying the claim

1

In *Finjan*, the Federal Circuit affirmed the district court's holding that certain system claims were infringed by defendants' computer security products. *Id*. at 1201-2. It was undisputed that defendant had disabled (e.g. "locked") the infringing features of accused software before the software was sold. On appeal, defendants argued that the asserted claims required actual operability and thus the infringing features had to have been enabled (e.g. unlocked) to infringe. Under the defendants' theory, the mere capability of the products to infringe, if unlocked, was not enough to infringe the asserted system and storage medium claims. *Id*. The Federal Circuit disagreed, explaining the asserted claims did not require actual use of the locked features — rather, it was sufficient to prove that the infringing products are *capable* of operating as claimed *when unlocked*. *Id*. at 1204. For example, the Federal Circuit found that the following claim language was directed to a capability:

> Claim 65 of the '194 patent recites a "computer-readable storage medium storing program code *for causing* **a server** that serves as a gateway to a client *to perform the steps of*: receiving . . . ; comparing . . . ; and preventing execution . . . ." This language does not require that the program code be "active," only that it be written "for causing" a server . . . or a computer . . . to perform certain steps.

---

limitations, even though it may also be capable of non-infringing modes of operation); *Intel Corp. v. United States Int'l Trade Comm'n*, 946 F.2d 821, 832 (Fed. Cir. 1991) ("Because the language of claim 1 refers to 'programmable selection means' and states 'whereby when said alternate addressing mode is selected' (emphases added), the accused device, to be infringing, need only be capable of operating in the page mode. Contrary to GI/M's argument, actual page mode operation in the accused device is not required."); *Soverain Software LLC v. Newegg Inc.*, 2010 U.S. Dist. LEXIS 89268, at *17-18 (E.D. Tex. Aug. 11, 2010) ("Although capable of non-infringing modes of operation, Newegg's order history system is reasonably capable of infringing the hypertext statement system claims."); *Mass Engineered Design, Inc. v. Ergotron, Inc.*, 633 F. Supp. 2d 361, 378 (E.D. Tex. 2009) ("[T]o infringe an apparatus claim, it is not necessary for an accused device actually to be performing the functions specified by the claim. All that is required is that the device have the claimed structure, and that this structure in the device have the capability of functioning as described by the claim."); *Pacing Techs., LLC v. Garmin Int'l, Inc.*, 2013 U.S. Dist. LEXIS 148350, at* 22, (S.D. Cal. Oct. 15, 2013).

2

*Id.* at 1205 (emphasis added).

Like the claims in *Finjan*, claims 15 and 16 of the '060 patent are directed to capabilities:

15.  An on-line information system for connecting healthcare providers with potential patients, the system comprising:

at least one computer processor; and

memory coupled with and readable by the at least one computer processor and comprising a series of instructions that, ***when executed*** by the at least one computer processor, ***cause*** the at least one computer processor ***to***:

receive a request for information regarding a first healthcare provider;

access healthcare provider-verified information about the first healthcare provider, wherein the healthcare provider-verified information is received from the first healthcare provider . . . .

(Excerpt of claim 15 (emphasis added).) The system of claim 15 does not require actual performance of the recited tasks; rather, claim 15 merely requires that the series of instructions be written to cause the processor, when executed, to perform certain steps. The capabilities at issue here are *more* compelling than in *Finjan* because the capabilities here are ***not part of locked modules*** like they were in *Finjan*. Rather, one need only use the accused MDx website in its normal operating mode for the computer to execute tasks in claim 15.

MDx has already admitted that the "when executed" language from claim 15 recites a capability. MDx made this admission in its response (Doc. 199) to Health Grades' motion to compel MDx to respond to requests for admission relating to the capabilities of vitals.com (Doc. 189). MDx had originally objected to these requests by arguing that claim 15 was not directed to a capability. (Doc. 189-6, at 6-12.) Health Grades' motion to compel made the same argument set forth above explaining how the language of claim 15 is analogous to the claim language in *Finjan*. (Doc. 189 at pp. 9-11). In response, MDx withdrew its objections, stating:

3

> Health Grades did not explain their position, or direct MDx counsel to the "when executed" language of claim 15 during the meet and confer. **This Health Grades argument, however, makes sense for requests for admission 4 and 22-23, because these requests are directed to claim requirements that happen upon execution.** Accordingly, MDx is supplementing responses to those requests.

