**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**MDX MEDICAL, INC.'S BRIEF REGARDING CLAIM CONSTRUCTION
FOR CLAIM 15 OF THE ASSERTED PATENT**

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by its undersigned counsel, respectfully submits this Brief Regarding Claim Construction for Claim 15 of the Asserted Patent.

## I.    INTRODUCTION

Health Grades alleges that MDx infringes claim 15 of U.S. Patent No. 7,752,060 ("the '060 patent" or "Asserted Patent"; Exhibit A), among other claims. Although the Court issued an Order Regarding Claim Construction (dkt. 138), the parties continue to disagree about the interpretation of certain terms in system claim 15, which were not addressed by the claim construction order. The Court granted leave for the parties to file the instant brief to address this disputed meaning. In short, Health Grades would like to interpret claim 15 to require only the *capability* for a processor to perform certain steps. Health Grades' interpretation finds no support in the claims, the file history of the '060 patent, or the case law.

## II. CLAIM TERMINOLOGY AT ISSUE

Claim 15 recites, in pertinent part:

> 15. An on-line information system for connecting healthcare providers with potential patients, the system comprising:
>     at least one computer processor; and
>     memory coupled with and readable by the at least one computer processor and comprising *a series of instructions that, when executed by the at least one computer processor, cause the at least one computer processor to*:
>     [perform certain steps].

Exhibit A, col. 22, lines 9-56 (emphasis added).

Health Grades contends that the above claim language means that the claimed processor only needs to have the capability to perform the steps. Health Grades relies heavily on *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1205 (Fed. Cir. 2010). However, there is an important (although perhaps subtle) distinction between the claims at issue in *Finjan* and claim 15 of the '060 patent. As the Federal Circuit emphasized repeatedly in *Finjan*, those claims did not require that the software components be active or enabled. Rather, the *Finjan* claims are all phrased as structure "for" doing some function (*e.g.,* "*for preventing,*" "*for obtaining,*" *for forming,*" etc., all emphasis added by the Federal Circuit). There is nothing in the *Finjan* claim language requiring anything other than things "for" performing certain steps.

Claim 15 of the '060 patent is different. These claims do not use the language "for causing" that would make them analogous to *Finjan*. Instead, they use the language "*that . . . cause*" – unlike *Finjan* there is an enablement requirement in these claims.

A year after *Finjan*, the District of Delaware addressed claims having language essentially identical to the language at issue here, in *Oracle Corp. v. Parallel Networks, LLC*, 778 F. Supp. 2d 527 (D. Del. 2011). In that case, claim 11 recited "instructions, *which* when

executed by a computer system, *cause* said computer system to perform…." *Id.*, at 533. The Court in *Oracle*, contrary to the approach suggested here by Health Grades, thoroughly analyzed the infringement issue by determining what the accused instructions did when they were executed, not whether the system was "capable" of causing something to happen. *Id.*, at 540-44. Earlier in the same case, the Federal Circuit had also considered the same claim on appeal and did not take any capability approach. *See Oracle Corp. v. Parallel Networks, LLC*, 375 Fed. Appx. 36 (Fed. Cir. 2010).

### III. HEALTH GRADES SPECIFICALLY CHANGED ITS CLAIMS FROM "FOR" PERFORMING TO "THAT CAUSE"

The prosecution history of the '060 patent confirms that Health Grades' reliance on the *Finjan* case is misplaced. Claim 15 of the '060 patent was originally filed as claim 19, and claim 19 originally included the "for" performing language addressed by the *Finjan* case:

> 19. An on-line information system for providing verified information regarding healthcare providers, the system comprising:
> a compilation module ***for compiling*** healthcare provider-verified information;
> a compilation module ***for compiling*** patient-provided information;
> a compilation module ***for compiling*** healthcare provider information verified by an independent third party;
> a creation module ***for creating*** a healthcare provider report . . . .

