Exhibit C

U.S. Patent Application Serial No. 11/512,529

S/N 11/512,529                                                    PATENT
                                                          CONF. NO. 1358

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | David G. Hicks, et al. | Examiner: | Trang T. Nguyen |
| Serial No.: | 11/512,529 | Group Art Unit: | 3686 |
| Filed: | August 29, 2006 | Docket No.: | 40476.0002USU1 |
| Title: | INTERNET SYSTEM FOR CONNECTING HEALTHCARE PROVIDERS AND PATIENTS | | |

---

CERTIFICATE OF FILING BY EXPRESS MAIL # EV 419058900 US:

I hereby certify that this paper or fee is being transmitted by U.S. Express Mail to the United States Patent and Trademark Office via EFS-Web in accordance with 37 CFR § 1.6(a)(4) on  February 16, 2010.

By:   /Sandra Lee Bourassa, PLS/
Sandra Lee Bourassa, PLS

---

## AMENDMENT & RESPONSE TO NON-FINAL OFFICE ACTION
## MAILED NOVEMBER 13, 2009

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Sir:

        In response to the Non-Final Office Action mailed November 13, 2009, please amend the above-identified application as indicated below.  It is believed that no further fees are due with this Amendment and Response to the Non-Final Office Action because the three-month date for filing this Amendment and Response, i.e., February 13, 2010, fell on a Saturday, and this Amendment and Response is being filed today, i.e., February 16, 2010, following a federal holiday on February 15, 2010.  However, the Commissioner is hereby authorized to charge any deficiencies or credit any overpayment with respect to this patent application to deposit account number 13-2725.

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks** begin on page 7 of this paper.

1

U.S. Patent Application Serial No. 11/512,529

**Amendments to the Claims:**

This listing of claims will replace all prior versions and listings of claims in the application.  Please amend the claims as follows:

**Listing of Claims:**

1.      (Currently Amended) A method of providing healthcare provider information to potential patients, said method comprising:

compiling healthcare provider-verified information;

compiling past-patient provided information;

compiling information verified by independent third-party sources;

creating, by a processor, a healthcare provider report using the ~~physician-verified~~ healthcare provider-verified information, the past-patient provided information, and the ~~verified~~ information verified by independent third-party sources, wherein the healthcare provider report includes comparison ratings of healthcare providers; and

providing access to the healthcare provider report over a computer network.

2.      (Currently Amended) The method as defined in claim 1, wherein the past-patient provided information is obtained through data collected through the method comprising:

past or current patients of a particular healthcare provider accessing a report for ~~that~~ the particular healthcare provider over the computer network;

the past or current patients selecting to complete an on-line patient survey;

the past or current patients completing the survey and providing an e-mail address; and

transmitting the completed survey to a predetermined company Web server.

3.      (Currently Amended) The method as defined in claim 2, further comprising a method for verifying and compiling such data, the method comprising:

2

U.S. Patent Application Serial No. 11/512,529

determining whether the past or current patient has already completed a maximum number of surveys for a predetermined time period;

if the past or current patient has not reached the maximum number of surveys, transmitting a confirmation e-mail to the e-mail address provided;

determining if the confirmation e-mail was successfully transmitted; and

if the e-mail was successfully transmitted, compiling the data provided by the past or current patient with other relevant data in a company database comprised of healthcare provider information.

4.    (Original) The method as defined in claim 1, wherein the healthcare provider report includes a hyperlink to an affiliated hospital, medical center, or other type of treatment center.

5.    (Cancelled)

6.    (Original) The method as defined in claim 1, wherein the access to the healthcare provider report is obtained through a predetermined Web page that provides search capabilities for a database comprised of healthcare provider information.

7.    (Currently Amended) The method as defined in claim 6, wherein the search capabilities permit a search based on one or more from the group consisting of: at least one of name, medical specialty, gender, state, city, procedure, diagnosis, procedure, [[or]] and location criteria.

