**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S BRIEF REGARDING CLAIM CONSTRUCTION
FOR THE TERM "VERIFIED" OF THE ASSERTED PATENT**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by its undersigned counsel, respectfully submits this Brief Regarding Claim Construction for the Term "Verified" of the Asserted Patent.

## I. INTRODUCTION

Health Grades alleges that MDx infringes U.S. Patent No. 7,752,060 ("the '060 patent" or "the Asserted Patent", Exhibit A). Although the Court issued an Order Regarding Claim Construction (dkt. 138), the parties continue to disagree about the interpretation of the term "verified" in every asserted claim. The Court granted leave for the parties to file the instant brief to address this disputed meaning. In short, the issue is whether "verified" (as a separate and distinct claim requirement) means something in addition to, and more than, another claim term, "received". The Asserted Patent and its prosecution history solidly support MDx's position that "verified" means more than simply "received".

## II. CLAIM TERMINOLOGY AT ISSUE

Claim 1 recites, in pertinent part:

> 1. A computer-implemented method of providing healthcare provider information to potential patients, said method comprising:
> . . .
> accessing healthcare provider-*verified* information about the first healthcare provider, wherein the healthcare provider-*verified* information is *received* from the first healthcare provider . . . ;
> compiling, by the at least one computer processor, patient-provided information regarding the first healthcare provider, wherein the patient-provided information comprises patient ratings from one or more past or current patients of the first healthcare provider, and wherein the patient ratings are *received* from an on-line patient experience survey completed on a company Web site by the one or more past or current patients of the first healthcare provider . . . ;
> compiling information regarding the first healthcare provider *verified* by an independent third-party source . . . ;
> creating, by the at least one computer processor, a healthcare provider report on the first healthcare provider using the healthcare provider-*verified* information, the patient-provided information, and the information *verified* by the independent third-party source, wherein the healthcare provider report on the first healthcare provider includes comparison ratings of healthcare providers; . . . .

Exhibit A, col. 20, lines 20-67 (emphasis added). Significantly, the words "verified" and "received" are separate and distinct terms in the claims, and their usages and meanings are not interchangeable. Claim 15 includes similar language. *Id.*, col. 22, lines 9-56.

## III. "VERIFIED" REQUIRES MORE THAN SIMPLY RECEIVING INFORMATION

Health Grades contends that the '060 patent does not require any kind of verification other than the act of receiving information from a physician or third-party source. There are several problems with this argument, and such an interpretation would not pass Federal Circuit muster.

First, Health Grades' argument violates the well-established principle that different claim terms have different meanings. *Applied Med. Res. Corp. v. U.S. Surgical Corp.*, 448 F.3d 1324,

1333 n.3 (Fed. Cir. 2006) ("[T]he use of two terms in a claim requires that they connote different meanings. . . ."); *CAE Screenplates Inc. v. Heinrich Fiedler GmbH*, 224 F.3d 1308, 1317 (Fed. Cir. 2000) ("In the absence of evidence to the contrary, we must presume that the use of these different terms in the claims connotes different meanings.")  The terms "verified" and "received" clearly are different terms in the claims, and claim construction principles dictate that they should connote different meanings.

Second, the specification clearly states that receiving information is very different from verifying the information. *E.g.*, Exhibit A, 1:39-43 (information only supplied by the physician may be incomplete or inaccurate); 2:55 (distinguishing, in the disjunctive, "physician-verified" and "physician-provided"); 10:60-61 (same); 17:17-18 (accessing information from physician not yet verified); *see also* 1:28 (emphasizing the need to be able to ensure the veracity of the information); 1:47 ("verify a physician's or hospital's certifications or licensures"); 7:56-8:2 ("the physician, at least, verifies this information").  FIG. 16 of the '060 patent illustrates the great lengths taken by Health Grades to distinguish "receive" and "verify" in the '060 patent. "FIG. 16 is a flow diagram illustrating operational characteristics of a process for developing a report or profile of information regarding a particular healthcare provider". Exhibit A, FIG. 16, and col. 4, lines 53-55.  Operation 1606 *receives* patient information, while a distinct operation 1607 *verifies* patient information.  A separate verification operation 1608 also performs verification on previously received information:

> Verification operation 1608 *verifies* the accuracy of physician information and patient-provided information *received* in operations 1604 and 1606, respectively. In some embodiments, verification operation 1608 also *verifies* the completeness of certain information *received* in the previous steps, such as, by way of example only, information received and/or gathered regarding a physician's disciplinary

>action(s), board certification(s), and/or licensure(s), and gathers additional data and information regarding a physician, if such information has not already been received or gathered through other means.

Exhibit A, col. 8, lines 8-18 (emphasis added).



Exhibit A, portion of FIG. 16. Thus, the '060 patent is amply clear that receiving information is very different from verifying the information, and they are not synonymous or coextensive.

