# Exhibit B

**Expert Report of Philip Greenspun**

**Regarding infringement of U.S. Patent No. 7,752,060 by MDX Medical**

This report is submitted pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure.

## I.   Introduction

1. My name is Philip Greenspun. I received a PhD in Electrical Engineering and Computer Science from the Massachusetts Institute of Technology in 1999 and have been teaching software engineering for Internet applications and database programming there periodically since receiving my degree. My business address is 5 Irving Terrace, #3, Cambridge, Massachusetts 02138. I have been involved in the computer science field for since 1978. I am over eighteen years of age and I would otherwise be competent to testify as to the matters set forth herein if I am called upon to do so at trial.

2. I have been retained by counsel for Health Grades, Inc. ("Health Grades") as a technical expert witness with respect to the proceedings currently before the Court in the above-captioned matter. I receive compensation in the amount of $425 per hour. Health Grades has also reimbursed me for travel and other expenses that I have incurred that are related to providing this technical analysis. My compensation does not depend on the outcome of this case.

3. For purposes of this Expert Report, I have been asked by Health Grades to provide an expert technical analysis of whether the asserted claims of U.S. Patent No. 7,752,060 (the "'060 Patent") that Health Grades contends are infringed by Defendant MDx Medical, Inc. ("MDx") as properly interpreted, are infringed by MDx's systems and methods, either literally, or under the doctrine of equivalents. Additionally, I have been asked by Health Grades to provide an expert technical analysis concerning whether MDx indirectly infringes these patent claims by inducing or contributing to the direct infringement of the patent claims by selling its customers certain products and services and enabling its customers to implement systems and methods which infringe the patent claims either literally or under the doctrine of equivalents.

4. I understand that Health Grades contends that MDx directly or indirectly infringes claims 1, 4-9, 11, and 14-16 of the '060 Patent ("the asserted claims"). I further understand that Health Grades contends that MDx directly infringes all of the asserted claims with the exception of claim 11. I further understand Health Grades further contends that MDx indirectly infringes (either through inducement or contributory infringement) all of these claims.

5. As set forth herein, it is my opinion that MDx's systems and methods directly infringe claims 1, 4- 9, and 14-16 of the '060 Patent literally or, alternatively, under the doctrine of equivalents.

115. The vitals.com database includes gender information, which it displays on vitals.com for every physician in the database. (*See* MDx's Second Supplemental Resps. to Health Grades' First Set of Interrogs. at p. 3; Deposition of Larry West (Rough Draft) at 26:15-26:19; Appendix C; MDx E-mail dated 06/11/2010 at MDX0019305.)

116. The vitals.com database includes age information. (*See* MDx E-mail dated 06/11/2010 at MDX0019305.)

117. The vitals.com database either includes or derives years in profession information, which it displays on vitals.com for every physician in the database. (*See* Appendix C; MDx E-mail dated 06/11/2010 at MDX0019305.)

118. The vitals.com database includes awards and honors information, which it displays on vitals.com for physicians, where applicable. (*See* MDx's Second Supplemental Resps. to Health Grades' First Set of Interrogs. at p. 3; Appendix C; MDx E-mail dated 06/11/2010 at MDX0019305.)

119. The vitals.com database includes professional appointments and memberships information, which it displays on vitals.com for physicians, where applicable. (*See* MDx's Second Supplemental Resps. to Health Grades' First Set of Interrogs. at p. 3; Deposition of Larry West (Rough Draft) at 26:15-26:19 & 279:21-279:23; Appendix C.)

120. The vitals.com database includes publications information, which it displays on vitals.com for physicians, where applicable. (*See* Vitals.com PowerPoint, "Site Functionality & Data Set Overview" at MDX0071958; MDx E-mail dated 06/11/2010 at MDX0019305; Appendix C.)

121. The vitals.com database includes information regarding the language spoken by physicians, which it displays on vitals.com for physicians, where applicable. (*See* MDx's Second Supplemental Resps. to Health Grades' First Set of Interrogs. at p. 3; Deposition of Erika Boyer at 92:11-92:18; Vitals.com PowerPoint, "Site Functionality & Data Set Overview" at MDX0071958; MDx E-mail dated 06/11/2010 at MDX0019305; Appendix C.)

122. The Court found that the term "verified" should be given its plain and ordinary meaning, of which there are several. One meaning of verified is "to prove." Another is "to confirm" or "to substantiate." The Court stated: "the specification makes clear that the act of 'verifying' requires only that the website receive confirmation of the information from some other source, in this instance the healthcare provider. Indeed, the confirmation described appears to not extend beyond receipt of such information from the first healthcare provider." (Markman Order at p. 15 n.8.)