IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

   Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

   Defendant.

**MDX MEDICAL, INC.'S OPPOSITION TO HEATH GRADES, INC.'S EXPEDITED MOTION TO ENFORCE TRIAL SUBPOENAS**

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, hereby opposes Health Grades, Inc.'s ("Health Grades") expedited motion to enforce certain trial subpoenas ("Health Grades' Motion"; Dkt. # 694).

I.  **SUMMARY OF THE ARGUMENT**

Health Grades' Motion should be denied because it is premised on outdated law, errant facts and would be disruptive and prejudicial to MDx. First, Health Grades' motion cites to and relies exclusively on the *old* Rule 45 of the Federal Rules of Civil Procedure and outdated law that relied upon it. Rule 45 was amended effective December 1, 2013. The amendments eliminate the exact relief Health Grades seeks by way of its Motion. Second, MDx preliminarily agreed that MDx would voluntarily produce Mr. Larry West and Ms. Erika Boyer in Plaintiff's case-in-chief subject to certain conditions, but this proposed compromise was premised on Health Grades' misrepresentation or material omission of its full intentions – that it was seeking

1

only these two witnesses and not MDx's Chief Executive Officer ("CEO"), Mitchel Rothschild, who had also been subpoenaed. MDx had reserved all its rights to object to compliance with the subpoenas, as Health Grades admits, and no final decision on producing Mr. West had been made at the time. Only after Health Grades' counsel subsequently injected a demand for Mr. Rothschild's appearance, did MDx withdraw the proposed compromise. Third, Mr. Rothschild is critical to MDx's defense and MDx intends to introduce him to the jury in its case. Mr. Rothschild is also the key decision maker for MDx's entire business. It would be disruptive and potentially harmful to MDx's business if he were required to make multiple trips between New York and Colorado to testify and be away from his duties for much of a two week period. Lastly, pursuant to Fed. R. Civ. P. 45, the time for MDx to file a motion to quash the trial subpoenas has not passed, as Health Grades suggests. For all of these reasons, Health Grades' Motion should be denied.

## II.     LAW AND ARGUMENT

### A.     Rule 45 now expressly eliminates the relief sought by Health Grades.

Health Grades' Motion relies exclusively on *__old__* Rule 45 of the Federal Rules of Civil Procedure and fails to even mention the 2013 amendments to Rule 45 that are directly on point. Indeed, Health Grades stressed to the Court that "Rule 45(c)(3)(A)(ii) provides that a court must quash or modify a subpoena that 'requires a person who is *neither a party nor a party's officer* to travel more than 100 miles from where that person resides, is employed, or regularly transacts business,'" and cited to various cases, mostly from New York, to argue that Rule 45 in fact empowers the Court with the authority to subpoena Mr. Rothschild, Ms. Boyer and Mr. West (all New York/New Jersey residents) to attend trial in Colorado. Health Grades' Motion, at pp. 5-8

2

(emphasis in original).  Rule 45, however, was drastically amended this year to eliminate exactly the relief sought by Health Grades – the amendment went into effect on December 1, 2013.  *See* Order of the Supreme Court of the United States, dated April 16, 2013, attached hereto as Exhibit A.  The relevant portion of Rule 45(c) now recites:

> (1) *For a Trial, Hearing, or Deposition.*  A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
> (i) is a party or a party's officer; or
> (ii) is commanded to attend a trial and would not incur substantial expense.  Fed. R. Civ. P. 45(c)(1).

Notably, amended Rule 45 completely eliminated any distinction between party and non-party witnesses and was expressly amended to prevent requiring even a party **or a party's officer** from being compelled to testify at a trial outside the state of where the person resides, is employed, or regularly transacts business in person.  *See* Fed. R. Civ. P. 45(c)(1)(B).

Prior to the rule amendments, there was a split among the courts as to the interpretation of Rule 45.  A number of courts refused to apply the expansive view of the cases Health Grades relies upon.  *See*, *e.g.*, *Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213, 222 (E.D. La. 2008) (granting a motion to quash subpoenas issued for nine out-of-state witnesses).  Importantly, the *Johnson* court held: "[n]othing in that text [of the rule] affirmatively expands the geographic scope of where the Court may issue subpoenas.  It spells out only the conditions under which a court must quash a subpoena."  *Id.* at 217.  "The 'realities of modern life and multi-district litigation,' may present compelling reasons for nationwide subpoena service, but until the Rules provide for such a scheme, the Court is bound to apply the Rules as they are written."  *Id*. at 222

