IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00520-RM-BNB

HEALTH GRADES, INC.,

Plaintiff,

v.

MDX MEDICAL, INC., d/b/a Vitals.com,

Defendant.

_____

## ORDER
_____

This matter arises on **MDx Medical, Inc.'s Motion for Rule 11 Sanctions** [Doc. # 568, filed 4/24/2013] (the "Motion for Sanctions"), which is DENIED as premature.

By an Order [Doc. # 480], I granted Health Grades leave to amend its complaint to add allegations of indirect and joint infringement relating to a software application for cell phones offered by iTriage, an affiliate of Aetna Life. MDx opposed the motion to amend arguing that the added claims were frivolous and made in bad faith. I allowed the amendment, however, finding that MDx was putting the "cart before the horse" and suggesting that MDx's challenge to the added claims was better made in a motion for summary judgment. Order [Doc. # 480] at p. 2. MDx obliged, filing a Motion for Summary Judgment [Doc. # 490] on the indirect and joint infringement claims on January 22, 2013. The Motion for Summary Judgment has not been referred to me, and it remains pending before the district judge.

Meanwhile, and after complying with the mandatory notice provisions of Fed. R. Civ. P. 11(c)(2), MDx also filed the Motion for Sanctions [Doc. # 568]. MDx argues that the claim for

contributory infringement is sanctionable under Rule 11 because it is objectively apparent that the data MDx leases to Aetna Life has substantial non-infringing uses. Id. at pp. 5-9. In addition, MDx argues that the joint infringement claim is sanctionable because (1) there is no evidence of any communication between MDx and iTriage which operates the cell phone app, id. at pp.9-10; and (2) iTriage's use of the leased data does not infringe Health Grade's '060 patent, either literally or under the doctrine of equivalents, because the use does not meet the requirement of the patent that "the patient ratings are received *from an on-line patient experience survey completed on a company Web site* . . . wherein *the company Web Site is managed by the company providing the services* for connecting healthcare providers with the potential patients." Id. at pp. 10-12.

The arguments made in support of the Motion for Sanctions are anticipated by arguments in MDx's Motion for Summary Judgment [Doc. # 490]. In particular, MDx argues at pages 15-17 of the Motion for Summary Judgment [Doc. # 490] that "Health Grades has not cited, and cannot cite, to any credible evidence that physician data such as the data leased by MDx to Aetna is not substantially useful for anything other than in an infringement of the '060 patent."

With respect to the claim of joint infringement, MDx argues at pages 10-12 of the Motion for Summary Judgment [Doc. # 490] that the claim element that "patient ratings are received *from an on-line patient experience survey completed on a company Web site* . . . wherein *the company Web Site is managed by the company providing the services* for connecting healthcare providers with the potential patients" is absent from iTriage's use of the leased data. MDx also argued that Health Grades cannot prove a claim for joint infringement because there is no evidence of any communication between MDx and iTriage, incorporating by reference

arguments made in MDx's Motion for Summary Judgment of Non-Infringement [Doc. # 367/368]. Motion for Summary Judgment [Doc. # 490] at p. 12. MDx subsequently withdrew that motion, however, "in view of recent discovery supplements. . . ." Notice of Withdrawal [Doc. # 627].

As a sanction for Health Grades' alleged Rule 11 violations, MDx seeks "for Health Grades and its counsel to each pay half of all attorney's fees and costs incurred by MDx addressing the allegations in the Rule 11 Papers." Motion for Sanctions [Doc. # 564] at pp. 14-15.

I agree with Health Grades that, at a minimum, the Motion for Sanctions is premature. The Motion for Summary Judgment [Doc. # 490] which underlies the Motion for Sanctions largely is unresolved[1] and, in some respects, has been withdrawn. See Motion for Summary Judgment [Doc. # 490] at p. 12; Notice of Withdrawal [Doc. # 627]. As the Advisory Committee Notes to Rule 11 point out:

> [Rule 11 motions] should not be employed as a discovery device or to test the legal sufficiency of efficacy of allegations in the pleadings; other motions are available for those purposes. Nor should Rule 11 motions be prepared to emphasize the merits of a party's position, . . . to intimidate an adversary into withdrawing contentions that are fairly debatable, [or] to increase the costs of litigation. . . .

Fed. R. Civ. P. 11 1993 Amendments advisory committee's note. Accord Rich v. Taser Int'l, Inc., 2012 WL 3155137 *3 (D. Nev. Aug. 2, 2012).

IT IS ORDERED that the Motion for Sanctions [Doc. # 568] is DENIED as premature.

---

[1] Significantly, the district judge has reserved to himself the decision of the sufficiency of Health Grades' pleadings in connection with the claims for contributory and joint infringement. I do not presume to anticipate his ruling.

Dated January 2, 2014.

                                                BY THE COURT:

                                                s/ Boyd N. Boland
                                                United States Magistrate Judge