IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00520-RM-BNB

HEALTH GRADES, INC.,

Plaintiff,

v.

MDX MEDICAL, INC., d/b/a Vitals.com,

Defendant.

_____

# ORDER
_____

Now before me is **Health Grades, Inc.'s Motion for Sanctions for MDx Medical, Inc.'s Failure to Comply With Court-Ordered Discovery** [Doc. # 631, filed 10/21/2013] ("Health Grade's Motion for Sanctions"). Health Grades' Motion for Sanctions is GRANTED as specified.

Crucial to the determination of the pending motion is the defendant's ("MDx") argument that in order for the plaintiff ("Health Grades") to prove that MDx is infringing the patent-in-suit, Health Grades must show that the MDx's accused products satisfy the following requirements of the patent: "(1) The healthcare provider must provide 'at least three' of a set of data elements (Exhibit A, claim 1, col. 20, lines 29-38; claim 15, col. 22, lines 19-27); and the healthcare provider must 'verify' the elements he provides (*Id.*)." Motion for Summary Judgment of Non-Infringement [Doc. # 368] at p. 6.

In January 2012, Health Grades filed a Motion to Compel [Doc. # 126]. As is relevant here, Health Grades sought to compel a full response to Interrogatory No. 2, id. at pp. 6-7, which

requested:

> With respect to any version of MDX's Accused Products, using a claim chart, state in detail MDX's bases for any assertions of non-infringement of the patent in suit on a claim-by-claim, element-by-element basis. Your answer should include a statement of MDX's interpretation of each claim element, a statement whether MDX's Accused Products provide(s) such an element or an equivalent and, if not, an explanation how MDX's Accused Products operate or function differently than the claim element and a particularized statement why a component, feature or function of Accused Products is not a substantial equivalent of the pertinent claim element.

Id. at p. 6.

Health Grades acknowledged in the Motion to Compel that "claims 1 and 15 of the patent-in-suit require healthcare provider-verified information that includes at least three of the following: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies," id., and complained that MDx's response about this provider-verified information was "conclusory and vague." Id. On April 26, 2012, I granted Health Grades' motion to compel with respect to Interrogatory No. 2, requiring MDx to "state for each claim element whether MDx's Accused Products provide such an element or an equivalent and, if not, [to] explain how MDx's Accused Products operate or function differently than the claim element. . . ." Order [Doc. # 192] at p. 2.

MDx's Second Supplemental Responses to Interrogatories [Doc. # 632-1], made pursuant to my order compelling discovery, included the following answer in connection with Interrogatory No. 2: "No physician has ever entered and/or modified any of the following information: age, years in profession, years in practice, or publications. . . . MDx currently has

no knowledge of any physician who has entered and/or modified three or more of [the provider-verified] information." MDx's Second Supplemental Responses to Interrogatories [Doc. # 632-1] at p. 3. The Second Supplemental Responses to Interrogatories [Doc. # 632-1] were serve on Health Grades, unsigned, on May 10, 2012.[1]  Id. at p. 11.

Subsequently, on November 2, 2012, MDx filed a Motion for Summary Judgment of Non-Infringement [Doc. # 367/368]. In that motion, MDx argued that "Health Grades has no evidence that any healthcare provider has ever provided even two of the required data elements, let alone three," id. at p. 2, and that "[t]he only evidence collected by Health Grades relating to whether and to what extent physicians use the portal to modify this data is summarized in MDx's response to interrogatory 2," quoting MDx's discovery response that "[n]o physician has ever entered and/or modified any of the following information: age, years in profession, years in practice, or publications" and that "MDx currently has no knowledge of any physician who has entered and/or modified three or more of [the provider-verified] information." Id. at p. 7.

The supplemental response to Interrogatory No. 2 and the arguments made in support of the Motion for Summary Judgment of Non-Infringement [Doc. # 367/368] based on that supplemental response are patently false.[2]  Initially, Health Grades challenged the accuracy of

---

[1]My Order required that "[t]he compelled discovery shall be made, in full compliance with the formalities of the Federal Rules of Civil Procedure, on or before May 10, 2012." Order [Doc. # 192] at p. 2. Rule 33(b)(5), Fed. R. Civ. P., requires that "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections." As noted, the Second Supplemental Responses to Interrogatories [Doc. # 632-1] at issue here, dated and served on May 10, 2012, are not signed, contrary to both my Order and the rule. I am not informed whether this defect ever was cured.

[2]MDx eventually withdrew the Motion for Summary Judgment of Non-Infringement [Doc. # 367/368] "in view of recent discovery supplements. . . ." Notice of Withdrawal [Doc. # 627].

