**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S <u>EXPEDITED</u> MOTION TO STAY THE DEADLINE FOR IT TO FILE OBJECTIONS, UNDER FED. R. CIV. P. 72(a), TO MAGISTRATE JUDGE BOLAND'S JANUARY 3, 2014 ORDER IMPOSING SANCTIONS [DKT. NO. 711]**

---

Defendant and Counterclaim plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, hereby expeditiously moves to stay the deadline for it to file objections, under *Fed. R. Civ. P.* 72(a), to Magistrate Judge Boland's January 3, 2014 Order (Dkt. No. 711; hereinafter "Sanctions Order") imposing sanctions against MDx and its counsel (the "Motion").

Pursuant to D.C.COLO.LCivR 7.1(a), on January 15, 2014, MDx's counsel conferred with counsel for Health Grades, Inc. ("Health Grades") by telephone and e-mail regarding this Motion. Health Grades' counsel indicated that Health Grades opposes this Motion and the relief requested herein.

1

## EXPEDITED MOTION

1. On January 3, 2014, Magistrate Judge Boland issued an Order imposing sanctions against MDx and its counsel. *See* Dkt. No. 711.

2. Pursuant to Rules 72(a), 6(a) and 6(d) of the Federal Rules of Civil Procedure, Local ECF Rule 4.7(E), and the local civil rules of this District, MDx's objections to the Sanctions Order are due on January 21, 2014.

3. MDx intends to file a motion for reconsideration of the Sanctions Order on Friday, January 17, 2014, and request a hearing on same.

4. The basis for MDx's motion for reconsideration, which will be supported by a declaration, is as follows:

   a) Contrary to Magistrate Judge Boland's understanding, MDx (the client) had in fact verified its interrogatory answers that were the genesis of the Sanctions Order, and the verified interrogatory answers were served to opposing counsel on June 4, 2012;

   b) The Sanctions Order did not take into account the fact that counsel for MDx did not know and were not willfully blind to the existence of documents it is accused of hiding because MDx undertook discovery in accordance with case law limiting scope of discovery to the features accused in the Health Grades Infringement Contentions;

   c) The Sanctions Order did not take into account the fact that counsel for MDx provided Health Grades with the queries used to obtain the verified supplemental response to Interrogatory No. 2 on or about May 31, 2012, and that Health Grades did not ask for the additional query which revealed the documents at issue, until August 2013; and

2

             d)  The Sanctions Order relies on erroneous factual findings, including a finding that certain information provided by MDx was "patently false" when in fact it was (and still is) correct.

5.      MDx believes that for judicial economy its deadline for filing objections to the Sanctions Order should be stayed until ten (10) business days after Magistrate Judge Boland rules on MDx's impending motion for reconsideration.

6.      Although there is Tenth Circuit precedent to suggest that filing a motion for reconsideration may automatically stay the time to object to an order under Rule 72(a) of the Federal Rules of Civil Procedure, out of an abundance of caution, MDx respectfully requests the Court to issue an order staying the deadline for MDx to file its objections to the Sanctions Order until ten (10) business days after Magistrate Judge Boland rules on MDx's impending motion for reconsideration.  *See Hammond v. City of Junction City*, 126 Fed. Appx. 886, 888 (10th Cir. 2005) (Following the Magistrate Judge's order imposing sanctions against an attorney, the attorney first moved for reconsideration and then objected to the District Court after reconsideration was denied.  The filing of objections with the District Court after the Magistrate Judge's ruling on the motion for reconsideration was well outside the 14 day deadline for objecting to the Magistrate Judge's first order.  However, the District Court heard and overruled the objections in due course rather than rejecting them as untimely.)

## **CONCLUSION**

For all the foregoing reasons, MDx respectfully requests that the Court grant its Motion and stay MDx's deadline for filing its objections to the Sanctions Order until 10 business days after Magistrate Judge Boland rules on MDx's impending motion for reconsideration.


Dated:  January 16, 2014                                                      Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson                                                                  Terence Ridley, Atty. No. 15212
Trent S. Dickey                                                                       Wheeler Trigg O'Donnell LLP
David C. Lee                                                                           370 Seventeenth Street, Suite 4500
Vincent M. Ferraro                                                                 Denver, Colorado 80202
Sills Cummis & Gross P.C.                                                     Tel:  (303) 244-1800
30 Rockefeller Plaza                                                              Fax:   (303) 244-1879
New York, New York 10112                                                  E-mail: ridley@wtotrial.com
Tel: (212) 643-7000
Fax: (212) 643-6500                                                              *Attorneys for Defendant*
E-mail: sstimpson@sillscummis.com                                    MDx Medical, Inc. d/b/a VITALS.COM
E-mail: tdickey@sillscummis.com
E-mail: dlee@sillscummis.com
E-mail: vferraro@sillscummis.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2014, I electronically filed the foregoing **MDX MEDICAL, INC.'S EXPEDITED MOTION TO STAY THE DEADLINE FOR IT TO FILE OBJECTIONS, UNDER FED. R. CIV. P. 72(A), TO MAGISTRATE JUDGE BOLAND'S JANUARY 3, 2014 ORDER IMPOSING SANCTIONS [DKT. NO. 711]** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez, Jr.**
  jvazquez@lrrlaw.com, phenke@lrrlaw.com

- **Gregory B. Kanan**
  gkanan@lrrlaw.com

- **Kris John Kostolansky**
  kkosto@lrrlaw.com

- **Adam Lee Massaro**
  amassaro@lrrlaw.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Trent S. Dickey**
  tdickey@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Vincent Marc Ferraro**
  vferraro@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

<u>s:/David C. Lee</u>