IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-RPM-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

**HEALTH GRADES, INC.'S REPLY IN SUPPORT OF ITS
EXPEDITED MOTION TO ENFORCE TRIAL SUBPOENAS**

### I.  Amended Rule 45 Does Not Apply in This Case

When the United States Supreme Court issued its Order amending Rule 45, the Court explicitly stated that the amendments would apply only to civil cases *commenced after December 1, 2013*, and that the amendments would only apply to cases pending on December 1, 2013, if such an application is "just and practicable:"

> That the foregoing amendments to the Federal Rules of Civil Procedure shall take effect on December 1, 2013, and shall govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending.

([Doc. # 707-1] at p. 2)

It is not "just and practicable" to apply the newly amended rule to this case that was commenced on March 2, 2011 – *two and three quarter years before the amendments took effect.* In conducting discovery, preserving testimony, serving subpoenas, marshaling evidence at trial and cross-examining witnesses, the

2004605401_1

parties have the right to rely upon the rule of law in place at the operative date. Here, while many significant events occurred before service,[1] Health Grades' trial subpoenas were served on October 2, 2013 – two months before the amendments went into effect. [Doc. # 694-2]  Counsel for MDx accepted service on behalf of Mr. Rothschild, Mr. West and Ms. Boyer on October 15, 2013 – a month and a half before the amendments went into effect. [Doc. # 694-3]

The governing majority rule at the time of service was that "corporate officers of a party may be subpoenaed and required to travel more than 100 miles from where they reside, are employed, or regularly transact business." *Aristocrat Leisure Ltd., v. Deutsche Bank Trust Co. Americas*, 262 F.R.D. 293, 302 (S.D.N.Y. 2009).  MDx should not benefit, and Health Grades should not be prejudiced, from the happenstance of a rule change that occurs after service.

It is not "just and practicable" to apply the amendments when Health Grades relied upon MDx's representations that it would produce Ms. Boyer and Mr. West at trial and listed Mr. Rothschild as a "will call" witness. (Motion pp. 3-4.)  Instead, this Court should analyze the issues under the previous version of Federal Rules of Civil Procedure and apply "the majority position." *Aristocrat Leisure Ltd.,* 262 F.R.D. at 302.

---

[1]  MDx disclosed the three witnesses at issue on June 15, 2011. [Doc. # 694-1]  The depositions of the three witnesses were taken in June 2012.  Health Grades gave MDx notice that it intended to call Mr. Rothschild, Mr. West and Ms. Boyer at trial in the final proposed PreTrial Order dated March 6, 2013 – nine months before the amendments went into effect. ([Doc. # 544] at pp. 52-53)

In *Tennessee v. Murphy-Brown, L.L.C.*, WL4908843 (E.D. Virginia 2011), the defendant moved to strike the plaintiff's expert disclosures because they did not comply with the new amended Rule 26. *Id.* at *1. The motion to strike was filed September 6, 2011. *Id.* The amendments to Rule 26 went into effect on December 1, 2010, and the Supreme Court's Order provided the same exact language that is at issue in this case, i.e., that the amendments "shall govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." *Id.* at *2.

The court noted that the case was commenced on April 12, 2010, "prior to" (by almost nine months) the effective date of the amendments. *Id.* at *3. The court also noted that the plaintiff had timely disclosed its expert witnesses on June 13, 2011, and timely supplemented the disclosures on July 15 and July 23, 2011, and that a Final Pretrial Order was entered on September 23, 2011. *Id.* The court found that '[u]nder these circumstances, particularly the plaintiff's substantial (yet piecemeal) disclosure of the subject matter . . . the Court FINDS that application of the amended rule in this case would not be just and practicable." *Id.*

As in *Tennessee*, this case was commenced "prior to" the effective date of the amendments – two and three quarter years prior to the effective date of the Rule 45 amendments. In *Tennessee* the court found that applying the amendments would not be just and practicable even though all of the disclosures occurred *after* the effective date of the amendments. In this case MDx disclosed

the three witnesses, Health Grades deposed the three witnesses, Health Grades timely disclosed its intent to call them to trial and served them with trial subpoenas, and the subpoenas were accepted – ALL prior to the amendments taking effect.  It follows that application of the amended Rule 45 under these circumstances would not be just and practicable.  Accordingly, the subpoenas should be enforced.

## II.     Health Grades Did Not Misrepresent or Omit Its Intent to Have Mr. Rothschild Appear During Its Case-In-Chief

In its Opposition MDx asserts that Health Grades only sought to have Mr. West and Ms. Boyer appear during its case-in-chief, "and not" Mr. Rothschild, MDx's CEO, "who had also been subpoenaed."  ([Doc. # 707] at pp. 1-2)  This is not correct.

On December 12, 2013, Health Grades requested that MDx confirm that Ms. Boyer and Mr. West would appear at trial.  [Doc. # 707-2]  The following day, December 13, 2013, counsel for Health Grades called counsel for MDx.  During that call counsel for Health Grades explained that Ms. Boyer and Mr. West were singled-out in the email because they were both listed as "may call" witnesses by MDx, and that Health Grades also expected that MDx would produce Mr. Rothschild, listed as a "will call" witness by MDx ([Doc. # 544] at pp. 54-56) during Health Grades' case-in-chief.  This is confirmed by the two emails submitted by Health Grades at [Doc. # 694-4].

In the first email in the sequence, dated December 13, 2013, starting at the bottom of the email string, counsel for Health Grades wrote "Following up on our call earlier today, during which you agreed to produce Boyer, West **& Rothschild** at trial on the days we want them during our case in chief, on the condition that you can then

conduct your direct examinations of them at the same time, I have checked on our side and that will be fine." (Emphasis added.)

In the second email in the sequence, counsel for MDx acknowledged that Mr. Rothschild's appearance was in fact discussed during the call, but that counsel for MDx had not yet "spoken to him about his availability and timing." ([Doc. # 694-4] at p. 1) Subsequently counsel for MDx called Health Grades' counsel and stated that MDx would not agree to produce Mr. Rothschild during Health Grades' case-in-chief. When Health Grades responded that it would file a motion to compel Mr. Rothschild's attendance during its case-in-chief, MDx's counsel withdrew its agreement to produce Ms. Boyer and Mr. West during Health Grades' case-in-chief. This is all explicitly confirmed by the emails submitted at [Doc. # 694-5].

### III.  The Three Witnesses Are Necessary to Health Grades' Case-In-Chief and It Would Be Inequitable to Allow the Witnesses to Testify Live During MDx's Case-In-Chief But Not During Health Grades' Case-In-Chief

As discussed by Health Grades in its Motion – and not refuted by MDx in its Opposition – the testimony of Mr. Rothschild, Mr. West and Ms. Boyer is relevant and necessary – particularly given their integral roles in developing the accused website in this case. (*See* Motion [Doc. # 694] at pp. 8-9)  The *Cisson* case cited by MDx in its Opposition for the notion that it would not be inequitable for Health Grades to examine Mr. Rothschild during MDx's case-in-chief is clearly distinguishable.  First, in *Cisson* the trial subpoena was served less than one week before trial. WL 3367715 at *1 (S.D. W. Va. 2013).  In this case the subpoenas were served on October 2, 2013 – four months before the then-scheduled trial date of February 2, 2014.  The trial date in this

case has since been vacated and a new trial date has not been set.  Second, in *Cisson* the witness scheduled other matters during the plaintiff's case-in-chief and was only available during the defendant's case-in-chief.  *Id*.  Finally, the court in *Cisson* found that allowing the witness to testify live during the defendant's case in chief but not during the plaintiff's case "would result in inequitable treatment."  *Id*. at *2.  Given that the matter was being addressed on the eve of trial, and that it was an MDL case, the court held that the plaintiff could keep its case open until the witness was called by the defendant, and that at that time the plaintiff could call the witness to testify.  *Id*.  This case, unlike *Cisson*, is not an MDL case, and it is not the eve of trial.

It would be inequitable to allow Mr. Rothschild to testify live in MDx's case but not in Health Grades' case.  *R.B. Matthews, Inc. v. Transamerica Transp. Services, Inc.*, 945 F.2d 269, 272 (9th Cir. Cal. 1991) ("By denying RBM's requests to produce Reed and White as live witnesses, TTS engaged in gamesmanship, forcing RBM to rely on depositions.  The district court did not abuse its discretion when it forced TTS to rely on deposition testimony as well.").  As Judge Boland advised the parties in addressing this very issue at the December 19, 2013, hearing, there should be parity.  MDx should not be allowed to force Health Grades to rely on less effective evidence (deposition testimony) when the witness testimony will be presented live.  Such gamesmanship wastes judicial resources, creates repetition within trial and, in this case, negates validly served subpoenas.

Rule 45 was not intended to be construed in a manner that promotes gamesmanship by allowing only one party to receive all the benefits of live testimony

from officers of a party while forcing opposing side to present testimony from the same witness through deposition designation.  *In re Vioxx Prods. Liability Litiga*tion, 438 F. Supp. 2d 664, 668 (E.D. La. 2006) (concluding "To best fulfill its fact-finding duties, a jury should be engaged and highly sensitive to each witness [and] [a]s this Court knows all too well, the deposition, whether read into the record or played by video, has the opposite effect.").  "[The Rules of Civil Procedure] should be construed and administered to secure just, speedy, and inexpensive determination of every action . . ." Fed R. Civ. P. 1.  There is nothing "just" in a case of this magnitude that would allow one party to present live testimony in a jury trial while denying that right to its adversary.

The subpoenas should be enforced and the three witnesses should testify during Health Grades' case-in-chief.[2]

## CONCLUSION

For all of the foregoing reasons Health Grades respectfully requests the Court grant its motion and compel MDx to produce Mr. Rothschild, Ms. Boyer and Mr. West at trial during Health Grades' case-in-chief, at which time MDx may fully cross-examine.

---

[2]  Health Grades has no objection to MDx conducting a full cross-examination at the time the witnesses are called during Health Grades' case-in-chief.

2004605401_1                                                7

Respectfully submitted this 28th day of January, 2014.

          LEWIS ROCA ROTHGERBER LLP

          *s/ Kris J. Kostolansky*
          Gregory B. Kanan, Esq.
          Kris J. Kostolansky, Esq.
          Jesús M. Vázquez, Jr., Esq.
          1200 17th Street, Suite 3000
          Denver, Colorado 80202-5855
          Tel:    (303) 623-9000
          Facsimile: (303) 623-9222
          Email: GKanan@LRRLaw.com
                 KKostolansky@LRRLaw.com
                 JVazquez@LRRLaw.com

          *Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2014, I electronically filed the foregoing **HEALTH GRADES, INC.'S REPLY IN SUPPORT OF ITS EXPEDITED MOTION TO ENFORCE TRIAL SUBPOENAS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Scott David Stimpson, Esq.
Vincent Ferraro, Esq.
David C. Lee, Esq.
Trent Dickey, Esq.
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY  10112
E-mail: sstimpson@sillscummis.com
vferraro@sillscummis.com
dlee@sillscummis.com
tdickey@sillscummis.com

Terence M. Ridley, Esq.
Ramona Lampley, Esq.
Wheeler Trigg O'Donnell, LLP
370 17th Street, Suite 4500
Denver, CO  80202-5647
E-mail: ridley@wtotrial.com
lampley@wtotrial.com

    *s/ Kris J. Kostolansky*
    Gregory B. Kanan, Esq.
    Kris J. Kostolansky, Esq.
    Jesús M. Vázquez, Jr., Esq.
    1200 17th Street, Suite 3000
    Denver, Colorado 80202-5855
    Tel:    (303) 623-9000
    Facsimile: (303) 623-9222
    Email: GKanan@LRRLaw.com
    KKostolansky@LRRLaw.com
    JVazquez@LRRLaw.com

    *Attorneys for Plaintiff/Counterclaim Defendant Health Grades, Inc.*