**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENTS - DOCUMENT NOS. 721, 721-1, 721-2, 721-3, 721-4 AND 721-5**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, pursuant to *D.C.COLO.LCivR* 7.2, moves this Court for an order continuing the restricted access to document numbers 721, 721-1, 721-2, 721-3, 721-4 and 721-5, which were filed by MDx as exhibits to its motion for reconsideration of Magistrate Judge Boland's sanctions order (the "MDx Motion"; Dkt. No. 720) (hereinafter the "Motion to Restrict").

Regarding document numbers 721, 721-3, and 721-4, MDx is submitting proposed, redacted versions of the documents, from which the MDx highly confidential information has been redacted, in exactly the same or similar fashion as previously accepted by the Court, to be used for public access. For the remaining documents, document numbers, 721-1, 721-2 and 721-5, MDx is requesting that public access remain restricted because each of these documents, in their entirety, are considered highly confidential. Therefore, in light of the arguments herein,

1

MDx respectfully requests that access to the unredacted versions of document numbers 721, 721-1, 721-2, 721-3, 721-4 and 721-5 remain restricted at Restricted Level 1, and the proposed redacted documents attached hereto be used as replacements for document numbers 721, 721-3 and 721-4 for public access.

Pursuant to *D.C.COLO.LCivR* 7.1(a), MDx's counsel attempted to confer with counsel for Health Grades, Inc. ("Health Grades") on January 31, 2014 regarding this motion, but has not received Health Grades' position on this motion.  When Health Grades provides its position, MDx will supplement this motion with that information.

**Discussion**

MDx respectfully requests very limited confidentiality restrictions for document numbers 721, 721-3 and 721-4, to redact references in these documents to specific, competitively sensitive, highly confidential and proprietary information regarding MDx's accused website, vitals.com, usage metrics, percentages and internal data and statistics in the identical or similar manner that this Court has previously restricted the same or similar highly confidential information in documents previously filed in this action.  Regarding document numbers 721-1, 721-2 and 721-5, MDx respectfully requests that these documents remain restricted in their entirety, as the Court has done for the exact same or similar types of documents.

MDx respectfully requests continued restricted access to Dkt. Nos. 721, 721-1, 721-2, 721-3, 721-4 and 721-5 as follows below.

**Doc. No. 721** – MDx's Second Supplemental Interrogatory Responses, which contain MDx's non-infringement positions and explanations.  This response contains highly confidential, proprietary information regarding vitals.com usage metrics, percentages and internal website

operations. This is competitively sensitive information that MDx does not make public, and represents trade secrets. *See* Declaration of Erika Boyer, dated October 10, 2012, Dkt. No. 322-1, at ¶¶ 4-5. If disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx regarding its data, products and services, that would cause damage to MDx in its efforts to secure business partners, data licensing agreements and possibly advertising. *Id.* The Court has previously granted MDx's request (*see e.g.*, Dkt. Nos. 322, 353, 400, 459, 466, 551, 578 and 648) to redact this document for public access. *See e.g.*, Court's Orders, Dkt. Nos. 483, 508, 557, 586 and 690. MDx submits a redacted version of Dkt. No. 721 with the exact same redactions that it previously submitted and the Court has previously approved, attached hereto as Exhibit A. MDx, therefore, respectfully requests that access to Dkt. No. 721 be similarly restricted.

**Doc. No. 721-1** – A SQL Report from Vitals.com, which comprises query screens of MDx's database used to obtain internal Vitals.com statistics regarding usage and other percentages. This Report contains information and data that is competitively sensitive to MDx that MDx does not make public. *See* Declaration of Erika Boyer, dated October 10, 2012, Dkt. No. 322-1, at ¶ 8. If disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx regarding its data, products and services, that would cause damage to MDx in its efforts to distinguish its products from its competitors, and secure business partners, data licensing agreements and possibly advertising. *Id.* The Court has previously granted MDx's requests (*see e.g.*, Dkt. Nos. 322, 459 and 551) to keep this same document fully restricted from public access. *See e.g.*, Court's Orders, Dkt. Nos. 483, 508 and

557.  MDx, therefore, respectfully requests that access to Dkt. No. 721-1 remain restricted at Level 1, as previously granted by the Court.

**Doc. No. 721-2** – An additional SQL Report from Vitals.com, which comprises query screens of MDx's database used to obtain internal Vitals.com statistics regarding usage and other percentages.  This Report contains information and data that is competitively sensitive to MDx that MDx does not make public.  *See* Declaration of Erika Boyer, dated October 10, 2012, Dkt. No. 322-1, at ¶ 8.  If disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx regarding its data, products and services, that would cause damage to MDx in its efforts to distinguish its products from its competitors, and secure business partners, data licensing agreements and possibly advertising.  *Id.*  As discussed above, the Court has previously granted MDx's requests (*see e.g.*, Dkt. Nos. 322, 459 and 551) to keep a similar SQL Report fully restricted from public access.  *See e.g.*, Court's Orders, Dkt. Nos. 483, 508 and 557.  MDx, therefore, respectfully requests that access to Dkt. No. 721-2 remain similarly restricted at a Level 1 restriction.

**Doc. No. 721-3** – E-mails between MDx's and Health Grades' counsel regarding discovery, which contain highly confidential, proprietary information regarding vitals.com internal data and statistics.  This is competitively sensitive information that MDx does not make public, and represents trade secrets.  *See* Declaration of Erika Boyer, dated October 10, 2012, Dkt. No. 322-1, at ¶¶ 4-5.  If disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx regarding its data, products and services, that would cause damage to MDx in its efforts to secure business partners, data licensing agreements and possibly advertising.  *Id.*  The Court has previously granted MDx's request (*see e.g.*, Dkt.

4

No. 648) to redact this chain of e-mails for public access. *See e.g.*, Court's Order, Dkt. No. 690. MDx submits a redacted version of Dkt. No. 721-3 with the exact same redactions that it previously submitted and the Court has previously approved, attached hereto as Exhibit B. MDx, therefore, respectfully requests that access to Dkt. No. 721-3 be similarly restricted.

**Doc. No. 721-4** – This document is excerpts from the transcript of the deposition of MDx's Chief Technology Officer, Larry West. The excerpts include competitively sensitive, highly confidential information regarding internal MDx website operations and statistics. This is competitively sensitive information that MDx does not make public, and represents trade secrets. *See* Declaration of Erika Boyer, dated October 10, 2012, Dkt. No. 322-1, at ¶ 7. If disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx regarding its data, products and services, that would cause damage to MDx in its efforts to distinguish its products from its competitors, and secure business partners, data licensing agreements and possibly advertising. *Id.* The Court has previously granted MDx's request (*see e.g.*, Dkt. No. 459) to restrict the exact same or similar excerpts from public access. *See e.g.*, Court's Order, Dkt. No. 483. MDx submits a redacted version of Dkt. No. 721-4 redacting the exact same or similar excerpts that it previously submitted for redaction and the Court has previously approved, attached hereto as Exhibit C. MDx, therefore, respectfully requests that access to Dkt. No. 721-4 be similarly restricted.

**Doc. No. 721-5** – An additional SQL Report from Vitals.com, which comprises query screens of MDx's database used to obtain internal Vitals.com statistics regarding usage and other percentages. This Report contains information and data that is competitively sensitive to MDx that MDx does not make public. *See* Declaration of Erika Boyer, dated October 10, 2012, Dkt.

5

No. 322-1, at ¶ 8. If disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx regarding its data, products and services, that would cause damage to MDx in its efforts to distinguish its products from its competitors, and secure business partners, data licensing agreements and possibly advertising. *Id.* As discussed above, the Court has previously granted MDx's requests (*see e.g.*, Dkt. Nos. 322, 459 and 551) to keep a similar SQL Report fully restricted from public access. *See e.g.*, Court's Orders, Dkt. Nos. 483, 508 and 557. MDx, therefore, respectfully requests that access to Dkt. No. 721-5 remain similarly restricted at a Level 1 restriction.

MDx is requesting that the Court grant similar relief that it has previously granted regarding protecting from public disclosure highly confidential internal data and statistics regarding its website, vitals.com, by proposing very limited redactions of just this information from Dkt. Nos. 721, 721-3 and 721-4 and requesting that Dkt. Nos. 721-1, 721-2 and 721-5 remain restricted, in their entirety, from public access at a Level 1 restriction.

**Conclusion**

For the foregoing reasons, MDx respectfully requests that the Court grant this motion for continued restrictions on access to Document Nos. 721, 721-1, 721-2, 721-3, 721-4 and 721-5, at a Level 1 restriction, and to use the attached, redacted exhibits as public access versions for Document Nos. 721, 721-3 and 721-4.

Dated:  January 31, 2014                                                         Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson                                                                 Terence Ridley, Atty. No. 15212
Trent S. Dickey                                                                       Wheeler Trigg O'Donnell LLP
David C. Lee                                                                           370 Seventeenth Street, Suite 4500
Vincent M. Ferraro                                                                 Denver, Colorado 80202
Sills Cummis & Gross P.C.                                                      Tel:  (303) 244-1800
30 Rockefeller Plaza                                                               Fax:   (303) 244-1879
New York, New York 10112                                                   E-mail: ridley@wtotrial.com
Tel: (212) 643-7000
Fax: (212) 643-6500                                                               *Attorneys for Defendant*
E-mail: sstimpson@sillscummis.com                                       MDx Medical, Inc. d/b/a VITALS.COM
E-mail: tdickey@sillscummis.com
E-mail: dlee@sillscummis.com
E-mail: vferraro@sillscummis.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2014, I electronically filed the foregoing **MDX MEDICAL, INC.'S MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENTS - DOCUMENT NOS. 721, 721-1, 721-2, 721-3, 721-4 AND 721-5** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez, Jr.**
  jvazquez@lrrlaw.com, phenke@lrrlaw.com

- **Gregory B. Kanan**
  gkanan@lrrlaw.com

- **Kris John Kostolansky**
  kkosto@lrrlaw.com

- **Adam Lee Massaro**
  amassaro@lrrlaw.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Trent S. Dickey**
  tdickey@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Vincent Marc Ferraro**
  vferraro@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

                                                       _s:/Vincent M. Ferraro_