narrower claims in the '060 patent had she known about these references during the prosecution of the '060 patent.

Summary judgment of no inequitable conduct should be granted.

## II.  STATEMENT OF UNDISPUTED MATERIAL FACTS[1]

71.  On July 17, 2012, Health Grades filed a continuation application (Serial No. 13/551,471) ("the '471 App.") that claims priority to the '060 patent.  (Application Data Sheet, '471 App. File History pp. 1, 4 (Ex. U hereto) (highlighting added).)

72.  The '471 App. has the same specification and drawings as the '060 patent.

73.  The '471 App. was examined by the same examiner, Trang Nguyen, who examined the '060 Patent.  (Notice of Allowability dated November 22, 2013, '471 App. File History (Ex. V hereto) (highlighting added); '060 Patent at p. 1 (Ex. 1, [Doc. #369-1]).)

74.  Health Grades disclosed the following to the Patent Office in connection with the '471 App.:

   a.  All of the alleged prior art cited by MDx in its invalidity contentions;

   b.  All of the alleged prior art cited by Dr. Cooper in his expert report on invalidity;

   c.  MDx's fourth supplemental invalidity contentions;

   d.  Dr. Cooper's expert report on invalidity and inequitable conduct; and

   e.  All of the deposition testimony cited of Health Grades' inventors and employees cited by Health Grades in support of this Motion (Doc. #369 & 442) and by MDx in opposition to this Motion (Doc. #406 & 407).

(*Compare* Information Disclosure Statement dated Aug. 23, 2013, '471 App. File History at pp. 7, 9, 10 (Ex. W hereto) (highlighting added), Information Disclosure Statement dated Sept. 20, 2013, '471 App. File History at pp. 1-2 (Ex. X hereto) (highlighting added), & Petition to

---

[1]  The numbering of fact paragraphs continues from the Statement of Undisputed Material Facts included in the Motion [Doc. #369].