# EXHIBIT B

(Redacted version of Dkt. # 757)

Civil Action No. 11-CV-00520-RM-BNB

**PLAINTIFF'S RESPONSE TO MDX MEDICAL INC.'S MOTION
FOR RECONSIDERATION UNDER *Fed. R. Civ. P.* 72 OF THE JANUARY 3,
2014 ORDER IMPOSING SANCTIONS AND FOR A HEARING**

---

**Exhibit C**

**MDx's Second Supplemental Response dated January 24, 2014 to Health
Grades' Interrogatory No. 2**

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

     Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

     Defendant.

---

## DEFENDANT MDX MEDICAL, INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S INTERROGATORY NO. 2

---

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant MDx Medical, Inc. ("MDx") hereby provides its second supplemental objections and responses to Health Grades, Inc.'s ("Health Grades") Interrogatory No. 2 to Defendant.

The Preliminary Statements and General Objections from the earlier responses are incorporated by reference.

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 2.**

With respect to any of version of MDX's Accused Products, using a claim chart, state in detail MDX's bases for any assertions of non-infringement of the patent in suit on a claim-by-claim, element-by element basis. Your answer should include a statement of MDX's interpretation of each claim element, a statement whether MDX's Accused Products provide(s) such an element or an equivalent and, if not, an explanation how MDX's Accused Products operate or function differently than the claim element and a particularized statement why a component, feature or function of Accused Products is not a substantial equivalent of the pertinent claim element.

**Response:**

Subject to the Court's Orders, MDx objects to this Interrogatory on the grounds that it is unreasonably broad, unduly burdensome, seeks information that is not relevant to this lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence. MDx also objects to the request for a claim chart, which is unnecessary and burdensome for showing the elements that are not met. MDx also objects to this Interrogatory to the extent it calls for documents and information protected by the attorney-client privilege and/or the work product doctrine. MDx also objects to this Interrogatory to the extent it is inconsistent with the Court's Order Regarding Claim Construction (dkt. # 138), Order Granting In Part And Denying In Part MDx's Motion For Partial Summary Judgment Of Non-Infringement (dkt. 696), or any other order of this Court.

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

Subject to and without waiving these and the General Objections, and based on the Health Grades Infringement Contentions and Supplemental Infringement Contentions dated June 30, 2011, July 1, 2011, July 19, 2011, March 2, 2012, and September 2013, and all of their accompanying documents, MDx responds as follows below. Should Health Grades amend its infringement contentions or change or clarify its positions regarding this claim element, MDx reserves the right to respond and amend the responses below.

Unless stated otherwise, the following responses apply to all versions of the www.Vitals.com website. Certain counts as of January 23, 2014, are provided herein and in native files produced as MDX 0143095 – MDX 0143098. Because the MDx data has been and is constantly being edited or updated, it is not possible to determine all these counts for prior versions of the www.Vitals.com website. Accordingly, the provider counts herein must be reduced for prior versions of Vitals.com.

Below are the specific claim elements missing from the Vitals.com website. In order to be conceivably used in an infringing act, the MDx profiles must contain all the claim elements, so any one missing element would prevent it from infringing.

A. ***Accessing information received from the first healthcare provider.***

- Claim construction

This claim element requires "accessing healthcare provider-verified information . . . received from the healthcare provider and comprises three or more from the group consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies".

Per the Court's Order Regarding Claim Construction, "received from the first healthcare provider" means "receipt of information from the first healthcare provider or one of his or her agents, such as an employee, as distinguished from information received from patients

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

or public sources". The other terms above were not construed. Accordingly, they have plain and ordinary meaning.

Health Grades contends that merely receiving information from a healthcare provider makes the information "verified." MDx disagrees and this is addressed in Section B below.

- Literal Infringement

The following information has been entered and/or modified by one or more providers directly through the provider portal in www.Vitals.com: specialty information, gender, awards/honors, professional appointments, professional membership, and languages. This information is provided in MDX 0143095 and MDX 0143096.

The following information has been entered and/or modified by the MDx customer care department based on information received from providers, patients, and members of the public, by fax, e-mail, telephone, or another manner: specialty information, gender, awards/honors, professional appointments, professional membership, and languages. This information is provided in MDX 0143095 and MDX 0143097.    REDACTED

Therefore, counts of information entered and/or modified by the MDx customer care department are over-inclusive and go beyond the scope of the claims and the constructions in the Order Regarding Claim Construction.

The following information has been imported by MDx from data input files received by emails from medical practice groups and hospitals: specialty information, date of birth, gender, awards/honors, professional appointments, professional membership, and languages. This information is provided in MDX 0143095 and MDX 0143098. Counts of this information are over-inclusive and go beyond the scope of the claims and the constructions in the Order Regarding Claim Construction.

REDACTED

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

REDACTED

- MDx obtains publications only from PubMed, not providers. Information about PubMed can be found at pubmed.gov. Publications communicated by providers are not entered.

- Years in practice (number of years in a practice group) is not found in the MDx fields.

REDACTED

The MDx data does not include the following data fields: medical philosophy and hobbies. However, the MDx data fields include "biography" and "personal statement" fields, which are free-text fields. They are not the same as or equivalent to either medical philosophy or hobbies, but they may or may not contain certain words indicative of medial philosophy or hobbies.

- MDx has identified providers whose "biography" and/or "personal statement" fields contain the word "philosophy". These are shown in MDX 0143095 - MDX 0143098.

- Attempts to search the "biography" and "personal statement" fields for various hobby-related terms were imprecise and generated many false positive hits. Therefore, MDx is producing the entire text of the "biography" and "personal statement" fields in native files produced as MDX 0143099 – MDX 0143100.

REDACTED

REDACTED

The number of provider profiles that may literally meet this claim element (not all the claim elements) of "accessing healthcare provider-verified information . . . received from the healthcare provider" is between *Number A* and *Number B*. The exact number cannot be determined from the MDx database because MDx customer care has entered information received from patients and members of the public as well as information from providers. The MDx database records what MDx customer service has entered, but does not record the source of that information. All other provider profiles do not literally meet this claim element. Moreover, only *Number A* is addressed by the Health Grades Infringement Contentions.

*Number A* and *Number B* are based on information from launch of www.Vitals.com through January 23, 2014. Some older information may have been superseded by more recent information, and such older information would not now meet the "accessing" claim element. Also, just because some reports may meet an element now, does not mean they met the element at any time in the past. Accordingly, *Number A* and *Number B* are over-inclusive.

As discussed below in the sections below, a further requirement of the claim is creating a report using healthcare provider-verified information, patient-provided information, and third party verified information. Age has not been used in a provider profile during the term of the '060 patent. Also, not all providers have ratings from Vitals.com. *Number A* and *Number B* are over-inclusive for these reasons as well, and they are addressed in the sections below.

- Equivalents

There can be no infringement of this element by equivalents, for numerous reasons. For example, having third parties provide information that the claims expressly require be provided by providers is vastly different from the claimed requirements. It is an entirely different approach and thus the function/way/result are not similar (for example, some sources are more accurate and trustworthy than others), and in fact are expressly distinguished in the patent itself. Moreover, there is prosecution history estoppel because this element was added by amendment to overcome art and/or argued to distinguish prior art, any such equivalents argument would vitiate the claim term entirely, and the concept of obtaining information from other sources is disclosed but not claimed in the patent specification.

REDACTED

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

Health Grades argues that medical school graduation year is equivalent to the claimed years in profession. MDx disagrees because medical school and years in profession are separately claimed and have different meanings, and the patent expressly distinguishes the two.

Health Grades argues that MDx's "years of experience" is equivalent to the claimed years in practice. MDx disagrees because MDx's "years of experience" is not the same as or equivalent to the number of years a provider has been in her current medical practice, and the patent expressly distinguishes years in practice from years of experience.

**B.**   ***Accessing healthcare provider-verified information***.

- Claim construction

This claim element requires "accessing healthcare provider-verified information . . . comprises three or more from the group consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies".

Per the Court's Order Regarding Claim Construction, the above terms were not construed. Accordingly, they have plain and ordinary meaning.

Health Grades contends that merely receiving information from a healthcare provider makes the information "verified." MDx disagrees and has requested additional claim construction proceedings on the term "verified" (dkt. 706). MDx believes the term "verified" means ***confirmation of information, beyond mere receipt***.

- Literal Infringement

MDx does not have providers confirm the information they directly enter and/or modify in the provider portal on www.Vitals.com, nor does MDx have providers confirm the information they send to the MDx customer service department for entry by MDx. MDx also does not have medical practice groups and hospitals confirm the data input file information they send to MDx for import.

Health Grades argues that a provider can log into the provider portal on www.Vitals.com. Health Grades argues that any information the provider enters or modifies in the provider portal is verified by the provider. MDx disagrees. For information that a provider enters for the first time, MDx does not have providers confirm that information. For information that a provider modifies and is different from the existing record, MDx does not have providers confirm that information. Additionally, this claim element is not infringed for information MDx does not enter into the MDx database.

Health Grades argues that MDx has a fax program whereby MDx sent a summary of certain information to providers and asked them to check the faxed information. Health Grades argues that any information the provider enters or modifies in response to the faxed

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

information is verified by the provider. MDx disagrees. For information that a provider enters for the first time, MDx does not have providers confirm that information. For information that a provider modifies and is different from the existing record, MDx does not have providers confirm that information. Additionally, this claim element is not infringed for information MDx does not enter into the MDx database. Some information in return-faxes were not entered into the MDx database even if requested by a provider. For information entered by MDx customer care into the MDx database, see Section A above.

Health Grades further argues that any information the provider sees in the provider web portal or in the faxed information, but does not modify, is verified by the provider. This argument is limited by the claim element requiring "accessing healthcare provider-verified information . . . received from the healthcare provider". If a provider sees third-party information but does not change it, the claim element requiring "accessing healthcare provider-verified information . . . received from the healthcare provider" would not be met.

- Equivalents

There can be no equivalents where this data is not obtained from the provider, as the MDx approach of obtaining this data elsewhere is entirely different from the claimed approach; attempting to capture this data under the doctrine of equivalents would entirely vitiate this claim language; and there is also prosecution history estoppel precluding equivalents on this element (*e.g.,* amendment on 4/26/10).

Furthermore, verification from the provider is an entirely different approach than either obtaining no verification or verification from other sources and thus the function/way/result test would not be met; attempting to read this limitation on the MDx Website would vitiate this claim term entirely; there is prosecution history estoppel because this element was added by amendment to overcome art and/or argued to distinguish prior art, and the concept of verifying information from other sources was disclosed but not claimed and thus precludes application of the doctrine of equivalents.

C. ***Patient Ratings from On-Line Patient Experience Survey on Vitals.com***

- Claim Construction

This claim element requires "compiling . . . patient ratings from one or more past or current patients of the first healthcare provider, and wherein the patient ratings are received from an on-line patient experience survey completed on a company Web site by the one or more past or current patients of the first healthcare provider, and wherein the company Web site is managed by the company providing the service for connecting healthcare providers with the potential patients".

Per the Court's Order Regarding Claim Construction, "compiling" means "gathering and/or putting together" and "first healthcare provider" means "a particular healthcare

provider about whom information is requested and a report is produced". The other claim terms above were not construed. Accordingly, they have plain and ordinary meaning.

- Literal Infringement

The numbers of patient ratings for providers who have data designated as being edited directly by the provider or indirectly by MDx customer service, or imported by MDx, is shown in MDX 0143095 – MDX 0143098. Any provider who does not have any patient ratings from Vitals.com does not infringe this claim element.

REDACTED


REDACTED


*Number C* and *Number D* are over-inclusive for the same reasons that *Number A* and *Number B* are over-inclusive.

- Equivalents

The claimed requirement that all patient ratings come from the online survey on Vitals.com is not met equivalently by ratings from another source. Obtaining ratings from another source is an entirely different approach, and arguing equivalents would vitiate this claim requirement. Additionally, a finding of equivalents is not possible because the possibility of obtaining ratings from another source was disclosed but not claimed. There is also an estoppel (*e.g.*, 4/26/10 amendment).

**D.** ***Creating a report using the healthcare provider-verified information.***

- Claim Construction

This claim element requires "creating . . . a healthcare provider report on the first healthcare provider using the healthcare provider-verified information".

Per the Court's Order Regarding Claim Construction, "first healthcare provider" means "a particular healthcare provider about whom information is requested and a report is produced". The other claim terms above were not construed. Accordingly, they have plain and ordinary meaning.

Health Grades contends that merely receiving information from a healthcare provider makes the information "verified." MDx disagrees and this is addressed in Section B above.

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

- <u>Literal Infringement</u>

Age, year in profession, and years in practice, have not been used in a provider profile during the term of the '060 patent, and MDx did not use them in creating a provider profile.

- <u>Equivalents</u>

There can be no equivalents for this claim limitation where healthcare provider information is not used to create a healthcare provider report on the first healthcare provider. Attempting to capture this data under the doctrine of equivalents would entirely vitiate this claim language and the function/way/result test would not be met. There is also prosecution history estoppel because this element was added by amendment to overcome art and/or argued to distinguish prior art.

### E. *Information verified by independent third-party source*

- <u>Claim Construction</u>

This claim element requires "compiling information regarding the first healthcare provider verified by an independent third-party source, wherein the information verified by the independent third-party source comprises three or more from the group consisting of: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship information".

Per the Court's Order Regarding Claim Construction, "first healthcare provider" means "a particular healthcare provider about whom information is requested and a report is produced". The other claim terms above were not construed. Accordingly, they have plain and ordinary meaning.

Health Grades contends that merely receiving information from a healthcare provider makes the information "verified." MDx disagrees and this is addressed in Section B above.

- <u>Literal infringement</u>

The following information is obtained from one or more third-party sources: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship information.

Many third-party sources include disclaimers as to the accuracy of information provided by them. *See, e.g.*, MDX 0104128 – MDX 0104137. Third-party information is not verified if it is subject to such a disclaimer.

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

- Equivalents

There can be no equivalents for this claim limitation where third-party information is not verified. Attempting to capture unverified data under the doctrine of equivalents would entirely vitiate this claim language and the function/way/result test would not be met. And there is also prosecution history estoppel precluding equivalents on this element.

### F. *Creating a report using information verified by independent third-party source*

- Claim Construction

This claim element requires "creating . . . a healthcare provider report on the first healthcare provider using . . . the information verified by the independent third-party source".

Per the Court's Order Regarding Claim Construction, "first healthcare provider" means "a particular healthcare provider about whom information is requested and a report is produced". The other claim terms above were not construed. Accordingly, they have plain and ordinary meaning.

Health Grades contends that merely receiving information from a healthcare provider makes the information "verified." MDx disagrees and this is addressed in Section B above.

- Literal infringement

For the pre-January 2011 www.Vitals.com website, it was possible for provider profiles to include three or more of: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship information, if that information was available. But MDx believes that not all provider profiles contained three or more of this information. It is not possible to now generate counts for the pre-January 2011 version of www.Vitals.com website.

The www.Vitals.com website after January 2011 has not created provider profiles containing or using disciplinary action information.

With one exception, the www.Vitals.com website after January 2011 has not created provider profiles containing or using licensure information. The one exception is where licensure information was included in SEO landing pages (not accused of infringement by Health Grades). SEO landing pages are separate and distinct from provider profiles accessible from within Vitals.com. They are reached by clicking a Vitals.com result in a search engine such as Google or Bing. But Health Grades' infringement contentions do not accuse SEO landing pages reached from Google or Bing of infringing the '060 patent. (Even if the SEO landing pages were accused, they would not be infringing. The Court has determined that a provider profile by itself does not literally infringe the '060 patent. (See dkt. 696.) Also, the SEO pages containing the licensure information did not include the "Search All Similar Doctors" hyperlink referenced by

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

Judge Moore in denying summary judgment of non-infringement on doctrine of equivalents. See also, Section H below.)

Aside from the SEO landing page, MDx has not since January 2011 created a provider profile using three or more of third-party information. MDx implemented a policy in January 2011 to display no more than two third-party data fields in a provider profile. Provider profiles may be supplemented with information received from providers when available. But if there is insufficient information from providers, then no more than two third-party data fields are displayed for a provider profile.

Health Grades alleges that MDx creates provider profiles using licensure information because every provider in the MDx database is licensed. This is incorrect for several reasons. First, the public records used by MDx to create a provider do not necessarily contain licensure information, *e.g.*, NPI records. Second, not every provider in the MDx database is licensed. (*Compare, e.g.,* MDX 0104921 with MDX 0104922, showing count of active providers is greater than count of providers having licensure information.) Third, the database used to populate provider profiles (called "Mongo", see MDX 0106987) does not include licensure data. Because the Mongo database does not include licensure information, provider providers are not created using licensure information.

- Equivalents

There can be no equivalence because information that is not used to create a provider profile is not equivalent to the claim language. Additionally, reading the claim language on the MDx Website would entirely vitiate the claim language and would not meet the function/way/result (for example, obtaining information from a provider is different from obtaining information from a third-party source, which are differentiated in the patent and claims itself).

There can be no equivalents because the two different approaches operate in very different ways and have very different results – the MDx system results in a report with less information, for example, than if all the compiled information was used as required by the claim. Equivalents would also vitiate this term, and it was disclosed but not claimed.

G. ***Comparison ratings of healthcare providers***.

- Claim Construction

This claim element requires "comparison ratings of healthcare providers".

Per the Court's Order Regarding Claim Construction, "comparison ratings of healthcare providers" means "ratings on multiple healthcare providers, including the 'first healthcare provider,' in the report on that 'first healthcare provider,' thus permitting comparison of the 'first healthcare provider' with other potential healthcare providers". Also, "first

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

healthcare provider" means "a particular healthcare provider about whom information is requested and a report is produced".

### - Literal Infringement

Health Grades argues that a patient rating for a first healthcare provider or an award logo for a first healthcare provider can be "comparison ratings of healthcare providers." MDx disagrees. An award logo for a first healthcare provider does not give any indication about how another potential healthcare provider is rated. A rating on a first healthcare provider also does not give any indication about how another potential healthcare provider is rated.

### - Equivalents

There can be no equivalence because information that does not give any indication about how another potential healthcare provider is rated, is not equivalent to the claim language. Additionally, reading the claim language on the award logo or patient rating for the first healthcare provider would entirely vitiate the claim language and would not meet the function/way/result (for example, a rating for another potential healthcare provider serves a different function than an award logo for a first healthcare provider.).

### H. *Report includes comparison ratings of healthcare providers.*

### - Claim Construction

This claim element requires "the healthcare provider report on the first healthcare provider includes comparison ratings of healthcare providers".

Per the Court's Order Regarding Claim Construction, "first healthcare provider" means "a particular healthcare provider about whom information is requested and a report is produced". Also, "comparison ratings of healthcare providers" means "ratings on multiple healthcare providers, including the 'first healthcare provider,' in the report on that 'first healthcare provider,' thus permitting comparison of the 'first healthcare provider' with other potential healthcare providers". The other terms above were not construed. Accordingly, they have plain and ordinary meaning.

### - Literal infringement

For the pre-January 2011 www.Vitals.com website, Health Grades alleges that a side-by-side layout of separate provider profiles meets a report on a first healthcare provider and that ratings in the separate provider profiles are comparison ratings of healthcare providers. MDx disagrees for several reasons. First, this argument conflicts with Judge Moore's order granting summary judgment of no literal infringement. See Order, noting that a results list is not a report on a first healthcare provider. The side-by-side layout feature of the pre-January 2011 website was available from the results list page, which is not report on a first healthcare provider.

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

For similar reasons, a side-by-side layout of separate provider profile is also not a report on a first healthcare provider and does not infringe this claim element.

        For the post-January 2011 www.Vitals.com website, the Court granted summary judgment of no literal infringement (see dkt. 696).

<div align="center" style="color:red">REDACTED</div>

- <u>Equivalents</u>

        Regarding all versions of www.Vitals.com, a hyperlink in a report on a first healthcare provider to a profile of another healthcare provider does not equivalently meet this claim element.  To the extent Health Grades attempts to point to parts of the MDx Website outside the report on the first healthcare provider, there can be no infringement because those parts of the website are not found in the reports on the first healthcare provider.  There can be no equivalents because it is entirely different from the claimed requirement of having these features in the report; because such an equivalents argument vitiates the requirement of the report containing this information; because the idea of disclosing this information elsewhere is disclosed in the specification but not claimed; and because there is prosecution history estoppel.

        In the version of www.Vitals.com since 2013, a hyperlink in a report on a first healthcare provider for "Search All Similar Doctors" does not equivalently meet this claim element.  There can be no equivalents because it is entirely different from the claimed requirement of having these features in the report; because such an equivalents argument vitiates the requirement of the report containing this information; because the idea of disclosing this information elsewhere is disclosed in the specification but not claimed; and because there is prosecution history estoppel.

I.      ***<u>Dependent Claims</u>***

        Based on the Health Grades Infringement Contentions, at least the following are missing:

<u>Claim 4</u>

        The terms of this claim were not construed.  Accordingly, they have plain and ordinary meaning.

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

In the pre-2013 www.Vitals.com website, the required hyperlink was completely missing, and the alleged links cited by Health Grades would vitiate this term, and could not possibly be equivalent. Healthcare provider reports on the MDx Website did not include a hyperlink to an external website of an affiliated hospital, medical center, or other type of treatment facility. Health Grades can see this by visiting the MDx Website, which is accessible by the public.

In the post-2013 www.Vitals.com website, some provider profiles include a hyperlink to an external website of an affiliated hospital, medical center, or other type of treatment facility.

REDACTED


REDACTED



Claim 8

Per the Court's Order Regarding Claim Construction, "first healthcare provider" means "a particular healthcare provider about whom information is requested and a report is produced". The other claim terms were not construed. Accordingly, they have plain and ordinary meaning.

This element is also entirely missing, and there cannot be equivalents as the term would be vitiated and the claim element is not substantially similar to the accused MDx Website in this regard.

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

A provider may sign up for "sponsored links", which are displayed on a results web page.  But as indicated under the sponsored links, sponsored links "have no influence over the results displayed in the middle of this [results] page, and are completely independent."  (*See* MDx website results web page, under sponsored links.)

<span style="color:red">REDACTED</span>

In the present version of [www.Vitals.com](www.Vitals.com), there are no longer sponsored links in results lists.

Claim 9

The claim terms were not construed.  Accordingly, they have plain and ordinary meaning.

This element is completely missing from the MDx website, and the complete absence of a membership of the company managing the MDx website or the required enhanced services based on such a membership.

The MDx website does not determine from the results list whether a particular healthcare provider is a member.  The results list is determined based on search criteria entered by a web site user and is completely independent of whether a particular healthcare provider in the results list is a member.

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

Claim 11:  See claim 9.

J.    *Capability*

Health Grades has argued that claim 15 requires only a processor that has the capability to perform the claimed steps.  MDx disagrees and has requested claim construction on this issue at dkt. 705.  As shown therein, MDx's position is that claim 15 requires a processor that performs the claimed steps when executing software.

Dated:  January 24, 2014                    As to objections:


                              *s:/Scott D. Stimpson*
                              _____
                              Scott D. Stimpson
                              Trent S. Dickey
                              David C. Lee
                              Vincent M. Ferraro
                              Sills Cummis & Gross P.C.
                              30 Rockefeller Plaza
                              New York, New York 10112
                              Tel: (212) 643-7000
                              Fax: (212) 643-6500
                              E-mail: sstimpson@sillscummis.com
                              E-mail: tdickey@sillscummis.com
                              E-mail: dlee@sillscummis.com
                              E-mail: vferraro@sillscummis.com

                              and

                              Terence Ridley, Atty. No. 15212
                              Wheeler Trigg O'Donnell LLP
                              370 Seventeenth Street, Suite 4500
                              Denver, Colorado 80202
                              Tel:  (303) 244-1800

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com

Attorneys for Defendant
MDx Medical, Inc. d/b/a VITALS.COM

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

As to Responses:

The undersigned states under oath that the foregoing responses are correct to the best of the signer's information, knowledge, and belief.

_____
Erika Boyer
For MDx Medical, Inc.

HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on January 24, 2014, I have caused a true and correct copy of the foregoing **DEFENDANT MDX MEDICAL, INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S INTERROGATORY NO. 2** to be served upon Health Grades, Inc. by electronic mail transmission to the following individuals:

> Jesus Manuel Vazquez , Jr.
> Kris John Kostolansky
> Gregory B. Kanan
> Adam L. Massaro
> LEWIS ROCA ROTHGERBER
> One Tabor Center, Suite 3000
> 1200 Seventeenth Street
> Denver, CO 80202
> Tel: (303) 623-9000
> Fax: (303) 623-9222
> jvazquez@lrr.com
> kkosto@lrr.com
> gkanan@lrrlaw.com
> amassaro@lrrlaw.com

*Attorneys for Plaintiff Health Grades, Inc.*


 _s:/ David C. Lee_____