IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00520-RM-BNB

HEALTH GRADES, INC.,

Plaintiff,

v.

MDX MEDICAL, INC., d/b/a Vitals.com,

Defendant.

_____

**ORDER**
_____

This order addresses the following motions, all of which are GRANTED:

(1)     **MDx's Motion for Leave to Restrict Access to Doc. ## 677-1, 677-2, 677-3, and 677-4** [Doc. # 698, filed 12/26/2014] (the "First Motion to Restrict Access");

(2)     **MDx's Unopposed Motion for Redaction of Daubert Hearing Transcript-- Doc. # 700** [Doc. # 727, filed 1/21/2014] (the "Second Motion to Restrict Access");

(3)     **MDx's Motion to Restrict Access to Doc. ## 721, 721-1, 721-2, 721-3, 721-4, and 721-5** [Doc. # 739, filed 1/31/2014] (the "Third Motion to Restrict Access");

(4)     **Health Grades' Unopposed Motion to Temporarily Restrict Doc. # 754** [Doc. # 762, filed 2/20/2014] (the "Fourth Motion to Restrict Access");

(5)     **MDx's Unopposed Motion to Restrict Access to Doc. ## 754, 755, and 757** [Doc. # 768, filed 3/4/2014] (the "Fifth Motion to Restrict Access"); and

(6)     **MDx's Unopposed Motion to Restrict Access to Doc. # 770** [Doc. # 773, filed 3/21/2014] (the "Sixth Motion to Restrict Access").

Local rule of practice 7.2, D.C.COLO.LCivR, governs motions to restrict access. It provides in relevant part:

> **(a) Policy.** Unless restricted by statute, rule of civil procedure, or court order, the public shall have access to all documents filed with the court and all court proceedings.
>
> \* \* \*
>
> **(c) Motion to Restrict.** A motion to restrict public access shall be open to public inspection and must:
>
> (1) identify the document or the proceeding for which restriction is sought;
>
> (2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restricted access);
>
> (3) identify a clearly defined and serious injury that would result if access is not restricted;
>
> (4) explain why no alternative to restricted access is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and
>
> (5) identify the restriction level sought (i.e., Level 1 = access limited to the parties and the court; Level 2 = access limited to the filing party and the court; Level 3 = access limited to the court).

(Emphasis added.)

The important public interests in open court records are discussed in Huddleson v. City of Pueblo, 270 F.R.D. 635 (D. Colo. 2010), and include:

> People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing. The public has a fundamental interest in understanding the disputes presented to and decided by the courts, so as to assure that they are run fairly and that judges act honestly.

2

Id. at 635 (quoting Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 509 (1984)).

The right to inspect and copy judicial records is not absolute, however.  To the contrary:

> All courts have supervisory powers over their own records and
> files.  Thus a court, in its discretion, may seal documents if the
> public's right of access is outweighed by competing interests.
>
> \* \* \*
>
> [B]ecause the analysis of the question of limiting access is
> necessarily fact-bound, there can be no comprehensive formula for
> decisionmaking.  The decision as to access is one best left to the
> sound discretion of the trial court, a discretion to be exercised in
> light of the relevant facts and circumstances of the particular case.

United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985).  Privacy and preservation of trade secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness.  Huddleson, 270 F.R.D. at 637.

1. First Motion to Restrict Access

The parties seek to restrict access to Doc. ## 677-1, 677-2, 677-3, and 677-4 and to submit redacted versions for public access which mask the confidential information.  See Doc. ## 743-1, 743-2, 743-3, and 743-4.  I have reviewed the documents, and they appear to contain confidential or highly confidential (i) financial information, (ii) licensing information, and (iii) advertising and related information, all of which is competitively sensitive and the public disclosure of which would cause competitive damage to the parties.  Consequently, the First Motion to Restrict Access [Doc. # 698] is GRANTED, and the following shall be Restricted Level 1: Doc. ## 677-1, 677-2, 677-3, and 677-4.

2. Second Motion to Restrict Access

The Second Motion to Restrict Access [Doc. # 727] seeks an order, pursuant to the court's Policy Concerning Electronic Availability and Redaction of Transcripts §II.E, redacting five lines on three pages of the Transcript of Proceedings for December 18, 2013 [Doc. # 700] (the "Transcript").  I find that the information sought to be redacted constitutes confidential financial information which is competitively sensitive and that its disclosure would cause competitive harm to MDx.  The Second Motion to Restrict Access [Doc. # 727] is GRANTED, and the following lines shall be redacted from the Transcript [Doc. # 700]:

- Page 53, lines 3 and 8;

- Page 55, line 18; and

- Page 60, lines 3 and 6.

All remaining portions of the Transcript [Doc. # 700] shall be unrestricted and open to public inspection.

3. Third Motion to Restrict Access

The Third Motion to Restrict Access [Doc. # 739] seeks an order redacting portions of Doc. ## 721, 721-3, and 721-4, and restricting access to the entirety of Doc. ## 721-1, 721-2, and 721-5.  I agree with MDx that the redactions and restrictions are justified to protect against the public disclosure of competitively sensitive, highly confidential, and proprietary information. Consequently, the Third Motion to Restrict Access [Doc. # 739] is GRANTED.  The following materials shall be Restricted Level 1: Doc. ## 721, 721-1, 721-2, 721-3, 721-4, and 721-5. Redacted versions of Doc. ## 721, 721-3, and 721-4 are available for public inspection at Doc. ## 739-1, 739-2, and 739-3.

4. Fourth Motion to Restrict Access

The Fourth Motion to Restrict Access [Doc. # 762] seeks an order temporarily restricting access to Doc. # 754 for 14 days to allow MDx an opportunity to seek restriction under D.C.COLO.LCivR 7.2(e).  The Fifth Motion to Restrict Access [Doc. # 768] is a timely request by MDx to restrict Doc. # 754.  Consequently, the Fourth Motion to Restrict Access [Doc. # 762]  is GRANTED.

5. Fifth Motion to Restrict Access

The Fifth Motion to Restrict Access [Doc. # 768] requests that Doc. ## 754, 755, and 757 be Restricted Level 1, and submits redacted versions of those documents for public access.  The Fifth Motion to Restrict Access [Doc. # 768] is GRANTED; Doc. ## 754, 755, and 757 shall be Restricted Level 1; and redacted versions are available for public inspection at Doc. ## 768-1 and 768-2.

6. Sixth Motion to Restrict Access

The Sixth Motion to Restrict Access [Doc. # 773] requests that Doc. # 770 be Restricted Level 1, and submits a redacted version for public access.  The Sixth Motion to Restrict Access [Doc. # 773] is GRANTED; Doc. # 770 shall be Restricted Level 1; and the redacted version [Doc. # 773-1] is available for public inspection.

SO ORDERED.

Dated March 28, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge