# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

## PLAINTIFF HEALTH GRADES, INC.'S PROPOSED VERDICT FORM

Health Grades submits the attached proposed verdict form for the trial in the above-captioned matter. Health Grades reserves its right to amend, supplement, or modify this proposed verdict form as the case proceeds through trial and based upon conferences with opposing counsel. Health Grades does not concede, by submitting the proposed verdict form that the MDx has met its evidentiary burdens with respect to any of the issues to which the proposed form pertains. Health Grades does not intend to waive any objections relating to issues that are or have been the subject of any pending motions, including any motions *in limine*.

2004710959_1

# VERDICT

## I. DIRECT INFRINGEMENT

**A. <u>Infringement Under the Doctrine of Equivalents:</u>** Configuration 2 and Configuration 3 of Vitals.com are not alleged to be literally infringing.

**(As to each claim, a "YES" answer is a finding for Health Grades. A "NO" answer is a finding for MDX.)**

1. Do you find that Health Grades has proven by a preponderance of the evidence that the accused configurations include parts that are identical or equivalent to every requirement of the listed claims of the Health Grades' patent? In other words, for any other requirement that you find is not literally present in the accused configuration, does the accused configuration have an equivalent part to that requirement?

   a. **Configuration 2: 2011-2012 Configuration of Vitals.com:** Configuration 2 was offered by MDx from January 5, 2011 through the end of 2012. It did not have the "Compare Now" feature, and did not have the "Search All Similar Doctors" feature

   | | | | |
   |---|---|---|---|
   | Claim 1: | YES _____ | NO _____ |
   | Claim 4: | YES _____ | NO _____ |
   | Claim 5: | YES _____ | NO _____ |
   | Claim 6: | YES _____ | NO _____ |
   | Claim 7: | YES _____ | NO _____ |
   | Claim 8: | YES _____ | NO _____ |

**Question 1(a) continued . . .**

Claim 9:     YES _____     NO _____
Claim 11:    YES _____     NO _____
Claim 14:    YES _____     NO _____
Claim 15:    YES _____     NO _____
Claim 16:    YES _____     NO _____

    b.    **Configuration 3: Current Configuration of Vitals.com:** Configuration 3 was offered by MDx from the beginning of 2013 through today. It did <u>not</u> have the "Compare Now" feature, but <u>did</u> have the "Search All Similar Doctor Feature.

Claim 1:     YES _____     NO _____
Claim 4:     YES _____     NO _____
Claim 5:     YES _____     NO _____
Claim 6:     YES _____     NO _____
Claim 7:     YES _____     NO _____
Claim 8:     YES _____     NO _____
Claim 9:     YES _____     NO _____
Claim 11:    YES _____     NO _____
Claim 14:    YES _____     NO _____
Claim 15:    YES _____     NO _____
Claim 16:    YES _____     NO _____

3

B.  **Literal Infringement or Infringement Under the Doctrine of Equivalents:** Configurations 1 and 4 of Vitals.com, and the iTriage website and application, are alleged to be literally infringing and infringing under the doctrine of equivalents.

**(As to each claim, a "YES" answer is a finding for Health Grades. A "NO" answer is a finding for MDX.)**

2. Do you find that Health Grades has proven by a preponderance of the evidence that MDX has infringed the listed claims of the Health Grades' patent either literally or under the doctrine of equivalents?

*INSTRUCTION: If you answer "YES", please indicate whether the infringement is literal infringement or infringement under the doctrine of equivalents.*

a.  **Configuration 1: Pre-January 2011 Configuration of Vitals.com:** Configuration 1 was offered by MDx until January 5, 2011, and had the "Compare Now" feature, but did not have the "Search All Similar Doctors" Feature.

| Claim | | |
|---|---|---|
| Claim 1 | YES _____ | NO _____ |
| | ☐ Literal   OR   ☐ Doctrine of Equivalents | |
| Claim 4 | YES _____ | NO _____ |
| | ☐ Literal   OR   ☐ Doctrine of Equivalents | |
| Claim 5 | YES _____ | NO _____ |
| | ☐ Literal   OR   ☐ Doctrine of Equivalents | |
| Claim 6 | YES _____ | NO _____ |
| | ☐ Literal   OR   ☐ Doctrine of Equivalents | |
| Claim 7 | YES _____ | NO _____ |
| | ☐ Literal   OR   ☐ Doctrine of Equivalents | |

**Question 2(a) continued . . .**

Claim 8                     YES _____               NO _____

☐ Literal   OR   ☐ Doctrine of Equivalents

Claim 9                     YES _____               NO _____

☐ Literal   OR   ☐ Doctrine of Equivalents

Claim 11                    YES _____               NO _____

☐ Literal   OR   ☐ Doctrine of Equivalents

Claim 14                    YES _____               NO _____

☐ Literal   OR   ☐ Doctrine of Equivalents

Claim 15                    YES _____               NO _____

☐ Literal   OR   ☐ Doctrine of Equivalents

Claim 16                    YES _____               NO _____

☐ Literal   OR   ☐ Doctrine of Equivalents

       **b.**      **Configuration 4:** Configuration 4 was offered by MDx from mid-October until to mid-November of 2013. It is the same as Configuration 3 but it also included "sponsored listings with star ratings".

Claim 1                     YES _____               NO _____

☐ Literal   *OR*   ☐ Doctrine of Equivalents

Claim 4                     YES _____               NO _____

☐ Literal   *OR*   ☐ Doctrine of Equivalents

Claim 5                     YES _____               NO _____

☐ Literal   *OR*   ☐ Doctrine of Equivalents

Claim 6                     YES _____               NO _____

☐ Literal   *OR*   ☐ Doctrine of Equivalents

**Question 2(b) continued . . .**

    Claim 7               YES _____               NO _____

          ☐ Literal   *OR*   ☐ Doctrine of Equivalents

    Claim 8               YES _____               NO _____

          ☐ Literal   *OR*   ☐ Doctrine of Equivalents

    Claim 9               YES _____               NO _____

          ☐ Literal   *OR*   ☐ Doctrine of Equivalents

    Claim 11             YES _____               NO _____

          ☐ Literal   *OR*   ☐ Doctrine of Equivalents

    Claim 14             YES _____               NO _____

          ☐ Literal   *OR*   ☐ Doctrine of Equivalents

    Claim 15             YES _____               NO _____

          ☐ Literal   *OR*   ☐ Doctrine of Equivalents

    Claim 16             YES _____               NO _____

          ☐ Literal   *OR*   ☐ Doctrine of Equivalents

2004710959_1

## II.    INDIRECT INFRINGEMENT

**(As to each claim, a "YES" answer is a finding for Health Grades.  A "NO" answer is a finding for MDX.)**

### A. Contributory Infringement

3.     Has Health Grades proven by a preponderance of the evidence that (i) MDx sells within the United States a component of a product, or apparatus for use in a process, during the time the '060 patent was in force; (ii) the component or apparatus has no substantial, noninfringing use; (iii) the component or apparatus constitutes a material part of the invention; (iv) MDx was aware of the '060 patent and knew that the product it sold has no other substantial use other than as an infringement of the '060 patent; and (v) that use directly infringes at least one claim of the '060 patent?

| | | |
|---|---|---|
| Claim 1: | YES _____ | NO _____ |
| Claim 4: | YES _____ | NO _____ |
| Claim 5: | YES _____ | NO _____ |
| Claim 6: | YES _____ | NO _____ |
| Claim 7: | YES _____ | NO _____ |
| Claim 8: | YES _____ | NO _____ |
| Claim 9: | YES _____ | NO _____ |
| Claim 11: | YES _____ | NO _____ |
| Claim 14: | YES _____ | NO _____ |
| Claim 15: | YES _____ | NO _____ |
| Claim 16: | YES _____ | NO _____ |

### B. Inducing Infringement

4. If you found that the iTriage app. and website directly infringed the listed claims of Health Grades' patent in response to question 2(c), then has Health Grades proven by a preponderance of the evidence that (i) that MDx took action that actually induced that direct infringement; (iii) that MDx was aware of the '060 patent; and (iv) that MDx knew or should have known that taking such action would induce the direct infringement?

| | | |
|---|---|---|
| Claim 1: | YES _____ | NO _____ |
| Claim 4: | YES _____ | NO _____ |
| Claim 5: | YES _____ | NO _____ |
| Claim 6: | YES _____ | NO _____ |
| Claim 7: | YES _____ | NO _____ |
| Claim 8: | YES _____ | NO _____ |
| Claim 9: | YES _____ | NO _____ |
| Claim 11: | YES _____ | NO _____ |
| Claim 14: | YES _____ | NO _____ |
| Claim 15: | YES _____ | NO _____ |
| Claim 16: | YES _____ | NO _____ |

### III. WILLFULNESS

**(A "YES" answer is a finding for Health Grades. A "NO" answer is a finding for MDX.)**

5. If you have found that MDX has infringed any of the Health Grades patent claims *(i.e., you answered "YES" to any of the foregoing questions)*, do you also find by clear and convincing evidence that MDX's infringement has been willful?

YES _____    NO _____

### IV. VALIDITY

**(As to each claim, a "YES" answer is a finding for MDX. A "NO" answer is a finding for Health Grades.)**

#### A. Anticipation

6. Has defendant MDx proven by clear and convincing evidence that any one or more of the following claims is invalid because the subject matter thereof was anticipated (not new) by physician reports that were on Health Grades' website in the summer of 2005?

| | | |
|---|---|---|
| Claim 1: | YES ____ | NO ____ |
| Claim 4: | YES ____ | NO ____ |
| Claim 5: | YES ____ | NO ____ |
| Claim 6: | YES ____ | NO ____ |
| Claim 7: | YES ____ | NO ____ |
| Claim 8: | YES ____ | NO ____ |

9

**Question 6 continued . . .**

| | | |
|---|---|---|
| Claim 9: | YES _____ | NO _____ |
| Claim 11: | YES _____ | NO _____ |
| Claim 14: | YES _____ | NO _____ |
| Claim 15: | YES _____ | NO _____ |
| Claim 16: | YES _____ | NO _____ |

**B. Obviousness**

7. Has the defendant MDx proven by clear and convincing evidence that any one or more of the following claims is invalid because the subject matter thereof would have been obvious to a person having ordinary skill in the art at the time the invention was made? *(If you answer "YES", please state what prior art renders the claim obvious.)*

Claim 1                           YES _____                           NO _____
           Prior Art: _____

Claim 4                           YES _____                           NO _____
           Prior Art: _____

Claim 5                           YES _____                           NO _____
           Prior Art: _____

Claim 6                           YES _____                           NO _____
           Prior Art: _____

Claim 7                           YES _____                           NO _____
           Prior Art: _____

**Question 7 continued . . .**

| Claim 8 | YES _____ | NO _____ |
|---|---|---|

Prior Art: _____

| Claim 9 | YES _____ | NO _____ |
|---|---|---|

Prior Art: _____

| Claim 11 | YES _____ | NO _____ |
|---|---|---|

Prior Art: _____

| Claim 14 | YES _____ | NO _____ |
|---|---|---|

Prior Art: _____

| Claim 15 | YES _____ | NO _____ |
|---|---|---|

Prior Art: _____

| Claim 16 | YES _____ | NO _____ |
|---|---|---|

Prior Art: _____

***INSTRUCTION:*** *If you answered "YES" to Questions 1-4 for any claim and you answered "NO" to Questions 6 & 7 for the same claim, please proceed to Question No. 8. Otherwise your deliberations are done. Please sign the verdict form on the next page.*

## V.   DAMAGES

8. If you have found that at least one claim of the '060 patent is infringed by MDX and not invalid, what is the total dollar amount that Health Grades is entitled to receive from MDX to compensate Health Grades for MDX's infringement to date?

Amount: $ _____

***INSTRUCTION:*** *Your deliberations are done. Please sign verdict form on next page.*

11

You each must sign this Verdict Form.

Dated: _____        _____
                                                            FOREPERSON


_____        _____


_____        _____


_____        _____


_____        _____

2004710959_1

                                    Respectfully submitted,

Dated: March 28, 2014        *s/ Adam L. Massaro*
                                    Gregory B. Kanan, Esq.
                                    Kris J. Kostolansky, Esq.
                                    Jesús M. Vázquez, Jr., Esq.
                                    Adam L. Massaro, Esq.
                                    LEWIS ROCA ROTHGERBER LLP
                                    1200 17th Street, Suite 3000
                                    Denver, Colorado  80202
                                    Tel:  (303) 623-9000
                                    Fax:  (303) 623-9222
                                    Email: gkanan@lrrlaw.com
                                              kkosto@lrrlaw.com
                                              jvazquez@lrrlaw.com
                                              amassaro@lrrlaw.com

                                  *Attorneys for Plaintiff Health Grades, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2014, I electronically filed the foregoing **PLAINTIFF HEALTH GRADES, INC.'S PROPOSED VERDICT FORM** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Scott David Stimpson
David Chunyi Lee
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY  10112
Email:       sstimpson@sillscummis.com
Email:       smurray@sillscummis.com
Email: dlee@sillscummis.com

Terence M. Ridley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO  80202-2617
Email:       ridley@wtotrial.com

                                        *s/ Adam L. Massaro*
                                        Gregory B. Kanan, Esq.
                                        Kris J. Kostolansky, Esq.
                                        Jesús M. Vázquez, Jr., Esq.
                                        Adam L. Massaro, Esq.
                                        LEWIS ROCA ROTHGERBER LLP
                                        1200 17th Street, Suite 3000
                                        Denver, Colorado 80202-5855
                                        Tel:   (303) 623-9000
                                        Facsimile: (303) 623-9222
                                        Email: gkanan@lrrlaw.com
                                                   kkostolansky@lrrlaw.com
                                                   jvazquez@lrrlaw.com
                                                   amassaro@lrrlaw.com
                                        *Attorneys for Plaintiff Health Grades, Inc.*