# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S FOURTH SUPPLEMENTAL INVALIDITY CONTENTIONS AND DOCUMENTS ACCOMPANYING INVALIDITY CONTENTIONS**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by its undersigned counsel, pursuant to Section 6(f)(1) of the Scheduling Order (dkt. # 34), hereby provides its Fourth Supplemental Invalidity Contentions and Documents Accompanying Invalidity Contentions ("Invalidity Disclosures") pursuant to Local Patent Rules 3-3 and 3-4 incorporated into the Scheduling Order. MDx's original and supplemental Invalidity Contentions and Documents Accompanying Invalidity Contentions and all accompanying charts and documents served on Health Grades on August 19, 2011, August 26, 2011, January 23, 2012, and May 10, 2012, are all hereby incorporated herein by reference in their entirety. The expert report of MDx's technical expert, Dr. Richard G. Cooper, and all exhibits therein are also hereby incorporated herein by reference in their entirety.

The MDx supplemental invalidity contentions rely in part on Plaintiff's original and supplemental infringement contentions dated July 1, 2011, July 19, 2011, March 2, 2012, and

May 10, 2012, discovery responses, proposed claim constructions, and/or the Court's Order Regarding Claim Construction [Dkt. 138]. That is, for some invalidity positions, if Health Grades, Inc. ("Health Grades") is correct (it is not) that the accused MDx website meets claim terms, then the cited prior art would also meet these elements. As discovery progresses and/or as Plaintiff's infringement positions change, Defendant reserves the right to modify, revise, amend, and/or supplement these invalidity contentions based on subsequent received discovery and/or changes or clarifications of Plaintiff's infringement positions. MDx also reserves the right to supplement based on prior art that is not yet known. For example, Health Grades has a prior art website, and was required to produce documents and information on that prior art in discovery, but to date has not sufficiently done so (documents are due soon, and MDx fully expects to supplement again after that production). Moreover should any element be found not exactly present consistent with these disclosures, Defendants will assert obviousness using one or more references that do disclose the element in question.[1]

**3-3. Invalidity Contentions**

Disclosure 3-3(a).   The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s)

---

[1] It is the MDx understanding that inequitable conduct is not part of invalidity contentions. *Trent West v. Jewelry Innovations, Inc.,* 2009 U.S. Dist. LEXIS 10100, *12-13 (N.D. Cal. January 21, 2009). Nevertheless, MDx incorporates by reference its Amended Answer (dkt. # 77) and Second Amended Answer [Dkt. 183] detailing the inequitable conduct.

2

>from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s).

Response: Defendant contends that at least claims 1, 4-9, 11, and 14-16 of U.S. Patent No. 7,752,060 (hereinafter "the '060 Patent") are invalid. In part, these claims are invalid under 35 U.S.C. § 102 and/or § 103 based on at least the following items of prior art.[2]

U.S. Patent Application Publication No. US 2006/0015369 A1 (the "'369 prior art"), entitled "HEALTHCARE PROVIDER RECOMMENDATION SYSTEM", published January 19, 2006 by the United States Patent and Trademark Office, and showing Bachus *et al.* as inventors. Prior art at least under 35 U.S.C. § 102(a).

U.S. Patent Application Publication No. US 2002/0038233 A1 (the "'233 prior art"), entitled "SYSTEM AND METHOD FOR MATCHING PROFESSIONAL SERVICE PROVIDERS WITH CONSUMERS", published March 28, 2002 by the United States Patent and Trademark Office, and showing Shubov *et al.* as inventors. Prior art at least under 35 U.S.C. § 102(b).

U.S. Patent Application Publication No. US 2006/0294138 A1 (the "'138 prior art"), entitled "PROFESSIONAL RATING SYSTEM AND METHOD", published December 28,

---

[2] The '060 Patent is not entitled to benefit from the earlier filing date of provisional application no. 60/771,757 (the "'757 application") because the '757 application does not meet the requirements of 35 U.S.C. § 112, first paragraph, with respect to the patented claims of the '060 Patent. For example, the '757 application does not contain a written description of at least the following claimed features of the '060 Patent: "comparison ratings of healthcare providers" (claims 1 and 15), "results list further includes an advertisement for the first healthcare provider" (claim 8), and "favorable positioning in the results list" for a member (claim 11). Based at least on these deficiencies, the '757 application also fails to satisfy the enablement and best mode requirements of 35 U.S.C. § 112, first paragraph. Therefore, the '060 Patent cannot benefit from the earlier filing date of the '757 application, under 35 U.S.C. § 119(e).

3

2006 by the United States Patent and Trademark Office, and showing Lucas Stolba as the sole inventor. Prior art at least under 35 U.S.C. § 102(e).

U.S. Patent No. US 7,167,855 B1 (the "'855 prior art"), issued on January 23, 2007. Prior art at least under 35 U.S.C. § 102(e).

U.S. Patent Application Publication No. US 2003/0167187 A1 (the "'187 prior art"), entitled "SYSTEMS AND METHODS OF DETERMINING PERFORMANCE RATINGS OF HEALTH CARE FACILITIES AND PROVIDING USER ACCESS TO PERFORMANCE INFORMATION", published September 4, 2003 by the United States Patent and Trademark Office, and showing Robert N. Bua as the sole inventor. Prior art at least under 35 U.S.C. § 102(b).

U.S. Patent No. 7,065,528 B2 (the "'528 prior art"), issued on June 20, 2006. Prior art at least under 35 U.S.C. § 102(e).

Public use of www.healthgrades.com web site, dates of public use: 09/15/2004 and 10/19/2004 and consistently since 2004, identity of person making the use: Jeff LaPointe and general public. *See, e.g.*, UCHC 0000079 – UCHC 0000110, HG 0032036 – HG 0032109, MGHG 000001 - 000083. Prior art under at least 35 U.S.C. § 102(b). The www.healthgrades.com web site is also prior art under 35 U.S.C. § 102(a) by being publicly known since 2004, including having been made publicly known by Health Grades, Inc. on at least 9/15/2004, 10/19/2004, 12/28/2004 (*see* HG0032036 *et seq.*), 2/16/2005 (*see* HGMKES 022179 and Neal deposition pages 212-15), 3/22/2005 (*see* HG0179518 *et seq.*, Neal deposition pages 215-37, Dodge deposition pages 213-30), and 06/04/2005 (*see* MGHG 000016 *et seq.*), and by patient experience surveys conducted as early as 2004 (*see* HG209647), and by the

4

<u>Disclosure 3-4(b)</u>: A copy or sample of the prior art identified pursuant to Patent L.R. 3-3(a) which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon shall be produced.

<u>Response</u>: The required documents were previously produced.

Dated: September 17, 2012  Respectfully submitted,

*s:/Scott D. Stimpson*

Scott D. Stimpson
Scott B. Murray
David C. Lee
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: sstimpson@sillscummis.com
E-mail: smurray@sillscummis.com
E-mail: dlee@sillscummis.com

and

Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202-5647
Tel: (303) 244-1800
Fax: (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

12

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on <u>September 17, 2012</u>, I have caused a true and correct copy of the foregoing MDX MEDICAL, INC.'S FOURTH SUPPLEMENTAL INVALIDITY CONTENTIONS AND DOCUMENTS ACCOMPANYING INVALIDITY CONTENTIONS to be served upon counsel for Health Grades, Inc. by electronic means to the following individuals:

        Jesus Manuel Vazquez , Jr.
        Gregory B. Kanan
        Kris John Kostolansky
        ROTHGERBER JOHNSON & LYONS LLP
        One Tabor Center, Suite 3000
        1200 Seventeenth Street
        Denver, CO 80202
        Tel: (303) 623-9000
        Fax: (303) 623-9222
        jvazquez@rothgerber.com
        gkanan@rothgerber.com
        kkosto@rothgerber.com

        *Attorneys for Plaintiff Health Grades, Inc.*

        <u>*s:/David C. Lee*</u>