IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

## HEALTH GRADES SUBMISSION OF TRANSCRIPT IN SUPPORT OF THE PROPOSED JURY INSTRUCTIONS AND VERDICT FORM RELATING TO ANTICIPATION

Plaintiff Health Grades, Inc. ("Health Grades"), by its counsel, submits the attached partial transcript in support of its proposed jury instructions and verdict form relating to anticipation.

1. Health Grades and Defendant MDX Medical, Inc. ("MDx") submitted proposed jury instructions and verdict forms on March 28, 2014.

2. In connection with the proposed jury instructions and verdict form relating to MDx's anticipation defense, Health Grades argued that MDx's anticipation defense was limited to the physician reports on Health Grades' website in the summer of 2005. (March 28, 2014 Joint Proposed Patent Jury Instructions at pp. 81 & 84 ("MDx's counsel stated at the hearing on Feb. 13, 2014 that the anticipation defense was based only on physician reports that were on healthgrades.com in the summer of 2005."); *see also* Plaintiff Health Grades, Inc.'s Proposed Verdict Form, §IV(A)(6) at pp. 9-10). MDx disputed that its anticipation defense is so limited. (March 28, 2014 Joint Proposed Patent Jury Instructions at p. 84 ("Counsel for MDx has no

- 1 -

recollection of stating at the hearing that the "only" anticipatory prior art were "physician reports" or that it was "only" in the summer of 2005 (and Health Grades has produced no transcript showing otherwise).").

3. After the parties filed the jury instructions, Health Grades received a copy of the transcript from the February 13, 2014 hearing on Health Grades' Motion for Summary Judgment (Doc. #369), which supports Health Grades' position:

> THE COURT: All right. And I am sure it will be marvelous, but what piece of prior art are you relying on?
>
> MR. STIMPSON: I'm relying on the piece of prior art that was on **Healthgrades' website that they admitted was on the website in the summer of 2005.** . . .
>
> THE COURT: Are you relying on any other prior art, other than the website as it existed in 2005?
>
> MR. STIMPSON: It's the website as it the website as it existed in 2005, and it's the -- we had the physician quality reports, we had the physician comparison reports. I can't tell you which one of those it was, Your Honor, because they didn't point that out. What they did tell us, Your Honor, is that they launched a commercial embodiment of this in the summer of 2005.
>
> . . . .
>
> THE COURT: . . . [I] just want to know, are we talking about one piece of prior art and only one piece of prior art? Because, unless you tell me something other than the 2005 website, I'm saying, **Okay, I'm closing the barn door as to what you are relying on for prior art.** And the reason I'm being so finicky, is that as I was reading through the paper -- the papers, I had a sense that I was a brick wall against which various smelly substances were being hurled to see what sticks. And I know that wasn't counsel's intention, and I am not offended by it. The brick wall might be, but it just seemed like there were tons of words being kind of poured out at me, when there should be fairly simple answers to things. And I -- so I'm trying to slice through all of the verbiage, and get down to where the rubber meets the road. So it's very simple. Right now, I see, and I am not -- I haven't -- I recognize you haven't put the -- the defining limits on what we mean by the 2005 website, but I'm seeing the 2005 website as the piece of prior art you are relying on for anticipation. Is there a number two?
>
> MR. STIMPSON: **No, Your Honor. It's a 2005 website.**
>
> THE COURT: All right.

(Feb. 13, 2014 Transcript at pp. 6:11-8:6 (emphasis added) (the relevant portions of which are Ex. A hereto).)

4. As such, if MDx is permitted to raise the defense of anticipation at trial, this defense should be limited to the Health Grades' website as of the summer of 2005.

DATED April 9, 2014.

                LEWIS ROCA ROTHGERBER LLP

                s/Kris J. Kostolansky
                Kris J. Kostolansky, Esq.
                Gregory B. Kanan, Esq.
                Jesús M. Vázquez, Jr., Esq.
                Adam L. Massaro, Jr., Esq.
                1200 17th Street, Suite 3000
                Denver, Colorado 80202
                Email: gkanan@lrrlaw.com
                           kkosto@lrrlaw.com
                           jvazquez@lrrlaw.com
                           amassaro@lrrlaw.com

                *Attorneys for Plaintiff/ Counterclaim Plaintiff Health Grades, Inc.*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on April 9, 2014, the foregoing HEALTH GRADES SUBMISSION OF TRANSCRIPT IN SUPPORT OF THE PROPOSED JURY INSTRUCTIONS AND VERDICT FORM RELATING TO ANTICIPATION was served via email on the following:

Scott David Stimpson, Esq.
Vincent Ferraro, Esq.
David C. Lee, Esq.
Trent Dickey, Esq.
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY 10112
Email:   sstimpson@sillscummis.com
         vferraro@sillscummis.com
         dlee@sillscummis.com
         tdickey@sillscummis.com

Terence M. Ridley, Esq.
Wheeler Trigg O'Donnell, LLP
370 17th Street, Suite 4500
Denver, CO  80202-5647
Email:   ridley@wtotrial.com

                                        *s/ Kris J. Kostolansky*
                                        Kris J. Kostolansky, Esq.

- 4 -