1

```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-520

HEALTHGRADES, INC.,

     Plaintiff,

vs.

MDx MEDICAL, INC., d/b/a Vitals.com,

     Defendant.
_____

                    REPORTER'S TRANSCRIPT
                         HEARING
_____

        Proceedings before the HONORABLE Raymond P. Moore,
Judge, United States District Court for the District of
Colorado, commencing at 9 a.m., on the 13th day of February,
2014, in Courtroom A601, United States Courthouse, Denver,
Colorado.

                         APPEARANCES

For the Plaintiff: Kris John Kostolansky, Lewis Roca Rothgerber
LLP-Denver, 1200 17th Street, One Tabor Center, Suite 3000,
Denver, CO, 80202-5855, 303-623-9000, and Kristen Stoll-Debell,
Merchant and Gould, 1050 Seventeenth Street, Suite 1950,
Denver, CO 80265.


For the Defendant:  Scott David Stimpson, Sills Cummis & Gross
P.C.-New York 30 Rockefeller Plaza, 25th Floor, New York, NY,
10112, and Terence M. Ridley, Wheeler Trigg O'Donnell, LLP 370
17th Street, Suite 4500, Denver, CO, 80202-5647, 303-244-1800
212-643-7000.


             TAMMY HOFFSCHILDT, Official Reporter
             901 19th Street, Denver, Colorado 80294
          Proceedings Reported by Mechanical Stenography
                Transcription Produced via Computer
```


EXHIBIT A

```
 1   need to show, in that document, every element of the claim.
 2   Same thing if I went to the library, pulled out an old article.
 3   If I'm going to use that for anticipation, I need to show every
 4   element in the claim.  But here it's a public use.  It was on
 5   Heathgrades' website back in 2005.  We can't go back in time
 6   and get back on that website and see what's there, and I can't
 7   pull it off and show you.  So how do I prove anticipation?
 8   Well, I prove it with testimony and admissions.  So where is --
 9   I will show you what I think is the very best indication of
10   anticipation, Your Honor.
11               THE COURT:  All right.  And I am sure it will be
12   marvelous, but what piece of prior art are you relying on?
13               MR. STIMPSON:  I'm relying on the piece of prior art
14   that was on Heathgrades' website that they admitted was on the
15   website in the summer of 2005.  You are familiar with the
16   Drucker Report, Your Honor.  I can't show you -- Drucker Report
17   was June 5, 2005.  Drucker Report, that date, I can show you
18   that, because somebody happened to print it, put it in their
19   files.  I can't show you, for this reference, whatever -- I
20   think there are probably thousands of them, Your Honor, but I
21   can't say here is a report from Dr. Smith from May 26, 2005,
22   because I just can't print it from the Heathgrades' website
23   anymore.  Doesn't mean I can't show anticipation.
24               So what prior art am I relying on?
25               THE COURT:  Are you relying on any other prior art,
```

| | |
|---|---|
| 1 | other than the website as it existed in 2005? |
| 2 | *MR. STIMPSON:* It's the website as it existed in 2005, |
| 3 | and it's the -- we had the physician quality reports, we had |
| 4 | the physician comparison reports. I can't tell you which one |
| 5 | of those it was, Your Honor, because they didn't point that |
| 6 | out. What they did tell us, Your Honor, is that they launched |
| 7 | a commercial embodiment of this in the summer of 2005. |
| 8 | *THE COURT:* And look, I understand, and let's just |
| 9 | assume that I understand all of the, It's their faults, that |
| 10 | get exchanged in this case, because there's an awful lot of, |
| 11 | They didn't show us, You didn't tell me, You buried it, You hid |
| 12 | it, You didn't. I'm not interested in any of that. I'm |
| 13 | just -- I just want to know, are we talking about one piece of |
| 14 | prior art and only one piece of prior art? Because, unless you |
| 15 | tell me something other than the 2005 website, I'm saying, |
| 16 | Okay, I'm closing the barn door as to what you are relying on |
| 17 | for prior art. And the reason I'm being so finicky, is that as |
| 18 | I was reading through the paper -- the papers, I had a sense |
| 19 | that I was a brick wall against which various smelly substances |
| 20 | were being hurled to see what sticks. And I know that wasn't |
| 21 | counsel's intention, and I am not offended by it. The brick |
| 22 | wall might be, but it just seemed like there were tons of words |
| 23 | being kind of poured out at me, when there should be fairly |
| 24 | simple answers to things. And I -- so I'm trying to slice |
| 25 | through all of the verbiage, and get down to where the rubber |

1   meets the road.  So it's very simple.  Right now, I see, and I
2   am not -- I haven't -- I recognize you haven't put the -- the
3   defining limits on what we mean by the 2005 website, but I'm
4   seeing the 2005 website as the piece of prior art you are
5   relying on for anticipation.  Is there a number two?
6           MR. STIMPSON:  No, Your Honor.  It's a 2005 website.
7           THE COURT:  All right.
8           MR. STIMPSON:  And, Your Honor, all we need -- if this
9   piece of prior art -- if Heathgrades, in 2005, was using the
10  claimed invention, an embodiment of the invention that's
11  anticipation.  And what's my best prior art?  It's this,
12  Your Honor, it's this interrogatory response.  Heathgrades
13  admits this is a verified response that they began to launch
14  the commercial embodiment of the patents-in-suit in the summer
15  of 2005.  It's a commercial embodiment.  It has to meet the
16  claim.  If you have any doubt about that, Your Honor, look at
17  the context it's in.  It's commercial success.  To have
18  commercial success you have to have a product that falls under
19  the claim.  A product's commercial success can't support the
20  validity of a patent claim unless it falls under that claim.
21          So Heathgrades is admitting here, we think consistent
22  with Mr. Dodge's testimony, that they were launching and they
23  had this in the prior art in the summer of 2005.
24          THE COURT:  When was this signed?
25          MR. STIMPSON:  Two thousand eleven.