IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00520-RM-BNB

HEALTH GRADES, INC.,

Plaintiff,

v.

MDX MEDICAL, INC., d/b/a Vitals.com,

Defendant.

_____

**ORDER**

_____

This matter arises on **MDx's Motion for Reconsideration of Order Imposing Sanctions** [Doc. # 720, filed 1/17/2014] (the "Motion to Reconsider"), which is DENIED.  Also at issue is Health Grades **Motion for Enlargement of Time to File Fee Application** [Doc. # 736, filed 1/29/2014] (the "Motion for Enlargement").

The parties have argued that a crucial issue in this patent infringement case is whether MDx's accused products infringe the requirements of Health Grades' patent that "[t]he healthcare provider must provide 'at least three' of a set of data elements . . . and the healthcare provider must 'verify' the elements he provides."  Order [Doc. # 711] at p. 1.  In a motion to compel discovery directed at MDx's Interrogatory No. 2, Health Grades acknowledged that "claims 1 and 15 of the patent-in-suit require healthcare provider-verified information that includes at least three of the following: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies," Motion to Compel [Doc. # 126] at pp. 6-7,

and complained that MDx's response about this provider-verified information was "conclusory and vague."  Id.  I agreed and ordered MDx to supplement its response to Interrogatory No. 2 "to state for each claim element whether MDx's Accused Products provide such an element or an equivalent and, if not, explain how MDx's Accused Products operate or function differently than the claim element. . . ."  Order [Doc. # 192] at p. 2.

MDx's Second Supplemental Responses to Interrogatories [Doc. # 632-1], made pursuant to my order compelling discovery, included the following answer in connection with Interrogatory No. 2: "No physician has ever entered and/or modified any of the following information: age, years in profession, years in practice or publications. . . .  MDx currently has no knowledge of any physician who has entered and/or modified three or more of [the provider-verified] information."  MDx's Second Supplemental Responses to Interrogatories [Doc. # 632-1] at p. 3.

The significance of MDx's supplemental answer to Interrogatory No. 2 became clear when MDx sought summary judgment arguing that "Health Grades has no evidence that any healthcare provider has ever provided even two of the required data elements, let alone three."  Motion for Summary Judgment of Non-Infringement [Doc. # 367/368] at p. 2.  In particular, MDx argued that "[t]he only evidence collected by Health Grades relating to whether and to what extent physicians use the portal to modify this data is summarized in MDx's response to interrogatory 2," quoting MDx's discovery response that "[n]o physician has ever entered/or modified any of the following information: age, years in profession, year in practice, or publications," and that "MDx currently has no knowledge of any physician who has entered and/or modified three or more of [the provider-verified] information."  Id. at p. 7.

2

The supplemental response to Interrogatory No. 2 was false.  MDx now admits that it subsequently produced emails and faxes contradicting the answer.  Motion for Reconsideration [Doc. # 720] at p. 4.  At the time of my Order imposing sanctions, the evidence indicated that "11,209 of the Verification Forms produced thus far show that MDx has received three or more of the types of Physician Information from physicians."  Order [Doc. # 711] at p. 4.

MDx's counsel seeks to avoid sanctions arguing, first, that despite a reasonable inquiry, "counsel for MDx ***was not aware*** of the [contrary evidence] until much later."  Motion to Reconsider [Doc. # 720] at p. 4 (original emphasis).  In addition, MDx's counsel asserts, its inquiry was reasonable and the supplemental response is accurate because the supplemental response expressly is "'***based on the Health Grades Infringement Contentions***'" and, pursuant to the Local Patent Rules of the Northern District of California,[1] "the scope of the defendant's discovery obligation is limited by the scope of the plaintiff's Infringement Contentions."  Id. at pp. 5-6 (original emphasis).[2]

Perhaps MDx counsels' argument based on the California local rules would have some strength if the supplemental response was provided simply to an interrogatory.  Here, however, the supplemental response came after Health Grades' motion to compel, where Health Grades specifically argued that "claims 1 and 15 of the patent-in-suit require healthcare provider-

---

[1]Those rules are applicable here at the request of the parties and pursuant to the Scheduling Order [Doc. # 34] at pp. 6-7.

[2] According to MDx's counsel, Health Grades' infringement contentions "state that the infringing method by which physicians provide data is by directly editing their own data through the vitals.com web portal."  Motion to Reconsider [Doc. # 720] at p. 7.  Health Grades responds that its contentions, "following the Markman Order's definition of 'verify,' provided MDx's counsel reasonable notice that it contended that the claim element could be satisfied in multiple ways."  Response [Doc. # 754] at p. 5.

verified information that includes at least three of the following: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies," Motion to Compel [Doc. # 126] at pp. 6-7, and complained that MDx's response about this provider-verified information was "conclusory and vague," id.; and pursuant to my order that MDx "state for each claim element whether MDx's Accused Products provide such an element or an equivalent and, if not, explain how MDx's Accused Products operate or function differently than the claim element. . . ." Order [Doc. # 192] at p. 2.  On these facts, MDx counsels' strained reliance on the California local rules is unpersuasive.  The Motion to Compel made clear exactly what Health Grades was seeking and why, and my order compelled a full and complete answer to the question.  At that point, reliance on the California local rules was unreasonable.

Moreover, MDx counsels' argument is rendered incredible by the fact that MDx relied on the false interrogatory response in support of its withdrawn motion for summary judgment.  See Doc. ## 367/368 and 627.  That motion relied principally on MDx's assertions that "Health Grades has no evidence that any healthcare provider has ever provided even two of the required data elements, let alone three," Motion for Summary Judgment of Non-Infringement [Doc. # 367/368] at p. 2, and that "[t]he only evidence collected by Health Grades relating to whether and to what extent physicians use the portal to modify this data is summarized in MDx's response to interrogatory 2," quoting MDx's discovery response that "[n]o physician has ever entered/or modified any of the following information: age, years in profession, year in practice, or publications," and that "MDx currently has no knowledge of any physician who has entered and/or modified three or more of [the provider-verified] information." Id. at p. 7.  The argument

was misleading, if not an outright falsehood, when made, and the care with which the statements are presented makes the lack of candor clear.  In particular, MDx relied not on evidence, by affidavit or otherwise, that no physician had entered three or more categories of provider-verified information; instead, it carefully argued only that "Health Grades has no evidence that any healthcare provider has ever provided even two of the required data elements, let alone three." Motion for Summary Judgment of Non-Infringement [Doc. # 367/368] at p. 2.  And now we know why.  The truth is not that no physician has entered three or more categories of provider-verified information.  Rather, the tortured fact relied on by MDx is that no physician made such edits "directly through the web portal."  Motion to Reconsider [Doc. # 720] at p. 7.  Thousands of such edits have been made, however, by "physicians submitting data by fax or email with the request that MDx edit the profile. . . ."  Id.  The importance of this fact for infringement purposes is clear--MDx practices the particular claim element.

MDx's attempted sleight-of-hand renders its supplemental response to Interrogatory No. 2 misleading and false, and reasonable inquiry by MDx's lawyers certainly would have disclosed the falsehood (if, in fact, the lawyers were not fully aware).

MDx's counsel also argues that I was mistaken about whether the supplemental discovery responses were verified by its client.  In my sanctions order, I relied on the evidence presented to me and found that they were not.  Order [Doc. # 711] at p. 3 n.1.  I was presented with incomplete evidence, and my conclusion apparently was not correct.  Motion to Reconsider [Doc. # 720] at p. 2.  The error does not alter my decision that sanctions properly are imposed on counsel and not the client.  In particular, it is apparent to me that counsel, and not its client, drew the fine distinction and decided not to reveal the edits made by "physicians submitting data by

5

fax or email" based on Health Grades infringement contentions and the California local rules.

As I have said, that was an impermissible sleight-of-hand and is sanctionable.

IT IS ORDERED:

(1)     The Motion to Reconsider [Doc. # 720] is DENIED; and

(2)     The Motion for Enlargement [Doc. # 736] is GRANTED.  Health Grades shall

submit its fee application on or before May 14, 2014.

Dated April 30, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge