**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS
OBJECTIONS PURSUANT TO *Fed. R. Civ. P.* 72(a) TO MAGISTRATE
JUDGE BOLAND'S ORDER DATED JANUARY 3, 2014 IMPOSING
DISCOVERY SANCTIONS AND ORDER DATED APRIL 30, 2014
DENYING RECONSIDERATION**

---

Defendant and Counterclaim Plaintiff MDx[1] hereby submits its reply memorandum in support of its objections pursuant to *Fed. R. Civ. P.* 72(a) to Magistrate Judge Boyd N. Boland's Order dated January 3, 2014, imposing discovery sanctions ("Sanctions Order"; Dkt. # 711) and his Order dated April 30, 2014, denying MDx's motion for reconsideration and a hearing ("Reconsideration Order"; Dkt. # 784).

As a preliminary matter, Health Grades concedes (or fails to address, and therefore concedes) the following points:

- Under the Patent Local Rules adopted for this case and related case law, the scope of the defendant's discovery obligations is limited by the scope of the plaintiff's Infringement Contentions. Consistent with this law, the MDx-verified Supplemental

---

[1] All capitalized terms are as defined in MDx's initial Memorandum.

1

Response to Interrogatory No. 2 was expressly stated to be "based on the Health Grades Infringement Contentions".

- The Infringement Contentions have only two sentences identifying how Health Grades is alleging that MDx meets the language of the claims about receipt of provider information, and both sentences begin with "***MDx's website*** provides…" – the Contentions have no mention of emails, faxes, or any other method of MDx receiving this information apart from direct input over the website.

- There was no Order entered either expressly or impliedly contradicting the limits imposed by the Patent Local Rules.

- The Health Grades technical expert admitted that emails and faxes were "different" and "distinct" from webedits, and opined that emails and faxes were of negligible relevance.

- Counsel for MDx was always transparent with Health Grades about what was (and what was not) being done to provide the Supplemental Response, including the contemporaneous production of documents showing the specific queries that were run to support the Response. Thus, while Health Grades was aware since May of 2012 of the precise scope of the search performed by MDx, it was not until September of 2013 (when counsel for both parties learned of the emails and faxes) that Health Grades first complained about the Supplemental Response.

- In opposition to the MDx summary judgment motion, Health Grades did not raise the Supplemental Response or complain in any way about its content; instead, Health Grades raised only its document requests in opposition to that motion.

Health Grades' remaining arguments fail – based on the record evidence – to show that MDx's counsel made anything but a reasonable inquiry into the one interrogatory at issue.

**I.     THE EMAILS AND FAXES**

Health Grades' Response to MDx's Objections suggests that counsel for MDx knew that MDx had received emails and faxes from providers, and did not disclose this information in the Supplemental Interrogatory Response or in connection with the summary judgment motion. *See e.g.,* Health Grades' Response to MDx's Fed. R. Civ. P. 72(a) Objections to Magistrate Judge Boland's Sanctions Order [Doc. #789] ("Health Grades' Response"), Dkt. # 793, at 10-11. This

Case No. 1:11-cv-00520-RM-NYW   Document 803   filed 06/19/14   USDC Colorado   pg 3 of 8

is contradicted, however, by the record evidence, which unequivocally demonstrates that counsel for MDx was not aware of the emails and faxes until much later. (Dkt. # 720-1 (Stimpson Dec. ¶¶ 12-13)).

The only alleged factual evidence cited on this point by Health Grades that was obtained prior to the summary judgment motion is the deposition testimony of Larry West. (Dkt. # 793, at 10). This brief deposition testimony, however, says nothing about MDx receiving data elements from the providers. Indeed, if this transcript was enough to put counsel on notice, then counsel for Health Grades would have followed up at the deposition, or after reviewing the transcript. But, like counsel for MDx, counsel for Health Grades did not glean anything relevant from this testimony either, and so they too were not aware (from this deposition or any other) that MDx had collected provider data in this manner. (*See also* Dkt. # 793, at 13 (admitting that Health Grades also was not aware from fact discovery that edits were possible other than over the MDx website)). Simply put, given the backdrop of an MDx website that was specifically designed to allow providers to edit information over the website itself, counsel for neither party anticipated that there could be emails and faxes used for the same purpose. The emails and faxes thus did not come to the attention of counsel for either party until many months after the Supplemental Interrogatory Response and summary judgment motion. (Dkt. # 720-1 (Stimpson Dec. ¶¶ 12-13)).[2]

---

[2] The information MDx obtained from the emails and faxes that was entered in the MDx database (as required by all the patent claims) was not as substantial as Health Grades portrays. Health Grades references a variety of emails and faxes throughout its Response, including fax forms and Excel spreadsheets (Dkt. # 793, at 3, 5-6, 10), but only 0.34 % (*i.e.*, about one-third of one percent) of all providers in the MDx database had information entered from emails or faxes and also had edits to three or more of the claimed data elements (as of January 2014). Even smaller is the percentage of all providers who had three or more of the claimed data elements

3

## II. THE INFRINGEMENT CONTENTIONS LIMITED THE SCOPE OF THE INTERROGATORY

Health Grades' Infringement Contentions were expressly limited to information received ***by the MDx website***, and thus counsel for MDx had no reason to look for other ways in which MDx could have obtained information from providers. As MDx made clear in its Supplemental Response to Interrogatory 2, without any objection from Health Grades, the response was "based on the Health Grades Infringement Contentions." (Dkt. # 632-1, at 1 and 3; emphasis added). The Health Grades Infringement Contentions had only two sentences identifying MDx's receipt of information from healthcare providers, and both were clearly limited to receipt of the information over the MDx website. The first sentence states that the MDx "***website*** provides doctors with the ability to send information to MDx". (Dkt. # 720-1 (Stimpson Dec.) ¶ 6; emphasis added). In the second sentence, the Contentions only provide an "example" of doctors sending information through the website: "For example, ***MDx's website*** provides many opportunities for doctors to edit their own profiles." (*Id.*).

While Health Grades argues that the Infringement Contentions addressed the "'ability to send' -- without any limitation language" (Dkt. 793, at 12), that quotation is cropped and Health Grades' characterization is not correct. Rather, the "ability to send" language of the Infringement Contentions was expressly limited to sending information over the website: "***MDx's website*** provides doctors with the ability to send information to MDx." (Dkt. # 720-1 (Stimpson Dec.) ¶ 6; emphasis added).

---

entered into the database from these emails/faxes and not from direct provider input – 0.039% (i.e., less than 4/100ths of one percent). These numbers were calculated from a very large spreadsheet produced to Health Grades (more than 73,000 rows of data), which is not attached but available upon request. Health Grades' expert, Dr. Greenspun, was right – the emails and faxes are of negligible relevance. (Dkt. # 720-1 (Stimpson Dec.) ¶ 25).

4

Health Grades also references various other documents, including the *Markman* Order (Dkt. # 138), MDx internal documents, and its own expert report, to support its position that it has not limited its infringement allegations to receipt of provider information over the website. (Dkt. # 793, at 13). But these arguments also do nothing to help Health Grades. First, even if Health Grades did hint to other possible infringement arguments elsewhere, it is the Infringement Contentions that define and limit Health Grades' allegations, and thus it was reasonable for MDx to respond to the interrogatories in this manner. *See Oplus Techs., Ltd. v. Sears Holdings Corp.*, 2013 U.S. Dist. LEXIS 145917, 37-38 (C.D. Cal. Oct. 2, 2013); *Samsung SDI Co., Ltd. v. Matsushita Elec. Indus. Co.*, 2007 U.S. Dist. LEXIS 90457, 8-9 (C.D. Cal. June 25, 2007); *Caritas Techs. Inc. v. Comcast Corp.*, 2006 U.S. Dist. LEXIS 94879, *14-15 (E.D. Tex. 2006). Second, if Health Grades thought that MDx was unjustified in basing its response to the interrogatory on the Infringement Contentions, it should have raised the issue long ago when MDx expressly based its Supplemental Response on those Infringement Contentions. (Dkt. # 632-1 at 1 and 3).

In short, the question is whether counsel for MDx was objectively reasonable, in reliance on the Infringement Contentions, by focusing its discovery response only on instances where information was sent by the website. *In re Byrd*, 927 F.2d 1135, 1137 (10th Cir. 1991). As the plain language of the Infringement Contentions was limited to doctor edits made over the website, this focus was reasonable. Even Health Grades' technical expert agrees that emails and faxes are a "different" and "distinct" method than the webedits identified in the Infringement Contentions. (Dkt. # 720-1 (Stimpson Dec.) ¶ 25).

5

### III.  HEALTH GRADES' OTHER ARGUMENTS ARE IRRELEVANT

Health Grades makes two other arguments, neither of which is relevant to the issue before the Court.  First, at pages 2-3 and 5 of its Response, Health Grades references an "approve" button in the MDx physician portal.  There is no reference to this "Approve" button in the Infringement Contentions, and in any event it adds nothing to the issue before the Court.  That is, while information entered by a physician on the portal is submitted to the MDx system when the "approve" button is clicked, the queries of the MDx system that were done and produced to Health Grades back in May of 2012 already covered submission of this information.

Health Grades' next argument ignores the patent claims.  Interrogatory No. 2 is the centerpiece of the issue before the Court, and it sought the MDx non-infringement positions.  Thus, the propriety of the MDx Supplemental Response must be judged from the viewpoint of the claims of the '060 patent.  Insofar as this motion is concerned, the pertinent claim language concerns ***only*** information received by MDx from the provider that is both (1) entered into the MDx database (so it can be accessed), and (2) used to create healthcare provider reports.  (Dkt. # 653, Exhibit A, column 20, lines 30-37 and 58-60.)  At pages 3 and 8 of its Response, however, Health Grades alleges that physicians' birth dates are "required" to be entered by physicians (implying that, contrary to the MDx interrogatory response, physicians input their age into the MDx database).  While birth date is one option for ***security clearance***, this software has nothing to do with collecting information for the database or creation of reports, as addressed in the patent claims.

## CONCLUSION

For the foregoing reasons, MDx respectfully requests that the Court grant a hearing on its objections, sustain them and set aside the Magistrate Judge's award of sanctions.

Dated: June 19, 2014                                        Respectfully submitted,

*s:/Scott D. Stimpson*

| | |
|---|---|
| Scott D. Stimpson | Terence Ridley, Atty. No. 15212 |
| Trent S. Dickey | Wheeler Trigg O'Donnell LLP |
| David C. Lee | 370 Seventeenth Street, Suite 4500 |
| Vincent M. Ferraro | Denver, Colorado 80202 |
| Sills Cummis & Gross P.C. | Tel:  (303) 244-1800 |
| 30 Rockefeller Plaza | Fax:   (303) 244-1879 |
| New York, New York 10112 | E-mail: ridley@wtotrial.com |
| Tel: (212) 643-7000 | |
| Fax: (212) 643-6500 | Attorneys for Defendant |
| E-mail: sstimpson@sillscummis.com | MDx Medical, Inc. d/b/a VITALS.COM |
| E-mail: tdickey@sillscummis.com | |
| E-mail: dlee@sillscummis.com | |
| E-mail: vferraro@sillscummis.com | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2014, I electronically filed the foregoing **MDX MEDICAL, INC.'S REPLY MEMORANDUM IN SUPPORT OF OBJECTIONS PURSUANT TO** *Fed. R. Civ. P.* **72(a) TO MAGISTRATE JUDGE BOLAND'S ORDER DATED JANUARY 3, 2014 IMPOSING DISCOVERY SANCTIONS AND ORDER DATED APRIL 30, 2014 DENYING RECONSIDERATION** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez, Jr.**
  jvazquez@lrrlaw.com, phenke@lrrlaw.com

- **Gregory B. Kanan**
  gkanan@lrrlaw.com

- **Kris John Kostolansky**
  kkosto@lrrlaw.com

- **Adam Lee Massaro**
  amassaro@lrrlaw.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Trent S. Dickey**
  tdickey@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Vincent Marc Ferraro**
  vferraro@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

                                        *s:/Vincent M. Ferraro*