IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

## HEALTH GRADES' NOTICE OF WITHDRAWAL OF ITS INDIRECT INFRINGEMENT CONTENTIONS FOR CLAIMS 1, 4-9, 11 and 14 OF THE '060 PATENT

Plaintiff Health Grades, Inc. ("Health Grades"), by its counsel, respectfully submits its notice of withdrawal, without prejudice, of its contentions that MDx Medical, Inc. d/b/a Vitals.com ("MDx") indirectly infringed claim 1 (and dependent claims 4-9, 11 and 14) of U.S. Patent No. 7,752,060 ("the '060 Patent") in connection with Aetna's iTriage System.[1]  Health Grades submits this notice in light of the United States Supreme Court decision *Limelight Networks, Inc. v. Akamai Techs., Inc.,* 572 U.S. __, 2014 U.S. LEXIS 3817, at *11 (U.S. Sup. Ct. June 2, 2014).  Health Grades continues to assert that MDx is liable for indirect infringement of claims 15-16 of the '060 Patent by inducing and contributing to Aetna's direct infringement of

---

[1] The iTriage System is a mobile application and website that are provided by Aetna, Inc. and several of subsidiaries ("Aetna").  In Fall 2011, MDx entered into an agreement with Aetna to provide Aetna with MDx's accused data for use in Aetna's iTriage System.  MDx also agreed to develop, manage, and maintain a full database for use with the iTriage System and to provide training for Aetna to use this database.  *See* Second Amended Complaint [Doc. #512-1 ¶¶13-14].

2004843584_1

these claims in connection with the iTriage System. Thus, MDx's motion for summary judgment of no indirect infringement [Doc. #490], which has been fully briefed, applies only to claims 15-16.

Health Grades' Second Amended Complaint asserts a cause of action for indirect patent infringement by MDx for actively inducing Aetna to directly infringe claims of the '060 Patent in violation of 35 U.S.C. §271(b) and for contributing to Aetna's infringement of the '060 Patent in violation of 35 U.S.C. §271(c) [Doc. #512-1 ¶¶23-32]. Health Grades contended that MDx was liable for indirect infringement under claims 1, 4-9, 11 and 14 (method claims) and claims 15 and 16 (system claims) of the '060 Patent for inducing and contributing to Aetna's infringement of these claims in connection with the iTriage System. *See* Infringement Claim Chart for the iTriage System [Doc. #253-2].

Liability for inducement and contributory infringement must be predicated on direct infringement. *Akamai Techs.,* 572 U.S. \_\_, 2014 U.S. LEXIS 3817, at *11 ("our case law leaves no doubt that inducement liability may arise 'if, but only if, [there is] . . . direct infringement.'") (citing *Aro Mfg. Co. v. Convertible Top Replacement Co.,* 365 U.S. 336, 341 (1961) ("[I]t is settled that if there is no direct infringement of a patent there can be no contributory infringement.")). However, what is required to prove such "direct infringement" depends in part on whether the claim at issue is a system claim or a method claim.

**Health Grades' Method Claims:** For method claims, like claims 1, 4-9, 11 and 14 of the '060 Patent, liability for direct infringement under §271(a) requires proof that a single entity performed every step of the patented method or that a single entity exercised direction or control over the performance of each step. *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329

(Fed. Cir. 2008). On August 31, 2012, the Federal Circuit issued an *en banc* decision concluding that a defendant who performed some of the steps of a patented method and encouraged others to perform the rest could be liable for inducement under §271(b), even if no single party was liable for direct infringement under §271(a). *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1308 (Fed. Cir. 2012). The Federal Circuit acknowledged that "there can be no indirect infringement without direct infringement" but explained that requiring proof of direct infringement "is not the same as requiring proof that a single party would be liable as a direct infringer" under §271(a). *Id.* at 1308-9. Under this reasoning, performance of the steps of a patented method by multiple, unrelated entities could be an act of "infringement" sufficient to impose liability for inducement under §271(b). *Id.* at 1309. Health Grades relied on the Federal Circuit's *Akamai* decision to support its indirect infringement contentions for the method claims. *See* Health Grades' Opposition to MDx's Motion for Summary Judgment of No Infringement with Regard to Amended Complaint [Doc. #525, pp. 16-17 (analyzing differences between the claims), pp. 18-22 (analyzing indirect infringement of method claims)]. Health Grades asserted that MDx performed some of the method steps and Aetna performed the remaining steps [Doc. #525 pp. 18-19].

On June 2, 2014, the Supreme Court reversed the Federal Circuit's *Akamai* decision, holding that a defendant cannot be liable for inducing infringement of a method claim under §271(b) when no single party has directly infringed the method claim under §271(a). *Akamai Techs.,* 572 U.S. __, 2014 U.S. LEXIS 3817, at *11. The Supreme Court held:

> The Federal Circuit's analysis fundamentally misunderstands what it means to infringe a method patent. A method patent claims a number of steps; under this Court's case law, the patent is not infringed unless all the steps are carried out.

*Id.* at 10.

In light of the Court's ruling in *Akamai*, Health Grades withdraws its contentions that MDx indirectly infringed claims 1, 4-9, 11 and 14 of the '060 Patent based on the combined actions of MDx and Aetna in connection with the iTriage System.

**Health Grades' System Claims:**  The Supreme Court's ruling in *Akamai* does not impact Health Grades' contentions that MDx indirectly infringed system claims 15 and 16 of the '060 Patent in connection with the iTriage System.  First, the Supreme Court's decision in *Akamai* addressed only method claims.  *Id.* at *10.  Second, the Court's holding in *Akamai* is inapplicable because long standing precedent makes clear that the infringement analysis for system claims and method claims is different.  Indeed, Health Grades did not cite to or rely on the Federal Circuit's *Akamai* decision for the system claims in its opposition to MDx's motion for summary judgment of no indirect infringement. [Doc. #525, pp. 3-6 (analyzing disputed facts regarding system claims) pp. 13-18 (analyzing differences between the claims), pp. 22-24 (analyzing indirect infringement of system claims)].  Unlike method claims where the focus is on whether a single actor performed every step, direct infringement by "use" of a system claim occurs in either of the following scenarios:  (1) A single actor makes, uses, sells, offers for sale, or imports into the United States a system that has all of the elements of the claim; or (2) a single actor puts the system as whole into use, even if that actor is not in possession of *all* of the system claim elements (e.g., a customer uses software on-line).  *Centillion Data Sys., LLC. v. Qwest Commc'ns Int'l, Inc.,* 631 F.3d 1279, 1284-85(Fed. Cir. 2011).  Importantly, direct infringement of a system claim does *not* require the single actor to possess or exercise direct control over each individual element of the system.  *Id.*

In this case, although MDx provided some of the claimed system components to Aetna (such as patient ratings received from surveys on vitals.com), Aetna directly infringed the system claims by putting the iTriage System as whole into use by making it available as a mobile application and by making it available on www.itriagehealth.com.  Thus, Aetna was the direct infringer of the system claims (i.e., the single actor) even though MDx provided some of the system components.  *Id.* at 1285 (holding when the actor "caus[es] the system as a whole to perform," the actor is the "single 'user' of the system . . . .")

WHEREFORE, Health Grades submits this Court notice of withdrawal, without prejudice, of its contentions that MDx indirectly infringed claim 1, 4-9, 11 and 14 of the '060 Patent in connection with the iTriage System, but not its contentions that MDx is liable for indirect infringement of claims 15-16.

Respectfully submitted June 19, 2014.

LEWIS ROCA ROTHGERBER LLP

*s/ Kris J. Kostolansky*
Gregory B. Kanan, Esq.
Kris J. Kostolansky, Esq.
Adam L. Massaro, Esq.
1200 17th Street, Suite 3000
Denver, Colorado  80202
Tel: (303) 623-9000
Fax: (303) 623-9222
E-mail: gkanan@lrrlaw.com
E-mail: kkosto@lrrlaw.com
E-mail: amassaro@lrrlaw.com
*Attorneys for Plaintiff Health Grades, Inc.*

## CERTIFICATE OF SERVICE

   I hereby certify that on June 19, 2014, I electronically filed the foregoing **HEALTH GRADES' NOTICE OF WITHDRAWAL OF ITS INDIRECT INFRINGEMENT CONTENTIONS FOR CLAIMS 1, 4-9, 11 and 14 OF THE '060 PATENT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Scott David Stimpson, Esq.
Vincent Ferraro, Esq.
David C. Lee, Esq.
Trent Dickey, Esq.
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY  10112
E-mail: sstimpson@sillscummis.com
E-mail: vferraro@sillscummis.com
E-mail: dlee@sillscummis.com
E-mail: tdickey@sillscummis.com

Terence M. Ridley, Esq.
Wheeler Trigg O'Donnell, LLP
370 17th Street, Suite 4500
Denver, CO  80202-5647
E-mail: ridley@wtotrial.com

                *s/ Kris J. Kostolansky*
                Kris J. Kostolansky, Esq.