**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 11-cv-00520-RM-BNB

HEALTH GRADES, INC.,

      Plaintiff,

v.

MDX MEDICAL, INC.,
doing business as Vitals.com,

      Defendant.

_____

**ORDER**
_____

      This matter is before the Court on MDx's Motion Pursuant to Federal Rule of Civil

Procedure 56 for Summary Judgment of No Willfulness (the "Motion").  (ECF No. 371.)

Pursuant to 28 U.S.C. § 1338(a), the Court's jurisdiction over this case is based on the U.S.

Patent Act, 35 U.S.C. § 101 *et seq*.

**I.      BACKGROUND**

      Plaintiff Health Grades, Inc. ("Health Grades") owns U.S. Patent No. 7,752,060 (issued

Jul. 6, 2010) (the "'060 Patent").  Defendant MDx Medical, Inc. ("MDx") maintains the website

www.vitals.com (the "MDx website"), the current version of which was launched in January

2011.  (ECF No. 195 at 2.)  The MDx website competes with Health Grades' site,

www.healthgrades.com.  Health Grades asserts that the MDx website is the infringing product.

This Court has already set forth the basic facts regarding the claimed invention and the accused

product in two previous orders of this Court, dated April 4, 2014 and June 26, 2014.  (ECF Nos.

696, 808.)  I will only repeat previously set forth facts as necessary for analysis of the present Motion.

Health Grades accuses MDx of willfully infringing the '060 Patent and seeks treble damages under 35 U.S.C. § 284.  MDx has moved for summary judgment on Health Grades' willfulness claim, arguing that the willfulness threshold requirement of "objective recklessness" cannot be demonstrated, for three reasons: (1) MDx has now and has always had strong defenses to infringement; (2) MDx took prompt action to change its website; and (3) MDx obtained advice of counsel confirming that there was no infringement.

## II.    STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986).  A movant who bears the burden at trial must submit evidence to establish every essential element of its claim.  *In re Ribozyme Pharms., Inc. Sec. Litig.*, 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002).  The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Only disputes over material facts can create a genuine issue for trial and preclude summary judgment.  *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). A disputed fact is "material" if it is essential to proper disposition of the claim.  *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001).  An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).  When reviewing a motion for summary

2

judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*; *see also McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010).

A finding of willful infringement allows an award of enhanced damages under 35 U.S.C. § 284. *In re Seagate Technology, LLC*, 497 F.3d 1360, 1368 (Fed. Cir. 2007) (*en banc*). *Seagate* overruled the prior standard for willfulness, which was "more akin to negligence," and established a two-part test for willful infringement. *Id.* at 1371. Part one of the test requires a patentee to show "by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Id.* The objectiveness prong is decided by the Court as a matter of law. *Bard Peripheral Vascular Inc. v. W.L. Gore & Associates Inc.*, 682 F.3d 1003, 1008 (Fed. Cir. 2012). But, obviously, the legal determination is influenced by the facts. The Federal Circuit has established a general rule that the "'objective' prong of *Seagate* tends not to be met where an accused infringer relies on a reasonable defense to a charge of infringement." *Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1319 (Fed. Cir. 2010).

To be entitled to summary judgment here, the moving party—MDx—must demonstrate that the facts presented and inferences therefrom, taken in the light most favorable to the non-moving party, would not support a judicial determination of objective recklessness on Health Grades' claim of willfulness. *See, e.g.*, *Crater Corp. v. Lucent Technologies, Inc.*, 255 F.3d 1361, 1366 (Fed. Cir. 2001) ("[W]e must…draw all reasonable inferences in favor of the nonmovant.")

## III. ANALYSIS

MDx argues that this Court should grant summary judgment on Health Grades' willfulness claim for three reasons, each of which I will discuss briefly in turn. First, MDx argues that it has had strong defenses to infringement since the beginning, as evidenced by and

3

argued in their prior summary judgment motions for a finding of no infringement.  (ECF No. 371 at 2; *see also* ECF No. 369.)  The Court has already ruled in MDx's favor on the issue of direct infringement, but it has ruled against MDx—in the summary judgment context—on the issue of infringement under the doctrine of equivalents.  Determination of whether MDx's defenses to this theory are reasonable depends on the development and resolution of various disputed issues of material fact, as this Court has already discussed in prior orders.  (See Nos. 696, 808.)

MDx also argues that it made changes to its website to insure in good faith that there was no infringement, including but not limited to removing comparison ratings of healthcare providers from all the reports on healthcare providers.  Far from being an undisputed fact, Health Grades hotly disputes this contention, stating that "MDx's website contains, to this day, healthcare provider reports that include comparison ratings of healthcare providers."  (ECF No. 404 at 7.)  This dispute was also addressed in a prior order of this Court, and I shall not revisit it here, except to note that there is clearly still a disputed issue of fact as to the significance of MDx's changes that needs further evidentiary development before I could find in favor of MDx on objectiveness.  (*See* ECF No. 696.)

MDx states that it "met with competent patent counsel, and obtained both oral and written confirmation that these changes should preclude any infringement."  (ECF No. 371 at 5.) Health Grades unsurprisingly disputes that the opinion of counsel MDx received was competent, arguing that it "contains only conclusory opinions that the vitals.com website does not literally infringe."  (ECF No. 404 at 8.)[1]  The Court will not decide on whether or not counsel's advice was competent at this juncture; this determination is interwoven with a number of factual

---

[1] Health Grades' Opposition to the Motion mentioned that it had filed a Motion to Exclude MDx's Advice-of-Counsel Defense.  Judge Boland has already ruled against Health Grades on that motion. (ECF No. 477.)

inquiries that are not yet fully fleshed out, such as the precise circumstances in which counsel issued the advice, what information counsel was privy to when issuing the advice, and whether information was withheld from counsel.  *Chiron Corp. v. Genentech, Inc.*, 268 F. Supp. 2d 1117, 1121 (E.D. Cal. 2002).  There are factual disputes pertinent to many of these issues, and so I judge an objectiveness determination to be premature.

Health Grades spends a significant amount of its briefing arguing that the decision on the objectiveness part of the willfulness test should be made *after* the jury resolves all underlying factual issues.  The Court does not read the *Bard* decision or its progeny as requiring, or even strongly suggesting, that district courts should not decide willfulness on summary judgment, and should instead wait until all factual issues are resolved by the jury.  *See* 682 F.3d 1008.  This Court explicitly declines to base any part of its decision here on that argument.  Where there are no genuine issues of material fact that would affect the objectiveness prong, summary judgment on the willfulness question would be and is appropriate.  Here, however, that is not yet the case.  There are clearly genuine issues of material fact, and those issues must be more fully developed before objectiveness can be decided as a matter of law.

## IV.  CONCLUSION

For the foregoing reasons, MDx's Motion for Summary Judgment of No Willfulness (ECF No. 371) is DENIED.

DATED this 15th day of July, 2014.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

5