**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S MOTION TO COMPEL DOCUMENT DISCOVERY,
ADDITIONAL DEPOSITIONS, AND QUERIES ON THE HEALTH GRADES SYSTEM;
AND REQUEST FOR <u>EXPEDITED</u> TREATMENT**

---

Pursuant to Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx") respectfully moves for an order compelling Plaintiff Health Grades, Inc. ("Health Grades") to supplement its document production and produce a related deponent, for a continued deposition of the Health Grades technical expert, and for queries on the Health Grades system. MDx also respectfully requests that briefing and resolution of this motion be expedited because the discovery requested is necessary for inclusion in expert reports to be exchanged on October 6, 2014, and because trial is scheduled to commence on December 1, 2014.

In accordance with D.C.COLO.LCivR 7.1(a), MDx's counsel conferred with counsel for Health Grades and Health Grades' counsel stated that Health Grades opposes the relief requested within this motion.

### I. HEALTH GRADES SHOULD SEARCH FOR AND PRODUCE THE NCQA PRIOR ART AND PRODUCE A RELATED DEPONENT

In June of 2011, MDx served its Interrogatory No. 2 on Health Grades, which requested that Health Grades identify all prior art. Health Grades responded that it was "not aware of any prior art" other than the prior art cited to the Patent Office. Health Grades' Responses to MDx's First Set of Interrogatories, attached hereto as Exhibit A, at 8. Since that time, MDx has uncovered relevant prior art references, including art that was in use and published on Health Grades' own website. *See, e.g.,* Order, Dkt. # 808, pp. 4, 16 (Order denying both Health Grades' requests for summary judgment that the discovered Health Grades prior art does not anticipate the claims of the asserted patent or render them obvious). In addition to the Interrogatory, MDx also served document requests seeking all prior art, and any documents related to conception or reduction to practice of the alleged invention. MDx's First Set of Requests for Production of Documents and Things (Nos. 1-18), attached hereto as Exhibit B, Requests 3 (p. 5-6), 5 (p. 6), and 7 (p. 6). Recent events have uncovered additional prior art and shown that Health Grades likely has possession of other prior art references, and materials used in the conception of its alleged invention, and MDx therefore requests an order that Health Grades promptly search for and produce these materials, no later than August 27, 2014, in accordance with its duty to supplement document production under Federal Rule of Civil Procedure 26(e).

By way of brief background, another Health Grades patent recently issued, United States Patent No. 8,719,052 ("the '052 patent"). MDx conducted a prior art search related to the '052 patent and has now filed an *Inter Partes Review* in the Patent Office, seeking invalidity of the claims of that patent. The prior art search on the new '052 patent turned up a new prior art reference -- a publication by Shelton, *et. al.*, from the *National Committee for Quality Assurance*

2

(the "NCQA Article"), attached hereto as Exhibit C.  The NCQA Article was published in 2004 – more than one year prior to the earliest filing date of the asserted patent (U.S. Patent No. 7,752,060; hereinafter the "'060 patent", attached hereto as Exhibit D), and thus it is prior art under 35 U.S.C. §102 (b).  The NCQA Article discloses many of the key elements of the claims of the '060 patent.  *Compare, e.g.,* the '060 patent, Exhibit D, col. 20 (claim 1), with Exhibit C, pages 11-13 (the same healthcare provider-data required by the claims of the '060 patent), pages 14-15 ("validation" – verification -- by third parties of the same data required by the claims of the '060 patent), page 19 (patient survey ratings), and page 10 (the idea of comparison ratings – encouraging "as many data elements as possible" in the search results, which would include patient ratings disclosed at page 19).  MDx is filing a motion to amend its Invalidity Contentions, accordingly.

When the NCQA Article surfaced, counsel for MDx searched the Health Grades production documents for it.  The NCQA Article was not produced by Health Grades.  However, Health Grades documents indicate that Health Grades knew about, and consulted NCQA, for sourcing of data for its physician reports.  *See, e.g.,* Health Grades' Physician Quality Report, dated December 28, 2004 (thus also prior art under 35 U.S.C. §102(b)), attached hereto as Exhibit E, at 5 (relevant portions highlighted).  Thus, Health Grades was well aware of the National Committee for Quality Assurance ("NCQA") and its early suggestions for sourcing data, and it appears that it should have these documents in its possession.

MDx requested that Health Grades perform a simple search for the NCQA Article, and any other NCQA materials, including a query search of its document servers and emails.  The requested queries would be done on Health Grades' document and email servers, in the named

inventors' files and emails, and in the files and emails of Brian Blackman and Allan Dodge (both involved with the prosecution of the '060 patent), for any of the following: "NCQA," "National Committee," "Recommendations for improving" (the Article title), and "Shelton" (the first author).   E-mail correspondence from S. Stimpson to K. Kostolansky, et al., dated July 8, 2014, attached hereto as Exhibit F (relevant portions highlighted).  While Health Grades searched for prior art early in the case, including agreed search terms, those terms were formulated without knowledge of the NCQA Article.  The recent discovery of the NCQA Article is a significant new development triggering Health Grades' duty to supplement its search for prior art, with a particular focus on the NCQA materials.  Fed. R. Civ. P. 26(e); *see also Cook v. Rockwell Intern. Corp.*, 580 F. Supp. 2d 1071 (D. Colo. 2006), *citing Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953-54 (10th Cir. 2002) (Rule 26(e)(1) requires supplementation when a party learns that that information previously disclosed is incomplete).  Despite its duty under Rule 26(e), and although Health Grades has made no claim that these limited NCQA materials would be difficult or time-consuming, counsel for Health Grades has refused to cooperate.  E-mail correspondence from A. Massaro to S. Stimpson, et al, dated July 21, 2014, attached hereto as Exhibit G (relevant portions highlighted).

The NCQA materials are important prior art, and if Health Grades has documents addressing them as appears to be the case, those documents will pertain directly to a number of issues, including invalidity (*e.g.,* prior art, and admissions of the relevance and content of the prior art), conception (Health Grades' produced documents indicate that NCQA materials were used at least in determining sources of data found in the claims, Exhibit E); damages (*e.g.,* as the claimed advances over the prior art were insubstantial or non-existent, the allegedly novel

4

features were not driving demand), and the documents could well be relevant to other issues such as inequitable conduct.

Health Grades has a duty to supplement discovery if its prior responses or production were incomplete or incorrect, and that includes a duty to conduct a reasonable search. Fed. R. Civ. P. 26(e). Accordingly, MDx respectfully requests an Order that Health Grades (i) do a thorough search for all NCQA materials, including the query searches requested by MDx (Exhibit F; relevant portions highlighted), and produce all responsive materials no later than August 27, 2014; and (ii) if any materials related to NCQA are located, produce a witness to testify about them no later than September 12, 2014 (a 30(b)(6) notice will be served promptly after the documents are produced).

## II. HEALTH GRADES SHOULD PRODUCE ITS TECHNICAL EXPERT FOR A CONTINUED DEPOSITION

The parties have agreed to supplement technical expert reports, to address various new issues, including discovery produced in response to this Court's Sanctions Order (Dkt. # 711). E-mail correspondence from A. Massaro to S. Stimpson, et al, dated July 24, 2014, attached hereto as Exhibit H (relevant portions highlighted). The expert reports will be completed on October 20, 2014 – about six weeks before trial.

It is understood that both parties, at a minimum, will supplement their expert reports to include in the infringement analyses the results of the queries MDx produced to Health Grades. The parties hotly dispute the significance, meaning, and applicability of these numbers to the infringement issues, however, and so depositions of the experts on these new facts and analyses will be important. Yet Health Grades will not agree to produce its expert witness for another deposition, and even argues that MDx should not file its motion to compel that deposition until

after the expert reports are served in October (which would not leave sufficient time for the parties or the court to get this issue resolved, and then schedule and take the expert depositions, prior to the December 1, 2014 trial date).

For these reasons, MDx respectfully requests that the Court order the parties to immediately schedule depositions of their technical experts, so that they will be completed no later than the first week of November.  As for duration of the depositions, MDx believes that it will need at least four hours of continued deposition for Health Grades' expert, as Health Grades has indicated that various productions are somehow relevant, in various ways, to the infringement issues.  MDx also requests an order that, if the parties cannot work out an agreeable time limit for those depositions, they together schedule a telephone conference with the Court no later than October 19, 2014 to resolve this issue.

## III.     HEALTH GRADES SHOULD PERFORM QUERIES ON ITS SYSTEM

The claims of the '060 patent all require that "three or more" of certain data elements be received from and verified by the healthcare providers.  Exhibit D, col. 20, lines 29-37.  MDx has requested that Health Grades run queries on its database, to show *inter alia* how many (if any) of the providers in the Health Grades database have given three or more of the claimed data elements, but Health Grades refuses to run these queries.  Exhibit G (relevant portions highlighted).  Consistent with this Court's Sanctions Order (Dkt. # 711), the queries are responsive to MDx interrogatories and should be run in response to those interrogatories.[1]

---

[1] The mirror image of this issue was raised and successfully argued by Health Grades.  Specifically, MDx raised a non-infringement defense relating to the same "three or more" provider data element, and in response to a Health Grades motion for sanctions, the Court issued sanctions and ordered MDx, in response to a Health Grades interrogatory, to design and run

6

First, with regard to damages, MDx Interrogatory No. 6 sought the bases for Health Grades damages. Exhibit A, at 17-18. MDx moved to compel Health Grades to respond to this Interrogatory early in the case (Dkt. # 65), and the Court granted the motion (Dkt. # 104). Interrogatory No. 6 specifically sought information relating to the *Georgia Pacific* reasonable royalty factors, and the *Panduit* lost profit factors. Both require proof of use of the patented technology. *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1119-20 (S.D.N.Y. 1970) (*e.g.,* factors including character of the commercial embodiment of the invention, and the portion of the patentee's profits attributable to the claimed invention), and *Panduit Corp. v Stahlin Bros. Fibre Works, Inc.,* 575 F.2d 1152 (6th Cir. 1978) (demand for the patented invention). Health Grades should be required to show, in response to this Interrogatory No. 6 and this Court's Order compelling a full response, whether and to what extent Health Grades is using the claimed invention.

Health Grades query results also should have been produced in response to MDx Interrogatory No. 4, which asked Health Grades to identify any alleged secondary considerations of non-obviousness, and to provide all evidence of any alleged "nexus" between the alleged secondary considerations and the claims of the '060 patent. Exhibit A, at 10. In response, Health Grades identified "commercial success" and claimed that its website practices the '060 patent's claims and was successful. Exhibit A, pages 10, 14-15. Health Grades supplemented its response to Interrogatory No. 4 in October of 2013 – over a year after the close of fact discovery – but the supplemental response also fails to show how Health Grades' website practices the

---

queries on its system to determine whether healthcare providers have input three or more of the claimed data elements. Order, dated Jan. 3, 2014, Dkt. # 711, at 12.

7

'060 patent's claims and was successful.  Health Grades, Firt [sic] Supplemental Response to MDx's Interrogatories Nos. 1, 3, 4 and 6, attached hereto as Exhibit I, at 2, 3 and 5 (the referenced Greenspun report is conclusory and also does not reference any data on how many providers gave three or more of the claimed elements).  In order to claim commercial success, however, Health Grades must show that it is actually practicing the patent claims, and the extent to which it is doing so.  *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311-12 (Fed. Cir. 2006) (commercial success is shown when "the successful product is the invention disclosed and claimed in the patent.").  Health Grades does not dispute that it must show it is practicing the invention, but will not provide the query results necessary for this proof.  *See, e.g.,* Joint Proposed Jury Instructions, dated March 28, 2014, Dkt. # 779, at 92 (Health Grades' proposed instruction on commercial success: "Were the products covered by the claim commercially successful…," and "These factors are only relevant to obviousness if there is a connection, or nexus, between them and the invention covered by the patent claims").

To properly respond to MDx Interrogatory Nos. 4 and 6, and in order to comply with this Court's Order regarding Interrogatory No. 6, Health Grades should be ordered to run the same queries on its database that it demanded (and obtained) from MDx, in order to show whether and to what extent Health Grades is actually practicing the claimed invention.  Accordingly, MDx respectfully requests that the Court order Health Grades to run the same queries on its system, that MDx has run on its system, and that these query results be produced no later than August 27, 2014.

8

## IV. CONCLUSION

For the foregoing reasons, MDx respectfully requests that Health Grades be ordered:

(1) To search for all NCQA materials, including but not limited to queries on Health Grades' document and email servers, in the named inventors' files and emails, and in the files and emails of Brian Blackman and Allan Dodge, for any of the following: "NCQA", "National Committee", "Recommendations for improving" and "Shelton"; and that Health Grades produce all resulting documents and information no later than August 27, 2014;

(2) If any NCQA materials are produced in response to (1), to produce a deponent responsive to a 30(b)(6) deposition notice of MDx about those materials no later than September 12, 2014;

(3) To schedule its technical expert for deposition no later than the first week of November, 2014, to work with MDx counsel to agree on the duration of such deposition, and to arrange a telephone conference with the Court no later than October 19, 2014 if the parties are unable to reach an agreement; and

(4) To run all the same queries and analyses performed on the MDx database on the Health Grades database, and produce the results no later than August 27, 2014.

Dated:  July 25, 2014                                                  Respectfully submitted,


<u>s:/Scott D. Stimpson</u>
Scott D. Stimpson
Trent S. Dickey
David C. Lee
Vincent M. Ferraro
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: sstimpson@sillscummis.com
E-mail: tdickey@sillscummis.com
E-mail: dlee@sillscummis.com
E-mail: vferraro@sillscummis.com

Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I hereby certify that on <u>July 25, 2014</u>, I electronically filed the foregoing **MDX MEDICAL, INC.'S MOTION TO COMPEL DOCUMENT DISCOVERY, ADDITIONAL DEPOSITIONS, AND QUERIES ON THE HEALTH GRADES SYSTEM; AND REQUEST FOR <u>EXPEDITED</u> TREATMENT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez, Jr.**
  jvazquez@lrrlaw.com, phenke@lrrlaw.com

- **Gregory B. Kanan**
  gkanan@lrrlaw.com

- **Kris John Kostolansky**
  kkosto@lrrlaw.com

- **Adam Lee Massaro**
  amassaro@lrrlaw.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Trent S. Dickey**
  tdickey@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Vincent Marc Ferraro**
  vferraro@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

       *s:/Vincent M. Ferraro*