# EXHIBIT F

# Vincent M. Ferraro

| | |
|---|---|
| **From:** | Scott D. Stimpson |
| **Sent:** | Tuesday, July 08, 2014 1:07 PM |
| **To:** | Massaro, Adam; David C. Lee; Trent Dickey; Vincent M. Ferraro |
| **Cc:** | Kanan, Greg; Kostolansky, Kris J.; Goodlette, Tami; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com); Siegal, Kyle |
| **Subject:** | RE: Discovery issues -- documents to be produced by both parties and expert supplements |

Kris and Adam:

It has been more than two weeks since my email below, and (particularly now that we have trial scheduled on December 1) we need to address these issues please. There are also a number of other issues that will need to be addressed, and I have drafted a list below to at least get us moving ahead on a variety of things that need to be addressed.

(1) Documents to be produced from Health Grades.

- This includes all the documents and queries requested in my email from June 20.

- You are also now in possession of our IPR petition and prior art, and we will need to know if HG had knowledge of or possessed the NCQA/Shelton prior art publication (*see, e.g.*, MDx's document request no. 7). We request a search on the Health Grades document and email servers, in all the named inventors' files and emails, and in the files and emails of Brian Blackman and Allan Dodge, for any of the following: "NCQA", "National Committee" "Recommendations for improving" and "Shelton". As you can see from the IPR and Dr. Cooper's declaration, the prior art Health Grades reports make reference to NCQA and HG was required to produce and identify this or any other NCQA prior art. We also request that Merchant & Gould supplement their document production to include a search for these materials.

(2) Documents HG requests from MDX, in your emails below, and our follow up inquiries.

(3) MDx's planned motion to amend the invalidity contentions.

- We understand from Kris' email of July 1 that HG will oppose our addition of a Section 101 defense.
- We also need to know if HG will oppose our addition of invalidity defenses based on the Shelton article. In this connection, we need to know the results of the search above so we will know if HG knew of the NCQA or Shelton article.

(4) Timing of supplemental expert report and depositions.

- We need to agree on timing for technical expert supplemental reports and rebuttals on infringement and validity, and we need to schedule depositions.
- We should also address the damages supplemental report and rebuttal report, then discuss if depositions are necessary.

(5) Joint Motion to Amend the Pretrial Order

- Both parties have exhibits to be added.
- MDx will need to address our request to add Tony Bellomo as a witness.

(6) Deposition designations

1

- We should discuss the current status of the deposition designations, and agree on schedule to complete
- Will Mr. Montroy be coming to trial?

(7) Exchange of demonstratives and illustratives

- We should agree on a date for exchange.

There are likely other issues we need to address, but this is a start.

How is Wednesday or Thursday of this week for a call to go over everything?

Scott

**Scott D. Stimpson**
Chairman of the Intellectual Property Group



website | bio | vCard | newsroom | email

30 Rockefeller Plaza, New York, NY 10112
p (212) 500-1550 | f (212) 643-6500 **map**

**Scott D. Stimpson**
Chairman of the Intellectual Property Group





website | bio | vCard | newsroom | email

30 Rockefeller Plaza, New York, NY 10112
p (212) 500-1550 | f (212) 643-6500 **map**

**From:** Massaro, Adam [mailto:AMassaro@lrrlaw.com]
**Sent:** Tuesday, June 24, 2014 12:33 PM
**To:** Scott D. Stimpson; David C. Lee; Trent Dickey; Vincent M. Ferraro
**Cc:** Kanan, Greg; Kostolansky, Kris J.; Goodlette, Tami; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com); Siegal, Kyle
**Subject:** RE: Discovery issues -- documents to be produced by both parties and expert supplements

Scott,

We will address your email in the near future.   In the meantime, we would like to have a call before Friday to discuss availability for trial.   Let me know when you have time on Thursday for a call.

Thanks.

**From:** Scott D. Stimpson [mailto:sstimpson@sillscummis.com]
**Sent:** Friday, June 20, 2014 12:25 PM
**To:** Massaro, Adam; David C. Lee; Trent Dickey; Vincent M. Ferraro
**Cc:** Kanan, Greg; Kostolansky, Kris J.; Goodlette, Tami; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com); Siegal,

Kyle
**Subject**: Discovery issues -- documents to be produced by both parties and expert supplements

Adam:

This responds to your emails below, and follows up on our requests for Health Grades supplemental document production.

MDx Document Production

We have been waiting for you to finalize your list of documents you claim to be related to the Bellomo deposition, consistent with your discussions with Trent and David.  Now that it is finalized, we will attend to production and will endeavor to make the production by June 27 as you request (subject to comments below).

On a related matter, in light of Health Grades requests for more MDx contracts (your categories 1-4 and 6), we will need to discuss protocols for this production and limitations on use by Health Grades.  We believe the earlier contacts made by Health Grades and/or its counsel to representatives of the MDx customer(s) were inappropriate for a number of reasons.  We are considering our options, but need to confer with you about this issue prior to our production of any additional contracts.  Also, we will need to discuss with you how licensing could be relevant now in view of recent Supreme Court precedent.

With regard to your category (5), on what page of the Bellomo deposition can we find the reference to this email?

We will need to confer about your categories (7), (8), (9) and (10).  They seem overbroad and burdensome, and it is not at all clear why these are needed in view of the query results already produced.  Please let us know how are they relevant, what specific Health Grades discovery request asked for them, and why Health Grades did not pursue them long ago during the fact discovery period.  The document you reference in category (10), for example, was produced years ago and we need an explanation as to why HG did not pursue this during the discovery period.

==To the extent we produce these documents, we will expect Health Grades to do the same – the issues are identical regarding whether the MDX or Health Grades systems are using the patent claims, and both are in issue as you know.  So, to the extent you are pursuing this, please confirm that Health Grades is producing the same.==

As for your question about MDx 0143119, it shows providers who did not edit anything and did not have any edits entered by MDx, but who clicked an "approve" button in the physician portal.  This also responds to the last paragraph in your May 27 email.

Supplementation of Discovery by Health Grades and Supplementing Expert Reports

Now that the Bellomo deposition is done and you have reviewed the transcript, it is time for both parties to supplement discovery and agree on a schedule for supplementing expert reports.  We recommend a conference on Monday, June 30 – after the court sets the trial date.

We request the following documents from Health Grades.  Please let us know if Health Grades can produce them by mid-July.

- Any additional prior art discovered by Health Grades (we will be producing our new prior art soon along with our IPR, and as discussed below we are specifically interested to know if HG had knowledge of this art)
- Any new agreements since the last production (e.g., see those used in the damages analyses of the experts).
- Supplemental revenues, costs, and profits documents related to the HG website.
- All documents about the Health Grades patents and applications (including the '060 and any other patent or application related to the '060), including any intimations or references to the patents and/or applications to any third


parties and all correspondence and documents received from third parties about any of these Health Grades patents or applications.
- Any additional documents related to validity issues.
- Any additional documents from prosecutions (in any country) related to the '060 patent or any related patent, including but not limited to cited prior art.
- Any documents we provide to Health Grades related to your allegations of infringement should also be produced by Health Grades in connection with the question of whether Health Grades practices the patent claims, these include all the documents identified above.

Assuming Health Grades will agree to this production by mid-July, we recommend that Dr. Greenspun supplement his infringement report (if he intends to do so) by mid-August, we will supplement our infringement report by mid-September (whether or not Dr. Greenspun supplements). We should supplement the damages experts on the same schedule, depending on the trial date set.

Also, please explain the production accompanying your May 27 email. Are there any documents related to this that were not produced? Why is it being produced now?

Prior Art Production and Supplementation of Invalidity Report

As you will see in our forthcoming IPR, we have new prior art that we strongly believe invalidates all the claims of the '052 patent. While our search to locate this art was directed to the '052 patent, art was uncovered that is highly relevant to the '060 patent, and indeed we believe it will invalidate the claims of the '060 patent too.

We intend to supplement our invalidity contentions, and our expert report on invalidity. The art will be produced to you soon in connection with our IPR, and at that time we will need to address (1) whether Health Grades had knowledge of this prior art but did not produce it or identify it in response to our discovery requests (documents Health Grades did produce indicate that Health Grades was aware of this art long ago); (2) whether Health Grades will consent to our supplementing our invalidity report and invalidity contentions.

I suggest we schedule a conference call on all of these issues sometime next week, after we have received your responses to our inquiries above. We can also discuss our collective availability for trial, per the Court's order.

We look forward to hearing from you.

Scott


**Scott D. Stimpson**
Member of the Firm



website | bio | vCard | newsroom | email

30 Rockefeller Plaza, New York, NY 10112
p (212) 500-1550 | f (212) 643-6500   map

---

**From:** Massaro, Adam [mailto:AMassaro@lrrlaw.com]
**Sent:** Wednesday, June 18, 2014 3:11 PM
**To:** David C. Lee; Scott D. Stimpson; Trent Dickey; Vincent M. Ferraro
**Cc:** Kanan, Greg; Kostolansky, Kris J.; Goodlette, Tami; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com); Siegal, Kyle
**Subject:** RE: Health Grades/MDx: Additional Documents to Produce From MDx's 30(b)(6) Deposition