# EXHIBIT G

# Vincent M. Ferraro

| | |
|---|---|
| **From:** | Massaro, Adam <AMassaro@lrrlaw.com> |
| **Sent:** | Monday, July 21, 2014 10:26 PM |
| **To:** | Scott D. Stimpson; Trent Dickey; David C. Lee; Vincent M. Ferraro |
| **Cc:** | Kostolansky, Kris J.; Kanan, Greg; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com); Goodlette, Tami |
| **Subject:** | RE: Discovery issues |

Scott,

Below in red are our corrections/clarifications to your points.  We also addressed the following on Thursday:

(1) Any additional PowerPoints will be produced by 7-22.

(2) In lieu of providing screen shots (Requests No. 3-4 in my 5-27 email), MDx offered to provide URLs to the different sites so that we can take our own screen shots.  This approach should be fine, provided we are granted full access to the sites.

(3) MDx will let us know during Tuesday's call if it will provide us a master Excel spreadsheet with the information we requested in my July 9 letter.

I have our call set for 11:30 MT.  For anyone calling in on your side, please use the following dial in number 303 628 9595. No passcode.

---

**From:** Scott D. Stimpson [mailto:sstimpson@sillscummis.com]
**Sent:** Monday, July 21, 2014 11:20 AM
**To:** Kostolansky, Kris J.; Massaro, Adam
**Cc:** Kanan, Greg; Vazquez, Jesus; Trent Dickey; David C. Lee; Vincent M. Ferraro
**Subject:** Discovery issues


Kris and Adam:

This confirms a few points from our call on Thursday.

- Health Grades declines to do our requested search for the NCQA materials, and for the queries we have requested, and Health Grades will oppose our motion to amend the invalidity contentions to add the Section 101 defense and the Shelton article.  **MDx has not filed a motion to amend to include an invalidity defense based on the NCQA/Shelton materials, let alone received an order from the Court allowing it to move forward with this defense.  To request that Health Grades search for the materials now is at a minimum premature.  You are correct that we oppose the motion to amend.**

- HG is no longer requesting drafts of the power points.  **We said it is unlikely that we will need the drafts of the PowerPoints based on what MDx has produced so far.**  Also, as we mentioned, in addition to the eight contracts we produced, we have another contract that has been signed, for a site that will not be up for a few months, but the confidentiality provisions require that we get permission before we produce it and we are addressing that issue.  **Understood.**

1

- For your requests 7-9 in Adam's May 27 email, and the additional requests in Adam's July 10 letter relating to same, we are considering dropping our defense about compiling three or more of the third party verified data elements, given the burdensomeness of your new discovery demands and notwithstanding its validity, and if so these requests will be moot.  **As opposed to compiling, will MDx also be dropping its defense about creating a report using three or more of the third-party verified data elements?**

- The parties will make the same supplemental exchanges we did back in October of 2013, on August 27, 2014.  These will include the same supplementation we did in 2013, including any new HG agreements, and supplemental revenue, cost, and profit information.  **Confirmed that the parties will make the same supplemental exchanges as we did back in 2013.  Rather than run key word searches, the attorneys should make focused inquires of the clients in connection with the obligation to supplement, as referenced in Kris' October 1, 2013 1:23 p.m. email to you.**

- We will discuss the other trial preparation issues from my June 20 email when we resume our discussion on Tuesday.  **Confirmed.**

Scott

**Scott D. Stimpson**
Chairman of the Intellectual Property Group



website | bio | vCard | newsroom | email

30 Rockefeller Plaza, New York, NY 10112
p (212) 500-1550 | f (212) 643-6500 **map**

NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.

This message and any attachments are intended only for the use of the individual or entity to which they are addressed. If the reader of this message or an attachment is not the intended recipient or the employee or agent responsible for delivering the message or attachment to the intended recipient you are hereby notified that any dissemination, distribution or copying of this message or any attachment is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender. The information transmitted in this message and any attachments may be privileged, is intended only for the personal and confidential use of the intended recipients, and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521.

In accordance with Internal Revenue Service Circular 230, we advise you that if this message or any attachments contains any tax advice, such tax advice was not intended or written to be used, and it cannot be used, by any taxpayer for the purpose of avoiding penalties that may be imposed on the taxpayer.