# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**DECLARATION OF SCOTT D. STIMPSON IN SUPPORT OF MDX'S THIRD MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

SCOTT D. STIMPSON, being of full age, hereby declares and states as follows:

1. I make this declaration in support of Defendant MDx Medical, Inc.'s Third Motion For Leave To Amend Invalidity Contentions ("Motion"). Unless otherwise noted, the statements made herein are based on my personal knowledge.

2. I am a Member of the firm of Sills Cummis & Gross P.C. and lead counsel for defendant and counterclaim plaintiff MDx Medical, Inc. ("MDx"). In that capacity, I oversaw the prior art search conducted on behalf of MDx in connection with the subject litigation.

3. Near the commencement of this case, in July of 2011, we hired a competent and reputable search firm, Cardinal IP, to conduct prior art searches based on the patent-in-suit. Cardinal IP searches U.S. and foreign patent prior art as well as non-patent literature. (*See* http://www.cardinal-ip.com/products-and-services/patent-searches/search-types/invalidity-

search/). The search cost several thousand dollars, and whittled more than 10,000 patent documents and 950 articles down to a much smaller set of prior art references.

4.      In addition to the search by Cardinal IP, we searched for and produced prior art from other sources, including from third parties. Numerous additional prior art references were uncovered, and produced to Health Grades, such as documents bates labeled UCHC 000001 - 000321.

5.      In connection with our prior art searching, the review and analyses of the prior art uncovered, and creation of invalidity contentions, we incurred many hours of attorney time and tens of thousands of dollars.

6.      In all our prior art searching, none of the three references (the NCQA Article, Itzhaki, and Samaquial) addressed in the Motion were identified.

7.      MDx had a search conducted on its behalf in anticipation of the issuance of a different, but related patent, owned by Health Grades, Inc. ("Health Grades"), U.S. Patent No. 8,719,052 ("the '052 patent"). The search was commenced in April of 2014 and concluded in May of 2014. The '052 patent issued on May 6, 2014. The search performed was directed in part to claim 1 of the '052 patent and its dependent claims, which are significantly different in scope than the claims of the '060 patent, as they are directed to "results lists" and not reports on specific healthcare providers. It was during this search that the NCQA Article, Itzhaki and Samaquial were found, and MDx filed a Petition for *Inter Partes* Review on the new patent on July 1, 2014. The Petition is lengthy, and shows that claim 1 of the '052 patent and numerous of its dependent claims are fully anticipated by the NCQA Article.

8.      The Health Grades production documents were searched for the NCQA Article, and our review indicated that it was not produced by Health Grades.

9.      Counsel for Health Grades was then notified about our planned motion to amend, and the three references were produced to Health Grades on July 1, 2014, with the filing of our petition for *Inter Partes* Review on the new Health Grades patent.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 1, 2014                      _____
                                                                 SCOTT D. STIMPSON