# EXHIBIT J

Case No. 1:11-cv-00520-RM-NYW   Document 814-10   filed 08/01/14   USDC Colorado   pg 2 of 4

8/1/2014                    The Supreme Court's Alice Decision on Patent Eligibility of Computer-Implemented Inventions: Finding an Oasis In the Desert

America's leading patent law source.

# The Supreme Court's Alice Decision on Patent Eligibility of Computer-Implemented Inventions: Finding an Oasis In the Desert

June 23, 2014     Jason Rantanen

*Guest Post by Donald S Chisum, Director of the Chisum Patent Academy and author of Chisum on Patents.*

In *Alice* (June 19, 2014), the Supreme Court held that the two step framework for determining the Section 101 patent-eligibility of a patent claim, which the Court previously articulated in the 2012 *Mayo* decision on the patentability of a diagnostic method, applied to computer-implemented inventions.  Thus, one determines: (1) does the claim recite an ineligible concept (natural phenomena, natural law or abstract idea), and (2) if so, does the claim recite sufficient additional elements to make the claim one to an application of the concept, rather than to the concept itself?

On *Mayo* step one, *Alice* held that the claims at issue were to an abstract idea, an "intermediated settlement."  On step two, it held that "merely requiring generic computer implementation" did *not* "transform that abstract idea into a patent-eligible invention."  Thus, claims to a method, a computer system configured to carry out the method, and a computer-readable medium containing program code for performing the method all fell invalid under Section 101.

I considered but then reconsidered entitling this comment "Alice in Wonderland."  For, indeed, the Supreme Court's chain of decisions creating a judicial exception to the statute defining patent eligible subject matter (35 U.S.C. § 101) and holding unpatentable claims to algorithms and abstract ideas, stretching from *Benson* in 1972 to *Alice* in 2014, is wondrous.  But I will not here review the "big picture," including the fundamental flaws in the chain; I and others have already done that.

Instead, my focus is on the "small picture," the every day problem: does the Alice opinion provide some meaningful guidance to fill the near void left by the Court in its prior *Mayo* and *Bilski* decisions?  Those decisions provided no definition of an "abstract idea" (or "law of nature") and little direction on, precisely, how much "more" was required for the transformation.

The Court's fuzz left stranded in a desert of uncertainty an array of feet-on-the-ground decision makers, from inventors to rights owners to patent professionals drafting and

Case No. 1:11-cv-00520-RM-NYW   Document 814-10   filed 08/01/14   USDC Colorado   pg 3 of 4

8/1/2014                    The Supreme Court's Alice Decision on Patent Eligibility of Computer-Implemented Inventions: Finding an Oasis In the Desert

amending claims to examiners to PTO officials to licensing negotiators to litigators to district court judges to federal circuit judges to treatise authors.

Positive news.  At least on first analysis of *Alice*, I find some additional guidance, perhaps enough to lead us toward an oasis in the desert.

In particular, the *Alice* opinion supports the following proposition:  a novel and unobvious solution to a technical problem is *not* an "abstract idea," and a claim drawn to such a solution, even if broad, is not subject to the *Mayo* framework (though, of course, it is subject to scrutiny for disclosure support).

The *Alice* opinion does not state the proposition directly.  The Court expressly indicated that it did not need to "delimit the precise contours of the `abstract ideas' category" because the concept at issue was so similar to that in *Bilski*.  But the proposition is fairly inferred from the Court's rejection of the patent owner's argument that the intermediated settlement concept in its claims was not an "abstract idea" within the implicit exception to Section 101 and from its novel description of the prior *Diehr* decision.

Based on prior Supreme Court cases and language in *Mayo*, the patent owner argued that the definition of "abstract ideas" for Section 101 was: "preexisting, fundamental truths that exist in principle apart from any human action."  The Court disagreed because that definition did not fit *Bilski*, which held that risk hedging was an abstract idea. Hedging was a "longstanding commercial practice" and a "method of organizing human activity," but not a "truth" about the natural world that "always existed."  Hedging and the similar concept of intermediated settlement were abstract ideas because they were "fundamental economic practices."

Thus, concepts that constitute abstracts ideas fall into two categories.  First are mathematical equations, mathematical formulae and algorithms (at least ones of a mathematical nature, and, I would emphasize, not all algorithms are mathematical or numerical).  Second are methods of "organizing human activity," at least if they constitute a fundamental economic practice "long prevalent in commerce."

What's left out of the "abstract idea" category? The Court in *Alice* declined to say explicitly, but there are hints in its discussion of the 1981 *Diehr* decision in connection with the second *Mayo* step.  The Court noted that *Diehr* had held a computer-implemented process for curing rubber was patent eligible, not because it involved a computer but rather because "it used that equation in a process designed to solve a technological problem in `conventional industry practice."  It reiterated: "the claims in *Diehr* were patent eligible because they improved an existing technological process, not because they were implemented on a computer."  In contrast, the claims in *Alice* did not "improve the functioning of the computer itself" or "effect an improvement in any other technology or technical field."

The Court had discussed and distinguished the *Diehr* case before, in both *Bilski* and *Mayo*, but never on the basis that *Diehr* entailed a technological improvement.  Thus, the *Alice*

Case No. 1:11-cv-00520-RM-NYW   Document 814-10   filed 08/01/14   USDC Colorado   pg 4 of 4

8/1/2014                    The Supreme Court's Alice Decision on Patent Eligibility of Computer-Implemented Inventions: Finding an Oasis In the Desert

discussion of *Diehr* in terms of a solution to a technical problem is important new ground.

Hence there are strong grounds for the proposition that a patent claim reaches a safe harbor from Section 101 abstract idea scrutiny, including the *Mayo* second question for an "inventive concept," if the claimant establishes that the claim is directed to a solution of a technological problem.  This definition of abstract idea as excluding applied technology accommodates the case law treating pure mathematical statements, economics and finance, and schemes of a non-technical character ("methods of organizing human activity") as "abstract ideas" that must be include additional elements to achieve patent eligibility (*Mayo* step two).

Is this shift in focus to "technological" an oasis of greater clarity?  No doubt there will be arguments about what is technological and what is not.  But there are at least three advantages to the verbal change.  First, technology is the historic core of the patent system, especially given the Constitutional phrase "useful Arts," which is 18th century terminology for "technology" in 21st century terminology.  Thus, an inquiry about the technological is much less of an alien intruder than prior Supreme Court language about the abstract idea exception to Section 101.  Second, evaluating the Section 101 abstract idea prohibition in terms of technological versus non-technological conforms to the language Congress used in Section 18 of the America Invents Act in setting up special PTO review of business method patents.  Finally, a technology test aligns the United States standard with the language used in Europe and elsewhere to address exceptions to patent eligible subject matter.

### About Jason Rantanen

Jason is a Law Professor at the University of Iowa College of Law.  View all posts by Jason Rantanen →

Show comments