# EXHIBIT L

America's leading patent law source.

# USPTO Moves to Strongly Enforce Eligibility Limitations

◎ July 25, 2014     👤 Dennis Crouch

*By Dennis Crouch*

Earlier this summer, the Supreme Court decided the subject matter eligibility case of *Alice Corp. v. CLS Bank Int'l*, 573 U.S. ___ (2014). The main point of Alice Corp. was to find that the eligibility-limiting holding of *Mayo v. Prometheus*, 566 U.S. ___ (2012) applies equally to the patenting of abstract ideas. (*Mayo* focused on laws of nature).

Alice Corp. offers a two-step process for determining patent eligibility of a claimed invention:

- **Building Block**: First, determine whether the claim recites or is directed to a patent-ineligible concept such as an abstract idea, law of nature, or product of nature. The court calls these "building blocks of human ingenuity" that should not themselves be patentable.
- **Something More**: Second, determine whether the claim recites sufficient additional inventive features such that the claim does not solely capture the abstract idea.

Although *Alice Corp* decision stemmed from a district court challenge to an issued patent, the law of subject matter eligibility applies (roughly) equally to pending patent applications. In particular, the USPTO is charged with the task of ensuring that patents are only issued for eligible inventions. Thus, following *Alice Corp* the USPTO issued a set of guidance instructions to its examiners that follow the two step process. Although the two step approach appears straightforward. There is no standard definition for "abstract" and so it is difficult to identify abstract ideas from non-abstract ideas. Further, we do not know the threshold of "something more" that would allow patentability.

As I have written before, every patent claim serves as an abstraction from any physical implementation of an invention – and so any line-drawing rules on this front will necessarily be either arbitrary or murky. Still, the USPTO is charged with moving forward and examining these cases and, in the absence of concrete guidance in the law, the USPTO must create its own policy. At this stage, USPTO policy on examining for 101 can be largely impacted by White House views on patentability. And the current White House viewpoint seems to be that information-software focused inventions are likely unpatentable under 101 unless tied to inventive technology.

Based on information from several sources, it appears that the USPTO is now taking a more aggressive stance on subject matter eligibility and is particularly re-examining all claims for eligibility grounds prior to issuance. This is most apparent in technology centers managing data-processing inventions classes (Classes 700-707).

A set of form-paragraphs are being used that may present a prima facie case but that do not really provide much analysis:

> *Claims XXXX are rejected under 35 U.S.C. § 101 because the claimed invention is directed to non-statutory subject matter, specifically an abstract idea.*
>
> *Claims are directed to a judicial exception (i. e., law of nature, natural phenomenon, or abstract idea), specifically, the abstract idea of [INSERT INVENTION HERE]. After considering all claim elements, both individually and in combination, it has been determined that the claim does not amount to significantly more than the abstract idea itself. Further, while the claims recite [hardware or software elements, such as processors or modules], these limitations are not enough to qualify as "significantly more" being recited in the claim along with the abstract idea. Therefore, since there are no limitations in the claim that transform the exception into a patent eligible application such that the claim amounts to significantly more than the exception itself, the claim is rejected under 35 USC § 101 as being directed to non-statutory subject matter.*
>
> *. . . Indeed, the claims fail to recite any improvements to another technology or technical field, improvements to the functioning of the computer itself, and/or meaningful limitations beyond generally linking the use of an abstract idea to a particular environment. Although the claims do recite the use of a computer, nothing more than a generic computer, performing generic, well-understood and routine computer functions, would be required to implement the aforementioned abstract idea.*
>
> *Therefore, because there are no meaningful limitations in the claim that transform the exception into a patent eligible application such that the claim amounts to significantly more than the exception itself, the claim is rejected under 35 U.S.C. § 101 as being directed to non-statutory subject matter.*

It appears that applications whose inventive features are found in software or information

processing will now have a difficult time being patented.

### About Dennis Crouch

Law Professor at the University of Missouri School of Law View all posts by Dennis Crouch →

Show comments