Civil Action No. 11-CV-00520-RM-BNB

**HEALTH GRADES, INC.'S MOTION TO COMPEL AND FOR ADDITIONAL SANCTIONS FOR MDx MEDICAL, INC.'S FAILURE TO COMPLY WITH COURT-ORDERED DISCOVERY**

---

**Exhibit G**

**Emails between Health Grades and MDx counsel relating to MDx's use of disciplinary action**

# Massaro, Adam

| | |
|---|---|
| **From:** | Trent Dickey <TDICKEY@sillscummis.com> |
| **Sent:** | Friday, August 01, 2014 11:36 AM |
| **To:** | Kostolansky, Kris J. |
| **Cc:** | David C. Lee; Debbie Pierce; Scott D. Stimpson; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com); Kanan, Greg; Massaro, Adam |
| **Subject:** | Disciplinary actions and awards |

Kris:

This is the first time you are accusing awards in a physician profile of being related to the claim element of creating a report using disciplinary action.  As you acknowledge in your own email, you only recently (May 15, July 17, and July 23, 2014) raised the question of whether a doctor can be given awards if he has disciplinary sanctions, and MDx provided the answer to you on July 23rd.  We see no basis for your allegations about noncompliance before you even raised the question, or now as we have provided you the answer.

Second, MDx's verified response to interrogatory no. 2 is not false.  The verified third supplemental response to interrogatory no. 2, served May 7, 2014, states: "The www.Vitals.com website after January 2011 has not created provider profiles containing or using disciplinary action information."  (See page 12).  This is true.  The claim element requires creating a report using this information, not creating an award.  See, e.g., Greenspun paragraph 153 (using to create a report is using by page or report-generating software).  And even the awards are not created using disciplinary action – they are given to the physician when certain criteria are met and there is an absence of disciplinary sanctions.  Thus, this new Health Grades allegation is very far removed from the language of the patent claims, the facts, and Health Grades infringement allegations throughout this case -- it certainly did not enter anyone's mind before you so-recently raised it.  Thus, we see absolutely no basis for your allegations about noncompliance.

You raise this new infringement theory four months before trial, based on an e-mail MDx produced to you thirty months ago, in January 2012 (MDX 0062500 – 0062502, produced to HG on January 13, 2012).  You deposed two participants of the e-mail in June 2012, without raising anything about this issue at that time.  In May 2014, you first question our 30(b)(6) designee about this January 2012 production, despite that fact that your 30(b)(6) topics were directed to MDx's 2013 and 2014 discovery.    It is Health Grades that is not candid about the state of affairs here.

While we are getting the information you request about other awards, we will object to any attempt by Health Grades to use this new theory at trial or add it to its infringement contentions.

Let me know if you would like to discuss and attempt to resolve this issue.


**Trent S. Dickey**
Member



website | bio | vCard | newsroom | email  

One Riverfront Plaza, Newark, NJ 07102
p (973) 643-5863  |  f (973) 643-6500    map

30 Rockefeller Plaza, New York, NY 10112
p (212) 500-1577  |  f (212) 643-6500    map

1

**From:** Kostolansky, Kris J. [mailto:kkosto@lrrlaw.com]
**Sent:** Wednesday, July 30, 2014 1:00 PM
**To:** Trent Dickey
**Cc:** David C. Lee; Debbie Pierce; Scott D. Stimpson; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com); Kanan, Greg; Massaro, Adam
**Subject:** RE: Today's call - can we reschedule?

Trent:

Your e-mail contradicts factual assertions that MDx has made throughout the history of this case.  On May 7, 2014, in an interrogatory response sworn to by Ms. Erica Boyer and in response to Judge Boland's January 3, 2014 order requiring MDx to "fully comply" with the Court's discovery order, MDx stated:  "The www.vitals.com website after January 2011 has not created provider profiles containing or using disciplinary action information."   This statement was sworn to by Ms. Boyer despite the fact that she was the recipient of an e-mail dated November 9, 2011 (deposition exhibit 46 to MDx's Rule 30(b)(6) deposition) in which issues concerning the use of disciplinary action information to cull out physicians as award recipients was expressly raised.  These awards are used to create physician profiles and are displayed within the profiles.

On May 15, 2014, when we followed up with MDx's corporate representative regarding whether disciplinary action information had been used to cull out physicians as award recipients, he testified at pages 142-43 of his deposition that he did not know.

During our telephone calls on July 17 and 23, 2014, neither you or any other attorney representing MDx revealed that disciplinary action had been used to cull out physicians who received the Patient Choice Award.  Thus on four separate occasions MDx had an opportunity to address its lack of full compliance with Judge Boland's order and MDx, through its counsel, chose not to do so.

The first time this information was revealed to us was in your e-mail dated July 23, 2014, where you state "Prior to September 2013, a physician was not able to receive a Patient Choice Award if they have been disciplined or sanctioned."  You also stated that you would determine tomorrow (July 24) whether the same culling had been applied to any other award and the applicable time period.  That supplementation has never been made by you.

This entire state of affairs is very concerning to us.  These issues were required to be addressed as part of Judge Boland's sanctions order.  We requested deposition discovery from MDx's corporate representative in order to facilitate compliance with the sanctions order.  Rather than complying, the witness you provided stated that he did not know the answer to pertinent questions.  We will need to re-depose MDx's corporate representative and will seek to do so at your cost.

The false discovery responses provided by MDx have precluded us from determining how the culling was done, other awards to which it applied, why a change was made in September, 2013, why the change was not disclosed to us in September, 2013, the identity of the persons making the change in September, 2013, and why that change was not reflected in the interrogatory answers updated by MDx in May, 2014.  Since awards are contained within the provider profiles any contention by MDx that disciplinary information is not used in creating provider profiles would be absolutely baseless and simply another form of the "sleight-of-hand" that Judge Boland has already sanctioned .

Much time and effort on our part has been devoted to addressing sham issues that resulted from MDx's failure to comply with properly issued discovery requests.  This is but another example.  We will be seeking additional sanctions against MDx and its counsel based upon this conduct.  Our receipt of answers posed to the questions in this e-mail are paramount.  Our retaking of the deposition of MDx's corporate representative at MDx's expense is also paramount.  Please advise of other steps you suggest be taken in order to ameliorate the impact on our client of MDx's deliberate decision to withhold evidence.  Our motion for sanctions will be filed by the end of this week.  Any effort made to ameliorate the harm caused by these actions should be disclosed to us prior to that time.

We are available to confer further with you regarding this motion.  If you would like to do so, please let me know of a date and time when you are available prior to COB on Friday, August 1, 2014.

K.J.K.




**Kris J. Kostolansky, Partner**
**Lewis Roca Rothgerber LLP |**
**1200 17th St Suite 3000 | Denver, CO 80202-5855**
**(T) 303.628.9515 | (F) 303.623.9222**
kkosto@lrrlaw.com | www.LRRLaw.com

**Rothgerber Johnson & Lyons LLP is now Lewis Roca Rothgerber LLP.**

---

**From:** Trent Dickey [mailto:TDICKEY@sillscummis.com]
**Sent:** Wednesday, July 23, 2014 3:40 PM
**To:** Kostolansky, Kris J.; Massaro, Adam
**Cc:** David C. Lee; Debbie Pierce; Scott D. Stimpson; Klipp, Stephanie; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com)
**Subject:** RE: Today's call - can we reschedule?

Kris,

This will confirm that a disciplinary action or sanction against a physician was not and is not considered in determining doctor awards for the calendar year 2014 to date.   However, prior to September 2013,  a physician was not able to receive a Patient Choice Award if they had been disciplined or sanctioned.    I will determine tomorrow and disclose to you whether any other award was also impacted by a doctor's disciplinary action or sanction and the applicable time period.    TRENT

**Trent S. Dickey**
Member



website | bio | vCard | newsroom | email

One Riverfront Plaza, Newark, NJ 07102
p (973) 643-5863 | f (973) 643-6500   map

30 Rockefeller Plaza, New York, NY 10112
p (212) 500-1577 | f (212) 643-6500   map

---

**From:** Massaro, Adam [mailto:AMassaro@lrrlaw.com]
**Sent:** Wednesday, July 23, 2014 1:08 PM
**To:** Scott D. Stimpson; Trent Dickey; Kostolansky, Kris J.; Klipp, Stephanie; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com)
**Cc:** David C. Lee; Debbie Pierce
**Subject:** RE: Today's call - can we reschedule?

3