# EXHIBIT 4



PATENT BLOG   JOBS  ETHICS   JOURNAL

America's leading patent law source. 

# SCOTUSblog symposium on Alice v. CLS Bank

June 22, 2014    Jason Rantanen

*By Jason Rantanen*

SCOTUSblog is publishing a series of essays on *Alice v. CLS Bank*.  Current participants include:

**David Kappos** – *Supreme Court leaves patent protection for software innovation intact*

> From the perspective of the parties involved, this week's *Alice Corp. v. CLS Bank* decision held that a process that lessens settlement risk for trades of financial instruments is too abstract for patenting. However, to the

## Patently-O Authors

**Dennis Crouch**
Associate Professor, University of Missouri School of Law

SSRN Articles

**Jason Rantanen**
Associate Professor, University of Iowa College of Law

SSRN Articles

**Occasional guest posts by IP practitioners and academics**

leagues of interested onlookers holding their collective breath across our country and indeed around the world, the Supreme Court's unanimous ruling subtly conveyed a much more significant judgment: software, as a class, is every bit as worthy of patent protection as any other medium in which innovation can be practiced.

**Robert Merges** – Go ask *Alice* — what can you patent after *Alice v. CLS Bank*?

Those of us who sweat in the clammy gymnasia of patent law have been waiting – with a mix of excitement, dread, and cynical disregard – for the *Alice v. CLS Bank* decision. The idea was, when the Court took the case, that we would finally have an answer to the question whether software can be patented under U.S. law. To say we did not get an answer is to miss the depth of the non-answer we did get. Reading the opinion reminds me of a famous passage in *The Hitchhiker's Guide to the Galaxy*. Acolytes wait at the feet of a giant supercomputer, which 7.5 million years before had been asked "What is the meaning of life?" Finally, after eons of waiting, the computer spoke. Its answer was: "42." The acolytes went forth, armed with this non-answer. And life went on. So it is with us, in the patent field. We have met our "42," and its name is *Alice*. Now life must go on.

**Justin Nelson** – *For patent litigants, Court affirms status quo*

The reaction from patent litigants to the Supreme Court's decision yesterday in *Alice Corp. v. CLS Bank* was one big shrug. The decision was exactly as expected. While the

Court made clear that abstract ideas remain unpatentable, it "tread[ed] carefully" in construing patentability.  Indeed, the most notable part of the decision was that it shied away from any grand pronouncements.  Rather, it relied heavily on prior cases such as *Bilski v. Kappos*, *Mayo Collaborative Services v. Prometheus Laboratories, Inc.*, and *Association for Molecular Pathology v. Myriad Genetics*. As the Court correctly concluded, "[i]t follows from our prior cases, and *Bilski* in particular, that the claims at issue here are directed to an abstract idea." Yet it went no further than necessary: "[W]e need not labor to delimit the precise contours of the 'abstract ideas' category in this case.  It is enough to recognize that there is no meaningful distinction between the concept of risk hedging in *Bilski* and the concept of intermediated settlement at issue here."

**Sandra Park** - *The Supreme Court as promoter of progress*

Yesterday's Supreme Court decision in *Alice Corp. v. CLS Bank International* revisits a fundamental question about our patent system:  which patents promote the progress of science?

There's also a detailed analysis and commentary by **John Duffy** that begins:

Although *Alice Corp. v. CLS Bank* was identified by this website and many other commentators as a major case on patent law, the Supreme Court's unanimous resolution of the case does little to change, or even to clarify, pre-existing law.  The case becomes

the fourth Supreme Court decision since 2010 to hold patent claims invalid based on judicial exceptions to patentability. While *Alice Corp.* is only an incremental addition, the continuation of that larger trend is hugely important because, as the Court itself acknowledges, the judge-made doctrine in this area has the potential to swallow all of patent law.

### About Jason Rantanen

Jason is a Law Professor at the University of Iowa College of Law. View all posts by Jason Rantanen →

← Which Side of the Mushroom did Alice Eat From?

The Supreme Court's Alice Decision on Patent Eligibility of Computer-Implemented Inventions: Finding an Oasis In the Desert →

Show comments

Search …

### Archives

Select Month

### Friends

Patent Docs

Patent Baristas

## Contact Us

E-mail Dennis Crouch

Post a Job on Patently-O

E-mail Patently-O Jobs

Orange Book Blog

Patent Prospectors

IP Kat

Prof Goldman

David Donoghue

Michael C. Smith

SCOTUS Blog

ELS

Spicy IP

The Patent Law Journal

ABA blawgs

Delaware IP

Inventive Step

Bill Vobach

IP Watchdog

Levin Crouch Patent Mediation Services

SpiritFelt