# EXHIBIT 8

# Kirstin Stoll-DeBell

| | |
|---|---|
| **From:** | Scott D. Stimpson <sstimpson@sillscummis.com> |
| **Sent:** | Thursday, March 08, 2012 9:04 AM |
| **To:** | Vazquez, Jesus |
| **Cc:** | Scott Murray; David C. Lee |
| **Subject:** | RE: Discovery issues |

Jesus, please see my comments in green.

Jesus:

This follows up on our call Friday.

SCHEDULE

As discussed, we are all in agreement that the case schedule should be extended in view of the March 28th motion hearing, without delaying the pretrial conference currently set for July 31, 2012 (we understand that, in our motion, both parties will request that the pretrial date remain the same, and the proposal is contingent on that request).  Please let us know whether the following new deadlines are acceptable:

I believe we have taken the lead on drafting all of the joint motions in the case to date, so we would like you to take the lead and draft this one.  We think it is important that the motion articulate the bases for the requested extensions in a neutral fashion - we anticipate reviewing the draft and working with you to accomplish this.

I will wait to have your response to our email about a stay first, before responding to your comments about the schedule.  If we are not going to stay the case, then this extension, like our last one, will be on the caveat that no further discovery is requested -- it would just be extra time to complete what is already in the pipeline, like our last extension.  Please let me know promptly, as expert reports are due next week under the current schedule, and we need to get something on file.

Fact Discovery Cut-Off:  May 16, 2012  Ok, but please note that is just 71 days from today.  It took MDx 75 days to complete its ESI searches and production.  The Montroy keyword search requests are arguably broader than the previous ESI search requests.  Hopefully the Montroy keyword searches will not take that long, but we need to make sure there is no misunderstanding that the possibility exists and that we have advised you of it.

Designate Experts, Expert Reports due: May 23, 2012  May 25 is better for me - I will be out of town beginning May 18 and will be back in the office May 22.

Designate Rebuttal Experts, Rebuttal Reports due:  June 15, 2012   This is ok, however, I am going to be out of the country starting June 15 and will back in the office June 25.

Expert Discovery Cut-Off:  July 6, 2012   July 13 is better here, in light of my absence 6/15 - 6/25, and also the July 4 holiday.

Dispositive Motion Deadline:  July 6, 2012  July 23 is better in order to allow for inclusion of expert discovery in dispositive motions.

Pretrial Conference:  July 31, 2012

DEPOSITIONS

1

As the case schedule will be extended, we confirm that neither party will take depositions before the March 28 hearing, or whatever new date is rescheduled for it (I left a message with the clerk about changing the date, no response yet).  Thus, all depositions noticed to occur before the March 28th hearing are withdrawn.  As we discussed, MDx agrees to make Boyer, Cutler, Rothschild and West available for their fact witness depositions; HG agrees to make Dodge, Neal and Blackman available for their fact witness depositions.  Rule 30(b)(6) depositions of MDx on hold pending resolution of MDx's motion for protective order. Rule 30(b)(6) depositions of HG will be set on the same days as fact witness depositions of Dodge and Neal.

We agree.

HEALTH GRADES DOCUMENT SEARCH

In discussing Health Grades' forensic consultant on Friday, it seems to us that the consultant would be doing much more than we requested.

As we indicated, we are mainly interested in documents dated February 8, 2006, or earlier.  Therefore, please have Health Grades limit the date range of its document search to February 8, 2006 or earlier.  Additionally, as previous ESI searches were limited to Health Grades' general servers, and emails and documents of David Hicks, Scott Montroy, John Neal, and Allen Dodge, we assumed the current searches were limited to those as well. ==In any case, it is fine to limit the search to Health Grades' general servers, and emails and documents of David Hicks, Scott Montroy, John Neal, and Allen Dodge.  And to be clear, although we did not previously request any search of backup tapes, as discussed Friday Health Grades' searches at the current time do not need to include backup tapes.  We understand that this will significantly decrease the volume of search results and will make the forensic consultant unnecessary.==

Agreed that searches will not include backup tapes.  However, as we discussed on Friday, and in our email of February 21, a search conducted only on the HG general servers for the term "PDP" yielded 37,280 documents containing that term - exclusive of emails.  Thus, whether or not your revised search requests will "significantly decrease the volume of search results" remains to be seen.  Also, we may still use the outside forensic document consultant to assist us with the searches on the general servers. We will begin running the highest priority revised search requests and will report on the results.  As we discussed, if the results are unreasonably large, we will confer to attempt to further narrow the requests.  If we cannot reach agreement on this then we may have to file a motion for protective order and to shift costs - we hope this will not be necessary.

Let's see what the searches turn up.  Hopefully, you will know the results of the first couple of terms very soon.

On Friday we also discussed the problems with the MDx document productions.  You agreed that you would look into those problems.
[CORRECTION:  SCOTT MURRAY IS HANDLING THIS, AS I HAVE ADVISED YOU.  HE HAS ALREADY RESPONDED REGARDING THE ISSUES AND AS STATED IN HIS E-MAIL HE IS SPEAKING WITH OUR CLIENT REGARDING THE E-MAIL HEADER ISSUE -- PLEASE CONSULT WITH HIM AFTER YOU'VE COMPLETED YOUR REVIEW OF HIS E-MAIL.]  We specifically discussed the blank Rothschild documents, which apparently were produced that way to you.  As you know, there are problems in addition to the Rothschild documents, and we are reviewing Mr. Murray's earlier email to us regarding all of the issues.  We note that he also said he would look into the issues.

Additionally, as promised, the following is a list of search terms in order of highest priority to lowest priority.  Please have Health Grades start at the top of the list, and restrict all searching to February 8, 2006 and earlier.

1. "project development plan"
2.
"PDP"
3. "project log" OR "project file"
4. "migration log" OR "migration file"
5. "production log" OR "release file" OR "customer service report"
6. "Hewitt"
7. "Patient's Choice"
8. "Rocky Mountain"
9. "Discovery Health"

10. "AARP"

Lastly, our February 3rd email requested documents that are not tied to search terms.  Please see points (3) through (5) of that e-mail, and Health Grades should continue to search for those as well.

Re point 3, this should be in the form of a search request, i.e., emails sent in October 2004 containing the term "survey results."  Please confirm or revise precisely what the search should be, and tell us what priority this search request should be within the list above.

I am a bit surprised that emails like this, to customers, would be randomly on the HG system and not stored in some appropriate location, but I assume you have checked on this already.  But as we are not sure when these emails were sent, we cannot limit it to October of 2004.  Like the other searches, the emails will need to be searched February 8, 2006.  It should be for "patient experience" and/or "patient survey".

Re point 4, we will produce the responsive, non-privileged documents by the end of this week.

Re point 5, there appear to be some privileged documents within the documents we received from Mr. Blackman.  We will list those on a privilege log.

As we discussed Friday, nothing herein affects either party's pending motions in this case.

On Friday you specifically said that you may withdraw your pending motion to compel given your agreement to revise and narrow the Montroy keyword search requests, and our agreement to run the revised searches in your order of priority.  Our response is due March 13.  If we need to file a response then we will necessarily have to advise the Court regarding:
(a) our initial search,
(b) the initial search results - 37,280 files with the term "PDP" in it,
(c) our request that you narrow the searches as a result and our advisement that the searches would take longer than anticipated and would take enormous employee and machine time to perform, and that we thus were going to engage an outside forensic document consultant to help,
(d) your outright dismissal of all of this as "unacceptable" and your refusal to narrow your search requests and that you proceeded to file your motion to compel with no further conferral (certainly no phone conferral of the type you have argued is absolutely necessary),
(e) our advisement to you that we would file a motion for protective order and to shift costs,
(f) our subsequent conferral on that motion and your agreement then to narrow the search requests, which essentially restarts the Montroy keyword searches and thus makes your pending motion to compel moot.  In your motion you also requested a one-week extension only for MDx's expert report, and that part of your motion is also moot in light of our agreement to extend the deadlines.

Of course I don't agree on this analysis for a variety of reasons.  However, now that we have another month before the hearing on the motion, if you can get me the number of hits on the first two search requests by Monday, we will withdraw the motion without prejudice to refile (or file a modified motion).  We would also need to agree on a briefing schedule for any later motion (if necessary) that would have us ready for a hearing on the current schedule.

I look forward to hearing from you.

Regards.

Scott



**From:** Vazquez, Jesus [mailto:jvazquez@rothgerber.com]
**Sent:** Tuesday, March 06, 2012 3:29 PM
**To:** Scott D. Stimpson
**Cc:** Scott Murray; David C. Lee
**Subject:** RE: Discovery issues

Scott,

Thanks for sending this.  Please see our comments below in red.

Jesus

**Jesús M. Vázquez, Attorney-at-Law**
Rothgerber Johnson & Lyons LLP | One Tabor Center, Suite 3000 |
1200 Seventeenth Street | Denver, CO  80202 |
Direct 303.628.9517 | Main 303.623.9000 | Fax 303.623.9222
E-mail: jvazquez@rothgerber.com | Website: www.rothgerber.com

---

**From:** Scott D. Stimpson [mailto:sstimpson@sillscummis.com]
**Sent:** Monday, March 05, 2012 3:11 PM
**To:** Vazquez, Jesus
**Cc:** 'kstoll-debell@merchantgould.com'; Scott Murray; David C. Lee
**Subject:** Discovery issues


Jesus:

This follows up on our call Friday.

SCHEDULE

As discussed, we are all in agreement that the case schedule should be extended in view of the March 28th motion hearing, without delaying the pretrial conference currently set for July 31, 2012 (we understand that, in our motion, both parties will request that the pretrial date remain the same, and the proposal is contingent on that request).  Please let us know whether the following new deadlines are acceptable:

I believe we have taken the lead on drafting all of the joint motions in the case to date, so we would like you to take the lead and draft this one.  We think it is important that the motion articulate the bases for the requested extensions in a neutral fashion - we anticipate reviewing the draft and working with you to accomplish this.

Fact Discovery Cut-Off:  May 16, 2012  Ok, but please note that is just 71 days from today.  It took MDx 75 days to complete its ESI searches and production.  The Montroy keyword search requests are arguably broader than the previous ESI search requests.  Hopefully the Montroy keyword searches will not take that long, but we need to make sure there is no misunderstanding that the possibility exists and that we have advised you of it.

Designate Experts, Expert Reports due: May 23, 2012  May 25 is better for me - I will be out of town beginning May 18 and will be back in the office May 22.

Designate Rebuttal Experts, Rebuttal Reports due:  June 15, 2012   This is ok, however, I am going to be out of the country starting June 15 and will back in the office June 25.

4

Expert Discovery Cut-Off:  July 6, 2012   July 13 is better here, in light of my absence 6/15 - 6/25, and also the July 4 holiday.

Dispositive Motion Deadline:  July 6, 2012  July 23 is better in order to allow for inclusion of expert discovery in dispositive motions.

Pretrial Conference:  July 31, 2012

DEPOSITIONS

As the case schedule will be extended, we confirm that neither party will take depositions before the March 28 hearing, or whatever new date is rescheduled for it (I left a message with the clerk about changing the date, no response yet).  Thus, all depositions noticed to occur before the March 28th hearing are withdrawn.  As we discussed, MDx agrees to make Boyer, Cutler, Rothschild and West available for their fact witness depositions; HG agrees to make Dodge, Neal and Blackman available for their fact witness depositions.  Rule 30(b)(6) depositions of MDx on hold pending resolution of MDx's motion for protective order. Rule 30(b)(6) depositions of HG will be set on the same days as fact witness depositions of Dodge and Neal.

HEALTH GRADES DOCUMENT SEARCH

In discussing Health Grades' forensic consultant on Friday, it seems to us that the consultant would be doing much more than we requested.

As we indicated, we are mainly interested in documents dated February 8, 2006, or earlier.  Therefore, please have Health Grades limit the date range of its document search to February 8, 2006 or earlier.  Additionally, as previous ESI searches were limited to Health Grades' general servers, and emails and documents of David Hicks, Scott Montroy, John Neal, and Allen Dodge, we assumed the current searches were limited to those as well.  In any case, it is fine to limit the search to Health Grades' general servers, and emails and documents of David Hicks, Scott Montroy, John Neal, and Allen Dodge.  And to be clear, although we did not previously request any search of backup tapes, as discussed Friday Health Grades' searches at the current time do not need to include backup tapes.  We understand that this will significantly decrease the volume of search results and will make the forensic consultant unnecessary.

Agreed that searches will not include backup tapes.  However, as we discussed on Friday, and in our email of February 21, a search conducted only on the HG general servers for the term "PDP" yielded 37,280 documents containing that term - exclusive of emails.  Thus, whether or not your revised search requests will "significantly decrease the volume of search results" remains to be seen.  Also, we may still use the outside forensic document consultant to assist us with the searches on the general servers. We will begin running the highest priority revised search requests and will report on the results.  As we discussed, if the results are unreasonably large, we will confer to attempt to further narrow the requests.  If we cannot reach agreement on this then we may have to file a motion for protective order and to shift costs - we hope this will not be necessary.

On Friday we also discussed the problems with the MDx document productions.  You agreed that you would look into those problems.  We specifically discussed the blank Rothschild documents, which apparently were produced that way to you.  As you know, there are problems in addition to the Rothschild documents, and we are reviewing Mr. Murray's earlier email to us regarding all of the issues.  We note that he also said he would look into the issues.

Additionally, as promised, the following is a list of search terms in order of highest priority to lowest priority.  Please have Health Grades start at the top of the list, and restrict all searching to February 8, 2006 and earlier.

1. "project development plan"
2. "PDP"
3. "project log" OR "project file"

4. "migration log" OR "migration file"
5. "production log" OR "release file" OR "customer service report"
6. "Hewitt"
7. "Patient's Choice"
8. "Rocky Mountain"
9. "Discovery Health"
10. "AARP"

Lastly, our February 3rd email requested documents that are not tied to search terms.  Please see points (3) through (5) of that e-mail, and Health Grades should continue to search for those as well.

Re point 3, this should be in the form of a search request, i.e., emails sent in October 2004 containing the term "survey results."  Please confirm or revise precisely what the search should be, and tell us what priority this search request should be within the list above.

Re point 4, we will produce the responsive, non-privileged documents by the end of this week.

Re point 5, there appear to be some privileged documents within the documents we received from Mr. Blackman.  We will list those on a privilege log.

As we discussed Friday, nothing herein affects either party's pending motions in this case.

On Friday you specifically said that you may withdraw your pending motion to compel given your agreement to revise and narrow the Montroy keyword search requests, and our agreement to run the revised searches in your order of priority.  Our response is due March 13.  If we need to file a response then we will necessarily have to advise the Court regarding:
(a) our initial search,
(b) the initial search results - 37,280 files with the term "PDP" in it,
(c) our request that you narrow the searches as a result and our advisement that the searches would take longer than anticipated and would take enormous employee and machine time to perform, and that we thus were going to engage an outside forensic document consultant to help,
(d) your outright dismissal of all of this as "unacceptable" and your refusal to narrow your search requests and that you proceeded to file your motion to compel with no further conferral (certainly no phone conferral of the type you have argued is absolutely necessary),
(e) our advisement to you that we would file a motion for protective order and to shift costs,
(f) our subsequent conferral on that motion and your agreement then to narrow the search requests, which essentially restarts the Montroy keyword searches and thus makes your pending motion to compel moot.  In your motion you also requested a one-week extension only for MDx's expert report, and that part of your motion is also moot in light of our agreement to extend the deadlines.

Regards.

Scott



NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and

opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.

PLEASE TAKE NOTICE, the information contained in this electronic communication and any document attached hereto or transmitted herewith, including metadata, is attorney-client privileged, work product, private or otherwise confidential, and is intended for the exclusive use of the individual or entity named above. The information transmitted in this e-mail and any attachment is intended only for the personal and confidential use of the intended recipients and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and delete this communication. You are further notified that all personal messages express views solely of the sender which are not to be attributed to Rothgerber Johnson & Lyons LLP and may not be copied or distributed without this disclaimer.