# EXHIBIT M

America's leading patent law source.

# Update on USPTO's Implementation of 'Alice v. CLS Bank'

🕐 August 5, 2014    👤 Dennis Crouch

*The following guest post comes from USPTO Commissioner for Patents Peggy Focarino and is a re-publication of what Commissioner Focarino published on the USPTO Director's Blog.*

Today I would like to address our ==ongoing implementation of the June 19, 2014, unanimous Supreme Court decision in *Alice Corporation Pty. Ltd. v. CLS Bank International, et al. (Alice Corp.).*== In the decision, the court held claims to a computerized scheme for mitigating settlement risk patent-ineligible because they are drawn to an abstract idea. I want to share with you the ==steps we're taking to implement the decision.==

First, on June 25th, we issued preliminary examination instructions to assist examiners when evaluating subject matter eligibility of claims involving abstract ideas, particularly computer-implemented abstract ideas, in view of *Alice Corp.*

Second, the USPTO has applications that were indicated as allowable prior to *Alice Corp.*, but that have not yet issued as patents. ==Given our duty to issue patents in compliance with existing case law, we have taken steps to avoid granting patents on those applications containing patent ineligible claims in view of *Alice Corp*.== To this end, our primary examiners and supervisory patent examiners (SPEs) promptly reviewed the small group of such applications that were most likely to be affected by the *Alice Corp.* ruling.

==We withdrew notice of allowances for some of these applications due to the presence of at least one claim having an abstract idea and no more than a generic computer to perform generic computer functions.== After withdrawal, the applications were returned to the originally assigned examiner for further prosecution. Over the past several days, our examiners have proactively notified those applicants whose applications were withdrawn. (Applicants who had already paid the issue fee for applications withdrawn from allowance may request a refund, a credit to a deposit account, or reapplication of the fee if the applications return to allowed status.)

This limited action was closely-tailored and ==taken specifically in reaction to the *Alice Corp.* decision.== We do not anticipate further review of any applications indicated as allowable under this process, as examiners are currently following the *Alice Corp.* preliminary instructions during examination (i.e., prior to allowance).

Third, as we continue to study *Alice Corp.* in the context of existing and developing precedent, public feedback will assist us in formulating further guidance for our examiners. On June 30th, a Federal Register Notice was published to solicit written comments from the public on the preliminary examination instructions. The period for submitting those comments ended July 31, 2014. We appreciate the comments we have received to date. All input will be carefully considered as we work to develop further examination guidance, which we anticipate issuing this coming fall.

We look forward to working with our stakeholders in refining our examination guidance, and will continue to seek feedback as we implement changes as the laws evolve.

## About Dennis Crouch

Law Professor at the University of Missouri School of Law View all posts by Dennis Crouch →

Show comments