# EXHIBIT C

(Redacted version of Dkt. # 818-4)

Civil Action No. 11-CV-00520-RM-BNB

**HEALTH GRADES, INC.'S MOTION TO COMPEL AND FOR ADDITIONAL SANCTIONS FOR MDx MEDICAL, INC.'S FAILURE TO COMPLY WITH COURT-ORDERED DISCOVERY**

---

# Exhibit F

**Emails relating to Health Grades' request for documents evidencing when MDx suppresses providers from select searches (highlighting added)**

# Massaro, Adam

| | |
|---|---|
| **From:** | Scott D. Stimpson <sstimpson@sillscummis.com> |
| **Sent:** | Friday, June 20, 2014 12:25 PM |
| **To:** | Massaro, Adam; David C. Lee; Trent Dickey; Vincent M. Ferraro |
| **Cc:** | Kanan, Greg; Kostolansky, Kris J.; Goodlette, Tami; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com); Siegal, Kyle |
| **Subject:** | Discovery issues -- documents to be produced by both parties and expert supplements |

Adam:

This responds to your emails below, and follows up on our requests for Health Grades supplemental document production.

MDx Document Production

We have been waiting for you to finalize your list of documents you claim to be related to the Bellomo deposition, consistent with your discussions with Trent and David. Now that it is finalized, we will attend to production and will endeavor to make the production by June 27 as you request (subject to comments below).

On a related matter, in light of Health Grades requests for more MDx contracts (your categories 1-4 and 6), we will need to discuss protocols for this production and limitations on use by Health Grades. We believe the earlier contacts made by Health Grades and/or its counsel to representatives of the MDx customer(s) were inappropriate for a number of reasons. We are considering our options, but need to confer with you about this issue prior to our production of any additional contracts. Also, we will need to discuss with you how licensing could be relevant now in view of recent Supreme Court precedent.

With regard to your category (5), on what page of the Bellomo deposition can we find the reference to this email?

We will need to confer about your categories (7), (8), (9) and (10). They seem overbroad and burdensome, and it is not at all clear why these are needed in view of the query results already produced. Please let us know how are they relevant, what specific Health Grades discovery request asked for them, and why Health Grades did not pursue them long ago during the fact discovery period. ==The document you reference in category (10), for example, was produced years ago and we need an explanation as to why HG did not pursue this during the discovery period.==

To the extent we produce these documents, we will expect Health Grades to do the same – the issues are identical regarding whether the MDX or Health Grades systems are using the patent claims, and both are in issue as you know. So, to the extent you are pursuing this, please confirm that Health Grades is producing the same.

As for your question about MDx 0143119, it shows providers who did not edit anything and did not have any edits entered by MDx, but who clicked an "approve" button in the physician portal. This also responds to the last paragraph in your May 27 email.

Supplementation of Discovery by Health Grades and Supplementing Expert Reports

Now that the Bellomo deposition is done and you have reviewed the transcript, it is time for both parties to supplement discovery and agree on a schedule for supplementing expert reports. We recommend a conference on Monday, June 30 – after the court sets the trial date.

Case No. 1:11-cv-00520-RM-NYW Document 834-4 filed 08/20/14 USDC Colorado pg 4 of 6

We request the following documents from Health Grades. Please let us know if Health Grades can produce them by mid-July.

- Any additional prior art discovered by Health Grades (we will be producing our new prior art soon along with our IPR, and as discussed below we are specifically interested to know if HG had knowledge of this art)
- Any new agreements since the last production (e.g., see those used in the damages analyses of the experts).
- Supplemental revenues, costs, and profits documents related to the HG website.
- All documents about the Health Grades patents and applications (including the '060 and any other patent or application related to the '060), including any intimations or references to the patents and/or applications to any third parties and all correspondence and documents received from third parties about any of these Health Grades patents or applications.
- Any additional documents related to validity issues.
- Any additional documents from prosecutions (in any country) related to the '060 patent or any related patent, including but not limited to cited prior art.
- Any documents we provide to Health Grades related to your allegations of infringement should also be produced by Health Grades in connection with the question of whether Health Grades practices the patent claims, these include all the documents identified above.

Assuming Health Grades will agree to this production by mid-July, we recommend that Dr. Greenspun supplement his infringement report (if he intends to do so) by mid-August, we will supplement our infringement report by mid-September (whether or not Dr. Greenspun supplements). We should supplement the damages experts on the same schedule, depending on the trial date set.

Also, please explain the production accompanying your May 27 email. Are there any documents related to this that were not produced? Why is it being produced now?

Prior Art Production and Supplementation of Invalidity Report

As you will see in our forthcoming IPR, we have new prior art that we strongly believe invalidates all the claims of the '052 patent. While our search to locate this art was directed to the '052 patent, art was uncovered that is highly relevant to the '060 patent, and indeed we believe it will invalidate the claims of the '060 patent too.

We intend to supplement our invalidity contentions, and our expert report on invalidity. The art will be produced to you soon in connection with our IPR, and at that time we will need to address (1) whether Health Grades had knowledge of this prior art but did not produce it or identify it in response to our discovery requests (documents Health Grades did produce indicate that Health Grades was aware of this art long ago); (2) whether Health Grades will consent to our supplementing our invalidity report and invalidity contentions.

I suggest we schedule a conference call on all of these issues sometime next week, after we have received your responses to our inquiries above. We can also discuss our collective availability for trial, per the Court's order.

We look forward to hearing from you.

Scott


**Scott D. Stimpson**
Member of the Firm



website | bio | vCard | newsroom | email  

30 Rockefeller Plaza, New York, NY 10112

p (212) 500-1550 | f (212) 643-6500   **map**

---

**From:** Massaro, Adam [mailto:AMassaro@lrrlaw.com]
**Sent:** Wednesday, June 18, 2014 3:11 PM
**To:** David C. Lee; Scott D. Stimpson; Trent Dickey; Vincent M. Ferraro
**Cc:** Kanan, Greg; Kostolansky, Kris J.; Goodlette, Tami; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com); Siegal, Kyle
**Subject:** RE: Health Grades/MDx: Additional Documents to Produce From MDx's 30(b)(6) Deposition

David,

In our earlier call, Trent asked us to identify any documents in addition to the documents identified in my May 27 email that we believe should be produced. We have not identified any additional documents from our review of the transcript. You have had the transcript of the 30(b)(6) deposition since June 2 and our list of documents for 23 days. We ask that you produce the requested documents and updated spreadsheet no later than June 27, thirty-one days from when you received our requests. If the requested materials are not produced, we will complete our conferral and likely file a motion to compel.

Also, MDX 0143119 (excerpt attached) was produced April 29 along with a spreadsheet that listed providers who clicked on the different approval windows (MDX 0143118). MDX 0143119 contains columns showing providers who clicked the windows, but none of the other columns in MDX 0143118, e.g. edits of specialty, languages etc. The corporate representative wasn't familiar with this document. p. 219:5-7 Q: "Exhibit 16 is another document produced by MDx. Can you identify that document?" A. "This is not one I have seen." The providers on MDX 0143119 appear to be different than on MDX 0143118. Please explain by June 27 what types of providers are captured on MDX 0143119 and why it contains less information about the providers than MDX 0143118.

Thank you.

---

**From:** David C. Lee [mailto:dlee@sillscummis.com]
**Sent:** Thursday, May 29, 2014 9:10 AM
**To:** Massaro, Adam; Scott D. Stimpson; Trent Dickey; Vincent M. Ferraro
**Cc:** Kanan, Greg; Kostolansky, Kris J.; Vazquez, Jesus; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com); Siegal, Kyle
**Subject:** RE: Health Grades/MDx: Additional Documents to Produce From MDx's 30(b)(6) Deposition


Adam,

We are awaiting the transcript of the 30(b)(6) deposition and cannot address your email below until we receive and review the transcript. We will respond fully once we have it.

Regards,
David


**David C. Lee**
Associate



website | bio | vCard | newsroom | email  

30 Rockefeller Plaza, New York, NY 10112

p (212) 500-1546 |  f (212) 643-6500   **map**

---

**From:** Massaro, Adam [mailto:AMassaro@lrrlaw.com]
**Sent:** Tuesday, May 27, 2014 7:54 PM
**To:** Scott D. Stimpson; Trent Dickey; David C. Lee; Vincent M. Ferraro
**Cc:** Kanan, Greg; Kostolansky, Kris J.; Vazquez, Jesus; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com); Siegal, Kyle
**Subject:** Health Grades/MDx: Additional Documents to Produce From MDx's 30(b)(6) Deposition

Scott,

As discussed during our call on May 23, here are the categories of documents that we believe should be produced as a result of the testimony provided by Mr. Bellomo at the MDx Rule 30(b)(6) deposition on May 15.  These categories of documents are separate and distinct from any supplemental productions that the parties may agree to in the future.  Please let us know when we can expect to receive the requested documents.

(1) Any MDx data licensing agreements, including, but not limited to the "five or more" other licensing agreements referenced by Mr. Bellomo that MDx has not produced.

(2) Any marketing PowerPoint presentations MDx has prepared (final versions and drafts) but not produced, including, but not limited to PowerPoint presentations related to the "five or more" other licensing agreements referenced in No. 1.

(3) **REDACTED**, which is supported by the database MDx prepared, and Mr. Bellomo described during the 30(B)(6) deposition.

(4) Screenshots of any other third-party websites and/or mobile applications where MDx provides certain data and/or supports the website or mobile application with a database that MDx has prepared or houses.

(5) Documents evidencing the information fields that are contained in the database MDx prepared for **REDACTED** (30(b)(6) Deposition Exhibit 27) [MDX016611-0106643].  This production should include the email Mr. Bellomo referenced during the 30(b)(6) deposition that he received from David Blumenthal, listing the fields.

(6) Documents evidencing the information fields that MDx provides third parties per the "five or more" other licensing agreements identified in No. 1.

(7) Documents evidencing the identities of the third-party website scrapers that MDx employs and documents showing the information they have scraped.

(8) NPI documents, state medical board documents, or any other documents that contain licensure, board certification, disciplinary action, medical school, medical residency, or medical fellowship information, with or without disclaimers.

(9)  Documents evidencing or referencing every source from which MDx obtains internship, medical residency, or medical fellowship information.

(10) Documents relating to when providers are suppressed from select searches, *see, e.g.* (30(b)(6) Deposition Exhibit 46) [MDX0062500-0062502]

We also need MDx to provide an updated spreadsheet that lists all providers who signed in through the physician portal and clicked on some or all of the "approve" windows, but never made edits to their profile or requested edits be made.  Per Mr. Bellomo's deposition testimony, this pool of providers was not included in the different Excel

spreadsheets MDx has produced thus far. MDx only provided us data on providers who made edits and clicked on some or all of the "approve" windows.

Please also find HG234984-234985, which we are disclosing as a supplemental disclosure.



**Adam Massaro, Associate**
**Lewis Roca Rothgerber LLP |**
**1200 17th St Suite 3000 | Denver, CO 80202-5855**
**(T) 303.628.9513 | (F) 303.623.9222**
**AMassaro@lrrlaw.com | www.LRRLaw.com**

 **Rothgerber Johnson & Lyons LLP is now Lewis Roca Rothgerber LLP.**

This message and any attachments are intended only for the use of the individual or entity to which they are addressed. If the reader of this message or an attachment is not the intended recipient or the employee or agent responsible for delivering the message or attachment to the intended recipient you are hereby notified that any dissemination, distribution or copying of this message or any attachment is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender. The information transmitted in this message and any attachments may be privileged, is intended only for the personal and confidential use of the intended recipients, and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521.

In accordance with Internal Revenue Service Circular 230, we advise you that if this message or any attachments contains any tax advice, such tax advice was not intended or written to be used, and it cannot be used, by any taxpayer for the purpose of avoiding penalties that may be imposed on the taxpayer.

NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.

This message and any attachments are intended only for the use of the individual or entity to which they are addressed. If the reader of this message or an attachment is not the intended recipient or the employee or agent responsible for delivering the message or attachment to the intended recipient you are hereby notified that any dissemination, distribution or copying of this message or any attachment is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender. The information transmitted in this message and any attachments may be privileged, is intended only for the personal and confidential use of the intended recipients, and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521.

In accordance with Internal Revenue Service Circular 230, we advise you that if this message or any attachments contains any tax advice, such tax advice was not intended or written to be used, and it cannot be used, by any taxpayer for the purpose of avoiding penalties that may be imposed on the taxpayer.