**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**DECLARATION OF SCOTT D. STIMPSON IN SUPPORT OF MDX'S OPPOSITION TO HEALTH GRADES' MOTION TO COMPEL AND FOR ADDITIONAL SANCTIONS**

SCOTT D. STIMPSON, being of full age, hereby declares and states as follows:

1. I make this declaration in support of Defendant MDx Medical, Inc.'s Opposition to Health Grades' Motion to Compel and For Additional Sanctions (Dkt. #818). Unless otherwise noted, the statements made herein are based on my personal knowledge.

2. I am a Member of the firm of Sills Cummis & Gross P.C. and lead counsel for defendant and counterclaim plaintiff MDx Medical, Inc. ("MDx"). In that capacity, I oversaw the response of MDx to discovery requests and signed the certification required by *Fed. R. Civ. P.* 26(g), including MDx's Supplemental Response to Health Grades' Interrogatory No. 2.

3. I have been a patent attorney for twenty-five years. Over this time, I have handled numerous patent cases, as patent litigation has been the great majority of my practice.

4. This case involves Health Grades' patent, U.S. Patent No. 7,752,060 ("the '060 patent"), attached as Exhibit A.

5. At the outset of this case, we agreed with counsel for Health Grades that patent local rules would be desirable. We jointly requested this Court to adopt the patent local rules of the Northern District of California for this case, and the Court ordered use of those rules.

6. This case was commenced in March 2011, and Health Grades provided its initial infringement contentions in July 2011. Amended infringement contentions were filed in September of 2013, relevant portions of which are attached as Exhibit B. Our conduct of discovery in this case has been guided by our experience with patent local rules. Accordingly, our discovery approach did not address patent claims that were not asserted in the infringement contentions, and did not address accused instrumentalities not accused in the infringement contentions.

**The MDx Use of Disciplinary and Licensure Information For Awards**

7. Health Grades is contending that it is only recently learning that MDx uses disciplinary and licensure information in determining awards. However, documents evidencing these facts have been produced to Health Grades for a long time.

8. Attached as Exhibit C is a document that was produced to Health Grades in August of 2011 (highlighting added). It explains the criteria for awards, including that the providers be active and have no sanctions.

9. Attached as Exhibit D is another document on point produced in January 2012. It identifies use of sanctions information for suppression and other purposes (e.g., "I would like to weed out doctors with sanctions from our Top Ten pulls"; and "have the doctors with sanctions

2

suppressed from the selects that are run"; highlighting added).  Health Grades took the depositions of two of the people on this email, Erika Boyer and Jeff Cutler.  Later, in March of 2013, Health Grades added this document to its trial exhibit list.

10. In October of 2013, we produced to Health Grades Exhibits E and F (highlighting added).  Both documents state in detail that disciplinary information and licensure information are considered in connection with various awards.  These documents were produced as two separate, stand-alone documents in a group of only forty-nine total documents.  Further, Health Grades subsequently used at least two of the forty-nine documents in deposition, although not these specific documents to my recollection.

11. Health Grades took the 30(b)(6) deposition of MDx representative Tony Bellomo on May 15, 2014.  Mr. Bellomo was asked about specifics of MDx's awards procedures and specifically as to whether disciplinary information was factored into deciding about eligibility for awards and he testified he was not certain.  However, Mr. Bellomo was not prepared for questions on this topic since third party awards, sanctions and disciplinary actions were not topics in the 30(b)(6) notice, attached as Exhibit G.

12. Health Grades is now raising a new infringement argument.  Specifically, Health Grades is arguing that MDx's use of disciplinary and licensure information to bestow awards, meets the claim language requiring use of that information to create a report.  Although this argument is found nowhere in the Infringement Contentions, Health Grades is questioning whether MDx should have addressed this argument in its response to Interrogatory 2.

13. MDx verified its supplemental response, and this was served on Health Grades on May 7, 2014, attached as Exhibit H.

3

14. There are two reasons why we did not address, in the supplemental responses to Interrogatory No. 2, whether use of this third party data to bestow awards would meet the claim language that requires use of that data for creation of a report. First, it simply did not occur to us that Health Grades might make this argument. The patent claims and specification plainly distinguish use of information for creating a database from use to create the report, as shown in the patent, for example, in independent claims 1 and 15, and in Figures 16 and 17 and the accompanying text. Moreover, the only mention of "awards" in the patent claims is in connection with data received from the provider (not the separately claimed third party data), and indeed it was this different mention of "awards" in the claims that resulted in the documents above being produced.

15. Secondly, the Health Grades Infringement Contentions have no mention of these facts, even though they have been known to Health Grades for years. It is my understanding that, in providing non-infringement positions in response to contention interrogatories such as Interrogatory No 2, patent defendants are not required to guess about arguments the patent plaintiff might make (even if the argument was reasonable), but instead the focus is on the details of the actual infringement allegations made pursuant to the Patent Rules. In fact, under the California Patent Rules, Health Grades should not even be allowed to pursue infringement theories where (as here) Health Grades knew of the underlying facts and failed to timely move to amend its Contentions. For this reason, we have filed a corresponding motion to preclude Health Grades from making any infringement argument at trial relating to how the awards are created.

16. Health Grades alleges that MDx made two "false" statements in the MDx verified supplemental responses. Specifically, Health Grades alleges that MDx's statements that MDx

4

has not created provider profiles using disciplinary or licensure information are false. These statements, however, are simply part of MDx's non-infringement contentions, and they are both accurate and supported by the facts in Ms. Boyer's accompanying declaration (the software for creating the reports does not use either of these data points in creating the report), and by the plain meaning of the patent specification and claim language addressed above. In fact, as shown above, Health Grades' counsel has known for years that both licensure and disciplinary information are used to bestow awards, and by their long silence about this issue I infer that, until recently, they too have not considered the facts related to bestowing awards to have any relation to the claim element about creating a report.

### MDx Has Not Evaded Admissions of Claim Elements

17. Health Grades also alleges that MDx failed to adequately supplement its response to Interrogatory No. 2, asserting that MDx failed to admit that 3,982 doctor profiles meet every claim element, and making a variety of other allegations regarding alleged deficiencies in the response.

18. MDx's supplemental response (Exhibit H) is twenty pages long, and goes into detail about each claim element MDx alleges to be missing (*see, e.g.,* pages 3-16; Sections A through I, page 3: "Below are the specific claim elements missing from the Vitals.com website"). At page 17, MDx specifically addresses some arguments Health Grades has made; and at page 18, we identify claim elements that are met. The supplemental response makes clear that no MDx report meets all the elements of any claim, and specifically that no report has information verified by a provider (page 7), no report is created using information verified by a

5

provider (pages 7, 10), and no report is created using three or more of the third party data elements (pages 11-12).

19. Health Grades' brief recites various alleged admissions and failures of MDx, which are addressed in our Opposition brief in detail.

20. We endeavored, in response to the Court's Sanctions Order (Dkt. #711), to provide a thorough response to this interrogatory, and along with it we produced large amounts of data from the MDx database, in response not only to the Court's Order, but also to specific requests from Health Grades counsel. A sample page from the charts MDx produced is attached as Exhibit I, and we produced extensive charts involving thousands of providers, and gave them to Health Grades counsel in excel format so they could work with them and present them as they like.

21. I was responsible for directing MDx in the supplemental responses to Interrogatory No. 2. Local counsel was not involved in obtaining the information for or responding to Interrogatory No. 2, and was not responsible for any related queries or document production.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on August 22, 2014            _____*s:/Scott D. Stimpson*_____
                                             SCOTT  D. STIMPSON