IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**DECLARATION OF ERIKA BOYER**

---

ERIKA BOYER, being of full age, hereby declares and states as follows:

1. I make this declaration in support of Defendant MDx Medical, Inc.'s Opposition to Health Grades Motion to Compel and For Additional Sanctions (dkt. #818). Unless otherwise noted, the statements made herein are based on my personal knowledge.

2. I am one of the founding individuals of MDx Medical, Inc. ("MDx"), and currently my title with MDx is Vice President, Data Operations.

3. MDx uses licensure and disciplinary information as part of its criteria in determining whether to grant providers various types of awards. Typically, once a year we determine which doctors are eligible for the awards, and they are granted on an annual basis. For example, a doctor may receive a Patient's Choice Award for 2013, but that does not mean he or

she will receive it the following year. When awards are granted to a provider, they are introduced into the MDx database in the section for awards.

4. MDx uses the awards in a variety of ways. For example, we generate income from the awards by working with a third party that sells plaques and awards to the providers. We also reference the awards in results lists, in addition to in provider profiles.

5. Subsequent to MDx's receipt of Plaintiff's Motion to Compel and for Additional Sanctions, I confirmed that the information MDx provided to Health Grades in discovery in October, 2013 pertaining to Vitals' Awards was correct and properly discloses that the algorithms used to determine Vitals' Awards culls doctors from eligibility if they had been sanctioned, and they needed to have an active medical license.

6. Awards for a particular calendar year are determined in the subsequent year using the prior calendar year data. Hence, 2014 Vitals' awards would not be determined until 2015. When a user of our website requests a report on a certain provider, the software collects the information from the database and generates the requested report. Licensure and disciplinary information are not used in that process of creating the report. The two processes of bestowing awards on providers, and creating reports in response to user requests are very different, and they are completely separate functions, using different software. I have confirmed this understanding with our Chief Technology Officer, Larry West

7. In July 2014, as a result of Health Grades' new claim theory, MDx decided to suspend culling for sanctions for 2014 award eligibility. I authorized our counsel to disclose that such culling had not occurred since September 2013. I subsequently learned that there was an exception that I was not aware of. Vitals' Top Ten Award was not issued for 2013, but was run in May of 2014 using data for May 1, 2013 to April 20, 2014. MDx's Marketing

2

Department designated this as a "2014 Award" because it included the first quarter of 2014 data. This is contrary to our normal practice and was the result of a unique marketing need our client in the awards plaque business. Hence, culling for sanctions was employed for this one "2014 Award".

8. Upon further analysis of Health Grades' new theory, MDx has decided not to suspend our practice of culling physicians with sanctions for eligibility for awards and will continue to require that they have active licenses. MDx has not, and has no present intent to use sanctions or licensure data to create or display such information in reports or profiles.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 21, 2014

_____
ERIKA BOYER