**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S MOTION FOR LEAVE TO RESTRICT ACCESS TO
DOCUMENTS - DOCUMENT NOS. 831 AND 831-2**

---

    Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, pursuant to *D.C.COLO.LCivR* 7.2, moves this Court for an order continuing the restricted access to document numbers 831 and 831-2, which were filed by Health Grades, Inc. ("Health Grades") (hereinafter the "Motion to Restrict"). Dkt. No. 831 is Health Grades' Opposition to MDx's Motion to Compel Document Discovery, Additional Depositions, and Queries on the Health Grades System [Doc. #811] ("HG's Opposition"). Dkt. No. 831-2 is an exhibit to HG's Opposition.

    Regarding document numbers 831 and 831-2, MDx is submitting proposed, redacted versions of the documents, from which the MDx highly confidential information has been redacted, in exactly the same or similar fashion as previously accepted by the Court, to be used for public access. Therefore, in light of the arguments herein, MDx respectfully requests that access to the unredacted versions of document numbers 831 and 831-2 remain restricted at

1

Restricted Level 1, and the proposed redacted documents attached hereto be used as replacements for document numbers 831 and 831-2 for public access.

Pursuant to *D.C.COLO.LCivR* 7.1(a), MDx's counsel conferred with counsel for Health Grades on August 27, 2014 regarding this Motion to Restrict, and Health Grades has indicated that it takes no position with respect to this Motion to Restrict.

**Discussion**

MDx respectfully requests very limited confidentiality restrictions for document numbers 831 and 831-2, to redact references in these documents to specific, competitively sensitive, highly confidential and proprietary information regarding MDx's accused website, vitals.com, usage metrics, percentages, internal data and statistics, and internal website operations and data license information in the identical or similar manner that this Court has previously restricted the same or similar highly confidential information in documents previously filed in this action.

MDx respectfully requests continued restricted access to Dkt. Nos. 831 and 831-2 as follows below.

**Dkt. No. 831-1** – MDx is not requesting continued restricted access for this document, and, therefore, restricted access to this document shall no longer be necessary.

**Dkt. No. 831** – HG's Opposition, filed as Dkt. No. 831, contains MDx's highly confidential, proprietary information regarding vitals.com usage metrics and internal data and statistics. This type of information is competitively sensitive and it represents trade secrets that MDx does not make public. *See* Declaration of Erika Boyer, dated October 10, 2012, Dkt. No. 322-1, at ¶¶ 4-5. If disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx regarding its data, products and services, that would

2

cause damage to MDx in its efforts to secure business partners, data licensing agreements and possibly advertising. *Id.* The Court has previously granted MDx's request (*see e.g.*, Dkt. No. 768) to redact the exact same information from public access. *See e.g.*, Court's Order, Dkt. No. 776. MDx submits a redacted version of Dkt. No. 831 with the exact same redactions that it previously submitted and the Court has previously approved, attached hereto as Exhibit A. MDx, therefore, respectfully requests that access to Dkt. No. 831 be similarly restricted.

**Dkt. No. 831-2** – Series of correspondence between MDx's and Health Grades' counsel in July of 2014 discussing various discovery issues between the parties. This series of correspondence contains highly confidential, proprietary information regarding vitals.com usage metrics, percentages, internal data and statistics, and internal website operations and the identities of several of MDx's recent data licensees, which MDx considers to be highly confidential information. This is competitively sensitive information that MDx does not make public, and represents trade secrets. *See* Declaration of Erika Boyer, dated October 10, 2012, Dkt. No. 322-1, at ¶¶ 4-5 and Declaration of Bryan Perler, dated August 20, 2014, Dkt. No. 834-1, at ¶¶ 4-5. If disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx regarding its data, products and services, that would cause damage to MDx in its efforts to secure business partners, data licensing agreements and possibly advertising. Dkt. No. 322-1, at ¶¶ 4-5 and Dkt. No. 834-1, at ¶ 6. The Court has previously granted MDx's request (*see e.g.*, Dkt. Nos. 322, 353, 400, 459, 466, 551, 578, 648, 698 and 768) to redact the same or similar highly confidential information from previous documents filed with the Court. *See e.g.*, Court's Orders, Dkt. Nos. 483, 508, 557, 586, 690 and 776. MDx submits a redacted version of Dkt. No. 831-2 with the same or similar redactions that it previously

3

submitted and the Court has previously approved, attached hereto as Exhibit B.  MDx, therefore, respectfully requests that access to Dkt. No. 831-2 be similarly restricted.

MDx is requesting that the Court grant similar relief that it has previously granted regarding protecting from public disclosure highly confidential internal data and statistics regarding its website, vitals.com, and the identities of its recent data licensees by proposing very limited redactions of just this information from Dkt. Nos. 831 and 831-2.

**Conclusion**

For the foregoing reasons, MDx respectfully requests that the Court grant this motion for continued restrictions on access to Document Nos. 831 and 831-2, at a Level 1 restriction, and to use the attached, redacted exhibits as public access versions for Document Nos. 831 and 831-2.

Dated:  August 27, 2014                                        Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson                                               Terence Ridley, Atty. No. 15212
Trent S. Dickey                                                 Wheeler Trigg O'Donnell LLP
David C. Lee                                                    370 Seventeenth Street, Suite 4500
Vincent M. Ferraro                                              Denver, Colorado 80202
Sills Cummis & Gross P.C.                                       Tel:  (303) 244-1800
30 Rockefeller Plaza                                            Fax:   (303) 244-1879
New York, New York 10112                                        E-mail: ridley@wtotrial.com
Tel: (212) 643-7000
Fax: (212) 643-6500                                             *Attorneys for Defendant*
E-mail: sstimpson@sillscummis.com                               MDx Medical, Inc. d/b/a VITALS.COM
E-mail: tdickey@sillscummis.com
E-mail: dlee@sillscummis.com
E-mail: vferraro@sillscummis.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2014, I electronically filed the foregoing **MDX MEDICAL, INC.'S MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENTS - DOCUMENT NOS. 831 AND 831-2** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez, Jr.**
  jvazquez@lrrlaw.com, phenke@lrrlaw.com

- **Gregory B. Kanan**
  gkanan@lrrlaw.com

- **Kris John Kostolansky**
  kkosto@lrrlaw.com

- **Adam Lee Massaro**
  amassaro@lrrlaw.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Trent S. Dickey**
  tdickey@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Vincent Marc Ferraro**
  vferraro@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

                                         _s:/Vincent M. Ferraro_