1

```
 1                 IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLORADO
 2
     Civil Action No. 11-cv-520-RM-BNB
 3
     HEALTHGRADES, INC.,
 4
          Plaintiff,
 5
     vs.
 6
     MDX MEDICAL, INC., d/b/a  VITALS.COM,
 7
          Defendant.
 8
     _____
 9
                           REPORTER'S TRANSCRIPT
10                              HEARING

11   _____

12           Proceedings before the HONORABLE RAYMOND P. MOORE,
     Judge, United States District Court for the District of
13   Colorado, commencing at 1 p.m., on the 27th day of June, 2014,
     in Courtroom A601, United States Courthouse, Denver, Colorado.
14
                                APPEARANCES
15
     Kris Kostolanksy, Lewis Roca Rothgerber LLP-Denver 1200
16   17th Street, One Tabor Center, Suite 3000, Denver, Colorado
     80202, and Kirstin Stoll-Debell, Merchant & Gould, 3200 IDS
17   Center 80 South Eighth Street, Minneapolis, Minnesota 55402

18
     Scott Stimpson, Sills Cummis & Gross P.C.-New York
19   30 Rockefeller Plaza 25th Floor New York, NY 10112 and
     Trent S. Dickey, Sills Cummis & Gross P.C.-Newark One
20   Riverfront Plaza Newark, NJ 07102-5400 and Terence M. Ridley,
     Wheeler Trigg O'Donnell, LLP 370 17th Street Suite 4500,
21   Denver, Colorado, 80202-5647

22

23              TAMMY HOFFSCHILDT, Official Reporter
                 901 19th Street, Denver, Colorado 80294
24           Proceedings Reported by Mechanical Stenography
                 Transcription Produced via Computer
25
```

EXHIBIT 22
8/28/14

```
 1                     P R O C E E D I N G S
 2              (In chambers at 1:00 p.m.)
 3              THE COURT:  My judicial assistant is not here, so our
 4   operation of the phones is a little bit of a comedy of errors.
 5              Why don't we go ahead and be formal about it.  Let me
 6   have -- take appearances.
 7              MR. KOSTOLANSKY:  Good afternoon.  Kris Kostolansky
 8   with Lewis Roca Rothgerber on behalf of the plaintiff,
 9   Healthgrades, along with Kirstin Stoll-DeBell.
10              MR. STIMPSON:  Scott Stimpson and Trent Dickey
11   representing MDx, and Terence Ridley is on from Wheeler & Trigg
12   O'Donnell.
13              THE COURT:  Just to make things simple, I made a
14   promise to my court reporter, and that is that I would ask you
15   that when you respond, would you just say who you are, if you
16   have anything to say during the course of this hearing.  I,
17   obviously, recognize Mr. Kostolansky and Mr. Stimpson's voices,
18   having heard them a number of times, but it's just going to be
19   easier for her, rather than guessing at who is speaking, if you
20   would just say who you were.
21              All right.  I guess there's some -- here to set a
22   trial date, and to also do some minor cleanup.  I was going to
23   tell you Monday, but I decided not to do that, because my sense
24   of humor is a little bizarre, and I knew that you would, of
25   course, say we will be ready to go, so -- which defeats the
```

1   whole purpose of it.
2           I -- I have a date that is pretty much a
3   take-it-or-leave-it kind of date, and I don't mean to be
4   insensitive here.  It's just things are clogged up, and I have
5   got some large criminal things that are on the parameters of
6   these things.
7           Anyway, I'm looking at December 1 through December
8   12th.  The first two weeks.  I think you may have originally
9   set it for a little longer than that, but what I'm hoping is we
10  can get it done in two weeks.  I may have some flexibility at
11  the beginning of that third week, but that's -- that's the date
12  that works in terms of my calendar and existing settings.  Even
13  with that, I bumped somebody who is not going to be happy to be
14  bumped, but, hell, I did that to you, as well, didn't I,
15  gentlemen?
16          MR. STIMPSON:  Your Honor, this is Scott Stimpson.  We
17  had a conference call yesterday with Mr. Kostolansky and came
18  up with dates that were available.  The week of December 12th
19  is definitely open.  I'm trying to figure out why the week of
20  December one is not available.  I don't know if that was our
21  side or your side, Mr. Kostolansky?
22          MR. KOSTOLANSKY:  Well, this -- this is
23  Mr. Kostolansky.  We're available that week of December 1.
24          MR. DICKEY:  This is Trent Dickey.  Number one, I was
25  recommending against that.  I have a trial the week of the 17th

1   in Dallas, was not going through Thanksgiving week, but I was
2   concerned about preparation with Thanksgiving, my wife's
3   birthday, she is a lawyer too, excuse me, but that was the
4   reason why I was hoping the -- the first week of December would
5   not be selected.
6          THE COURT: Let me ask you this, what -- because I
7   want to make sure that I have a right sense of things, what are
8   the estimates for the amount of time for trial?
9          MR. STIMPSON: This is Scott Stimpson. We had
10  originally estimated seven trial days. Mr. Kostolansky and I
11  were debating yesterday whether we might need a little more.
12  We were going to suggest, perhaps, eight, but to be a little
13  bit more on the safe side.
14         THE COURT: Okay. I really don't have a whole lot of
15  flexibility. If you -- well, no, I'm not going to do that.
16  I'm not going to start a jury on Wednesday. I'm sorry about
17  your wife's birthday, counselor, I'm sorry about Thanksgiving,
18  and I am sorry about any and everything else that there is to
19  be sorry about, but I pretty much am locked in. If we're going
20  to have a block of a couple of weeks, it's going to be those
21  first two weeks in December.
22         Now, if you want to wait until April, I can open some
23  stuff up, but I don't think that anybody wants to do that.
24         MR. STIMPSON: This is Scott Simpson. I think we will
25  have to make that work.

1    *THE COURT:* Okay. Trial prep on November -- excuse
2 me, November 14, at 1 o'clock. That I can move around a little
3 bit. So if later on you find something that's a little tricky,
4 there, call my staff and we can work some things out. Okay.
5    *MR. DICKEY:* This is Trent Dickey. I will not be
6 available, because I will be in Dallas on that trial, but
7 Mr. Stimpson can make it.
8    *THE COURT:* Okay. All right. A couple other things.
9 What I want to do is -- is make things easier on me. If there
10 is, between now and the trial date, some requirement or need to
11 file some restricted document call that Class 1, or some
12 request or a need to file something for an extension of time,
13 call that Class 2, or a need to supplement something, which,
14 frankly, I'm -- I would say is disfavored, but nonetheless if
15 there's a need to supplement something, call that Class 3.
16    Call my law clerk before filing anything, with respect
17 to that. And the reason I say that is, as I look at the docket
18 sheet, it looks like -- well, trying to find anything on it is
19 impossible, especially with the restricted documents. I
20 recognize, gentlemen, that you are following the Court's local
21 rules with regard to that, but frankly, the Court's local
22 rules, with regard to that, in this case, is driving me nuts,
23 and I think that at least if you touch base with my law clerk,
24 she can get you an answer quickly, and at least be aware of
25 what's coming, make sure that it's docketed right, rather than

1   being docketed as just a restricted document and then we have
2   got to try and figure out whether there's anything beyond --
3   behind that heading, make sure that it's, for example, a
4   restricted motion to whatever, or restricted exhibits to
5   whatever. I think it's going to be easier if you touch base on
6   those three classes of things. Hopefully none of which will
7   ever need to be filed between now and December, but if you do,
8   in terms of those things, touch base with Jennie first, and she
9   can be reached at chambers' number. All right.
10              *MR. KOSTOLANSKY:* Fine. Thank you, Your Honor.
11              *THE COURT:* Okay. And then this -- this falls into
12   the category of rank document cleanup. I'm going to tick off
13   some things and rule on them very quickly.
14              Number 598, Motion To Bifurcate Trial On Issue Of
15   Inequitable Conduct, denied as moot; 669, Motion For Leave To
16   Permit Dr. Phillip Greenspun to testify by telephone, back in
17   December, denied as moot; 673, Unopposed Motion To Supplement,
18   granted; 675, Unopposed Motion To File A Response, granted; 738
19   Unopposed Motion For Leave To File Corrected Exhibit Z,
20   granted; 744, Amended Motion To Supplement 673, and Unopposed
21   Motion To Supplement, 369, granted, and 797, Motion For Order
22   To Request A Trial Date, granted.
23              And that's just literally just cleaning up some things
24   that still sit as -- on the docket as open.
25              There are two other things that I want to tell you,

1   gentlemen and then I think, obviously, I need to get busy,
2   because even though we have those dates, I know there are some
3   other motions that are there, that may impact the trial time,
4   and I will turn to them as quickly as I can.
5   　　　　　But there are just some carry-over events I remember
6   at the -- I believe it was the hearing in December on the
7   testimony of the various experts.  There was a request, my
8   memory of the formality of that is somewhat blurred on the
9   edges, but it was at least a suggestion by Mr. Stimpson that
10  perhaps an additional *Markman* would be -- would be appropriate
11  in this case, or that some modification or supplementation of
12  the *Markman* order be made.  To the extent that that can be
13  construed as a motion, I deny it.
14  　　　　　The second thing that was carried over from that point
15  in time was -- and it may be, with respect to Dr. Cooper, but I
16  didn't go back and check the transcript, but the point was,
17  there was a question as to whether or not experts would be
18  permitted to testify with respect to terms in a way different
19  than expressed in the *Markman* order, and what I am telling you
20  is that at this trial I am not going to permit experts to be
21  redefining terms.  We're going to stick with the *Markman* order,
22  and any expert testimony that tries to redefine that will be
23  met with difficulty.
24  　　　　　I understand that I just kind of put this on you, and
25  I don't have paper in front of me, but I'm assuming that you

1  both can recall the topics that I'm talking about?
2          MR. KOSTOLANSKY: This is Mr. Kostolansky. I can,
3  Your Honor.
4          THE COURT: All right. And Mr. Stimpson?
5          MR. STIMPSON: I can remember the first part about the
6  *Markman*, Your Honor. Honestly, the part about experts, on
7  different terms, I don't remember that well.
8          THE COURT: Well, I can tell you -- tell you that
9  Mr. Kostolansky raised an issue as to whether or not -- and it
10 may have been Dr. Cooper, but one of your experts was offering
11 opinions that were dependent upon different definitions,
12 than -- than were contained in the *Markman* order, and at one
13 point, if I'm remembering correctly, towards the end of the
14 hearing, Mr. Kostolansky suggested, Well, perhaps we can just
15 resolve all of this by saying that no one shall testify
16 contrary to the *Markman* order. And I suppose what I'm telling
17 you is I'm adopting that approach.
18         MR. STIMPSON: That -- that certainly -- Scott
19 Stimpson. That's absolutely fine on our end, Your Honor.
20         THE COURT: Is my memory right, Mr. Kostolansky?
21         MR. KOSTOLANSKY: It is, Your Honor.
22         THE COURT: Okay. All right. That's all I had for
23 today.
24         Can you -- let me just make sure what I see as being
25 open and that I will deal on -- deal with is the Motion To

1  Bifurcate on -- no.  I'm sorry.  The Motion For Summary
2  Judgment Of No Willfulness, Partial Summary Judgment On Issue
3  Of Damages, Summary Judgment Of No Infringement With Regard To
4  Amended Complaint And Allegations Relating To AETNA Life
5  Insurance Company issue.  There are some magistrate objections
6  that I have to deal with, as well as the motion in limine.  The
7  three summary judgments I will turn to now.  All right.
8           MR. STIMPSON:  All right.
9           THE COURT:  I don't mean this moment.  I mean, I will
10 address them and get that to you as quickly as I can.
11          I don't have anything further, gentlemen.  Anything on
12 behalf of Healthgrades?
13          MR. KOSTOLANSKY:  Your Honor, this is Mr. Kostolansky.
14 Just to clarify the trial setting, is that December 1 through
15 12?
16          THE COURT:  Yes.  You can use as much or little of it
17 as you want.
18          MR. KOSTOLANSKY:  Thank you, Your Honor.
19          MR. STIMPSON:  Excuse me.  I'm sorry.  This is Scott
20 Stimpson.  You just cut out for a little bit.  I heard one
21 through twelve.
22          THE COURT:  Yes.  What I have done is I have set aside
23 those two weeks.  I understand that you were saying earlier
24 that perhaps eight days would be closer.  I blocked ten for
25 you.

1   MR. STIMPSON: Okay.  Thank you, Your Honor.  I
2   understand.
3       THE COURT: And I want -- I want the two of you to
4   think about something and let me know what you think.  I mean,
5   as someone relatively new to these concepts that both of you
6   can wake up from a dead sleep on and start announcing and
7   pronouncing various standards and rules and all of the rest of
8   it, this is not something that is easy consumption for a
9   layman, and we're going to have a jury here.  I'm told that
10  there are things that the Administrative Office has suggested,
11  and I am not a fan of just going along with something, because
12  the Administrative Office of the U.S. Courts has suggested it,
13  but there are some things, like apparently there's some video
14  that they have prepared or that may be available as an
15  introduction to patent law that sometimes is played for the
16  jury after it's selected, before the start of evidence, to get
17  a, kind of, an overview of patent law or patent process.
18      I'm open to such things.  I'm not advocating any one
19  of such things, but I think it probably would behoove the two
20  of you if there is such a thing that you think would be useful
21  to get together on that and just let me know what you think,
22  and I am more than happy to accommodate you.
23      MR. STIMPSON: Thanks, Your Honor.  This is Scott
24  Stimpson.  We will discuss it with Mr. Kostolansky, and see if
25  we can come to -- to an agreement.

1        THE COURT:  All right.  Again, I'm not pushing that,
2   nor am I -- nor am I opposed to it, nor am I suggesting that
3   you make a video of stick figures with patents in their hands.
4   But if there is such a thing that -- that you think would be
5   helpful to -- to the case as a whole, as opposed to one side or
6   the other, I would be more than happy to think about it.  All
7   right?
8        MR. KOSTOLANSKY:  Thank you, Your Honor.  This is
9   Mr. Kostolansky.  We have been looking -- we have looked at
10  that video.  We've talked to Mr. Stimpson, briefly, about it.
11  We think it would be a good idea.  We will continue to pursue
12  those discussions.
13       THE COURT:  All right.  All right.  I appreciate that.
14  Thank you all.
15       MR. DICKEY:  Your Honor, this is Trent Dickey.  One
16  quick question, on the new matter that had been transferred to
17  Your Honor, do we know which magistrate is being assigned to
18  that or whether the magistrate --
19       THE COURT:  Whatever --
20       MR. DICKEY:  -- is going to stay with it?  We have
21  some deadlines is the reason I ask.
22       THE COURT:  It will stay with whoever the magistrate
23  is.  Is it Boland -- you are talking about the case that just
24  came over from Judge Brimmer?  I don't remember -- I don't
25  remember who the magistrate was, but there's been no request to

```
 1  change the magistrate, and I am not changing it.
 2          MR. DICKEY:  Thank you, Your Honor.
 3          THE COURT:  All right.  Have a good weekend,
 4  gentlemen.  Tell your wife -- Mr. Dickey, give -- give your
 5  apol -- give my apologies to your wife.
 6          MR. DICKEY:  My wife understands, Your Honor.  She is
 7  an attorney.  I meant that in sincerity.
 8          THE COURT:  My guess is she understands better when
 9  it's her than when it's you.  That's your issue, not mine.
10          MR. KOSTOLANSKY:  Thank you, Your Honor.
11          THE COURT:  All right.  I will see you.  Goodbye
12  gentlemen.  Bye-bye.
```

REPORTER'S CERTIFICATE

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

Dated at Denver, Colorado, this 22d day of July, 2014.

s/Tammy Hoffschildt

_____
Tammy Hoffschildt, FCRR RMR,CRR