**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENTS - DOCUMENT NOS. 839-2, 839-4, 839-5, 839-6, 839-7, 841-1, 841-7, 841-8, 843, 843-1, 843-2, 843-3, 843-4, 843-5 AND 843-6**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, pursuant to *D.C.COLO.LCivR* 7.2, moves this Court for an order continuing the restricted access to documents 839-2, 839-4, 839-5, 839-6, 839-7, 841-1, 841-7, 841-8, 843, 843-1, 843-2, 843-3, 843-4, 843-5 and 843-6 (hereinafter the "Motion to Restrict"). Dkt. No. 839 is MDx's Opposition to Health Grades, Inc. ("Health Grades")'s Motion to Compel and for Additional Sanctions for MDx's Alleged Failure to Comply with Court-ordered Discovery ("MDx's Opposition") and Dkt. Nos. 839-2, 839-4, 839-5, 839-6 and 839-7 are exhibits to MDx's Opposition. Dkt. Nos. 841 and 843 are Health Grades' Motion to Compel Access to MDx Licensees' Websites (both the public and restricted versions) ("HG's Motion") and Dkt. Nos. 841-1, 841-7, 841-8, 843-1, 843-2, 843-3, 843-4, 843-5 and 843-6 are exhibits to HG's Motion.

1

Regarding document numbers 839-2, 839-4, 839-5, 839-6, 839-7, 841-1, 843, 843-5 and 843-6 MDx is submitting proposed, redacted versions of the documents, from which the MDx highly confidential information has been redacted, in the exact same or similar fashion as previously accepted by the Court, to be used for public access. Regarding document numbers 841-7, 841-8, 843-1, 843-2, 843-3, and 843-4 MDx is seeking to keep these documents restricted in their entirety because each of these documents in their entirety contain MDx highly confidential information interspersed throughout. Therefore, in light of the arguments herein, MDx respectfully requests that access to the unredacted versions of document numbers 839-2, 839-4, 839-5, 839-6, 839-7, 841-1, 841-7, 841-8, 843, 843-1, 843-2, 843-3, 843-4, 843-5 and 843-6 remain restricted at Restricted Level 1, and the proposed redacted documents attached hereto be used as replacements for document numbers 839-2, 839-4, 839-5, 839-6, 839-7, 841-1, 843, 843-5 and 843-6 for public access.

Pursuant to *D.C.COLO.LCivR* 7.1(a), MDx's counsel conferred with counsel for Health Grades on September 5, 2014 regarding this Motion to Restrict, and Health Grades has indicated that it takes no position with respect to this Motion to Restrict.

**Discussion**

MDx respectfully requests very limited confidentiality restrictions for document numbers 839-2, 839-4, 839-5, 839-6, 839-7, 841-1, 843, 843-5 and 843-6, to redact references in these documents to specific, competitively sensitive, highly confidential and proprietary information regarding MDx's accused website, vitals.com, usage metrics, percentages, internal data and statistics, and internal website operations and data license information in the identical or similar manner that this Court has previously restricted the same or similar highly confidential

2

information in documents previously filed in this action.  Moreover, MDx respectfully requests the Court to keep document numbers 841-7, 841-8, 843-1, 843-2, 843-3, and 843-4 restricted in their entirety.

MDx respectfully requests continued restricted access to Dkt. Nos. 839-2, 839-4, 839-5, 839-6, 839-7, 841-1, 841-7, 841-8, 843, 843-1, 843-2, 843-3, 843-4, 843-5 and 843-6 as follows below.

**Dkt. Nos. 839, 839-1, 839-3, 841, 841-2, 841-4, 841-5 and 841-6** – MDx is not requesting continued restricted access for these documents, and, therefore, restricted access to these documents shall no longer be necessary.

**Dkt. No. 839-2, 839-4 and 839-5** – Exhibits C, E and F to MDx's Opposition, which contain MDx's highly confidential, proprietary information regarding vitals.com internal website operations.  This type of information is competitively sensitive and it represents trade secrets that MDx does not make public.  *See* Declaration of Erika Boyer, dated October 10, 2012, Dkt. No. 322-1, at ¶ 5.  If disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx regarding its data, products and services, that would cause damage to MDx in its efforts to secure business partners, data licensing agreements and possibly advertising.  *Id.*  The Court has previously granted MDx's request (*see e.g.*, Dkt. Nos. 322, 353, 400, 459, 466, 551, 578, 648, 768, 773 and 798) to redact similar information from public access.  *See e.g.*, Court's Orders, Dkt. Nos. 483, 508, 557, 586, 690, 776 and 801.  MDx submits redacted versions of Dkt. Nos. 839-2, 839-4 and 839-5 with similar redactions that it previously submitted and the Court has previously approved, attached hereto as Exhibits A, B

and C, respectively.  MDx, therefore, respectfully requests that access to Dkt. Nos. 839-2, 839-4 and 839-5 be similarly restricted.

**Dkt. No. 839-6** – Exhibit G to MDx's Opposition, which is a list of Rule 30(b)(6) Deposition Topics.  Some of the topics contain highly confidential, proprietary information regarding vitals.com usage metrics, and internal data and statistics, and the identities of MDx's recent data licensees, which MDx considers to be highly confidential information. This is competitively sensitive information that MDx does not make public, and represents trade secrets. *See* Declaration of Erika Boyer, dated October 10, 2012, Dkt. No. 322-1, at ¶¶ 4-5 and Declaration of Bryan Perler, dated August 20, 2014, Dkt. No. 834-1, at ¶¶ 4-5.  If disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx regarding its data, products and services, that would cause damage to MDx in its efforts to secure business partners, data licensing agreements and possibly advertising. Dkt. No. 322-1, at ¶¶ 4-5 and Dkt. No. 834-1, at ¶ 6. The Court has previously granted MDx's request (*see e.g.*, Dkt. Nos. 322, 353, 400, 459, 466, 551, 578, 648, 698 and 768) to redact the same or similar highly confidential information from previous documents filed with the Court. *See e.g.*, Court's Orders, Dkt. Nos. 483, 508, 557, 586, 690 and 776.  MDx submits a redacted version of Dkt. No. 839-6 with the same or similar redactions that it previously submitted and the Court has previously approved, attached hereto as Exhibit D. MDx, therefore, respectfully requests that access to Dkt. No. 839-6 be similarly restricted.

**Dkt. No. 839-7** – Exhibit H to MDx's Opposition, MDx's Third Supplemental Interrogatory Response to Health Grades' Interrogatory No. 2, which contains MDx's non-infringement positions and explanations.  This response contains highly confidential, proprietary

4

information regarding vitals.com usage metrics, percentages, internal data and statistics, and internal website operations. This is competitively sensitive information that MDx does not make public, and represents trade secrets. See Declaration of Erika Boyer, dated October 10, 2012, Dkt. No. 322-1, at ¶¶ 4-5. If disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx regarding its data, products and services, that would cause damage to MDx in its efforts to secure business partners, data licensing agreements and possibly advertising. *Id.* The Court has previously granted MDx's request (see e.g., Dkt. Nos. 322, 353, 400, 459, 466, 551, 578, 648, and 768) to redact the same or similar highly confidential information from MDx's previous response to Health Grades' Interrogatory No. 2 from public access. See e.g., Court's Orders, Dkt. Nos. 483, 508, 557, 586, 690 and 776. MDx submits a redacted version of Dkt. No. 839-7 with the same or similar redactions that it previously submitted and the Court has previously approved, attached hereto as Exhibit E. MDx, therefore, respectfully requests that access to Dkt. No. 839-7 be similarly restricted.

**Dkt. Nos. 841-1** – Placeholder for Exhibit A to HG's Motion, which was filed under seal, contains the identity of MDx's recent data licensee, which MDx considers to be highly confidential information. This is competitively sensitive information that MDx does not make public. *See* Declaration of Bryan Perler, dated August 20, 2014, Dkt. No. 834-1, at ¶¶ 4-5. If disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx regarding its data, products and services, that would cause damage to MDx in its efforts to secure business partners, data licensing agreements and possibly advertising. Dkt. No. 834-1, at ¶ 6. The Court has previously granted MDx's request (*see e.g.*, Dkt. Nos. 322, 353, 383, 459, 506, 551, 698) to redact similar highly confidential information

from previous documents filed with the Court. *See e.g.*, Court's Orders, Dkt. Nos. 483, 484, 508, 511, 557 and 776.  MDx submits a redacted version of Dkt. No. 841-1 with similar redactions that it previously submitted and the Court has previously approved, attached hereto as Exhibit F. MDx, therefore, respectfully requests that access to Dkt. No. 841-1 be similarly restricted.

**Dkt. Nos. 841-7 and 841-8** – Exhibits G and H to HG's Motion.  These exhibits are screenshots from one of MDx's data licensee's website.  The screenshots reveal the identity of MDx's data licensee, which MDx considers to be highly confidential information that it does not make public.  *See* Dkt. No. 834-1, at ¶¶ 4-5.  If disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx regarding its data, products and services, that would cause damage to MDx in its efforts to secure business partners, data licensing agreements and possibly advertising.  Dkt. No. 834-1, at ¶ 6. The Court has previously granted MDx's request (*see e.g.*, Dkt. Nos. 322, 353, 383, 459, 506, 551, 698) to keep restricted similar highly confidential information from previous documents filed with the Court. *See e.g.*, Court's Orders, Dkt. Nos. 483, 484, 508, 511, 557 and 776.  Because the entire website's look and feel could reveal the identity of MDx's data licensee, MDx respectfully requests that these documents continued to be restricted in their entirety.

**Dkt. No. 843** – HG's Motion, which contains terms from various data license agreements entered into by MDx and the identities of MDx's data licensees, which MDx considers to be highly confidential.  *See* Dkt. No. 302-5, at ¶¶ 4-5 and 10; and Dkt. No. 834-1, at ¶¶ 4-5.  This is competitively sensitive information that MDx does not make public, and represents trade secrets. *See* Dkt. No. 302-5, at ¶¶ 4-5 and 10; and Dkt. No. 834-1, at ¶¶ 4-5.  If disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx

6

regarding its data, products and services, that would cause damage to MDx in its efforts to secure business partners, data licensing agreements and possibly advertising.  *See* Dkt. No. 302-5, at ¶¶ 4-5 and 10; and Dkt. No. 834-1, at ¶¶ 4-6.  The Court has previously granted MDx's request (see e.g., Dkt. Nos. 322, 353, 383, 459, 506, 551, and 698) to redact similar highly confidential MDx information.  *See e.g.*, Court's Orders, Dkt. Nos. 483, 484, 508, 511, 557 and 776.  MDx submits a redacted version of Dkt. No. 843 with similar redactions that it previously submitted and the Court has previously approved, attached hereto as Exhibit G.  MDx, therefore, respectfully requests that access to Dkt. No. 843 be similarly restricted.

**Dkt. Nos. 843-1, 843-2, 843-3 and 843-4** – Exhibits A, B and C to HG's Motion.  These exhibits are three different agreements entered into by MDx, all of which contain highly confidential and proprietary information regarding the terms of the agreements.  *See* Dkt. No. 302-5, ¶¶ 4-5 and 10.  MDx will suffer significant competitive injury if the competitive and proprietary terms and conditions of its business agreements are accessible by the public.  *See* Dkt. No. 302-5, ¶¶ 7 and 9.  Since there is no alternative to restricted access which will adequately protect the proprietary business information, MDx respectfully proposes to restrict access to the documents in their entirety because the highly confidential information appears throughout each of 843-1, 843-2, 843-3 and 843-4 and appropriate redaction would require the redaction of essentially all of the documents.  The protection of MDx's proprietary and confidential information outweighs the presumption of public access.  *See generally* Dkt. No. 302-5. Moreover, the Court has previously granted similar relief throughout this litigation.  *See* Dkt. Nos. 484 and 511.

**Dkt. No. 843-5** – Exhibit D to HG's Motion, excerpts of MDx May 15, 2014 corporate deposition, which contains the identity of one of MDx's recent data licensees and the terms of the data license, which MDx considers to be highly confidential information. This is competitively sensitive information that MDx does not make public. *See* Dkt. No. 834-1, at ¶¶ 4-5.  If disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx regarding its data, products and services, that would cause damage to MDx in its efforts to secure business partners, data licensing agreements and possibly advertising. Dkt. No. 834-1, at ¶ 6. The Court has previously granted MDx's request (*see e.g.*, Dkt. Nos. 322, 353, 383, 459, 506, 551 and 698) to redact similar highly confidential information from previous documents filed with the Court. *See e.g.*, Court's Orders, Dkt. Nos. 483, 484, 508, 511, 557 and 776.  MDx submits a redacted version of Dkt. No. 843-5 with the same or similar redactions that it previously submitted and the Court has previously approved, attached hereto as Exhibit H. MDx, therefore, respectfully requests that access to Dkt. No. 843-5 be similarly restricted.

**Dkt. No. 843-6** – Exhibit E to HG's Motion, which is a series of correspondence between MDx's and Health Grades' counsel in July and August of 2014 discussing various discovery issues between the parties.  This series of correspondence contains highly confidential, proprietary information regarding vitals.com usage metrics, percentages, internal data and statistics, and internal website operations and the identities of several of MDx's recent data licensees, which MDx considers to be highly confidential information. This is competitively sensitive information that MDx does not make public, and represents trade secrets. *See* Declaration of Erika Boyer, dated October 10, 2012, Dkt. No. 322-1, at ¶¶ 4-5 and Declaration of

8

Bryan Perler, dated August 20, 2014, Dkt. No. 834-1, at ¶¶ 4-5.  If disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx regarding its data, products and services, that would cause damage to MDx in its efforts to secure business partners, data licensing agreements and possibly advertising. Dkt. No. 322-1, at ¶¶ 4-5 and Dkt. No. 834-1, at ¶ 6. The Court has previously granted MDx's request (*see e.g.*, Dkt. Nos. 322, 353, 400, 459, 466, 551, 578, 648, 698 and 768) to redact the same or similar highly confidential information from previous documents filed with the Court. *See e.g.*, Court's Orders, Dkt. Nos. 483, 508, 557, 586, 690 and 776.  MDx submits a redacted version of Dkt. No. 843-6 with the same or similar redactions that it previously submitted and the Court has previously approved, attached hereto as Exhibit I.  MDx, therefore, respectfully requests that access to Dkt. No. 843-6 be similarly restricted.

9

**Conclusion**

For the foregoing reasons, MDx respectfully requests that the Court grant this motion for continued restrictions of access to Document Nos. 839-2, 839-4, 839-5, 839-6, 839-7, 841-1, 841-7, 841-8, 843, 843-1, 843-2, 843-3, 843-4, 843-5 and 843-6, at a Level 1 restriction, and to use the attached, redacted exhibits as public access versions for Document Nos. 839-2, 839-4, 839-5, 839-6, 839-7, 841-1, 843, 843-5 and 843-6.

Dated:  September 5, 2014                           Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson                                  Terence Ridley, Atty. No. 15212
Trent S. Dickey                                    Wheeler Trigg O'Donnell LLP
David C. Lee                                       370 Seventeenth Street, Suite 4500
Vincent M. Ferraro                                 Denver, Colorado 80202
Sills Cummis & Gross P.C.                          Tel:  (303) 244-1800
30 Rockefeller Plaza                               Fax:   (303) 244-1879
New York, New York 10112                           E-mail: ridley@wtotrial.com
Tel: (212) 643-7000
Fax: (212) 643-6500                                *Attorneys for Defendant*
E-mail: sstimpson@sillscummis.com                  MDx Medical, Inc. d/b/a VITALS.COM
E-mail: tdickey@sillscummis.com
E-mail: dlee@sillscummis.com
E-mail: vferraro@sillscummis.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2014, I electronically filed the foregoing **MDX MEDICAL, INC.'S MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENTS - DOCUMENT NOS. 839-2, 839-4, 839-5, 839-6, 839-7, 841-1, 841-7, 841-8, 843, 843-1, 843-2, 843-3, 843-4, 843-5 AND 843-6** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez, Jr.**
  jvazquez@lrrlaw.com, phenke@lrrlaw.com

- **Gregory B. Kanan**
  gkanan@lrrlaw.com

- **Kris John Kostolansky**
  kkosto@lrrlaw.com

- **Adam Lee Massaro**
  amassaro@lrrlaw.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Trent S. Dickey**
  tdickey@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Vincent Marc Ferraro**
  vferraro@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

                                                 *s:/Vincent M. Ferraro*