# EXHIBIT D

## (Redacted version of Dkt. # 839-6)

Case No. 1:11-cv-00520-RM-NYW Document 857-1 filed 09/05/14 USDC Colorado pg 2 of 5

# EXHIBIT G

Case No. 1:11-cv-00520-RM-NYW Document 857-1 filed 09/05/14 USDC Colorado pg 2 of 5

## Exhibit A

## MDx Rule 30(b)(6) Deposition Topics

1.      The nature of the "new advertisement approach" and "new advertisements" that MDx "very recently started having" and which "mistakenly resulted in ratings of other providers being viewable while in a physician profile" as set forth in counsel for MDx's (Scott Stimpson) email to Kris Kostolansky dated November 6, 2013, including but not limited to:

   a.      the development of the "new advertisements";

   b.      the number of "new advertisements" created;

   c.      the date the "new advertisements" were first displayed, which specific "new advertisements" were displayed, and the exact times and dates any "new advertisements" were displayed;

   d.      the individuals, including MDx officers and/or employees, who were involved in the decision to develop the "new advertisement approach" and "new advertisements;"

   e.      the individuals involved with assembling, coding, and developing the "new advertisements;"

   f.      the functionality of the software code for the "new advertisements" that MDx has preserved as set forth in Mr. Stimpson's email to Kris Kostolansky dated December 9, 2013;

   g.      the individuals involved in implementing the "changes" to the Vitals website that are referenced in the email from Mr. Stimpson to Kris Kostolansky dated December 9, 2013;

   h.      the nature of the "changes"  made to the Vitals website that are referenced in the email from Mr. Stimpson to Kris Kostolansky dated December 9, 2013;

   i.      the exact date that was characterized as "less than a month ago" in MDx's Notice filed December 10, 2013 [Doc. #674] on which "MDx allowed paid advertisements that included ratings of other healthcare providers to be viewed from the reports of the Vitals.com healthcare provider reports (the "November Disclosures")," who "paid" for the advertisements, and the total gross dollar amount received for the advertisements;

   j.      the total gross advertising revenue MDx made during the time period the "advertisements" were viewable, and;

   k.      why MDx "re-considered" the "location" of the "paid advertisements" as set forth in MDx's Notice filed December 10, 2013 [Doc. #674], and the nature of the "location."

1

2.      The nature and purpose of the documents produced by MDx to Health Grades on November 19, December 16 and December 20, including, but not limited to, MDX_0120142, MDX_0123709, MDX_0123707, and MDX_0120192.

3.      The reasons for creating and developing the documents referenced in Paragraph 2 above and the goals that MDx hoped to achieve via the documents.

4.      The individuals who were involved in creating and developing the documents referenced in Paragraph 2 above.

5.      The individuals who were involved in reviewing any faxes and emails included within the documents referenced in Paragraph 2 above that were sent by physicians to MDx, and what actions were taken by MDx as a result of receiving such emails and faxes.

6.      The nature of the MDx database where the documents referenced in Paragraph 2 above were maintained by MDx.

7.      The information contained on MDx_0143074-094, transmitted to counsel for Health Grades on December 27, 2013.

8.      The Application Services Agreement between MDx and   REDACTED
         and the Data Licensing and Utilization Agreement between MDx and   REDACTED


9.      The January 24, 2014, discovery responses ordered by Judge Boland.

10.     MDx's claim that the number of providers it lists who entered or modified three or more of the data fields:  specialty information, gender, awards/honors, professional appointments, professional membership, languages, and medical philosophy are "over inclusive" and why MDx's "older information would not now meet the 'accessing' claim element."  (MDx's Second Supplemental Objections and Responses to Plaintiff's Interrogatory No. 2 at 6.)

11.     MDx's claim that the accessing healthcare provider-verified information claim is not infringed for information MDx does not enter into the MDx database and the ways MDx uses data not entered into the MDx database.  (*Id.* at 7-8.)

12.     MDx's use of licensure information and public records in creating provider profiles.  (*Id.* at 12.)

13.     MDx's current and past use of age in provider profiles.  (*Id.* at 5.)

14.     MDx's claim that "[t]hird-party information is not verified if it is subject to a . . . disclaimer."  (*Id.* at 10.)

15.     The pre-January 2011 www.vitals.com site's ability to include three or more of the third-party verified fields, and MDx's claim "[i]t is not possible to now generate counts for the pre-January 2011 version . . . ."  (*Id.* at 11.)

16.     The sources where MDx obtains patient ratings, the identity of these sources, and whether the sources connect health providers with potential patients.  (*Id.* at 9.)

17.     Inconsistencies in the following data provided along with MDx's Second Supplemental Response and explanations for the inconsistencies:          REDACTED