# EXHIBIT G

(Redacted version of Dkt. # 843)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

---

## HEALTH GRADES, INC.'S MOTION TO COMPEL ACCESS TO MDx MEDICAL INC. LICENSEES' WEBSITES

---

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, Plaintiff Health Grades,

Inc. ("Health Grades") respectfully moves this Court for an order compelling full access to the

subject websites.

### INTRODUCTION AND BACKGROUND

From testimony provided at the May 15, 2014 MDx Medical, Inc. ("MDx") corporate

deposition and licensing agreements produced thereafter, Health Grades has identified at least

three licensing agreements and associated systems that may support additional contentions

relating to Health Grades' cause of action for indirect patent infringement.[1]  These indirect

infringement contentions would be similar to those relating to the accused iTriage system.  All

<p style="text-align:center; color:red">REDACTED</p>

---

[1] As a result of this Court's Sanctions Order [Doc. #711], the parties scheduled the May 15 deposition.

2004943873_1

<p style="text-align:center; color:red;">REDACTED</p>

systems.  [Exhibit A, at MDX 0106625; Exhibit B, at MDX 0143270-0143271.]

MDx has the ability to review or access the third-party websites that MDx is hosting for its customers and has done so.  For instance, when asked:  "Is it fair to say that individuals at MDx can access the information displayed by    REDACTED    under this agreement?"  MDx responded:  "Yes."  [Exhibit D, p. 112:10-13.]  Upon request by Health Grades counsel, the MDx corporate representative accessed the  REDACTED  site during the lunch break at the deposition in May.  [Exhibit D, p. 112:14-17; 124:19-25.]  What the corporate representative accessed was the information that would be provided to a member of  REDACTED  seeking to find a doctor.  [*Id.* 86:1-3; 125:3-126:22.]  Health Grades seeks access to the full aspects of these sites, through a URL, or screenshots covering all applicable aspects of the site.  MDx's refusal to meet its continuing discovery obligations is improperly hampering Health Grades' ability to establish the elements of its claims.

Health Grades is entitled to full access to the third-party websites to see what accused data MDx has provided and how the data is being used by these systems.  MDx's own sworn testimony reveals that relying upon the licensing agreements alone may not provide a complete picture.  For example, the licensee may request and utilize all the data fields or a subset [*id.*, p. 78:5-17].  MDx's corporate representative also explained that the data lists within the licensing

---

[2] The agreements are attached as Exhibit A (   REDACTED   Agreement), Exhibit B (HealthPartners Agreement), and Exhibit C (Castlight Agreement) hereto.  MDx also has a licensing agreement with   REDACTED   that Health Grades also believes may result in indirect infringement.  MDx has represented that the site for REDACTED  REDACTED  Agreement is not up and running and will be under development into 2015.

agreements "are not perfect documents in all cases" and they may not be "exactly correct relative to what MDx can do versus what was asked for" [*id.*:21-25].

Recognizing the need for additional information, Health Grades originally requested that MDx provide screenshots for the different websites.  [*See, e.g.,* [Doc. #818-4] at May 27, 2014 email from Health Grades to MDx Counsel].  But MDx delayed.  [*See id.* at May 29 response email.]  After multiple follow-ups by Health Grades, the parties agreed that MDx would provide links in lieu of screenshots.  For the links MDx disclosed, multiple areas of the site that MDx powered or hosted were restricted to members of the third parties.  The parties agreed that MDx would discuss providing Health Grades access to the restricted areas, or, if necessary, screenshots in lieu of full access.  But each time Health Grades sought this information, MDx has delayed.  [Exhibit E, at July 24, 2014 email from Health Grades Counsel to MDx's Counsel, memorializing steps MDx would take to provide Health Grades with full access to the third-party sites; *id.* at July 26, 2014 email, MDx counsel stating he will "look into [the full access issue] . . .", but refusing to honor the approach the parties agreed to on July 24; *id.* at August 1, 2014 email, MDx counsel promising to "looking into [the full access issue] . . . and see if [MDx] . . . can get [Health Grades] . . . information [by] . . . [August 1 or August 4] . . .".][3]  MDx still has not provided Health Grades with temporary access or screenshots, nor demonstrated why it cannot.  The Court should compel MDx to grant Health Grades access or provide the screenshots.[4]

---

[3] Even when Health Grades tried to compromise by limiting its access request to the REDACTED , HealthPartners, and REDACTED sites, MDx failed to secure access or screenshots.
[4] The parties agreed prior to MDx producing the licensing agreements that Health Grades would not contact the licensees through discovery requests or otherwise until there was a resolution by this Court over Health Grades' need for additional information from these parties.

ARGUMENT

I.   THIS COURT SHOULD COMPEL MDx TO PROVIDE HEALTH GRADES
     TEMPORARY ACCESS TO ALL AREAS OF THE SITES OR PROVIDE THE
     SCREENSHOTS.

   A.  Temporary Access is Necessary.

   The sites include restricted areas to which Health Grades needs access.  For

HealthPartners' "Find care" function, which is powered in part by MDx, only customers can

fully access the site and this function.  [*See, e.g.,* https://www.healthpartners.com/public/my-

start/ (requiring a login to access the *my*HealthPartners account area).]  Access on the public site

allows an individual only to view a provider's "Locations" and "Professional experience":



[Exhibit F-1.]  But the amount of information that is provided to members through the login is

significantly more.  The screenshot from a HealthPartners' tutorial shows additional data to

which members have access to, including "Quality" of the provider and different subcategories:



[Exhibit F-2, video at 1:00 minute mark.] Health Grades has no way of knowing all the ways that the restricted areas of the site function differently from the public access site, the different and additional information and data MDx provides and utilizes for these restricted areas, or how these different configurations may impact its infringement analysis.

The same access issues apply to REDACTED system. Only customers with logins can fully access the site. [*See, e.g.,* https://REDACTED (requiring login to fully access the site)]. The public site for REDACTED allows individuals to click on the "Rate" button on a provider's profile:



[Exhibit G-1.] But when non-members try to use the "Rate" function and access the ratings area, they cannot. The following screen pops up:



[Exhibit G-2].  The screenshot from a <span style="color:red">REDACTED</span>          tutorial shows that only logged-in members—after clicking the rate button—have the ability to fully experience and utilize the rating function:



[Exhibit H, screenshot from demo video at 1:49 minute mark.]  As another example, the ▮▮▮▮

<span style="color:red">REDACTED</span>

                                        [Exhibit A at MDX 0106628] – this appears to be the same functionality that if offered through the physician portal of vitals.com.  However, this functionality is not visible on the public website.  These are a few examples of how the public website functions differently in the restricted version.  But Health Grades has no way of knowing all the different ways that the restricted areas of the site function differently than the public

2004943873_1                                    - 6 -

access site, the different and additional information and data MDx provides and utilizes for these restricted areas, or how these different configurations may impact its infringement analysis.

Finally, for Castlight, Health Grades has been unable to access any search functions on the public site. [*See, e.g.,* https://us.castlighthealth.com/login (requiring login to access the site).] Full access to the site is necessary.

B. MDx is Obligated to Provide Temporary Access or Screenshots.

Health Grades' Discovery Request No. 2 seeks:

> All documents and electronically stored information relating to the structure, function, operation, development and implementation of the Accused Products (in whatever form or format they exist, including paper or electronic copy and in whatever computer language or format they may exist (i.e. , Java, HTML, XML, C, etc.).

[Doc. #185-2 p. 9.] "'Accused Products' . . . shall mean any system . . . that is capable of performing a search for information relating to the healthcare providers . . . The term . . . shall also include all services provided in relation to Accused Products and all products that incorporate the Accused Products." [*Id.* p. 4.] The REDACTED , HealthPartners, and Castlight systems constitute Accused Products. The sites themselves would constitute electronically stored information relating to the "structure, function, operation, development and implementation of the Accused Products."

MDx has the ability to provide or obtain temporary access to all areas of the sites. Fed. R. Civ. P. 34 (recognizes a party's production obligations extend to "items in the responding party's possession, custody, or control"). REDACTED

- REDACTED

  [Exhibit A, at MDX 0106626];

- REDACTED

- REDACTED

The REDACTED license agreement also states that REDACTED

[Exhibit A, at MDX 0106634].

Moreover, "'[c]ontrol' comprehends not only possession but also the right, authority, or ability to obtain the documents." *Comeau v. Rupp,* 810 F. Supp. 1127, 1166 (D. Kan. 1992). Here, MDx is a contracting party with the third parties and REDACTED

REDACTED .  MDx also included a REDACTED

provision in the REDACTED agreement, requiring both

licensees to REDACTED

[Exhibit A p. 2, ¶ 4.1; Exhibit B p. 1, ¶ 3.3.]  Indeed, for the REDACTED , MDx admitted that it has the ability to access the information Health Grades seeks.  [Exhibit D, p. 112:10-13.]  Nothing suggests that MDx does not have the right or ability to obtain temporary access, nor has it ever demonstrated that it cannot secure full access for Heath Grades.  At a minimum, all screenshots should be provided.

CONCLUSION

For the foregoing reasons, Health Grades requests this Court to compel MDx or <span style="color:red">REDACTED</span>

, HealthPartners, and Castlight to allow Health Grades temporary access to all parts of

the <span style="color:red">REDACTED</span>, HealthPartners, and Castlight systems or provide screenshots.

CERTIFICATE OF COMPLIANCE WITH D.C. COLO.LCivR 7.1A

The undersigned counsel for Health Grades certifies that he has conferred with counsel

for MDx regarding all of the foregoing issues in an attempt to resolve them on multiple

occasions, including via emails between counsel on May 27, July 24-26 and August 1, and via

multiple telephone conferences over the last two months with counsel for MDx.  The parties

have not been able to resolve these issues, and MDx objects to the relief requested herein.

Respectfully submitted August 22, 2014.

LEWIS ROCA ROTHGERBER LLP


*s/ Kris J. Kostolansky*
Gregory B. Kanan, Esq.
Kris J. Kostolansky, Esq.
Adam L. Massaro, Esq.
1200 17th Street, Suite 3000
Denver, Colorado  80202
Tel:  (303) 623-9000
Fax:  (303) 623-9222
Email: gkanan@lrrlaw.com
Email: kkosto@lrrlaw.com
Email: amassaro@lrrlaw.com

*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2014, I electronically filed the foregoing **HEALTH GRADES, INC.'S MOTION TO COMPEL ACCESS TO MDx MEDICAL INC. LICENSEES' WEBSITES** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Scott David Stimpson, Esq.
Vincent Ferraro, Esq.
David C. Lee, Esq.
Trent Dickey, Esq.
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY  10112
E-mail: sstimpson@sillscummis.com
E-mail: vferraro@sillscummis.com
E-mail: dlee@sillscummis.com
E-mail: tdickey@sillscummis.com

Terence M. Ridley, Esq.
Wheeler Trigg O'Donnell, LLP
370 17th Street, Suite 4500
Denver, CO  80202-5647
E-mail: ridley@wtotrial.com

*s/ Kris J. Kostolansky*
Kris J. Kostolansky, Esq.