**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENTS - DOCUMENT NOS. 853-2, 853-3, 853-4 and 853-6**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, pursuant to *D.C.COLO.LCivR* 7.2, moves this Court for an order continuing the restricted access to documents 853-2, 853-3, 853-4 and 853-6 (hereinafter the "Motion to Restrict"). Dkt. No. 853 is Health Grades, Inc.'s ("Health Grades") Tendering of August 28, 2014 Hearing Exhibits ("HG's Filing") and Dkt. Nos. 853-2, 853-3, 853-4 and 853-6 are exhibits to HG's Filing.

Regarding document numbers 853-2, 853-3, 853-4 and 853-6 MDx is submitting proposed, redacted versions of the documents, from which the MDx highly confidential information has been redacted, in the exact same or similar fashion as previously accepted by the Court, to be used for public access. Therefore, in light of the arguments herein, MDx respectfully requests that access to the unredacted versions of document numbers 853-2, 853-3,

1

853-4 and 853-6 remain restricted at Restricted Level 1, and the proposed redacted documents attached hereto be used as replacements for these document numbers for public access.

Pursuant to *D.C.COLO.LCivR* 7.1(a), MDx's counsel conferred with counsel for Health Grades on September 12, 2014 regarding this Motion to Restrict, and Health Grades has indicated that it objects to this Motion to Restrict.

**Discussion**

MDx respectfully requests very limited confidentiality restrictions for document numbers 853-2, 853-3, 853-4 and 853-6, to redact references in these documents to specific, competitively sensitive, highly confidential and proprietary information regarding MDx's accused website, vitals.com, usage metrics, internal data and statistics, and internal website operations and data license information in the identical or similar manner that this Court has previously restricted the same or similar highly confidential information in documents previously filed in this action.

MDx respectfully requests continued restricted access to Dkt. Nos. 853-2, 853-3, 853-4 and 853-6 as follows below.

**Dkt. Nos. 853, 853-1, 853-5 and 853-7** – MDx is not requesting continued restricted access for these documents, and, therefore, restricted access to these documents shall no longer be necessary.

**Dkt. No. 853-2** – Hearing Exhibit 15, which is a powerpoint presentation prepared by MDx containing highly confidential, proprietary information regarding MDx's future business plans, a pricing plan for its potential customers, and how MDx's website, vitals.com, works internally, particularly its database infrastructure and internal data flow.  This is competitively sensitive information that MDx does not make public, and represents trade secrets.  *See*

2

Declaration of Erika Boyer, dated October 10, 2012, Dkt. No. 322-1, at ¶¶ 5-7; Declaration of Erika Boyer, dated November 16, 2012, Dkt. No. 400-5, at ¶ 4; and Declaration of Bryan Perler, dated September 12, 2014, attached hereto as Exhibit 1, at ¶¶ 4-6.  If disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx regarding its data, products and services, that would cause damage to MDx in its efforts to secure business partners, data licensing agreements and possibly advertising. Dkt. No. 322-1, at ¶¶ 5-7; Dkt. No. 400-5, at ¶ 4; and Exhibit 1, at ¶ 6. The Court has previously granted MDx's request (*see e.g.*, Dkt. Nos. 322 and 400) to redact the same or similar highly confidential information from previous documents filed with the Court. *See e.g.*, Court's Orders, Dkt. Nos. 483 and 508. MDx submits a redacted version of Dkt. No. 853-2 with most of the same or similar redactions that it previously submitted and the Court has previously approved, attached hereto as Exhibit A. MDx, therefore, respectfully requests that access to Dkt. No. 853-2 be similarly restricted.

**Dkt. No. 853-3** – Hearing Exhibit 19, which is Health Grades' Amended Notice of Fed. R. Civ. P. Rule 30(b)(6) Deposition of MDx along with a list of Rule 30(b)(6) Deposition Topics.  Some of the topics contain highly confidential, proprietary information regarding vitals.com usage metrics, and internal data and statistics, and the identities of MDx's recent data licensees, which MDx considers to be highly confidential information. This is competitively sensitive information that MDx does not make public, and represents trade secrets. *See* Declaration of Erika Boyer, dated October 10, 2012, Dkt. No. 322-1, at ¶¶ 4-5 and Declaration of Bryan Perler, dated August 20, 2014, Dkt. No. 834-1, at ¶¶ 4-5.  If disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx regarding its data, products and services, that would cause damage to MDx in its efforts to secure

3

business partners, data licensing agreements and possibly advertising. Dkt. No. 322-1, at ¶¶ 4-5 and Dkt. No. 834-1, at ¶ 6. The Court has previously granted MDx's request (*see e.g.*, Dkt. Nos. 322, 353, 400, 459, 466, 551, 578, 648, 698 and 768) to redact the same or similar highly confidential information from previous documents filed with the Court. *See e.g.*, Court's Orders, Dkt. Nos. 483, 508, 557, 586, 690 and 776.  MDx submits a redacted version of Dkt. No. 853-3 with the same or similar redactions that it previously submitted and the Court has previously approved, attached hereto as Exhibit B.  MDx, therefore, respectfully requests that access to Dkt. No. 853-3 be similarly restricted.

**Dkt. No. 853-4** – Hearing Exhibit 21, excerpts of MDx May 15, 2014 corporate deposition, which contains MDx's highly confidential, proprietary information regarding vitals.com internal website operations.  This type of information is competitively sensitive and it represents trade secrets that MDx does not make public.  *See* Declaration of Erika Boyer, dated October 10, 2012, Dkt. No. 322-1, at ¶¶ 5-6.  If disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx regarding its data, products and services, that would cause damage to MDx in its efforts to secure business partners, data licensing agreements and possibly advertising.  *Id.*  The Court has previously granted MDx's request (*see e.g.*, Dkt. Nos. 322, 353, 400, 459, 466, 551, 578, 648, 768, 773 and 798) to redact similar information from public access.  *See e.g.*, Court's Orders, Dkt. Nos. 483, 508, 557, 586, 690, 776 and 801.  MDx submits a redacted version of Dkt. No. 853-4 with similar redactions that it previously submitted and the Court has previously approved, attached hereto as Exhibit C. MDx, therefore, respectfully requests that access to Dkt. No. 853-4 be similarly restricted.

**Dkt. No. 853-6** – A timeline of events provided by Health Grades, which contains excerpts of MDx May 15, 2014 corporate deposition, disclosing MDx's highly confidential, proprietary information regarding vitals.com internal website operations. This type of information is competitively sensitive and it represents trade secrets that MDx does not make public. *See* Declaration of Erika Boyer, dated October 10, 2012, Dkt. No. 322-1, at ¶¶ 5-6. If disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx regarding its data, products and services, that would cause damage to MDx in its efforts to secure business partners, data licensing agreements and possibly advertising. *Id.* The Court has previously granted MDx's request (*see e.g.*, Dkt. Nos. 322, 353, 400, 459, 466, 551, 578, 648, 768, 773 and 798) to redact similar information from public access. *See e.g.*, Court's Orders, Dkt. Nos. 483, 508, 557, 586, 690, 776 and 801. MDx submits a redacted version of Dkt. No. 853-6 with similar redactions that it previously submitted and the Court has previously approved, attached hereto as Exhibit D. MDx, therefore, respectfully requests that access to Dkt. No. 853-6 be similarly restricted.

**Conclusion**

For the foregoing reasons, MDx respectfully requests that the Court grant this motion for continued restrictions of access to Document Nos. 853-2, 853-3, 853-4 and 853-6, at a Level 1 restriction, and to use the attached, redacted exhibits as public access versions for Document Nos. 853-2, 853-3, 853-4 and 853-6.

Dated:  September 12, 2014

Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson
Trent S. Dickey
David C. Lee
Vincent M. Ferraro
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: sstimpson@sillscummis.com
E-mail: tdickey@sillscummis.com
E-mail: dlee@sillscummis.com
E-mail: vferraro@sillscummis.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2014, I electronically filed the foregoing **MDX MEDICAL, INC.'S MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENTS - DOCUMENT NOS. 853-2, 853-3, 853-4 AND 853-6** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez, Jr.**
  jvazquez@lrrlaw.com, phenke@lrrlaw.com

- **Gregory B. Kanan**
  gkanan@lrrlaw.com

- **Kris John Kostolansky**
  kkosto@lrrlaw.com

- **Adam Lee Massaro**
  amassaro@lrrlaw.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Trent S. Dickey**
  tdickey@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Vincent Marc Ferraro**
  vferraro@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

    *s:/Vincent M. Ferraro*