Civil Action No. 11-CV-00520-RM-BNB

**HEALTH GRADES, INC.'S RESPONSE TO "MDx MEDICAL, INC.'S MOTION IN LIMINE TO PRECLUDE HEALTH GRADES, INC. FROM MAKING INFRINGEMENT ARGUMENTS NOT IN ITS INFRINGEMENT CONTENTIONS" [DOC. #836]**

## Exhibit A

**Excerpt from June 5, 2013 hearing in front of Judge Boland**

1

```
 1                IN THE UNITED STATES DISTRICT COURT

 2                   FOR THE DISTRICT OF COLORADO

 3    Case No. 11-CV-00520-PAB-BNB

 4   _____

 5    HEALTH GRADES, INC.,

 6       Plaintiff,

 7    vs.

 8    MDX MEDICAL, INC.,
      doing business as Vitals.com,
 9

10       Defendant.

11   _____

12          Proceedings before BOYD N. BOLAND, United States
      Magistrate Judge, United States District Court for the
13    District of Colorado, commencing at 10:33 a.m.,
      June 5th, 2013, in the United States Courthouse, Denver,
14    Colorado.

15   _____

16          WHEREUPON, THE ELECTRONICALLY RECORDED
      PROCEEDINGS ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED...
17   _____

18                           APPEARANCES

19             MR. Jesus M. VAZQUEZ, JR., ESQ.,
                MR. KRIS J. KOSTOLANSKY, ESQ.
20          Appearing on behalf of the Plaintiff.

21               MR. SCOTT D. STIMPSON, ESQ.
            Appearing on behalf of the Defendant.
22   _____

23
                           MOTION HEARING
24

25
```

```
1                    P R O C E E D I N G S
2              (Whereupon, within the electronically recorded
3    proceedings are herein transcribed pursuant to order of
4    counsel.)
5              THE COURTROOM DEPUTY:  All rise.  Court is in
6    session.
7              THE COURT:  Thank you.  Please be seated.  We
8    are here this morning in case 11-CV-520, Health Grades
9    against MDX Medical.  There are two motions pending.
10   The first is the motion of MDX Medical to compel
11   additional 30(b)(6) deposition testimony, and the second
12   is Health Grade's motion to supplement the pretrial
13   order to add five exhibits and a witness.
14             May I have appearances, please.
15             MR. VAZQUEZ:  Good morning, Your Honor.  Jesus
16   Vazquez from Rothgerber, Johnson & Lyons on behalf of
17   plaintiff Health Grades.  My partner Kris Kostolansky
18   from Rothgerber is here as well, and our consulting
19   expert Kirstin Stoll-DeBell from Merchant & Gould.  In
20   the gallery is a first year law student, summer
21   associate in our form, Amy Moore.  It's her first time
22   in federal court.
23             THE COURT:  Please join us at counsel's table
24   if you would.
25             MR. STIMPSON:  Good morning, Your Honor.
```

1        "Did you look at any documents that have

2   not -- that have not been produced to MDX to your

3   knowledge?

4        "Answer:  No."

5        So he just met with counsel.  So, he didn't --

6   that is not doing your best to prepare for this

7   deposition.  It just isn't, Your Honor.

8        This is really important for our invalidity

9   defense, Your Honor, and so we respectfully request

10  leave to take the deposition.  Thank you.

11       THE COURT:  Thank you.  The motion to compel

12  is denied.  I find that MDX has engaged in seriatim

13  motion practice.  It filed a motion.  It lost the

14  motion.  It now has filed a new motion based upon the

15  same facts but seeking different results or relief, and

16  that's not how the Federal Rules of Civil Procedure were

17  designed to work.  If that were the case there would be

18  no end to the possible briefing that would go on, and

19  cases would -- all cases would have nearly 600 docket

20  entries as this case now approaches.

21       In essence, I find that the motion to compel

22  is a motion for reconsideration under *Servants of*

23  *Parcletes*, 204 F.3rd 1005, page 1012, the Tenth Circuit

24  said, grounds warranting a motion to reconsider include

25  an intervening change in the controlling law, new

1    evidence previously unavailable, and the need to correct

2    clear error or prevent manifest injustice.  Thus, a

3    motion for reconsideration is appropriate where the

4    court has misapprehended the facts, the parties position

5    or the controlling law.  It is not appropriate when the

6    movant seeks to revisit issues already addressed or to

7    advanced arguments that could have been raised in prior

8    briefing.

9              This matter could and should have been raised

10   in a different way.  For reasons that Mr. Stimpson has

11   explained, he chose to do it differently.  That was a

12   risk he took.  But I'm not going to have this litigation

13   go on and on and on with seriatim motions addressing the

14   same issues but seeking different relief.  So, the

15   motion is denied.

16             That brings us to the motion to amend pretrial

17   order.  Mr. Vazquez.

18             MR. VAZQUEZ:  So, Your Honor, pending before

19   the court is our motion to supplement the pretrial order

20   with a revised exhibit list, and our motion to amend the

21   pretrial order by adding Philip Braginsky who is MDX's

22   lead counsel's former partner, and who rendered a

23   non-infringement opinion for MDX, to list him as a

24   witness whose testimony may be presented via deposition.

25             I'll start with the exhibit list, revised