# EXHIBIT A

1

```
 1                IN THE UNITED STATES DISTRICT COURT

 2                    FOR THE DISTRICT OF COLORADO

 3      Case No. 11-cv-00520-RM-BNB

 4      _____

 5      HEALTH GRADES, INC.,

 6           Plaintiff,

 7      vs.

 8      MDx MEDICAL, INC., doing business as Vitals.com

 9           Defendant.

10      _____

11              Proceedings before BOYD N. BOLAND, United States

12      Magistrate Judge, United States District Court for the

13      District of Colorado, commencing at 1:32 p.m., August 28,

14      2014, in the United States Courthouse, Denver, Colorado.

15      _____

16              WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS

17      ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED...

18      _____

19                              APPEARANCES

20            ADAM L. MASSARO and KRIS KOSTOLANSKY, Attorneys at

21      Law, appearing for the plaintiff.

22            SCOTT STIMPSON and DAVID LEE, Attorneys at Law,

23      appearing for the defendant.

24      _____

25                           MOTIONS HEARING
```

```
 1                      APPEARANCES (Cont'd)
 2              KIRSTIN STOLL-DeBELL, Attorney at Law, appearing
 3      for the plaintiff.
 4              TRENT DICKEY and TERENCE RIDLEY, Attorneys at Law,
 5      appearing for the defendant.
 6                        P R O C E E D I N G S
 7              (Whereupon, the within electronically recorded
 8      proceedings are herein transcribed, pursuant to order of
 9      counsel.)
10              THE CLERK:  All rise.  Court is in session.
11              THE COURT:  Thank you.  Please be seated.  We're
12      here this afternoon in case 11-cv-520, Health Grades against
13      MDx Medical on three pending motions.  May I have
14      appearances, please?
15              MR. KOSTOLANSKY:  Good morning -- or good
16      afternoon, Your Honor.  Kris Kostolansky, and with me is my
17      colleague Adam Massaro, Lewis Roca Rothgerber, and also at
18      counsel table with us is Miss Kirstin Stoll-DeBell with
19      Merchant & Gould all on behalf of Health Grades.
20              THE COURT:  Thank you.
21              MR. STIMPSON:  Good afternoon, Your Honor.  Scott
22      Stimpson, Sills Cummis.  With me is my partner Trent Dickey,
23      my associate David Lee, and our local counsel from Wheeler
24      Trigg, Terence Ridley.
25              THE COURT:  Thank you.  My sweet wife laid out my
```

1   sure would require a whole round of expert discovery.  And,
2   again, you have to look at is this an abstract idea or not
3   and what -- what was happening with computers and with the
4   health care industry and all of those kinds of things.  And
5   so -- so there may be some fact discovery, too.  But there
6   absolutely would need to be more expert discovery and expert
7   discovery completely unrelated to anything that -- that we've
8   looked at before.
9            And I'd go back to -- Your Honor, he could have --
10  I mean, there's a federal circuit case from 2011 that was
11  decided before their invalidity contentions were due,
12  CyberSource.  That found software claims to be not patent
13  eligible under Section 101 so there was law to support his
14  position.  Thank you.
15           MR. STIMPSON:  I have nothing further, Your Honor,
16  unless you have questions.
17           THE COURT:  I don't.  Thank you.  The motion for
18  leave to amend invalidity contentions and to add defense --
19  Section 101 defense is denied.  We are approximately three
20  months from trial in a case which has been pending for more
21  than three years time.  The patent rules from the Northern
22  District of California which the parties requested apply in
23  this case say that these contentions as to infringement and
24  invalidity should be set early and should be set firmly and
25  should not be altered.  There should be no changing sands

1  except upon good cause and I find that there is no good cause
2  here.  A diligent search should have included a search which
3  would have disclosed the additional prior art which the
4  defendant seeks to add.  The patent claims in the '060 patent
5  do include as a dependent claim, it's true, but do include
6  result lists and I -- I'm just simply not convinced that a
7  diligent search would not have turned up these three prior
8  art articles.
9           As to the Section 101 defense, I am convinced that
10  law existed at least in the form of <u>Benson</u> and <u>Flook</u> and
11  perhaps other cases which could have supported a good faith
12  Section 101 defense.  The defendant has not been timid in
13  raising defenses which urge a -- an expansion of the law.
14  I'm not even sure that this required an expansion of the law,
15  but there was sufficient basis upon which to make a Section
16  101 invalidity defense.  For whatever reason the defendant
17  chose not to do that and waited a very long time.  I am not
18  convinced that <u>Alice</u> is a significant change in the law which
19  justifies adding an important defense this late in the game.
20  So I'm going to deny the motion for leave to amend.  Do you
21  agree that in view of that the motion to compel should -- is
22  moot or should be denied, Mr. Stimpson?
23           MR. STIMPSON:  Actually, Your Honor, I don't.
24           THE COURT:  Okay.  I didn't think you would.
25           MR. STIMPSON:  Well, Your Honor, what -- in Your

```
 1    Honor's order on the denial of the motion to amend I'm just
 2    wondering if -- if it turns out that Health Grades, in fact,
 3    had this and should have produced it whether that might give
 4    us good cause, but if -- I guess if that -- if that -- that
 5    part of the motion to compel is going to be denied as well
 6    then I assume -- I don't know how this is going to work, but
 7    it seems like if -- if the -- if it's denied, the motion to
 8    amend is denied then even if they have the -- this NCQA
 9    article I can't use it anyway.  So if that's the case then I
10    guess -- I guess I will have to withdraw the motion to
11    compel, that part, because there's no way I can use it even
12    if I get it.
13              THE COURT:  Okay.  I've said you cannot use it,
14    so --
15              MR. STIMPSON:  Okay.  All right.  Okay.  Then I do
16    withdraw it.
17              THE COURT:  Okay.
18              MR. STIMPSON:  (Inaudible).  There are two other
19    parts to this motion to compel, Your Honor.  One is on the
20    technical experts.  We've agreed with Health Grades that
21    we're going to have additional expert reports, technical
22    experts we're talking about primarily here.  We've had all
23    these query results that we've produced for -- as a result of
24    Your Honor's order.  They've all been produced.  Health
25    Grades says their experts are going to rely on them.  I know
```