# EXHIBIT C



# Software patents are crumbling, thanks to the Supreme Court

Updated by Timothy B. Lee on September 12, 2014, 3:50 p.m. ET

 tim@vox.com



A court has ruled that managing a Bingo game using a computer isn't a patentable invention. Marlon E

The Supreme Court's **June ruling on the patentability of software ( http://www.vox.com/2014/6/26/5841192/why-last-weeks-ruling-was-bad-news-for-software-patents)** — its first in 33 years — raised as many questions as it answered. One specific software patent went down in flames in the case of *Alice v. CLS Bank*, but the abstract reasoning of the decision didn't provide much clarity on which other patents might be in danger.

Now a series of decisions from lower courts is starting to bring the ruling's practical consequences into focus. And the results have been ugly for fans of software patents. By my count there have been 11 court rulings on the

patentability of software since the Supreme Court's decision — including six that were decided this month. Every single one of them has led to the patent being invalidated.

This doesn't necessarily mean that all software patents are in danger — these are mostly patents that are particularly vulnerable to challenge under the new *Alice* precedent. But it does mean that the pendulum of patent law is now clearly swinging in an anti-patent direction. Every time a patent gets invalidated, it strengthens the bargaining position of every defendant facing a lawsuit from a patent troll.

## The end of "do it on a computer" patents

In the late 1990s and early 2000s, the Patent Office handed out a growing number of what might be called "do it on a computer" patents. These patents take some activity that people have been doing for centuries — say, holding funds in escrow until a transaction is complete — and claim the concept of performing that task with a computer or over the internet. The patents are typically vague about *how* to perform the task in question.

> *THIS IS THE MOST HOSTILE THE COURTS HAVE BEEN TO SOFTWARE PATENTS IN AT LEAST TWO DECADES*

The Supreme Court invalidated a patent like that in its decision this year. The patent claimed the concept of using a computer to hold funds in escrow to reduce the risk that one party would fail to deliver on an agreement. The Supreme Court ruled that the use of a computer did not turn this centuries-old concept into a new invention.

That has emboldened defendants in cases involving similar patents. And in recent weeks, the courts have been following the Supreme Court's lead and ruling that these patents are illegal:

> On July 6, a Delaware trial court **rejected ( http://www.delawareiplaw.com/2014/07/judge-andrews-finds-comcast-patent-invalid-lack-patentable-subject-matter-35-u-s-c-%C2%A7-101.html)** a Comcast patent that claimed the concept of a computerized telecommunications system checking with a user before deciding whether to establish a new connection. The court noted that the

steps described in the patent could easily be performed by human beings making telephone calls.

On July 8, a New York court **invalidated ( http://www.klarquist.com/News/76DietGoal%20v%20Bravo%20-%20101%20Decision.pdf)** a patent on the concept of using a computer to help users plan meals while achieving dieting goals. The court was unimpressed with the patent holder's argument that some of the details in the patent — such as the use of "picture menus" to choose meals — was sufficient to render it a patentable idea.

On July 17, the Federal Circuit Appeals Court (which is in charge of all patent cases) **rejected ( http://www.vox.com/2014/7/17/5910985/software-patents-are-under-seige-thanks-to-the-supreme-court)** a patent on the concept of keeping colors synchronized across devices by building a profile that describes the characteristics of each device. The court held that the creation and use of these profiles were merely mental steps that could be done by a human being and were therefore not eligible for patent protection.

On August 26, the Federal Circuit **rejected ( http://www.cafc.uscourts.gov/images/stories/opinions-orders/13-1663.Opinion.8-22-2014.1.PDF)** a patent that claimed the concept of running a bingo game on a computer. "Managing the game of bingo consists solely of mental steps which can be carried out by a human using pen and paper," the court ruled. Converting that process into a computer program doesn't lead to a patentable invention.

On August 29, a California court **struck down ( http://ia600807.us.archive.org/20/items/gov.uscourts.cacd.519734/gc** a patent on a method of linking a mortgage line of credit to a checking account. The court said that the generic computer functions mentioned in the patent were not enough to merit protection.

On September 3, a Texas trial court **invalidated ( http://patentlyo.com/media/2014/09/LoyaltyConversion101Decision.p** a patent on the concept of using a computer to convert reward points from one store to another. The court held that the "invention" claimed by the patent "not fundamentally different from the kinds of commonplace financial transactions that were the subjects of the Supreme Court's recent decisions."

In a second September 3 decision, a Delaware trial court **rejected ( http://cdn3.vox-cdn.com/uploads/chorus_asset/file/694412/WD_Ruling.0.pdf)** a patent on the concept of an intermediary selectively revealing information about two parties to each other — using a computer. The court noted that it

has long been common for corporate headhunters to withhold certain information about an employer from potential employees (and vice versa) until both parties are ready to proceed.

On the same day, the same Delaware court **invalidated ( http://patentlyo.com/media/2014/09/TuxisDecisionOnPleadings.pdf)** a patent on the concept of using a computerized system to "upsell" customers who buy one product on other products that might interest them. The court pointed out that upselling is as old as commerce itself.

In a final decision the same day, the Federal Circuit appeals court **struck down ( http://www.cafc.uscourts.gov/images/stories/opinions-orders/13-1575.Opinion.8-29-2014.1.PDF)** a patent that claimed the concept of using **surety bonds ( https://en.wikipedia.org/wiki/Surety_bond)** to guarantee a transaction — using a computer. The court pointed out that surety bonds have been around since ancient times, and performing this well-known transaction with the help of a computer doesn't turn it into a patentable invention.

On September 4, a California trial court **rejected ( http://patentlyo.com/media/2014/09/EclipseIP101.pdf)** a patent on the concept of using a computer network to ask people to do tasks and then wait for them to do them. The court pointed out that people have done this with telephones for decades, and that doing the same thing over the internet doesn't count as an invention.

On September 11, a Florida court **invalidated ( http://assets.law360news.com/0576000/576593//mnt/rails_cache/ht ecf-flmd-uscourts-gov-doc1-047113815672.pdf)** a patent on the concept of subtracting a small amount of money from each of many payments in order to accumulate a larger sum of money — using a computer. The court noted that this kind of schemes has been widely known for centuries. For example, the plot of Superman III involved a villain using this kind of scheme to steal from co-workers' paychecks.

These rulings might seem like common sense, but it's important to remember that every single one of these patents was examined and approved by the patent office. That's because until recently, this kind of "invention" was considered eligible for patent protection. The patent office has issued hundreds of thousands of software patents over the last two decades, and many of them look like this.

## YOU CAN'T TAKE A COMMONPLACE HUMAN ACTIVITY, DO IT WITH A COMPUTER, AND CALL

THAT A PATENTABLE INVENTION

But now the courts are sending a pretty clear message: you can't take a commonplace human activity, do it with a computer, and call that a patentable invention.

For example, recent court rulings could make it easier to challenge **Amazon's infamous patent ( https://www.legionpatent.com/patents/5960411/)** on 1-click shopping, which claims the concept of ordering things over the Internet with a single click. The steps described in the patent — receiving an order from a regular customer, retrieving pre-stored shipping information for the customer, shipping the item to the customer — have been performed by delivery businesses for decades. If Amazon's patent were challenged, courts might be skeptical that performing these steps on a computer constituted a patentable invention.

## Software patents in danger

The recent string of decisions invalidating software patents on subject-matter grounds is unprecedented. This chart, based on **data from Lex Machina ( http://www.vox.com/2014/5/28/5745770/the-patent-lawsuit-crisis-in-5-charts)**,  shows the number of subject-matter decisions the courts made between 2007 and 2013:



The 14 patents the courts invalidated on subject matter grounds in 2013 was a record for recent years (such decisions were rare in the 1990s and

early 2000s). And this chart reflects decisions on all types of patents, not just software patents. With 11 software patents invalidated in just the last three months, the courts are on track to blow away last year's record with software patent cases alone. So this is the most hostile the courts have been to software patents in at least two decades.

The real question is how far the courts will take this logic. Because strictly speaking, all computer programs perform sequences of mathematical operations that could — in principle — be performed by a human being. As the legal scholar Robert Merges has **noted ( http://www.scotusblog.com/2014/06/symposium-go-ask-alice-what-can-you-patent-after-alice-v-cls-bank/)**, the logic of the Supreme Court's *Alice* ruling could call almost all software patents into question.

"My immediate reaction was that this would be extremely bad for software patents," **patent attorney Gene Quinn wrote ( http://www.ipwatchdog.com/2014/09/04/the-ramifications-of-alice-a-conversation-with-mark-lemley/id=51023/)** last week of the *Alice* ruling. He interviewed patent scholar Mark Lemley. While Lemley doesn't think all software patents are invalid, he predicts that "a majority of the software patents being litigated right now" will be found invalid based on the Supreme Court's precedents.

There are hundreds of thousands of software patents on the books, so the courts won't be able to invalidate all of them. But if patent holders continue their losing streak of recent months, it will dramatically shift the balance of power between plaintiffs and defendants. Software patent holders will know that if they take a case to trial, there's a high probability that their patent will be destroyed — meaning they not only lose that case but also lose the ability to use the patent against other defendants. That will make plaintiffs — and especially trolls wielding patents of dubious quality — more gun-shy, giving defendants a lot more bargaining power.

**Update:** I added two more cases, one decided August 29 and the other on September 11. Thanks to **Joe Gratz ( https://twitter.com/dreamword)** and **Vera Ranieri ( https://twitter.com/vranieri/status/510481404631580672)** for tipping me off to these cases.

# Read This

Scotland votes "no" on independence, will remain in the UK

All the places that got independence from the British Empire before Scotland, in 1 map

This is what a monopoly looks like

Larry Ellison is stepping down as Oracle CEO. Here's how he got so rich.

Watch: A neuroscientist debunks common beliefs about drug addiction

Ebola health team found dead