**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S REQUEST FOR A ONE-DAY *FESTO* HEARING AND CONSIDERATION OF VACATUR OF THE PRETRIAL AND TRIAL PROCEEDINGS**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by its undersigned counsel, files this Request for a one-day hearing on prosecution history estoppel issues pursuant to *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 535 U.S. 722, 122 S. Ct. 1831, 152 L. Ed. 2d 944 (2002). As the *Festo* hearing should resolve essentially all remaining infringement issues, MDx also requests that the Court consider vacatur of all pretrial and trial proceedings accordingly.[1]

**The Court, Not A Jury, Must Decide The Estoppel Issue**

"[P]rosecution history estoppel is a matter to be determined by the court." *Warner-Jenkinson Co. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 39 n.8 (1997); *see also Festo Corp. v. Shoketsu Kinzoko Kogyo Kabushiki Co.,* 344 F.3d 1359, 1368-69 (Fed. Cir. 2003) ("We agree

---

[1] Pursuant to D.C.COLO.L.Civ.R 7.1(a), counsel for MDx conferred with Health Grades, Inc.'s ("Health Grades") counsel on the issues addressed in this motion. Health Grades opposes the relief sought herein.

with SMC that rebuttal of the presumption of surrender is a question of law to be determined by the court, not a jury."). The Court should decide this issue, and thus avoid the pretrial conference, the trial, and the need to address all the pending motions (and the numerous motions that are otherwise coming from both parties). *Cf., e.g., Alcohol Monitoring Sys. v. BI Inc.*, 2013 U.S. Dist. LEXIS 178105, 33-34 (D. Colo. Dec. 19, 2013) (Ebel J.) (vacating trial preparation conference and jury trial due to finding of prosecution history estoppel).

This Court granted summary judgment of no literal infringement, but declined to finally rule on the issue of prosecution history estoppel on the incomplete record from the summary judgment motion. Order Granting In Part And Denying In Part MDx's Motion For Partial Summary Judgment Of Non-infringement, dated Dec. 24, 2013, Dkt. #696, at 26-27 ("the Court reserves the right to make further rulings pertaining to prosecution history…. [t]he record provided by the parties on this motion is inadequate for detailed consideration of the full implications of the prosecution history in this case.). A one-day *Festo* hearing will give the Court the full record needed, and will also allow the Court (if desired) to hear testimony of the technical experts on the subject, thus allowing the Court to make this decision on a fully-developed record, and likely end the litigation. *See, e.g., Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, 287 F. Supp. 2d 126, 136 (D. Mass. 2003) (After the Markman hearing, "the court will normally consider a motion for summary judgment. There are four possible outcomes: . . . 3) The court rules that there is no literal infringement but infringement may exist under the doctrine of equivalents. In this one circumstance, judicial economy may counsel proceeding

directly to a *Festo* hearing before the court."). Accordingly, MDx respectfully requests an early, one-day *Festo* hearing to finally resolve this important issue that is only for the Court to decide.[2]

**The Different Issues of Disclaimer And Estoppel**

The Court's summary judgment decision, relying on *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1325-26 (Fed. Cir. 2003), deferred the estoppel issue because the Court did not "find the prosecution history in this case constitutes such 'clear and unmistakable' evidence that Health Grades disclaimed coverage of comparison ratings 'outside of' provider reports … ." Dkt. #696, at 26. Respectfully, MDx believes the Court's reliance on *Omega* was misplaced, because that case only addressed the issue of prosecution disclaimer, not prosecution history estoppel. *See, e.g.*, *Trading Techs. Int'l v. Open E Cry, LLC*, 728 F.3d 1309, 1322 (Fed. Cir. 2013) (explaining the "distinct" issues of disclaimer and estoppel and that in the district court opinion the issues "appear to have been conflated").

Disclaimer is about claim interpretation – it is a definitional tool. That is, claim terms may lose their ordinary broad meanings if the patentee has expressly relinquished the broader meaning during prosecution. *Omega,* 334 F.3d at 1323-25. To find a disclaimer (because there would be deviation from the ordinary meaning of a claim term), the disclaimer must be "clear and unmistakable" from the prosecution. *Id.* at 1325-26.

Prosecution history estoppel does not address claim interpretation issues. Rather, estoppel addresses the question of infringement under the doctrine of equivalents. *Trading*

---

[2] Only about three months of alleged infringement was not subject to the Court's finding of no literal infringement, and MDx is no longer practicing those versions of its website. Thus, if the Court finds estoppel, it is unlikely that either party would proceed.

- 3 -

*Techs. Int'l*, 728 F.3d at 1322. The estoppel issue after *Festo* asks two questions, neither of which require "clear and unmistakable" evidence in the prosecution history:[3]

First, was the claim limitation at issue added for reasons of patentability? If so, there is a presumption of estoppel. *Integrated Tech. Corp. v. Rudolph Techs., Inc.*, 734 F.3d 1352, 1356 (Fed. Cir. 2013) ("[Prosecution history estoppel] presumptively applies when the applicant made a narrowing claim amendment related to patentability."). Health Grades does not appear to dispute that the presumption of estoppel applies in this case.[4]

Second, do any of the exceptions apply to rebut the presumption? Here, Health Grades has argued only that the amendment in question was "tangential" to the reasons for patentability – a "very narrow" exception. *Integrated Tech. Corp.*, 734 F.3d at 1358; *Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.,* 523 F.3d 1304, 1315-1316 (Fed. Cir. 2008). Importantly, for the exception to apply, the "tangential" reason must be discernable from the prosecution history. *Integrated Tech. Corp.*, 734 F.3d at 1358.

---

[3] While a very specific type of estoppel -- argument-based estoppel – uses the same "clear and unmistakable" standard, that standard is not applicable in this case. That is, here there is an "amendment-based estoppel" (*i.e.,* Health Grades amended the claims during prosecution to add the limitation in question), and therefore, there is a presumption of prosecution history estoppel. *Angioscore, Inc. v. Trireme Med.*, Inc., 2014 U.S. Dist. LEXIS 87265, *50 (N.D. Cal. June 25, 2014) ("As to argument-based estoppel, the party invoking that doctrine must show 'a clear and unmistakable surrender of subject matter.' Unlike with amendment-based estoppel, no presumption of surrender applies.") (internal citations omitted).

[4] Health Grades' Response to MDx's Second Motion for Partial Summary Judgment of Non-infringement, dated June 1, 2012, Dkt. #201, at 26, n.9 ("Here, the amendment was made for reasons of patentability (i.e., to distinguish prior art) . . ."); and at 30 ("The Supplemental Response and Amendment states that the amendments, including the addition of the first healthcare provider limitation, were made for reasons related to patentability to overcome the rejection based on prior art references Henley and Cook").

Thus, if the prosecution history is not "clear" about the reason for the amendment, then the conclusion should be that the presumption is unrebutted and there is estoppel. *See, e.g., Integrated Tech. Corp.*, 734 F.3d at 1356 (reversing equivalents finding: "Prosecution history estoppel . . . presumptively applies when the applicant made a narrowing claim amendment related to patentability"); *Integrated Tech. Corp.*, 734 F.3d at 1358 (the "tangential relation [exception] . . . should be discernible from the prosecution history record"); *see also*, *Alcohol Monitoring Sys. v. BI Inc.*, 2013 U.S. Dist. LEXIS 178105, 33-34 (D. Colo. Dec. 19, 2013) (Ebel J.) (vacating trial preparation conference due to finding of prosecution history estoppel). By relying on the law of claim interpretation disclaimers, the Court concluded just the opposite. Dkt. #696, at 25-26.

**Conclusion**

For the foregoing reasons, MDx respectfully requests that the Court schedule an early one-day *Festo* hearing.

Dated:  September 24, 2014                                             Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson                                    Terence Ridley, Atty. No. 15212
Trent S. Dickey                                       Wheeler Trigg O'Donnell LLP
David C. Lee                                           370 Seventeenth Street, Suite 4500
Vincent M. Ferraro                                 Denver, Colorado 80202
Sills Cummis & Gross P.C.                     Tel:  (303) 244-1800
30 Rockefeller Plaza                                Fax:   (303) 244-1879
New York, New York 10112                    E-mail: ridley@wtotrial.com
Tel: (212) 643-7000
Fax: (212) 643-6500                                 *Attorneys for Defendant*
E-mail: sstimpson@sillscummis.com      MDx Medical, Inc. d/b/a VITALS.COM
E-mail: tdickey@sillscummis.com
E-mail: dlee@sillscummis.com
E-mail: vferraro@sillscummis.com

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on <u>September 24, 2014</u>, I electronically filed the foregoing **MDX MEDICAL, INC.'S REQUEST FOR A ONE-DAY *FESTO* HEARING AND CONSIDERATION OF VACATUR OF THE PRETRIAL AND TRIAL PROCEEDINGS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez, Jr.**
  jvazquez@lrrlaw.com, phenke@lrrlaw.com

- **Gregory B. Kanan**
  gkanan@lrrlaw.com

- **Kris John Kostolansky**
  kkosto@lrrlaw.com

- **Adam Lee Massaro**
  amassaro@lrrlaw.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Trent S. Dickey**
  tdickey@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Vincent Marc Ferraro**
  vferraro@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

                              <u>s:/Vincent M. Ferraro</u>