IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**MDX MEDICAL, INC.'S MOTION FOR LEAVE TO FILE A RESPONSE TO HEALTH GRADES, INC.'S SUPPLEMENTAL FILING IN SUPPORT OF ITS MOTION TO COMPEL AND FOR ADDITIONAL SANCTIONS, AND TO CONTINUE ORAL ARGUMENT**

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx") and its counsel, by and through its undersigned counsel, respectfully submit this Motion For Leave To File A Response To Health Grades, Inc.'s Supplemental Filing (the "HG Supplemental Filing") [Dkt. #881] in support of its Motion to Compel and for Additional Sanctions (the "HG Motion") [Dkt. #818]

MDx seeks leave to file a response to address factual errors and new arguments raised for the first time in the HG Supplemental Filing [Doc. #881]. In accordance with D.C.COLO.LCivR 7.1(a), on September 24, 2014, MDx's undersigned counsel conferred by e-mail with counsel for

Health Grades, Inc. ("Health Grades") regarding the relief requested herein. Health Grades opposes this motion by MDx.

Good cause exists to afford MDx an opportunity to file a response to Health Grades' Supplemental Filing so as to apprise the Court of what MDx submits are incorrect material facts and because MDx has not had an opportunity to address new arguments not previously raised by Health Grades. MDx will be prejudiced if it is not allowed to reply to the new arguments or deprived of the ability to address erroneous facts argued to the Court by Health Grades. MDx does not seek to reargue arguments already before the Court. However, what is clear from even a cursory review of Health Grades' pleadings on the HG Motion [Dkt. #818 and #881] is that the alleged basis for the relief and the scope of Health Grades' very claims and contentions have morphed, and have been greatly expanded to the prejudice of MDx.

For example, Health Grades argues that Judge Brimmer construed the meaning of the "creating a report" language, but it is beyond dispute that he did not - instead, Judge Brimmer acknowledged that neither party even sought construction of "creating a report." Order Regarding Claim Construction, dated Feb. 13, 2012, Dkt. #138 at 3-4. Health Grades misrepresents that Judge Moore ruled that a link that "***links back to the results list***" might be infringing by equivalence (HG Supplemental Filing, at 9; emphasis added). Contrary to Health Grades' position, the Court did not address any link that went back to this results list, and indeed Health Grades' argument that there was infringement because a user could browse back to the results list (like its "untenable" argument that a results list could be considered part of a report), was severely criticized by Judge Moore as "strained and improper[]…, there is not even internal consistency in this position of Health Grades." Order Granting In Part and Denying In Part MDx's Motion For Partial Summary Judgment Of Non-infringement, dated Dec. 24, 2012, Dkt.

2

#696, at 15, fn. 11).  Health Grades misrepresents to the Court that "MDx first asserted that disciplinary or licensure information was not used in creating a report starting in January 24, 2014" (HG Supplemental Filing, at 8),  but MDx had this as part of its defense much earlier. *See, e.g.,* Rebuttal Report of Richard G. Cooper, D.Sc., dated September 17, 2012, at paragraphs 30-41 (opining that the MDx reports are not created using three of the third party data elements, and expressly addressing both licensure and disciplinary action).  Health Grades alleges that MDx failed to produce documents that would reveal how its software creates reports [HG Supplemental Filing, at 7–8], but what this new argument fails to disclose is that Health Grades specifically and unequivocally elected to forego production of software codes.  *See, e.g.,* Protective Order, dated June 19, 2012,  Dkt. # 227, at 6, Section 4.2.  Health Grade's argument as to what Dr. Greenspun's deposition testimony discloses and what notice they allege the report provided MDx is also a novel argument raised for the first time utilizes select deposition quotes that are not in context and in any event cannot substitute for infringement contentions, and the mere recital of the claim language is not a proper basis at all.  *Network Caching Tech. LLC v. Novell, Inc.*, 2002 U.S. Dist. LEXIS 26098, *17-18 (N.D. Cal. August 13, 2002) (contention language that "simply mimics the language" of the claim is not notice under Patent Rules); *see also, Yama Capital LLC v. Canon Inc.*, 2013 U.S. Dist. LEXIS 175983, 10-11 (S.D.N.Y. Dec. 13, 2013) ("It is not enough, however, to recite[] language from the claims at issue and provide[] corresponding images with some textual explanations. The purpose of [the Rules] is in fact to be nit picky, to require a plaintiff to crystallize its theory of the case and patent claims.  Plaintiff has the burden of providing infringement contentions that identify specifically and in detail where each claim element is found in the accused products, so that the Court can make a principled decision on whether discovery will proceed.") (internal citations omitted).  Health Grades has

3

known from day one that awards have always been part of results lists, yet they now suggest that this is a new fact only recently disclosed, as they do for the Quality Scores that was clearly shown in the PowerPoint documents they have had for over two years but never previously accused this process of infringement. There are several other serious misstatements, innuendos and denials of knowledge by Health Grades that are inaccurate and based upon incomplete quotes and/or mixing up concepts within snippets of testimony.

Fundamental fairness and equity given the seriousness of the allegations of the HG Motion strongly advocates that MDx be afforded an opportunity to meet the ever–changing ("chameleon-like" as Judge Moore put it [Dkt. #696, at 11]), and new allegations and inaccurate statements that have been submitted to the Court with Health Grade's latest submission.

MDx further requests that the oral argument on the HG Motion be continued to fully address the myriad of new submissions, claims, and arguments that have been raised since the arguments of August 28, 2014.

For the foregoing reasons, MDx respectfully requests that this Court grant this Motion to file a response to Health Grades' Supplemental Brief.

Dated:  September 26, 2014

Respectfully submitted,

<u>s:/Trent S. Dickey</u>
Scott D. Stimpson
Trent S. Dickey
David C. Lee
Vincent M. Ferraro
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: sstimpson@sillscummis.com
E-mail: tdickey@sillscummis.com
E-mail: dlee@sillscummis.com
E-mail: vferraro@sillscummis.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2014, I electronically filed the foregoing **MDX MEDICAL, INC.'S MOTION FOR LEAVE TO FILE A RESPONSE TO HEALTH GRADES, INC.'S SUPPLEMENTAL FILING IN SUPPORT OF ITS MOTION TO COMPEL AND FOR ADDITIONAL SANCTIONS, AND TO CONTINUE ORAL ARGUMENT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez, Jr.**
  jvazquez@lrrlaw.com, phenke@lrrlaw.com

- **Gregory B. Kanan**
  gkanan@lrrlaw.com

- **Kris John Kostolansky**
  kkosto@lrrlaw.com

- **Adam Lee Massaro**
  amassaro@lrrlaw.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Trent S. Dickey**
  tdickey@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Vincent Marc Ferraro**
  vferraro@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

                                        *s:/      Vincent M. Ferraro*