**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

     Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

     Defendant.

---

**MDX MEDICAL, INC.'S MOTION FOR A FORTHWITH STATUS CONFERENCE**

---

     Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by its undersigned counsel, files this Request for a forthwith Status Conference pursuant to Judge Moore's Rule IV.H.1.  MDx respectfully requests this Status Conference forthwith because normal briefing procedures would effectively moot this motion by the delay in briefing.[1]

     Trial is approximately two months away, scheduled to commence on December 1, and counsel for MDx is fearful that awaiting the November 13 Pretrial Conference may be too late to effectively resolve all the issues necessary for both the Court and the parties to properly prepare for trial.  There are currently nine pending motions, no doubt numerous motions in limine that will be filed by both parties, recent new arguments about claim construction raised by Health Grades, and a substantial number of jury instruction disputes. The resolution of these issues will

---

[1] Pursuant to D.C.COLO.L.Civ.R 7.1(a) and Judge Moore's Rule IV.H.1, counsel for MDx gave notice to and conferred with Health Grades, Inc.'s ("Health Grades") counsel on the issues addressed in this motion.  Health Grades opposes the relief sought herein.

impact, perhaps profoundly, the course and scope of the trial.  Accordingly, MDx respectfully submits that the posture of the case in relation to the impending December 1 trial date warrants immediate action, and requests that the Court schedule a Status Conference for early October to address (and perhaps resolve) at least some of these issues.  As counsel for Health Grades is in Denver, such a Status Conference should be no burden on them or Health Grades.

Modeled after the Court's requested Joint Status Report in May of 2013 (Dkt. #593), the following is a list of motions and issues that MDx believes will require the Court's guidance:

**Pending Motions**

(1) MDx's summary judgment motion re: damages [Dkt. No. 372/378; filed November 2, 2012].

(2) MDx's motion for summary judgment of no infringement re iTriage [Dkt. No. 490; filed January 22, 2103].

(3) MDx's motion *in limine* to preclude Health Grades from offering certain evidence or testimony regarding validity [Dkt. No. 685; filed December 17, 2013].

(4) MDx's Objection/Appeal of Magistrate Boland's Decision to District Court re Order for Sanctions by Magistrate Boland [Dkt. Nos. 789 and 790; filed May 14, 2014].

(5) Health Grades's motion to compel and for additional sanctions [Dkt. Nos. 817/818; filed August 6, 2014 – pending before Magistrate Boland]

(6) MDx's motion *in limine* to preclude Health Grades from making infringement arguments not in its contentions [Dkt. Nos. 836/837/838; filed August 21, 2014]

(7) Health Grades's motion to compel access to MDx's licensees' websites [Dkt. Nos. 841/843/845; filed August 22, 2014 – pending before Magistrate Boland]

(8) MDx's Objection/Appeal of Magistrate Boland's Decision on MDx's motion to amend invalidity contentions and compel Health Grades to search for NCQA materials [Dkt. No. 879; filed September 22, 2014]

(9) MDx's request for a *Festo* hearing [Dkt. No. 883; filed September 24, 2014]

**Claim Construction Issues**[2]

(10) Health Grades' new argument that only one of the "at least three" healthcare provider and third party data elements need to be used to create a report.

(11) Health Grades' new argument about the meaning of "creating a report" (alleging that bestowing an award is the same as creating a report).

(12) Health Grades argument that Judge Brimmer construed "verified" as requiring no more than receipt.

(13) Health Grades argument that claims 15 and 16 require only "capability" to infringe. *See, e.g.,* Dkt. #705.

**Anticipated Motions in Limine**

(14)  There are a number of motions in limine that will be coming from MDx and, we expect, from Health Grades.  A Status Conference will be an opportunity to air these motions and discuss them, and perhaps avoid many or all of the coming motions.  MDx suggests that each party specifically identify their planned motions in limine three days before the Status Conference.

**Jury Instruction Disputes**

(15) The parties jointly submitted 138 pages regarding Proposed Jury Instructions, and while many instructions were agreed, many disputes remain.  Dkt. #779.

---

[2] MDx is mindful that, on June 27 of this year, the Court instructed that there would be no more *Markman* proceedings and terms already construed would not be revisited.  Exhibit A, pp. 7-8. If the Court has determined that there will be no more *Markman* issues addressed (even with Health Grades' new arguments), then MDx will of course respect that decision and proceed accordingly.  But, respectfully, the status is not entirely clear to MDx (*e.g.,* two sets of briefing on claim construction were requested by the Court and filed, and there is no indication from the docket that they are resolved or moot, *see, e.g.,* Dkt. ## 701, 702, 705, 706).  The parties also have a fundamental disagreement as to whether Judge Brimmer construed some of these terms. These issues will permeate the jury instructions and the trial, and MDx suggests that these issues at least be discussed at a Status Conference.  *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008) ("When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it.").

**Conclusion**

      For the foregoing reasons, MDx respectfully requests that the Court schedule a forthwith

Status Conference.


Dated:  September 26, 2014                         Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson                              Terence Ridley, Atty. No. 15212
Trent S. Dickey                                 Wheeler Trigg O'Donnell LLP
David C. Lee                                   370 Seventeenth Street, Suite 4500
Vincent M. Ferraro                          Denver, Colorado 80202
Sills Cummis & Gross P.C.                 Tel:  (303) 244-1800
30 Rockefeller Plaza                        Fax:   (303) 244-1879
New York, New York 10112               E-mail: ridley@wtotrial.com
Tel: (212) 643-7000
Fax: (212) 643-6500                       *Attorneys for Defendant*
E-mail: sstimpson@sillscummis.com     MDx Medical, Inc. d/b/a VITALS.COM
E-mail: tdickey@sillscummis.com
E-mail: dlee@sillscummis.com
E-mail: vferraro@sillscummis.com

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that on <u>September 26, 2014</u>, I electronically filed the foregoing **MDX MEDICAL, INC.'S MOTION FOR A <u>FORTHWITH</u> STATUS CONFERENCE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez, Jr.**
  jvazquez@lrrlaw.com, phenke@lrrlaw.com

- **Gregory B. Kanan**
  gkanan@lrrlaw.com

- **Kris John Kostolansky**
  kkosto@lrrlaw.com

- **Adam Lee Massaro**
  amassaro@lrrlaw.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Trent S. Dickey**
  tdickey@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Vincent Marc Ferraro**
  vferraro@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

<u>  s:/Vincent M. Ferraro    </u>