# Exhibit F

(Redacted Version of Dkt. No. 871-1)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**DECLARATION OF SCOTT D. STIMPSON IN SUPPORT OF MDX'S SUPPLEMENTAL OPPOSITION TO HEALTH GRADES' MOTION TO COMPEL AND FOR ADDITIONAL SANCTIONS**

---

SCOTT D. STIMPSON, being of full age, hereby declares and states as follows:

1. I make this declaration in support of Defendant MDx Medical, Inc.'s Supplemental Opposition to Health Grades' Motion to Compel and For Additional Sanctions ("HG's Motion"; Dkt. #818). Unless otherwise noted, the statements made herein are based on my personal knowledge.

2. I am a Member of the firm of Sills Cummis & Gross P.C. and lead counsel for defendant and counterclaim plaintiff MDx Medical, Inc. ("MDx"). In that capacity, I oversaw the response of MDx to discovery requests and signed the certification required by *Fed. R. Civ. P.* 26(g), including MDx's Supplemental Response to Health Grades' Interrogatory No. 2.

3. I have been a patent attorney for twenty-five years. Over this time, I have handled numerous patent cases, as patent litigation has been the great majority of my practice.

4. This case involves Health Grades' patent, U.S. Patent No. 7,752,060 ("the '060 patent"), attached to my declaration of August 22, 2014 (Dkt. #839-1) as Exhibit A.

5. At the outset of this case, we agreed with counsel for Health Grades that patent local rules would be desirable. We jointly requested this Court to adopt the patent local rules of the Northern District of California for this case, and the Court ordered use of those rules.

6. This case was commenced in March 2011, and Health Grades provided its initial infringement contentions in July 2011. Amended infringement contentions were filed in September of 2013. Our conduct of discovery in this case has been guided by our experience with patent local rules. Accordingly, our discovery approach did not address patent claims that were not asserted in the infringement contentions, and did not address accused instrumentalities not accused in the infringement contentions.

7. Plaintiff Health Grades, Inc. ("Health Grades") filed a motion to compel and for additional sanctions against MDx (Dkt. #818). A hearing was held on HG's motion on August 28, 2014 and relevant portions of the transcript from that hearing is attached hereto as Exhibit J.

8. The step of compiling third party verified data was originally claimed by Health Grades when it filed the application leading to the '060 patent, and one of the independent claims identified this compiling as a separate "module" from the step of creating the report. See selected portions of the file history of the '060 patent, attached hereto as Exhibit K.

9. In August of this year, MDx and Health Grades' counsel conferred by email on MDx's motion to preclude Health Grades from asserting the infringement theory that bestowing

2

awards using licensure and sanctions data satisfies the claimed step of "creating … a healthcare provider report … using … the information verified by the independent third-party source" and counsel for Health Grades was advised that this motion was being contemplated because "this infringement argument is found nowhere in the HG infringement contentions". The conferral e-mail is attached hereto as Exhibit L. At no time during this conferral did counsel for Health Grades identify any part of the Health Grades Contentions that supposedly disclosed this argument.

10. Dr. Philip Greenspun's July 13, 2012 expert report regarding infringement, starting at paragraph 155, has thirteen paragraphs of details about how data is "used" to create a report (including uses that do not include display), and the only mentions of awards in any of these paragraphs are in connection with a named section of the MDx website (paragraph 163), and the provider-verified data (because awards is a data element specifically required by the claims of the '060 patent to be received and verified by the provider). *See* Expert Report of Philip Greenspun, dated July 13, 2012, attached hereto as Exhibit M, at paragraphs 155-67. In paragraphs 164-67, Dr. Greenspun expressly addresses the MDx rule about not using three or more of the third party data, and Dr. Greenspun provides four paragraphs of his reasons for disagreeing that MDx follows this rule, laying out in detail the ways he believes MDx uses this data. But nowhere in these paragraphs does Dr. Greenspun mention that MDx "uses" third party data by bestowing awards that are later shown in reports.

11. Health Grades' counsel sent an e-mail to me on August 24, 2014 stating that "[a]dmitting the use of medical school information advances the issue because then Health

Grades only has to prove at trial MDx's use of two or more third-party sources." The August 24, 2014 e-mail is attached hereto as Exhibit N.

**REDACTED**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 15, 2014

SCOTT D. STIMPSON