# Exhibit H

(Redacted Version of Dkt. No. 871-2)

# EXHIBIT J

1

```
 1                IN THE UNITED STATES DISTRICT COURT

 2                  FOR THE DISTRICT OF COLORADO

 3    Case No. 11-cv-00520-RM-BNB

 4    _____

 5    HEALTH GRADES, INC.,

 6          Plaintiff,

 7    vs.

 8    MDx MEDICAL, INC., doing business as Vitals.com

 9          Defendant.

10    _____

11              Proceedings before BOYD N. BOLAND, United States

12    Magistrate Judge, United States District Court for the

13    District of Colorado, commencing at 1:32 p.m., August 28,

14    2014, in the United States Courthouse, Denver, Colorado.

15    _____

16              WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS

17    ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED...

18    _____

19                         APPEARANCES

20              ADAM L. MASSARO and KRIS KOSTOLANSKY, Attorneys at

21    Law, appearing for the plaintiff.

22              SCOTT STIMPSON and DAVID LEE, Attorneys at Law,

23    appearing for the defendant.

24    _____

25                       MOTIONS HEARING
```

AVERY WOODS REPORTING SERVICE, INC.
455 SHERMAN STREET, SUITE 250, DENVER, CO 80203
303-825-6119        FAX 303-893-8305

```
 1    approximately 2:59 p.m. to 3:19 p.m.)

 2            THE CLERK:  All rise.  Court is in session.

 3            THE COURT:  Thank you.  Please be seated.  Now we

 4    are at Health Grades' motion to compel and for additional

 5    sanctions.  Mr. Kostolansky?

 6            MR. KOSTOLANSKY:  Thank you, Your Honor.  Your

 7    Honor, our motion directs itself to five specific remedies.

 8    I want to address -- I want to address those remedies before

 9    moving onto the substance of our argument to put -- put

10    things in context.  First we ask that the compiling

11    third-party verified information element of the patent be

12    deemed established, that the creating a health care provider

13    report using third-party verified information be deemed

14    established, that clear and unvarnished responses to the

15    Interrogatory Number 2 regarding the foregoing elements be

16    provided, fourth, that we reconvene the deposition of MDx's

17    corporate representative in Denver at MDx's expense to

18    address these and related issues, and, fifth, that Health

19    Grades be awarded its attorney's fees and costs in connection

20    with this motion.  And I would note parenthetically, Your

21    Honor, that we are -- there are no attorney's fees or costs

22    or other sanctions being sought with respect to Mr. Ridley or

23    his -- or his firm.  Despite four chances MDx's interrogatory

24    answer to -- to Number 2 regarding these claim elements has

25    not been forthrightly and honestly answered despite three --
```

1    August 1st, 2014 MDx's counsel said the claim element

2    requires creating a report using the information, in this

3    case licensure and disciplinary action, not creating an

4    award.  Thus MDx was drawing a distinction between creating

5    an award that appears in the report and using information in

6    connection with the report, and that -- Your Honor, that type

7    of distinction defies common sense.  It's contrary to Judge

8    Brimmer's *Markman* ruling.  It's based purely on semantics and

9    it has nothing to do with the way in which MDx operates its

10   web site with respect to pulling information to -- that's

11   used in the preparation of these reports.

12        I want to walk through the four interrogatory

13   responses that -- that MDx has -- has provided in the face of

14   three Court orders, Your Honor, to demonstrate how MDx has

15   failed to answer the interrogatory directly and without

16   evasion and fully and completely as required under Rule 33

17   and under Your Honor's order.  So I put together a timeline,

18   Your Honor, if we could look at that.  There's a July 25

19   entry that sets -- sets the stage.  That's the interrogatory

20   where MDx was supposed to state based upon their insertions

21   of non-infringement how the accused products operate or

22   function differently than the claim element.  MDx's first

23   response to that simply stated that the reports on the MDx

24   web site do not include three or more of the information

25   verified by the independent third-party source.  Then we

```
 1    how we were interpreting that because the question that was
 2    posed involved the Top 10 Doctor Award which we -- which we
 3    showed Your Honor -- Your Honor earlier.  Now, what had not
 4    been a significant concern to us about whether this
 5    disciplinary action was used to cull based upon this e-mail
 6    that we had received from MDx, but now MDx is taking the
 7    position in this interrogatory answer that this information
 8    is, in fact, not being used to create a -- the provider
 9    reports.
10            And so if we could go back to the timeline, Dan.
11    Let's go to the next entry up, the -- right there, third one,
12    up one.  MDx also said there that the database used to
13    populate provider profiles called Mongo (phonetics) does not
14    include licensure information, not licensure data.  Because
15    the Mongo database does not include licensure information
16    provider profiles are not created using licensure.  Thus that
17    raised the issue about whether licensure was used in
18    connection with preparing these reports.
19            So as part of the discovery process we took the
20    deposition of the MDx corporate representative in May of this
21    year and here's what he said to juxtapose that interrogatory
22    answer.  The next column, Dan, that next one down.  Yeah.
23            MDx's corporate representative testified as
24    follows:                        REDACTED
25
```

| | |
|---|---|
| 1 | <span style="color:red">REDACTED</span> |
| 2 | .  So now we have an interrogatory |
| 3 | answer that says they don't include licensure in the data and |
| 4 | we have deposition testimony from their corporate |
| 5 | representative that says they do.  Also, Your Honor, they -- |
| 6 | in their interrogatory -- back to their interrogatory answer |
| 7 | on January 24 they state to -- right to the bottom, Dan, the |
| 8 | last two paragraphs.  MDx also states that the information is |
| 9 | not verified if it is subject to such disclaimers.  So now |
| 10 | they're raising another defense regarding this issue.  But |
| 11 | Judge Brimmer had already addressed that in his *Markman* |
| 12 | order.  Regarding third-party verified information he stated |
| 13 | the patent does not require third-party information be |
| 14 | proven, but, rather, only describes an attempt to |
| 15 | substantiate that will provide a patient with some assurance |
| 16 | that the qualification of the doctor had been checked by |
| 17 | someone.  And there's a reference to the '060 patent.  So |
| 18 | that particular response was not of great concern to us. |
| 19 | So after we received these discovery responses in |
| 20 | light of Your Honor's sanctions order we began the |
| 21 | negotiation to take the deposition of the corporate |
| 22 | representative of MDx which we did on May 15th and one of our |
| 23 | purposes was to address these issues. |
| 24 | The next event that occurred, Your Honor, was on |
| 25 | April 30th Your Honor denied the motion for reconsideration |

```
 1    information is used in the creation of a report for an
 2    individual who is entitled to receive the Patients' Choice
 3    Award.  Nevertheless, Your Honor, despite all of that, MDx's
 4    corporate representative when he -- when he's deposed on
 5    May 15 testified he did not know whether a physician who had
 6    been sanctioned was eligible to receive a Top 10 Doctor Award
 7    given by MDx.  Again, completely -- completely contrary to
 8    the existing state of the record and contrary to what he
 9    should have been prepared to testify to.
10         So here's his -- his deposition testimony, Your
11    Honor.  Question, If a physician has been sanctioned is the
12    physician eligible to receive a Top 10 Doctor Award given by
13    MDx?  Answer, I don't know.  And this is a corporate rep of
14    MDx, May 15th, after these interrogatory answers have been
15    propounded saying that he doesn't -- he doesn't know when MDx
16    has just taken the position in its interrogatory answers that
17    is contrary to -- to what they now say.
18         Let's go back to the patent if we could, Dan,
19    Exhibit 1.  The patent in that second element refers to in
20    the third line of creating that health care provider report
21    using health care provider verified patient and the
22    information verified by an independent third-party source.
23    There's no requirement here, Your Honor, that anything be
24    displayed.  The question is completely one of use.  And this
25    information was used by MDx in creating their report and they
```

1    did not disclose that in their discovery responses.

2            THE COURT:  And it was used in creating the report

3    because it was used in awarding -- making awards which were

4    reported in the report?

5            MR. KOSTOLANSKY:  Which were -- yes, which were

6    presented and displayed in the report as a part of the report

7    designed to provide information to consumers which is the

8    function of all of the elements or pieces of a report.  Each

9    piece has the same function, providing information to

10   consumers.

11           So if we look at the last entry then from the

12   timeline, please, Dan, the last two.  Now, in opposition to

13   this motion Ms. Boyer submitted an affidavit on behalf of MDx

14   and there in paragraph five she confirms that medical

15   information -- medical licensure information is used to cull

16   physicians to determine eligibility to receive awards.  So

17   that's Miss Boyer today, in August of 2014.

18           Let's look at Mr. Balomo back in May.    R

19                                                     E
                                                       D
20                                                     A
                                                       C
21                                                     TE
                                                       D
22

23                                                So now we

24   have two conflicting statements from MDx, one in a

25   deposition, one under oath within -- within three months of

1    each other and we still don't have either of those presented

2    in a verified interrogatory response.

3           So the discovery from MDx in connection with this

4    -- these topics, Your Honor, are filled with half-truths and

5    outright misstatements, all of which are designed to avoid

6    having to disclose that sanctions information and licensure

7    information is compiled by MDx and used to create the MDx

8    provider profiles.

9           Now, let's look at what MDx says.  So they tell us

10   that Health Grades position that disciplinary action

11   underlying an award is used in creating the report was not

12   set forth in Health Grades' infringement contentions.  In

13   other words, it's their fault.  It's not our fault.  It's

14   Health Grades' fault.  Well, as we're going to see in a

15   minute, Your Honor, Health Grades' infringement contentions

16   did address the issue regarding what was displayed in the

17   physician profile of MDx and did address the issue regarding

18   whether information that is not displayed is, in fact, used

19   in creating the report.  MDx simply chose to ignore the

20   information that Health Grades provided so that it could

21   continue to withhold information that's damaging to it

22   regarding the compiling of third-party verified information

23   element and using that information to create a report.  So

24   let's look at the disclosure that Health Grades made.  Let's

25   look, Dan, at Exhibit 110.

```
 1              This is Your Honor's order regarding Health
 2      Grades' motion for leave to amend infringement contentions.
 3      If we go to the second page, there Health Grades -- Health
 4      Grades seeks to amend its infringement contentions to
 5      incorporate the infringement opinions of its technical
 6      expert, Dr. Philip Greenspun.  So that was the issue with
 7      respect to the motion.  On the next page Your Honor granted
 8      the motion to amend January 14, 2013.  Mr. Greenspun's report
 9      is dated January of -- I'm sorry, July of 2012.  In his
10      report -- if we go to paragraph 157, there Mr. Greenspun
11      talks about the three elements that are -- that the reports
12      do contain a combination of, and then he says furthermore,
13      the creation of the report involves using a combination of
14      the information that the physician entered or verified,
15      information the patients have provided, and information from
16      third-party sources even if that information is not
17      explicitly displayed.  And there in his report Dr. Greenspun
18      cites a Vitals PowerPoint thinking about physician quality
19      and he cites a particular page, 12068.  So, Dan, let's go if
20      we could to -- to that exhibit and let's go to Page 12068.
21      There MDx states in its document that a reverse algorithm was
22      created based on the extensive history of top doctor ratings.
23      Okay.  So MDx is using a reverse algorithm to figure out
24      who's entitled to a Top Doctor Award.  Then MDx notes -- and
25      this is, again, at Page 12068.  The individual quality
```

Case 1:11-cv-00520-RM-BNB   Document 671-8   Filed 09/15/14   USDC Colorado   Page 11 of
17

84

```
 1    factors include all the data points previously mentioned.

 2    So, now, let's go back two pages, Dan, and let's look at

 3    those data points.  There's the Vitals data set, 62 fields.

 4    They include things like patient ratings, academic

 5    appointments, overall provider score, languages spoken, and

 6    disciplinary action, thus Vitals is using disciplinary action

 7    as part of a reverse algorithm to figure out who's entitled

 8    to its Top 10 Doctor Award.  And that information was

 9    disclosed to Vitals in the infringement conventions submitted

10    by Health Grades pursuant to Your Honor and as set forth in

11    Dr. Greenspun's report.  MDx says that Health Grades is

12    bringing up a new theory that would not be expected to come

13    to mind.  Well, this is not a new theory, Your Honor.  MDx's

14    argument is nothing more than an after-the-fact justification

15    to disguise its failure to fully and accurately and without

16    evasion respond to the discovery request as ordered by Your

17    Honor.  When we raise these issues with MDx they come back

18    with explanations that as we've seen defy common sense,

19    assert that sanctions and licensure is not used to create a

20    report when it's used to create a part of the report, and

21    that is all that is necessary in order to determine that that

22    information is used.  There's no requirement that all of the

23    third-party verified bits of information be used.  Judge

24    Brimmer says you can use part of that and you don't have to

25    display any of it.
```

```
1              So let's look now at Page 9 of MDx's brief in this
2     matter, Your Honor.  There MDx says that when -- when the
3     create a report language is properly interpreted it means
4     precisely what it says, the actual software creation of the
5     report, thus the claim language requires that three or more
6     of third-party data elements actually be used in that
7     function, not some other analysis or software function like
8     identifying providers for awards.  Well, first of all, the
9     claim language doesn't require three or more data elements
10    actually be used in the function.  Judge Brimmer was very
11    clear about that.  You don't have to use three.  You have to
12    compile three.  So that's -- that's a misstatement of what --
13    of what *Markman* requires.  And then to bring in this notion
14    of the actual software creation, that's not in Judge
15    Brimmer's *Markman* order.  Judge Brimmer said using should be
16    interpreted in its own common sense way, not -- not some
17    creative after-the-fact justification for failure to respond
18    to the interrogatory answers.  The patent says nothing about
19    -- about this type of response.  MDx uses this with respect
20    to the Top Doctor Award in connection with a reverse
21    algorithm.  The results of which are then placed into the --
22    the reports on MDx's web site.  This software application
23    argument, Your Honor, is another slight of hand designed to
24    hide the truth, but even if one were going to hide the truth
25    through this slight of hand that should have been disclosed
```

 1    in the four interrogatory answers that were provided and in

 2    response to addressing the three orders that were entered by

 3    the Court.

 4         So, again, Your Honor, we ask that the third-party

 5    verified information element be deemed established, that the

 6    creating a report using third-party verified information be

 7    deemed established, that MDx be ordered to answer fully,

 8    completely without evasion Interrogatory Number 2 regarding

 9    these questions -- these elements, that Mr. Balomo's

10    deposition be reconvened in Denver at MDx's expense to

11    address these and other matters, and that costs and

12    attorney's fees be awarded to Health Grades.

13         Now, Your Honor, let me return to the other part

14    of this motion and that is the -- the issue concerning

15    additional discovery regarding -- regarding the SQL responses

16    that MDx has provided.  So what we did here, Your Honor, was

17    we tried to make this -- excuse me.  We tried to make this as

18    easy and as straightforward as possible.  We looked at these

19    SQL responses.  We thought that almost 4,000 doctors appeared

20    to have met all the six elements of the claims.  We knew we

21    were going to end up in an argument with them if we

22    propounded further discovery trying to clarify that so we

23    took a very, very simple and unburdensome approach.  We

24    focused on one doctor and we traced that doctor's history

25    through the SQL responses that they had given, and in

```
 1          connection with that we propounded 25 requests for admission,
 2          that's it, all about one doctor.  And we felt that was the
 3          easiest, most efficient way to address this issue.  So we
 4          asked, for example, admit that the health care provider
 5          report for Dr. Bharam, B-h-a-r-a-m, Bharam, uses medical
 6          school information received from third parties.  Very
 7          straightforward, requests like that.  Admit health care
 8          provider report of Dr. Bharam included a hyperlink to an
 9          affiliated hospital.  Admit that the report uses board
10          certification information received from ABMS.  A couple of
11          our requests for admission were answered so this is
12          noteworthy because we asked admit that MDx has received the
13          following types of health care provider verified information
14          from Dr. Bharam through direct portalets (phonetics).  So we
15          had SQL queries that said there were direct portalets by --
16          by Dr. Bharam, and the colon can then concern awards, honors,
17          languages, and professional appointments.  Here's the
18          response we get.  Denied that any of this information was
19          verified, but admitted that Dr. Bharam provided these
20          elements through direct portalets.  That wasn't the question.
21          The question was has MDx received.  That's the question.  And
22          they want to talk about whether something was verified.  They
23          deny the information was verified and they want to focus on
24          whether he provided it.
25                  Well, in -- in Judge Brimmer -- if we could pull
```

    1    up Exhibit 4, Dan, Page 15.  In Judge Brimmer's *Markman*
    2    order, right in the center there, Dan, it says here about
    3    three lines from the left, down a little bit farther.  There
    4    we go.  Right -- right in the middle of your page.  Do you
    5    see the word here off to the right?  I'm sorry.  The right --
    6    there we go.  Here the specification makes clear that the act
    7    of verifying -- and this is in the context of health care
    8    verified information -- requires only that the web site
    9    receive confirmation of the information from some other
   10    source, in this instance the health care provider.  Indeed,
   11    the confirmation described appears not to extend beyond
   12    receipt of such information from the first health care
   13    provider, hence, our request for admission directing itself
   14    to receiving that information which, again, was not -- as I
   15    quoted and referenced was not answered by MDx.
   16            So then, Your Honor, we get the affidavit or
   17    declaration, I should say, of opposing counsel in connection
   18    with this.  And if we could bring up 83-1, paragraph 18 at
   19    Page 5.  Last three lines there on this first -- on -- the
   20    supplemental response makes clear that no MDx report meets
   21    all the elements of any claim and specifically that no report
   22    has information verified by a provider.  So here we are.
   23    We're back to the same thing again arguing about -- about
   24    verification that's been addressed by Judge Brimmer.  No
   25    report is -- no report is created using verified information

1    by a provider.  Same thing.  No report is creating -- using

2    three or more of the third-party data elements.  Well, that

3    was something we went through in the very, very beginning of

4    our discussion, Your Honor, about what that -- what that

5    requires.  It's not three or more.  Judge Brimmer says it

6    doesn't require using three or more.  It doesn't require

7    using all or any specific number.

8         And we had a hearing, Your Honor, on June 27th of

9    this year before Judge Moore where he basically came in and

10   told us what some of his orders were regarding several of the

11   pending motions.  If we could go to that, Dan, it's

12   Exhibit 22.  And an issue was raised by us in that hearing

13   about -- about what experts could opine to in light of the

14   *Markman* ruling.  And while we didn't argue the motion at the

15   time, Judge Brimmer simply told us his ruling.  And if we

16   could go to -- go to Page 7, please, Dan, and line 18.  I'm

17   sorry, 19.  And what I am telling you is that at this trial

18   I'm not going to permit experts to be redefining terms.

19   We're going to stick with the *Markman* order and any expert

20   testimony that tries to redefine that will be met with

21   difficulty.

22        And so, Your Honor, we have -- when we're

23   propounding discovery requests within the context of the

24   *Markman* ruling there are no responses that are consistent

25   with the *Markman* ruling, instead MDx goes back and utilizes