**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

      Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

      Defendant.

---

**MDX MEDICAL, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE HEALTH GRADES, INC. FROM MAKING INFRINGEMENT ARGUMENTS NOT IN ITS INFRINGEMENT CONTENTIONS**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by its undersigned counsel, files this Reply Memorandum in Support of its Motion *In Limine* to Preclude Health Grades, Inc. ("Health Grades") From Making Infringement Arguments Not In Its Infringement Contentions ("Motion") (Dkt. #836).

**I.  HEALTH GRADES NEVER DISCLOSED ITS BESTOWING AWARDS INFRINGEMENT THEORY**

Health Grades alleges that its "awards" theory (*i.e.*, that use of disciplinary and licensure information to bestow awards somehow meets claim language requiring use of that data to create a report) has been disclosed in its Infringement Contentions.  But Health Grades has never included this theory in any version of its Infringement Contentions, as specifically required by the Northern District of California's Local Patent Rules and the case law.  First, at page 9, to support its position that this new theory is in its Infringement Contentions, Health Grades cites

1

the part of its Infringement Contentions that simply regurgitates the relevant claim language. But contentions that merely recite the claim language are insufficient to provide notice as to how Health Grades is alleging infringement. *See, e.g., Network Caching Tech. LLC v. Novell, Inc.*, 2002 U.S. Dist. LEXIS 26098, *17-18 (N.D. Cal. August 13, 2002) (contention language that "simply mimics the language" of the claim is not notice under the Patent Rules); *see also Fr. Telecom, S.A. v. Marvell Semiconductor, Inc.*, 2013 U.S. Dist. LEXIS 63823 (N.D. Cal. May 3, 2013) (same); and *Yama Capital LLC v. Canon Inc.*, 2013 U.S. Dist. LEXIS 175983, 10-11 (S.D.N.Y. Dec. 13, 2013) ("It is not enough, however, to recite[] language from the claims at issue and provide[] corresponding images with some textual explanations.  The purpose of [the Rule] is in fact to be nit picky, to require a plaintiff to crystallize its theory of the case and patent claims.  Plaintiff has the burden of providing infringement contentions that identify specifically and in detail where each claim element is found in the accused products, so that the Court can make a principled decision on whether discovery will proceed.") (internal citations omitted).

Health Grades nevertheless incorrectly opines, in the face of the clear language of the Local Patent Rules and relevant case law, that its mere recitation of the claim language encompasses the new Health Grades theory because it contains "no limiting language."  Health Grades' Response, dated Sept. 15, 2014, Dkt. #870, at 9.  If the law was as Health Grades argues (that every possible manner of alleging infringement is necessarily included in the Infringement Contentions unless "limiting language" excludes it), then patent plaintiffs would be better off not serving Infringement Contentions at all – that way everything could be alleged to infringe at trial. But the law is exactly the opposite – patent plaintiffs must "crystalize" their theories of infringement in the Infringement Contentions, with specifics and details. *O2 Micro Int'l, Ltd. v.*

*Monolithic Power Sys.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (The local patent rules are designed specifically to "require parties to crystallize their theories of the case early in the litigation"); *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006) ("The [patent local] rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed."); *Yama Capital LLC v. Canon Inc.*, 2013 U.S. Dist. LEXIS 175983, 10-11 (S.D.N.Y. Dec. 13, 2013) ("Plaintiff has the burden of providing infringement contentions that identify specifically and in detail where each claim element is found in the accused products….").

Health Grades next cites paragraph 157 of the Greenspun expert report, which in turn cites a single page of an old MDx PowerPoint, in alleged support of its position that MDx had notice of this new infringement theory. Dkt. #870 at 10. During the parties' conferral under Local Rule 7.1(a) that led to this Motion, however, counsel for MDx made clear that the basis for the Motion was that "this infringement argument is found nowhere in the HG infringement contentions" (e-mail chain between Health Grades' and MDx's counsel, dated August 2014, attached hereto as Exhibit H), yet, tellingly, counsel for Health Grades did not mention any of this as alleged support in its Infringement Contentions – it seems an afterthought.

The one sentence from Dr. Greenspun's report, and the one page referenced in the cited PowerPoint, do not even remotely put MDx on notice of Health Grades' new theory that use of licensure and disciplinary information to bestow an award meets claim language addressing use of that information to create a report:

- Neither this part of the Greenspun report (Dkt. #292-1, at ¶157) nor the PowerPoint page (Dkt. #853-1, at MDX 0012068) use any of the words "award", "licensure", "sanctions" or "disciplinary information."

- The PowerPoint is undated and apparently pre-dates the July 2010 patent (*e.g.*, page MDx 12101 referencing January of 2010 data).  Declaration of Erika Boyer ("Boyer Decl. II"), dated September 15, 2014, Dkt. #871-8, at ¶3.

- The "Top Doctor" rating (first paragraph), and the "Top Doctor" candidates (last paragraph) are not awards.  *Id.*, at ¶4. To the contrary, they reference provider scores that were created by MDx based on an unrelated company's, Castle Connolly, "Top Doctor" awardees profiles. *Id.*

- Contrary to the awards that are the subject of Health Grades' new theory, the "Quality Score" for which the reverse algorithm applies is intentionally "***not published***" by MDx in its provider profiles or otherwise (MDx 12068, last paragraph; emphasis added). *Id.* at ¶5.

- There is nothing on this PowerPoint page, or elsewhere, describing criteria for how MDx gives award to physicians (compare page MDx 12108, showing that MDx "also" identifies the nation's best doctors and issues awards).

If Health Grades had explored this in discovery, they would have become aware of additional gaping holes in this new infringement theory and the fact that this PowerPoint does not come close to providing proper notice of it.  For example, whereas this page (MDX 12068; Dkt. #853-1) does not relate to MDx awards, MDx did create a  "Top Doctor" award in 2009 by applying Castle Connolly's branded award methodology to providers in nine states, but the results were not satisfactory, so it did not continue creating this award.  Boyer Decl. II, at ¶¶6-7. This single occurrence happened in ***2009*** – long before the Health Grades '060 patent even issued.   Boyer Decl. II, at ¶6.  This award was completely different from MDx's "Top Ten Doctor" award.  *Id.* The "overall quality score" referenced in the document is not published, and it is never included in any provider profile.  *Id.*, at ¶5.  Rather, it is used to help order a results list when a user inputs search terms.  *Id.*  The '060 patent specifically distinguishes results lists from provider reports.  *See, e.g.,* Declaration of Scott Stimpson ("Stimpson Decl. I"), dated

August 22, 2014 (Dkt. #839-1), at ¶4, attaching the '060 Patent as Ex. A (Dkt. #840), claim 7 (claiming a results list separately).[1]

In summary, even though Health Grades had plenty of time to include this new infringement theory in its Infringement Contentions, Health Grades failed to do so. None of the documents showing criteria for MDx awards is mentioned in Health Grades' Infringement Contentions or its expert report – not even the one that is a Health Grades trial exhibit. *See* Stimpson Decl. I, Dkt. #839-1, at ¶9, Ex. D (Dkt. #839-3). Although the Greenspun report has thirteen paragraphs of details about how data is "used" to create a report (including uses that do not include display), the only mentions of awards are in connection with a named section of the MDx website (paragraph 163), and the provider-verified data because that is a data element specifically required by the claims of the '060 patent to be received and verified by the provider. Declaration of Scott Stimpson ("Stimpson Decl. II), dated Sept. 15, 2014, Dkt. #871-1, at ¶10, Ex. M (Dkt. #871-5), at 37-39, ¶¶ 155-67. In paragraphs 164-67, Dr. Greenspun expressly addresses the MDx rule about not using three or more of the third party data, and Dr. Greenspun provides his reasons for disagreeing that MDx follows this rule and he lays out in detail the ways he believes MDx uses this data. *Id.* But nowhere does Dr. Greenspun mention that MDx "uses" third party data by bestowing awards that are later shown in reports.

---

[1] Health Grades has argued that the results list is part of the provider profile. The Court, however, has been justifiably critical of this overreaching position of Health Grades. Order Granting In Part And Denying In Part MDx's Motion For Partial Summary Judgment Of Non-infringement, dated Dec. 23, 2013, Dkt. #696, at 10-12 ("Health Grades conflates the results list and the provider report"; finding the argument "not convincing," "untenable," as having a "serious flaw," a "chameleon-like quality" and "an almost magical quality"; "such contortion is indicative of the problems with the Health Grades' response").

Health Grades' Infringement Contentions, and the Greenspun report addressing this element, lack all of the following:

- There is no explanation about Health Grades' new theory (*i.e.,* that MDx creates awards using disciplinary and sanctions information, and this is allegedly the same as creating a report using that information);

- There is no mention of even a single MDx award;

- There is no mention of MDx using any specific data to create any award;

- There is no mention or any disclosure of any MDx award in any profiles;

- There is no mention of any of the documents MDx produced several years ago and over the course of this litigation showing criteria for MDx awards; and

- There is no explanation about how use of data to bestow an award could meet the claim language of creating a report using the underlying data in such awards when such data is not contained in the report, nor accessed by the software creating the report.

Whatever Dr. Greenspun was intending to reference by the old PowerPoint, Health Grades completely failed to "crystalize" (*i.e.,* make clear and definite) any theory of infringement that would include MDx bestowing an award as MDx creating a report. *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006). This sparse reference in Dr. Greenspun's report does not even remotely satisfy the level of specificity required for either expert reports, or infringement contentions. *Subotincic v. 1274274 Ontario Inc.*, 2013 U.S. Dist. LEXIS 110726, 36-38 (C.D. Cal. Apr. 9, 2013) (excluding plaintiff's expert from testifying regarding infringement because he provided "no analysis, discussion, or evidence" regarding material limitations of the claims of the asserted patent); *H-W Tech., L.C v. Apple, Inc.*, 2012 U.S. Dist. LEXIS 121271, 14-16 (N.D. Tex. Aug. 2, 2012) (finding plaintiff's supplemental infringement contentions deficient where the claim chart merely recited language from the claims at issue without providing any support for some of their elements).

In *Asus*, 2014 U.S. Dist. LEXIS 50728 (N.D. Cal. Apr. 11, 20140, the Court struck a new theory on a claim element because there was no explanation about the infringement theory, even though (unlike here) the accused component itself was mentioned in the infringement contentions:

> Now, RR's experts identify "Tran_Speed" and "Bus_Width Bit" as being the elements that possibly operate in an infringing manner. Dkt. No. 258-5 at 110, 121. ***Although the infringement contentions include the term "BUS_WIDTH" in a copied and pasted chart, Dkt. No. 196-7 at 9, nowhere do the contentions explain this element or how it infringes a claim in the '053 patent***. RR cannot now litigate a theory that the claim limitation reads on these two elements, and ASUS's motion to strike references to "Tran_Speed" and "Bus_Width Bit" is therefore granted.

*Asus Computer Int'l v. Round Rock Research, LLC*, 2014 U.S. Dist. LEXIS 50728, 16 (N.D. Cal. Apr. 11, 2014) (emphasis added); *see also Dynetix Design Solutions, Inc. v. Synopsys, Inc.*, 2013 U.S. Dist. LEXIS 120404, 4-5 (N.D. Cal. Aug. 22, 2013) (denying infringement theory for failure to provide specific analyses: "Dynetix therefore does not provide a ***specific analysis***"; "if our local rules are to have any teeth, they must be ***adequately disclosed*** and supplemented along the way," (emphasis added); *Teashot LLC v. Green Mt. Coffee Roasters, Inc.*, 2014 U.S. Dist. LEXIS 14841, 22-23 (D. Colo. Feb. 6, 2014) (precluding infringement argument that was not timely disclosed, and when disclosed lacked sufficient detail: "disclosure failed to include any details. . ."); *Subotincic v. 1274274 Ontario Inc.*, 2013 U.S. Dist. LEXIS 110726, 33-34 (C.D. Cal. Apr. 9, 2013) (Precluding testimony on expert analysis without sufficient details: "Rule

26(a)(2)(B)(i)-(ii) requires experts to provide a written report containing "a complete statement of all opinions the witness will express and the basis and reasons for them").[2]

## II.   HEALTH GRADES NEVER ACCUSED THE APPROVE BUTTON OF INFRINGEMENT

Health Grades does not deny that it had this "approve" button in its sights for at least six months, and never moved to amend its Infringement Contentions.  Rather, Health Grades wastes much ink discussing its view of the *Markman* Order (page 2), the deposition of its technical expert (page 4), and positions it has taken on summary judgment (page 5) – dancing around the issue before the Court as to why it never moved to amend its Infringement Contentions, as required by the Local Patent Rules.

At the end of its fifth page of argument on this issue, Health Grades finally addresses its Infringement Contentions.  But there is no mention of an "Approve" button anywhere in the Infringement Contentions, nor does Health Grades even allege there to be.  Rather, Health Grades falls back on its theory that every potential infringement argument is included unless it is expressly excluded (there is "no limiting language").  Dkt. #870, at 6.  That position, however, is entirely fanciful, and inconsistent with the many cases requiring patent plaintiffs to "crystalize" infringement theories in their Infringement Contentions.  *See* Section I, *supra*.  Even the cases Health Grades cites at page 7 solidly support MDx's position that Health Grades was required to

---

[2] At pages 11-13 of its Response, Health Grades spins various stories attempting to shift the blame to MDx for Health Grades' failures to amend its Infringement Contentions.  According to Health Grades, "MDx only asserted that disciplinary or licensure information was not used in creating a report starting in January of 2014." Dkt. #870, at 11.  This statement is false.  *See, e.g.*, Rebuttal Report of Richard G. Cooper, dated September 17, 2012, relevant excerpts of which are attached hereto as Exhibit I, at ¶¶ 30-41 (opining that the MDx reports are not created using three of the third party data elements, and expressly addressing both licensure and disciplinary action).

**specifically** identify components or features of the MDx website alleged to meet the claim elements of the asserted patent. *Creagri, Inc. v. Pinnaclife Inc., LLC*, 2012 U.S. Dist. LEXIS 158540, *6 (N.D. Cal. Nov. 2, 2012) ("a patentee must nevertheless disclose the elements in each accused instrumentality that it contends practices each and every limitation of each asserted claim"); *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (the Infringement Contentions "must map specific elements of Defendants' alleged infringing products onto the Plaintiff's claim construction").

Health Grades knew of the "Approve" button for many months, and never moved to amend its Infringement Contentions. Accordingly, Health Grades should be precluded from making this argument at trial. *See* cases cited in MDx's Motion, Dkt. #836, at 6.

## III.   HEALTH GRADES' PARTIAL CAPABILITY ARGUMENT

Contrary to its conferral with counsel for MDx on this Motion (Exhibit H), and contrary to recent correspondence from its counsel (Exhibit G to the Motion, Dkt. #836-4), Health Grades has now dropped this argument. Dkt. #870, at 13 ("Health Grades does ***not*** assert that it must prove 'actual performance' of any elements of claims 15 and 16…."). Accordingly, Health Grades has no reason to oppose MDx's requested ruling on this issue.

## IV.   CONCLUSION

For all the foregoing reasons and the reasons set forth in its Motion (Dkt. #836), MDx respectfully requests that the Court preclude Health Grades from making any arguments at trial related to (a) MDx's use of disciplinary or licensure information to bestow awards to providers, (b) use of the MDx "approve" button, and (c) that some elements of claim 15 are actually met and some are met by capability alone.

Dated:  October 2, 2014

_s:/Scott D. Stimpson_
Scott D. Stimpson
Trent S. Dickey
David C. Lee
Vincent M. Ferraro
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: sstimpson@sillscummis.com
E-mail: tdickey@sillscummis.com
E-mail: dlee@sillscummis.com
E-mail: vferraro@sillscummis.com

Respectfully submitted,


Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com

_Attorneys for Defendant_
MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2014, I electronically filed the foregoing **MDX MEDICAL, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE HEALTH GRADES, INC. FROM MAKING INFRINGEMENT ARGUMENTS NOT IN ITS INFRINGEMENT CONTENTIONS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez, Jr.**
  jvazquez@lrrlaw.com, phenke@lrrlaw.com

- **Gregory B. Kanan**
  gkanan@lrrlaw.com

- **Kris John Kostolansky**
  kkosto@lrrlaw.com

- **Adam Lee Massaro**
  amassaro@lrrlaw.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Trent S. Dickey**
  tdickey@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Vincent Marc Ferraro**
  vferraro@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

  *s:/Vincent M. Ferraro*