IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00520-RM-BNB

HEALTH GRADES, INC.,

Plaintiff,

v.

MDX MEDICAL, INC., d/b/a Vitals.com,

Defendant.

___

# ORDER
___

Pending is **MDx's Motion for Redaction of Transcript** [Doc. # 891, filed 10/1/2014] (the "Motion to Restrict Transcript"), which is DENIED.

The defendant seeks to restrict access to 20 lines of argument contained in 115 page transcript of a hearing on a motion to compel discovery and for sanctions. The argument at issue concerns a "database used to populate provider profiles called Mongo" and how it works. Trans. [Doc. # 864] at p71 lines 12-14. The argument is summary in nature, however, and does not disclose any computer code or other technical details.

Local rule of practice 7.2, D.C.COLO.LCivR, governs motions to restrict access. It provides in relevant part:

> **(a) Policy.** Unless restricted by statute, rule of civil procedure, or court order, the public shall have access to all documents filed with the court and all court proceedings.
> 
> \* \* \*
> 
> **(c) Motion to Restrict.** A motion to restrict public access shall be open to public inspection and must:
> 
> (1) identify the document or the proceeding for which restriction

>   is sought;
>
>   (2)  address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restricted access);
>
>   (3)  identify a clearly defined and serious injury that would result if access is not restricted;
>
>   (4)  explain why no alternative to restricted access is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and
>
>   (5)  identify the restriction level sought (i.e., Level 1 = access limited to the parties and the court; Level 2 = access limited to the filing party and the court; Level 3 = access limited to the court).

(Emphasis added.)

The important public interests in open court records are discussed in Huddleson v. City of Pueblo, 270 F.R.D. 635 (D. Colo. 2010), and include:

>   People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing.  The public has a fundamental interest in understanding the disputes presented to and decided by the courts, so as to assure that they are run fairly and that judges act honestly.

Id. at 635 (quoting Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 509 (1984)).

The right to inspect and copy judicial records is not absolute, however.  To the contrary:

>   All courts have supervisory powers over their own records and files.  Thus a court, in its discretion, may seal documents if the public's right of access is outweighed by competing interests.
>                              *   *   *
>   [B]ecause the analysis of the question of limiting access is necessarily fact-bound, there can be no comprehensive formula for decisionmaking.  The decision as to access is one best left to the

> sound discretion of the trial court, a discretion to be exercised in
> light of the relevant facts and circumstances of the particular case.

United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985).  Privacy and preservation of trade secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness.  Huddleson, 270 F.R.D. at 637.

I have reviewed the testimony, and it does not contain confidential or trade secret information.  MDx's argument to the contrary is conclusory, stating simply that the information sought to be redacted "could be unfairly used by competitors . . . that would cause damage to MDx in its efforts to secure business partners, data licensing agreements and possibly advertising."  Motion to Restrict Transcript [Doc. # 891] at p.2.  This conclusory argument does not "identify a clearly defined and serious injury that would result if access is not restricted" as the local rule requires to justify an order restricting access.  D.C.COLO.LCivR 7.2(c)(3).

IT IS ORDERED:

(1)     The Motion to Restrict Transcript [Doc. # 891] is DENIED; and

(2)     The Transcript [Doc. # 864] shall not be restricted or redacted and shall be open to public inspection in its entirety.

Dated October 6, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge