# EXHIBIT A

```
 1                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF COLORADO
 2
     Civil Action No. 11-cv-520-RM-BNB
 3
     HEALTH GRADES, INC.,
 4
          Plaintiff,
 5
     vs.
 6
     MDX MEDICAL, INC., D/B/A VITALS.COM,
 7
          Defendant.
 8   _____

 9
                          REPORTER'S TRANSCRIPT
10                            Motions Hearing

11   _____

12           Proceedings before the HONORABLE RAYMOND P. MOORE,

13   Judge, United States District Court for the District of

14   Colorado, occurring at 9:30 a.m., on the 10th day of October,

15   2014, in Courtroom A-601, United States Courthouse, Denver,

16   Colorado.

17

18

19

20

21

22

23

24   Proceeding Recorded by Mechanical Stenography, Transcription
      Produced via Computer by Tamara Hoffschildt, 901 19th Street,
25         Room A251, Denver, Colorado, 80294, (303) 292-1088
```

```
 1                        **APPEARANCES**
 2            Kris John Kostolansky, Lewis, Roca, Rothgerber,
 3   LLP-Denver, 1200 17th Street, One Tabor Center, Suite 3000,
 4   Denver, CO, 80202-5855, 303-623-9000 and Kirstin L.
 5   Stoll-DeBell, Merchant & Gould, PC-Denver 1050, 17th Street,
 6   #1950, Denver, CO, 80265-0100, 303-357-1640, appearing for the
 7   Plaintiff.
 8            Scott David Stimpson, and Vincent Marc Ferraro, Sills
 9   Cummis & Gross P.C.-New York, 30 Rockefeller Plaza, 25th Floor,
10   New York, NY, 10112 212-643-7000, and Terence M. Ridley,
11   Wheeler, Trigg, O'Donnell, LLP 370, 17th Street, Suite 4500,
12   Denver, CO, 80202-5647 303-244-1800, appearing for the
13   Defendant.
14                         *  *  *  *  *
15                        **PROCEEDINGS**
16
17      (In open court at 9:29 a.m.)
18           *THE COURT:*  Please be seated.  All right.  We're here
19   on 11-cv-520, Health Grades versus MDx.  I will take
20   appearances, and I am going to get it right, Mr. Kostolansky.
21   I will apologize to you, I had a criminal case with a
22   Mr. Kolkowski, that was right before that, and that's what
23   caused the -- well, the shark jumping the fence, whatever you
24   want to call it.  Again, I apologize for your -- your name
25   screw up during my last telephonic hearing.
```

```
 1   one bucket, three equivalents now, and they can't use the
 2   tangential exception.  It just doesn't work, because if -- if
 3   there's any conclusion to be drawn from the prosecution
 4   history, it's that they added this, because they had to add it
 5   to get over the prior art, and the location was central to
 6   everything, which is the -- the whole point of the
 7   equivalents -- nonequivalents argument.  And if the record
 8   isn't clear, if I'm wrong about that, then at best it's just
 9   you sit there and look at the prosecution history and shrug
10   your shoulders, I don't know.  I don't know why they added it.
11   And that gets us to exactly the same place.  They can't rebut
12   the presumption.
13           So if you have further questions, Your Honor, I
14   think -- I hope the buckets analogy helped, but I think they
15   can all be set into those three buckets.
16           THE COURT:  I suppose -- I don't think I have any
17   further questions.  I suppose that what I'm -- what's running
18   through my mind now, is I have got configurations over here and
19   buckets over here, and, you know, whatever.
20           MR. STIMPSON:  I understand.
21           THE COURT:  You have got three, they've got five.
22   Just so that I'm not lost on this, because I -- what I'm
23   sniffing out is there are disagreements that I may have caused,
24   or generated, by the way I described things.  But regardless,
25   do me a favor, some time by the end of the day Tuesday, give me
```

1  a list of your -- just your five configurations, with your five
2  pieces.  Your three buckets, or call them whatever you want to.
3  I don't care if you call them potholes, buckets, envelopes,
4  with your visualization, so that I can make sure that at least
5  we're talking about the same thing, because sometimes it's --
6  sometimes I think you are and sometimes I think it's not so
7  clear to me that you are.
8        *MS. STOLL-DEBELL:*  I just say that we actually --
9  Mr. Stimpson and I spent weeks, probably, putting together the
10 jury instructions.  It was weeks.  We came up with a list of
11 five configurations, he and I actually did together.  And it's
12 in your jury instructions.  So I thought we agreed on that.  We
13 put it in the jury instructions.  I will get that for you, and
14 we actually have a drawing too that shows that, but I have
15 never heard of buckets before.
16       *THE COURT:*  All right.  He is the bad guy, you are the
17 bad guy, everybody is the bad guy.  I don't care who is the bad
18 guy.  Okay.  Give it to me sometime Tuesday, and if it's easy
19 to do, I'm a visual creature, especially on this kind of thing.
20 Give me a shot of bucket one or configuration one or envelope
21 one or whatever you want to call it, so that I can line them
22 up.
23       *MR. STIMPSON:*  May I suggest one additional thing that
24 might help, Your Honor.  It's not enough to just look at the
25 configurations.  We have to know what they are alleging to

1  equivalents.  Like so, for example, configuration three, which
2  is a Search All Similar Doctors feature, are they also alleging
3  that the Awards in that report meet the Comparison Ratings?
4  Are they also alleging that the Ratings of the one provider is
5  the comparison of Other Ratings?  Because that's all in their
6  infringement contentions.
7           *THE COURT:*  Yeah, that's fine.  I want what I want.
8  Give me what I want.  Because, look, you are asking me to pull
9  on a thread that's just going to start leading to all kinds of
10 other discussions.  I just want to make sure, in terms of the
11 equivalents, buckets, configurations, numbers, whatever you
12 want to call it, that I understand what you say that we're
13 talking about, and I understand what you say that we're talking
14 about.  Because, at the end of the day, the question becomes,
15 if there is some kind of -- of surrender of an equivalent.  I
16 need to know what equivalents we are talking about.  And it's a
17 little more fuzzy than I thought it was.  But then again I
18 suppose that's a two-way pipe, so to speak.  And my clarity may
19 not be the same.  It may be a little fuzzier from your
20 direction as well.  I get that.
21          But I don't have any other questions to ask you.  Let
22 me just pause for one second.  Did you want to say something
23 else?  Because -- I don't know if I caught movement from you or
24 not.
25          *MS. STOLL-DEBELL:*  I wanted to address what he talked