**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

**HEALTH GRADES, INC.'S MOTION TO AMEND ITS INFRINGEMENT
CONTENTIONS TO INCORPORATE DR. GREENSPUN'S
THIRD SUPPLEMENTAL EXPERT REPORT**

Plaintiff Health Grades, Inc. ("Health Grades") respectfully moves pursuant to Local Patent Rule 3-6 for leave to amend its infringement contentions to incorporate the infringement opinions of its technical expert, Dr. Philip Greenspun, as set forth in his Third Supplemental Expert Report, dated October 6, 2014 ("Third Supplemental Report"). [Exhibit A hereto.][1]

INTRODUCTION & BACKGROUND

Through recent productions, Health Grades learned that MDx Medical, Inc. d/b/a Vitals.com's ("MDx") is offering its accused systems to health insurance companies to provide essentially the same services as vitals.com (helping patients compare and choose doctors), but on Web pages that appear to be coming from the insurance companies. In reality, these systems are based on MDx software, they access MDx databases and they are hosted on MDx servers. MDx calls this offering "VitalsChoice." Health Grades has also received a significant amount of new

---

[1] The parties agreed to exchange supplemental expert reports by October 6, 2014.

- 2 -

documents and data about how MDx's accused systems functions. Much of this new discovery resulted from the Court's sanction order requiring MDx to fully and completely answer Health Grades' Interrogatory No. 2. [Doc. #711 p. 12.] Dr. Greenspun's Third Supplemental Report addresses VitalsChoice and the new discovery. Because VitalsChoice is essentially the same as vitals.com, Dr. Greenspun's infringement theories for VitalsChoice are the same as he previously disclosed in connection with Vitals.com. His remaining opinions and analysis in the Third Supplemental Report merely supplement Health Grades' previously disclosed theories. Accordingly, the Court should allow Health Grades to amend its infringement contentions to incorporate the analysis and opinions set forth in the Third Supplemental Report.

## ARGUMENT

Rule 3-6 of the Local Patent Rules for the United States District Court for the Northern District of California, which applies to this case, provides "[a]mendment of the Infringement Contentions or the Invalidity contentions may be made by order of the Court upon a timely showing of good cause." Under Rule 3-6, "[a]bsent undue prejudice to the non-moving party, [good cause may be shown by the] recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." Good cause exists to amend and MDx will not suffer any undue prejudice because the theories of infringement are consistent with the previously filed contentions.

I.   HEALTH GRADES SHOULD BE ALLOWED TO AMEND ITS INFRINGEMENT CONTENTIONS TO INCLUDE DR. GREENSPUN'S VITALSCHOICE INFRINGEMENT OPINIONS AND ANALYSIS.

Health Grades learned during a deposition taken on May 15, 2014 (as a result of this Court's sanctions order) that MDx had prepared marketing PowerPoint presentations for the accused products, but not produced the same. [Doc #818-4 request No. 2.] Thereafter, MDx began disclosing the marketing materials in July 2014 and continuing through September 22, 2014. Included within these materials was information about VitalsChoice. [Exhibit B hereto "vitalschoice Transparency Platform Overview".] VitalsChoice provides essentially the same service as vitals.com but on web pages that appear to be coming from MDx's customers, such as health insurance companies. [Exhibit A ¶10.] MDx describes the "VitalsChoice Transparency Platform" as:

> [a] robust and integrated set of tools that enables your health plan members to make informed decisions about their healthcare needs and select high-value providers who meet those needs. The VitalsChoice Transparency Platform includes a Provider Finder, Cost Calculator and Patient Review System designed to work as a seamless solution that integrates easily with your existing solutions."

[Exhibit A ¶12 referencing MDX 0145510-145518.] MDx hosts the VitalsChoice software and databases on MDx servers. [*Id.* at ¶14 referencing MDX 0143812.]

In connection with jointly submitting jury instructions, the parties agreed to divide MDx's accused systems into five configurations that differ with regard to the comparison ratings

2005020673_1                                  - 3 -

claim element.  [*Id.* at ¶3.]  VitalsChoice has the same features as Configurations 1, 3 and 4.  [*Id.* at ¶11.][2]

Health Grades understands that MDx has offered and sold a VitalsChoice system to Capital Blue Cross Blue Shield ("Capital BCBS system").  MDx built and operates that system for Capital BCBS.  [*Id.* at ¶18.]  Dr. Greenspun opines that:

> this system is substantially the same as the "prior version" of vitals.com that I address in my original report and which is now known as Configuration 1.  (*See, e.g.*, 7/31/12 Report at ¶¶ 87.a.212.)  As such, this system is an example of Configuration 1 that directly infringes the asserted claims for the same reasons described in my original report

[*Id.*]  Dr. Greenspun analyzes—element by element—in his Third Supplemental Report how the VitalsChoice system (including the Capital BCBS system) satisfies claims 1 and 15 of the '060 patent.[3]  [Exhibit A ¶¶39-178.]  For instance, Dr. Greenspun concluded that:  "[t]he VitalsChoice system (including the one sold to Capital BCBS) meets [claim 1, step 1] . . .  for the same reasons discussed in my earlier reports," *id.* at ¶45, and "[t]he VitalsChoice system (including the one that MDx sold to Capital BCBS) includes the same provider database that is accessed by vitals.com and thus meets this claim element."  [*Id.* at ¶73.]

---

[2] Health Grades filed a list of infringement configurations this day, October 14, 2014 [Doc. #906-7].

[3] MDx has also collaborated with Premera Blue Cross Blue Shield.  A recently disclosed June 2014 amendment to the parties' agreement shows that the agreement was expanded to include a VitalsChoice system.  [*Id.* at ¶23.]  It also appears MDx has sold a VitalsChoice system to Blue Cross and Blue Shield of North Carolina and Health Care Service Corporation.  [*Id.* at ¶¶25-26.]  MDx has also offered to sell the VitalsChoice system to multiple other third parties, such as Blue Cross and Blue Shield of Massachusetts, Land of Lincoln, Blue Cross and Blue Shield of Rhode Island, Blue Cross and Blue Shield of Arizona, Humana, and others.  [*Id.* at ¶¶27-32.]

Good cause exists to incorporate Dr. Greenspun's VitalsChoice infringement analysis and opinions into Health Grades' infringement contentions. Health Grades learned of VitalsChoice after MDx began producing the marketing PowerPoints on July 15, 2014. MDx continued to produce marketing materials and other details about VitalsChoice through September 2014. [*See, e.g.* Exhibit C hereto "VitalsChoice Architecture Overview;" produced August 27, 2014; Exhibit D hereto agreement between MDx and Blue Cross Blue Shield of North Carolina regarding a VitalsChoice system; produced September 18, 2014.]

Health Grades also diligently requested access to the Capital Blue Cross Blue Shield website on May 27, 2014, to further investigate the services MDx provided Capital Blue Cross.[4] Not until July 22, 2014 did MDx provide a link. [Exhibit E hereto.] The link also did not provide Health Grades full access to the Capital BCBS system that MDx hosts, requiring Health Grades to file a motion to compel full access [Doc. #843] (currently pending before the Court).

Allowing Health Grades to amend is also in the interest of judicial efficiency and economy. Fed. R. Civ. P. 1. VitalChoice is substantially the same as prior versions of vitals.com already in the case. [Exhibit A at ¶18.] Addressing VitalsChoice at the December 2014 trial is a much more efficient and cost-effective than leaving this system out, requiring Health Grades to file another suit. *See, e.g. Int'l Coal Group, Inc. v. Tetra Fin. Group, LLC,* 2010 U.S. Dist. LEXIS 21029, at *4 (D. Utah Mar. 8, 2010) ("allowing Defendant to amend its counterclaim

---

[4] Health Grades learned at the May 15, 2014 deposition of the MDx corporate representative that MDx was hosting part of the Capital Blue Cross Blue Shield website, and the site was up and running, but was unaware of how the site functioned or that MDx was hosting a VitalsChoice system for Capital Blue Cross Blue Shield.

would best serve principles of judicial economy by ensuring that all claims related to the operative facts in this case are adjudicated in one action").

MDx will not suffer undue prejudice by allowing Health Grades to amend. First, the infringement theories regarding VitalsChoice come as no surprise to MDx. The VitalsChoice system is essentially the same as the other versions of vitals.com that Health Grades has already identified its infringement contentions for. [Exhibit A at ¶18.]. Second, MDx has the opportunity to prepare and submit a rebuttal expert report by October 20, 2014, as agreed upon by the parties. Third, any prejudice lies with Health Grades, not MDx. MDx has been offering VitalsChoice since at least November 22, 2013. [Exhibit F hereto MDx 0145130, 5 offering VitalsChoice to Blue Cross Blue Shield of Arizona.] MDx, however, failed to satisfy its duty to timely supplement under Fed. R. Civ. P. 26(e) and disclose VitalsChoice. Health Grades had to request MDx to supplement its marketing materials. Two months after Health Grades' request, and at least eight months after MDx began offering VitalsChoice, MDx finally disclosed the system to Health Grades. MDx's supplementation regarding VitalsChoice continued through September 22, 2014. MDx has not provided a justification for the eight-plus-month delay. Further, MDx continues to withhold documents and materials regarding VitalsChoice.[5] There is no harm to MDx.

In short, Health Grades should be allowed to amend its infringement contentions to include Dr. Greenspun's VitalsChoice infringement analysis and opinions.

---

[5] Health Grades has filed this day (October 14, 2014) a Motion to Compel that addresses, in part, the withheld VitalsChoice discovery.

II.  HEALTH GRADES SHOULD BE ALLOWED TO AMEND ITS INFRINGEMENT CONTENTIONS TO INCLUDE DR. GREENSPUN'S REMAINING OPINIONS AND INFRINGEMENT ANALYSIS.

The remaining opinions and analysis in the Third Supplemental Report merely supplement Health Grades' previously disclosed theories based on newly disclosed evidence. Good cause exists to incorporate these opinions and analysis.

After the Court concluded that "MDx failed to fulfill its obligations . . . to answer Interrogatory No. 2 **fully and truthfully** after **a reasonable inquiry** . . ." it ordered MDx to fully and completely answer Health Grades' Interrogatory No. 2. [Doc. #711 p. 6, 12 (emphasis in original)]. The Order resulted in (1) MDx submitting two supplemental responses to Health Grades Interrogatory No. 2 (produced January 24, 2014 [Doc. #757] and May 7, 2014 [Doc. #818-1], respectively); (2) a May 15, 2014 corporate representative deposition regarding the supplemental responses and MDx's system; and (3) MDx producing no less than six massive Excel spreadsheets (totaling 5,523 pages of data) that included multiple query results showing MDx practiced certain elements of the '060 patent. The latest spreadsheet was produced on September 12, 2014. (Collectively, the "Sanctions Order Discovery.")

Based on the Sanctions Order Discovery, Dr. Greenspun has confirmed that MDx's accused system continues to meet each claim element. For instance, Dr. Greenspun relied upon the Court-order queries MDx produced to identify at least 11,334 physicians that satisfy the "accessing healthcare provider-verified information" claim element. [Exhibit A ¶¶63, 65.] MDx's newly disclosed data also shows that a significant number of providers have satisfied this claim element by using vitals.com physician portal and "approving" their information. [*Id.* at ¶63, 66.] Separate queries MDx recently produced on September 12, 2014, provide additional

information about profiles that included sponsor listings with star ratings that literally meet the claimed requirement for "comparison ratings of healthcare providers." [*Id.* at ¶¶130-131.] Dr. Greenspun relied upon this discovery to confirm that Configuration 4 (the sponsor listing configuration) satisfies the comparison rating requirement. [*Id.*]

MDx's supplemental interrogatory responses also include arguments that disciplinary or licensure information was not used in creating reports—a new defense to the creating a report using third-party information element. [Doc. #881 p. 8 detailing the evolution of MDx's defense to this element.] MDx also asserted in August and September 2014 that it has separate software systems allowing it to use disciplinary and licensure information for creating physician awards, but not reports—another new defense to the creating a report using third-party information element. [*Id.* at p. 7.] Dr. Greenspun addressed these types of new MDx arguments and provided further explanation for why MDx satisfied the claim element. [*See, e.g.* Exhibit A ¶¶110-11.]

MDx will not suffer undue prejudice by allowing Health Grades to amend. First, Dr. Greenspun's remaining opinions and analysis only further emphasize Health Grades' previously raised arguments and theories. [*See* Doc. #482 p. 2 granting Health Grades' motion to amend infringement contentions to include Dr. Greenspun's July 2012 report because "[t]he amendments appear to be more a matter of emphasis, and not completely new."] Second, MDx has the opportunity to prepare and submit a rebuttal expert report by October 20, 2014, as agreed upon by the parties. Third, again, any prejudice was self-inflicted. The Sanctions Order Discovery should have been produced long ago. MDx should have fully responded to interrogatory number back in 2012 when originally ordered to do so by this Court. [Discovery

Order Doc. #192.] But MDx chose to withhold responsive information and documents, provide discovery responses that were "patently false," and "MDx's counsel . . . failed completely in its duty to assure that Interrogatory No. 2 was answered directly and without evasion . . . ." [Sanctions Order Doc. #711 pp. 3, 9.] Any self-inflicted harm by MDx is not a ground to deny Health Grades' request to amend.

In short, Health Grades should be allowed to amend its contentions to include the remaining opinions and analysis set forth in the Third Supplemental Report.

## CONCLUSION

For all the foregoing reasons, Health Grades requests that this Court grant its Motion as set forth herein.

## CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCivR 7.1A

The undersigned counsel for Health Grades certifies that he has conferred with opposing counsel regarding the foregoing issues. MDx objects to the relief requested herein.

Respectfully submitted October 14, 2014.

                                       LEWIS ROCA ROTHGERGER LLP

                                       */s/ Kris J. Kostolansky*
                                       Gregory B. Kanan, Esq.
                                       Kris J. Kostolansky, Esq.
                                       Adam L. Massaro, Esq.
                                       1200 17th Street, Suite 3000
                                       Denver, CO  80202
                                       Tel:    (303) 623-9000
                                       Fax:   (303) 623-9222
                                       Email: gkanan@lrrlaw.com
                                                    kkosto@lrrlaw.com
                                                    amassaro@lrrlaw.com

                                       *Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2014, I electronically filed the foregoing **HEALTH GRADES, INC.'S MOTION TO AMEND ITS INFRINGEMENT CONTENTIONS TO INCORPORATE DR. GREENSPUN'S THIRD SUPPLEMENTAL EXPERT REPORT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Scott David Stimpson, Esq.
Vincent Ferraro, Esq.
David C. Lee, Esq.
Trent Dickey, Esq.
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY  10112
E-mail:   sstimpson@sillscummis.com
            vferraro@sillscummis.com
            dlee@sillscummis.com
            tdickey@sillscummis.com

Terence M. Ridley, Esq.
Wheeler Trigg O'Donnell, LLP
370 17th Street, Suite 4500
Denver, CO  80202-5647
E-mail: ridley@wtotrial.com

>                                      */s/ Kris J. Kostolansky*
>                                      Kris J. Kostolansky, Esq.