Civil Action No. 11-CV-00520-RM-BNB

**HEALTH GRADES, INC.'S MOTION TO COMPEL**

Exhibit A

**Email string between Health Grades and MDx counsel**

2005019262_1

# Massaro, Adam

| | |
|---|---|
| **From:** | David C. Lee <dlee@sillscummis.com> |
| **Sent:** | Monday, October 13, 2014 2:18 PM |
| **To:** | Massaro, Adam; Scott D. Stimpson; Trent Dickey; Vincent M. Ferraro |
| **Cc:** | Kostolansky, Kris J.; Kanan, Greg; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com); Goodlette, Tami |
| **Subject:** | RE: MDx defenses |

Adam,

Thank you for your October 8th response to the issues in our September 2nd email.

Regarding issue (A), we understand you are dropping the issue of third party source names.

Regarding issues (B) and (C) about medical school, internship, residency, and fellowship ("MIRF") data, your response still does not explain why aggregating and simply having third party MIRF data in a database is relevant to creating a report using self-reported MIRF data.  Without relevance, this is merely a fishing expedition to burden MDx.  We note, for example, that despite the months of HG query requests, they received virtually no mention in either of HG's recent expert reports.

Additionally, we already conducted a search for supplemental documents in the latest supplement, and there are no additional documents regarding cross-checking to produce.

We are moving for a protective order to preclude this discovery and future HG's queries that have no use other than to burden MDx as we prepare for trial.  In view of the correspondence below on this issue, we assume Health Grades opposes.  Please let us know your position by 5:00 PM EST tomorrow, October 14th.  If we do not hear from you by then, we will detail our conferral efforts in our motion.

Regards,
David


**David C. Lee**
Associate



**website | bio | vCard | newsroom | email**

101 Park Avenue, 28th Floor, New York, NY 10178
p (212) 500-1546  |  f (212) 643-6500   **map**

**Please Note Our New York Address Has Changed**

---

**From:** Massaro, Adam [mailto:AMassaro@lrrlaw.com]
**Sent:** Thursday, October 09, 2014 6:42 PM
**To:** David C. Lee; Scott D. Stimpson; Trent Dickey; Vincent M. Ferraro
**Cc:** Kostolansky, Kris J.; Kanan, Greg; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com); Goodlette, Tami
**Subject:** RE: MDx defenses

David,

We will be filing our motion Monday.  Please let us know Monday morning if you will comply or not.  That is more than enough time to consider our request.

---

**From:** David C. Lee [mailto:dlee@sillscummis.com]
**Sent:** Thursday, October 09, 2014 9:48 AM
**To:** Massaro, Adam; Scott D. Stimpson; Trent Dickey; Vincent M. Ferraro
**Cc:** Kostolansky, Kris J.; Kanan, Greg; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com); Goodlette, Tami
**Subject:** RE: MDx defenses

Adam,

You took nearly a full week to respond to our email, but you demand a response from us within 24 hours.  That is unreasonable – we will respond, but cannot do so by noon today, especially given the *Festo* hearing tomorrow.

Regards,
David

**David C. Lee**
Associate



website | bio | vCard | newsroom | email  

101 Park Avenue, 28th Floor, New York, NY 10178
p (212) 500-1546 | f (212) 643-6500   **map**

**Please Note Our New York Address Has Changed**

---

**From:** Massaro, Adam [mailto:AMassaro@lrrlaw.com]
**Sent:** Wednesday, October 08, 2014 11:25 AM
**To:** David C. Lee; Scott D. Stimpson; Trent Dickey; Vincent M. Ferraro
**Cc:** Kostolansky, Kris J.; Kanan, Greg; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com); Goodlette, Tami
**Subject:** RE: MDx defenses

David,

Thank you for your confirmation regarding the compiling defense (A).  Below are our responses to categories (B) and (C) you raised.

(B) Column X of MDX 0143095 states that 33,113 providers have "supplied medical school data." You point to Column X as the reason why MDx cannot stipulate to creating a report using medical school information from a third-party source.  Erika Boyer, however, has testified that MDx performs conflict resolution and cross checking using third party sources whenever a physician self-reports his or her medical school.  Deposition transcript, pp. 88:16-89:1.  If MDx is going to contend that medical school information from third-party sources is not used for these 33,111 providers, MDx must produce by October 13, 2014 all data, information, and documents related to any conflict resolution and cross checking that has occurred for each of these providers.  Please confirm you will comply.

Please also confirm that, for the remaining 800,747 providers identified in MDX 0143095, MDx will stipulate that it creates their reports using medical school information from a third-party source.

(C) For self-reported medical internship, medical residency, and medical fellowship in provider profiles, you claim that this information is not checked against third-party sources.   MDx must identify which providers it has received self-reported medical internship, medical residency, or medical fellowship.  Further, Ms. Boyer explained that in the situation where a doctor self-reports fellowship or residency information that is different from vitals.com's third-party source information, "we aggregate data, so it's the aggregation of the data that helps us determine what we feel is the right information." Deposition transcript, pp. 99:13-100:12.  MDX must produce by October 13, 2014 all data, information, and documents indicating that third-party information is or is not used in the "aggregation of data" to create a report, including any conflict resolution or cross checking that takes place when a provider self-reports medical internship, medical residency, or medical fellowship.  Please confirm you will comply.

Please respond by noon eastern time on October 9, 2014.

---

**From:** David C. Lee [mailto:dlee@sillscummis.com]
**Sent:** Thursday, October 02, 2014 4:27 PM
**To:** Massaro, Adam; Scott D. Stimpson; Trent Dickey; Vincent M. Ferraro
**Cc:** Kostolansky, Kris J.; Kanan, Greg; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com); Goodlette, Tami
**Subject:** RE: MDx defenses


Adam,

Please see our responses below to your email.

(A)  We confirm our position in our July 26th email.  Specifically, the claim element we will not contest is the following (with board certification in brackets, because we will continue to contend that is not verified by any third party):

compiling information regarding the first healthcare provider
verified by an independent third-party source,
wherein the information verified by the independent
third-party source comprises three or more from the
group consisting of: [board certification,] licensure, disciplinary
action information, medical school, medical
internship, medical residency, and medical fellowship
information;

This will be in our final supplement of MDx's response to interrogatory no. 2, but the final supplement is not yet finalized because it needs to address Health Grades' still-changing arguments.

As we have not contested this claim element since July 26th, we no longer contend that third-party sources having data disclaimers fail to meet this claim element (board certification is the sole exception and it comes from only one source- ABMS, *see* Boyer deposition transcript, pp.92-93, 195-96, from July 5, 2012).  With the disclaimer issue gone for all but board certification, we do not understand the relevance of naming third-party sources of information.  For example, if disciplinary action information came from Colorado State Medical Board, what is the relevance of the name Colorado State Medical Board?  You mention the separate "creating a report" claim element, but how is the name of the third-party source (*e.g.*, Colorado State Medical Board) relevant to the "creating a report" claim element.

We asked these questions in our September 2nd email, but you did not respond.  No motion should be filed until you give us your response so that we can confer fully and in good faith on this issue.

(B) Stipulation regarding creating a report using medical school information from a third-party source

We informed you on July 31st that this stipulation would not be accurate.  MDx already provided the identity of providers with self-reported medical school information.  We produced this in column X of MDX 0143095, produced January 24, 2014.


(C) Creating a report using self-reported medical school, medical internship, medical residency and/or medical fellowship

For self-reported medical school information, see column X of MDX 0143095 ("medical school supplied data"), produced January 24, 2014.

For self-reported medical internship, medical residency, and medical fellowship ("IRF") in provider profiles:
- We produced in 2011 the MDx internal memo implementing the rule that "Our display of 3rd party verified information does not include IRF".  *See* MDX 0011997 – 11999, produced November 11, 2011.
- MDx deponents have explained that only self-reported IRF are used.  *See, e.g.*, Rothschild/30(b)(6) deposition.
- And self-reported IRF is not checked against third-party data.  *See* Rothschild deposition transcript, pp.113-120 (from July 7, 2012).

We asked you in July how self-reported IRF is relevant to claims requiring creating a report using third-party IRF, and you responded in August that you want to challenge MDx's policy of not using third party IRF to create the reports.  We asked you on September 2nd how having both self-reported IRF and third-party IRF in a database could prove whether third-party IRF was actually used to create a report, and we did not receive your response.  No motion should be filed until you give us your response so that we can confer fully and in good faith on this issue.

Regards,
David

---

**From:** Massaro, Adam [AMassaro@lrrlaw.com]
**Sent:** Monday, September 29, 2014 7:45 PM
**To:** Scott D. Stimpson; Trent Dickey; David C. Lee; Vincent M. Ferraro
**Cc:** Kostolansky, Kris J.; Kanan, Greg; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com); Goodlette, Tami
**Subject:** RE: MDx defenses

Scott,

MDx has not produced as part of its supplemental productions the requested list of third-party sources from which MDx receives board certification, licensure, disciplinary action information, medical school, medical internship, medical residency and medical fellowship information, *see* our July 30, 2014 12:44 PM email. We also appear to be at an impasse regarding MDx conceding that it uses medical school information from a third-party source to create reports.  MDx cannot claim that it creates certain reports using self-reported medical school, medical internship, medical residency  and/or medical fellowship information, while withholding which reports are created using the self-reported information.  MDx also cannot withhold how the self-reported information is used, including any conflict resolution or cross checking that takes place between the self-reported information and information from a third-party source.  We will address these issues with Judge Boland.

I am also writing to confirm that MDx will not contest the following claim element (with board certification in brackets, because MDx maintains that it will continue to contend that is not verified by any third party):

4

compiling information regarding the first healthcare provider
verified by an independent third-party source,
wherein the information verified by the independent
third-party source comprises three or more from the
group consisting of: [board certification,] licensure, disciplinary
action information, medical school, medical
internship, medical residency, and medical fellowship;

If MDx is now going to contest this claim element, MDx must also produce the information requested in Nos. 7-9 from my May 27, 2014 email.

Please let us know your response.  We will be filing our motion later this week.



**Adam Massaro, Associate**
**Lewis Roca Rothgerber LLP |**
**1200 17th St Suite 3000 | Denver, CO 80202-5855**
**(T) 303.628.9513 | (F) 303.623.9222| (C) 814.571.5894**
**AMassaro@lrrlaw.com | www.LRRLaw.com**

   **Rothgerber Johnson & Lyons LLP is now Lewis Roca Rothgerber LLP.**

---

**From:** Scott D. Stimpson [mailto:sstimpson@sillscummis.com]
**Sent:** Tuesday, September 02, 2014 8:20 AM
**To:** Massaro, Adam; Trent Dickey; David C. Lee; Vincent M. Ferraro
**Cc:** Kostolansky, Kris J.; Kanan, Greg; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com); Goodlette, Tami
**Subject:** RE: MDx defenses

Adam, our responses are in green capitals, below.  However, our basic problem with this is that we do not want you requesting and receiving information, and then saying from there that you need additional information – let's get to the end of this so whatever we agree will be produced will be done by the time of expert reports.

 In response to your two points:

(1) We cannot see why this is relevant if the claim element is not being disputed.  Please let us have your explanation.

Our request for source information relates to the "creating a report" claim element.  You admit that MDx collects internship, residency, and fellowship ("IRF") information from (unidentified) third parties, and admit that that IRF information is sometimes displayed in provider profiles, but you argue that the IRF Information displayed comes from the doctors, not the third parties.  It appears you are making the same argument for medical school (this is contrary to the MDx PowerPoint presentations stating that doctors are not able to provide information that contradicts official sources, see, e.g. MDx 0143561).  We are entitled to know who the sources are for this information so we can challenge your defense that MDx does not use this third party information to create the reports.  The same is true for the other types of third party information.

WE DO NOT SEE HOW WHAT DATA WE HAVE IS EVIDENCE OF WHAT DATA IS USED TO CREATE THE REPORT, AND YOU DO NOT EXPLAIN IT ABOVE.  HOW IS THIS GOING TO END UP?  THAT IS, IF YOU DID GET IDENTIFICATION OF THIRD PARTY SOURCES, THEN WHAT?  HOW WILL YOU TAKE THAT INFORMATION AND TRY TO PROVE IT WAS USED TO CREATE A REPORT?  THERE MAY BE A CONNECTION, BUT WE CANNOT SEE IT, AND IF YOUR PLAN SOMEHOW MIGHT ENTAIL A REQUEST FOR EVEN MORE INFORMATION THEN WE NEED TO KNOW WHAT THAT IS NOW PLEASE.

5

(2) We are not sure of the reason for this request.  Since the claim requires that three or more of the third party data be used in creating the report, use of only one does not move the issue ahead.  What are we missing here?  Can you please provide us the reason for this request?  Furthermore, the proposed stipulation would not be accurate – see for example Dr. Sanjay Gupta's profile containing a self-reported medical school.

Admitting the use of medical school information advances the issue because then Health Grades only has to prove at trial MDx's use of two more third-party sources.  The request  is based on the fact that MDx admits in response to interrogatory No. 2 (because it does not deny) that it uses medical school information.  [Third Supplemental Response, p. 12 (only stating that MDx does not use disciplinary action information or licensure when creating a report).]   If MDx is going to claim at trial, like it did above, that some reports are created using self-reported medical school information, then we need to know each and every report MDx claims was not created using third-party medical school information.  We also need to know each and every report where MDx used third-party medical school information.

WE HAVE THE SAME ISSUE HERE.  THAT IS, IF WE IDENTIFY ALL THE PROVIDERS FOR WHOM WE ARE SHOWING PROVIDER-RECEIVED MEDICAL SCHOOL, WE NEED TO KNOW WHAT YOU INTEND TO DO FOR THOSE PROVIDERS, AND SPECIFICALLY IF YOU WILL BE REQUESTING FURTHER INFORMATION SO WE ARE NOT BEING CONSTANTLY ASKED FOR ADDITIONAL INFORMATION.

Also related to this issue, during our call last week, you advised us that you would consider whether and to what extent you still needed to follow up on any Bellomo deposition testimony after you received our indication of dropping our "compiling" defense.  In your email to Trent yesterday, you state you want to depose Mr. Bellomo, but your email provides no indication of the questions you feel should have been answered (i.e., covered by the deposition topics) but were not known.  Please let us know specifically which questions you believe Mr. Bellomo should have answered, and which topics cover them.  This is important for at least two reasons.  First, if HG is continuing to seek discovery on the "compiling" defense, then recall we reserved the right to not drop this defense as my July 26 email made clear.  And second, we are willing to address specific areas and provide discovery if there are areas where Mr. Bellomo should have but did not know the answers, but we need you to please specifically identify portions of the transcript where you feel this occurred.  As you have obviously reviewed the transcript and concluded that there are areas like this, this should be an easy thing for you to do.   We will then address them with you and cure any legitimate deficiencies, either by another deposition on those issues or some other means agreeable to us both.

Regarding your statements about re-deposing a MDx corporate representative, we requested MDx answer the requests for admissions that we sent on July 18.  As discussed, part of the purpose for having MDx respond to those requests was to narrow the issues that we may need to re-depose a MDx corporate representative about.  MDx refused to answer most of the requests and we moved to compel responses on August 6 .  That motion also sought to depose a corporate representative on all the claim elements because MDx's improper actions to date have deprived Health Grades from having the opportunity to fully examine a MDx representative on the claim elements.  Given the relief we requested in our motion, we think it is best to wait and address the topics of a future MDx deposition until after the motions hearing on the 28th.

THIS IS FINE.

Scott


**Scott D. Stimpson**
Chairman of the Intellectual Property Group



website | bio | vCard | newsroom | email

6

30 Rockefeller Plaza, New York, NY 10112
p (212) 500-1550 | f (212) 643-6500 **map**

---

**From:** Massaro, Adam [mailto:AMassaro@lrrlaw.com]
**Sent:** Sunday, August 24, 2014 7:02 PM
**To:** Scott D. Stimpson; Trent Dickey; David C. Lee; Vincent M. Ferraro
**Cc:** Kostolansky, Kris J.; Kanan, Greg; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com); Goodlette, Tami
**Subject:** RE: MDx defenses

Scott,

See our responses in red below.  Please let us know if these are acceptable.  If not, we expect that MDx will produce the items requested in points (7), (8), and (9) from my email dated May 27, 2014 (at 7:54 pm MDT).

---

**From:** Scott D. Stimpson [mailto:sstimpson@sillscummis.com]
**Sent:** Thursday, July 31, 2014 1:33 PM
**To:** Kostolansky, Kris J.
**Cc:** Massaro, Adam; Kanan, Greg; Kirstin Stoll-DeBell; Trent Dickey; David C. Lee; Vincent M. Ferraro
**Subject:** RE: MDx defenses

Kris,

In response to your two points:

(1) We cannot see why this is relevant if the claim element is not being disputed.  Please let us have your explanation.

Our request for source information relates to the "creating a report" claim element.  You admit that MDx collects internship, residency, and fellowship ("IRF") information from (unidentified) third parties, and admit that that IRF information is sometimes displayed in provider profiles, but you argue that the IRF Information displayed comes from the doctors, not the third parties.  It appears you are making the same argument for medical school (this is contrary to the MDx PowerPoint presentations stating that doctors are not able to provide information that contradicts official sources, see, e.g. MDx 0143561).  We are entitled to know who the sources are for this information so we can challenge your defense that MDx does not use this third party information to create the reports.  The same is true for the other types of third party information.

(2) We are not sure of the reason for this request.  Since the claim requires that three or more of the third party data be used in creating the report, use of only one does not move the issue ahead.  What are we missing here?  Can you please provide us the reason for this request?  Furthermore, the proposed stipulation would not be accurate – see for example Dr. Sanjay Gupta's profile containing a self-reported medical school.

Admitting the use of medical school information advances the issue because then Health Grades only has to prove at trial MDx's use of two more third-party sources.  The request is based on the fact that MDx admits in response to interrogatory No. 2 (because it does not deny) that it uses medical school information.  [Third Supplemental Response, p. 12 (only stating that MDx does not use disciplinary action information or licensure when creating a report).]   If MDx is going to claim at trial, like it did above, that some reports are created using self-reported medical school information, then we need to know each and every report MDx claims was not created using third-party medical school information.  We also need to know each and every report where MDx used third-party medical school information.

Also related to this issue, during our call last week, you advised us that you would consider whether and to what extent you still needed to follow up on any Bellomo deposition testimony after you received our indication of dropping our "compiling" defense.  In your email to Trent yesterday, you state you want to depose Mr. Bellomo, but your email provides no indication of the questions you feel should have been answered (i.e., covered by the deposition topics) but were not known.  Please let us know specifically which questions you believe Mr. Bellomo should have answered, and which topics cover them.  This is important for at least two reasons.  First, if HG is continuing to seek discovery on the "compiling" defense, then recall we reserved the right to not drop this defense as my July 26 email made clear.  And second, we are willing to address specific areas and provide discovery if there are areas where Mr. Bellomo should have but did not know the answers, but we need you to please specifically identify portions of the transcript where you feel this occurred.  As you have obviously reviewed the transcript and concluded that there are areas like this, this should be an easy thing for you to do.   We will then address them with you and cure any legitimate deficiencies, either by another deposition on those issues or some other means agreeable to us both.

Regarding your statements about re-deposing a MDx corporate representative, we requested MDx answer the requests for admissions that we sent on July 18.  As discussed, part of the purpose for having MDx respond to those requests was to narrow the issues that we may need to re-depose a MDx corporate representative about.  MDx refused to answer most of the requests and we moved to compel responses on August 6 .  That motion also sought to depose a corporate representative on all the claim elements because MDx's improper actions to date have deprived Health Grades from having the opportunity to fully examine a MDx representative on the claim elements.  Given the relief we requested in our motion, we think it is best to wait and address the topics of a future MDx deposition until after the motions hearing on the 28th.

Scott


**Scott D. Stimpson**
Chairman of the Intellectual Property Group



website | bio | vCard | newsroom | email 

30 Rockefeller Plaza, New York, NY 10112
p (212) 500-1550 | f (212) 643-6500 **map**


---

**From:** Kostolansky, Kris J. [mailto:kkosto@lrrlaw.com]
**Sent:** Wednesday, July 30, 2014 12:44 PM
**To:** Scott D. Stimpson
**Cc:** Massaro, Adam; Kanan, Greg; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com) (kstoll-debell@merchantgould.com); Trent Dickey; David C. Lee; Vincent M. Ferraro
**Subject:** RE: MDx defenses

Scott,

We are considering your proposal.  We suggest that your proposal be augmented to include the following:

1.  MDx will provide Health Grades with all the third-party sources from which MDx receives board certification, licensure, disciplinary action information, medical school, medical internship, medical residency and medical fellowship information.  The sources may be referenced generally.  Thus, for example, if information is provided from state medical boards, NPI, ABMS or if the information is acquired through scrapping, MDx will so advise us as part of a supplemental discovery response.

8

2.  Additionally, MDx will stipulate that medical school information is used by MDx to create a healthcare provider report on the first healthcare provider.

Please advise if MDx will so augment its proposal.

K.J.K.



**Kris J. Kostolansky, Partner**
**Lewis Roca Rothgerber LLP |**
**1200 17th St Suite 3000 | Denver, CO 80202-5855**
**(T) 303.628.9515 | (F) 303.623.9222**
**kkosto@lrrlaw.com | www.LRRLaw.com**

   **Rothgerber Johnson & Lyons LLP is now Lewis Roca Rothgerber LLP.**

---

**From:** Scott D. Stimpson [mailto:sstimpson@sillscummis.com]
**Sent:** Saturday, July 26, 2014 8:06 AM
**To:** Kostolansky, Kris J.
**Cc:** Massaro, Adam; Vazquez, Jesus; Kanan, Greg; Kirstin Stoll-DeBell (kstoll-debell@merchantgould.com) (kstoll-debell@merchantgould.com); Trent Dickey; David C. Lee; Vincent M. Ferraro
**Subject:** MDx defenses


Kris:

This confirms that, rather than address the burdensome discovery requests of HG, and despite the merit of the defense, MDx will not contest for the vitals.com website that it compiles three or more of the third party verified data elements.   MDx will continue to contest HG's allegation that the board certification it collects is "verified" by any third party, and of course MDx continues with its defense that it does not create reports using three or more of the third-party verified data elements.

Specifically, the claim element we will not contest is the following (with board certification in brackets, because we will continue to contend that is not verified by any third party):

compiling information regarding the first healthcare provider
verified by an independent third-party source,
wherein the information verified by the independent
third-party source comprises three or more from the
group consisting of: [board certification,] licensure, disciplinary
action information, medical school, medical
internship, medical residency, and medical fellowship
information;

We assume this moots the discovery HG seeks relating to this defense.  **_MDx reserves its right to pursue this defense should HG continue to pursue discovery related to it._**

Scott

9

**Scott D. Stimpson**
Chairman of the Intellectual Property Group



website | bio | vCard | newsroom | email 

30 Rockefeller Plaza, New York, NY 10112
p (212) 500-1550 | f (212) 643-6500 **map**

NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.

---

This message and any attachments are intended only for the use of the individual or entity to which they are addressed. If the reader of this message or an attachment is not the intended recipient or the employee or agent responsible for delivering the message or attachment to the intended recipient you are hereby notified that any dissemination, distribution or copying of this message or any attachment is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender. The information transmitted in this message and any attachments may be privileged, is intended only for the personal and confidential use of the intended recipients, and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521.

In accordance with Internal Revenue Service Circular 230, we advise you that if this message or any attachments contains any tax advice, such tax advice was not intended or written to be used, and it cannot be used, by any taxpayer for the purpose of avoiding penalties that may be imposed on the taxpayer.

---

This message and any attachments are intended only for the use of the individual or entity to which they are addressed. If the reader of this message or an attachment is not the intended recipient or the employee or agent responsible for delivering the message or attachment to the intended recipient you are hereby notified that any dissemination, distribution or copying of this message or any attachment is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender. The information transmitted in this message and any attachments may be privileged, is intended only for the personal and confidential use of the intended recipients, and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521.

---

This message and any attachments are intended only for the use of the individual or entity to which they are addressed. If the reader of this message or an attachment is not the intended recipient or the employee or agent responsible for delivering the message or attachment to the intended recipient you are hereby notified that any dissemination, distribution or copying of this message or any attachment is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender. The information transmitted in this message and any attachments may be privileged, is intended only for the personal and confidential use of the intended recipients, and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521.

NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.

---

This message and any attachments are intended only for the use of the individual or entity to which they are addressed. If the reader of this message or an attachment is not the intended recipient or the employee or agent responsible for delivering the message or attachment to the intended recipient you are hereby notified that any dissemination, distribution or copying of this message or any attachment is strictly prohibited. If you have received this communication in error,

please notify us immediately by replying to the sender. The information transmitted in this message and any attachments may be privileged, is intended only for the personal and confidential use of the intended recipients, and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521.

This message and any attachments are intended only for the use of the individual or entity to which they are addressed. If the reader of this message or an attachment is not the intended recipient or the employee or agent responsible for delivering the message or attachment to the intended recipient you are hereby notified that any dissemination, distribution or copying of this message or any attachment is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender. The information transmitted in this message and any attachments may be privileged, is intended only for the personal and confidential use of the intended recipients, and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521.