**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

**MDX MEDICAL, INC.'S MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENTS - DOCUMENT NO. 894**

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, pursuant to *D.C.COLO.LCivR* 7.2, moves this Court for an order continuing the restricted access to document number 894 (hereinafter the "Motion to Restrict"). Dkt. No. 894 is Health Grades, Inc. ("Health Grades")'s Reply In Support Of Motion To Compel Access To MDx Licensees' Websites ("HG's Reply").

MDx is submitting a proposed, redacted version of document number 894, from which the MDx highly confidential information has been redacted, in the exact same fashion as previously accepted by the Court, to be used for public access. Therefore, in light of the arguments herein, MDx respectfully requests that access to unredacted document number 894 remain restricted at Restricted Level 1, and the proposed redacted document attached hereto be used as a replacement for this document for public access.

Pursuant to *D.C.COLO.LCivR* 7.1(a), MDx's counsel attempted to confer with counsel for Health Grades on October 16, 2014 regarding this Motion to Restrict, but has not received Health Grades' position on this Motion. When Health Grades provides its position, MDx will supplement this motion with that information.

**Discussion**

MDx respectfully requests very limited confidentiality restrictions for document number 894, to redact references in this document to specific, competitively sensitive, highly confidential and proprietary information regarding MDx's data licensees, data license information and business relationship information in the identical manner that this Court has previously restricted the same highly confidential information in documents previously filed in this action.

MDx respectfully requests continued restricted access to Dkt. No. 894 as follows below.

**Dkt. No. 894** – HG's Reply contains the identity of MDx's recent data licensee; terms and conditions of data license agreements entered into by MDx and its data licensees; and discussion regarding the business relationship between MDx and its data licensees, all of which MDx considers to be highly confidential information. *See* Declaration of Erika Boyer, dated Sept. 18, 2012, Dkt. No. 302-5, at ¶¶ 4-10; Declaration of Erika Boyer, dated Oct. 9, 2013, Dkt. No. 622-1, at ¶¶ 4-6; and Declaration of Bryan Perler, dated Aug. 20, 2014, Dkt. No. 834-1, at ¶¶ 4-5. This is competitively sensitive information that MDx does not make public. *See* Dkt. No. 302-5, at ¶¶ 4-10; Dkt. No. 622-1, at ¶¶ 4-6; and Dkt. No. 834-1, at ¶¶ 4-5. If disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx regarding its data, products, services, and customer relationships, that would cause damage to MDx in its efforts to secure business partners, data licensing agreements and possibly

2

advertising.  *See* Dkt. No. 302-5, at ¶¶ 4-10; Dkt. No. 622-1, at ¶¶ 4-6; and Dkt. No. 834-1, at ¶¶ 4-5.  The Court has previously granted MDx's request (*see e.g.*, Dkt. Nos. 322, 353, 383, 459, 506, 551, 622, 698, 834, 851, 855, 857, 866 and 888) to redact the exact same highly confidential information from previous documents filed with the Court.  *See e.g.*, Court's Orders, Dkt. Nos. 483, 484, 508, 511, 557, 690, 776, 861, 877, 878 and 897.  MDx submits a redacted version of Dkt. No. 894 with the exact same redactions that it previously submitted and the Court has previously approved, attached hereto as Exhibit A.  MDx, therefore, respectfully requests that access to Dkt. No. 894 be similarly restricted.

**Conclusion**

For the foregoing reasons, MDx respectfully requests that the Court grant this motion for continued restrictions of access to Document No. 894, at a Level 1 restriction, and to use the attached, redacted exhibit as public access versions for this document.

Dated:  October 16, 2014                                    Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson                          Terence Ridley, Atty. No. 15212
Trent S. Dickey                            Wheeler Trigg O'Donnell LLP
David C. Lee                               370 Seventeenth Street, Suite 4500
Vincent M. Ferraro                         Denver, Colorado 80202
Sills Cummis & Gross P.C.                  Tel:  (303) 244-1800
30 Rockefeller Plaza                       Fax:   (303) 244-1879
New York, New York 10112                   E-mail: ridley@wtotrial.com
Tel: (212) 643-7000
Fax: (212) 643-6500                        *Attorneys for Defendant*
E-mail: sstimpson@sillscummis.com          MDx Medical, Inc. d/b/a VITALS.COM
E-mail: tdickey@sillscummis.com
E-mail: dlee@sillscummis.com
E-mail: vferraro@sillscummis.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2014, I electronically filed the foregoing **MDX MEDICAL, INC.'S MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENTS - DOCUMENT NO. 894** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez, Jr.**
  jvazquez@lrrlaw.com, phenke@lrrlaw.com

- **Gregory B. Kanan**
  gkanan@lrrlaw.com

- **Kris John Kostolansky**
  kkosto@lrrlaw.com

- **Adam Lee Massaro**
  amassaro@lrrlaw.com

- **Tamara F. Goodlette**
  tgoodlette@lrrlaw.com

- **Kirstin L. Stoll-DeBell**
  kstoll-debell@merchantgould.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Trent S. Dickey**
  tdickey@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Vincent Marc Ferraro**
  vferraro@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

                                                _s:/Vincent M. Ferraro_