IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00520-RM-BNB

HEALTH GRADES, INC.,

Plaintiff,

v.

MDX MEDICAL, INC., d/b/a Vitals.com,

Defendant.

___

# ORDER
___

This matter arises on **MDx's Motion for Leave to Restrict Access** [Doc. # 910, filed 10/16/2014] (the "Motion to Restrict Access"). Although MDx reports that Health Grades opposes the Motion to Restrict, Health Grades has not filed an opposition. See D.C.COLO.LCivR 7.2(d) (stating that "[a]ny person may file an objection to the motion to restrict within three court business days after posting").

MDx seeks to redact information from Health Grades' Reply In Support of Motion to Compel [Doc. # 894]. The redactions concern (1) the name of a data licensee and (2) argument concerning use of MDx's data by its licensees.

Local rule of practice 7.2, D.C.COLO.LCivR, governs motions to restrict access. It provides in relevant part:

> **(a) Policy.** Unless restricted by statute, rule of civil procedure, or court order, the public shall have access to all documents filed with the court and all court proceedings.
> 
> \* \* \*
> 
> **(c) Motion to Restrict.** A motion to restrict public access shall be open to public inspection and must:

>   (1)  identify the document or the proceeding for which restriction is sought;
>
>   (2)  address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restricted access);
>
>   (3)  identify a clearly defined and serious injury that would result if access is not restricted;
>
>   (4)  explain why no alternative to restricted access is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and
>
>   (5)  identify the restriction level sought (i.e., Level 1 = access limited to the parties and the court; Level 2 = access limited to the filing party and the court; Level 3 = access limited to the court).

The important public interests in open court records are discussed in Huddleson v. City of Pueblo, 270 F.R.D. 635 (D. Colo. 2010), and include:

> People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing.  The public has a fundamental interest in understanding the disputes presented to and decided by the courts, so as to assure that they are run fairly and that judges act honestly.

Id. at 635 (quoting Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 509 (1984)).

The right to inspect and copy judicial records is not absolute, however.  To the contrary:

> All courts have supervisory powers over their own records and files.  Thus a court, in its discretion, may seal documents if the public's right of access is outweighed by competing interests.
>                          *   *   *
> [B]ecause the analysis of the question of limiting access is necessarily fact-bound, there can be no comprehensive formula for decisionmaking.  The decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in

light of the relevant facts and circumstances of the particular case.
United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985).  Privacy and preservation of trade secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness.  Huddleson, 270 F.R.D. at 637.

I have reviewed the proposed redactions.  I find that the single name of an MDx licensee may be a trade secret the disclosure of which would injure MDx's business, but the remaining redactions do not concern confidential or competitively sensitive information and are not appropriate.

IT IS ORDERED:

(1)    The Motion to Restrict Access [Doc. # 910] is GRANTED IN PART and DENIED IN PART as follows:

• GRANTED to allow redaction of the name of the MDx licensee; and

• DENIED in all other respects.

(2)    Doc. # 894 shall be RESTRICTED, Level 1.

(2)    MDx shall file a revised redacted copy of Doc. # 894, redacting only the name of its licensee and nothing else, on or before November 4, 2014.

Dated October 28, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge