**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S MOTION FOR LEAVE TO RESTRICT ACCESS TO
DOCUMENTS - DOCUMENT NOS. 908-4, 908-5, 908-8 AND 909-3**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, pursuant to *D.C.COLO.LCivR* 7.2, moves this Court for an order continuing the restricted access to document numbers 908-4, 908-5, 908-8 and 909-3 (hereinafter the "Motion to Restrict"). Dkt. Nos. 908-4, 908-5 and 908-8 are exhibits to Health Grades, Inc. ("Health Grades")'s Motion To Amend Its Infringement Contentions To Incorporate Dr. Greenspun's Third Supplemental Expert Report ("HG's Motion to Amend"). Dkt. No. 909-3 is an exhibit to Health Grades' Motion To Compel ("HG's Motion to Compel").

MDx is only seeking to restrict a very small subset of documents (4 out of 24 documents) from Health Grades' most recent filings because they contain MDx highly confidential and proprietary information that if disclosed to the public would cause injury to MDx. The Court has already restricted the exact same or similar information that MDx now seeks to restrict, several

1

times throughout this litigation, because the information was determined, each time, to be highly confidential and proprietary, which would cause injury to MDx if disclosed to the public.

In the event the Court denies this Motion to Restrict, MDx respectfully requests that document numbers 908-4, 908-5, 908-8 and 909-3 remain restricted from public access until a decision on MDx's objections to the Order denying the Motion to Restrict, provided MDx files it's objections within 5 business days of the Order.

Regarding document number 908-8, MDx is submitting a proposed, redacted version of the document, from which the MDx highly confidential information has been redacted, in the exact same or similar fashion as previously accepted by the Court, to be used for public access. Regarding document numbers 908-4, 908-5 and 909-3, MDx is seeking to keep these documents restricted in their entirety because each of these documents in their entirety contain MDx confidential information interspersed throughout. The Court has previously kept the exact same or similar types of documents restricted in their entirety. Therefore, in light of the arguments set forth herein, MDx respectfully requests that access to the unredacted versions of document numbers 908-4, 908-5, 908-8 and 909-3 remain restricted at Restricted Level 1, and the proposed redacted document attached hereto be used as a replacement for document number 908-8 for public access.

Pursuant to *D.C.COLO.LCivR* 7.1(a), MDx's counsel conferred with counsel for Health Grades on October 28, 2014 regarding this Motion to Restrict, and Health Grades has indicated that it takes no position with respect to this Motion to Restrict.

**Discussion**

MDx respectfully requests very limited confidentiality restrictions for document number 908-8, to redact references in this document to specific, competitively sensitive, highly confidential and proprietary information regarding the services contracted by MDx to its customers in a very similar manner that this Court has previously restricted similar highly confidential information in documents previously filed in this action. Moreover, MDx respectfully requests the Court to keep document numbers 908-4, 908-5 and 909-3 restricted in their entirety.

MDx respectfully requests continued restricted access to Dkt. Nos. 908-4, 908-5, 908-8 and 909-3 as follows below.

MDx is not requesting continued restricted access for the following document numbers: 907, 907-1, 907-2, 907-3, 907-4, 908, 908-1, 908-2, 908-3, 908-6, 908-7, 908-9, 909, 909-1, 909-2, 909-4, 909-5, 909-6, 909-7 and 909-8, and, therefore, restricted access to these documents shall no longer be necessary.

**Dkt. Nos. 908-4 and 908-5** – These documents are an agreement entered into by MDx, which contains highly confidential and proprietary information regarding the terms of the agreements. *See* Declaration of Erika Boyer, dated Sept. 18, 2012, Dkt. No. 302-5, ¶¶ 4-5 and 10. MDx will suffer significant competitive injury if the competitive and proprietary terms and conditions of its business agreements are accessible by the public. *See* Dkt. No. 302-5, ¶¶ 7 and 9. Since there is no alternative to restricted access which will adequately protect the proprietary business information, MDx respectfully proposes to restrict access to the documents in their entirety because the highly confidential information appears throughout each of document

numbers 908-4 and 908-5 and appropriate redaction would require the redaction of essentially all of the documents. The protection of MDx's proprietary and confidential information outweighs the presumption of public access. *See* generally Dkt. No. 302-5. Moreover, the Court has previously granted similar relief throughout this litigation. *See e.g.*, Dkt. Nos. 484, 511 and 877. MDx, therefore, respectfully requests that access to Dkt. Nos. 908-4 and 908-5 remain restricted at Level 1, as previously granted by the Court.

**Dkt. No. 908-8** – A portion of an MDx response to a request for information from a potential customer, which contains MDx's highly confidential and proprietary information regarding the services it contracted to sell to certain other customers. *See* Declaration of Bryan Perler ("Perler Declaration"), dated Oct. 28, 2014, attached hereto, at ¶¶ 4-5.  The services MDx has contracted to its customers, and in particular the services that are listed on page 16 of Dkt. No. 908-8, are not disclosed to anyone outside of MDx not subject to a confidentiality agreement. *See* Perler Declaration, at ¶¶4-5.  MDx will suffer competitive injury if information akin to the highly confidential and proprietary terms and conditions of its business agreements, *i.e.*, services MDx has contracted to its customers, are accessible to the public. *See* Dkt. No. 302-5, ¶¶ 7 and 9 and Perler Declaration, at ¶ 6.  The Court has previously granted MDx's request (*see e.g.*, Dkt. Nos. 322, 353, 383, 459, 506, 551, 698, 798 and 857) to redact similar highly confidential MDx information. *See e.g.*, Court's Orders, Dkt. Nos. 483, 484, 508, 511, 557, 776, 801 and 877.  MDx submits a redacted version of Dkt. No. 908-8 to restrict similar highly confidential information that it previously submitted and the Court has previously approved, attached hereto as Exhibit A.  MDx, therefore, respectfully requests that access to Dkt. No. 908-8 be similarly restricted.

4

**Dkt. No. 909-3** – An excel spreadsheet, which contains MDx's highly confidential proprietary information regarding vitals.com usage metrics, percentages, internal data and statistics, and internal website operations. This spreadsheet contains information and data that is competitively sensitive to MDx that MDx does not make public. *See, e.g.*, Declaration of Erika Boyer, dated October 10, 2012, Dkt. No. 322-1, at ¶ 8. If disclosed to the public and MDx's competitors, this information could be unfairly used by competitors against MDx regarding its data, products and services, that would cause damage to MDx in its efforts to distinguish its products from its competitors, and secure business partners, data licensing agreements and possibly advertising. *Id.* The Court has previously granted MDx's requests (*see e.g.*, Dkt. Nos. 322, 459, 551, 739 and 798) to keep similar types of documents fully restricted from public access. *See e.g.*, Court's Orders, Dkt. Nos. 483, 508, 557, 776 and 801. MDx, therefore, respectfully requests that access to Dkt. No. 909-3 remain restricted at Level 1, as previously granted by the Court.

**Conclusion**

For the foregoing reasons, MDx respectfully requests that the Court grant this motion for continued restrictions of access to Document Nos. 908-4, 908-5, 908-8 and 909-3, at a Level 1 restriction, and to use the attached, redacted exhibit as a public access version for Document No. 908-8.  In the event the Court denies this Motion to Restrict, MDx respectfully requests that document numbers 908-4, 908-5, 908-8 and 909-3 remain restricted from public access until a decision on MDx's objections to the Order denying the Motion to Restrict, provided MDx files it's objections within 5 business days of the Order.

Dated:  October 28, 2014                                               Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson                                      Terence Ridley, Atty. No. 15212
Trent S. Dickey                                         Wheeler Trigg O'Donnell LLP
David C. Lee                                            370 Seventeenth Street, Suite 4500
Vincent M. Ferraro                                   Denver, Colorado 80202
Sills Cummis & Gross P.C.                        Tel:  (303) 244-1800
30 Rockefeller Plaza                                 Fax:   (303) 244-1879
New York, New York 10112                     E-mail: ridley@wtotrial.com
Tel: (212) 643-7000
Fax: (212) 643-6500                                  *Attorneys for Defendant*
E-mail: sstimpson@sillscummis.com         MDx Medical, Inc. d/b/a VITALS.COM
E-mail: tdickey@sillscummis.com
E-mail: dlee@sillscummis.com
E-mail: vferraro@sillscummis.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2014, I electronically filed the foregoing **MDX MEDICAL, INC.'S MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCUMENTS - DOCUMENT NOS. 908-4, 908-5, 908-8 AND 909-3** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez, Jr.**
  jvazquez@lrrlaw.com, phenke@lrrlaw.com

- **Gregory B. Kanan**
  gkanan@lrrlaw.com

- **Kris John Kostolansky**
  kkosto@lrrlaw.com

- **Adam Lee Massaro**
  amassaro@lrrlaw.com

- **Tamara F. Goodlette**
  tgoodlette@lrrlaw.com

- **Kirstin L. Stoll-DeBell**
  kstoll-debell@merchantgould.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Trent S. Dickey**
  tdickey@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Vincent Marc Ferraro**
  vferraro@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

                *s:/Vincent M. Ferraro*