IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS OBJECTIONS TO MAGISTRATE JUDGE BOLAND'S ORDER DENYING THE MOTION TO AMEND INVALIDITY CONTENTIONS AND THE MOTION TO COMPEL A SEARCH FOR NCQA MATERIALS (DKT. #859)**

---

Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx"), by and through its undersigned counsel, hereby submits its reply memorandum in support of its objections (Dkt. #879) pursuant to Fed. R. Civ. P. 72 to Magistrate Judge Boyd N. Boland's Order dated September 8, 2014, denying MDx's motion to amend its invalidity contentions, and denying MDx's motion to compel a search for the NCQA prior art materials ("Order"; Dkt. #859).

**I.   SUMMARY**

Health Grades claims that it did not withhold the NCQA Article from discovery, while continuing to refuse to do a simple search to support its position and indeed spending thousands of dollars to try to avoid doing that very search. But the similarities of the NCQA Article and the claims of Health Grades' '060 patent are striking – this is no coincidence. Moreover, since Health Grades' Opposition, MDx has now learned that Health Grades withheld at least ***fourteen***

1

***other prior art references*** from discovery, all of which – like the NCQA Article – should have been produced by Health Grades years ago.  Health Grades' attempt to avoid this strong validity challenge because MDx learned of the NCQA Article too late, when all the evidence shows that Health Grades should have produced the reference long ago, is the ultimate chutzpa.

As for *Alice*, Health Grades does nothing but argue that MDx could have asserted a Section 101 defense long ago without violating Rule 11 – a fact MDx does not deny.  But Health Grades buries its head in the sand on the central issues of (a) the substantial increase in strength of this defense after *Alice*, which made the defense much better to assert strategically, and (b) how Magistrate Judge Boland's reasoning that *Alice* did not change the law can possibly be reconciled with the post-*Alice* storm of resultant invalidity decisions, the many commentators taking directly contrary views to those of Magistrate Judge Boland, and the expressed and unequivocal statements and actions of the United States Patent Office finding that *Alice* decidedly changed the law.

## II.      THE PROPER STANDARD OF REVIEW

Health Grades is simply wrong on the law with its insistence that Magistrate Judge Boland's ruling should not be considered dispositive.  Health Grades' Opposition, Dkt. #905, at 3-5.  While Health Grades admits that a "motion is dispositive if it eliminates a party's claim or defense" (Health Grades' Opposition, at 4), somehow Health Grades concludes that Magistrate Judge Boland's complete denial of the invalidity defense based on the NCQA Article, and complete denial of the entire Section 101 defense, do not eliminate those defenses.  Health Grades' position makes no sense, and the cases cited simply do not support it.  The Court is respectfully referred to the cases in MDx's  opening brief, Dkt. #879, Section I.B., at 3-4.

Since Health Grades' Opposition only argues that Magistrate Judge Boland did not commit "clear error" – a standard that does not apply – Health Grades has failed to even address the issue that is actually before the Court: whether, upon *de novo* review, MDx should have been allowed to amend its invalidity contentions to add these defenses.

### III.   THE NCQA ARTICLE

Health Grades argues at pages 7-10 of its Opposition, that the evidence is not so strong that it has had this NCQA Article all along.  While Health Grades spends much ink on this argument, and surely has spent many thousands of dollars arguing this issue now, it did not do the one thing that would prove MDx wrong:  a simple search for the NCQA Article.  Health Grades' aversion to this simple and dispositive search is telling.

The similarities of the NCQA Article and the claims of Health Grades' '060 patent are striking – they cannot possibly be a mere coincidence.  In its first effort to avoid these similarities, Health Grades argues at page 8 of its Opposition that MDx did not address the similarities of the NCQA Article to the claims of the '060 patent with Magistrate Judge Boland.  That argument is factually wrong.  August 28, 2014 Motions Hearing Transcript, Dkt. #864, at 8:9-9:18.  Health Grades next draws fine distinctions between the teaching of the NCQA Article and the Health Grades reports, but these arguments defy common sense – they are all directed to precisely the same thing, in precisely the same field, and they all teach the same sources of data, verified the same way, and phrased in precisely the same way.

Highly relevant to whether Health Grades had and withheld the NCQA Article, Health Grades has recently admitted that it withheld other prior art during discovery – a fact unknown to Magistrate Judge Boland when he issued his Order.  Specifically, Health Grades withheld at least

*fourteen* additional, relevant prior art references.  These include references that are all directly on point and all unquestionably should have been produced in discovery along with the NCQA Article.  *See* E-mail chain between K. Kostolansky and S. Stimpson re Your Interrogatory No. 2, dated Oct. 30 and 31, 2014, attached hereto as Exhibit D; and U.S. Patent No. 6,735,569 (sample prior art reference withheld by Health Grades), attached hereto as Exhibit E.

A simple search would prove MDx right or wrong.  But Health Grades refuses to do it.  If MDx is right, and Health Grades has had this all along and withheld it from discovery, that fact is critical to this motion and the proposed MDx invalidity defense.  MDx respectfully submits that Magistrate Judge Boland should not have allowed Health Grades to hide this fact from discovery, and should have ordered Health Grades to do the search so the parties and Court can know the truth.

Health Grades next asserts (Health Grades' Opposition, at 6-11) that MDx did not explain why it did not discover the NCQA Article.  But MDx explained in detail that the NCQA Article was directed to particulars of results lists – what they must contain, where information must be obtained for them, and other specifics of results lists.  Only Health Grades' new patent (U.S. Patent No. 8,719,052, Exhibit B to MDx's opening brief, Dkt. #879-2) has claims specifically directed to such results list details; and every independent claim of the '060 patent is directed to provider reports (only one ***dependent*** claim – claim 7 – even mentions a results list).  August 28, 2014 Motions Hearing Transcript, Dkt. #864, at 13:6-14:24.

**IV.   THE SUPREME COURT *ALICE* DECISION**

Health Grades argues, at pages 12-14 of its Opposition, that the Section 101 defense has been around for a long time and MDx could have argued this earlier without violating Rule 11.

4

MDx agrees. The question, however, is whether the law has changed – if it has, that is good cause for MDx to amend its invalidity contentions to add this defense based on the new law. *See, e.g., West v. Ortiz*, 2007 U.S. App. LEXIS 5700 at 5 (10th Cir. Mar. 9, 2007) (allowing appellant to raise an issue made viable by an intervening Supreme Court case); *Biomedical Patent Mgmt. Corp. v. California*, 505 F.3d 1328, 1342 (Fed. Cir. 2007) ("DHS is not judicially estopped from asserting a new position that resulted from a change in the law").

The commentators nearly uniformly agree with the Commissioner of Patents, and disagree with the views of Magistrate Judge Boland. Specifically, *Alice* strengthened the Section 101 defense considerably, ***particularly*** for the specific class of patents (class 705) encompassing the '060 patent. *See* Dkt. #814-12, at 2. If Magistrate Judge Boland's view was correct that the law did not change, why would the Patent Office withdraw patent applications from issuance based on *Alice*? *See* Dkt. #832-1. At the very least, counsel for MDx was justified in their view that the *Alice* decision was a substantial change that justified adding the defense – surely counsel for MDx cannot be faulted for sharing the same view on this issue as all these commentators and the Commissioner of Patents. *See e.g.,* Timothy B. Lee, *Software Patents Are Crumbling, Thanks to the Supreme Court* (September 12, 2014), Exhibit C to MDx's opening brief, Dkt. #879-3 (every court addressing Section 101 since the *Alice* ruling has found invalidity based on the new *Alice* standard).

Because the law has changed under *Alice,* the Magistrate Judge should have allowed MDx to amend its invalidity contentions to address the new law.

## V. CONCLUSION

For the foregoing reasons and for the reasons set forth in MDx's objections (Dkt. #879), MDx respectfully requests that MDx's Motion to Compel be granted so that Health Grades must produce all materials related to the NCQA Article, and that the MDx motion to amend be granted to allow defenses based on the NCQA Article, and the Supreme Court's *Alice* decision.

Dated:  October 31, 2014                                   Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson                                          Terence Ridley, Atty. No. 15212
Trent S. Dickey                                            Wheeler Trigg O'Donnell LLP
David C. Lee                                               370 Seventeenth Street, Suite 4500
Vincent M. Ferraro                                         Denver, Colorado 80202
Sills Cummis & Gross P.C.                                  Tel:  (303) 244-1800
30 Rockefeller Plaza                                       Fax:   (303) 244-1879
New York, New York 10112                                   E-mail: ridley@wtotrial.com
Tel: (212) 643-7000
Fax: (212) 643-6500                                        *Attorneys for Defendant*
E-mail: sstimpson@sillscummis.com                          MDx Medical, Inc. d/b/a VITALS.COM
E-mail: tdickey@sillscummis.com
E-mail: dlee@sillscummis.com
E-mail: vferraro@sillscummis.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2014, I electronically filed the foregoing **MDX MEDICAL, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS OBJECTIONS TO MAGISTRATE JUDGE BOLAND'S ORDER DENYING THE MOTION TO AMEND INVALIDITY CONTENTIONS AND THE MOTION TO COMPEL A SEARCH FOR NCQA MATERIALS (DKT. #859)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez, Jr.**
  jvazquez@lrrlaw.com, phenke@lrrlaw.com

- **Gregory B. Kanan**
  gkanan@lrrlaw.com

- **Kris John Kostolansky**
  kkosto@lrrlaw.com

- **Adam Lee Massaro**
  amassaro@lrrlaw.com

- **Tamara F. Goodlette**
  tgoodlette@lrrlaw.com

- **Kirstin L. Stoll-DeBell**
  kstoll-debell@merchantgould.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Trent S. Dickey**
  tdickey@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Vincent Marc Ferraro**
  vferraro@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

                                                       *s:/Vincent M. Ferraro*