# EXHIBIT A

(Redacted version of Dkt. # 894)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

**HEALTH GRADES, INC.'S REPLY IN SUPPORT OF MOTION
TO COMPEL ACCESS TO MDx MEDICAL, INC. LICENSEES' WEBSITES [Doc. #843]**

Health Grades, Inc. ("Heath Grades") submits the following Reply in Support of its Motion to Compel Access to MDx Medical, Inc. ("MDx") Licensees' Websites [Doc. #843] ("Motion").

MDx is obligated under Health Grades' Document Request No. 2 to provide access or screenshots for the systems that may support additional instances of infringement. [Motion p. 7.] MDx does not dispute this. [*See generally* Doc. #868 ("Response").] MDx's agreements with its licensees allow MDx the right to demand access to the systems or screenshots of the restricted areas. [Motion p. 8.] MDx does not dispute this either. [*See generally* Response.] Nevertheless, MDx has made no effort to obtain access or screenshots from its licensees. Nor has it shown that its licensees would refuse to comply with a demand by MDx. [*id.*] The Court should grant Health Grades' Motion as requested herein.

2005004723_1

ARGUMENT

I. MDx SHOULD BE COMPELLED TO PRODUCE THE REQUESTED MATERIALS OR ACCESS.

First, MDx misapprehends its obligations under Fed. R. Civ. P. 34. MDx argues it should not be compelled to produce based on the statement that it does not *presently* have login credentials for the licensees' website. [Response pp. 2-4.] But MDx is obligated to produce materials in its "control." Fed. R. Civ. P. 34(a)(1); *Comeau v. Rupp,* 810 F. Supp. 1127, 1166 (D. Kan. 1992) ("'[c]ontrol' comprehends not only possession but also the right, authority, or ability to obtain the documents"); *Sithon Maritime Co. v. Holiday Mansion,* 1998 U.S. Dist. LEXIS 5432, at *17 (D. Kan. 10, 1998) ("'control' is construed broadly").

Second, MDx does not address or refute the fact that it has the ability to obtain the requested discovery. For instance, the "Cooperation and Assistance" provisions in the REDACTED and HealthPartners Agreements, Motion p. 8, allow MDx the right to obtain access or screenshots. *Resolution Trust Corp. v. Deloitte & Touche,* 145 F.R.D. 108, 110 (D. Colo. 1992) (concluding "federal courts have universally held that documents are . . . within the [party's] possession, custody or control . . . if the party has . . . control of the materials or has the legal right to obtain the documents on demand"). Under the REDACTED Agreement, "MDx is the owner of the IPF [integrated provider finder] source code [and] the EZ Edit Tool . . . including all codes and derivative works." [Motion p. 8; *see also* Exhibit C to Motion, Castlight Agreement ¶ 1.3 (MDX 0106585), stating the "MDx Data" used by Castlight "remain[s] owned

by MDx."] MDx again does not refute that, as the owner, it has the right to demand access or screenshots of the system that uses its source code, EZ Edit Tool, or data.[1]

Third, MDx has not shown that it took any steps to obtain the requested discovery. *Resolution Trust Corp.,* 145 F.R.D. at 110 ("Rule 34 performs the salutary function of creating access to documentation in an economical and expeditious fashion by requiring a party to produce relevant records . . . when the records can be obtained easily from a third-party source."). This Court has already explained to MDx that it "cannot meet its discovery obligations by sticking its head in the sand and refusing to look for the answers and then saying it does not know the answer." [Doc. #711 p. 5 Sanctions Order citing *In re Independent Serv. Organizations Antitrust Litig.*, 168 F.R.D. 651, 653 (D. Kan. 1996).] MDx, however, once again refused to make any efforts to obtain responsive discovery within its control. MDx has not provided any evidence that any of its licensees have refused a demand for access or screenshots. MDx has failed to satisfy its "reasonable inquiry" obligations under Fed. R. Civ. P. 26(e).

Finally, MDx's remaining arguments in support of its position fail. The fact that Castlight allegedly ceased using MDx's data is irrelevant. [Response p. 2.] Health Grades is entitled to see how Castlight used the MDx data in the "Castlight Employer Platform" so it determine if the system infringed during this period of time. MDx's allegation that the "HealthPartners['] website states it is 'powered by Healthline'" is also of no consequence. [*Id.* at p. 3.] MDx has failed to show why it is not contractually entitled to demand access or screenshots from HealthPartners, regardless of who "powers" the site.

---

[1] MDx's corporate representative has admitted under oath that MDx has the ability to access the information on the REDACTED system. [Motion pp. 2, 8.] MDx now claims it has no access. [Response pp. 3-4.] No explanation has been provided for this about-face.

For all the foregoing reasons, Health Grades requests that this Court order:

1.	MDx to obtain and deliver to Health Grades the requested temporary access to all areas of the three licensees' websites or screenshots within seven calendar days of issuing the Order.  If MDx cannot obtain the requested access or screenshots, it must submit a sworn declaration to this Court within seven calendar days of issuing the Order, detailing the efforts it took to satisfy its "reasonable inquiry" obligations and why it was unsuccessful.

2.	If MDx cannot deliver temporary access or screenshots within seven calendar days of issuing the Order, Health Grades shall be granted leave to subpoena the requested discovery from the three licensees (REDACTED, HealthPartners, and Castlight Health).

Respectfully submitted October 2, 2014.

>	LEWIS ROCA ROTHGERBER LLP
>
>	*/s/ Kris J. Kostolansky*
>	Gregory B. Kanan, Esq.
>	Kris J. Kostolansky, Esq.
>	Adam L. Massaro, Esq.
>	1200 17th Street, Suite 3000
>	Denver, CO  80202
>	Tel:	(303) 623-9000
>	Fax:	(303) 623-9222
>	Email:	gkanan@lrrlaw.com
>		kkosto@lrrlaw.com
>		amassaro@lrrlaw.com
>
>	*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2014, I electronically filed the foregoing **HEALTH GRADES, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL ACCESS TO MDx MEDICAL, INC. LICENSEES' WEBSITES [Doc. #843]** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Scott David Stimpson, Esq.
Vincent Ferraro, Esq.
David C. Lee, Esq.
Trent Dickey, Esq.
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY 10112
E-mail: sstimpson@sillscummis.com
vferraro@sillscummis.com
dlee@sillscummis.com
tdickey@sillscummis.com

Terence M. Ridley, Esq.
Wheeler Trigg O'Donnell, LLP
370 17th Street, Suite 4500
Denver, CO 80202-5647
E-mail: ridley@wtotrial.com

                                                    */s/ Kris J. Kostolansky*
                                                    Kris J. Kostolansky, Esq.