IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00520-RM-BNB

HEALTH GRADES, INC.,

Plaintiff,

v.

MDX MEDICAL, INC., d/b/a Vitals.com,

Defendant.

_____

**ORDER**
_____

This matter arises on **Health Grades' Motion to Compel and for Additional Sanctions** [Doc. # 817, filed 8/6/2014] (the "Motion to Compel"), which is DENIED.

The dispute centers around MDx's response to Interrogatory No. 2, which asked:

> With respect to any version of MDx's Accused Products, using a claim chart, state in detail MDx's bases for any assertion of non-infringement of the patent in suit on a claim-by-claim, element-by-element basis. Your answer should include a statement of MDx's interpretation of each claim element, a statement whether MDx's Accused products provide(s) such an element or an equivalent and, if not, an explanation of how MDx's Accused Products operate or function differently than the claim element and a particularized statement why a component, feature or function of Accused Products is not a substantial equivalent of the pertinent claim element.

Order [Doc. # 711] at p. 2.

Interrogatory No. 2 also was the subject of my Order of January 1, 2013, where I compelled a complete answer and imposed sanctions against MDx. Id. In connection with the previous dispute, MDx had provided as part of its answer to Interrogatory 2 that "[n]o physician

has ever entered and/or modified any of the following information: age, years in profession, years in practice, or publications. . . . MDx currently has no knowledge of any physician who has entered and/or modified three or more of [the provider-verified] information." MDx's Second Supplemental Responses to Interrogatories [Doc. # 632-1] at p. 3. As the January 1 Order concludes, that answer by MDx was demonstrably false; MDx subsequently produced "11,209 . . . Verification Forms . . . that show that MDx has received three or more of the types of Physician Information from physicians." Order [Doc. # 711] at p. 4.

## I. Disciplinary Information and Licensure

Health Grades argues that MDx has committed a similar discovery violation in its subsequent supplemental responses. Specifically, Health Grades quotes MDx's supplemental responses to Interrogatory No. 2, which state in part: "The www.vitals.com website after January 2011 has *not* created provider profiles containing or using disciplinary action information" and "[w]ith one exception, the www.vitals.com website after January 2011 has *not* created provider profiles containing or using licensure information." Motion to Compel [Doc. # 818] (original emphasis). Health Grades asserts that these statements are false because (1) MDx identifies in certain of its provider profiles those physicians who have been awarded Vital's "Patients' Choice Award" and "Most Compassionate Doctor Award," and (2) to receive these awards, a physician must have an active medical license and may have no sanctions. Id. at p. 4. Thus, according to Health Grades, "MDx therefore used disciplinary action and licensure information from its database and system to determine the eligibility . . . for the awards that are part of their reports as shown on vitals.com." Id.

MDx counters: "MDx does not use disciplinary action information or licensure data to

create provider profiles.  MDx long ago disclosed its awards protocols to Health Grades, and specifically that awards factor in disciplinary actions in the sense they disqualify providers from consideration for awards." Response [Doc. # 839] at p. 1.  In addition, MDx argues, "[t]he bestowing of an award using the third party data [disciplinary information and licensure] . . . *is not the same as the creating of a report using that information.*  Id. at p. 9 (original emphasis).

I agree with MDx that Health Grades has failed to demonstrate a discovery violation supporting either an order compelling discovery or the imposition of sanctions.  MDx has answered the interrogatory, and Health Grades is fully aware of the facts surrounding what is contained within the provider profiles and how that information is developed and used.  The parties simply disagree about whether the reporting of awards in the profiles that depend, in part, on disciplinary actions and licensure constitutes "use" of that information in the "creation" of those profiles.  The fact that Health Grades disagrees with MDx's interpretation of the expression "using disciplinary action information" to create provider profiles does not require an order compelling discovery or justify the imposition of sanctions, particularly because Health Grades is fully informed on the underlying facts.  See Pham v. Hartford Fire Ins. Co., 193 F.R.D. 659, 663 (D. Colo. 2000) (holding that a party's disagreement with the content of a discovery response does not make the response inadequate).

## II.  Evasion

Health Grades also objects to MDx's supplemental responses to Interrogatory No. 2 as evasive with resect to the second, third, and fifth claim elements.  The thrust of Health Grades' argument is that "MDx counsel employs . . . wordsmithing techniques to avoid admissions" and that "MDx's use of the negative is designed to evade admission." Motion to Compel [Doc. #

818] at p. 9.

After review, I conclude that MDx's supplemental responses are adequate. Health Grades may not dictate the form of an interrogatory answer so long as MDx provides a substantive answer that is responsive to the interrogatory, which it has done here.

IT IS ORDERED that the Motion to Compel [Doc. # 817] is DENIED.

Dated November 3, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge