IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00520-RM-BNB

HEALTH GRADES, INC.,

Plaintiff,

v.

MDX MEDICAL, INC., d/b/a Vitals.com,

Defendant.

_____

**ORDER**
_____

This matter arises on **Health Grades' Motion to Compel Access to MDx's Licensee Websites** [Doc. # 843, filed 8/22/2014] (the "Motion to Compel Access"), which is GRANTED.

Health Grades states that it "has identified at least three licensing agreements and associated systems that may support additional contentions relating to Health Grades' cause of action for indirect patent infringement." Motion to Compel Access [Doc. # 843] at p. 1. MDx does not dispute that the information is responsive to Health Grades' Request for Production No. 2 or that the requested documents are relevant to the subject matter involved in this action.

Health Grades also argues that MDx has "the right to demand access to the systems or screenshots of the restricted areas." Reply [Doc. # 894] at p. 1. In support, Health Grades quotes from the deposition testimony of MDx's Rule 30(b)(6) designee conceding that MDx can access the information at issue in this motion, Motion to Compel Access, Ex. D [Doc. # 843-5] at p. 112 lines 10-13; asserts that "[u]pon request by Health Grades' counsel, the MDx corporate representative accessed [a licensee's] site during the lunch break at the deposition in May," id. at

p. 3; and has provided copies of the licensing agreements, which include provisions giving MDx access to the licensees' information, as follows:

> As a condition to MDx's obligations hereunder, [licensee] shall at all times: (a) provide MDx with good faith cooperation and access to such information, facilities, and equipment as may be reasonably required by MDx in order to provide the Services, including, but not limited to, providing [licensee] Data; and (b) provide such personnel assistance, as may be reasonably requested by MDx from time to time.

Id., Ex. A [Doc. # 843-1] at p. 2. In addition, Health Grades states that MDx apparently made no effort to obtain responsive documents, noting that "MDx has not provided any evidence that any of its licensees have refused a demand for access or screenshots." Reply [Doc. # 894] at p. 3.

MDx's response is exact, stating only that MDx does not have "login credentials" or "access" to the restricted areas. Declaration of Bryan Perler [Doc. # 868-1] at ¶¶4, 8, and 11. MDx carefully avoids any representations about its ability to obtain login credentials or access, and it does not address its possession of or access to screenshots.[1]

A party must produce documents in its "possession, custody, or control." Fed. R. Civ. P. 34(a). "'[C]ontrol' comprehends not only possession but also the right, authority, or ability to obtain the documents." Comeau v. Rupp, 810 F. Supp. 1127, 1166 (D. Kan. 1992).

I find, based on the evidence before me, that access to the licensees' restricted areas are within MDx's control.

The requested access is relevant to the subject matter in suit, responsive to Health

---

[1] I previously imposed sanctions against MDx where MDx sought to excuse misconduct, at least in part, by its careful choice of words. Order [Doc. # 784] at p. 5 (noting that "the care with which the statements are presented makes the lack of candor clear" and characterizing MDx's conduct as an "attempted sleight-of-hand"). In view of this history, I hold MDx to the precision of its statements.

Grades' written discovery requests, and in the control of MDx.  Consequently, the Motion to Compel access must be granted.

IT IS ORDERED:

(1) The Motion to Compel Access [Doc. # 843] is GRANTED; and

(2) MDx shall provide Health Grades with access to its licensees' websites or provide screenshots, as requested in the Motion to Compel Access, on or before November 12, 2014.

Dated November 3, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge