Civil Action No. 11-CV-00520-RM-BNB

**HEALTH GRADES, INC.'S ELECTRONIC FILING OF ITS NOVEMBER 6, 2014 HEARING EXHIBITS**

**Exhibit 9**

**Supplemental Amendment [Doc. #201-6]**

2005056661_1

# EXHIBIT 2E

S/N 11/512,529     PATENT
CONF. NO. 1358

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | David G. Hicks, et al. | Examiner: | Trang T. Nguyen |
| Serial No.: | 11/512,529 | Group Art Unit: | 3686 |
| Filed: | August 29, 2006 | Docket No.: | 40476.0002USU1 |
| Title: | INTERNET SYSTEM FOR CONNECTING HEALTHCARE PROVIDERS AND PATIENTS | | |

CERTIFICATE UNDER 37 CFR 1.8:

I hereby certify that this paper or fee is being transmitted electronically to the United States Patent and Trademark Office via EFS-Web in accordance with 37 CFR § 1.6(a)(4) on April 26, 2010.

By: _____
Name: Halina Wohl

## SUPPLEMENTAL AMENDMENT

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

    This Supplemental Amendment is being filed following an in-person interview conducted with Examiners Nguyen and O'Connor on March 10, 2010. This Supplemental Amendment supplements the Amendment & Response to Non-Final Office Action filed on February 16, 2010 in reply to the Office Action dated November 13, 2009. Please amend the above-identified application as indicated below. It is believed that no further fees are due with this Supplemental Amendment. However, the Commissioner is hereby authorized to charge any deficiencies or credit any overpayment with respect to this patent application to deposit account number 13-2725.

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks** begin on page 9 of this paper.

U.S. Patent Application Serial No. 11/512,529

**Amendments to the Claims:**

This listing of claims will replace all prior versions and listings of claims in the application. Please amend the claims as follows:

**Listing of Claims:**

1. (Currently Amended) A <u>computer-implemented</u> method of providing healthcare provider information to potential patients, said method comprising:

<u>receiving, by a Web server computer of a company providing a service for connecting healthcare providers with the potential patients, a request for information regarding a first healthcare provider, wherein the Web server computer comprises at least one computer processor and memory;</u>

<u>accessing</u> <s>compiling</s> healthcare provider-verified information <u>about the first healthcare provider, wherein the healthcare provider-verified information is received from the first healthcare provider and comprises three or more from the group consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies</u>;

compiling<u>, by the at least one computer processor,</u> <s>past-patient</s> <u>patient-</u>provided information <u>regarding the first healthcare provider, wherein the patient-provided information comprises patient ratings from one or more past or current patients of the first healthcare provider, and wherein the patient ratings are received from an on-line patient experience survey completed on a company Web site by the one or more past or current patients of the first healthcare provider, and wherein the company Web site is managed by the company providing the service for connecting healthcare providers with the potential patients</u>;

compiling information <u>regarding the first healthcare provider</u> verified by <u>an</u> independent

2

third-party <u>source,</u> <s>sources</s> <u>wherein the information verified by the independent third-party source comprises three or more from the group consisting of: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship information</u>;

creating, by [[a]] <u>the at least one computer</u> processor, a healthcare provider report <u>on the first healthcare provider</u> using the healthcare provider-verified information, the <s>past-patient</s> patient-provided information, and the information verified by <u>the</u> independent third-party <u>source</u> <s>sources</s>, wherein the healthcare provider report <u>on the first healthcare provider</u> includes comparison ratings of healthcare providers; and

providing access to the healthcare provider report <u>on the first healthcare provider</u> over a computer network.

2. (Currently Amended) The method as defined in claim 1, wherein the <s>past-patient</s> patient-provided information is obtained through data collected through the method comprising:

the <u>one or more</u> past or current patients of [[a]] <u>the first</u> <s>particular</s> healthcare provider accessing a report [[for]] <u>on</u> the <s>particular</s> <u>first</u> healthcare provider over the computer network;

the <u>one or more</u> past or current patients selecting to complete [[an]] <u>the</u> on-line patient <u>experience</u> survey;

the <u>one or more</u> past or current patients completing the <u>experience</u> survey and providing an e-mail address; and

transmitting the completed <u>experience</u> survey to [[a]] <u>the</u> <s>predetermined company</s> Web server <u>of the company providing the service for connecting healthcare providers with the potential patients</u>.

3. (Currently Amended) The method as defined in claim 2, further comprising a method for

3

U.S. Patent Application Serial No. 11/512,529

verifying and compiling ~~such~~ the data, the method comprising:

determining whether a first [[the]] past or current patient has ~~already~~ completed a maximum number of surveys for a predetermined time period;

if the first past or current patient has not reached the maximum number of surveys, transmitting a confirmation e-mail to the e-mail address provided;

determining if the confirmation e-mail was successfully transmitted; and

if the e-mail was successfully transmitted, compiling the data provided by the first past or current patient with other relevant data in a company database comprised of healthcare provider information.

4. (Original) The method as defined in claim 1, wherein the healthcare provider report includes a hyperlink to an affiliated hospital, medical center, or other type of treatment center.

5. (Cancelled)

6. (Original) The method as defined in claim 1, wherein the access to the healthcare provider report is obtained through a predetermined Web page that provides search capabilities for a database comprised of healthcare provider information.

7. (Previously Presented) The method as defined in claim 6, wherein the search capabilities permit a search based on one or more from the group consisting of: name, medical specialty, gender, state, city, procedure, diagnosis, procedure, and location criteria.

8. (Currently Amended) The method as defined in claim 7, wherein [[a]] the search of the database produces a results list of one or more healthcare providers satisfying the search criteria, wherein the results list includes the first healthcare provider.

4

U.S. Patent Application Serial No. 11/512,529

9. (Currently Amended) The method as defined in claim 8, wherein the results list further includes an advertisement for [[a]] the first healthcare provider with a hyperlink to information on that the first healthcare provider.

10. (Currently Amended) The method as defined in claim 8, further comprising:

   determining from the results list whether a particular healthcare provider is a member of [[a]] the company managing the Web site; and

   if the particular healthcare provider is a member of the company managing the Web site, providing enhanced services for the member healthcare provider on the Web site.

11. (Currently Amended) The method as defined in claim 10, wherein the enhanced services comprise making report information on the member healthcare provider available at no charge to the potential patients.

12. (Original) The method as defined in claim 10, wherein the enhanced services comprise favorable positioning in the results list.

13. (Currently Amended) The method as defined in claim 1, further comprising:

   maintaining a record of whether the healthcare provider report on the first healthcare provider should be made available to a first potential patient at no charge; and

   requiring payment of a fee to access the healthcare provider report on the first healthcare provider if the report is not recorded as being available at no charge.

5

U.S. Patent Application Serial No. 11/512,529

14. (Original) The method as defined in claim 13, wherein the required fee is adjusted to account for applicable discounts.

15. (Currently Amended) The method as defined in claim 1, wherein the <u>first</u> healthcare provider is a physician<s>, hospital, nursing home, or other treatment facility</s>.

16.-18. (Cancelled)

19. (Currently Amended) An on-line information system for <u>connecting healthcare providers with potential patients</u> <s>providing verified information regarding healthcare providers</s>, the system comprising:

  at least one <u>computer</u> processor; and

  memory coupled with and readable by the at least one <u>computer</u> processor and comprising a series of instructions that, when executed by the at least one <u>computer</u> processor, cause the at least one <u>computer</u> processor to:

    <u>receive a request for information regarding a first healthcare provider;</u>

    <s>compile</s> <u>access</u> healthcare provider-verified information <u>about the first healthcare provider, wherein the healthcare provider-verified information is received from the first healthcare provider and comprises three or more from the group consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies;</u>

    compile patient-provided information <u>regarding the first healthcare provider, wherein the patient-provided information comprises patient ratings from one or more past or</u>

6

current patients of the first healthcare provider, and wherein the patient ratings are received from an on-line patient experience survey completed on a company Web site by the one or more past or current patients of the first healthcare provider, and wherein the company Web site is managed by a company providing a service for connecting healthcare providers with the potential patients;

    compile healthcare provider information regarding the first healthcare provider verified by an independent third-party source, wherein the information verified by the independent third-party source comprises three or more from the group consisting of: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship information; [[and]]

    create a healthcare provider report on the first healthcare provider using the healthcare provider-verified information, the patient-provided information, and the information verified by the independent third-party source independently verified information, wherein the healthcare provider report on the first healthcare provider includes comparison ratings of healthcare providers; and

    provide access to the healthcare provider report on the first healthcare provider over a computer network.

20.    (Currently Amended) The on-line information system defined in claim 19, wherein:

    the healthcare provider report is obtained through one or more from the group consisting of: a predetermined Web page that provides search capabilities on its database [[or]] and a third-party search engine; and

7

U.S. Patent Application Serial No. 11/512,529

the search capabilities of the predetermined Web page permit searching based on one or more from the group consisting of: name, medical specialty, gender, state, city, procedure, diagnosis, ~~procedure,~~ and location criteria.

21. (Currently Amended) The on-line information system defined in claim 20, <u>wherein the at least one computer processor</u> ~~further comprising~~:

produces ~~producing~~ a results list of <u>one or more</u> healthcare providers satisfying received search criteria<u>, wherein the results list includes the first healthcare provider</u>;

determines ~~determining~~ from the results list whether [[a]] <u>the first</u> ~~particular~~ healthcare provider is a member of [[a]] <u>the</u> company managing the Web site; and

if the <u>first</u> healthcare provider is a member of the company managing the Web site, provides ~~providing~~ enhanced services for the member healthcare provider on the Web site, wherein the enhanced services comprise making report information on the member <u>healthcare</u> provider available at no charge to <u>the</u> potential patients.

8

U.S. Patent Application Serial No. 11/512,529

## REMARKS

This Supplemental Amendment is being filed to supplement the Amendment & Response to Non-Final Office Action filed on February 16, 2010 in reply to the Office Action dated November 13, 2009. The amendments and remarks being submitted herein are in addition to those submitted on February 16, 2010. Applicants respectfully request reconsideration and further examination based on the amendments and remarks filed on February 16, 2010 and on the amendments and remarks submitted in this Supplemental Amendment.

In this Supplemental Amendment, claims 1-3, 8-11, 13, 15, and 19-21 have been amended. Claims 5 and 16-18 remain cancelled without prejudice. No claims have been added. Therefore, claims 1-4, 6-15, and 19-21 remain present for examination. This application is in condition for allowance, and such action is respectfully requested.

### Claim Rejections – 35 U.S.C. § 103(a): Claims 1-6, 8, 9, 13-15, & 19

Claims 1-6, 8, 9, 13-15, and 19 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over Henley in view of Cook. Applicants respectfully disagree with and traverse these rejections. To establish a prima facie case of obviousness, the references must teach or suggest each and every one of the claim elements to one of ordinary skill in the art at the time the invention was made. *See* MPEP §§ 2142, 2143.03; *In re Wilson*, 424 F.2d 1382, 1385 (C.C. P.A. 1970). In addition, *KSR International Company v. Teleflex, Inc.*, 127 S. Ct. 1727, 1741 (2007), requires that there "must be some *articulated reasoning with some rational underpinning* to support the legal conclusion of obviousness." (Emphasis added.) Further, "a patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art." *KSR Int'l Co.*, 127 S. Ct. at 1741. Specifically, the references fail to teach or suggest all of the claim elements.

For example, Henley in view of Cook fail to teach or suggest at least the following with respect to claim 1:

> . . .
>
> *receiving, by a Web server computer of a company providing a service for connecting healthcare providers with the potential patients*, a request for information regarding a first healthcare provider, wherein the Web server computer comprises at least one computer processor and memory;
> accessing healthcare provider-verified information about the first healthcare provider, *wherein the healthcare provider-verified information is*

9

> *received from the first healthcare provider and comprises three or more from the group consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies;*
>
> compiling, by the at least one computer processor, patient-provided information regarding the first healthcare provider, wherein the patient-provided information comprises patient ratings from one or more past or current patients of the first healthcare provider, and *wherein the patient ratings are received from an on-line patient experience survey completed on a company Web site by the one or more past or current patients of the first healthcare provider, and wherein the company Web site is managed by the company providing the service for connecting healthcare providers with the potential patients*;
>
> *compiling information regarding the first healthcare provider verified by an independent third-party source, wherein the information verified by the independent third-party source comprises three or more from the group consisting of: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship information;*
>
> *creating*, by the at least one computer processor, *a healthcare provider report on the first healthcare provider using the healthcare provider-verified information, the patient-provided information, and the information verified by the independent third-party source*, wherein the healthcare provider report on the first healthcare provider includes *comparison ratings* of healthcare providers;
>
> . . . .

*Claim 1, supra (as amended) (emphasis added).*

As discussed previously, Henley provides for the on-line negotiation of fees for medical services and products to ". . . enable prospective patients to easily identify and access an otherwise underutilized medical facility to negotiate a favorable fee for services subject to scheduling restrictions and other 'specifications' set by the medical service provider." *Henley, at [0024]*. Henley is thus related to on-line auctioning of medical services and products and fails to disclose or suggest at least: ". . . creating, by the at least one computer processor, *a healthcare provider report on the first healthcare provider using the healthcare provider-verified information, the patient-provided information, and the information verified by the independent third-party source*, wherein the healthcare provider report on the first healthcare provider includes *comparison ratings* of healthcare providers . . . ."

Further, Cook fails to cure the deficiencies of Henley. As discussed previously, Cook relates generally to "electronic medical records" and enabling a patient "to choose a healthcare provider who uses an EMR [('electronic medical record')] system and optionally an advanced, compatible EMR system." *Cook, at [0097]*. Cook fails to provide any teaching or suggestion, at

10

a minimum, of ". . . creating, by the at least one computer processor, *a healthcare provider report on the first healthcare provider using the healthcare provider-verified information, the patient-provided information, and the information verified by the independent third-party source*, wherein the healthcare provider report on the first healthcare provider includes *comparison ratings* of healthcare providers . . . ."

Accordingly, Henley in view of Cook fail to teach or suggest each and every limitation of claim 1, and allowance of this claim is therefore respectfully requested. While the above discussion shows that the cited references do not teach or suggest each and every aspect of claim 1, amendments to claim 1 are made in the interest only of forwarding the prosecution of this application to allowance and are not necessarily made to address the Office Action's rejections based on the cited references. Amendments are therefore made without prejudice. Because claims 2-4 and 6-15 depend on allowable base claim 1, these claims are also allowable, and such action is respectfully requested. As such, any remaining arguments supporting the rejections of these claims are not acquiesced to even though they are not directly addressed herein. Applicants thus respectfully request the allowance of claims 1-4 and 6-15 (claim 5 has been cancelled without prejudice).

In addition, for at least reasons similar to those set forth above, Henley in view of Cook fail to teach or suggest each and every limitation of claim 19. For example, Henley in view of Cook fail to teach or suggest at least the following with respect to claim 19:

. . .

receive a request for information regarding a first healthcare provider;
access healthcare provider-verified information about the first healthcare provider, *wherein the healthcare provider-verified information is received from the first healthcare provider and comprises three or more from the group consisting of: specialty information, medical philosophy, gender, age, years in profession, years in practice, awards, honors, professional appointments, professional memberships, publications, languages, and hobbies*;
compile patient-provided information regarding the first healthcare provider, wherein the patient-provided information comprises patient ratings from one or more past or current patients of the first healthcare provider, and *wherein the patient ratings are received from an on-line patient experience survey completed on a company Web site by the one or more past or current patients of the first healthcare provider, and wherein the company Web site is managed by the company providing the service for connecting healthcare providers with the potential patients*;
compile healthcare provider information regarding the first

11

U.S. Patent Application Serial No. 11/512,529

> *healthcare provider verified by an independent third-party source, wherein the information verified by the independent third-party source comprises three or more from the group consisting of: board certification, licensure, disciplinary action information, medical school, medical internship, medical residency, and medical fellowship information;*
> *create a healthcare provider report on the first healthcare provider using the healthcare provider-verified information, the patient-provided information, and the information verified by the independent third-party source,* wherein the healthcare provider report on the first healthcare provider includes *comparison ratings* of healthcare providers;
> . . . .

*Claim 19, supra (as amended) (emphasis added).*

Accordingly, for at least reasons similar to those discussed above, Henley in view of Cook fail to disclose or suggest each and every limitation of claim 19. This claim is therefore allowable. Because claims 20-21 depend on allowable base claim 19, these claims are also allowable for at least the reasons presented above, and such action is respectfully requested. As such, any remaining arguments supporting the rejections of these claims are not acquiesced to even though they are not addressed herein. As noted, while the above discussion shows that the cited references fail to disclose or suggest each and every limitation of claim 19, amendments to the claims are made in the interest only of forwarding the prosecution of this application to allowance and are not necessarily made to address the Office Action's rejections based on the cited references. Amendments are therefore made without prejudice.

For at least the reasons presented above, claims 1-4, 6-15, and 19-21 are allowable. Accordingly, Applicants respectfully request the allowance of this application.

**Claim Rejections – 35 U.S.C. § 103(a): Claims 7, 10-12, & 20**

Claims 7, 10-12, and 20 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over Henley in view of Cook and further in view of Sameh. Applicants respectfully disagree with and traverse these rejections. The cited references fail to teach or suggest all of the claim elements.

Because claims 7, 10-12, and 20 depend on allowable base claims 1 and 19, respectively, *see discussion supra*, these claims are also allowable for at least the reasons presented above, and such action is respectfully requested. As such, any remaining arguments supporting the rejections of these claims are not acquiesced to even though they are not directly addressed herein. Accordingly, Applicants respectfully request the allowance of claims 7, 10-12, and 20.

12

U.S. Patent Application Serial No. 11/512,529

Further, Sameh fails to cure the deficiencies of Henley in view of Cook. As discussed previously, Sameh relates generally to allowing patients "to make appointments with physicians." *Sameh, at [0002]*. Sameh fails to provide any teaching or suggestion, for example, of: ". . . creating, by the at least one computer processor, *a healthcare provider report on the first healthcare provider using the healthcare provider-verified information, the patient-provided information, and the information verified by the independent third-party source*, wherein the healthcare provider report on the first healthcare provider includes *comparison ratings* of healthcare providers . . . ." *See, e.g., claim 1, supra (as amended) (emphasis added) (upon which claims 7 & 10-12 depend); see also claim 19, supra (as amended) (upon which claim 20 depends)*.

Accordingly, Henley in view of Cook and further in view of Sameh fail to disclose or suggest each and every element of claims 7, 10-12, and 20. Claims 7, 10-12, and 20 are therefore allowable. While the above discussion shows that the cited references fail to teach or suggest each and every element of claims 7, 10-12, and 20, amendments to claims 7, 10-12, and 20 are made in the interest only of forwarding the prosecution of this application to allowance and are not necessarily made to address the Office Action's rejections based on the cited references. Amendments are therefore made without prejudice.

For at least the above reasons, Applicants respectfully request the allowance of claims 7, 10-12, and 20.

**Conclusion**

This Supplemental Amendment supplements the Amendment & Response to Non-Final Office Action filed on February 16, 2010. The amendments and remarks being submitted herein are in addition to those submitted on February 16, 2010. Applicants respectfully request reconsideration and further examination. The Office Action dated November 13, 2009 may contain arguments and rejections that are not directly addressed by this Supplemental Amendment or the Amendment & Response to Non-Final Office Action filed on February 16, 2010 due to the fact that they are rendered moot in light of the arguments made in favor of patentability. Hence, the failure, if any, to directly address an argument and/or comment raised in the Office Action should not be taken as an indication that Applicants believe the argument and/or comment has merit. Additionally, the failure, if any, to address statements and/or comments made in the Office Action does not mean that Applicants acquiesce to such statements

13

U.S. Patent Application Serial No. 11/512,529

and/or comments. Furthermore, the claims of the present application may include other elements, not discussed in this Supplemental Amendment or the Amendment & Response to Non-Final Office Action filed on February 16, 2010, which are not shown, taught, or otherwise suggested by the art of record. Accordingly, the arguments in favor of patentability are advanced without prejudice to other bases of patentability.

It is believed that no additional fees are due with this Supplemental Amendment. However, the Commissioner is hereby authorized to charge any deficiencies or credit any overpayment with respect to this patent application to deposit account number 13-2725.

The application is in condition for allowance and such action is respectfully requested. Should any additional issues need to be resolved, the Examiner is respectfully requested to telephone the undersigned to attempt to resolve those issues.

Respectfully submitted,

Dated: April 26, 2010

Elizabeth J. Reagan, Reg. No. 57,528
Merchant & Gould P.C.
P.O. Box 2903
Minneapolis, MN 55402-0903
(303) 357-1644

**23552**
PATENT TRADEMARK OFFICE

14