**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

**STIPULATED MOTION FOR (1) CERTIFICATION OF THE COURT'S NON-INFRINGEMENT JUDGMENTS AS FINAL JUDGMENTS UNDER FED. R. CIV. P. 54(B) (STIPULATED); AND (2) A STAY OF ISSUES PENDING APPEAL**

Plaintiff Health Grades, Inc. ("Health Grades"), and Defendant MDx Medical, Inc. ("MDx") (collectively, the "Parties"), by their respective counsel, respectfully submit this Stipulated Motion for Certification of the Court's Non-Infringement Judgments as Final Judgments Under Fed. R. Civ. P. 54(b), and for a stay of issues pending appeal.

The Parties agree on all issues, with the sole exception that MDx believes its request for attorneys' fees under 35 U.S.C. §285, which will soon be filed, also must be decided and certified for appeal with the infringement issues.[1]

---

[1] The Parties both understand, and make this request contingent upon the understanding, that any other issues that have been decided by the Court and could be subject to appeal (such as claim constructions other than those related to the non-infringement holdings, inequitable conduct, etc.) will be appealable upon entry of final judgment if necessary.

BACKGROUND

Health Grades asserts that five different configurations infringe its '060 patent. [Doc. #907, identifying the different configurations.] On December 24, 2013, the Court issued an Order Granting In Part MDx's Motion for Partial Summary Judgment of Non-Infringement, finding that MDx's configurations 2 and 3 do not literally satisfy the comparison ratings claim element, and finding that Configuration 2 did not infringe equivalently. [Doc. #696] The Court subsequently held a hearing on October 10, 2014, regarding the issue of whether Health Grades is estopped by patent prosecution history estoppel from asserting the doctrine of equivalents for the comparison ratings and location claim elements. The Court concluded on October 23, 2014, that "Heath Grades has failed to rebut the presumption of prosecution history estoppel. It is therefore barred from asserting the doctrine of equivalents against all accused equivalents surrendered. These include all equivalents which do not include comparison ratings within a report on a first healthcare provider…" [Order, Doc. #913 pp. 21-22.] The Court set a hearing "to discuss the applicability of this Order to the various equivalents proposed by the parties." [*Id.* at p. 22.] At the October 30, 2014 hearing, the Court informed the parties that the prosecution history barred Health Grades from asserting the doctrine of equivalents for the claim elements of the comparison ratings and their location for configurations 2 and 3. [Exhibit A, excerpt from hearing, p. 26:3-8.] The Court set another hearing for November 6, 2014. Two days before the hearing, the Court granted MDx's Motion for Summary Judgment of No Infringement with Regard to Amended Complaint and Allegations Relating to Aetna Life Insurance Company. [Doc. #931.] This Order disposed of configuration 5. After the November

6 hearing, where the parties presented oral argument and evidence regarding the different configurations, the Court issued the following minute order:

> The rulings on Defendant's motion for partial summary judgment of non-infringement (Doc. 696, filed 12/24/13) and Defendant's motion for a *Festo* hearing (Doc. 913, filed 10/23/14) resolve all configuration issues except Configuration 4.

[Doc. #934 pp. 1-2.]  The only pending claim is Health Grades' configuration 4 infringement claim and MDx's counterclaims for non-infringement and invalidity.

Subject to the following paragraph, the Parties respectfully request (1) that the Court certify its judgments disposing of configurations 1-3, and 5 as final judgments subject to immediate appeal, and (2) that the Court stay remaining issues.

MDx intends to timely file a motion for attorneys' fees pursuant to 35 U.S.C. §285 upon entry of the Rule 54 certified order of final judgment and will request that the Court also decide and certify it for appeal.  Health Grades intends to oppose the motion and MDx's request that it be also certified for appeal.

## ARGUMENT

I. THE COURT SHOULD CERTIFY THESE ISSUES FOR APPEAL UNDER FED. R. CIV. P. 54(B).

Rule 54(b) provides, in pertinent part:

> When an action presents more than one claim for relief-whether as a claim, counterclaim, cross-claim, or third-party claim-or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

- 3 -

Fed. R. Civ. P. 54(b). Federal Circuit law governs Rule 54(b) certification issues in patent cases. *See Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 830 (Fed. Cir. 2003). Rule 54(b) was intended to "relax[ ] the restrictions upon what should be treated as a judicial unit for the purposes of appellate jurisdiction." *W.L. Gore & Associates, Inc. v. Int'l Med. Prosthetics Research Associates, Inc.*, 975 F.2d 858, 861 (Fed. Cir. 1992). "Rule 54(b) allows a district court to sever an individual claim that has been finally resolved" and "acknowledges the policy that in multiple claim actions some final decisions, on less than all of the claims, should be appealable without waiting for a final decision on *all* of the claims. *Id.* (emphasis in original) (internal quotations omitted).

Certification is proper where there is: (1) a final judgment with respect to one or more but fewer than all claims; and (2) the district court determines that there is no just reason for delay of entry. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 5–8 (1980); *W.L. Gore*, 975 F.2d at 861. Both elements are satisfied here.

1. <u>The Court's Judgments Regarding Configurations 1-3 and 5 Constitute Final Judgments of Most, but Fewer than all claims.</u>

A final judgment is "a decision upon a cognizable claim for relief" that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp.,* 446 U.S. at 7; *see also W.L. Gore*, 975 F.2d at 861–62. The Fourth Circuit has described the question of whether separate claims are present as "whether the underlying factual bases for recovery state a number of different claims which could have been separately enforced." *Flynn & Emrich Co. v. Greenwood*, 242 F.2d 737, 739 (4th Cir. 1957). "In the context of patent litigation in particular, many courts have entered partial final judgment as to

some or all patent law issues in order to permit appeal to the Federal Circuit where distinct legal issues remained, even where factually related." *SkinMedica, Inc. v. Histogen Inc.,* 869 F. Supp. 2d 1176, 1201 (S.D. Cal. 2012). Where there are different accused products that separately infringe, Rule 54(b) certification is proper when the Court has entered judgment on some of the configurations, but not all. *See, e.g., ImageCube LLC v. The Boeing Co.*, 2010 WL 331723, at *2-5 (N.D. Ill. Jan. 22, 2010) (court granted patentee's Rule 54(b) motion and stayed the remaining claims against the remaining codefendants until the appeal concluded where court had granted summary judgment dismissing all infringement claims against one co-defendant's accused products).

Here, the Court should certify its judgments as to Health Grades' configurations 1-3 and 5 infringement claims as final judgments. Each configuration is a separate accused product, factually different, and constitutes a separate claim for purposes of Rule 54(b). The Parties' proposed verdict forms show that each configuration constitutes a separate claim. [Exhibit B hereto, Doc. #778 (Health Grades submission requiring that the jury make separate findings of infringement for each configuration); Exhibit C hereto, Doc. #780 (MDx submission -- same).] For instance, Health Grades' proposed verdict form requires that the jury make a finding that "Configuration 2: 2011-2012 Configuration of Vitals.com" infringes claims 1, 4, 5-9, 11, 14-16, [Doc. #778 pp. 2-3] and a separate finding that "Configuration 4: Configuration 4 was offered by MDx from mid-October until mid-November of 2013" infringes claims 1 and 4, 5-9, 11, 14-16. [*Id.* at pp. 5-6 (note this should read "mid-November until mid-December of 2013").] Further, the damages suffered for each infringement claim can be separated and distinguished and are not alternative theories of recovery. *Cf. CMAX, Inc. v. Drewry Photocolor Corp.*, 295

- 5 -

F.2d 695, 697 (9th Cir. 1961) (denying Rule 54(b) certification because the two alleged "claims" at issue were actually two alternative theories of recovery on the same set of facts).

The stipulated jury instructions further confirm that each configuration constitutes a separate claim:

> In this case, there are four different configurations of the MDx Vitals.com website that are accused of infringement. In addition, MDx is accused of inducing and contributing to infringement of the iTriage mobile application and website.

[Proposed instruction regarding the "Contentions of the Parties" [Doc. #779 pp. 6-7.] The instructions also identify that the vitals.com configurations were offered during different periods of time. For instance, the instructions state that "[t]he first configuration was offered [by] MDx until January 5, 2011"; "[t]he second configuration was offered by MDx from January 5, 2011 through the end of 2012"; "[t]he third configuration was offered by MDx from the beginning of 2013 through today"; and "[t]he fourth configuration was offered by MDx from mid-October until . . . mid-November of 2013." [*Id.* at p. 7.]

Health Grades' claim charts and expert opinions also confirm that each configuration constitutes a separate claim. For instance, Health Grades' August 2013 supplement to its claim chart includes "screenshots taken after January 2011 through February 2012 and screenshots taken in January and July 2013," and includes separate infringement analysis for the different time periods. [Doc. #653-3 p. 2.] Dr. Greenspun's Third Supplemental Report, dated October 6, 2014, analyzes separately how each configuration satisfies the claim elements. [*See, e.g.* Doc. #908-1 pp. 23-24 (analyzing how configuration 1 satisfies claim 1, step 5); pp. 25-27 (analyzing separately how configurations 3 and 4 satisfy claim 1, step 5); *see also* Dr. Greenspun's

Supplemental Expert Report, dated September 9, 2013, Doc. #626-1 pp. 16-24 (analyzing separately how configuration 5 (the iTriage System) infringes).] If all the configurations fell under the same infringement claim, there would be no need to provide claim charts and expert infringement opinions on how each configuration separately infringed.

In short, the infringement claims are separate claims under Rule 54(b). The Court's judgments disposed of some of the claims (infringement claims 1-3 and 5), but not all (infringement claim 4 and MDx's counterclaims remain).[2]

2. <u>There is No Just Reason for Delay of an Entry of Final Judgments as to Health Grades' Infringement Claims under Configurations 1-3 and 5.</u>

Entry of final judgments now is proper and there is no just reason for delay. When determining whether there is no just reason for delay, district courts consider: the "judicial administrative interests" weighing against "piecemeal appeals"; and "the equities involved." *Curtiss-Wright Corp.*, 446 U.S. at 8; *see also W.L. Gore*, 975 F.2d at 862. District courts have "substantial discretion" in determining whether there is no just reason for delay. *Intergraph Corp. v. Intel Corp.,* 253 F.3d 695, 699 (Fed. Cir. 2001).

Certifying the Court's non-infringement judgments advances judicial administrative interests. There is very little likelihood that the Federal Circuit would have to decide the issues raised in the 54(b) appeal in a later appeal. *Curtiss-Wright Corp.*, 446 U.S. at 8 (holding when

---

[2] The fact that Health Grades' claims for infringement under configurations 1-4 are asserted under one cause of action and the Court only disposed of claims 1-3 is of no consequence. Each configuration could have been pled as a separate enforceable cause of action. Further, Rule 54(b) only requires that a claim be fully disposed of, which is the case here for infringement claims 1-3 and 5. To hold otherwise, would exalt form over substance. *See* Fed. R. Civ. P. 1.

- 7 -

evaluating the first factor, the court should consider whether an "appellate court would have to decide the same issues more than once . . . if there were subsequent appeals"). According to the Court, the dispositive issue concerning configurations 1-3 was that Health Grades could not establish literal infringement of the comparison ratings claim element and was barred by prosecution history estoppel from asserting doctrine of equivalents regarding this element. [Doc. #696 p. 15; Doc. #934 pp. 1-2.] However, the Court found that "I'm very clear that Configuration 4 exists, with respect to a literal infringement claim." [Exhibit A, excerpt from hearing, p. 26:8.] There is no reason that the Federal Circuit will later have to analyze literal infringement or prosecution history estoppel issues related to configurations 1-3 again. Reversal or affirmance will set the trial framework. The same holds true for configuration 5 where Health Grades' asserted indirect infringement. The Court entered judgment against Health Grades on configuration 5, *inter alia*, because "Health Grades has failed to come forward with sufficient evidence of material factual disputes relating to specific intent so as to create a genuine issue for trial by jury"; and "Health Grades has failed to come forward with sufficient evidence of material factual disputes relating to non-infringing uses so as to create a genuine issue for trial by jury." [Doc. #931 pp. 11, 13.] The analysis that formed the basis of the Court's ruling on configuration 5 will not need to be revisited further. *See Nazomi Commc'ns, Inc. v. Nokia Corp.*, 2012 WL 6680304, U.S. Dist. LEXIS 181332, at *12-13 (N.D. Cal. Dec. 21, 2012) (holding that certifying non-infringement judgments concerning a subset of defendants' accused products advanced judicial administrative interests where it was "highly unlikely that there would be a duplicative appeal" involving the issues set forth in the non-infringement judgments).

The pending matters are also separable from the infringement claims for which immediate appellate review is sought. *W.L. Gore & Assoc.,* 975 F.2d at 862 ("The relationship of the adjudicated claims to the unadjudicated claims is one of the factors which the District Court can consider in the exercise of its discretion."). Here, for instance, MDx's non-infringement counterclaim has been mooted as to Health Grades' infringement claims 1-3 and 5. MDx's invalidity counterclaim focuses on prior art which is distinct and unrelated to the Court's non-infringement judgments. *See also* Curtiss-Wright, 446 U.S. at 9 (holding the presence of counterclaims "does not render a Rule 54(b) certification improper").

Further, the equities favor certification. It makes little sense to proceed with trial on Health Grades' configuration 4 infringement claim when the remaining four accused configurations (which cover the vast majority of the alleged infringement) have been disposed of by the Court. Failing to certify could also result in two jury trials and two appeals. After the trial on configuration 4 and MDx's counterclaims, Health Grades may successfully appeal the judgments regarding configurations 1-3 and 5, necessitating a second trial, which could lead to second appeal after the second trial. If, however, the Court grants certification, and Heath Grades is successful, in full or in part on appeal, the Parties could try one jury trial addressing all the configurations that remain after the Federal Circuit renders its opinion. Alternatively, if Health Grades losses the appeal, there would only be one trial or the case may settle.

## II.   THE COURT SHOULD STAY REMAINING CLAIMS.

The Parties further request the Court enter a stay of Health Grades' configuration 4 infringement claim, MDx's counterclaims of non-infringement and invalidity, and (subject to MDx's request that Section 285 fees be decided and also certified) all other pending matters

- 9 -

during the pendency of the Rule 54(b) appeal.  Staying the remaining claims will avoid the risk of having to conduct a lengthy jury trial on configuration 4 and then have the appellate court issue a ruling overturning some or all of the orders regarding claims 1-3 and 5, necessitating another jury trial on claims 1-3 and 5.  Therefore, a stay will avoid duplicative efforts and expense.  *Amgen, Inc. v. Ariad Pharmaceuticals, Inc.,* 2008 WL 4487910, *3 (D. Del. Oct. 3, 2008) (After granting summary judgment of noninfringement, the court granted patentee's motion for a Rule 54(b) certification while staying a declaratory judgment claim during the period of appellate review based on "consideration of judicial economy and reduction of litigation expenses.").

    WHEREFORE, the Parties request that this Court grant this Stipulated Motion, as set forth herein.  A proposed order is attached hereto and will be sent in editable form to the Court's chambers.

Respectfully submitted November 12, 2014.

| *s/ Kris J. Kostolansky* | *s/ Scott D. Stimpson* |
|---|---|
| Gregory B. Kanan, Esq. | Scott D. Stimpson, Esq. |
| Kris J. Kostolansky, Esq. | Vincent Ferraro, Esq. |
| Adam L. Massaro, Esq. | David C. Lee, Esq. |
| Lewis Roca Rothgerber LLP | Trent Dickey, Esq. |
| 1200 17th Street, Suite 3000 | Sills Cummis & Gross P.C. – New York |
| Denver, Colorado  80202 | 101 Park Avenue, 28th Floor |
| Tel: (303) 623-9000 | New York, New York 10178 |
| Fax: (303) 623-9222 | E-mail: sstimpson@sillscummis.com |
| E-mail: gkanan@lrrlaw.com | E-mail: vferraro@sillscummis.com |
| E-mail: kkosto@lrrlaw.com | E-mail: dlee@sillscummis.com |
| E-mail: amassaro@lrrlaw.com | E-mail: tdickey@sillscummis.com |
| *Attorneys for Plaintiff Health Grades, Inc.* | |

and

Terence M. Ridley, Esq.
Wheeler Trigg O'Donnell, LLP
370 17th Street, Suite 4500
Denver, CO  80202-5647
E-mail:  ridley@wtotrial.com
*Attorneys for Defendant MDx Medical, Inc. d/b/a Vitals.com*

`
‗

# CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2014, I electronically filed the foregoing **STIPULATED MOTION FOR (1) CERTIFICATION OF THE COURT'S NON-INFRINGEMENT JUDGMENTS AS FINAL JUDGMENTS UNDER FED. R. CIV. P. 54(B) (STIPULATED); AND (2) A STAY OF ISSUES PENDING APPEAL** was filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Scott David Stimpson, Esq.
    Vincent Ferraro, Esq.
    David C. Lee, Esq.
    Trent Dickey, Esq.
    Sills Cummis & Gross P.C. – New York
    101 Park Avenue, 28th Floor
    New York, New York 10178
    E-mail:   sstimpson@sillscummis.com
              vferraro@sillscummis.com
              dlee@sillscummis.com
              tdickey@sillscummis.com

    Terence M. Ridley, Esq.
    Wheeler Trigg O'Donnell, LLP
    370 17th Street, Suite 4500
    Denver, CO  80202-5647
    E-mail:    ridley@wtotrial.com

    *s/ Kris J. Kostolansky*
    Gregory B. Kanan, Esq.
    Kris J. Kostolansky, Esq.
    Adam L. Massaro, Esq.
    1200 17th Street, Suite 3000
    Denver, Colorado 80202-5855
    Tel:     (303) 623-9000
    Facsimile: (303) 623-9222
    Email: gkanan@lrrlaw.com
           kkostolansky@lrrlaw.com
           amassaro@lrrlaw.com

*Attorneys for Plaintiff*