Civil Action No. 11-CV-00520-RM-BNB


**STIPULATED MOTION FOR (1) CERTIFICATION OF THE COURT'S NON-INFRINGEMENT JUDGMENTS AS FINAL JUDGMENTS UNDER FED. R. CIV. P. 54(B) (STIPULATED); AND (2) A STAY OF ISSUES PENDING APPEAL**

---

**Exhibit C**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

---

## MDX MEDICAL, INC.'s PROPOSED VERDICT FORM AND COMPARISON TO HEALTH GRADES, INC.'S PROPOSED VERDICT FORM

---

MDx Medical, Inc. ("MDx") believes the parties should submit their positions regarding the verdict form in the same manner as the parties are submitting the jury instructions, with yellow and blue highlights to inform the Court of the parties' respective positions, in one document. Health Grades, Inc. ("Health Grades") disagrees. Accordingly, MDx submits this document alone, showing the parties' respective positions. Yellow highlighting shows the Health Grades position, and blue highlighting shows the MDx position.

MDx has attempted to accurately represent the areas where the parties substantively agree. To facilitate compromise, MDx has accepted the order and format of the Health Grades' proposal, and in most areas the parties are in agreement.

MDX reserves its right to amend, supplement, or modify this proposed verdict form as the case proceeds through trial and based upon conferences with opposing counsel. MDx does not concede, by submitting the proposed verdict form, that Health Grades has met its evidentiary

1

burdens with respect to any of the issues to which the proposed form pertains. Neither does MDx waive any objections relating to issues that are or have been the subject of any pending motions, including any motions *in limine*.

Where possible, the Court is referred to a related jury instruction, where the parties have stated their respective positions. In other areas, MDx provides comments on areas of dispute.

Dated: March 28, 2014

*s:/Scott D. Stimpson*
Scott D. Stimpson
Trent S. Dickey
David C. Lee
Vincent M. Ferraro
Sills Cummis & Gross P.C.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 643-7000
Fax: (212) 643-6500
E-mail: sstimpson@sillscummis.com
E-mail: tdickey@sillscummis.com
E-mail: dlee@sillscummis.com
E-mail: vferraro@sillscummis.com

Respectfully submitted,

Terence Ridley, Atty. No. 15212
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Tel: (303) 244-1800
Fax: (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

## VERDICT

## I.    DIRECT INFRINGEMENT

### A.    Infringement Under the Doctrine of Equivalents

Configurations 2 and 3 of Vitals.com are not alleged to be literally infringing, because the "comparison ratings" element is not literally met.  Accordingly, these Configurations may be infringing, if at all, only equivalently.

**(As to each claim, a "YES" answer is a finding for Health Grades.  A "NO" answer is a finding for MDX.)**

1.    Do you find that Health Grades has proven by a preponderance of the evidence that the accused configurations include parts that are identical or equivalent to every requirement of the listed claims of the Health Grades' patent?  In other words, for the comparison ratings element, and any other requirement that you find is not literally present in the accused configuration, does the accused configuration have an equivalent part to that requirement?

### Configuration 2: 2011-2012 Configuration of Vitals.com

(Configuration 2 was offered by MDx from January 5, 2011 through the end of 2012.  It did not have the "Compare Now" feature, and did not have the "Search All Similar Doctors" feature)

|  | | |
|---|---|---|
| Claim 1: | YES _____ | NO _____ |
| Claim 4: | YES _____ | NO _____ |
| Claim 5: | YES _____ | NO _____ |

3

| | | |
|---|---|---|
| Claim 6: | YES _____ | NO _____ |
| Claim 7: | YES _____ | NO _____ |
| Claim 8: | YES _____ | NO _____ |
| Claim 9: | YES _____ | NO _____ |
| Claim 11: | YES _____ | NO _____ |
| Claim 14: | YES _____ | NO _____ |
| Claim 15: | YES _____ | NO _____ |
| Claim 16: | YES _____ | NO _____ |

## Configuration 3: Current Configuration of Vitals.com

(Configuration 3 was offered by MDx from the beginning of 2013 through today. It did not have the "Compare Now" feature, but did have the "Search All Similar Doctor Feature.)

| | | |
|---|---|---|
| Claim 1: | YES _____ | NO _____ |
| Claim 4: | YES _____ | NO _____ |
| Claim 5: | YES _____ | NO _____ |
| Claim 6: | YES _____ | NO _____ |
| Claim 7: | YES _____ | NO _____ |
| Claim 8: | YES _____ | NO _____ |
| Claim 9: | YES _____ | NO _____ |
| Claim 11: | YES _____ | NO _____ |
| Claim 14: | YES _____ | NO _____ |
| Claim 15: | YES _____ | NO _____ |
| Claim 16: | YES _____ | NO _____ |

**B.      Literal Infringement or Infringement Under the Doctrine of Equivalents:**

Configurations 1 and 4 of Vitals.com, and the iTriage website and application, are alleged to be literally infringing and infringing under the doctrine of equivalents.

**(As to each claim, a "YES" answer is a finding for Health Grades.  A "NO" answer is a finding for MDX.)**

2.      Do you find that Health Grades has proven by a preponderance of the evidence that MDX has infringed the listed claims of the Health Grades' patent either literally or under the doctrine of equivalents?

*INSTRUCTION: If you answer "YES", please indicate whether the infringement is literal infringement or infringement under the doctrine of equivalents.*

**Configuration 1: Pre-January 2011 Configuration of Vitals.com**

(Configuration 1 was offered by MDx until January 5, 2011, and <u>had</u> the "Compare Now" feature, but did <u>not</u> have the "Search All Similar Doctors" Feature.)

Claim 1                          YES _____                    NO _____
            ☐ Literal    OR    ☐ Doctrine of Equivalents
Claim 4                          YES _____                    NO _____
            ☐ Literal    OR    ☐ Doctrine of Equivalents
Claim 5                          YES _____                    NO _____
            ☐ Literal    OR    ☐ Doctrine of Equivalents
Claim 6                          YES _____                    NO _____
            ☐ Literal    OR    ☐ Doctrine of Equivalents
Claim 7                          YES _____                    NO _____

☐ Literal   OR   ☐ Doctrine of Equivalents

| Claim 8 | YES _____ | NO _____ |
|---|---|---|

☐ Literal   OR   ☐ Doctrine of Equivalents

| Claim 9 | YES _____ | NO _____ |
|---|---|---|

☐ Literal   OR   ☐ Doctrine of Equivalents

| Claim 11 | YES _____ | NO _____ |
|---|---|---|

☐ Literal   OR   ☐ Doctrine of Equivalents

| Claim 14 | YES _____ | NO _____ |
|---|---|---|

☐ Literal   OR   ☐ Doctrine of Equivalents

| Claim 15 | YES _____ | NO _____ |
|---|---|---|

☐ Literal   OR   ☐ Doctrine of Equivalents

| Claim 16 | YES _____ | NO _____ |
|---|---|---|

☐ Literal   OR   ☐ Doctrine of Equivalents

**Question 2 continued . . .**

## <u>Configuration 4</u>

(Configuration 4 was offered by MDx from mid-October until to mid-November of 2013.  It is the same as Configuration 3 but it also included "sponsored listings with star ratings".)

| Claim 1 | YES _____ | NO _____ |
|---|---|---|

☐ Literal   *OR*   ☐ Doctrine of Equivalents

| Claim 4 | YES _____ | NO _____ |
|---|---|---|

☐ Literal   *OR*   ☐ Doctrine of Equivalents

| Claim 5 | YES _____ | NO _____ |
|---|---|---|

|  | ☐ Literal  *OR*  ☐ Doctrine of Equivalents |  |
|---|---|---|
| Claim 6 | YES _____ | NO _____ |
|  | ☐ Literal  *OR*  ☐ Doctrine of Equivalents |  |
| Claim 7 | YES _____ | NO _____ |
|  | ☐ Literal  *OR*  ☐ Doctrine of Equivalents |  |
| Claim 8 | YES _____ | NO _____ |
|  | ☐ Literal  *OR*  ☐ Doctrine of Equivalents |  |
| Claim 9 | YES _____ | NO _____ |
|  | ☐ Literal  *OR*  ☐ Doctrine of Equivalents |  |
| Claim 11 | YES _____ | NO _____ |
|  | ☐ Literal  *OR*  ☐ Doctrine of Equivalents |  |
| Claim 14 | YES _____ | NO _____ |
|  | ☐ Literal  *OR*  ☐ Doctrine of Equivalents |  |
| Claim 15 | YES _____ | NO _____ |
|  | ☐ Literal  *OR*  ☐ Doctrine of Equivalents |  |
| Claim 16 | YES _____ | NO _____ |
|  | ☐ Literal  *OR*  ☐ Doctrine of Equivalents |  |

## iTriage

| Claim 1 | YES _____ | NO _____ |
|---|---|---|
|  | ☐ Literal  *OR*  ☐ Doctrine of Equivalents |  |
| Claim 4 | YES _____ | NO _____ |
|  | ☐ Literal  *OR*  ☐ Doctrine of Equivalents |  |
| Claim 5 | YES _____ | NO _____ |
|  | ☐ Literal  *OR*  ☐ Doctrine of Equivalents |  |



Claim 6          YES _____          NO _____

☐ Literal   *OR*   ☐ Doctrine of Equivalents

Claim 7          YES _____          NO _____

☐ Literal   *OR*   ☐ Doctrine of Equivalents

Claim 8          YES _____          NO _____

☐ Literal   *OR*   ☐ Doctrine of Equivalents

Claim 9          YES _____          NO _____

☐ Literal   *OR*   ☐ Doctrine of Equivalents

Claim 11         YES _____          NO _____

☐ Literal   *OR*   ☐ Doctrine of Equivalents

Claim 14         YES _____          NO _____

☐ Literal   *OR*   ☐ Doctrine of Equivalents

Claim 15         YES _____          NO _____

☐ Literal   *OR*   ☐ Doctrine of Equivalents

Claim 16         YES _____          NO _____

☐ Literal   *OR*   ☐ Doctrine of Equivalents

Case No. 1:11-cv-00520-RM-BNB   Document 780   Filed 03/28/14   USDC Colorado   Page 9 of 26
Case 1:11-cv-00520-RM-BNB   Document 790-1   Filed 04/11/14   USDC Colorado   page 10
of 27

## C.    **ALLEGED COMPARISON RATINGS**

If you found that any of the Configurations of the Vitals.com website or iTriage literally or equivalently infringing, please indicate with a check mark the feature you found to meet the requirement of comparison ratings of other healthcare providers included within the report on the first healthcare provider.[1]



Configuration 1

(1) Comparison ratings in a user-generated results list    _____

(2) Awards of the first healthcare provider    _____

(3) Patient ratings for the first healthcare provider _____

Configuration 2

(1) Comparison ratings in a user-generated results list    _____

(2) Awards of the first healthcare provider    _____

(3) Patient ratings for the first healthcare provider _____

Configuration 3 and Configuration 4

(1) Comparison ratings in a user-generated results list    _____

(2) Awards of the first healthcare provider    _____

(3) All Similar Doctors link    _____

(4) Patient ratings for the first healthcare provider    _____

---

[1] From the court's summary judgment decision, MDx believes that only the "all similar doctors" link could still be infringing, but provides this in case that understanding is not correct.

iTriage

(1) Comparison ratings in a user-generated results list     _____

(2) Awards of the first healthcare provider     _____

(3) Patient ratings for the first healthcare provider   _____

**MDx Comments**:  Should there be a finding of infringement, this question asks the jurors to identify the feature they find to meet the claim requirement of comparison ratings of other healthcare providers included within the healthcare provider report.  This question is necessary for the Court to frame any injunction, and for MDx (and the Federal Circuit Court of Appeals) to know which of the myriad of Health Grades allegations has been successful at the district court level. Otherwise, MDx will not know how to change its website in response to the verdict, and the Federal Circuit will not know what to review.

## D.     NUMBERS AND PERCENTAGES[2]

If you found that any Configuration or iTriage was infringing from the above questions, for each, please indicate the number of provider profiles, *or* percentage of all provider profiles, that meet all the claim elements regarding data sources and report creation.

Configuration 1

Claim 1:          NUMBER ____     OR     PERCENTAGE ____

Claim 4:          NUMBER ____     OR     PERCENTAGE ____

Claim 5:          NUMBER ____     OR     PERCENTAGE ____

---

[2] Please see the parties' positions at jury instruction number 15 (Extent of Infringement).

Claim 6:          NUMBER _____    OR    PERCENTAGE _____

Claim 7:          NUMBER _____    OR    PERCENTAGE _____

Claim 8:          NUMBER _____    OR    PERCENTAGE _____

Claim 9:          NUMBER _____    OR    PERCENTAGE _____

Claim 11:          NUMBER _____    OR    PERCENTAGE _____

Claim 14:          NUMBER _____    OR    PERCENTAGE _____

Claim 15:          NUMBER _____    OR    PERCENTAGE _____

Claim 16:          NUMBER _____    OR    PERCENTAGE _____

<u>Configuration 2</u>

Claim 1:          NUMBER _____    OR    PERCENTAGE _____

Claim 4:          NUMBER _____    OR    PERCENTAGE _____

Claim 5:          NUMBER _____    OR    PERCENTAGE _____

Claim 6:          NUMBER _____    OR    PERCENTAGE _____

Claim 7:          NUMBER _____    OR    PERCENTAGE _____

Claim 8:          NUMBER _____    OR    PERCENTAGE _____

Claim 9:    NUMBER _____  OR  PERCENTAGE _____

Claim 11:    NUMBER _____  OR  PERCENTAGE _____

Claim 14:    NUMBER _____  OR  PERCENTAGE _____

Claim 15:    NUMBER _____  OR  PERCENTAGE _____

Claim 16:    NUMBER _____  OR  PERCENTAGE _____

Configuration 3

Claim 1:    NUMBER _____  OR  PERCENTAGE _____

Claim 4:    NUMBER _____  OR  PERCENTAGE _____

Claim 5:    NUMBER _____  OR  PERCENTAGE _____

Claim 6:    NUMBER _____  OR  PERCENTAGE _____

Claim 7:    NUMBER _____  OR  PERCENTAGE _____

Claim 8:    NUMBER _____  OR  PERCENTAGE _____

Claim 9:    NUMBER _____  OR  PERCENTAGE _____

Claim 11:    NUMBER _____  OR  PERCENTAGE _____

Claim 14:    NUMBER _____  OR  PERCENTAGE _____

|            | Claim 15: | NUMBER ____ | OR | PERCENTAGE ____ |
|:-----------|:----------|:------------|:---|:----------------|
|            | Claim 16: | NUMBER ____ | OR | PERCENTAGE ____ |

## Configuration 4

|            | Claim 1:  | NUMBER ____ | OR | PERCENTAGE ____ |
|:-----------|:----------|:------------|:---|:----------------|
|            | Claim 4:  | NUMBER ____ | OR | PERCENTAGE ____ |
|            | Claim 5:  | NUMBER ____ | OR | PERCENTAGE ____ |
|            | Claim 6:  | NUMBER ____ | OR | PERCENTAGE ____ |
|            | Claim 7:  | NUMBER ____ | OR | PERCENTAGE ____ |
|            | Claim 8:  | NUMBER ____ | OR | PERCENTAGE ____ |
|            | Claim 9:  | NUMBER ____ | OR | PERCENTAGE ____ |
|            | Claim 11: | NUMBER ____ | OR | PERCENTAGE ____ |
|            | Claim 14: | NUMBER ____ | OR | PERCENTAGE ____ |
|            | Claim 15: | NUMBER ____ | OR | PERCENTAGE ____ |
|            | Claim 16: | NUMBER ____ | OR | PERCENTAGE ____ |

## iTriage

Claim 1:  NUMBER _____  OR  PERCENTAGE _____

Claim 4:  NUMBER _____  OR  PERCENTAGE _____

Claim 5:  NUMBER _____  OR  PERCENTAGE _____

Claim 6:  NUMBER _____  OR  PERCENTAGE _____

Claim 7:  NUMBER _____  OR  PERCENTAGE _____

Claim 8:  NUMBER _____  OR  PERCENTAGE _____

Claim 9:  NUMBER _____  OR  PERCENTAGE _____

Claim 11:  NUMBER _____  OR  PERCENTAGE _____

Claim 14:  NUMBER _____  OR  PERCENTAGE _____

Claim 15:  NUMBER _____  OR  PERCENTAGE _____

Claim 16:  NUMBER _____  OR  PERCENTAGE _____

## II.   INDIRECT INFRINGEMENT

**(As to each claim, a "YES" answer is a finding for Health Grades.  A "NO" answer is a finding for MDX.)**

### A. Contributory Infringement

If you found that the iTriage app. and website directly infringed the listed claims of Health Grades' patent, has Health Grades proven by a preponderance of

the evidence that (i) MDx sells within the United States a component of a product, or apparatus for use in a process, during the time the '060 patent was in force; (ii) the component or apparatus has no substantial, noninfringing use; (iii) the component or apparatus constitutes a material part of the invention; (iv) MDx was aware of the '060 patent and knew that the product it sold has no other substantial use other than as an infringement of the '060 patent; and (v) that use directly infringes at least one claim of the '060 patent?

| | | |
|---|---|---|
| Claim 1: | YES _____ | NO _____ |
| Claim 4: | YES _____ | NO _____ |
| Claim 5: | YES _____ | NO _____ |
| Claim 6: | YES _____ | NO _____ |
| Claim 7: | YES _____ | NO _____ |
| Claim 8: | YES _____ | NO _____ |
| Claim 9: | YES _____ | NO _____ |
| Claim 11: | YES _____ | NO _____ |
| Claim 14: | YES _____ | NO _____ |
| Claim 15: | YES _____ | NO _____ |
| Claim 16: | YES _____ | NO _____ |

**B.    Inducing Infringement**

If you found that the iTriage app. and website directly infringed the listed claims of Health Grades' patent, then has Health Grades proven by a preponderance of the (i) that MDx took action that actually induced this direct

15

infringement; (iii) that MDx was aware of the '060 patent; and (iv) that MDx knew or should have known that taking such action would induce the direct infringement? (i) that MDx took action during the time the '060 patent was in force intending to cause the infringing acts by Aetna Life Insurance Company; (ii) that MDx knew of the '060 patent at that time; (iii) that MDx knew that its actions, if taken, would result in infringement of at least one claim of the patent; and (iv) the acts resulting in the infringement were actually carried out by Aetna Life Insurance Company?

| | | |
|---|---|---|
| Claim 1: | YES _____ | NO _____ |
| Claim 4: | YES _____ | NO _____ |
| Claim 5: | YES _____ | NO _____ |
| Claim 6: | YES _____ | NO _____ |
| Claim 7: | YES _____ | NO _____ |
| Claim 8: | YES _____ | NO _____ |
| Claim 9: | YES _____ | NO _____ |
| Claim 11: | YES _____ | NO _____ |
| Claim 14: | YES _____ | NO _____ |
| Claim 15: | YES _____ | NO _____ |
| Claim 16: | YES _____ | NO _____ |

## III.    WILLFULNESS

**(A "YES" answer is a finding for Health Grades.  A "NO" answer is a finding for MDX.)**

            5.      If you have found that MDX has infringed any of the Health Grades patent claims *(i.e., you answered "YES" to any of the foregoing questions)*, do you also find by clear and convincing evidence that MDX's infringement has been willful?

            YES _____          NO _____

**MDx Comment**:  Any willfulness question should be addressed after validity and enforceability issues are addressed (an invalid or unenforceable patent cannot be willfully infringed).  Also, the Health Grades instruction ignores validity and enforceability issues entirely.  The MDx proposed instruction is at the end of this form.

## IV. VALIDITY

**(As to each claim, a "YES" answer is a finding for MDX. A "NO" answer is a finding for Health Grades.)**

### A. Anticipation

Has defendant MDx proven by clear and convincing evidence that any one or more of the following claims is invalid because the subject matter thereof was anticipated (not new) <mark>by physician reports that were on Health Grades' website in the summer of 2005</mark>?[3]

| | | |
|---|---|---|
| Claim 1: | YES _____ | NO _____ |
| Claim 4: | YES _____ | NO _____ |
| Claim 5: | YES _____ | NO _____ |
| Claim 6: | YES _____ | NO _____ |
| Claim 7: | YES _____ | NO _____ |
| Claim 8: | YES _____ | NO _____ |
| Claim 9: | YES _____ | NO _____ |
| Claim 11: | YES _____ | NO _____ |
| Claim 14: | YES _____ | NO _____ |
| Claim 15: | YES _____ | NO _____ |
| Claim 16: | YES _____ | NO _____ |

---

[3] Please see the parties positions regarding jury instruction 26 (Anticipation).

## B. Obviousness

For any claim you found not anticipated in question __, has the defendant MDx proven by clear and convincing evidence that any one or more of the following claims such claim is invalid because the subject matter thereof would have been obvious to a person having ordinary skill in the art at the time the invention was made? *(If you answer "YES", please state what prior art renders the claim obvious.)*

Claim 1             YES _____             NO _____

Prior Art: _____

Claim 4             YES _____             NO _____

Prior Art: _____

Claim 5             YES _____             NO _____

Prior Art: _____

Claim 6             YES _____             NO _____

Prior Art: _____

Claim 7             YES _____             NO _____

Prior Art: _____

Claim 8             YES _____             NO _____

Prior Art: _____

Claim 9             YES _____             NO _____

Prior Art: _____

Claim 11            YES _____             NO _____

Prior Art: _____

Case 1:11-cv-00520-RM-BNB Document 780 Filed 03/28/14 USDC Colorado Page 20 of 26
Case No. 1:11-cv-00520-RM-NYW Document 463-3 filed 11/11/14 USDC Colorado page 20 of 21
of 27

| Claim 14 | YES _____ | NO _____ |
|---|---|---|
| | Prior Art: _____ | |

| Claim 15 | YES _____ | NO _____ |
|---|---|---|
| | Prior Art: _____ | |

| Claim 16 | YES _____ | NO _____ |
|---|---|---|
| | Prior Art: _____ | |

**MDx Comment**:  There is no support for Health Grades' request that the jury, in order to find obviousness, be required to remember and identify every piece of prior art evidence supporting that conclusion.  There are no verdict forms in any patent case of which MDx counsel is aware requiring such a thing.  This places an impossible burden on the jury if they are to find obviousness.  Indeed, the prior art references in the MDx Invalidity Contentions are numerous, complicated, and substantial, and are from many different sources, and the prior art status will also be shown from the testimony of numerous witnesses.  Health Grades is trying to make it impossible for the jury to find any claims obvious but placing an outrageous burden on them if they do so.

## V.      INEQUITABLE CONDUCT[4]

**(a "YES" answer is a finding for MDx.  A "NO" answer is a finding for Health Grades.)**

Has defendant MDx proven by clear and convincing evidence that one or more of the named inventors, or Mr. Blackman, engaged in inequitable conduct with an intent to deceive the Patent Office, by withholding from the Patent Office in connection with the application for the '060 patent Health Grades' own prior art, including the Drucker report, such that at least one claim of the '060 patent would not have issued had the withheld prior art been disclosed?

YES  _____                    NO  _____

---

[4] Please see the Preliminary Jury Instruction for the parties position on inequitable conduct.

## VI.   DAMAGES

3.      If you have found that at least one claim of the '060 patent is infringed by MDX and not invalid, what is the total dollar amount that Health Grades is entitled to receive from MDX to compensate Health Grades for MDX's infringement to date?

Amount: $ _____

If you have found that any specific claim is both valid (Part IV) and enforceable (Part V), and if you found that specific claim infringed by any Configuration of Vitals.com or iTriage, has plaintiff Health Grades proved its damages by a preponderance of the evidence?

YES _____                        NO _____

If your answer is "yes", please state plaintiff's reasonable royalty damages and (if any) lost profits damages.

**REASONABLE ROYALTY** $_____.

**LOST PROFITS** $_____

**MDx Comment**:  The jury may find that Health Grades has not proved damages. "The statute [*35 U.S.C. § 284*] requires the award of a reasonable royalty, but to argue that this requirement exists even in the absence of any evidence from which a court may derive a reasonable royalty goes beyond the possible meaning of the

statute." *Lindemann Maschinenfabrik GmbH v. Am. Hoist & Derrick Co., 895 F.2d 1403, 1407 (Fed.Cir. 1990)* (quoting *Devex, 667 F.2d at 363*). In addition, for a proper record, the jury should identify the parts of its award, as they will be reviewed differently in post-trial motions and on appeal.

## VII.  WILLFULNESS

(a "YES" answer is a finding for Health Grades.  A "NO" answer is a finding for MDX.)

4.      If you have found that any specific claim is both valid (Part IV) and enforceable (Part V), and if you found that specific claim infringed by any Configuration of Vitals.com or iTriage, do you also find by clear and convincing evidence that MDX's infringement has been willful?

Check one:              YES _____          NO _____

**MDx Comment**:  Willful infringement should be at the end of the verdict form, after the jury decides validity and enforceability.  There cannot be willful infringement of an invalid or unenforceable patent.

*INSTRUCTION:*  *Your deliberations are done. Please sign verdict form on next page.*

You each must sign this Verdict Form.


Dated: _____          _____
                                                              FOREPERSON


_____          _____


_____          _____


_____          _____


_____          _____

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2014, I electronically filed the foregoing **MDX MEDICAL, INC.'S PROPOSED VERDICT FORM AND COMPARISON TO HEALTH GRADES, INC.'S PROPOSED VERDICT FORM** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jesus Manuel Vazquez, Jr.**
  jvazquez@lrrlaw.com, phenke@lrrlaw.com

- **Gregory B. Kanan**
  gkanan@lrrlaw.com

- **Kris John Kostolansky**
  kkosto@lrrlaw.com

- **Adam Lee Massaro**
  amassaro@lrrlaw.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com, gcaceres@sillscummis.com

- **Trent S. Dickey**
  tdickey@sillscummis.com

- **David Chunyi Lee**
  dlee@sillscummis.com

- **Vincent Marc Ferraro**
  vferraro@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com, norris@wtotrial.com

*s:/Vincent M. Ferraro*