**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

**STIPULATED ORDER RE (1) CERTIFICATION OF THE COURT'S NON-INFRINGEMENT JUDGMENTS AS FINAL JUDGMENTS UNDER FED. R. CIV. P. 54(B); AND (2) STAY OF ISSUES PENDING APPEAL**

This Court, having considered the Stipulated Motion for Certification of the Court's Non-Infringement Judgments as Final Judgments Under Fed. R. Civ. P. 54(b) ("Stipulated Motion"), and finding the same to be well-taken, hereby FINDS:

1. This litigation concerns the alleged infringement of Health Grades, Inc.'s ("Health Grades") U.S. Patent No. 7,752,060 by MDx Medical, Inc. d/b/a Vitals.com ("MDx").

2. Health Grades asserts that five different configurations infringe its '060 patent. [Doc. #907, identifying the different configurations.]

3. This Court has entered judgments of non-infringement disposing of Health Grades' configurations 1-3 and 5 infringement claims. [Doc. Nos. 696; 913; 931; 934; Stipulated Motion, Exhibit A.]

4. The only pending claim is Health Grades' configuration 4 infringement claim and MDx's counterclaims for non-infringement and invalidity.

2005066382_1

5. The parties have stipulated to jointly request certification of the Court's non-infringement judgments as final judgment under Fed. R. Civ. P. 54(b) for immediate appeal.

6. The parties have further stipulated to stay all other claims, counterclaims and all other pending matters until resolution by the Federal Circuit Court of Appeals of the certified final judgments of non-infringement. **[**Notwithstanding the stay, MDx may file a motion for attorneys' fees pursuant to 35 U.S.C. §285 upon entry of the Rule 54(b) certified order of final judgment and will request that the Court also decide and certify it for appeal. Health Grades intends to oppose the motion and MDx's request that it be also certified for appeal.**]**

It is HEREBY ORDERED.

7. The Court has fully disposed of Health Grades' configurations 1-3 and 5 infringement claims through its non-infringement judgments. Each configuration is a separate accused product and constitutes a separate "claim" for purposes of Rule 54(b) certification.

8. The Court, upon reviewing the record and the Stipulated Motion, further finds that there is no just reason for delay of the appeal:

    a. Certifying the non-infringement judgments advances judicial administrative interests. There is very little likelihood that the Federal Circuit would have to decide the issues raised in the 54(b) appeal in a later appeal. The dispositive issue concerning configurations 1-3 was the Court's findings that Health Grades could not establish literal infringement of the comparison ratings claim element and was barred by prosecution history estoppel from asserting doctrine of equivalents regarding this element. [Doc. #696 p. 15; Doc. #934 pp. 1-2.] However, the Court found that "I'm very clear that Configuration 4 exists, with respect to a literal infringement claim." [Exhibit A, excerpt from hearing, p. 26:8.] Therefore, the Federal Circuit's analysis of the Court's findings regarding literal infringement or prosecution history estoppel issues related to configurations 1-3 should not arise in a later appeal involving the factually distinct configuration 4. The same holds true for configuration 5 where Health Grades' asserted indirect infringement. The Court entered judgment against Health Grades on configuration 5 based grounds unique to claims of indirect infringement. [Doc. #931 pp. 11, 13.] The analysis that formed the basis of the

    Court's ruling on configuration 5 has no application to configuration 4 (a direct infringement claim) and would not be raised in a later appeal involving configuration 4. The pending matters are also separable from the infringement claims for which immediate appellate review is sought.

b. The equities also favor certification. It makes little sense to proceed with trial on Health Grades' configuration 4 infringement claim when the remaining four accused configurations have been disposed of by the Court. Failing to certify could also result in two jury trials and two appeals and a waste of judicial and party resources. Nor does the Court find that either party will suffer any undue prejudice from granting certification.

IT IS HEREBY FURTHER ORDERED that:

9. The Court enters final judgments pursuant to Rule 54(b) of its non-infringement judgments for Health Grades' configurations 1-3 and 5 infringement claims for relief. The Court certifies the judgments for immediate appeal under Rule 54(b) for all issues relating to these judgments.

10. All other claims, counterclaims and all other pending matters are hereby stayed during the pendency of the Rule 54(b) appeal.

Dated this _____ day of _____, 2014.

BY THE COURT:

_____
United States District Court Judge