IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

**STIPULATED ORDER RE (1) CERTIFICATION OF THE COURT'S NON-INFRINGEMENT JUDGMENTS AS FINAL JUDGMENTS UNDER FED. R. CIV. P. 54(B); AND (2) STAY OF ISSUES PENDING APPEAL**

This Court, having considered the Stipulated Motion for Certification of the Court's Non-Infringement Judgments as Final Judgments Under Fed. R. Civ. P. 54(b) ("Stipulated Motion") [Doc. #946], and finding the same to be well-taken, hereby FINDS:

1. This litigation concerns the alleged infringement of Health Grades, Inc.'s ("Health Grades") U.S. Patent No. 7,752,060 by MDx Medical, Inc. d/b/a Vitals.com ("MDx").

2. Health Grades asserts that five different website and mobile application configurations infringe its '060 patent. [Doc. #907, identifying the different configurations: configuration 1 (including 1(a), 1(b), and 1(c)); configuration 2 (including 2(a) and 2(b)); configuration 3 (including 3(a), 3(b), and 3(c)); configuration 4 (including 4(a), 4(b), and 4(c)); and configuration 5 (including 5(a) and 5(b)).]

3. This Court has entered judgments of non-infringement that resulted in the ultimate disposition of Health Grades' configurations 1, 2, 3 and 5 infringement claims for relief,

and included configurations 1(a), 1(b), and 1(c), 2(a) and 2(b), 3(a), 3(b), and 3(c), and 5(a) and 5(b). [*See* Judgments Doc. Nos. 138[1]; 696; 913; 931; 934; 946-1; November 6, 2014 hearing whereby the Court issued oral rulings regarding the configurations (collectively, the "Non-Infringement Judgments").]

4. The only pending claim for relief is Health Grades' configuration 4 infringement claim (including 4(a), 4(b), and 4(c)) and MDx's counterclaims for non-infringement and invalidity. Configuration 4 is a relatively small portion of the alleged infringement damages.

5. The parties have stipulated to jointly request certification of the Court's Non-Infringement Judgments as final judgments under Fed. R. Civ. P. 54(b) for immediate appeal, as set forth in the parties' Stipulated Motion. [Doc. #946.]

6. The parties have further stipulated to stay all other claims, counterclaims and all other pending matters until resolution by the Federal Circuit Court of Appeals of the certified final judgments of non-infringement *nunc pro tunc* to November 13, 2014.

It is HEREBY ORDERED.

7. The five different website and mobile application configurations constitute separate "claims" for purposes of Rule 54(b) certification. The Court found at the November 13, 2014 hearing that:

---

[1] Doc. #138 is the Court's *Markman* Order. As the Court noted at the November 13, 2014 hearing, the *Markman* Order is subject to Rule 54(b) certification, "because the *Markman*, at least aspects of it, the subsequent orders are based on interpretations of the *Markman*." Transcript p. 9:7-9. Therefore, the *Markman* Order is part of the Rule 54(b) certification to the extent the Non-Infringement Judgments were based on or applied the different constructions set forth in the *Markman* Order.

- 2 -

> both parties and the Court are in agreement that, formalities aside, the various -- the five configurations, functionally, are separate claims, and that four of them have been resolved, and the fifth one [configuration 4] stands separate and apart . . . for a variety of reasons, economic and judicial economy, it makes very little sense to do this, to go forward with the trial on Count 4 [configuration 4].

Transcript p. 5:19-25.  Further, each configuration was offered during different time periods, asserts a distinct claim for infringement, and requires the jury to make separate findings of infringement.  The damages Health Grades asserts it suffered for each configuration can be separated and distinguished and are not alternative theories of recovery.

8. The Court has fully disposed of Health Grades' configurations 1, 2, 3 and 5 infringement claims for relief through its Non-Infringement Judgments.  The Court's Non-Infringement Judgments disposed of most, but fewer than all of the claims for relief in this case.  Health Grades' configuration 4 infringement claim (including 4(a), 4(b), and 4(c)) and MDx's counterclaims for non-infringement and invalidity remain.

9. The Court, upon reviewing the record and the Stipulated Motion, further finds that there is no just reason for delay of the appeal:

   a. Certifying the Non-Infringement Judgments advances judicial administrative interests.  There is very little likelihood that the Federal Circuit would have to decide the issues raised in the 54(b) appeal in a later appeal.  The Court found at the November 13, 2014 hearing that:

      > Configuration 4, stands separate and apart from Configurations 1, 2, 3 and 5, in terms of its legal issues, such that there wouldn't be

- 3 -

> any repetition of issues if the matters were -- if I granted the Rule 54(b) certification on 1, 2, 3 and 5.

Transcript p. 5:10-14.  In particular, the dispositive issue concerning configurations 1, 2 and 3 was the Court's findings that Health Grades could not establish literal infringement of the comparison ratings claim element and was barred by prosecution history estoppel from asserting doctrine of equivalents regarding this element.  [Doc. #696 p. 15; Doc. #934 pp. 1-2.]  However, the Court found that "I'm very clear that Configuration 4 exists, with respect to a literal infringement claim."  [Doc. #946-1, excerpt from hearing, p. 26:8.]  Therefore, the Federal Circuit's analysis of the Court's findings regarding literal infringement or prosecution history estoppel issues related to configurations 1, 2 and 3 should not arise in a later appeal involving the factually distinct configuration 4.  The same holds true for configuration 5 where Health Grades asserted indirect infringement.  The Court entered judgment against Health Grades on configuration 5 based on grounds unique to claims of indirect infringement.  [Doc. #931 pp. 11, 13.]  The analysis that formed the basis of the Court's ruling on configuration 5 has no application to configuration 4 (a direct infringement claim) and would not be raised in a later appeal involving configuration 4.  The pending matters are also separable from the infringement claims for which immediate appellate review is sought.

b. The equities also favor certification.  It makes little sense to proceed with trial on Health Grades' configuration 4 infringement claim when the remaining four accused configurations have been disposed of by the Court.  Failing to certify could also result

- 4 -

in two jury trials and two appeals and a waste of judicial and party resources. Nor does the Court find that either party will suffer any undue prejudice from granting certification.

IT IS HEREBY FURTHER ORDERED that:

10. The Court enters final judgments pursuant to Rule 54(b) for the Non-Infringement Judgments (Doc. Nos. 138; 696; 913; 931; 934; 946-1; November 6, 2014 hearing whereby the Court issued oral rulings regarding the configurations). The Non-Infringement Judgments fully disposed of Health Grades' configurations 1, 2, 3 and 5 infringement claims for relief, which includes each configuration identified in Doc. #907. The Court certifies the Non-Infringement Judgments for immediate appeal under Rule 54(b) for all purposes and issues relating to those judgments.

11. All other claims, counterclaims and all other pending matters are hereby stayed *nunc pro tunc* to November 13, 2014 and will remain stayed during the pendency of the Rule 54(b) appeal.

Dated this _____ day of _____, 2014.

BY THE COURT:

_____
United States District Court Judge