**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 11-cv-00520-RM-BNB

HEALTH GRADES, INC.,
Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,
Defendant.

## F.R.C.P. 54(B) CERTIFICATION ORDER

This matter is before the Court on the parties' Stipulated Motion for Certification of the Court's Non-Infringement Judgments as Final Judgments Under Fed. R. Civ. P. 54(b) ("Stipulated Motion") (ECF No. 946). For the reasons stated below, the Stipulated Motion is GRANTED.

Federal Rule of Civil Procedure 54(b) provides that, in cases where there are remaining claims prior to appeal, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Rule 54(b) certification is proper where there is: (1) a final judgment; and (2) the district court determines that there is no just reason for delay of entry. *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980); *W.L. Gore & Associates, Inc. v. Int'l Med. Prosthetics Research Associates, Inc.*, 975 F.2d 858, 862 (Fed. Cir. 1992). The Court finds that there is no just reason to delay the entry of judgment on the four distinct claims in this case that have been resolved on the merits. The Court further FINDS:

1. This litigation concerns the alleged infringement of Health Grades, Inc.'s ("Health Grades") U.S. Patent No. 7,752,060 (the "'060 Patent") by MDx Medical, Inc. d/b/a Vitals.com ("MDx").

2. Health Grades asserts that five different website and mobile application configurations infringe the '060 Patent. (ECF No. 907, identifying the different configurations: configuration 1 (including 1(a), 1(b), and 1(c)); configuration 2 (including 2(a) and 2(b)); configuration 3 (including 3(a), 3(b), and 3(c)); configuration 4 (including 4(a), 4(b), and 4(c)); and configuration 5 (including 5(a) and 5(b)).)

3. The five different website and mobile application configurations discussed herein constitute five separate "claims" for purposes of Rule 54(b) certification. The Court found at the November 13, 2014 hearing that:

   > both parties and the Court are in agreement that, formalities aside, the various -- the five configurations, functionally, are separate claims, and that four of them have been resolved, and the fifth one [configuration 4] stands separate and apart . . . for a variety of reasons, economic and judicial economy, it makes very little sense to do this, to go forward with the trial on Count 4 [configuration 4].

   (ECF No. 949 at 5:19-25.) Further, each configuration was offered during a different time period, asserts a distinct claim for infringement, and requires the jury to make separate findings of infringement. The damages Health Grades asserts it suffered for each configuration can be distinguished and are not alternative theories of recovery.

4. As demonstrated by the proposed jury instructions and verdict forms submitted by the parties (ECF Nos. 778, 779, 780), notwithstanding the structure of the complaint, each

configuration was to be tried as a separate claim with a separate verdict returned as to each.

5. The Court has entered orders of non-infringement that resulted in the ultimate disposition of Health Grades' infringement claims under configurations 1, 2, 3 and 5, and included configurations 1(a), 1(b), and 1(c), 2(a) and 2(b), 3(a), 3(b), and 3(c), and 5(a) and 5(b). (*See* Orders at ECF Nos. 138[1]; 696; 913; 931; 934; 935; 949 (collectively, the "Non-Infringement Orders").)

6. The only pending claim for relief is Health Grades' infringement claim under configuration 4 (including 4(a), 4(b), and 4(c)) and MDx's counterclaims for non-infringement and invalidity with respect to such configuration. Due to its limited period of use, configuration 4 is but a small portion of the alleged infringement damages.

7. The parties have jointly requested certification of the Court's Non-Infringement Orders as final judgments under Fed. R. Civ. P. 54(b) for immediate appeal, as set forth in the parties' Stipulated Motion. (ECF No. 946.)

8. The parties have further stipulated to stay all other claims, counterclaims and all other pending matters until resolution by the Federal Circuit Court of Appeals of the Orders on Non-Infringement *nunc pro tunc* to November 13, 2014, excepting only a not yet filed

---

[1] ECF No. 138 is the Court's *Markman* Order. As the Court noted at the November 13, 2014 hearing, the *Markman* Order is subject to Rule 54(b) certification, "because the *Markman*, at least aspects of it, the subsequent orders are based on interpretations of the *Markman*." (ECF No. 949, Nov. 13, 2004 Hearing Trans., at 9:7-9.) Therefore, the *Markman* Order is part of the Rule 54(b) certification to the extent the Non-Infringement Orders were based on or applied the term constructions set forth in the *Markman* Order.

request for attorneys' fees by MDx regarding the Non-Infringement Orders with respect to configurations 1, 2, 3, and 5.

9. The Court has fully disposed of Health Grades' infringement claims under configurations 1, 2, 3 and 5 through its Non-Infringement Orders. The Court's Non-Infringement Orders disposed of most, but fewer than all of the claims for relief in this case. Health Grades' configuration 4 infringement claim (including 4(a), 4(b), and 4(c)) and MDx's counterclaims for non-infringement and invalidity as to that claim remain.

10. The Court finds that the Orders that are now being certified for appellate review are "final" for purposes of 54(b) certification:

   a. A judgment is final under Rule 54(b) when it is an "ultimate disposition of an individual claim entered in the course of a multiple claim action." *Curtiss-Wright Corp*, 446 U.S. at 7.

   b. Here, as explained above, there are five individual claims. Four of those claims have been resolved on the merits, on grounds separable from the claim left unresolved. All that remains of Health Grades' case is one distinct configuration which, if the case were to go forward, would be submitted to the jury only on the issue of literal infringement as implicated by that specific configuration. The Court has ruled as a matter of law that there is no literal infringement as to configurations 1, 2, and 3, (*see* ECF Nos. 696 and 935) and has granted summary judgment as to indirect infringement, which disposes of configuration 5 (ECF No. 931).

   c. There has been final resolution of four out of the five claims in this case and judgment should be entered on those claims.

11. The Court, upon reviewing the record and the Stipulated Motion, further finds that there is no just reason for delay of entry of judgment:

   a. Certifying the Non-Infringement Orders advances judicial administrative interests. There is very little likelihood that the Federal Circuit would have to decide the issues raised in the 54(b) appeal in a later appeal. At the November 13, 2014 hearing, the Court found that:

   > Configuration 4, stands separate and apart from Configurations 1, 2, 3 and 5, in terms of its legal issues, such that there wouldn't be any repetition of issues if the matters were -- if I granted the Rule 54(b) certification on 1, 2, 3 and 5.

   (ECF No. 949 at 5:10-14.) Concerning configurations 1, 2 and 3, the Court found that Health Grades could not establish literal infringement of the comparison ratings claim element and was barred by prosecution history estoppel from asserting doctrine of equivalents regarding this element. (ECF No. 696 at 15; ECF No. 934 at 1-2.) However, the Court found that "I'm very clear that Configuration 4 exists, with respect to a literal infringement claim." (ECF No. 949 at 26:8.) Therefore, the Federal Circuit's analysis of the Court's findings regarding literal infringement or prosecution history estoppel issues related to configurations 1, 2 and 3 should not arise in a later appeal involving the factually distinct configuration 4. The same holds true for configuration 5 where Health Grades asserted indirect infringement. The Court entered judgment against Health Grades on configuration 5 based on grounds unique to claims of indirect infringement. (ECF No. 931 at 11, 13.) The analysis that formed the basis of the Court's ruling on configuration 5 has no application to configuration 4 (a direct infringement claim) and would not be raised in a later appeal

      involving configuration 4.  The other pending matters are also separable from the infringement claims for which immediate appellate review is sought.

b. The equities also favor certification.  It makes little sense to proceed with a protracted and expensive trial on Health Grades' infringement claim under configuration 4 (in use for weeks) when the remaining four accused configurations (collectively in use for years) have been disposed of by the Court.  Failing to certify could also result in two jury trials and two appeals and a waste of judicial and party resources.

c. Nor does the Court find that either party will suffer any undue prejudice from granting certification.  In fact, both parties agree that 54(b) certification is appropriate and jointly participated in submitting a Stipulated Motion and proposed order.

Based on the findings in this Order, as well as the Court's reasoning and analysis in the prior hearings related to this matter (see ECF Nos. 935 and 949), IT IS HEREBY ORDERED:

1. The Stipulated Motion for Entry of Judgment under Rule 54(b) (ECF No. 946) is GRANTED;

2. The Clerk of the Court shall enter the following final judgments pursuant to Rule 54(b):

- Final judgment in favor MDx on summary judgment of no literal infringement (ECF No. 696), on the oral ruling of summary judgment of no infringement by configuration 1 (ECF No. 935), on the *Festo* ruling of no infringement by equivalents (ECF No. 913), and on the further oral rulings on configurations 1, 2 and 3 on November 7, 2014 (ECF No. 935), which in the aggregate fully dispose of Health Grades' infringement claims under configurations 1, 2, and 3;

- Final judgment in favor of MDx on summary judgment of no indirect infringement (ECF No. 931), which fully disposes of Health Grades' infringement claim under configuration 5;

- The Court certifies the Non-Infringement Orders for immediate appeal under Rule 54(b) for all purposes and issues relating to those judgments;

- The Court certifies the Markman Order (ECF No. 138) for immediate appeal under Rule 54(b) to the extent that it forms the basis for the judgments rendered herein;

3. Judgment shall enter in favor of MDx on claims 1, 2, 3, and 5 of Health Grades' infringement contentions;

4. All other claims, counterclaims and all other pending matters are hereby stayed *nunc pro tunc* to November 13, 2014 and will remain stayed during the pendency of the Rule 54(b) appeal, with the sole exception of MDx's request for attorney fees which will be briefed and decided notwithstanding the stay as to all other issues.

DATED this 20th day of November, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge