**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00520-RM-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

---

**MDX MEDICAL, INC.'S MOTION PURSUANT TO RULE 58(e) TO STAY THE TIME FOR FILING OF A NOTICE OF APPEAL OF THE AMENDED JUDGMENT PENDING RESOLUTION OF MDX MEDICAL, INC.'S APPLICATION FOR FEES; AND REQUEST FOR AN <u>EXPEDITED</u> RULING**

---

Pursuant to Rule 58(e) of the Federal Rules of Civil Procedure, Defendant and Counterclaim Plaintiff MDx Medical, Inc. ("MDx") respectfully moves for an order staying the time for Plaintiff Health Grades, Inc. ("Health Grades") to file a Notice of Appeal of the Court's Amended Judgment, entered on November 21, 2014, until the Court renders a decision on MDx's Motion for Fees. MDx also respectfully requests that briefing and resolution of this motion be expedited because the time for Health Grades to appeal the Amended Judgment expires on December 22, 2014.

In accordance with D.C.COLO.LCivR 7.1(a), MDx's counsel conferred with counsel for Health Grades and Health Grades' counsel stated that Health Grades opposes the relief requested within this motion.

1

## I. Background

On November 21, 2014, the Court entered Judgment in favor of MDx against Health Grades on configurations 1, 2, 3, and 5. (Dkt. #952.) Also on November 21, 2014, the Court entered an Amended Judgment in favor of MDx against Health Grades on configurations 1, 2, 3, and 5, and staying all other claims pending Health Grades' appeal of the Amended Judgment, except with regard to MDx's fee motion. (Dkt. #953.) Pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, Health Grades must file its Notice of Appeal of the Amended Judgment by no later than December 22, 2014. Later this week, MDx will file its separate Motion for Attorneys' Fees and Costs.

## II. Discussion

Pursuant to Rule 58(e) of the Federal Rules of Civil Procedure, "if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion has the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59." Federal Rule of Appellate Procedure 4(a)(4)(A) provides that "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion," including "for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58." (Fed. R. App. P. 4(a)(4)(A)(iii).) Thus, granting relief under Rule 58(e) will stay Health Grades' time to file an appeal of the Amended Judgment until after the Court resolves MDx's motion for fees.

Although the Court at the hearing of November 13, 2014 indicated that it did not want to delay the Rule 54(b) certification process, the Court did not have the benefit of the case law, nor argument of counsel, that establishes that judicial efficiency warrants staying Health Grades'

2

time to appeal the Amended Judgment. "This has the benefit of promoting judicial efficiency by allowing an appeal relating to a fee award to be heard at the same time as an appeal relating to the merits." *Fincher v. Prudential Prop. and Casualty Inc. Co.*, 374 Fed. Appx. 833, 838, 2010 U.S. App. LEXIS 8134, *10 (10th Cir. 2010); *see also* Advisory Committee Notes, Fed. R. Civ. P. 58, 1993 Amendments ("[I]n many cases it may be more efficient to decide fee questions before an appeal is taken so that appeals relating to the fee award can be heard at the same time as appeals relating to the merits of the case.").

Rule 58(e) expressly contemplates a procedure where appeals of judgments on merits issues and attorneys' fees are combined to promote efficiency. *Burnley v. City of San Antonio*, 470 F.3d 189, 198 (5th Cir. 2006) ("[W]hen it appears that judicial efficiency will be served, FRCP 58(c)(2) vests the court with the authority to delay the finality of the judgment on the merits until a disputed fee motion is decided, so that an appeal relating to the fee award can be heard at the same time as an appeal relating to the merits."). The Rules provide this Court with flexibility and discretion to determine the most efficient approach. *Gilda Marx, Inc. v. Wildwood Exercise*, 85 F.3d 675, 680 fn. 5 (D.C. Cir. 1996) ("Obviously, from the appellate court's perspective, it would be desirable if the merits appeal and the appeal from the final order on fees could be decided together. Indeed, this appears to be the import of the 1993 amendments to the civil and appellate rules."); *see also Luma Corp. v. Stryker Corp.*, Civil Action No. 1:02-11322007, 2007 U.S. Dist. LEXIS 2316, *13 (S.D. W. Va. Jan. 10, 2007) (the rules of civil and appellate procedure "reflect the intention that 'district courts should act to facilitate a single appeal that covers both disposition on the merits and disposition of attorney fee issues.'")

3

(quoting 15B Charles Allen Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3915.6 (Supp. 2006)).

In this case, judicial efficiency will be promoted, and the costs to the parties reduced, by staying the filing of an appeal of the Amended Judgment because the issues on an appeal of the Amended Judgment and an order granting MDx's fee application will substantially overlap. By staying the filing of the notice of appeal, the Court of Appeals will only have to address these issues once.

MDx will file its motion for an award of fees and costs pursuant to Section 285 of the patent laws, which provides that a "court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285 (2000). The Supreme Court has recently held that an "exceptional" case within the meaning of this statute is simply one that "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). The analysis of the strength of Health Grades' litigating position will require the Federal Circuit Court of Appeals to closely examine the merits of Health Grades' claims as to each configuration. A nexus thus exists between the issues to be decided on appeal of the Amended Judgment and an order on MDx's fees and costs under Section 285. Since the Court of Appeals will necessarily have to consider the merits of Health Grades' claims with regard to configurations 1, 2, 3, and 5 on an appeal of the Amended Judgment, it will be positioned to simultaneously determine whether this is an exceptional case warranting an award of fees.

4

Judicial efficiency will thus benefit from presenting the appeal of the Amended Judgment at the same time as an appeal of an award of fees under Section 285, rather than separately. Accordingly, MDx respectfully submits that the Court should exercise its discretion under Rule 58(e) and stay Health Grades' time to appeal the Amended Judgment until the resolution of MDx's motion for fees.

### III.     Conclusion

For the foregoing reasons, MDx respectfully requests that the Court grant this motion and stay Health Grades' time to file its Notice of Appeal of the Court's Amended Judgment until the Court enters a decision on MDx's Motion for Fees.

Dated:  December 3, 2014                                                  Respectfully submitted,

*s:/Scott D. Stimpson*
Scott D. Stimpson
Trent S. Dickey
David C. Lee
Sills Cummis & Gross P.C.
101 Park Avenue, 28th Floor
New York, New York 10178
Tel:  (212) 643-7000
Fax:  (212) 643-6500
E-mail: sstimpson@sillscummis.com
E-mail: tdickey@sillscummis.com
E-mail: dlee@sillscummis.com

Terence M. Ridley
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Tel:  (303) 244-1800
Fax:   (303) 244-1879
E-mail: ridley@wtotrial.com

*Attorneys for Defendant*
MDx Medical, Inc. d/b/a VITALS.COM

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2014, I electronically filed the foregoing **MDX MEDICAL, INC.'S MOTION PURSUANT TO RULE 58(e) TO STAY THE TIME FOR FILING OF A NOTICE OF APPEAL OF THE AMENDED JUDGMENT PENDING RESOLUTION OF MDX MEDICAL, INC.'S APPLICATION FOR FEES; AND REQUEST FOR AN EXPEDITED RULING** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Robert Charles Blume**
  rblume@gibsondunn.com,ealcock@gibsondunn.com

- **Trent S. Dickey**
  tdickey@sillscummis.com

- **Vincent Marc Ferraro**
  vmferraro@mintz.com

- **Tamara F. Goodlette**
  tgoodlette@lrrlaw.com,ccarroll@lrrlaw.com,kdaily@lrrlaw.com

- **Gregory B. Kanan**
  gkanan@lrrlaw.com,dgrooms@lrrlaw.com

- **Kris John Kostolansky**
  kkosto@lrrlaw.com,SKlipp@lrrlaw.com

- **David Chunyi Lee**
  dlee@sillscummis.com,vferraro@sillscummis.com

- **Adam Lee Massaro**
  amassaro@lrrlaw.com,phenke@lrrlaw.com,massaro4@gmail.com

- **Scott Butler Murray**
  smurray@sillscummis.com

- **Terence M. Ridley**
  ridley@wtotrial.com,wall@wtotrial.com,norris@wtotrial.com

- **Mark Jon Rosenberg**
  Mrosenberg@sillscummis.com

- **Scott David Stimpson**
  sstimpson@sillscummis.com,gcaceres@sillscummis.com

- **Kirstin L. Stoll-DeBell**
  kstolldebell@merchantgould.com,cestell@merchantgould.com,jsaadeh@merchantgould.com

- **Jesus Manuel Vazquez , Jr**
  jvazquez@rothgerber.com,phenke@rothgerber.com

<u>s:/Scott D. Stimpson</u><br>
Scott D. Stimpson<br>
Sills Cummis & Gross P.C.<br>
101 Park Avenue, 28th Floor<br>
New York, New York 10178<br>
Tel:  (212) 643-7000<br>
Fax:  (212) 643-6500<br>
E-mail: sstimpson@sillscummis.com<br>
<br>
Attorney for Defendant<br>
MDx Medical, Inc. d/b/a VITALS.COM