# Exhibit J

| Issued by the |||
|---|---|---|
| **UNITED STATES DISTRICT COURT** |||
| DISTRICT OF COLORADO |||
| HEALTH GRADES, INC. | | **SUBPOENA IN A CIVIL CASE** |
| V. | | |
| MDX MEDICAL, INC. d/b/a VITALS.COM | | |
| | | Case Number:[1] 11-cv-00520-PAB |

TO: Peter Hudson
3273 Elk View Drive
Englewood, Colorado 80439

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

X YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. (See Notice of Deposition of Peter Hudson attached hereto.)

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Rothgerber Johnson & Lyons LLP<br>1200 17th Street, Suite 3000, Denver, Colorado 80202 | April 25, 2012 at 9:00 A.M. |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): EXHIBIT A

| PLACE | DATE AND TIME |
|---|---|
| Rothgerber Johnson & Lyons LLP<br>1200 17th Street, Suite 3000, Denver, Colorado 80202 | April 25, 2012 at 9:00 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | March 30, 2012 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER ||
| Jesús M. Vázquez, Esq., Rothgerber Johnson & Lyons LLP, 1200 17th Street, Suite 3000, Denver, Colorado 80202, (303) 623-9000 ||

(See Federal Rule of Civil Procedure, 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

2003611988_1

Case No. 1:10-cv-00520-RM-NYW Document 961-10 filed 12/04/14 USDC Colorado pg 20 of 4
Case 1:11-cv-00520-PAB-BNB Document 179-3 Filed 04/13/12 USDC Colorado Page 4 of 8
of 8

　　　　　　　　(i) expressly make the claim; and
　　　　　　　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　　　　　(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
　　　The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

2003611988_1

## EXHIBIT A

1. All licensing agreements with MDx Medical, Inc. or Vitals.com.

2. All documents relating to the "Star Ratings" accessible via the iTriage application.

3. All documents relating to the data licensed from MDx Medical, Inc. or Vitals.com, including but not limited to physician profiles.

4. All documents relating to the processes for creating, calculating, determining, sorting and displaying data licensed from MDx or Vitals.

5. All documents relating to any investigations or analyses relating to whether the iTriage application, and/or any information used or displayed via the application, infringe any patents.

6. All documents relating to any consideration, plan or attempt by iTriage to design or alter the iTriage application to avoid infringement or potential infringement of any patent.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00520-PAB-BNB

HEALTH GRADES, INC.,

    Plaintiff,

v.

MDX MEDICAL, INC. d/b/a VITALS.COM,

    Defendant.

## NOTICE OF DEPOSITION OF PETER HUDSON

PLEASE TAKE NOTICE THAT ON **Wednesday, April 25, 2012, at 9:00 A.M.**, pursuant to Fed.R.Civ.P. Rule 30, Plaintiff Health Grades, Inc., via its undersigned attorney, will take the deposition of **Peter Hudson at the offices of Rothgerber Johnson & Lyons LLP, 1200 17th Street, Suite 3000, Denver, Colorado 80202** in connection with the above-referenced matter.

The deposition will be recorded by stenographic and video means, under oath, before an officer appointed or designated under Fed. R. Civ. P. 28 and authorized to administer oaths in Colorado. The deposition will continue from day-to-day thereafter until completed.

2003611988_1

Dated this 30th day of March, 2012.

                                          *s/ Jesús M. Vázquez, Jr., Esq.*
                                        Jesús M. Vázquez, Jr., Esq.
                                        Rothgerber, Johnson & Lyons, LLC
                                        One Tabor Center, Suite 3000
                                        1200 Seventeenth Street
                                        Denver, CO 80202
                                        Phone: (303) 623-9000
                                        Fax: (303)623-9222
                                        E-mail: jvazquez@rothgerber.com

*Attorneys for Plaintiff Health Grades, Inc.*

2003611988_1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the 30th day of March, 2012, the foregoing was served **via electronic transmission** to the following:

Scott David Stimpson
David Chunyi Lee
Scott B. Murray, Esq.
Sills Cummis & Gross P.C. – New York
30 Rockefeller Plaza
New York, NY 10112
Email: sstimpson@sillscummis.com
Email: dlee@sillscummis.com
Email: smurray@sillscummis.com

Terence M. Ridley
Ramona L. Lampley
Wheeler Trigg O'Donnell, LLP
1801 California Street, #3600
Denver, CO 80202-2617
Email: ridley@wtotrial.com
Email: lampley@wtotrial.com

*s/ Jesús M. Vázquez, Jr., Esq.*
Jesús M. Vázquez, Jr., Esq.

2003611988_1