**EXHIBIT 1**

**REPLACEMENT PAGE 17 OF MDx'S MOTION FOR ATTORNEYS' FEES AND COSTS
(DKT. # 961)**

<mark>
</mark>
<mark>
</mark>

subpoenas were grossly overbroad. For example, both the document request subpoena and the deposition subpoena to iTriage's CEO demanded "all documents ... relating to any investigations or analyses relating to whether the iTriage application, and/or any information used or displayed via the application, infringe *any* patents" and "relating to *any* consideration, plan or attempt by iTriage to design or alter the iTriage application to avoid infringement or potential infringement of *any* patent." Exhibits J and K (emphases added).

Ultimately, this Court fully granted the MDx motion for summary judgment. Dkt. #931. But the damage was done. In the midst of these baseless Health Grades allegations, in June of 2013, Aetna stopped all business dealings with MDx. Exhibit M.

## VIII. THE FEES AND COSTS

This case should never have been brought, as there was never a basis for any allegation that the "comparison ratings" claim element was met for any of Configurations 1, 2, 3, and 5. MDx will remove from its requested fees those associated with the one month of Configuration 4, those associated with the Sanctions against MDx (*e.g.,* Dkt. ## 367, 711, 784, 934), and any other portions instructed by the Court. MDx estimates that the recoverable fees and costs will be about $4.5 million, and MDx will submit support for the amount of fees after the Court's decision on this motion. Dkt. #958.

## IX. THE COURT SHOULD CERTIFY THIS DECISION

In the interest of judicial efficiency, in particular, to avoid piecemeal appeals of the Amended Judgment and the Order on this motion, the Court should certify its Order on this motion as final pursuant to Rule 54(b). Health Grades' counsel has indicated its intention to