Civil Action No. 11-CV-00520-RM-BNB

**HEALTH GRADES, INC.'S RESPONSE TO MDX MEDICAL, INC.'S MOTION
FOR ATTORNEYS' FEES AND COSTS AND REQUEST
FOR CERTIFICATION PURSUANT TO FEDERAL RULE 54(B) [DOC. #961]**

**Exhibit A**

```
 1                IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLORADO
 2
     Civil Action No. 11-cv-520-RM-BNB
 3
     HEALTH GRADES, INC.,
 4
         Plaintiff,
 5
     vs.
 6
     MDX MEDICAL, INC., D/B/A VITALS.COM,
 7
         Defendant.
 8  _____

 9
                           REPORTER'S TRANSCRIPT
10                            Motions Hearing

11  _____

12        Proceedings before the HONORABLE RAYMOND P. MOORE,

13  Judge, United States District Court for the District of

14  Colorado, occurring at 9:30 a.m., on the 10th day of October,

15  2014, in Courtroom A-601, United States Courthouse, Denver,

16  Colorado.

17

18

19

20

21

22

23

24   Proceeding Recorded by Mechanical Stenography, Transcription
     Produced via Computer by Tamara Hoffschildt, 901 19th Street,
25        Room A251, Denver, Colorado, 80294, (303) 292-1088
```

```
 1              We have, Exhibit A is just a summary of the
 2   presumption and the tangential issues and B is a timeline.  But
 3   then starting with Exhibit C, that's where we start talking
 4   about the prosecution history.  And I think what -- the best
 5   thing to do, Your Honor, is just walk through this.  The next,
 6   you know, seven or eight exhibits are all portions of the
 7   prosecution history.
 8              THE COURT:  All right.
 9              MR. STIMPSON:  So Exhibit C, the first page is just
10   showing this is a certified copy from the Patent Office.  The
11   page -- there's Bates numbers on all of these.  This is the one
12   that ends in 581.  These are the original claims.  This is what
13   Health Grades filed in August of 2006, seeking to have as their
14   claims.  And there are a couple of important points here.
15   Claim 1 and Claim 19, that's on 584, those are the only two
16   independent claims.  One and nineteen.  And the important
17   fact -- notice, of course, that there's nothing here about
18   Comparison Ratings, that limitation.  There's nothing here
19   about the location limitation either.
20              THE COURT:  Okay.
21              MR. STIMPSON:  And page 582, you see claim five there
22   Your Honor?
23              THE COURT:  Yes.
24              MR. STIMPSON:  That's a dependent claim on Claim 1 and
25   that claim is the only claim in these original claims that
```

1   references Comparison Ratings, and that they had to be in a
2   report on healthcare provider.  So that's where we start.
3   Exhibit B -- I'm sorry -- Exhibit D is the office action that
4   addresses these claims.  And there's a lot here, but if you can
5   turn, Your Honor, to page '633, the last three numbers of
6   Bates.  There, in paragraph 14, the examiner is saying, Look, I
7   have looked at these claims, can't have them.  They are obvious
8   in view of the prior art.  There's a lot here, we don't need
9   to -- this is not -- just important that they were objected.
10          Then we turn to Exhibit D, and that's where the rubber
11  meets the road.  Exhibit E, Your Honor, first, I have to
12  apologize, if you look at the first page on this, this is page
13  seven, sometimes with certified prosecution histories they come
14  back a little bit of a mess from the Patent Office, I decided
15  to keep these in Bates number order rather than try and mix
16  them up.  This one is out of order.  The first page of the
17  amendment response is actually the last page they gave us.
18          *THE COURT:*  Got it.
19          *MR. STIMPSON:*  It's just messed up in the order.
20  Pages one through six are at the back.
21          But anyway, this is how Health Grades responded to the
22  office action rejecting these claims.  And at page -- Bates
23  Number 690, you can see how they amended that Claim 1.  And
24  they amended Claim 19 the same one on '693, but they did the
25  same thing, and what they added there, among other things, they

1    in my opening statement here, Your Honor.  When you do that,
2    there's a presumption, and that presumption is you lose
3    everything.  It's not that you absolutely lose everything, it's
4    that the presumption is you lose everything.  And that's right
5    in the Supreme Court's opinion.  "The Court should presume that
6    the patentee surrendered all subject matter between the broader
7    and narrower language."  So I'm not saying it's absolutely
8    done, since they amended.  It's not a strict absolute bar.  But
9    the presumption is, It's all gone.
10            So -- so Ms. Stoll-DeBell addressed these variance
11   equivalents arguments.
12            *THE COURT:*  Let me interrupt you for a minute.  Here
13   is problem that I have, what I mean is if we are sitting here
14   and I am talking about these two pens, and I recognize what an
15   atrocious record this is, because nobody can see these two
16   pens, but I'm holding these two pens, we are talking about
17   whether amendments with respect to this pen cover -- or result
18   in the surrender of equivalents inherent within the other pen.
19   It's a thing I can put my hands on.  I can look at it.  I can
20   feel it.  I can see it.  I can know what we're talking about?
21   Three cups; one cup.  Flap that moves; flap that doesn't move.
22            Here, every time I turn around, the nature of this
23   beast changes just a little bit, and it's not because the
24   lawyers are doing something inappropriate here, it's that what
25   we're talking about are, you know, it's been called