(Doc. 199 at 3 n. 2 (emphasis added).)

Nevertheless, MDx argues that the *Finjan* reasonable capability test does not apply to the phrase "received from the first healthcare providers" in claim 15 because this phrase is past tense and thus must have already actually happened. This is incorrect. The "when executed" language is part of the introductory preamble of claim 15 and, accordingly, applies to every limitation of every element of claim 15 as shown above. That is, it is sufficient to show that the processor running vitals.com is capable of accessing information that has been received from a physician – it is not necessary to show that the processor actually has accessed this information.

### MDx's System Capabilities are Relevant Circumstantial Evidence of Infringement

Regardless of whether or not claim 15 is directed to capabilities, evidence relating to the capabilities of MDx's system is relevant evidence of infringement for all of the claims at issue in this case. *Brocade Communs. Sys. v. A10 Networks, Inc.*, No. 10-3428, 2013 U.S. Dist. LEXIS 18870, at *19 (N.D. Cal. Feb. 12, 2013) (citing *Finjan*, 626 F.3d at 1205; *Fantasy Sports*, 287 F.3d at 1118). Numerous courts, including the Federal Circuit, have found that software capabilities are relevant to infringement of method claims because the fact that a system is capable of performing method steps is circumstantial evidence that someone used the software to perform the claimed method steps. *E.g., Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1318 (Fed. Cir. 2009) (relying on system capability as circumstantial evidence of direct infringement); *Moleculon Research Corp. v. CBS, Inc.*, 793 F.2d 1261, 1272 (Fed. Cir. 1986) (holding direct

infringement may be established by circumstantial evidence of extensive sales by defendant of a product capable of use to practice the patented method and distribution by defendant of an instruction manual teaching the patented method); *Karl Storz Endoscopy-America, Inc. v. Stryker Corp.*, No. 09-00355, 2011 U.S. Dist. LEXIS 136621, at *12-13 (N.D. Cal. Nov. 29, 2011) ("KSEA does not need direct evidence that a surgeon has in fact used the accused products while the panel was in the surgeon's operating station, at least to prove liability. . . . To prove infringement, KSEA needs to prove that the accused products were reasonably capable of being used in the surgeon's operating station."); *Verizon Cal., Inc. v. Ronald A. Katz Tech. Licensing, L.P.*, No. 01-CV-09871, 2003 U.S. Dist. LEXIS 23553, at *135-136 (C.D. Cal. Dec. 2, 2003) ("the capability of Verizon's systems to suppress previously provided cues (as shown in the flow charts and other evidence) is circumstantial evidence that the claimed method was actually used . . . .").

Respectfully submitted December 31, 2013.                    LEWIS ROCA ROTHGERBER LLP

*s/ Kris J. Kostolansky*
Gregory B. Kanan, Esq.
Kris J. Kostolansky, Esq.
Jesús M. Vázquez, Jr., Esq.
1200 17th Street, Suite 3000
Denver, Colorado 80202
Tel: (303) 623-9000
Fax: (303) 623-9222
Email: gkanan@lrrlaw.com
kkosto@lrrlaw.com
jvazquez@lrrlaw.com
*Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2013, I electronically filed and served the foregoing **HEALTH GRADES, INC.'S BRIEF REGARDING THE REASONABLE CAPABILITY TEST** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Scott David Stimpson, Esq.
Vincent Ferraro, Esq.
David C. Lee, Esq.
Trent Dickey, Esq.
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY 10112
Email: sstimpson@sillscummis.com
Email: vferraro@sillscummis.com
Email: dlee@sillscummis.com
Email: tdickey@sillscummis.com

Terence M. Ridley, Esq
Wheeler Trigg O'Donnell, LLP
370 17th Street, Suite 4500
Denver, CO 80202
Email: ridley@wtotrial.com

*s/ Kris J. Kostolansky*

6

2004559300_1