*See* Original Claims of Application for '060 Patent, Exhibit B, p.4 (emphasis added.)  Rather than pursue those claims with the "for" language, Health Grades instead chose a different approach and changed the claims to use "that cause" language (changes shown as markup):

> 19. An on-line information system for providing verified information regarding healthcare providers, the system comprising:
> <u>at least one processor; and</u>
> <u>memory coupled with and readable by the at least one processor and comprising a series of instructions that, when executed by the at least one processor, cause the at least one processor to:</u>

>> ~~a compilation module for compiling~~ <u>compile</u> healthcare provider-verified information;
> ~~a compilation module for compiling~~ <u>compile</u> patient-provided information;
> ~~a compilation module for compiling~~ <u>compile</u> healthcare provider information verified by an independent third party; <u>and</u>
> ~~a creation module for creating~~ <u>create</u> a healthcare provider report . . . .

*See* Health Grades Amendment and Response Filed February 16, 2010, Exhibit C, p.5 (markup original). While the original "for" performing language in claim 19 was rejected by the Patent Office, the "that cause" language was eventually allowed in what would become current claim 15. Health Grades should be held to its decision to pursue the "that cause" language instead of staying with its original "for" performing language.

Although the language of claim 15 is sufficient support for MDx's position, the prosecution history further confirms MDx's position. When seeking allowance of amended claim 19 in the Patent Office, nowhere did Health Grades characterize claim 19 as having any "capability" terms. Rather, Health Grades sought allowance on the basis of steps performed by the processor, *i.e.*, receive a request, access healthcare provider-verified information, compile patient-provided information, compile healthcare provide information, create a healthcare provider report, and provide access to the healthcare provider report. *See* Health Grades April 26, 2010 Supplemental Amendment, Exhibit D, at pp. 6-7, 11-12.

## IV. CLAIM 15 REQUIRES "RECEIVED," "PROVIDED" AND "VERIFIED" (ALL PAST TENSE)

Even if Health Grades was correct, contrary to the Federal Circuit's *Oracle* opinion, that these claims have elements that only require reasonable capability, that capability would not extend to the claim elements at issue here. The most the "capability" could be directed to would be a capability of ***accessing and compiling*** the ***already received, verified, and provided data***.

Thus, the data at issue here is described in the past tense, and when the instructions are executed, the data is accessed and a report is created. The claim does ***not*** say that, when executed, the instructions cause the processor to "receive" data, or "provide" data, or "verify" data – it instead references these all in the past tense. *See Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1328-29 (Fed. Cir. 2010) ("Unless the claim language only requires the capacity to perform ***a particular claim element***, we have held that it is not enough to simply show that a product is capable of infringement; ***the patent owner must show evidence of specific instances of direct infringement***.") (emphasis added); *Verizon Cal. Inc. v. Ronald A. Katz Tech. Licensing L.P.*, 2003 U.S. Dist. LEXIS 23553, at *135-36 (C.D. Cal. Dec. 3, 2003) (capability of performing the claimed function was not evidence of actual use). Therefore, even if these claims had the language "for causing" rather than "that . . . cause" (so that the Federal Circuit's *Finjan* analysis would apply and not the analysis in *Oracle*), it would still be no help to Health Grades because the claims all still plainly require the past receipt and verification of all these data elements.

## V.     CONCLUSION

For the above reasons, MDx respectfully requests that the Court construe claim 15 of the '060 patent to require all of the claimed steps to actually be performed when executed by a processor, and the "capability" to perform the claimed steps would not be sufficient.

Dated:  December 31, 2013                                    Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson                                            Terence Ridley, Atty. No. 15212
Trent S. Dickey                                              Wheeler Trigg O'Donnell LLP
David C. Lee                                                 370 Seventeenth Street, Suite 4500

Vincent M. Ferraro
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: sstimpson@sillscummis.com
E-mail: tdickey@sillscummis.com
E-mail: dlee@sillscummis.com
E-mail: vferraro@sillscummis.com

Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

**CERTIFICATE OF SERVICE**

I hereby certify that on December 31, 2013, I electronically filed the foregoing **MDX MEDICAL, INC.'S BRIEF REGARDING CLAIM CONSTRUCTION FOR CLAIM 15 OF THE ASSERTED PATENT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez, Jr.**
  jvazquez@lrrlaw.com, phenke@lrrlaw.com

- **Gregory B. Kanan**
  gkanan@lrrlaw.com

- **Kris John Kostolansky**
  kkosto@lrrlaw.com

- **Adam Lee Massaro**
  amassaro@lrrlaw.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Trent S. Dickey**
  tdickey@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Vincent Marc Ferraro**
  vferraro@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

                                                 *s:/David C. Lee*