8.    (Original) The method as defined in claim 7, wherein a search of the database produces a results list of healthcare providers satisfying the search criteria.

9.    (Original) The method as defined in claim 8, wherein the results list further includes an advertisement for a healthcare provider with a hyperlink to information on that healthcare

3

U.S. Patent Application Serial No. 11/512,529

provider.

10.    (Currently Amended) The method as defined in claim 8, further comprising:

determining from the results list whether [[the]] a particular healthcare provider is a member of [[the]] a company managing the Web site; and

if the particular healthcare provider is a member of the company managing the Web site, providing enhanced services for the member healthcare provider on the Web site.

11.    (Original) The method as defined in claim 10, wherein the enhanced services comprise making report information on the member provider available at no charge to potential patients.

12.    (Original) The method as defined in claim 10, wherein the enhanced services comprise favorable positioning in the results list.

13.    (Original) The method as defined in claim 1, further comprising:

maintaining a record of whether the healthcare provider report should be made available to a potential patient at no charge; and

requiring payment of a fee to access the healthcare provider report if the report is not recorded as being available at no charge.

14.    (Original) The method as defined in claim 13, wherein the required fee is adjusted to account for applicable discounts.

U.S. Patent Application Serial No. 11/512,529

15.     (Original) The method as defined in claim 1, wherein the healthcare provider is a physician, hospital, nursing home, or other treatment facility.


16.-18. (Cancelled)


19.     (Currently Amended) An on-line information system for providing verified information regarding healthcare providers, the system comprising:

        at least one processor; and

        memory coupled with and readable by the at least one processor and comprising a series of instructions that, when executed by the at least one processor, cause the at least one processor to:

        a compilation module for compiling compile healthcare provider-verified information;

        a compilation module for compiling compile patient-provided information;

        a compilation module for compiling compile healthcare provider information verified by an independent third party; and

        a creation module for creating create a healthcare provider report using the provider-verified healthcare provider-verified information, the patient-provided information, and the independently verified information, wherein the healthcare provider report includes comparison ratings of healthcare providers; and

        a computing system with access to healthcare provider information stored in a database, wherein patients may search the database and review healthcare provider reports to differentiate among healthcare providers.


20.     (Currently Amended) The on-line information system defined in claim 19, wherein:

U.S. Patent Application Serial No. 11/512,529

the healthcare provider report is obtained through one of a predetermined Web page that provides search capabilities on its database or a third-party search engine; and

the search capabilities of the predetermined Web page permit searching based on one or more <u>from the group consisting</u> of<u>:</u> name, medical specialty, gender, state, city, procedure, diagnosis, procedure, [[or]] <u>and</u> location criteria.

21.   (New)  The on-line information system defined in claim 20, further comprising:

producing a results list of healthcare providers satisfying received search criteria;

determining from the results list whether a particular healthcare provider is a member of a company managing the Web site; and

if the healthcare provider is a member of the company managing the Web site, providing enhanced services for the member healthcare provider on the Web site, wherein the enhanced services comprise making report information on the member provider available at no charge to potential patients.

U.S. Patent Application Serial No. 11/512,529

## REMARKS

This Amendment and Response and the following remarks are intended to fully respond to the Non-Final Office Action mailed November 13, 2009. In that Office Action, claims 1-15, 19, and 20 were examined, and all were rejected. Specifically, claims 1-15, 19, and 20 were rejected under 35 U.S.C. § 112, second paragraph, as allegedly "being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention." *Office Action, 11/13/2009, at 2-3*. Claims 1-15 and 19-20 were rejected under 35 U.S.C. § 101 allegedly because "the claimed invention is directed to non-statutory subject matter." *Office Action, 11/13/2009, at 3-4*. In addition, claims 1-6, 8, 9, 13-15, and 19 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over U.S. Pat. App. Publ. No. 2003/0195838 to Henley in view of U.S. Pat. App. Publ. No. 2006/0080146 to Cook, et al. (hereinafter, "Cook"). Further, claims 7, 10, 11, 12, and 20 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over Henley in view of Cook and further in view of U.S. Pat. App. Publ. No. 2004/0010423 to Sameh. Reconsideration of these rejections, as they might apply to the original and amended claims in view of these remarks, is respectfully requested.

In this Amendment and Response, claims 1-3, 7, 10, 19, and 20 have been amended. Claim 5 has been cancelled without prejudice, and claims 16-18 remain cancelled without prejudice in light of the Response to Restriction Requirement filed on September 30, 2009. Claim 21 has been added. This new claim does not add any new subject matter. Therefore, claims 1-4, 6-15, and 19-21 are present for examination. This application is in condition for allowance, and such action is respectfully requested.

### Claim Rejections – 35 U.S.C. § 112, Second Paragraph:  Claims 1-15 & 19-20

Claims 1-15, 19, and 20 were rejected under 35 U.S.C. § 112, second paragraph, as allegedly "being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention." *Office Action, 11/13/2009, at 2-3*. The Applicants do not concede the correctness of these rejections. However, in the interest of forwarding the prosecution of this application to allowance, the Applicants have amended independent claims 1 and 19 to recite in part:

> . . .
>
> creating, by a processor, a healthcare provider report using *the healthcare provider-verified information*, the past-patient provided information, and *the information verified by independent third-party sources*, wherein the healthcare

7

U.S. Patent Application Serial No. 11/512,529

> provider report includes comparison ratings of healthcare providers; and
>
> . . . .

*Claim 1, supra (as amended) (emphasis added).*

> An on-line information system for providing verified information regarding healthcare providers, the system comprising:
> *at least one processor; and*
> *memory coupled with and readable by the at least one processor and comprising a series of instructions that, when executed by the at least one processor, cause the at least one processor to:*
> . . . .

*Claim 19, supra (as amended) (emphasis added).*

As a person of ordinary skill in the art would reasonably understand, these amendments to claims 1 and 19 do not add any new subject matter. For example, the amendments to claim 1 have been added merely to correct alleged insufficient antecedent bases. Further, the "processor" and "memory" amendments to claim 19 represent inherent features of the already-claimed "on-line information system" and would have reasonably been understood and anticipated by a person of ordinary skill in the art.

Claims 1 and 19 are in condition for allowance. The Applicants therefore respectfully request the withdrawal of the § 112 rejections of claims 1 and 19. Because claims 2-4, 6-15, and 20-21 depend on allowable base claims 1 and 19, respectively, these claims are also allowable, and such action is respectfully requested. As such, any remaining arguments supporting the rejections of these claims are not acquiesced to even though they are not directly addressed herein. Accordingly, the Applicants respectfully request the allowance of claims 1-4, 6-15, and 19-21.

## Claim Rejections – 35 U.S.C. § 101: Claims 1-15 & 19-20

Claims 1-15 and 19-20 were rejected under 35 U.S.C. § 101 allegedly "because the claimed invention is directed to non-statutory subject matter." *Office Action, 11/13/2009, at 3-4.* The Applicants do not concede the correctness of these rejections. However, in the interest of forwarding the prosecution of this application to allowance, the Applicants have amended claims 1 and 19 to recite in part:

8

U.S. Patent Application Serial No. 11/512,529

> creating, *by a processor*, a healthcare provider report using the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources, wherein the healthcare provider report includes comparison ratings of healthcare providers; and
>    . . . .

*Claim 1, supra (as amended) (emphasis added).*

> An on-line information system for providing verified information regarding healthcare providers, the system comprising:
> *at least one processor; and*
> *memory coupled with and readable by the at least one processor and comprising a series of instructions that, when executed by the at least one processor, cause the at least one processor to:*
>    . . . .

*Claim 19, supra (as amended) (emphasis added).*

Claims 1 and 19 are in condition for allowance. The Applicants thus respectfully request the withdrawal of the § 112 rejections of claims 1 and 19. Because claims 2-4, 6-15, and 20-21 depend on allowable base claims 1 and 19, respectively, these claims are also allowable, and such action is respectfully requested. As such, any remaining arguments supporting the rejections of these claims are not acquiesced to even though they are not directly addressed herein. Accordingly, the Applicants respectfully request the allowance of claims 1-4, 6-15, and 19-21.

**Claim Rejections – 35 U.S.C. § 103(a):  Claims 1-6, 8, 9, 13-15, & 19**

Claims 1-6, 8, 9, 13-15, and 19 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over Henley in view of Cook. The Applicants respectfully disagree with and traverse these rejections. To establish a prima facie case of obviousness, the references must teach or suggest each and every one of the claim elements to one of ordinary skill in the art at the time the invention was made. *See* MPEP §§ 2142, 2143.03; *In re Wilson*, 424 F.2d 1382, 1385 (C.C. P.A. 1970). In addition, *KSR International Company v. Teleflex, Inc.*, 127 S. Ct. 1727, 1741 (2007), requires that there "must be some *articulated reasoning with some rational underpinning* to support the legal conclusion of obviousness." (Emphasis added.) Further, "a

U.S. Patent Application Serial No. 11/512,529

patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art." *KSR Int'l Co.*, 127 S. Ct. at 1741. Specifically, the references fail to teach or suggest all of the claim elements.

For example, Henley in view of Cook fail to teach or suggest at least the following with respect to claim 1:

> . . .
> creating, by a processor, a healthcare provider report *using the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources, wherein the healthcare provider report includes comparison ratings of healthcare providers*; and
> providing access to the healthcare provider report over a computer network.

*Claim 1, supra (as amended) (emphasis added).*

Henley provides generally for "an on-line auctioning process in negotiating a price for the performance of a professional personal medical service performed by a medical physician on an individual patient . . . ." *Henley, at [0016]*. Specifically, Henley provides for on-line negotiating of fees for medical services and provides a "method and apparatus that will enable prospective patients to easily identify and access an otherwise underutilized medical facility to negotiate a favorable fee for services subject to scheduling restrictions and other 'specifications' set by the medical service provider." *Henley, at [0024]*. Henley is thus related to on-line auctioning for medical services and products and fails to disclose or suggest, at a minimum, "creating . . . a healthcare provider report using the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources . . . ." Indeed, the Office Action admits that Henley "may or **may not** explicitly disclose" such teaching and provides no citation in Henley supporting such teaching. *See Office Action, 11/13/2009, at 6 (emphasis added)*. Instead, the Office Action relies on Cook:

> Henley may or may not explicitly disclose the following limitation. However, Cook discloses:
>
> • *creating a healthcare provider report using the physician-verified information, the past-patient provided information, and the verified information* (See at least paragraphs 0091, 0343, 0358, 0375 and claim 21).

*Office Action, 11/13/2009, at 6 (emphasis in original).*

U.S. Patent Application Serial No. 11/512,529

However, the Applicants respectfully disagree that Cook provides such disclosure. Cook relates generally to enabling a patient "to choose a healthcare provider who uses an EMR [("electronic medical record")] system and optionally an advanced, compatible EMR system." *Cook, at [0097]*. The citations from the Office Action relate at most to specific reports about "the EMR system in use by each provider . . . ." *See, e.g., Cook, at [0091]*. For example, paragraph [0343] provides:

> **Reports of compatibility of a provider's EMR** can be based on the percentage of other **EMR systems** which are compatible or the percentage of healthcare providers who are using **EMR systems which are compatible**.

*Cook, at [0343] (emphasis added)*.

Cook's reports are thus related to EMR systems: "It is also specifically meant to include all implementations **in which reports to patients include graduated assessments of EMR systems.**" *Cook, at [0375] (emphasis added)*. While Cook refers to the "ability to report to patients objective measures of the quality and cost effectiveness of care provided by each individual healthcare provider," *Cook, at [0358]*, this reference to the "quality" and "cost effectiveness" appears to refer again to "reviewing electronic patient medical records" and to "outcomes data from health insurance companies." *See Cook, at [0358]*. Cook thus fails to provide any teaching or suggestion, at a minimum, of ". . . creating . . . a healthcare provider report *using the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources . . . .*" Cook's reports are based on "EMR systems" and "outcomes data from health insurance companies," *see Cook, at [0358]*, and provide no teaching, for example, of "creating" a "healthcare provider report *using* the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources . . . ." (Emphasis added.) Cook thus fails to cure the deficiencies of Henley.

Further, Henley fails to teach or suggest, for example, ". . . wherein the healthcare provider report includes comparison ratings of healthcare providers . . . ." The Office Action relies on Henley at "paragraphs 0015-0016, 0037, 0081, 0090 and 0107" for providing such a teaching. However, the Applicants respectfully disagree. The cited portions of Henley provide no teaching or suggestion of "comparison ratings." *See, e.g., Henley, at [0015-0016], [0037], [0081], [0090], & [0107]*. For example, paragraph [0107] provides that "[t]he qualifier engine and associated databases allow the qualifications of both the physician providing the service and

11

U.S. Patent Application Serial No. 11/512,529

the qualifications of the hospital/treatment facilities [to be] available to the consumer/patient." *Henley, at [0107]*. However, making general qualifications "available" to a consumer does not teach or suggest "comparison ratings." Additionally, while paragraph [0090] provides for "hyperlinks to databases storing the identification of medical service providers having satisfied a particular qualifying requirement," *Henley, at [0090]*, access to databases storing the "identification" of medical service providers satisfying a particular requirement provides no teaching or suggestion of, for example, "comparison ratings" of healthcare providers. Henley thus fails to provide any teaching or suggestion of at least ". . . wherein the healthcare provider report includes comparison ratings of healthcare providers . . . ."

Accordingly, Henley in view of Cook fail to teach or suggest each and every limitation of claim 1, and allowance of this claim is therefore respectfully requested. While the above discussion shows that the cited references do not teach or suggest each and every aspect of claim 1, amendments to claim 1 are made in the interest only of forwarding the prosecution of this application to allowance and are not necessarily made to address the Office Action's rejections based on the cited references. Amendments are therefore made without prejudice. Because claims 2-4 and 6-15 depend on allowable base claim 1, these claims are also allowable, and such action is respectfully requested. As such, any remaining arguments supporting the rejections of these claims are not acquiesced to even though they are not directly addressed herein. Accordingly, the Applicants respectfully request the allowance of claims 1-4 and 6-15 (claim 5 has been cancelled without prejudice).

Further, the Applicants note that the Office Action's apparent reliance on "Official Notice," *see Office Action, 11/13/2009, at 8-10*, fails to cure the deficiencies of Henley and Cook with regard to claims 3, 13, and 14. *See discussion supra*. The Office Action relies on "Official Notice" for various described teachings. *See, e.g., Office Action, 11/13/2009, at 7-10 (using multiple, various statements of Official Notice)*. The Applicants do not necessarily agree with the Office Action's characterization of the claim language relating to these multiple takings of Official Notice. *See Office Action, 11/19/2009, at 8-10*. Further, the Applicants do not necessarily agree with these multiple takings of Official Notice nor do they acquiesce to the statements made in the Office Action regarding the Official Notice. Nevertheless, since Henley in view of Cook fails to teach the features of claim 1 noted above, and no additional references have been cited that compensate for the deficiencies in Henley in view of Cook, the issue regarding the accuracy of each of the multiple takings of Official Notice is moot.

U.S. Patent Application Serial No. 11/512,529

The Applicants also respectfully disagree with the Office Action's rejection of claim 2. For example, the Office Action states with regard to the "transmitting . . ." element:

> [T]hese differences are not functionally involved in the steps recited nor do they alter the recited structural elements. The recited steps would be performed the same regardless of the specific data. Further, the structural elements remain the same regardless of the specific data. Thus, this will not distinguish the claimed invention from the prior art in terms of patentability.

*Office Action, 11/13/2009, at 7.*

The Applicants do not necessarily agree with these statements in the Office Action nor do they acquiesce to these statements. *See Office Action, 11/13/2009, at 7.* Nevertheless, since Henley in view of Cook fails to teach the features of claim 1 (upon which claim 2 depends) noted above, and no additional references have been cited that compensate for the deficiencies in Henley in view of Cook, the issue regarding the accuracy of these statements is moot.

In addition, for at least the reasons set forth above, Henley in view of Cook fail to teach or suggest each and every limitation of independent claim 19. For example, the cited references fail to disclose or suggest at least the following with respect to claim 19:

> . . .
> create a healthcare provider report *using the healthcare provider-verified information, the patient-provided information, and the independently verified information, wherein the healthcare provider report includes comparison ratings of healthcare providers.*

*Claim 19, supra (as amended) (emphasis added).*

Accordingly, for at least the above reasons, Henley in view of Cook fail to teach or suggest each and every limitation of claim 19. Allowance of this claim is therefore respectfully requested. Because claims 20-21 are dependent on allowable base claim 19, *see discussion supra*, these claims are also patentable over Henley in view of Cook. As such, any remaining arguments supporting the rejection of this claim are not acquiesced to even though they are not directly addressed herein. While the above discussion shows that the cited references do not teach or suggest each and every aspect of claim 19, amendments to claim 19 are made in the interest only of forwarding the prosecution of this application to allowance and are not necessarily made to address the Office Action's rejections based on the cited references. Amendments are therefore made without prejudice. The allowance of claims 19-21 is therefore respectfully requested.

U.S. Patent Application Serial No. 11/512,529

For at least the reasons presented above, claims 1-4, 6-15, and 19-21 are patentable over Henley in view of Cook. Accordingly, the Applicants respectfully request the allowance of this application.

## Claim Rejections – 35 U.S.C. § 103(a):  Claims 7, 10-12, & 20

Claims 7, 10-12, and 20 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over Henley in view of Cook and further in view of Sameh. The Applicants respectfully disagree with and traverse these rejections. The cited references fail to teach or suggest all of the claim elements.

Because claims 7, 10-12, and 20 depend on allowable base claims 1 and 19, respectively, *see discussion supra*, these claims are also allowable for at least the reasons presented above, and such action is respectfully requested. As such, any remaining arguments supporting the rejections of these claims are not acquiesced to even though they are not directly addressed herein. Accordingly, the Applicants respectfully request the allowance of claims 7, 10-12, and 20.

Further, Henley in view of Cook and further in view of Sameh fail to teach or suggest at least the following:

> . . .
> creating, by a processor, a healthcare provider report *using the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources, wherein the healthcare provider report includes comparison ratings of healthcare providers*; and
> providing access to the healthcare provider report over a computer network.

*Claim 1, supra (as amended) (emphasis added) (upon which claims 7 & 10-12 depend).*

> . . .
> create a healthcare provider report *using the healthcare provider-verified information, the patient-provided information, and the independently verified information, wherein the healthcare provider report includes comparison ratings of healthcare providers*.

*Claim 19, supra (as amended) (emphasis added) (upon which claim 20 depends).*

Sameh fails to cure the deficiencies of Henley in view of Cook. Sameh relates generally to providing a method and apparatus for allowing patients "to make appointments with physicians." *Sameh, at [0002]*. Specifically, Sameh provides that a "website messaging system

14

U.S. Patent Application Serial No. 11/512,529

10 may be provided by a sponsor (e.g., a hospital or other healthcare facility) and may be used to forward messages from patients to their attending physicians under any of a number of predetermined message formats and patient conditions specified by the attending physician." *Sameh, at [0020]*. Sameh's messaging system for forwarding messages from patients to physicians and providing an "appointment request webpage," *Sameh, at [0007]*, thus neither teaches nor suggests, for example, ". . . creating a healthcare provider report using the healthcare provider-verified information, the past-patient provided information, and the information verified by independent third-party sources . . . ." Sameh also provides no disclosure or suggestion of, at a minimum, "wherein the healthcare provider report includes *comparison ratings of healthcare providers*." (Emphasis added.) Sameh thus fails to cure the deficiencies of Henley in view of Cook.

Further, the Applicants note that the Office Action's apparent reliance on "Official Notice," *see Office Action, 11/13/2009, at 14*, fails to cure the deficiencies of Henley and Cook with regard to claim 12. The Office Action states that "[i]t is old and well known in the art for organizations or service providers to reward their members with extra (or enhanced) services." *Office Action, 11/13/2009, at 14*. The Applicants do not necessarily agree with the Office Action's characterization of the claim language. Further, the Applicants do not necessarily agree with this apparent taking of Official Notice nor do they acquiesce to the statements made in the Office Action regarding the Official Notice. Nevertheless, since Henley in view of Cook fails to teach the features of claim 1 (upon which claim 12 depends) noted above, and no additional references have been cited that compensate for the deficiencies in Henley in view of Cook, the issue regarding the accuracy of the taking of Official Notice is moot.

Accordingly, Henley in view of Cook and further in view of Sameh fail to disclose or suggest each and every element of claims 7, 10-12, and 20. Claims 7, 10-12, and 20 are therefore allowable. While the above discussion shows that the cited references fail to teach or suggest each and every element of claims 7, 10-12, and 20, amendments to claims 7, 10-12, and 20 are made in the interest only of forwarding the prosecution of this application to allowance and are not necessarily made to address the Office Action's rejections based on the cited references. Amendments are therefore made without prejudice.

For at least the above reasons, the Applicants respectfully request the allowance of claims 7, 10-12, and 20.

U.S. Patent Application Serial No. 11/512,529

## New Claim

Claim 21 has been added. *See supra*. This claim does not add any new subject matter. Further, claim 21 is allowable for at least the reasons set forth above. *See discussion supra*. In addition, none of the cited references discloses or suggests the limitations of claim 21. Accordingly, claim 21 is also in condition for allowance, and such action is respectfully requested.

## Conclusion

This Amendment and Response fully responds to the Non-Final Office Action mailed November 13, 2009. It is recognized that the Office Action may contain arguments and rejections that are not directly addressed by this Amendment and Response because they are rendered moot in light of the preceding arguments in favor of patentability. Hence, the failure, if any, of this Amendment and Response to directly address an argument and/or comment raised in the Office Action should not be taken as an indication that the Applicant believes the argument and/or comment has merit. Additionally, the failure, if any, to address statements and/or comments made in the Office Action does not mean that the Applicants acquiesce to such statements and/or comments. Furthermore, the claims of the present application may include other elements, not discussed in this Amendment and Response, which are not shown, taught, or otherwise suggested by the art of record. Accordingly, the preceding arguments in favor of patentability are advanced without prejudice to other bases of patentability.

It is believed that no additional fees are due with this Amendment and Response. However, the Commissioner is hereby authorized to charge any deficiencies or credit any overpayment with respect to this patent application to deposit account number 13-2725.

In light of the above remarks and amendments, the application is in condition for allowance and such action is respectfully requested. Should any additional issues need to be resolved, the Examiner is respectfully requested to telephone the undersigned to attempt to resolve those issues.

U.S. Patent Application Serial No. 11/512,529

Respectfully submitted,

Dated: <u>February 16, 2010</u>

*Elizabeth J. Reagan*

Elizabeth J. Reagan, Reg. No. 57,528
Merchant & Gould P.C.
P.O. Box 2903
Minneapolis, MN 55402-0903
(303) 357-1644

**23552**
PATENT TRADEMARK OFFICE