And third, the ordinary meaning of "verified" is not "received", but rather "substantiated" or "confirmed". *See* Dkt. # 56-2, Exhibit B to Joint Claim Construction and Prehearing Statement, Definition of "verify" at p.1449; dkt. 138, Order Regarding Claim Construction, at page 15, n.8. While Health Grades may now wish that it did not add this "verified" language to the claims, it is a clear requirement that must be satisfied. By equating "verified" with "received", Health Grades is attempting to vitiate the "verified" claim element to improperly broaden its claims. *Glaxo, Inc. v. Novopharm, Ltd.*, 110 F.3d 1562, 1566 (Fed. Cir. 1997) ("It is elementary patent law that all [claim] limitations are material."); *Texas Instruments Inc. v. U.S. Int'l Trade Comm'n*, 988 F.2d 1165, 1171 (Fed. Cir. 1993) (declining patentee's claim

construction that "would read an express limitation out of the claims.  This, we will not do because '[c]ourts can neither broaden nor narrow the claims to give the patentee something different than what he has set forth.'")

The Court addressed the "verified" term in footnote 8 of the Court's Order regarding Claim Construction.  Dkt. # 138, page 15, n.8.  There, the Court stated that "the specification makes clear that the act of 'verifying' requires only *that the website receive confirmation of the information* from some other source, in this instance the healthcare provider."  *Id*.  In *dicta*, the Court added that "the confirmation described appears to not extend beyond receipt of such information from the first healthcare provider."  *Id*.  The technical experts of both parties agree that some sort of confirmation of the provided information is required, and that the normal meaning of verification means obtaining proof.  *See* Portions of Expert Report of Philip Greenspun, Exhibit B, at ¶ 122; Portions of Rebuttal Report of Richard G. Cooper, Exhibit C, at ¶ 13.  This is consistent with what Health Grades itself practiced.  Portions of Transcript of Deposition of Inventor Scott Montroy, Exhibit D, at page 145 (documentation or other verification required by Health Grades for verification from healthcare providers).

The purpose of requiring this separate verification is evident.  Errors and mistakes frequently occur in electronic communications, especially from over-zealous auto-correct or auto-fill software features, or from lack of any auto-correct or auto-fill features.  Receipt of electronic information is alone insufficient to confirm that the information is correct.  Furthermore, doctors have obvious incentive to "puff" on all these specific elements – the more years in practice they have, the more languages they speak, the more awards and honors they have, etc., all make them look better, which brings in more business, which makes them more

money.  While most doctors would be honest and trustworthy, not all will be.  Simply having a doctor say he obtained a glamorous award or honor, for example, is not enough.  These are reasons why the '060 patent and the claims insist on "verification" too – ***and the claims all expressly say so***.  An analysis of the "verified" term that requires no more than mere receipt eradicates the verification requirement entirely in contravention of Supreme Court precedent.  *Warner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 39 n.8 (1997).

      MDx respectfully requests clarification of the Court's Order Regarding Claim Construction so that Health Grades cannot effectively ignore this verification requirement by telling the jury that any receipt of the information alone is sufficient to also be verification.  Health Grades must prove that the healthcare provider information and third-party information were verified, as required by the claims.  Any analysis that conflates these two separate and distinct requirements to be the same thing will effectively eliminate the verification requirement in contravention of Supreme Court and Federal Circuit law.  Further, it will result in absurd arguments such as those made by Health Grades in its infringement allegations – that merely receiving information from a third-party source shows that the information was verified by the third-party source.  *See, e.g.,* Portions of Health Grades Supplemental Claim Chart on iTriage, Exhibit E (arguing that "Aetna 'verified' this information by obtaining it from MDx . . . MDx 'verified' this information by obtaining it from third parties").  The fallacy of Health Grades' argument is most prominent when the information received from a third party conflicts with existing records.  It is absurd to characterize conflicting information as being verified information simply because it was "received".  Rather, as explained in the Court's Order

Regarding Claim Construction, verified requires confirmation of information. Dkt. # 138, page 15, n.8.

### IV.     CONCLUSION

For the above reasons, MDx respectfully requests construction of the "verified" term to mean: ***confirmation of information, beyond mere receipt.***

Dated: December 31, 2013                                                  Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson                                         Terence Ridley, Atty. No. 15212
Trent S. Dickey                                           Wheeler Trigg O'Donnell LLP
David C. Lee                                              370 Seventeenth Street, Suite 4500
Vincent M. Ferraro                                        Denver, Colorado 80202
Sills Cummis & Gross P.C.                                 Tel: (303) 244-1800
30 Rockefeller Plaza                                      Fax:  (303) 244-1879
New York, New York 10112                                  E-mail: ridley@wtotrial.com
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: sstimpson@sillscummis.com
E-mail: tdickey@sillscummis.com
E-mail: dlee@sillscummis.com
E-mail: vferraro@sillscummis.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2013, I electronically filed the foregoing **MDX MEDICAL, INC.'S BRIEF REGARDING CLAIM CONSTRUCTION FOR THE TERM "VERIFIED" OF THE ASSERTED PATENT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez, Jr.**
  jvazquez@lrrlaw.com, phenke@lrrlaw.com

- **Gregory B. Kanan**
  gkanan@lrrlaw.com

- **Kris John Kostolansky**
  kkosto@lrrlaw.com

- **Adam Lee Massaro**
  amassaro@lrrlaw.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Trent S. Dickey**
  tdickey@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Vincent Marc Ferraro**
  vferraro@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

                                                *s:/David C. Lee*