3

(citing *In re Vioxx Products Litigation*, 438 F. Supp. 2d 664, 667 (E.D. La. 2006); *see also*: *Mazloum v. D.C. Metro. Police Dep't*, 248 F.R.D. 725, 728 (D.D.C. 2008) (in disagreeing with the "majority" position, the Court stated "[t]his Court, however, is not inclined to exercise its inherent power in a manner that would conflict with the structure and terms of the Federal Rules of Civil Procedure."); *Jamsports & Entm't, LLC v. Paradama Prods.*, 2005 U.S. Dist. LEXIS 59 (N.D. Ill. Jan. 3, 2005) (granting a motion to quash a trial subpoena addressed to an out-of-state witness serving as the party's executive vice president and chief financial officer). This "minority" view is now adopted and codified in amended Rule 45.

The Notes of the Advisory Committee regarding the 2013 Amendments expressly state that Rule 45(c) was amended to "resolve a split in interpreting Rule 45's provisions for subpoenaing parties and party officers." Fed. R. Civ. P. 45(c) cmt. Notes of Advisory Committee on 2013 amendments, at Subdivision (c). The Notes compare *In re Vioxx Products Liability Litigation*, 438 F. Supp. 2d 664 (E.D. La. 2006) (finding authority to compel a party officer from New Jersey to testify at trial in New Orleans), with *Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213 (E.D. La. 2008) (holding that Rule 45 did not require attendance of plaintiffs at trial in New Orleans when they would have to travel more than 100 miles from outside the state) and expressly state that "Rule 45(c)(1)(A) does not authorize a subpoena for trial to require a party or party officer to travel more than 100 miles unless the party or party officer resides, is employed, or regularly transacts business in person in the state." *Id.* Because the conflict in interpreting Rule 45 has been resolved, the old Rule 45 and case law relied on by Health Grades is no longer binding or effective, and, therefore, MDx's New York and New Jersey witnesses should not be compelled to testify at the trial in Colorado.

Finally, amended Rule 45 also sets forth in simple terms when a Court is required to quash or modify a subpoena. Fed. R. Civ. P. 45(d)(3)(A)(ii) ("On a timely, motion, the court for the district where compliance is required must quash or modify a subpoena that: … (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c)."). Health Grades wrongly asserts that MDx has failed to file a "timely" motion to quash. This argument is contrary to the law, as "[i]t is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena. *Estate of Ungar v. Palestinian Auth.*, 451 F. Supp. 2d 607, 610 (S.D.N.Y. 2006); *see also Wichita Fireman's Relief Ass'n v. Kan. City Life Ins. Co.*, 2011 U.S. Dist. LEXIS 144983 (D. Kan. Dec. 16, 2011) (same). The return date of each of the subpoenas in question is February 3, 2014, at 9:00 A.M. *See* Exhibit B to Health Grades' Motion. Therefore, MDx's time to file a motion to quash or modify the subpoenas has not expired.

**B.  Mr. Larry West will not be present at trial for MDx, and, therefore, cannot be compelled to testify at trial for Health Grades.**

MDx never represented that Mr. Larry West would be present at trial as an absolute, but rather MDx sought a compromise with Health Grades. It proposed agreeing to let Health Grades direct Mr. West and MDx's Vice President, Erika Boyer, in Plaintiff's case-in-chief, provided MDx could fully examine them in Plaintiff's case, if it so elected. Although Health Grades initially agreed, it subsequently threw a curve ball into the negotiations by demanding that MDx's CEO also be presented in Plaintiff's case – this ended the proposed compromise. Mr. Rothschild had been subpoenaed by Health Grades, but he was not mentioned in Health Grade's email request that led to the negotiations regarding the subpoenas. *See* E-mail from Health

5

Grades' counsel re Boyer and West, dated Dec. 12, 2013, attached hereto as Exhibit B; *see also* Exhibit D to Health Grades' Motion, Dkt. No. 694-4.

At the time, no definitive decision to call Mr. West had been made as he was still on MDx's "may call" list, as Health Grades admits. *See* Final Pretrial Order, dated March 6, 2013, Dkt. No. 544, pp. at 55-56 (MDx indicating that Mr. West "may be" present at trial). Unrelated to the subpoena, MDx has decided it will not call Mr. West at trial. The parties mutually exchanged their final "will call" witness lists yesterday, and Mr. West is not on MDx's list as he is not being called in MDx's case. *See* E-mail from MDx's counsel re Trial witnesses, dated Dec. 30, 2013, attached hereto as Exhibit C.

Therefore, pursuant to amended Rule 45(c), Mr. West cannot be compelled by the Court to testify at trial for Health Grades. Moreover, because MDx does not intend to call Mr. West at the trial, parity exists with respect to the presentation of Mr. West's testimony. Health Grades apparently agrees that "if Health Grades must present testimony via deposition, then so must MDx." Health Grades' Motion at p. 9. Mr. West, therefore, should not be compelled to attend the trial.

### C. Mr. Rothschild should not be compelled to testify during Health Grades' case-in-chief.

While MDx intends to call its CEO, Mr. Rothschild, at trial, he should not be compelled to testify in Health Grades' case-in-chief. First, as Health Grades concedes, Mr. Rothschild, is a critical witness for MDx's case and MDx believes it is entitled to present him first to the jury. Health Grades appears to be seeking to call all of MDx's key live witnesses in its case-in-chief apparently as a procedural trial strategy to disrupt MDx's presentation to the jury. Moreover, it

would be disruptive to MDx's business to have its CEO traveling back and forth across the country for a good part of two weeks.

Pursuant to amended Rule 45(c), the Court should not compel Mr. Rothschild to testify at trial until MDx calls him, as Mr. Rothschild is far outside the geographic limitation of the Court. Further, the Court has the power to expand the scope of Health Grade's cross examination of Mr. Rothschild if it felt there was any prejudicial lack of parity in the manner in which the testimony was elicited. *Cisson v. C.R. Bard, Inc. (In re C. R. Bard, Inc.)*, 2013 U.S. Dist. LEXIS 94121 (S.D. W. Va. July 5, 2013) (although prior to the Rule 45 amendment, the Court in this MDL litigation quashed plaintiff's trial subpoena of a key witness under very similar circumstances to this case, and left open plaintiff's case as to the subpoenaed witness for live examination in the defendant's case to avoid any inequity). For all these reasons, Mr. Rothschild should not be compelled to testify during Health Grades' case-in-chief.

### D. MDx will produce Ms. Erika Boyer to testify during Health Grades' case-in-chief.

MDx is still willing to produce Ms. Erika Boyer to testify during Health Grades' case-in-chief, but requests that the Court permit MDx to fully examine Ms. Boyer during Health Grades' case-in-chief, if MDx deems this is necessary. Health Grades has already preliminarily agreed to this procedure. *See* Health Grades' Motion, at p. 4.

### III. CONCLUSION.

For the foregoing reasons, MDx respectfully requests that Health Grades' Motion be denied. In denying Health Grades' Motion, MDx requests that (1) Mr. West not be compelled to testify at trial; (2) Mr. Rothschild not be compelled to testify during Health Grades' case-in-chief, but instead allow Mr. Rothschild to testify first in MDx's case and subsequently allow

7

Health Grades an expanded cross examination of Mr. Rothschild, if appropriate; and (3) allow Ms. Boyer to testify during Health Grades' case-in-chief, provided MDx is permitted to fully examine Ms. Boyer during Health Grades' case-in-chief.

Dated:  December 31, 2013                                   Respectfully submitted,

*s:/Trent S. Dickey*
Scott D. Stimpson                                           Terence Ridley, Atty. No. 15212
Trent S. Dickey                                             Wheeler Trigg O'Donnell LLP
David C. Lee                                                370 Seventeenth Street, Suite 4500
Vincent M. Ferraro                                          Denver, Colorado 80202
Sills Cummis & Gross P.C.                                   Tel:  (303) 244-1800
30 Rockefeller Plaza                                        Fax:   (303) 244-1879
New York, New York 10112                                    E-mail: ridley@wtotrial.com
Tel: (212) 643-7000
Fax: (212) 643-6500                                         *Attorneys for Defendant*
E-mail: sstimpson@sillscummis.com                           MDx Medical, Inc. d/b/a VITALS.COM
E-mail: tdickey@sillscummis.com
E-mail: dlee@sillscummis.com
E-mail: vferraro@sillscummis.com

8

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2013, I electronically filed the foregoing **MDX MEDICAL, INC.'S OPPOSITION TO HEALTH GRADES, INC.'S EXPEDITED MOTION TO ENFORCE TRIAL SUBPOENAS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez, Jr.**
  jvazquez@lrrlaw.com, phenke@lrrlaw.com

- **Gregory B. Kanan**
  gkanan@lrrlaw.com

- **Kris John Kostolansky**
  kkosto@lrrlaw.com

- **Adam Lee Massaro**
  amassaro@lrrlaw.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Trent S. Dickey**
  tdickey@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Vincent Marc Ferraro**
  vferraro@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

                                                               *s:/      Vincent M. Ferraro*