3

the interrogatory response through a declaration of its expert, Dr. Philip Greenspun:

> MDx's [sic] contends that it is possible that no doctor edited three or more fields. Given the data that MDx supplied, this is so improbable that the probability cannot be expressed in terms or numbers that are within ordinary human experience. The closest level of improbability that regularly is considered by a Court is for DNA matching in criminal trials, in which probabilities are typically expressed as roughly 1 in 100 billion ($10^{-11}$), i.e., a number with 11 digits. The probability of MDx being correct is so close to zero that the fraction would require between 7000 and 8000 digits to express, even under assumptions that are favorable to MDx.

Declaration of Dr. Philip Greenspun [Doc. # 632-6] (the "Greenspun Decl.") at ¶50. Subsequently, MDx produced documents directly contradicting its response to Interrogatory No. 2. In fact, Health Grades argues, without dispute by MDx, that "11,209 of the Verification Forms produced thus far show that MDx has received three or more of the types of Physician Information from physicians." Health Grades Motion for Sanctions [Doc. # 664] at p. 3 and Exh. C [Doc. # 663-3].

MDx attempts to defend its false interrogatory answer and unfounded summary judgment argument by claiming that in order to retrieve information responsive to Interrogatory No. 2 MDx would have been required to "design[] specific queries in order to have an analysis run on the MDx database, so as to create documents and information that could answer the question of whether any provider has ever edited three or more of the data elements," and "MDx had no obligation to do anything of the sort." Response [Doc. # 652] at pp. 3-4. MDx's argument and attempted defense is meritless.

The cases relied on by MDx for its meritless argument--<u>Cartel Asset Mgmt. v. Ocwen Fin. Corp.</u>, 2010 WL 502721 *14 (D. Colo. Feb. 8, 2010), and <u>Seed Research Equipment</u>

Solutions, LLC v. Gary W. Clem, Inc., 2011 WL 3880895 *1 (D. Kan. Sept. 1, 2011)--concerned motions to compel with respect to requests for production of documents. It is true, when dealing with requests for production of documents under Fed. R. Civ. P. 34, that a party cannot be compelled to create, or cause to be prepared, new documents solely for their production. Cartel Asset Mgmt., 2010 WL 502721 *14. Rule 34 only requires a party to produce documents that are already in existence.

I am not concerned here with a request for production of documents. To the contrary, in this case Health Grades served an interrogatory on MDx, and I entered an order compelling MDx to fully answer the interrogatory by stating "for each claim element whether MDx's Accused Products provide such an element or an equivalent and, if not, explain how MDx's Accused Products operate or function differently than the claim element." Order [Doc. # 192] at p. 2. Rule 33 specifically requires that a private corporation, like MDx, must answer interrogatories "by any officer or agent, **who must furnish the information available to the party**." Fed. R. Civ. P. 33(b)(1)(B) (emphasis added). In addition, interrogatories must "be answered separately **and fully** in writing and under oath." Fed. R. Civ. P. 33(b)(3) (emphasis added).

When answering interrogatories, "[a] party is charged with knowledge of what its agents know, **or what is in records available to it**, or even, for purposes on Rule 33, information others have given it on which it intends to rely in its suit." Oklahoma v. Tyson Foods, Inc., 262 F.R.D. 617, 629 (N.D. Okla. 2009) (emphasis added). A party responding to interrogatories "cannot meet its discovery obligations by sticking its head in the sand and refusing to look for the answers and then saying it does not know the answer." In re Independent Service Organizations Antitrust Litigation, 168 F.R.D. 651, 653 (D. Kan. 1996). Nor is it sufficient for a

party to refuse to provide a full answer to an interrogatory simply because it does not maintain the data in the format requested. L.H. v. Schwarzenegger, 2007 WL 2781132 *5 (E.D. Calif. Sept. 21, 2007). To the contrary, interrogatories must be answered "directly and without evasion in accordance with information that the answering party possesses **after due inquiry**." 8B Wright, Miller & Marcus, Federal Practice and Procedure (Civil) §2177 at p. 80 (emphasis added). In this case, and in view of my order compelling the discovery, due inquiry certainly required MDx to gather the information available from its database, either by designing necessary queries or otherwise.

I find, by overwhelming evidence, that MDx failed to fulfill its obligation under Fed. R. Civ. P. 33 and my Order [Doc. # 192] compelling discovery to answer Interrogatory No. 2 fully and truthfully after a reasonable inquiry of the information available to it. Contrary to that obligation, although MDx had the information necessary to fully answer Interrogatory No. 2, as demonstrated by its recent production of documents, see Response [Doc. # 652] at p. 8 (discussing "THE DOCUMENTS BEING PRODUCED NOW" and estimating the volume of the late production at "about 25,000 e-mails and/or faxes"), MDx refused either to fully answer the interrogatory or comply with my Order compelling discovery based on the improper ground that MDx would have to run specific queries of its database. L.H. v. Schwarzenegger, 2007 WL 2781132 *5 (holding that a party may not refuse to provide a full answer to an interrogatory simply because it does not maintain the data in the format requested, and imposing sanctions).

Rule 26(g), Fed. R. Civ. P., provides in relevant part:

> **(1)** *Signature Required; Effect of Signature*. . . . [E]very discovery . . . response . . .must be signed by at least one attorney of record in the attorney's own name. . . . By signing, an attorney . . . certifies that to the best of the person's knowledge,

>information, and belief **formed after a reasonable inquiry**:
>
>\* \* \*
>
>**(B)** with respect to a discovery . . . response . . ., it is:
>
>**(i)** consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
>
>**(ii)** not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
>
>**(iii)** neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.
>
>\* \* \*
>
>**(3)** *Sanction for Improper Certification.* If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

In addition, Rule 37(b), Fed. R. Civ. P., provides for the imposition of sanctions, as follows:

>**(b) Failure to Comply With a Court Order.**
>
>\* \* \*
>
>**(2)** *Sanctions in the District Where the Action is Pending.*
>
>**(A)** *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent--or a witness designated under Rule 39(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include:
>
>**(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
>**(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated

>matters in evidence;
>
>**(iii)** striking pleadings in whole or in part;
>
>**(iv)** staying further proceedings until the order is obeyed;
>
>**(v)** dismissing the action or proceeding in whole or in part;
>
>**(vi)** rendering a default judgment against the disobedient party; or
>
>**(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
>
>\* \* \*
>
>**(C)** *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

In addition to an award of its attorneys fees and costs associated with MDx's false discovery response, Health Grades requests the imposition of the following evidentiary sanction:

>The claim elements of claims one and fifteen set forth below shall be deemed established:
>
>"accessing [or access] healthcare provider-verified information about the first healthcare provider, wherein the healthcare provider-verified information is received from the first healthcare provider and comprises three or more from the group consisting of: Specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies. . . .

Health Grades' Motion for Sanctions [Doc. # 632] at p. 15.

Before imposing a merits-determinative sanction such as that sought by Health Grades, a court must evaluate certain factors:

>(1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; (3) the culpability

8

> of the litigant; (4) whether the court warned the party in advance
> that dismissal of the action would be a likely sanction for
> noncompliance; and (5) the efficacy of lesser sanctions.  Only
> when the aggravating factors outweigh the judicial system's strong
> predisposition to resolve cases on the merits is dismissal an
> appropriate sanction.

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992)(internal citations and quotations omitted).

In this case, the degree of actual prejudice to Health Grades does not warrant a severe merits-determinative sanction.  Although I strongly condemn the conduct of MDx and its counsel in intentionally failing to meet its discovery obligations, even in the face of an order compelling discovery, the necessary information now has been made available to Health Grades.  Any prejudice to Health Grades may be cured prior to trial.

The conduct of MDx and its counsel has seriously interfered with the judicial process.  At a minimum, that conduct required Health Grades to file a motion to compel, which was the topic of a hearing and my Order; MDx then filed a motion for summary judgment relying substantially on its inaccurate response to Interrogatory No. 2, to which Health Grades was required to respond, and which was set for hearing before the district judge until MDx withdrew that motion at the eleventh hour; and Health Grades was required to file the instant motion for sanctions, which has consumed substantial judicial resources.

Because MDx's Second Supplemental Responses to Interrogatories [Doc. # 632-1] are not signed by the person who made the answers, as required by Fed. R. Civ. P. 33(b)(5), I cannot adequately assess the culpability of the client.  The supplemental discovery responses are signed by MDx's counsel, however, and I find that it failed completely in its duty to assure that Interrogatory No. 2 was answered directly and without evasion in accordance with information

that MDx possessed after due inquiry. And this failure of counsel was not substantially justified.

No order warned MDx of the possibility of sanctions for failure to satisfy its discovery duties, but the Federal Rules of Civil Procedure are replete with such warnings, satisfying the notice requirement under Ehrenhaus.

Finally, I find that lesser sanctions are sufficient to cure any prejudice to Health Grades and to assure MDx's subsequent compliance with its pretrial obligations.

Although MDx has produced substantial documents from which Health Grades may be able to ascertain an answer to Interrogatory No. 2, MDx still has not provided a full answer to that interrogatory after due inquiry and has failed to comply with the formalities of having the answer signed by the person who made it. Consequently, I will require MDx to make the necessary inquiry, including the duty to design any specific query necessary to run the analysis on MDx's database, and to fully comply with my order compelling discovery to "state for each claim element whether MDx's Accused Products provide such an element or an equivalent and, if not, [to] explain how MDx's Accused Products operate or function differently than the claim element. . . ." Order [Doc. # 192] at p. 2. In order to fully comply with the order compelling discovery, MDx must state whether "(1) The healthcare provider must provide 'at least three' of [the specified data elements]; and the healthcare provider must 'verify' the elements he provides" and, if not, explain how MDx's accused devices operate or function differently than those claim elements.

In addition, I award Health Grades its reasonable expenses, including attorney's fees, caused by MDx's failure to fulfill its discovery obligations. The award includes the expenses and attorneys fees incurred by Health Grades in conferring about and filing its Motion to Compel

Discovery [Doc. # 126] and related Reply [Doc. # 140];[3] preparation of its Opposition to the Motion for Summary Judgment of Non-Infringement [Doc. # 405], including the reasonable expenses incurred in connection with the preparation of the Greenspun Decl. [Doc. # 632-6];[4] and preparation of Health Grades' Motion for Sanctions [Doc. # 631] and related Reply [Doc. # 664]. The award of expenses and attorneys fees is assessed against MDx's counsel solely, and not against MDx, because (1) MDx's counsel had an independent duty under Fed. R. Civ. P. 26(g) to assure the propriety of the interrogatory answer "after a reasonable inquiry," which duty it failed to satisfy; (2) the record before me fails to disclose that a representative of MDx, other than its counsel, ever reviewed, approved, or signed the Second Supplemental Responses to Interrogatories [Doc. # 632-1]; and (3) counsel, not a party, is responsible for the contents of motions, including MDx's Motion for Summary Judgment of Non-Infringement [Doc. # 367/368].

In addition, at Health Grades' request I will reopen discovery as may be necessary to cure any additional prejudice it has suffered as a result of MDx's improper answer to Interrogatory

---

[3] I recognize that I previously denied Health Grades' request for expenses and attorneys fees associated with the Motion to Compel, Order [Doc. # 192] at p. 4, finding that MDx's position was substantially justified. In view of the new information which has come to light in connection with the instant Motion for Sanctions, however, including the fact that MDx possessed documents from which it readily could determine issues concerning whether its products satisfy the provider-verified requirement, I find that my previous ruling on that issue was wrong.

[4] An award of these costs is appropriate because the Motion for Summary Judgment of Non-Infringement [Doc. # 367/368] was premised largely on the accuracy of MDx's response to Interrogatory No. 2, which was inadequate when made. MDx subsequently withdrew that motion in view of its later discovery supplements. Notice of Withdrawal [Doc. # 627]. Had MDx adequately answered Interrogatory No. 2 in response to my order compelling discovery, it would not have filed the Motion for Summary Judgment of Non-Infringement [Doc. # 367/368], and Health Grades would not have been put to the expense of responding.

No. 2.

IT IS ORDERED that Health Grades' Motion for Sanctions [Doc. # 631] is GRANTED as follows:

(1)     On or before January 24, 2014, MDx shall make the necessary inquiry, including designing any specific query necessary to run the analysis on MDx's database, and shall fully comply with my order compelling discovery to "state for each claim element whether MDx's Accused Products provide such an element or an equivalent and, if not, [to] explain how MDx's Accused Products operate or function differently than the claim element. . . ." Order [Doc. # 192] at p. 2. In order to fully comply, MDx must state whether "(1) The healthcare provider must provide 'at least three' of [the specified data elements]; and the healthcare provider must 'verify' the elements he provides" and, if not, explain how MDx's accused devices operate or function differently than those claim elements;

(2)     Health Grades is awarded its reasonable expenses, including attorney's fees, incurred in conferring about and filing its Motion to Compel Discovery [Doc. # 126] and related Reply [Doc. # 140]; preparing Health Grades' Opposition to Motion for Summary Judgment of Non-Infringement [Doc. # 405], including the reasonable expenses incurred in connection with the preparation of the Greenspun Decl. [Doc. # 632-6]; and preparing Health Grades' Motion for Sanctions [Doc. # 631] and related Reply [Doc. # 664]. The award of expenses and attorneys fees is assessed against MDx's counsel solely, and not against MDx. To facilitate this award, Health Grades shall prepare and serve on MDx on or before January 17, 2014, a fee application that complies with the requirements of D.C.COLO.LCivR 54.3. Thereafter, Health Grades and MDx's counsel must confer pursuant to D.C.COLO.LCivR 7.1(a) in an attempt to reach

agreement on the amount of the award.  In the event agreement on the amount of the award has not been reached and the award not fully satisfied, Health Grades shall file on or before January 31, 2014, a motion seeking an award of the expenses and attorneys fees claimed; and

(3)     On the motion of Health Grades and with an adequate showing of need, I will reopen discovery as may be necessary to cure any additional prejudice Health Grades has suffered as a result of MDx's improper answer to Interrogatory No. 2.

Dated January 3, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge
